UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE

PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT
ANTITRUST LITIGATION

MASTER FILE NO. MDL 1720
1:05-cv-03800; 1:05-cv-03924; 1:05-cv-03925; 1:05-cv-04131; 1:05-cv-04194; 1:05-cv-04520; 1:05-cv-04521; 1:05-cv-04650; 1:05-cv-04677; 1:05-cv-04728; 1:05-cv-04799; 1:05-cv-04974; 1:05-cv-05069; 1:05-cv-05070; 1:05-cv-05071; 1:05-cv-05072; 1:05-cv-05073; 1:05-cv-05074; 1:05-cv-05075; 1:05-cv-05076; 1:05-cv-05077; 1:05-cv-05078; 1:05-cv-05080; 1:05-cv-05081; 1:05-cv-05082; 1:05-cv-05153; 1:05-cv-05207; 1:05-cv-05319; 1:05-cv-05352

This Document Relates To: All Actions

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CERTAIN CLASS PLAINTIFFS AND CERTAIN NON-CLASS PLAINTIFFS TO CONSOLIDATE, COORDINATE, APPOINT LEAD AND LIAISON COUNSEL AND OTHER RELIEF

Counsel for Certain Class Plaintiffs[1] (representing counsel in all but four of the 30-plus class cases filed to date) respectfully move for the entry of an Order in the form attached hereto in order to effectively and efficiently coordinate the prosecution of the multiple actions filed in or transferred to this Court.

### I.

### BACKGROUND

On June 22, 2005, plaintiffs Photos Etc. Corp., Traditions Ltd., CHS, Inc., A Dash Of Salt, L.L.C.; and KSARRA, L.L.C. filed the first of what are now approximately 30 class actions

---

[1] This motion is filed on behalf of the Class Plaintiffs listed on Appendix A. In addition to being supported by the overwhelming majority of class cases, the motion is also supported by a majority of the counsel in the non-class cases.

on behalf of a class of merchants challenging the unlawful fixing of credit card interchange fees, and other associated anticompetitive restraints, by Visa, MasterCard, and certain member banks of the two associations (the "Interchange Class Actions"). In addition, there are six non-class cases on behalf of certain individual merchants also challenging the unlawful fixing of interchange fees, and other associated anticompetitive restraints, by Visa and MasterCard. Finally, there are two categories of merchant class actions which challenge more narrow aspects of the anticompetitive conduct of Visa and MasterCard. These class actions challenge, respectively, the use of "no surcharge" rules by Visa and MasterCard[2] and the tying of "premium" and "corporate" credit cards to ordinary consumer credit cards by Visa and MasterCard.[3] By Order of the Judicial Panel on Multi-District Litigation dated October 19, 2004, all of the above-referenced actions have been transferred to this Court.

Counsel for Certain Class Plaintiffs have met to discuss the need for organization of these cases, and have attempted to communicate with counsel in all of the known cases. This motion and the accompanying proposed Orders are the result of those discussions. Counsel for Certain Class Plaintiffs urge the Court to enter these proposed orders.

The first proposed Order is basic and accomplishes three things. First, it would set a pre-trial conference in the near future so that the Court and the parties might discuss scheduling and other matters. Second, it effects the admission *pro hac vice* of all counsel in all of these actions who file an affidavit attesting that they are in good standing in the courts to which they are admitted and pay the required fee. This would relieve the parties, the Court, and the Clerk from the need for voluminous *pro hac vice* motion practice, and would enable all counsel to obtain prompt access to the electronic docket and filing system. Third, using language identical to that

---

[2] Three of the class actions also challenge "no surcharge" rules of American Express and Discover.
[3] A complete list of all cases, by category, is attached hereto as Appendix A.

ordered by the Court in *In re VisaCheck / MasterMoney Antitrust Litigation*, it instructs the parties and the Clerk in the captioning and filing of pleadings in these coordinated actions. Since these provisions should be non-controversial, we request that the Court enter this Order promptly.

The second proposed Order is more substantive and perhaps may require discussion at the initial pre-trial conference. This proposed Order, again modeled largely after the Order entered by this Court in *In Re VisaCheck/Master Money Antitrust Litigation*, would appoint lead and liaison counsel for the Class and Non-Class Plaintiffs. Counsel for Certain Class Plaintiffs urge the Court to enter this proposed Order as well, but recognize that there may be counsel who might want to respond further to this Memorandum such that the Court may want to defer entry of this proposed Order until after the first pre-trial conference.

