# ARNOLD & PORTER LLP

**Robert C. Mason**
Robert_Mason@aporter.com

212.715.1088
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 9, 2006

<u>By ECF</u>

The Honorable James Orenstein
United States District Court for the
   Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York  11722-9014

     Re:    In re Payment Card Interchange Fee and Merchant
            <u>Discount Antitrust Litigation, No. 1:05-md-1720 (JG) (JO)</u>

Dear Magistrate Judge Orenstein:

     Pursuant to Your Honor's Order dated December 14, 2005, please find enclosed a document containing a proposed initial conference agenda and case management plan, which we are submitting on behalf of the defendants listed in the first paragraph thereof.

               Respectfully submitted,

               *Robert C. Mason*

               Robert C. Mason
               Counsel for Defendant Visa U.S.A. Inc.

cc:  all plaintiffs' counsel of record (by ECF, fax, and U.S. Mail)
     all defendants' counsel of record (by ECF and fax)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT
ANTITRUST LITIGATION

This Document Relates to:

ALL ACTIONS.

MDL Docket No. 1720 (JG)(JO)

**ELECTRONICALLY FILED**

CERTAIN DEFENDANTS' PROPOSED
INITIAL CONFERENCE AGENDA
AND CASE MANAGEMENT PLAN

Pursuant to the Court's December 14, 2005 Order, Defendants Visa U.S.A. Inc., Visa International Service Association, Mastercard Incorporated, Mastercard International Incorporated, Bank of America Corporation, Bank of America, N.A., National Processing, Inc., Bank One Corporation, Bank One, Delaware, N.A., Chase Manhattan Bank USA, N.A., JPMorgan Chase & Co., Fleet Bank (RI), N.A., Fleet National Bank, Juniper Financial Corporation, Capital One Bank, Capital One F.S.B., Capital One Financial Corporation, Citicorp, Citigroup, Inc., Citibank, N.A., First National Bank of Nebraska, First National Bank of Omaha, HSBC Finance Corporation, HSBC North America Holdings Inc., MBNA Corporation, MBNA America Bank, N.A., National City Corporation, National City Bank of Kentucky, Providian Financial Corporation, Providian National Bank, RBC Centura Banks, Inc., RBC Royal Bank of Canada, People's Bank, RBS NB, Royal Bank of Scotland Group, plc, Texas Independent Bancshares, Inc., USAA Federal Savings Bank, Wachovia Corporation, Wachovia Bank, N.A., Wells Fargo & Co., and Wells Fargo Bank, N.A. (collectively "Defendants"), submit the following initial conference agenda and case management plan in the above-captioned proceeding (the "Action").

## I.    Overview

The parties met on January 5, 2006, to attempt to negotiate a joint report.  Although the parties negotiated in good faith, and were able to reach agreement on certain issues, their respective positions do not permit submission of a single report.  Accordingly, Defendants submit this proposed conference agenda and case management plan.

In short, Defendants propose a case management approach that would allow the Court and parties to conduct early pre-trial proceedings in an orderly and efficient manner, provide the Court with background information and context regarding the issues in this case, and ensure that

document discovery commences promptly with the production of millions of pages of documents. As set forth below, this plan calls first for resolution of MasterCard's pending motion to disqualify one of the proposed lead plaintiff law firms, as well as certain plaintiffs' competing motions to appoint lead plaintiff counsel. Once leadership of the plaintiff group has been settled, the plan provides a coordinated schedule for the filing of a consolidated amended class complaint and any motions to dismiss the class complaint and individual complaints. During the period that motions directed at the pleadings are being briefed, Defendants propose that the parties make informal, perhaps *ex parte*, oral presentations to provide the Court with factual, legal, and economic context that may aid the Court in managing this complex, coordinated litigation going forward. Defendants then propose that, shortly after receiving the benefit of these presentations, as well as the class plaintiffs' consolidated amended complaint, the parties and the Court conduct a conference in which the remainder of the discovery and pre-trial schedule can be discussed and established. Finally, to secure significant progress on discovery during this initial period, Defendants' plan proposes that the parties begin to exchange voluminous materials produced in certain prior litigation that Defendants estimate to amount to millions of pages of documents.

## II.    Initial Conference Agenda

1.    Defendants respectfully submit that the following issues should be addressed before discovery is generally commenced in the Action:

a.    The Motion of Defendants MasterCard Incorporated and MasterCard International Incorporated for Disqualification of Counsel Robins, Kaplan, Miller & Cerisi LLP (the "Motion to Disqualify") and all competing motions for appointment of Lead and Liaison Counsel

2

(collectively, with the Motion to Disqualify, the "Counsel Motions") should be finally resolved by the District Court; and

      b.      Class Plaintiffs should file their First Consolidated Amended Class Action Complaint (the "CAC").

However, as described in Section III.F.4 below, Defendants are willing to produce promptly millions of pages of documents from discovery in other actions that Plaintiffs have requested, once an appropriate Protective Order is in place and subject to the other conditions set forth in Section III.F.4.

