# Memorandum

To: All counsel in 05-MD-1720
From: James Orenstein, U.S. Magistrate Judge
Date: June 12, 2006
re: Electronic Filing

I am writing to remind all counsel about the importance of avoiding the multiplication of electronic filings when docketing a submission in the Master File of this multidistrict litigation. As you know, Pretrial Order 2 (Master File docket entry 160) requires any attorney docketing a submission in this case "[t]o avoid duplicate filings and notice of filings [by] select[ing] NO when prompted whether to spread text." Master File Docket Entry 160, at 2. This requirement is designed to lessen the administrative burden on the court's staff in managing this large multidistrict litigation. Failure to abide by the requirement increases those burdens, and greatly complicates the job of Clerk's office personnel who must, among other things, keep track of the number of pending motions in the court for purposes of the Civil Justice Reform Act.

Please make certain to docket your submissions *only* in the MDL Master Docket (05-MD-1720). Do not "spread text" from the MDL to the dockets of individual cases, and do not docket submissions in those individuals cases. Doing either needlessly adds burdens to the court's staff, and each is easily avoided, as further explained below.

*Elect not to spread text*. The interface for the court's Electronic Case Filing ("ECF") system requires the filer to respond to a series of prompts. One such prompt asks: "Do you want to spread text?" Unfortunately, because the system default is "yes," the filer must take the affirmative step of selecting "no" to avoid spreading text. Understandably, it is easy to skip over this step. Unfortunately, failing to select "no" results in the submission appearing on the docket sheet of each of the 44 actions currently consolidated in 05-MD-1720. This causes 44 entries to appear on various reports generated by ECF, which in turn breeds confusion and adds unnecessary burdens to my daily review of new filings, the work of my law clerks, and the members of the Clerk's office. Accordingly, please be certain to select "no" whenever the ECF prompt asks if you want to spread text. Also, please ensure that any member of your staff who might have occasion to file documents in this case via ECF is familiar with and complies with this requirement.

*All submissions, including motions, should only be docketed on the Master File.* The same problems that arise from "spreading text" when a document is filed on the Master Docket also occur when a document is filed in both one individual action and that Master Docket. All documents filed in this litigation must bear a caption that specifies which actions the submission is related to. *See* Pretrial Order 2 at 2. Adhering to this rule obviates the need to file documents in individual case files, since submissions are deemed filed in all actions listed as related to the submission at issue. This is true for all submissions, including motions, the duplicate filing of which is particularly disruptive to the ECF system.

I have written this memorandum in response to concerns voiced by members of the Clerk's office. I have raised the matter by means of a memorandum rather than by issuing an order because I have already issued an order that should, if followed, avoid the problems described above. I will count on each of you to ensure that we can all spend our time focusing on the merits of this litigation rather than the mechanics of presenting them. Thank you for your attention to these issues and your ongoing cooperation with me and the rest of the court's staff on case management issues.