**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

IN RE PAYMENT CARD
INTERCHANGE FEE AND
MERCHANT DISCOUNT
ANTITRUST LITIGATION

**MEMORANDUM
AND ORDER**

MD 05-1720 (JG) (JO)

This document refers to: ALL ACTIONS

-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On May 10, 2008, I learned that on April 25, 2008, my financial adviser had purchased a number of shares of Visa, Inc. ("Visa") for a brokerage account held in my name. The purchase was made contrary to investment instructions I had previously given the adviser that were designed to avoid any conflict of interest. Immediately upon learning of the acquisition, I instructed my financial adviser to sell the Visa shares as soon as possible. The shares were sold at the opening of the business day on Monday, May 12, 2008. My brief investment in Visa raises the possibility that I must disqualify myself from further participation in these proceedings. *See* 28 U.S.C. § 455(b)(4) (requiring a judge to disqualify himself if "[h]e knows that he ... has a financial interest in the subject matter in controversy or in a party to the proceeding"); *id*. § 455(a) (requiring a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned"). For the reasons set forth below, I conclude that no such action is required, however, I will entertain a motion by any party to consider the matter anew if filed by June 11, 2008.

In 1988, Congress amended the recusal statute by adding the following provision:

> Notwithstanding the preceding provisions of this section [28 U.S.C. § 455], if any ... judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she ... has a

> financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the ... judge ... divests himself or herself of the interest that provides the grounds for the disqualification.

Pub. L. No. 100-702, § 1007, 102 Stat. 4667 (1988) (codified at 28 U.S.C. § 455(f)). As the United States Court of Appeals for the Second Circuit has recognized, Congress amended the statute because it was "troubled by the outcome" of a case in which a judge was forced to recuse himself after extensive work on a class action case after discovering a financial conflict of interest. *In re Certain Underwriter*, 294 F.3d 297, 304 (2d Cir. 2002) (citing H.R. Rep. 100-889, at 69 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6029-30). I conclude that this case, like the one before the court in *In re Certain Underwriter*, "falls squarely within the situation envisioned by Congress – a ... judge with a minor interest in a class action lawsuit discovered after assignment, who quickly divested [him]self of the conflicting interest." *Id*.

In reaching this conclusion, I rely on two subsidiary conclusions: first, that I have devoted "substantial judicial time" to this litigation; and second, that the nature of my investment was not so extensive as to create "an interest that could substantially be affected by the outcome" of this litigation. 28 U.S.C. § 455(f). With respect to the former, I rely not on the fact that over 29 months have elapsed since my assignment to the litigation on November 23, 2005, but rather on the time-consuming nature of the tasks I have been called upon to perform during that period. *See In re Certain Underwriter*, 294 F.3d at 304-05.

With respect to the nature of the investment, I recognize that divestiture does not always obviate the need for disqualification. *See, e.g., Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 131-32 (2d Cir. 2003), *cert. dismissed*, 541 U.S. 913 (2004). However, in limiting the use of divestiture as an alternative to disqualification, Congress apparently contemplated

2

applying that limitation only to transactions more extensive than a simple investment; for example a judge who had become "a significant stockholder in a closely held corporation with close acquaintances would be expected to recuse himself or herself rather than divest." H.R. Rep. 100-889, at 69 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6029-30 (quoted in *In re Certain Underwriter*, 294 F.3d at 304). The nature of my brief investment in Visa does not appear to raise any such concern.

Divestiture may also not suffice if the investment has been held for a long time during which the affected judge has made substantive rulings. *See Chase Manhattan Bank*, 343 F.3d at 131 ("divestiture cannot cure circumstances in which recusal was required years before and important decisions have been rendered in the interim"). No such circumstance exists here. I owned Visa shares for an 18-day period beginning on April 25, 2008 and ending this morning. During that time I issued only two orders, neither of them substantive. First, on May 6, 2008, I granted a motion to extend the page-limit for the putative Class Plaintiff's brief on an anticipated motion for class certification; no party objected to such relief. *See* Docket Entry ("DE") 964. Second, on May 7, 2008, I issued an order that formally terminated on the docket a motion to compel discovery that I had denied from the bench at the last status conference – which was held at a time when I did not own any Visa shares. *See* DE 947 (motion to compel); DE 959 (reflecting the ruling on the motion made on April 22, 2008). Because I owned Visa shares for such a short period of time and made no substantive rulings in this case during that period, I conclude that divestiture is a sufficient alternative to disqualification.

In the interest of bringing this matter to the parties' attention as quickly as possible following my discovery of the potentially disqualifying investment, I have not solicited the

parties' views before making the decision to remain assigned to the case.  Should any party wish to be heard on the matter, I will entertain a motion for disqualification on the basis of my investment in shares of Visa filed no later than June 11, 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
  May 12, 2008

<u>/s/ James Orenstein</u>
JAMES ORENSTEIN
U.S. Magistrate Judge