

|  |  |  |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| ONE SOUTH DEARBORN | BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO, IL 60603 | CHICAGO | LONDON | SINGAPORE |
| (312) 853 7000 | DALLAS | LOS ANGELES | TOKYO |
| (312) 853 7036 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

dgraham@sidley.com
(312) 853-7596

FOUNDED 1866

June 27, 2008

**Via Electronic Filing**

The Honorable Magistrate Judge James Orenstein
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Room 456 North
Brooklyn, New York 11201

Re:   *In re Payment Card Fee and Merchant Discount Antitrust Litigation, 1-05-MD-1720 (JG)(JO)*

Dear Magistrate Judge Orenstein:

We write on behalf of defendants pursuant to Part III.A.2 of Your Honor's Individual Practice Rules to request that the Court order plaintiffs to make their class certification expert, Dr. Gustavo Bamberger, available for two days of deposition in mid July. Because of the scheduling constraints for the briefing of plaintiffs' class certification motion, we also request that the Court schedule a telephonic conference at its earliest convenience to resolve this matter. We attempted to negotiate a resolution of this dispute with plaintiffs' counsel, and believed that we would be able to avoid troubling the Court, but were unfortunately unable to reach agreement.

Plaintiffs have rejected defendants' request for a two-day deposition of Dr. Bamberger, unless defendants give up their right, under a stipulation heavily negotiated by the parties, to take a second deposition of Dr. Bamberger as to any reply declaration he submits in support of plaintiffs' motion for class certification. Plaintiffs' demand as to any second deposition is directly contrary to the Third Scheduling Order entered by the Court, which provides that the parties "shall have the right to examine any expert as to any report or affidavit submitted by such expert in connection with the class certification process." (3/13/08 Third Scheduling Order, Doc. No. 924, ¶ 4.) Defendants cannot agree to give up this right in advance, without seeing what matters Dr. Bamberger and plaintiffs may raise in any reply declaration.

It is also unreasonable for plaintiffs to resist making Dr. Bamberger available for two days for his initial deposition, given that plaintiffs themselves already have demanded and taken six two-day depositions of defendants' fact witnesses and presumably will request more two-day depositions before discovery closes. Defendants' position is simple: This case is very complex, the stakes are enormously high, and Dr. Bamberger is plaintiffs' sole witness on an obviously significant topic that will have ramifications for the entire litigation. His declaration, consisting of 61 pages and 122 numbered paragraphs, is the primary evidence plaintiffs have offered in an attempt to establish that they can prove several elements of their claims with evidence common to the entire class, including market definition and market power, and injury and damages for several



Hon. James Orenstein
June 27, 2008
Page 2

different alleged claims in multiple "but for" worlds. Moreover, there are numerous defendants; while we understand that duplication is to be avoided (and intend to do so), and while we plan to have a single lawyer on defendants' side take the lead and do most of the questioning, we anticipate that other defense counsel also may want to examine Dr. Bamberger. Based on extensive experience with class certification expert depositions in multi-party antitrust cases, we believe that seven hours would be inadequate to cover all of the necessary topics related to his initial declaration, and that the Court and parties would benefit from a full record on this important matter. In fact, for the same reasons, Defendants are willing to make their own class certification expert available for a two-day deposition, with no limits on plaintiffs' ability to take a second deposition if that expert submits a second declaration, as required under the Third Scheduling Order.

Accordingly, we request that the Court order plaintiffs to make Dr. Bamberger available for a two-day deposition, for seven hours of testimony each day, without altering the parties' prior stipulation. There is no question as to Dr. Bamberger's availability for a two-day deposition; we understand from discussions with plaintiffs that he is available on both July 24 and July 25. We also request that the Court schedule a telephonic conference between June 30 and July 3 to address this issue. Defendants are available any time during those days for this conference.

Respectfully submitted,

*David Graham /c.7.*

David F. Graham


cc:   Counsel of record