**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
IN RE PAYMENT CARD                               **MEMORANDUM**
INTERCHANGE FEE AND                              **AND ORDER**
MERCHANT DISCOUNT
ANTITRUST LITIGATION                             MD 05-1720 (JG) (JO)

This document refers to: ALL ACTIONS
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Jonathan Lee Riches ("Riches"), appearing *pro se*, has filed a motion pursuant to Federal Rule of Civil Procedure 24(a) seeking to intervene as of right as a plaintiff in this multi-district litigation. Docket Entry 1034. I deny the motion. There are two bases for intervention as of right under Rule 24(a). First, a person who "is given an unconditional right to intervene by a federal statute" may of course do so upon request. Fed. R. Civ. P. 24(a)(1). I am aware of no statutory provision that would give Riches such an unconditional right, and he cites none.

Second, Riches may intervene as of right if he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Riches does not identify the "property or transaction that is the subject of the action," nor does he claim any interest in any such matter in any but the most conclusory fashion. In light of the subject matter of the litigation – antitrust and related claims by merchants against payment card networks and the banks that issue and process their cards – it is difficult to identify any property or transaction that would be apposite to Riches's motion. Moreover, to the extent that anyone has a cognizable interest in the pending claims, it is merchants – and Riches does not claim that he is one. For much the same

reason, there is no basis for me to conclude (and Riches does not assert) that disposing of the lawsuits now before the court in Riches' absence will impair or impede his ability to protect any interest he may have. Even if Riches is a merchant, his rights will be adequately represented by class counsel if a class is certified. Accordingly, there is no reason to allow Riches to intervene as of right.

At certain points in his submission, Riches also characterizes his request for relief as a "motion for reconsideration" and as a motion "to amend this case further to support plaintiffs['] claims." *Id*. He also appears to be making himself available in the alternative to submit an "Amicus Brief." *Id*. None of these alternatives has greater merit than the motion to intervene. The instant motion is Riches' first request for relief in this case, and there is accordingly nothing to reconsider. His proposal "to amend this case further to support plaintiffs['] claims" appears to be an offer of evidence or argument rather than a request to add new claims, and it is in any event a form of relief that would become available to Riches, if at all, only upon his joining the case as an intervening plaintiff, which I decline to allow him to do for the reasons set forth above. Finally, in light of the many talented attorneys who have thus far ably represented the several parties to this litigation, I see no benefit to be gained by allowing Riches to add his views as an *amicus curiae*.

For the reasons set forth above, I deny the motion of Jonathan Lee Riches to intervene as of right in its entirety.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 23, 2008

                                        /s/ James Orenstein
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge