# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2504
DIRECT FAX
917-777-2504
EMAIL ADDRESS
CYRUS.AMIR-MOKRI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C
WILMINGTON
―
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

September 10, 2008

**VIA ELECTRONIC FILING**

The Honorable Magistrate Judge James Orenstein
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Room 456 North
Brooklyn, NY 11201

> RE: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. MDL 1720 1:05-MD-1720 (JG)(JO)

Dear Magistrate Judge Orenstein:

       Pursuant to Fed. R. Civ. P. 26(b)(2)(C), defendants JPMorgan Chase & Co. ("JPMC") and Chase Bank USA, N.A. (collectively, "Chase") respectfully request that this Court enter a protective order precluding at this time the deposition of JPMC Chairman and Chief Executive Officer, James L. Dimon.

       Rule 26(b)(2)(C)(i) authorizes a court to enter a protective order where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." With regard to a deposition of a high-level corporate executive, a protective order should issue unless it is established that the executive has sufficient unique knowledge of the relevant facts—i.e., knowledge that is *not* derived from reports of lower-level employees who have been made available for depositions. *See, e.g., Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) ("When a vice president can contribute nothing more than a lower level employee, good cause is shown to

not take the deposition.").[1] An assertion that the high-level executive had some involvement in or knowledge about issues relating to the litigation is not dispositive; the party seeking the deposition must still show that information could not be obtained by less intrusive means.[2]

There is no basis for burdening Mr. Dimon's extremely demanding schedule with a deposition in this case. Plaintiffs cannot show that Mr. Dimon would have sufficient unique knowledge of the facts pertinent to this case. Mr. Dimon is the top official of a holding company, whose subsidiaries include not only retail and card issuing banks, but also an investment bank, an asset management operation, and other financial services providers. Mr. Dimon does not manage the operation of credit- and debit-card businesses on a day-to-day basis; the information he obtains about those businesses is from communications and materials generated by direct and indirect reports. Many of these, including two recent chief executives and the chief financial officer of the credit card business, are among the many Chase employees already deposed in this case, and others, including the chief executive of the retail bank, are scheduled to be deposed. References to Mr. Dimon in the deposition testimony have been few and in passing; there is no testimony that Mr. Dimon possesses sufficient unique knowledge about relevant facts. Moreover, unlike the chief executives of the credit card business who already have been deposed, Mr. Dimon has never been a director of Visa or MasterCard, or otherwise served on any of their committees. If plaintiffs neglected to question previously deposed witnesses about documents or other matters they now wish to pursue with Mr. Dimon, that is a matter of litigation strategy for which they alone should bear responsibility. Plaintiffs have failed to establish a record that would justify Mr. Dimon's deposition and will be unable to show that information they seek cannot be obtained by less intrusive means.

---

[1] *See also, e.g., Zouroufie v. Lance, Inc.*, 2008 WL 1767729, at *2 (W.D. Tenn. 2008) (granting a protective order against the deposition of the defendant's CEO where the plaintiff had "not sufficiently demonstrated that [the CEO] has unique personal knowledge of the matters in this lawsuit to justify taking his deposition, nor has he demonstrated that he has attempted to first obtain this information through less burdensome means, such as by taking depositions of lower level employees with more intimate knowledge of the facts or through interrogatories"); *Reif v. CNA*, 248 F.R.D. 448, 454 (E.D. Pa. 2008) ("The [plaintiffs] must demonstrate the insufficiency of interrogatories or the depositions of the lower level employees before obtaining a deposition of [the defendant's CEO].").

[2] *See, e.g., Reif*, 248 F.R.D. at 449-50, 454 (even where the defendant corporation's CEO made statements purportedly "initiat[ing] an ageist corporate culture ultimately resulting in [the plaintiff's] termination," the plaintiff must "demonstrate the insufficiency" of less intrusive discovery before deposing the CEO); *cf. Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated. However, even in such cases, discovery is permitted only where it is shown that other persons cannot provide the necessary information." (citations omitted)).

We respectfully request the entry of a protective order and an opportunity for oral argument prior to the disposition of this motion.

Respectfully submitted,

Cyrus Amir-Mokri

cc: All Counsel of Record (via ECF)