UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------ x

IN RE PAYMENT CARD INTERCHANGE
FEE and MERCHANT-DISCOUNT ANTI-
TRUST LITIGATION

This Document Relates to All Class Actions:

      :    MASTER FILE NO.
      :    1:05–md–1720–JG–JO
      :
      :
      :    ORAL ARGUMENT REQUESTED
      :
      :
      :

------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF
CHASE PAYMENTECH SOLUTIONS, LLC'S MOTION TO STRIKE**

## *Table Of Contents*

Table Of Authorities ................................................................................................................. ii

Background ................................................................................................................................1

ARGUMENT ............................................................................................................................2

Conclusion ................................................................................................................................3

## *Table Of Authorities*

### *Cases*

*Bartels v. Hudson Ins. Co.,*
    No. 05-3890 (JLL), 2008 WL 5070660 (D.N.J. Nov. 24, 2008)..............................................2

*Dover Steel Co. v. Hartford Accident & Indemnity Co.,*
    151 F.R.D. 570 (E.D. Pa. 1993) ..........................................................................................2

*Index Fund, Inc. v. Hagopian,*
    107 F.R.D. 95 (S.D.N.Y. 1985)............................................................................................2

*Kendall v. Visa U.S.A., Inc.,*
    518 F.3d 1042 (9th Cir. 2007).............................................................................................3

### *Statutes*

Fed. R. Civ. P. 15(a)(2) ...............................................................................................................1

Fed. R. Civ. P. 15(c)(1)(C)(ii) .....................................................................................................3

Chase Paymentech Solutions, LLC ("Paymentech") respectfully submits this memorandum of law in support of its motion to strike those portions of the Second Consolidated Amended Class Action Complaint ("Complaint"), the First Amended Supplemental Class Action Complaint, and the Second Supplemental Class Action Complaint, all dated January 29, 2009, that name it as a defendant.[1]   Class plaintiffs ("plaintiffs") obtained the Court's leave to file a specific "proposed" version of their Complaint, but filed a somewhat different version.  One difference was the addition of a new defendant, Paymentech – a company plaintiffs expressly declined to name as a defendant in their prior pleading or in the "proposed" version of their new pleading.  To the extent the Complaint added Paymentech as a defendant, it did so without "the court's leave" required by Fed. R. Civ. P. 15(a)(2), and must be struck.

### *Background*

On May 23, 2008, plaintiffs requested the Court's leave to amend their pleading and submitted for the Court's review a "proposed" Complaint.  (Letter from C. Wildfang to The Honorable John Gleeson (May 23, 2008).)  According to plaintiffs, "[t]he purpose of the Second Amended Consolidated Complaint is to simplify, clarify and eliminate certain of the Class' claims, to add a claim [concerning] PIN debit card transactions, and to otherwise conform the Class' claims to the evidence gathered in discovery." (*Id.*)  The "proposed" new pleading added no new allegations about Paymentech; nor did it name Paymentech as a defendant.

On January 29, 2009, plaintiffs filed their Complaint.  The version they filed designated Paymentech as a defendant for the first time in this litigation.  (Compl. ¶ 63.)  The Com-

---

[1]   Concurrently, defendants have moved to dismiss the Complaint, the First Amended Supplemental Class Action Complaint, and the Second Supplemental Class Action Complaint in their entirety.  Accordingly, if those motions are granted, this motion would become moot and would not need to be addressed.

plaint does not contain any new allegations specific to Paymentech, other than Paymentech's

state of incorporation and other accoutrements of naming it as a defendant.

## ARGUMENT

When a plaintiff's amendment exceeds the specific scope of the court's grant of

leave, the court may grant a defendant's motion to strike those allegations – including newly

added parties – that exceeded the court's leave. *See, e.g.*, *Bartels v. Hudson Ins. Co.*, No. 05-

3890 (JLL), 2008 WL 5070660, at *3 (D.N.J. Nov. 24, 2008); *Index Fund, Inc. v. Hagopian*, 107

F.R.D. 95, 97-99 (S.D.N.Y. 1985).[2]

This Court's September 18, 2008 order unambiguously granted class plaintiffs

leave to file their "proposed" amended pleading, in which Paymentech was not among the parties

being sued.  At no prior point had class plaintiffs notified defendants (or Paymentech) that Pay-

mentech would be named; more to the point, class plaintiffs never sought from this Court leave

to name Paymentech.

Paymentech has been disadvantaged by being named as a defendant after fact dis-

covery in this action had been completed.  For example, Paymentech would have, at a minimum,

conducted discovery sufficient to ascertain precisely what facts plaintiffs relied on to support

their claim that Paymentech is a co-conspirator in the conspiracies alleged in the Complaint.  As

it now stands, however, plaintiffs have deprived Paymentech of the opportunity to conduct dis-

covery into the specific factual predicates underlying their claims against it.  Because Paymen-

---

[2]   Paymentech is aware of only one case where the plaintiffs' amended pleading exceeded the scope of the court's
leave to amend in a nontrivial way, but the court did not foreclose the plaintiffs from amending the complaint to
add the offending allegation.  *See Dover Steel Co. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 574-76
(E.D. Pa. 1993).  The court in *Dover Steel* relied, however, on the fact that "there ha[d] been little discovery
conducted" before the plaintiffs filed their improper amendment.  *Id.* at 576.  Here, by contrast, fact discovery
has been extensive and, indeed, the time for completing it elapsed five months ago.

tech has been denied the ability to focus and narrow issues through discovery, its ability to test plaintiffs' claims against it has been has unfairly impinged.

Notably, the basis for plaintiffs' contention that Paymentech acted as a co-conspirator is far from self-explanatory. After all, acquiring institutions like Paymentech are not alleged to keep any portion of the supposedly inflated interchange fee applied to their merchant customers; the entire amount of that fee allegedly flows to *issuing* banks. (Compl. ¶¶ 8(n), 100.) And plaintiffs' claim that acquirers reflected the issuing banks' default interchange fees on their bills to merchants (*see id.* ¶ 100) is inadequate as a matter of law. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). Moreover, during most of the time covered by this litigation, Paymentech was a joint venture between two entities, one of which – First Data – not only was not an issuer but in fact was an entity the plaintiffs portray as a potential competitor of Visa and MasterCard. For these reasons, among others, Paymentech has been prejudiced by its exceedingly late addition as a defendant in this action.[3]

### *Conclusion*

For the reasons set forth in this memorandum, Chase Paymentech Solutions, LLC respectfully requests that this Court strike the portion of plaintiffs' Second Amended Complaint, First Amended Supplemental Class Action Complaint, and Second Amended Supplemental Class Action Complaint naming it as a defendant.

---

[3] The addition of Paymentech as a defendant would also materially complicate the calculation of damages in this case because Paymentech can assert a statute-of-limitations defense unavailable to others. The amendment naming Paymentech as a defendant cannot "relate back" to earlier versions of class plaintiffs' complaint pursuant to Rule 15(c). Having previously identified Paymentech—without naming it as a defendant—in the First Amended Complaint, class plaintiffs cannot reasonably claim to have made a "a mistake concerning [Paymentech's] identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

Dated: March 31, 2009                    Respectfully submitted,

                                          /s/    Peter E. Greene
                                         Peter E. Greene
                                         Cyrus Amir-Mokri
                                         Peter S. Julian
                                         Linda Cenedella
                                         Boris Bershteyn
                                         SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM LLP
                                         Four Times Square
                                         New York, New York 10036
                                         Telephone:  (212) 735-3000
                                         Facsimile:  (212) 735-2000

                                         *Attorneys for Chase Paymentech Solutions, LLC*

4