1622 LOCUST STREET  I  PHILADELPHIA, PA 19103-6305  I  phone 215/875-3000  I  fax 215/875-4604  I  www.bergermontague.com

# Berger & Montague, P.C.
### ATTORNEYS AT LAW

| | |
|---|---|
| **MERRILL G. DAVIDOFF** | ALSO ADMITTED IN NY |
| WRITER'S DIRECT DIAL | 215/875-3084 |
| WRITER'S DIRECT FAX | 215/875-4671 |
| WRITER'S DIRECT E-MAIL | mdavidoff@bm.net |

April 9, 2009

**Via CM/ECF**

The Honorable James Orenstein, U.S.M.J.
225 Cadman Plaza East
Room 456 North
Brooklyn, NY 11201

    Re:    ***In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation,***
            **1:05-MD-1720-(JG)(JO)**

Dear Magistrate Judge Orenstein:

    This letter motion seeks to consolidate argument and disposition of Defendants' recently-filed Fed. R. Civ. P. 12(b)(6) motions with the forthcoming summary judgment motions scheduled to be filed late this year.

    As Your Honor is aware, fact discovery has been substantially closed in the above-referenced matter since late 2008. In January of this year, Class Plaintiffs filed a Second Consolidated Amended Class Action Complaint, a Second Supplemental Complaint, and a First Amended Supplemental Class Action Complaint (docket entries ("DE") 1138-40), which collectively encompass the key aspects of the fact discovery record Plaintiffs developed over the course of the preceding three years. The parties are now in the process of addressing procedural issues that will dictate the course of the action going forward.

    Defendants recently filed motions to dismiss each of the three pending complaints, which collectively comprise over 80 pages of substantive argument. (DE 1171-81). That figure will be multiplied by Class Plaintiffs' responses and Defendants' replies. Moreover, it is our understanding that Defendants maintain an open-ended agreement with the Individual Plaintiffs which allows for those plaintiffs to amend their complaints any time before trial. Based on their recent filings, Class Plaintiffs anticipate that Defendants would move to dismiss those amended complaints as well.

    In addition, the parties have generally anticipated that there will be multiple dispositive motions, likely filed by all parties, as to many of Class Plaintiffs' claims, as well as to some of Defendants' numerous affirmative defenses. As a result, the parties will twice (or perhaps thrice)

**Berger&Montague, P.C.**
ATTORNEYS AT LAW

The Honorable James Orenstein, U.S.M.J.
April 9, 2009
Page 2

argue, and the Court will repeatedly consider, complex and wide-ranging issues encompassing the entire factual record, as embodied in each of two or three sets of motions – the motions to dismiss, and whatever summary judgment motions the parties file late this year. Both the parties and the Court would use their respective resources most efficiently if the Court simultaneously addresses the many overlapping issues raised by those multiple sets of motions. By this letter motion, Plaintiffs now respectfully request that Your Honor issue an order to that end.

It is black-letter law that there is a "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), *quoted in Citrus Marketing Board of Israel v. J. Lauritzen A/S*, 943 F.2d 220, 225 (2d Cir. 1991). This Court is thus free to consider and resolve motions in whatever manner it finds most efficient. As to Rule 12(b)(6) motions in particular, that policy is encompassed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in which the Supreme Court held that the overriding purpose of such motions is to eliminate the need for burdensome discovery where such discovery is not justified by well-pleaded allegations. *Id.* at 557-59.[1] However, that issue has no bearing in this circumstance, as the parties have completed three years of fact discovery, and only a handful of expert depositions remain.

Class Plaintiffs' amended complaints set forth wide-ranging allegations, and supporting evidence for many of those allegations. Class Plaintiffs' submissions in support of class certification likewise set forth wide-ranging evidence that relates to the merits as well as to class certification. The new material that will appear in the parties' summary judgment submissions will consist largely of additional expert reports and depositions, which the parties are already compiling. Thus, the summary judgment motions will raise issues similar to those raised in the motions to dismiss. The result is that there is no efficiency rationale for briefing, considering and resolving these motions separately from the inevitable summary judgment motions.

Moreover, Defendants concede that "the stakes and the complexity of the legal issues" raised by the pending motions are such that they are likely to "seek review of Your Honor's ruling [sic] with Judge Gleeson" to the extent that they are displeased with those rulings. *See* Joint Case Status Report (filed April 9, 2009), at 8. Thus, even if Your Honor were to consider the pending motions promptly upon the completion of briefing, and promptly issue a report and

---

[1] *See also Information Control Sys. v. Avesta Technologies, Inc.*, 2000 WL 1409862, at *4 (W.D.N.C. Sept. 6, 2000) (preserving fact issues raised by Rule 12(b)(6) motion for consideration in conjunction with summary judgment motion).

## Berger & Montague, P.C.
ATTORNEYS AT LAW

The Honorable James Orenstein, U.S.M.J.
April 9, 2009
Page 3

recommendation as to the multiple claims at issue, the motions still could not be resolved before the deadline for filing summary judgment motions (currently scheduled for November). The parties would still be faced with filing summary judgment motions going to every meaningful contested issue in the case, and the parties and the Court would be faced with the unwieldy task of accounting for any rulings as to the pending motions in subsequent briefing and rulings as to the summary judgment motions.

Conversely, if the Court defers ruling as to the pending motions, summary judgment proceedings can go forward most efficiently, as the parties will not be required to modify their arguments after briefing has commenced, and Your Honor will be in a position to consider and rule as to similar issues simultaneously, based on coherent briefing unaffected by interim orders.

Plaintiffs will be prepared to address these issues at the April 16 status conference, and respectfully request that the Court enter an order providing for its hearing Defendants' pending motions and any summary judgment motions in a single hearing after summary judgment briefing is complete.

Respectfully submitted,

BERGER & MONTAGUE, P.C.

By:   H. Laddie Montague, Jr.
      Merrill G. Davidoff

cc:  Counsel for all parties (via CM/ECF and Lexis-Nexis File & Serve)