# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500  Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

K. Craig Wildfang
612-349-8554

June 10, 2009

**<u>VIA ECF</u>**

The Honorable Magistrate Judge James Orenstein
225 Cadman Plaza East
Room 456 North
Brooklyn, NY 11201

    Re:    In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
              1:05-MD-1720-(JG)(JO)
              Our File No.: 123630.0000

Dear Judge Orenstein:

        As described in our letter motion of May 20, 2009, and as discussed at the May 28, 2009 status conference, the Department of Justice ("DOJ") and the Ohio attorney general have sent Civil Investigative Demands ("CIDs") requesting portions of the discovery record and Class Plaintiffs' counsel's work product regarding the same.[1] As requested by the Court at the status conference on May 28, 2009, Class Plaintiffs described for Defendants the categories of materials they intend to produce.[2] Defendants have argued that Class Plaintiffs' counsel would violate the Protective Order by producing its work product relating to the materials requested in the CIDs[3], and have maintained that the production to the DOJ by Class Plaintiff's of our work product would be a waiver entitling Defendants to obtain that work product as well.[4] Even after the Court's invitation to Defendants to file a proper motion (May 28, 2009 Tr. at 46-47) Defendants have declined to do so. Instead they appear to intend to complicate or delay the government's investigations by threatening Class Plaintiffs with the waiver of our work product protections.

        As we informed the Court at the status conference, Class Plaintiffs intend to comply with the CIDs (Tr. at 53). Our compliance will include producing certain of our work product, as requested by the two agencies. Therefore, we respectfully request that the Court modify the Protective Order to explicitly allow counsel to produce their analyses of any products of discovery in response to the CIDs. This modification is similar to that made by this Court under

---

[1] The Ohio Investigative Demand (attached hereto as Exhibit A) explicitly requests "work product," while the DOJ asked for Class Plaintiffs' counsel's work product after serving the CID. *See* Letter from Wildfang to Dashefsky dated June 3, 2009 (attached hereto as Exhibit B).
[2] *See* Letter from Wildfang to Lipsett dated June 5, 2009 (attached hereto as Exhibit C).
[3] *See* Bank Defendants' letter motion of May 26, 2009.
[4] *See* Letter from Lipsett to Wildfang dated June 4, 2009 (attached hereto as Exhibit D) and letter from Eisenstein to Wildfang dated June 8, 2009 (attached hereto as Exhibit E).

Magistrate Orenstein
June 10, 2009
Page 2

virtually identical circumstances in *In re Visa Check/MasterMoney Antitrust Litigation*, 190 F.R.D. 309 (E.D.N.Y. 2000). We attach a proposed Order and request the Court's expedited consideration of our motion.

We are available at the Court's convenience for a telephonic conference.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

K. Craig Wildfang

KCW/sml
Attachments
cc:  Counsel of Record (Via ECF)

80843962.1