**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
:
IN RE PAYMENT CARD INTERCHANGE   :
FEE AND MERCHANT DISCOUNT   :
ANTITRUST LITIGATION   :   MDL No. 1720(JG)(JO)
:
:
:
:
This Document Applies to:   :
:
ALL ACTIONS   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FOURTH AMENDED PROTECTIVE ORDER**

In order to protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c)(7), which binds all counsel of record in this action:

**I.   Types of Materials Which May Be Designated Confidential or Highly Confidential**

1.   Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information, produced in response to discovery requests in this litigation, including any such material initially produced in another litigation (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" in accordance with this Protective Order.

2. "Confidential Information" shall include any Discovery Material which is not in the public domain and contains any trade secret or other confidential research, development, or commercial information.

3. "Highly Confidential Information" shall include any Confidential Information which is so competitively sensitive that it is entitled to extraordinary protections.

4. Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

II. **Designation of Discovery Materials as Confidential or Highly Confidential**

5. Any documents, material or information produced in discovery in this action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or non-party by (i) by providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Discovery Material stamped or designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY" including those produced in prior litigation bearing such stamp or designation and subsequently made available in this action, shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order; or (ii) furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of

their production or as soon thereafter as practicable specifically identifying the documents or materials as "Confidential," or "Highly Confidential," so long as the Producing Party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 5(i) within 5 days or as many days as the parties shall agree. However, any material initially designated as Confidential or Highly Confidential in prior litigation, which subsequently lost its designation pursuant to a court order, or was publicly filed in the prior litigation, shall be treated in this action consistent with its final status in the prior litigation. To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

6. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

7. Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing

81068359.2

party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate.

8. Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production, within ten business days of discovery of the inadvertent production. The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

(a) Once a Notice of Recall of an Inadvertently Produced Privileged Document is issued by the producing party, the producing party shall provide to the receiving party the relevant privilege log at the latest within 3 business days of the notice. If recall involves redaction of the inadvertently produced document, the redacted version of the document shall be provided simultaneously with a privilege log that includes the information required by Local Civil Rule 26.2 and the identification of (i) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (ii) the files or sources from which the document was collected. If the producing party fails to provide a privilege log within the prescribed period, any claim of privilege as to the documents identified in the notice of recall is waived.

4

(b) Upon receipt of the Notice of Recall, the receiving party must sequester the recalled document(s) and refrain from reviewing the same for any purpose, provided, however, that if the documents recalled have already been incorporated into counsel's work product, counsel may review such work product. Class Plaintiffs may sequester up to three copies of a recalled document, one per lead counsel law firm. Individual Plaintiffs may sequester one copy of a recalled document. Defendants may sequester up to four copies of a recalled document. All other hard copies of a recalled document must be destroyed after a notice of recall. All electronic copies maintained on a database shall be rendered unviewable pending the resolution of any dispute as to the recalled documents.

(c) Within 10 business days of receipt of the privilege log, the receiving party may request a meet and confer to discuss the appropriateness of the privilege claim. If the receiving party does not request a meet and confer within the allotted time period, it waives any right to challenge the privilege claim and must certify destruction of the document within 3 business days after expiration of the time period for requesting the meet and confer.

(d) If the receiving party requests a meet and confer to discuss the assertion of privilege, the parties shall meet promptly and, in no case, later than 5 business days after the receiving party's request for a meet and confer.

(e) If, after compliance with the foregoing steps 1 through 4, the receiving party concludes that it disputes the validity of the claim of privilege, it shall promptly notify the producing party in writing. Upon such notification,

5

Designated Counsel (defined below) for the receiving party may review the recalled document(s) only for the purposes of determining whether to file a motion to challenge the claim of privilege and for challenging the claim of privilege by motion, and, if necessary, may attach the same for *in camera* review with its motion, which, absent agreement of the parties or order of the Court, must be filed within 10 business days of the written notification. Unless otherwise agreed by the parties or ordered by the Court, all such motions shall be made on notice, with briefing schedule and page limits agreed by the parties or set by the Court. If the receiving party does not file a motion within the 10-day period after notification, the receiving party must certify destruction of the recalled document no later than 3 business days after the expiration of the 10-day period.

