# ARNOLD & PORTER LLP

202.942.5000
202.942.5999 Fax

555 Twelfth Street, N.W.
Washington, DC 20004

December 18, 2009

**VIA ECF**

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 456 North
Brooklyn, New York 11201

>       Re:    *In re Payment Card Interchange Fee and Merchant
>              Discount Antitrust Litigation*, No. 1:05-md-1720 (JG) (JO)

Dear Judge Orenstein:

During oral argument on plaintiffs' class certification motion, Your Honor asked the parties for their thoughts regarding an evidentiary hearing on class certification. Defendants believe an evidentiary hearing focused on the particular issues described below would assist the Court by providing you an opportunity to hear evidence directly from witnesses and thus to develop a more complete and contextualized record on which to make your ultimate recommendation.

Specifically, we think there are three particular areas on which testimony could usefully be presented.

*First*, we believe the Court would benefit from hearing testimony from fact witnesses concerning the factual implausibility of the "but for" worlds posited by the Class Plaintiffs. This issue is central to whether the Class Plaintiffs will be able to carry their burden on their certification motion. If the Court finds that the Class plaintiffs' two "but for" worlds are not reasonably probable as a factual matter, the Class will have failed to carry its burden under Rule 23(b)(3). At a hearing, we would present testimony from executives of certain of the defendants that we believe will assist Your Honor in assessing this factual implausibility point and ultimately establish the improbability of Class Plaintiffs' "but for" worlds.

*Second*, as advanced during the recent oral argument, we also believe the proposed injunctive relief class suffers from internal conflicts and thereby fails to satisfy the requirements of Rule 23(a)(4) and 23(b)(2). The Class Plaintiffs have not stated clearly what injunctive relief they seek. We believe that Class Plaintiffs have the burden both to tell the Court the relief they are seeking and to provide sufficient evidence upon which a class determination based on that proposed relief can be made. Without a clear explanation of what Class Plaintiffs are seeking by way of injunctive relief, neither defendants nor the Court can properly address the issue. The

# ARNOLD & PORTER LLP

Honorable James Orenstein
December 18, 2009
Page 2

precise nature of injunctive relief the Class Plaintiffs are seeking will affect different class members differently. We believe testimony from executives of certain of the defendants would aid the Court in assessing whether sufficient conflicts exist within the proposed class to preclude certification of an injunctive relief class. Such testimony would explain, among other things, why numerous different interchange rates exist, and the purpose those differences serve.

The Individual Plaintiffs appear to agree that, at least as to themselves, significant conflicts exist within the proposed injunctive relief class. As Mr. Arnold explained in his December 14, 2009 letter to the Court, the Individual Plaintiffs have litigated their claims independently, including "seeking different injunctive relief…."

*Third*, we also believe the Court would be assisted by testimony concerning the role played by merchant acquirers within the MasterCard and Visa payment networks. This testimony would help demonstrate that individualized inquiries would be required to determine whether the damages being sought for any particular merchant might be subject to the *Illinois Brick* bar on recovery of indirect damages. We are not proposing at this time to litigate for any merchant a determination of the *Illinois Brick* issue; rather, the proposed testimony would be intended to demonstrate that the determination of that issue will present issues that can be resolved only by individualized inquiries. More specifically, the proposed testimony would describe the types of contractual relationships between merchants and the entities they engage for their card acquiring needs, the roles of bank members of Visa and MasterCard in such arrangements, and the flow of funds under such relationships.

In requesting our view on an evidentiary hearing, we understood the Court to be asking about the possible benefits of hearing fact testimony, and not expert testimony. Should the Court wish or be willing to entertain some expert testimony, however, we believe the Court would be assisted by hearing testimony from Dr. Bamberger and Dr. Snyder directly, rather than only considering their reports, and propounding directly any questions the Court might have for them.

As for the structure of any hearing, we would agree to proceed in whatever manner Your Honor believes would be most efficient. We agree with Your Honor's suggestion that there may be some efficiency in the hearing proceeding before Judge Gleeson as well as Your Honor, and we would be glad to discuss that issue with the Court at the upcoming status conference. Even if that could not be accomplished, however, given the complexity of the payment card industry at the center of the entire case, as well as the importance and implications of the relief sought, we respectfully submit that an evidentiary hearing will provide the Court with a concrete, clear, and contextualized presentation of the key factual issues that we believe preclude class certification.

We intend to meet and confer with Class Counsel on the proposal outlined in this letter before the next status conference before Your Honor on January 13, 2010. Our proposal likely

ARNOLD & PORTER LLP

Honorable James Orenstein
December 18, 2009
Page 3

will require certain modification and refinement as a result of those discussions, and we intend to update the proposal, as necessary, in the Status Report submitted to the Court in advance of the next conference.

Respectfully submitted,

| | |
|---|---|
| /s/  Kenneth A. Gallo | /s/  Robert J. Vizas |
| Kenneth A. Gallo | Robert J. Vizas |
| *Counsel for the MasterCard Defendants* | *Counsel for the Visa Defendants* |

cc:     All counsel (via ECF)