**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

ATTORNEYS AT LAW

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

K. CRAIG WILDFANG
612-349-8554

January 5, 2010

**VIA ECF**

The Honorable Magistrate Judge James Orenstein
225 Cadman Plaza East
Room 456 North
Brooklyn, NY 11201

    Re:    In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
             1:05-MD-1720-(JG)(JO)
             Our File No.: 123630.0000

Dear Judge Orenstein:

      Plaintiffs respectfully move this Court to compel Visa, Inc. and MasterCard Incorporated (the "Networks") to supplement their discovery responses under Fed. R. Civ. P. 26(e) by producing documents relating to their recent settlements with the New Zealand Commerce Commission, that country's antitrust-enforcement body (the "Commission"). Plaintiffs specifically request production of: (1) documents sufficient to identify the specific settlement terms with the Commission; (2) documents sufficient to show any amendments to the Networks' by-laws, rules, or practices resulting from this settlement; (3) all formal submissions that the Networks provided to the Commission and all substantive correspondence with the Commission; (4) any studies or analyses that the Networks provided to the Commission; (5) "briefs of evidence"[1] submitted by the Networks, their banks, the Commission, and the merchants that challenged the Networks' practices in New Zealand; and (6) other documents that the Networks provided to the Commission in the course of negotiating this settlement.[2] These materials are referred to collectively as the "New Zealand materials."

**FACTUAL BACKGROUND**

      On August 12 and 24, 2009, the Commission stated that it reached agreements with Visa and MasterCard respectively to settle its investigation of the Networks' interchange fees and

---

[1]     We understand that a "brief of evidence" is roughly equivalent to an expert report in U.S. litigation.
[2]     As fully discussed below, these requested documents are responsive to, *inter alia*, Interrogatory No. 58 and Document Request No. 102 in Plaintiffs' First Set of Discovery to Network Defendants.

ATLANTA      BOSTON      LOS ANGELES      MINNEAPOLIS      NAPLES

The Honorable Magistrate Judge James Orenstein
January 5, 2010
Page 2

rules in exchange for the Networks agreeing to numerous reforms such as, allowing credit-card issuers to individually establish interchange rates, requiring the publication of each issuer's interchange rates, mandating the repeal of the Networks' No-Surcharge and No-Steering Rules, and allowing non-bank entities to acquire Visa and MasterCard-branded transactions.[3]

On September 2, 2009, Plaintiffs requested the New Zealand materials from the Networks.[4] In a letter dated October 7, 2009, the Networks refused production by claiming that (1) the materials are publicly available; (2) the materials exceed the scope of an agreement that the parties had reached on a prior request for supplementation of fact-discovery requests; (3) that Defendants have no supplementation obligation for materials created after the close of fact discovery; and (4) that "settlement materials" are not available in discovery.[5] The parties met and conferred and Plaintiffs offered the Networks the opportunity to change their position. On December 9, the Network Defendants confirmed that their October 7 letter constituted their final position.[6] Thus, the parties are at impasse.

## ANALYSIS

The Networks cannot seriously dispute that the New Zealand materials are highly relevant. Plaintiffs are seeking injunctive relief to repeal the default interchange rule, the No-Surcharge Rule, and other rules that prevent merchant steering – the very rules that the New Zealand settlement repeals or modifies. Plaintiffs therefore expect the New Zealand materials to contain (i) statements by the Networks that they can operate efficiently with certain changes to their rules, (ii) the specific changes to the Networks' rules that are needed to bring about the reforms that the Commission and Plaintiffs seek, and (iii) admissions relating to the effect of the Networks' rules and fees.[7] In light of the relevance of these materials, none of the Networks' objections justify their refusal to produce them.

The Networks' first assertion – that "many" of the New Zealand materials are publicly available – is both an insufficient basis for resisting discovery[8] and factually inaccurate because

---

[3] Release, New Zealand Commerce Comm., Commerce Commission and MasterCard Agree to Settle Credit Card Interchange Fee Proceedings (Aug. 24, 2009) (Exhibit 1) .
[4] Ltr. Marth to Eisenstein and Freimuth at 1, Sept. 2, 2009 (Exhibit 2).
[5] Ltr. Freimuth to Marth, Oct. 7, 2009 (Exhibit 3).
[6] Ltr. Freimuth to Marth at 3, Dec. 9, 2009 (Exhibit 4).
[7] By way of example, a MasterCard submission to the Reserve Bank of Australia admitted that it "set[s] interchange fees to avoid widespread surcharging and other forms of card usage discouragement behavior," thereby confirming Plaintiffs' theory that the Anti-Steering Rules have an inflationary effect on interchange fees. Payment System Regulation, Response by MasterCard Worldwide to the Issues for the 2007/08 Review.
[8] *Nat'l Academy of Recording Acts & Sci., Inc., v. On Point Events, LP,* 256 F.R.D. 678, 682 (C.D. Cal. 2009) (finding that courts have "unambiguously stated" that resisting discovery because the documents sought are public is insufficient) (internal citations omitted); *Anderson v. United Air Lines, Inc.,* 49 F.R.D. 144, 147 (S.D.N.Y. 1969).

