# ARNOLD & PORTER LLP

**Mark R. Merley**
Mark.Merley @aporter.com

202.942.5321
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

January 8, 2010

**VIA ECF**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 456 North
Brooklyn, New York  11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (MDL 1720)

Dear Judge Orenstein:

      Plaintiffs seek to compel Visa Inc. ("Visa") to produce the Statement of Objections from a competition proceeding in Europe that involves interchange in Europe.  In keeping with its established policy, the European Commission ("EC") has instructed Visa not to produce the Statement of Objections outside the European proceeding in which it was issued.  Visa respectfully submits that plaintiffs' motion should be denied, based on principles of international comity and the respect owed to the EC's policy judgments.[1]

      1. <u>Background</u>.  On May 26, 2009, Philip Lowe, the Director General of the EC's Directorate-General for Competition ("DG Comp"), acting on behalf of the EC, sent Visa a Statement of Objections (the "SO") relating to an EC proceeding involving Visa Europe, which operates in Europe, and Visa.  *See* 5/26/09 ltr. of Philip Lowe (Ex. A).  Visa received a redacted copy of the SO, which removed information that Visa Europe deemed confidential as to Visa.

      An SO is a preliminary set of allegations provided on a confidential basis to allow the parties to exercise rights of defense under EU law.  It does not constitute a finding of liability.  The transmittal letter to Visa (Ex. A, at 2), which Visa has provided to plaintiffs, emphasized the confidentiality of the SO and the need to obtain the EC's consent prior to disclosure:

> The Commission reminds you that the information contained in this Statement of Objections can only be used for the purposes of the present proceedings. . . .
>
> The Statement of Objections, its contents and information made available to you in the context of your access to the Commission's file should not therefore be disclosed to any person, body or agency other than for the purposes mentioned above unless you have the prior explicit authorisation of the Commission.

---

[1] Pursuant to the Court's Order of January 6, 2010, Visa provided the EC a copy of that Order, which invited the EC to submit a letter as *amicus curiae* or to appear at the status conference on January 13, 2010 regarding plaintiffs' motion.

**ARNOLD & PORTER LLP**

The Honorable James Orenstein
January 8, 2010
Page 2

After plaintiffs requested that Visa produce the SO, Visa asked for the Commission's position on that request. On August 11, 2009, Irmfried Schwimann, Director, DG Comp, wrote to Visa and declined to authorize Visa's production of the SO to plaintiffs. Ms. Schwimann's letter stated that "it is the European Commission's general policy that the Statement of Objections and the information contained therein should be used only for the purpose of proceedings concerning the application of Articles 81 and 82 EC." 8/11/09 ltr. from Irmfried Schwimann to Paula Quintiliani (Ex. B, at 2).

Ms. Schwimann's letter cited and applied established EC policy. As stated in the cited document, which extends beyond "leniency statements": "The Commission's statement of objections and the full confidential version of the decision are documents prepared specifically for the antitrust proceedings and contain confidential information received through investigative measures. Therefore, they and the information contained therein shall also be used only for the purpose of proceedings concerning the application of Articles 81 and 82 EC." Chapter 7.1, SEC (2009)574 final, 29.4.2009, ¶ 296 (Ex. C).

2. <u>International comity concerns weigh strongly against permitting discovery of the SO in this case</u>. The Supreme Court has "long recognized the demands of comity in suits involving foreign states," and has stated that "American courts should therefore take care to demonstrate due respect . . . for any sovereign interest expressed by a foreign state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987); *see also Ings v. Ferguson*, 282 F.2d 149, 152 (2d Cir. 1960) ("Upon fundamental principles of international comity, our courts dedicated to the enforcement of our laws should not take such action as may cause a violation of the laws of a friendly neighbor or, at the least, an unnecessary circumvention of its procedures."). Consistent with these principles, courts have declined to grant U.S. civil litigants access to confidential materials prepared solely for purposes of EC enforcement proceedings, including SOs. *See In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078 (N.D. Cal. 2007); *In re Methionine Antitrust Litig.*, MDL No. 00-1311 CRB, Report of Special Master, at 13 (N.D. Cal. June 17, 2002) (Ex. D), *aff'd* 7/29/02 Order of District Court.

