EXHIBIT 1

# JONES DAY

LUC G. HOUBEN·
BERNARD AMORY
ALEXANDRE VERHEYDEN·
HOWARD M. LIEBMAN··
THOMAS JESTAEDT···
GEOFFROY de FOESTRAETS
SEBASTIEN CHAMPAGNE
VINCENT BROPHY
THIERRY BUYTAERT
CHANTAL BIERNAUX
FRANCESCA MARCHINI CAMIA

Advocaten-Avocats
 Members of the Brussels Bar
·Members of the New York Bar
··Member of the District of Columbia Bar
···Member of the Düsseldorf Bar

BOULEVARD BRAND WHITLOCKLAAN 165
B-1200 BRUSSELS, BELGIUM
TELEPHONE: 32.(0)2.645.14.11 • FACSIMILE: 32.(0)2.645.14.45

BRI-1331563v3

27 February 2009

Ms. Karen Williams
Hearing Officer
European Commission
1049 Brussels

**Confidential**

By e-mail (hearing.officer@ec.europa.eu) and by post

Dear Ms. Williams,

Re: **Cases COMP/34.579, COMP/36.518 and COMP/38.580 – MasterCard e.a.**

1. Thank you for your fax of 9 December 2008, in response to our e-mail of 26 November 2008, in which you instructed MasterCard to abstain from disclosing the recording of the oral hearing to plaintiffs' counsel in the discovery proceedings against MasterCard and others in the US.

2. The purpose of this letter is simply to inform you of developments concerning this issue in the US proceedings.

3. Hunton & Williams, counsel to MasterCard in the US proceedings, has informed plaintiffs' counsel of your position, as expressed in your above-mentioned letter, without sharing a copy of your letter.

4. Plaintiffs' counsel suggest they may file a motion to compel MasterCard to produce the recording of the oral hearing. Hunton & Williams has informed us that, based on precedents, should the plaintiffs file such a motion, the judge is likely to issue an order compelling MasterCard to produce the recording to plaintiffs' counsel (particularly given the existence of a Protective Order). Faced with such an order, MasterCard would be required to produce the recording.

5. In view of this impending situation, we would propose to inform you as soon as the plaintiffs file their motion to compel, so as to allow the Commission, if it wishes, to intervene in the proceedings before the US judge to oppose the adoption of such an order against

Letter to Ms. Karen Williams  JONES DAY
27 February 2009
Page 2

MasterCard. Hunton & Williams has indicated that the Commission could move to intervene under Rule 24 of the Federal Rules of Civil Procedure[1]. Alternatively, if the Commission wished to proceed on a more informal basis, the Commission could submit a letter to the Court detailing its position on the disclosure of the recording. The weight given to such a letter would be a matter of the Court's discretion.

Yours sincerely,

Vincent Brophy

---

[1] The Commission may qualify for an intervention of right if it can show that (1) it has an interest in the subject matter of the motion, (2) absent intervention its interest will be impaired, and (3) the parties to the motion do not adequately represent the Commission's interests. The proper procedure for a motion to intervene requires the Commission to serve MasterCard and the plaintiffs with a proposed pleading-in-intervention with the motion. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim for which intervention is sought. The allegations in the pleading will be assumed to be true. Rule 24(c) requires that the motion to intervene must be served on the parties as provided in Rule 5 of the Federal Rules of Civil Procedure.