EXHIBIT 2



EUROPEAN COMMISSION

The Hearing Officer

Brussels, 25 September 2009
KW/FC/vd    D (2009)

MasterCard            via            Jones Day
                                     Attn: Vincent Brophy
                                     Boulevard Brand Whitlocklaan 165
                                     B-1200 Brussels

                                     Fax: 02 645 14 45

**Subject:** **Case COMP/D1/34.579 MasterCard**
**Case COMP/D1/36.518 EuroCommerce**
**Case COMP/D1/38.580 Commercial Cards**
**Recording of the Oral Hearing - Disclosure in US proceedings MDL 1720**
***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation***

Dear Mssrs. Brophy and Amory,

I write in reply to your correspondence of 30 July 2009 and your letter to Catherine Day of 2 September 2009 regarding the recording of the Oral Hearing which took place in the above-mentioned case on 14 and 15 November 2006.

In your letter, you advise that the plaintiffs in the US litigation "*have indicated that they will imminently file a motion to compel production of the recording*", and that should the Court subsequently order production of the recording, "*MasterCard would be required to produce the recording under threat of penalty*". You further indicate that not only would the Commission have the possibility to intervene in such circumstances, but it could, alternatively, consider submitting a letter to the Court "*detailing its position on the disclosure of the recording*".

At the outset, I refer you to my previous letter of 9 December 2008. In that letter I reminded you that the recordings of Oral Hearings are not public and that in principle they cannot be used for any other purpose than the application of Articles 81 and 82 EC – which does not appear to be the case in the case at hand.

In replying to your letter of 30 July, I draw your attention to the fact that the view expressed in my letter of 9 December 2008 should be read alongside the subsequent European Commission Report on the Functioning of Regulation 1/2003 and the

Commission européenne, B-1049 Bruxelles / Europese Commissie, B-1049 Brussel - Belgium. Telephone: (32-2) 299 12 65.
Office: J-79/230; Email: hearing.officer@ec.europa.eu; Telephone: direct line (32-2) 296 5575. Fax: (32-2) 296 9578.

accompanying European Commission Staff Working Paper[1], which reflect the general policy as regards the interface between Commission antitrust proceedings on the one hand, and third country enforcement on the other. The overarching policy is to ensure that the effectiveness of enforcement of Articles 81 and 82 EC is not compromised by co-operation with jurisdictions of third countries.

For instance, it follows from the European Commission Leniency Programme and Settlement Procedures that such statements and submissions should in principle not be discoverable in proceedings before courts not applying Articles 81 and 82 of the EC Treaty, even after the European Commission's investigation has been terminated.[2] In addition, there may be grounds to exclude from disclosure other voluntary statements and submissions provided by an undertaking or third parties outside the scope of the Leniency Programme or Settlement Procedure.[3] For example, it is the European Commission's general policy that the Statement of Objections and the information contained therein should be used only for the purpose of proceedings concerning the application of Articles 81 and 82 EC.

There is no reason at this stage to believe that the Commission's policy would be any different in the specific context of the disclosure of a recording of an Oral Hearing. As you are aware, the Oral Hearing is an administrative hearing that focuses on the Commission's preliminary conclusions drawn at that stage of the investigation and which, in application of the relevant legislative provisions, is closed to the public[4]. The Oral Hearing is an intrinsic element of EC competition proceedings that is essential for the effective enforcement of Articles 81 and 82 EC, as appears also from the case law of the Community Courts guaranteeing the right to be heard. If the recordings of Oral Hearings were to become discoverable, potential parties and third parties might be dissuaded from asking to be heard at an Oral Hearing because statements made would become public.

---

[1] See Chapter 7.1 of the European Commission Staff Working Paper, SEC(2009)574 final, 29.4.2009 ("European Commission Staff Working Paper"), available at http://ec.europa.eu/competition/antitrust/legislation/report_regulation_1_2003_working_paper.pdf , accompanying the Communication from the European Commission to the European Parliament and Council, Report on the functioning of Regulation 1/2003, COM(2009) 206 final, 29.4.2009, available at http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=CELEX:52009DC0206:EN:NOT .

[2] See also European Commission Notice on Immunity from fines and reduction of fines in cartel cases, OJ C 298, 8.12.2006, p. 17, points 6-7 and 32-35; and European Commission Notice on the conduct of settlement procedures in view of the adoption of Decisions pursuant to Article 7 and Article 23 of Council Regulation (EC) No 1/2003 in cartel cases ("Settlement Procedure Notice"), OJ C 167, 2.7.2009, p. 1, points 7 and 35-39.

[3] See the above reference to the European Commission Report and the Staff Working Paper.

[4] See Regulation (EC) No. 773/2004, Article 14(6),OJ L 123, 27.4.2004, p. 18–24 .

Lastly, please be advised that the present letter does not constitute an official representation or a decision by the European Commission.

Yours sincerely,

*Karen Williams*

Karen WILLIAMS

CC: Irmfried Schwimann (DG COMP)

3