# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

K. CRAIG WILDFANG
612-349-8554

July 13, 2010

**VIA ECF**

The Honorable Magistrate Judge James Orenstein
225 Cadman Plaza East
Room 456 North
Brooklyn, NY 11201

Re: In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation, Case No. 1:05-MD-1720-(JG)(JO)

Dear Magistrate Judge Orenstein:

I regret that I feel compelled to write to the Court in response to the letter from Mr. Gallo today regarding the Class' relationship with Professor Hovenkamp. Despite the innuendo from Mr. Gallo, we believe that neither the Class Plaintiffs nor Professor Hovenkamp have done anything improper with respect to our consulting relationship, including the timing and nature of the disclosure of that relationship. First, Mr. Gallo's assertion in his letter that I "made this disclosure only in response to learning that [Mr. Gallo] had discovered the consulting relationship with Professor Hovenkamp" is categorically false. Indeed, in early July after I learned of Professor Hovenkamp's new article which addresses the application of *American Needle* to this case (the drafting of which neither I nor any of my colleagues played any role, and of which we had no advance knowledge) I suggested to Professor Hovenkamp that he add a disclosure of his consulting relationship with the Class that is now found in footnote 50 of the article. Professor Hovenkamp agreed to do so. I would be happy to provide the Court *ex parte* my exchange of e-mails with Professor Hovenkamp on this issue on July 8, 2010, four days before Mr. Gallo's e-mail to me. I would also be happy to provide *ex parte* to the Court the draft of my letter to the Court which predated Mr. Gallo's e-mail to me.[1] If our purpose was to conceal the relationship, then I would not have suggested Professor Hovenkamp add footnote 50 and thus Mr. Gallo never would have "discovered" the Class' relationship with Professor Hovenkamp.

Professor Hovenkamp is perhaps the nation's leading scholar on antitrust law, his treatise being the antitrust authority cited most often, by far, by the Supreme Court. So it is not surprising that the parties in this case might consult with him on the many important antitrust issues raised in this case. And apart from his treatise, Professor Hovenkamp is a prolific author of articles and commentaries on antitrust issues. Both of his recent articles were authored by him, without consultation with the Class and unknown to us, in response to one of the most

---

[1] I will provide these *ex parte* only to avoid any argument that Defendants might make that a disclosure of such materials to them might constitute a waiver of any attorney-client privilege or work product protection.

Magistrate Judge Orenstein
July 13, 2010
Page 2

important Supreme Court antitrust decisions in quite some time. It is not surprising that Professor Hovenkamp would author such articles.

Let me reiterate and emphasize this important point, *i.e.* the Class had no prior knowledge of, did not pay for, and had no role in the preparation of either of Professor Hovenkamp's articles. Both of those articles were prepared by Professor Hovenkamp in his role as a professor of antitrust law and author of a leading treatise and many articles, and were wholly unrelated to any consulting arrangement he had with the Class. We are unaware of any requirement that parties disclose such consulting relationships in such circumstances. Indeed, Defendants have made no disclosure of any of their consulting relationships apart from testifying experts, and have declined to agree to any such reciprocal rule. Mr. Gallo selectively chose not to disclose to the Court that portion of our e-mail exchange. As I told Mr. Gallo, we made the disclosure of our relationship with Professor Hovenkamp at the time that we provided his most recent article to the Court, because we concluded that it was proper to do so as the article relates directly to the issues in this case. We did not believe that disclosure of our relationship was required in connection with the submission of the earlier article. If the Court believes that we erred in that judgment, we apologize, as we had no intention of concealing something from the Court that it should know.

We believe that none of this undercuts the merit of the analysis contained in Professor Hovenkamp's article, and hope that the Court will give it whatever weight it deserves.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

K. Craig Wildfang

KCW/sml
cc: All Counsel of Record via ECF

81592212.1