UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re PAYMENT CARD INTERCHANGE : MDL No. 1720(JG)(JO)
FEED AND MERCHANT DISCOUNT :
ANTITRUST LITIGATION : Civil No. 05-5075(JG)(JO)
:
---------------------------------------------------------------: **ELECTRONICALLY FILED**
:
This Document Relates To: : JOINT CASE STATUS REPORT AND
: PROPOSED AGENDA FOR CASE
    ALL ACTIONS. : MANAGEMENT CONFERENCE NO. 34
:
---------------------------------------------------------------x

Class Plaintiffs, Individual Plaintiffs and Defendants submit this Joint Case Status Report and Proposed Agenda for Case Management Conference No. 34 on July 21, 2010. Where the parties' positions differ, Plaintiffs' and Defendants' positions are detailed separately.

## I. MOTIONS

### A. Pending Motions

1. Motion to Dismiss the Second Consolidated Amended Class Action Complaint and to Strike Chase Paymentech Solutions, LLC. DE 1171-75. This motion has been fully briefed and argued.

2. Motion to Dismiss the First Amended Supplemental Class Action Complaint. DE 1179-81. This motion has been fully briefed and argued.

3. Motion to Dismiss the Second Supplemental Class Action Complaint. DE 1176-78. This motion has been fully briefed and argued.

4. Class Plaintiffs' Motion for Class Certification. DE 1165-67. This motion has been fully briefed and argued.

5. Defendants' Motion to Exclude the Opinions of Dr. Gustavo Bamberger. DE 1280-82. This motion has been fully briefed and argued.

6. Class Plaintiffs' Motion to Compel the Production of Evidence that has been Withheld Under a Claim of Privilege. DE 1261, 1265, 1266.

### B. Other Motions

1. Class Plaintiffs' Motion to Compel the Production of a copy of the Statement of Objections that the European Commission issued against Visa on April 3, 2009. DE 1335. On February 12, 2010, the Court issued an Order granting the Motion to Compel. Defendants filed objections to the February 12th Order, and the briefing on Defendants' objections is now complete.

- 1 -

DE 1360, 1372-74, 1377, 1382.  On stipulation of the parties, this Court stayed its order until Judge Gleeson rules on Defendants' objections.

2.  Class Plaintiffs' Motion to Compel the Production of the transcriptions or recordings of MasterCard's oral hearing held before the European Commission on November 14 and 15, 2006.  DE 1333.  Defendants filed objections to the February 12th Order, and the briefing on Defendants' objections is now complete.  DE 1360, 1372-1374, 1377, 1382.  On stipulation of the parties, this Court stayed its order until Judge Gleeson rules on Defendants' objections.

## II.  DISCOVERY

### A.  Discovery Supplementation

The parties reached agreement as to the scope of supplemental productions and the date for productions of materials that have not yet been produced.

### B.  Pleadings

#### 1.  Plaintiffs' Position

To date, Defendants have not served answers to Class Plaintiffs' three operative complaints.  Because of this,  Class Plaintiffs do not know what affirmative defenses defendants will rely on, and which factual allegations defendants dispute.  Without such information sufficiently in advance of trial, Class Plaintiffs will be prejudiced.  It has been some time since Class Plaintiffs requested from Defendants a proposal regarding whether Defendants would agree to serve answers, or make some other binding, preclusive disclosure of such information, and Defendants have not responded.  As such, Plaintiffs may seek additional, limited discovery, or request that the Court order Defendants to serve answers, or to make some other binding, preclusive disclosure of disputed allegations and affirmative defenses.

### 2. Defendants' Position

Defendants understand this issue to apply only to the Class Plaintiff complaints, as Visa and MasterCard have answered the operative complaints of the Individual Plaintiffs. Defendants also answered Class Plaintiffs' First Consolidated Amended Class Action Complaint, and it was Class Plaintiffs who decided to amend and supplement their complaints after fact discovery had closed. The fact that Defendants have not answered while motions to dismiss are pending is in accord with the Federal Rules, and Plaintiffs do not have grounds to take further discovery under these circumstances. But to the extent Plaintiffs wish to discuss this issue further, Defendants will do so.

## C. Plaintiffs' Request to Visa for a Recording of the European Commission's Oral Hearing

As noted in previous status reports, Plaintiffs have an outstanding request to Visa to produce a recording of the oral hearing in the European Commission's investigation. The parties are awaiting Judge Gleeson's decision on Defendants' objections to this Court's order of February 12, 2010 regarding the Network Defendants' production of the MasterCard oral hearing and the Visa Statement of Objections, and expect that the matter will move quickly to a resolution once Judge Gleeson rules.

