# ARNOLD & PORTER LLP

**Matthew A. Eisenstein**
Matthew_Eisenstein@aporter.com

202.942.6606
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

October 5, 2010

BY ECF

The Honorable James Orenstein
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 456 North
Brooklyn, New York 11201

Re:   *In re Payment Card Interchange Fee and Merchant
        Discount Antitrust Litigation*, No. 1:05-md-1720 (JG) (JO)

Dear Judge Orenstein:

We write on behalf of defendants in opposition to class plaintiffs' September 28, 2010 letter and individual plaintiffs' October 4, 2010 letter requesting (1) modification of the protective order to permit use of confidential Visa documents outside this litigation, or (2) removal of the confidential designation of 16 of those documents.

1. The Protective Order Should Not Be Modified.   Plaintiffs seek modification of the protective order to allow them to submit to the Federal Reserve Board (the "Board") "certain Discovery Materials related to and including Visa Debit Products and Debit Card Studies (a/k/a Functional Cost Studies) and other historical cost data relating to their debit card programs." 09/28/2010 Pls.' Ltr. at 1.  Plaintiffs apparently seek the ability to disclose to the Board *any* document produced in this case, no matter how sensitive, as long as it "relate[s] to" Visa's debit products.  But as plaintiffs concede, when a party has reasonably relied on a protective order, it should be modified only for an "extraordinary circumstance or compelling need." *Id.* at 2. Plaintiffs fail to satisfy that burden.

The parties' stipulated protective order here requires that plaintiffs' counsel use confidential documents that defendants produced "only for the purpose of this litigation . . . and not for any other purpose." Fourth Am. Prot. Order (DE 1312) ¶ 12.  All parties have relied on that provision in producing confidential materials in this case, as the individual plaintiffs recognize. *See* 10/04/2010 Pls.' Ltr. at 2.

Plaintiffs offer no compelling need for modifying the protective order.  Plaintiffs assert that "[n]either Visa nor JPMC have disclosed to the Board the existence of the cost studies and other materials which are the subject of this motion." 09/28/2010 Pls.' Ltr. at 1.[1]  But in fact, on

---

[1]   While plaintiffs' motion refers to presentations to the Board by Visa and Chase, the focus of plaintiffs' motion is entirely on particular Visa documents, namely Visa debit cost studies. Accordingly, Visa has submitted this response for itself and all defendants, including Chase.

Honorable James Orenstein
October 5, 2010
Page 2

July 23, 2010, during Visa's "Presentation to the Federal Reserve on Debit Card Regulation" (*see* 09/28/2010 Pls.' Ltr. Ex. B), Visa informed the Board about its debit cost studies. *See* Decl. of Christopher Como (Ex. 1 hereto) ¶ 10. On August 5, 2010, Visa and the Board held a further meeting specifically to discuss Visa's debit cost studies. Those studies, and particularly the methodology that Visa uses in those studies, were discussed at the meeting. *See id.* ¶ 11.[2] Visa provided the Board documents summarizing the methodology used in those studies. *See id.* Visa did not provide the studies themselves, and there is no outstanding request for those materials.

To the extent that the Board may in the future have any interest in obtaining further information about Visa's debit cost studies, the Board can obtain it directly from Visa. Indeed, the Board recently made detailed requests to payment card networks and banks for cost-related data. *See* Board Surveys (Exs. 2 and 3 hereto).

Moreover, allowing plaintiffs to produce defendants' confidential documents to the Board would interfere with defendants' ability to protect the confidentiality of their documents. Under the Board's implementing regulations, if a third party requests disclosure of information that a defendant has provided to the Board, that defendant, as the submitter of the information, will be given notice and an opportunity to defend the confidentiality of its information. *See* 12 C.F.R. §§ 261.16(b), (e). Under those regulations, a defendant would not be afforded the same rights if plaintiffs were to submit the defendant's documents to the Board. *See id.*

Plaintiffs cite to the four prior modifications of the protective order in this case. 09/28/2010 Pls.' Ltr. at 2. Three of those modifications were granted pursuant to joint motions to amend in which all parties joined. *See* 03/10/2006 Powell Ltr. (DE 293); 11/21/2006 Powell Ltr. (DE 556); 01/16/2008 Rottenberg Ltr. (DE 884). The Court granted the fourth modification to permit plaintiffs to produce their own attorney work product from this litigation to the Department of Justice and certain State Attorneys General, in response to civil investigative demands issued to plaintiffs in investigations of issues similar to issues in this litigation. *See* 06/10/2009 Wildfang Ltr. (DE 1230); Fourth Am. Prot. Order (DE 1312) ¶ 11.

