# ARNOLD & PORTER LLP

Matthew A. Eisenstein
Matthew.Eisenstein@aporter.com

+1 202.942.6606
+1 202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

June 29, 2011

By ECF

The Honorable James Orenstein
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 456 North
Brooklyn, NY  11201

      Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG) (JO)

Dear Judge Orenstein:

      I write on behalf of defendants to request that the Court enter the enclosed Proposed Order regarding procedures to limit the volume of evidentiary materials to be filed in connection with the parties' summary judgment and *Daubert* motions.  The parties have reached agreement on nearly all provisions of the enclosed Proposed Order, which is designed to streamline the filing of evidentiary exhibits by having the parties (i) generally submit only cited excerpts of any exhibit that exceeds 25 pages in total length; and (ii) use reasonable efforts to avoid including multiple copies of identical exhibits.  The parties believe that these steps would substantially reduce the estimated volume of documents referenced in earlier correspondence, because that estimate was predicated on including in the exhibits to be filed the entirety of many lengthy documents, like full deposition transcripts, from which only small excerpts are cited.  The Proposed Order will eliminate that surplusage.

      However, the parties have been unable to agree on portions of the language in paragraphs 4(a), 4(c), and 4(e) of the Proposed Order that are important, yet are subsidiary to the Proposed Order's main goal of streamlining the exhibits to be filed.  Defendants' positions on those paragraphs are set forth below.

## Paragraphs 4(a) and 4(c)

      Class plaintiffs seek to include the bracketed language, which the defendants believe is inappropriate and should not be included:

> 4(a).  When a party cites in a brief or statement of fact a document that exceeds 25 pages in length, that party shall presumptively submit only cited excerpts of that document that are sufficient to

# ARNOLD & PORTER LLP

The Honorable James Orenstein
June 29, 2011
Page 2 of 3

> enable the Court [**and the public**] to understand the context and relevance of the excerpt.
>
> 4(c). Notwithstanding the foregoing, if any party reasonably believes that a particular document should be included in the truncated materials in its entirety in order to provide the Court [**or the public**] with the context for the relevant motions, it may do so.

Defendants object to the bracketed language for the following reasons. *First*, we believe the language is unnecessary. The right the public might have to receive a full version of a document is derivative. If Court does not need the full version of a document for purposes of its decision-making, it does not seem to us to be appropriate to have the full version filed or potentially made available to the public. Class plaintiffs have cited portions of more than 180 different deposition transcripts and more than 875 different documents in their moving and opposition summary judgment papers. We do not believe it is appropriate for the class plaintiffs to flood the Clerk's office with full versions of those documents, under the guise of enabling the public to understand the pending motions, unless full versions of those documents are reasonably necessary for the Court to resolve the motions. We believe such a procedure would be contrary to the concern in the Court's minute order of June 15, 2011 (DE 1468) that the parties limit their filings to materials needed for a "full and fair litigation of the motions on their merits."

*Second*, class plaintiffs' proposal would allow them to misuse the summary judgment process. The vast majority of the documents cited in support of summary judgment have been marked as "highly confidential" under the Fourth Amended Protective Order. Class plaintiffs seek a broad ability to include in the summary judgment record irrelevant portions of confidential documents from the discovery record, so that they can later assert that the complete documents are "judicial documents" entitled to a presumption of disclosure. We feel that is an improper attempt to gain advantage. To the extent class plaintiffs seek to challenge confidentiality designations on discovery documents or portions thereof, the parties have agreed on a procedure for doing so in the Fourth Amended Protective Order.

*Third*, class plaintiffs' proposal would impose significant burdens on defendants and the Court. The parties have agreed on a procedure in the Proposed Order for creating public versions of the materials submitted for summary judgment. *See* Proposed Order ¶¶ 6-8. Allowing plaintiffs to submit full versions of deposition transcripts and documents — even where plaintiffs cite only small portions of those materials in their summary judgment papers — would require defendants to review thousands of irrelevant pages of deposition transcripts and documents in order to create "public versions" of those materials.

*Finally*, class plaintiffs have stated that their proposal is necessary for "absent class members" to have meaningful access to the litigation. That argument makes little sense.

# ARNOLD & PORTER LLP

The Honorable James Orenstein
June 29, 2011
Page 3 of 3

Counsel can disseminate freely the public versions of materials submitted to the Court in this litigation and thereby provide absent class members meaningful access to the litigation.

**Paragraph 4(e)**

Class plaintiffs seek to include the bracketed language, which the defendants believe is inappropriate and should not be included:

> 4(e). All parties shall maintain the full, uncondensed versions of the materials they rely upon in dispositive or *Daubert* motions or in opposition thereto so that if the Court grants access to the uncondensed version, on a motion [**of a party, or class member, or the public**] or on its own initiative, such version is available.

Although defendants do not object to maintaining full, uncondensed versions of any materials relied on in dispositive or *Daubert* motions in the event the Court grants access to the uncondensed version on a motion or on its own initiative, defendants object to the proposed language as unnecessary and potentially misleading. It is unnecessary in our view because full, uncondensed versions of any materials relied on in dispositive or *Daubert* motions will need to be retained by the parties regardless of the inclusion of the bracketed language to which we object. And, we believe the bracketed language is potentially misleading to the extent it suggests that a member of the public has a right to access non-public documents in the discovery record that a party has not submitted to the Court or otherwise relied on in supporting or opposing a motion. Defendants do not believe that the public enjoys a right to seek access to non-public discovery records.

