# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

October 17, 2011

**VIA ECF**
Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
Case No. 05-MD-1720 (JG)(JO)

Dear Judge Orenstein:

I write on behalf of non-party American Express Travel Related Services Company, Inc. ("Amex") in opposition to Class Plaintiffs' letter Motion to Compel production of certain documents, dated October 12, 2011, D.E. 1531 (the "Motion to Compel"). Without any justification, Class Plaintiffs seek to impose significant burdens on a third party by reopening discovery to pursue materials that they chose to forego during the Court-ordered period for fact discovery. The Motion to Compel should be denied.

*First*, Class Plaintiffs' motion is fatally delayed, since—without explanation—they have waited until after discovery has closed and summary judgment been fully briefed before bringing this motion. As they acknowledge, the instant subpoena was served almost four years ago, and amended almost three years ago. (Motion to Compel at 1.) Amex timely objected, and the parties engaged in a meet-and-confer process. At that time, Class Plaintiffs could have sought this Court's intervention to compel any additional production they felt necessary, but did not. This unexplained and unexcused delay, standing alone, is sufficient to deny the Motion to Compel. *See S/N Precision Enters., Inc. v. AXSYS Techs., Inc.*, 279 F. App'x 80, 81 (2d Cir. 2008) (summary order) (affirming denial of motion to compel because motion was filed after the close of discovery and "plaintiffs did so little to obtain the requested discovery or seek timely intervention from the Court" that they could show "neither good cause nor excusable neglect"). Class Plaintiffs make no attempt whatsoever to explain or excuse their delay, and so cannot show "good cause" or "excusable neglect." "Courts have held that where a plaintiff is aware of the existence of documents before the close of discovery and issues discovery requests subsequent to the discovery deadline, the discovery requests should be denied." *In re Health Mgmt., Inc.*, No. 96-CV-889, 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 25, 1999) (collecting cases, and applying the rule to uphold denial of a motion to compel on the grounds of undue delay).

*Second*, granting Class Plaintiffs' motion would impose undue burdens on Amex as a result of the extensive third-party notice that would be required before Amex could produce the requested documents. The Class Plaintiffs' description of their request as "very limited" is misleading. (Motion to Compel at 2.) The documents requested contain confidential information regarding Amex's negotiations with merchants, data regarding the course of performance of those contracts, and other elements of the relationship between Amex and its customers. This information is plainly confidential and triggers contractual notice requirements. Thus, for example, just one document among those requested by Class Plaintiffs will require

BOIES, SCHILLER & FLEXNER LLP

Hon. James Orenstein
October 17, 2011
Page 2 of 3

sending notice to over 480 third parties. The vast majority of the notice required by the Motion to Compel would need to be sent to entities in Australia—which adds significant time and expense to the notice process. Notice could also be required for parties in, at least, Canada, the United Kingdom, New Zealand, Japan, Hong Kong, and the United States.

Class Plaintiffs' argument that Amex's burden objection "has been fully obviated" because of Amex's production in a separate litigation against Amex ("MDL 2221") (*id.*) is likewise misguided. Notice can only be effective if it provides the recipient with information about both the actions in which the documents will be produced[1] *and* the parties who will receive the confidential information. Neither of these requirements is satisfied here as a result of any previous notice. No entity has notice that these documents will be produced in this case. Ignoring this undisputed fact, Plaintiffs attempt to argue that prior notice is sufficient because "the merchant class of Amex-accepting merchants" that have received the production already "is nearly a perfect subset of the instant class." (*Id.*) This argument defeats itself—if Amex only provided notice that it was producing confidential information to a "subset" of the Class Plaintiffs here, it now needs to provide further notice that it is producing documents to the entire set of merchants. Moreover, the argument ignores the fact that the Motion to Compel would result in production to Visa and MasterCard in addition to Class Plaintiffs. Visa and MasterCard are among the parties who are most interested in confidential information regarding merchants' arrangements with Amex, which underscores the importance of re-sending notice. Of course, this "undue burden" is a sufficient reason to refuse production. Fed. R. Civ. P. 45(c)(3)(A)(iv).

