# ARNOLD & PORTER LLP

**Robert J. Vizas**
Robert.Vizas@aporter.com

+1 415.356.3001
+1 415.356.3099 Fax

22nd Floor
One Embarcadero Center
San Francisco, CA 94111-3711

November 11, 2011

BY ECF

The Honorable James Orenstein
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 456 North
Brooklyn, New York 11201

      Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG) (JO)

Dear Judge Orenstein:

      This letter responds to Mr. Goldberg's letter to the Court dated November 7, 2011. At the November 2, 2011 oral argument on defendants' motion to exclude certain opinions of class plaintiffs' expert Dr. Frankel, Mr. Goldberg asserted that Dr. Frankel's alternative "but-for" world with lower interchange rates "is one that will be allowed by the U.S. Department of Justice . . . Competitor Collaboration Guidelines which allows for some collaboration but only enough to allow [defendants] to survive." 11/2/11 tr. 35:8-13; *see also id.* at 32:23-33:6, 33:20-34:5.

      Mr. Goldberg's letter of November 7, 2011 confirms that Dr. Frankel previously did not disclose his reliance on the *Competitor Collaboration Guidelines* with respect to this point. As Mr. Goldberg's letter states, Dr. Frankel disclosed the basis for his alternative "but-for" world in paragraphs 314-320 of his initial report. But Dr. Frankel did not mention the *Competitor Collaboration Guidelines* in those paragraphs. Nor did Dr. Frankel mention the *Competitor Collaboration Guidelines* when discussing the alternative "but-for" world in his rebuttal report or at his deposition.

      Mr. Goldberg's letter states correctly that Dr. Frankel cited the *Competitor Collaboration Guidelines* in a footnote at the beginning of his initial report, as one of several sources containing "legal standards for evaluating the conduct of the defendants." *See* Frankel Report, fn. 4. But that footnote does not say that Dr. Frankel relied on the *Competitor Collaboration Guidelines* as a basis for his alternative "but-for" world. Nor does anything else in Dr. Frankel's report. When Dr. Frankel relied on government-issued guidelines to support specific aspects of his opinions, he cited to those guidelines expressly. *See* Frankel Report, fn. 9-15 (relying on DOJ's *Horizontal Merger Guidelines*). Dr. Frankel never cited to the *Competitor Collaboration Guidelines* in that way for his alternative but-for world.

54735386v1

Honorable James Orenstein
November 11, 2011
Page 2

      Mr. Goldberg's reference to his arguments to the Court two years ago in connection with defendants' motion to exclude the opinions of Dr. Bamberger is inapposite. The issue here is what Dr. Frankel disclosed as the basis for his alternative "but-for" world, not counsel's argument relating to a different expert.

      In all events, the *Competitor Collaboration Guidelines* do not support Dr. Frankel's alternative "but-for" world. The *Guidelines* do not require the setting of prices at a level that would "allow [defendants] to survive," as Mr. Goldberg claimed. Instead, the *Guidelines* restate the less restrictive alternative doctrine, which is part of the burden-shifting analysis under the rule of reason and concerns specification of *conduct* that is less restrictive of competition than the challenged restraint.

                                     Respectfully submitted,

                                       /s/

                                     Robert Vizas

cc:     All counsel (by ECF)

54735386v1