PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3051

WRITER'S DIRECT FACSIMILE
(212) 492-0051

WRITER'S DIRECT E-MAIL ADDRESS
gcarney@paulweiss.com

November 11, 2011

**BY ECF**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Room 1227 South
Brooklyn, New York 11201

  Re: In re Payment Card Interchange Fee and Merchant Discount
     Antitrust Litigation, 05-MD-1720(JG)(JO)

Dear Magistrate Judge Orenstein:

    During the November 2, 2011 oral argument on defendants' *Daubert* motion directed at the damages opinion of individual plaintiffs' expert Dr. Christopher Vellturo, Your Honor asked whether under the Settlement Agreements in *In re Visa Check/MasterMoney Antitrust Litigation* there is a remedy within the breach provisions that provides for the suppression of evidence. (*See* Nov. 2, 2011 Hr'g Tr. at 53:21-55:13.) While there is no specific provision addressing the suppression of evidence, paragraph forty-two of the MasterCard Settlement Agreement, which also applies under the Visa Settlement Agreement through its most favored nations clause, covers a party's breach of its obligations under the agreement and the Court's role in remedying a breach. In relevant part, paragraph forty-two reads: "In the event that any party does not fulfill any of its obligations under the Settlement Agreement, . . . MasterCard may seek from the Court any and all relief [it] believe[s] appropriate." (*See* MasterCard Settlement Agreement ¶ 42 (attached as Ex. 248 to the Transmittal Decl. of Peter E. Greene, Feb. 11, 2011 "Greene Decl."); Visa Settlement Agreement ¶ 30 (Greene Decl. Ex. 249).)

    Your Honor also asked whether, during Dr. Vellturo's deposition, defendants asked him the same questions regarding merchants' behavior in the no surcharge states that defendants pose on pages 9-10 of defendants' opening brief in support their motion to exclude Dr. Vellturo's damages opinion. (Nov. 2, 2011 Hr'g Tr. at 50:7-15.) Those specific questions were not asked. Rather, defendants asked Dr.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable James Orenstein 2

Vellturo what analysis supported his view that the extent of damages would not change notwithstanding these states' prohibitions on surcharging. Dr. Vellturo responded that merchants would instead have discounted at the point of sale, which may have prompted the introduction of new cards and products. (*See* Vellturo Dep. Tr. 124:10-125:13 (attached as Ex. 45 to the Transmittal Decl. of Matthew Freimuth, Feb. 11, 2011).)

Please let us know if we can provide you with any further information.

Respectfully submitted,

/s/ Gary R. Carney

Gary R. Carney

cc: All counsel of record by ECF