UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ─────────────────── x |  |  |
| In re PAYMENT CARD INTERCHANGE | : | MDL No. 1720(JG)(JO) |
| FEE AND MERCHANT DISCOUNT | : |  |
| ANTITRUST LITIGATION | : | Civil No. 05-5075(JG)(JO) |
|  | : |  |
| ─────────────────── | : | JOINT STATUS CONFERENCE REPORT |
|  | : |  |
| This Document Relates To: | : |  |
|  | : |  |
| ALL ACTIONS. | : |  |
|  | : |  |
| ─────────────────── x |  |  |

751447_1

I.      **Status of Completion of Settlement Papers**

        **Class Plaintiffs' Position** – Class Plaintiffs have continued, since the last status conference, to work to complete drafts of the appendices to the Class Settlement Agreement, and expect to have provided defendants drafts of all of those appendices by the end of August.  Pursuant to the Memorandum of Understanding, the parties shall meet and confer on those Appendices and, if they are not all mutually agreed to by September 21, 2012, the parties shall confer with the Court regarding any open issues at the next scheduled status conference.

        In addition, following an extensive evaluation process, Co-Lead Counsel have identified a claims administration firm that they will recommend to the Court for its approval as the Class Administrator.  Co-Lead Counsel requested proposals from a number of the top claims administration firms in the United States.  Of the nine firms that submitted detailed and highly competitive bids, Co-Lead Counsel selected several firms to interview in person.  Those meetings took place in New York on August 8th and 9th.  Following a detailed review and assessment of the proposals, Co-Lead Counsel have decided to recommend Epiq Class Action & Claims Solutions, Inc.

        Class Plaintiffs have subpoenaed, as contemplated by the Class Settlement Agreement, a number of non-defendant acquirers in an effort to obtain information needed for notice and claims administration.  To date, Class Plaintiffs have heard from most, but not all, of the subpoenaed entities.  If an acquirer refuses to comply, Class Plaintiffs may seek the Court's assistance, but at this time the process is running smoothly.

        **Defendants' Position** – Defendants have informed Class Plaintiffs that defendants need to receive reasonably well-developed drafts of the appendices to the Class Settlement Agreement by no

later than August 31, and understand that plaintiffs will accommodate that timetable, so that the parties can comply with the schedule provided in their Memorandum of Understanding.

**Objecting Plaintiffs' Position** – Plaintiffs National Association of Convenience Stores, National Grocers Association, National Community Pharmacists Association, and National Cooperative Grocers Association ("Objecting Plaintiffs") have not been provided with any drafts or otherwise been consulted with regard to any settlement papers, despite our repeated requests to provide input in that regard.

## II.    Schedule for Preliminary Approval Motion

**Class Plaintiffs' Position** – At the last status conference, the Court ordered Co-Lead Counsel and Jeffrey Shinder, counsel for objectors, to meet and confer on a briefing schedule for plaintiffs' motion for preliminary approval of the settlement.  They have so conferred, and are at an impasse.  Co-Lead Counsel initially proposed that Mr. Shinder be permitted 30 days to respond to the motion, which Mr. Shinder rejected.  Co-Lead Counsel subsequently proposed that Mr. Shinder's clients (and any other person that seeks to object to preliminary approval) file any objection and any supporting papers within 45 days, and that any reply papers be filed within 45 days thereafter (with adjustments as necessary for any required discovery of new material).  Mr. Shinder still objects, insisting that he needs the *later* of 90 days after the Class files its motion for preliminary approval, or 60 days after he receives the materials he has requested, to respond.  *See* Attachment A, August 20, 2012 letter from Jeffrey I. Shinder to Bonny E. Sweeney.  Co-Lead Counsel still believes that 30 days to object to preliminary approval is more than adequate, and would agree to the even shorter period prescribed by the Local Rules.

Class Plaintiffs object to Mr. Shinder's attempt to unduly delay this Court's determination on their motion for preliminary approval.  At the preliminary approval stage, the standard is whether the

- 2 -

751447_1

proposed settlement is sufficiently fair, reasonable and adequate that it justifies notifying the absent class members of its terms. *See In re Traffic Exec. Ass'n, - E. Railroads*, 627 F.2d 631, 634 (2d Cir. 1980) (To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness.") (internal citation omitted). *See also* Manual for Complex Litigation §21.632 (4th ed. 2004); A. Conte & H.B. Newberg, *Newberg on Class Actions* §11.25 (4th ed. 2002).

This delay is not needed to formulate an objection since Mr. Shinder's clients have already publicly announced their objections.

On the other hand, undue delay of preliminary approval in this case will harm absent class members because it will delay the relief that they are entitled to upon preliminary approval. The Class Settlement Agreement requires Visa and MasterCard to modify their rules within 60 days of preliminary approval, and to begin the eight-month interchange fee reduction period within 60 days after the end of the exclusion period. The Class Settlement Agreement plainly meets the standard for preliminary approval. It is the largest-ever antitrust class action settlement that continues the remarkable transformation of the payment card industry that this case has wrought. Even if final approval is denied, so long as preliminary approval is granted, the interchange fee reduction fund will not revert to defendants.

