CONSTANTINE | CANNON

NEW YORK | WASHINGTON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

**BY ECF**                                                                                          September 19, 2012

Hon. James Orenstein
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 05-1720

Dear Judge Orenstein:

      Objecting Plaintiffs[1] bring this pre-trial dispute to the Court to obtain copies of certain nonpublic materials in the record from their former attorneys, Class Counsel. Pursuant to Individual Rule III.A.1 and Local Rule 37.3, this issue is ripe for resolution despite good faith efforts, beginning in early August, by phone, in person, and correspondence to resolve the dispute.[2]

      As named parties, Objecting Plaintiffs are legally entitled to the record in this case, and as former clients, to Class Counsel's entire file. Key expert and other materials necessary to fully oppose the settlement are sealed or not filed at all. To eliminate burden and expedite access to such materials, Objecting Plaintiffs seek only unredacted copies of all (i) expert reports, with attachments and exhibits; (ii) expert depositions and exhibits; and (iii) summary judgment and *Daubert* filings, including in the Individual Plaintiffs' actions.[3] Class Counsel contest Objecting Plaintiffs' right to these materials and further defer to objections from Visa, MasterCard, and Individual Plaintiffs.

      **A.**      **Objecting Plaintiffs Are Entitled to These Materials as Parties and Former Clients**

      Objecting Plaintiffs seek only to restore what they had before they objected to the settlement: representation by counsel with access to the nonpublic record. To deny Objecting Plaintiffs that right is tantamount to removing them as named plaintiffs and denying their right to choose counsel simply because they oppose the settlement. There is no authority for this proposition. It is particularly inappropriate given, as this Court has noted, it has not yet certified a class or determined that Class Counsel or any named plaintiff is an adequate class representative. 7/25/12 Order. Indeed, opposition to the settlement from both named plaintiffs and putative class members mounts daily.[4]

---

[1] Objecting Plaintiffs are the National Association of Convenience Stores (NACS), National Grocers Association (NGA), National Community Pharmacists Association (NCPA), and National Cooperative Grocers Association (NCGA).

[2] The Court has authority to order the transfer of files from former counsel. *See, e.g.*, *Lippe v. Bairnco Corp.*, 96 Civ. 7600 (DC), 1998 WL 901741, *1 (S.D.N.Y. 1998); *Misek-Falkoff v. IBM Corp.*, 829 F. Supp. 660, 662-63 (S.D.N.Y. 1993); *Goldsmith v. Pyramid Commc'ns, Inc.*, 362 F. Supp. 694, 698 (S.D.N.Y. 1973).

[3] Objecting Plaintiffs reserve their rights to additional material from the record or Class Counsel's file.

[4] *See, e.g.*, Django Gold, *Opposition To $7B Visa, MasterCard Swipe Fee Deal Grows*, Law360, 9/11/12 (opposition from National Retail Federation and plaintiff NATSO "only the latest for the settlement, which . . . has been criticized by several retailers and associations"). Of the six trade association named plaintiffs, five oppose the settlement.

254257.5

335 MADISON AVENUE, NEW YORK, NY 10017 TELEPHONE: (212) 350-2700 FACSIMILE: (212) 350-2701 WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. James Orenstein  Page 2
September 19, 2012

On the contrary, the federal rules require all parties to this case to provide materials in the record to Objecting Plaintiffs – parties to the case. *See, e.g.*, Fed. R. Civ. P. 5(a)(1) (papers that "must be served on every party" include discovery papers and motions); 26(a)(2) (parties "must disclose to the other parties" their expert reports). Moreover, it is black letter law that Objecting Plaintiffs are presumptively entitled to "full access to the entire attorney's file" of former counsel. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 34 (1997).[5]

Despite their ethical duty to provide files to Objecting Plaintiffs, *see* N.Y. R.P.C. 1.16(e), Class Counsel are deferring to purported confidentiality concerns from Visa, MasterCard, and Individual Plaintiffs. This is a red herring. Like all other counsel in this case, Constantine Cannon is bound by the Protective Order. 8/22/12 Tr. at 22; Dkt. 1312-1. Visa's assertion that Constantine Cannon should not receive access to commercially sensitive information given its representation of other payment industry participants is baseless. *See* Dkt. 1618 at 16, 19. Visa and MasterCard and many other parties to this case purport to be competitors and have not objected to outside counsel having access to their information on that basis. Similarly, to the extent any of the Individual Plaintiffs' expert reports were not filed with the Court, Constantine Cannon is bound by the May 8, 2009 Joint Prosecution and Confidentiality Agreement between the Class and the Individual Plaintiffs, to which Objecting Plaintiffs (as "Class Plaintiffs") are parties. Dkt. 1616-2 at 6-7. In fact, much of the record on the issue of surcharging was derived from the Individual Plaintiffs' cases and has been used liberally in the class case by Class Counsel.[6] *See, e.g.*, Dkt. 1538, Class Pls. Mem. in Supp. of Summ. J. at 7, 8, 79, 80 (citing reports of Individual Plaintiffs' experts Vellturo, Stiglitz, and Ariely); Dkt. 1539, Class Pls. Reply Mem. at 20, 21 (citing expert reports of Ariely and Vellturo, and paragraphs from Dkt. 1541, Individual Pls. R. 56.1 Counter Stmt.); Dkt. 1545, Class Pls. Response to Defs. R. 56.1 Stmt. at 99-104, 120-121 (citing expert report and testimony of Vellturo and incorporating by reference numerous paragraphs from Dkt. 1541, Individual Pls. R. 56.1 Counter Stmt.).

