**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION **This Document Applies to: All Cases.** | **No. 05-MD-1720 (JG) (JO)** |

**RETAILERS & MERCHANTS' OBJECTION TO**
**PROPOSED CLASS SETTLEMENT AGREEMENT**

COME NOW the following retailers and merchants, by and through their counsel Jerrold Parker, Parker Waichman, LLP, Lee Bialostok, Platte, Klarsfeld, Levine & Lachtman, LLP, and Richard Arsenault, Neblett, Beard & Arsenault and for their Objection to the Proposed Class Settlement Agreement, state as follows:

***I. Retailer & Merchant Objectors***

1.      Objector 1, A & D Wine Corp., is a small business located in New York, New York with a primary business being a restaurant.  A & D Wine Corp. is a full-service restaurant that relies heavily on the use of customers paying their bill with a Visa or Mastercard.  Objector 1 objects to the Class Settlement Agreement for the reasons stated below.

2.      Objector 2, A & Z Restaurant Corp., is a small restaurant business located in New York, New York with its primary business as a restaurant. A & Z Restaurant Corp. is a full-service restaurant that relies heavily on the use of customers paying their bill with a Visa or Mastercard.   Objector 2 objects to the Class Settlement Agreement for the reasons stated below.

3.      Objector 3, 105 Degrees LLC, is a small business located in Oklahoma City, Oklahoma with a primary business as a restaurant and culinary academy.  105 Degrees LLC is a full service restaurant and culinary school that relies heavily on the use of customers and

1

students paying their restaurant bill and/or student tuition with a Visa or Mastercard.   Objector 3 objects to the Class Settlement Agreement for the reasons stated below.

4.      Objector 4, The Pantry Restaurant Group, LLC, is an Arkansas limited liability corporation located at 11401 Rodney Parham Road, Little Rock, Arkansas 72212, which relies heavily on the use of customers paying their restaurant bill with a Visa or Mastercard.  Objector 4 objects to the Class Settlement Agreement for the reasons stated below.

5.      Objector 5, PPT Inc., d/b/a/ Graffiti's Restaurant, located at 7811 Cantrell Road, Little Rock, Arkansas 72227, relies heavily on the use of customers paying their restaurant bill with a Visa or Mastercard.  Objector 5 objects to the Class Settlement Agreement for the reasons stated below.

6.      Objector 6, Sansole' Tanning Salon, located at 1506 Market Street, Little Rock, Arkansas 72211, relies heavily on the use of customers paying their salon bill with a Visa or Mastercard.  Objector 6 objects to the Class Settlement Agreement for the reasons stated below.

7.      Objector 7, Greenhaw's, Inc., located at 10301 Rodney Parham Road, Little Rock, Arkansas 72207, relies heavily on the use of customers paying their retail clothes bill with a Visa or Mastercard.   Objector 7 objects to the Class Settlement Agreement for the reasons stated below.

8.      Objector 8, Roberson's Fine Jewelry, Inc., located at 11525 Cantrell Road, Suite 703, Little Rock, Arkansas 72212, relies heavily on the use of customers paying their retail jewelry bill with a Visa or Mastercard.  Objector 8 objects to the Class Settlement Agreement for the reasons stated below.

9.      Objector 9, Don's Pharmacy, Incorporated, located at 8609A West Markham Street, Little Rock, Arkansas 72205, relies heavily on the use of customers paying their retail

pharmacy bill with a Visa or Mastercard.  Objector 9 objects to the Class Settlement Agreement for the reasons stated below.

10.     Objector 10, Gossett Motor Cars, Inc. ("Gossett Motors") is a car dealership located at 1900 Covington Pike, Memphis, Tennessee 38128-6981.  Gossett Motors relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard. Objector 10 objects to the Class Settlement Agreement for the reasons stated below.

11.     Objector 11, Landers McClarty Ford Chrysler Dodge Jeep, is located at 2609 South Walton Road, Bentonville, Arkansas 72712.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 11 objects to the Class Settlement Agreement for the reasons stated below.

12.     Objector 12, Landers McClarty Nissan, is located at 2501 SE Moberly Lane, Bentonville, Arkansas 72712.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 12 objects to the Class Settlement Agreement for the reasons stated below.

