UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

ORDER
05-MD-1720 (JG) (JO)

JOHN GLEESON, United States District Judge:

The class plaintiffs have moved for preliminary approval of what they have termed the Definitive Class Action Settlement Agreement ("the Settlement Agreement").

In response, I have received a request from a large group of retailers and merchants that I organize a Proposed Objectors' Committee, grant it certain discovery, and set a schedule for a report from that committee. ECF No. 1657. I have received a separate request from certain named plaintiffs and absent members of the proposed class that I clarify whether I will require absent class members to move to intervene in order to apprise the court of their objections to the application for preliminary approval. ECF No. 1667.

I understand from both filings in the case and the considerable media coverage of the proposed settlement that there are objections to the proposal, and I assume there will be more such objections in the future. As in every case, those objections deserve, and will get, careful consideration by the Court.

I am mindful, however, that the threshold for preliminary approval of a proposed class action settlement is meaningfully lower than the threshold for final approval. Preliminary approval is appropriate where the proposal appears to be the product of serious negotiation and further appears to be within the range of possible final approval. *See, e.g., In re Nasdaq Market-*

*Markers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Preliminary approval, followed by a subsequent notice of the proposed settlement to the class, is always without prejudice to objections, argument, a fairness hearing, and, ultimately, potential rejection of final approval. *See, e.g., Sheppard v. Consol. Edison Co.*, No. 94 Cv. 403(JG), 2000 WL 33313540 (E.D.N.Y. Dec. 21, 2000).

Considerations of judicial economy counsel strongly in favor of not converting the preliminary approval process into something akin to the plenary process that attends an application for final approval. I have reviewed the Settlement Agreement, and at first blush it appears to satisfy the threshold requirements for preliminary approval. The parties who contend otherwise shall be heard, in writing, on or before October 31, 2012.

Ordinarily I do not schedule oral argument of preliminary approval motions. However, based on my review of the parties' submissions and consultation with Magistrate Judge Orenstein, it seems clear that there is an expectation among some interested parties that the preliminary approval process should be more involved in this case than in the usual class action. Therefore, oral argument shall occur on November 9, 2012 at 11:30 a.m., and anyone wishing to make that point, or to speak against or in support of preliminary approval, will be permitted to do so.

I see no need to form an Objectors' Committee or to arrange for the discovery requested. The parties seeking that relief have a great deal of sophistication and familiarity with both the terms of the Settlement Agreement and the course of the negotiations that culminated in that agreement. I also see no need to establish procedures for absent class members – who will have ample rights to be heard before any final approval is even considered – to intervene so they

can be heard in connection with the pending application for preliminary approval. Accordingly, those requests are denied.

                                                 So ordered.

                                        John Gleeson, U.S.D.J.

Dated: October 24, 2012
       Brooklyn, New York

3