UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : : : : : : : : : : | MDL No. 1720(JG)(JO) <br><br> Civil No. 05-5075(JG)(JO) <br><br> **ELECTRONICALLY FILED** <br><br> JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING INFORMATION PROVIDED BY FIRST DATA CORPORATION |
| This Document Relates To: <br><br>    ALL ACTIONS. |  |  |

784133_2

WHEREAS, on October 19, 2012, Class Plaintiffs filed a Definitive Class Settlement Agreement as Exhibit 1 to their Motion for Class Settlement Preliminary Approval, DE 1656 (the "Class Settlement Agreement").[1] Pursuant to the Class Settlement Agreement, the Class Plaintiffs have developed a Plan of Administration and Distribution (the "Plan of Administration and Distribution") and a Notice Plan for providing notice of the Class Settlement Agreement to members of the settlement classes (the "Notice Plan"). The Class Settlement Agreement also provides for Class Exclusion Takedown Payments and for 10 basis point interchange reductions as described in the Class Settlement Agreement. The Class Settlement Agreement further requires that Visa, MasterCard, and other entities produce merchant-specific data, which may be used for the purposes described below.

WHEREAS, pursuant to Paragraph 81(d) of the Class Settlement Agreement, Class Plaintiffs have requested certain merchant-specific data and information from First Data Corporation ("First Data") and certain acquirers for whom First Data is the processor (on whose behalf First Data would provide such data and information) (the "Merchant Data"), to be used solely for the purposes described below.

IT IS THEREFORE STIPULATED AND AGREED that , to the extent that First Data produces the requested Merchant Data, the parties stipulate that such production shall be subject to the following conditions and Order of the Court:

1. The Merchant Data shall not be used for any purpose other than for managing or administering the Notice Plan, Plan of Administration and Distribution or for calculating the Class

---

[1] All capitalized terms shall have the same meanings as set forth in the Class Settlement Agreement or as defined herein.

784133_2

Exclusion Takedown Payments or 10 basis point interchange reductions as described in the Class Settlement Agreement.

2. Any and all Merchant Data provided by First Data, including Merchant Data provided by First Data on behalf of its acquirer-clients, shall be maintained under strict confidence. Other than as provided in Paragraphs 3, 4, and 5 below, no portion of the Merchant Data shall be disclosed to any party or non-party to the litigation, including but not limited to Class Plaintiffs' other counsel, Class Plaintiffs' experts or consultants, the Class Plaintiffs, Rule 23(b)(3) Class members and Rule 23(b)(2) Class members, persons and entities that opted out of the Rule 23(b)(3) Settlement Class, or any other person or entity.

3. The complete set of Merchant Data may be disclosed only to the following named individuals, who shall not disclose the complete set of Merchant Data to any other person or entity, and who shall treat the complete set of Merchant Data as "Highly Confidential Information" under the Fourth Amended Protective Order entered in this action: Dave Walden, Zeke Wander, and Gagan Singh of Epiq Class Action and Claims Solutions, Inc., the Class Administrator; Matthew Eisenstein, counsel for the Visa Defendants; Matthew Freimuth, counsel for the MasterCard Defendants; Alexandra S. Bernay and Ryan W. Marth, counsel for Class Plaintiffs and the putative class; and Gary Harvey and Angela McGrath of Wecker Associates. This list of individuals may be altered or amended as the parties and First Data agree. The individuals identified in this Paragraph 3 shall take appropriate steps as separately agreed upon by the parties and First Data to secure and limit hard copy and electronic access to the Merchant Data. Additionally, the individuals identified in this Paragraph 3 shall sign the Confidentiality Agreement attached hereto as Exhibit A before being given access to the complete set of Merchant Data and forward the executed Confidentiality Agreement to Class Counsel listed below.

4. A subset of the Merchant Data regarding individual class member-merchants may be disclosed to those individual class member-merchants and their authorized representatives, as well as to any counsel in the case and the Class Administrator, in connection with the administration of such merchant claims or the calculation of the Class Exclusion Takedown Payments or 10 basis point interchange reductions, or as otherwise required by Paragraph 95(h) of the Class Settlement Agreement, in accordance with and subject to the Fourth Amended Protective Order.

5. Merchant Data may be disclosed to the Court for purposes of facilitating resolution of any disputes regarding the administration and calculation issues identified in paragraph 1 hereto, in accordance with and subject to the Fourth Amended Protective Order.

6. To the extent any portion of Merchant Data is aggregated with merchant-specific data or information provided by Visa, MasterCard, or any other entity, such that said portion is not identifiable as Merchant Data, such aggregated data shall not be subject to the foregoing provisions but shall be governed by the Fourth Amended Protective Order.

7.  Within 30 days of final Court approval of the Class Administrator's final report detailing the claims administration process, the Class Administrator shall retrieve and return to First Data the original and all copies of the Merchant Data and verify that it has done so.

**SO STIPULATED.**

DATED: 11/14/12        _____
                       Co-Lead Counsel for Class Plaintiffs' Representatives

DATED: 11/13/12        _____
                       Visa Counsel

DATED: 11/13/12        _____
                       MasterCard counsel

DATED: 11/13/12        _____, SVP
                       Epiq Class Action & Claims Solutions, Inc.
                       Representative

**IT IS SO ORDERED.**

DATED: _____        _____

- 4 -

784133_2

**EXHIBIT A**
**Confidentiality Agreement**

I, _____ declare that I have read the Joint Stipulation And Order Concerning Information Provided By First Data Corporation dated _____ (the "Order"), entered in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720(JG)(JO), pending in the United States District Court for the Eastern District of New York. I agree to be bound by the terms of the Order, specifically including its requirement that the complete set of Merchant Data shall not be disclosed to any entity or person other than those individuals identified in Paragraph 3 of the Order. I agree to not use any Merchant Data for any purpose other than managing or administering the Notice Plan, Plan of Administration and Distribution, or for calculating the Class Exclusion Takedown Payments or interchange reductions.

I hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York for the purposes of any proceeding to enforce the terms of this Confidentiality Agreement.

I hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: _____    _____
                                                                                              [signature]

- 1 -

784133_2