McCarthy Tétrault LLP
Box 48, Suite 5300
Toronto Dominion Bank Tower
Toronto ON  M5K 1E6
Canada
Tel:  416-362-1812
Fax:  416-868-0673

**mccarthy tetrault**

**F. Paul Morrison**
Direct Line: 416 601-7887
Email: pmorriso@mccarthy.ca

November 26, 2012

The Honorable Magistrate James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Dear Honorable Magistrate James Orenstein:

**Re:** *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* **MDL No. 1720 (JG) (JO) and Watson Class Action VLC-S-S-112003**

We are counsel to The Toronto Dominion Bank ("TD"), a Defendant named in the putative class action (the "Watson Action") commenced in British Columbia by Mary Watson ("Watson"). We write this letter on behalf of the entities listed in the footnote below, all of which are Defendants in the Watson Action in British Columbia[1]. We learned only last week, through one of the parties in the above-captioned matter, that Watson has filed a motion to intervene to seek modification of the Protective Order. We write to request that we be entitled to respond to this motion in order to bring to your attention the following concerns.

1. **No Notice.** Notwithstanding that all the entities on whose behalf this letter is written are defendants in the Watson Action, none was served with David Kovel's letter to you of November 19, 2012, nor with the Declaration of David Jones.

2. **The Cases Are Distinct.** The US MDL proceeding and the Watson Action are not related or "parallel proceedings". First, the actions deal with distinct antitrust markets – the Watson Action is based on a Canadian geographic market and the US MDL proceeding is based on the US market. Second, the actions deal with different time periods. As you know, the US litigation has been active for many years. In contrast, the Watson Action was commenced only in 2011. Watson's lawyers are on record as saying that they commenced the Watson Action following a case commenced in late 2010 by the Canadian Competition Bureau, Canada's anti-trust and competition law regulator. (See attached press release). That case was heard before the Competition Tribunal, an independent regulatory tribunal, in May and June 2012, and its decision is currently under reserve. Finally, the US MDL and Watson cases are founded on different facts, and different legal theories. The Watson case alleges two distinct conspiracies between each network and a number of Canadian banks premised on Canadian law. The US MDL materials are simply not relevant to the Watson Action.

3. **Timing and No Expert Affidavit.** We have difficulty accepting the timing of Watson's request and how Watson's request can be for a proper purpose. David Jones' Declaration asserts that **"in my experience, obtaining access to unredacted expert reports in US antitrust cases has assisted Canadian experts and Canadian courts in parallel Canadian competition cases regarding the existence of plausible methodologies to determine common impact and**

---

[1] This letter is written on behalf of TD, Bank of Montreal ("BMO"), Canadian Imperial Bank of Commerce ("CIBC"), Royal Bank of Canada ("RBC"), Fédération des Caisses Desjardins du Québec, and Bank of America Corporation.



page 2

damages". [Emphasis added]  Contrary to the Jones Declaration, Watson's request cannot be for the benefit of the Plaintiff's expert, James Brander.  The Plaintiff filed its certification material, including a report from an expert, James Brander, on January 9, 2012.  The Defendants filed their responding materials on October 15, 2012.  The Plaintiff's reply materials are due on November 30, 2012.  There is no affidavit before you from Watson's expert explaining the relevance of this material.  As Mr. Brander's reply report, if any, is due together with any other reply materials of the Plaintiff on November 30, 2012, the schedule will not provide for use by Mr. Brander of the materials sought in Watson's request.  The Jones Declaration does not disclose these scheduling details to you.

4. **Discovery Rights in Canada.**  Class actions in Canada are governed by provincial law.  The Jones Declaration asserts that there are <u>limited</u> discovery rights during the pre-certification stage of a class action.  This is incorrect.  In British Columbia, without leave of the Court, the Plaintiff has <u>no discovery rights at all</u> at the pre-certification stage.[2]  The certification motion is decided on affidavit evidence alone.  With leave, or on consent, cross-examinations on the affidavits filed are permitted.  These cross-examinations are not "discovery".  Watson's counsel also asserts that Mary Watson will eventually be allowed discovery.  Respectfully, this submission glosses over a number of factors.  The defendants oppose certification and if that opposition is successful then the Plaintiff will have no right to discovery under the class action process.

5. **Judicial Comity.**  The Chief Justice of the Supreme Court of British Columbia, Justice Robert Bauman, is case managing the Watson action.  There is a case conference scheduled before Justice Bauman on December 12, 2012.  If you were to decide to grant Watson access to the sealed record, we ask that as a matter of judicial comity, you make it an express term of your order that it is up to Justice Bauman to determine when and to what extent, if at all, the US material can be used in the Watson action.  In our view, the principles that emerge from a number of cross-border applications of this kind is that the US court may determine the access issue (of course), but it should be for the BC court to determine if the material is admissible in any way in the Watson action.[3]

We make the above points to you in summary fashion and would be please to provide more detailed submissions if this would be of assistance to you.

We are grateful to the Court for considering this letter submission.

Yours very truly,

F. Paul Morrison
c.c.:   All counsel by ECF
e.c.:   Ward Branch, Reider Mogerman, Canadian Defendants in the Watson class action and all parties to the US MDL 1720 litigation.

#11994835

---

[2] *Clark v. Energy Brands Inc.*, 2012 BCSC 557 at para. 56; *Jones v. Zimmer GMBH*, 2010 BCSC 1504 at paras. 28, 35-36; *Mathews v. Servier Canada Inc.*, [1999] B.C.J. No. 435 (S.C.) at paras. 5-6

[3] *Bryar Law Corporation v. Samsung Electronics Co. Ltd. et. el.*, 2010 BCSC 1661 at para. 38 ; *Vitapharm Canada Ltd. v. F. Hoffmann – La Roche Ltd.*, [2001] O.T.C. 47 (Sup. Ct.) at para. 45; *Penty v. Law Society (British Columbia)*, 1999 B.C.L.R. (3d) 159 at para. 16; and *Penty v. Law Society (British Columbia)*, 1999 BCCA 630 at para. 45.