UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CLASS ACTIONS | MDL Docket No. 1720<br><br>MASTER FILE NO. 1:05-md-1720-JG-JO |

## NOTICE OF APPEAL BY HOME DEPOT U.S.A., INC.

To the clerk of the court and all parties of record:

NOTICE IS HEREBY GIVEN that Objector Home Depot U.S.A., Inc. appeals to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1292(a)(1), from the November 27, 2012 Order (Dkt. 1745), attached as Exhibit A, granting Class Plaintiffs' Motion for Class Settlement Preliminary Approval and enjoining "the members of . . . the Rule 23(b)(2) Settlement Class . . . from challenging in any action or proceeding any matter covered by this Class Settlement Agreement or its release and covenant not to sue provisions . . . ."

| | |
|---|---|
| DATED:   New York, New York<br>             November 27, 2012 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By:  /s/ Stephen R. Neuwirth<br>        Stephen R. Neuwirth<br>        Deborah K. Brown<br>        Steig D. Olson<br><br>51 Madison Avenue, 22nd Floor<br>New York, New York  10010-1601<br>(212) 849-7000<br><br>Attorneys for Objector<br>HOME DEPOT U.S.A., INC. |

# Exhibit A

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Applies to: All Cases. | No. 05-MD-1720 (JG) (JO) |

## CLASS SETTLEMENT PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has considered the Definitive Class Settlement Agreement, including its Appendices, fully executed as of October 19, 2012 (the "Class Settlement Agreement") among the Class Plaintiffs and the Defendants, which sets forth the terms and conditions for a proposed settlement of the Class Actions in MDL 1720, and the termination and disposition of all causes of action against the Defendants in those Class Actions with prejudice;

WHEREAS, the Court has considered the motion of Class Plaintiffs for preliminary approval of the Class Settlement Agreement, the Memorandum of Law and evidence filed in support thereof, the objections to preliminary approval of the Class Settlement Agreement and all evidence filed in support of such objections, and all other papers submitted in connection with the Class Settlement Agreement; and

WHEREAS, the Court held a hearing on November 9, 2012, at which the Court heard argument on whether the Class Settlement Agreement should be preliminarily approved;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1. This Class Settlement Preliminary Approval Order incorporates by reference the definitions in the Class Settlement Agreement, and all terms herein shall have the same meanings as set forth in the Class Settlement Agreement.

2. The Court has subject matter and personal jurisdiction over the Class Plaintiffs, all members of the settlement classes provisionally certified below, and the Defendants.

3. The Court preliminarily approves the Class Settlement Agreement, including specifically the Plan of Administration and Distribution contained in Appendix I of the Class Settlement Agreement, as within the range of a fair, reasonable, and adequate settlement within the meaning of Federal Rule of Civil Procedure 23 and applicable law, and consistent with due process.

4. The Court orders Class Counsel, the Visa Defendants, and the MasterCard Defendants to establish and maintain the Class Settlement Cash Escrow Account(s) and the Class Settlement Interchange Escrow Account(s) as provided in Paragraphs 6-8 of the Class Settlement Agreement, the Class Settlement Cash Escrow Agreement in Appendix B to the Class Settlement Agreement, and the Class Settlement Interchange Escrow Agreement in Appendix C to the Class Settlement Agreement.

5. Based on and pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court provisionally certifies, for settlement purposes only, a Rule 23(b)(3) Settlement Class, from which exclusions shall be permitted, consisting of all persons, businesses, and other entities that have accepted Visa-Branded Cards and/or MasterCard-Branded Cards in the United States at any time from January 1, 2004 to the Settlement Preliminary Approval Date, except that this Class does not include the named Defendants, their directors, officers, or members of their families, financial institutions that have issued Visa- or MasterCard-Branded Cards or acquired Visa- or MasterCard-Branded Card transactions at any time from January 1, 2004 to the Settlement Preliminary Approval Date, or the United States government.

