UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : : : : : : : : : | MDL No. 1720(JG)(JO)<br><br>Civil No. 05-5075(JG)(JO)<br><br>**ELECTRONICALLY FILED**<br><br>DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF LETTER MOTION TO COMPEL THIRD PARTY FIRST DATA CORPORATION |
| This Document Relates To:<br><br>ALL ACTIONS. | | |

795682_1

I, ALEXANDRA S. BERNAY, declare as follows:

1.     I am an attorney duly licensed to practice before all of the courts of the State of California and am admitted *pro hac vice* in this action. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, Co-Lead Counsel for Class Plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

2.     I submit this declaration in support of Class Plaintiffs' letter motion regarding First Data's failure to produce class member identification data in response to a subpoena served on July 26, 2012.

3.     Attached hereto are true and correct copies of the following documents:

Exhibit 1:   First Data Corporation Subpoena to Produce Documents, Information or Objects, dated July 26, 2012;

Exhibit 2:   Email dated November 14, 2012 from Bernay to Reiten;

Exhibit 3:   Email dated November 26, 2012 from Bernay to Reiten;

Exhibit 4:   Email dated November 30, 2012 from Bernay to Reiten;

Exhibit 5:   Email dated December 4, 2012 from Bernay to Reiten;

Exhibit 6:   Email dated December 5, 2012 from Reiten to Bernay;

Exhibit 7:   Email dated December 6, 2012 from Bernay to Reiten;

Exhibit 8:   Email dated December 6, 2012 from Alexis to Bernay;

Exhibit 9:   Email dated December 6, 2012 from Bernay to Alexis; and

Exhibit 10:  The Nilson Report, Issue 990 March 2012.

4.     In addition to email correspondence, the parties engaged in numerous telephonic meet and confers regarding the subpoena, primarily related to First Data's concerns regarding confidentiality and data security. I participated in more than five of these calls with First Data and

also took part in calls with Visa's and MasterCard's counsel regarding various iterations of a proposed Protective Order. First Data insisted throughout the negotiations that it would not produce data without an additional protective order being entered by the Court. Over the course of many months, the parties negotiated a separate protective order governing any production by First Data. This was entered by the Court on November 14, 2012.

5. I also received voicemails from counsel for First Data regarding the subpoena. On November 28, 2012 I received a voicemail from counsel for First Data that stated that data was being burned on to encrypted media and that First Data expected to produce the data by the end of the following week, which would have been December 7. The voicemail did not respond to my questions regarding the entities for whom First Data would be providing data.

6. I left a voicemail for First Data's counsel on November 29, 2012. In the message I asked for clarification regarding the expected date for production and also asked for information concerning the identity of the acquirers for whom First Data was expected to produce.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 7th day of December, 2012, at San Diego, California.

                                                         s/ Alexandra S. Bernay
                                                       ALEXANDRA S. BERNAY