**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

K. Craig Wildfang
KCWildfang@rkmc.com
612-349-8554

December 10, 2012

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* Case No. 1:05-md-1720-(JG)(JO)

Dear Judge Orenstein:

    I write on behalf of Class Plaintiffs to renew and supplement our motion of October 12, 2011 [D.E. 1531][1] to compel certain documents from third party American Express. We respectfully request that the Court issue an order in the form of the attached proposed order[2] compelling the production of the 59 documents enumerated in the October 2011 motion, and 39 documents relating to the same topic that have since been produced in *In re American Express Anti-Steering Rules Antitrust Litigation*, MDL 2221 ("*Amex ASR*"). In the alternative, Class Plaintiffs request leave of Court to serve a subpoena on American Express that requests the documents referenced in this motion. Class Plaintiffs respectfully request oral argument on this motion at a mutually convenient time after American Express submits its response.

    As Judge Gleeson made clear at the preliminary-approval hearing, the efficacy of merchant surcharging as a competition-inducing tool is centrally relevant to the evaluation of the injunctive relief in the settlement agreement. Counsel in *Amex ASR* have advised Class counsel, in general terms, that the documents referenced in this motion contain singularly powerful evidence regarding the efficacy of merchant surcharging in fostering competitive pressures in the marketplace. We understand that these documents relate to American Express's experience with merchant surcharging in Australia after it rescinded its

---

[1]     For the Court's convenience, the parties' briefing on this motion is attached as Exhibit 1.
[2]     Exhibit 2.

ATLANTA      BOSTON      LOS ANGELES      MINNEAPOLIS      NAPLES      NEW YORK

December 10, 2012
Page 2

anti-surcharging rules in connection with the RBA reforms.[3] More specifically, we understand that the documents focus largely on Amex's experiences beginning in 2007-08, when merchant surcharging in Australia began to take hold. According to counsel in that litigation—some of whom are also among Class counsel and Individual Plaintiffs' counsel in MDL 1720—these documents will provide a significantly clearer picture of the real value and efficacy of merchant surcharging than any other documents produced to date in MDL 1720.[4] This motion is not within the scope of the stay issued by this Court in its Preliminary Approval Order because it helps effectuate the Class Settlement Agreement by assisting the Court in determining whether to finally approve the settlement.[5]

Class Plaintiffs served the subpoena on American Express on November 9, 2007 and amended it on November 14, 2008.[6] Class Plaintiffs' October 2011 motion was fully briefed but never decided. On October 24, 2012, Class counsel wrote a letter to counsel for American Express, asking that it produce the documents in the proposed order.[7] On a telephone conference on November 21, American Express refused, which it confirmed on November 29. The parties are therefore at impasse.

We do not understand American Express to question the relevance of the requested documents. Instead, it claimed that it is excused from compliance because: (i) the request for documents occurred after the close of discovery; (ii) compliance would impose undue burden on it; and (iii) it was entitled to special treatment as a "nonparty." None of these arguments justify American Express's resistance.

*First*, the discovery cutoff is irrelevant to this motion because American Express has a duty to supplement its discovery responses, even after the discovery close. Rule 45 imposes the same obligations on subpoena recipients as parties to litigation.[8] Under Rule 26(e), a party must supplement its discovery responses if it

---

[3] The RBA ordered Visa and MasterCard to decrease their interchange rates and repeal their no-surcharge rules. The RBA also secured "voluntary undertakings" from American Express and Diner's Club to repeal their own restrictions on merchant surcharging. *See* Reserve Bank of Australia, Reform of Australia's Payments System: Conclusions of the 2007/08 Review, Table 1 (Sept. 2008) *available at http://www.rba.gov.au/payments-system/reforms/review-card-reforms/index.html*.
[4] We have not been advised of the content of the documents sought, but we understand all of these documents are responsive to Request Nos. 4-8 in Class Plaintiffs' Subpoena to American Express. *See* Exhibit A to Cl. Pls' Oct. 12, 2011 Ltr. Br. [Exhibit 1 to this motion.]
[5] *See* Prelim. App. Or., Dkt. # 1745 ¶ 28 (Nov. 27, 2012).
[6] *See* Exhibit A to Cl. Pls' Oct. 12, 2011 Ltr. Br. [Exhibit 1 to this motion.]
[7] Ltr., R. Marth to P. Korologos, Oct. 24, 2012. [Exhibit 3.]
[8] Fed. R. Civ. P. 45, Adv. Cmte. Notes, 1991 Am., subd (a).

December 10, 2012
Page 3

"learns that in some material respect [its response] is incomplete or incorrect," or "as ordered by the Court." The "unexplained and unexcused delay" that American Express attributed to Class Plaintiffs in its prior motion response does not relieve it of its obligations under Rule 45. Moreover, while the requested documents were produced in *AmEx ASR*, they were not produced there until some years after the close of discovery in this case. Thus, Class Plaintiffs had no way to know of the existence of these documents –which should have been produced here in any event.[9]

*Second*, the alleged burden to American Express is non-existent. American Express claims that producing the requested documents requires it to provide notice to third parties (for example, merchants) whose commercial arrangements are reflected in those documents. We are advised by counsel in the *Amex ASR* cases, however, that third-party information is minimal in the documents sought, and could readily be redacted or anonymized. In fact, American Express produced some documents in MDL 1720 with merchants' names redacted or anonymized. This "burden" is also overstated inasmuch as American Express has already provided notice to the appropriate parties that information relating to them would be produced in Amex ASR.

*Third*, American Express is not the "quintessential disinterested bystander" that courts seek to protect from third-party discovery.[10] American Express has rules similar to those being reformed in MDL 1720, which are the subject of coordinated proceedings before Judge Garaufis. As American Express acknowledges in its objection, its "*primary interest*" is maintaining its own anti-steering restraints[11] — an objective that has been enabled by the presence of Visa and MasterCard's anti-steering rules. One of the significant benefits of the rules reforms obtained by Class Plaintiffs is that the substantial rescission of Visa and MasterCard's rules exposes American Express's policies to new competitive pressures. American Express has a clear stake here and should not be allowed to benefit from the fact that its case is pending down the hall from this one.

---

[9]     *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 80 (W.D.N.Y. 2011) (ordering supplementation of discovery responses with documents created after close of discovery); *See Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 19-21 (S.D.N.Y. 1995) (compelling plaintiff to produce records created after its initial response to defendant's request).

[10]    *See Dow Chem. Co. v. Reinhard*, 2008 U.S. Dist. LEXIS 35398, at *5 (S.D.N.Y. Apr. 29, 2008).

[11]    Obj. of American Express at 9 [D.E. 1680] (Nov. 2, 2012) ("American Express' primary interest is to protect its ability to compete effectively against Visa and MasterCard in the payments industry by, among other things, shielding its consumers from discriminatory treatment imposed by merchants (including surcharges)."

December 10, 2012
Page 4

      There is no dispute that the documents Class Plaintiffs request will be highly relevant at final approval. As set forth above, American Express's arguments for resisting production are not justified. Class Plaintiffs therefore respectfully request that the Court grant their motion and issue an order in the form of the attached, proposed Order.

                                            Respectfully submitted,

                                            *s/ K. Craig Wildfang*

                                            K. Craig Wildfang

cc:    All counsel of record (via ECF)

83553164.1