STATEMENT OF OBJECTIONS
(FOR MERCHANTS WHO ALSO OPT OUT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 28 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

05md1720

----------------------------------------------------------- x
In re PAYMENT CARD INTERCHANGE  :
FEE AND MERCHANT DISCOUNT       :   No. 05-MD-01720 (JG)(JO)
ANTITRUST LITIGATION            :
----------------------------------------------------------- x

RECEIVED
APR 0 2013
CHAMBERS OF JUDGE GLEESON

Statement of Objections

I am a member of the plaintiff class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. I am a class member because I operate [business name and address] **Sonic Drive In of Paragould 4711 N. Kings Highway Paragould AR 72450**

and I have accepted Visa and/or MasterCard from [approximate date] **June 2004**

until ["present," or approximate date] **present**.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement does not address Visa's and MasterCard's price-fixing of interchange rates for the banks, the subject of the core claims in the case. The proposed settlement actually validates that practice, enabling Visa and MasterCard to continue to illegally fix fees for the banks that merchants and their customers have no choice but to pay. Our portion of the compensatory relief amounts to only a fraction of what we pay in interchange, and given that Visa and MasterCard can continue to fix interchange, they can recoup the settlement amount by raising interchange rates in the future.

2. Instead of addressing the core claims in the case, the settlement merely provides merchants with a limited ability to surcharge Visa and MasterCard credit card transactions that is of little value to us.

3. *[If merchant operates in one of the ten states that prohibit surcharging: CA, CO, CT, FL, KS, ME, MA, NY, OK and TX]*
We operate stores in the state(s) of **Arkansas**
which prohibit surcharging of credit card transactions. Because of this law, the principal relief is of no value to us.

4. *[If merchant accepts American Express]* We accept American Express transactions. The settlement limits our ability to surcharge Visa and MasterCard credit card transactions because under its terms we can only surcharge Visa and MasterCard transactions if we also surcharge American Express transactions. However, we cannot surcharge American Express transactions under our contract with American Express. Since we cannot realistically drop American Express to avoid this limitation, this is another reason why we cannot take advantage of the surcharging relief in the settlement.

257065.1

5. The proposed settlement includes unacceptable obligations, such as requiring us to disclose to customers at the point of sale that we are imposing the surcharge, when in fact the only reason we would charge such fees is the onerous fees set by Visa and MasterCard. The settlement also requires us to disclose to Visa and MasterCard that we are imposing the surcharge, which is an effort to intimidate us.
6. The release will not allow me to protect against mistreatment by Visa and MasterCard. It purports to cover all Visa and MasterCard rules and conduct that were in place upon preliminary approval, and all future rules and future conduct that are substantially similar to rules and conduct in place at preliminary approval. These rules are unfair and cause problems for my business.
7. Based on the outcome of the settlement, we do not believe the lawyers who negotiated it represented our best interests.

My personal information is:

Name [first, middle, last]: Carlton Keith Bryson

Address: 5404 Woodbury Cove Paragould AR 72450

Phone No.: 870 335 5202

*[If your own lawyer is representing you with respect to the settlement]* The contact information for my lawyer is:

Dated: 3-23-2013

Signed: Keith Bryson

Printed name: Keith Bryson

Merchant name: Sonic of Paragould

Address: 4711 W. Kings highway
Paragould AR 72450

257065.1

STATEMENT OF OBJECTIONS
(FOR MERCHANTS WHO ALSO OPT OUT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re PAYMENT CARD INTERCHANGE :
FEE AND MERCHANT DISCOUNT : No. 05-MD-01720 (JG) (JO)
ANTITRUST LITIGATION :
-------------------------------------------------------------x

