UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

IN RE PAYMENT CARD INTERCHANGE
FEE AND MERCHANT DISCOUNT
ANTITRUST LITIGATION

ORDER
05-MD-1720 (JG) (JO)

JOHN GLEESON, United States District Judge:

I have reviewed the parties' April 19, 2013 submissions.  This order supplements my order dated April 11, 2013 granting certain relief requested by Class Plaintiffs.  It is hereby ORDERED as follows:

1. The Class Plaintiffs' request for a "Long-Form Banner" and "Short-Form Banner" is granted, both with respect to content and placement, with one exception set forth below.  I am persuaded that the placement of the banners on the home pages is necessary; merchants who have already acted on misleading information are not likely to revisit the pages on the websites that specifically address the proposed settlement.  The one exception to this ruling is as follows: with respect to only www.natso.com, the banner may be placed on the first page that substantively discusses the proposed settlement and the words "various websites" may be substituted for "this website and others like it."

2. Websites that choose to express an opinion that opting out in addition to objecting will lend greater weight to the objection may continue to do so.  However, in fairness to the merchants, any website that chooses to express such a view shall include, immediately following any such expression, the following statement: "However, Judge Gleeson has directed that we inform you that opting out of the settlement and objecting to it are entirely distinct

actions, and that as far as the Court is concerned, the persuasiveness of a merchant's objection is the same whether or not the merchant who objects has also opted out of the proposed settlement."

    3. The Trade Association Plaintiffs shall provide notice to Class Counsel of any class-wide communications of any type (*i.e.*, whether on their websites or in any other form) relating to the proposed settlement. Wherever practical, the notification shall occur no later than 72 hours (excluding weekends) in advance of the communication; in no event shall it be later than simultaneously. This order affords Class Plaintiffs no "pre-screening" rights, as the objectors suggest, but rather will better enable Class Plaintiffs to seek effective relief from the Court in the event any such communications threaten to mislead class members. I reject categorically the Trade Association Plaintiffs' claim that the First Amendment prevents the Court from ensuring that the class members are not further misled and misinformed about the proposed settlement. All parties remain free to express their views regarding the merits of the proposed settlement, but basic fairness to the class members requires that the communications with them contain neither false nor misleading information. Indeed, the impact of their "decisions" to opt out or object is necessarily diluted to the extent that they may have been based on such information.

    4. There shall be no corrective notice at this time to class members who have opted out or objected. Having reviewed the Trade Association Plaintiffs' proposed notice, I conclude that it would serve mainly to create further confusion. There are several options for remedying the damages already inflicted by the challenged websites; one or more will be selected in the event the proposed settlement is approved.

5. Class Counsel are invited to send a copy of this order, my order dated April 11, 2013 and the related papers to other trade association websites that are not the subject of this motion. Those websites are respectfully expected to follow both the letter and the spirit of the orders. However, absent notice and an opportunity to be heard those websites are not subject to court orders.

6. The Trade Association Plaintiffs' requests for relief are denied as both procedurally defective and without merit.

7. The merchantsobject.com site continues to this day to obfuscate the important differences between opting out and objecting, and it fails to adequately inform a visitor to the site of the consequences of opting out. The creators of that site appear to include the following Trade Association Plaintiffs: National Association of Convenience Stores; National Association of Truck Stop Operators; National Community Pharmacists Association; National Cooperative Grocers Association; National Grocers Association; and the National Restaurant Association. Those entities are therefore ordered to show cause in writing on or before Tuesday, April 30, 2013 why (1) they should not be adjudicated in contempt of my order dated April 11, 2013; and (2) why I should not order the termination of merchantsobject.com. If Class Plaintiffs wish to respond in writing, they may do so by 3:00 p.m. on May 2, 2013. Oral argument (together with any appropriate evidentiary hearing) shall occur on May 3, 2013 at 11:00 a.m.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 24, 2013
      Brooklyn, New York