UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------ X
**In re PAYMENT CARD INTERCHANGE** :
**FEE AND MERCHANT DISCOUNT**
**ANTITRUST LITIGATION** :

:

This Document Relates To: : MDL No. 1720 (JG) (JO)

   ALL CLASS ACTIONS. : **MEMORANDUM IN SUPPORT OF**
**FDC'S MOTION TO INTERVENE**

:
:
:
:

------------------------------------------ X

1

**MEMORANDUM OF LAW**

Intervenors First Data Corporation, First Data Merchant Services, TASQ Technology, Inc., TRS Recovery Services Inc., First Data Government Solutions, and Telecheck Services Inc. (collectively referred to as "FDC"),[1] all of which are putative absent class members concurrently opting out of the Rule 23(b)(3) Settlement Class, respectfully move this Court, pursuant to Fed. R. Civ. P. 24, for intervention in this case. Intervenors are members of the putative 23(b)(2) Settlement Class. Their interests would be directly impacted by the final approval of the proposed Settlement Agreement because the settlement's broad release purports to bind not only the merchant plaintiffs who initiated this litigation, but all entities that accept Visa and MasterCard cards, even if they are not merchants. This overbroad definition ropes in entities including First Data Corporation, First Data Merchant Services, TASQ Technology, Inc., TRS Recovery Services Inc., First Data Government Solutions, and TeleCheck.

The proposed Settlement Agreement affects stakeholders like FDC, whose interests have never been represented by class representatives or class counsel in this MDL. Stakeholders like FDC and its affiliates have interests that are not only dissimilar but also completely separate from the merchants, retailers and other point-of-sale class members whose concerns are the focus of the Settlement Agreement. FDC's inclusion in the mandatory 23(b)(2) Settlement Class would constitute a violation of its constitutional Due Process rights and FDC must therefore intervene in this litigation to assert its right to opt out of the 23(b)(2) class.

**LEGAL STANDARD**

Rule 24(a) of the Federal Rules of Civil Procedure entitles a movant to intervene as of right where (1) the motion is timely; (2) the movant asserts an interest relating to the property or

---

[1] The undersigned parties further reserve any and all challenges they have to this Court's subject matter and personal jurisdiction over them.

transaction that is the subject of the action; (3) the movant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the movant's interest is not adequately represented by the other parties. *See Windsor v. United States*, 797 F. Supp. 2d 320, 323 (S.D.N.Y. 2011); *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) ("The test is flexible and courts generally look at all of the factors rather than focusing on any one of the criteria."). In the "class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 314 (3d Cir. 2005).

Rule 24(b) provides that the Court may permit "anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 25(b)(1)(B). "[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

## ARGUMENT

### A.  FDC Meets the Requirements for Intervention as of Right

*First*, this motion for intervention is timely. Four factors guide the analysis: "(a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." *In re Chevron Corp.*, 749 F. Supp. 2d 170, 186 (S.D.N.Y. 2010) (alterations in original) (citations omitted).

FDC's motion to intervene is timely when considered in light of these factors. This Court will not hold its fairness hearing until September 12, 2013, four months from now. At that hearing, FDC is entitled as an absent class member to object and be heard on the proposed settlement's fairness and adequacy. FDC is submitting this Motion to Intervene and its Motion to Opt Out of the 23(b)(2) Settlement Class within the time frame that objections and opt-outs can be submitted to the Court. There is thus no prejudice to existing parties because the parties are already expecting to address opt-outs and objections in the coming months.

Further, Class Plaintiffs and Defendants did not submit their Motions for Final Approval of Definitive Class Settlement until recently, on April 11, 2013 (ECF Document Nos. 2110, 2111), at which point FDC was finally informed that Defendants intend to treat FDC as a class member. (Document 2110, filed Apr. 4, 2013, p. 21. "First Data … admittedly accept[s] Visa and MasterCard cards. Thus … they should be included in the Rule 23(b)(2) Settlement Class.") FDC did not know with certainty that the existing parties definitely considered FDC a putative class member until recently.

*Second*, FDC has a substantial legal interest in the subject matter of this litigation, and *Third*, the disposition of this case will impair the ability of FDC to defend it. Final approval of the Settlement Agreement will result in class members releasing claims against Defendants, which Defendants claim would be binding on FDC. Defendants have stated their position that FDC is a class member and would therefore be bound by the approval of the 23(b)(2) Settlement Class. It is obvious that FDC has an interest in opting out of a mandatory class action that would force FDC to release past and future claims against Defendants. FDC also believes that being bound by the Settlement Agreement would violate its due process rights. FDC therefore has a "direct, substantial, and legally protectable" interest in the subject matter of this case. *Brennan*

*v. New York City Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001); *International Mortg. & Inv. Corp. v. Von Clemm*, 301 F.2d 857, 862 (2d Cir. 1962) (holding that an applicant seeking leave to intervene is sufficiently "bound" if an adverse judgment would seriously prejudice him).

