UNITED STATES DISTRICT COURT
EASTERN DISTICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re PAYMENT CARD INTERCHANGE
FEE AND MERCHANT DISCOUNT            :
ANTITRUST LITIGATION
                                     :     **OBJECTION OF
                                           METROPOLITAN
                                     :     TRANSPORTION
                                           AUTHORITY**
                                     :
                                           MDL No. 1720 (JG)(JO)
                                     :

                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   1. The Metropolitan Transportation Authority, a public benefit corporation created pursuant to Article 5 of Title 11 of the Public Authorities Law of the State of New York, objects to the proposed settlement in *In re Interchange Fee and Merchant Discount Antitrust Litigation* (MDL 1720) (the Proposed Settlement) on its behalf and on behalf of its subsidiaries and affiliates, including: the New York City Transit Authority and its subsidiary the Manhattan and Bronx Surface Transit Operating Authority; the Triborough Bridge and Tunnel Authority (MTA Bridges and Tunnels); the Long Island Rail Road; Metro-North Commuter Railroad Company; MTA Bus Company; Metropolitan Suburban Bus Authority (known as Long Island Bus); and Staten Island Rapid Transit Operating Authority (collectively, MTA).

   2. The MTA system is the largest public transportation system in North America, serving a population of 15.1 million people in the New York City metropolitan area. MTA subways, buses and railroads provide an estimated 2.62 billion trips each year - the equivalent of about one in every three users of mass transit in the United States and two-thirds of the nation's rail riders.  MTA Bridges and Tunnels carries more than 280 million vehicles each year – more than any other bridge and tunnel authority in the nation.

3. MTA is a member of both the Rule 23(b)(3) class and Rule 23(b)(2) class in the Proposed Settlement because it currently and has since at least 2004 accepted Visa and MasterCard payment cards for the payment of fares and tolls, retail transactions at the New York Transit Museum, and other incidental transactions, and intends to continue to accept such cards in the future.

4. Specifically, as a convenience to its customers, MTA, pursuant to a merchant agreement between the Metropolitan Transportation Authority and First Data Services, LLC, a wholly owned subsidiary of Bank of America Merchant Services, LLC, and Bank of America, N.A., assignee of Wells Fargo Bank, N.A., accepts Visa, MasterCard and other credit cards and debit cards as a method of payment for subway, rail and bus fares and for bridge and tunnel tolls, in addition to American Express and Discover cards under other agreements.  Visa and MasterCard transactions account for approximately 75 percent of all MTA transactions, and MTA pays significant interchange fees in connection with all these transactions.  The monies paid by MTA for interchange fees are public funds.

5. MTA objects to the Proposed Settlement for the following reasons:

(a) The Proposed Settlement and the broad releases included therein require MTA to give up its right to challenge the future effects of the continued imposition of the challenged Visa and MasterCard rules or any substantially similar rules and the future effects of the challenged conduct by Visa and MasterCard or any substantially similar conduct.  Yet, MTA would continue to be subject in the future to payment of interchange fees and any increases in those fees, which are not prohibited by the Proposed Settlement and could enable Visa and MasterCard to recoup any payment by them to settle the case.

MTA would be precluded from applying the funds used by it for payment of such interchange fees to the benefit of its customers.

(b) MTA is precluded under New York State law from surcharging credit card transactions. Thus, the provisions of the Proposed Settlement that permit such surcharges have zero financial value for MTA.

6. MTA accordingly questions whether class counsel adequately represented its interests.

7. MTA is represented for purposes of these objections by:

Helene Fromm
Deputy General Counsel
Metropolitan Transportation Authority
347 Madison Avenue
New York, New York 10017
(212) 878-7214
hfromm@mtahq.org

8. The Metropolitan Transportation Authority's principle place of business is located at 347 Madison Avenue, New York, New York 10017, and it may be contacted by telephone through Deputy General Counsel Helene Fromm at (212) 878-7214.

Dated: New York, New York
       May 28, 2013

_____/s/_____
Helene Fromm
Deputy General Counsel
Metropolitan Transportation Authority
347 Madison Avenue
New York, New York  10017
(212) 878-7214
hfromm@mtahq.org

{}3