# STATEMENT OF OBJECTIONS

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 2 8 2013 ★

BROOKLYN OFFICE

**TO:** Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Wesley R. Powell
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           :
In re PAYMENT CARD INTERCHANGE    :   No. 05MD01720 (JG) (JO)
FEE AND MERCHANT DISCOUNT          :
ANTITRUST LITIGATION               :   **STATEMENT OF OBJECTIONS**
                                                           :
-----------------------------------------------------------x

The following company is a member of the Rule 23(b)(2) plaintiff class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. This company is a class member because it operates:

Business Name(s): ANN INC., AnnTaylor, Inc. (a wholly-owned subsidiary of ANN INC.), AnnTaylor Retail, Inc. (a wholly-owned subsidiary of AnnTaylor, Inc.) and the following brands/stores: Ann Taylor, LOFT, Ann Taylor Factory Store and LOFT Outlet Store. The Company also sells its merchandise on-line at www.anntaylor.com and www.LOFT.com.

1

Street Address: <u>7 Times Square</u>

City: <u>New York</u>   State: <u>NY</u>   Zip Code: <u>10036</u>

and it has accepted Visa and/or MasterCard from approximately March 1988 through the present.

This company objects to the settlement in this lawsuit for the following reasons:

1. This company is a member of National Retail Federation ("NRF") and it adopts and incorporates by reference the objections set forth in the submission made by NRF in opposition to the proposed settlement.

2. The proposed settlement does not address Visa's and MasterCard's price fixing of interchange rates for the banks, the subject of the core claims in the case. The proposed settlement actually validates that practice, enabling Visa and MasterCard to continue to illegally fix fees for the banks that merchants and their customers have no choice but to pay.

3. Instead of addressing the core claims in the case, the settlement merely provides merchants with a limited ability to surcharge Visa and MasterCard credit card transactions that is of virtually no value to us.

4. We operate stores in the state(s) of California, Colorado, Connecticut, Florida, Kansas, Maine, Massachusetts, New York, Oklahoma, and Texas which prohibit surcharging of credit card transactions. Because of this law, the principal relief is of speculative value to us.

5. We accept American Express transactions. We cannot realistically drop American Express acceptance without serious detriment to our business. The settlement limits our ability to surcharge Visa and MasterCard credit card transactions because under its proposed terms we can only surcharge Visa and MasterCard transactions if we also surcharge American Express transactions (because American Express transactions cost us more on average than Visa or MasterCard). However, American Express requires that we surcharge all other payment cards if we surcharge American Express. This would mean that we would have to surcharge American Express cards *and* MasterCard cards even if it was only our intent to surcharge Visa cards. We also would have to surcharge Visa and MasterCard labeled debit cards, thus discouraging consumers from using debit, even though debit is a cheaper form of payment. The perverse result of the settlement's surcharging provisions (if they were to be used at all which we doubt given these problems) would be to create inaccurate price cues to consumers and, thereby, to defeat the very purpose for which the lawsuit allegedly was brought: to undo the anti-competitive constraints the card networks have imposed on this market. The surcharging provision is not only of no value, it would make us worse off than we are currently.

6. The release will not allow this company to protect against mistreatment by Visa/MasterCard. It purports to cover all Visa and MasterCard rules and conduct that

were in place upon preliminary approval of the settlement, and all future rules and future conduct that are substantially similar to rules and conduct in place at preliminary approval stage. These rules are unfair and problematic for this company.

7. Based on the outcome of the settlement, we do not believe the lawyers who negotiated it represented our best interests.

My contact information is:

Name: Katherine H. Ramundo
Title: Executive Vice President, General Counsel & Secretary
Street Address: 7 Times Square
City: New York    State: NY    Zip Code: 10036
Phone Number: 212-536-4253

Signature: _____
Date: 5/25/13



UNITED STATES POSTAGE
PITNEY BOWES
$ 000.46⁰
02 1P
0003208933  MAY 23 2013
MAILED FROM ZIP CODE 10036

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

ANN INC.

7 TIMES SQUARE   NEW YORK NY 10036