## STATEMENT OF OBJECTIONS
### (FOR MERCHANTS WHO DO NOT OPT OUT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re PAYMENT CARD INTERCHANGE          :
FEE AND MERCHANT DISCOUNT               :      No. 05-MD-01720 (JG) (JO)
ANTITRUST LITIGATION                    :
----------------------------------------------------------------x

Statement of Objections

I am a member of the plaintiff class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. I am a class member because I operate *[business name and address]* **Pilot Travel Centers LLC, 5508 Lonas Dr, Knoxville, TN 37909**

and I have accepted Visa and/or MasterCard from *[approximate date]* **before January 1, 2004**

until *["present," or approximate date]* **Present**.

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement does not address Visa's and MasterCard's price-fixing of interchange rates for the banks, the subject of the core claims in the case. The proposed settlement actually validates that practice, enabling Visa and MasterCard to continue to illegally fix fees for the banks that merchants and their customers have no choice but to pay. Our portion of the compensatory relief amounts to only a fraction of what we pay in interchange, and given that Visa and MasterCard can continue to fix interchange, they can recoup the settlement amount by raising interchange rates in the future.

2. Instead of addressing the core claims in the case, the settlement merely provides merchants with a limited ability to surcharge Visa and MasterCard credit card transactions that is of no value to us.

3. *[If merchant operates in one of the ten states that prohibit surcharging: CA, CO, CT, FL, KS, ME, MA, NY, OK and TX]*
We operate stores in the state(s) of **CA, CO, CT, FL, KS, MA + NY** which prohibit surcharging of credit card transactions. Because of this law, the principal relief is of no value to us.

4. *[If merchant accepts American Express]* We accept American Express transactions. The settlement limits our ability to surcharge Visa and MasterCard credit card transactions because under its proposed terms we can only surcharge Visa and MasterCard transactions if we also surcharge American Express transactions. However, we cannot surcharge American Express transactions under our contract with American Express. Since we cannot realistically drop American Express to avoid this limitation, this is another reason why we cannot take advantage of the surcharging relief in the settlement.

5. The proposed settlement includes unacceptable obligations, such as requiring us to disclose to customers at the point of sale that we are imposing the surcharge, when in fact the only reason we would charge such fees is the onerous fees set by Visa and MasterCard.

6. The release is overly broad. It purports to cover all Visa and MasterCard rules and conduct that were in place upon preliminary approval, and all future rules and future conduct that are substantially similar to rules and conduct in place at preliminary approval.

7. Based on the outcome of the settlement, we do not believe the lawyers who negotiated it represented our best interests.

8. We did not opt out to assert past damages claims because prosecuting such claims against large companies like Visa and MasterCard is not a realistic option for a merchant of our size. That is especially true given that we are not permitted to opt out of other provisions of the settlement which are, overall, far more important than the small amount of dollars that individual merchants might receive in this case. Our decision not to opt out should not be construed as acceptance of the compensatory damages amount, which is a small fraction of what we paid in interchange for Visa and MasterCard transactions. Nor should it be construed as acceptance of the release set forth in the settlement. We consider the release overbroad and object to its scope.

My personal information is:

Name [first, middle, last]: Mitchell D. Steenrod, SR VP + CFO

Address: 5508 Lonas Dr., Knoxville, TN 37909

Phone No.: 865-588-7488

[If your own lawyer is representing you with respect to the settlement] The contact information for my lawyer is:

Send notices to: Pilot Travel Centers LLC
Attn: Legal Dept.
5508 Lonas Dr.
Knoxville, TN 37909

Dated: 4/25/13

Signed: [signature]

Printed name: Mitchell D. Steenrod, SRVP + CFO

Merchant name: Pilot Travel Centers LLC

Address: 5508 Lonas Dr.
Knoxville, TN 37909

REVIEWED BY PTC KAB LAW DEPARTMENT