UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE PAYMENT CARD INTERCHANGE            MEMORANDUM
FEE AND MERCHANT DISCOUNT                 AND ORDER
ANTITRUST LITIGATION

                                                                   05-MD-1720 (JG) (JO)

This document refers to: ALL ACTIONS
-----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

       Two groups of putative class members who object to the proposed settlement seek access to unredacted copies of materials that the parties supporting the proposed settlement have submitted to the court's expert, Dr. Alan O. Sykes. *See* Docket Entry ("DE") 5913; DE 5914. The Class Plaintiffs do not object to the request, provided that the objectors agree to abide by the terms of the governing protective order, but acknowledge that the confidential materials in the reports they submitted were so designated by defendants or third parties. DE 5916. The defendants likewise consent, subject to the restrictions of the protective order, but similarly note that some of the confidential material at issue was so designated by third parties. The Individual Plaintiffs oppose the objectors' requested disclosure, but are willing to provide the same limited access that they granted to one of the objector groups previously when that group sought discovery of confidential expert reports: namely, they would allow the objectors' counsel to review portions of the reports (excluding sections addressing damages issues) at their leisure in the offices of the Individual Plaintiffs' counsel. DE 5920. Finally, objectors DFS Services, LLC, Discover Home Loans, Inc., and Discover Bank (collectively, "Discover") oppose the request on the ground that the proposed disclosure would reveal commercially sensitive information to Discover's competitors. The court referred the motions to me on July 26, 2013. I now deny the motions for the reasons set forth below.

As a threshold matter, none of the parties have identified any authority that empowers the court to require the disclosure the objectors seek. In a reply letter, one of the objector groups cites a handful of cases in which objectors had been granted access to sealed materials pursuant to the terms of applicable protective orders. DE 5922 at 2-3. Such citations are of limited utility, as they assert only that other courts have allowed such practices. Even as described by the objectors, the cases do not appear to stand for the proposition that the kind of disclosures sought here are required or even appropriate over a disclosing entity's objection. Moreover, as set forth in the margin, closer scrutiny reveals that the cited cases do not support such a conclusion.[1]

The other objectors' group argues that the submission of materials to Dr. Sykes that are withheld from the objectors amounts to improper *ex parte* communication. In support of that argument, that group of objectors quotes a treatise (and cites a district court decision to the same effect) as noting that "*ex parte* communications between the judge and the expert or between a

---

[1] In *In re Bankamerica Corp. Sec. Litig.*, 210 F.R.D. 694, 706 (E.D. Mo. 2002) the court noted that objectors had obtained access to sealed materials pursuant to a protective order after "consultation" among the parties and the court; there is no indication that it was called upon to resolve the kind of dispute raised here.  In *Gerstein v. Micron Tech., Inc.*, 1993 U.S. Dist. LEXIS 21215 at *8 (D. Idaho Sept. 10. 1993), the court explicitly noted that the parties to a proposed settlement consented to the kind of disclosures to which Discover and the Individual Plaintiffs here object. In *In re Armored Car Antitrust Litig.*, 472 F. Supp. 1357, 1369 (N.D. Ga. 1979), the court noted that "the parties engaged in extensive informal and cooperative discovery" – without specifying, the objectors here suggest, that the objectors in that case gained access to any confidential or sealed information. To the contrary, the court noted, in a sentence the objectors here ignore, that in *Armored Car*, "[t]he objectors [we]re not satisfied but s[ought] wider and more formal discovery." *Id*. Finally, *In re Se. Milk Antitrust Litig.*, 2009 U.S. Dist. LEXIS 102635, at *20-*22 (E.D. Tenn. Nov. 3, 2009), is entirely inapposite: in that case, defendants sought to communicate with individual putative class members in order to propose individual settlements with them; the court agreed with the class plaintiffs that because such absent class members would not have access to the full record of the case, including materials sealed at the defendants' behest, they could not meaningfully decide whether to accept such offers and therefore the court prohibited such communications. The court did not rule that absent class members would be entitled to access sealed materials, nor did it rule that consideration of a class-wide settlement proposal would require giving all putative class members access to such materials before deciding whether and how to object.

party and the expert are discouraged." DE 5925 (letter from Jeffrey I. Shinder dated August 7, 2013, quoting 29 Wright & Miller, *Federal Practice and Procedure: Evidence* § 6305, and citing *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp.*, 671 F. Supp. 2d 1203, 1225 (D. Nev. 2009)). The argument is unpersuasive because it rests on an implicit, but false, assumption about Dr. Sykes's role. The cited authorities explicitly refer to independent experts appointed for the purpose of providing testimony pursuant to Federal Rule of Evidence 706. However, as the court made clear in setting forth the procedures by which Dr. Sykes will render his assistance, the expert in this case "has not been appointed for the purpose of providing testimony[.]" DE 5873 at 2.

More fundamentally, I see no need, at least at this juncture, to require the disclosure materials that otherwise are properly withheld. Dr. Sykes is not adjudicating any dispute; he is offering technical expertise to the court, which will then make its own independent assessment of the proposed settlement's fairness. In preparing his report to the court, Dr. Sykes does not have access to any information not already in the record. *See id.* at 1 ("The parties and objectors shall not provide Dr. Sykes with any materials that have not already been filed or served in this case without first receiving written authorization from the Court."). Thus, if the objectors are not entitled to sealed materials simply because they are part of the record before the court in deciding whether the proposed settlement is fair – and neither group of objectors makes any such argument in litigating the instant motion[2] – they do not become entitled to such materials simply by virtue of the fact that the court's independent advisor also has access such materials.

---

[2] At a conference before me on September 27, 2012, counsel for one of the objector groups did argue that absent putative class members should be entitled to the entire sealed record so as to be better informed in framing objections to the proposed settlement. *See* DE 1704 (transcript) at 22. The argument was made in support of a motion that was ultimately resolved on consent without a ruling, and the objectors have not since argued that they are entitled to all sealed records in crafting their arguments in opposition to the proposed settlement.

     Should Dr. Sykes, in his report to the court, rely on any materials to which the objectors do not have access, they can at that time either renew their request for access to such materials or make such argument as they deem appropriate that the court should not rely on the report in the absence of their better-informed objections to it. But because the parties are not litigating before Dr. Sykes, I conclude that they are not entitled, over the objections of parties to the applicable protective order, to the disclosure of sealed records in this litigation simply because the parties have made such records available to the court's expert. I therefore deny the motions.

     SO ORDERED.

Dated: Brooklyn, New York
       August 12, 2013

                                                        /s/
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge