# CONSTANTINE | CANNON

NEW YORK | WASHINGTON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

August 16, 2013

<u>B**Y** ECF</u>

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
                05-md-01720(JG)(JO) (E.D.N.Y.)

Dear Judge Gleeson:

      We write on behalf of objecting named plaintiffs[1] and certain objecting absent putative
class members[2] (collectively "the Objectors"), pursuant to Fed. R. Civ. P. 72(a), to object to
Judge Orenstein's August 12, 2013, Memorandum and Order, Dkt. No. 5928 (the "Order").

      The Order denied Objectors' request (*see* Dkt. Nos. 5914, 5925) for unredacted copies of
expert reports that Settlement Proponents submitted to the Court-appointed expert, Dr. Alan O.
Sykes.  While most of the Settlement Proponents have agreed to the Objectors' request for
unredacted versions of the expert reports provided to Dr. Sykes, the Individual Plaintiffs have

---

[1]  The objecting named plaintiffs represented by Constantine Cannon are Coborn's Incorporated; D'Agostino
Supermarkets, Inc.; Jetro Holdings, LLC; Affiliated Foods Midwest Cooperative, Inc.; National Association of
Convenience Stores; National Community Pharmacists Association; National Cooperative Grocers Association;
National Grocers Association; National Restaurant Association; and NATSO Inc.

[2]  The objecting absent class members represented by Constantine Cannon are 7-Eleven, Inc.; Academy, Ltd. d/b/a
Academy Sports + Outdoors; Aldo US Inc. d/b/a Aldo and Call It Spring; Alon USA, LP (Alon Brands);
Amazon.com, Inc.; American Eagle Outfitters, Inc.; Barnes & Noble, Inc.; Barnes & Noble College Booksellers,
LLC; Best Buy Stores, L.P.; BJ's Wholesale Club, Inc.; The William Carter Company (Carter's); Costco Wholesale
Corporation; Crate & Barrel Holdings, Inc.; Darden Restaurants, Inc.; David's Bridal, Inc., DBD Inc. and David's
Bridal Canada Inc.; Dick's Sporting Goods, Inc.; Dillard's, Inc.; Family Dollar Stores, Inc.; Foot Locker, Inc.; Gap
Inc.; GNC Holdings, Inc. (General Nutrition Corporation); Genesco Inc.; The Gymboree Corporation; HMSHost
Corporation; IKEA North America Services, LLC; J. Crew Group, Inc.; Kwik Trip, Inc.; Lowe's Companies, Inc.;
Marathon Petroleum LP; Martin's Super Markets, Inc.; Michaels Stores, Inc.; National Railroad Passenger
Corporation d/b/a Amtrak; Nike, Inc.; Panda Restaurant Group, Inc.; Panera Bread Company; P.C. Richard & Son,
Inc.; PETCO Animal Supplies, Inc.; PetSmart, Inc.; RaceTrac Petroleum, Inc.; Recreational Equipment, Inc. (REI);
Retail Industry Leaders Association (RILA); Roundy's Supermarkets, Inc. d/b/a Pick 'N Save, Rainbow, Copps,
Metro Market and Mariano's; Sears Holdings Corporation; ShopKo Stores Operating Co. LLC; Speedway LLC;
Starbucks  Corporation; Stein Mart, Inc.; Thermo Fisher Scientific Inc.; Thornton's Inc.; Wal-Mart Stores, Inc.; The
Wendy's Company; The Wet Seal, Inc.; Whole Foods Market, Inc.; and Zappos.com, Inc.

335 MADISON AVENUE, NEW YORK, NY 10017  TELEPHONE: (212) 350-2700  FACSIMILE: (212) 350-2701  WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. John Gleeson
August 16, 2013
Page 2

refused.[3]  The Order denies the Objectors' request on the ground that the Objectors have no right to these materials under Federal Rule of Evidence 706.

The Order erroneously takes an overly restrictive view of the power of the Court to ensure a fair and open process in the use of court-appointed experts.  As a "threshold matter," the Order questions whether there is "any authority that empowers the disclosure the objectors seek." Order at 2.  The Order does not find any authority to support "the proposition that the kind of disclosures sought here are required or even appropriate over a disclosing entity's objection." *Id.* Although the Objectors' cited Rule 706 as supporting such disclosure, the Order holds that Rule 706 does not require such disclosure when, as here, the court-appointed expert has not been appointed to provide testimony. *Id.* at 3.  Finally, the Order finds that Rule 706 does not give Objectors the right to review materials filed under seal "simply by virtue of the fact" that parties voluntarily gave those materials to the court-appointed expert for his consideration.  The Order misconstrues both Rule 706 and the rights of interested parties under that rule.

