

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

September 3, 2013

The Honorable Judge John Gleeson
United States District Court
 Of the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,*
> No. 1:05-MD-1720-(JG)(JO)

Dear Judge Gleeson:

We submit this letter on behalf of Heartland Payment Systems, Inc. ("Heartland") in response to the Letter from Class Plaintiffs to The Honorable Judge John Gleeson regarding MCAG (Doc. No. 5964) ("Letter Motion") filed on August 27, 2013.  For the reasons set forth below, Heartland requests that the Court deny Class Plaintiffs the relief sought by the Letter Motion.September 3, 2013[1]

According to the Form 10-K for the fiscal year ending December 31, 2012 filed by Heartland on March 1, 2013, at December 31, 2012, Heartland provided bankcard payment processing services to 169,994 active small- and mid-sized bankcard merchants located across the United States and 396 Network Services merchants and Heartland's total bankcard processing volume for the year ending December 31, 2012 was $100.4 billion.

Heartland believes that it is in the best interest of its merchants to submit a claim in the class action if they have not opted out of the Cash Settlement Class.  Heartland also believes that a majority of its merchants will not submit claims without assistance from Heartland.  In order to assist those merchants in obtaining the recovery to which they may be entitled under the terms of the proposed Class Action Settlement, Heartland entered into an agreement with Managed Care Advisory Group, Inc. ("MCAG") to submit claims on behalf of those Heartland merchants who do not submit claims on their own.  Declaration of Honora Moore ("Decl.") ¶4.

Because Heartland provides payment processing services to a significant number of small- and mid-sized merchants, Heartland will be able to increase participation in the settlement by assisting these merchants who would not have submitted claims otherwise.  Additionally, because Heartland will be able to provide MCAG with transaction data for Visa and MasterCard transactions that it has processed for its merchants, the claims submitted will be based on actual transaction volume, as opposed to an estimate.  Indeed, the Settlement Agreement itself

---

[1] Heartland understands that Global Payments Inc. is also submitting a response to the Letter Motion and Heartland joins in that response to the extent not inconsistent with this response.

contemplates third party submission of claims.  Additionally, Heartland has been informed that this type of service is being offered to its merchants by numerous third parties who are proposing to charge the merchants fees that substantially exceed the fee that Heartland intends to charge its merchants.  The total cost of Heartland's proposed service is 18% of the settlement payment, inclusive of all fees and charges.  Decl. ¶5.

Class Plaintiffs raise three principal arguments why this Court should enter the Proposed Order, which would have the effect of prohibiting non-party Heartland from submitting claims on behalf of its merchants pursuant to its agreement with MCAG and requiring Heartland to issue "corrective statements" to each of its merchants.[2]  Class Plaintiffs' arguments are not persuasive as they are not supported by legal authority[3] and would thwart Heartland's efforts to assist its merchants in obtaining the recovery to which they are entitled and that they would not otherwise receive.

*Heartland Has Authority to Submit Claims on Behalf of Its Merchants*

Class Plaintiffs make a broad allegation that the processors do not have legal authority to submit claims on behalf of their merchant base.  However, it is unclear what this allegation is based on since the Letter Motion and accompanying Declaration do not claim that Class Counsel has reviewed the relevant agreements, citing only unspecified contracts for credit-card processing known to Class Counsel.  Each merchant that contracts with Heartland for payment processing services agrees to comply with the Merchant Processing Agreement Terms & Conditions ("MPA").  Decl. ¶7.  Section 1.2 of the MPA specifies that "Merchant acknowledges that [Heartland] may provide payment Transaction processing services hereunder through contracts or subcontracts with third parties engaged in the business of Transaction processing and authorization, and specifically authorizes such third parties to exercise all of the rights of [Heartland] hereunder…"  *Id.* ¶8.  In addition, Section 13.2 of the MPA states "Merchant also desires to have the ability to easily access additional systems and services ("Additional Services") from [Heartland] beyond those originally requested in the Application.  In order to expedite the establishment of Additional Services, Merchant hereby authorizes [Heartland] to take whatever measures necessary to promptly establish any Additional Services that Merchant might request in writing from time to time and to execute

---

[2] The Proposed Order attached to the Letter Motion also purports to cover "any proposal which automatically deducts funds from merchant accounts by way of an administrative fee, settlement administration fee or otherwise," which, by its terms, is unrelated to the claims submission services to be provided by MCAG that is the subject of the Letter Motion.  For this reason alone, the Court should decline to enter the Proposed Order.

