**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Melville | San Diego |
| Boca Raton | New York | San Francisco |
| Chicago | Philadelphia | Washington, DC |

September 27, 2013

VIA ECF

The Honorable Judge John Gleeson
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
             No. 1:05-MD-1720-(JG)(JO)

Dear Judge Gleeson:

      Class Plaintiffs, Managed Care Advisory Group, Inc. ("MCAG"), Global Payments Inc. ("Global") and Heartland Payment Systems, Inc. ("Heartland") submit this letter in accordance with the Court's September 12, 2013 Order. The parties have met and conferred with counsel and business executives from MCAG, Global and Heartland over the last several days regarding the opt-out plan that was the subject of Class Plaintiffs' August 27, 2013 Letter Motion ("Motion"). Dkt. No. 5964 and Class Plaintiffs' response to the Court's Order to Show Cause dated September 11, 2013. Dkt. No. 6016. While the parties have reached agreement on certain corrective measures to be taken, there remains one area of disagreement between MCAG and Class Plaintiffs. There are no areas of disagreement between Class Plaintiffs, Global or Heartland.

**I.    Introduction**

      On August 27, 2013 Class Plaintiffs filed a Motion with the Court regarding MCAG and various merchant processors' plans to file claims on behalf of class members using an auto enrollment process. On September 3, 2013 MCAG, Heartland and Global filed letter responses to Class Plaintiffs' Motion. Dkt. Nos. 5969, 5970, 5971. On September 4, 2013 the Court issued an Order to show cause on September 12, 2013 "why injunctive relief in substantially the form sought by Class Plaintiffs should not be granted." Dkt. No. 5975, Order at 2. The Court further allowed additional submissions by Heartland, Global and MCAG to be filed by September 9, 2013, with a reply by Class Plaintiffs due September 11, 2013. Following submissions by all parties, the Court held a hearing September 12, 2013. At the hearing the Court found all of the requisites for injunctive relief were met and ordered MCAG and its processor partners to immediately stop the opt-out program and further ordered the parties to negotiate with Class Counsel on proposed relief to rectify the current situation.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge John Gleeson
September 27, 2013
Page 2

### II.   Remedial Measures Required

#### A.   Provide Details Regarding All Entities with Whom an Opt-Out Plan Was Implemented

Since the Court's hearing on September 12, 2013, the parties have met several times and have exchanged a number of communications regarding proposed relief. Class Counsel demanded a list of all partners of MCAG that had implemented some form of the opt-out plan in order to fully understand the breadth of the program. An amended list was received by Class Counsel on September 24, 2013.[1] The entities identified by MCAG as using the auto-enrollment process as well as the approximate number of active merchants are listed below:

| Processor/Acquirer | Approximate number of active merchants[2] |
|---|---|
| Clearent | 14,500 |
| EVO Payments International | 200,000 |
| Global | 275,000 |
| Heartland | 175,000 |
| Merchants' Choice Payment Solutions | 45,000 |
| Newtek | 14,000 |
| Priority Payment Systems | 37,000 |
| Sterling | 18,000 |
| TriSource Solutions | 8,000 |
| iPayX | 100 |

According to MCAG, each of these entities previously sent some type of communication to merchants telling them that they were to be enrolled in the claims filing service, unless they opted out. MCAG has committed to providing verification that each of the above-named entities will be sending affected class members a corrective notice as described below.

---

[1]   MCAG provided one list on September 20, 2013. Subsequently, following an email from Class Counsel reporting that an entity not on the list had been found online advertising the opt-out program, the list was amended.

[2]   These numbers represent the approximate number of active merchant outlets that were purported to have received a communication from the processor/acquirer listed above inclusive of their participating ISO's, agents, etc., and is not necessarily representative of their entire merchant population.

878823_3

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge John Gleeson
September 27, 2013
Page 3

### B. Send Corrective Notice to All Affected Class Members

Class Counsel, Global and Heartland worked together to draft corrective communications to those processors' customers. Because of certain statement mailer deadlines, Class Counsel and Global agreed on a corrective notices on September 19, 2013. The text of those notices are attached as Exhibit 1. Text of a corrective notice that Heartland plans to send its customers is attached as Exhibit 2. Because agreement was reached on the content of the corrective notice with Heartland and Global, there is no dispute between Heartland, Global and Class Plaintiffs.

