**BINDER & SCHWARTZ**

Neil S. Binder
Binder & Schwartz LLP
28 West 44th Street, 6th Floor, New York, NY 10036
Tel 347.334.5081   Fax 347.772.3072
nbinder@binderschwartz.com

November 20, 2013

**Via ECF**

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Room 727 South
Brooklyn, New York  11201

      Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Lit.*,
              No. 1:05-MD-1720-(JG)(JO)

Dear Judge Gleeson:

      We represent Settlement Recovery Group, LLC ("SRG") and write in response to the Court's Order to Show Cause, issued on November 18, 2013.  As explained below, SRG was unaware of the solicitations or the website described in Class Counsel's November 14 and 18 letters to the Court.  These solicitations were made by Premier Enterprises Group, Inc. ("Premier"), a company with which SRG had contracted to refer potential claimants in connection with this matter.  As soon as SRG learned of the complaints regarding Premier's solicitations, it requested that Premier shut down its website and cease all telephone and email solicitations, which Premier agreed to do.  SRG has terminated its referral agreement with Premier.

      As we have advised Class Counsel, not only have the solicitations stopped, but SRG is prepared to offer each merchant who has signed up with SRG through a referral by Premier an opportunity to rescind its services contract.  We have further offered to work with Class Counsel to draft such a letter.  In light of SRG's willingness to resolve entirely the issues raised in Class Counsel's letter, we ask that the Court not enter an order and permit the parties an opportunity to resolve this matter consensually.

      If the Court were to consider a proposed order at this time, SRG objects to Class Counsel's proposed order (the "Class Proposed Order") or any order that would limit SRG's right to conduct its claims services business on behalf of claimants not referred by Premier.  Such an order is unnecessary to remedy any confusion on the part of merchants solicited by Premier, and it would unfairly, and without any evidentiary record, harm all of SRG's business in connection with this case.  The conduct complained of relates to a third-party, which is not an agent of SRG, and SRG has taken prompt steps to remedy all of the concerns reflected in the Class Proposed Order.  Accordingly, the proposed orders should not issue.



Background

      SRG is a claims filing and fund recovery service for class action settlements.  SRG contracts with class members to assist in filing their claims to participate in settlements.  SRG's fees are contingent, so the class member pays no fee unless a recovery is achieved.  SRG entered into a referral agreement with Premier, an independent sales organization that advised SRG that it had relationships with merchants that were potential claimants in this case.  It was SRG's understanding that Premier would primarily contact those merchants with whom Premier had a pre-existing relationship.

      Premier was responsible for all of the solicitations addressed in Class Counsel's letters, and SRG had no role in the manner in which Premier solicited merchants.  In addition, SRG did not operate Premier's website (www.merchantclaim.com); it did not receive calls made to Premier's toll free telephone line (1-800-256-5161); and it did not receive faxes sent to Premier's fax line (1-800-256-1692).  SRG also did not provide the "Frequently Asked Questions" document in Exhibit 2 to Class Counsel's November 14 letter.

      SRG is committed to fair and honest solicitation practices.  In fact, over the summer, in response to an inquiry from Class Counsel, we provided copies of SRG's solicitation materials to counsel.  We heard nothing further from Class Counsel after sending these materials.  In light of our firm's prior communications with Class Counsel regarding SRG's services in this case, we were surprised that Class Counsel did not contact us to express their concerns about Premier's solicitation.  Had they done so, this matter would have been resolved quickly and without having to burden the Court.  Nonetheless, consistent with its commitment to transparency with its clients, when SRG learned of Premier's solicitation methods, it immediately requested that Premier cease solicitations.  It then terminated its referral agreement with Premier.

The Court Should Not Enter the Proposed Order

      As set out above, we respectfully request that the proposed order not be considered at this time to permit Class Counsel and SRG an opportunity to reach an agreement that would resolve these issues.  However, should the Court consider the proposed orders, SRG objects on several grounds.

      First, the Class Proposed Order is overbroad because it would impair all of SRG's business on the basis of the conduct of a third party.  Specifically, Paragraph 4 would require SRG to provide information concerning all merchants with which it has contracts, and Paragraphs 4 and 5 would require SRG to permit all of its clients an opportunity to rescind their contracts.  Such relief would be improper because there is no evidence to suggest any impropriety in connection with SRG's contracts that were not referred by Premier, nor is there any legal basis for such a broad sanction.



      Second, Paragraphs 2 and 3 of the Class Proposed Order would require SRG to take action with respect to a party that it does not control.  The order seeks to require SRG to modify the [www.merchantclaim.com](www.merchantclaim.com) website, but SRG has no control over the website or Premier.  In any event, this request is moot now that the website is down and SRG has terminated its referral agreement with Premier.

      Finally, an order enjoining SRG and its principals from engaging in any manner of claims processing services would be overbroad.  It would also be unfair to SRG's clients, who are relying on SRG's services in this case.  As set out above, and as SRG's prompt response to Class Counsel's letter makes clear, SRG is committed to a fair and honest process with its merchant clients.  As this Court has recognized, firms like SRG "can provide a valuable service to class members who seek assistance in filing their claims or wish to liquidate those claims" and "are a natural and welcome feature of the settlement landscape." *In re Visa Check/Mastermoney Antitrust Litigation*, 2006 WL 1025588, No. 96-CV-5238 (JG) (E.D.N.Y. March 31, 2006).  SRG provides just such a service and has at all times acted in good faith and with integrity.

      Any order that were to impair SRG's business on the basis of the conduct of Premier would improperly deprive SRG of its right to conduct its business.  Accordingly, this Court should not order the relief requested by Class Counsel, nor should it enter an order enjoining SRG and its principals from engaging in claims processing services related to any settlement of this case.

      Thank you for your consideration.

      Respectfully submitted,

      /s/ Neil S. Binder

      Neil S. Binder

cc:    All counsel via ECF