UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

This Document Relates To:

   ALL ACTIONS.
------------------------------------------------------------------x

MDL No. 1720(JG)(JO)

Civil No. 05-5075(JG)(JO)

CLASS COUNSEL'S MOTION FOR A PROSPECTIVE ORDER CONCERNING MISLEADING THIRD-PARTY CLAIMS FILING SERVICES

900120_1

**I.     INTRODUCTION**

Since the announcement of the proposed settlement in this action, a number of third parties have sought to profit from the settlement by offering claims-filing services to merchants. While many of these companies may be engaged in proper business activities, over the past several months Class Counsel have discovered that a number of entities have used various misleading methods to lure class members into signing up for services, often at a cost exceeding one third of a class members' expected recovery. Class Counsel has brought the worst of these offenders to the attention of the Court and have sent cease and desist letters to several entities.[1]

Most recently, the Court ordered third-party claims company Settlement Recovery Group, LLC ("SRG") to send a letter voiding its contracts with approximately 4,000 merchants that had signed up for claims filing services through a misleading telephone solicitation campaign run by a partnership between SRG and Premier Enterprises Group ("Premier").[2] The Court has set an evidentiary hearing to determine "which individuals and/or entities are accountable for misleading solicitations directed at merchants in the putative class." Dec. 3, 2013 Order at 1. The Court further stated that its "purpose is to identify any persons who or entities that have made false or misleading communications to members of the putative merchant class in an effort to market claims-processing

---

[1]   Class Counsel have written letters or brought to the Court's attention issues related to Managed Care Advisory Group, in association with several merchant processors (Dkt. Nos. 5964, 6016, 6036); Settlement Recovery Group and Premier (Dkt. Nos. 6088, 6091, 6104, 6110, 6112); Class Action Capital (November 27, 2013 letter); Financial Recovery Services (July 15, 2013 and December 12, 2013 letters); and Brownstone Recovery Group (December 6, 2013 letter). In the course of researching other third-party claims filing companies, several additional entities were discovered to be making misleading statements to merchants and cease and desist letters were sent. *See* Exhibit A.

[2]   As another example, in September the Court halted a proposed program by Managed Care Advisory Group and a number of payment processors which would have signed merchants up for claims-filing services unless the merchants affirmatively opted out of the claims filing program. Corrective notices were sent to several thousand merchants. Sept. 12, 2013 Order.

services.  In the event such conduct is demonstrated, relief will not be limited to orders providing for corrective communications and allowing merchants to void claims-processing arrangements; rather, the Court intends to permanently enjoin any such persons or entities from involvement of any kind in claims-processing services with respect to any future settlement of this case." *Id.* at 2.

The Court has stated that its goal is to prevent these problems from arising, rather than limiting its actions to only post hoc attempts to correct the problem.  At a hearing regarding SRG and Premier, the Court stated: "I'm still considering a further injunction that's broader in scope so there can be a deterrent, a message that may convey some deterrence to the other would-be claims processors out there.  As I said at the outset, I have no interest whatsoever in solving these problems as they arise. I want to prevent them."  Nov. 25, 2013 Hrg. Tr. at 16.

Class Counsel share the Court's concerns and herein respectfully submit a proposed solution to prevent other claims filing services from misleading class members.  The proposal seeks to minimize the possibilities for class member confusion while at the same time permitting third-party claims filers to offer their services, which services are, as this Court recognized "a natural and welcome feature of the settlement landscape."  *In re Visa Check/Mastermoney Antitrust Litig.*, No. 96-CV-5238 (JG), 2006 U.S. Dist. LEXIS 19755, at *11 (E.D.N.Y. Mar. 31, 2006).  The relief we propose is narrowly tailored in an effort to avoid First Amendment concerns.  The Court has the authority under both Federal Rule of Civil Procedure 23(d) and the All Writs Act, 28 U.S.C. §1651, as explained in detail below, to prevent class members from being misled.

