**BINDER & SCHWARTZ**

Neil S. Binder
Binder & Schwartz LLP
28 West 44th Street, 6th Floor, New York, NY 10036
Tel 347.334.5081  Fax 347.772.3072
nbinder@binderschwartz.com

December 26, 2013

**Via ECF**
The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Lit.*,
            No. 1:05-MD-1720 (JG)(JO) (E.D.N.Y.)

Dear Judge Orenstein:

      We represent non-party Settlement Recovery Group, LLC ("SRG") in the above-referenced matter, and submit this letter requesting that the Court resolve several discovery disputes, pursuant to Local Civil Rules 37.1 and 37.3.

Background

      SRG is a claims filing and fund recovery service for class action settlements that contracts with class members to assist them in filing their claims to participate in settlements. SRG entered into a referral agreement with Premier Enterprises Group, Inc. ("Premier"), an independent sales organization that SRG understood had relationships with merchant class members.

      On November 14, 2013, Class Counsel wrote to the Court alleging that some class members had received solicitations that were misleading and improperly induced class members to sign up for SRG's services "under the guise that class members must sign up with this entity in order to recover and must do so right away." *See* Ex. A.  Class Counsel alleged that misleading voicemails were left for class members and that over 100 class members contacted Epiq, the claims administrator, regarding SRG.  *Id.*

      SRG responded that it was unaware of the solicitations or the website, and that the alleged communications had been made by Premier.  *See* Ex. B.  SRG explained that it had no role in the manner in which Premier solicited merchants, did not operate Premier's website, and did not receive calls or faxes directed to Premier.  *Id.*  SRG immediately requested that Premier shut down its website and cease all telephone and email solicitations (which Premier agreed to do), and SRG terminated its referral agreement with Premier.  *See id.*

      On December 3, 2013, the Court entered an order requiring, *inter alia*, that SRG void all Premier-referred contracts between SRG and class members, and further ordered that SRG, Premier, and Class Counsel appear for an evidentiary hearing on January 17, 2014 "regarding which individuals and/or entities are accountable for misleading solicitations directed at" class members.  The Court also ordered the parties to agree on appropriate discovery, and to direct any discovery disputes to Your Honor.  *See* Ex. C.

The parties have exchanged discovery requests. On December 6, 2013, Class Counsel served on SRG subpoenas for documents and deposition testimony. On December 20, 2013, SRG served its response and objections, along with a drive containing approximately 1,000 pages of documents. On December 13, 2013, SRG sent discovery requests to Class Counsel. Although most of the discovery related to documents in the possession of Epiq, Class Counsel asked that SRG direct its requests in a letter to Class Counsel. As set out below, after an exchange of letters and a telephonic meet and confer on December 20, 2013, the parties are at an impasse with respect to Class Counsel's refusal to produce certain documents and to do so without redactions. *See* Exs. D-H. In addition, Class Counsel has refused to identify the witnesses they may call at the hearing scheduled for January 17, 2014. *See* Ex. I.

SRG's Requests for Documents

SRG requested that Class Counsel produce the following documents: (i) all documents in the possession of Epiq concerning SRG; (ii) all documents in the possession of Epiq concerning Premier; (iii) all documents in the possession of Epiq received from, sent to, or concerning any individual who communicated with Epiq concerning SRG or Premier; and (iv) copies of all documents Class Counsel intends to use at the hearing scheduled for January 17, 2014. *See* Ex. D. Although Class Counsel has produced some documents, they have improperly refused to produce (i) <u>unredacted</u> copies of all documents; (ii) audio recordings that correspond to the responsive "call logs" that they have produced; and (iii) additional communications between Epiq and those class members who contacted Epiq concerning SRG or Premier. *See* Ex. F. Class Counsel should be required to produce these documents.

First, Class Counsel's position that the names of class members are confidential is without merit. There is nothing confidential about communications between a merchant and Epiq concerning third-party claims handling services. In any event, even if such communications were confidential, SRG has agreed to comply with the protective order entered in this case, which exists precisely to facilitate the exchange of confidential information. *See Covad Commc'n Co. v. Revonet, Inc.*, 258 F.R.D. 5, 11 (D.D.C. 2009) (confidentiality is not a valid basis for withholding information if it can be protected by protective order restricting access).

Moreover, the identities of the class members who communicated with Epiq are relevant to SRG's defense in light of Class Counsel's allegation that such communications were misleading. For instance, the identities of the class members alleged to have complained is necessary to determine (i) whether any class members decided thereafter to enter into an agreement with SRG, (ii) whether those class members are sophisticated business entities or small business, and (iii) whether the emails are all from discreet class members. Class Counsel seeks to use the alleged complaints of class members to support its allegations that anonymous class members were misled by SRG and suffered damage that demands extraordinary relief, while simultaneously withholding this information as not relevant to SRG's defense. Class Counsel's position does not comport with the Federal Rules, due process, basic notions of fairness, or the orders entered in this matter.

Second, production of the audio recordings that correspond to the call logs that Class Counsel has produced is crucial to SRG's defense. The call logs upon which Class Counsel have relied in this proceeding, *see* Ex. J, do not appear to convey the complete contents of or reflect

the actual conversation between the Epiq operator and the class member, and they are confusing. *See* Fed. R. Evid. 1002; *United States v. Tsarnaev*, No. 13 Crim. 10200, 2013 WL 6196279, at *5 (D. Mass. Nov. 27, 2013) (audio recordings may convey information beyond the meaning of the words themselves as they appear in a transcript, and are therefore "best evidence"). Further, Class Counsels' basis for refusing to produce these responsive documents is that Epiq would be required to redact from the audio recordings the names of class members, which would be costly. Because redactions are neither appropriate nor required, this argument is without merit.

Third, Class Counsel should be required to produce all communications between Epiq and those class members whom Class Counsel assert were misled with respect to SRG, Premier, or a related entity, irrespective of whether those communications related to SRG, Premier, or a related entity. Such request is reasonably calculated to lead to the discovery of documents relevant to the sophistication of those class members, and insight into whether those class members regularly communicated with Epiq.

SRG's Request For The Identity of Witnesses

On December 19 and 20, 2013, SRG requested that Class Counsel promptly provide SRG with the names of witnesses they may call at the January 17 hearing. *See* Exs. G, H. Class Counsel refused to do so. *See* Ex. I. During the meet and confer, Class Counsel again refused this request, yet stated that they reserve the right to call as witnesses anyone they should choose, including class members, representatives of Epiq, or experts.

If Class Counsel intend to introduce evidence that class members were misled by Premier's solicitations, and then seek to hold SRG responsible, SRG must be permitted the opportunity to depose those individuals on whose testimony Class Counsel will rely. At present, SRG does not even know the names of the class members that Class Counsel contend were misled by Premier's solicitations. In addition, if Class Counsel intend to introduce documents obtained from Epiq, SRG must be permitted an opportunity to depose individuals at Epiq on issues concerning those documents, including what guidelines they followed in preparing call logs. Class Counsel should be required to provide this basic disclosure.

For the foregoing reasons, SRG respectfully requests that the Court order Class Counsel to (1) produce all documents in unredacted form, (2) produce all audio recordings that correspond to the call logs that Class Counsel has or will produce, (3) produce all communications between Epiq and those class members who contacted Epiq concerning SRG, Premier, or any related entity, and (4) provide SRG with the names and addresses of any witnesses they may call to testify within 2 days of the Court's order. Thank you for your consideration.

          Respectfully submitted,

          /s/ Neil S. Binder

          Neil S. Binder

cc:  All counsel via ECF