**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 1 4 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————

IN RE PAYMENT CARD
INTERCHANGE FEE AND MERCHANT
DISCOUNT ANTITRUST LITIGATION

This Document Applies to:  All Cases.

—————————————————————————

No. 05-MD-1720 (JG)(JO)

## CLASS SETTLEMENT ORDER AND FINAL JUDGMENT

On September 12, 2013, the Court held a final approval hearing on (1) whether the terms

and conditions of the Definitive Class Settlement Agreement, including all its Appendices,

entered into as of October 19, 2012 (the "Class Settlement Agreement") are fair, reasonable, and

adequate for the settlement of all claims released against the Defendants in the Class Actions in

MDL 1720 by Class Plaintiffs and the members of the Rule 23(b)(3) Settlement Class and the

Rule 23(b)(2) Settlement Class provisionally certified by the Court; (2) whether judgment should

be entered dismissing the Defendants from the Class Actions with prejudice; and (3) whether the

terms of the Plan of Administration and Distribution in Appendix I to the Class Settlement

Agreement, are fair, reasonable, and adequate for allocating the settlement proceeds among the

members of the Rule 23(b)(3) Settlement Class.

The Court having considered all papers filed concerning the Class Settlement Agreement,

and all matters submitted to the Court at the final approval hearing and otherwise, hereby

FINDS, with all terms used herein having the same meanings set forth and defined in the Class

Settlement Agreement, that:

A.    This Court has jurisdiction over the Class Plaintiffs, all members of the Rule

23(b)(3) Settlement Class, all members of the Rule 23(b)(2) Settlement Class, and the

Defendants, and jurisdiction to finally approve the Class Settlement Agreement.

1

B.     The notice and exclusion procedures provided to the Rule 23(b)(3) Settlement Class, and the notice procedures provided to the Rule 23(b)(2) Settlement Class, including but not limited to the methods of identifying and notifying members of those Settlement Classes, were fair, adequate, and sufficient, constituted the best practicable notice under the circumstances, and were reasonably calculated to apprise members of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class that would be bound by the Class Settlement Agreement of the Action, the Class Settlement Agreement, and their objection rights, and to apprise members of the Rule 23(b)(3) Settlement Class of their exclusion rights, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, any other applicable laws or rules of the Court, and due process.

C.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

D.     The Court has held a final approval hearing to consider the fairness, reasonableness, and adequacy of the Class Settlement Agreement, and has been advised of all objections to the Class Settlement Agreement and has given due consideration thereto.

E.     The Class Settlement Agreement, including its consideration and release provisions:

(1)     was entered into in good faith, following arm's-length negotiations, and was not collusive;

(2)     is fair, reasonable, and adequate, and is in the best interests of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement Class;

(3)     is consistent with the requirements of federal law and all applicable court rules, including Federal Rule of Civil Procedure 23; and

2

(4)     was entered into at a time when the record was sufficiently developed and complete to enable the Class Plaintiffs and the Defendants to have adequately evaluated and considered all terms of the Class Settlement Agreement.

F.     The Plan of Administration and Distribution contained in Appendix I to the Class Settlement Agreement is fair, reasonable, and adequate, including for the submission, processing, and allocation of claims by members of the Rule 23(b)(3) Settlement Class with respect to the Net Cash Settlement Fund and the Net Interchange Settlement Fund.

ACCORDINGLY, pursuant to Federal Rule of Civil Procedure 23(e), the Class Settlement Agreement, the terms and conditions of which are hereby incorporated by reference, are hereby fully and finally APPROVED by the Court.

NOW, THEREFORE, based on good cause appearing therefor, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     Based on and pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court finally certifies, for settlement purposes only, a Rule 23(b)(3) Settlement Class, from which exclusions were permitted, consisting of all persons, businesses, and other entities that have accepted Visa-Branded Cards and/or MasterCard-Branded Cards in the United States at any time from January 1, 2004 to November 28, 2012 except that this Class does not include the named Defendants, their directors, officers, or members of their families, financial institutions that have issued Visa- or MasterCard-Branded Cards or acquired Visa- or MasterCard-Branded Card transactions at any time from January 1, 2004 to November 28, 2012, or the United States government.

3

2.      Attached as Exhibit 1 hereto is a list of the members of the Rule 23(b)(3)
Settlement Class that timely and properly excluded themselves from that Class and became Opt
Outs.

3.      Based on and pursuant to the class action criteria of Federal Rules of Civil
Procedure 23(a) and 23(b)(2), the Court hereby finally certifies, for settlement purposes only, a
Rule 23(b)(2) Settlement Class, from which exclusions were not and shall not be permitted,
consisting of all persons, businesses, and other entities that as of the Settlement Preliminary
Approval Date of November 28, 2012 or in the future accept any Visa-Branded Cards and/or
MasterCard-Branded Cards in the United States, except that this Class shall not include the
named Defendants, their directors, officers, or members of their families, financial institutions
that have issued Visa- or MasterCard-Branded Cards or acquired Visa- or MasterCard-Branded
Card transactions at any time since January 1, 2004, or do so in the future, or the United States
government.

4.      In the event of termination of the Class Settlement Agreement as provided
therein, certification of the Rule 23(b)(3) Settlement Class and the Rule 23(b)(2) Settlement
Class shall automatically be vacated and each Defendant may fully contest certification of any
class as if no Rule 23(b)(3) Settlement Class or Rule 23(b)(2) Settlement Class had been
certified.

5.      The Class Plaintiffs shall continue to serve as representatives of the Rule 23(b)(3)
Settlement Class and the Rule 23(b)(2) Settlement Class.  The law firms of Robins, Kaplan,
Miller & Ciresi L.L.P., Berger & Montague, P.C., and Robbins Geller Rudman & Dowd LLP
shall continue to serve as Class Counsel.

4

6.      The definitions of the proposed classes in the Operative Class Complaints are hereby amended to be the same as the Settlement Classes finally certified above.

7.      Class Counsel, the Visa Defendants, and the MasterCard Defendants shall maintain the Class Settlement Cash Escrow Account(s) and the Class Settlement Interchange Escrow Account(s) as provided in the Class Settlement Agreement, including the Class Settlement Cash Escrow Agreement contained in Appendix B to the Class Settlement Agreement and the Class Settlement Interchange Escrow Agreement contained in Appendix C to the Class Settlement Agreement.

