IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Payment Card Interchange Fee And Merchant Discount Antitrust Litigation | Case No. 1:05-MD-1720 (JG)(JO) |

## DECLARATION OF MICHAEL R. O'CONNOR REGARDING ESTIMATED CLASS PLAINTIFF AWARDS

I, Michael R. O'Connor, declare as follows:

1. I am the Director of Client Services at Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Class Administrator for the above-captioned case. I am a licensed attorney in Oregon and Washington. Prior to joining Epiq in November of 2010, I was an owner at the Garvey Schubert Barer law firm in Portland, Oregon and was engaged in private practice for 13 years. I received my *Juris Doctorate* from the University of Oregon Law School and my Bachelor of Arts degree from Yale University. I have first-hand knowledge of, and am competent to testify regarding the matters stated herein.

2. The Class Plaintiffs, as defined in Paragraph 1(m) of the Definitive Class Settlement Agreement, are:

      a. Photos Etc. Corporation

      b. Traditions, Ltd.

      c. Capital Audio Electronics, Inc.

      d. CHS Inc.

      e. Crystal Rock LLC

      f. Discount Optics, Inc.

      g. Leon's Transmission Service, Inc.

       h. Parkway Corp.

       i. Payless ShoeSource, Inc.

3. Members of the Rule 23(b)(3) Settlement Class, of which the Class Plaintiffs are members, will receive payments from both the Net Cash Settlement Fund and the Net Interchange Settlement Fund. *See* Definitive Class Settlement Agreement at ¶ 28-29. At this time the data necessary to determine the estimated claims for Authorized Interchange Claimants, who are paid from the Net Interchange Settlement Fund, is not yet available. Therefore, the estimates for this Declaration will only cover the payments contemplated in Paragraph 28 of the Definitive Class Settlement Agreement for Authorized Cash Claimants who are paid from the Net Cash Settlement Fund.

4. I understand that the Court stated that Class Counsel are expected to provide, at a minimum, documentation setting forth the approximate value of each Class Plaintiff's claim and each one's proposed incentive award." January 10, 2014 Order at 17.

5. The payments from the Net Cash Settlement Fund that Authorized Cash Claimants may ultimately receive are difficult to estimate at this time and these estimates rely upon many factors and assumptions, which include, but are not limited to, the following:

    a. The amount of the Net Cash Settlement Fund is not yet known and depends upon many variables, including what payments, and the amounts of those payments, are made from the escrow accounts. *See* Definitive Class Settlement Agreement at ¶ 16-27.

    b. The total Interchange Fee Volume attributable to the Authorized Cash Claimants is not yet known and requires final data regarding the number of entities that opt-out, and also excludes the U.S. Government and the Defendants. For purposes of this estimate, 70% of the

2

Interchange Fee Volume is assumed to be attributable to the class and therefore the estimated volume is approximately $138,614,896,273. This estimate does not factor in the possibility of any currently opted-out entity opting back into the settlement but not filing a claim.

c. The participation rate cannot be known until the conclusion of the claim-filing period and any rate from 0% to 100% is possible. Given the high publicity and value of this settlement, the claims filing rate could be high, resulting in smaller Class Plaintiff awards. However, with the large quantity of small businesses who are Authorized Cash Claimants, the claims rate could also be lower, resulting in higher Class Plaintiff awards. In order to provide a conservative estimate, a participation rate of 100% was used for this estimate even though a 100% participation rate in a class action of this size has never been observed, to my knowledge.

d. Detailed MasterCard transactional data is not available. Therefore, an assumption that MasterCard is roughly one-third of the transaction volume was used (even though that estimate could be incorrect). Additionally, it was necessary to assume that there would not be a significant number of successful appeals by Class Members claiming that their MasterCard transaction volume was larger than one-half of their Visa transaction volume.

6. Based upon the assumptions outlined above, the approximate value of each Class Plaintiff's award s from the Net Cash Settlement Fund is as follows:

3

| Entity | Estimated Award |
|---|---|
| Photos Etc. Corporation | $1,905 |
| Traditions, Ltd. | $12,893 |
| Capital Audio Electronics, Inc. | $1,420 |
| CHS Inc. | $9,741,400 |
| Crystal Rock LLC | $22,556 |
| Discount Optics, Inc. | $1,877 |
| Leon's Transmission Service, Inc. | $11,326 |
| Parkway Corp. | $38,235 |
| Payless ShoeSource, Inc. | $2,005,828 |

7. Based upon the assumptions outlined above, the estimated mean award for all Authorized Cash Claimants—including those that have not been in business for the entire class period—is approximately $450. Each of the Class Representatives has been in business for the entire class period and has accepted Visa and MasterCard during that entire period.

8. The estimated calculations outlined in this Declaration are based on myriad assumptions, which: (a) likely will change as this case progresses; (b) could prove to be incorrect; and (c) cannot be fully ascertained at this time. The actual awards likely will be different from those estimated in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: July 22, 2014

Michael R. O'Connor

4

84955406.1

5