UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE PAYMENT CARD INTERCHANGE FEE        1:05-md-1720 [MKB][JO]
AND MERCHANT DISCOUNT ANTITRUST LITIG.

------------------------------------------------------------------X

# RULE 60 MOTION TO VACATE FEE AWARD TO
# GARY FRIEDMAN

Class Members and Objectors Unlimited Vacations and Cruises. Inc., Daviss Donuts and Deli, Top Gun Wrecker, Orange County Building Materials, and Jill Bishop d/b/a Hat & Gown, hereby move, pursuant to FRCP 60(b)(6), to vacate the $32 million award of attorneys' fees to Gary Friedman.  Even if the settlement is upheld despite Mr. Friedman's serious breach of fiduciary duty to the class and manifest conflict of interest, the law requires that Mr. Friedman forfeit any attorneys' fees that he has been awarded or expects to receive in this case, and that those fees be paid back into the settlement fund.

**I.     The Unauthorized Disclosures and Communications Automatically Disqualify Attorney Friedman From Representing The Class, and Preclude Any Finding of Adequacy.**

Any violation of an attorney's duty of undivided loyalty to the class is grounds for a finding of that attorney's inadequacy. *See Radcliffe v. Experian Info Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013).  "Conflicted representation provides an independent ground for reversing the settlement." *Id*. at 1167.  Here, attorney Friedman disclosed confidential American Express documents to opposing counsel, in violation of this Court's protective orders, and in dereliction of his duties to the class.  This violation alone, without more, renders attorney Friedman inadequate, since such violation rendered

Friedman subject to a finding of contempt by this Court. This seriously compromised Friedman's ability to push for a better deal and essentially disarmed him.

In any event, the question is not whether Friedman's dereliction of duty resulted in actual injury to the class in the form of an inferior settlement. *See Rodriguez v. W. Pub. Corp.*, 563 F.3d 948, 960 (9th Cir. 2009). Friedman's improper disclosure of the documents is sufficient to require rejection of a settlement that emerged from the tainted process. *Id*. Moreover, Friedman had and has a continuing duty to report potential conflict issues to the Court. *Radcliffe, supra*, 715 F.3d at 1167. Attorney Friedman at no time disclosed his breaches of duty to this Court, which were discovered inadvertently by Mastercard's counsel investigating a separate criminal matter.

## II.      Friedman May Not Receive Any Attorney's Fees For His Conflicted Representation Tainted By Misconduct.

> In sum, under longstanding equitable principles, a district court has broad discretion to deny fees to an attorney who commits an ethical violation. In making such a ruling, the district court may consider the extent of the misconduct, including its gravity, timing, willfulness and effect on the various services performed by the lawyer...

*Rodriguez v. Disner*, 688 F.3d 645, 655 (9th Cir. 2012). "In determining what fees are reasonable, a district court may consider a lawyer's misconduct, which affects the value of the lawyer's services." *Id*. at 653 (citing *Image Tech. Serv. Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998)).

In *Radcliffe*, the Ninth Circuit explained that "we have held that a law firm's representation of antitrust plaintiffs against a defendant whom the law firm represented in an unrelated matter constituted a clear violation of the applicable ethical rules." *Id*. at 654. Here, while Friedman did not technically represent Mastercard in an unrelated matter, his illegal disclosure of American Express confidential documents to Ravelo was

arguably far worse.  Friedman presumably disclosed those documents to help a personal friend who did represent Mastercard.  All of Friedman's clients are adverse to Mastercard.  Friedman was helping the enemy in a case in which he was class counsel.  Such assistance was far more damaging to his clients' interests than a mere unrelated representation on a different substantive matter.  The disclosure of protected Amex documents to Mastercard's attorney was material assistance to an adverse party.

Perhaps attorney Friedman believed that, since he was only peddling American Express' confidential trade secrets, how could that be detrimental to anyone but American Express?

The ethical rules do not take such a narrow and myopic view.  Friedman had an ethical duty not to compromise his clients' positions in related litigation in which he knew they were involved, and *in which he himself was involved*, as their counsel.  His personal loyalties led him to have more concern for the welfare of his friend who was representing Mastercard than for his own clients.  His sharing of Amex documents with Ravelo was designed to give her and by extension her client a tactical advantage in this litigation, *vis a vis* his own clients.

Class Members and Objectors hereby adopt all filings made by any other objectors pertaining to the consequences of Mr. Friedman's improper communications with Ms. Ravelo.

## CONCLUSION

In light of the known breaches of duty by Class Counsel Gary Friedman, this Court is compelled to vacate the fee award made to Mr. Friedman and to require that the $32 million in fees awarded to him be returned to the class settlement fund.

> Respectfully submitted,
> Unlimited Vacations and Cruises,
> Daviss Donuts and Deli,
> Top Gun Wrecker, Orange County
> Building Materials and Jill Bishop d/b /a
> Hat & Gown,
>
> By their attorney,
>
> */s/ John J Pentz*
> John J. Pentz, Esq.
> 19 Widow Rites Lane
> Sudbury, MA  01776
> Phone: (978) 261-5715
> Fax: (978) 405-5161
> jjpentz3@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system of the USDC for the EDNY on July 21, 2015, and that as a result electronic notice of the filing was served upon all attorneys of record.

> */s/ John J. Pentz*
> John J. Pentz