

**KENNY NACHWALTER**

FOUR SEASONS TOWER
1441 BRICKELL AVENUE
SUITE 1100
MIAMI, FLORIDA 33131
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861
WWW.KNPA.COM

WILLIAM BLECHMAN
E-Mail
wblechman@knpa.com

February 8, 2017

Honorable James Orenstein  *Via ECF*
United States Magistrate Judge
United States Federal Courthouse
225 Cadman Plaza East
Room 456 North
Brooklyn, New York  11201

    Re:    ***In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, Case No: 05-md-1720**
           **Motion for Leave to File Fifth Amended Complaint for Plaintiff Roundy's Supermarkets, Inc.**

Dear Judge Orenstein:

    Plaintiff Roundy's Supermarkets, Inc. ("Roundy's") respectfully seeks the Court's leave to file a Fifth Amended Complaint in the above-referenced matter. This would be the first substantive amendment to Roundy's Complaint, as the prior amendments merely added parties by stipulation.[1] Roundy's proposed Fifth Amended Complaint is attached as Exhibit 1.

### Roundy's Proposed Amendment

    Roundy's seeks leave to amend its Complaint for three reasons.  <u>First</u>, Roundy's is now represented by the Kenny Nachwalter law firm (*see* Case No. 14-md-1720, Dkt. 370), and Roundy's proposed amendment would be based on the complaint that Kenny Nachwalter filed in January 2014 on behalf of Spirit Airlines, Inc. and a number of other plaintiffs who have already resolved their cases.  *See* Exhibit 2 (*Spirit Airlines et al.* Complaint, Case No. 1:14-cv-00276, Dkt. 1). The Court has already found that this prior Kenny Nachwalter complaint was legally sufficient when it denied Defendants' motion to dismiss the various opt-out complaints.  *See* 7/21/14 Hrg. Tr. at 55.  In basing its proposed Amended Complaint on the prior Kenny Nachwalter Complaint, Roundy's has pled a more targeted case against Visa and MasterCard that does not include claims regarding debit cards, and does not include the Networks' Honor-All-Cards Rules among the Merchant Restraints that Roundy's is challenging.

---

    [1]    Roundy's was previously part of the "7-Eleven" Plaintiffs' group.  *See* Case No. 14-md-1720, Dkt. 370.

TEXAS OFFICE
ONE CONGRESS PLAZA
111 CONGRESS AVENUE, SUITE 1060
AUSTIN, TEXAS 78701
TELEPHONE 512.480.8023
FACSIMILE 512.480.8037

WASHINGTON SATELLITE OFFICE:
1101 PENNSYLVANIA AVENUE, N.W., 3RD FLOOR
WASHINGTON, D.C. 20004-2436
TELEPHONE 202.756.4373
FACSIMILE 202.756.7323

Second, Roundy's seeks to add claims for damages that were barred until the Second Circuit overturned the class settlement agreement on appeal. *See In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 827 F.3d 223, 240 (2d Cir. 2016). Defendants have informed this Court that they do not oppose an amendment for this purpose. *See* 12/8/16 Hrg. Tr. at 6.

Third, Roundy's seeks to add to the allegations in the prior Kenny Nachwalter complaint in light of the Second Circuit's decision in *United States v. American Express*, 2016 WL 5349734 (2d Cir. Sep. 26, 2016) ("*Amex*"). The *Amex* decision explained why anticompetitive restraints adopted by Visa and MasterCard and their co-conspirators – like the restraints here challenged by Roundy's – are distinguishable from the conduct at issue in *Amex*. Roundy's additional allegations emphasize those material differences between the Networks and Amex, such as how the restraints here limit competition both among networks (*i.e.*, Visa, MasterCard, Amex, Discover, and potential entrants) <u>and</u> among issuing banks within a given network. In addition, *Amex* is the first court decision to address the plaintiff's burden of proof under the Rule of Reason in a case involving a two-sided payment card platform[2], and it outlined two paths for defining a relevant market in such a case. Roundy's proposed amendment conforms its allegations to the standards that were articulated by the Second Circuit for the first time in *Amex*.

As explained below, the concept of "two-sidedness" and the facts relating to it are hardly a new issue in MDL 1720. The new allegations in the proposed Amended Complaint respond to the language in the *Amex* decision that shifted certain burdens to the plaintiff if the jury were to find here that Visa and MasterCard are truly two-sided platforms.

