**quinn emanuel**  CONSTANTINE CANNON LLP  
Vorys, Sater, Seymour and Pease LLP
Legal Counsel

Steig Olson
212-849-7152
steigolson@quinnemanuel.com

Jeffrey Shinder
212-350-2709
jshinder@constantinecannon.com

James Wilson
614-464-5606
jawilson@vorys.com

April 5, 2017

<u>**VIA ECF**</u>

The Honorable Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re:  *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
<u>05-md-1720 (MKB)(JO):  Motion for Order Concerning Role of Equitable Relief Counsel</u>

Dear Magistrate Judge Orenstein:

      The 7-Eleven Plaintiffs, the Target Plaintiffs, and The Home Depot (the "Direct Action Plaintiffs") respectfully move for an order amending this Court's November 30, 2016 Order to state that interim counsel for the putative Rule 23(b)(2) class ("interim (b)(2) counsel") do not represent the Direct Action Plaintiffs, are not authorized to act on behalf of the Direct Action Plaintiffs, and are not authorized to discuss or negotiate settlement with defendants on behalf of, or in a manner that would bind, the Direct Action Plaintiffs.  This request is ripe because the Direct Action Plaintiffs have learned, through what was apparently an inadvertent disclosure, that interim (b)(2) counsel are planning to attend a mediation with defendants on May 10, 2017.  At this mediation, interim (b)(2) counsel will discuss the possibility of resolving the claims of a class that includes the Direct Action Plaintiffs.  And they will do so over our objections and having rebuffed our request that interim (b)(2) counsel make known that they do not represent the Direct Action Plaintiffs and have no authority to bind our clients to a settlement.  We will be prepared to discuss this motion and the appropriate relief at the April 20 status conference.

      **<u>Background.</u>** The Direct Action Plaintiffs—dozens of the nation's largest retailers and trade associations—have been actively litigating their own individual actions, using the counsel they selected, since 2013.  The Direct Action Plaintiffs' longstanding position is that Rule 23(b)(2) cannot be used to bind unwilling class members in this case consistent with Rule 23 and due process.  Here, the Direct Action Plaintiffs have acted on their due process rights—including the right to "participate in the litigation," *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985)—and are pursuing their own claims vigorously.  They have defeated a motion to dismiss, produced and reviewed millions of documents, and taken and defended dozens of depositions.

      The Direct Action Plaintiffs are aware of no precedent for including large sophisticated entities pursuing their individual claims with their chosen counsel in a Rule 23(b)(2) class represented by separate counsel against their will.  Accordingly, following this Court's November 30, 2016, appointment of "interim co-lead counsel for a putative class of plaintiffs seeking class certification pursuant to Rule 23(b)(2)," ECF No. 6754, we reached out to interim

Magistrate Judge James Orenstein
Page 2

counsel to request that they exclude our clients from the class of merchants they purported to represent. We sought assurance that those interim class counsel would not act on behalf of the Direct Action Plaintiffs in connection with the litigation or any settlement discussions and would carve us out of any class they purported to represent.

To date, interim (b)(2) counsel have declined our request. In the Equitable Relief Complaint, they seek to represent the following class: "all persons, businesses, and other entities, that have accepted Visa and/or MasterCard Credit and/or Debit Cards in the United States at any time from and after January 1, 2004." Equitable Relief Class Action Compl. ¶ 49, ECF No. 6858 (Feb. 8, 2017). While they excluded various entities from this class, including "the named Defendants, their directors, officers, or members of their families, or their co-conspirators or the United States Government," they did not exclude the Direct Action Plaintiffs. *Id.*

They have also rebuffed our request to make clear—through an amended complaint or otherwise—that they do not have the power or intention to bind our clients in a settlement. The only conclusion we can draw is that interim (b)(2) counsel are seeking to maintain the flexibility to settle the claims of the Direct Action Plaintiffs—against the Direct Action Plaintiffs' will, for the second time—as part of a larger package offered to defendants.

This concern is both serious and ripe. After filing a complaint that asserts a putative class that encompasses the Direct Action Plaintiffs, and doing so over our objections, we now understand that interim (b)(2) counsel intend to conduct negotiations to settle the case on behalf of that putative class. Specifically, we learned that interim (b)(2) counsel, along with (b)(3) counsel, have scheduled a mediation with defendants in May. We only discovered this because we were copied on an email disclosing the mediation. But for that occurrence, interim (b)(2) counsel would apparently have purported to represent the Direct Action Plaintiffs at this mediation without the Direct Action Plaintiffs' consent or knowledge.

