

| Grant & Eisenhofer | Freed Kanner London & Millen | Hilliard Shadowen | Nussbaum Law Group, P.C. |
|---|---|---|---|
| **Robert G. Eisler** | **Michael J. Freed** | **Steve D. Shadowen** | **Linda Nussbaum** |
| reisler@gelaw.com | mfreed@fklmlaw.com | steve@hilliardshadowenlaw.com | LNussbaum@nussbaumpc.com |

May 18, 2017

**Via ECF**
The Honorable Judge Margo Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: ***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,*** **Nos. 05-md-1720 (MKB)(JO): Response to the Objecting Retailers' Objection to Order Regarding Interim Class Counsel**

Dear Judge Brodie:

  The Court should deny the Objection (ECF 6947) of the Direct Action Plaintiffs (hereafter "Objecting Retailers") to Magistrate Judge Orenstein's April 20, 2017 Order (ECF 6929). That Order denied the Objecting Retailers' motion to amend/reconsider the Court's November 30, 2016 Order (ECF 6754) appointing the undersigned Equitable Relief Class Counsel to represent a proposed class of merchants that includes the Objecting Retailers.

  The proposed class definition that existed in November 2016 when the Court appointed Equitable Relief Class Counsel to represent that class is the same in all relevant respects as the proposed class definition that exists now.[1] And the Objecting Retailers resurrect the same arguments now – four months later – that they unsuccessfully urged in November 2016 in objecting to the appointment of any counsel to represent a class that includes them. So Magistrate Judge Orenstein properly concluded that "to the extent [Objecting Retailers make] a motion for reconsideration…it's belated." Hr'g Tr., Apr. 20, 2017, at 12, ECF No. 6947-3.

  Moreover, the class definition to which the Objecting Retailers object is merely a *proposed* class definition. Even the cases cited by the Objecting Retailers provide that the time to object to a class definition is at the time of *class certification*. We identify in detail below (as we previously did for Magistrate Judge Orenstein) some of the myriad circumstances between now and class certification that could alter or render moot the concerns that the Objecting Retailers say motivate their filing. Accordingly, Magistrate Judge Orenstein properly concluded that, "To the extent [Objecting Retailers are] seeking relief other than reconsideration of that order, it is simply premature," and "there are a lot of ways in which it may never become an issue and so I am not going to give an advisory ruling." *Id.*

  Magistrate Judge Orenstein's denial of the motion was not clearly erroneous or contrary to law, and should be affirmed.

---

[1] *Compare* Second Consol. Amend. Class Action Compl., Feb. 20, 2009, ¶ 108 ECF No. 1153, *with* Equitable Relief Class Action Compl., Feb. 8, 2017, ¶ 49, ECF 6858. We address this in more detail below.

**Procedural Background.** Since 2005, a proposed class of all affected merchants has sought equitable relief from Visa and MasterCard's anticompetitive rules. Those rules apply equally to all merchants in the United States that accept Visa and MasterCard.

On June 30, 2016, the Court of Appeals vacated the class settlement in this matter on the ground (among others) that the unitary representation of the Rule 23(b)(2) and Rule 23(b)(3) classes created a risk that the settlement would "maximize cash compensation for past harm" at the expense of "restraints on network rules to prevent harm in the future." *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 827 F.3d 223, 233 (2d Cir. 2016). On remand this Court established a procedure and briefing schedule for arguments on whether the Court should appoint separate class counsel to represent the equitable-relief class and, if so, who. Minute Entry, Aug. 11, 2016, ECF No. 6654.

