# Exhibit A

**From:** steve shadowen <steve@hilliardshadowenlaw.com>
**Date:** Tuesday, March 14, 2017 at 8:08 PM
**To:** Steig Olson <steigolson@quinnemanuel.com>, Linda Nussbaum <lnussbaum@nussbaumpc.com>
**Cc:** Jeff Shinder <JShinder@constantinecannon.com>, Jim Wilson <jawilson@vorys.com>, "Michael J. Freed" <mfreed@fklmlaw.com>, Robert Eisler <reisler@gelaw.com>
**Subject:** Re: MDL 1720

Steig:

In response to your letter yesterday, B2 counsel have not been unwilling to meet with you. To the contrary I told you that we would meet with you and your colleagues promptly after we have completed our research into the issues raised in Jim Wilson's February 6, 2017 letter.

I note that you left out of your letter that in our February 24th conversation I asked you how your clients would be harmed if the B2 class settled for injunctive relief that included, for example, 7 of 10 items on your wish-list for injunctive relief.  I noted that your clients would still have all of the leverage that their current lawsuit gives them, including their claim for money damages, to negotiate for items 8-10, and that a B2 settlement would create a floor from which your clients could bargain.  You responded by stating that a B2 settlement would eliminate your clients' leverage by releasing their damages claim.  I told you that B2 counsel have no intention of releasing any damages claims in a settlement.  In response, you did not provide any explanation as to how your client's interests would be harmed by a B2 settlement in these circumstances.  When B2 counsel meet with your and your colleagues, we will be interested to learn how a settlement might adversely affect your clients' interests — understanding the answer to that question will help us determine how to proceed.

Finally, your letter said that my speaking with defense counsel before making strategic decisions on behalf of the B2 class would "raise[] significant concerns." First of all, I never told you that my "plan" was to discuss your proposal with defense counsel before discussing the issue with you and your colleagues. Regardless, like counsel for any other party in this litigation, B2 co-lead counsel are responsible for making decisions on behalf the class we represent and in doing so to consider all the information we think important, from whatever sources we think appropriate. I'm sure you and your co-counsel feel the same way about your responsibilities.

As I have stated before, we will contact you to set up a meeting when our research is complete. We expect that to be within the next week or so.

Steve


Steve D. Shadowen

Hilliard & Shadowen LLP

2407 S. Congress Ave, Ste E 122

Austin, Texas 78704

Office:  855-344-3298

Cell:    717-903-1177
Email:   steve@hilliardshadowenlaw.com

Web:    www.hilliardshadowenlaw.com

# HILLIARD | SHADOWEN LLP
ECONOMIC JUSTICE | CIVIL RIGHTS

**From:** Steig Olson <steigolson@quinnemanuel.com>
**Date:** Monday, March 13, 2017 at 7:16 AM
**To:** steve shadowen <steve@hilliardshadowenlaw.com>, Linda Nussbaum <lnussbaum@nussbaumpc.com>
**Cc:** Jeffrey Shinder <JShinder@constantinecannon.com>, "Wilson, James A." <jawilson@vorys.com>
**Subject:** MDL 1720

Steve & Linda,

Please see the attached letter.

Best regards,

**STEIG D. OLSON / PARTNER**
**Quinn Emanuel Urquhart & Sullivan, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7152 Direct
(917) 843-0927 Mobile