UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**MEMORANDUM & ORDER**
05-MD-1720 (MKB) (JO)

This document refers to: ALL ACTIONS

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

A putative class of over twelve million merchants brought antitrust actions under the Sherman Act, 15 U.S.C. §§ 1 and 2 and state antitrust laws against Defendants Visa and MasterCard, as well as various issuing and acquiring banks. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207 (E.D.N.Y. 2013), *rev'd and vacated*, 827 F.3d 223 (2d Cir. 2016). Plaintiffs alleged that Defendants harmed competition and charged merchants supracompetitive prices by creating unlawful contracts and engaging in unlawful conspiracies. *Id.* at 213. In addition, a number of groups of some of the largest merchants brought individual actions against Defendants, which were consolidated together with the class actions into a multi-district litigation ("MDL") in 2005. *Id.* at 223. After years of litigation, former District Judge John Gleeson approved a settlement of the class action. *Id.* at 240.

On June 30, 2016, the Second Circuit vacated the class certification and settlement of the action, noting the inherent conflict of interest in the appointment of a single set of counsel to represent both classes certified for settlement purposes under the Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 229 (2d Cir. 2016). Following remand, Magistrate Judge James Orenstein appointed two sets of interim counsel ("Interim Class Counsel"), one each for the putative class

under Rule 23(b)(2) and Rule 23(b)(3).  (Mem. and Order dated November 30, 2016 ("Class Counsel Order") at 4–5, Docket Entry No. 6754.)

On April 5, 2017, the Direct Action Plaintiffs[1] sought to amend the Class Counsel Order to exclude the Direct Action Plaintiffs from the proposed (b)(2) class and sought a declaration from the Court that the Interim Class Counsel has no authority to act on behalf of the Direct Action Plaintiffs or discuss or negotiate any settlement on their behalf in a manner that would bind the Direct Action Plaintiffs.  (Direct Action Pls. Letter dated Apr. 5, 2017 ("Direct Action Pls. Mot. to Amend"), Docket Entry No. 6897.)  On April 20, 2017, Judge Orenstein denied the Direct Action Plaintiffs' motion to amend the Class Counsel Order.  (Order dated Apr. 20, 2017 ("April 2017 Order"), Docket Entry No. 6929.)

On May 4, 2017, the Direct Action Plaintiffs appealed Judge Orenstein's April 2017 Order denying their motion to amend the Class Counsel Order.  (Direct Action Pls. Letter of Appeal dated May 4, 2017 ("Pls. Appeal"), Docket Entry No. 6947.)  For the reasons set forth below, the Court affirms Judge Orenstein's April 2017 Order denying the Direct Action Plaintiffs' motion to amend the Class Counsel Order.

---

[1] In the recent history of this litigation, "Direct Action Plaintiffs" collectively referred to the Target Plaintiffs, the 7-Eleven Plaintiffs, and Home Depot. The Target Plaintiffs and 7-Eleven Plaintiffs in turn are comprised of many other merchants, as described in their respective complaints.  (*See* Amended Complaint, *Target Corp. v. Visa Inc.*, No. 13-CV-5745 (E.D.N.Y. July 10, 2014), Docket Entry No. 107); Fourth Amended Complaint, *7-Eleven, Inc., v. Visa Inc.*, No. 13-CV-5746 (E.D.N.Y. Feb. 17, 2015), Docket Entry No. 80.)  These Plaintiffs were also the original parties seeking to amend the Class Counsel Order, the denial of which is the subject of this Memorandum and Order.  However, because Walmart has joined the parties in appealing the Class Counsel Order, and for ease of reference, the Court will refer to the "Direct Action Plaintiffs" to include all of the appealing parties: the Target Plaintiffs, the 7-Eleven Plaintiffs, Home Depot and Walmart.  (*See* Judge James Orenstein's Mem. and Order dated Sept. 17, 2017, Docket Entry No. 7076 (providing additional procedural background).)

