UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____ X

In re PAYMENT CARD INTERCHANGE  :   No. 05-md-1720 (MKB)(JO)
FEE AND MERCHANT DISCOUNT        :
ANTITRUST LITIGATION             :   JOINT STATUS CONFERENCE
                                 :   STATEMENT
_____ :
                                 :   CONFERENCE DATE:  NOVEMBER 28,
This Document Relates To:        :   2017
                                 :
      ALL ACTIONS.               :
                                 :
                                 :
_____ x

The parties respectfully submit this Joint Case Status Report and Proposed Agenda for

the Case Management Conference currently scheduled for November 28, 2017.

## I.     PENDING MOTIONS

### A.     Plaintiffs' Objections to the Magistrate Judge's September 27, 2017 Memorandum and Order

The Direct Action Plaintiffs, the Rule 23(b)(3) Class Plaintiffs, Plaintiffs Sunoco Retail,

LLC and Aloha Petroleum Ltd., and Plaintiffs Blarney Castle Oil Co. and Ricker Oil Company

Inc. each filed objections to the Magistrate Judge's September 27, 2017 Memorandum and Order

granting in part and denying in part plaintiffs' motions to amend their complaints.  Defendants

responded to plaintiffs' objections on November 17, 2017, and plaintiffs are conferring among

themselves about whether to seek leave to file a reply (which defendants could oppose).

## II.    AMENDED COMPLAINTS

### Defendants' Position.

Defendants believe that plaintiffs' recently filed amended complaints do not comply with

the Court's September 27, 2017, Memorandum and Order granting in part, and denying in part,

plaintiffs' contested motions to amend.  In that Memorandum and Order, Your Honor explained:

"Specifically, I grant plaintiffs leave to amend their complaints to include allegations pertaining

to a two-sided relevant market over defendants' objections, but only to the extent that these claims are not time-barred:  the two-sided market claims do not relate back to earlier pleadings and are not subject to equitable tolling."  The Court then directed plaintiffs "to amend their complaints in accordance with this order and to file the amended complaints as separate entries on the docket by October 27, 2017."

Plaintiffs filed objections to Your Honor's decision with Judge Brodie, and defendants have responded to plaintiffs' objections.  Plaintiffs also have filed amended complaints.  The parties have stipulated that defendants' time to respond to the amended complaints is extended until 21 days after Judge Brodie rules on plaintiffs' objections to Your Honor's Memorandum and Order of September 27, 2017.

Despite being given a month to revise their complaints, plaintiffs filed amended complaints on October 27, 2017, that track almost verbatim the proposed amended complaints that Your Honor denied, in part, leave to file.  In particular, plaintiffs made no changes to reflect Your Honor's ruling that "two-sided market claims do not relate back to earlier pleadings and are not subject to equitable tolling."

Defendants respectfully submit that plaintiffs have not complied with Your Honor's direction, and the newly filed amended complaints exceed the leave granted by the Court.  Before the parties and the Court expend resources on responding (by answer or motion 21 days after Judge Brodie rules on the objections) to multiple complaints that may have been filed without leave, defendants respectfully ask that Your Honor direct plaintiffs to re-file amended complaints that comply with your September 27 Order.  Plaintiffs have requested that the parties meet and confer about this issue, and Defendants are prepared to do so promptly.

**Plaintiffs' Position**.

Before they sent their first draft of this Status Report yesterday, Defendants had never raised with Plaintiffs their assertion that Plaintiffs' amended complaints are somehow deficient, despite having those amended complaint for nearly a month.  Nor is it clear what Defendants ask Plaintiffs to change in their amended complaints.  Plaintiffs immediately reached out to defendants to try to meet and confer over this surprise issue but the parties have not been able to arrange a mutually-convenient time to discuss yet.  As such, Plaintiffs believe it is premature to raise this issue with the Court and have requested that Defendants not do so.  However, because Defendants have insisted on including this newly-raised, surprise issue in the Status Report, Plaintiffs are compelled to respond substantively.

Plaintiffs disagree with Defendants' position.  Your Honor granted Plaintiffs' motions to amend, concluding that fairness demanded that Plaintiffs be allowed to adapt to the legal ground that "shifted under all of the parties," by amending their pleadings to assert alternative "two-sided" relevant markets. (*See* Or. at 15.) Your Honor disagreed with Plaintiffs, however, that their amendments "relate back" to the dates of their original pleadings to the extent they assert claims in a "two-sided market." (Or. at 22.)

Plaintiffs are not aware of any way in which their amended pleadings do not comply with Your Honor's order. With respect to their factual allegations, nothing prevents Plaintiffs from pleading facts that may fall outside of the damages period. With respect to their claims for relief, Rule 23(b)(3) Class Plaintiffs, for example, seek damages "sustained by the Plaintiffs and Class Members for the fullest time period *permitted by the applicable statutes of limitations* and the settlement and release in *In re Visa Check/MasterMoney Antitrust Litigation*." Rule 23(b)(3) Class Pls.' Pr. For Rel. D. (first italics added; second in original). Other plaintiff groups have

similar language in their pleadings. (*See, e.g.*, Target Amended Compl. at Pr. For Rel. A

(requesting damages to the extent permitted by law)). Thus, to the extent Your Honor's order

limits the extent to which Rule 23(b)(3) Class Plaintiffs—or any other plaintiff for that matter—

may assert damages, that limitation is captured within their prayer for relief, and need not be

altered.

