PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A
BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

WRITER'S DIRECT DIAL NUMBER

(212) 373-3051

WRITER'S DIRECT FACSIMILE

(212) 492-0051

WRITER'S DIRECT E-MAIL ADDRESS

gcarney@paulweiss.com

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

February 15, 2018

**BY ECF**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-01720 (MKB) (JO)

Dear Judge Orenstein:

      We write on behalf of all defendants in the above action. Defendants in the Equitable Relief Class case have properly noticed a Rule 30(b)(6) *party* deposition of a corporate representative of each of the Equitable Relief Class Plaintiffs suing defendants in that putative class action.[1] The 7-Eleven Plaintiffs, the Target Plaintiffs and The Home Depot (collectively the "DAPs") have also requested, in their separate cases, an individual *third-party* deposition of one witness from each of the Equitable Relief Class Plaintiffs. In response, counsel for the Equitable Relief Class Plaintiffs have informed defendants that plaintiffs will present a witness from each plaintiff entity only once, for a total of seven hours of deposition time for depositions in all the cases—i.e., deposition time is to be shared by the defendants in the Equitable Relief Class case and the DAPs.

      Defendants believe that they are entitled to a full seven-hour corporate representative deposition from each plaintiff suing them and therefore move for an order requiring that each noticed Equitable Relief Class Plaintiff sit for a deposition by defendants of up to seven hours, as provided by the Federal Rules. Further, to the extent that the Court permits the DAPs to also depose individuals from the Equitable Relief Class Plaintiffs as third-parties in the DAP cases,

---

[1] The Equitable Relief Class Plaintiffs include: DDMB, Inc. d/b/a Emporium Arcade Bar; DDMB2, LLC d/b/a Emporium Logan Square; Boss Dental Care; Runcentral, LLC; CMP Consulting Serv., Inc.; Town Kitchen, LLC d/b/a Town Kitchen & Bar; Generic Depot 3, Inc. d/b/a Prescription Depot; and PureOne, LLC d/b/a Salon Pure.

defendants in those cases (a small subset of defendants in the class case) are entitled to cross-examine the witness during those depositions—just as in any third-party deposition under the Federal Rules and pursuant to the Order Regarding Deposition Protocol of March 1, 2016 (hereinafter, the "Protocol"). We therefore also request that the Court confirm that the defendants in the DAP cases retain that right under the Protocol.

## Background

On January 4, 2018, the DAPs sent a letter to Equitable Relief Class Plaintiffs providing notice of their intent to depose employees of the putative (b)(2) class representatives. (Ex. 1.) On January 10, the defendants in the DAP cases and the defendants in the Equitable Relief Class case responded by letter. (Ex. 2.) Defendants informed the DAPs that because the Equitable Relief Class Plaintiffs were not parties to the DAPs' actions, defendants in the DAP cases intended to cross-notice the depositions of these representatives as third-parties once the DAPs served formal notices. In the same letter, defendants informed the Equitable Relief Class Plaintiffs that, as party defendants to the Equitable Relief Class case, they planned to serve separate notices on each of the Equitable Relief Class Plaintiffs to take party depositions under Federal Rule of Civil Procedure 30(b)(6). On January 25, defendants in the class case served on the Equitable Relief Class Plaintiffs a Rule 30(b)(6) deposition notice identifying the topics to be covered. (Ex. 3.)

On January 30, Equitable Relief Class Plaintiffs sent a letter to defendants declaring that they would make their clients available in all of the cases for only a single deposition day of no more than seven hours. (Ex. 4.) On February 6, the DAPs sent a letter to Equitable Relief Class Plaintiffs in which they disagreed that Equitable Relief Class Plaintiffs were only required to be made available for a single deposition day of seven hours, "despite having been noticed both by DAPs and by Defendants." (Ex. 5.) DAPs suggested that they would be willing to limit their examination of each Equitable Relief Class Plaintiff to no more than three and a half hours of questioning.

On February 9, defendants met and conferred with Equitable Relief Class Plaintiffs, during which Equitable Relief Class Plaintiff counsel reiterated their position that they would produce their clients for only a single deposition day of no more than seven hours in response to both notices. Defendants stated that they had the right to take a full seven-hour deposition, without ceding time to DAPs. All parties thereafter spoke on February 15 and confirmed that they were at an impasse.

## Argument

Defendants are entitled to take a full-day deposition of a representative of a party that has brought an action against them. Both the Federal Rules of Civil Procedure and the Protocol provide the presumptive baseline of one seven-hour day for party depositions. *See* Fed. R. Civ. P. 30(d)(1); Protocol, ¶ II.E. A comprehensive corporate representative deposition is particularly important here because the plaintiff entities are generally small and therefore multiple depositions likely will not be necessary. The DAPs' request to take a separate individual witness

deposition from each of the Equitable Relief Class Plaintiffs in the DAP cases does nothing to alter defendants' rights to full and complete discovery in the Equitable Relief Class case. Equitable Relief Class Plaintiffs should not be allowed to leverage a separate requested deposition to restrict defendants' deposition time limits in the class case.

Further, since the DAPs and Equitable Relief Class Plaintiffs brought distinct cases, the DAPs' request is fairly analyzed as a request for third-party depositions in their cases. As a technical matter under the Protocol, defendants are automatically entitled to an hour of questioning when plaintiffs take a third-party deposition and, if defendants serve a cross-notice, up to seven hours of questioning. *See* Protocol, ¶ II.E. Here, in the January 10 letter, defendants informed the DAPs and Equitable Relief Class Plaintiffs of their intent to cross-notice once formal notices were provided by the DAPs and thus have preserved their right to a reasonable amount of time for further examination.

As a practical matter, having already taken a corporate representative deposition of the same witness, defendants will not require seven hours of further examination following DAP questioning, particularly if that questioning is limited in duration and scope. Accordingly, if the Court permits the DAPs to take an individual deposition in addition to the corporate representative deposition to which defendants are entitled, defendants are prepared to discuss with the DAPs and Equitable Relief Class Plaintiffs an appropriate time frame for additional examination.

\*     \*     \*

In sum, defendants respectfully submit that they should be able to exercise their rights under the Federal Rules to depose a party plaintiff under Rule 30(b)(6) for up to seven hours regardless of the DAPs' request. If the Court permits the DAPs to pursue a deposition in their cases of individual witnesses from the Equitable Relief Class Plaintiffs, defendants should, consistent with the Protocol, be afforded a reasonable opportunity for follow-up examination.

Respectfully submitted,

*/s/ Gary R. Carney*

Gary R. Carney

*Counsel for the Mastercard Defendants*

cc:    All Counsel of Record (by ECF)