UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

This Document Relates To:

    ALL ACTIONS.

----------------------------------------x

No. 05-md-1720 (MKB)(JO)

JOINT STATUS CONFERENCE STATEMENT

CONFERENCE DATE: FEBRUARY 27, 2018

The parties respectfully submit this Joint Case Status Report and Proposed Agenda for the Case Management Conference currently scheduled for February 27, 2018.

## I. PENDING MOTIONS

Defendants filed a motion to compel corporate representative depositions of Equitable Relief Plaintiffs of up to seven hours and a reasonable period of time for follow-up questioning in the event the Direct Action Plaintiffs also question the witnesses designated by the Equitable Relief Plaintiffs. The Equitable Relief Plaintiffs responded on February 21, 2018, reporting that they will agree to up to seven hours of questioning by defendants as well as a reasonable opportunity for questioning by defendants after the Direct Action Plaintiffs question the witnesses. The motion will be ripe for argument at the February 27, 2018 status conference, should the parties not reach agreement before then.

The action captioned *Luby's Fuddruckers Restaurants, LLC v. Visa Inc., et al.*, 1:17-cv-04555-MKB-JO was transferred to this Court by the Judicial Panel for Multidistrict Litigation. Plaintiff in that action has filed a motion to remand the action to Texas state court. That motion has been fully briefed and argued by the parties and is pending before the Court.

Plaintiffs have appealed Magistrate Judge Orenstein's Order dated September 27, 2017, regarding the amended complaints, which remains pending before Judge Brodie.

## II. STATUS OF DEPOSITION DISCOVERY

**Direct Action Plaintiffs' Position**

The parties continue to work together, mostly cooperatively, to schedule the remaining depositions to be taken prior to the April 30, 2018 deadline. For instance, plaintiffs and network defendants are discussing and negotiating 30(b)(6) depositions regarding certain emerging technologies, a 30(b)(6) to Visa regarding EMV issues, and the deposition of former Mastercard employee Gareth Forsey. Plaintiffs are finalizing various discovery negotiations and issues with the four bank defendants named by the 7-Eleven Plaintiffs, including with respect to data related to plaintiffs and the scheduling of depositions. Plaintiffs remain hopeful that the parties will be able to reach resolution of any outstanding issues, but intend to promptly raise any issues with the Court should they not be able to do so.

In addition, the Direct Action Plaintiffs have requested dates for depositions of representatives of each of the Equitable Relief Class Plaintiffs (the "ERCPs"). The ERCPs have taken the position that each ERCP should only sit for a single deposition day of eight hours, and Defendants and Direct Action Plaintiffs should split the time. The Direct Action Plaintiffs have come to an agreement with the ERCPs pursuant to which each of the ERCPs will be subject to one eight-hour deposition day, and the Direct Action Plaintiffs will receive at least one hour to question each class representative and will receive additional time if Defendants do not use all of their seven hours of deposition time. Further, as noted above, the ERCPs have agreed to defendants up to 7 hours of deposition time with each class representative, as well as a reasonable opportunity to question each class representative following any questioning by the Direct Action Plaintiffs, even if that means the deposition extends beyond 8 hours.

The parties are also engaged in various third party discovery efforts, including finalization of document production and scheduling of depositions. While many third parties have been cooperative, and plaintiffs have been able to obtain some relevant and necessary discovery, there remain a number of third party issues that, if not resolved shortly, will likely be the subject of motion practice in the coming weeks.

### b(3) Class Plaintiffs' Position

b(3) Class Plaintiffs agree that the parties are working cooperatively to schedule the remaining depositions. In addition b(3) class plaintiffs reserve the right to take targeted depositions of non-DAP defendant banks based on a review of the supplementation of discovery materials being produced and are assessing whether they intend to notice any targeted depositions of the network defendants based on prior testimony in this case.

