# CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

**Jeffrey Shinder**
212-350-2709
jshinder@constantinecannon.com

February 22, 2018

**VIA ECF**

The Honorable Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
              05-md-1720 (MKB)(JO): Motion to Compel Non-Party Production

Dear Magistrate Judge Orenstein:

      The 7-Eleven Plaintiffs move to compel non-party The Clearing House Payments Company L.L.C.'s ("TCH") production of documents in response to a subpoena. (Ex. A.) The subpoena's five requests (three of which ask TCH to produce only single, previously-identified documents) seek production of documents relating to TCH's real-time payments ("RTP") network, a new payment system, and are relevant to certain core issues in this case, including whether the rules at issue are necessary for a functioning network. TCH has asked for seven business days to respond to this motion; 7-Eleven Plaintiffs do not object.

      TCH's RTP system and the rules that govern it cast doubt on certain defenses and justifications offered by Defendants for the rules challenged here. TCH, a joint venture owned by the Bank Defendants and several other banks (all of whom are Visa and Mastercard issuers), developed RTP (described as a two-sided platform) as a form of payment allowing for real-time or near real-time payment transactions between banks or their customers. Those payments include real-time payments for the purchase of goods and services. While Defendants have asserted that the rules challenged in this litigation are necessary to the functioning of payment card networks, analogous rules are completely absent from the RTP framework developed by TCH and its member banks. TCH recently highlighted the absence of such rules in a business review request submitted to the Department of Justice, Antitrust Division ("DOJ") seeking a statement of non-enforcement under the antitrust laws (which DOJ provided). (*See* TCH Ltr. to DOJ (Oct. 11, 2016), Ex. B; DOJ Ltr. to TCH (Sept. 21, 2017), Ex. C.) Because RTP shares key similarities with payment card systems, yet does not rely on the type of anticompetitive rules claimed by Defendants to be necessary to payment card transactions, the documents sought by the subpoena are relevant and should be produced.

      The 7-Eleven Plaintiffs have met and conferred in good faith with TCH by telephone, including on January 8, 24, and February 14, 2018, pursuant to Local Civil Rule 37.3(a), as well as by email correspondence, but have been unable to resolve the dispute. TCH has objected to the subpoena primarily on the basis that the documents sought are not relevant to the litigation.

## Background

      7-Eleven Plaintiffs served an initial document subpoena on TCH on February 29, 2016 (the "2016 Subpoena"). (Ex. D.) TCH produced 21 documents in response. 7-Eleven Plaintiffs requested additional documents, including documents relating to TCH's RTP platform. (*See* Ex. E.) TCH objects only to the production of the RTP documents. The 7-Eleven Plaintiffs served a second subpoena covering the RTP-related documents on January 31, 2018 (the "Subject Subpoena"). (*See* Ex. A.)[1] TCH served objections to the Subject Subpoena on February 13, 2018. (*See* Ex. F.) TCH's objections center primarily on relevance, claiming that, because the RTP transactions are different from payment card transactions, and because RTP is not referenced in 7-Eleven Plaintiffs' Fifth Amended Complaint, the documents are not relevant. (*See id.* at 1-2.)

      The Subject Subpoena includes five requests, three of which are for single, previously identified documents. The subpoena's other two requests seek documents on only a sufficient-to-show basis. (Ex. A.) TCH has effectively conceded that the requested production is not unduly burdensome (Ex. F at 3), but asserts that whatever attendant burden exists outweighs the requested documents' relevance.

## Argument

      Because of the minimal burden associated with the Subject Subpoena, as well as the strong case for the relevance of the requested documents to the anticipated defenses of Defendants, the Court should reject TCH's objections and order it to produce documents responsive to the Subject Subpoena. "Rule 26(b)(1), as amended . . . , recognizes that 'information is discoverable if it is relevant to any party's claim or defense and is proportional to the needs of the case.'" *Jalayer v. Stigliano*, No. 10-cv-2285, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016) (quoting Rule 26 Advisory Committee Notes to 2015 Amendments); *see also Arneauld v. Pentair, Inc.*, No. 11-cv-3891, 2012 WL 5932956, at *10 (E.D.N.Y. Nov. 25, 2012) ("Although not unlimited, relevance, for the purposes of discovery, is an extremely broad concept." (internal quotation marks omitted)).

