

**VORYS**

**Vorys, Sater, Seymour and Pease LLP**
**Legal Counsel**

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | www.vorys.com

Founded 1909

James A. Wilson
Direct Dial   (614) 464-5606
Direct Fax   (614) 719-5039
Email jawilson@vorys.com

April 4, 2018

**VIA ECF**

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
>        05-md-1720 (MKB)(JO)

Dear Magistrate Judge Orenstein:

This letter constitutes the Target Plaintiffs' Opposition to Wells Fargo's Motion to Quash.  The Motion should be denied because the deposition seeks discoverable information relevant to the Target Plaintiffs' claims (and Visa's and Mastercard's defenses) in this case and by no measure can be deemed burdensome to Wells Fargo.  Accordingly, Wells Fargo has failed to meet its burden in seeking to quash the subpoena (*see Sea Tow Intl., Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007)), and the Motion should be denied.[1]

The Target Plaintiffs' subpoena arises from public reports that Wells Fargo engaged in massive fraud against its credit and debit card customers by submitting applications for credit cards in customers' names using customers' information, without their knowledge or consent, and ordering and activating debit cards using customers' information, also without their knowledge or consent.  The fraud, and Visa's and Mastercard's reaction to the the fraud, are directly relevant to the two-sided-platform issues the networks have raised as a defense in this case.  The networks have repeatedly argued that the current system benefits cardholders and have

---

[1]In light of the Court's order staying the discovery pending resolution of Wells Fargo's motion, the Target Plaintiffs will not proceed with the deposition on April 16, unless the Court directs otherwise.  The Target Plaintiffs, for the sake of reducing expense and completing discovery as soon as possible, prefer that the Court decide Wells Fargo's Motion based upon the written filings.  If the Court prefers to address this motion at the status conference set for April 19, and if Wells Fargo's motion is overruled, the Target Plaintiffs request that the Court direct the deposition to proceed on April 23, a date on which counsel for Target will be in San Francisco for other depositions.



**VORYS**
Legal Counsel

The Honorable James Orenstein
April 4, 2018
Page 2

also argued that the rules and procedures that the Target Plaintiffs challenge as anticompetitive are justified by the need to protect the networks' brands. The Target Plaintiffs assert that these "justifications" are not borne out by the evidence in this case, and that rather than acting to benefit cardholders as part of alleged "balancing" of the two-sided platform, or as protectors of their brands, Visa and Mastercard in fact place the protection of the financial interests of their issuing banks (Wells Fargo included) above any other interest, including the interests of others (particularly merchants and cardholders) in the payment system and their own brands.

The Wells Fargo fraud thus implicates core issues related to the networks' two-sided-platform defense. Some reports indicate that as many as 500,000 cards were fraudulently issued by Wells Fargo, and the Target Plaintiffs are entitled to test whether, in this particular and egregious instance, the networks took any steps with Wells Fargo to benefit cardholders who were victimized by the fraud or to protect their brands from the fallout of scandalous conduct in which the issuance of cards bearing the Visa and Mastercard logos played a central role.

To fully explore Visa's and Mastercard's real roles in the payment system, the Target Plaintiffs need to be allowed to develop evidence about the nature of the Wells Fargo fraud and the interaction of Wells Fargo, Visa, and Mastercard about the fraud. The subpoena that Wells Fargo wants to quash seeks to develop that evidence through a focused deposition regarding public documents and reports that would allow jurors to see for themselves how the networks "balanced" the claimed two-sided platform in one concrete situation. Specifically, as the Court can see from the Rule 30(b)(6) notice (Ex. A to the Motion, at pp. 6-7), the Target Plaintiffs seek to question Wells Fargo on the following topics:

