UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— x

In re PAYMENT CARD INTERCHANGE  : No. 05-md-1720 (MKB)(JO)
FEE AND MERCHANT DISCOUNT       :
ANTITRUST LITIGATION            : JOINT STATUS CONFERENCE
                                : STATEMENT
————————————————————————        :
                                : CONFERENCE DATE:
This Document Relates To:       :
                                : SEPTEMBER 13, 2018
     ALL ACTIONS.               :
                                :
                                :
———————————————————————— x

The parties respectfully submit this Joint Case Status Report for the Case Management

Conference currently scheduled for September 13, 2018.

## PENDING MOTIONS

Following transfer from the Northern District of Illinois, ALDI's motion to quash

subpoenas served by Visa, and Visa's motion to compel compliance with those subpoenas, are

pending before this Court as part of MDL 1720, under 18-cv-4568 (E.D.N.Y.) (MKB)(JO).

On June 4, 2018, the Equitable Relief Plaintiffs moved to compel nonparty American

Express to produce the expert reports it submitted in two other matters, *United States of America,*

*et al. v. American Express Co., et al.*, and *American Express Anti-Steering Rules Antitrust*

*Litigation*.  American Express filed its response in opposition on June 7, 2018.  The motion is

pending.

## AMENDED AND NEW COMPLAINTS

Defendants request a three-week extension to their current deadline to respond to

plaintiffs' complaints and amended complaints in light of the Memorandum and Order dated

August 30, 2018 (Dkt. 7244).  Plaintiffs do not object to this request.

## STATUS OF DISCOVERY

The parties continue to work cooperatively on completing fact discovery and scheduling the remaining party and non-party depositions.  Depositions of the defendants, Target Plaintiffs, The Home Depot, the original 7-Eleven Plaintiffs, and representatives for the putative (b)(2) class are complete.  The parties filed a stipulation and proposed order on August 17 to extend the deadline for fact discovery of a few non-parties and certain plaintiff groups (including the "new" 7-Eleven Plaintiffs) and have completed several additional depositions following the filing of that stipulation.  A small number of depositions remain and are expected to occur in the upcoming weeks.

The parties have continued to negotiate a proposed schedule for contention interrogatories and requests for admission, and a procedure for addressing disputes over the authenticity and admissibility of documents submitted as exhibits on summary judgment.

On requests for admission, the parties have agreed to defer service, as well as discussion concerning the number and scope of such requests, until after the close of expert discovery.  The parties have agreed that each side, collectively, may serve requests for admission on each plaintiff or defendant no earlier than October 4, 2019.  The parties will endeavor to reach agreement on reciprocal reasonable limits on the number of requests for admission to be served.

On contention interrogatories, the parties have agreed on a schedule to serve:

- Defendants would serve contention interrogatories on each plaintiff between October 5, 2018, and December 5, 2018.

- Plaintiffs (e.g., DAPs, (b)(2) class) would serve contention interrogatories on each defendant between April 4, 2019, and June 4, 2019.

- Defendants and Plaintiffs would have another opportunity to serve contention interrogatories between October 4, 2019 and December 4, 2019.

With respect to contention interrogatories, the parties have been unable to agree on the appropriate number of contention interrogatories each party should have to answer and have resolved to defer the dispute until after service of the first contention interrogatories by defendants. Defendants believe that, in order to narrow the scope of potential factual disputes among the parties in such a large and complex case, each party should be required to answer up to 60 contention interrogatories. Plaintiffs believe that given the size and complexity of the case, the number of interrogatories already served, the discovery already taken and the fact that the parties will be filing expert reports and motions for summary judgment, contention interrogatories are unduly burdensome and wasteful. Nevertheless, for the sake of compromise, plaintiffs are willing to agree to a limit of seven contention interrogatories. Defendants intend to proceed with serving up to 60 interrogatories on each plaintiff on the agreed-upon schedule, and the plaintiffs will reserve their right to object under the Federal Rules and the Local Rules.

Several parties are continuing to work with each other concerning questions and issues related to their respective data productions.

Dated:  September 7, 2018          Respectfully submitted,

                                   CONSTANTINE CANNON LLP

                                   By: /s/ *Owen Glist*
                                        Jeffrey I. Shinder
                                        Owen Glist
                                        Taline Sahakian
                                        David A. Scupp
                                   335 Madison Avenue, 9th Floor
                                   New York, NY 10017
                                   (212) 350-2700
                                   oglist@constantinecannon.com

                                   *Attorneys for 7-Eleven Plaintiffs*

3