October 11, 2018

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *7-Eleven, Inc. et al. v. Visa Inc. et al.*, No. 13-cv-5746-MKB-JO (E.D.N.Y) ("*7-Eleven*"); *Roundy's Supermarkets, Inc. v. Visa Inc.*, No. 13-cv-5746-MKB-JO (E.D.N.Y.) ("*Roundy's*"); *Hertz Corp. et al. v. Visa U.S.A. Inc. et al.*, No. 17-cv-3531-MKB-JO ("*Hertz*"); *Dollar General Corp. et al. v. Visa U.S.A. Inc. et al.*, No. 17-cv-5988-MKB-JO (E.D.N.Y) ("*Dollar General*"); *Home Depot, Inc. et al. v. Visa Inc. et al.*, No. 16-cv-5507-MKB-JO (E.D.N.Y) ("*Home Depot*")

Dear Judge Brodie:

  In accordance with Rule 3.A.i of the Court's Individual Practice and Rules, defendants in the above-captioned cases respectfully submit this request for a pre-motion conference. Defendants intend to move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss all claims plaintiffs assert on behalf of their subsidiaries, affiliates, and franchisees in the captioned cases. All of these cases are part of *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, No. 05-md-1720-MKB-JO (E.D.N.Y.).

  All but one of the eighty-five plaintiffs in the *7-Eleven* action expressly seek to recover damages not only on their own behalf but also on behalf of their subsidiaries, affiliates, or franchisees that are not themselves plaintiffs—and that in many cases are not identified in any manner. *See 7-Eleven*, Fifth Am. Compl. & Jury Demand ¶¶ 17-66, 68-81 (Feb. 8, 2017). The sole plaintiff in the *Roundy's* action, the plaintiffs in the *Dollar General* action, and the plaintiffs in the *Hertz* action likewise seek to recover damages on behalf of their "subsidiaries, divisions[,] and brands." *See Roundy's*, Roundy's Supermarket's, Inc.'s Fifth Am. Compl. ¶ 8 (Oct. 31. 2017); *Dollar General*, Compl. & Demand for Jury Trial ¶ 12 (Sept. 25, 2017); *Hertz*, Compl. & Demand for Jury Trial ¶ 10 (May 19, 2017). Plaintiffs in the *Home Depot* action are also similarly situated. *See, e.g.*, *Home Depot*, First Am. Compl. ¶ 35 (Feb. 8, 2017).

  Under well-established Second Circuit law, plaintiffs lack standing to assert claims for injuries allegedly sustained by related entities. With respect to subsidiaries, "the Second Circuit has noted that a corporate subsidiary is a 'separate corporation,' and the parent company thus does not have any inherent 'standing to assert [the subsidiary's] legal rights.'" *Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 980 F. Supp. 2d 400, 409 (E.D.N.Y. 2013) (alteration in original) (quoting *Hudson Optical Corp. v. Cabot Safety Corp.*, 162 F.3d 1148, 1998 WL 642471, at *3 (2d Cir. 1998) (summary order)); *see also Tradition Chile Agentes de Valores Ltda. v. ICAP Sec. USA LLC*, No. 09 Civ. 10343, 2010 WL 4739938, at *9 (S.D.N.Y. Nov. 5,

2010) ("[W]here the harmful conduct alleged is directed at the subsidiary and not the parent, the parent has no standing to bring a claim."). And with respect to affiliated corporations, "one corporation cannot assert an affiliate's legal rights." *Clarex Ltd. v. Natixis Sec. Am. LLC*, No. 12 Civ. 0722, 2012 WL 4849146, at *6 (S.D.N.Y. Oct. 12, 2012); *see also Diesel Sys., Ltd. v. Yip Shing Diesel Eng'g Co.*, 861 F. Supp. 179, 181 (E.D.N.Y. 1994) ("[A] plaintiff 'generally must assert his own legal rights and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975))).

The rule that one corporate entity cannot pursue claims on behalf of another applies with equal force to franchisors and franchisees. The essence of a franchisor-franchisee relationship requires two separate entities joined by contract. And one corporation does not have standing to exercise the rights of a separate corporation. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 778 F. Supp. 2d 375, 420 (S.D.N.Y. 2011); *see also Wine & Spirit Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 49-50 (1st Cir. 2005) (franchisor lacked standing to assert a claim on behalf of franchisees).

