UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

This Document Relates To:

    ALL ACTIONS.

---------------------------------------------------------------- x

No. 05-md-1720 (MKB)(JO)

JOINT STATUS CONFERENCE STATEMENT

CONFERENCE DATE: NOVEMBER 1, 2018

The parties respectfully submit this Joint Case Status Report and Proposed Agenda for the Case Management Conference currently scheduled for November 1, 2018.

## I.   PENDING MOTIONS

On September 18, 2018, the (b)(3) Class Plaintiffs filed a motion for class settlement preliminary approval. The motion is pending. No schedule or hearing date has been set.

Following transfer from the Northern District of Illinois, ALDI's motion to quash subpoenas served by Visa and Visa's motion to compel compliance with those subpoenas are pending before this Court as part of MDL 1720, under 18-cv-4568 (E.D.N.Y.) (MKB)(JO).

On June 4, 2018, the Equitable Relief Plaintiffs moved to compel nonparty American Express to produce the expert reports it submitted in two other matters, *United States of America, et al. v. American Express Co., et al.*, and *American Express Anti-Steering Rules Antitrust Litigation*. American Express filed its response in opposition on June 7, 2018. The motion is pending.

## II. STATUS OF DISCOVERY/EXPERT REPORTS

On October 5, 2018, the Target Plaintiffs, The Home Depot, the 7-Eleven Plaintiffs, and the Hertz/Dollar General plaintiffs served ten expert reports and the Equitable Relief Plaintiffs served two expert reports, for a total of twelve (12) merits expert reports. The defendants are scheduled to serve their merits expert reports on April 4, 2019.

The parties continue to work cooperatively on completing fact discovery. Depositions of the defendants, Target Plaintiffs, The Home Depot, the Hertz Plaintiffs, all but one of the 7-Eleven Plaintiffs, and representatives for the Equitable Relief Plaintiffs are complete. The defendants are completing depositions of the final 7-Eleven Plaintiff and Dollar General Plaintiffs and anticipate resolving any further issues. The deadlines to complete discovery have been extended in several other cases brought by certain direct action plaintiffs.

Several parties are continuing to work with each other concerning questions and issues related to their respective document and data productions.

There are no discovery disputes that are ripe for the Court to address.

### A. Plaintiffs' Position

Plaintiffs have presented additional questions separately to Visa and Mastercard about their recent data productions and are awaiting responses. Plaintiffs anticipate serving supplemental expert reports containing their 2017 damages by November 5, 2018. Should Visa or Mastercard not be able to respond to plaintiffs' questions in a timely manner, plaintiffs may need to revisit the November 5, 2018 deadline.

Plaintiffs respectfully disagree with Defendants' characterization below of the history of the data productions.

B.  Defendants' Position

Visa and Mastercard have spent months answering a multitude of data questions from plaintiffs, while plaintiffs have largely disregarded defendants' issues with plaintiffs' data productions. The defendants continue to assess plaintiffs' data inquiries and will respond accordingly.

## III.  MOTION FOR PRELIMINARY APPROVAL OF (B)(3) CLASS SETTLEMENT

The (b)(3) Class Plaintiffs and defendants have reached an agreement to resolve the (b)(3) Class Plaintiffs' claims for damages. As noted above, on September 18, 2018, the (b)(3) Class Plaintiffs filed a motion requesting that the Court preliminarily approve the proposed settlement and preliminarily certify a settlement class under Rules 23(a) and (b)(3). No schedule or hearing date has been set. Rule 23(b)(3) Class Plaintiffs request the Court preliminarily approve the settlement so that notice may be given and objections, if any, may be heard and a fairness hearing held.

## IV.  AMENDED AND NEW COMPLAINTS

On October 11, 2018, the defendants filed their answers to the Second Amended and Supplemental Complaint filed by the Target plaintiffs and the First Amended Complaint filed by Plaintiffs Blarney Castle Oil Co. and Ricker Oil Company, Inc.

Also on October 11, 2018, the defendants filed a letter for a pre-motion conference regarding their intention to move, pursuant to Rule 12(b)(1), to dismiss all claims the plaintiffs assert on behalf of subsidiaries, affiliates, and franchisees that are not named as plaintiffs in *7-Eleven, Inc. et al. v. Visa Inc. et al.*, No. 13-cv-5746-MKB-JO (E.D.N.Y), *Roundy's Supermarkets, Inc. v. Visa Inc.*, No. 13-cv-5746-MKB-JO (E.D.N.Y.), *Hertz Corp. et al. v. Visa U.S.A. Inc. et al.*, No. 17-cv-3531-MKB-JO, *Dollar General Corp. et al. v. Visa U.S.A. Inc. et*

3

*al.*, No. 17-cv-5988-MKB-JO (E.D.N.Y), and *Home Depot, Inc. et al. v. Visa Inc. et al.*, No. 16-cv-5507-MKB-JO (E.D.N.Y).

