

**H. LADDIE MONTAGUE, JR.** / *CHAIRMAN EMERITUS, MANAGING SHAREHOLDER*
**p.** 215.875.3010 │ hlmontague@bm.net

November 15, 2018

**VIA ECF**

The Honorable Judge Margo K. Brodie        The Honorable Magistrate Judge James Orenstein
United States District Court                United States District Court
    Eastern District of New York                Eastern District of New York
225 Cadman Plaza East                       225 Cadman Plaza East
Brooklyn, New York 11201                    Brooklyn, NY 11201

>      Re:      *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
>               (No. 1:05-MD-1720 (MKB)(JO))

Dear Judges Brodie and Orenstein:

Pursuant to the Court's Order (Dkt. 7285), Rule 23(b)(3) Class Counsel submit this response to Branded Operators' letter of October 30 (Dkt. 7280). Branded Operators' stated objection to the preliminary approval of the proposed Rule 23(b)(3) class settlement provides no reason to deny preliminary approval and should be rejected.

Branded Operators' objection is procedurally improper. Federal Rule of Civil Procedure 23(e) does not provide a right to object to preliminary approval. Objections to a proposed settlement are appropriately raised at the final approval hearing. *Yim v. Carey Limousine NY, Inc.*, 14-CV-5883 (WFK) (JO), 2016 WL 1389598, at \*5 (E.D.N.Y. March 31, 2016); *In re Penthouse Executive Club Compensation Litig*, 10-Civ.-1145, 2013 WL 1828598, at \*2 (S.D.N.Y. Apr. 30, 2013). This gives the entire class an opportunity to evaluate and react to the settlement. *Penthouse Executive Club*, 2013 WL 1828598, at \*4. Branded Operators are not prejudiced by having to wait until final approval to raise their objection, and, if they opt out of the settlement, they will no longer have standing to object.

Contrary to Branded Operators' assertion, the settlement has no obvious deficiency. The leading treatise on class actions explains that an obvious deficiency resulting in denial of preliminary approval is usually "based on the settling parties' failure to furnish the court with enough information and evidence to enable it to rationally assess the reasonableness of the

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 │ *BERGERMONTAGUE.COM*



proposed consideration."[1] 4 William B Rubenstein, *Newberg on Class Actions* (5th Ed. 2014) § 13.15. Branded Operators make no such claim here.

Instead, they invoke the buzz words "intra-class conflict" to mischaracterize only potential contractual disputes between them and certain oil companies. Dkt. 7280 at 2. Because the settlement does not treat groups of class members differently, Branded Operators raise no cognizable "intra-class conflict." According to Branded Operators, they accept Visa and Mastercard branded cards for purchases and those transactions are processed by oil companies through a contract so that "[t]he payment transactions involving the Branded Operators and the oil companies necessarily overlap such that they are competing for the same set of settlement funds." *Id*. They disagree how the settlement funds associated exclusively with the card transactions at Branded Operators' level should be allocated between them. The contractual nature of Branded Operators' "objection" is exemplified by their complaint that Valero entered into a settlement agreement with defendants, independent of the class settlement, in which Valero allegedly released claims owned by Branded Operators. *Id*. This is far different from a conflict arising because a settlement pits two distinct sets of class members with distinct claims against each other to the benefit of one and the detriment of the other. Branded Operators do not claim that the monetary compensation for card transactions at any other group of settlement class members was maximized in exchange for less compensation for transactions at Branded Operators. No conflict exists here because the ultimate resolution of these disputes will not change the compensation associated with transactions at Branded Operators.

Branded Operators failed to inform this Court that a virtually identical dispute arose in the *Visa Check/MasterMoney Antitrust Litigation* (CV-96-5238)(JG)(RLM) at the claims distribution stage. The dispute was neither an objection to the class settlement nor characterized as an "intra-class conflict." Lead Counsel in the case described the dispute as follows:

> Other types of disputes have arisen in the petroleum industry where certain oil companies are claiming entitlement to the allocation for each of the independent franchises that license and operate under their brands, whereas the franchisees are coming forward to claim the money for their stores. These emerging disputes likely will require a detailed inquiry into and determination based upon the processing and franchise relationships that vary across the petroleum industry.

