UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | Case No. 05-MD-01720 (MKB) (JO) |

**STATEMENT OF OBJECTION REGARDING THE PROPOSED CLASS SETTLEMENT BY LEATHERS ENTERPRISES, INC.**

{00226356:2}

Leathers Enterprises, Inc. submits this objection to the proposed settlement in this case. Leathers Enterprises, Inc. is aware of the objection filed by Fikes Wholesale and other branded sellers of motor fuels and shares the concerns expressed in that objection.

Leathers Enterprises, Inc. is a member of the proposed class because it has accepted Visa and Mastercard payment card transactions between January 1, 2004 and today and has not settled its claims in this matter with the Defendants. Leathers Enterprises, Inc. has been in business since 1991. Leathers Enterprises, Inc. started operating as a Shell wholesaler in 2003 with 26 sites which sold Shell branded product as well as Leathers Fuels branded product. We have averaged approximately 27 million dollars in VISA and Mastercard sales per year during the years of this lawsuit.

Our company has accepted VISA and Mastercard payment cards since the 1990's. Prior to Texaco selling assets to Shell, we were branded as Texaco. Shell took over from Texaco and we changed over to Shell in 2003.

Leathers Enterprises, Inc. is concerned that its legal rights and claims for compensation in this class action may be taken away. The position taken by the Defendants that the claims of motor fuel marketers that sell through branded outlets belong to the major oil brands rather than to companies like Leathers Enterprises, Inc. should be rejected in this litigation. By contrast, the position expressed by class counsel in its letter to the Court on November 15th is the only fair option for the class settlement: that is, the merchant that owned and operated the branded motor fuel outlet and accepted the payment cards is the class member for purposes of the settlement and is entitled to the settlement funds attributable to the transactions at that outlet. The major oil brands did not accept the cards at outlets which they did not own and operate and should not

{00226356:2}

receive those settlement funds. As a merchant that operated under the Shell & Texaco brands, Leathers Enterprises, Inc. should receive the funds that compensate for the interchange fees paid on transactions that took place at its sites. After all, Leathers Enterprises, Inc. actually paid the interchange fees on all credit card transactions that took place at our many facilities.

Leathers Enterprises, Inc. requests that the Court deny preliminary approval of the settlement so that this issue can be resolved now. If notice of the settlement is sent prior to resolving this issue, Leathers Enterprises, Inc. will be faced with a choice of accepting (or opting out of) a settlement that may or may not actually result in any recovery for it. That is patently unfair. In that situation, Leathers Enterprises, Inc. will have no reasonable basis on which to determine what decision to make regarding the opt out and may have to hire outside legal counsel in order to advise Leathers Enterprises, Inc. on how best to protect its legal rights.

Respectfully submitted,

By:_____
Nicholas J. Henderson, OSB #074027
Anthony J. Motschenbacher, Esq.
OSB# 903450
117 SW Taylor Street, Suite 300
Portland, OR 97204
Tel: 503-417-0500
Fax: 503-417-0501
tony@portlaw.com

*Of Counsel for Leathers Enterprises, Inc.*

{00226356:2}