

| | | | |
|---|---|---|---|
| **Robert G. Eisler** | **Michael J. Freed** | **Steve D. Shadowen** | **Linda Nussbaum** |
| reisler@gelaw.com | mfreed@fklmlaw.com | steve@hilliardshadowenlaw.com | LNussbaum@nussbaumpc.com |

December 3, 2018

**Via ECF**

The Honorable Margo K. Brodie
United States District Court
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>        Re:      *In re Payment Card Interchange Fee and Merchant Discount Antitrust*
>                  *Litigation,* **Nos. 05-md-1720 (MKB)(JO)**

Dear Magistrate Judge Orenstein:

On behalf of the Equitable Relief Plaintiffs, we wish to express our concern about certain language in the Settlement Agreement executed between the Rule 23(b)(3) Class and the Defendants in this matter. Specifically, there is a disparity between the release of equitable relief claims in paragraph 31(a) and the preservation of equitable relief claims exempted from that release in paragraph 34(a).

Paragraph 31(a) of the Settlement Agreement provides as follows:

> (a) The Rule 23(b)(3) Settlement Class Releasing Parties hereby expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Rule 23(b)(3) Settlement Class Released Parties from, any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, *parens patriae*, or otherwise in nature, for damages, restitution, disgorgement, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, or for **injunctive, declaratory, or other equitable relief,** whenever incurred, whether directly, indirectly, derivatively, or otherwise, whether known or unknown, suspected or unsuspected, in law or in equity, that any Rule 23(b)(3) Settlement Class Releasing Party ever had, now has, or hereafter can, shall, or may have and that have accrued as of the Settlement Preliminary Approval Date or accrue no later than five years after the Settlement Final Date arising out of or relating to any conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Rule 23(b)(3) Settlement Class Released Party that are or have been alleged or otherwise raised in the Action, or that could have been alleged or raised in the Action relating to the subject matter

The Honorable Margo K. Brodie
December 3, 2018
Page 2

thereof, or arising out of or relating to a continuation or continuing effect of any such conduct, acts, transactions, events, occurrences, statements . . .

(Emphasis added)

Paragraph 34(a) then states:

Paragraphs 29-33 above shall not release: (a) A Rule 23(b)(3) Settlement Class Releasing Party's continued participation, as a named representative or non-representative class member, in *Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.*, MDL No. 1720 Docket No. 05-md-1720-MKB-JO ("*Barry's*"), solely as to **injunctive relief** claims alleged in *Barry's*. As to all such claims for **injunctive relief** in *Barry's*, the Rule 23(b)(3) Settlement Class Releasing Parties retain all rights pursuant to Rule 23 of the Federal Rules of Civil Procedure which they have as a named representative plaintiff or absent class member in *Barry's* except the right to initiate a new separate action before five years after the Settlement Final Date. Nothing in this Paragraph shall be read to enlarge, restrict, conflict with, or affect the terms of any release or judgment to which any Rule 23(b)(3) Settlement Class Releasing Party may become bound in *Barry's*, and nothing in the release in Paragraphs 29-33 above shall be interpreted to enlarge, restrict, conflict with, or affect the request for injunctive relief that the plaintiffs in *Barry's* may seek or obtain in *Barry's*.

(Emphasis added)

In order to maintain parity in language and to avoid a release that is broader than the equitable relief claims preserved by the Settlement Agreement, the Equitable Relief Plaintiffs believe that paragraph 34(a) must be revised so that "injunctive relief" as stated twice in the paragraph instead reads "injunctive, declaratory, or other equitable relief." Counsel for the Equitable Relief Plaintiffs have conferred with counsel for both the Rule 23(b)(3) Class and Defendants, but at this time the parties have not reached agreement to alleviate the concern set forth above.

Respectfully submitted,

/s/ Robert G. Eisler   /s/ Michael J. Freed   /s/ Steve D. Shadowen   /s/ Linda Nussbaum


cc:  All Counsel of Record (via ECF)