UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**ORDER**
05-MD-1720 (MKB) (JO)

This document refers to: ALL ACTIONS

-----------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

WHEREAS, the Court has considered the Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants (the "Superseding Settlement Agreement") — including its appendices, dated September 17, 2018, and the January 15, 2019 amendment — which sets forth the terms and conditions for a proposed settlement of the Class Actions in MDL 1720, except for *Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.*, MDL 1720, No. 05-MD-01720 ("*Barry's*"), and the termination and disposition of all causes of action against the Defendants in those Class Actions with prejudice;

WHEREAS, the Court has considered the motion of Rule 23(b)(3) Class Plaintiffs for preliminary approval of the Superseding Settlement Agreement, the Memorandum of Law and evidence filed in support thereof, and all other papers submitted in connection with the Superseding Settlement Agreement and the motion for preliminary approval; and

WHEREAS, the Court held a hearing on December 6, 2018, at which the Court heard argument on whether the Superseding Settlement Agreement should be preliminarily approved;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1.  The Court hereby preliminarily approves Rule 23(b)(3) Class Plaintiffs and Defendants entering into the Superseding Settlement Agreement, which amends, modifies, and

supersedes the Definitive Class Settlement Agreement, dated October 19, 2012.[1] In addition, the Court has considered whether the Superseding Settlement Agreement preliminarily satisfies the class action settlement requirements of Rule 23 of the Federal Rules of Civil Procedure. Based on its consideration, the Court hereby also preliminarily approves the Superseding Settlement Agreement for class action settlement purposes, including specifically the Plan of Administration and Distribution contained in Appendix I of the Superseding Settlement Agreement, as within the range of a fair, reasonable, and adequate settlement within the meaning of Rule 23 and applicable law, and consistent with due process.

2. This Rule 23(b)(3) Class Settlement Preliminary Approval Order incorporates by reference the definitions in the Superseding Settlement Agreement, and all terms herein shall have the same meanings as set forth in the Superseding Settlement Agreement.

3. The Court has subject matter and personal jurisdiction over the Rule 23(b)(3) Class Plaintiffs, all members of the Rule 23(b)(3) Settlement Class provisionally certified below, and the Defendants.

4. The Court orders Rule 23(b)(3) Class Counsel, the Visa Defendants, the Mastercard Defendants, and the Bank Defendants to continue to maintain the Class Settlement Cash Escrow Account and the Class Settlement Interchange Escrow Account as provided in Paragraphs 8–12 of the Superseding Settlement Agreement, the Amended and Restated Class Settlement Cash Escrow Agreement (annexed to the Superseding Settlement Agreement as Appendix C), and the Amended and Restated Class Settlement Interchange Escrow Agreement (annexed to the

---

[1] The Rule 23(b)(3) Class Plaintiffs include the Class Plaintiffs as defined in the Definitive Class Settlement Agreement. On April 27, 2018, the Court ordered that the claims and action of Crystal Rock LLC be dismissed. As a result, Crystal Rock LLC is not a named plaintiff in the Third Consolidated Amended Class Action Complaint or in any other operative complaint in MDL 1720, and is no longer a Class Plaintiff as defined in the Definitive Class Settlement Agreement.

Superseding Settlement Agreement as Appendix D).

5. Based on and pursuant to the class action criteria of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and the preliminary approval requirements of Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and as explained in the accompanying opinion, the Court finds that under the requirements of Rules 23(a) and 23(b)(3), it will likely certify at the final approval stage for settlement purposes only, a Rule 23(b)(3) Settlement Class consisting of all persons, businesses, and other entities that have accepted any Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time from January 1, 2004 to the Settlement Preliminary Approval Date, *i.e.*, the date of this Order, except that the Rule 23(b)(3) Settlement Class shall not include (a) the Dismissed Plaintiffs, (b) the United States government, (c) the named Defendants in this Action or their directors, officers, or members of their families, or (d) financial institutions that have issued Visa-Branded Cards or Mastercard-Branded Cards or acquired Visa-Branded Card transactions or Mastercard-Branded Card transactions at any time from January 1, 2004 to the Settlement Preliminary Approval Date. The Court therefore preliminary certifies the proposed Rule 23(b)(3) Settlement Class.

