UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | No. 05-md-1720 (MKB)(JO)<br><br>JOINT STATUS CONFERENCE STATEMENT<br><br>CONFERENCE DATE: MARCH 13, 2019 |
| This Document Relates To:<br><br>ALL ACTIONS. | |

The parties respectfully submit this Joint Case Status Report for the Case Management Conference currently scheduled for March 13, 2019. There are no ripe issues for the Court to resolve at this time and the parties respectfully suggest that the status conference be cancelled.

**I.      STATUS OF DISCOVERY/EXPERT REPORTS**

The parties continue to work cooperatively on discovery. Depositions of the defendants, Target Plaintiffs, The Home Depot, the Hertz Plaintiffs, the Dollar General Plaintiffs, the 7-Eleven Plaintiffs, Roundy's, and representatives for the Rule 23(b)(2) Plaintiffs are complete. The deadlines to complete discovery have been extended in certain actions.

Several parties are continuing to work with each other concerning questions and issues related to their respective document and data productions. There are no discovery disputes that are ripe for the court to address. The parties reserve their rights to raise data issues that they are unable to resolve, including questions about data that has yet to be produced.

Plaintiffs served their responses to defendants' first set of contention interrogatories on February 19, 2019. Defendants are in the process of evaluating the responses and potential next steps.

Expert discovery is ongoing. Pursuant to the order entered January 24, 2019, defendants' rebuttal expert reports shall be served by May 6, 2019.

## II. AMENDED AND NEW COMPLAINTS

On October 11, 2018, the defendants filed a letter for a pre-motion conference regarding their intention to move, pursuant to Rule 12(b)(1), to dismiss all claims the plaintiffs assert on behalf of subsidiaries, affiliates, and franchisees that are not named as plaintiffs in *7-Eleven, Inc. et al. v. Visa Inc. et al.*, No. 13-cv-5746-MKB-JO (E.D.N.Y.), *Roundy's Supermarkets, Inc. v. Visa Inc.*, No. 13-cv-5746-MKB-JO (E.D.N.Y.), *Hertz Corp. et al. v. Visa U.S.A. Inc. et al.*, No. 17-cv-3531-MKB-JO (E.D.N.Y.), *Dollar General Corp. et al. v. Visa U.S.A. Inc. et al.*, No. 17-cv-5988-MKB-JO (E.D.N.Y.), and *Home Depot, Inc. et al. v. Visa Inc. et al.*, No. 16-cv-5507-MKB-JO (E.D.N.Y.). The parties to the aforementioned actions are currently engaging in the meet and confer process and discussing a possible resolution that may allow them to avoid motion practice. On February 1, 2019, the Court entered a stipulated proposed order withdrawing the defendants' request for a pre-motion conference without prejudice to renewal. Defendants' deadlines to file answers to the complaints in the above-referenced actions are tolled for each action until (a) 30 days after the filing of an amended complaint; (b) 30 days after the parties reach agreement that no amendment is required to resolve the issues set forth in Defendants' October 11, 2018 letter; or (c) in the event Defendants renew their request for a pre-motion conference, 30 days following the Court's order granting or denying Defendants' Rule 12(b)(1) motion.

On November 7, 2018, the bank defendants filed a letter for a pre-motion conference regarding their intention to move, pursuant to Rules 12(b)(1) and 12(b)(6), to dismiss all claims asserted against them in the Equitable Relief Class Action Complaint. Plaintiffs filed their response on November 14, 2018. Pursuant to an order entered on January 10, 2019, the bank

defendants served their opening brief on January 16, 2019; plaintiffs' opposition brief is due March 18, 2019; and the bank defendants' reply brief is due April 18, 2019.

### III. Rule 23(b)(3) Class Settlement

On February 28, 2019, the Court held a telephonic hearing on Rule 23(b)(3) Class Plaintiffs' motion to compel nonparty First Data to comply with a subpoena. The motion was granted, and the parties are to report to the Court by March 8, 2019 on the status of First Data's production.

Rule 23(b)(3) Class Plaintiffs anticipate meeting the deadlines under the Court's Order granting preliminary approval of the Rule 23(b)(3) settlement [ECF 7361] for providing mail and publication notice to the class members as well as providing notice to the Dismissed Plaintiffs and related entities. However, if First Data fails to fully comply with the subpoena immediately, mail notice to many class members may be delayed and the class will likely incur significant additional expenses.

### IV. Equitable Relief Plaintiffs' Request for Extension of the Date for Filing Their Opening Class Certification Motion and Supporting Papers

On January 16, 2019, Bank Defendants filed their motion to dismiss the Equitable Relief Class Plaintiffs' Complaint. Pursuant to the Scheduling Order entered by the Court on January 10, 2019 (see Jan. 10, 2019 Text Order), Equitable Relief Class Plaintiffs' opposition to that motion is due March 18, 2019, and the Bank Defendants' reply is due April 18, 2019.

Equitable Relief Class Plaintiffs' opening motion and supporting papers in support of class certification currently are due May 1, 2019. Equitable Relief Class Plaintiffs believe that the date for filing their opening motion and supporting papers in support of class certification should be extended until after the Court rules on the Bank Defendants' motions to dismiss the Equitable Relief Plaintiffs' Class Action Complaint, to a date to be agreed upon among the

parties, or in the absence of an agreement, to a date set by the Court. (The Network Defendants previously answered Plaintiffs' complaint on November 15, 2018.)

Equitable Relief Class Plaintiffs believe this extension will avoid the potential of duplicative briefing on similar issues by giving the parties an opportunity to analyze the Rule 12 opinion and order, and potentially the Bank Defendants' answer to the Equitable Relief Class Plaintiffs' complaint, prior to commencement of briefing on class certification. Without this extension, Equitable Relief Class Plaintiffs potentially will be prejudiced by not having received answers to their complaint by the Bank Defendants prior to filing their class certification pleadings as contemplated by the Federal Rules.

Equitable Relief Class Plaintiffs intend to discuss this with the defendants and Direct Action Plaintiffs in an attempt to reach an agreement to propose to the Court. If this is unsuccessful, Equitable Relief Class Plaintiffs intend to submit this matter to the Court.

Dated: March 6, 2019

Respectfully submitted,

**CONSTANTINE CANNON LLP**

  /s/ David A. Scupp
Jeffrey I Shinder
A. Owen Glist
Taline Sahakian
David A. Scupp
335 Madison Avenue
New York, NY 10017
Phone: (212) 350-2700
Fax: (212) 350-2701
dscupp@constantinecannon.com

*Counsel for the 7-Eleven Plaintiffs*