**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

March 8, 2019

VIA ECF

Magistrate Judge James Orenstein
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Room 1227 South
Brooklyn, NY  11201

Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720-(MKB)(JO)

Dear Magistrate Judge Orenstein:

On February 28, 2019, the Court held a telephonic hearing on Rule 23(b)(3) Class Counsel's ("Class Counsel") motion to compel nonparty First Data Corporation ("First Data") to produce certain data requested by a subpoena in order to effectuate notice of the settlement to the class. ECF Nos. 7352, 7355, 7372. Class Counsel's motion was granted (ECF No. 7375), and First Data was ordered to produce information responsive to the subpoena by Monday, March 4, 2019, and the parties were ordered to provide an update to the Court by March 8, 2019. ECF No. 7375.

About an hour before the February 28, 2019 hearing, First Data produced additional replacement data, which suffered from the same issues that Class Counsel had outlined in its motion to compel, as well as in communications on December 22, 2018 and January 22, 2019. Exs. 1, 2 at 1; *see also* Ex. 3 at 3-4. On Thursday, February 28, 2019, after the hearing, the parties met and conferred on the remaining outstanding issues with the data. *Id.* On the February 28, 2019 call, we explained the issues about which we had previously emailed First Data, and which were outlined in the supporting declaration of Nicole Hamann. ECF No. 7372-1. After having a chance to review the replacement data produced by First Data, Class Counsel sent an email, followed by a call on Friday, March 1, 2019, where Class Counsel explained that the data was still missing BIN information and that more than 7 million records still had encrypted TIN information, among other issues. Ex. 3 at 3. On the March 1, 2019 call, First Data had two in-house employees who seemed to understand the issues. First Data reported that it was in the process of decrypting the TINs, and that it had identified a "glitch" in the data which prevented the BIN information from transferring over correctly. *Id.* at 2. Class Counsel stated its expectation that it would receive this information

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge James Orenstein
March 8, 2019
Page 2

by the Court-ordered deadline on Monday, March 4, 2019, and that it was standing-by over the weekend should First Data be able to send the information before the Monday deadline. *Id.* at 2.

On Monday afternoon, March 4, 2019, Class Counsel again followed up with First Data. *Id.* at 1-2. Class Counsel was told the files were large and were still being prepared and that we would be provided an update on Tuesday, March 5, 2019. *Id*. at 1. On Tuesday afternoon, Class Counsel followed up with First Data. *Id.* We were told shortly thereafter that replacement files were being uploaded to an FTP site. Ex. 4 at 4. We completed downloading the files late Tuesday night and began reviewing the data. On Wednesday morning, March 6, 2019, we scheduled a meet and confer for the morning of Thursday, March 7, 2019, in the event there were issues with the data. Ex. 4 at 3. There were. On Wednesday afternoon, we were able to provide First Data with some issues we found in the data. *Id.* at 2. By Wednesday evening, Class Counsel was able to inform First Data that the data was still missing TINs for approximately 950,000 merchants, providing detail about the missing information. *Id.* at 1. Early Thursday morning, we held the scheduled meet and confer with First Data's counsel, Epiq, and 3 in-house representatives from First Data, where we explained the data was still missing TIN information for nearly one million merchants. Ex. 5 at 1-2. After the call, Class Counsel sent sample merchant information which was missing TINs to aid First Data in determining why the TIN information had been lost. *Id.* On Thursday evening, Class Counsel again followed up with First Data, reminding them that Friday, March 8, 2019, was the deadline to report to the Court. *Id.*

On Friday morning, March 8, 2019, First Data stated it had begun the process of re-transmitting the entire Omaha file and had confirmed that none of the approximately 7 million records were encrypted. Ex. 6 at 1. At 1:29 P.M. Pacific, we were told that the files were available for download and review. Epiq will immediately begin the download process.

These issues, which are nearly identical to the issues that occurred in the 2012 settlement, are issues that, had we been produced data in a timely fashion responsive to the August 2018 subpoena, or had we had access to employees familiar with First Data's systems last year, could have been resolved months and months ago. In fact, the exact issues related to missing BINs and encrypted TINs had affected a subset of data in December 2018, and we made First Data aware that this was a problem with this specific data in January 2019, and this was after waiting months for any production. The Court's Order prompted First Data to take action it had failed to take over the prior three months.

1540549_1

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge James Orenstein
March 8, 2019
Page 3

      We are closer to resolving the issues with First Data, but we are not in a position to tell the Court that all issues have been resolved, as we have not yet received the unmasked TINs from the Omaha production. Class Counsel respectfully suggests we update the Court on March 12, 2019.

      Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ H. Laddie Montague, Jr.* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| **Robins Kaplan LLP** | **Berger Montague PC** | **Robbins Geller Rudman & Dowd LLP** |

Attachments

cc:    All Counsel (via ECF)

1540549_1