FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 09 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

In re PAYMENT CARD INTERCHANGE : 
FEE AND MERCHANT DISCOUNT : No. 05-MD-01720 (MKB) (JO)
ANTITRUST LITIGATION :
:

---

## STATEMENT OF OBJECTIONS OF CLASS MEMBER PUMPELLY OIL ACQUISITION, LLC

Pumpelly Oil Acquisition, LLC (hereinafter "Company") accepted Visa and Mastercard transaction cards between 2010 and the present date. Company is a member of the Rule 23(b)(3) settlement class in this case, and it has not engaged in any other settlement of its claims against Visa and/or Mastercard. Company hereby submits its objections to the proposed settlement preliminarily approved by the Court in January of this year.

Company is located at 1890 Swisco Road Sulphur, LA 70665. Company is a petroleum marketer engaged in the wholesale and retail sale of branded motor fuels. Since approximately 2010, it has accepted Visa and Mastercard transaction cards at retail service station and convenience store locations. Motor fuels at these locations have been sold under the Conoco, Citgo, Valero, and Gulf brands since 2010, and the credit card transactions at each location were processed by the applicable branded supplier.

Company is concerned that the Court will concur in the arguments of Defendants that certain major oil company branded suppliers are entitled to file claims against the settlement fund for transactions at retail locations where Company accepted the applicable Visa or Mastercard transaction cards and paid the interchange fees. Company understands that the Court has indicated that class counsel cannot represent both the branded suppliers and branded marketers, like Company, because only one of the two groups is entitled to settlement funds attributable to Company's retail locations. None of the class representatives were branded marketers, and branded marketer interests were not represented when the settlement was negotiated. Nor are they adequately represented now by a conflicted class counsel who are incapable of asserting branded marketer interests when they conflict with the interests of major oil companies.

As of now, Company is totally in the dark as to whether, having accepted the cards and paid the interchange fees, it is part of the settlement class, whether it is entitled to a full or partial recovery, or whether any mechanism is in place to sort all of this out. Nothing in the Class Notice states whether Company or its branded supplier (whose fuel Company sells) have a right to recover for transactions at these locations. In short, Company is concerned that it is being deprived of its legal right to fully participate in the settlement.

In addition to not knowing what recovery Company may be entitled to as part of the class settlement, we do not believe that proper efforts are being made to notify branded marketers, like Company, so that they can object to the settlement. **Company is aware that a Class Notice has gone out but it was not mailed a copy by the Claims Administrator.** The names and addresses

of branded petroleum marketers, like Company, can be obtained by the Claims Administrator from the branded suppliers.

Branded marketers should be informed *now* whether a procedural mechanism will be put in place to determine whether, and to what extent, branded marketers will participate in the settlement, what evidence they need to present, and whether there will be procedural hurdles they need to overcome to claim their rights as class members. Unless and until these issues are addressed and properly resolved by the Court, Company respectfully objects to the class settlement.

                                            Respectfully submitted,

                                            Pumpelly Oil Acquisition, LLC

                                            _____
                                            **By: Glenn Pumpelly**
                                            **Vice President – SE Region**