## II.

## THE PROPOSED ORGANIZATIONAL ORDER IS NECESSARY AND DESIRABLE TO ACCOMPLISH THE EFFECTIVE AND EFFICIENT PROSECUTION OF THESE ACTIONS

### A. The Appointment of the Proposed Lead and Liaison Counsel Is Necessary and Desirable For The Effective And Efficient Management Of These Actions

#### 1. Background

The proposed Order would accomplish the appointment of three co-lead Counsel for Class Plaintiffs and the appointment of Liaison Counsel for Class Plaintiffs, and Liaison Counsel for Non-Class Plaintiffs. The Federal Judicial Center's *Manual for Complex Litigation* (Fourth) encourages courts in complex, multi-party litigation such as this case to appoint lead and liaison counsel. *See Manual for Complex Litigation* (Fourth) § 10.22 et seq. (hereinafter "MCL4 at 24".) Counsel for Certain Class Plaintiffs expect that counsel for plaintiffs in all of the actions

MP3 20157262.1

will agree that some such organizational structure is necessary and desirable. The selection of counsel to fill the positions described below has been discussed and agreed upon by most of the firms representing the Class in most of the cases. However, there may be some counsel who may dispute this selection.

In order that the Court might have a better understanding of the context relevant to the selection of lead and liaison counsel, a little background is necessary. The vast majority of the class actions, and all of the non-class cases, assert broad claims of anticompetitive conduct by Visa and MasterCard and their co-conspirator member banks, relating to the horizontal agreement fixing uniform credit card interchange fees paid by all merchants. *See, e.g., Photos Etc. v. Visa*, 305-cv-1007 (D. Conn. Jun. 22, 2005) (Compl. ¶ 2) (hereinafter "*Photos Etc.* action"); *Kroger v. Visa*, 05-cv-6409 (S.D.N.Y. Jul. 14, 2005) (Compl. ¶ 1) (hereinafter "*Kroger* action"). Most of these cases also include challenges to many of the myriad of rules of Visa and MasterCard which insulate Visa and MasterCard's credit card interchange fees from the forces of competition. *See, e.g., Kroger* action (Compl. ¶¶ 65-76). The *Kroger* Complaint characterized these rules as the "Merchant Restraints." *Id.*

The few "No Surcharge" and "Tying" class actions, in contrast to all of the other pending cases, challenge only a subset of the conduct and rules of Visa and MasterCard, *e.g.* the rules prohibiting merchants from assessing fees on consumers in credit card transactions, and the "honor all cards" rules requiring merchants to accept all types of Visa and MasterCard credit cards. *See, e.g., Animal Land v. Visa*, 1:05-cv-1210 (N.D. Ga. May 6, 2005) (Compl. ¶¶ 43-49). However, these narrower claims are subsumed in, and are a part of, the broader "Interchange" class actions. *See id.* (Compl. ¶ 45) (stating that No Surcharge rule affects market for credit card services).

2. <u>The Proposed Appointees As Co-Lead Counsel for the Class Plaintiffs Are The Best Choices To Serve The Interests Of Plaintiffs In The Effective And Efficient Prosecution Of These Actions</u>

Counsel for Certain Class Plaintiffs recommend the following firms as co-lead counsel for Class Plaintiffs, for the reasons stated:

<u>Robins, Kaplan, Miller & Ciresi, L.L.P.</u>

This firm filed the first of the Interchange Class Actions in June 2005, and has filed subsequent cases. The firm currently represents the largest and broadest collection of class representatives, from small and medium-size merchants to large national merchants to major merchant trade associations. Among its many class representative clients are: The National Grocers Association, The National Association of Convenience Stores, The National Association of Chain Drug Stores, The National Association of Community Pharmacists, The Minnesota Grocers Association, The National Cooperative Grocers Association, The American Booksellers Association, D'Agostino's Supermarkets, and CHS, Inc., among others.