      2.      If Plaintiffs allege claims or state causes of action to which the Settlement Agreements entered in In re Visa Check/MasterMoney Antitrust Litigation, No. 96-CV-5238 (JG) (the "Settlement Agreements") offer a defense or ground for objection, in whole or part, then, pursuant to the terms of the Settlement Agreements (Visa Settlement Agreement ¶ 39(b); MasterCard Settlement Agreement ¶ 41(b)), the Action may be stayed, upon Defendants' application, until the District Court has entered a final judgment determining any issues relating to the defense or objection based on such provisions. Depending on the claims asserted in the CAC and the grounds asserted in any motion to dismiss, Defendants also reserve the right to contend that discovery should not be generally commenced pending resolution of a motion to dismiss.

      3.      The business practices at issue in the Action, and their economic and legal consequences, are complex. Defendants respectfully submit that brief oral presentations by the parties would provide helpful context and aid the District Court in managing the litigation on an ongoing basis. Defendants propose that the parties' presentations be informal. At the discretion of the District Court, and with Plaintiffs' agreement, the presentations may be *ex parte* and *in*

*camera*.  Defendants propose that the presentations take place at the Court's convenience

approximately twenty-one (21) days after the CAC is filed.  As discussed in Section III.D below,

Defendants propose that a Discovery Planning Conference be held approximately fourteen (14)

days after these presentations, at which point, with the CAC having been filed, the parties and

the Court will be in a better position to assess an appropriate discovery plan.

### III.    Case Management Plan

#### A.    Pending Motions

1.    Defendants understand that all competing motions for appointment of Lead

Counsel in the class cases will be fully briefed by January 9.

2.    The Motion to Disqualify brought by Defendants MasterCard Incorporated and

MasterCard International Incorporated ("MasterCard") will be fully briefed, with the permission

of the Court, no later than January 18, 2006.  MasterCard does not oppose Plaintiffs' request that

oral argument on the pending Motion to Disqualify be heard as soon as practicable.

#### B.    Settlement/Mediation

Defendants believe that mediation through the services provided by this Court would be

premature at this time.

#### C.    Pleadings and Parties

Plaintiffs' submission identifies the cases consolidated or coordinated in this Action.

Defendants propose the following pleading schedule:  Class Plaintiffs shall file the CAC within

sixty (60) days after final resolution of the Counsel Motions by the District Court.  Forty-two

(42) days after the CAC is filed, Defendants will respond, by motion or answer, to the CAC and

all non-class complaints.  Defendants anticipate that the CAC and non-class complaints will raise

substantially similar issues; accordingly, it would be most efficient to respond to all pending

4

complaints at the same time.  For purposes of efficiency, Defendants will be permitted to file

both substantive motions and any motions to stay or dismiss in favor of arbitration

simultaneously, without thereby waiving any rights or claims.  To the extent that any Defendant

moves to dismiss or moves to stay all or part of the CAC or any other complaint, Plaintiffs will

have forty-two (42) days to respond.  Defendants will serve any reply papers within twenty-eight

(28) days of Plaintiffs' response(s).

**D.      Pre-Trial and Trial Schedule**

As described in Section III.F.4 below, Defendants propose to produce voluminous

materials promptly, provided that a Protective Order is in place and subject to the conditions set

forth in Section III.F.4..  Defendants submit that further discovery should not proceed until Class

Plaintiffs have filed the CAC.  Defendants believe that a discovery plan could be more

meaningfully developed after the CAC is filed and it is clear which parties and claims will be in

the Action.  Toward that end, Defendants submit that a Discovery Planning Conference should

be scheduled approximately 14 days following the informal presentations proposed in

Section II.3 above, at which point the parties and the Court will be in a better position to

establish a discovery and pre-trial schedule.

To the extent that the Court wishes to consider a discovery and pre-trial schedule now,

before the CAC has been filed, Defendants provide below their positions on various issues.

**1.      Discovery**

In the absence of the CAC, it is premature to provide a realistic estimate of the time

needed for fact discovery.  Moreover, that task is even more difficult given that at the meet and

confer, Plaintiffs could not provide an estimate of the total number of depositions they believe

they will want to take, and were unwilling to limit the number.  Nonetheless, even at this

preliminary stage, Defendants believe that fact discovery will likely require a period of at least twenty-four (24) months from its general commencement. Defendants also reserve the right to assert that phasing of discovery may be appropriate, and suggest that this subject would be most appropriately discussed at a Discovery Planning Conference after the CAC is filed. Defendants currently believe that expert discovery should proceed according to the sequence stated in Section E.2 below.

### 2.   Class Certification

Class Plaintiffs may file their class certification motion, including any supporting expert reports, at any time 90 days or later after filing the CAC. In order to respond to that motion, Defendants will need to conduct extensive discovery, including of class representatives, other merchants who are putative class members, other third parties, and any experts relied upon by Class Plaintiffs in their class certification motion. Defendants expect that those discovery proceedings will be lengthy. Therefore, Defendants propose that the Court hold a conference to determine a schedule for class certification briefing after Plaintiffs file their class certification motion.