(f) Designated Counsel are those counsel designated by each side to review the recalled document(s) to decide whether a claim of privilege should be challenged. A maximum of four attorneys per side, but one attorney per law firm, may be so designated. Each side may appoint different Designated Counsel for each Notice of Recall.

(g) Unless the receiving party's motion to compel is successful or the privilege claim is withdrawn, there may be no use of a recalled document for any purpose other than resolving claims of privilege.

(h) If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible

6

opportunity to determine appropriate steps under the circumstances, consistent with this protocol and the Second Amended Protective Order. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

Nothing in this Order shall preclude a party from arguing that the production of the alleged Inadvertently Produced Privileged Document was not inadvertent or that conduct or circumstances constitute a waiver, except that, to the extent previously-produced documents were inadvertently produced and retracted in any prior litigation, the inadvertent reproduction of such documents in this case shall not be deemed a waiver of privilege.

9. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.

10. Deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be treated as Highly Confidential for a period of 40 days or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information. Such Highly Confidential or Confidential Information shall be designated by page and line

number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.

11. The disclosure by counsel for Plaintiffs to the Antitrust Division of the United States Department of Justice and to the Ohio Attorney General of counsel's analyses of any products of discovery, mental thoughts, impressions or opinions shall not waive as to such information either its confidentiality or any applicable privilege, including, but not limited to, protection under the work product doctrine.

### III. Permissible Uses of Discovery Material

12. All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for the purpose of this litigation, i.e., MDL-1720 and constituent cases, and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this action or in prior litigation. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

13. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

14. Confidential Information may be disclosed only to the following persons:

(a) The Court;

81068359.2

(b) Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c) Consultants, experts or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action, provided that any retained consultant or expert is not, at the time Discovery Material is to be disclosed, a defendant in this action or an employee of a defendant in these actions (nor known to the engaging party to have accepted an offer to become an employee of a defendant in these actions), or one of the parties or third parties listed in Appendix A to this Order (or, at the time Discovery Material is to be disclosed, an employee of one of those parties or third parties).

(d) Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other person involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

(e) Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto;

9

(f) During their depositions, witnesses in the action to whom the disclosure is reasonably necessary, consistent with the provisions of paragraph 17 below;

(g) In house-counsel, legal assistants, and other legal staff for each of the parties. Parties which do not employ in-house counsel may each designate, and identify to the other parties, one officer, director or employee in the place of in-house counsel pursuant to this provision. No party shall disclose confidential information to a designated non-legal staff person pursuant to this paragraph until: (1) the proposed recipient has executed a confidentiality agreement in accordance with the procedures set forth in Paragraph 17, and (2) notice of the designation and intended disclosure has been provided to all parties without objection for at least seven days. The court will entertain any objection to the disclosure of confidential information pursuant to this paragraph that is made within seven days of receipt of notice of the intended disclosure.

15. Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (e) in paragraph 14 above.

16. Notwithstanding the provisions in paragraphs 14 and 15 above, Confidential and Highly Confidential Information may be disclosed to any employee of the party or non-party producing such information.

17. Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such

10

Confidential Information, the witness and court reporters are furnished with a copy of this Order, and are shown a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the court order of [date entered] in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (JG)(JO) have been given a copy of and have read this Order and agree to be bound by its terms."

Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain their execution of the confidentiality agreement. Witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order. If a witness refuses to execute a copy of the confidentiality agreement, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the confidentiality agreement, and shall be sufficient to allow for examination of the witness as to Confidential documents and information. A copy of this Order (including a copy of the confidentiality agreement) shall be included with each subpoena served on non-parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena.

18. In addition to persons identified in paragraphs 14 through 16, counsel for a party may disclose (i) Highly Confidential Information to any witness at a deposition or (ii) Confidential or Highly Confidential Information to a witness outside a deposition, provided counsel has obtained consent of counsel for the producing party or non-party. Such consent shall not be unreasonably withheld. However, counsel need not obtain

11

consent if (i) the person is an author or recipient of the Confidential or Highly Confidential Information; or (ii) the person is a former employee of the producing party or non-party and is known to have prior knowledge of the specific document containing the Confidential or Highly Confidential Information to be disclosed; or (iii) the person is a former employee of the producing party or non-party and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed.