The Honorable Magistrate Judge James Orenstein
January 5, 2010
Page 3

the only materials that are available on the Commission's website are news releases and *redacted* versions of the actual settlement agreements.[9]

Secondly, the Networks object that the New Zealand materials exceed the scope of a previous agreement between the parties relating to prior requests for supplementation. Yet the letter that Defendants point to in support of their position does not preclude Plaintiffs from seeking further supplementation.[10] Rather, it merely "confirm[s] the agreements that [the parties previously] made in the course of [their] discussions relating to the supplementation of the networks' discovery responses" over the course of nine months, and "inquires into the status of" the Networks' compliance with those agreements.[11] The agreements that this letter memorializes were made months before the New Zealand settlement became known to Plaintiffs and therefore should not bar Plaintiffs from receiving the materials.[12]

Thirdly, the Networks contend that they have no obligation under Rule 26(e) to supplement their discovery responses with materials that were created after the October 15, 2008 close of fact discovery. Rule 26(e)(1) requires parties to supplement prior discovery responses (A) "in a timely manner if the party learns that in some material respect [a response] is incomplete or incorrect," or (B) "as ordered by the court." Courts have recognized that there is nothing on the face of Rule 26(e) that limits the scope of parties' supplementation duties to only those materials that were created before the close of fact discovery.[13] Allowing supplementation of documents created after the close of discovery is also consistent with the spirit of the Rules which is to "promote a liberal discovery process in an effort to narrow the issues for trial and to prevent unfair surprise."[14]

The New Zealand settlement renders several of the Networks' prior discovery responses "incomplete or incorrect." For example, Interrogatory No. 58 in Plaintiffs' First Set required the Networks to identify "all foreign judicial, legislative, or administrative proceedings…relating to Interchange Fees or Merchant Restraints in which [they] have participated," including "the outcome (if any) of the proceeding," and "all documents relating to those proceedings." Request No. 1 in Plaintiffs' Close of Fact Discovery Requests to Visa and MasterCard requested supplementation of Interrogatory No. 58, and many other requests "to the present." Moreover, the New Zealand settlement renders Defendants' prior production of foreign materials incomplete in a material sense, because it affects important substantive issues in this litigation,

---

[9] The redacted settlement agreements with the Networks and seven New Zealand banks are available in the "judgments and settlements" directory of the "Media Centre" of the Commission's website, *www.comcom.govt.nz*.
[10] Ltr. Marth to Freimuth and Eisenstein at 2-3, Sept. 2, 2009 (Exhibit 5).
[11] *Id*. at 1.
[12] *See e.g.,* Ltr. Freimuth to Marth at 3-5, May 13, 2009 (Exhibit 6). Visa wrote a similar letter on the previous day.
[13] *See Huynh v. JP Morgan Chase & Co.*, No. CIV 06-0001-PHX-RCB, 2008 WL 2789532 *25 (D. Ariz. Jul. 17, 2008); *Episcopo v. General Motors Corp.*, 02 C 8675, 2004 WL 628243 *6-7 (N.D. Ill. Mar. 29, 2004) (rejecting party's objection that it was impossible to produce a document that was created after the close of discovery as "hard to understand"); *Pizza Public Co., Ltd. v. Tricon Global Restaurants, Inc.*, No. 99 CIV. 12056 BSJMHD, 2000 WL 1457010 *1 (S.D.N.Y. Sep. 29, 2000) (calling party's contention that it did not have to produce documents created after close of discovery "plainly wrong.").
[14] *Episcopo*, 2004 WL 628243 *7 (citing Fed. R. Civ. P. 26 Adv. Comm. Notes, 1993 Am., Subd. (e)).

The Honorable Magistrate Judge James Orenstein
January 5, 2010
Page 4

such as the ability of the Networks to operate efficiently on lower levels of interchange fees or without the Merchant Restraints.

Finally, Defendants objected in correspondence that Plaintiffs could not demonstrate a "compelling need" for settlement materials. This argument is unpersuasive because it is a evidentiary objection rather than a discovery objection.[15] And even if Fed. R. Evid. 408 did partly excuse the Networks from discovery obligations, it does not apply to otherwise admissible materials merely because they were transmitted as part of settlement negotiations.[16]

## CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that this Court compel the Networks to produce the New Zealand materials described on page 1.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*s/K. Craig Wildfang*

K. Craig Wildfang

KCW/sml
Attachments
cc:   All Counsel of Record *(Via ECF)*

---

[15] *See DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 685 (D. Kan. 2004).

[16] *ABM Indus., Inc. v. Zurich Am. Ins. Co.,* 237 F.R.D. 225, 228 (N.D. Cal. 2006). Perhaps recognizing the limitations of R. 408, MasterCard reached a compromise with Plaintiffs in which they agreed to produce materials submitted to the European Commission as part of a settlement negotiation, as long as those materials were not prepared specifically for the settlement. The Networks have offered no such compromise on the New Zealand materials. Ltr. Freimuth to Marth, Sept. 2, 2009 (Exhibit 7.)