*Rubber Chemicals* is on point. Plaintiffs there requested documents stemming from investigations of suspected antitrust violations in the rubber chemicals industry conducted by the United States, Canada, and the European Union. 486 F. Supp. 2d at 1080. Defendants objected to producing the European materials, which included an SO, on grounds including "that production would conflict with the policies of a foreign sovereign, which is entitled to comity." *Id.* at 1081. Defendants relied on a letter from DG Comp, which explained that SOs "are provided to the parties to allow them to exercise their rights of defence within the sphere of the Commission's proceedings," "contain confidential information," and "are not made public and warrant specific protection." 4/17/07 ltr. of Kirtikumar Mehta, Director, DG Comp (Ex. E, at 2).

The *Rubber Chemicals* court declined to order production of the SO. The court acknowledged the Supreme Court's admonition that "American courts, in supervising pretrial proceedings, should exercise special vigilance to demonstrate due respect for any sovereign interest expressed by a foreign state." *Id.* at 1081 (citing *Aerospatiale*, 482 U.S. at 546). Using the same five-factor comity analysis that plaintiffs cite, the court balanced the interests of the EC

# ARNOLD & PORTER LLP

The Honorable James Orenstein
January 8, 2010
Page 3

against the need for the discovery, stating that "courts are less inclined to ignore a foreign state's concerns where the outcome of litigation does not stand or fall on the present discovery order." *Id.* at 1082-83 (relevance or importance "is even less clear for documents generated by the Commission"). The court found that plaintiffs in a case based on alleged conduct in the U.S. did not have a sufficient need to obtain documents generated for use "only in Europe and in conjunction with the European enforcement proceedings." *Id*. at 1082-83.

      The same logic applies in this case. As in *Rubber Chemicals*, the EC opposes disclosure of the SO here. The EC's position concerning SOs is set forth in the letters to Visa from Mr. Lowe and Ms. Schwimann (Exs. A and B), the EC policy statement (Ex. C), the letter from DG Comp in the *Rubber Chemicals* case (Ex. E), and a similar letter from DG Comp submitted in a case in this Court (Ex. F). The EC's position that SOs should not be discoverable under the circumstances present here is clear. Contrary to plaintiffs' argument about the EC's supposed "silence," the EC need not do more here to reaffirm its established policy regarding SOs.[2] A sovereign should not be required to appear formally and reiterate its established position in every U.S. case in which similar issues arise.

      As in *Rubber Chemicals*, the interests of the EC outweigh those of plaintiffs here. Plaintiffs allege that the relevant geographic market is the United States. *E.g.*, 1/29/09 Compl. (DE 1153) ¶¶ 271-72. This case involves U.S. commerce and alleged conduct by Visa, whereas the SO concerns European commerce and conduct by Visa Europe, a separate entity. Visa appears to have received the SO because of a mistaken impression that default interchange rates set by Visa could apply in Europe where Visa Europe has not established its own rates. In any event, the outcome of this case "does not stand or fall" on the SO. *Rubber Chemicals*, 486 F. Supp. 2d at 1082.

      Plaintiffs rely on the *Vitamins* case. But the court there did not order production of an SO that the EC had instructed be used only in the European proceeding. Instead, the court required production of a voluntary statement by a private party, which, as the court emphasized, the EC itself had warned "may ultimately be published by the Commission." *In re Vitamins Antitrust Litig.*, MDL No. 1285, 2002 U.S. Dist. LEXIS 26940, at *126 (D.D.C. Jan. 23, 2002) (special master analysis); 2002 U.S. Dist. LEXIS 25815, at *44 (D.D.C. Dec. 18, 2002) (district court opinion). Moreover, unlike in *Vitamins*, there is no "global conspiracy" at issue here.

      Plaintiffs' reliance on *Information Resources, Inc. v. Dun & Bradstreet Corp.*, 1998 WL 851609 (S.D.N.Y. Dec. 8, 1998), also is misplaced. Unlike this case, the central claim there was that defendant engaged in exclusionary strategies to maintain a "monopoly over retail tracking services markets outside the United States," and the relevant geographic market included EU countries. *See* Compl., 1997 WL 34639819, ¶¶ 1, 27 (S.D.N.Y. July 7, 1997). *Information Resources* also did not apply any comity analysis weighing EC assertions of confidentiality.

      For all the foregoing reasons, plaintiffs' motion should be denied.

---

[2] While plaintiffs note that the Director's letter is not "an official communication of the Commission," the *Rubber Chemicals* court found that DG Comp is analogous to the Department of Justice and its views are "the views of the Commission" on antitrust matters. *Rubber Chemicals*, 486 F. Supp. 2d at 1082.

# ARNOLD & PORTER LLP

The Honorable James Orenstein
January 8, 2010
Page 4

                                              Respectfully submitted,

                                                            /s/

                                              Mark R. Merley

cc:     All counsel (via ECF)