## D. Expert Discovery

### 1. Professor Murphy's "Supplemental Report"

#### a. Class Plaintiffs' Position

Under the Tenth Scheduling Order, as modified by the agreement of the parties, the Plaintiffs' rebuttal expert reports were due to be served on June 22, 2010. Without prior notice or consultation with the Plaintiffs, on June 17 Mr. Greene for Defendants first informed Plaintiffs that Defendants intended to serve a "Supplemental Report" from their expert Professor Kevin Murphy which is not permitted under the Scheduling Order. The purpose of this "Supplemental Report" is to

correct errors committed by Professor Murphy that were exposed in the deposition of Professor Murphy taken by Plaintiffs on April 13 – 14, 2010. Defendants apparently are contending that Professor Murphy's "Supplemental Report" is permitted by Rule 26(e)(2), Fed. R. Civ. P. Class Plaintiffs intend to seek certain information from Defendants in order to determine if the "Supplemental Report" submitted by Professor Murphy is permissible supplementation under Rule 26(e)(2), or rather is an impermissible attempt simply to cover up errors made by Professor Murphy in his initial report. If the parties cannot resolve this dispute, there may be a need to resolve this by motion.

b. Individual Plaintiffs' Position

Individual Plaintiffs intend to file an Objection to the Supplemental Report of June 24, 2010 by Professor Murphy. Individual Plaintiffs contend that this document and the work contained therein is untimely and is evidence of the inadmissibility of Professor Murphy's earlier opinions.

c. Defendants' Position

Professor Murphy submitted his supplemental report pursuant to Federal Rule of Civil Procedure 26(e)(2), which requires an expert witness, upon learning that some aspect of a prior disclosure was incorrect, to supplement with corrective information. Accordingly, the filing of the supplemental report was not only appropriate, but also required by law. Defendants will evaluate and respond appropriately to any motion or request for additional information Class Plaintiffs choose to advance regarding the basis for Professor Murphy's supplemental report.

2. Defendants' Request to Depose Dr. Frankel for More Than Two Days

a. Plaintiffs' Position

Earlier, Defendants had indicated a desire to depose Class Plaintiffs' expert Dr. Frankel for as many as four days. More recently, Defendants have suggested scheduling Dr. Frankel for three

days in September.  Class Plaintiffs hope to resolve the issue by agreement, but if we are unable to do so, the parties may need the Court's assistance.

b. Defendants' Position

In the past month, the parties have worked on scheduling matters regarding the upcoming depositions of Plaintiffs' eleven experts.  The parties are on the verge of working out dates and time limitations for all but one expert, Class Plaintiffs' primary expert, Dr. Alan Frankel.  Defendants have agreed to a one-day deposition for all of Class Plaintiffs' experts except for Dr. Frankel.  Dr. Frankel is Class Plaintiffs' lead expert on virtually every issue central to the case, including relevant markets, market power, interchange fees, network rules, corporate reorganizations, and damages.  He submitted a 216-page, single-spaced opening report, and a 224-page, single-spaced rebuttal report.

In the February 2010 Status Conference Report, Defendants explained that they may need four days of deposition time with Dr. Frankel.  Plaintiffs at that time refused to offer more than two days.  In an effort to compromise, Defendants now have asked Class Plaintiffs to reserve at least three days for Dr. Frankel's deposition, in light of the length and breadth of his reports. Class Plaintiffs have responded by offering three days in Minneapolis with six hours of deposition testimony each day (effectively two-and-a-half days).

Three full deposition days for Dr. Frankel would not be out of line with the time Plaintiffs used to depose comparable experts on the defense side.  Defendants split liability and damages issues among several experts, none of whom addressed nearly the breadth of issues that Dr. Frankel addresses.  Plaintiffs had two deposition days with all three of Defendants' primary liability experts, for a total of six days.  Plaintiffs also had a total of three depositions days with the defense experts addressing damages.  The parties will continue to discuss this issue and will notify the Court if they are unable to resolve it.

      3.      Other Issues

The parties are discussing several issues relating to expert discovery and the timing of dispositive and other motions. Defendants will advise the Court if the parties are unable to resolve any of these issues.

### III.   LEGISLATION

      1.      Plaintiffs' Position

The Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 passed the House of Representatives on June 30, 2010. The Senate now is voting on the bill on Thursday, July 15, 2010. A copy of the relevant provisions is attached.

      2.      Defendants' Position

At the time of this filing, Defendants do not take a position on when the Senate "is voting on the bill."

### IV.   MEDIATION

The mediation between the parties is ongoing. Class Plaintiffs and Defendants are mediating with the assistance of both Judge Infante and Professor Eric Green. The last in-person session attended by Class Plaintiffs and Defendants was held on June 17, 2010. The next mediation session is scheduled for July 21, 2010. For several months, the Individual Plaintiffs and Defendants have been participating in a satellite mediation contemplated by the mediation agreement and supervised by Professor Green. The Individual Plaintiffs and Defendants' last mediation session occurred on June 17, 2010. The parties are prepared to proceed consistent with the Stipulation and Order Regarding the Court's Participation in Settlement Proceedings, as approved by the Court on May 14, 2010, and to follow-up on the *ex parte* discussions agreed to by the parties which occurred on June 17.

### A.   Class Plaintiffs' Position

Class Plaintiffs are available to discuss mediation as the Court may wish and believe the mediation process would benefit from the parties having the opportunity to make written submissions to the Court.

### B.   Individual Plaintiffs' Position

Individual Plaintiffs are guided by the mediator's recommendations regarding the Court's role in this process.

### C.   Defendants' Position

As noted above, Defendants too are available to discuss the mediation with the Court. Defendants do not see a need for written submissions to the Court at this stage, but will be guided by the Court and the mediators on this issue.

DATED:  July 14, 2010.