Here, in contrast, plaintiffs do not claim that the Board has subpoenaed from them or demanded that they produce Visa's debit cost studies or any other defendant documents. Plaintiffs claim only that the Board has "expressed an interest in receiving relevant information from merchants." 09/28/2010 Pls.' Ltr. at 2. Nothing prevents plaintiffs from producing their own documents to support their lobbying efforts with the Board. Plaintiffs have not demonstrated the "extraordinary circumstance or compelling need" required to overcome defendants' reasonable expectations when they produced documents in this case: that the documents would be used "only for the purpose of this litigation . . . and not for any other purpose." Fourth Am. Prot. Order (DE 1312) ¶ 12.

---

[2]   Visa understands that the Board intends to post a non-confidential summary of the August 5 meeting on its website later this month.

Honorable James Orenstein
October 5, 2010
Page 3

    2.  <u>Visa's Confidentiality Designations Should Not Be Removed.</u>  In the alternative, plaintiffs request that 16 Visa debit cost study documents be re-designated "to remove their confidentiality designation under the Protective Order," which would permit plaintiffs to disseminate these documents to anyone. 09/28/2010 Pls.' Ltr. at 1. Plaintiffs assert that the Visa debit cost studies do not reflect "confidential business and trade secret information," because they could "be shared with and among competing banks and networks" and concern matters "generally over three years old." *Id.* at 3. Again, plaintiffs are mistaken about the facts, and their request should be denied.

    Plaintiffs cite no authority for the argument that the Visa debit cost studies are not "confidential research, development, or commercial information" properly subject to confidentiality restrictions under Federal Rule of Civil Procedure 26(c). To the contrary, another court recently held that Visa's cost studies were entitled to confidential treatment in connection with a trial. *See Capital One Fin. Corp. v. Comm'r of Internal Revenue*, Nos. 19519-05, 24260-05, Order (T.C. Dec. 11, 2008) (Ex. 4 hereto).

    The studies at issue here reflect analyses that Visa performs of various "functional" costs incurred by Visa debit card issuers. *See* Como Decl. ¶¶ 2, 9. The studies enable Visa to understand better the economics of issuing debit cards. *See id.* ¶ 3. Issuers of Visa-branded debit cards use the aggregated information presented in the cost studies to gain insight into how to compete more effectively in the marketplace. *See id.* ¶ 4. The studies are based on information that Visa obtains from issuers of Visa-branded debit cards under guarantees that the issuers' information will remain confidential. *See id.* ¶ 6. The methodology that Visa has developed to analyze card issuers' functional costs, as reflected in the cost studies themselves, is a trade secret, proprietary, confidential, and commercially sensitive. *See id.* ¶¶ 5, 9. Visa has spent significant time and money to develop that methodology. *See id.* ¶ 5. This methodology has remained largely the same over the last thirty years, and thus public disclosure even of older cost studies would cause competitive harm to Visa. *See id.* ¶ 8.

    Unlike Visa's *credit* card functional cost studies to which plaintiffs' refer (*see* 09/28/2010 Pls.' Ltr. Ex. F), Visa discloses the information in its *debit* card functional cost studies only to Visa-branded debit card issuers, and even then only in the aggregated form presented in the final studies. *See* Como Decl. ¶ 7. In addition, Visa requires debit card issuers to maintain that information in confidence. *See id.* Similarly, when Visa disclosed its debit cost study methodology to the Board, Visa requested that the Board treat that information as confidential under the Freedom of Information Act. *See id.* ¶11; 5 U.S.C. § 552(b)(4); 12 C.F.R. § 261.14(a)(4).

Respectfully submitted,

Matthew A. Eisenstein

cc:    All counsel (by ECF)