\*   \*   \*

For the foregoing reasons, defendants respectfully request that the Court enter the enclosed Proposed Order.

Respectfully submitted,

Matthew A. Eisenstein

cc: All counsel via ECF

Enclosure

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MDL Docket No. 1720 (JG)(JO)<br><br>[PROPOSED] ORDER |

WHEREAS, the Court instructed the parties in a minute order of June 15, 2011 [Dkt. 1468] to "confer and come up with possible ways to streamline their filings" in support of and in opposition to dispositive and *Daubert* motions to facilitate "meaningful judicial review of the merits and meaningful public access to the litigation," or "to explain why the full and fair litigation of the motions on the merits cannot be accomplished without such voluminous submissions";

WHEREAS, the parties have met and conferred pursuant to the Court's instruction;

THEREFORE:

1. The parties shall file all dispositive-motion and *Daubert* memoranda of law and Rule 56.1 fact statements under seal on June 30, 2011. The filings under seal shall be made by submitting hard copies of the notices of motion, memoranda of law, and Rule 56.1 fact statements to the Clerk of the Court; for purposes of those filings, typewritten signatures shall be deemed sufficient. In light of this order, the parties need not file individual applications to file each motion under seal. The parties shall not submit documents to the ECF system until the dates specified for public filing below.

82309094.1

2. The following page limits will apply to the parties' reply memoranda of law in support of *Daubert* or dispositive motions:

(a) Defendants' reply memoranda of law in support of their motions for summary judgment against any Plaintiff: 115 pages total;

(b) Class Plaintiffs' and Individual Plaintiffs' reply memoranda of law in support of their motions for summary judgment: 115 pages total;

(c) Defendants' reply memoranda of law in support of their *Daubert* motions: 90 pages total;

(d) Class Plaintiffs' and Individual Plaintiffs' reply memoranda of law in support of their *Daubert* motions: 90 pages total.

3. The parties shall file via ECF public versions of briefs on July 7, 2011.

4. No later than July 19, 2011, all parties shall take steps to create condensed versions of the materials they rely upon in dispositive or *Daubert* motions or in opposition thereto that reduce the volume of irrelevant, unnecessary or redundant documentary materials relied on submitted in support of or in opposition to such motions (the "truncated materials"). These steps shall include the following:

(a) When a party cites in a brief or statement of fact a document that exceeds 25 pages in total length, that party shall presumptively submit only cited excerpts of that document that are sufficient to enable the Court to understand the context and relevance of the excerpt;

(b) The parties shall use reasonable efforts to avoid including multiple copies of identical documents in the truncated materials;

(c) Notwithstanding the foregoing, if any party reasonably believes that a particular document should be included in the truncated materials in its entirety in order to provide the Court with context for the relevant motions, it may do so;

(d) Notwithstanding the foregoing, if in preparing for oral argument on the motions referenced herein, a party determines that additional pages from a document that was filed in excerpted form is necessary for the proper consideration of those motions, that party shall make notice of and file those additional pages. If such a filing is made under seal, the parties shall file public versions of the additional filed materials within 10 days of any such filing.

(e) All parties shall maintain the full, uncondensed versions of the materials they rely upon in dispositive or *Daubert* motions or in opposition thereto so that if the Court grants access to the full uncondensed version, on a motion or on its own initiative, such version is available.

5. No later than August 15, 2011, the parties will submit to chambers, and not for public filing, hyperlinked, electronic courtesy copies of the memoranda of law and Rule 56.1 fact statements that contain links to the truncated materials. If, as of the date of this stipulation, a party has already completed a hyperlinked, electronic courtesy copy of any memoranda of law or Rule 56.1 fact statement that contains links to the full version of cited documents, that party may submit the previously completed memoranda of law or Rule 56.1 fact statement in lieu of a version that contains links to the truncated materials. No document shall be considered a "judicial document" or otherwise carry a presumption of public access by virtue of its submission pursuant to this Paragraph 5.

6. All parties shall promptly review any materials cited by any party and prepare public, redacted versions. In doing so the parties shall apply the definitions of "Confidential" and "Highly Confidential" contained in the Fourth Amended Protective Order.

7. No later than September 1, 2011 each party shall prepare and submit to the Court and the Clerk public, electronic copies of their memoranda of law

and statements of fact in support of or in opposition to the dispositive and *Daubert* motions which shall contain hyperlinked connections to public versions of the cited, truncated materials. Any party may propose a method for facilitating the public's meaningful access to the cited, truncated materials.

8.  For any documents that a party wishes to redact from the public record, that party shall exchange with the other parties proposed, redacted versions of those documents as soon as practicable on a rolling basis, but no later than August 15, 2011 to enable the parties to meet and confer regarding the proposed redactions and submit any disagreements to the Court in advance of the public filing.

**SO ORDERED:**

Dated:_____    _____
                                  JAMES ORENSTEIN
                                  UNITED STATES MAGISTRATE
                                  JUDGE