Moreover, the prejudice on Amex is heightened here because the notice burden could have been avoided. Had Class Plaintiffs acted in a timely manner, any notice that would have been required as a result of production in this case could have been consolidated with the notice made as a result of production in MDL 2221. Class Plaintiffs were aware in November 2008 of the existence of the specific documents they now seek. (Motion to Compel Ex. A, at Amendment 1 ¶ 1.) Amex agreed to produce those documents in MDL 2221 on January 15, 2010. (Defs. Am. Express Co. & Am. Express Travel Related Servs. Co., Inc.'s Responses & Objs. to Pls.' First Set of Common Document Requests, *In re Am. Express Anti-Steering Rules Antitrust Litig.*, No. 06-CV-2974 (S.D.N.Y. Jan. 15, 2010) (now applicable to MDL 2221), attached hereto as Exhibit A at 6.) As Class Plaintiffs acknowledge, they were aware of Amex's production in MDL 2221. (Motion to Compel at 2 ("American Express has now produced its CID submissions to the private plaintiffs in MDL 2221.").) Class Plaintiffs, therefore, have no justification, and have proposed no justification, for imposing the burden of providing third party notice on Amex *twice*.

*Third*, the Court should give special consideration to the burden on Amex because Amex is a non-party. "While a subpoena duces tecum may be served on a nonparty, the burden of

---

[1] For example, the plaintiffs in MDL 2221 recently sought the production of material from *American Express v. Visa*, which was settled in 2008. As a result, Amex had to send notice to more than 140 entities located in more than 60 countries on 6 different continents, even though those entities had received notice when the documents were originally produced in *American Express v. Visa*. Although far fewer notices were sent than would be required here, it took weeks to successfully send and confirm delivery of the notice to each of the entities.

BOIES, SCHILLER & FLEXNER LLP

Hon. James Orenstein
October 17, 2011
Page 3 of 3

establishing its appropriateness is on the serving party." *In re Subpoena Duces Tecum Served on Bell Commc'ns Research, Inc.*, No. MA-85, 1997 WL 10919, at *2 (S.D.N.Y. Jan. 13, 1997) (internal citations omitted) (requiring proof that "compliance . . . would not impose 'significant expense' or 'undue burden'"). "Courts . . . accord special weight to the burden on non-parties of producing documents for others involved in litigation." *Ebbert v. Nassau Cty.*, No. 05-CV-5445, 2007 WL 674725, at *4 (E.D.N.Y. Mar. 5, 2007); *see Corbett v. eHome Credit Corp.*, No. 10-CV-26, 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010) ("[S]pecial weight should be given to the burden on non-parties of producing documents to parties involved in litigation." (internal quotation marks and brackets omitted)). Class Plaintiffs have made no showing of special need, or other justification overcoming the burden they seek to place on Amex.

*Finally*, Amex is further prejudiced by the apparent basis of the instant motion. At the time of the meet-and-confers, Class Plaintiffs made the strategic decision not to pursue production of these materials. Now, plaintiffs' counsel in MDL 2221—some of whom "are also among the counsel" in this case (Motion to Compel at 2)—have seen the requested "Highly Confidential" documents produced in that case, and the shared counsel have apparently decided that the previous strategic decision in this case was a mistake. The Protective Order in MDL 2221, however, is clear that discovery in that case may be used "only for the purpose of *this* litigation and not for any other purpose." (Protective Order, *In re Am. Express Anti-Steering Rules Antitrust Litig.*, No. 06-CV-2974 (S.D.N.Y. July 8, 2009) (now applicable to MDL 2221), attached hereto as Exhibit B ¶ 11 (emphasis added).) The fact that the Motion to Compel is prompted by certain plaintiffs' counsel review of the materials at issue in connection with *another case* when they agreed not to use their access to the materials in question "for any other purpose" is another reason to deny the motion.[2]

\*     \*     \*

In short, the Motion to Compel is untimely, the third party notice required would be extensive and could have been avoided, the burden of this notice should be given "special consideration" because Amex is a non-party, and it is improper for Class Plaintiffs to use Highly Confidential information from another litigation to serve their litigation interests here. For these reasons, the Court should deny Class Plaintiffs' Motion to Compel.

Respectfully submitted,

/s/ Philip C. Korologos
Philip C. Korologos

cc:     Counsel of Record (via ECF)

---

[2] If the Court grants the Motion to Compel, it should order cost-shifting. *See* Fed. R. Civ. P. 45(c)(2)(B)(ii) (requiring that discovery "protect a person who is neither a party nor a party's officer from significant expense"); *Israel v. Carpenter*, No. 95-CV-2703, 2002 WL 1424594, at *1 (S.D.N.Y. June 28, 2002) (ordering cost-shifting because the burden was considerable and "the non-parties have no stake in this litigation").