**Defendants' Position** – Defendants believe it is important that NACS and others who intend to object to preliminary approval of the class settlement be given adequate time to respond to the motion for preliminary approval. At the same time, defendants recognize that those parties are likely already at work on their objections.

Defendants would agree to provide 45 days for interested parties to oppose preliminary approval and file any supporting papers, and that any reply papers would then be filed within 45

- 3 -

days thereafter (with adjustments as necessary for any discovery required by the objections to preliminary approval).

**Objecting Plaintiffs' Position** – Objecting Plaintiffs respectfully request at least 90 days to oppose the motion for preliminary approval to provide them (and any other objectors) adequate time to respond to the motion.  The proposed settlement raises numerous issues of law that merit rigorous scrutiny by the Court before notice is sent to absent class members.  Those issues include, and are by no means limited to, the adequacy of the relief, the breadth of the release, and the fact that, in a settlement class context, absent class members are afforded no opt-out rights on the (b)(2) class but are nonetheless bound by the broad release -- which could conceivably bar their ability to assert numerous claims against Visa, MasterCard and the banks, forever.

Given that the adequacy of the settlement will be tested against, among other things, the merits of the underlying claims, and given that Class Counsel has defended the settlement publicly by asserting that the class could do no better at trial, Objecting Plaintiffs anticipate that we will need to respond to arguments based on the record in our opposition.  Further, 90 days is far less time than the parties have had to respond to prior motions of this magnitude, such as five months for class certification and three months for summary judgment.  Given the scope of the record, and the considerably more generous briefing schedules in this case, 90 days to prepare our opposition brief is reasonable.  In the alternative, we respectfully request to submit our opposition 60 days after receiving all of the materials from the case record that we have requested from Class Counsel (*see infra* Section III), to ensure that we have sufficient time to digest those materials and develop an appropriate opposition based upon them.

- 4 -

751447_1

**III.     Production of Case Record to Objecting Plaintiffs**

**Class Plaintiffs' Position** – Counsel for NACS had previously demanded that Class Plaintiffs produce the "entire record" in the case, to enable him to object to the proposed settlement. Counsel for NACS has now narrowed his demand, "[at] this time," to the categories of documents listed below. Co-Lead Counsel have agreed with Mr. Shinder to discuss potentially producing certain documents provided that: (a) Mr. Shinder and Co-Lead Counsel reach a mutually satisfactory agreement regarding costs; and (b) no party or non-party that has produced confidential or highly confidential material objects.[1] Those documents are:

1.     Unredacted versions of all motions that are sub judice (and all supporting materials that have been filed with the Court), including the motions to dismiss, all motions for summary judgment and all of the Daubert motions;

2.     All of the expert reports and backup that the parties exchanged during the case; and

3.     All of the deposition transcripts and exhibits.

The parties have yet to come to an agreement on costs. In Mr. Shinder's August 20, 2012 letter he offered to pay the costs of copying materials, but made no proposal regarding payment of the costs associated with creating the material he seeks. He also has objected to providing producing parties an opportunity to object under the protective order, because, he contends, he is absolutely entitled to such information because he is outside counsel for a party. The protective order permits parties to use confidential or highly confidential information only for "purposes of this litigation."

---

[1]     Counsel for individual plaintiffs have alerted Class Plaintiffs that due to some concerns, they object to sharing certain materials with NACS's counsel. (*See* Attachment B, August 16, 2012 letter from William Blechman to Bonny Sweeney.) Counsel for Visa has articulated its concern about sharing certain documents with counsel for NACS. *See* Attachment C, August 21, 2012 letter from Robert J. Vizas to Jeffrey I. Shinder.

- 5 -

Co-Lead Counsel are concerned that using the information to object to a settlement proposed by Co-Lead Counsel may not constitute use for "purposes of this litigation," and seek the guidance of this Court.

More problematic is Mr. Shinder's undefined demand for the "entire record." The law is clear that an objector has no absolute entitlement to the "entire record." *Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 619 (S.D. Cal. 2004) (denying objector request for case file and finding they "do not have an absolute right to discovery"); *see also*, *e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D. Ga. 1992) ("The court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement . . . ."); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24, 26 (D.D.C. 2001) (same; denying in large part discovery requests). If Mr. Shinder continues to demand materials additional to those Class Plaintiffs have already agreed to provide, Class Plaintiffs propose that the parties meet and confer on a briefing schedule on NACS's motion. This dispute should not delay the schedule for seeking preliminary approval of the settlement.

**Defendants' Position** – Defendants have concerns about providing the case record to counsel for the four trade associations that have now rejected the class settlement. Visa has set forth its concerns in the attached letter to Mr. Shinder. *See* Attachment C. Defendants have similarly sent a letter articulating their objection. *See* Attachment D, August 21, 2012 letter from David Graham to Bonny Sweeney. Defendants understand that the individual plaintiffs also have concerns on this score. *See* Attachment B.