### B. Objecting Plaintiffs' Access Should Not Be Frustrated by Attorney Liens

Generally, "the file belongs to the client" and "attorneys have no possessory rights in the client files other than to protect their fee." *Bronx Jewish Boys v. Uniglobe, Inc.*, 633 N.Y.S.2d 711, 713 (N.Y. Co. Sup. Ct. 1995). There is no basis to prevent Objecting Plaintiffs from accessing the record by imposing a retainer lien at this juncture to protect Class Counsel's fee.[7] Such a lien can

---

[5] *See* Restatement of the Law Governing Lawyers (Third) § 46(2) (lawyer must allow former client access to "any document possessed by the lawyer relating to the representation"); Dkt. 1618 at 5-6 (citing additional authority); *cf. Wyly v. Milberg Weiss Bershad & Schulman, LLP*, 12 N.Y.3d 400, 412 (2009) (in contrast to named plaintiffs, under state law absent class members not entitled to presumption of full access).

[6] Shortly before the filing of this letter, the individual plaintiffs proposed a compromise but the Objecting Plaintiffs could not accept it. Although the vast majority of the record on surcharging -- the centerpiece of the settlement -- comes from the individual cases, the individual plaintiffs' proposal would force us to relinquish our ability to use that material before we have seen it. This would equally prejudice our clients' ability to oppose the settlement, especially if the material is cited by Class Counsel. Nonetheless, a compromise is still possible.

[7] Class Counsel failed to assert any attorney liens as part of four motions to withdraw, as required by Local Civil Rule 1.4. *See* Comm. Note (rule "amended to require that the affidavit in support of a motion to withdraw state whether or

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. James Orenstein  Page 3
September 19, 2012

only be justified if the attorney has been discharged without cause, ceases to work on the file, and is entitled to an appropriate quantum meruit award. *See Casper v. Lew Lieberbaum & Co., Inc.*, 1999 WL 335334, *8-9 (S.D.N.Y. 1999). Objecting Plaintiffs are not seeking to discharge Class Counsel of their responsibilities as Class Counsel through this motion. As such, the question of whether and under what circumstances a retainer lien might be justified in this case should have no bearing on the issue at hand. This conclusion is reinforced by the fact that Class Counsel are functioning in this case as "private attorneys general," and in cases such as this where fee-shifting statutes are involved, courts have held that "retention of files should rarely if ever be permitted." *Id.* at *9.[8] For these distinct reasons, our clients' rights as named plaintiffs to counsel with access to the nonpublic record should not be impeded by the inapposite question of whether a retainer lien is warranted.

### C. Counsel's Lack of Access Prejudices Objecting Plaintiffs' Ability to Frame Opposition to the Settlement

Indeed, preventing access to these materials threatens to prejudice Objecting Plaintiffs' ability to fully oppose the settlement. "In deciding whether to approve a proposed class settlement, the most significant factor for the district court is the strength of the claimants' case balanced against the settlement offer." *Plummer v. Chem. Bank*, 668 F.2d 654, 660 (2d Cir. 1982).

For example, the settlement relinquishes merchants' longstanding claims regarding interchange and instead provides merchants a limited ability to surcharge. Therefore the scope and efficacy of this right to surcharge is critical to examining the settlement. The nonpublic record includes extensive testimony from expert and fact witnesses in both the Class and Individual Plaintiffs' cases that might bear upon whether the settlement's surcharging limits will frustrate merchants' ability to use surcharging to discipline interchange rates. This includes expert reports, certain defendants' documents, defendants' and other networks' submissions to regulators abroad, and testimony from U.S. merchants, including Individual Plaintiffs, all addressing surcharging. *See, e.g.*, Dkt. 1543, Class Pls. 56.1 Stmt. at 92-94, 97-98.[9]

Depriving Objecting Plaintiffs of this material because they oppose the settlement is unfair, particularly given its relevance to the adequacy of the relief in the settlement. This unfairness will be particularly evident if the proponents of the settlement cite to this material and Objecting Plaintiffs have not had a chance to review it. Objecting Plaintiffs are entitled to access the record in this litigation through outside counsel and the fact that they are opposing the settlement does not change that.

---

not a retaining or charging lien is being asserted"); Dkt. 1590 (contested on the basis of an information-sharing dispute); Dkt. 1597, Dkt. 1603, Dkt. 1606.

[8] "The statute provides a potential source of fees to prevailing counsel; in return counsel may not obstruct the course of the litigation." *Misek-Falkoff v. IBM Corp.*, 829 F. Supp. 660, 664 (S.D.N.Y. 1993); *see Hossain v. The Roger Smith Hotel/Unit No. 3*, 1999 WL 195049, *2 (S.D.N.Y. 1999) ("because a retaining lien inevitably slows the progress of the litigation, it is rarely if ever granted in a fee-shifting case"); *Casper*, 1999 WL 335334 at *9 (denying retaining lien and declining to fix amount of charging lien); *Cower v. Albany Law Sch. of Union Univ.*, 2005 WL 1606057, *6 (S.D.N.Y. 2005) (same).

[9] Objecting Plaintiffs do not have access to expert reports, the heart of any antitrust case. At least nine experts opined on surcharging alone: Ariely, Frankel, Vellturo, Topel, Wecker, Kahn, Houston, Stiglitz, and Klein.

254257.5

**CONSTANTINE | CANNON**

NEW YORK | WASHINGTON

Hon. James Orenstein  Page 4
September 19, 2012

                            Respectfully,

                            /s

                            Jeffrey I. Shinder

cc:      All counsel of record via ECF

254257.5