13.     Objector 13, Landers McClarty Dodge Chrysler Jeep, is located at 5080 Academy Lane, Bessemer, Alabama 35022.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 13 objects to the Class Settlement Agreement for the reasons stated below.

14.     Objector 14, Landers Dodge Chrysler Jeep, is located at 2701 Benton Road, Bossier City, Louisiana 71111.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 14 objects to the Class Settlement Agreement for the reasons stated below.

15.     Objector 15, Tri-Lakes Motors, is located at 180 State Highway F & 65, Branson, Missouri 65616.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 15 objects to the Class Settlement Agreement for the reasons stated below.

16.     Objector 16, Burleson Nissan, is located at 300 North Burleson Blvd., Burleson, Texas 76028.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 16 objects to the Class Settlement Agreement for the reasons stated below.

17.     Objector 17, Bel Air Honda, is located at 1800 Bel Air Road, Fallston, Maryland 21047.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 17 objects to the Class Settlement Agreement for the reasons stated below.

18.     Objector 18, Landers McClarty Toyota Scion, is located at 2970 Huntsville Highway, Fayetteville, Tennessee 37334.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 18 objects to the Class Settlement Agreement for the reasons stated below.

19.     Objector 19, Nissan of Fort Worth, is located at 3451 W. Loop 820 South, Fort Worth, Texas 76116.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 19 objects to the Class Settlement Agreement for the reasons stated below.

20.     Objector 20, Landers McClarty Chevrolet, is located at 4930 University Drive, Huntsville, Alabama 35816.  This auto dealership relies heavily on the use of customers paying

their retail automotive bill with a Visa or Mastercard.   Objector 20 objects to the Class Settlement Agreement for the reasons stated below.

21.     Objector 21, Landers McClarty Huntsville Dodge Chrysler Jeep, is located at 6533 University Drive NW, Huntsville, Alabama 35806.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 21 objects to the Class Settlement Agreement for the reasons stated below.

22.     Objector 22, Mercedes Benz of Huntsville, is located at 6520 University Drive, NW, Huntsville, Alabama 35806.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 22 objects to the Class Settlement Agreement for the reasons stated below.

23.     Objector 23, Landers McClarty Nissan of Huntsville, is located at 6520 University Drive, NW, Huntsville, Alabama 35806.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 23 objects to the Class Settlement Agreement for the reasons stated below.

24.     Objector 24, Landers McClarty Subaru, is located at 5790 University Drive, Huntsville, Alabama 35806.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 24 objects to the Class Settlement Agreement for the reasons stated below.

25.     Objector 25, Lee's Summit Dodge Chrysler Jeep Ram, is located at 1051 SE Oldham Parkway, Lee's Summit, Missouri 64081.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 25 objects to the Class Settlement Agreement for the reasons stated below.

26.     Objector 26, Lee's Summit Nissan, is located at 1025 SE Oldham Parkway, Lee's Summit, Missouri 64081.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 26 objects to the Class Settlement Agreement for the reasons stated below.

27.     Objector 27, Olathe Dodge Chrysler Jeep, is located at 15500 West 117th Street, Olathe, Kansas 66062.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 27 objects to the Class Settlement Agreement for the reasons stated below.

28.     Objector 28, Waxahachie Dodge Chrysler Jeep, located at 2405 North I-35 E, Waxahachie, Texas 75165.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 28 objects to the Class Settlement Agreement for the reasons stated below.

29.     Objector 29, Waxahachie Ford-Mercury, is located at 2401 N I-35 E, Waxahachie, Texas    75167.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 29 objects to the Class Settlement Agreement for the reasons stated below.

30.     Objector 30, Landers Harley-Davidson – Little Rock, is located at 10210 Interstate 30, Little Rock, Arkansas 72209.  This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector 30 objects to the Class Settlement Agreement for the reasons stated below.

31.     Objector 31, Landers Harley – Davidson – Hot Springs, is located at 205 Garrison Road,  Hot Springs, Arkansas 71913.  This auto dealership relies heavily on the use of customers

paying their retail automotive bill with a Visa or Mastercard. Objector 31 objects to the Class Settlement Agreement for the reasons stated below.