6. Based on and pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(2), the Court provisionally certifies, for settlement purposes only, a Rule 23(b)(2) Settlement Class, from which exclusions shall not be permitted, consisting of all persons, businesses, and other entities that as of the Settlement Preliminary Approval Date or in the future accept any Visa-Branded Cards and/or MasterCard-Branded Cards in the United States, except that this Class shall not include the named Defendants, their directors, officers, or members of their families, financial institutions that have issued Visa- or MasterCard-Branded Cards or acquired Visa- or MasterCard-Branded Card transactions at any time since January 1, 2004, or do so in the future, or the United States government.

7. The definitions of the proposed classes in the Operative Class Complaints are hereby amended to be the same as the settlement classes provisionally certified above.

8. In the event of termination of the Class Settlement Agreement as provided therein, certification of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class shall automatically be vacated and each Defendant may fully contest certification of any class as if no Rule 23(b)(3) Settlement Class or Rule 23(b)(2) Settlement Class had been certified.

9. The Court finds and concludes that the Class Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class, and appoints them to serve as the representatives of those Settlement Classes. Based on and pursuant to the criteria of Federal Rule of Civil Procedure 23(g), the Court appoints the law firms of Robins, Kaplan, Miller & Ciresi L.L.P., Berger & Montague, P.C., and Robbins Geller Rudman & Dowd LLP to serve as Class Counsel.

10.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

11.     The Court appoints Epiq Systems, Inc. as the Class Administrator to assist Class Counsel in effectuating and administering the Notice Plan delineated in Appendix E to the Class Settlement Agreement and the exclusion process for Opt Outs, in analyzing and evaluating the amount of the Class Exclusion Takedown Payments and the Default Interchange Payments, and in effectuating and administering the claims process for members of the Rule 23(b)(3) Settlement Class.

12.     The Court determines that notice should be provided to members of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class, but that exclusion rights should be afforded only to members of the Rule 23(b)(3) Settlement Class as to their participation in the Rule 23(b)(3) Settlement Class.

13.     The Court approves the method of notice to be provided to the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class that is described in the Class Settlement Agreement and in the Notice Plan contained in Appendix E to the Class Settlement Agreement, including use of the long-form website and mail notice and the publication notice contained in Appendix F to the Class Settlement Agreement. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Rule 23(b)(3) Settlement Class and Rule 23(b)(2) Settlement Class that would be bound by the Class Settlement Agreement and to apprise them of the Action, the terms and conditions of the Class Settlement Agreement, their right to opt out and be excluded from the Rule 23(b)(3) Settlement Class, and to object to the Class Settlement Agreement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

14. Consistent with the Notice Plan, the Court directs the Class Administrator, as soon as practicable following the Court's entry of this Class Settlement Preliminary Approval Order, but before commencement of the mail and publication notice, to establish the dedicated Case Website, post office box, and toll-free telephone line for providing notice and information to members of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class, and receiving exclusion requests from members of the Rule 23(b)(3) Settlement Class.

15. Within ninety days following the Court's entry of this Class Settlement Preliminary Approval Order, the Class Administrator shall complete the mail and publication notice to members of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class that is described in the Notice Plan, using the long form mail notice and the publication notice contained in Appendix F to the Class Settlement Agreement.

16. As explained in the long-form notice and publication notice, any member of the Rule 23(b)(3) Settlement Class that does not wish to participate in the Rule 23(b)(3) Settlement Class shall have until one hundred eighty days after the Court's entry of this Class Settlement Preliminary Approval Order— i.e., ninety days after the last date for completion of the mail and publication notice (the "Class Exclusion Period")— to submit a request to become an Opt Out and be excluded from the Rule 23(b)(3) Settlement Class.

17. A member of the Rule 23(b)(3) Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail with postage prepaid and postmarked within the Class Exclusion Period. The written request must be signed by a person authorized to do so, and provide all of the following information:

    (a) The words "In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation."

(b) A statement of the Rule 23(b)(3) Settlement Class member's full name, address, telephone number, and taxpayer identification number.