Statement of Objections

I am a member of the plaintiff class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. I am a class member because I operate *[business name and address]* Sonic 10314 Hwy 63 N Bono AR 72416

and I have accepted Visa and/or MasterCard from *[approximate date]* July 2005

until *["present," or approximate date]* present.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement does not address Visa's and MasterCard's price-fixing of interchange rates for the banks, the subject of the core claims in the case. The proposed settlement actually validates that practice, enabling Visa and MasterCard to continue to illegally fix fees for the banks that merchants and their customers have no choice but to pay. Our portion of the compensatory relief amounts to only a fraction of what we pay in interchange, and given that Visa and MasterCard can continue to fix interchange, they can recoup the settlement amount by raising interchange rates in the future.
2. Instead of addressing the core claims in the case, the settlement merely provides merchants with a limited ability to surcharge Visa and MasterCard credit card transactions that is of little value to us.
3. *[If merchant operates in one of the ten states that prohibit surcharging: CA, CO, CT, FL, KS, ME, MA, NY, OK and TX]*
We operate stores in the state(s) of Arkansas
which prohibit surcharging of credit card transactions. Because of this law, the principal relief is of no value to us.
4. *[If merchant accepts American Express]* We accept American Express transactions. The settlement limits our ability to surcharge Visa and MasterCard credit card transactions because under its terms we can only surcharge Visa and MasterCard transactions if we also surcharge American Express transactions. However, we cannot surcharge American Express transactions under our contract with American Express. Since we cannot realistically drop American Express to avoid this limitation, this is another reason why we cannot take advantage of the surcharging relief in the settlement.

257065.1

5. The proposed settlement includes unacceptable obligations, such as requiring us to disclose to customers at the point of sale that we are imposing the surcharge, when in fact the only reason we would charge such fees is the onerous fees set by Visa and MasterCard. The settlement also requires us to disclose to Visa and MasterCard that we are imposing the surcharge, which is an effort to intimidate us.
6. The release will not allow me to protect against mistreatment by Visa and MasterCard. It purports to cover all Visa and MasterCard rules and conduct that were in place upon preliminary approval, and all future rules and future conduct that are substantially similar to rules and conduct in place at preliminary approval. These rules are unfair and cause problems for my business.
7. Based on the outcome of the settlement, we do not believe the lawyers who negotiated it represented our best interests.

My personal information is:

Name [first, middle, last]: Carlton Keith Bryson

Address: 5404 Woodbury Cove Paragould AR 72450

Phone No.: 870 335 5202

[If your own lawyer is representing you with respect to the settlement] The contact information for my lawyer is:

Dated: 3-23-2013

Signed: Keith Bry

Printed name: Keith Bryson

Merchant name: Sonic of Bono

Address: 10314 Hwy 63 N Bono AR 72416

257065.1

STATEMENT OF OBJECTIONS
(FOR MERCHANTS WHO ALSO OPT OUT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re PAYMENT CARD INTERCHANGE :
FEE AND MERCHANT DISCOUNT    :   No. 05-MD-01720 (JG) (JO)
ANTITRUST LITIGATION         :
------------------------------------------------------------ x

Statement of Objections

I am a member of the plaintiff class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. I am a class member because I operate *[business name and address]* Sonic of Jonesboro 7405 E. Johnson Av. Jonesboro AR 72401

and I have accepted Visa and/or MasterCard from *[approximate date]* July 2006

until *["present," or approximate date]* Present.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement does not address Visa's and MasterCard's price-fixing of interchange rates for the banks, the subject of the core claims in the case. The proposed settlement actually validates that practice, enabling Visa and MasterCard to continue to illegally fix fees for the banks that merchants and their customers have no choice but to pay. Our portion of the compensatory relief amounts to only a fraction of what we pay in interchange, and given that Visa and MasterCard can continue to fix interchange, they can recoup the settlement amount by raising interchange rates in the future.
2. Instead of addressing the core claims in the case, the settlement merely provides merchants with a limited ability to surcharge Visa and MasterCard credit card transactions that is of little value to us.
3. *[If merchant operates in one of the ten states that prohibit surcharging: CA, CO, CT, FL, KS, ME, MA, NY, OK and TX]*
We operate stores in the state(s) of Arkansas which prohibit surcharging of credit card transactions. Because of this law, the principal relief is of no value to us.
4. *[If merchant accepts American Express]* We accept American Express transactions. The settlement limits our ability to surcharge Visa and MasterCard credit card transactions because under its terms we can only surcharge Visa and MasterCard transactions if we also surcharge American Express transactions. However, we cannot surcharge American Express transactions under our contract with American Express. Since we cannot realistically drop American Express to avoid this limitation, this is another reason why we cannot take advantage of the surcharging relief in the settlement.