Opting out of the 23(b)(2) Settlement Class--as it has already done with the 23(b)(3) class--is the only means by which FDC can protect against its inclusion in the proposed Settlement Agreement. Hence, FDC should be permitted to intervene as of right, as is typically permitted when a member of a class does not wish to be represented by the class representatives. *See Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 563 (2d Cir. 1968) (Noting that intervention is allowed by absent members of a class because "Absent class members will be able to share in the recovery resulting in the event of a favorable judgment, and, if they wish to avoid the binding effect of an adverse judgment they may … attack the adequacy of representation in the initial action or disassociate themselves from the case."); *see, e.g., Moss v. Lane Co.*, 50 F.R.D. 122, 125 (W.D. Va. 1970); *Shulman v. Ritzenberg*, 47 F.R.D. 202, 207 (D.D.C. 1969); *Weisman v. MCA, Inc.*, 45 F.R.D. 258, 263 (D. Del. 1968); *Hess v. Anderson, Clayton & Co.*, 20 F.R.D. 466, 483 (S.D. Cal. 1957).

***Fourth*** and finally, FDC was not adequately represented in this suit by Plaintiffs' chosen class representatives. Intervenors' burden to show inadequacy of representation is minimal. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (The requirement is satisfied "if the applicant shows that representation of his interest 'may be' inadequate.") As FDC has thoroughly explained in its attached Motion to Opt Out of the 23(b)(2) Settlement Class, attached hereto and incorporated by reference, its interests are different from the interests of the merchant class. FDC, its affiliates, and similarly situated entities, are involved in many different facets of the payments industry, and are wholly unlike the merchant settlement class representatives. In

addition to accepting Visa- and MasterCard-branded credit cards, like the named and represented class plaintiffs, FDC and its affiliates provide internet and mobile payment solutions, acquiring and processing services, credit, debit, private-label, gift, payroll and other prepaid card solutions, and fraud protection and authentication.  Through its STAR network, FDC also provides PIN-secured debit acceptance at retail and ATM locations.  As a result, waiver of all future antitrust claims against Visa and MasterCard – which is what the releases in the 23(b)(2) Settlement amount to – means something very different for FDC than it does for the merchant class members.  More fundamentally, the proposed settlement agreement gives FDC no consideration separate from what it provides to merchants, whose interests would, at least in theory, have been advocated by class counsel who represent them.  The negotiated settlement did not take, and could not have taken, the best interests of parties like FDC into account because the interests of FDC are very different from those of the primary plaintiffs.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 627 (1997) (class settlements must provide "structural assurance of fair and adequate representation for the diverse groups and individuals affected").

FDC believes it has been inadequately represented in this litigation.  *See*, *e.g., Shulman v. Ritzenberg*, 47 F.R.D. 202 (D.D.C. 1969) (representation was inadequate and a class action could not be maintained when absent class members informed the court by affidavit that they considered the representative party's interests antagonistic to their interests and his representation inadequate).

### B.     FDC Also Meets the Requirements for Permissive Intervention

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

As explained above, FDC has a clear interest related to the action pending before the Court. ). "In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *In re Cmty. Bank*, 418 F.3d at 314. Defendants' position is that FDC will be bound by the 23(b)(2) Settlement Class if it is finally approved by this Court. FDC thus has a claim it shares with the main action and common questions of law, since Defendants claim that FDC will be bound by the Settlement Agreement. As stated above, FDC's motion to intervene is also timely filed. *See In re Chevron Corp.*, 749 F. Supp. 2d at 186 ("Whether intervention is sought as of right or by permission, the application must be timely.").

## CONCLUSION

For the reasons above, this Court should permit FDC to intervene for the limited purpose of opting out of the 23(b)(2) Settlement Class.

Dated: San Francisco, California.
       May 24, 2013

Respectfully submitted,

PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000

By:  */s/ Jason A. Yurasek*
     Jason A. Yurasek

Attorneys for First Data Corporation; First Data Merchant Services; TASQ Technology, Inc.; TRS Recovery Services Inc.; First Data Government Solutions; and Telecheck Services Inc.