    1.  The Court Has the Authority and the Duty to Order Disclosure
        Relating to Rule 706 Experts

Contrary to the Order, there is no question that the Court has both the power and the duty to provide parties with the fullest practicable disclosure when it uses a court-appointed expert. Parties are entitled to have such disclosure in order to be able to evaluate the court-appointed expert's report and test the validity of his conclusions.

A federal court has full authority to order disclosure relating to a court-appointed expert and his report, as it does with expert witnesses in all civil cases.  As Judges Weinstein and Lifland have noted, a Rule 706 expert "is subject to the requirements of advance notice and opportunity for testing that apply to all evidence in civil cases." *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F. Supp. 686, 694 (E.D.N.Y. 1993); *see also DeAngelis v. A. Tarricone, Inc.*, 151 F.R.D. 245, 247 (S.D.N.Y. 1993) ("impartial expert must be subjected to the same evaluation of credibility as any other witness").  Indeed, "[b]efore the courts can take action based upon the report of [a Rule 706 expert] . . . , the parties must be afforded the opportunity to evaluate the report and test its validity." *Asbestos Litig.*, 830 F. Supp. at 694.

While courts do have flexibility and discretion in fashioning the most appropriate and efficient disclosure relating to court-appointed experts, the purpose of such flexibility and discretion is to fashion the fairest and most efficient methods of disclosure – not to foreclose discovery.  Indeed, as Judge Weinstein noted in a later phase of *Asbestos Litigation*, parties have a right to receive the fullest practicable disclosure relating to Rule 706 expert reports:

> All parties are entitled to receive *the fullest practicable disclosure* from [Rule 706 experts].  Nevertheless, courts and parties recognize that cooperative

---

[3]  Class Counsel and Defendants provided unredacted expert reports to Objectors subject to the Protective Order, redacting only information that third parties (including Individual Plaintiffs) had designated as Confidential or Highly Confidential.  *See* Class Counsel Letter, Dkt. No. 5916; Defendants' Letter, Dkt. No. 5918.

CONSTANTINE | CANNON

Hon. John Gleeson
August 16, 2013
Page 3

> discovery devices, such as those used in the instant case are sometimes the most efficient method for conducting discovery in complex cases.  The pre-hearing and hearing procedures provide for extensive exchange of information informally and then for the sworn testimony (orally or in writing) of the 706 Panel and full opportunity for cross-examination at a hearing presided over by the courts.

*In re Joint E. & S. Districts Asbestos Litigation*, 151 F.R.D. 540, 545 (E.D.N.Y. 1993) (emphasis added).

As discussed more fully below, because of the extremely short period to respond to Dr. Sykes's report, the "fullest practicable disclosure" means providing this material to the Objectors now.  Far from giving the Objectors "the fullest practicable disclosure," the Order fails to acknowledge that the Objectors have *any* right to disclosure relating to Dr. Sykes's report.  To the extent that the Order suggests that the parties have a lesser right to disclosure because Dr. Sykes will not be providing testimony, the Order has the priorities of federal discovery backwards.  The Court's ruling that Dr. Sykes "will not be deposed or cross-examined," makes it even more necessary for the Court to permit other forms of disclosure of the bases of his report.  Given that the parties will apparently not have the opportunity to examine Dr. Sykes, it becomes vitally important that the Court permit other forms of disclosure to enable the parties to evaluate and test the validity of his report.[4]  Far from permitting "the fullest practicable disclosure," the combined effects of the Order and the Court's ruling that Dr. Sykes not be examined would potentially be to insulate portions of his report from attempts to evaluate it and test its validity.