[3] *See, e.g.*, *Ass'n for Retarded Citizens of Conn., Inc. v. Thorne*, 30 F.3d 367, 370 (2d Cir. 1994) ("While a district court has authority to enforce a judicially-approved consent decree against the parties to it, a district court that enforces the decree against a nonparty acts beyond its jurisdiction and thus beyond the scope of the All Writs Act.")

necessary authorizations on its behalf on the warranty hereby given that Merchant's signature on the Agreement shall be valid for all Additional Services." *Id.* ¶9.

Accordingly, the contract between Heartland and each of its merchants contemplates that (a) Heartland may contract with third parties to provide services and (b) that the merchant has already granted Heartland express authority to provide Additional Services, which would include submission of claims related to credit card and debit card transactions processed by Heartland.

*Heartland's Merchant Processing Agreements Contemplate that Heartland Will Receive Confidential Information from Its Merchants and May Share Such Confidential Information With Third Parties Such as MCAG*

The Letter Motion also raises a concern that confidential information may be shared with MCAG, even though the Letter Motion concedes that the claims process has not been finalized and only speculates that MCAG would be receiving pre-populated forms with information regarding credit card sales figures and interchange fees paid. Heartland, in its role as payment processor for its merchants, is in possession of such data. Section 15.11 of the MPA provides that merchants' confidential information "will be used only in connection with the services provided by [Heartland] and third parties designated by [Heartland] to Merchant under the terms of this Agreement and the performance of this agreement." Decl. ¶10. Accordingly, if MCAG receives information relative to merchants that have contracted with Heartland for payment processing services, it would be consistent with and pursuant to the confidentiality provisions of each merchant's MPA with Heartland.

*Heartland Will Not Collect Fees From Any Merchant that Submits Its Own Claim or Otherwise Chooses Not to Participate*

Finally, the Letter Motion incorrectly asserts that Heartland will automatically deduct "settlement administration fees" from its merchant accounts without their knowledge. In the first instance, Heartland has provided notice to each of its merchants through inserts in the merchant statements regarding the proposed services offered through MCAG. Decl. ¶11, Exhibit A. The inserts also indicate that Heartland will be sending each of its merchants more detail regarding the claims submission process, including how to notify Heartland if the merchant does not wish to participate.

Moreover, Heartland is *not* deducting any fees from its merchants' accounts for MCAG's services; instead, Heartland and MCAG plan to deduct a 18% service charge from the settlement amount *only* from those merchants on whose behalf MCAG submits a claim and who receive payment under the terms of the proposed settlement as a result of Heartland's and MCAG's services. Decl. ¶5. Any merchant that submits its own claim or otherwise notifies Heartland or MCAG that it does not wish to participate in MCAG's submission will not be charged any fee by Heartland or MCAG. *Id.*

Accordingly, Heartland requests that the Court deny Class Counsel's Letter Motion.  If the Court would like to entertain further argument and evidence with respect to the issues raised in the Letter Motion, Heartland respectfully requests that it be allowed to participate in such proceedings.

Respectfully submitted,


ROPES & GRAY LLP


By:　　/s/Jason Brown　　　　　　
　　　　Jason Brown
　　　　Ropes & Gray LLP
　　　　1211 Avenue of the Americas
　　　　New York, New York 10036-8704
　　　　Tel. (212) 596-9000, Fax (212) 596-9090

　　　　Of Counsel
　　　　Seth Harrington
　　　　Ropes & Gray LLP
　　　　Prudential Tower
　　　　800 Boylston Street
　　　　Boston, MA  02119
　　　　Tel. (617) 951-7000; Fax (617) 951-7777

　　　　*Attorneys for Heartland Payment Systems, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon all counsel of record who have consented to electronic service via the Court's CM/ECF system and by e-mail to the following parties and participants:

Joe Whatley (jwhatley@whatleykallas.com)

Kristine McAlister Brown (kristy.brown@alston.com)


/s/Seth Harrington
Seth Harrington