To date, however, there has not been complete agreement with MCAG or the other processors regarding corrective notice.[3] Class Counsel and MCAG have exchanged various iterations of a corrective notice to be sent by mail to all affected class members at either MCAG's or the processor partners' expense, and agreement as to the form of that notice has been reached on all but one issue, which is set forth below.

Though there is not complete agreement on the content of the corrective notice, MCAG has committed to verifying that each of the processors in fact have sent a corrective notice and will provide such verification to Class Counsel along with examples of the actual notice sent, once a form of notice is agreed upon.

Below Class Plaintiffs and MCAG separately detail their proposed notice.

### 1. Class Plaintiffs' Position

Following extensive meet and confers, a form of corrective notice to be sent to affected class members other than customers of Global and Heartland, was agreed to by Class Counsel. That notice is as follows:

> Recently, we notified you of our Settlement Recovery Service with MCAG in connection with the upcoming Visa and MasterCard Class Action Settlement (the "Settlement") and informed you that you would be enrolled in the Settlement Recovery Service if you did not notify us otherwise.
>
> The Court in the Settlement has ordered that processors may file claims on behalf of only those merchants who have affirmatively authorized them to do so and may not file claims without such permission. Accordingly, you will not be charged any

---

[3] MCAG has represented that they have engaged in "no new messaging."

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge John Gleeson
September 27, 2013
Page 4

previously communicated fees and no automatic filing will be made on your behalf in the Settlement.

Going forward, we are transitioning the Settlement Recovery Service to an OPT IN program whereby merchants will have the opportunity to affirmatively authorize MCAG and their credit card processor to file a claim on their behalf, if a settlement is approved.

For additional information about the Settlement, please visit the settlement website at www.paymentcardsettlement.com. Should a settlement be approved, the Class Administrator will not charge any fee to provide claims filing assistance to Class Members.

Class Counsel believes this corrective notice, to be printed on the various processors' statement mailings properly balances the concerns expressed by Class Plaintiffs and the Court regarding the opt-out plan and at the same time minimizes potential additional confusion. The corrective notice also fairly alerts class members to the transition to an opt-in program, appreciating the business interests of MCAG and its partners.

The only area of disagreement is that MCAG seeks to add the following additional sentence before the last paragraph of the above statement, to which Class Counsel cannot agree:

In order to enroll or find out more information about this Settlement Recovery Service, please visit www.mcagvmc.com\portal and enter: _ _ _ _ _ _.

Class Counsel views the additional sentence as confusing and as marketing material, inappropriate to be part of the corrective notice.[4] As Class Counsel has informed MCAG, the corrective notice is not an opportunity to sell services, but instead is part of an effort to rectify a situation the Court found to have "a tremendous capacity for confusion that's already realized itself." September 12, 2013 Hrg. Tr. at 130. Class Counsel has been understanding of the business needs of MCAG and the processors and did agree that the corrective notice could discuss the transition to an opt-in service, but sending the affected class members directions to two different websites in a single notice, with an invitation to enroll in a third-party claims filing service, is not acceptable.

---

[4] Heartland and Global, two of the largest entities involved, have already agreed to corrective statement messages without directions regarding enrollment and a link to a web portal.

878823_3

Robbins Geller
Rudman & Dowd LLP

The Honorable Judge John Gleeson
September 27, 2013
Page 5

Counsel for MCAG and Class Counsel discussed the issue of where and how MCAG could provide enrollment and web portal information. It is Class Plaintiffs' position that including enrollment information and web portal invitations in the same mailing will lead to further confusion of class members. Therefore, it is Class Plaintiffs' position that any specific enrollment instructions, including directions to the various web portals should be in separate mailings, if at all.

2.  **MCAG's Position**

MCAG appreciates that Class Counsel would not oppose separate mailings from MCAG or its processor partners regarding MCAG's Settlement Recovery Service as modified, but respectfully submits that the sentence at issue would provide clarity to class members rather than confuse them by directing them to a website containing relevant, truthful and accurate information about how they can participate in the settlement with MCAG's assistance, should they decide to opt in to MCAG's Settlement Recovery Service.[5] MCAG submits that disseminating this information contemporaneously with the corrective notice will benefit class members -- particularly those merchants who have already determined that they wish to utilize MCAG's Settlement Recovery Service -- by giving them access to relevant information about changes being made to the enrollment process for the Settlement Recovery Service now, when the changes are actually being made, rather than at some point in the future. Indeed, as the corrective notice to be disseminated by MCAG and its processor partners is certain to raise questions for class members about how they can utilize MCAG's Settlement Recovery Service going forward, MCAG believes that providing this information to class members contemporaneously with the corrective notice will benefit them, not harm or confuse them, whereas providing this information in the future may increase the potential for confusion. MCAG further believes that providing this information now will increase participation in the settlement because it will give class members additional time to request MCAG's assistance in filing claims on an opt-in basis.