II.     **FACTUAL BACKGROUND**

Class Counsel have worked to identify third-party filing companies who are offering services related to this action.  One source of information on third-party filing companies has come from the Court-approved website where class members are allowed to preregister and provide information to

the Class Administrator. To date, more than 20,000 merchants, represented by more than a dozen third-party claims filing companies have used the preregistration function on the website.[3] Additionally, the Class Administrator has tracked calls to the toll-free hotline and has provided Class Counsel with call details identifying, where possible, the names of various third-party companies. Class Counsel have also identified additional claims-filing companies through independent research. Attached as Exhibit B is a list of all third-party claims filing companies offering services related to the litigation that have been identified to date. Class Counsel propose that any relief be directed specifically at these entities and generally at all third-party claims-filing companies and intends to monitor the business environment to keep abreast of any new entrants into the claims-filing market. Class Counsel also requests that a summary of any relief that is granted be conspicuously posted on the Court-approved settlement website.

## III. PROPOSED RELIEF

To ensure that all solicitations are truthful and accurate, Class Counsel propose that all third-party claims filing companies seeking to represent class members in connection with this settlement be required to include the following in any solicitation to prospective clients:

1. A statement that claims forms are not yet available.

2. A statement making clear that class members need not sign up for a third-party service in order to participate in any monetary relief and explaining that no-cost assistance will be available from the Class Administrator and Class Counsel during the claims-filing period.

3. Information directing class members to the Court-approved website for additional information.

Class Counsel further propose that:

---

[3] In total, more than 85,000 registration accounts have been created through the website.

1. The proposed relief outlined above must be included in any solicitation, in any form, including on company websites, in mail and email solicitations, and in telephone and in-person solicitations.

2. Solicitations that do not contain the required information (as set forth above) may be deemed misleading and following notice and an opportunity to cure and if that fails, those entities may be enjoined permanently from taking any role in the settlement.

3. Entities that have signed up merchants for claims filing services be required to send, at their own expense, a letter to those clients to ensure that they understood the contract of representation and were not misled by prior solicitations. Class Members would have the option to void their contract if they believe they were misled.

4. Class Counsel and the Class Administrator will continue to monitor third-party claims filing companies to ensure that they comply with any Order of the Court.

## IV. THE COURT POSSESSES THE AUTHORITY TO ENTER THE PROPOSED RELIEF

### A. The Court Has Authority Under Fed. R. Civ. P. 23(d) and the All Writs Act, 28 U.S.C. §1651, to Protect the Putative Class

Consistent with the Court's continuing jurisdiction over the settlement in this action, "Rule 23(d) of the Federal Rules of Civil Procedure gives the court," acting as a guardian of the rights of the Class, "broad powers to make 'appropriate orders' to ensure efficient and fair proceedings in a class action." *In re McKesson HBOC Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1242 (N.D. Cal. 2000); *see also Georgine v. Amchem Prods., Inc.*, 160 F.R.D. 478, 498 (E.D. Pa. 1995) (finding that Rule 23 enables courts to enter remedial orders in the conduct of class actions

without a finding of actual harm: "[a] remedy is appropriate if the communications at issue create a 'likelihood' of abuse, confusion, or an adverse effect on the administration of justice."[4]

The Court's powers under Rule 23 include the authority to regulate communications with class members. *See* Fed. R. Civ. P. 23(d). "In conducting an action under this rule, the court may issue orders . . . to protect class members and fairly conduct the action . . . or deal with similar procedural matters." *Id.* A "court's Rule 23(d) powers include the authority to enjoin communications with class members to protect them from undue interference." *McKesson*, 126 F. Supp. 2d at 1242. "The court must protect the interests of absent class members, and Rule 23(d) gives the judge broad administrative powers to do so . . . ." Manual for Complex Litigation (Fourth) §21 (2004). As the Court has previously recognized, "[i]t may prohibit communications with class members entirely, compel communications correcting misleading statements, and declare contracts between third parties and class members void." *Visa Check/Mastermoney*, 2006 U.S. Dist. LEXIS 19755, at *14.

As the Manual for Complex Litigation stresses: "Misrepresentations or other misconduct in communicating with the class may impair the fairness and adequacy of representation under Rule 23(a)(4), may affect the decision whether to appoint counsel under proposed Rule 23(g), and may be prohibited and penalized under the court's Rule 23(d)(2) plenary protective authority." Manual, §21.12.