8.      Within ten business days after the entry of this Class Settlement Order and Final Judgment, the Escrow Agent shall (a) make a Class Exclusion Takedown Payment of $ $1,056,516,456 to an account that the Visa Defendants shall designate, and (b) make a Class Exclusion Takedown Payment of $455,983,544 to an account or accounts that the MasterCard Defendants shall designate. Both of those payments shall be made regardless of any appeal or other challenge made to the Class Exclusion Takedown Payments or their amounts, as provided in Paragraph 17 of the Class Settlement Agreement.

9.      Subject to Paragraphs 28-30 and the other terms of the Class Settlement Agreement, as consideration for the release of their claims, members of the Rule 23(b)(3) Settlement Class shall be entitled to make claims for money payments from and enjoy the benefits of money payments from the following funds.

a.      The Net Cash Settlement Fund – *i.e.*, the amounts deposited into the Class Settlement Cash Escrow Account(s) by virtue of the payment of the Total Cash Payment Amount of $6.05 billion as provided in Paragraph 10 of the Class Settlement Agreement, as reduced by the Taxes and administrative costs related to those accounts, the Class Exclusion Takedown Payments, and any payments approved by the Court that are permitted under Paragraphs 16-24 of the Class Settlement Agreement, including for Attorneys' Fee Awards, Expense Awards, Class Plaintiffs' Awards, and Settlement Administration Costs. The Net Cash Settlement Fund shall be distributed to eligible members of the Rule 23(b)(3) Settlement Class pursuant to the

claims process specified in the Plan of Administration and Distribution contained in Appendix I to the Class Settlement Agreement.

      b.     The Net Interchange Settlement Fund – *i.e.,* the amounts deposited into the Class Settlement Interchange Escrow Account(s) due to the Default Interchange Payments, as reduced by the Taxes and administrative costs related to those accounts, and any payments approved by the Court that are permitted under Paragraphs 25-26 of the Class Settlement Agreement, including for Attorneys' Fee Awards, Expense Awards, Class Plaintiffs' Awards, and Settlement Administration Costs. The Net Interchange Settlement Fund shall be distributed to eligible members of the Rule 23(b)(3) Settlement Class pursuant to the claims process specified in the Plan of Administration and Distribution contained in Appendix I to the Class Settlement Agreement. The Default Interchange Payments shall be calculated by withholding or adjusting 10 basis points from the default interchange amounts that otherwise would have been provided to issuers on United States acquired and issued Visa-Branded and MasterCard-Branded Credit Card transactions for a period of eight months commencing within sixty days after the end of the Class Exclusion Period, exclusive of the transactions of the Individual Plaintiffs and Opt Outs, as provided in Paragraphs 11-13 of the Class Settlement Agreement.

     10.     Class Plaintiffs and Class Counsel shall provide to the Visa Defendants and the MasterCard Defendants such information as they may reasonably request, as needed in connection with litigation, regarding the claims made by, and payments made to, members of the Rule 23(b)(3) Settlement Class from the Class Settlement Cash Escrow Account(s), which information may be produced subject to the terms of the operative protective order in this Action that addresses the production of confidential and highly confidential information.

     11.     Each member of the Rule 23(b)(3) Settlement Class and each Rule 23(b)(3) Settlement Class Releasing Party unconditionally, fully, and finally releases and forever discharges the Defendants and each of the other Rule 23(b)(3) Settlement Class Released Parties from all released claims, and waives any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws.

     12.     Specifically, the members of the Rule 23(b)(3) Settlement Class provide the following release and covenant not to sue:

      a.     The "Rule 23(b)(3) Settlement Class Releasing Parties" are the Class Plaintiffs, each and every member of the Rule 23(b)(3) Settlement Class that does not become an

Opt Out, and any of their respective past, present, or future: officers and directors; stockholders, agents, employees, legal representatives, partners, and associates (in their capacities as stockholders, agents, employees legal representatives, partners, and associates of a member of the Rule 23(b)(3) Settlement Class only); and trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns – whether or not they object to the Class Settlement Agreement, and whether or not they make a claim for payment from the Class Settlement Cash Escrow Account(s) or the Class Settlement Interchange Escrow Account(s), whether directly, representatively, derivatively, or in any other capacity.

        b.      The "Rule 23(b)(3) Settlement Class Released Parties" are all of the following:

        i.      Visa U.S.A. Inc., Visa International Service Association, Visa Inc., Visa Asia Pacific Region, Visa Canada Association, Visa Central & Eastern Europe, Middle East & Africa Region, Visa Europe, Visa Europe Limited, Visa Latin America & Caribbean Region, and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any Visa-Branded Cards or to acquire any Visa-Branded Card transactions.

        ii.      MasterCard International Incorporated, MasterCard Incorporated, and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any MasterCard-Branded Cards or to acquire any MasterCard-Branded Card transactions.

        iii.      Bank of America, N.A.; BA Merchant Services LLC (formerly known as National Processing, Inc.); Bank of America Corporation; MBNA America Bank, N.A., and FIA Card Services, N.A.

        iv.      Barclays Bank plc; Barclays Bank Delaware; and Barclays Financial Corp.

        v.      Capital One Bank (USA), N.A.; Capital One F.S.B.; and Capital One Financial Corporation.

        vi.      Chase Bank USA, N.A.; Chase Manhattan Bank USA, N.A.; Chase Paymentech Solutions, LLC; JPMorgan Chase Bank, N.A.; JPMorgan Chase & Co.; Bank One Corporation; and Bank One Delaware N.A.

        vii.      Citibank (South Dakota), N.A.; Citibank N.A.; Citigroup Inc.; and Citicorp.

        viii.      Fifth Third Bancorp.

        ix.      First National Bank of Omaha.