**Argument**

The Second Circuit recognizes Rule 15's "liberal standard" that courts "should freely give leave [to amend] when justice so requires." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). "The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Consequently, amendments are allowed as long as Defendants cannot show bad faith

---

[2] The *Amex* Panel did not rule as a matter of law that Amex, Visa, or MasterCard is a two-sided platform. Rather, in *Amex*, the Government chose not to litigate the factual question of whether Amex was a two-sided platform. The proposed Amended Complaint alleges facts showing why Visa and MasterCard have not possessed the characteristics of two-sided platforms throughout the relevant time period. It also alleges facts showing why Visa's, MasterCard's, and their co-conspirators' conduct violates the antitrust laws even if one were to accept that Visa and MasterCard are two-sided platforms. *See* Exhibit 1, ¶¶ 63-64.



or prejudice. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (allowing amendment "in the absence of a showing of the non-movant of prejudice or bad faith").

Defendants have not argued that the proposed amendment is in bad faith, and there is no basis to conclude so. Roundy's change in representation in this case was driven by its December 2015 acquisition by The Kroger Co., which was previously represented in MDL 1720 by the Kenny Nachwalter firm. Roundy's additional allegations regarding relief, anticompetitive effects, and market definition are driven by Second Circuit decisions that occurred after Roundy's filed its case. Courts regularly allow amendments to pleadings to account for intervening developments in the law. *See, e.g., N.Y. SMSA P'ship v. Town of Hempstead*, 2013 WL 1148898, at *4 (E.D.N.Y. Mar. 19, 2013) (allowing amendment to complaint under Rule 16's "good cause" standard and Rule 15 because of change in law); *Smart v. Arnone*, 315 F. Supp. 2d 292, 294 (W.D.N.Y. 2004) (granting leave to amend answer to assert defense after intervening decision by U.S. Supreme Court); *see also DiMare Homestead, Inc. v. Alphas Co. of N.Y.*, 547 Fed. App'x. 68, 70 (2d Cir. 2013) ("[A] party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory.").

Defendants also cannot credibly claim prejudice as a result of Roundy's proposed amendment. For Defendants to meet their burden of showing prejudice, Defendants would have to show that Roundy's proposed amendment would require Defendants to "expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Block*, 988 F.2d at 350. Neither condition is present. If anything, Roundy's proposed amendment <u>narrows</u> the scope of Roundy's case because it does not include the claims and allegations regarding anticompetitive conduct in the general purpose debit card market that were present in Roundy's original Complaint.

Roundy's proposed amendment also does not implicate any of the concerns raised by Defendants regarding class action tolling or relation back. *See, e.g.*, 12/8/16 Hrg. Tr. at 3. To start, Class action tolling applies to "claims of absent class members that involve the same evidence, memories and witnesses." *Cullen v. Margiotta*, 811 F.2d 698, 720 (2d Cir. 1987); *see also Josephson v. United Healthcare Corp.*, 2013 WL 3863921 *4 (E.D.N.Y. Jul. 24, 2013) (tolling permitted because class and individual claims "present[ed] substantial overlap and the same evidence"). Notably, the "same evidence" standard does not require that an opt-out plaintiff's case be identical to the class action. *Cullen*, 811 F.2d at 720 (allowing tolling while recognizing "the differences between the legal theories advanced by [class] plaintiffs in the state court action those advanced in the present action"); *Josephson*, 2013 WL 3863921 at *4 ("[A] class member's subsequent claims need not be identical to the initial class action claim since he will often opt out of a class action suit when he believes that his individual claims will not be adequately redressed by the overall class settlement"). The proposed Roundy's amendment falls well within this standard because it focuses on the core theories that always have been present in MDL 1720: the anticompetitive effects of the Merchant Restraints on competition among networks and competition among issuers within a given network, and the illegal conspiracies among each of the Networks and their respective Banks regarding the



**Honorable James Orenstein**  February 8, 2017
Page 4

collective setting of credit card interchange rates and the promulgation and enforcement of the Merchant Restraints.