**The Court Should Specify the Limited Authority of Interim Class Counsel.** Specifying that interim (b)(2) counsel were not appointed to represent the Direct Action Plaintiffs, who are pursuing their own individual claims with their own chosen counsel, is necessary to abide by Rule 23 and to protect the due process rights of the Direct Action Plaintiffs. It will also be beneficial for all parties.

*First*, the Court has broad discretion to control the activities of the interim class counsel it appointed. *See* Fed. R. Civ. P. 23(g)(1)(E) (court "may make further orders in connection with the appointment").

*Second*, there is ample authority for the proposition that a Rule 23(b)(2) class may be defined to exclude parties that are already actively litigating their claims. For example, *Harris v. Rainey*, 299 F.R.D. 486, 488 (W.D. Va. 2014), concerned a request to certify a Rule 23(b)(2) class that sought to challenge Virginia's refusal to allow or recognize same-sex marriages. At certification, the court amended the class to exclude any person who was a plaintiff in the then-pending case of *Bostic v. Rainey*, which challenged the same Virginia marriage laws. Similar

exclusions of existing litigants have been recognized as appropriate in other cases and by legal commentators.[1]

*Third*, as noted, we are aware of no authority holding that entities that chose to pursue their own claims with their own counsel can be forcibly included in a Rule 23(b)(2) class and represented by other counsel who they affirmatively do not want to represent them.

*Fourth,* excluding the Direct Action Plaintiffs from the (b)(2) class will eliminate a potential argument by defendants that a conflict affects interim class counsel's ability to adequately represent the entire class.  In *Harris*, the defendant argued that "draft[ing the *Bostic* Plaintiffs] into a non-opt out class creates a conflict" and would interfere with "the *Bostic* Plaintiffs' ability to pursue their lawsuit and chosen litigation strategy." 299 F.R.D. at 491.  The court determined that the potential conflict was best "resolved by simply honoring the *Bostic* Plaintiffs' request to amend the class definition to exclude them." *Id.*  The Fourth Circuit noted this decision in an appeal in the *Bostic* matter, stating that the judge in *Harris* had certified a class on behalf of "'all same-sex couples in Virginia who have not married in another jurisdiction' and 'all same-sex couples in Virginia who have married in another jurisdiction,' excluding the [Bostic] Plaintiffs." *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014).  While defendants have not made this conflict argument in this case, they could be expected to do so, especially if their relationship with class counsel is truly adversarial.  There is no reason for the class to be subjected to that risk.

**Conclusion.**  Accordingly, the Direct Action Plaintiffs respectfully request an order stating that interim (b)(2) counsel (1) do not represent the Direct Action Plaintiffs in any capacity; (2) are not authorized to act on behalf of the Direct Action Plaintiffs; and specifically (3) are not authorized to discuss or negotiate settlement with defendants on behalf of, or to indicate they have the authority or ability to bind, the Direct Action Plaintiffs.

Respectfully submitted,

/s/ Jeffrey Shinder        /s/ Steig D. Olson        /s/ James Wilson

---

[1] *See, e.g.*, *Carrizosa v. Stassinos*, 669 F. Supp. 2d 1081, 1083 (N.D. Cal. 2009) (excluding from class "anyone who has litigation currently pending against any of the defendants, alleging the same claims that are being alleged in this action"); *In re Diet Drugs Prods. Liab. Litig.*, MDL Docket No. 1203, Civil Action No. 98-20626, 1999 U.S. Dist. LEXIS 13228, *49-50 (E.D. Pa. Aug. 26 1999) (defining class as all persons who were prescribed and took certain drugs for a certain time period "and who have not filed a claim for personal injuries in a court of competent jurisdiction"); Barbara J. Rothstein & Thomas E. Willging, *Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges*, 10 (3d ed. 2010) ("Your certification order should specify those who are excluded from the class, such as residents of particular states, ***persons who have filed their own actions*** or are members of another class, and officers and directors of the defendants.") (emphasis added); Lee Rosenthal, David Levi, & John Rebiej, *Federal Civil Procedure Manual*, § 9.7.3.1 (2015) ("To be clear on the binding effect, the certification order is also to identify categories of persons who are excluded from the class, for example . . . ***persons who have filed their own actions*** . . . .") (emphasis added).