After briefing and argument, Magistrate Judge Orenstein issued an order appointing the undersigned lawyers to represent the proposed equitable relief class. Order, Nov. 30, 2016, ECF No. 6754, at 1. On April 5, 2017, the Objecting Retailers moved to amend the November 2016 Order to, in essence, preemptively define the equitable-relief class so as to exclude the Objecting Retailers. Motion, April 5, 2017, ECF No. 6897. Magistrate Judge Orenstein denied that motion, and the Objecting Retailers filed their Objection. Motion, May 4, 2017, ECF 6947.[2]

**Argument.** Magistrate Judge Orenstein's decision on this non-dispositive matter "may not be disturbed … absent a determination that" his decision was "clearly erroneous or contrary to law." *Ebo v. N.Y. Methodist Hosp.*, No. 12-CV-4432, 2015 WL 4078550, at *4 (E.D.N.Y. July 6, 2015). In this context, "clearly erroneous" means that the district court "is left with the definite and firm conviction that a mistake has been committed." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015). This is a "highly deferential" standard that awards magistrate judges "broad discretion," and "reversal is appropriate only if that discretion is abused." *Alcantara-Flores v. Vlad Restoration Ltd.*, 20 16-CV-3847-MK-BRML, 2017 WL 1655187, at *2 (E.D.N.Y. May 2, 2017).

Objecting Retailers come nowhere near meeting this standard for reversal.

**As a motion to reconsider, the Objecting Retailers' motion was untimely.** When the Court was considering in November 2016 whether to appoint interim class counsel for the equitable-relief class, the proposed class definition – which had been in the complaint for more than ten years – included the Objecting Retailers. Second Consol. Amend. Class Action Compl., Feb. 20, 2009, ¶ 108 ECF No. 1153.[3] The same proposed class definition is in the complaint

---

[2] The Court should ignore the self-serving advocacy letters that the Objecting Retailers attach as Exhibits A and B to their Objection. Those letters are contradicted by Equitable Relief Class Counsel's contemporaneous rebuttal. *See* Exhibit A attached hereto.

[3] Since 2005 the proposed equitable-relief class has been defined as comprising, in relevant part, "[a]ll persons, businesses, and other entities that currently accept Visa and/or MasterCard Credit and/or Debit Cards in the United States…." Second Consol. Amend. Class Action Compl., Feb. 20, 2009, ¶ 108 ECF No. 1153; *see also* First Consol. Amend. Class Action Compl., ¶ 92, ECF 317.

today. Equitable Relief Class Action Compl., Feb. 8, 2017, ¶ 49, ECF 6858.[4] And the Objecting Retailers in November 2016 fought the appointment of any counsel to represent that class, on the same grounds that they raise again now – that the proposed class definition might allow class counsel to "seek to bargain away the [Objecting Retailers'] claims." Mem. in Opp, August 25, 2016, at 1-2, ECF 6662.

The Court rejected those arguments and appointed counsel to represent the equitable relief class. Order, Nov. 30, 2016, at 6, ECF 6754. Objecting Retailers did not file their motion to amend/reconsider the November 20, 2016 Order until April 5, 2017 – more than four months later. Nothing changed in the interim, except that Equitable Relief Class Counsel have gone about the business of representing the proposed class, just as the Court appointed them to do.

Objecting Retailers' motion to amend is plainly untimely. Local Civil Rule 6.3 required that a notice of motion for reconsideration be served within fourteen days after entry of the November 20, 2016 Order. The untimeliness alone provided sufficient basis for Magistrate Judge Orenstein to deny the motion. *See, e.g., Sea Gate Beach Club Corp. v. U.S.*, 190 F. Supp. 3d 210, 317 (E.D.N.Y. 2016) (relying on Rule 6.3 to deny as untimely a request for reconsideration made two months after the relevant order).

The Objecting Retailers try to elide their untimeliness by arguing that *the November 20, 2016 Order* "did not expressly define the putative class those counsel would represent." D. Br. at 2. But as noted above, the then-extant *class complaint*, which had been on file for more than five years, defined the proposed class, and it defined the class to include the Objecting Retailers. The November 20, 2016 Order appointed Equitable Relief Class Counsel to represent that class. Indeed, the Objecting Retailers' inclusion in the class definition in the then-extant complaint was the very basis on which they fought the appointment of any counsel to represent that class.