I.  **Background**

   a.  **2013 settlement and class certification**

The settlement approved in 2013 by Judge Gleeson, and later reversed by the Second Circuit, divided Plaintiffs into two classes: the (b)(3) class, consisting of merchants that accepted Visa and MasterCard from January 1, 2004, to November 28, 2012; and the (b)(2) class, consisting of merchants that accepted the cards from November 28, 2012, into the future. Under the settlement, the (b)(3) class was to receive monetary relief, while the (b)(2) class was to obtain injunctive relief in the form of changes to Defendants' rules.[2] Both classes were represented by a single set of counsel and Judge Gleeson certified the (b)(2) class as a non-opt-out class. The Direct Action Plaintiffs opted out from the (b)(3) class and objected to the (b)(2) class as improperly certified.[3] *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d at 229.

---

[2] Some of the main changes stipulated in the Settlement Agreement included: (1) allowing merchants to impose surcharges on Visa- or MasterCard-branded credit-card transactions at the brand level and product level; (2) locking-in minimum-purchase and discounting provisions; (3) allowing merchants who operate different businesses under different "banners" or "trade names" to accept Visa- and MasterCard-branded cards at some of those businesses but not others; and (4) mandating that Visa and MasterCard negotiate in good faith with groups of merchants that wish to negotiate with the networks collectively rather than on a one-on-one basis. (*See* Definitive Class Settlement Agreement at 40–67, Docket Entry No. 1656-1.)

[3] On appeal, the Direct Action Plaintiffs submitted a consolidated brief together with hundreds of other merchants who objected to the (b)(2) class certification and settlement. Their arguments in opposition to the settlement included, among others: (1) that the settlement terminated the individualized monetary claims of all the (b)(2) class members without opt-out rights, violating their due process rights; (2) the (b)(2) class was not cohesive, consisting of millions of existing and future merchants whose injuries varied widely depending on which of Defendants' rules and practices applied to them; and (3) that as a predominantly future oriented class, the (b)(2) class did not have its own counsel, making the representation inadequate. (Joint Br. For Objectors-Appellants and Pls-Appellants at 24, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223 (2d Cir. 2016)).

3

### b. The Second Circuit's Remand Order

On June 30, 2016, the Second Circuit vacated the class certification and settlement of the action, noting the inherent conflict of interest in the appointment of a single set of counsel to represent all class plaintiffs in this action. *Id* at 234–235. The Second Circuit stated that remanding the case did not mean that the "(b)(2) and (b)(3) classes cannot be combined in a single case, or that they always require separate representation," but noted that "[p]roblems arise when the (b)(2) and (b)(3) classes do not have independent counsel, seek distinct relief, have non-overlapping memberships and (importantly) are certified as settlement-only." *Id.* at 235.

### c. Proceedings following remand

Following remand, the Court invited the parties to submit proposals for the structure of representation of the proposed class. (Order dated Aug. 16, 2016, Docket Entry No. 6654.) Multiple groups moved for appointment as lead counsel for either the (b)(2) putative class or the (b)(3) putative class. (Class Counsel Order at 4–5.) The Direct Action Plaintiffs objected to the use and formation of the mandatory (b)(2) class and, by extension, to any representation for the (b)(2) class as a whole. (*See* Target Pls Submission, Docket Entry No. 6662; Home Depot Submission, Docket Entry No. 6663; 7-Eleven Pls Submission, Docket Entry No. 6668.) The Direct Action Plaintiffs argued that because they are represented by their own counsel, they do not need representation from the Interim Class Counsel and therefore should be excluded from the (b)(2) putative class. (*See, e.g.*, Target Plaintiffs Submission at 1 ("the Target Plaintiffs are separately represented and therefore do not need or want to be included within a class"); 7-Eleven Plaintiffs Response to Submission Concerning Class Structure and Leadership ("7-Eleven Response") at 4 n.2, Docket Entry No. 6694 ("the 7-Eleven Plaintiffs respectfully request . . . that any class definition explicitly exclude the 7-Eleven Plaintiffs.")).