## III.    DEPOSITIONS

### Plaintiffs' Position.

From the beginning of the deposition period in December, 2016, Direct Action Plaintiffs

have coordinated among themselves, and more recently with class counsel, to ensure that they

depose only those witnesses they believe are truly necessary to the issues in their case and to do

so in the most efficient manner possible. To that end, and per the protocol, in June, 2017 –

nearly 6 months ago – plaintiffs provided defendants with a list of the witnesses that they wanted

to depose through the end of the deposition period in April 2018. The list identified 18 Visa

individual witnesses and 13 Mastercard individual witnesses; class counsel subsequently

identified an additional 5 Visa witnesses and 3 Mastercard witnesses. Defendants objected to

many of the witnesses proposed, and plaintiffs compromised in several ways, including (1)

agreeing to withdraw 8 depositions, (2) agreeing to defer 3 depositions pending other testimony,

and (3) agreeing to take fewer than 7 hours of deposition for 2 of the witnesses. Plaintiffs have

also explained to Defendants that they may be able to narrow or even obviate the need for the

handful of 30(b)(6) depositions identified on their June 6 list, should the individual testimony

from the remaining Visa and Mastercard witnesses adequately cover the identified issues.

The parties continue to discuss a handful of deposition issues, including (1) defendants'

objections to depositions of Mastercard witness Gareth Forsey, and (2) the amount of time

4

necessary for certain of the Visa and Mastercard witnesses. Plaintiffs are willing to continue to discuss these issues with defendants, rather than raise them with the court at this time, but do ask that the Court require defendants to immediately provide dates for the depositions to which they have not objected (including Mastercard witness Ajay Banga and for Visa witnesses Ryan McInerney, Charles Scharf, Oliver Jenkyn, Bill Sheedy and Billy Knupp). There is no reason to delay the scheduling of these witnesses, particularly since they have been under deposition notice for nearly 6 months.

**Defendants' Position.** In June 2017, defendants provided plaintiffs with a list of witnesses that defendants seek to depose through the end of the deposition period. To date, defendants are still waiting for plaintiffs to provide them with dates for the depositions of approximately 50 witnesses.

**Visa Position.** Plaintiffs to date have taken 107 deposition days of Visa witnesses, including 37 days during the current phase. Visa has agreed to schedule the depositions of nine more witnesses, including depositions of Visa's senior-most executives. Plaintiffs seek to have four of these remaining witnesses sit for nine hours of testimony. Visa believes that there is no good reason to disregard the presumptive durational limitation of one day of seven hours for any of these remaining depositions. *See* Fed. R. Civ. P. 30(d)(1); ECF No. 351-1, Order Regarding Deposition Protocol, at Section II.E. Furthermore, two of the remaining witnesses will also sit for a deposition in the B&R Supermarket case, and the plaintiffs in MDL 1720 and in B&R Supermarket will have a total of 14 hours between the two depositions for them to divide among themselves.

Visa will continue to discuss these issues with plaintiffs.  In the meantime, Visa will provide dates to schedule the remaining depositions under discussion.  Once plaintiffs take those depositions, Visa believes there will not be a need for any further depositions of Visa witnesses.

**Mastercard Position.**  Mastercard similarly has agreed to schedule ten (10) additional Mastercard witnesses, including very senior executives.  Mastercard currently believes that once those depositions are taken, there will not be a need for any further depositions of Mastercard witnesses via Rule 30(b)(6) or otherwise.  We will continue to discuss with plaintiffs the requested depositions of CEO Ajay Banga and Gareth Forsey, a former executive already deposed in the case who has been out of the industry since 2009.  We do not believe there are any disputes ripe for the Court at this time.

## IV.    STATUS OF DOCUMENT DISCOVERY

**Plaintiffs' Position.**  Rule 23(b)(3) Class Plaintiffs have been meeting and conferring with Defendants regarding their latest document requests, which include over 100 requests, some of which request documents back to 2000.  To date the parties have spent more than four hours on telephonic meet and confers, with an additional session scheduled.  Class Plaintiffs also recently received two full sets of interrogatories, many of which also seek information going back to 2000.  To the extent that the parties are not able to amicably resolve any disputes relating to the scope of discovery, they will bring them to the Court's attention.  Plaintiffs do not believe that there are any discovery issues ripe for the Court's review at this time.

The Equitable Relief Class plaintiffs anticipate serving the network defendants with a limited number of targeted document requests.

**Defendants' Position.**  Defendants have been working with plaintiffs with the goal of completing fact discovery of plaintiffs by the deadline of April 30, 2018.

Defendants served discovery requests on the (b)(3) and (b)(2) putative class plaintiffs, the new plaintiffs in the 7-Eleven action, and the plaintiffs in the recently-filed Hertz and Dollar General actions.  Defendants have participated in meet and confers with these plaintiffs, and seek to receive plaintiffs' document productions in sufficient time to complete fact depositions before the fact discovery deadline.  Defendants also have served discovery requests on various plaintiff groups to account for new allegations in the amended complaints.

Defendants are not aware of any dispute relating to document discovery that is ripe for the Court's review at this time.

V.       **NOVEMBER 28 STATUS CONFERENCE**

Because there are no issues ripe for decision by the Court, Plaintiffs do not believe there is a need for a status conference on November 28, and have suggested same to Defendants. Defendants plan to meet and confer with Plaintiffs regarding the amendment issue discussed above.  If the parties are unable to resolve that issue, Defendants believe a status conference may be helpful.

Dated:  November 21, 2017.                                    Respectfully submitted.