### Defendants' Position

Defendants agree that the parties have been working cooperatively on scheduling the remaining depositions. Defendants note that we are still awaiting dates for a number of plaintiff witnesses who have been noticed for months. Those depositions need to be scheduled. To the extent that plaintiffs are suggesting that additional network defendant depositions beyond those noticed by June 2017 still may be necessary, defendants have long objected to any such depositions. Indeed, recent depositions of network witnesses, particularly of senior executives, have become somewhat repetitive, confirming the need to complete the schedule without additional witnesses.

Depositions of plaintiffs are continuing. Depending on the ability of certain merchants, in particular named class Plaintiffs and "new" individual Plaintiffs, to complete requested

document productions, Defendants anticipate that they will need to take some necessary depositions after April 30.

Third-party discovery is proceeding without issue to date, although there may be future topics to raise with the Court. Defendants anticipate that some third-party depositions and other discovery may need to take place after April 30.

Finally, as noted, the DAPs have requested depositions of Equitable Relief Class Plaintiffs, which led to a dispute that prompted defendants to file a motion to compel referred to above. Defendants were not informed of any agreement between the DAPs and the Equitable Relief Class Plaintiffs regarding the handling of these depositions, but any such agreement cannot fairly curtail the right of the defendants to conduct a reasonable cross-examination of any witness examined by the DAPs. We are continuing to discuss the depositions with the parties to determine whether the dispute can be resolved without Court intervention.

## III.     STATUS OF DATA REQUESTS

### Direct Action Plaintiffs' Position

The parties are continuing to negotiate regarding Visa and Mastercard's responses to Plaintiffs' October 15, 2014, requests for database information. While the parties are not at impasse on any issue as of today, plaintiffs may have additional progress (or lack thereof) to report to the Court in advance of or at the status conference on February 27, 2018. If the parties are not able to resolve outstanding issues by March 1, plaintiffs would anticipate addressing their impasse through motions practice.

### Defendants' Position

Mastercard has produced an enormous amount of information to plaintiffs in response to their data-related questions, and is in the middle of continuing those discussions in an effort to

avoid any disputes. Plaintiffs have most recently sent a letter on February 20 with further inquiries, and Mastercard is working on addressing those requests. Visa has also produced an enormous amount of information to plaintiffs in response to their data-related questions. In addition, Visa sent Plaintiffs a letter on February 20 committing to providing additional information in the near term and offering to meet and confer on any remaining issues.

## IV. DOCUMENT PRODUCTION STATUS

### Direct Action Plaintiffs' Position

*Second Set of Requests for Production to the Direct Action Plaintiffs.* The parties continue to negotiate the broad-sweeping Second Set of Requests for Production served by Defendants on the Direct Action Plaintiffs, and there are no issues ripe for discussion at the status conference.

### b(3) Class Plaintiffs' Position

Certain bank defendants are still in the process of producing documents in accordance with the parties' agreements to supplement document productions. Plaintiffs will review those productions and are in the process of reviewing the other supplemental productions made by defendants in this case. If b(3) Class Plaintiffs identify any gaps in, or questions about, the productions, we will raise those issues with the appropriate defendants.

### Defendants' Position

*Second Set of Requests for Production to the Direct Action Plaintiffs.* Defendants are working with plaintiffs to ensure that plaintiffs' documents relevant to all of their current allegations have already been produced or will be produced from existing collections. There is no ripe dispute at this time.

5

*Class Productions.* The b(3) plaintiffs have not yet produced any documents in response to requests Defendants served in September. Negotiations continue on a few outstanding issues, including custodian lists for certain merchants. The ERCPs have made several productions in response to Defendants' document requests and Defendants understand that productions are complete for one merchant and will be complete for the others soon.

Dated: February 21, 2018

Respectfully submitted,

**CONSTANTINE CANNON LLP**

By: /s/ Jeffrey I. Shinder
     Jeffrey I. Shinder
     A. Owen Glist
     David A. Scupp
335 Madison Avenue
New York, New York 10017
Tel: (212) 350-2783
jshinder@constantinecannon.com