      7-Eleven Plaintiffs seek the requested discovery to demonstrate that Defendants' justifications for the rules challenged in this litigation are illusory. RTP shares several similarities with payment card transactions. Both payment systems provide instantaneous or near-instantaneous payment or promise of payment to the recipient and feature the imposition of a fee purportedly to incentivize the various participants to use the payment system. (*See* Ex. B at 6, 9, 21; *see, e.g.*, Expert Report of Kevin M. Murphy ("Murphy Report") ¶ 152 (Dec. 14, 2009) (discussing interchange and other rules as providing incentives to cardholders and merchants).) In addition, both are described by their owners as two-sided platforms. *See* Brief of The Clearing House Assoc. L.L.C. as Amicus Curiae in Support of Respondents, *Ohio v. American Express Co.* (No. 16-1454) ("[TCH] has also built and just launched . . . the RTP® system[,]

---

[1] 7-Eleven Plaintiffs have also served a subpoena on TCH to take the deposition of a corporate designee on subjects including RTP. Should 7-Eleven Plaintiffs prevail on this motion and obtain the documents at issue, that deposition may no longer be necessary.

. . . . a two-sided platform . . . ."); *see, e.g.*, Murphy Report ¶ 154 ("Payment card networks are . . . 'two-sided' platforms . . . ."). Finally, both TCH and Defendants claim that the fees charged to participants are designed to "balance" incentives to use the platform. (TCH Ltr. to DOJ 5-8 (Jan. 20, 2017) (stating that RTP fee is designed to "properly balance[] the interests of parties on both of the two sides of RFP payment transactions"), Ex. G; Murphy Report ¶¶ 9-20 (stating that the challenged rules are necessary to the existence and success of payment card transactions, that they enhance competition, and that they increase the value of the entire transaction to the benefit of all participants by "balanc[ing] competing interests" of participants).)

Critically, however, none of the types of rules challenged most centrally in this litigation are present in the rules developed for RTP by TCH and its member banks. Most importantly, there are no rules that are functionally equivalent to Honor All Cards ("HAC") or that forbid steering to alternative payment forms through discounting, surcharging, or otherwise. TCH stressed as much in its submissions to DOJ, and the DOJ considered this fact material in its business review analysis. (*See* Ex. B at 22 n.82; Ex. C at 4 ("TCH has represented that it will not impose anti-steering rules.").) Moreover, TCH does not intend to implement a fixed fee to incent payments that are functionally similar, if not equivalent, to the types of payments at issue in this case. Instead it proposes to limit such an incentive to when a payee (*e.g.*, merchant) requests payment, and not when a payor (*e.g.*, consumer) initiates the payment. Simply put, 7-Eleven Plaintiffs seek discovery of TCH's rationale for excluding HAC or anti-steering rules or anything akin to interchange for its start-up venture. Without the requested discovery concerning TCH's bases for including certain rules but not others, 7-Eleven Plaintiffs cannot determine to what degree TCH's decision-making process undercuts the Network Defendants' justifications for and defenses of their rules.

The requested discovery is clearly relevant, and TCH's objections to the Subject Subpoena lack merit. TCH asserts that because RTP is a separate payment system from Visa's and Mastercard's, its rules are irrelevant to this litigation. (Ex. F at 1-2). Yet, several non-party payment system operators, including some that have their own sets of distinct rules, have already produced documents in this litigation regarding other payment systems or networks, including PayPal, Apple Pay, Star Networks, Inc., PULSE Network, the Merchant Customer Exchange, and NYCE Payments Network; TCH is no different. Discovery amongst the parties has necessarily addressed issues concerning alternative or analogous payment systems, especially in light of technological changes in the financial industry. Nor should TCH be permitted to avoid compliance on the basis of burden, where the Subject Subpoena is narrow and seeks documents on five discrete subjects, three of which ask for only single, already-identified documents.

Due to RTP's relevance to the anticipated defenses in this action and the lack of burden associated with producing the requested discovery, 7-Eleven Plaintiffs respectfully ask the Court to overrule TCH's objections compel the production of the requested documents.

>Respectfully submitted,
>
>*/s/ Jeffrey I. Shinder*
>Jeffrey I. Shinder

cc: Counsel of Record (via ECF)