- The number of credit, debit and depository accounts Wells Fargo opened without customer permission, and which of those accounts were Visa or Mastercard branded;
- The fact that an investigation led to Wells Fargo's consent decree with the Consumer Financial Protection Bureau in September 2016 (Ex. 1 to McGranor decl.), and confirmation that Wells Fargo has admitted the facts recited in the consent decree;
- The fact that a thorough investigation led Wells Fargo to issue and approve a report of its Committee of Independent Directors (Ex. 2 to McGranor decl.), the depth and veracity of that investigation, and Wells Fargo's confirmation that the conclusions of that report are accurate;
- The fact that an investigation led to Wells Fargo's consent decree with the Federal Reserve Board in February 2018 (Ex. 3 to McGranor decl.), and confirmation that Wells Fargo has admitted the facts recited in the consent decree, including that it failed to take adequate steps to address its lack of corporate risk controls; and
- The lack of any investigation, sanctions or other form of punishment of Wells Fargo's conduct by either Visa or Mastercard.



**VORYS**
Legal Counsel

The Honorable James Orenstein
April 4, 2018
Page 3

Because each of these topics bears upon the claims and defenses in this case, the testimony sought is relevant and discoverable.  *See Giugliano v. FS2 Capital Partners, LLC*, No. CV 14-7240 (ADS) (AKT), 2016 U.S. Dist. LEXIS 45925, at *6 n.2 (E.D.N.Y. Mar. 31, 2016) (citation omitted) ("Under the amended Rule, relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.").

Wells Fargo's claim that the discovery the Target Plaintiffs seek is burdensome is equally without merit.  First, Target anticipates that this deposition can be completed in three hours.[2] Moreover, the Motion omits to mention that the Target Plaintiffs originally sought to take the discovery now sought by this 30(b)(6) deposition through the depositions of two Wells Fargo witnesses, John Stumpf and Carrie Tolstedt, who were noticed nearly a year ago in June 2017. *See* McGranor decl. ¶3.  Wells Fargo refused to schedule these witnesses without an agreement by the plaintiffs that no questioning regarding Wells Fargo's consumer sales failures would occur, even after the Target Plaintiffs proffered to Wells Fargo the specific areas they would address. *Id*. at ¶14.  Thus, Wells Fargo itself has rejected less burdensome avenues for discovery regarding the scope of its fraudulent opening of accounts and the inaction of Visa and Mastercard in the face of such misconduct.  As noted, the Target Plaintiffs are agreeable to to limitingthe examination to three hours.  They have not sought the production of any new documents.  The deposition is scheduled to be taken three blocks from Wells Fargo's headquarters in San Francisco.  The scope of the deposition, as Wells Fargo could have confirmed if it had taken the meet-and-confer process seriously, is limited to the two consent decrees and the board report identified above.  Accordingly, the discovery sought is not burdensome under any definition of the word.

Finally, the Target Plaintiffs' request for this deposition is not untimely.  As noted, the depositions of Mr. Stumpf and Ms. Tolstedt, the two Wells Fargo witnesses believed to have the most significant knowledgeable about consumer sales practices failures, were requested 10 months ago, in June, 2017.  The only reason that this issue is coming to a head now is that, after many months of negotiation, Wells Fargo has ultimately refused to allow either of these noticed witnesses to testify on those topics, forcing the Target Plaintiffs to request a 30(b)(6) deposition. Wells Fargo cannot credibly claim any unfair surprise or prejudicial delay.

For the foregoing reasons, the Motion to Quash should be denied.

---

[2] Wells Fargo has not discussed with the Target Plaintiffs either the length or scope of the deposition. Instead, on March 19, 2018, Wells Fargo's counsel contacted the Target Plaintiffs' counsel solely to see whether an impasse had been reached.  *See* McGranor decl. ¶19.



**VORYS**
Legal Counsel

The Honorable James Orenstein
April 4, 2018
Page 4

Respectfully submitted,

/s James A. Wilson
James A. Wilson
Vorys, Sater, Seymour and Pease LLP
Attorneys for Target Plaintiffs

cc:  Counsel of Record (via ECF)