Standing—including prudential standing—is a jurisdictional requirement in the Second Circuit. *See Thompson v. Cty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994). Because plaintiffs lack standing to assert these claims, this Court lacks jurisdiction to hear such claims. *See Strubel v. Comenity Bank*, 842 F.3d 181, 200 (2d Cir. 2016); *In re Sofer*, 613 F. App'x 92, 92-93 (2d Cir. 2015) (summary order) ("Prudential standing remains a jurisdictional requirement in our Circuit. . . . 'The prudential standing rule normally bars litigants from asserting the rights or legal interests of others.'" (quoting *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014))). And because this is a jurisdictional defect, the claims brought by plaintiffs on behalf of their subsidiaries, affiliates, or franchisees—that is, third parties—should be dismissed pursuant to Rule 12(b)(1). *See All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006); *Dubow v. U.S. Fed. Emergency Mgmt. Agency*, No. 2:16-CV-3717, 2018 WL 472816, at *3 (E.D.N.Y. Jan. 18, 2018); *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116, 2015 WL 2359358, at *1 (S.D.N.Y. May 18, 2015).

Defendants have shared a draft of this letter with plaintiffs' counsel in these actions, and some of them have indicated that they would like to discuss with defendants a mutually acceptable way to proceed with respect to this issue. The parties will have an opportunity to further update the Court in seven days' time, when plaintiffs would be due to respond to this letter in accordance with Your Honor's rules. In the event plaintiffs determine to amend their complaints in an effort to address the defect described above, defendants would not object to the Court's granting leave to amend, but would reserve all rights defendants might have with respect to any amended complaints. Moreover, should the Court prefer that defendants answer plaintiffs' current complaints while this jurisdictional issue is being addressed, defendants will do so promptly.

Respectfully submitted,

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: /s/ *Peter E. Greene*
    Peter E. Greene
    Boris Bershteyn
    Four Times Square
    New York, NY 10036
    (212) 735-3000
    peter.greene@skadden.com
    boris.bershteyn@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co., Chase Bank USA, N.A., Chase Paymentech Solutions, LLC, and JPMorgan Chase Bank, N.A.*

**MORRISON & FOERSTER LLP**

By: /s/ *Mark P. Ladner*
    Mark P. Ladner
    Michael B. Miller
    1290 Avenue of the Americas
    New York, NY 10104
    (212) 468-8000
    mladner@mofo.com
    mbmiller@mofo.com

*Attorneys for Defendants Bank of America Corp., Bank of America, N.A., and FIA Card Services, N.A.*

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ *Robert C. Mason*
    Robert C. Mason
    250 West 55th Street
    New York, NY   10019
    (212) 836-8000
    robert.mason@arnoldporter.com

    Robert J. Vizas
    Three Embarcadero Center, 10th Floor
    San Francisco, CA 94111
    (415) 471-3100
    robert.vizas@arnoldporter.com

    Mark R. Merley
    Matthew A. Eisenstein
    555 12th Street, NW
    Washington, DC 20004
    (202) 942-5000
    mark.merley@arnoldporter.com
    matthew.eisenstein@arnoldporter.com

**HOLWELL SHUSTER & GOLDBERG LLP**

    Michael S. Shuster
    Demian A. Ordway
    Blair E. Kaminsky
    425 Lexington Avenue
    New York, NY   10017
    (646) 837-5151
    mshuster@hsgllp.com
    dordway@hsgllp.com
    bkaminsky@hsgllp.com

*Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association*

| | |
|---|---|
| **SIDLEY AUSTIN LLP** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| By: /s/ *David F. Graham* | By: /s/ *Gary R. Carney* |
| David F. Graham<br>One South Dearborn Street<br>Chicago, IL 60603<br>(312) 853-7000<br>dgraham@sidley.com | Gary R. Carney<br>1285 Avenue of the Americas<br>New York, NY   10019<br>(212) 373-3000<br>gcarney@paulweiss.com |
| Benjamin R. Nagin<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 839-5300<br>bnagin@sidley.com | Kenneth A. Gallo<br>2001 K Street, NW<br>Washington, DC   20006<br>(202) 223-7300<br>kgallo@paulweiss.com |
| *Attorneys for Defendants Citigroup Inc., Citibank, N.A., and Citicorp Payments Services, Inc.* | *Attorneys for Defendants MasterCard Incorporated and MasterCard International Incorporated* |

**PATTERSON BELKNAP WEBB & TYLER LLP**

By: /s/ *Robert P. LoBue*
    Robert P. LoBue
    William F. Cavanaugh
    1133 Avenue of the Americas
    New York, NY 10036
    (212) 336-2000
    rplobue@pbwt.com
    wfcavanaugh@pbwt.com

*Attorneys for Wells Fargo & Co. and Wells Fargo Bank, N.A.*