The parties to the aforementioned actions are currently engaging in the meet and confer process and discussing a possible resolution that may allow them to avoid motion practice. The Court granted plaintiffs in these actions an extension until November 8, 2018 to respond to the defendants' request for a pre-motion conference.

Separately, the Court granted defendants extensions until November 1, 2018, November 8, 2018, and November 26, 2018, respectively, to answer the complaints filed by the Equitable Relief Plaintiffs, the Sunoco Plaintiffs, and Luby's.

**V.     UPDATE REGARDING SUBPOENAS TO ACQUIRERS FOR NOTICE PURPOSES**

    A.     Rule 23(b)(3) Class Plaintiffs' Position

In late August, Rule 23(b)(3) Class Plaintiffs sent subpoenas to a number of non-Bank Defendant acquirers to obtain merchant name and location information to provide mail notice of the proposed settlement to Rule 23(b)(3) Settlement Class. See Settlement Agreement at Paragraph 44(d). To date, many of these non-Bank Defendant acquirers have complied with the subpoena and have produced millions of lines of data[1].

Through the subpoena process, we have learned that First Data is the acquirer for many of the subpoenaed entities, and will be producing data on their behalf. To date, they have yet to produce any data. First Data has required that an additional protective order be entered in this action and the Rule 23(b)(3) Class Plaintiffs have agreed to that request and are awaiting First Data's approval to file the Proposed Order with the Court.

---

[1] Bank Defendant acquirers are also producing the information and in total Plaintiffs sought information from acquirers accounting for 90% of merchant transaction volume as reported in the March 2018 Nilson Report.

4

First Data has not and cannot assert that the data is not relevant or necessary to provide notice to the Rule 23(b)(3) Settlement Class. Nevertheless, First Data has refused to provide a date by which it intends to produce the responsive data. First Data claims it must provide notice that it will be producing data to Class Plaintiffs to those entities for whom it provide services. But First Data has not confirmed this process has started, how many entities must be noticed, or when the notice process will be completed. Although First Data claims to be working diligently to provide the data in compliance with the subpoena, the tight timelines in the settlement agreement for notice require a date certain in the near future for production. Contrary to First Data's assertion below, that a "date certain" was not previously requested, we have asked in each of the several meet and confers when the materials will be produced and have been unable to get an answer.

During the prior settlement, Class Plaintiffs had to file a motion to compel First Data to provide this same information and it was only after this motion was filed that First Data agreed to a date certain to produce the records it holds. Because of this prior history, and because of the importance of First Data's records in the notice process, Class Plaintiffs wish to bring this matter to the Court's attention now, and will promptly seek the Court's assistance should class counsel determine whether this issue will materially affect the notice timeline.

B.   First Data's Position

First Data has agreed to provide data for millions of merchants dating back six years. First Data has explained over multiple meet and confers with Plaintiffs' counsel that collecting the requested data is a time consuming process. First Data has fielded and answered multiple requests from Plaintiffs' counsel regarding the form of the data as well as other explanatory information. On October 24, First Data and Plaintiffs reached agreement as to these requests.

5

First Data is working diligently to collect data and has every intention of producing as soon as possible. First Data has not "refused" to provide a firm timeline; instead, it is simply unable to do so at this point in its collection. Nevertheless, it is working to provide notice to certain entities that require it and to collect the subpoenaed data. Moreover, Plaintiffs only requested a date certain as to the completion of notice or production on October 24.

Dated:  October 25, 2018                               Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:   */s/ Kenneth A. Gallo*
    Kenneth A. Gallo
    Donna M. Ioffredo
    2001 K Street, NW
    Washington, DC 20006
    (202) 223-7300
    kgallo@paulweiss.com
    dioffredo@paulweiss.com

    Gary R. Carney
    Alex M. Hyman
    1285 Avenue of the Americas
    New York, NY 10019
    (212) 373-3000
    gcarney@paulweiss.com
    ahyman@paulweiss.com

    *Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*