*See* Ex. A (Nov. 17, 2005 Letter from Jeffrey I. Shinder to Court, Dkt. 1220). The Court ordered that disputes "between franchisors and franchisees regarding the allocation of Class funds

---

[1] No other obvious deficiency exists here, such as: "(1) unreasonably high attorney's fees; (2) unduly preferential treatment of class representatives; (3) deficient notice plan; (4) unjustifiably burdensome claims procedure; (5) plainly unfair allocation scheme; and (6) overly broad releases of liability." *Id*.

November 15, 2018
Page 3 of 4



between them" be resolved by a special master. See Ex. B (Jan. 19, 2006 Order, Dkt. 1244). The disputes here can also be handled during claims distribution. The settlement's Plan of Administration and Distribution, provides a process "to challenge decisions by the Class Administrator regarding the amount or denial of any claim." Dkt. 7257 at I-13. The Class Administrator's determination of that challenge may be elevated to Class Counsel, and ultimately to this Court. *Id*. The Court could also appoint a special master as in *Visa Check*.

Finally, Branded Operators assert that the class definition and notice fail to inform them whether they are class members. They are wrong. By admitting that they "clearly fall within the class definition," they acknowledge being class members. Dkt. 7280 at 2. Class members are easily ascertainable and identifiable based on objective criteria: "All persons, businesses or entities that have accepted any Visa-Branded and/or Mastercard-Branded Cards in the United States" from January 1, 2004 through the Preliminary Approval Date. Settlement Agreement ¶ 4. It appears that Branded Operators accept cards for payment thereby under the class definition owning the claims relating to the transactions they accept unless by contract they transferred those claims to oil companies. The same would be true for any class member that transferred its claim by contract. For the reasons explained above, Branded Operators raise a potential claims allocation issue, but fail to show that the class definition is improperly vague.

Branded Operators complain that the notice does not identify the Dismissed Plaintiffs and related entities. Dkt. 7280 at 2-3. Dismissed Plaintiffs are excluded from the class because they settled their claims. The Dismissed Plaintiffs list is fixed and finite limited to solely the entities defined in the settlement agreement. The notice informs class members about the case settlement website which has the settlement agreement which in turn identifies the Dismissed Plaintiffs. If an oil company opts out of the proposed settlement, the notice instructs the opt out to identify the business names, brand names, "doing business as" names, taxpayer identification number(s), and addresses of any stores or sales locations whose sales the merchant desires to be excluded. Settlement Agreement ¶ 47(d) and Appendix G2 Q. 11. Branded Operators can challenge an exclusion request that appears too broad. Branded Operators admit that they found Valero's exclusion list. Dkt. 7280 at 2-3. Any class member can contact the class administrator if it has questions about whether it is included in an exclusion list.

Nothing in Branded Operators' submission questions the structure, fairness or adequacy of the settlement or justifies delaying notice to the class and ultimately compensation to millions of merchants. For this reason, and those stated in the motion for preliminary approval, Class Counsel respectfully requests that this Court preliminarily approve the settlement.

November 15, 2018
Page 4 of 4



Respectfully submitted,

*/s/ K. Craig Wildfang*
K. Craig Wildfang
Thomas J. Undlin
Ryan W. Marth
**Robins Kaplan LLP**

*/s/ H. Laddie Montague, Jr.*
H. Laddie Montague, Jr.
Merrill G. Davidoff
Michael J. Kane
**Berger Montague PC**

*/s/ Patrick J. Coughlin*
Patrick J. Coughlin
Alexandra S. Bernay
Carmen A. Medici
**Robbins Geller Rudman
 & Dowd LLP**

/sll

Enclosures

cc:      All Counsel *via ECF*