6. The definition of the proposed class in the Third Consolidated Amended Class Action Complaint is hereby amended to be the same as the settlement class provisionally certified above.

7. In the event of termination of the Superseding Settlement Agreement as provided therein, certification of the Rule 23(b)(3) Settlement Class shall automatically be vacated and each Defendant may fully contest certification of any class as if no Rule 23(b)(3) Settlement Class had been certified.

8. The Court preliminarily finds and concludes, as explained in the accompanying

opinion, that the Court will likely find at the final approval stage that the Rule 23(b)(3) Class Plaintiffs fairly and adequately represent and protect the interests of the Rule 23(b)(3) Settlement Class, and therefore appoints them to serve as the representatives of the Rule 23(b)(3) Settlement Class. The Court appoints the law firms of Robins Kaplan LLP, Berger Montague PC, and Robbins Geller Rudman & Dowd LLP to serve as Rule 23(b)(3) Class Counsel, finding and concluding that they meet the requirements to be Class Counsel pursuant to Federal Rule of Civil Procedure 23(g), as explained in the accompanying opinion.

9. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

10. The Court appoints Epiq Systems, Inc. as the Class Administrator to assist Rule 23(b)(3) Class Counsel in effectuating and administering the Notice Plan delineated in Appendix F to the Superseding Settlement Agreement and the exclusion process for Opt Outs, in analyzing and evaluating the amount of the Class Exclusion Takedown Payments, and in effectuating and administering the claims process for members of the Rule 23(b)(3) Settlement Class.

11. The Court determines that notice should be provided to members of the Rule 23(b)(3) Settlement Class with exclusion rights afforded to them as to their participation in the Rule 23(b)(3) Settlement Class.

12. The Court approves the method of notice to be provided to the Rule 23(b)(3) Settlement Class that is described in the Superseding Settlement Agreement and in the Notice Plan contained in Appendix F to the Superseding Settlement Agreement. The Court also approves the use of the long-form notice to be mailed and included on the Case Website, and the publication notice contained in Appendix G to the Superseding Settlement Agreement, as revised and submitted to the Court on January 15, 2019, and annexed to Docket Entry No. 7354-

1 as Exhibit 1. The Court further approves the use of the additional notice of exclusion to be mailed to Dismissed Plaintiffs, as submitted to the Court on January 15, 2019, and annexed to Docket Entry No. 7354-1 as Exhibit 2.

13. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Rule 23(b)(3) Settlement Class that would be bound by the Superseding Settlement Agreement and to apprise them of the Action, the terms and conditions of the Superseding Settlement Agreement, their right to opt out and be excluded from the Rule 23(b)(3) Settlement Class, and to object to the Superseding Settlement Agreement; and (b) meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

14. Consistent with the Notice Plan, the Court directs the Class Administrator, as soon as practicable following the Court's entry of this Class Settlement Preliminary Approval Order, but before commencement of the mail and publication notice, to continue to provide, or re-establish, the dedicated Case Website, post office box, and toll-free telephone line for providing notice and information to members of the Rule 23(b)(3) Settlement Class and receiving exclusion requests and other filings or communications from members of the Rule 23(b)(3) Settlement Class.

15. Within ninety days following the Court's entry of this Rule 23(b)(3) Class Settlement Preliminary Approval Order, the Class Administrator shall complete the mailing and publication of the notices to members of the Rule 23(b)(3) Settlement Class that is described in the Notice Plan, using the long-form mail notice and the publication notice contained in Appendix G to the Superseding Settlement Agreement, as revised and submitted to the Court on January 15, 2019, and shall also complete the mailing of the notice of exclusion, as submitted to

the Court on January 15, 2019.

16. As explained in the long-form notice and the publication notice, any member of the Rule 23(b)(3) Settlement Class that does not wish to participate in the Rule 23(b)(3) Settlement Class shall have until one hundred eighty days after the Court's entry of this Rule 23(b)(3) Class Settlement Preliminary Approval Order — *i.e.*, ninety days after the last date for completion of the mail and publication notice (the "Class Exclusion Period") — to submit a request to become an Opt Out and be excluded from the Rule 23(b)(3) Settlement Class.