The firm's litigation team is led by K. Craig Wildfang and David A. Balto. Mr. Wildfang has almost 25 years of antitrust litigation experience, has served as lead counsel in other antitrust class actions, and from 1993 to 1996 was Special Counsel to the Assistant Attorney General for Antitrust, United States Department of Justice. Mr. Wildfang has written and spoken often on antitrust issues related to credit card markets, and represented Best Buy, Inc. and GMRI, Inc. (Darden Restaurants) as opt-outs in *In Re Visa Check/Master Money Antitrust Litigation*. Mr. Balto has practiced antitrust law for over 20 years, including stints with the Antitrust Division of the U.S. Department of Justice and with the Federal Trade Commission. In 2001 he left his position as Policy Director at the F.T.C. to return to private practice. Mr. Balto also speaks and writes often on credit card antitrust matters. *See* David A. Balto, *The Problem of Interchange*

MP3 20157262.1

*Fees: Costs Without Benefits*, 2000 Eur. Comm. L. Rev 215 (2000).  In 2004 the firm was named as IP Litigation Department of the Year, and also named to the "A List" of the top 20 law firms in the United States, by *American Lawyer* magazine.

Berger & Montague, P.C.

This firm filed a case early-on on behalf of a small client.  It represented all plaintiffs in the class Interchange Fee category of cases in the argument before the Judicial Panel on Multidistrict Litigation.

The firm has specialized in antitrust and other complex litigation for over 30 years and was recently cited as one of only twelve plaintiffs' firms' nationwide on the National Law Journal's "Hot List."  The firm's litigation team will be led by H. Laddie Montague, Jr. and Merrill G. Davidoff.  Mr. Montague has over 40 years of antitrust experience and has been co-trial counsel on many major antitrust and other complex cases.  He was recently singled out in Chambers U.S.A.'s American Leading Business Lawyers (2005) as one of the top antitrust attorneys in Pennsylvania.  Merrill G. Davidoff has specialized in antitrust and other complex litigation for over 30 years and has substantial trial experience in those areas.  Mr. Davidoff has specific experience in litigation involving Visa and MasterCard.  For further information, the firm's website is: www.bergermontague.com.

Lerach Coughlin Stoia Geller Rudman & Robbins LLP

Lerach Coughlin is one of the largest firms specializing in class action litigation with 160 attorneys and a substantial litigation support staff consisting of forensic accountants, investigators, financial analysts, paralegals and documents clerks.  Lerach Coughlin has been appointed lead counsel in numerous landmark class actions, including In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 465 (S.D.N.Y. 1998), which resulted in a settlement of more

than $1 billion, and In re Enron Corp. Sec. Litig., 206 F.R.D. 427 (S.D. Tex 2002) which has so far recovered more than $7 billion for the class.

Lerach Coughlin was one of the first firms to file in the Interchange Class Actions in June 2005 and, having filed subsequent cases, represents a variety of businesses. In addition to the Interchange Class Actions, Lerach Coughlin has prosecuted and is currently prosecuting a number of antitrust and deceptive practice cases against Visa, MasterCard and their largest member banks. In 2002 in *Schwartz v. Visa et al*, Lerach Coughlin lawyers were part of the team that successfully tried an unfair and deceptive trade practices case challenging the 1% fee charged by the networks on foreign credit card transactions. The Court in that case entered a judgment for restitution that amounts to $800 million. Lerach Coughlin is currently co-lead counsel in *In re Currency Conversion Fee Antitrust Litigation*, MDL No. 1409 (S.D.N.Y.), in which plaintiffs allege that Visa and MasterCard and their respective members conspired to impose and fix the price of foreign currency transaction fees. Lerach Coughlin is also counsel in numerous other cases against Visa, MasterCard and their largest issuers including an antitrust companion action to MDL-1409 challenging the alleged collusive imposition of arbitration clauses in credit cardholder agreements.

Lerach Coughlin's litigation team is lead by Bonny E. Sweeney and Christopher Burke, the same attorneys who have led or are leading the cases against the card networks identified above. In sum, Lerach Coughlin possesses the experience, expertise and resources necessary to serve as co-lead counsel for the class in the Interchange Class Actions.

Counsel for Certain Plaintiffs believe that all of the counsel in the "Interchange" Class Cases, and all of the counsel in the narrower cases (except for counsel in the four "tying" cases) support the appointment of these three firms as Co-Lead Counsel for Class Plaintiffs. By virtue

- 7 -

of their expertise and experience, and the breadth of their client class representatives, these firms represent the best choices to lead the litigation efforts on behalf of the proposed merchant class. Moreover, these firms have been functioning as *de facto* Co-Lead Counsel for Class Plaintiffs since August 2005, including the coordination and presentation of the views of the vast majority of class counsel to the MDL panel, in which they successfully argued that this Court is the best choice for the consolidation of all of these related cases.