### 3.   Dispositive Motions

No later than three months after the conclusion of fact and expert discovery, in accordance with the local rules of the District Court, the parties may request a pre-motion conference to address dispositive motions. Defendants reserve the right to request such a conference in advance of the close of fact discovery. Defendants propose that opposing papers should be due sixty (60) days after a dispositive motion is served, and reply papers should be due thirty (30) days thereafter.

6

### 4.    Remand Date

Termination and remand of actions consolidated or coordinated in this Action shall be in accordance with Rule 7.6 and other applicable rules of the Judicial Panel on Multidistrict Litigation.

### 5.    Trial

Defendants propose that, after the conclusion of fact and expert discovery, the parties will submit a joint letter to the Court concerning the status of the Action, with the letter to be followed by a status conference with the Court.  A trial date should be set at or after this status conference.

### E.    Disclosures and Depositions

### 1.    Initial Disclosures

The parties have agreed that they should not be required to provide initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

### 2.    Merits Expert Disclosures

The parties will exchange expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2).  Defendants propose the following schedule:  Plaintiffs will submit their expert reports thirty (30) days after the conclusion of fact discovery.  Defendants will submit their expert reports within sixty (60) days after the completion of the depositions of Plaintiffs' merits expert(s).  If Plaintiffs submit any rebuttal reports, they will do so no later than thirty (30) days after the completion of the depositions of Defendants' experts.  An expert may be deposed by the opposing parties once for each report that the expert prepares.

### 3.    Limitations

Depositions should adhere to the limitations set forth in Federal Rule of Civil Procedure 30(d)(2), unless the parties otherwise agree. After the filing of the CAC, the parties should, in good faith, attempt to agree on the number of fact depositions to be taken in the Action. If such efforts fail, Defendants will ask the Court to establish a limit on the number of depositions each side may take, with each side being permitted an equal number of depositions.

### F.    Other Subjects

### 1.    Protective Order

Defendants agree with Plaintiffs that, pursuant to Federal Rule of Civil Procedure 26(c), entry of a stipulated protective order is appropriate, and will engage in good faith negotiations to reach such a stipulation. Documents should not be produced until a protective order is entered.

### 2.    Service

Counsel for all parties are required to register for service by ECF. To the extent a paper is not filed and served by ECF, it should be served by overnight courier, in accordance with Local Rule 5.3, on lead counsel for Class Plaintiffs and lead counsel for any other separately represented party.

### 3.    Privilege Logs

Pursuant to Local Rule 26.2, privilege logs and supplements thereto should be exchanged no later than sixty (60) days following completion of the production from which privileged documents are withheld. A failure to log a privileged or protected document in accordance with this schedule will not waive the privilege or protection attached to the document.

### 4.    Discovery from Other Cases

Defendants propose the following:  Provided that a Protective Order is in place, the

parties will exercise best efforts to produce by February 15, 2006 any documents produced in

pre-judgment discovery, by parties in this Action, in In re Visa Check/MasterMoney Antitrust

Litigation and United States v. Visa U.S.A. Inc., et al., with the limited exception of documents

covered by non-disclosure agreements for which consent to production must be obtained.

Thereafter, the parties will work in good faith to secure sufficient confidentiality protections to

enable production in this Action of documents produced by other parties in In re Visa

Check/MasterMoney Antitrust Litigation and United States v. Visa U.S.A. Inc., et al.

In addition to the need for a Protective Order, Defendants make this proposal subject to

the following conditions:

(1) the documents produced shall not be made available to any counsel or law firm

subject to MasterCard's pending motion for disqualification;

(2) production of these documents shall have no effect on MasterCard's pending motion

for disqualification;

(3) Defendants do not concede the relevance of these discovery materials in this Action,

reserve all relevancy and other objections to the use in this Action of material produced in In re

Visa Check/MasterMoney Antitrust Litigation and United States v. Visa U.S.A. Inc., et al., and

reserve all rights to assert objections to further discovery requests in this Action, including

without limitation objections based on the release of certain claims in the Settlement Agreements

in In re Visa Check/MasterMoney Antitrust Litigation; and

(4) early production of these discovery materials shall not be claimed to constitute a

waiver of any other rights or claims that any Defendant may otherwise have, including without

limitation a waiver of any claim that all or part of Plaintiffs' claims in this Action are subject to stay or arbitration.

To the extent that Plaintiffs seek documents from additional proceedings, Defendants submit that those documents should be sought during the ordinary course of discovery.

The parties began to discuss these issues relating to discovery from other matters at the meet and confer on January 5, and have continued discussions since that time. Although the parties have not reached agreement on these issues at this stage, Defendants anticipate that discussions may continue leading up to the conference with the Court on January 12.