19. Persons described in paragraph 14(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 14(c) (and associated personnel) or 14(e) or any person described in the first sentence of paragraph 18 must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) attempt to obtain the recipient's execution of a confidentiality agreement in accordance with the procedures set forth in Paragraph 17.

20. Nothing in this Order shall prevent any counsel from advising his or her client concerning this litigation and, in the course of providing such advice, from referring to or disclosing generally Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

### IV. Challenges to Confidential or Highly Confidential Designations

21. If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will attempt

first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the disputing party may, within 30 days thereafter, or such other time period as to which the applicable persons have agreed in writing or pursuant to a court order, move the Court for a redesignation of the Discovery Material. Until the Court rules on the motion, the material shall be treated consistent with its existing designation. The producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential within the definition(s) or those term(s) set forth above. Discovery Material shall not be entitled to a Confidential or Highly Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. Nothing in this order precludes any party from challenging a confidentiality designation on any other ground.

22. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain

13

documents or information; (iv) to seek a higher level of protection than provided for by this Order if the party believes that new and unique circumstances warrant that higher level of protection; or (v) to seek documents or other information from any source. In any instance where a producing party asserts a higher level of protection to discovery material after its initial production, the higher protection level shall apply to the materials only as of the time of their re-designation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

## V. Deposition Procedures

23. Any deposition testimony concerning a Confidential or Highly Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or videotape.

## VI. Efforts by Non-Parties to Obtain Confidential Information

24. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall notify the producing party or non-party no later than seven days following receipt of the subpoena (but in no event later than seven days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the producing party may file a motion for a protective order or to quash the subpoena. In the event the producing party files such a motion, the subpoenaed party shall not produce any Confidential or Highly Confidential

14

Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

25. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

### VII. Procedures Concerning Third-Party Materials

26. To the extent a party to this action is required to produce Discovery Materials that were initially produced in a prior litigation, or which otherwise contain information supplied by a non-party to this action, or which are covered by a non-disclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production in this action of such Third-Party Materials, the producing party must, within 20 days of becoming aware that a discovery request hereinafter served seeks production of Third Party Materials, initiate the steps necessary to comply with any pre-production notice requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements"). Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third Party Materials in this action, the producing party shall promptly re-produce such Third-Party Materials. The Parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights in the production of this material.

27. In the event a producing party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the producing party may request the return of the Inadvertently Produced Third-Party Materials, and the possessing parties shall within five business days return or destroy such Inadvertently Produced Third-Party Materials, except that, in the event a possessing party expects to move for an order allowing continued retention and use of the recalled Inadvertently Produced Third-Party Materials, the possessing party may retain one copy of such materials, solely for use in connection with such a motion. Promptly after discovering its production of Inadvertently Produced Third-Party Materials, the producing party shall comply with any applicable Third-Party Notice Requirements.

### VIII. Filing Under Seal

28. All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a) Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons *authorized* to have access to such information pursuant to paragraph 14 or 15, as applicable, which person(s) shall return the information to the Clerk

16

in a sealed envelope. Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between the parties, the above message shall be placed on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet. A full and unredacted copy of any such submission may be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order."

(b)    As soon as practicable, but in no event later than ten calendar days after having filed paper copies of the submitted materials, the submitting party shall electronically file with the court, for its public file, a copy of the submitted materials with the Confidential Information and/or Highly Confidential Information redacted.

(c)    If any party objects to identified portions of the materials remaining under seal, it shall, within ten business days of submission of the materials, state its objections in a faxed letter to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten business days after the Court's decision resolving that dispute.

### IX.    Use of Confidential or Highly Confidential Information at Trial

29.    In the event that any Confidential Information or Highly Confidential Information is used in any pre-trial court hearing or proceeding in those actions, and there

17

is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer to resolve such dispute.

30. The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

X.  **Procedures upon Termination of Action**

31. After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any Discovery Material the producing party or non-party has provided (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter), which request shall be honored. If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any discovery material. To the extent any person retains copies of certain documents pursuant to the terms of this paragraph, such information shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order

18

regarding the use by any person of information or knowledge obtained from Discovery Materials shall continue even after such Discovery Materials are returned or destroyed.

## XI. Miscellaneous

32. This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

33. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

SO ORDERED:

                                                JAMES ORENSTEIN
                                                UNITED STATES MAGISTRATE JUDGE

Dated:

81068359.2