**Objecting Plaintiffs' Position** – Since before the last status conference, Objecting Plaintiffs have been requesting that Class Counsel provide us with electronic copies of the unredacted versions of certain materials in the case, particularly (i) the substantive motion papers that are sub judice,

- 6 -

including motions to dismiss, summary judgment motions, and *Daubert* motions; (ii) the expert reports and backup that have been exchanged during the case; and (iii) the deposition transcripts and exhibits. This request includes the equivalent materials from the individual plaintiffs' cases. We have narrowed this request from our original request for the entire case record, and we have advised Class Counsel that we are willing to reimburse their reasonable costs of producing the materials. Nonetheless, Class Counsel have refused to provide these materials on several grounds, none of which have merit.

First, they challenge our entitlement to the materials, citing the governing Protective Order. However, the Protective Order specifically entitles us to the materials, as outside counsel for several named plaintiffs. *See* Dkt. 1312-1 ¶¶ 14(b), 15 (permitting "outside counsel for any party" to access the entire case record).

Second, Class Counsel challenges the purpose for which we request the materials, also citing the Protective Order. Because the adequacy of the settlement will be tested against, among other things, the merits of the underlying claims, access to the record is needed to address any arguments concerning those merits that the settlement's proponents may raise. *See Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 389 (C.D. Cal. 2007) (a court considering preliminary approval of a settlement "must apprise itself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated") (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982)); Newberg on Class Actions § 11:44 at 126 & n.12 (court "must make a rational appraisal of the merits of the action . . . to determine whether the [settlement is] fair, reasonable and adequate") (citing cases). This purpose is entirely appropriate under the Protective Order. *See* Dkt. 1312-1 ¶ 12 (permitting use of the record for any "purpose of this litigation"). Moreover, Class Counsel has confirmed the relevance of the merits to the preliminary approval process with their

- 7 -

various public comments defending the settlement on the basis that, even though the putative class has pending claims regarding interchange, there is "no realistic opportunity for a better outcome even after more litigation." *See* Dkt. 1615 Ex. C.

Third, Class Counsel claim they need to notify all parties that produced confidential and highly confidential information contained in the materials we request – including defendants and an unknown number of nonparties to this case – of our request for the materials, and then allow each of them an opportunity to raise objections to our receiving their information with the Court. However, because we are entitled to the materials, those parties also have no grounds to object. And any confidentiality concerns they may have are unfounded. As counsel of record in this case, and as officers of the court, we are obligated to abide by both the Protective Order and the Joint Prosecution and Confidentiality Agreement between the Class Plaintiffs and the Individual Plaintiffs. We have given no one any reason to doubt that we will uphold these obligations. *See* Attachment E, Letter from Jeffrey Shinder to Robert Vizas dated August 21, 2012.

Further, Class Counsel's proposed process of notifying all producing parties and allowing them to object will be unduly time-consuming. Given our clear entitlement to the materials, it is purely a delay tactic to impede our ability to evaluate the settlement and prepare our opposition to preliminary approval in a timely manner. We note that numerous substitutions of counsel have been made in this case. We would be surprised to learn that this onerous exercise was required in any of them.[2]

---

[2]     *See, e.g.*, Dkt. 319 (substituting Morrison & Foerster for Cleary Gottlieb as counsel for Bank of America); 423 (substituting Skadden Arps for Robinson & Cole as counsel for Bank One, Chase Manhattan and JP Morgan Chase); 707 (substituting Lord Bissell & Brook for Dickstein Shapiro as counsel for Visa International); 829 (substituting Patterson Belknap for Latham & Watkins as counsel for Wells Fargo).

751447_1

Finally, Class Counsel's refusal to produce these materials prejudices our clients, and thus violates their ethical obligations as our clients' former counsel.  *See* N.Y. Rules of Professional Conduct 1.16(e) (withdrawn counsel shall "avoid foreseeable prejudice to the rights of the [former] client, including . . . delivering to the client all papers . . . to which the client is entitled"). Accordingly, it also violates this Court's July 25, 2012 Order that Class Counsel "comply with all of their legal and ethical obligations in their interactions with a former client that continues to be one of several named plaintiffs in this putative class action."

The cases Class Plaintiffs cite on this issue are inapposite.  They address rights and obligations that apply to absent class members – not the rights and obligations applicable here, which are their legal and ethical obligations to their former clients as addressed in the Court's July 25 Order.

We have tried for weeks to reach agreement with Class Counsel on this issue but are at impasse.  We respectfully request that the Court order Class Counsel to produce the materials we request immediately.

## IV.    ADDITIONAL STATUS CONFERENCES

The parties propose the following dates for additional status conferences: September 6 or 11, 2012, and September 27, 2012.

DATED:  August 21, 2012.

751447_1