32.      Objector 32, Landers Harley-Davidson – Conway, is located at 1110 Colliers Drive, Conway, Arkansas 72032. This auto dealership relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard. Objector 32 objects to the Class Settlement Agreement for the reasons stated below.

33.      Objector 33, Landers Auto Group No. 1 d/b/a Landers Scion, ("Landers Scion") is located in Little Rock, Arkansas 72201. Landers Scion relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard. Objector No. 33 objects to the Class Settlement Agreement for the reasons stated below.

34.      Objector 34, Landers Auto Group No. 1 d/b/a Landers Toyota ("Landers Toyota"), is located in Little Rock, Arkansas 72201. Landers Toyota relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard. Objector No. 34 objects to the Class Settlement Agreement for the reasons stated below.

35.      Objector 35, Landers Auto Group No. 1 d/b/a The Boutique at Landers Toyota ("Landers Boutique"), is located in Little Rock, Arkansas 72201. Landers Toyota relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard. Objector No. 35 objects to the Class Settlement for the reasons stated below.

36.      Objector 36, Landers Auto Sales, LLC d/b/a Landers Chrysler Jeep Dodge ("Landers Chrysler Jeep Dodge"), is located in Little Rock, Arkansas 72201. Landers Chrysler Jeep Dodge relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard. Objector No. 36 objects to the Class Settlement for the reasons stated below.

37.     Objector 37, Landers Auto Sales, LLC d/b/a Landers Pre-Owned ("Landers Pre-Owned"), is located in Little Rock, Arkansas 72201.  Landers Pre-Owned relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector No. 37 objects to the Class Settlement for the reasons stated below.

38.     Objector 38, Landers Auto Sales, LLC d/b/a Landers Suzuki ("Landers Suzuki"), is located in Little Rock, Arkansas 72201.  Landers Suzuki relies heavily on the use of customers paying their retail automotive bill with a Visa or Mastercard.  Objector No. 38 objects to the Class Settlement for the reasons stated below.

## *II. Reasons for Objection*

39.     Plaintiffs in this lawsuit propose a global settlement agreement to settle all claims pertaining to interchange, commonly referred to as "swipe" fees.  *See, e.g*., Second Consolidated Amended Class Action Complaint (Doc. 1153) and Class Settlement Agreement (Doc. 1588-1). In exchange for this settlement, businesses who are members of the Proposed Class, would release any and all claims.  Class Settlement Agreement ¶ 31-35 (Rule 23(b)(3) Settlement Class; ¶ 66-71 (Rule 23(b)(2) Settlement Class.

40.     Objectors object to the proposed settlement as not fair, reasonable and adequate for four primary reasons:

    a.     The monetary fund and proposed refund is inadequate for the class;

    b.     The injunctive relief is inadequate for the class;

    c.     The release is excessive and overbroad; and

    d.     In light of the minimal relief provided and overbroad nature of the release, the proposed attorney's fees award is excessive.

41.     A settlement agreement, which seeks to settle claims for all class members must be fair, reasonable and adequate, not a product of collusion and must adequately represent class members' interests.  *See, e.g., In re Warner Communications Securities Litig*., 798 F.2d 35, 37 (2d Cir. 1986); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002).  Further, it "is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorney's fees and the terms of settlement generally."  288 F.3d at 288 (citing *Gottlieb v. Barry*, 43 F.3d 474, 490-91 (10th Cir. 1994); *Fisher v. Procter & Gamble Mfg. Co*., 613 F.2d 527, 547 (5th Cir. 1980); *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974)).  *See also In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litig*., 55 F.3d 768 (1995) (reversing approval of class settlement).

42.     Further, in determining whether a settlement-only class should be approved and certified, the court must be assured the requirements for class certification are satisfied.  *Amchem Products, Inc. v. Windsor*, 177 S.Ct. 2231 (1997).

43.     The proposed class representative and class counsel are fiduciaries to the class and have the full duty of honesty, loyalty, good-faith and fair dealing.  *See, e.g*., *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980) (stating that class representatives have a responsibility "to represent the collective interest of the putative class" in addition to their private interests); *see also Sondel v. Northwest Airlines, Inc*. 56 F.3d 934, 938-39 (8th Cir. 1995) (stating that certified class representatives and class counsel assume fiduciary responsibilities to the Class).