(c) A statement that the Rule 23(b)(3) Settlement Class member desires to be excluded from the Rule 23(b)(3) Settlement Class, and by what position or authority he or she has the power to exclude the member from the Rule 23(b)(3) Settlement Class.

(d) The business names, brand names, and addresses of any stores or sales locations whose sales the Rule 23(b)(3) Settlement Class member desires to be excluded from the Rule 23(b)(3) Settlement Class.

18. As also explained in the long-form notice and publication notice, any Rule 23(b)(3) Settlement Class member that does not submit a request for exclusion, or any Rule 23(b)(2) Settlement Class member, shall have until one hundred eighty days after the Court's entry of the Class Settlement Preliminary Approval Order— i.e., ninety days after the last date for completion of the mail and publication notice (the "Class Objection Period")— to submit an objection to the Class Settlement Agreement, any request for Attorneys' Fee Awards, any request for Expense Awards, or any request for Class Plaintiffs' Awards (be an "Objector"), and to file any notice to appear.

19. Such an Objector must file a written statement of objections with the Court within the Class Objection Period, and send it to the following designees of Class Counsel and counsel for the Defendants, by first-class mail and postmarked within the Class Objection Period:

Designee of Class Counsel: Alexandra S. Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101-3301.

Designee of Defendants: Wesley R. Powell, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019.

20. The Objector's written statement of objections must: (a) contain the words "In re Interchange Fee and Merchant Discount Antitrust Litigation"; (b) state each and every objection

of the Objector and the specific reasons therefor; (c) provide all legal support and all evidence that the Objector wishes to bring to the Court's attention in support of any objection; (d) state the full name and address and telephone number of the Objector; (e) provide information sufficient to establish that the Objector is a member of the Rule 23(b)(3) Settlement Class and/or the Rule 23(b)(2) Settlement Class; and (f) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objections.

21. In addition, any Objector or counsel for an Objector that desires to appear at the final approval hearing must file with the Court within the Class Objection Period, and send to the designees of Class Counsel and the Defendants identified above, by first class mail and postmarked within the Class Objection Period, a separate notice of intention to appear that identifies by name, position, address, and telephone number each person who intends to appear at the final approval hearing on behalf of the Objector.

22. Prior to forty five days before the end of the Class Exclusion Period and Class Objection Period — i.e., within one hundred thirty five days after the Court's entry of this Class Settlement Preliminary Approval Order — Class Counsel will file all motion and supporting papers seeking the Court's final approval of the Class Settlement Agreement, and the Court's approval of any Attorneys' Fee Awards, Expense Awards, or Class Plaintiffs' Awards with respect to any Class Action in MDL 1720. Class Counsel will also file any additional details regarding the Plan of Administration and Distribution, after timely and regular consultation with the Defendants and subject to the Court's approval, prior to forty-five days before the end of the Class Exclusion Period and Class Objection Period. Class counsel will provide notice of such motions and any additional details to members of the Rule 23(b)(3) Settlement Class and to members of the Rule 23(b)(2) Settlement Class by causing all such motions and supporting

7

papers, and any additional details regarding the Plan of Administration and Distribution, to be posted prominently on the Case Website prior to, or simultaneously with, their filing with the Court.

23. Within one hundred ninety-five days after the Court's entry of the Class Settlement Preliminary Approval Order— i.e., within fifteen days after the conclusion of the Class Exclusion Period — the Class Administrator shall prepare a report, and file it with the Court and provide it to the following designees of Class Counsel, the Visa Defendants, the MasterCard Defendants, and the Bank Defendants:

> Designee of Class Counsel: Alexandra S. Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101-3301.
>
> Designee of Visa Defendants: Matthew A. Eisenstein, Arnold & Porter LLP, 555 Twelfth Street, NW, Washington, DC 20004.
>
> Designee of MasterCard Defendants: Wesley R. Powell, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019.
>
> Designee of Bank Defendants: Peter E. Greene, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036.