257065.1

5. The proposed settlement includes unacceptable obligations, such as requiring us to disclose to customers at the point of sale that we are imposing the surcharge, when in fact the only reason we would charge such fees is the onerous fees set by Visa and MasterCard. The settlement also requires us to disclose to Visa and MasterCard that we are imposing the surcharge, which is an effort to intimidate us.
6. The release will not allow me to protect against mistreatment by Visa and MasterCard. It purports to cover all Visa and MasterCard rules and conduct that were in place upon preliminary approval, and all future rules and future conduct that are substantially similar to rules and conduct in place at preliminary approval. These rules are unfair and cause problems for my business.
7. Based on the outcome of the settlement, we do not believe the lawyers who negotiated it represented our best interests.

My personal information is:

Name *[first, middle, last]*: Carlton Keith Bryson

Address: 5404 Windbury Cove Paragould AR 72450

Phone No.: 870 335 5202

*[If your own lawyer is representing you with respect to the settlement]* The contact information for my lawyer is:

Dated: 3-23-2013

Signed: Keith Bry

Printed name: Keith Bryson

Merchant name: Sonic of Jonesboro

Address: 4405 E Johnson Av
Jonesboro AR 72401

257065.1

STATEMENT OF OBJECTIONS
(FOR MERCHANTS WHO ALSO OPT OUT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re PAYMENT CARD INTERCHANGE
FEE AND MERCHANT DISCOUNT                                 :    No. 05-MD-01720 (JG) (JO)
ANTITRUST LITIGATION                                      :
------------------------------------------------------------ x

Statement of Objections

I am a member of the plaintiff class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. I am a class member because I operate *[business name and address]* Sonic of Portageville 160 Hwy 162 Portageville MO 63873

and I have accepted Visa and/or MasterCard from *[approximate date]* August 2008

until *["present," or approximate date]* present.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement does not address Visa's and MasterCard's price-fixing of interchange rates for the banks, the subject of the core claims in the case. The proposed settlement actually validates that practice, enabling Visa and MasterCard to continue to illegally fix fees for the banks that merchants and their customers have no choice but to pay. Our portion of the compensatory relief amounts to only a fraction of what we pay in interchange, and given that Visa and MasterCard can continue to fix interchange, they can recoup the settlement amount by raising interchange rates in the future.
2. Instead of addressing the core claims in the case, the settlement merely provides merchants with a limited ability to surcharge Visa and MasterCard credit card transactions that is of little value to us.
3. *[If merchant operates in one of the ten states that prohibit surcharging: CA, CO, CT, FL, KS, ME, MA, NY, OK and TX]*
   We operate stores in the state(s) of Missouri
   which prohibit surcharging of credit card transactions. Because of this law, the principal relief is of no value to us.
4. *[If merchant accepts American Express]* We accept American Express transactions. The settlement limits our ability to surcharge Visa and MasterCard credit card transactions because under its terms we can only surcharge Visa and MasterCard transactions if we also surcharge American Express transactions. However, we cannot surcharge American Express transactions under our contract with American Express. Since we cannot realistically drop American Express to avoid this limitation, this is another reason why we cannot take advantage of the surcharging relief in the settlement.

257065.1

5. The proposed settlement includes unacceptable obligations, such as requiring us to disclose to customers at the point of sale that we are imposing the surcharge, when in fact the only reason we would charge such fees is the onerous fees set by Visa and MasterCard. The settlement also requires us to disclose to Visa and MasterCard that we are imposing the surcharge, which is an effort to intimidate us.
6. The release will not allow me to protect against mistreatment by Visa and MasterCard. It purports to cover all Visa and MasterCard rules and conduct that were in place upon preliminary approval, and all future rules and future conduct that are substantially similar to rules and conduct in place at preliminary approval. These rules are unfair and cause problems for my business.
7. Based on the outcome of the settlement, we do not believe the lawyers who negotiated it represented our best interests.

My personal information is:

Name [first, middle, last]: Carlton Keith Bryan

Address: 5404 Woodbury Cove Paragould AR 72450

Phone No.: 870 335 5202

*[If your own lawyer is representing you with respect to the settlement]* The contact information for my lawyer is:

_____

Dated: 3 23 2013

Signed: Keith Bry

Printed name: Keith Bryan

Merchant name: Sonic of Portageville

Address: 160 E. State Hwy 162
Portageville MO 63873

257065.1