The Order is wrong as a matter of law in its conclusion that Rule 706 is inapplicable because Dr. Sykes has not been appointed to provide testimony.  As the Ninth Circuit has noted, "[a] court-appointed expert is a witness subject to Rule 706 if the expert is called to testify *or if the court relies on the expert as an independent source of evidence*."  *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1213 (9th Cir. 2004) (emphasis added).  Here, not only did the Court expressly appoint Dr. Sykes under Rule 706 (Dkt. No. 2087), the Court could not have been clearer that it intends to rely broadly on Dr. Sykes with respect to issues relating to "the economic value of the proposed rules changes and the breadth of the proposed release," and "all disputed issues on which he feels qualified to render assistance."  Dkt. No. 5873.

Nothing in Rule 706 limits its application to testifying expert witnesses – and in fact the majority of court-appointed experts do not provide testimony.  *See* Joe S. Cecil & Thomas E. Willging, *Court-Appointed Experts*, in FJC, Reference Manual on Scientific Evidence 570 (2d ed. 2004) (fewer than half of court experts testify).  The rule provides that "the witness *may* be

---

[4]  The Objectors respectfully submit that the Court may wish to reconsider its order that Dr. Sykes will not be deposed or cross-examined, depending on the scope of his report.  Dr. Sykes's report could suggest resolutions to virtually all issues in this case, given the Court's broad mandate to Dr. Sykes that he opine on not just issues relating to "the economic value of the proposed rules changes and the breadth of the proposed release," but also on "all disputed issues on which he feels qualified to render assistance."  Dkt. No. 5873.  Depending on the scope and breadth of Dr. Sykes's report, the parties may need to depose or cross-examine Dr. Sykes in order to have a fair opportunity to evaluate and test the validity of that report.

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. John Gleeson
August 16, 2013
Page 4

called to testify by the court or any party." Fed. R. Evid. 706(b)(3) (emphasis added). "The witness may, but need not, testify at trial." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 671 F. Supp. 2d 1203, 1208 (D. Nev. 2009).

In light of the Objectors' rights to disclosure under Rule 706, the Order erred in holding that there is no basis to order disclosure of materials that are otherwise "properly withheld." Order at 3. The Order fails to provide any justification for giving deference to the Individual Plaintiffs' desire to keep these materials secret over the rights of the Objectors to "the fullest practicable disclosure" under Rule 706. The Individual Plaintiffs have made no showing that these materials have been properly withheld. Not only did Individual Plaintiffs cite to no confidential business information contained within these materials (they have apparently redacted damages information, *see* Dkt. No. 5888), but any such information could be adequately protected from disclosure by the Protective Order. In fact, a review of the redacted reports shows that most redactions are based on the designations of parties who have now consented to disclosure. *See, e.g.*, July 2, 2009 Expert Report of Professor Dan Ariely ¶ 20 (redacting text concerning expert report submitted by MasterCard in another case); June 22, 2010 Reply Expert Report of Professor Dan Ariely ¶ 11 (redacting portion of expert report submitted by MasterCard to the European Commission).[5]

Given that any legitimate confidentiality concerns of the Individual Plaintiffs are fully covered by the protections of the Protective Order, there is no reason to deny the Objectors "the fullest practicable disclosure" – to which they are entitled under Rule 706.

2. The Court Should Not Permit *Ex Parte* Communications with Dr. Sykes

The Order also misconstrues Rule 706 by dismissing authorities that warn against *ex parte* communications between parties and court-appointed experts. *See, e.g.*, 29 Wright & Miller, Federal Practice and Procedure: Evidence § 6305 ("ex parte communications between the judge and the expert or between a party and the expert are discouraged"). The Order finds such authorities inapplicable because Dr. Sykes has not been appointed "for the purpose of providing testimony pursuant to Federal Rule of Evidence 706." Order at 3.

This holding is directly inconsistent with this Court's own recognition of the need to guard against *ex parte* communications. Indeed, not only has this Court noted the necessity of devising procedures that are "most fair to the parties and the objectors," but it has acknowledged "the need to avoid unrecorded interactions between [Dr. Sykes] and the Court," Dkt. No. 5876, and ordered that "[a]ll substantive communications between the Court and Dr. Sykes will be a matter of public record," Dkt. No. 5873.

---

[5] The Objectors requested that the Individual Plaintiffs provide, at a minimum, the redactions of materials from parties that have now consented to disclosure. The Individual Plaintiffs have not responded. The Individual Plaintiffs have previously offered to allow counsel for the Objectors to view these materials in their offices, but this is no substitute for providing the information to Objectors' own experts to prepare a full response.

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. John Gleeson
August 16, 2013
Page 5

The rationale for prohibiting *ex parte* communications with court-appointed experts is the same whether live testimony or a written report is provided to the Court – to "permit a party to challenge the substance of the expert's advice or object to inquiries and information that exceed the expert's agreed-upon duties." *Court-Appointed Experts* at 568. As these commentators note, "[e]x parte communication between experts and parties will rarely be necessary." *Id.* Here, Individual Plaintiffs have affirmatively argued that their "experts have opined that surcharging is an especially valuable tool that merchants can use in the United States, and have used in other jurisdictions" to increase competition and decrease costs, yet they offer no basis to shield this material from disclosure other than the "great expense" of creating it. Dkt. No. 5920 at 2.

Individual Plaintiffs were intimately involved in the proposed class settlement – in the words of Mediator Eric Green, the Individual Plaintiffs' supposedly separate deals were "dependent" on the proposed class settlement. Decl. of Eric D. Green ¶ 16, Dkt. No. 2111-3; *see also* Decl. of Hon. Edward A. Infante ¶ 8, Dkt. No. 2111-2; Decl. of K. Craig Wildfang ¶¶ 170, 181, Dkt. No. 2113-6. Yet Individual Plaintiffs – members of the Rule 23(b)(2) class and excluded from the (b)(3) class – have so far been allowed to settle their claims on confidential terms, in violation of Rule 23(e)(3), and appear to be the only large merchants in the country who support the settlement. This inequity would be compounded if the Individual Plaintiffs were permitted to have *ex parte* contacts with Dr. Sykes to advance their interests in protecting their separate agreements with defendants.

In choosing to submit their expert reports to Dr. Sykes for his consideration, the Individual Plaintiffs are in effect inviting Dr. Sykes to rely on such materials in forming his opinions on surcharging. To be able to adequately test whatever opinions Dr. Sykes reaches about surcharging, Objectors must have access to these materials in advance of the one-week period they will have to respond to any report by Dr. Sykes.

3. Fairness Requires Giving Objectors Access Now Because There Is Only One Week to Respond to the Court-Expert's Report

The Order also holds that "at this juncture" access to these materials is not required, and that, if Dr. Sykes relies on such materials, Objectors can seek access at that time or argue to the Court that reliance on this material is improper. Order at 4. The Order's suggestion that the Objectors be forced to wait until after the submission of Dr. Sykes's report on August 28, 2013, is both impractical and unfair.

The suggestion that Objectors wait until after reviewing Dr. Sykes's report to request the materials submitted to him is highly impractical. Not only do the Objectors have only until September 4, 2013, to submit any response, but that one-week period occurs over the Labor Day weekend. Moreover, Dr. Sykes's report may not explicitly note the extent to which he relied on the expert reports that are the subject of this motion. Given that the Court has ruled that the Objectors may not depose or cross-examine Dr. Sykes, they will not be able to explore with Dr. Sykes the extent to which he relied on the reports of previous experts. At the very least, the

274371.2

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. John Gleeson
August 16, 2013
Page 6

Objectors should be permitted to compare Dr. Sykes's report with the other expert reports in order to determine to what extent he relied on them.

       Finally, it is simply unfair to deny such disclosure to the Objectors unless they can make a showing that Dr. Sykes relied on previous expert reports – when they may need those reports to make such a showing. Forcing the Objectors to operate under such a disability fails to give them "the fullest practicable disclosure." Fairness requires that all objectors have access to the materials Settlement Proponents have chosen to provide to Dr. Sykes for his consideration.

       There is no basis to keep these materials secret. The Objectors have agreed to abide by the Protective Order. The Individual Plaintiffs voluntarily submitted this information to advance their own interests in separate, confidential agreements with defendants that were "dependent" on the class agreement. Fairness requires that Objectors receive these materials – which based on the Individual Plaintiffs' own statements are indisputably relevant to key issues Dr. Sykes will consider – without any additional delay so that they may properly prepare for the one-week period the Court has provided to respond to Dr. Sykes's report.

       Accordingly, the Objectors respectfully request that the Court order that the Objectors be provided with unredacted copies of the expert reports submitted to Dr. Sykes.

                            Respectfully submitted,

                                  /s

                            Jeffrey I. Shinder

274371.2