As an alternative, MCAG requests that the Court permit it and its processor partners to include a separate notice in the same monthly statements containing the corrective notice with a similar reference to additional information about MCAG's Settlement Recovery Service. Although Class Counsel would not agree to this, MCAG does not understand how such a separate notice would confuse class members and, as with the sentence discussed above, believes it would only benefit them.

---

[5]  When actually disseminated, this sentence will contain a code that will allow a class member to access information specific to the Settlement Recovery Service being offered by its particular processor.

878823_3

Robbins Geller
Rudman & Dowd LLP

The Honorable Judge John Gleeson
September 27, 2013
Page 6

Notwithstanding the foregoing, if at some point the Court approves the use of another automatic enrollment program, MCAG and its partners reserve the right to seek the Court's approval for a similar program.

### C. Post Banners on All Web Portals and Remove Reference to the Opt-Out Programs on All Web Portals

As Class Plaintiffs detailed in their Motion and September 11, 2013 response, MCAG and its processor partners also set up various web portals with some of their processor partners. Dkt. Nos. 5964, 6016. Information needed to access those sites was provided to merchants in communications alerting them to the opt-out program. Class Counsel wrote to MCAG on September 19, 2013 after logging on to three of the sites (the only ones to which Class Counsel had log-in information) and found that the sites still presented information in such a way as to indicate the program is ongoing. Class Counsel stated that this was extremely troubling and must cease immediately. In the letter, Class Counsel requested that all MCAG web portals remove reference to the automatic enrollment plan immediately and provide notice that the opt-out plan is no longer in force or, alternatively, that the portals be taken offline until the Court issues an Order detailing the relief to be granted.

During discussions following Class Counsel's letter, MCAG disagreed with Class Counsel's view of the matter, but agreed to implement some form of notice on the web portals. MCAG has also agreed to prominently display any notice and has agreed to take down/disable the opt-out form/buttons from the relevant websites. The parties agreed that MCAG would have 10 days (until Monday, October 7, 2013) to make the necessary adjustments to the web portals.

The following form of a banner has been agreed upon by Class Counsel and MCAG to be prominently displayed on the subject websites:

> To date your credit card processor and MCAG have communicated to you a claims filing service that would automatically file claims for you in the Payment Card Settlement unless you instructed them not to do so (*i.e*. unless you formally opted-out of the service).
>
> Judge Gleeson, the United States District Court Judge presiding over In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation, has ordered that any plan regarding automatic enrollment in a claims filing service must stop immediately.
>
> Therefore, going forward, we are transitioning the settlement recovery service to an OPT IN program whereby merchants will have the opportunity to affirmatively

Robbins Geller
Rudman & Dowd LLP

The Honorable Judge John Gleeson
September 27, 2013
Page 7

        authorize MCAG and their credit card processor to file a claim on their behalf, if a settlement is approved.

        In the meantime, you can disregard any previous communications concerning any fees or deadlines associated with the auto-enrollment program.

        We will update you on our progress and provide you with any new information with regard to the settlement recovery service.

        For additional information on the case, the Settlement, filing a claim on your own and your rights, please visit the official Court-authorized settlement website at www.paymentcardsettlement.com. Should a settlement be approved, the Class Administrator will not charge any fee to provide claims-filing assistance to Class Members**.**

**III.**    **Conclusion**

        For the foregoing reasons, the parties respectfully request that the Court rule on the disagreement between Class Counsel and MCAG and otherwise order the relief described in this letter.

        Respectfully submitted,

        s/ Alexandra S. Bernay
        ALEXANDRA S. BERNAY
        On Behalf of Class Counsel

        s/ John Cambria
        JOHN CAMBRIA
        Attorney for Global Payments Inc.

        s/ Seth C. Harrington
        SETH C. HARRINGTON
        Attorney for Heartland Payment Systems, Inc.

Robbins Geller
Rudman & Dowd LLP

The Honorable Judge John Gleeson
September 27, 2013
Page 8

                                                          s/ Patrick J. Sheehan
                                        PATRICK J. SHEEHAN
                                        Attorney for Managed Care Advisory Group, Inc.

cc:      All Counsel Via ECF

878823_3