Additionally, the All Writs Act, 28 U.S.C. §1651(a) grants the Court broad authority to issue writs that are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Where, as here, a district court retains exclusive jurisdiction over settlement agreements and distribution of settlement funds pursuant to those agreements, "it may

---

[4] Unless otherwise noted, citations are omitted and emphasis is added here and throughtout.

issue orders necessary to protect the settlement from threats by both parties and non-parties." *Visa Check/Mastermoney*, 2006 U.S. Dist. LEXIS 19755, at *11;[5] *see also In re Baldwin-United Corp.*, 770 F.2d 328, 336 (2d Cir. 1985) ("the findings of the district court that the injunction was necessary to preserve its jurisdiction and protect its judgments, if sustainable, would be sufficient to justify the issuance of the injunction under the All-Writs Act").

As the Court explained in *Visa Check/Mastermoney*, it has the power to prevent misleading communications with Class Members.

> The nature of the Court's interest is as simple as it is strong: the class members must not be misled. Where false or misleading statements are used to solicit business from [class members], I have no intention to sit by and relegate them to a cause of action for breach of contract or fraud. To do otherwise – that is, to say that I am powerless to take steps, both proactive and reactive, to protect each class member's interest in the settlement funds, even when I know they are being misled – would be an abdication of responsibility. It would also erode the class members' and the public's respect for the settlements themselves, and for the process that produced them.

*Visa Check/Mastermoney*, 2006 U.S. Dist. LEXIS 19755, at *12-*13.

### B. Misleading Commercial Communications Are Not Protected by the First Amendment

The commercial messages at issue here may be regulated without offending the Constitution. Commercial speech merits constitutional safeguards only to the extent it is accurate. *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1204 (11th Cir. 1985). Indeed, the Court "may require commercial messages to 'appear in such a form, or include such additional information, warnings,

---

[5] As this Court observed, "[t]he power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *Visa Check/Mastermoney*, 2006 U.S. Dist. LEXIS 19755, at *13 (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)); *see also In re Chambers Dev. Co., Inc.*, 148 F.3d 214, 223 n.6 (3d Cir. 1998); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litig.*, 369 F.3d 293, 297 (3d Cir. 2004).

and disclaimers, as are necessary to prevent its being deceptive,' . . . it may restrict some forms of aggressive sales practices that have the potential to exert 'undue influence' over consumers." *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 498.  Here, the proposed Order suggests certain additional information that should be included in any solicitations to prevent those solicitations from being deceptive.  *Id*.

**V.      CONCLUSION**

The Court has broad authority to protect the class and to take all necessary steps in order to do so.  It may act proactively in its role as guardian and need not wait for more class members to be misled by unscrupulous entities preying on their lack of understanding of this complex litigation before acting.  It need not continue to play "Whac-A-Mole" each time a new entity pops up.  The proposed relief is reasonable, necessary and narrowly tailored.  Class Counsel respectfully requests the Court enter the proposed relief.

DATED:  December 13, 2013              Respectfully submitted,

                                                                        ROBBINS GELLER RUDMAN
                                                                             & DOWD LLP
                                                                       PATRICK J. COUGHLIN
                                                                       BONNY E. SWEENEY
                                                                       DAVID W. MITCHELL
                                                                       ALEXANDRA S. BERNAY
                                                                       CARMEN A. MEDICI

                                                                       s/ Alexandra S. Bernay
                                                                      ALEXANDRA S. BERNAY

                                                     655 West Broadway, Suite 1900
                                                     San Diego, CA  92101
                                                     Telephone:  619/231-1058
                                                     619/231-7423 (fax)

>ROBINS, KAPLAN, MILLER &
>  CIRESI L.L.P
>K. CRAIG WILDFANG
>THOMAS J. UNDLIN
>2800 LaSalle Plaza
>800 LaSalle Avenue South
>Minneapolis, MN  55402-2015
>Telephone:  612/349-8500
>612/339-4181 (fax)
>
>BERGER & MONTAGUE, P.C.
>H. LADDIE MONTAGUE, JR.
>MERRILL G. DAVIDOFF
>1622 Locust Street
>Philadelphia, PA  19103
>Telephone:  215/875-3000
>215/875-4604 (fax)
>
>Co-Lead Counsel for Plaintiffs

- 8 -

900120_1