7

    x.    HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC North America Holdings Inc.; HSBC Holdings plc; and HSBC Bank plc.

    xi.    National City Corporation and National City Bank of Kentucky.

    xii.    SunTrust Banks, Inc. and SunTrust Bank.

    xiii.    Texas Independent Bancshares, Inc.

    xiv.    Wachovia Bank, N.A. and Wachovia Corporation.

    xv.    Washington Mutual, Inc.; Washington Mutual Bank; Providian National Bank (also known as Washington Mutual Card Services, Inc.); and Providian Financial Corporation.

    xvi.    Wells Fargo & Company and Wells Fargo Bank, N.A.

    xvii.    Each and every entity or person alleged to be a co-conspirator of any Defendant in any of the Operative Class Complaints or any of the Class Actions.

    xviii.    Each of the past, present, or future member or customer financial institutions of Visa U.S.A. Inc., Visa International Service Association, Visa Inc., Visa Europe, Visa Europe Limited, MasterCard International Incorporated, or MasterCard Incorporated.

    xix.    For each of the entities or persons in Paragraphs i-xviii above, each of their respective past, present, and future, direct and indirect, parents (including holding companies), subsidiaries, affiliates, and associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), or any other entity in which more than 50% of the equity interests are held.

    xx.    For each of the entities or persons in Paragraphs i-xix above, each of their respective past, present, and future predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of any of the Defendants to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(3) Settlement Class Released Parties as defined in Paragraphs i-xix above).

    xxi.    For each of the entities or persons in Paragraphs i-xx above, each of their respective past, present, and future principals, trustees, partners, officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, shareholders, advisors, predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of each of the foregoing entities to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(3) Settlement Class Released Parties as defined in Paragraphs i-xx above).

c.   This release applies solely to the Rule 23(b)(3) Settlement Class Releasing Parties. In addition to the effect of the Class Settlement Order and Final Judgment entered in accordance with the Class Settlement Agreement, including but not limited to any *res judicata* effect, the Rule 23(b)(3) Settlement Class Releasing Parties hereby expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Rule 23(b)(3) Settlement Class Released Parties from any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, *parens patriae*, or otherwise in nature, for damages, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, or for injunctive, declaratory, or other equitable relief, whenever incurred, whether directly, indirectly, derivatively, or otherwise, regardless of when such claims accrue, whether known or unknown, suspected or unsuspected, in law or in equity that any Rule 23(b)(3) Settlement Class Releasing Party ever had, now has, or hereafter can, shall, or may in the future have, arising out of or relating in any way to any conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Rule 23(b)(3) Settlement Class Released Party that are alleged or which could have been alleged from the beginning of time until the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012) in any of the Operative Class Complaints or Class Action complaints, or in any amendments to the Operative Class Complaints or Class Action complaints, including but not limited to any claims based on or relating to:

i.   any interchange rules, interchange fees, or interchange rates, or any other Rule of any Visa Defendant or MasterCard Defendant, or any agreement involving any Visa Defendant or any MasterCard Defendant and any other Rule 23(b)(3) Settlement Class Released Party, and/or any merchant arising out of or relating to interchange rules, interchange fees, or interchange rates, card issuance, or card acceptance with respect to any Visa-Branded Card transactions in the United States or any MasterCard-Branded Card transactions in the United States;

ii.   any Merchant Fee of any Rule 23(b)(3) Settlement Released Party relating to any Visa-Branded Card transactions in the United States or any MasterCard-Branded Card transactions in the United States;

iii.   any actual or alleged "no surcharge" rules, "honor all cards" rules, "no minimum purchase" rules, "no discounting" rules, "non-discrimination" rules, "anti-steering" rules, Rules that limit merchants in favoring or steering customers to use certain payment systems, "all outlets" rules, "no bypass" rules, or "no multi-issuer" rules, or any other actual or alleged Rule of any Rule 23(b)(3) Settlement Class Released Party relating to any Visa-Branded Cards or any MasterCard-Branded Cards, or a merchant's point of sale practices relating to any Visa-Branded Cards or any MasterCard-Branded Cards;

iv.   any actual or alleged agreement (A) between or among any Visa Defendant and any MasterCard Defendant, (B) between or among any Visa Defendant or MasterCard Defendant and any other Rule 23(b)(3) Settlement Class Released Party or Parties, or (C) between or among any Visa Defendant, MasterCard Defendant, or any other Rule 23(b)(3) Settlement Class Released Party or Parties relating to conduct or Rules of any Visa Defendant or any MasterCard Defendant;

9

v.        any reorganization, restructuring, initial or other public offering, or other corporate structuring of any Visa Defendant or MasterCard Defendant;

vi.       any service of an employee or agent of any Rule 23(b)(3) Settlement Class Released Party on any board or committee of any Visa Defendant or MasterCard Defendant;

vii.      the future effect in the United States of the continued imposition of or adherence to any Rule of any Visa Defendant or MasterCard Defendant in effect in the United States as of the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012), any Rule modified or to be modified pursuant to the Class Settlement Agreement, or any Rule that is substantially similar to any Rule in effect in the United States as of the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012) or any Rule modified or to be modified pursuant to the Class Settlement Agreement;

viii.     the future effect in the United States of any conduct of any Rule 23(b)(3) Settlement Class Released Party substantially similar to the conduct of any Rule 23(b)(3) Settlement Class Released Party related to or arising out of interchange rules, interchange fees or interchange rates, any Rule of any Visa Defendant or MasterCard Defendant modified or to be modified pursuant to the Class Settlement Agreement, any other Rule of any Visa Defendant or any MasterCard Defendant in effect as of the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012), or any Rule substantially similar to any of the foregoing Rules;

ix.       any conduct of this Action, including without limitation any settlement discussions relating to this Action, the negotiation of and agreement to the Class Settlement Agreement by the Defendants or any member or customer financial institution of the Visa Defendants or the MasterCard Defendants, or any terms or effect of the Class Settlement Agreement (other than claims to enforce the Class Settlement Agreement), including any changes in the Rule 23(b)(3) Settlement Class Released Parties' Rules as a result of the Class Settlement Agreement;

and it is expressly agreed, for purposes of clarity, without expanding or limiting the foregoing, that any claims based on or relating to i-ix above are claims that were or could have been alleged in this Action.

d.        Each Rule 23(b)(3) Settlement Class Releasing Party further expressly and irrevocably waives, and fully, finally, and forever settles and releases, any and all defenses, rights, and benefits that the Rule 23(b)(3) Settlement Class Releasing Party may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in the preceding Paragraphs a-c. Without limiting the generality of the foregoing, each Rule 23(b)(3) Settlement Class Releasing Party expressly and irrevocably waives and releases any and all defenses, rights, and benefits that the Rule 23(b)(3) Settlement Class Releasing Party might otherwise have in relation to the release by virtue of the provisions of California Civil Code Section 1542 or similar laws of any other state or

10

jurisdiction. SECTION 1542 PROVIDES: "CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." In addition, although each Rule 23(b)(3) Settlement Class Releasing Party may hereafter discover facts other than, different from, or in addition to those that it or he or she knows or believes to be true with respect to any claims released in the preceding Paragraphs a-c, each Rule 23(b)(3) Settlement Class Releasing Party hereby expressly waives, and fully, finally, and forever settles, discharges, and releases, any known or unknown, suspected or unsuspected, contingent or non-contingent claims within the scope of the preceding Paragraphs a-c, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts. Class Plaintiffs acknowledge, and the members of the Rule 23(b)(3) Settlement Class shall be deemed by operation of the Class Settlement Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Class Settlement Agreement.

    e.    Each Rule 23(b)(3) Settlement Class Releasing Party covenants and agrees that it shall not, hereafter, seek to establish, or permit another to act for it in a representative capacity to seek to establish, liability against any of the Rule 23(b)(3) Settlement Class Released Parties based, in whole or in part, upon any conduct covered by any of the claims released in the Paragraphs a-d above.

    f.    For avoidance of doubt, no other provision of the Class Settlement Agreement releases any claim of a Rule 23(b)(3) Settlement Class Releasing Party that is based on:

        i.    breach of the Class Settlement Agreement;

        ii.    standard commercial disputes arising in the ordinary course of business under contracts or commercial relations regarding loans, lines of credit, or other related banking or credit relations, individual chargeback disputes, products liability, breach of warranty, misappropriation of cardholder data or invasion of privacy, compliance with technical specifications for a merchant's acceptance of Credit Cards or Debit Cards, and any other dispute arising out of a breach of any contract between any of the Rule 23(b)(3) Settlement Class Releasing Parties and any of the Rule 23(b)(3) Settlement Class Released Parties; provided, however, that Paragraphs a-e above and not this Paragraph shall control in the event that any such claim challenges the legality of interchange rules, interchange rates, or interchange fees, or any other Rule fee, charge, or other conduct covered by any of the claims released in Paragraphs a-e above; or

        iii.    the claims alleged in the currently operative complaints against the current defendants in (i) *NACS, et al. v. Board of Governors of the Federal Reserve System*, No. 11 CV 02075-RJL (D.D.C.), and (ii) *In re ATM Fee Antitrust Litigation*, No. 04-CV-02676-CRB (N.D. Cal) (including claims that have been asserted to have been alleged in the Second Amended and Third Amended Complaints against Bank of America, N.A.).

g.      Each Rule 23(b)(3) Settlement Class Releasing Party further releases each of the Visa Defendants, MasterCard Defendants, and Bank Defendants and their counsel and experts in this Action from any claims relating to the defense of this Action, including the negotiation and terms of the Class Settlement Agreement, except for any claims relating to enforcement of the Class Settlement Agreement. Each Visa Defendant, MasterCard Defendant, and Bank Defendant releases the Class Plaintiffs, the other plaintiffs in the Class Actions, Class Counsel, Class Plaintiffs' other counsel who have participated in any settlement conferences before the Court for a Class Plaintiff that executed the Class Settlement Agreement, and their respective experts in the Class Actions, from any claims relating to their institution or prosecution of the Class Actions, including the negotiation and terms of the Class Settlement Agreement, except for any claims relating to enforcement of the Class Settlement Agreement.

13.     Subject to Paragraphs 39-65 and the other terms of the Class Settlement

Agreement, as consideration for the release of their claims, members of the Rule 23(b)(2)

Settlement Class have received, and will continue to receive, benefits from Visa rules

modifications and MasterCard rules modifications, including the following.

a.      The Visa Defendants shall maintain their respective "no discounting" and "non-discrimination" rules as provided in, and for the time period provided in, the Final Judgment that the court entered on July 20, 2011 in *United States v. American Express Co., et al.*, No. 10- CV-04496 (E.D.N.Y.) (NGG) (RER), a copy of which is attached as Appendix J to the Class Settlement Agreement, and shall maintain at no cost in the United States, consistent with the terms of the Final Judgment, the Visa Product Eligibility Service described in the Declaration of Judson Reed filed on June 14, 2011 in that action, subject to any subsequent modifications thereto in that action. In the event that the obligations imposed on the Visa Defendants in that Final Judgment are terminated in that action before July 20, 2021, those obligations shall thenceforth be imposed on the Visa Defendants under the Class Settlement Agreement in this Action but only until July 20, 2021.

b.      The MasterCard Defendants shall maintain their respective "no discounting" and "non-discrimination" rules as provided in, and for the time period provided in, the Final Judgment that the court entered on July 20, 2011 in *United States v. American Express Co., et al.*, No. 10-CV-04496 (E.D.N.Y.) (NGG) (RER), a copy of which is attached as Appendix J to the Class Settlement Agreement, and shall maintain at no cost in the United States, consistent with the terms of the Final Judgment, the MasterCard Product Validation Service (also known as "Product Inquiry") described in the Declaration of Brian Tomchek filed on June 14, 2011 in that action, subject to any subsequent modifications thereto in that action. In the event that the obligations imposed on the MasterCard Defendants in that Final Judgment are terminated in that action before July 20, 2021, those obligations shall thenceforth be imposed on the MasterCard Defendants under the Class Settlement Agreement in this Action but only until July 20, 2021.

12

c.     The Visa Defendants will permit a merchant to decline acceptance of all "Visa POS Debit Devices" or all "Other Visa Products," as defined pursuant to Visa's settlement agreement in the *In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-CV-05238 (E.D.N.Y.) (JG) (JO), at all outlets that operate under the same trade name or banner in the United States, even if that merchant accepts all "Visa POS Debit Devices or all "Other Visa Products" at outlets that operate under a different trade name or banner within or outside of the United States.  Nothing herein shall prevent the Visa Defendants from retaining or promulgating rules that require a merchant, (a) to the extent that the merchant accepts "Visa POS Debit Devices" at any of the merchant's outlets operating under a given trade name or banner in the United States, to accept "Visa POS Debit Devices" at all outlets operating under that trade name or banner, or (b) to the extent that the merchant accepts "Other Visa Products" at any of the merchant's outlets operating under a given trade name or banner in the United States, to accept "Other Visa Products" at all outlets operating under that trade name or banner. Nothing herein shall prohibit the Visa Defendants from (a) using volume-based pricing and pricing incentives, or (b) contracting with an individual merchant, including for more favorable pricing, based on its acceptance at all outlets in the United States; provided, however, that the Visa Defendants shall not require merchant acceptance at all outlets in connection with a volume-based incentive program made generally available to all merchants in the United States.

d.     The MasterCard Defendants will permit a merchant to decline acceptance of all "MasterCard POS Debit Devices" or all "Other MasterCard Products," as defined pursuant to MasterCard's settlement agreement in the *In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-CV-05238 (E.D.N.Y.) (JG) (JO), at all outlets that operate under the same trade name or banner in the United States, even if that merchant accepts all "MasterCard POS Debit Devices or all "Other MasterCard Products" at outlets that operate under a different trade name or banner within or outside of the United States.  Nothing herein shall prevent the MasterCard Defendants from retaining or promulgating rules that require a merchant, (a) to the extent that the merchant accepts "MasterCard POS Debit Devices" at any of the merchant's outlets operating under a given trade name or banner in the United States, to accept "MasterCard POS Debit Devices" at all outlets operating under that trade name or banner, or (b) to the extent that the merchant accepts "Other MasterCard Products" at any of the merchant's outlets operating under a given trade name or banner in the United States, to accept "Other MasterCard Products" at all outlets operating under that trade name or banner.  Nothing herein shall prohibit the MasterCard Defendants from (a) using volume-based pricing and pricing incentives, or (b) contracting with an individual merchant, including for more favorable pricing based on its acceptance at all outlets in the United States; provided, however, that the MasterCard Defendants shall not require merchant acceptance at all outlets in connection with a volume-based incentive program made generally available to all merchants in the United States.

e.     The Visa Defendants shall continue the modification of their "no surcharge" rules to permit a merchant in the United States to surcharge Visa-Branded Credit Card Transactions at either (but not both) the "Brand Level" or the "Product Level," as defined in, and subject to the terms and conditions in, Paragraph 42 of the Class Settlement Agreement.

f.     The MasterCard Defendants shall continue the modification of their "no surcharge" rules to permit a merchant in the United States to surcharge MasterCard-Branded

Credit Card Transactions at either (but not both) the "Brand Level" or the "Product Level," as defined in, and subject to the terms and conditions in, Paragraph 55 of the Class Settlement Agreement.

        g.      In the event that Visa debit card transactions are no longer subject to the rate cap established by the Board of Governors of the Federal Reserve System pursuant to 15 U.S.C. § 1693o-2 and its implementing regulations or any other regulated rate cap that may be subsequently implemented, the Visa Defendants will further modify the Visa rules to permit merchants to surcharge Visa debit card transactions in a manner equivalent to that permitted for Visa Credit Card transactions pursuant to Paragraph 42(a) of the Class Settlement Agreement.

        h.      In the event that MasterCard debit card transactions are no longer subject to the rate cap established by the Board of Governors of the Federal Reserve System pursuant to 15 U.S.C. § 1693o-2 and its implementing regulations or any other regulated rate cap that may be subsequently implemented, the MasterCard Defendants will further modify the MasterCard rules to permit merchants to surcharge MasterCard debit card transactions in a manner equivalent to that permitted for MasterCard Credit Card transactions pursuant to Paragraph 55(a) of the Class Settlement Agreement.

        i.      The Visa Defendants shall modify their rules, by-laws, or regulations to the extent necessary to eliminate any restrictions therein on merchants' rights to properly organize bona fide buying groups that comply with the requirements of the DOJ Guidelines on Competitor Collaboration, the DOJ and FTC's Statements of Antitrust Enforcement Policy in Health Care, and other applicable legal standards, to negotiate with Visa on behalf of members of the buying group. With respect to any proposals that Visa believes provides reasonable commercial benefits to the parties, Visa will negotiate with such buying groups in an effort to reach a commercially reasonable agreement, and Visa agrees to exercise its discretion and business judgment in good faith: (a) in determining whether a proposal sets forth commercially reasonable benefits to the parties; (b) in negotiations related to such proposals; and (c) in making its determination whether to accept or reject a proposal. In the event that any dispute arises with respect to this provision, the parties will be subject to the jurisdiction of, and the dispute shall be resolved by, the Court presiding over this Action, as part of the continuing jurisdiction of the Court over this Settlement and the Rule 23(b)(2) Settlement Class. In the event of such dispute, the party raising the dispute shall be limited to seeking declaratory relief, and to no other form of relief. The declaratory relief available as to any such dispute shall be limited to deciding whether (y) the putative buying group is a properly organized bona fide buying group that complies with the requirements of this Paragraph, and/or (z) whether Visa negotiated in good faith with the putative buying group. The parties, including all members of the Rule 23(b)(2) Settlement Class, waive all rights to appeal from any such determinations. Upon resolution of the dispute by the Court, the losing party shall be responsible for all attorneys' fees and expenses of the prevailing party unless the Court determines that the circumstances make such an award unjust.

        j.      The MasterCard Defendants shall modify their rules, by-laws, or regulations to the extent necessary to eliminate any restrictions therein on merchants' rights to properly organize bona fide buying groups that comply with the requirements of the DOJ

Guidelines on Competitor Collaboration, the DOJ and FTC's Statements of Antitrust Enforcement Policy in Health Care, and other applicable legal standards, to negotiate with MasterCard on behalf of members of the buying group. With respect to any proposals that MasterCard believes provides reasonable commercial benefits to the parties, MasterCard will negotiate with such buying groups in an effort to reach a commercially reasonable agreement, and MasterCard agrees to exercise its discretion and business judgment in good faith: (a) in determining whether a proposal sets forth commercially reasonable benefits to the parties; (b) in negotiations related to such proposals; and (c) in making its determination whether to accept or reject a proposal. In the event that any dispute arises with respect to this provision, the parties will be subject to the jurisdiction of, and the dispute shall be resolved by, the Court presiding over this Action, as part of the continuing jurisdiction of the Court over this Settlement and the Rule 23(b)(2) Settlement Class. In the event of such dispute, the party raising the dispute shall be limited to seeking declaratory relief, and to no other form of relief. The declaratory relief available as to any such dispute shall be limited to deciding whether (y) the putative buying group is a properly organized bona fide buying group that complies with the requirements of this Paragraph, and/or (z) whether MasterCard negotiated in good faith with the putative buying group. The parties, including all members of the Rule 23(b)(2) Settlement Class, waive all rights to appeal from any such determinations. Upon resolution of the dispute by the Court, the losing party shall be responsible for all attorneys' fees and expenses of the prevailing party unless the Court determines that the circumstances make such an award unjust.

k.      In the event that the obligations imposed on the Visa Defendants under 15 U.S.C. § 1693o-2(b)(3)(A)(i) not to prohibit merchants from setting a minimum dollar value for acceptance of credit cards that does not differentiate between issuers or payment card networks and that does not exceed $10.00 are terminated before July 20, 2021, those obligations shall thenceforth be imposed on the Visa Defendants under the Class Settlement Agreement but only until July 20, 2021.

l.      In the event that the obligations imposed on the MasterCard Defendants under 15 U.S.C. § 1693o-2(b)(3)(A)(i) not to prohibit merchants from setting a minimum dollar value for acceptance of credit cards that does not differentiate between issuers or payment card networks and that does not exceed $10.00 are terminated before July 20, 2021, those obligations shall thenceforth be imposed on the MasterCard Defendants under the Class Settlement Agreement but only until July 20, 2021.

m.      The rules requirements described above shall remain in effect until July 20, 2021. The rules requirements described above shall expire on July 20, 2021.

14.      All members of the Rule 23(b)(3) Settlement Class, and those subject to their control, are hereby enjoined and forever barred from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on its behalf, any claims released against Rule 23(b)(3) Settlement Class Released Parties.

15.     Each member of the Rule 23(b)(2) Settlement Class and each Rule 23(b)(2) Settlement Class Releasing Party unconditionally, fully, and finally releases and forever discharges the Defendants and each of the other Rule 23(b)(2) Settlement Class Released Parties from all released claims, and waives any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws.

16.     Specifically, the members of the Rule 23(b)(2) Settlement Class provide the following release and covenant not to sue:

a.     The "Rule 23(b)(2) Settlement Class Releasing Parties" are the Class Plaintiffs, each and every member of the Rule 23(b)(2) Settlement Class, and any of their respective past, present, or future: officers and directors; stockholders, agents, employees, legal representatives, partners, and associates (in their capacities as stockholders, agents, employees, legal representatives, partners, and associates of a member of the Rule 23(b)(2) Settlement Class only); and trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns — whether or not they object to the Class Settlement Agreement, and whether or not they exercise any benefit provided under the Class Settlement Agreement, whether directly, representatively, derivatively, or in any other capacity.

b.     The "Rule 23(b)(2) Settlement Class Released Parties" are all of the following:

i.     Visa U.S.A. Inc., Visa International Service Association, Visa Inc., Visa Asia Pacific Region, Visa Canada Association, Visa Central & Eastern Europe, Middle East & Africa Region, Visa Europe, Visa Europe Limited, Visa Latin America & Caribbean Region, and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any Visa-Branded Cards or to acquire any Visa-Branded Card transactions.

ii.     MasterCard International Incorporated, MasterCard Incorporated, and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any MasterCard-Branded Cards or to acquire any MasterCard-Branded Card transactions.

iii.     Bank of America, N.A.; BA Merchant Services LLC (formerly known as National Processing, Inc.); Bank of America Corporation; MBNA America Bank, N.A., and FIA Card Services, N.A.

iv.     Barclays Bank plc; Barclays Bank Delaware; and Barclays Financial Corp.

16

           v.      Capital One Bank (USA), N.A.; Capital One F.S.B.; and Capital One Financial Corporation.

           vi.     Chase Bank USA, N.A.; Chase Manhattan Bank USA, N.A.; Chase Paymentech Solutions, LLC; JPMorgan Chase Bank, N.A.; JPMorgan Chase & Co.; Bank One Corporation; and Bank One Delaware, N.A.

           vii.    Citibank (South Dakota), N.A.; Citibank N.A.; Citigroup Inc.; and Citicorp.

           viii.   Fifth Third Bancorp.

           ix.     First National Bank of Omaha.

           x.      HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC North America Holdings Inc.; HSBC Holdings plc; and HSBC Bank plc.

           xi.     National City Corporation and National City Bank of Kentucky.

           xii.    SunTrust Banks, Inc. and SunTrust Bank.

           xiii.   Texas Independent Bancshares, Inc.

           xiv.   Wachovia Bank, N.A. and Wachovia Corporation.

           xv.     Washington Mutual, Inc.; Washington Mutual Bank; Providian National Bank (also known as Washington Mutual Card Services, Inc.); and Providian Financial Corporation.

           xvi.   Wells Fargo & Company and Wells Fargo Bank N.A.

           xvii.   Each and every entity or person alleged to be a co-conspirator of any Defendant in any of the Operative Class Complaints or any of the Class Actions.

           xviii.  Each of the past, present, or future member or customer financial institutions of Visa U.S.A. Inc., Visa International Service Association, Visa Inc., Visa Europe, Visa Europe Limited, MasterCard International Incorporated, or MasterCard Incorporated.

           xix.   For each of the entities or persons in Paragraphs i-xviii above, each of their respective past, present, and future, direct and indirect, parents (including holding companies), subsidiaries, affiliates, and associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), or any other entity in which more than 50% of the equity interests are held.

xx.     For each of the entities or persons in Paragraphs i-xix above, each of their respective past, present, and future predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of any of the Defendants to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(2) Settlement Class Released Parties as defined in Paragraphs i-xix above).

xxi.    For each of the entities or persons in Paragraphs i-xx above, each of their respective past, present, and future principals, trustees, partners, officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, shareholders, advisors, predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of each of the foregoing entities to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(2) Settlement Class Released Parties as defined in Paragraphs i-xx above).

c.      This release applies solely to the Rule 23(b)(2) Settlement Class Releasing Parties. In addition to the effect of the Class Settlement Order and Final Judgment entered in accordance with the Class Settlement Agreement, including but not limited to any *res judicata* effect, the Rule 23(b)(2) Settlement Class Releasing Parties hereby expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Rule 23(b)(2) Settlement Class Released Parties from any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, *parens patriae*, or otherwise in nature, for any form of declaratory, injunctive, or equitable relief, or any damages or other monetary relief relating to the period after the date of the Court's entry of the Class Settlement Preliminary Approval Order, regardless of when such claims accrue, whether known or unknown, suspected or unsuspected, in law or in equity that any Rule 23(b)(2) Settlement Class Releasing Party now has, or hereafter can, shall, or may in the future have, arising out of or relating in any way to any conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Rule 23(b)(2) Settlement Class Released Party that are alleged or which could have been alleged from the beginning of time until the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012) in any of the Operative Class Complaints or Class Action complaints, or in any amendments to the Operative Class Complaints or Class Action complaints, including but not limited to any claims based on or relating to:

i.      any interchange rules, interchange fees, or interchange rates, or any other Rule of any Visa Defendant or MasterCard Defendant, or any agreement involving any Visa Defendant or any MasterCard Defendant and any other Rule 23(b)(2) Settlement Class Released Party, and/or any merchant arising out of or relating to interchange rules, interchange fees, or interchange rates, card issuance, or card acceptance with respect to any Visa-Branded Card transactions in the United States or any MasterCard-Branded Card transactions in the United States;

ii.     any Merchant Fee of any Rule 23(b)(2) Settlement Released Party relating to any Visa-Branded Card transactions in the United States or any MasterCard-Branded Card transactions in the United States;

iii.    any actual or alleged "no surcharge" rules, "honor all cards" rules, "no minimum purchase" rules, "no discounting" rules, "non-discrimination" rules, "anti-steering" rules, Rules that limit merchants in favoring or steering customers to use certain payment systems, "all outlets" rules, "no bypass" rules, or "no multi-issuer" rules, or any other actual or alleged Rule of any Rule 23(b)(2) Settlement Class Released Party relating to any Visa-Branded Cards or any MasterCard-Branded Cards, or a merchant's point of sale practices relating to any Visa-Branded Cards or any MasterCard-Branded Cards;

iv.    any actual or alleged agreement (A) between or among any Visa Defendant and any MasterCard Defendant, (B) between or among any Visa Defendant or MasterCard Defendant and any other Rule 23(b)(2) Settlement Class Released Party or Parties, or (C) between or among any Visa Defendant, MasterCard Defendant, or any other Rule 23(b)(2) Settlement Class Released Party or Parties relating to conduct or Rules of any Visa Defendant or any MasterCard Defendant;

v.    any reorganization, restructuring, initial or other public offering, or other corporate structuring of any Visa Defendant or MasterCard Defendant;

vi.    any service of an employee or agent of any Rule 23(b)(2) Settlement Class Released Party on any board or committee of any Visa Defendant or MasterCard Defendant;

vii.    the future effect in the United States of the continued imposition of or adherence to any Rule of any Visa Defendant or MasterCard Defendant in effect in the United States as of the date of the Court's entry of the Class Settlement Preliminary Approval Order, any Rule modified or to be modified pursuant to the Class Settlement Agreement, or any Rule that is substantially similar to any Rule in effect in the United States as of the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012) or any Rule modified or to be modified pursuant to the Class Settlement Agreement;

viii.    the future effect in the United States of any conduct of any Rule 23(b)(2) Settlement Class Released Party substantially similar to the conduct of any Rule 23(b)(2) Settlement Class Released Party related to or arising out of interchange rules, interchange fees, or interchange rates, any Rule of any Visa Defendant or MasterCard Defendant modified or to be modified pursuant to the Class Settlement Agreement, any other Rule of any Visa Defendant or any MasterCard Defendant in effect as of the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012), or any Rule substantially similar to any of the foregoing Rules;

ix.    any conduct of this Action, including without limitation any settlement discussions relating to this Action, the negotiation of and agreement to the Class Settlement Agreement by the Defendants or any member or customer financial institution of the Visa Defendants or the MasterCard Defendants, or any terms or effect of the Class Settlement Agreement (other than claims to enforce the Class Settlement Agreement), including any changes in the Rule 23(b)(2) Settlement Class Released Parties' Rules as a result of the Class Settlement Agreement;

19

and it is expressly agreed, for purposes of clarity, without expanding or limiting the foregoing, that any claims based on or relating to i-ix above are claims that were or could have been alleged in this Action.

Provided, however, that any Opt Out that is also a member of the Rule 23(b)(2) Settlement Class shall not be deemed to have released any claims for damages based on any Rules or other conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Rule 23(b)(3) Settlement Class Released Party prior to the date of the Court's entry of the Class Settlement Preliminary Approval Order.

d.      Each Rule 23(b)(2) Settlement Class Releasing Party further expressly and irrevocably waives, and fully, finally, and forever settles and releases, any and all defenses, rights, and benefits that the Rule 23(b)(2) Settlement Class Releasing Party may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in the preceding Paragraphs a-c. Without limiting the generality of the foregoing, each Rule 23(b)(2) Settlement Class Releasing Party expressly and irrevocably waives and releases any and all defenses, rights, and benefits that the Rule 23(b)(2) Settlement Class Releasing Party might otherwise have in relation to the release by virtue of the provisions of California Civil Code Section 1542 or similar laws of any other state or jurisdiction. SECTION 1542 PROVIDES: "CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." In addition, although each Rule 23(b)(2) Settlement Class Releasing Party may hereafter discover facts other than, different from, or in addition to those that it or he or she knows or believes to be true with respect to any claims released in the preceding Paragraphs a-c, each Rule 23(b)(2) Settlement Class Releasing Party hereby expressly waives, and fully, finally, and forever settles, discharges, and releases, any known or unknown, suspected or unsuspected, contingent or non-contingent claims within the scope of the preceding Paragraphs a-c, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts. Class Plaintiffs acknowledge, and the members of the Rule 23(b)(2) Settlement Class shall be deemed by operation of the Class Settlement Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Class Settlement Agreement.

e.      Each Rule 23(b)(2) Settlement Class Releasing Party covenants and agrees that it shall not, hereafter, seek to establish, or permit another to act for it in a representative capacity to seek to establish, liability against any of the Rule 23(b)(2) Settlement Class Released Parties based, in whole or in part, upon any conduct covered by any of the claims released in Paragraphs a-d above.

f.      For purposes of clarity, it is specifically intended for the release and covenant not to sue provisions of Paragraphs a-e above to preclude all members of the Rule

20

23(b)(2) Settlement Class from seeking or obtaining any form of declaratory, injunctive, or equitable relief, or damages or other monetary relief relating to the period after the date of the Court's entry of the Class Settlement Preliminary Approval Order (November 28, 2012) with respect to any Rule of any Visa Defendant or any MasterCard Defendant, and the compliance by any Bank Defendant with any such Rule, as it is alleged to exist, now exists, may be modified in the manner provided in Paragraphs 40-45 and 53-57 of the Class Settlement Agreement, or may in the future exist in the same or substantially similar form thereto.

   g. For avoidance of doubt, no other provision of the Class Settlement Agreement releases any claim of a Rule 23(b)(2) Settlement Class Releasing Party that is based on:

     i. breach of the Class Settlement Agreement;

     ii. standard commercial disputes arising in the ordinary course of business under contracts or commercial relations regarding loans, lines of credit, or other related banking or credit relations, individual chargeback disputes, products liability, breach of warranty, misappropriation of cardholder data or invasion of privacy, compliance with technical specifications for a merchant's acceptance of Credit Cards or Debit Cards, and any other dispute arising out of a breach of any contract between any of the Rule 23(b)(2) Settlement Class Releasing Parties and any of the Rule 23(b)(2) Settlement Class Released Parties; provided, however, that Paragraphs a-f above and not this Paragraph shall control in the event that any such claim challenges the legality of interchange rules, interchange rates, or interchange fees, or any other Rule, fee, charge, or other conduct covered by any of the claims released in Paragraphs a-f above;

     iii. the claims alleged in the currently operative complaints against the current defendants in (i) *NACS, et al. v. Board of Governors of the Federal Reserve System*, No. 11-CV-02075-RJL (D.D.C.), and (ii) *In re ATM Fee Antitrust Litigation*, No. 04 CV 02676-CRB (N.D. Cal) (including claims that have been asserted to have been alleged in the Second Amended or Third Amended Complaints against Bank of America, N.A.); or

     iv. a claim seeking only injunctive relief against only the Visa Defendants regarding the legality of Visa's Fixed Acquirer Network Fee.

   h. Each Rule 23(b)(2) Settlement Class Releasing Party further releases each of the Visa Defendants, MasterCard Defendants, and Bank Defendants and their counsel and experts in this Action from any claims relating to the defense of this Action, including the negotiation and terms of the Class Settlement Agreement, except for any claims relating to enforcement of the Class Settlement Agreement. Each Visa Defendant, MasterCard Defendant, and Bank Defendant releases the Class Plaintiffs, other plaintiffs in the Class Actions, Class Counsel, Class Plaintiffs' other counsel who have participated in any settlement conferences before the Court for a Class Plaintiff that executed the Class Settlement Agreement, and their respective experts in the Class Actions, from any claims relating to their institution or prosecution of the Class Actions, including the negotiation and terms of the Class Settlement Agreement, except for any claims relating to enforcement of the Class Settlement Agreement.

17.     All members of the Rule 23(b)(2) Settlement Class, and those subject to their control, are hereby enjoined and forever barred from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on its behalf, any claims released against Rule 23(b)(2) Settlement Class Released Parties.

18.     The Class Settlement Agreement and this Class Settlement Order and Final Judgment do not bar an investigation or action, whether denominated as *parens patriae*, law enforcement, or regulatory, by a state, quasi-state, or local governmental entity to vindicate sovereign or quasi-sovereign interests.  The Class Settlement Agreement and this Class Settlement Order and Final Judgment bar a claim brought by a state, quasi-state, or local governmental entity to the extent that such claim is based on a state, quasi-state, or local government entity's proprietary interests (a) as a member of the Rule 23(b)(2) Settlement Class, or (b) as a member of the Rule 23(b)(3) Settlement Class that has received or is entitled to receive a financial recovery in this action.  The Class Settlement Agreement and this Class Settlement Order and Final Judgment also bar a claim, whether denominated as seeking damages, restitution, unjust enrichment, or other monetary relief, brought by a state, quasi-state, or local governmental entity for monetary harm sustained by natural persons, businesses, or other non-state, non-quasi-state, and non-local governmental entities or private parties who themselves (a) are members of the Rule 23(b)(2) Settlement Class or (b) are members of the Rule 23(b)(3) Settlement Class.

19.     Without affecting the finality of this judgment in any way, and as further provided in Paragraphs 100-103 of the Class Settlement Agreement, this Court hereby retains continuing jurisdiction in MDL 1720 over the Class Plaintiffs, the members of the Rule 23(b)(3) Settlement Class, the members of the Rule 23(b)(2) Settlement Class, and the Defendants to implement,

administer, consummate, and enforce the Class Settlement Agreement and this Class Settlement

Order and Final Judgment, including any disputes relating to, or arising out of, the release and

covenant not to sue of the Rule 23(b)(3) Settlement Class or any claim for payment from the

Class Settlement Cash Escrow Account(s) or the Class Settlement Interchange Escrow

Account(s), and including any disputes relating to, or arising out of, the release and covenant not

to sue of the Rule 23(b)(2) Settlement Class or any claim concerning any by law, rule, operating

regulation, practice, policy, or procedure of any Visa Defendant or MasterCard Defendant.

     20.     The Class Plaintiffs, members of the Rule 23(b)(3) Settlement Class, members of

the Rule 23(b)(2) Settlement Class, and the Defendants irrevocably submit to the exclusive

jurisdiction of this Court for the resolution of any matter covered by the Class Settlement

Agreement, this Class Settlement Order and Final Judgment, or the applicability of the Class

Settlement Agreement or this Class Settlement Order and Final Judgment.  All applications to

the Court with respect to any aspect of the Class Settlement Agreement or this Class Settlement

Order and Final Judgment shall be presented to and determined by United States District Court

Judge John Gleeson for resolution as a matter within the scope of MDL 1720, or, if he is not

available, any other District Court Judge designated by the Court.

     21.     In the event that the provisions of this Class Settlement Agreement or the Class

Settlement Order and Final Judgment are asserted by any Defendant or Rule 23(b)(2) or Rule

23(b)(3) Settlement Class Released Party as a ground for a defense, in whole or in part, to any

claim or cause of action, or are otherwise raised as an objection in any other suit, action, or

proceeding by a Class Plaintiff or member of the Rule 23(b)(2) or Rule 23(b)(3) Settlement

Class, the Rule 23(b)(2) and Rule 23(b)(3) Settlement Class Released Party shall be entitled to an

immediate stay of that suit, action, or proceeding until after this Court has entered an order or

judgment determining any issues relating to the defense or objections based on such provisions, and no further judicial review of such order or judgment is possible.

22.     The terms and provisions of the Fourth Amended Protective Order, filed on October 29, 2009, and approved by the Court on October 30, 2009, shall survive and continue in effect through and after entry of this Class Settlement Order and Final Judgment.

23.     Nothing in the Class Settlement Agreement or this Class Settlement Order and Final Judgment is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Defendants, or of the truth or validity or lack of truth or validity of any of the claims of allegations alleged in any of the Class Actions in MDL 1720.

24.     Nothing in this Class Settlement Order and Final Judgment is intended to or shall modify the terms of the Class Settlement Agreement.

25.     All the Class Actions consolidated in MDL 1720, listed in Appendix A to the Class Settlement Agreement and in Exhibit 2 hereto, and all claims against the Defendants in those Class Actions, are hereby dismissed with prejudice, with each party to bear its own costs, except as and to the extent provided for in the Class Settlement Agreement.

26.     This Class Settlement Order and Final Judgment terminates and disposes of all claims against the Defendants in the Class Actions in MDL 1720. There is no just reason for delay in entering final judgment. The Court hereby directs the Clerk to enter judgment forthwith in accordance with the terms of this Class Settlement Order and Final Judgment, which judgment shall be final and appealable.

DATED: ___1/14/14_____

s/John Gleeson
_____
THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

24