Defendants have suggested that amendments to address issues of "two-sidedness" and cardholder impacts raised by the *Amex* decision would unfairly inject new factual issues that had never been litigated in MDL 1720. *See* 12/8/16 Hrg. Tr. at 5-6 (claiming that Defendants "did not inquire" into the "cardholders' side" of the case because Class Plaintiffs never litigated it before). The record shows otherwise. For example, on December 14, 2009, Defendants submitted the Expert Report of Kevin Murphy in its defense against both the Class Plaintiffs' and Individual Plaintiffs' claims. In that report, Murphy argued at length that payment card networks were two-sided platforms, and even tried to demonstrate empirically using an Individual Plaintiff's data that Visa and MasterCard were two-sided platforms. *See* Exhibit 3, Murphy Rpt. ¶¶ 154-200. Ken Elzinga, another defense expert, also argued that two-sided platform principles should be applied to payment card networks in his December 14, 2009 report, as did Defendants' expert, Ben Klein. *See* Exhibit 4, Elzinga Rpt. at 23-35; Exhibit 5, Klein Rpt. ¶¶ 24-43. Like the Murphy report, both the Klein and Elzinga reports were submitted in opposition to the Class Plaintiffs' case. The *Amex* decision discussed the same issues raised in these expert reports, and offered guidance for what facts plaintiffs must show to meet their burden under the Rule of Reason if the jury finds that Visa and MasterCard are truly two-sided platforms. In light of the *Amex* decision, Roundy's proposed amendment asserts supplemental facts that allow Roundy's to respond to the two-sided platform argument, which is not new to MDL 1720. As such, these allegations present no unfair surprise or prejudice to Defendants.

In addition to overlapping with the Class Plaintiffs' original case, Roundy's amended allegations arise from the same conduct that was at issue in its original complaint, thereby satisfying the standard for relation back. *See* Fed.R.Civ.P. 15(c)(1)(B) (amended pleading relates back when claims arise out of the "conduct, transaction, or occurrence set out … in the original pleading"). Roundy's proposed Amended Complaint challenges the conspiracy to set credit interchange fees and promulgate and impose the Merchant Restraints, and Visa's and MasterCard's use of their respective substantial market power to exclude competition and raise merchants' costs of accepting Visa and MasterCard credit cards.[3] Further, a cursory review of

---

[3]  Roundy's proposed Amended Complaint does include allegations relating to various "Network Fees" that Roundy's and other merchants pay to Visa and MasterCard in connection with the use of Visa and MasterCard credit cards at their stores. These Network Fees are distinct from the Interchange Fee, but the Networks' Merchant Restraints have had similar anticompetitive effects in insulating these Network Fees from price competition. Roundy's recognizes that claims arising from Network Fees were not asserted by the Class Plaintiffs previously, and that Roundy's did not include those claims in its original Complaint. Roundy's is <u>not</u> seeking class action tolling or relation back as to its claims relating to Visa's and MasterCard's Network Fees. Aside the Network Fee issue, Roundy's claims in the proposed Amended Complaint all deal with facts and issues that have been litigated in MDL 1720 for years.



Roundy's original Complaint would reveal that allegations regarding the anticompetitive effects of the Networks' and their co-conspirators' conduct on cardholders is nothing new in Roundy's case, either. *See* Exhibit 6, Roundy's Complaint ¶ 10 ("The anticompetitive harm to merchants and consumers from Defendants' price fixing and other anticompetitive harm has been staggering"); ¶ 96 (evidence of Visa's and MasterCard's market power includes: "forcing merchants and consumers to accept inferior products"); ¶ 119 ("The anticompetitive effects of these ongoing conspiracies continue to harm merchants and consumers"); ¶ 163 ("Merchants and consumers have borne – and continue to bear – a the brunt of hundreds of billions of dollars of supracompetitive fees and severely decreased consumer welfare"); ¶ 165 ("By imposing a massive and hidden tax on both merchants and consumers, Defendants' conduct decreased consumer welfare and imposed substantial anticompetitive harm"); ¶ 166 ("All customers, including less affluent ones who are more likely to pay with cash, had to bear the cost of these inflated Interchange Fees in the form of higher retail prices."). The operative facts of Roundy's original complaint and its proposed amendment are the same, and relation back is therefore appropriate under Rule 15(c).

**Conclusion**

For the foregoing reasons, Roundy's respectfully requests leave to file a Fifth Amended Complaint in the form attached as Exhibit 1.

Respectfully submitted,

William J. Blechman
***Counsel for Plaintiff Roundy's Supermarkes, Inc.***

WJB:mb

Attachments

556111.1