Magistrate Judge Orenstein was well within his discretion in rejecting the Objecting Retailers' motion as untimely. Indeed, we have been unable to find even a single case in this Circuit reversing a magistrate's decision to hold a litigant to the Rules' deadlines.

**As a motion to limit the class definition, Objecting Retailers' motion would be premature.** No precedent exists for the relief that the Objecting Retailers request – an order that "states" *now* (i.e., gives an advisory opinion) that *when it comes time to certify a class* the Court will not define them in the class.[5] But the time for the Court to define a class is at class certification, not a year or more before. The Objecting Retailers' own authority so provides. *See, e.g., Harris v. Rainey*, 299 F.R.D. 486, 488 (W.D. Va. 2014) (defining class during class-certification proceedings).

---

[4] The current complaint defines the proposed equitable-relief class as comprising, in relevant part, "all persons, businesses, and other entities, that have accepted Visa and/or MasterCard and/or Debit Cards in the United States…."

[5] Specifically, the Objecting Retailers request that the Court amend the order to state that "interim counsel for the putative Rule 23(b)(2) class do not represent the [Objecting Retailers], are not authorized to act on behalf of the [Objecting Retailers], and are not authorized to discuss or negotiate settlement with defendants on behalf of, or in a manner that would bind, the [Objecting Retailers]." Mtn. to Amend, Apr. 5, 2017, at 1, ECF 6897.

3

Compelling reasons underlie this rule. Litigation of this magnitude is inherently fluid. Between now and class certification myriad circumstances could alter or render moot the Objecting Retailers' current concerns. By way of example only:

1. The Objecting Retailers might settle their claims first, rendering entirely moot their concerns about releasing their equitable-relief claims. That is what happened in the first phase of this litigation, where the first set of opt-out plaintiffs helped to lead the settlement negotiations and resolved their claims with the Defendants before the class plaintiffs did.

2. Equitable Relief Class Counsel might negotiate a settlement – with or without the Objecting Retailers' cooperation – that satisfies the Objecting Retailers' needs for equitable relief (e.g., mandated rule changes that apply to *all* merchants but that also provide flexibility for *individual* merchants to cut procompetitive deals with Defendants).

3. Based on their best judgment applied to the whole course of litigation, Equitable Relief Class Counsel might determine at the class-certification stage to recommend that the Court: not certify a Rule 23(b)(2) class; certify such a class with opt-out rights[6]; certify such a class with provisions that address any individualized remedy issues that any objecting class members might raise[7]; define such a class so as to exclude the Objecting Retailers and/or others.

4. Class Counsel might determine to try the case rather than settle it. In that event, the potential configuration of the trial(s) and the identity of the factfinder(s) might lead the Objecting Retailers to conclude that their equitable-relief claims should remain in the class. The Court might change the class definition, or its other provisions, even after the initial class certification. *See, e.g.,* Rule 23(c)(1)(C) ("[a]n order that grants or denies class certification may be altered or amended [at any time] before final judgment").

Much water will go over the dam between now and a motion for class certification, and the Objecting Retailers will suffer no undue prejudice in the interim. In any settlement negotiations, Defendants and Equitable Relief Class Counsel will be fully aware that the class is merely *proposed* – that Equitable Relief Class Counsel *might or might not* "have the authority or ability to [ask the Court to] bind" the Objecting Retailers to a settlement or judgment, depending on how the Court ultimately defines any Rule 23(b)(2) class that Equitable Relief Class Counsel might propose for certification.

In response, all that Objecting Retailers can do is cite authority for the proposition that courts *may* define classes so as to exclude class members who have filed their own cases. D. Br.

---

[6] *See, e.g., Casale v. Kelly*, 257 F.R.D. 396, 408 (S.D.N.Y. 2009); *In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, 314 F.R.D. 580, 601-02 (N.D. Ill. 2016).

[7] This Court has "management tools available" to craft such particularized class provisions. *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 141 (2d Cir. 2001) (Sotomayor, J.); *see also In re Diet Drugs*, 1999 WL 673066, at *12 (E.D. Pa. Aug. 26, 1999) (individual class members may be excluded from a "portion of the overall equitable relief requested").

at 5-6.[8] No one disputes that. But the only relevant questions here are whether the Court *must* so define the class and must do so *now* rather than at class certification.

Objecting Retailers cite not a single authority for the proposition that a class *must* be defined to exclude entities that have filed their own cases. No such authority exists. Instead, courts routinely certify Rule 23(b)(2) classes and approve settlements over the objections of class members.

Regarding the proper time to define the class, *all* of Objecting Retailers' cases define the class at the time of class certification, not before. Objecting Retailers have not cited, and cannot cite, a single authority to support what they want here – an advisory opinion from the Court about what it *might* do if and when Equitable Relief Class Counsel seek certification of a class that includes the Objecting Retailers.

*If* Equitable Relief Class Counsel were ultimately to seek certification of such a class, the Court *might* conclude that the policy rationales for Rule (b)(2) classes, together with the specific settlement terms that Class Counsel might have negotiated, overcome any objections that class members *might* have to being included in the class. There are reasons that the Rules provide that equitable-relief classes can be non-opt-out when the defendants' conduct affects all class members. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361-62 (2011) (certification under (b)(2) appropriate where defendant's conduct affects "the entire class at once"); *In re J.P. Morgan Chase Cash Balance Litigation*, 242 F.R.D. 265, 276 (S.D.N.Y. 2007), amended, 255 F.R.D. 130 (S.D.N.Y. 2009) (certification of (b)(2) class is proper when "any injunctive or declaratory relief ordered would be applicable to the entire class"); *Richards v. FleetBoston Financial Corp.*, 235 F.R.D. 165, 170 (D. Conn. 2006) (certifying (b)(2) class in ERISA case because plaintiffs' claims were "based solely on plan terms and plan documents applicable to all class members…by virtue of their participation in the plan"); *Newberg on Class Actions* § 4:36 ("[A] (b)(2) class exists in situations in which individual litigation will invariably affect the rights of others, such as civil rights cases like *Brown v. Board of Education*. If an individual litigant like Linda Brown prevails, the resulting decree will impact all similarly situated school children. There is no realistic sense of 'opting out' of such a class."). But that is an issue for another day, and one to be decided – if it ever has to be decided at all – based on the circumstances that then exist.

Magistrate Judge Orenstein plainly did not commit clear error or abuse his discretion in refusing to define the class today, before a motion for class certification has even been filed and without knowing the factual and legal context in which any such motion might arise.

---

[8] In two of the three cases cited by the Objecting Retailers, the *class counsel proposed* that the class be defined to exclude members who had brought their own cases. *See Carrizosa v. Stassinos*, 669 F. Supp. 2d 1081, (N.D. Cal. 2009), *In re Diet Drugs Prods. Liab. Litig.*, MDL Docket No. 1203, Civil Action No. 98-20620, 1999 WL 673066. At  In the third case, class counsel did not object to the exclusion. *See Harris v. Rainey*, 299 F.R.D. 486, 488 (W.D. Va. 2014). The commentaries highlighted by the Objecting Retailers relate to class certification generally, not 23(b)(2) certification specifically. *See* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges, 10 (3d ed. 2010) (paragraph quoted by Objecting Retailers does not mention 23(b)(2) classes, and notes that class definition is important for, among other reasons, identifying who is "entitled to notice in a Rule 23(b)(3) action"); Lee Rosenthal, David Levi, & John Rebiej, Federal Civil Procedure Manual, § 9.7.3.1 (2015) (discussing class definitions generally).

**Conclusion.** The Court should deny the Objection, and should instead define any proposed Rule 23(b)(2) class in response to any motion that Equitable Relief Class Counsel might later file seeking certification of such a class, under the circumstances that then exist.

Respectfully submitted,

/s/ Robert G. Eisler   /s/ Michael J. Freed   /s/ Steve D. Shadowen   /s/ Linda Nussbaum