### d. Class Counsel Order

In the Class Counsel Order, Judge Orenstein appointed two sets of interim lead counsel: one for the putative (b)(2) class, and the other for the putative (b)(3) class. In appointing the (b)(2) Interim Class Counsel, Judge Orenstein noted that, ultimately, the Interim Class Counsel may decide not to seek relief that is mandatory for all merchants. (Class Counsel Order at 6.) In appointing two separate sets of counsel for the (b)(2) and (b)(3) classes, Judge Orenstein relied on the reasoning of the Second Circuit's remand order, which raised concerns over the inherent conflict in representation of the (b)(3) and (b)(2) classes by the same counsel in this case. (*Id.*) Such a structure, Judge Orenstein concluded, would be the "most likely to achieve fair representation for all of [P]laintiffs' interests." (*Id.*)

### e. Direct Action Plaintiffs' motion to amend the Class Counsel Order

On April 5, 2017, more than four months after the Class Counsel Order was issued, the Direct Action Plaintiffs sought to amend the Class Counsel Order to exclude the Direct Action Plaintiffs from the proposed (b)(2) class and sought a declaration that the Interim Class Counsel has no authority to discuss or negotiate settlement on behalf of the Direct Action Plaintiffs in a manner that would bind them. (*See* Direct Action Pls. Mot. to Amend.) The Direct Action Plaintiffs argued that the motion was triggered by their discovery that the Interim Class Counsel has been engaging in mediation with Defendants, including on behalf of the Direct Action Plaintiffs, raising concerns that the Interim Class Counsel would bargain away their rights. (*Id.* at 1.)

The Direct Action Plaintiffs also argued that: (1) they have a due process right to participate in the litigation; (2) the Court should limit the authority of the Interim Class Counsel pursuant to Rule 23(g)(1)(E) of the Federal Rules of Civil Procedure to ensure that they do not

represent the Direct Action Plaintiffs; (3) Rule 23(b)(2) allows the exclusion of parties that have filed their own actions; (4) there is no authority that requires parties pursuing their own claims with their own counsel to be forcibly included in a Rule 23(b)(2) class; and (5) granting their motion would resolve Defendants' potential arguments about intra-class conflicts. (*Id.* at 2–3.)

The Interim Class Counsel and Visa Defendants opposed the motion, arguing that it is a belated motion for reconsideration, and alternatively, that the motion is premature, as the contours and limitations of the class are decided at the class certification stage of the litigation rather than at the appointment of class counsel stage. (Interim Class Counsel Opp'n Letter dated Apr.10, 2017, ("Interim Counsel Opp'n"), Docket Entry No. 6908; Defs. Opp'n Letter dated Apr.10, 2017, ("Defs. Opp'n"), Docket Entry No. 6911.)

  **f.** **The April 20, 2017, Order**

On April 20, 2017, Judge Orenstein denied Direct Action Plaintiffs' motion to amend the Class Counsel Order, finding that it was "belated" as a motion for reconsideration and "premature" if it is seeking relief other than reconsideration of the Class Counsel Order. (Apr. 20, 2017, Status Conference Tr. at 12–13, Docket Entry No. 7068.)

  **g.** **Direct Action Plaintiffs' appeal**

On May 4, 2017, the Direct Action Plaintiffs appealed Judge Orenstein's denial of their motion. (Pls. Appeal.) On May 18, 2017, the Interim Class Counsel and Visa Defendants filed their objections to the appeal. (Interim Class Counsel Opp'n Letter dated May 18, 2017, ("Interim Counsel Opp'n on Appeal"), Docket Entry No. 6957; Visa Defs. Opp'n Letter dated May 18, 2017, ("Defs. Opp'n on Appeal"), Docket Entry No. 6958.) On May 25, 2017, Direct Action Plaintiffs moved for leave to file a reply brief, which application the Court granted on September 5, 2017.

On appeal, the Direct Action Plaintiffs repeat the arguments made in their motion to amend the Class Counsel Order. They argue that: (1) they have a right to have "the attorney of their choice to represent their interests";(2) the Court should limit the authority of the Interim Class Counsel pursuant to Rule 23(g)(1)(E) of the Federal Rules of Civil Procedure to ensure that they do not represent the Direct Action Plaintiffs; (3) it is common practice for the "individual claims [to be] pursued alongside class claims" and there is case law "defining classes so as to exclude entities who were actively pursuing their individual claims"; (4) no "court [has authorized] interim class counsel to represent individual plaintiffs against their will"; and (5) if the motion is not granted, the Direct Action Plaintiffs' only recourse would be to oppose a potential settlement down the line, and it is a waste of resources to deal with "an improperly negotiated class settlement only after the settlement is reached." (Pls. Appeal at 4.)

## II. Discussion

### a. Standard of review

Under the Federal Magistrates Act, 28 U.S.C. § 636, and Rule 72 of the Federal Rules of Civil Procedure, a magistrate judge is authorized "to make findings as to non-dispositive pretrial matters [] which may not be disturbed by a district judge absent a determination that such findings were clearly erroneous or contrary to law." *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[T]he district court to whom the case is assigned shall consider . . . objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(a)); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been

committed." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)); *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15-CV-8459, 2017 WL 3142072, at *1 (S.D.N.Y. July 24, 2017). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Lifeguard Licensing Corp.*, 2017 WL 3142072, at *1 (citation and internal quotation marks omitted).

### b. The motion is untimely

The Interim Class Counsel contends that, because the arguments made by the Direct Action Plaintiffs in support of their motion to amend the Class Counsel Order were made in opposing the putative (b)(2) class and their inclusion in any such class prior to the Class Counsel Order, their motion to Judge Orenstein to amend the Class Counsel Order was an untimely attempt to convince Judge Orenstein to reconsider his earlier decision. (*See* Interim Counsel Opp'n.)

The Direct Action Plaintiffs do not deny that they made the same arguments prior to the Class Counsel Order, but they argue that they delayed making an application to the Court in an effort to negotiate with the Interim Class Counsel to exclude the Direct Action Plaintiffs from the proposed (b)(2) class, as the Class Counsel Order did not set the parameters of the (b)(2) class. (Direct Action Pls. Mot. to Amend at 1–2.) The Direct Action Plaintiffs argue that because of the negotiation with Interim Class Counsel, their motion is timely as it became ripe only upon the Interim Class Counsel's refusal to exclude the Direct Action Plaintiffs from the putative (b)(2) class.[4] (*Id.*)

---

[4] On appeal, the parties dispute whether the Direct Action Plaintiffs were on notice that Interim Class Counsel would define the putative (b)(2) class to include the Direct Action

8

There is no dispute that the Direct Action Plaintiffs' arguments in their April 2017 motion to amend the Class Counsel Order are the same arguments made in opposing the formation of a (b)(2) class. In their submissions generally opposing the formation of a putative (b)(2) class, the Direct Action Plaintiffs specifically requested that to the extent there is a (b)(2) class, they wanted to be excluded from that class. (*See, e.g.*, Target Plaintiffs' Submission at 1 ("the Target Plaintiffs are separately represented and therefore do not need or want to be included within a class"); 7-Eleven's Response ("the 7-Eleven Plaintiffs respectfully request . . . that any class definition explicitly exclude the 7-Eleven Plaintiffs.")). The Direct Action Plaintiffs also opposed the appointment of any counsel to represent the (b)(2) class, which, in effect, would have rendered the same result that the Direct Action Plaintiffs now seek — exclusion from representation by the Interim Class Counsel, as a part of the putative (b)(2) class. (Home Depot's Submission at 7; Target Plaintiffs' Submission at 2; 7-Eleven Plaintiffs'

---

Plaintiffs. (Pls. Reply to Interim Rule 23(b)(2) Class Counsel Letter, dated May 25, 2017, Docket Entry No. 6964-1). The Interim Class Counsel argues that the broad definition was expected because it was in line with the definition of the (b)(2) class stated in the initial class complaint. (Class Counsel's Response at 1, dated May 18, 2017, Docket Entry No. 6957.) Because this issue was raised for the first time on appeal, the Court declines to consider the issue. *See Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n*, 533 F.3d 98, 99 (2d Cir. 2008) ("[Defendant] raises additional arguments on appeal that were not raised below; those arguments have been forfeited."). This fundamental principle applies to a district court's review of a magistrate's order. *Anderson v. Phoenix Beverage Inc.*, No. 12-CV-1055, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015) ("Courts generally do not entertain new legal arguments not presented to the magistrate judge."); *Arnold v. Sotz*, No. 00-CV-4485, 2006 WL 2792749, at *2 (E.D.N.Y. Sept. 27, 2006) ("Since this argument was not before Magistrate Judge Lindsay, the Court need not consider it."); *Bell v. Pfizer*, No. 03-CV-9945, 2006 WL 2529762, at *1 (S.D.N.Y. Aug. 31, 2006) ("[A]n objecting party may not raise new arguments that were not made before the Magistrate Judge." (internal citations omitted)); *see also Wells Fargo Bank N.A. v. Sinnott*, No. 07-CV-169, 2010 WL 297830, at *2–5 (D. Vt. Jan. 19, 2010) (refusing to consider party's new argument on appeal of magistrate judge's report and recommendation after applying a six-factor test to determine if the district court should consider a party's new argument that was not first presented to the magistrate judge).

Submission at 1–2.) Thus, the Direct Action Plaintiffs' motion to Judge Orenstein to amend the Class Counsel Order was a motion to reconsider the Class Counsel Order. Because the motion was made four months after the Class Counsel Order was issued, instead of within fourteen days as required,[5] the motion is untimely.

The Class Counsel Order appoints interim counsel "for a putative class of plaintiffs seeking class certification pursuant to Rule 23(b)(2)" and Rule 23(b)(3). Judge Orenstein's Class Counsel Order reads in relevant part that:

> dividing leadership responsibility between a putative [d]amages [c]lass that will seek certification under Rule 23(b)(3) and a putative [i]njunctive [r]elief [c]lass that may seek certification under Rule 23(b)(2) (but which may also conclude that the class will be best served by not seeking relief that is mandatory for all merchants) is the most likely to achieve fair representation for all of the plaintiffs' interests.

(Class Counsel Order at 6.) Even assuming that the Interim Class Counsel had discretion to

---

[5] Rule 72(a) of the Federal Rules of Civil Procedure states in relevant part that "[a] party may serve and file objections to the [magistrate judge's] order within fourteen days after being served with a copy." Similarly, 28 U.S.C. § 636(b)(1)(C), a statute that governs practice before magistrate judges, states in relevant part that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings." In addition, Rule 6.3. of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York specifies that any motion for reconsideration or reargument must be made within fourteen days.

The Court recognizes that the local rules do not specify whether the motion for reconsideration of a magistrate judge's order is permitted, or whether such a motion should necessarily be an appeal to the district judge. However, courts have found that both Rule 72(a) and 28 U.S.C. § section 636(b)(1)(C) refer to a district judge as a reviewing authority of a magistrate judge's order. *See Mestecky v. N.ew Y.ork C.ity Dep't of Educ.*, No. 13-CV-4302, 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016); *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014) (finding the defendant's appeal to the district judge untimely because the defendant first filed a motion for reconsideration with the magistrate judge, and explaining that the proper procedural route to object to a magistrate judge's decision on non-dispositive matters is to appeal the decision to the district judge in the first instance.). Nevertheless, the Court declines to decide whether seeking review of the Class Counsel's Order from Judge Orenstein was procedurally appropriate and instead only considers its timeliness.

freely define the class, on its face the Class Counsel Order is inclusive of all potential members of the putative (b)(2) class. Moreover, although the Court commends the Direct Action Plaintiffs for first trying to resolve the issue with the Interim Class Counsel before seeking the Court's intervention, as "sophisticated entities," (Pls.' Appeal at 2), the Direct Action Plaintiffs should have at least taken steps to preserve their ability to appeal the Class Counsel Order by notifying the Court of their intent or by seeking an extension of time to do so, while they attempted to convince the Interim Class Counsel to exclude them from the (b)(2) class.

Accordingly, the Court affirms Judge Orenstein's decision denying the Direct Action Plaintiffs' motion to amend the Class Counsel Order as an untimely motion for reconsideration.

### III. Conclusion

For the foregoing reasons, having reviewed the appeal for clear error, the Court determines that Judge Orenstein did not err in denying Direct Action Plaintiffs' request.

SO ORDERED:

\_\_\_\_\_s/ MKB\_\_\_\_\_  
MARGO K. BRODIE  
United States District Judge

Dated: October 13, 2017  
       Brooklyn, New York