17. A member of the Rule 23(b)(3) Settlement Class may effect such an exclusion by sending a written request to the Class Administrator, by first-class mail with postage prepaid and postmarked or received within the Class Exclusion Period, or by overnight delivery shown as sent within the Class Exclusion Period. The written request must be signed by a person authorized to do so, and provide all of the following information:

(a) The words "In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation;"

(b) A statement of the Rule 23(b)(3) Settlement Class member's full name, address, telephone number, and taxpayer identification number;

(c) A statement that the Rule 23(b)(3) Settlement Class member desires to be excluded from the Rule 23(b)(3) Settlement Class, and by what position or authority he or she has the power to exclude the member from the Rule 23(b)(3) Settlement Class; and

(d) The business names, brand names, "doing business as" names, taxpayer identification number(s), and addresses of any stores or sales locations whose sales the Rule 23(b)(3) Settlement Class member desires to be excluded from the Rule 23(b)(3) Settlement Class.

Members of the Rule 23(b)(3) Settlement Class also will be requested to provide for each such business or brand name, if reasonably available: the legal name of any parent (if applicable), dates Visa or Mastercard card acceptance began (if after January 1, 2004) and ended (if prior to the Settlement Preliminary Approval Date), names of all banks that acquired the Visa or Mastercard card transactions, and acquiring merchant ID(s).

18. As also explained in the long-form notice and publication notice, any Rule 23(b)(3) Settlement Class member that does not submit a request for exclusion, shall have until one hundred eighty days after the Court's entry of the Rule 23(b)(3) Class Settlement Preliminary Approval Order — *i.e.*, ninety days after the last date for completion of the mail and publication notice (the "Class Objection Period") — to submit an objection to the Superseding Settlement Agreement, any request for Attorneys' Fee Awards, any request for Expense Awards, or any request for Rule 23(b)(3) Class Plaintiffs' Service Awards (be an "Objector"), and to file any notice to appear.

19. Such an Objector must file a written statement of objections with the Court within the Class Objection Period, and send it to the following designees of Rule 23(b)(3) Class Counsel and counsel for the Defendants, by first-class mail and postmarked within the Class Objection Period:

> Designee of Rule 23(b)(3) Class Counsel: Alexandra S. Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA, 92101-3301, xanb@rgrdlaw.com.
>
> Designee of the Defendants: Matthew A. Eisenstein, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC, 20001-3743, matthew.eisenstein@arnoldporter.com.

20. The Objector's written statement of objections must: (a) contain the words "In re Interchange Fee and Merchant Discount Antitrust Litigation"; (b) state each and every objection

of the Objector and the specific reasons therefor; (c) provide all legal support and all evidence on which the Objector relies in support of any objection; (d) state the full name and address and telephone number of the Objector; (e) provide information sufficient to establish that the Objector is a member of the Rule 23(b)(3) Settlement Class, including the information required by Paragraphs 17(c) and (d) above; and (f) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objections.

21.     In addition, any Objector or counsel for an Objector that desires to appear at the final approval hearing must file with the Court within the Class Objection Period, and send to the designees of Rule 23(b)(3) Class Counsel and the Defendants identified above, by first class mail and postmarked within the Class Objection Period, a separate notice of intention to appear that identifies by name, position, address, and telephone number each person who intends to appear at the final approval hearing on behalf of the Objector.

22.     Prior to forty-five days before the end of the Class Exclusion Period and Class Objection Period — *i.e.*, within one hundred thirty-five days after the Court's entry of this Rule 23(b)(3) Class Settlement Preliminary Approval Order — Rule 23(b)(3) Class Counsel will file all motions and supporting papers seeking the Court's final approval of the Superseding Settlement Agreement, and the Court's approval of any Attorneys' Fee Awards, Expense Awards, or Rule 23(b)(3) Class Plaintiffs' Service Awards with respect to their representation of merchants in MDL 1720, which culminated in the Superseding Settlement Agreement. Rule 23(b)(3) Class Counsel will also file any additional details regarding the Plan of Administration and Distribution, after timely and regular consultation with the Defendants and subject to the Court's approval, prior to forty-five days before the end of the Class Exclusion Period and Class Objection Period. Rule 23(b)(3) Class Counsel will provide notice of such motions and any

additional details to members of the Rule 23(b)(3) Settlement Class by causing all such motions and supporting papers, and any additional details regarding the Plan of Administration and Distribution, to be posted prominently on the Case Website prior to, or simultaneously with, their filing with the Court.

23. Within one hundred ninety-five days after the Court's entry of the Rule 23(b)(3) Class Settlement Preliminary Approval Order — *i.e.*, within fifteen days after the conclusion of the Class Exclusion Period — the Class Administrator shall prepare a report, and file it with the Court and provide it to the following designees of Rule 23(b)(3) Class Counsel, the Visa Defendants, the Mastercard Defendants, and the Bank Defendants:

> Designee of Rule 23(b)(3) Class Counsel: Alexandra S. Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA, 92101-3301, xanb@rgrdlaw.com.
>
> Designee of the Visa Defendants: Matthew A. Eisenstein, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC, 20001-3743, matthew.eisenstein@arnoldporter.com.
>
> Designee of the Mastercard Defendants: Kenneth A. Gallo, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 2001 K Street, NW, Washington, DC, 20006-1047, kgallo@paulweiss.com.
>
> Designee of the Bank Defendants: Boris Bershteyn, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, boris.bershteyn@skadden.com.

24. The Class Administrator's report shall:

    (a) Confirm that the Notice Plan was carried out and that the website notice, mail notice, publication notice, and any other notice to members of the Rule 23(b)(3) Settlement Class was provided in the manner directed by the Court;

    (b) Identify the date on which all new content on the Case Website was made available to members of the Rule 23(b)(3) Settlement Class, and identify the dates on which

the mail notice was mailed, the dates of publication notices, and the date or dates of any other notice directed by the Court;

(c) List each member of the Rule 23(b)(3) Settlement Class that sought to become an Opt Out and be excluded from the Rule 23(b)(3) Settlement Class, and on what date the request to be excluded was postmarked and received, and state whether the Rule 23(b)(3) Settlement Class member's request for exclusion was timely and validly made; and

(d) Attach a copy of all documentation concerning each request for exclusion that the Class Administrator received, with any taxpayer identification number, or other confidential information filed under seal with the Court.

25. To facilitate determination of the amount of the Class Exclusion Takedown Payments, upon providing the report to designees of Rule 23(b)(3) Class Counsel, the Visa Defendants, the Mastercard Defendants, and the Bank Defendants, the Class Administrator shall also provide those designees with an electronic spreadsheet or file that identifies information obtained from each request for exclusion, in a form agreed upon by the Class Administrator, the Rule 23(b)(3) Class Counsel, the Visa Defendants, the Mastercard Defendants, and the Bank Defendants.

26. As provided in the Superseding Settlement Agreement, within approximately two hundred forty days after the Court's entry of the Rule 23(b)(3) Class Settlement Preliminary Approval Order, in the event that the Rule 23(b)(3) Class Plaintiffs and the Defendants have not resolved all differences regarding the amount of the Class Exclusion Takedown Payments to be made to the Visa Defendants, and to the Mastercard Defendants and Bank Defendants, they shall submit their dispute to the Court for resolution in connection with the final approval hearing, so that the Court's Rule 23(b)(3) Class Settlement Order and Final Judgment may

identify each Opt Out and state the Class Exclusion Takedown Payments to be made, respectively, to the Visa Defendants, to the Mastercard Defendants, and to the Bank Defendants from the Class Settlement Cash Escrow Account as provided in the Superseding Settlement Agreement.

27. The Class Administrator's expenses for the foregoing notice and exclusion activities, including those of any third-party vendors it uses to perform tasks necessary for the implementation or effectuation of its duties, shall be paid from the Class Settlement Cash Escrow Account. In no event shall any Defendant or other Rule 23(b)(3) Settlement Class Released Party have any obligation, responsibility, or liability with respect to the Class Administrator, the Notice Plan, or the exclusion procedures for members of the Rule 23(b)(3) Settlement Class, including with respect to the costs, administration expenses, or any other charges for any notice and exclusion procedures.

28. Within two hundred twenty days after the Court's entry of the Rule 23(b)(3) Class Settlement Preliminary Approval Order — *i.e.*, within forty days after the conclusion of the Class Objection Period — Rule 23(b)(3) Class Counsel and any other party will file papers responding to objections, if any, to any aspect of the Superseding Settlement Agreement, or to any aspect of the requests for approval of Attorneys' Fee Awards, Expense Awards, or Rule 23(b)(3) Class Plaintiffs' Service Awards with respect to their representation of merchants in MDL 1720, which culminated in the Superseding Settlement Agreement.

29. The Court will hold a final approval hearing at least two hundred eighty-five days after the Court's entry of this Rule 23(b)(3) Class Settlement Preliminary Approval Order, at 10:00 AM on Thursday, November 7, 2019, at the Courthouse for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At

that final approval hearing, the Court will conduct an inquiry as it deems appropriate into the fairness, reasonableness, and adequacy of the Superseding Settlement Agreement, address any objections to it, and determine whether the Superseding Settlement Agreement and the Plan of Administration and Distribution should be finally approved, whether final judgment should be entered thereon, and whether to approve any motions for Attorneys' Fee Awards, Expense Awards, and Rule 23(b)(3) Class Plaintiffs' Service Awards.

30. The Court stays all further proceedings in this Action as between the Rule 23(b)(3) Class Plaintiffs or any other plaintiff in a putative class action consolidated in MDL 1720 and the Defendants or any other defendant in a putative class action consolidated in MDL 1720, except for proceedings in *Barry's* and proceedings related to effectuating and complying with the Superseding Settlement Agreement and the terms of this Order, pending the Court's determination of whether the Superseding Settlement Agreement should be finally approved or the termination of the Superseding Settlement Agreement. Orders of the Court in MDL 1720 regarding third-party claims filing companies, including the Order filed December 20, 2013 (Docket Entry No. 6137), the Order filed December 30, 2013 (Docket Entry No. 6147), the Order dated February 25, 2014, and the Order filed October 3, 2014 (Docket Entry No. 6349), shall apply to conduct with respect to the Superseding Settlement Agreement with the same force and effect as those Orders applied to conduct with respect to the Definitive Class Settlement Agreement.

31. The parties to the Superseding Settlement Agreement have clarified that in the first sentence of Paragraph 34(a) of the Superseding Settlement Agreement, they understand "injunctive relief claims" to be claims to prohibit or require certain conduct, including declaratory relief claims that are a predicate for those injunctive relief claims, but not including

any claims for payment of money (such as damages, restitution, or disgorgement). That clarification of the parties is hereby incorporated into this Order without modification of the release and covenant not to sue in the Superseding Settlement Agreement.

32. Pending the Court's determination of whether the Superseding Settlement Agreement should finally be approved or the termination of the Superseding Settlement Agreement, the Court enjoins the members of the Rule 23(b)(3) Settlement Class from challenging in any action or proceeding any matter covered by the Superseding Settlement Agreement or its release and covenant not to sue provisions, and from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on its behalf, any claims being released against Rule 23(b)(3) Settlement Class Released Parties, except for: (a) proceedings in MDL 1720 related to effectuating and complying with the Superseding Settlement Agreement; (b) the pursuit in *Barry's* of injunctive relief claims; and (c) the pursuit by the named plaintiffs in actions in MDL 1720 that are not class actions of the claims in those actions, unless and until those named plaintiffs fail to exclude themselves from the Rule 23(b)(3) Settlement Class.

Dated: January 24, 2019
      Brooklyn, New York

SO ORDERED:

s/MKB

_____
MARGO K. BRODIE
United States District Judge