At this point, Counsel for Certain Class Plaintiffs are not aware of any opposition to the appointment of these three firms as Co-Lead Counsel, although, as indicated above, counsel in the four "Tying" cases, we understand, prefer that their cases either be severed or be organized and managed separately and apart from the broader "Interchange" cases. We urge that such an approach be rejected, for many reasons, all related to the fact that these more narrow cases are: 1) all brought purportedly on behalf of the same class of all merchants as are the broader "Interchange" cases; and 2) the "Tying" claims are part of, and subsumed by, the broader "Interchange" cases, a fact recognized by the counsel in the "No Surcharge" cases with respect to their more narrow claims.

The management of separate litigation tracks for these narrower cases is not feasible. Defendants would likely argue that separate litigation would amount to improper claim splitting. And any separate resolution of those narrower cases, by settlement or judgment, would present unacceptable risks of claim or issue preclusion to the merchant class' broader claims.

Separate tracks for these narrower cases may also create litigation management problems, as counsel in the various cases – brought purportedly on behalf of the same class of merchants – attempt to coordinate separate class certification proceedings, class notice, discovery and trial.

The class and the Court would be much better served by a single track under the leadership of counsel representing the broadest set of class representatives and class claims.

Finally, and most important, Counsel for Certain Class Plaintiffs believe that there is little or no support among members of the purported merchant class for the pursuit of these more narrow claims separate and apart from the larger interchange price-fixing claims brought in the majority of the class cases. As this Court is aware, Visa and MasterCard have been the subject of prior actions by merchants and by the United States challenging certain narrow aspects of Visa and MasterCard's rules.[4] Merchants believe that the results of those two narrow cases have not led to a competitive market for general purpose payment card network services to merchants. This Court should not accept the invitation of counsel in these narrower cases to divide or dual-track these cases.

For many of the same reasons, the Court should not appoint as one of the Co-Lead Counsel for the Class Plaintiffs any of the firms pursuing these more narrow claims. These counsel could not effectively represent and prosecute the broader claims, which they have not plead in their cases. The reverse is not true, however, as counsel in the broader "Interchange" cases have challenged these rules, and others, as being part of the anticompetitive conduct of Visa and MasterCard.

    3.    The Proposed Appointees As Liaison Counsel Are The Best Choices To Serve The Interests Of Plaintiffs And The Court In Efficient Communications

Counsel for Certain Class Plaintiffs and Counsel for Certain Non-Class Plaintiffs recommend the appointment of the firm of Pomerantz, Haudek, Block, Grossman & Gross LLP Liaison Counsel for the Proposed Class Plaintiffs. This firm has fulfilled this role in other

---

[4] *E.g. In re VisaCheck/MasterMoney Antitrust Litigation*, (challenging "honor all cards" rule application to debit cards); *United States v. Visa U.S.A., Inc. and MasterCard International, Inc.* (challenged exclusivity rules of Visa and MasterCard.)

- 9 -

MP3 20157262.1

complex litigations venued in New York City, and is highly regarded among all of the counsel for Class Plaintiffs.

Finally, we are informed that Counsel for Certain Non-Class Plaintiffs intend to recommend, in the very near future, the appointment of one of the firms which have filed non-class cases to serve as Liaison Counsel for the Non-Class cases.

## III.

## CONCLUSION

Cases of this magnitude and complexity require the organization of counsel in order that they be effectively and efficiently managed. The recommended organization is supported by the vast majority of Plaintiffs' counsel in the 40-plus cases that have been filed in or transferred to this Court. Counsel for Certain Class Plaintiffs respectfully urge the Court to enter Proposed Pre-Trial Order No. 1 promptly, as it is non-controversial, and enter Proposed Pre-Trial Order No. 2 at or after the initial pre-trial conference.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

K. Craig Wildfang (kcwildfang@rkmc.com)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

ATTORNEYS FOR CLASS PLAINTIFFS AND ON BEHALF OF THE FIRMS AND THEIR RESPECTIVE CLIENTS IDENTIFIED ON APPENDIX A