44.     Objectors are small and large businesses located around the United States who utilize electronic payment systems, including the Mastercard and Visa networks.  As part of their

business operation, Objectors as merchants are charged fees, including Interchange Fees, for customers payments. These fees are the subject matter of this proposed settlement.

45.    Interchange Fees greatly impact merchants who provide a credit card service for payment of goods and services. Price-fixing and unilateral imposition of fees and fee increases by large corporates that control a market are harmful business practices and adversely affect small and large businesses who are already enduring many issues in the marketplace from a sluggish economic recovery, to less consumption of goods and services. Any unlawful fees impact the profit of small and large businesses that must absorb the unlawful fees.

46.    The district court, as a fiduciary for the absent class members, has oversight must ensure this settlement treats the class members fairly, particularly with objections and objecting proposed class representatives. *See, e.g.*, *In re "Agent Orange" Product Liability Litig.*, 996 F.2d 1425, 1438 (2d Cir. 1993) ("A judge in a class action is obligated to protect the interests of absent class members."), cert. denied, 510 U.S. 1140 (1994). Hence, where there is a dispute between the class counsel and proposed class representatives as to the proposed settlement, the decision cannot "rest entirely with either the named plaintiffs or with class counsel." *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1176-77 (5th Cir. 1978), cert. denied, 439 U.S. 1115 (1979). Objectors respectfully submit, at this point, all indications are that the proposed settlement agreement does not treat the class members fairly, including said Objectors. Evidence of the unfairness is the mass exodus of the proposed class representatives from the proposed settlement. Moreover, the amount and variety of objection to the class settlement at this point in the process is significant and requires strict scrutiny of the proposed terms of relief and award of attorney's fees.

47.    The proposed class settlement has not been viewed favorably by many groups, entities and individuals.  Notably, United States Senator Richard Durbin of Illinois, a strong advocate for retailers and merchants, expressed these comments on the Senate Floor:

> The bottom line is that this proposed settlement does not make our credit card system better.  Instead, it gives Visa and Mastercard free reign to carry on their anti-competitive swipe fee system with no real constraints and no legal accountability to the millions of American businesses that are forced to pay their fees.
>
> This is a stunning giveaway to Visa and Mastercard, all for a payout of a mere 2 months worth of swipe fees.  This is a bad deal.

Cong. Rec. S5961 (daily ed. August 2, 2012) (statement of Sen. Durbin) (emphasis added).

48.    Further, a proposed Class Representative, the National Association of Convenience Stores (NACS), formally withdrew from the proposed settlement agreement and hired its own law firm, Constantine Cannon, almost immediately after the settlement agreement was announced.  NACS, a proposed representative, has such problems with the settlement agreement that it withdrew as a fiduciary for the class, indicating "absent" class members were not being treated fairly.  Recently, several other proposed class representatives have withdrawn from the settlement agreement so they can object to it.  This wholesale withdrawal from the proposed settlement process by those representatives closest to the process indicates a serious fundamental problem to relief proposed, which would bind the absent class members.

49.    Many other national associations, individuals and entities have objected to the proposed settlement.  There are obvious problems with the proposed fairness, reasonableness and adequacy of the settlement.  The monetary relief and future injunctive relief (which is very short) are not sufficient for a full release of any and all claims that could be brought against Visa and Mastercard now or in the future.  The inadequacy and unreasonableness of the proposed

settlement has been succinctly analyzed by a faculty member at Georgetown University Law Center.[1]

50.     In his analysis, Georgetown Law Professor Mr. Levitin comments: "Yet in many ways the payment is paltry. $7.25 billion amounts to around only three months' worth of interchange fees."[2]  Mr. Levitin proposes that a 25% settlement figure would be reasonable.[3] This would be equivalent to a $30 billion dollar figure.[4]  This would be equivalent to 10% of the damages that could be obtained at trial.

51.     Moreover, this settlement permit the wrongdoers to avoid true reform in the Interchange Fee system because class members would be bound by the paltry refund and short injunctive (prospective) relief, which is not significant in time to effectuate any type of marketplace change since Visa and Mastercard have been engaged in this wrongful behavior for decades.  Eight months is far too short to change the marketplace behavior for this type of cartel behavior.  Further, the proposition that merchants recoup the Interchange Fee through a surcharge on consumers penalizes the class members and benefits the wrongdoers.

52.     For this deal, the class counsel receive an extraordinarily large attorney's fee while Visa and Mastercard are able to walk away with immunity from future lawsuits for wrongdoing.  Objectors respectfully submit this proposed settlement needs to provide additional monetary and injunctive relief for class members in exchange for a full and final release of all

---

[1] Adam J. Levitin, AN ANALYSIS OF THE PROPOSED INTERCHANGE FEE LITIGATION SETTLEMENT, Georgetown Law and Economics Research Paper No. 12-033 (August 21, 2012), which can be downloaded without charge from SSRN: http://ssrn.com/abstract=2133361.

[2] *Id*. at 5.

[3] *Id*. at 6.

[4] *Id.*

claims.  The monetary fund should fully compensate retailers for past unlawful fees retained by Visa and MasterCard.  There is ample legal ammunition.  Federal antitrust law provides for treble damages to deter such unlawful activity.  Section 4 of the Clayton Act, 15 U.S.C. § 15.  If this matter proceeded to trial, treble damages would be a significant deterrent and monetary recovery for the class.  Estimated damages would be around $300 billion.[5]  The proposed settlement is far south of this number, not even 10% of the potential recoverable damages should this case be tried.

53.     Notwithstanding this strong deterrence in federal law for anticompetitive behavior, the monetary fund sought to be recovered is not adequate for the unlawful fees retained by Visa and Mastercard in the proposed settlement.  At a minimum, all unlawful fees should be refunded as restitution to the class.

54.     The injunctive relief is for a very short period of time, only eight months.  It fails to prevent Visa and Mastercard from resuming unlawful practices in the future.  Rather, because of the full and final release, Visa and Mastercard could resume with impunity since retailers would have no legal ability to stop unlawful activity pertaining to the Interchange Fees.[6]  Visa and Mastercard had this unlawful behavior nailed down to an ongoing unlawful art.  As an example, paragraph 171 of the Second Consolidated Amended Class Action Complaint provides: "Unlike in the early days of the Networks, Visa and Mastercard now, jointly and separately, have market power in the market for General Purpose Network Services.  Even in the face of frequent and significant increases in Interchange Fees, Merchants have no choice but to continue to accept Visa's and Mastercard's dominant Credit Cards."  Eight months is not sufficient time for Visa and

---

[5] Levitin, AN ANALYSIS OF THE PROPOSED INTERCHANGE FEE LITIGATION SETTLEMENT, at 6.

[6] Levitin, AN ANALYSIS OF THE PROPOSED INTERCHANGE FEE LITIGATION SETTLEMENT, at 16.

Mastercard's market power and ability to engage in anti-competitive behavior to subside and be absorbed because of marketplace competition.   Objectors respectfully submit the injunctive fee should be extended for five years into the future to allow the marketplace to regulate this behavior.   Otherwise, with such a short injunctive window and no ongoing monitoring or oversight, Visa and Mastercard have no disincentive to refrain from unlawful behavior since they are entrenched in the marketplace and merchants have no choice but to "accept Visa's and Mastercard's dominant Credit Cards." *Id*.

55.   In sum, these significant issues regarding the fairness, adequacy and reasonableness of the proposed settlement should be fully aired and discussed at the fairness hearing and any preliminary approval hearing.  The proposed settlement agreement is not fair, reasonable and adequate; would be binding and fully impacts the rights of retailers and merchants who by the excessive and overbroad release language would not be able to sue or vindicate their rights for unlawful actions engaged in by the Defendants in the future with regard to the Interchange Fees.

56.   Objectors respectfully request a hearing on the approval of this settlement agreement and reserve all rights to engage in discovery, participate in the discovery and hearing process and have a fair opportunity to be heard.

Respectfully submitted,

/s/ Jerrold Parker
PARKER WAICHMAN, LLP
6 Harbor Park Drive
Port Washington, NY  11050

and

14

Lee Bialostok
Platte, Klarsfeld, Levine & Lachtman, LLP
10 East 40th Street
46th Floor
New York, NY  10016

and

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301

## <u>CERTIFICATE OF SERVICE</u>

This objection has been electronically filed and served on class counsel this 18th day of October, 2012.

/s/ Jerrold Parker_____

15