24. The Class Administrator's report shall:

(a) Confirm that the Notice Plan was carried out and that the website notice, mail notice, publication notice, and any other notice to members of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class was provided in the manner directed by the Court.

(b) Identify the date when the Case Website was fully established and its content made available to the members of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class, the date or dates on which mail notices were mailed, the dates of the publication notices, and the date or dates of any other notice directed by the Court.

(c) List each member of the Rule 23(b)(3) Settlement Class that sought to become an Opt Out and be excluded from the Rule 23(b)(3) Settlement Class, and on what date

8

the request to be excluded was postmarked and received, and state whether the Rule 23(b)(3) Settlement Class member's request for exclusion was timely and properly made.

(d) Attach a copy of all documentation concerning each request for exclusion that the Class Administrator received, with any taxpayer identification number, or other confidential information filed under seal with the Court.

25. As provided in the Class Settlement Agreement, within approximately two hundred forty days after the Court's entry of the Class Settlement Preliminary Approval Order, in the event that the Class Plaintiffs and the Defendants have not resolved all differences regarding the amount of the Class Exclusion Takedown Payments to be made to the Visa Defendants and the MasterCard Defendants, they shall submit their dispute to the Court for resolution in connection with the final approval hearing, so that the Court's Class Settlement Order and Final Judgment may identify each Opt Out and state the Class Exclusion Takedown Payments to be made, respectively, to the Visa Defendants and to the MasterCard Defendants from the Class Settlement Cash Escrow Account(s) as provided in the Class Settlement Agreement.

26. The Class Administrator's expenses for the foregoing notice and exclusion activities, including those of any third-party vendors it uses to perform tasks necessary for the implementation or effectuation of its duties, shall be paid from the Class Settlement Cash Escrow Account(s). In no event shall any Defendant, Rule 23(b)(3) Settlement Class Released Party, or Rule 23(b)(2) Settlement Class Released Party have any obligation, responsibility, or liability with respect to the Class Administrator, the Notice Plan, or the exclusion procedures for members of the Rule 23(b)(3) Settlement Class, including with respect to the costs, administration expenses, or any other charges for any notice and exclusion procedures.

27.     The Court will hold a final approval hearing at least two hundred eighty five days after the Court's entry of this Class Settlement Preliminary Approval Order, at *10* o'clock on *September 12* 2013, at the Courthouse for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At that final approval hearing, the Court will conduct an inquiry as it deems appropriate into the fairness, reasonableness, and adequacy of the Class Settlement Agreement, address any objections to it, and determine whether the Class Settlement Agreement and the Plan of Administration and Distribution should be finally approved, whether final judgment should be entered thereon, and whether to approve any motions for Attorneys' Fee Awards, Expense Awards, and Class Plaintiffs' Awards.

28.     The Court stays all further proceedings in this Action as between the Class Plaintiffs or any other plaintiff in a putative class action consolidated in MDL 1720, and the Defendants or any other defendant in a putative class action consolidated in MDL 1720, except for proceedings in MDL 1720 related to effectuating and complying with the Class Settlement Agreement, pending the Court's determination of whether the Class Settlement Agreement should be finally approved or the termination of the Class Settlement Agreement.

29.     The Court enjoins the members of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class, pending the Court's determination of whether the Class Settlement Agreement should finally be approved or the termination of the Class Settlement Agreement, from challenging in any action or proceeding any matter covered by this Class Settlement Agreement or its release and covenant not to sue provisions, except for (a) proceedings in MDL 1720 related to effectuating and complying with the Class Settlement Agreement; and (b) any Opt Out's claims for damages based on any conduct, acts, transactions, events, occurrences, statements, omissions, or

10

failures to act of any Rule 23(b)(3) Settlement Class Released Party prior to the date of the Court's entry of this Class Settlement Preliminary Approval Order.

IT IS SO ORDERED.

DATED: _November 27, 2012_

s/John Gleeson
_____
THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE