# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720 Case No. 1:05-md-1720-MKB-JO |
| This document refers to: All Actions | |

DECLARATION OF THOMAS J. UNDLIN
IN SUPPORT OF RULE 23(b)(3) CLASS PLAINTIFFS' MOTION FOR
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENTS OF EXPENSES

I, Thomas J. Undlin, hereby declare under penalty of perjury, pursuant to

28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner of the law firm of Robins Kaplan LLP ("Robins Kaplan"),

Co-Lead Counsel for the Rule 23(b)(3) Class Plaintiffs in the above-captioned class

action.  I submit this Declaration in support of the Rule 23(b)(3) Class Plaintiffs' Motion

for Award of Attorneys' Fees and Reimbursement of Expenses ("Joint Motion") being

submitted by Rule 23(b)(3) Class Counsel on behalf of themselves and Class Supporting

Counsel who worked on this case. [1]

---

[1] As defined in the Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants ("2018 Settlement"), the Rule 23(b)(3) Class Counsel includes the Co-Lead Counsel firms of Robins Kaplan LLP, Berger Montague PC and Robbins Geller Rudman & Dowd LLP.  The Court appointed the three firms Rule 23(b)(3) Class Counsel in its Order granting preliminary approval on January 24, 2019.  In addition, Mr. Joseph Goldberg and Mr. Dennis Stewart, with the firms of Freedman Boyd Hollander Goldberg Urias & Ward PA and Hulett Harper Stewart LLP, respectively, worked with the Class Counsel firms as part of the leadership and served as co-chairs of the Class Plaintiffs' Executive Committee.

## INTRODUCTION

2.      In this declaration I discuss and summarize the lodestar and expenses supporting the Joint Motion in the context of two time periods. Period One, 2004 through November 30, 2012, consists of work and expenses undertaken by class counsel from the inception through the court's granting of preliminary approval of the first omnibus settlement. Period Two, December 1, 2012 through January 31, 2019, consists of the work class counsel undertook to administer the case from December 1, 2012, through vacation of the 2012 settlement by the Second Circuit on June 30, 2016, and thereafter, the work of class counsel when the case reverted to full-throttle litigation through the end of January 2019, shortly after entry of the Court's order preliminarily approving the 2018 Settlement on January 24, 2019.

3.      Combining the two time periods, from inception through January 2019, Co-Lead Counsel and Class Supporting Counsel (collectively referred to as "Class Counsel") spent over 630,000 hours prosecuting this case, generating a total lodestar of $203,753,749.78, and paid or incurred out-of-pocket costs of $38,263,023.85.  While this investment in time and money is enormous, Co-Lead Counsel believe the investment was necessary to achieve this historic settlement, particularly in the context of this extremely complex litigation, involving many issues of first impression and multiple battle fronts, and spanning over a 14-year period.  Below I describe the work Co-Lead Counsel did to manage the litigation, collect and review the time and expense information from all of the active law firms, and the significant reductions in overall lodestar we made after excluding time spent on activities such as appeals.

## Time Period One

4.     The work in Period One, among many other issues and litigation steps, generally consisted of investigating the merits and preparing the initial pleadings in the case, responding to motions to dismiss, moving for class certification, taking and defending hundreds of depositions, preparing and rebutting class certification and fact experts, moving for and opposing summary judgment and other motions, attempting to mediate a resolution of the case and preparing for trial.  The backbone of much of the Period One work was a massive discovery effort that benefitted not only the Rule 23(b)(3) Class, but also the Rule 23(b)(2) Class and merchant plaintiffs who opted out of the 2012 Settlement.  Many merchants who opted out of the 2012 Settlement damages class have settled their claims and have been paid many hundreds of millions of dollars.  The Rule 23(b)(2) Class and many "direct action plaintiffs" are continuing to litigate today, making use of the enormous record assembled through the efforts of Co-Lead Counsel. A much more fulsome description of our work is set forth in the Declaration of K. Craig Wildfang in Support of Rule 23(b)(3) Class Plaintiffs' Motion for Preliminary Approval of the Settlement [ECF No. 7257-3] and his declaration filed concurrently with this submission in support of final approval of the 2018 Settlement. All of the time and expenses of Class Counsel supporting prosecution of this case during Period One – 56 law firms in total – are collected and described in my Declaration of April 11, 2013 [ECF No. 2113-2], attached hereto as Exhibit 1, and my Supplemental Declaration of August 16, 2013 [ECF No. 5940-1], attached as Exhibit 2.

5.     The time and expense review process for Period One was time consuming because it covered 8 years of heavy litigation with up to 56 law firms actively participating and an initial gross lodestar of over $175 million.  The review process described in my earlier Declarations, employing the time and expense criteria described therein and below, reduced the reported lodestar by approximately $14 million to approximately $161 million and reduced the reported expenses by over $1 million to just over $26 million. Also, because of the number of firms involved in Period One, we chose to engage the accounting firm of Clifton Larson Allen to perform a forensic data analysis of all the firms' records as a crosscheck.  This review resulted in a further downward adjustment of approximately $690,000 in the reported lodestar. *See* Exhibit 2, ¶ 6.

6.     With the exception of a single law firm whose time and expenses from Period One are now being excluded for the reasons discussed below, Rule 23(b)(3) Co-Lead Counsel resubmit and rely on the information set forth in my prior 2013 Declarations in support of their motion for fees and expenses because the information is still relevant to the current application, and was previously relied upon by the Court in its fee and expense Order relating to the 2012 settlement.  *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 991 F. Supp. 2d 437 (E.D.N.Y. 2014).

7.     The only change we now make to the overall reported lodestar and expenses in Period One is to exclude the lodestar and expenses of one law firm – the Friedman Law Group ("FLG").  This exclusion represents a reduction in the Period One reported lodestar and expenses of $9,594,806.15 and $892,044.20, respectively. We have

excluded the FLG time and expense information previously reported from Period One,

and have not submitted FLG's time and expense information for Period Two, in

response to the actions of Gary Friedman relating to his unauthorized, improper and

covert communications with Keila Ravelo, one of the attorneys representing Mastercard

during a significant portion of this case including the entire duration of Period One.[2]

Mr. Friedman's unauthorized communications and lack of candor to the Class raise

serious concerns of breach of duty of loyalty and professional ethics, all of which were

the subject of extensive briefing and submissions in connection with Rule 60 motions by

certain objectors in August, 2015, to vacate Judge Gleeson's final approval or provide

other relief relating to the 2012 settlement.  [*See*, among others: ECF Nos. 6546, 6548,

6555, 6557, 6558, 6566 and 6591].[3]  The potential seriousness of Mr. Friedman's actions is

also discussed at length by Judge Garaufis in *Marcus Corp. v. Am. Express Co. (In re Am.*

*Express Anti-Steering Rules Antitrust Litig.)*, 2015 U.S. Dist. LEXIS 102714, *51-*85

(E.D.N.Y. Aug 4, 2015).

8.     FLG came to this litigation as an early filer of a complaint, along with

other firms, focusing their attention on the so-called "anti-steering rules" ("ASRs") of

Visa and Mastercard.  These firms collectively were referred to as the "ASR Group."

Their early approach was to focus exclusively on a challenge to the networks' point-of-

sale restrictions that suppressed merchants' ability to promote competition between

---

[2]  Ms. Ravelo was first at the law firm of Hunton &Williams LLP and later at Willkie Farr & Gallagher LLP.
[3]  Co-Lead Counsel have also excluded from this petition the time they devoted to the Friedman revelation and subsequent investigation and in responding to the Rule 60 motions.

networks and between competing banks.  My firm, and our Co-Lead Counsel, pleaded a broader case focused primarily on collusive horizontal interchange fee price-setting to supra-competitive levels by Visa and Mastercard and their card-issuing banks, who were and are horizontal competitors.  Our complaints alleged that the anti-steering rules were used to maintain artificially high interchange rates and suppress competition in payment card markets. When the various plaintiffs' firms were organizing their leadership structure in 2005, Co-Lead Class Counsel were concerned about the potential inefficiency and potentially divergent strategies if the ASR cases were on a separate track.  Thus, we reached an agreement with the ASR Group that they would join in our expansive pleadings, rather than proceeding with their narrower claims on a separate track. Co-Lead Counsel confirmed this arrangement in a November 29, 2005, letter (attached as Exhibit 10) stating that the ASR Group would be recognized as a designated working group, subject to the supervision and direction of Co-Lead Counsel, to focus on litigating a challenge to the networks' "anti-steering" rules, and that the ASR Group would receive a share of attorneys' fees awarded, if any, consistent with the share of their efforts as reflected in reported and approved lodestar.  After we learned of Mr. Friedman's conduct in February 2015, we promptly instructed him in writing not to continue work on the case. Attached as Exhibit 11.

9.     Co-Lead Class Counsel have now received assurances from the other law firms in the ASR Group that they did not participate in, nor were they aware of, Mr. Friedman's unauthorized communications with Ms. Ravelo.  Thus, we have maintained and resubmitted their approved lodestars and expenses in this joint fee

petition.[4]  Co-Lead Counsel has advised Mr. Friedman that if FLG wishes to make a

separate attorney fee and expense application to the Court, FLG must do so on its own

account.  Attached as Exhibit 12.

**Time Period Two**

10.     Period Two consists of our work from December 1, 2012, through

January 31, 2019, shortly after the Court granted preliminary approval of the

2018 Settlement. As with my prior declarations, this Declaration describes the review

that Rule 23(b)(3) Class Counsel performed in order to provide the Court with accurate

and meaningful information about the hourly work, billing rates, lodestar and out-of-

pocket expenses incurred by Co-Lead Counsel and the other 18 law firms who were

actively prosecuting this case in Period Two. I supervised this review work on behalf of

Robins Kaplan, along with leadership co-counsel Xan Bernay of Robbins Geller and

Michael Kane of Berger Montague.

11.     Co-Lead Counsel instructed all of the law firms active in Period Two to

follow the billing guidelines that we established and observed in the reporting, review

and submission of time and expenses in Period One.  Those guidelines for recording of

time worked on the case included:

---

[4]  The other ASR firms include Reinhardt Wendorf & Blanchfield, Chestnut & Cambronne, P.A., Starr
Gern Davison & Rubin P.C., Chitwood Harley & Harnes LLP, Murray Frank & Sailer, Markun Zusman
& Compton, LLP and Bolognese & Associates.  Another attorney, Tracey Kitzman, has indicated she has
her own firm that was a part of the ASR Group, but Co-Lead Counsel understood her to be a part of FLG,
as she worked in the FLG offices, communicated via an FLP email address and held herself out and
reported her time as a "partner" of FLG.

- The time must have been actually spent, accurately described, contemporaneously recorded, and devoted to work directed or authorized by Co-Lead Counsel, and directed to advancing the interests of the class;

- Time recorded for "read and review" should be eliminated except that which was necessary to a specific assignment by Co-Lead Counsel;

- Eliminate inadvertent duplicate entries or entries for time (or expenses) which should have been billed to another matter or any time that was billed also to any similar cases;

- The time must be reasonable in amount for the work;

- The time must describe with sufficient specificity the task performed;

- The hourly rate must be reasonable, that is it must be the hourly rate normally charged by the lawyer or paralegal for similar work for clients who pay by the hour, or, if the firm works only or primarily on contingent matters, the hourly rates must be rates previously approved by a court as part of a fee petition (including when such rates are submitted as part of a lodestar cross-check) or be reasonable compared to comparable hourly rates for lawyers in the firm's city or the forum city with comparable experience for comparable tasks;

- The work must have been commensurate with the attorney's level of experience. Shareholders should not bill substantial time for work better-suited for associates, and associates should not bill substantial time for work better-suited for paralegals;

- Time spent recording, reporting or monitoring your time and expenses, or time that will be spent preparing any fee petition materials should not be included; and

- Time devoted to filing or other ministerial tasks cannot be billed.

12.    To further promote efficiency and uniformity among the working firms, Co-Lead Counsel also established "objective" criteria for the timekeeping of tasks.  They included:

- Remove all entries by timekeepers with fewer than 10 hours total;

- Remove all entries by summer associates, summer interns and summer document clerks;

- Reduce by a minimum of 50% any pure travel time where substantive work on the case was not also being performed;

- Reduce any time entry in excess of 15 hours in a single day, and scrutinize for appropriateness all entries where time was between 9-15 hours; and

- For pure document review attorneys, reduce any time entry in excess of 10 hours for a single day to 10 hours or less as appropriate.

13.     In addition to being guided by the above criteria, we established objective guidelines for the submission of out-of-pocket expenses, including:

- Reduce any first class travel to a coach fare equivalent;

- Reduce single meal expenses to no more than $75 per person;

- Remove any alcohol expense from meal submissions either specifically identified, or where not separately stated on the bill, but it is believed alcohol was consumed, then reduce the bill by 15%;

- Reduce hotel phone charges, if any, by 50%; and

- Remove miscellaneous personal expenses such as mini bar, laundry service, fitness center charges and the like.

14.     The time and expense review for Period Two was more easily managed, even though Period Two spanned an additional 6 years, because Co-Lead Counsel performed the lion's share of the work. In addition, the total lodestar was less than one-third of the lodestar in Period One.

15.     Co-Lead Counsel imposed the same time and expense guidelines in their own reporting as well as in reviewing the time and expense submissions of the Class Supporting Counsel during Period Two.   As with Period One, Co-Lead Counsel endeavored to control out-of-pocket expenses because of the risk we may lose the case, particularly with the legal and market developments after the first settlement, and because it may be years before those expenses would be fully recouped even with a successful outcome. Moreover, with regard to reported time, the leadership further determined that certain work undertaken during Period Two would be excluded from the reported lodestar, including:

- Time spent preparing initial and responsive briefing, expert reports and oral argument relating to final approval of the 2012 settlement;

- Time spent on the appeals of the final approval order, the fee and expense awards, and other appeal matters relating to the 2012 settlement;

- Time spent reviewing, investigating and responding to the issues relating to  Mr. Friedman and Ms. Ravelo, including the Rule 60 motions; and

- As with Period One, time spent reviewing time and expense records, preparing declarations, engaging outside experts and auditors and briefing relating to this or the prior 2013 fee petition.

16.     While we believe that many of the above categories of effort were important for the prosecution of this case, and provided a significant benefit to the class,[5] we have chosen a conservative approach for the calculation of our reported

---

[5]  For example, Co-Lead Counsel had no choice but to help unravel the Ravelo/Friedman issue.  Although there was no claim that Co-Lead Counsel were aware of the improper conduct, nor could there be (Ms. Ravelo's and Mr. Friedman's partners were unaware of their conduct), it was plainly in the interests of the Class that the Co-Lead Counsel defend Judge Gleason's Order granting final approval to the 2012 settlement against the Rule 60 attack.

lodestar for Period Two. The lodestar reductions taken based on our standing criteria and the above exclusions total approximately $10.6 million in work value in Period Two.  Thus, the total value of time we excluded for the entire case is over $24 million.

17.     Attached as <u>Exhibit 3</u> is a chart reflecting the total hours, original lodestar and expenses and post-review lodestar and expenses for the 21 law firms active in Period Two.  The total post-review lodestar for Period Two is $52,356,920.46.  The total post-review out-of-pocket expenses for the 21 law firms in Period Two is $7,759,314.59. As reflected in <u>Exhibit 3</u>, the total reductions taken based on our timekeeping criteria and subject matter exclusions are $11,000,892.40 in time value and $313,915.28 in expenses.  For the lodestar component, this represents an approximate 17.4% overall reduction in the time value put into the litigation effort for Period Two.

18.     Seventy-one percent of the lodestar in Period Two is comprised of work performed by the three Co-Lead Counsel firms and the additional leadership firms of Freedman Boyd Hollander Goldberg Urias & Ward PA and Hulett Harper Stewart LLP. *Id.*  In addition, the leadership group absorbed more than 93% of the post-review reductions, which naturally follows, given that they were almost exclusively responsible for the important work of pursuing final approval of the 2012 settlement and the resulting appeals – work we did to benefit the class, and had a responsibility to pursue, but nevertheless have chosen to exclude from the lodestar portion of this fee petition.

19.     As with Period One, Co-Lead Counsel reviewed and approved the bulk of expenses incurred on behalf of the Class.  Attached as <u>Exhibit 4</u> is a Period Two Master

Expense Report combining the expenses of active firms ($7,759,314.59) into cost categories tracked by Co-Lead Counsel, along with the costs incurred and owing from the Common Fund as of January 31, 2019, in the amount of $5,148,436.25. The amount of costs incurred and owing is mostly comprised of outstanding expert witness costs and data hosting, including the e-discovery management archive/search/coding service that we utilized. The largest expense for active firms consisted of contributions to the Common Litigation Fund that has been employed since early in the litigation. Attached as Exhibit 5 is a chart reflecting the individual law firm contributions to the Common Litigation Fund during Period Two. Attached as Exhibit 6 is the Master Expense Report by Category of expenses paid out of the Common Fund. As with Period One, the largest expenditures are for expert consultants, followed by computer data and storage fees that inevitably are incurred in large cases and particularly here with the many tera bytes of information that must be managed and reviewed. Attached as Exhibit 7 is a more granular report of the Common Litigation Fund expenditures for Period Two, organized by vendor.[6]

### Combined Totals for Periods One and Two

20.     Combined, Class Counsel spent just over 630,000 hours of attorney and paralegal time prosecuting this case from inception through January 31, 2019. After subtracting time based on our review criteria and subject-matter exclusions, Co-Lead

---

[6] Charts containing similar information for the Common Litigation Fund during Period One are appended to my original Declaration filed on April 11, 2013. See Exhibit 1 and Exhibits C, D and E thereto.

Counsel calculates a total lodestar of $203,753,749.78 based on historical rates.[7] *See* Exhibit 2 and Exhibit 3.  We further conservatively calculate a total investment of $38,263,023.85 in out-of-pocket expenses paid and incurred from inception through January 31, 2019. *Id.;* Exhibit 4.  Below is a table reflecting the total post-review lodestar and expenses for both Periods[8]:

| All Class Counsel | Lodestar | Expenses |
|---|---|---|
| Period One | $151,396,829.32 | $25,355,273.01 |
| Period Two | $52,356,920.46 | $12,907,750.84 |
| **Grand Total** | **$203,753,749.78** | **$38,263,023.85** |

## Robins Kaplan Time and Expenses

The remainder of this declaration details matters specific to Robins Kaplan's submission of its time and expenses in support of the Joint Motion.

## Overall Review Approach for Periods One and Two

21.     In order to ensure that the Robins Kaplan time submission in support of the Joint Motion was accurate, I personally reviewed the firm's detailed billing reports for the entire duration of this case – the Period One review was conducted in early 2013 and Period Two in the spring of 2019.  I reviewed every time entry to ensure that the amount of time spent on the work was reasonable; that the rates billed for the work

---

[7]  As with our 2013 joint petition, we have continued to calculate lodestar at "historical rates," meaning simply that all counsel applied their applicable rate at the time the work was completed and recorded throughout the case.
[8] Again, the total for Period One is identical to the prior 2013 submission, except for the deletion of the lodestar and expenses for FLG.

were reasonable given both the nature of the work being done and the seniority level of the attorney or paralegal doing the work; that the amount of detail provided in support of the time entry was sufficient; and that the work being done was in furtherance of the Class's interests.  All of the hourly rates used by Robins Kaplan are our normal hourly rates charged for complex antitrust litigation in the Eastern District of New York.[9]  With the help of our internal accounting staff, I also made adjustments to ensure that all of the reported time met the criteria established by Co-Lead Counsel as set forth in Paragraphs 12-13, above, and in my prior declarations relating to Period One.[10]  We also subtracted from our totals time spent on work relating to the subject-matter exclusions imposed by the case leadership for Period Two, described in paragraph 15, above.

22.     In order to ensure that the Robins Kaplan expense submission in support of the Joint Motion was accurate, I personally reviewed (Period One review in early 2013 and Period Two more recently) all of the out-of-pocket cost entries reflected in the firm's detailed billing reports for the entire duration of the case to confirm that such costs were reasonable and expended in furtherance of the Class's interests.  I worked with our legal administrative assistants and our internal accounting department to make a detailed review of the submitted expenses to ensure that they complied with the objective criteria established by Co-Lead Counsel as set forth in Paragraphs 13, above.

---

[9]  Also, we believe these rates are comparable to, or less than, rates charged by comparable attorneys that are counsel to Defendants.

[10]  During Period One we used outside "contract" attorneys for document review and billed their time at four times the contract rate, the limit imposed by Co-Lead Counsel, which resulted in an hourly rate of $205. Our document review during Period Two was conducted by full-time employed project review attorneys with a normally charged rate of $350 per hour.

23.     With regard to out-of-pocket costs for meals, my accounting staff conducted a detailed reviewed of each meal over $75 to confirm the number of people attending and the dates and purpose of the meals.  In those instances where there was no detailed backup information to confirm the number of attendees, the bill was reduced to no more than $75.

24.     We also reviewed expenses relating to airline travel purchased for purposes of this litigation.  As a rule, and pursuant to firm policy, coach class tickets are purchased for all business travel.  One exception is that lead counsel for the firm, Craig Wildfang, purchased first class or "up-fare" coach tickets in the later years of the case (and all of Period Two) to ensure first class travel space for health reasons. Mr. Wildfang has had four back surgeries during the course of this litigation. According to our firm travel agent "up-fare" tickets are purchased as a coach class ticket and automatically upgraded to first class and appear on the itinerary as a first class ticket; however, these tickets are not purchased at a first class rate but rather at a coach class rate, and often at a less expensive rate than a full coach fare.  Our research found that another senior partner who was active in mediation, Martin Lueck, purchased first class or "up-fare" airline tickets to ensure working space while on a flight.  As a conservative adjustment, we reduced all airline ticket costs incurred by

these attorneys by 25%.

**Robins Kaplan Period Two Lodestar and Expenses**

25.     Robins Kaplan's detailed billing records for time spent prosecuting this case in Period Two, *before* any adjustments based on the criteria and subject matter exclusions described above, show a total of approximately 42,000 hours for a total lodestar of $23,484,834.50.  This is based on *historical* rates.

26.     After making adjustments through our detailed review described above, our Period Two total hours are 39,188, resulting in a total lodestar at *historical* rates of $19,788,517.00. This represents a lodestar *reduction* of $3,696,317.50, or approximately 15% of the initial Period Two lodestar total. Attached as Exhibit 8 is the Robins Kaplan *pro forma* showing the total lodestar for Period Two and detailed information about the personnel who worked on the case, their individual titles, and the hourly rates and total hours worked by year.

27.     The Robins Kaplan lodestar (after downward adjustment) does not include any time spent working on this case after January 31, 2019, and it does not include any estimates for future time to be incurred in seeking final approval of this Settlement, administering the Settlement or handling future appeals (if any).  The total also does not include any time spent by me or other Robins Kaplan personnel to prepare this fee and expense petition and supporting documents, or to collect, review and analyze any of the other Class Supporting Counsel billing reports.  I personally have spent over 500 hours throughout the course of the case reviewing the Robins

Kaplan detailed billing reports and other class firms' submissions to make the adjustments to time and expenses described herein.  My legal administrative assistant, and those of Mr. Wildfang, and many other people in our accounting department have spent many additional hours in this effort.

28.     Beyond the exclusion for fee petition preparation, the other exclusions described above resulted in significant deductions for work performed, including over $1 million for appeals relating to the 2012 settlement, over $650,000 relating to the Ravelo/Friedman issue and approximately $1.1 million for final approval work relating to the 2012 settlement and other deductions to meet the billing criteria established by Co-Lead Counsel.

29.     Attached as <u>Exhibit 9</u> to this Declaration is a detailed breakdown, by category, of the Period Two out-of-pocket expenses paid by Robins Kaplan from December 1, 2012, through January 2019. Robins Kaplan claims total out-of-pocket expenses for Period Two of $2,879,621.00.  These costs include contributions to the Common Litigation Fund as assessed by Co-Lead Counsel, direct payments to experts and consultants beyond the Common Fund expenditures, and direct disbursements for travel, computer assisted research, photocopies and the like.

30.     Below is a chart setting forth the total lodestar and expenses claimed by Robins Kaplan from the inception of this matter through January 31, 2019:

| Robins Kaplan LLP | Lodestar | Expenses |
|---|---|---|
| Period One | $37,715,875.75 | $7,018,362.18 |
| Period Two | $19,788,517.00 | $2,879,621.00 |
| **Grand Total** | **$57,504,392.75** | **$9,897,983.18** |

31.     If Robins Kaplan calculated its combined lodestar using current, 2019, rates, the total would be approximately 34% higher, at over $89 million.

32.     This litigation is one of many large and complex cases that Robins Kaplan has undertaken or is currently pursuing. Among other cases, Robins Kaplan is co-lead counsel in a current MDL stemming from the largest criminal antitrust investigation in U.S. history, which has recovered more than $1.2 billion in settlements for purchasers of price-fixed auto parts. The cumulative figure is the second-largest indirect purchaser recovery in U.S. history. *In re Automotive Parts Antitrust Litigation* (E.D. Mich.).  Robins Kaplan secured a $6.8 billion settlement with Big Tobacco after a historic 15-week trial. *State of Minnesota and Blue Cross & Blue Shield of Minnesota v. Philip Morris Inc. et al.* (Minn.).  Robins Kaplan identified private equity firms' alleged conspiracy to suppress acquisition prices for target companies in leveraged buyouts and recovered nearly $600 million in settlements.  *Kirk Dahl, et al. v. Bain Capital Partners, LLC et al.* (D. Mass.). Robins Kaplan represented Best Buy in an action alleging a conspiracy to fix the prices

of cathode ray tubes, which were once integral components of televisions and computer monitors. The case concluded with settlements exceeding $300 million and a $22.5 million jury verdict against one defendant. *In re Cathode Ray Tube Antitrust Litigation* (N.D. Cal.). We have pursued this case with the same level of tenacity and effectiveness over the past 14 years and believe that the 2018 Settlement reflects those efforts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


June 7, 2019
Minneapolis, Minnesota

Thomas J. Undlin


89822478.1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720 Case No. 1:05-md-1720-JG-JO |
|---|---|
| This document refers to: All Actions | |

### DECLARATION OF THOMAS J. UNDLIN IN SUPPORT OF CLASS PLAINTIFFS' JOINT MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND CLASS PLAINTIFFS' AWARDS

I, Thomas J. Undlin, hereby declare under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the following is true and correct:

1.      I am a partner of the law firm of Robins, Kaplan, Miller & Ciresi L.L.P.

(RKM&C), Co-Lead Counsel in the above-captioned class action.  I submit this

Declaration in support of the Class Plaintiffs' Joint Motion for Award of Attorneys'

Fees, Expenses, and Class Plaintiffs' Awards ("Joint Motion") being submitted by Class

Counsel on behalf of themselves and all Class Supporting Counsel who worked on this

case. [1]

### INTRODUCTION

2.      In the first part of this Declaration I describe the work that Class Counsel did

in order to provide the Court with accurate and meaningful information about the

---

[1]      As defined in the Definitive Settlement Agreement, Class Counsel includes the Co-Lead Counsel firms of Robins, Kaplan, Miller & Ciresi L.L.P, Berger & Montague, P.C. and Robbins, Geller, Rudman & Dowd LLP.  The Court appointed the three firms Class Counsel in its Order granting preliminary approval on November 27, 2012.  A list that includes all Class Supporting Counsel is set forth in Exhibit A, attached hereto.

hourly work, billing rates, lodestar and out-of-pocket expenses incurred by all of the class counsel firms in prosecuting this case and submitted in support of the Joint Petition.  I supervised this work on behalf of RKM&C and was a member of a group of Class Counsel attorneys and additional leadership attorneys, Dennis Stewart and Joseph Goldberg, who organized and reviewed the time and expenses of all the law firms that performed work in this matter.[2]  In the second part of this Declaration I will describe what I and my staff did to review and prepare the RKM&C time and expense information for submission in support of the Joint Petition.

3.      Over the nearly nine-year duration of this case, beginning in the fall of 2004, 56 law firms, including hundreds of attorneys, paralegals, financial advisers, along with support staff, have worked to bring this case to a successful conclusion on behalf of the classes.  Many of these firms worked on the case for its entire duration, while other firms worked only during certain portions of that time.  Of the total lodestar for work performed, approximately 55% was completed by the three Class Counsel firms.  Twenty firms had a total lodestar of more than $1 million.  Of the total expenses submitted for reimbursement, the three Class Counsel firms incurred approximately 66% of these out-of-pocket costs.  Of the total expenses incurred by all firms, 61% was collected and spent via a Common Litigation Fund to pay for common expenses such as court reporters, electronic discovery hosting, and expert witness and consultant fees, among other common expenses.  For most of the Class Supporting Firms, their largest

---

[2] Mr. Goldberg and Mr. Stewart are with the firms of Freedman Boyd Hollander Goldberg Urias & Ward PA and Hulett Harper Stewart LLP, respectively, and worked with the Class Counsel firms as co-chairs of the Class Plaintiffs' Steering Committee.

reported expenses consist of contribution to the Common Litigation Fund. Class Counsel, and other more active firms, have incurred a significant amount of additional expenses, submitted for reimbursement for costs relating to experts and consultants, travel, copies, computer assisted research and the like.

## TIME AND EXPENSE MONITORING DURING LITIGATION

4.      Pursuant to Pretrial Order No. 5, entered on February 24, 2006, by Magistrate Judge Orenstein, Class Counsel established a procedure for the monthly reporting of time and expenses for all firms actively engaged in the case. This allowed Class Counsel to monitor the reported work of the firms, allocate work among the firms, and to understand on an ongoing basis the time and costs being billed. These monthly submissions included the identity of the timekeepers, the amount of time spent on tasks delineated by category and a cumulative running total of hours spent working on the case, the resulting lodestar and expenses incurred. These monthly submissions were made to Dennis Stewart's firm of Hulett Harper Stewart LLP, which then combined the individual reports into a master summary for distribution to the Class Counsel and executive leadership attorneys.

## HOW THE TIME AND EXPENSE REVIEW WAS CONDUCTED

5.      Upon preliminary approval of the Settlement by this Court's Order of November 27, 2012, Class Counsel constructed a systematic plan for the review of all time spent and expenses incurred by all of the class plaintiff firms to be submitted in support of the Joint Motion. Class Counsel determined that an appropriate time period for review and submission would be from the commencement of work on this case

through November 30, 2012 -- an end date that roughly coincided with preliminary approval of the Settlement.  In early 2013, Hulett Harper Stewart had prepared and distributed the master time and expense summary for the period ending December 31, 2012, which provided a starting reference of the combined time, lodestar and expense reported from the commencement of the case roughly through the time of preliminary approval of the Settlement, but before any line-by-line review conducted by each firm and the global review by Class Counsel for purposes of this submission.  This master time and expense summary, while incomplete due to some delay in reporting among some firms, reflects cumulative time spent of just over 500,000 hours and a total cumulative lodestar of more than $180 million. The total of out-of-pocket costs reported in this pre-review summary was approximately $27.4 million.  Based on these preliminary totals, the average hourly rate across all firms for this matter was approximately $360.

6.     Recognizing that the monthly cumulative reports would provide only an approximate and incomplete snapshot, Class Counsel, on December 19, 2012, sent a letter to all participating firms requesting that they make a thorough and detailed review of all time and expenses, re-submit their summaries for the time period ending on November 30, 2012, and provide all detailed backup materials that they relied on. This letter set forth specific criteria to apply to the review by a responsible partner from each firm and requested supplemental information relating to attorneys who worked on the case.  These criteria included:

83829308.1

- The time must have been actually spent, accurately described, contemporaneously recorded, and devoted to work directed or authorized by Class Counsel, and directed to advancing the interests of the class;

- Time recorded for "read and review" should be eliminated except that which was necessary to a specific assignment by Class Counsel;

- Eliminate inadvertent duplicate entries or entries for time (or expenses) which should have been billed to another matter or any time that was billed also to any similar cases;

- The time must be reasonable in amount for the work;

- The time must describe with sufficient specificity the task performed;

- The hourly rate must be reasonable, that is it must be the hourly rate normally charged by the lawyer or paralegal for similar work for clients who pay by the hour, or, if the firm works only or primarily on contingent matters, the hourly rate must be rates previously approved by a court as part of a fee petition (including when such rates are submitted as part of a lodestar cross-check) or be reasonable compared to comparable hourly rates for lawyers in the firm's city or the forum city with comparable experience for comparable tasks;

- The work must have been commensurate with the attorney's level of experience. Shareholders should not bill substantial time for work better-suited for associates, and associates should not bill substantial time for work better-suited for paralegals;

- Time spent recording, reporting or monitoring your time and expenses, or time that will be spent preparing any fee petition materials should not be included; and

- Time devoted to filing or other ministerial tasks cannot be billed.

The letter also directed each firm to examine and submit with backup the expenses that they had incurred according to the same criteria as described above relating to time submissions. They were further directed to reduce airfare travel expenses to coach fare equivalents, if necessary, and to remove alcohol expenses from any meal reimbursement request.

7.    After receiving and reviewing the initial submissions in January and early February, 2013, Class Counsel requested that all firms revisit their time and expense submissions to meet additional objective criteria. With respect to reported time, all firms were instructed to confirm

that their time was reported at *historical* billing rates (with a summary at current rates) and to provide summaries for each active timekeeper with their billing rates and biographies of their experience.  In addition, all firms were instructed to:

- Remove all entries by timekeepers with fewer than 10 hours total;

- Remove all entries by summer associates, summer interns and summer document clerks;

- Reduce by a minimum of 50% any pure travel time where substantive work on the case was not also being performed;

- Reduce any time entry in excess of 15 hours in a single day, and to scrutinize for appropriateness all entries where time was between 9-15 hours; and

- For pure document review attorneys, reduce any time entry in excess of 10 hours for a single day to 10 hours or less as appropriate.

With respect to reported litigation expenses all firms were instructed to:

- Reduce any first class travel to a coach fare equivalent;

- Reduce single meal expenses to no more than $75 per person;

- Remove any alcohol expense from meal submissions either specifically identified, or where not separately stated on the bill, but it is believed alcohol was consumed, then reduce the bill by 15%;

- Reduce hotel phone charges, if any, by 50%; and

- Remove miscellaneous personal expenses such as mini bar, laundry service, fitness center charges and the like.

8.    After receiving the further revised time and expense submissions by the firms, a team of Class Counsel and executive leadership attorneys met and performed a preliminary review of the time and expense submissions.  Each attorney who participated in this review has been active in the leadership and day-to-day direction of work in this case since its inception. Among other things, the review group undertook a sample review of three firms and planned the

- 6 -

logistics of a more detailed review and made assignments of specific firms to specific reviewers to assess whether the submissions met the established criteria and were consistent with the leadership's understanding of the tasks that each of the firms were asked to perform during the course of the litigation.  In addition, the review group examined the disparities in billing rates among firms, for like timekeepers, to better understand the impact of geographical differences and firm characteristics on those rates and to further understand the nature and breadth of pure document review attorneys (and their various billing rates by locality) to determine whether a certain maximum rate should be employed across all firms – both for employed associates and any outside contract attorneys who primarily reviewed documents.  From this examination, Class Counsel determined that the hourly rates for employed associate attorneys utilized primarily for document review would be capped at $350 per hour.  Outside contract attorneys utilized for document review were capped at a rate of four times the hourly rate at which they were hired.

9.      Thereafter, over a period of three weeks, each firm's backup material was reviewed by the leadership group to assess the tasks performed, the personnel deployed for those tasks, whether the timekeepers' deployment and hourly rate were appropriate for the task, and whether the criteria established by the leadership was followed.  If appropriate, the leadership reviewers made adjustments to time and expense submission to comply with our billing criteria, including billing limitations on document review attorneys.  Aside from the rate cap on document review attorneys, Class Counsel did not attempt to normalize billing rates across all firms, preferring instead to later consider billing rate disparity due to geographic locales and firm characteristics in order to make a fair allocation among all firms of any fee award by the Court.

10.     At the conclusion of the detailed review by the leadership, each firm was notified of any adjustments the leadership intended to make in the time and expense submissions for

purposes of supporting the Joint Motion.  Each firm was also asked to provide a declaration

describing their role in the case and attesting to the fact that a responsible partner of the firm had

performed a review of their time and expense submissions according to the criteria established

by Class Counsel before the final leadership review.  Those declarations have been collected by

Class Counsel and will be submitted upon request if the Court so desires.

11.     Recognizing the difficulty of reviewing the time and expense submissions of 56

different firms, over a period as long as nine years, with different backup detailed billing

software platforms, Class Counsel has retained the outside accounting firm of

CliftonLarsonAllen LLP to perform an additional review of all of class firms' time and expense

materials to ensure that they meet the objective criteria established by the leadership.  Class

Counsel intend to submit the results of this additional outside audit with any other final

submissions in support of the Joint Motion in advance of the Final Approval Hearing on

September 12, 2013.

**TIME AND EXPENSE TOTALS IN SUPPORT OF THE JOINT MOTION**

12.     As a result of the comprehensive review and adjustment process described above, the

total lodestar being submitted in support of the Attorneys' Fee Award requested in the Joint

Motion is $161,681,596.07.  This lodestar represents work performed from the inception of this

case through the end of November 2012 at *historical* rates and after all adjustments.  This

represents a reduction of $13,926,968.09, or approximately 7.93%, from the total lodestar

reported before the leadership group review and application of document review attorney rate

caps described above.  Attached to this Declaration as <u>Exhibit A</u> is a chart reflecting the total

lodestar and the amount of downward adjustments made by the leadership group.

13.    As a result of the comprehensive review and adjustment process described above, the total out-of-pocket costs being submitted for an Expense Award in the Joint Motion is $27,037,716.97.  This total was reduced from an initial reported total cost amount of $28,194,968.68 and represents a 4.10% reduction overall and a $1,157,251.71 savings to the class for out-of-pocket costs advanced on its behalf.  Attached to this Declaration as Exhibit B is a chart reflecting the total out-of-pocket costs expended and incurred by the class counsel firms on behalf of the classes by category of expense, from inception through November 30, 2012.

## COMMON LITIGATION FUND

14.    In order to pool the resources of the class firms for purposes of paying the primary and common vendors, such as expert witnesses and consultants, the electronic discovery repository and search database, court reporters and other common costs, Class Counsel established a Common Litigation Fund, which was administered by RKM&C.  While the Common Litigation Fund was the primary vehicle to pay for large common costs, some class firms, in particular Class Counsel, had additional expenditures to cover common costs, such as when there was a timing gap between the need to pay common costs and subsequent assessments to replenish the Common Litigation Fund.  The total disbursements paid from and costs incurred by the Common Litigation Fund, from inception through November 2012, are reflected in Exhibit C attached to this Declaration.  The amounts disbursed from the Common Litigation Fund, by category description and specific vendors, are reflected in Exhibit D hereto.

15.    The amounts expended through the Common Litigation Fund are subsumed within the overall out-of-pocket expenses requested in support of the Joint Motion.  In other words, expenses that consist of contributions to the Common Litigation Fund are accounted for and are reflected in the individual and rolled-up expense claims of each of the class firms.  Attached as

Exhibit E is a chart showing the firm-by-firm contributions to the Common Litigation Fund. The only exception to this approach is that Class Plaintiffs owe a total of $790,399.76 for expert consultant work and electronic discovery repository services incurred, but not yet paid, through November 2012. This amount is included in the expense total for all firms in support of an Expense Award. These additional expenses, if awarded, will be distributed proportionally to those class firms who have contributed funds through future assessments to pay these outstanding invoices.

## CLASS PLAINTIFFS' AWARDS

16.    Class Counsel seek payment of Class Plaintiffs' Awards, as defined in ¶1(n) of the Definitive Class Settlement Agreement, to Class Plaintiffs for their exceptional service to the classes in bringing this matter to a successful conclusion and in recognition of the thousands of hours devoted to this matter. These efforts included meetings with counsel, attending court hearings and settlement conferences, responding to at least two rounds of written discovery requests, locating and providing over one million pages of documents in response to Defendants' 135 document requests (with subparts), and preparing for and providing testimony in 35 depositions. I further refer the Court to the individual declarations of the nine Class Plaintiffs describing their efforts, submitted in support of Final Approval and for a Class Plaintiffs' Award.

17.    In recognition of the Class Plaintiffs' service to the classes, Class Counsel seek a total of $1,800,000.00 from the Class Settlement Cash Escrow Fund to be distributed equally among the nine Class Plaintiffs. This Class Plaintiffs' Award is within the amount identified in the long-form notice to the Rule 23(b)(3) Settlement Class.

## TIME AND EXPENSE REVIEW BY RKM&C

83829308.1

18.    In order to ensure that the RKM&C time submission in support of the Joint Motion was accurate, I personally reviewed the firm's detailed billing reports, generated monthly, for the entire duration of this case.  I reviewed every time entry to ensure that the amount of time spent on the work was reasonable, that the rate billed for the work was reasonable given both the nature of the work being done and the seniority level of the attorney or paralegal doing the work, that the amount of detail provided in support of the time entry was sufficient, and that the work being done was in furtherance of the Classes' interests.  All of the hourly rates used by RKM&C are our normal hourly rates that we charge *per diem* clients.  All of the timekeepers who worked on this case were partners, associates or normally employed professionals, except for 8 staff attorney contractors that we hired during a period of heavy document review.  With the help of our internal accounting staff, I also made adjustments to ensure that all of the reported time met the criteria established by Class Counsel as set forth in Paragraphs 6-7, above, and to account for the appropriate document review attorney rate caps established by Class Counsel as described in Paragraph 8, above.

19.    In order to ensure that the RKM&C expense submission in support of the Joint Motion was accurate, I personally reviewed all of the out-of-pocket cost entries reflected in the firm's detailed billing reports for the entire duration of the case to confirm that such costs were reasonable and expended in furtherance of the Classes' interests.  I worked with our legal administrative assistants and our internal accounting department to make a detailed review of the submitted expenses to ensure that they complied with the objective criteria established by Co-Lead Counsel as set forth in Paragraphs 6-7, above.

20.    With regard to out-of-pocket costs for meals, my legal assistant and I conducted a detailed reviewed of each meal over $75 to confirm the number of people attending, the dates

- 11 -

and purpose of the meals and to determine if any alcohol was served during those meals (in the evening for example).  In those instances where there was no detailed backup information to confirm the number of attendees, the bill was reduced to no more than $75.  In those instances where the backup receipt showed that alcoholic beverages were ordered, those items were further removed from the cost entry.  For evening meals over $75, and where there was no itemization of what was ordered, the bill was automatically reduced by 15% to account for the possibility that alcohol was ordered.

21.    With regard to airline travel, we conducted a detailed analysis of those airline tickets purchased for purposes of this litigation.  As a rule, and pursuant to firm policy, coach class tickets are purchased for all business travel.  One exception is that lead counsel for the firm, Craig Wildfang, purchased first class or "up-fare" coach tickets in the later years of the case to ensure first class travel space for health reasons.  Mr. Wildfang has had three back surgeries during the course of this litigation.  According to our firm travel agent "up-fare" tickets are purchased as a coach class ticket and automatically upgraded to first class and appear on the itinerary as a first class ticket; however, these tickets are not purchased at a first class rate but rather at a coach class rate, and often at a less expensive rate than a full coach fare.  Our research found that two other attorneys working on this matter may have purchased "up-fare" or first class tickets to ensure working space while on a flight.  As a conservative adjustment, we reduced all airline ticket costs incurred by these attorneys by 25%.

22.    RKM&C has represented the class on a contingency fee basis and, to date, has not received any fees or any reimbursement of expenses.  RKM&C has performed legal services and incurred and paid expenses subsequent to November 30, 2012, and will continue to do so.

RKM&C reserves the right to submit its subsequent lodestar and expenses to the Court as a supplement to the current Joint Motion.

23.    The detailed billing records of RKM&C for time spent prosecuting this case and the resulting lodestar, from September 2004 through November 2012, and *before* any adjustments based on the reviews described above, reflect that hourly billing timekeepers worked a total of 140,605 hours on the case for a total invested lodestar in the amount of $39,555,121.00.  This is based on *historical* rates.

24.    After making adjustments based on our detailed review described in Paragraphs 6-8, above, the total hours claimed by RKM&C are 134,530.29 and the total RKM&C lodestar at *historical* rates submitted in support of an Attorneys' Fee Award is $37,720,072.00.  This represents a lodestar *reduction* of $1,835,049.00, or approximately 4.46% of the initial lodestar total.  If *current* (2012) rates were applied to all of the time worked over the duration of the case, the total lodestar for RKM&C would be approximately $44 million.  Attached as Exhibit F is a printout from our billing system that reflects the timekeepers who worked on the case, along with their title, billing rates, summary of hours worked, and lodestar generated.  A full printout of RKM&C's time records is available and will be made available to outside auditors.

25.    The RKM&C lodestar (after downward adjustment) does not include any time spent prosecuting this case after November 30, 2012, and it does not include any estimates for future time to be incurred in seeking final approval, handling any appeals or administering the Settlement.  The total also does not include any time that has been undertaken by me or other RKM&C personnel to prepare the Joint Motion or to collect, review and analyze any of the other Class Supporting Counsel billing reports.  I personally have spent over 300 hours reviewing the RKM&C detailed billing reports and other class firms' submissions to make the adjustments to

- 13 -

time and expenses described herein.  My legal administrative assistant and many other people in our accounting department have spent many additional hours in this effort.

26.    Attached as <u>Exhibit G</u> to this Declaration is a detailed breakdown by category of the out-of-pocket costs paid by RKM&C, after adjustment, for this case from September 2004 through November 2012, totaling $7,018,362.18.  These out-of-pocket costs include expenditures for contributions to the Common Litigation Fund as assessed by Class Counsel, direct payments to experts and consultants beyond the common fund, and direct disbursements for travel, computer assisted research, photocopies and the like.  This expense total has been *reduced* from the sum of $7,165,672.03 invested by the firm as a result of our detailed review and application of objective criteria and adjustments described above.  The amount of the reduction represents a $147,309.85 savings to the class, or approximately 2.10% of the gross expenses invested by RKM&C.  A full printout of RKM&C's costs is available and will be made available to outside auditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:     Minneapolis, Minnesota.
           April 11, 2013


                                        *s/Thomas J. Undlin*
                                        Thomas J. Undlin


- 14 -

83829308.1

# Exhibit A

| In Re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION Master Lodestar Report | | |
|---|---|---|
| **FIRM NAME** | **Original Lodestar** | **Final Lodestar** |
| Robins Kaplan Miller & Ciresi LLP | $ 39,555,121.00 | $ 37,720,072.00 |
| Robbins Geller Rudman & Dowd LLP | $ 32,399,916.75 | $ 31,021,205.50 |
| Berger & Montague, PC | $ 23,737,517.55 | $ 20,550,516.30 |
| Friedman Law Group LLP | $ 9,667,342.95 | $ 9,596,329.15 |
| Lockridge Grindal & Nauen PLLP | $ 9,381,268.75 | $ 9,254,268.75 |
| Scott + Scott | $ 7,739,736.50 | $ 6,501,101.40 |
| Pomerantz Haudeck Grossman & Gross LLP | $ 5,188,915.75 | $ 5,120,364.50 |
| Reinhardt Wendorf & Blanchfield | $ 4,424,457.10 | $ 3,661,453.60 |
| Hulett Harper Stewart LLP | $ 4,053,257.17 | $ 3,630,378.00 |
| Abraham Fruchter & Twersky LLP | $ 4,223,095.00 | $ 3,261,037.00 |
| Freedman Boyd Hollander  Goldberg & Ives, PA | $ 3,330,110.75 | $ 3,098,101.50 |
| Murray Frank & Sailer LLP | $ 3,893,347.50 | $ 2,761,095.40 |
| Labaton Sucharow & Rudoff LLP | $ 2,784,826.50 | $ 2,548,360.70 |
| Fine Kaplan & Black RPC | $ 2,538,099.50 | $ 2,409,153.50 |
| Edelson & Associates, LLC | $ 2,045,756.00 | $ 1,880,015.00 |
| Lieff Cabraser Heiman & Bernstein | $ 1,516,067.50 | $ 1,478,119.50 |
| Ross Dixon & Bell LLP | $ 1,389,233.00 | $ 1,387,128.00 |
| Boni & Zack LLC | $ 1,439,525.25 | $ 1,245,913.25 |
| Gustafson Gluek PLLC | $ 1,229,370.00 | $ 1,229,370.00 |
| Bonnett Fairbourn Friedman & Balint, PC | $ 941,085.00 | $ 925,817.50 |
| Chitwood Harley  Harnes LLP | $ 834,741.24 | $ 834,646.24 |
| Shepherd Finkelman Miller & Shah LLLC | $ 841,540.50 | $ 833,898.50 |
| Chestnut & Cambronne PA | $ 1,346,841.00 | $ 820,259.00 |
| Bernard M. Gross, PC | $ 969,752.50 | $ 754,171.25 |
| Law Offices of David Balto | $ 883,340.00 | $ 715,019.00 |
| Mager & Goldstein LLP | $ 676,807.50 | $ 667,882.50 |
| Roda Nast PC | $ 615,878.75 | $ 615,878.75 |
| Barrack Rodos & Bacine | $ 642,753.75 | $ 603,857.75 |
| Spector Roseman & Kodroff, PC | $ 936,106.25 | $ 596,239.00 |
| Ann D. White Law Offices PC | $ 526,790.00 | $ 491,125.50 |
| Kohn Swift & Graf, PC | $ 493,481.00 | $ 489,813.50 |
| Stueve Siegel Hanson LLP | $ 468,311.50 | $ 459,063.50 |
| Gray & White | $ 453,142.50 | $ 453,142.50 |
| Milberg Weiss LLP | $ 415,258.75 | $ 395,836.25 |
| Drubner Hartley & O'Connor LLC | $ 389,154.00 | $ 385,554.00 |
| Steyer Lowenthal Boodrookas et al. | $ 424,430.00 | $ 381,748.13 |

| FIRM NAME | Original Lodestar | Final Lodestar |
|---|---|---|
| Weinstein Kitchenoff & Asher LLC | $ 443,001.00 | $ 374,801.00 |
| Finkelstein Thompson LLP | $ 339,307.00 | $ 328,122.50 |
| Jaffe & Martin | $ 323,881.25 | $ 323,881.25 |
| Roberts Law Firm | $ 377,107.50 | $ 310,613.50 |
| Giskan & Solotaroff | $ 293,609.00 | $ 287,185.00 |
| Foote Meyers Mielke & Flowers LLC | $ 316,701.50 | $ 258,376.50 |
| Goldman Scarlato & Karon PC | $ 208,878.00 | $ 147,884.00 |
| Starr Gern Davison & Rubin PC | $ 183,257.50 | $ 146,558.75 |
| Koskoff Koskoff & Bieder, PC | $ 138,797.00 | $ 138,797.00 |
| Richard L. Jasperson PA | $ 115,367.00 | $ 115,367.00 |
| Whatley Drake & Kallas  LLC | $ 83,415.00 | $ 83,415.00 |
| Law Office of Bruce Levinson | $ 75,650.00 | $ 75,650.00 |
| Wolf Popper LLP | $ 69,142.00 | $ 69,142.00 |
| Stein, Jerald M. Law Offices | $ 67,379.15 | $ 67,379.15 |
| Cuneo Gilbert & LaDuca LLP | $ 61,387.50 | $ 61,387.50 |
| The Beasly Firm LLC | $ 55,135.00 | $ 55,135.00 |
| Markun Zusman & Compton LLP | $ 37,910.00 | $ 37,910.00 |
| Krause Kalfayan Benink & Slavens, LLP | $ 8,080.00 | $ 8,080.00 |
| Law Offices of Philip A. Steinberg | $ 7,225.00 | $ 7,225.00 |
| Law Office of John McCarthy | $ 6,750.00 | $ 6,750.00 |
| **TOTALS** | **$ 175,608,359.16** | **$ 161,681,596.07** |

**Total Final Lodestar**                          $   161,681,596.07
**Total Reductions (post-Leadership review)**     $     13,926,968.09
**Percentage Reduced**                                            7.93%

Exhibit B

## In Re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION
## MASTER EXPENSE REPORT

**All Firms - Totaled by Category**
REPORTING PERIOD: **Inception through November 30, 2012**

| DESCRIPTION | CUMULATIVE EXPENSES | |
|---|---|---|
| Litigation Fund | $ | 15,985,860.00 |
| Commercial Copies (outside source) | $ | 299,422.36 |
| Internal Copies | $ | 864,816.58 |
| Court Fees | $ | 38,779.48 |
| Court Reporters and Transcripts | $ | 63,968.33 |
| Computer Research (Lexis/Westlaw, etc.) | $ | 744,921.20 |
| Database Charges | $ | 430,960.79 |
| Telephone/Facsimile | $ | 44,561.89 |
| Postage/Express Delivery/Messenger, etc. | $ | 188,719.14 |
| Professional Fees (expert, investigator, accountant, etc.) | $ | 4,019,579.44 |
| Witness/Service Fees | $ | 20,726.90 |
| Travel (Hotel, Airfare, Meals, etc.) | $ | 3,534,405.09 |
| Miscellaneous/Other | $ | 10,596.01 |
| **SUBTOTAL** | **$** | **26,247,317.21** |
| *Amounts Incurred and Owing to Vendors Through Nov. 30, 2012 (Experts, Computer Data Storage)* | *$* | *790,399.76* |
| **TOTAL** | **$** | **27,037,716.97** |

| | | |
|---|---|---|
| **2012 (pre-review) Expense Total:** | **$** | **28,194,968.68** |
| **TOTAL REDUCTION** | **$** | **1,157,251.71** |
| **Percentage Reduced** | | **4.10%** |

Exhibit C

| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION LITIGATION FUND MASTER EXPENSE REPORT BY CATEGORY | |
|---|---|
| **REPORTING PERIOD:  Through November 30, 2012** | |
| | |
| **DESCRIPTION** | **CUMULATIVE EXPENSES** |
| Computer Data Storage Fees | $2,699,855.84 |
| Commercial Copies (Outside Source) | $201,842.31 |
| Court Reporters and Transcripts | $1,892,315.89 |
| Computer Research (Lexis/Westlaw) | $1,716.75 |
| Long Distance Telephone (SoundPath) | $22,407.27 |
| Professional Fees (Experts, Investigators, Accountants, Consultants) | $12,467,299.95 |
| Witness/Service Fees | $2,349.15 |
| Miscellaneous/Other | $175,517.04 |
| | $17,463,304.20 |

Exhibit D

**IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST LITIGATION
LITIGATION FUND MASTER EXPENSE REPORT
BY VENDOR**

**REPORTING PERIOD: Through November 30, 2012**

| VENDOR NAME | CATEGORY OF EXPENSE | TOTAL PAID |
|---|---|---|
| First Nationwide Legal Service | Witness/Service Fees | $781.00 |
| Allan R. Sherman, CSR, RPR | Court Reporters and Transcripts | $908.55 |
| Anthony M. Mancuso | Court Reporters andTranscripts | $374.49 |
| Barrister Copy Solutions, LLC/Barrister Digital Solutions | Computer Data Storage Fees | $673.88 |
| Barrister Reporting Service, Inc. | Court Reporters and Transcripts | $484,732.07 |
| Burton H. Sulzer | Court Reporters and Transcripts | $1,939.22 |
| Charisse Kitt, RPR, FCRR | Court Reporters and Transcripts | $98.25 |
| CHS Inc. | Commercial Copies | $4,157.09 |
| Civil Action Group d/b/a APS International, Ltd. | Witness/Service Fees | $1,343.15 |
| Class Action Research & Litigation Supp. Services, Inc. | Computer Data Storage Fees | $4,253.60 |
| Coherent Economics, LLC (Alan Frankel, Expert) | Professional Fees | $1,770,654.96 |
| Communications Strategies Northwest | Professional Fees | $46,805.30 |
| Compass Lexecon (Expert) | Professional Fees | $7,615,413.84 |
| D&D Process Services, Inc. (Service of Process) | Witness/Service Fees | $225.00 |
| Depo International | Court Reporters and Transcripts | $3,248.75 |
| Diane Molas, RPR, CSRs | Court Reporters and Transcripts | $398.70 |
| Digital Media Productions, Ltd. | Court Reporters and Transcripts | $95,620.00 |
| Doerner & Goldberg, Inc. | Court Reporters and Transcripts | $49,002.15 |
| Drinker Biddle & Reath, LLP | Professional Fees | $24,661.22 |
| Driven | Commercial Copies | $2,449.69 |
| Encore Discovery Solutions/Encore Legal Solutions | Computer Data Storage | $2,100,899.82 |
| Esquire Solutions (Document Coding) | Commercial Copies | $2,443.28 |
| Financial Markets Analysis, LLC (Expert) | Professional Fees | $51,976.44 |
| Freeman & Mills (Expert) | Professional Fees | $226,175.25 |
| Gene Rudolph | Court Reporters and Transcripts | $757.50 |
| GSB Inc. | Commercial Copies | $3,332.41 |
| Henry R. Shapiro | Court Reporters and Transcripts | $174.90 |
| Herbert Hovenkamp (Expert) | Professional Fees | $34,800.00 |
| Hinshaw & Culbertson LLP (Expert) | Professional Fees | $3,463.38 |
| Hollis Driscoll (Document Coding) | Commercial Copies | $103.74 |
| Ikon Office Solutions (Document Coding) | Commercial Copies | $567.30 |
| Innovative Discovery | Computer Data Storage | $1,126.26 |
| IS&T Staffing Group LLC (Temporaries) | Miscellaneous/Other | $16,163.50 |
| James H. Gilbert Law Group, PLLC (Expert) | Professional Fees | $27,510.00 |
| JAMS, Inc. (Mediator) | Professional Fees | $185,472.60 |
| Jonathan R. Macey (Expert) | Professional Fees | $128,172.70 |
| Joseph Farrell Economics LLC (Expert) | Professional Fees | $7,937.00 |
| K&B Copy Group, Inc.; K&B Document Technologies | Commercial Copies | $31,420.17 |
| Legal Reprographics Inc. | Computer Data Storage | $45,850.34 |
| LegalLink, Inc. | Court Reporters and Transcripts | $1,240,075.47 |
| Leon's Transmission Service, Inc. | Commercial Copies | $700.68 |
| LexisNexis CaseSoft/LexisNexis Discovery Serv. | Computer Data Storage | $48,913.65 |
| Lisa Schmid, CCR, RMR | Court Reporters and Transcripts | $471.84 |
| Litigation Support Services | Court Reporters and Transcripts | $1,119.32 |
| LitiNomics, Inc. (Expert) | Professional Fees | $915,931.30 |
| Livenote, Inc. | Court Reporter and Transcripts | $210.00 |
| LRI Esquire (Document Coding) | Commercial Copies | $1,084.03 |

| VENDOR NAME | CATEGORY OF EXPENSE | TOTAL PAID |
|---|---|---|
| Luther Consulting LLC (Consultant - Bill Luther) | Professional Fees | $322,882.00 |
| Marathon Document Solutions, Inc. | Computer Data Storage | $803.11 |
| Marie Foley, RPR, CRR | Court Reporters and Transcripts | $2,375.12 |
| Marsha Diamond | Court Reporters and Transcripts | $907.02 |
| McKinsey & Company | Commercial Copies | $143,913.82 |
| Michele Nardone, CSR RPR CRR | Court Reporters and Transcripts | $39.38 |
| Morrison & Foerster LLP (Mediation Hosting) | Professional Fees | $937.50 |
| N&A Consulting LLC (Expert) | Professional Fees | $5,067.37 |
| National Data Conversion Institute | Computer Research | $1,716.75 |
| Nicole M. Warren | Court Reporters and Transcripts | $98.28 |
| NightOwl Document Management Services | Commercial Copies | $3,001.62 |
| Palma Advisors LLC (Expert) | Professional Fees | $209,483.55 |
| Pitney Bowes Management Services | Computer Data Storage | $210,037.22 |
| Resolutions, LLC (Mediator) | Professional Fees | $209,532.42 |
| Robins, Kaplan, Miller & Ciresi LLP (Reimbursement for WebEx with State Ags) | Miscellaneous/Other | $529.98 |
| Ronald E. Tolkin (Official Court Reporter) | Court Reporters and Transcripts | $2,073.90 |
| Sheldon Silverman | Court Reporters and Transcripts | $564.98 |
| Shepherd Data Services, Inc. | Computer Data Storage | $5,002.70 |
| Skyline Legal Technologies | Commercial Copies | $7,507.37 |
| SoundPath Conferencing (Conference Calls) | Long Distance Telephone/Mobile Pho | $22,407.27 |
| SourceMedia (Publications) | Miscellaneous/Other | $9,641.00 |
| Spectra Images, Inc. | Commercial Copies | $785.11 |
| Stirewalt & Associates Video | Court Reporters and Transcripts | $2,137.71 |
| The Nilson Report (Publications) | Miscellaneous/Other | $995.00 |
| TransAction Resources (Expert) | Professional Fees | $12,785.00 |
| TSG Reporting, Inc. | Court Reporters and Transcripts | $2,030.75 |
| Tsongas Litigation Consulting | Professional Fees | $97,265.94 |
| UHY Advisors FLVS | Miscellaneous/Other | $148,187.56 |
| Vanderelst Everaert Witters & Lamal (Consultant) | Professional Fees | $4,254.40 |
| Veritext LLC | Court Reporters and Transcripts | $2,378.70 |
| Victor Fleischer (Expert) | Professional Fees | $55,750.00 |
| Victoria Torres Court Reporting | Court Reporters and Transcripts | $578.84 |
| William B. Meyer | Commercial Copies | $376.00 |
| Xact Data Discovery | Computer Data Storage | $2,263.28 |
|  |  | $16,672,904.44 |
| **AMOUNTS INCURRED AND OWING TO VENDORS THROUGH NOV. 30, 2012** | | |
| Encore | Computer Data Storage | $280,031.98 |
| Coherent Economics (Expert) | Professional Fees | $91,735.03 |
| Compass Lexecon (Expert) | Professional Fees | $418,632.75 |
|  |  | $790,399.76 |
|  | **Grand Total** | **$17,463,304.20** |

Exhibit E

**In Re PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST LITIGATION
LITIGATION FUND CONTRIBUTION REPORT**

FIRM NAME: **MASTER REPORT**
REPORTING PERIOD: **Through November 30, 2012**

| FIRM NAME | CONTRIBUTIONS TO LITIGATION FUND |
|---|---|
| Abraham Fruchter & Twersky LLP | $398,000.00 |
| Ann D. White Law Offices PC | $33,500.00 |
| Barrack Rodos & Bacine | $53,000.00 |
| Berger & Montague, PC | $3,390,000.00 |
| Bernard M. Gross, PC | $15,000.00 |
| Boni & Zack LLC | $135,000.00 |
| Bonnett Fairbourn Friedman & Balint, PC | $136,500.00 |
| Chestnut & Cambronne PA | $109,000.00 |
| Chitwood Harley  Harnes LLP | $94,000.00 |
| Drubner Hartley & O'Connor LLC | $20,000.00 |
| Edelson & Associates, LLC | $202,500.00 |
| Fine Kaplan & Black RPC | $187,500.00 |
| Finkelstein Thompson LLP | $38,500.00 |
| Foote Meyers Mielke & Flowers LLC | $47,500.00 |
| Freedman Boyd Hollander  Goldberg & Ives, PA | $244,860.00 |
| Friedman Law Group LLP | $805,000.00 |
| Giskan & Solotaroff | $42,500.00 |
| Goldman Scarlato & Karon PC | $25,500.00 |
| Gray & White | $35,000.00 |
| Gustafson Gluek PLLC | $175,000.00 |
| Hulett Harper Stewart LLP | $375,000.00 |
| Kohn Swift & Graf, PC | $30,000.00 |
| Koskoff Koskoff & Bieder, PC | $93,000.00 |
| Labaton Sucharow & Rudoff LLP | $352,000.00 |
| Lieff Cabraser Heiman & Bernstein | $155,000.00 |
| Lockridge Grindal & Nauen PLLP | $825,000.00 |
| Mager & Goldstein LLP | $22,500.00 |
| Milberg Weiss LLP | $15,000.00 |
| Murray Frank & Sailer LLP | $457,500.00 |
| Pomerantz Haudeck Grossman & Gross LLP | $497,000.00 |
| Reinhardt Wendorf & Blanchfield | $567,500.00 |
| Richard L. Jasperson PA | $17,500.00 |
| Robbins Geller Rudman & Dowd LLP | $2,740,000.00 |
| Roberts Law Firm | $20,000.00 |
| Robins Kaplan Miller & Ciresi LLP | $2,590,000.00 |

| FIRM NAME | CONTRIBUTIONS TO LITIGATION FUND |
|---|---|
| Roda Nast PC | $166,500.00 |
| Ross Dixon & Bell LLP | $30,000.00 |
| Scott + Scott | $460,000.00 |
| Shepherd Finkelman Miller & Shah LLLC | $63,000.00 |
| Spector Roseman & Kodroff, PC | $113,500.00 |
| Starr Gern Davison & Rubin PC | $30,500.00 |
| Stein, Jerald M. Law Offices | $10,000.00 |
| Steyer Lowenthal Boodrookas Alvarez & Smith LLP | $40,000.00 |
| Stueve Siegel Hanson LLP | $40,000.00 |
| The Beasly Firm LLC | $10,000.00 |
| Weinstein Kitchenoff & Asher LLC | $47,500.00 |
| Whatley Drake & Kallas  LLC | $20,000.00 |
| Wolf Popper LLP | $10,000.00 |
| **TOTAL CONTRIBUTIONS** | **$15,985,860.00** |

Exhibit F

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| | | | | Data | |
|---|---|---|---|---|---|
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| ABBEY, ROSS A. (02098 ) | Associate | 2006 | 185 | 648.3 | $119,935.50 |
| | | 2007 | 225 | 644.8 | $145,080.00 |
| | | 2008 | 255 | 2,009.9 | $512,524.50 |
| | | 2009 | 270 | 700.4 | $189,108.00 |
| ABBEY, ROSS A. (02098 ) Total | | | | 4,003.4 | $966,648.00 |
| ABORLLEILE, LIZETTE B. (02052 ) | Paralegal | 2006 | 135 | 195.0 | $26,325.00 |
| ABORLLEILE, LIZETTE B. (02052 ) Total | | | | 195.0 | $26,325.00 |
| ALCAZAR, GERARDO (02099 ) | Associate | 2011 | 310 | 47.3 | $14,663.00 |
| ALCAZAR, GERARDO (02099 ) Total | | | | 47.3 | $14,663.00 |
| ALLEN, DANIEL S. (02573 ) | Associate | 2011 | 215 | 109.4 | $23,521.00 |
| ALLEN, DANIEL S. (02573 ) Total | | | | 109.4 | $23,521.00 |
| ALTON, LARINA A. (02657 ) | Associate | 2011 | 275 | 10.1 | $2,777.50 |
| ALTON, LARINA A. (02657 ) Total | | | | 10.1 | $2,777.50 |
| AMBORN, CHAD R. (02004 ) | Graphics | 2006 | 150 | 9.0 | $1,350.00 |
| | | 2007 | 150 | 13.1 | $1,965.00 |
| | | 2008 | 160 | 12.0 | $1,920.00 |
| AMBORN, CHAD R. (02004 ) Total | | | | 34.1 | $5,235.00 |
| ARMAN, PEGGY (01800 ) | Paralegal | 2004 | 120 | 1.0 | $120.00 |
| | | 2005 | 140 | 394.0 | $55,160.00 |
| | | 2006 | 140 | 1,287.3 | $180,222.00 |
| | | 2007 | 150 | 2,043.2 | $306,480.00 |
| | | 2008 | 160 | 2,197.8 | $351,648.00 |
| | | 2009 | 160 | 937.9 | $150,064.00 |
| | | 2010 | 160 | 844.5 | $135,120.00 |
| | | 2011 | 170 | 753.8 | $128,146.00 |
| | | 2012 | 170 | 115.0 | $19,550.00 |
| ARMAN, PEGGY (01800 ) Total | | | | 8,574.5 | $1,326,510.00 |
| BALTO, DAVID A. (02140 ) | Partner | 2004 | 460 | 83.1 | $38,226.00 |
| | | 2005 | 480 | 812.2 | $389,856.00 |
| | | 2006 | 500 | 662.4 | $331,200.00 |
| BALTO, DAVID A. (02140 ) Total | | | | 1,557.7 | $759,282.00 |
| BANKS, LINDA J. (02078 ) | Edisc Consult | 2006 | 150 | 54.5 | $8,175.00 |
| | | 2007 | 160 | 62.8 | $10,048.00 |
| | | 2008 | 175 | 99.2 | $17,360.00 |
| | | 2009 | 175 | 13.5 | $2,362.50 |
| | | 2010 | 175 | 14.2 | $2,485.00 |
| | | 2011 | 200 | 17.5 | $3,500.00 |
| BANKS, LINDA J. (02078 ) Total | | | | 261.7 | $43,930.50 |
| BASSETT, DEANNA K. (02599 ) | Technical Advis | 2010 | 265 | 521.1 | $138,091.50 |
| | | 2011 | 275 | 24.2 | $6,655.00 |
| | | 2012 | 275 | 2.4 | $660.00 |
| BASSETT, DEANNA K. (02599 ) Total | | | | 547.7 | $145,406.50 |
| BELLINGHAM, ROBERT C. (02020 ) | Lit. Support | 2006 | 85 | 22.4 | $1,904.00 |
| | | 2007 | 90 | 48.6 | $4,374.00 |
| | | 2008 | 90 | 13.4 | $1,206.00 |
| BELLINGHAM, ROBERT C. (02020 ) Total | | | | 84.4 | $7,484.00 |
| BERRY, JARED (02459 ) | Technical Advis | 2007 | 120 | 105.2 | $12,624.00 |
| | | 2008 | 120 | 247.0 | $29,640.00 |
| | | | 150 | 357.6 | $53,640.00 |
| | | 2009 | 150 | 27.6 | $4,140.00 |
| | | | 195 | 44.9 | $8,755.50 |
| | | 2010 | 210 | 308.3 | $64,743.00 |
| | | 2011 | 215 | 121.0 | $26,015.00 |
| | | 2012 | 215 | 4.0 | $860.00 |
| BERRY, JARED (02459 ) Total | | | | 1,215.6 | $200,417.50 |
| CALM, JESSE M. (02196 ) | Law Clerk | 2006 | 195 | 234.1 | $45,649.50 |
| | | 2007 | 200 | 703.9 | $140,780.00 |
| | | 2008 | 235 | 1,626.6 | $382,251.00 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| | | | | Data | |
|---|---|---|---|---|---|
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| CALM, JESSE M. (02196 ) | Law Clerk | 2009 | 255 | 1,218.1 | $310,615.50 |
| | | 2010 | 260 | 1,640.8 | $426,608.00 |
| | | 2011 | 260 | 275.2 | $71,552.00 |
| CALM, JESSE M. (02196 ) Total | | | | 5,698.7 | $1,377,456.00 |
| CARROLL, GEORGE D. (02101 ) | Associate | 2005 | 185 | 43.1 | $7,973.50 |
| | | 2006 | 195 | 646.7 | $126,106.50 |
| | | 2007 | 225 | 1,484.5 | $334,012.50 |
| | | 2008 | 255 | 1,875.2 | $478,176.00 |
| | | 2009 | 270 | 809.4 | $218,538.00 |
| | | 2010 | 260 | 101.8 | $26,468.00 |
| | | | 295 | 1.3 | $383.50 |
| | | 2011 | 310 | 76.0 | $23,560.00 |
| | | 2012 | 355 | 15.3 | $5,431.50 |
| CARROLL, GEORGE D. (02101 ) Total | | | | 5,053.3 | $1,220,649.50 |
| CIRESI, JENNIFER K. (02292 ) | Associate | 2008 | 210 | 22.9 | $4,809.00 |
| CIRESI, JENNIFER K. (02292 ) Total | | | | 22.9 | $4,809.00 |
| CIRESI, MICHAEL V. (00078 ) | Partner | 2004 | 600 | 0.5 | $300.00 |
| | | 2005 | 600 | 15.5 | $9,300.00 |
| | | 2006 | 700 | 6.7 | $4,690.00 |
| CIRESI, MICHAEL V. (00078 ) Total | | | | 22.7 | $14,290.00 |
| CORVERA, KATHY R. (01209 ) | Paralegal | 2011 | 180 | 12.5 | $2,250.00 |
| CORVERA, KATHY R. (01209 ) Total | | | | 12.5 | $2,250.00 |
| CROW, BENJAMIN B. (02439 ) | STAFF ATTORNEY | 2007 | 204 | 661.1 | $134,864.40 |
| | | 2008 | 204 | 1,717.6 | $350,390.40 |
| | | 2009 | 204 | 159.0 | $32,436.00 |
| CROW, BENJAMIN B. (02439 ) Total | | | | 2,537.7 | $517,690.80 |
| CRUMLEY, ROBERT M (02684 ) | Edisc Tech Spec | 2011 | 100 | 95.5 | $9,550.00 |
| | | 2012 | 100 | 6.0 | $600.00 |
| CRUMLEY, ROBERT M (02684 ) Total | | | | 101.5 | $10,150.00 |
| CYR, SHIRLEY A. (01563 ) | Paralegal | 2006 | 140 | 16.5 | $2,310.00 |
| | | 2007 | 150 | 1,005.5 | $150,825.00 |
| | | 2008 | 160 | 2,033.9 | $325,424.00 |
| | | 2009 | 160 | 220.9 | $35,344.00 |
| | | 2010 | 160 | 43.0 | $6,880.00 |
| | | 2011 | 170 | 639.4 | $108,698.00 |
| | | 2012 | 170 | 45.3 | $7,701.00 |
| CYR, SHIRLEY A. (01563 ) Total | | | | 4,004.5 | $637,182.00 |
| DESAI, REENA I. (02454 ) | Associate | 2008 | 210 | 58.6 | $12,306.00 |
| | | 2009 | 235 | 12.5 | $2,937.50 |
| DESAI, REENA I. (02454 ) Total | | | | 71.1 | $15,243.50 |
| DIEKMANN, MARK (02331 ) | Technical Advis | 2007 | 175 | 270.3 | $47,302.50 |
| | | 2008 | 195 | 184.8 | $36,036.00 |
| | | 2009 | 225 | 288.9 | $65,002.50 |
| | | 2010 | 225 | 148.1 | $33,322.50 |
| | | 2011 | 230 | 2.2 | $506.00 |
| DIEKMANN, MARK (02331 ) Total | | | | 894.3 | $182,169.50 |
| DINGLE, KAREN L. (02447 ) | STAFF ATTORNEY | 2007 | 204 | 637.3 | $130,009.20 |
| | | 2008 | 204 | 1,776.5 | $362,406.00 |
| | | 2009 | 204 | 136.0 | $27,744.00 |
| DINGLE, KAREN L. (02447 ) Total | | | | 2,549.8 | $520,159.20 |
| EMAMALI, TOWANA J. (02057 ) | Paralegal | 2006 | 160 | 264.7 | $42,344.00 |
| | | 2007 | 175 | 112.6 | $19,696.25 |
| EMAMALI, TOWANA J. (02057 ) Total | | | | 377.2 | $62,040.25 |
| ERICKSON, BRENDA R. (02432 ) | Proj Review Aty | 2007 | 204 | 844.8 | $172,339.20 |
| | | 2008 | 204 | 1,884.1 | $384,356.40 |
| | | 2009 | 204 | 158.3 | $32,293.20 |
| ERICKSON, BRENDA R. (02432 ) Total | | | | 2,887.2 | $588,988.80 |
| EVANS, JANET (00367 ) | Partner | 2005 | 400 | 18.2 | $7,280.00 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

|  |  |  |  | Data | |
| --- | --- | --- | --- | --- | --- |
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| EVANS, JANET (00367 ) | Partner | 2006 | 415 | 2.9 | $1,203.50 |
|  |  | 2007 | 425 | 96.2 | $40,885.00 |
|  |  | 2008 | 450 | 516.4 | $232,380.00 |
|  |  | 2009 | 450 | 94.4 | $42,480.00 |
| EVANS, JANET (00367 ) Total |  |  |  | 728.1 | $324,228.50 |
| FALLA, JULIAN B. (02189 ) | Paralegal | 2007 | 90 | 136.1 | $12,249.00 |
|  |  | 2008 | 100 | 211.8 | $21,180.00 |
|  |  | 2009 | 100 | 357.1 | $35,710.00 |
| FALLA, JULIAN B. (02189 ) Total |  |  |  | 705.0 | $69,139.00 |
| FINEGAN, MICHAEL S. (02367 ) | Technical Advis | 2007 | 175 | 64.2 | $11,235.00 |
| FINEGAN, MICHAEL S. (02367 ) Total |  |  |  | 64.2 | $11,235.00 |
| FONG, HEATHER Y. (02612 ) | Associate | 2011 | 310 | 56.9 | $17,639.00 |
| FONG, HEATHER Y. (02612 ) Total |  |  |  | 56.9 | $17,639.00 |
| FUHRKEN, LISL (01059 ) | Edisc Analyst | 2006 | 95 | 2.7 | $256.50 |
|  |  | 2007 | 100 | 16.6 | $1,660.00 |
|  |  | 2008 | 110 | 2.0 | $220.00 |
|  |  | 2011 | 175 | 13.3 | $2,327.50 |
| FUHRKEN, LISL (01059 ) Total |  |  |  | 34.6 | $4,464.00 |
| GARRETT, MPATANISHI S. TAYARI (02263 ) | Associate | 2006 | 220 | 10.4 | $2,288.00 |
|  |  | 2008 | 270 | 937.8 | $253,206.00 |
|  |  | 2009 | 285 | 282.0 | $80,370.00 |
| GARRETT, MPATANISHI S. TAYARI (02263 ) Total |  |  |  | 1,230.2 | $335,864.00 |
| GARROD, CHERYL S. (01178 ) | Paralegal | 2007 | 150 | 103.1 | $15,465.00 |
|  |  | 2008 | 160 | 1,149.7 | $183,952.00 |
|  |  | 2009 | 160 | 690.5 | $110,480.00 |
|  |  | 2010 | 160 | 67.5 | $10,800.00 |
|  |  | 2011 | 170 | 9.7 | $1,649.00 |
|  |  | 2012 | 170 | 23.6 | $4,012.00 |
| GARROD, CHERYL S. (01178 ) Total |  |  |  | 2,044.1 | $326,358.00 |
| GASSMAN-PINES, JENNY (02198 ) | Associate | 2009 | 255 | 20.1 | $5,125.50 |
| GASSMAN-PINES, JENNY (02198 ) Total |  |  |  | 20.1 | $5,125.50 |
| GRAHAM, GREGORY (01964 ) | Paralegal | 2007 | 120 | 154.3 | $18,516.00 |
|  |  | 2008 | 130 | 60.1 | $7,813.00 |
|  |  | 2009 | 130 | 611.6 | $79,508.00 |
|  |  | 2010 | 130 | 349.7 | $45,461.00 |
|  |  | 2011 | 135 | 325.0 | $43,875.00 |
|  |  | 2012 | 135 | 152.5 | $20,587.50 |
| GRAHAM, GREGORY (01964 ) Total |  |  |  | 1,653.2 | $215,760.50 |
| GROTHMAN, COREY J. (02649 ) | Technical Advis | 2010 | 105 | 131.5 | $13,807.50 |
| GROTHMAN, COREY J. (02649 ) Total |  |  |  | 131.5 | $13,807.50 |
| GUERRIER, PASCALE (02186 ) | Associate | 2007 | 295 | 26.3 | $7,758.50 |
| GUERRIER, PASCALE (02186 ) Total |  |  |  | 26.3 | $7,758.50 |
| HART, NYAH K. (02357 ) | Terminated | 2008 | 125 | 10.5 | $1,312.50 |
| HART, NYAH K. (02357 ) Total |  |  |  | 10.5 | $1,312.50 |
| HATCH, THOMAS B. (00202 ) | Partner | 2007 | 425 | 764.9 | $325,082.50 |
|  |  | 2008 | 430 | 1,705.6 | $733,408.00 |
|  |  | 2009 | 430 | 207.5 | $89,225.00 |
|  |  | 2010 | 430 | 11.0 | $4,730.00 |
|  |  | 2011 | 500 | 0.8 | $400.00 |
| HATCH, THOMAS B. (00202 ) Total |  |  |  | 2,689.8 | $1,152,845.50 |
| HERNANDEZ, CYNTHIA C. (02394 ) | Associate | 2009 | 210 | 225.6 | $47,376.00 |
|  |  | 2010 | 205 | 1,109.3 | $227,406.50 |
|  |  | 2011 | 215 | 1,195.5 | $257,032.50 |
|  |  | 2012 | 275 | 9.5 | $2,612.50 |
| HERNANDEZ, CYNTHIA C. (02394 ) Total |  |  |  | 2,539.9 | $534,427.50 |
| HOFFMANN, MARCUS (01703 ) | Paralegal | 2007 | 150 | 16.5 | $2,475.00 |
| HOFFMANN, MARCUS (01703 ) Total |  |  |  | 16.5 | $2,475.00 |
| HOLDEN, CRAIG E. (01927 ) | Associate | 2005 | 340 | 33.1 | $11,254.00 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| | | | | Data | |
|---|---|---|---|---|---|
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| HOLDEN, CRAIG E. (01927 ) | Associate | 2006 | 360 | 1.4 | $504.00 |
| | | 2007 | 395 | 339.4 | $134,063.00 |
| HOLDEN, CRAIG E. (01927 ) Total | | | | 373.9 | $145,821.00 |
| HUDLESTON, SARAH E. (02463 ) | Associate | 2008 | 260 | 292.0 | $75,920.00 |
| | | 2009 | 260 | 15.4 | $4,004.00 |
| | | | 270 | 492.2 | $132,894.00 |
| | | 2010 | 330 | 427.9 | $141,207.00 |
| | | 2011 | 355 | 484.2 | $171,891.00 |
| | | 2012 | 355 | 2.7 | $958.50 |
| HUDLESTON, SARAH E. (02463 ) Total | | | | 1,714.4 | $526,874.50 |
| IBRAHIM, SHUKRI D (02685 ) | Edisc Tech Spec | 2011 | 125 | 256.9 | $32,112.50 |
| | | 2012 | 125 | 25.5 | $3,187.50 |
| IBRAHIM, SHUKRI D (02685 ) Total | | | | 282.4 | $35,300.00 |
| JADOO, AMELIA (02449 ) | Associate | 2007 | 200 | 525.5 | $105,100.00 |
| | | 2008 | 200 | 15.9 | $3,180.00 |
| | | | 235 | 1,688.7 | $396,844.50 |
| | | 2009 | 255 | 1,076.8 | $274,584.00 |
| | | 2010 | 260 | 608.6 | $158,236.00 |
| | | 2011 | 310 | 1,030.1 | $319,331.00 |
| | | 2012 | 310 | 0.4 | $124.00 |
| JADOO, AMELIA (02449 ) Total | | | | 4,946.0 | $1,257,399.50 |
| JOHNSON, CHERYL D. (02286 ) | Paralegal | 2006 | 175 | 51.9 | $9,082.50 |
| JOHNSON, CHERYL D. (02286 ) Total | | | | 51.9 | $9,082.50 |
| JOHNSON, LUKE S. (02533 ) | Paralegal | 2008 | 45 | 22.0 | $990.00 |
| | | 2009 | 45 | 3.0 | $135.00 |
| | | | 50 | 8.5 | $425.00 |
| JOHNSON, LUKE S. (02533 ) Total | | | | 33.5 | $1,550.00 |
| JONES, T. MONIQUE (02270 ) | Associate | 2007 | 350 | 21.3 | $7,455.00 |
| JONES, T. MONIQUE (02270 ) Total | | | | 21.3 | $7,455.00 |
| KADLEC, HEIDI Q. (02347 ) | Miscellaneous | 2007 | 120 | 282.1 | $33,852.00 |
| KADLEC, HEIDI Q. (02347 ) Total | | | | 282.1 | $33,852.00 |
| KASTAMA, CHRISTIE A. (02635 ) | Paralegal | 2010 | 55 | 128.6 | $7,073.00 |
| KASTAMA, CHRISTIE A. (02635 ) Total | | | | 128.6 | $7,073.00 |
| KEMMIS, GREG (01458 ) | Lit. Support | 2006 | 85 | 14.0 | $1,190.00 |
| | | 2007 | 90 | 2.6 | $234.00 |
| | | 2008 | 90 | 55.5 | $4,995.00 |
| KEMMIS, GREG (01458 ) Total | | | | 72.1 | $6,419.00 |
| KREIN, JENNIFER (02379 ) | Technical Advis | 2007 | 150 | 425.5 | $63,825.00 |
| | | 2008 | 175 | 38.5 | $6,737.50 |
| | | 2009 | 175 | 58.5 | $10,237.50 |
| | | 2010 | 175 | 350.5 | $61,337.50 |
| | | 2011 | 185 | 244.3 | $45,195.50 |
| | | 2012 | 185 | 15.5 | $2,867.50 |
| KREIN, JENNIFER (02379 ) Total | | | | 1,132.8 | $190,200.50 |
| KROHN, MATTHEW S. (02431 ) | STAFF ATTORNEY | 2007 | 204 | 835.7 | $170,482.80 |
| | | 2008 | 204 | 188.5 | $38,454.00 |
| KROHN, MATTHEW S. (02431 ) Total | | | | 1,024.2 | $208,936.80 |
| KRUEGER, BETHANY (01746 ) | Associate | 2005 | 265 | 121.7 | $32,261.10 |
| | | 2006 | 300 | 337.5 | $101,250.00 |
| | | 2007 | 330 | 61.7 | $20,361.00 |
| KRUEGER, BETHANY (01746 ) Total | | | | 520.9 | $153,872.10 |
| KUHLMAN, CHRISTOPHER J. (02200 ) | Associate | 2007 | 200 | 214.7 | $42,940.00 |
| | | 2008 | 235 | 526.8 | $123,798.00 |
| KUHLMAN, CHRISTOPHER J. (02200 ) Total | | | | 741.5 | $166,738.00 |
| LARSON, MICHAEL (02470 ) | Paralegal | 2008 | 80 | 78.0 | $6,240.00 |
| | | 2009 | 80 | 46.9 | $3,752.00 |
| LARSON, MICHAEL (02470 ) Total | | | | 124.9 | $9,992.00 |
| LEETE, SARAH (02462 ) | Terminated | 2007 | 44 | 134.0 | $5,896.00 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| | | | | Data | |
|---|---|---|---|---|---|
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| LEETE, SARAH (02462 ) | Terminated | 2008 | 44 | 1,483.5 | $65,274.00 |
| | | 2009 | 44 | 63.0 | $2,772.00 |
| LEETE, SARAH (02462 ) Total | | | | 1,680.5 | $73,942.00 |
| LEWIS, LAURICE (01536 ) | Paralegal | 2007 | 195 | 647.9 | $126,340.50 |
| | | 2008 | 205 | 1,202.3 | $246,471.50 |
| | | 2009 | 205 | 360.6 | $73,923.00 |
| | | 2010 | 205 | 140.8 | $28,864.00 |
| LEWIS, LAURICE (01536 ) Total | | | | 2,351.6 | $475,599.00 |
| LITTLE, JAMES F. (02440 ) | STAFF ATTORNEY | 2007 | 204 | 610.8 | $124,603.20 |
| | | 2008 | 204 | 18.5 | $3,774.00 |
| LITTLE, JAMES F. (02440 ) Total | | | | 629.3 | $128,377.20 |
| LOCKNER, ANNE M. (01797 ) | Partner | 2004 | 230 | 9.9 | $2,277.00 |
| | | 2005 | 265 | 274.3 | $72,689.50 |
| | | 2006 | 300 | 527.6 | $158,280.00 |
| | | 2007 | 330 | 178.7 | $58,954.50 |
| | | 2008 | 365 | 0.5 | $182.50 |
| | | 2010 | 365 | 0.8 | $292.00 |
| LOCKNER, ANNE M. (01797 ) Total | | | | 991.8 | $292,675.50 |
| LUECK, MARTIN R. (00218 ) | Partner | 2005 | 550 | 0.9 | $495.00 |
| | | 2008 | 650 | 98.3 | $63,895.00 |
| | | 2009 | 650 | 95.5 | $62,075.00 |
| | | 2010 | 650 | 55.7 | $36,205.00 |
| | | 2011 | 725 | 178.7 | $129,557.50 |
| | | 2012 | 725 | 228.1 | $165,372.50 |
| LUECK, MARTIN R. (00218 ) Total | | | | 657.2 | $457,600.00 |
| LUNDE, VICKI J. (02433 ) | STAFF ATTORNEY | 2007 | 204 | 853.4 | $174,093.60 |
| | | 2008 | 204 | 1,700.8 | $346,963.20 |
| | | 2009 | 204 | 139.0 | $28,356.00 |
| LUNDE, VICKI J. (02433 ) Total | | | | 2,693.2 | $549,412.80 |
| MADEL, CHRISTOPHER W. (01793 ) | Partner | 2005 | 400 | 57.0 | $22,800.00 |
| | | 2006 | 425 | 5.5 | $2,337.50 |
| | | 2009 | 450 | 9.5 | $4,275.00 |
| | | 2010 | 450 | 6.1 | $2,745.00 |
| | | 2011 | 500 | 0.9 | $450.00 |
| MADEL, CHRISTOPHER W. (01793 ) Total | | | | 79.0 | $32,607.50 |
| MAGNUSON, KEVIN M. (02269 ) | Associate | 2006 | 300 | 171.9 | $51,570.00 |
| | | 2007 | 330 | 180.5 | $59,565.00 |
| MAGNUSON, KEVIN M. (02269 ) Total | | | | 352.4 | $111,135.00 |
| MARTH, RYAN W. (02163 ) | Principal | 2004 | 180 | 143.5 | $25,830.00 |
| | | 2005 | 205 | 677.9 | $138,969.50 |
| | | 2006 | 235 | 1,189.5 | $279,532.50 |
| | | 2007 | 260 | 1,669.8 | $434,148.00 |
| | | 2008 | 285 | 2,062.6 | $587,841.00 |
| | | 2009 | 305 | 1,499.7 | $457,408.50 |
| | | 2010 | 330 | 1,346.8 | $444,444.00 |
| | | 2011 | 355 | 1,904.2 | $675,991.00 |
| | | 2012 | 355 | 782.3 | $277,716.50 |
| MARTH, RYAN W. (02163 ) Total | | | | 11,276.3 | $3,321,881.00 |
| MARVIN, GARY K. (00618 ) | Edisc Tech Spec | 2005 | 75 | 0.2 | $15.00 |
| | | 2006 | 85 | 0.2 | $17.00 |
| | | 2007 | 90 | 1.9 | $171.00 |
| | | 2009 | 100 | 0.6 | $60.00 |
| | | 2011 | 125 | 7.9 | $987.50 |
| MARVIN, GARY K. (00618 ) Total | | | | 10.8 | $1,250.50 |
| MCCAULEY, M. GINGER (02227 ) | Associate | 2006 | 325 | 791.0 | $257,075.00 |
| | | 2007 | 375 | 385.2 | $144,450.00 |
| MCCAULEY, M. GINGER (02227 ) Total | | | | 1,176.2 | $401,525.00 |
| MCELROY, HEATHER M (02011 ) | Associate | 2012 | 355 | 31.2 | $11,076.00 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| | | | | Data | |
|---|---|---|---|---|---|
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| MCELROY, HEATHER M (02011 ) Total | | | | 31.2 | $11,076.00 |
| MERRITT, KELLY (02284 ) | Technical Advis | 2007 | 105 | 9.0 | $945.00 |
| | | 2008 | 120 | 2.0 | $240.00 |
| | | 2009 | 120 | 2.5 | $300.00 |
| | | 2011 | 130 | 22.9 | $2,977.00 |
| | | 2012 | 130 | 4.5 | $585.00 |
| MERRITT, KELLY (02284 ) Total | | | | 40.9 | $5,047.00 |
| METCALFE, JONATHON A. (02133 ) | Paralegal | 2006 | 150 | 19.0 | $2,850.00 |
| | | 2007 | 160 | 5.1 | $816.00 |
| METCALFE, JONATHON A. (02133 ) Total | | | | 24.1 | $3,666.00 |
| MORRELL, AMY R. (02221 ) | Technical Advis | 2007 | 235 | 51.5 | $12,102.50 |
| | | 2008 | 250 | 48.7 | $12,175.00 |
| | | 2009 | 250 | 129.5 | $32,375.00 |
| | | 2010 | 265 | 26.1 | $6,916.50 |
| | | 2011 | 275 | 1.5 | $412.50 |
| MORRELL, AMY R. (02221 ) Total | | | | 257.3 | $63,981.50 |
| NAATZ, LISA K. (02471 ) | Technical Advis | 2007 | 225 | 40.4 | $9,090.00 |
| | | 2008 | 225 | 1,033.9 | $232,627.50 |
| | | 2009 | 225 | 55.8 | $12,555.00 |
| NAATZ, LISA K. (02471 ) Total | | | | 1,130.1 | $254,272.50 |
| NAEF, ANDREA K. (02344 ) | Associate | 2006 | 195 | 35.7 | $6,961.50 |
| | | 2007 | 225 | 38.9 | $8,752.50 |
| NAEF, ANDREA K. (02344 ) Total | | | | 74.6 | $15,714.00 |
| NELSON, LAURA E. (02415 ) | Associate | 2007 | 245 | 11.4 | $2,793.00 |
| NELSON, LAURA E. (02415 ) Total | | | | 11.4 | $2,793.00 |
| NIEDERKORN, ADAM M. (02520 ) | Support Staff | 2008 | 100 | 0.5 | $50.00 |
| | | 2010 | 110 | 4.0 | $440.00 |
| | | 2011 | 125 | 6.5 | $812.50 |
| NIEDERKORN, ADAM M. (02520 ) Total | | | | 11.0 | $1,302.50 |
| NOYAN, GEORGIA G. (02218 ) | Paralegal | 2005 | 100 | 46.6 | $4,655.00 |
| NOYAN, GEORGIA G. (02218 ) Total | | | | 46.6 | $4,655.00 |
| ODERO, ANDREW O. (02499 ) | Database Asst | 2008 | 85 | 19.0 | $1,615.00 |
| | | 2010 | 85 | 3.0 | $255.00 |
| ODERO, ANDREW O. (02499 ) Total | | | | 22.0 | $1,870.00 |
| ORLOFF, STEVEN K. (01306 ) | Partner | 2012 | 375 | 40.9 | $15,337.50 |
| ORLOFF, STEVEN K. (01306 ) Total | | | | 40.9 | $15,337.50 |
| ORSCHEL, BRADLEY, M. (02108 ) | Associate | 2005 | 185 | 193.4 | $35,779.00 |
| | | 2006 | 195 | 334.4 | $65,208.00 |
| | | 2007 | 225 | 257.3 | $57,892.50 |
| ORSCHEL, BRADLEY, M. (02108 ) Total | | | | 785.1 | $158,879.50 |
| OSBAND, RACHEL L. (02205 ) | Associate | 2006 | 195 | 105.9 | $20,650.50 |
| | | 2007 | 200 | 512.9 | $102,570.00 |
| | | 2008 | 235 | 1,184.5 | $278,357.50 |
| | | 2009 | 255 | 168.8 | $43,044.00 |
| | | 2010 | 260 | 1.2 | $312.00 |
| OSBAND, RACHEL L. (02205 ) Total | | | | 1,973.3 | $444,934.00 |
| O'SHAUGHNESSY, PATRICK E. (02336 ) | Associate | 2007 | 375 | 40.3 | $15,093.75 |
| O'SHAUGHNESSY, PATRICK E. (02336 ) Total | | | | 40.3 | $15,093.75 |
| PERKINS, MIRAN A. (02165 ) | Paralegal | 2004 | 100 | 5.0 | $500.00 |
| | | 2005 | 110 | 360.0 | $39,600.00 |
| PERKINS, MIRAN A. (02165 ) Total | | | | 365.0 | $40,100.00 |
| PETERMAN, CAROL M. (00980 ) | Paralegal | 2006 | 175 | 903.7 | $158,147.50 |
| | | 2007 | 190 | 724.8 | $137,712.00 |
| | | 2008 | 200 | 1.0 | $200.00 |
| PETERMAN, CAROL M. (00980 ) Total | | | | 1,629.5 | $296,059.50 |
| PIERCE, KELLY K. (02014 ) | Associate | 2006 | 220 | 20.9 | $4,598.00 |
| | | 2007 | 245 | 1.0 | $245.00 |
| PIERCE, KELLY K. (02014 ) Total | | | | 21.9 | $4,843.00 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| | | | | Data | |
|---|---|---|---|---|---|
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| PROVINZINO, LAURA M. (01955 ) | Associate | 2009 | 305 | 12.8 | $3,904.00 |
| PROVINZINO, LAURA M. (01955 ) Total | | | | 12.8 | $3,904.00 |
| RAGAINS, MEREDITH (01751 ) | Associate | 2009 | 365 | 65.4 | $23,871.00 |
| RAGAINS, MEREDITH (01751 ) Total | | | | 65.4 | $23,871.00 |
| REIF, MICHAEL (02207 ) | Associate | 2009 | 255 | 23.8 | $6,069.00 |
| REIF, MICHAEL (02207 ) Total | | | | 23.8 | $6,069.00 |
| RIEHL, DAMIEN (02231 ) | Associate | 2009 | 305 | 24.7 | $7,533.50 |
| | | 2010 | 295 | 0.1 | $29.50 |
| RIEHL, DAMIEN (02231 ) Total | | | | 24.8 | $7,563.00 |
| RIES, RONNIE J. (08156 ) | All Other | 2007 | 120 | 536.0 | $64,314.00 |
| | | 2008 | 120 | 143.4 | $17,208.00 |
| RIES, RONNIE J. (08156 ) Total | | | | 679.4 | $81,522.00 |
| RIGGS, DOUGLAS A. (01911 ) | Of Counsel | 2004 | 650 | 6.0 | $3,900.00 |
| | | 2005 | 650 | 46.0 | $29,900.00 |
| | | 2006 | 650 | 16.0 | $10,400.00 |
| | | 2007 | 650 | 4.0 | $2,600.00 |
| | | 2008 | 650 | 8.0 | $5,200.00 |
| RIGGS, DOUGLAS A. (01911 ) Total | | | | 80.0 | $52,000.00 |
| RIVENBURG, PAUL W. (00680 ) | Info. Services | 2006 | 85 | 3.5 | $297.50 |
| | | 2007 | 90 | 19.0 | $1,710.00 |
| | | 2008 | 100 | 4.8 | $480.00 |
| | | 2009 | 150 | 1.2 | $180.00 |
| RIVENBURG, PAUL W. (00680 ) Total | | | | 28.5 | $2,667.50 |
| ROCKWELL, KATHLEEN M. (02335 ) | Paralegal | 2006 | 100 | 8.0 | $800.00 |
| | | | 125 | 229.8 | $28,718.75 |
| ROCKWELL, KATHLEEN M. (02335 ) Total | | | | 237.8 | $29,518.75 |
| ROISUM, DARLA K. (02072 ) | Paralegal | 2007 | 150 | 105.5 | $15,825.00 |
| | | 2008 | 160 | 257.2 | $41,152.00 |
| ROISUM, DARLA K. (02072 ) Total | | | | 362.7 | $56,977.00 |
| ROSS, JENNIFER L. (02402 ) | All Other | 2007 | 45 | 265.3 | $11,938.50 |
| ROSS, JENNIFER L. (02402 ) Total | | | | 265.3 | $11,938.50 |
| SAFRANSKI, STEPHEN P. (01973 ) | Partner | 2012 | 425 | 38.3 | $16,277.50 |
| SAFRANSKI, STEPHEN P. (01973 ) Total | | | | 38.3 | $16,277.50 |
| SCHERMERHORN, SCOTT (01623 ) | Edisc Tech Spec | 2006 | 95 | 345.6 | $32,832.00 |
| | | 2007 | 100 | 778.6 | $77,860.00 |
| | | 2008 | 110 | 743.4 | $81,774.00 |
| | | 2009 | 110 | 103.6 | $11,396.00 |
| | | 2010 | 110 | 144.5 | $15,895.00 |
| | | 2011 | 125 | 111.5 | $13,937.50 |
| | | 2012 | 125 | 12.2 | $1,525.00 |
| SCHERMERHORN, SCOTT (01623 ) Total | | | | 2,239.4 | $235,219.50 |
| SCHRERO, LAUREN E. (02404 ) | Associate | 2009 | 235 | 37.5 | $8,812.50 |
| SCHRERO, LAUREN E. (02404 ) Total | | | | 37.5 | $8,812.50 |
| SEGELSTROM, SEAN G. (02478 ) | Technical Advis | 2008 | 120 | 196.9 | $23,628.00 |
| SEGELSTROM, SEAN G. (02478 ) Total | | | | 196.9 | $23,628.00 |
| SEIDL, SONYA (01771 ) | Associate | 2005 | 220 | 20.8 | $4,576.00 |
| | | 2006 | 250 | 154.8 | $38,700.00 |
| SEIDL, SONYA (01771 ) Total | | | | 175.6 | $43,276.00 |
| SLAUGHTER, STACEY P. (01987 ) | Partner | 2007 | 310 | 517.5 | $160,425.00 |
| | | 2008 | 340 | 1,066.4 | $362,576.00 |
| | | 2009 | 365 | 114.3 | $41,719.50 |
| | | 2010 | 365 | 2.5 | $912.50 |
| | | 2011 | 425 | 10.0 | $4,250.00 |
| SLAUGHTER, STACEY P. (01987 ) Total | | | | 1,710.7 | $569,883.00 |
| SMITH, CARL (01810 ) | Paralegal | 2006 | 110 | 12.3 | $1,347.50 |
| SMITH, CARL (01810 ) Total | | | | 12.3 | $1,347.50 |
| SMITH, ROGER S (02477 ) | Edisc Tech Spec | 2008 | 60 | 170.4 | $10,224.00 |
| | | 2009 | 60 | 20.8 | $1,248.00 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| | | | | Data | |
|---|---|---|---|---|---|
| Working Timekeeper | Title | Rate Year | Rate | Sum of Hours Billed | Sum of Fees Billed |
| SMITH, ROGER S (02477 ) | Edisc Tech Spec | 2010 | 60 | 5.8 | $348.00 |
| | | | 80 | 8.1 | $648.00 |
| | | 2011 | 100 | 3.2 | $320.00 |
| SMITH, ROGER S (02477 ) Total | | | | 208.3 | $12,788.00 |
| SPEARNAK, TAYLOR A. (02638 ) | Associate | 2010 | 330 | 28.3 | $9,339.00 |
| SPEARNAK, TAYLOR A. (02638 ) Total | | | | 28.3 | $9,339.00 |
| SUDEL, SAREN K. (02445 ) | Associate | 2007 | 260 | 301.6 | $78,416.00 |
| | | 2008 | 285 | 486.1 | $138,538.50 |
| SUDEL, SAREN K. (02445 ) Total | | | | 787.7 | $216,954.50 |
| SULLIVAN, CHRISTOPHER D. (02503 ) | Trial Consultan | 2011 | 150 | 12.5 | $1,875.00 |
| | | 2012 | 150 | 5.0 | $750.00 |
| SULLIVAN, CHRISTOPHER D. (02503 ) Total | | | | 17.5 | $2,625.00 |
| SURDO, PETER N. (02017 ) | Associate | 2005 | 185 | 12.3 | $2,275.50 |
| | | 2006 | 220 | 40.3 | $8,866.00 |
| SURDO, PETER N. (02017 ) Total | | | | 52.6 | $11,141.50 |
| THORSETT, JODELL (02452 ) | Lit. Support | 2007 | 40 | 47.6 | $1,904.00 |
| THORSETT, JODELL (02452 ) Total | | | | 47.6 | $1,904.00 |
| TIETJEN, RANDALL M. (00490 ) | Partner | 2005 | 325 | 1.5 | $487.50 |
| | | 2012 | 450 | 59.0 | $26,550.00 |
| TIETJEN, RANDALL M. (00490 ) Total | | | | 60.5 | $27,037.50 |
| TILLMON, LAKEESHA M. (02451 ) | Paralegal | 2009 | 100 | 31.5 | $3,150.00 |
| TILLMON, LAKEESHA M. (02451 ) Total | | | | 31.5 | $3,150.00 |
| TOOF, JACKSON D. (02264 ) | Associate | 2007 | 325 | 40.0 | $13,000.00 |
| TOOF, JACKSON D. (02264 ) Total | | | | 40.0 | $13,000.00 |
| TOWNE, JEFFERY M. (02043 ) | Paralegal | 2010 | 200 | 31.0 | $6,200.00 |
| TOWNE, JEFFERY M. (02043 ) Total | | | | 31.0 | $6,200.00 |
| TURRI, STEVEN M. (02448 ) | STAFF ATTORNEY | 2007 | 204 | 544.6 | $111,098.40 |
| TURRI, STEVEN M. (02448 ) Total | | | | 544.6 | $111,098.40 |
| UNDLIN, THOMAS J. (00329 ) | Partner | 2004 | 325 | 43.0 | $13,975.00 |
| | | 2005 | 350 | 922.8 | $322,980.00 |
| | | 2006 | 375 | 1,512.6 | $567,225.00 |
| | | 2007 | 385 | 1,345.3 | $517,940.50 |
| | | 2008 | 425 | 1,957.9 | $832,107.50 |
| | | 2009 | 425 | 1,701.2 | $723,010.00 |
| | | 2010 | 425 | 1,505.3 | $639,752.50 |
| | | 2011 | 500 | 1,493.9 | $746,950.00 |
| | | 2012 | 500 | 1,465.2 | $732,600.00 |
| UNDLIN, THOMAS J. (00329 ) Total | | | | 11,947.2 | $5,096,540.50 |
| VANDER SANDEN, KAREN (02441 ) | STAFF ATTORNEY | 2007 | 204 | 652.1 | $133,028.40 |
| | | 2008 | 204 | 288.4 | $58,833.60 |
| VANDER SANDEN, KAREN (02441 ) Total | | | | 940.5 | $191,862.00 |
| VEENSTRA, MATTHEW R. (02628 ) | Associate | 2011 | 215 | 157.0 | $33,755.00 |
| | | 2012 | 215 | 27.1 | $5,826.50 |
| VEENSTRA, MATTHEW R. (02628 ) Total | | | | 184.1 | $39,581.50 |
| WALLACE, LYZETTE M. (01932 ) | Associate | 2006 | 270 | 333.4 | $90,018.00 |
| | | 2007 | 325 | 142.6 | $46,345.00 |
| WALLACE, LYZETTE M. (01932 ) Total | | | | 476.0 | $136,363.00 |
| WASSER, BRADLEY A. (02260 ) | Law Clerk | 2006 | 90 | 607.3 | $54,657.00 |
| | | 2007 | 95 | 153.6 | $14,592.00 |
| | | | 125 | 86.6 | $10,818.75 |
| WASSER, BRADLEY A. (02260 ) Total | | | | 847.5 | $80,067.75 |
| WELLE, ADAM H. (02517 ) | Associate | 2011 | 215 | 16.9 | $3,633.50 |
| WELLE, ADAM H. (02517 ) Total | | | | 16.9 | $3,633.50 |
| WEXLER, SARA L. (02330 ) | Paralegal | 2006 | 80 | 205.2 | $16,416.00 |
| | | 2007 | 85 | 139.7 | $11,870.25 |
| WEXLER, SARA L. (02330 ) Total | | | | 344.9 | $28,286.25 |
| WILDFANG, K. CRAIG (01794 ) | Partner | 2004 | 425 | 104.0 | $44,200.00 |
| | | 2005 | 450 | 1,381.8 | $621,787.50 |

**RKMC**
**Interchange-123630.0000**
**Inception to 11/30/2012**

| Working Timekeeper | Title | Rate Year | Rate | Data Sum of Hours Billed | Sum of Fees Billed |
|---|---|---|---|---|---|
| WILDFANG, K. CRAIG (01794 ) | Partner | 2006 | 475 | 2,139.0 | $1,016,025.00 |
| | | 2007 | 525 | 2,112.3 | $1,108,931.25 |
| | | 2008 | 600 | 2,318.3 | $1,390,980.00 |
| | | 2009 | 600 | 1,779.2 | $1,067,520.00 |
| | | 2010 | 600 | 1,692.0 | $1,015,200.00 |
| | | 2011 | 675 | 1,509.6 | $1,018,980.00 |
| | | 2012 | 675 | 1,395.9 | $942,232.50 |
| WILDFANG, K. CRAIG (01794 ) Total | | | | 14,432.0 | $8,225,856.25 |
| WILLIAMS, ALFRED E. (02446 ) | Paralegal | 2007 | 75 | 278.8 | $20,910.00 |
| | | 2008 | 75 | 1,474.0 | $110,550.00 |
| | | 2009 | 75 | 309.5 | $23,212.50 |
| WILLIAMS, ALFRED E. (02446 ) Total | | | | 2,062.3 | $154,672.50 |
| WINKLER, MONICA (02358 ) | Technical Advis | 2007 | 120 | 216.6 | $25,992.00 |
| | | 2008 | 175 | 11.7 | $2,047.50 |
| | | 2009 | 175 | 55.7 | $9,747.50 |
| | | 2010 | 175 | 67.4 | $11,795.00 |
| | | 2011 | 190 | 6.6 | $1,254.00 |
| WINKLER, MONICA (02358 ) Total | | | | 358.0 | $50,836.00 |
| WORKMAN, KIM (01076 ) | Paralegal | 2007 | 160 | 1.5 | $240.00 |
| | | 2008 | 170 | 920.4 | $156,468.00 |
| | | 2009 | 170 | 254.1 | $43,197.00 |
| WORKMAN, KIM (01076 ) Total | | | | 1,176.0 | $199,905.00 |
| YIU, EDMOND Y. (02476 ) | Technical Advis | 2008 | 195 | 202.0 | $39,390.00 |
| | | 2009 | 195 | 24.5 | $4,777.50 |
| | | 2010 | 195 | 198.5 | $38,707.50 |
| YIU, EDMOND Y. (02476 ) Total | | | | 425.0 | $82,875.00 |
| ZABEL, ALEXANDER S. (02527 ) | Technical Advis | 2008 | 75 | 47.2 | $3,540.00 |
| ZABEL, ALEXANDER S. (02527 ) Total | | | | 47.2 | $3,540.00 |
| ZABEL, RICHARD R. (02144 ) | Technical Advis | 2006 | 300 | 0.5 | $150.00 |
| | | 2007 | 325 | 97.3 | $31,622.50 |
| | | 2008 | 350 | 173.4 | $60,690.00 |
| | | 2009 | 350 | 144.1 | $50,435.00 |
| | | 2010 | 350 | 51.3 | $17,955.00 |
| | | 2011 | 365 | 78.8 | $28,762.00 |
| | | 2012 | 365 | 7.7 | $2,810.50 |
| ZABEL, RICHARD R. (02144 ) Total | | | | 553.1 | $192,425.00 |
| Grand Total | | | | 134,530.29 | $37,720,071.60 |

# Exhibit G

In Re PAYMENT CARD INTERCHANGE FEE AND MERCHANT
DISCOUNT ANTITRUST LITIGATION
EXPENSE REPORT

FIRM NAME: **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

REPORTING PERIOD:  Through November 30, 2012

| DESCRIPTION | CUMULATIVE EXPENSES |
|---|---|
| Litigation Fund | $2,590,000.00 |
| Commercial Copies (outside source) | $124,851.21 |
| Internal Reproduction (Copies ) | $322,647.59 |
| Court Fees (Filing costs, etc.) | $1,788.20 |
| Court Reporters and Transcripts | $51,873.65 |
| Computer Research (Lexis/Westlaw) | $220,577.08 |
| Telephone/Fax | $5.00 |
| Long Distance Telephone/Mobile Phone | $8,012.70 |
| Postage/Express Delivery/Messenger | $84,433.39 |
| Professional Fees (expert, investigator, accountant, etc.) | $1,979,367.84 |
| Witness/Service Fees | $8,015.01 |
| Travel (Air Transportation, Ground Travel, Meals, Lodging, etc.) | $1,383,004.70 |
| Miscellaneous/Other/Computer Data Storage Fees | $243,785.81 |
| | $7,018,362.18 |

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document refers to: All Actions | MDL No. 1720<br>Case No. 1:05-md-1720-JG-JO |

**SUPPLEMENTAL DECLARATION OF THOMAS J. UNDLIN**

I, Thomas J. Undlin, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner of the law firm of Robins, Kaplan, Miller & Ciresi L.L.P. (RKM&C), Co-Lead Counsel in the above-captioned class action. I submit this Supplemental Declaration in support of the Class Plaintiffs' Joint Motion for Award of Attorneys' Fees, Expenses, and Class Plaintiffs' Awards ("Joint Motion").

2.      As I described in my original Declaration [Dkt. No. 2113-2], submitted on April 11, 2013, Class Counsel recognized the difficulty of reviewing the time and expense submissions of 56 different firms, over a period of eight years, with different billing software platforms. In addition, Class Counsel wanted an independent third party to review the time of the three Co-Lead Counsel firms. Thus, Class Counsel retained the outside accounting firm of CliftonLarsonAllen LLP ("CLA") to perform an additional review of all of class firms' time and expense materials to ensure that they meet the objective criteria established by the leadership. These criteria were described

in Paragraphs 6 and 7 of my original Declaration.  With the completion of the CLA review, the time and expense records of law firms that worked on this matter have been reviewed three times – first by a responsible partner for the submitting firms, second by Class Counsel leadership attorneys on a line-by-line basis, and third by CLA.

3.      The report by CLA is attached as Exhibit A to this Declaration.  As described in its report, CLA performed a "forensic data analysis" on the time and expense detail submitted by all of the law firms who worked on the case on behalf of the class.  CLA started by combining all of the data into a uniform and normalized database and then imported that database into "IDEA," which is forensic data analysis and interrogation software.

4.      CLA then compared the results of its analysis with the "Master Lodestar Report" and the "Master Expense Report," both of which were previously submitted as Exhibits A and B to my original Declaration (showing the reductions taken after Co-Lead Counsel's review).  CLA performed this exercise to ensure the integrity of the data reported in the summaries for the original amounts recorded, the reductions taken, and the final reported amounts for both lodestar and out-of-pocket expenses.  In those circumstances where the numbers reported by counsel in the "Master" reports, including reductions taken, did not match the original detailed billing records and reduction memos supplied to CLA by counsel, Class Counsel and CLA met to discuss the differences and make appropriate reconciliations based on a further review of the background billing and adjustment information.

5.       After completing and reconciling the dataset, CLA performed a series of queries on the data to test and ensure compliance with the objective criteria established by Class Counsel, described in Paragraphs 6 and 7 of my initial Declaration.

6.       Based on CLA's forensic data analysis, Class Counsel has determined that additional lodestar reductions totaling $689,960.60, applied to each of 32 class counsel firms, are necessary to correct certain mathematical errors in our initial review and to account for other adjustments that should have been but were not made to comply with the objective criteria established by Class Counsel.

7.       A summary of the additional reductions is set forth on page 5 of the CLA report.  The largest adjustment, a reduction of approximately $393,000, is for "adjusted billing rates."  The bulk of this relates to the lodestar of one firm that was erroneously reported by Class Counsel at current rates, rather than at historical rates that were used by all other firms.  Other adjustments reflected in the CLA report related to mathematical errors, erroneous duplicate entries, and the like, that were not captured by Class Counsel in their review—indeed, the very purpose of CLA's engagement.

8.       There were no reductions in Class Counsel's report of out-of-pocket expenses based on the CLA review. Thus, Class Counsel maintains their request for out-of-pocket costs of $27,037,716.97 as set forth in my original Declaration (Exh. B), submitted on April 11, 2013.

9.       A new chart reflecting the original lodestar, adjustments made by Class Counsel, and further adjustments based on the CLA review, reported on a firm-by-firm basis, is attached as an exhibit to the CLA report.  The total of these final lodestar

3

adjustments reflect the additional reduction of $689,960.60, beyond the initial reduction of $13,926,763.09 taken by Class Counsel before the CLA review.  The total lodestar submitted by Class Counsel, after all reductions is:  $160,991,635.47.

10.     Class Counsel also asked CLA to perform a calculation of the average billing rates of all timekeepers at all of the class firms who performed work on this matter.  This analysis is found on page 5 of the CLA report and reflected below:

| Position | # of Time Entries | Average Billing Rate |
|---|---|---|
| Partner | 37,778 | $536 |
| Of Counsel | 2,798 | $469 |
| Attorney | 4,908 | $431 |
| Associate | 31,860 | $319 |
| Project Attorney | 8,142 | $306 |
| Principal | 2,037 | $287 |
| Staff Attorney | 3,340 | $264 |
| Technical Advisor | 1,991 | $232 |
| Law Clerk | 1,622 | $217 |
| Contract Attorney | 6,114 | $200 |
| Paralegal | 11,308 | $165 |

Class Counsel believe that these averages reflect reasonable market rates for the type of work performed in a case of this magnitude and complexity.

11.     Finally, CLA analyzed the total professional fees and hours expended by the class firms, by year, for the time period of 2004 through 2012.  CLA's analysis is

4

reflected on page 7 of its report. The bell-shaped curve reflects what one would expect to be the heavy working period on the case in 2007-2009, when class plaintiffs were engaged in heavy document discovery and review, depositions of fact witnesses, expert discovery, class certification motion practice, and summary judgment motion practice. In addition, the reduction in "total hours" relative to the static "total professional fees" shown for 2012, as compared to 2011, reflects the fact that senior partners in the Class Counsel firms were primarily involved in the settlement negotiations that predominated in 2012.

12.     Beyond the many hundreds of hours Class Counsel devoted to reviewing the lodestar and expense data submitted to the Court in April 2013, CLA has now expended approximately 400 hours performing its forensic data analysis on the time and expense detail submitted by all of the law firms who worked on the case on behalf of the class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:      Minneapolis, Minnesota.
            August 16, 2013

                                    _s/Thomas J. Undlin_
                                    Thomas J. Undlin

# Exhibit A



CliftonLarsonAllen LLP
CLAconnect.com

August 15, 2012


Thomas J. Undlin
Partner
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015


Dear Mr. Undlin:


CliftonLarsonAllen, LLP ("CLA") was engaged by co-lead counsel Robins, Kaplan, Miller & Ciresi
L.L.P., Berger & Montague, P.C., and Robbins Geller Rudman & Dowd LLP ("Co-Lead Counsel") in
connection with *the In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
(MDL-1720). We were retained to conduct a forensic data analysis review of professional fees and
expenses related to the litigation. CLA performed forensic data analysis on the time and expense
detail of each of the class counsel firms who submitted fee and expense data in support of Class
Counsel's request to the Court for attorneys' fees and expense awards. The results of the analyses
were generated fairly and objectively. CLA's findings were shared with the Co-Lead Counsel who
ultimately decided on what adjustments should be made concerning the fees and expenses
provided by the 56 class plaintiff firms and submitted to the Court.

CLA has performed this engagement in accordance with Statement on Standards for Consulting
Services No. 1 as promulgated by the American Institute of Certified Public Accountants ("AICPA").
Our work did not involve any analysis of accounting records, and as such our engagement did not
constitute an audit in accordance with generally accepted auditing standards, an examination of
internal controls, or any other attestation or review service in accordance with standards
established by the AICPA.

This purpose of this report is to disseminate CLA's findings related to the fee and expense
reduction results related to the forensic data analyses performed. Should additional information
become available, the results and findings included in this report may change.



An independent member of Nexia International

**Firm Background**

CLA is one of the nation's top 10 certified public accounting and consulting firms.  Structured to provide clients with highly specialized industry insight, the firm delivers assurance, tax and advisory capabilities. CLA offers unprecedented emphasis on serving privately held businesses and their owners, as well as nonprofits and governmental entities. The firm has a staff of more than 3,600 professionals, operating from more than 90 offices across the country.

CLA's forensic accounting practice focuses on solving fraud and mitigating fraud risks as well as assisting clients in matters involving litigation.  The forensic accounting services we provide generally involve the application of specialized knowledge and investigative skills possessed by our CPAs and professionals. We collect, analyze and interpret data and then, as needed, communicate our findings in the boardroom, courtroom, or other venues.  Whether our client's needs are reactive or proactive in nature, our teams of highly credentialed professionals report the results of our work objectively.  Our team possesses extensive experience in forensic accounting, litigation services, regulatory compliance and the use of forensic technology.

**Procedures**

CLA worked with Co-Lead Counsel to obtain the professional fee and expense details for the 56 class counsel firms involved in the *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*.  Prior to CLA's involvement, each of the class counsel firms who performed work on the case had submitted professional fee and expense details to Co-Lead Counsel.  The details provided by each firm varied in both formatting (MS Excel, Adobe .PDF, hand written detail, etc.) and content (detail and summary level, inclusion of rates) across the law firms.

CLA worked to normalize the individual details provided for each class counsel firm in order to combine all the detail into one consistent database.  Once normalized and combined, CLA had the ability to import the resulting database into IDEA, a forensic data analysis and interrogation software.  Below are the metrics of the resulting normalized databases:

|  | # of Records | Date Range |
|---|---|---|
| **Professional Fee Detail** | 116,813 | 07/2002 - 04/2013 |
| **Expense Detail** | 67,450 | 10/2004 - 02/2013 |
| **TOTAL** | **184,263** |  |

August 15, 2013
Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
Page 3

After importation, CLA performed reconciliation to ensure completeness and data integrity.  The resulting databases were reconciled against supporting documentation, including a Master Lodestar report similar to what had been provided to the Court on April 11, 2013, pursuant to Class Counsels' motion for an award of attorneys' fees and costs.  CLA worked with Co-Lead Counsel to reconcile all differences that were discovered through the reconciliation and completeness testing process.  In certain instances, Co-Lead Counsel was able to provide additional details to CLA to help reconcile the data.  However, there were a minority of firms where CLA was unable to reconcile to a Lodestar amount because some detail relating to certain reductions already taken by the Co-Lead Counsel for various firms could not be re-located, even though the overall amount of the reduction taken was known.

The class counsel law firms' time and expense details provided to CLA included a combination of instances where the law firm details agreed to an original amount prior to any Co-Lead Counsel reductions ("Original Lodestar" in the "Master Lodestar Report" submitted to the Court as Exhibit A to the April 11, 2013 Declaration of Thomas J. Undlin), agreed to an amount net of Co-Lead Counsel reductions ("Final Lodestar" in the "Master Lodestar Report"), or was some other amount.  Where available, CLA incorporated the detail of reduction memoranda generated by Co-Lead Counsel to the Original Lodestar amount to agree to the Final Lodestar amount.  It is CLA's understanding, that these memoranda were generated by Co-Lead Counsel based on a line by line review by them of each of the 56 class counsel firm's professional fee and expense detail.  The review followed criteria detailed in two letters sent out by Co-lead Counsel (dated 12/19/2012 and 02/13/2013) to all class counsel law firms involved in the litigation.  The letters outlined specific guidelines for each law firm to follow and apply to their submissions supporting the fee and expense application.

In order to perform our review, which is a third review of the time and expenses (beyond each firm's review and the subsequent review of all time by Co-Lead Counsel), CLA developed specific queries, based on the guidelines set forth by the Co-Lead Counsel in their guidance letters referenced above, to analyze both the professional fee and expense databases that were created.  Below is a listing of the queries performed based on the initial guidelines set forth by Co-Lead Counsel:

- Identification of Timekeepers with fewer than 10 total hours
- Identification of Summer Associates, Summer Interns, and Summer Document Clerks
- Identification of time entries associated with pure travel time
- Identification of time entries in excess of 15 hours in a single day
- Identification of Document Review Attorneys in excess of 10 hours in a single day
- Identification of Contract Attorneys whereby the billed rate was greater than 4 times the paid hourly rate

August 15, 2013
Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
Page 4

- Identification of first class airfare
- Identification of meal expenses in excess of $75 per person
- Identification of expenses related to alcoholic beverages
- Identification of expenses related to hotel phone charges
- Identification of hotel incidental costs

Additionally, CLA developed specific queries to help identify any irregular and/or inappropriate professional fee and expense entries related to the following:

- Time and Expense trending by Law Firm and Category
- Duplicate time and expense entries
- Time entries with no corresponding detail
- Benford's Law Analysis on expense detail
- Round Dollar expense entries

**Findings**

After the forensic data analysis was completed, CLA presented the findings to the Co-Lead Counsel, who made the ultimate decision on what additional reductions, if any, to apply to each firm's Final Lodestar amount.  As stated above, a firm's Final Lodestar amount is the amount Co-Lead Counsel had determined to be acceptable based on Co-Lead Counsel's line by line review of the detail in the first quarter of 2013 and before any forensic data analysis had been completed.  Based on the forensic data analysis performed, additional reductions totaling $689,960.60 were applied to 32 law firms.  The additional reductions ranged from approximately $50 to over $300,000.  Despite these recommended additional adjustments resulting from CLA's forensic data analysis review, the overall observation is that Co-Lead Counsel's initial review and adjustment efforts were very successful considering they did not have CLA's ability to perform an analytical review with the benefit of a comprehensive database and forensic software tools.

As previously stated, CLA was unable to reconcile the detail provided to the Final Lodestar amount for certain law firms.  For these laws firms, there is a potential for duplicative reductions.  To identify the potential exposure of duplicative reductions, CLA reviewed the additional reductions for those law firms where it could not reconcile to the Final Lodestar amount and noted the following:

August 15, 2013
Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
Page 5

- The largest total reduction for a firm was $13,782[1]; the corresponding percentage to Final Lodestar is approximately 0.38%, which also represents the highest percentage amount.

The table below summarizes the additional reductions applied according to reduction types:

| Reduction Type | Reduction Amount |
|---|---|
| Adjusted Billing Rates[2] | $392,959.70 |
| Adjustments to Billed Time[3] | 31,593.75 |
| Document Reviewer with Greater Than 10 Hours in a Day | 9,186.25 |
| Duplicate Time Entry | 82,575.90 |
| Expense Amounts Included in Time Detail | 105,000.00 |
| Reduction of Time for Non-Billable Hours | 4,775.00 |
| Time Greater Than 15 Hours in a Day | 43,963.50 |
| Timekeepers with Less Than 10 Hours Total | 19,906.50 |
| **Total** | **$689,960.60** |

The amount of reductions by firm can be seen in Exhibit A, which details the total initial fees and expenses by law firm, the initial reductions made by the Co-Lead Counsel, and the additional reductions as a result of the analyses performed by CLA.

Based on the criteria provided by Co-Lead Counsel, and additional specific queries, CLA did not note any additional reductions to be made to the expenses.

---

[1] One law firm had total reductions of approximately $190,000, which primarily consists of a reduction of approximately $180,000 that was documented by Co-Lead Counsel in a reduction memo, but not included in the Master Lodestar report.
[2] This amount is comprised of adjusting one firm's lodestar to "historical" rates and some further adjustment to outside contract attorney rates in accordance with the guidelines established by Co-Lead Counsel.
[3] This amount consists of adjusting one firm's Lodestar amount to agree to the corresponding hours submitted.

August 15, 2013
Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
Page 6

**Billing Metrics**

CLA also performed analyses on billing rates and total fees by year.  The table below summarizes the average billing rate by position using the nomenclature found in the class counsel firms' billing detail[4]:

| Position | # of Time Entries | Average Billing Rate |
|---|---|---|
| Partner | 37,778 | $536 |
| Of Counsel | 2,798 | $469 |
| Attorney | 4,908 | $431 |
| Associate | 31,860 | $319 |
| Project Attorney | 8,142 | $306 |
| Principal | 2,037 | $287 |
| Staff Attorney | 3,340 | $264 |
| Technical Advisor | 1,991 | $232 |
| Law Clerk | 1,622 | $217 |
| Contract Attorney | 6,114 | $200 |
| Paralegal | 11,308 | $165 |

CLA summarized the total professional fees and hours by year for the time period of 2004 through 2012.



---

[4] The table summarizes positions with at least 1,500 time entries.

August 15, 2013
Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
Page 7

This report summarizes the information CLA has reviewed and analyzed to date, whereby CLA has expended approximately 400 hours in professional services. Should additional information become available, CLA will update its analysis accordingly, as well as the information and results included in this report.

If you have any questions about this update, please do not hesitate to contact me via phone at (213) 236-3234 or email at Brian.Lopez@claconnect.com.

Sincerely,
CliftonLarsonAllen LLP

Brian Y. Lopez
Director, Fraud and Misconduct Investigations

**EXHIBIT A**

**In Re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**

**Master Lodestar Report and Adjustments**

| Firm Name | Original Lodestar | Review Reduction | Reduction % | Final Lodestar | Additional Adjustments | Additional Adjustments % | Adjusted Fees | Expenses | Total Adjusted Fees and Expenses |
|---|---|---|---|---|---|---|---|---|---|
| Abraham Fruchter & Twersky LLP | $ 4,223,095.00 | $ 962,058.00 | 22.78% | $ 3,261,037.00 | $ 332,081.95 | 10.18% | $ 2,928,955.05 | $ 398,618.86 | $ 3,327,573.91 |
| Ann D. White Law Offices PC | 526,790.00 | 35,664.50 | 6.77% | 491,125.50 | - | 0.00% | 491,125.50 | 34,353.14 | 525,478.64 |
| Barrack Rodos & Bacine | 642,753.75 | 38,896.00 | 6.05% | 603,857.75 | - | 0.00% | 603,857.75 | 62,191.73 | 666,049.48 |
| Berger & Montague, PC | 23,737,517.55 | 3,187,001.25 | 13.43% | 20,550,516.30 | 32,285.50 | 0.16% | 20,518,230.80 | 4,218,798.06 | 24,737,028.86 |
| Bernard M. Gross, PC | 969,752.50 | 215,581.25 | 22.23% | 754,171.25 | 1,192.50 | 0.16% | 752,978.75 | 15,384.05 | 768,362.80 |
| Boni & Zack LLC | 1,439,525.25 | 193,612.00 | 13.45% | 1,245,913.25 | 4,736.25 | 0.38% | 1,241,177.00 | 155,673.06 | 1,396,850.06 |
| Bonnett Fairbourn Friedman & Balint, PC | 941,085.00 | 15,267.50 | 1.62% | 925,817.50 | - | 0.00% | 925,817.50 | 136,550.00 | 1,062,367.50 |
| Chestnut & Cambronne PA | 1,346,841.00 | 526,582.00 | 39.10% | 820,259.00 | - | 0.00% | 820,259.00 | 127,125.20 | 947,384.20 |
| Chitwood Harley  Harnes LLP | 834,741.24 | 95.00 | 0.01% | 834,646.24 | - | 0.00% | 834,646.24 | 100,106.94 | 934,753.18 |
| Cuneo Gilbert & LaDuca LLP | 61,387.50 | - | 0.00% | 61,387.50 | - | 0.00% | 61,387.50 | 2,009.25 | 63,396.75 |
| Drubner Hartley & O'Connor LLC | 389,154.00 | 3,600.00 | 0.93% | 385,554.00 | - | 0.00% | 385,554.00 | 30,600.58 | 416,154.58 |
| Edelson & Associates, LLC | 2,045,756.00 | 165,741.00 | 8.10% | 1,880,015.00 | 1,615.00 | 0.09% | 1,878,400.00 | 203,121.53 | 2,081,521.53 |
| Fine Kaplan & Black RPC | 2,538,099.50 | 128,946.00 | 5.08% | 2,409,153.50 | 47.50 | 0.00% | 2,409,106.00 | 236,318.08 | 2,645,424.08 |
| Finkelstein Thompson LLP | 339,307.00 | 11,184.50 | 3.30% | 328,122.50 | - | 0.00% | 328,122.50 | 57,141.54 | 385,264.04 |
| Foote Meyers Mielke & Flowers LLC | 316,701.50 | 58,325.00 | 18.42% | 258,376.50 | | 0.00% | 258,376.50 | 58,121.04 | 316,497.54 |
| Freedman Boyd Hollander  Goldberg & Ives, PA | 3,330,110.75 | 232,009.25 | 6.97% | 3,098,101.50 | 18,865.00 | 0.61% | 3,079,236.50 | 453,939.08 | 3,533,175.58 |
| Friedman Law Group LLP | 9,667,342.95 | 71,013.80 | 0.73% | 9,596,329.15 | 1,523.00 | 0.02% | 9,594,806.15 | 892,044.20 | 10,486,850.35 |
| Giskan & Solotaroff | 293,609.00 | 6,424.00 | 2.19% | 287,185.00 | 4,387.50 | 1.53% | 282,797.50 | 43,562.33 | 326,359.83 |
| Goldman Scarlato & Karon PC | 208,878.00 | 60,994.00 | 29.20% | 147,884.00 | - | 0.00% | 147,884.00 | 27,620.66 | 175,504.66 |
| Gray & White | 453,142.50 | - | 0.00% | 453,142.50 | 32,888.75 | 7.26% | 420,253.75 | 35,000.00 | 455,253.75 |
| Gustafson Gluek PLLC | 1,229,370.00 | - | 0.00% | 1,229,370.00 | 137.50 | 0.01% | 1,229,232.50 | 199,822.26 | 1,429,054.76 |
| Hulett Harper Stewart LLP | 4,053,257.17 | 422,879.17 | 10.43% | 3,630,378.00 | 4,362.00 | 0.12% | 3,626,016.00 | 497,161.70 | 4,123,177.70 |
| Jaffe & Martin | 323,881.25 | - | 0.00% | 323,881.25 | 4,775.00 | 1.47% | 319,106.25 | 4,917.37 | 324,023.62 |
| Kohn Swift & Graf, PC | 493,481.00 | 3,667.50 | 0.74% | 489,813.50 | 97.50 | 0.02% | 489,716.00 | 39,570.13 | 529,286.13 |
| Koskoff Koskoff & Bieder, PC | 138,797.00 | - | 0.00% | 138,797.00 | - | 0.00% | 138,797.00 | 99,306.22 | 238,103.22 |
| Krause Kalfayan Benink & Slavens, LLP | 8,080.00 | - | 0.00% | 8,080.00 | 2,400.00 | 29.70% | 5,680.00 | 166.91 | 5,846.91 |
| Labaton Sucharow & Rudoff LLP | 2,784,826.50 | 236,465.80 | 8.49% | 2,548,360.70 | 1,222.00 | 0.05% | 2,547,138.70 | 412,081.53 | 2,959,220.23 |
| Law Office of Bruce Levinson | 75,650.00 | - | 0.00% | 75,650.00 | - | 0.00% | 75,650.00 | 39.00 | 75,689.00 |
| Law Office of John McCarthy | 6,750.00 | - | 0.00% | 6,750.00 | - | 0.00% | 6,750.00 | 97.60 | 6,847.60 |

DRAFT
Subject to Revision

Prepared by CliftonLarsonAllen
Page 1 of 2

Privileged and Confidential
Attorney Work Product

EXHIBIT A

### In Re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION
### Master Lodestar Report and Adjustments

| Firm Name | Original Lodestar | Review Reduction | Reduction % | Final Lodestar | Additional Adjustments | Additional Adjustments % | Adjusted Fees | Expenses | Total Adjusted Fees and Expenses |
|---|---|---|---|---|---|---|---|---|---|
| Law Offices of David Balto | 883,340.00 | 168,321.00 | 19.06% | 715,019.00 | - | 0.00% | 715,019.00 | 14,079.00 | 729,098.00 |
| Law Offices of Philip A. Steinberg | 7,225.00 | - | 0.00% | 7,225.00 | 850.00 | 11.76% | 6,375.00 | 26.35 | 6,401.35 |
| Lieff Cabraser Heiman & Bernstein | 1,516,067.50 | 37,948.00 | 2.50% | 1,478,119.50 | 975.00 | 0.07% | 1,477,144.50 | 246,324.22 | 1,723,468.72 |
| Lockridge Grindal & Nauen PLLP | 9,381,268.75 | 127,000.00 | 1.35% | 9,254,268.75 | 5,325.00 | 0.06% | 9,248,943.75 | 887,618.39 | 10,136,562.14 |
| Mager & Goldstein LLP | 676,807.50 | 8,925.00 | 1.32% | 667,882.50 | - | 0.00% | 667,882.50 | 23,654.98 | 691,537.48 |
| Markun Zusman & Compton LLP | 37,910.00 | - | 0.00% | 37,910.00 | - | 0.00% | 37,910.00 | 871.91 | 38,781.91 |
| Milberg Weiss LLP | 415,258.75 | 19,422.50 | 4.68% | 395,836.25 | - | 0.00% | 395,836.25 | 97,207.32 | 493,043.57 |
| Murray Frank & Sailer LLP | 3,893,347.50 | 1,132,252.10 | 29.08% | 2,761,095.40 | 3,080.00 | 0.11% | 2,758,015.40 | 462,701.34 | 3,220,716.74 |
| Pomerantz Haudeck Grossman & Gross LLP | 5,188,915.75 | 68,551.25 | 1.32% | 5,120,364.50 | 10,150.00 | 0.20% | 5,110,214.50 | 739,205.47 | 5,849,419.97 |
| Reinhardt Wendorf & Blanchfield | 4,424,457.10 | 763,003.50 | 17.25% | 3,661,453.60 | 13,782.00 | 0.38% | 3,647,671.60 | 606,717.32 | 4,254,388.92 |
| Richard L. Jasperson PA | 115,367.00 | - | 0.00% | 115,367.00 | - | 0.00% | 115,367.00 | 17,976.00 | 133,343.00 |
| Robbins Geller Rudman & Dowd LLP | 32,399,916.75 | 1,378,711.25 | 4.26% | 31,021,205.50 | 3,900.00 | 0.01% | 31,017,305.50 | 6,052,723.47 | 37,070,028.97 |
| Roberts Law Firm | 377,107.50 | 66,494.00 | 17.63% | 310,613.50 | - | 0.00% | 310,613.50 | 21,805.04 | 332,418.54 |
| Robins Kaplan Miller & Ciresi LLP | 39,555,121.00 | 1,835,049.00 | 4.64% | 37,720,072.00 | 4,196.25 | 0.01% | 37,715,875.75 | 7,018,362.18 | 44,734,237.93 |
| Roda Nast PC | 615,878.75 | - | 0.00% | 615,878.75 | - | 0.00% | 615,878.75 | 180,861.22 | 796,739.97 |
| Ross Dixon & Bell LLP | 1,389,233.00 | 2,105.00 | 0.15% | 1,387,128.00 | 6,709.00 | 0.48% | 1,380,419.00 | 69,305.24 | 1,449,724.24 |
| Scott + Scott | 7,739,736.50 | 1,238,635.10 | 16.00% | 6,501,101.40 | 188,599.40 | 2.90% | 6,312,502.00 | 836,668.16 | 7,149,170.16 |
| Shepherd Finkelman Miller & Shah LLLC | 841,540.50 | 7,642.00 | 0.91% | 833,898.50 | - | 0.00% | 833,898.50 | 64,633.26 | 898,531.76 |
| Spector Roseman & Kodroff, PC | 936,106.25 | 339,867.25 | 36.31% | 596,239.00 | 4,220.00 | 0.71% | 592,019.00 | 122,184.99 | 714,203.99 |
| Starr Gern Davison & Rubin PC | 183,257.50 | 36,698.75 | 20.03% | 146,558.75 | 110.00 | 0.08% | 146,448.75 | 31,814.93 | 178,263.68 |
| Stein, Jerald M. Law Offices | 67,379.15 | - | 0.00% | 67,379.15 | - | 0.00% | 67,379.15 | 10,753.66 | 78,132.81 |
| Steyer Lowenthal Boodrookas et al. | 424,430.00 | 42,681.87 | 10.06% | 381,748.13 | - | 0.00% | 381,748.13 | 46,493.24 | 428,241.37 |
| Stueve Siegel Hanson LLP | 468,311.50 | 9,248.00 | 1.97% | 459,063.50 | 1,035.00 | 0.23% | 458,028.50 | 50,295.88 | 508,324.38 |
| The Beasley Firm LLC | 55,135.00 | - | 0.00% | 55,135.00 | - | 0.00% | 55,135.00 | 10,000.00 | 65,135.00 |
| Weinstein Kitchenoff & Asher LLC | 443,001.00 | 68,200.00 | 15.39% | 374,801.00 | 70.00 | 0.02% | 374,731.00 | 53,790.22 | 428,521.22 |
| Whatley Drake & Kallas  LLC | 83,415.00 | - | 0.00% | 83,415.00 | 3,100.00 | 3.72% | 80,315.00 | 28,548.89 | 108,863.89 |
| Wolf Popper LLP | 69,142.00 | - | 0.00% | 69,142.00 | 1,242.00 | 1.80% | 67,900.00 | 11,252.48 | 79,152.48 |
| **TOTALS** | **$ 175,608,359.16** | **$ 13,926,763.09** | **7.93%** | **$ 161,681,596.07** | **$ 689,960.60** | **0.43%** | **$ 160,991,635.47** | **$ 26,247,317.21** | **$ 187,238,952.68** |

DRAFT
Subject to Revision

Prepared by CliftonLarsonAllen
Page 2 of 2

Privileged and Confidential
Attorney Work Product

# EXHIBIT 3

In re PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

## MASTER LODESTAR AND EXPENSE REPORT
## PERIOD TWO
## Reporting Period:  December 1, 2012-January 31, 2019

| Firm Name | Cumulative Hours | Original Lodestar | Post-Review Lodestar | Expenses | Post-Review Expenses |
|---|---|---|---|---|---|
| Berger & Montague, PC | 17190.56 | $11,390,687.85 | $8,147,716.00 | $1,826,859.32 | $1,821,372.52 |
| Boni & Zack LLC | 4811.50 | $1,244,215.00 | $1,182,445.00 | $41,926.07 | $41,926.07 |
| Hartley LLP | 55.20 | $42,503.00 | $41,953.00 | $305.33 | $305.33 |
| Edelson and Associates | 812.10 | $284,235.00 | $284,235.00 | $0.00 | $0.00 |
| Fine Kaplan and Black RPC | 2003.90 | $949,165.00 | $854,248.50 | $40,000.00 | $40,000.00 |
| Freedman Boyd Hollander Goldberg Urias & Ward PA | 4469.31 | $1,602,310.70 | $1,333,296.45 | $305,256.81 | $305,256.81 |
| Gupta Wessler | 2291.63 | $1,189,793.86 | $1,002,393.86 | $1,912.97 | $1,912.97 |
| Gustafson Gluek PLLC | 1940.50 | $812,712.50 | $721,606.25 | $40,983.71 | $40,983.71 |
| Hulett Harper Stewart LLP | 2019.10 | $1,081,811.25 | $892,171.50 | $303,104.83 | $303,104.83 |
| Jaffe & Martin | 220.40 | $98,550.00 | $98,550.00 | $690.57 | $690.57 |
| Lockridge Grindal & Nauen PLLP | 3268.05 | $1,349,932.25 | $1,274,482.20 | $50,607.49 | $50,607.49 |
| Law Offices of Bruce Levinson | 202.50 | $63,818.75 | $31,990.00 | $55.39 | $55.39 |
| Motley Rice LLC | 17789.75 | $3,192,863.00 | $3,110,041.50 | $42,197.63 | $42,197.63 |
| Murray Frank | 0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 |
| Nicholas & Tomasevic, LLP | 219.65 | $122,472.00 | $122,472.00 | $0.00 | $0.00 |
| Reinhardt Wendorf & Blanchfield | 2532.45 | $1,003,365.50 | $954,191.00 | $40,874.12 | $40,874.12 |
| Robins Kaplan LLP | 42308.30 | $23,484,834.50 | $19,788,517.00 | $2,907,615.43 | $2,879,621.00 |
| Robbins Geller Rudman & Dowd LLP | 19153.01 | $10,678,285.20 | $7,788,438.70 | $2,309,288.61 | $2,028,963.55 |
| Scott + Scott LLP | 9199.90 | $3,720,859.00 | $3,689,341.50 | $54,618.24 | $54,618.24 |
| Stueve Siegel Hanson LLP | 1817.90 | $1,042,698.50 | $1,036,131.00 | $56,933.35 | $56,824.36 |
| Weinstein Kitchenoff & Asher LLC | 4.00 | $2,700.00 | $2,700.00 | $0.00 | $0.00 |
| **TOTALS** | **132309.71** | **$63,357,812.86** | **$52,356,920.46** | **$8,073,229.87** | **$7,759,314.59** |

# EXHIBIT 4

In re PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

## MASTER EXPENSE REPORT
## PERIOD TWO - BY CATEGORY
## Reporting Period:  December 1, 2012-January 31, 2019

| DESCRIPTION | CUMULATIVE EXPENSES |
|---|---|
| Litigation Fund | $4,840,328.88 |
| Commercial Copies (Outside Source) | $166,566.94 |
| Internal Copies | $101,035.71 |
| Court Fees | $14,478.23 |
| Court Reporters and Transcripts | $16,485.95 |
| Computer Research (Lexis/WestLaw, etc.) | $65,875.49 |
| Database Charges | $579,992.04 |
| Telephone | $4,216.68 |
| Postage / Express Mail / Messenger | $31,411.24 |
| Professional Fees (Expert, Investigator, Accountant, etc.) | $796,221.30 |
| Witness / Service Fees | $0.00 |
| Travel (Hotel, Airfare, Meals, etc.) | $1,141,252.83 |
| Miscellaneous / Other | $1,449.30 |
| | |
| | |
| **SUBTOTAL:** | **$7,759,314.59** |
| *Amounts incurred and owing to vendors through* **January 31, 2019** *(Commercial Copies, Computer Storage Fees, LongDistance, Professional Fees-Experts)* | $5,148,436.25 |
| **TOTAL:** | **$12,907,750.84** |

# EXHIBIT 5

**In re PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION**

**LITIGATION FUND CONTRIBUTION REPORT
PERIOD TWO - MASTER REPORT
Reporting Period: December 1, 2012-January 31, 2019**

| FIRM NAME | CONTRIBUTIONS TO LITIGATION FUND |
|---|---|
| Robins Kaplan LLP | $1,639,664.44 |
| Berger Montague PC | $1,639,664.44 |
| Boni, Zack & Snyder LLC | $40,000.00 |
| Fine, Kaplan and Black, R.P.C. | $40,000.00 |
| Freedman Boyd Hollander Goldberg Urias & Ward P.A. | $175,000.00 |
| Gustafson Gluek PLLC | $40,000.00 |
| Hulett Harper Stewart LLP | $250,000.00 |
| Lockridge Grindal Nauen P.L.L.P. | $40,000.00 |
| Motley Rice LLC | $40,000.00 |
| Murry Frank LLP | $50,000.00 |
| Reinhardt Wendorf & Blanchfield | $40,000.00 |
| Robbins Geller Rudman & Dowd LLP | $766,000.00 |
| Scott + Scott | $40,000.00 |
| Stueve Siegel Hanson LLP | $40,000.00 |
| **TOTAL:** | **$4,840,328.88** |

# EXHIBIT 6

**In re PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION**

**LITIGATION FUND MASTER EXPENSE REPORT
PERIOD TWO - BY CATEGORY
Reporting Period:  December 1, 2012-January 31, 2019**

| DESCRIPTION | CUMULATIVE EXPENSES |
|---|---|
| Commercial Copies | $971.53 |
| Computer Data Storage Fees | $798,759.60 |
| Court Reporters / Transcripts | $223,036.40 |
| Long Distance Telephone (SoundPath) | $5,678.40 |
| Professional Fees (Experts, Mediators, etc.) | $3,247,901.20 |
| Miscellaneous / Other | $6,495.70 |
| **TOTAL:** | **$4,282,842.83** |

# EXHIBIT 7

**In re PAYMENT CARD INTERCHANGE FEE AND**
**MERCHANT DISCOUNT ANTITRUST LITIGATION**

**LITIGATION FUND MASTER EXPENSE REPORT**
**PERIOD TWO - BY VENDOR**
**Reporting Period:  December 1, 2012-January 31, 2019**

| VENDOR NAME | CATEGORY OF EXPENSE | PERIOD TWO Expenses Paid | PERIOD TWO Outstanding Expenses (as of 01-31-19) |
|---|---|---|---|
| Aptus Court Reporting | Court Reporters / Transcripts | $16,767.03 | |
| Bancroft | Professional Fees | $750,681.09 | |
| Becker Gallagher Legal Printing | Commericial Copies | $971.53 | |
| Berger Montague - Database Management | Computer Data Storage Fees | | $2,720,253.57 |
| Bryant, Sherry (EDNY) | Court Reporters / Transcripts | $31.20 | |
| Canales, Nicole (EDNY) | Court Reporters / Transcripts | $89.70 | |
| Charles W. Wolfram (Expert) | Professional Fees | $12,726.56 | |
| Ciaravino, Hollis (EDNY) | Court Reporters / Transcripts | $172.26 | |
| Coherent Economics, LLC (Alan Frankel, Expert) | Professional Fees | $1,580,355.77 | $557,337.40 |
| Compass Lexecon (Expert) | Professional Fees | $8,343.00 | |
| Courts of Appeal's Bill of Costs | Miscellaneous / Other | $6,495.70 | |
| Cozen O'Connor | Professional Fees | $10,402.00 | |
| C-TEQ Data Consultants | Computer Data Storage Fees | $527.93 | |
| Encore Discovery Solutions / Epiq eDiscovery Solutions | Computer Data Storage | $757,174.26 | $637,552.62 |
| Foley, Marie (EDNY) | Court Reporters / Transcripts | $503.04 | |
| Heading, Charleane (EDNY) | Court Reporters / Transcripts | $107.94 | |
| InfoTech (Expert) | Professional Fees | | $1,112,635.46 |
| JAMS, Inc. (Mediator) | Professional Fees | $151,954.34 | |
| JSSC Services, Inc. (EDNY) | Court Reporters / Transcripts | $145.15 | |
| Kirkland & Ellis | Professional Fees | | $120,576.71 |
| LitiNomics, Inc. (Expert) | Professional Fees | $2,035.00 | |
| Lockridge Grindal Nauen P.L.L.P. | Professional Fees | $549,665.75 | |
| Mace, Stacy A. (EDNY) | Court Reporters / Transcripts | $151.80 | |
| Mancuso, Anthony M. (EDNY) | Court Reporters / Transcripts | $312.18 | |
| MB Court Reporter (EDNY) | Court Reporters / Transcripts | $36.00 | |
| Morino, Linda (EDNY) | Court Reporters / Transcripts | $37.20 | |
| Nardone, Michele (EDNY) | Court Reporters / Transcripts | $71.84 | |
| Nolan, Sophie | Court Reporters / Transcripts | $62.40 | |
| Palma Advisors LLC (Expert) | Professional Fees | $30,223.15 | |
| Planet Data | Computer Data Storage Fees | $35,897.00 | |
| Resolutions, LLC (Mediator) | Professional Fees | $116,114.54 | |

| | | | |
|---|---|---|---|
| Rudolph, Gene (EDNY) | Court Reporters / Transcripts | $12.00 | |
| Schmid, Lisa (EDNY) | Court Reporters / Transcripts | $148.42 | |
| Sherman, Alllan R. (EDNY) | Court Reporters and Transcripts | $458.61 | |
| Sykes, Alan O. (Expert) | Professional Fees | $35,400.00 | |
| SoundPath Conferencing / GlobalMeet (Conference Calls) | Long Distance Telephone / Conference | $5,678.40 | $80.48 |
| Veritext LLC | Court Reporters and Transcripts | $203,929.63 | |
| Xact Data Discovery | Computer Data Storage | $4,842.82 | |
| XDD | Computer Data Storage Fees | $317.59 | |

| | | |
|---|---|---|
| **TOTALS** | **$4,282,842.83** | **$5,148,436.24** |

**$9,431,279.07**

**TOTAL**
**Period Two Expenses Paid Dec. 1, 2012-Jan. 31, 2019 &**
**Period Two expenses outstanding as of Jan 31, 2019**

# EXHIBIT 8

In re PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

**ROBINS KAPLAN FEE REPORT**
**PERIOD TWO - BY TIMEKEEPER**
**Reporting Period: December 1, 2012-January 31, 2019**

| Row Labels | Title | Year | Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|---|
| Achua, Brooke A. 02908 | Associate | 2017 | 445 | 52.0 | $23,140.00 |
| | | 2018 | 465 | 386.9 | $179,908.50 |
| **Achua, Brooke A. 02908 Total** | | | | **438.9** | **$203,048.50** |
| Ardeleanu, Emanuel 07466 | Project Review Attorney | 2017 | 350 | 999.8 | $349,930.00 |
| **Ardeleanu, Emanuel 07466 Total** | | | | **999.8** | **$349,930.00** |
| Arman, Peggy 01800 | Paralegal | 2012 | 170 | 12.9 | $2,193.00 |
| | | 2013 | 185 | 302.3 | $55,925.50 |
| | | 2014 | 185 | 140.2 | $25,937.00 |
| | | 2015 | 295 | 65.3 | $19,263.50 |
| | | 2016 | 295 | 239.3 | $70,593.50 |
| | | 2017 | 310 | 1,055.2 | $327,112.00 |
| | | 2018 | 320 | 732.7 | $234,464.00 |
| | | 2019 | 340 | 6.8 | $2,312.00 |
| **Arman, Peggy 01800 Total** | | | | **2,554.7** | **$737,800.50** |
| Barstad, Eric P. 02944 | Associate | 2017 | 680 | 971.1 | $660,348.00 |
| | | 2018 | 680 | 240.0 | $163,200.00 |
| **Barstad, Eric P. 02944 Total** | | | | **1,211.1** | **$823,548.00** |
| Bryant, Joel 07444 | Project Review Attorney | 2018 | 350 | 277.4 | $97,090.00 |
| **Bryant, Joel 07444 Total** | | | | **277.4** | **$97,090.00** |
| Bush, Thomas 07496 | Project Review Attorney | 2018 | 350 | 133.6 | $46,760.00 |
| **Bush, Thomas 07496 Total** | | | | **133.6** | **$46,760.00** |
| Carroll, George D. 02101 | Associate | 2013 | 550 | 0.9 | $495.00 |
| | | 2015 | 735 | 9.2 | $6,762.00 |
| **Carroll, George D. 02101 Total** | | | | **10.1** | **$7,257.00** |
| Cyr, Shirley A. 01563 | Paralegal | 2013 | 230 | 32.8 | $7,544.00 |
| **Cyr, Shirley A. 01563 Total** | | | | **32.8** | **$7,544.00** |
| Dao, William 07502 | Project Review Attorney | 2017 | 350 | 865.1 | $302,785.00 |
| | | 2018 | 350 | 802.5 | $280,875.00 |
| **Dao, William 07502 Total** | | | | **1,667.6** | **$583,660.00** |
| Dery, Thomas J. 07274 | Project Review Attorney | 2018 | 350 | 269.3 | $94,255.00 |
| **Dery, Thomas J. 07274 Total** | | | | **269.3** | **$94,255.00** |
| Diekmann, Mark 02331 | Technical Advisor | 2017 | 400 | 108.9 | $43,560.00 |
| **Diekmann, Mark 02331 Total** | | | | **108.9** | **$43,560.00** |
| Enck, Vivian M. 02636 | E-Disc Consultant | 2016 | 295 | 29.6 | $8,732.00 |
| | | 2017 | 295 | 11.9 | $3,510.50 |
| | | 2018 | 295 | 469.1 | $138,384.50 |
| **Enck, Vivian M. 02636 Total** | | | | **510.6** | **$150,627.00** |
| Gergen, Josh 07500 | Project Review Attorney | 2018 | 350 | 215.1 | $75,285.00 |
| **Gergen, Josh 07500 Total** | | | | **215.1** | **$75,285.00** |
| Goldenberg, Michael 07137 | Project Review Attorney | 2018 | 350 | 304.3 | $106,505.00 |
| **Goldenberg, Michael 07137 Total** | | | | **304.3** | **$106,505.00** |
| Gore, Robert M 03000 | Associate | 2018 | 465 | 39.0 | $18,135.00 |
| **Gore, Robert M 03000 Total** | | | | **39.0** | **$18,135.00** |
| Graham, Gregory 01964 | Paralegal | 2012 | 135 | 8.8 | $1,188.00 |
| | | 2013 | 230 | 486.8 | $111,964.00 |
| | | 2014 | 230 | 264.4 | $60,812.00 |
| | | 2015 | 295 | 90.2 | $26,609.00 |
| **Graham, Gregory 01964 Total** | | | | **850.2** | **$200,573.00** |
| Harris, Marcy 07313 | Project Review Attorney | 2018 | 350 | 298.8 | $104,580.00 |
| **Harris, Marcy 07313 Total** | | | | **298.8** | **$104,580.00** |
| Hegarty, Joshua 07434 | Project Review Attorney | 2017 | 350 | 55.9 | $19,565.00 |
| **Hegarty, Joshua 07434 Total** | | | | **55.9** | **$19,565.00** |
| Holly, Benjamin A. 07019 | Document Review Attorney | 2018 | 300 | 727.8 | $218,340.00 |

| | | | | | |
|---|---|---|---|---:|---:|
| **Holly, Benjamin A. 07019 Total** | | | | **727.8** | **$218,340.00** |
| Huber, David 07505 | Project Review Attorney | 2018 | 350 | 300.0 | $105,000.00 |
| **Huber, David 07505 Total** | | | | **300.0** | **$105,000.00** |
| Hudleston, Sarah E. 02463 | Associate | 2013 | 355 | 10.9 | $3,869.50 |
| **Hudleston, Sarah E. 02463 Total** | | | | **10.9** | **$3,869.50** |
| Huebner, Brandon 07336 | Project Review Attorney | 2018 | 350 | 238.9 | $83,615.00 |
| **Huebner, Brandon 07336 Total** | | | | **238.9** | **$83,615.00** |
| Hughes, Timothy 07437 | Project Review Attorney | 2017 | 350 | 1,250.6 | $437,710.00 |
| | | 2018 | 350 | 971.2 | $339,920.00 |
| **Hughes, Timothy 07437 Total** | | | | **2,221.8** | **$777,630.00** |
| Jadoo, Amelia 02449 | Associate | 2012 | 310 | 3.0 | $930.00 |
| | | 2013 | 465 | 30.8 | $14,322.00 |
| **Jadoo, Amelia 02449 Total** | | | | **33.8** | **$15,252.00** |
| Kearney, Ryan 07452 | Project Review Attorney | 2018 | 350 | 200.9 | $70,315.00 |
| **Kearney, Ryan 07452 Total** | | | | **200.9** | **$70,315.00** |
| Knudson, Renae L. 07405 | E-Disc Project Manager | 2018 | 225 | 163.3 | $36,742.50 |
| **Knudson, Renae L. 07405 Total** | | | | **163.3** | **$36,742.50** |
| Kozen, Geoffrey H. 02890 | Associate | 2016 | 425 | 95.6 | $40,630.00 |
| | | 2017 | 500 | 626.1 | $313,050.00 |
| | | 2018 | 580 | 337.1 | $195,518.00 |
| **Kozen, Geoffrey H. 02890 Total** | | | | **1,058.8** | **$549,198.00** |
| Krein, Jennifer 02379 | Technical Advisor | 2013 | 190 | 16.5 | $3,135.00 |
| | | 2017 | 330 | 5.6 | $1,848.00 |
| **Krein, Jennifer 02379 Total** | | | | **22.1** | **$4,983.00** |
| Langenfeld, Tawnie 07312 | Document Review Attorney | 2018 | 300 | 479.4 | $143,820.00 |
| **Langenfeld, Tawnie 07312 Total** | | | | **479.4** | **$143,820.00** |
| Larmie, Naa Dedei 07479 | Project Review Attorney | 2018 | 350 | 303.4 | $106,190.00 |
| **Larmie, Naa Dedei 07479 Total** | | | | **303.4** | **$106,190.00** |
| Leete, Sarah A. 08571 | E-Disc Analyst | 2017 | 185 | 22.5 | $4,162.50 |
| | | 2018 | 185 | 94.0 | $17,390.00 |
| **Leete, Sarah A. 08571 Total** | | | | **116.5** | **$21,552.50** |
| Leighton, Matthew M. 08685 | Law Clerk | 2018 | 150 | 48.7 | $7,305.00 |
| **Leighton, Matthew M. 08685 Total** | | | | **48.7** | **$7,305.00** |
| Lewis, Laurice 01536 | Paralegal | 2013 | 295 | 22.0 | $6,490.00 |
| **Lewis, Laurice 01536 Total** | | | | **22.0** | **$6,490.00** |
| Lueck, Martin R. 00218 | Partner | 2013 | 800 | 5.2 | $4,160.00 |
| | | 2014 | 750 | 0.3 | $225.00 |
| | | 2015 | 925 | 2.6 | $2,405.00 |
| | | 2016 | 925 | 21.3 | $19,702.50 |
| | | 2017 | 925 | 47.0 | $43,475.00 |
| | | 2018 | 925 | 46.5 | $43,012.50 |
| | | 2019 | 975 | 1.0 | $975.00 |
| **Lueck, Martin R. 00218 Total** | | | | **123.9** | **$113,955.00** |
| Marth, Ryan W. 02163 | Principal | 2012 | 355 | 51.0 | $18,105.00 |
| | | 2013 | 450 | 274.7 | $123,615.00 |
| | | 2014 | 450 | 130.0 | $58,500.00 |
| | | 2015 | 700 | 11.3 | $7,910.00 |
| | | 2016 | 700 | 266.9 | $186,830.00 |
| | | 2017 | 700 | 1,516.3 | $1,061,410.00 |
| | | 2018 | 700 | 966.9 | $676,830.00 |
| | | 2019 | 740 | 57.1 | $42,254.00 |
| **Marth, Ryan W. 02163 Total** | | | | **3,274.2** | **$2,175,454.00** |
| McCalip, David 07399 | Project Review Attorney | 2017 | 350 | 1,533.1 | $536,585.00 |
| | | 2018 | 350 | 638.4 | $223,440.00 |

| | | | | | |
|---|---|---|---|---|---|
| **McCalip, David 07399 Total** | | | | **2,171.5** | **$760,025.00** |
| Mendoza, Sara 07299 | Project Review Attorney | 2018 | 350 | 218.2 | $76,370.00 |
| **Mendoza, Sara 07299 Total** | | | | **218.2** | **$76,370.00** |
| Michael, Lori M 07144 | Project Review Attorney | 2017 | 350 | 1,400.0 | $490,000.00 |
| | | 2018 | 350 | 760.0 | $266,000.00 |
| **Michael, Lori M 07144 Total** | | | | **2,160.0** | **$756,000.00** |
| Milder, Tai S. 02984 | Counsel | 2017 | 750 | 206.6 | $154,950.00 |
| | | 2018 | 750 | 99.1 | $74,325.00 |
| **Milder, Tai S. 02984 Total** | | | | **305.7** | **$229,275.00** |
| Mosher, Andrea 07234 | Project Review Attorney | 2018 | 350 | 251.9 | $88,165.00 |
| **Mosher, Andrea 07234 Total** | | | | **251.9** | **$88,165.00** |
| Norberg, Amy 07298 | Project Review Attorney | 2018 | 350 | 260.4 | $91,140.00 |
| **Norberg, Amy 07298 Total** | | | | **260.4** | **$91,140.00** |
| Persky, Bernard 02772 | Of Counsel | 2013 | 925 | 28.1 | $25,992.50 |
| | | 2014 | 925 | 12.0 | $11,100.00 |
| | | 2015 | 925 | 6.5 | $6,012.50 |
| | | 2016 | 925 | 2.8 | $2,590.00 |
| | | 2017 | 950 | 21.8 | $20,710.00 |
| | | 2018 | 950 | 16.5 | $15,675.00 |
| **Persky, Bernard 02772 Total** | | | | **87.7** | **$82,080.00** |
| Peterson, Joshua 07329 | Project Review Attorney | 2018 | 350 | 152.9 | $53,515.00 |
| **Peterson, Joshua 07329 Total** | | | | **152.9** | **$53,515.00** |
| Phomtalikhith, Pounnaphone 07290 | Project Review Attorney | 2018 | 350 | 81.5 | $28,525.00 |
| **Phomtalikhith, Pounnaphone 07290 Total** | | | | **81.5** | **$28,525.00** |
| Reiss, William V. 02775 | Principal | 2018 | 750 | 25.5 | $19,125.00 |
| **Reiss, William V. 02775 Total** | | | | **25.5** | **$19,125.00** |
| Roisum, Darla K. 02072 | Medical Records Coordinator | 2013 | 230 | 36.8 | $8,464.00 |
| **Roisum, Darla K. 02072 Total** | | | | **36.8** | **$8,464.00** |
| Sattler, Paula 07432 | Project Review Attorney | 2017 | 350 | 336.8 | $117,880.00 |
| **Sattler, Paula 07432 Total** | | | | **336.8** | **$117,880.00** |
| Schermerhorn, Scott 01623 | E-Disc Technical Specialist | 2016 | 150 | 36.8 | $5,520.00 |
| | | 2017 | 150 | 138.6 | $20,790.00 |
| | | 2018 | 150 | 159.7 | $23,955.00 |
| **Schermerhorn, Scott 01623 Total** | | | | **335.1** | **$50,265.00** |
| Seals, Bernadette J. 00725 | Paralegal | 2013 | 230 | 29.4 | $6,762.00 |
| **Seals, Bernadette J. 00725 Total** | | | | **29.4** | **$6,762.00** |
| Smith, Roger S 02477 | E-Disc Technical Specialist | 2017 | 105 | 18.7 | $1,963.50 |
| | | 2018 | 105 | 31.4 | $3,297.00 |
| **Smith, Roger S 02477 Total** | | | | **50.1** | **$5,260.50** |
| Spencer, Julie C 01151 | Paralegal | 2013 | 150 | 23.1 | $3,465.00 |
| **Spencer, Julie C 01151 Total** | | | | **23.1** | **$3,465.00** |
| Stewart, Katrina 08011 | E-Disc Technical Specialist | 2018 | 150 | 45.6 | $6,840.00 |
| **Stewart, Katrina 08011 Total** | | | | **45.6** | **$6,840.00** |
| Stueber, Thomas 07305 | Project Review Attorney | 2018 | 350 | 298.7 | $104,545.00 |
| **Stueber, Thomas 07305 Total** | | | | **298.7** | **$104,545.00** |
| Sullivan, Christopher D. 02503 | Trial Consultant | 2013 | 160 | 13.5 | $2,160.00 |
| | | 2017 | 160 | 4.0 | $640.00 |
| | | 2018 | 160 | 3.0 | $480.00 |
| **Sullivan, Christopher D. 02503 Total** | | | | **20.5** | **$3,280.00** |
| Tietjen, Randall M. 00490 | Partner | 2012 | 450 | 4.6 | $2,070.00 |
| | | 2016 | 815 | 67.1 | $54,686.50 |
| | | 2017 | 815 | 114.5 | $93,317.50 |
| **Tietjen, Randall M. 00490 Total** | | | | **186.2** | **$150,074.00** |
| Undlin, Thomas J. 00329 | Partner | 2012 | 500 | 48.2 | $24,100.00 |

| | | | | | |
|---|---|---|---|---|---|
| Undlin, Thomas J. 00329 | Partner | 2013 | 500 | 533.3 | $266,650.00 |
| | | 2014 | 500 | 262.2 | $131,100.00 |
| | | 2015 | 790 | 161.5 | $127,585.00 |
| | | 2016 | 815 | 671.5 | $547,272.50 |
| | | 2017 | 815 | 1,621.5 | $1,321,522.50 |
| | | 2018 | 900 | 1,128.4 | $1,015,560.00 |
| | | 2019 | 950 | 47.3 | $44,935.00 |
| **Undlin, Thomas J. 00329 Total** | | | | **4,473.9** | **$3,478,725.00** |
| Urberg, Amy 07488 | Project Review Attorney | 2018 | 350 | 91.9 | $32,165.00 |
| **Urberg, Amy 07488 Total** | | | | **91.9** | **$32,165.00** |
| Veenstra, Matthew R. 02628 | Associate | 2012 | 215 | 7.8 | $1,677.00 |
| | | 2013 | 330 | 10.5 | $3,465.00 |
| **Veenstra, Matthew R. 02628 Total** | | | | **18.3** | **$5,142.00** |
| White, Kevin 07430 | Project Review Attorney | 2017 | 350 | 1,384.6 | $484,610.00 |
| | | 2018 | 350 | 793.7 | $277,795.00 |
| **White, Kevin 07430 Total** | | | | **2,178.3** | **$762,405.00** |
| Whitney, Andrew 07478 | Project Review Attorney | 2018 | 350 | 222.9 | $78,015.00 |
| **Whitney, Andrew 07478 Total** | | | | **222.9** | **$78,015.00** |
| Wildfang, K. Craig 01794 | Partner | 2012 | 675 | 46.1 | $31,117.50 |
| | | 2013 | 675 | 701.2 | $473,310.00 |
| | | 2014 | 675 | 273.0 | $184,275.00 |
| | | 2015 | 830 | 129.9 | $107,817.00 |
| | | 2016 | 855 | 544.4 | $465,402.00 |
| | | 2017 | 855 | 1,880.7 | $1,607,998.50 |
| | | 2018 | 950 | 1,685.4 | $1,601,130.00 |
| | | 2019 | 975 | 22.4 | $21,840.00 |
| **Wildfang, K. Craig 01794 Total** | | | | **5,283.1** | **$4,492,890.00** |
| Yunke, Heather 07012 | Project Review Attorney | 2018 | 350 | 492.3 | $172,305.00 |
| **Yunke, Heather 07012 Total** | | | | **492.3** | **$172,305.00** |
| Zabel, Richard R. 02144 | Technical Advisor | 2018 | 650 | 25.2 | $16,380.00 |
| **Zabel, Richard R. 02144 Total** | | | | **25.2** | **$16,380.00** |
| **Grand Total** | | | | **39,188.0** | **$19,788,517.00** |

# EXHIBIT 9

In re PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

**ROBINS KAPLAN EXPENSE REPORT**
**PERIOD TWO - BY CATEGORY**
**Reporting Period:  December 1, 2012 - January 31, 2019**

| DESCRIPTION | CUMULATIVE EXPENSES |
|---|---:|
| Litigation Fund | $1,639,664.44 |
| Commercial Copies (Outside Source) | $162,442.00 |
| Internal Copies | $36,285.60 |
| Court Fees | $5,951.83 |
| Court Reporters and Transcripts | $0.00 |
| Computer Research (Lexis/WestLaw, etc.) | $8,358.31 |
| Database Charges | $0.00 |
| Telephone | $1,009.49 |
| Postage / Express Mail / Messenger | $12,053.54 |
| Professional Fees (Expert, Investigator, Accountant, etc.) | $287,924.32 |
| Witness / Service Fees | $150.00 |
| Travel (Hotel, Airfare, Meals, etc.) | $446,279.96 |
| Miscellaneous / Other | $279,501.51 |
| **TOTAL:** | **$2,879,621.00** |

# EXHIBIT 10

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

K. Craig Wildfang
612-349-8554

November 29, 2005

Gary B. Friedman
FRIEDMAN & SHUBE
155 Spring Street
Fifth Floor
New York, NY  10012

Mark Reinhardt
REINHARDT WENDORF & BLANCHFIELD
1250 East First National Bank Building
332 Minnesota Street
St. Paul, MN  55101

Re:   MDL 1720
      Our File No.: 123630.0000

Dear Mark and Gary:

I write this letter to you as representatives of counsel in the cases we have referred to in our discussions as the "No Surcharge" ("NSR") cases, on behalf of plaintiffs' counsel in the cases we have referred to as the "Interchange" cases, in order to summarize the understanding we have reached regarding the organization and prosecution of these cases.  Together we have agreed that the NSR counsel will no longer seek to have the NSR cases organized and prosecuted on a track separate from the broader Interchange cases, and you and the other NSR counsel you represent (as disclosed on Attachment A to this letter) agree to support the organizational structure already agreed to by counsel in the broader Interchange cases.  In return, on behalf of the Interchange cases, as the prospective co-lead counsel, the firms of Robins, Kaplan, Miller & Ciresi, L.L.P., Berger & Montague, P.C., and Lerach, Coughlin, Stoia, Geller, Rudman, & Robbins, L.L.P. have agreed to designate you as heads of a "wormking group" which will have primary responsibility, within the larger organizational structure, to litigate the issues raised by the "no surcharge" rules of Visa and MasterCard.  In addition, in our discussions of this week you have asked for the following seven assurances, to which we also agree:

1.      The Consolidated Amended Complaint on which we will endeavor to reach consensus will include some form of a claim which will address the anticompetitive effects of the no surcharge rules under Sherman Act §§ 1 and 2.  This might be, but need not be, a "stand alone" count challenging these rules, or may be a count that might include NSR along with other restraints as alleged in some of the Interchange cases.

2.      At any potential decision-point, e.g. class certification, summary judgment, etc. a committee of 5 consisting of the 3 co-leads and the two of you will decide how to deal with the NSR damages claim.

MP3 20158928.1

A T L A N T A · B O S T O N · L O S  A N G E L E S · | M I N N E A P O L I S | · N A P L E S · S A I N T  P A U L · W A S H I N G T O N , D . C .

November 29, 2005
Page 2

That is, the claim might be abandoned for class certification or other purposes, modified, etc., as determined by that five person committee. You and the NSR counsel agree to abide by the decision of the majority of the five person committee.

3.    However, we commit that we will not abandon a claim for injunctive relief, and the certification of a (b)(2) class, for purposes of the no surcharge rules. Notwithstanding the foregoing, if an overall settlement of the claims of the Class is reached that does not provide for injunctive relief relating to the no surcharge rule, you and the NSR group may object to that settlement, if you so determine, but if that settlement agreement is finally approved by the Court, then this point number 3 becomes inoperative. We will consult with you regarding any negotiations involving any proposed release of any claim relating to the no surcharge rules.

4.    Before trial the same five person committee will decide whether and how to include a damages claim based on the no surcharge rules in the trial. You and the NSR counsel agree to abide by the decision of the majority of the five person committee. For these purposes, the NSR group includes the law firms identified on Attachment A.

5.    The NSR group will, as a group, receive a percentage of all attorneys' fees in this action that is equal to the percentage of the approved lodestar that the NSR Group accounts for. So by way of example, if the NSR Group accounts for 10% of the approved lodestar (hours times hourly rate) of all plaintiffs' counsel, then the NSR Group shall receive 10% of all attorneys fees awarded, irrespective of whether the NSR claim(s) result in any relief of any nature, and irrespective of whether the interchange claim(s) result in any relief of any nature. The two of you will be responsible for the allocation within the NSR group, and the members of that group agree not to seek additional fees from the other plaintiffs' counsel or from the Court

6.    If the claim which includes the challenge to the no surcharge rules is abandoned, settled or lost, we will "re-deploy" the NSR lawyers in other parts of the case.

7.    The NSR group would have the right to propose to the co-leads that the separate claim which includes the challenge to the no surcharge rules be settled separately, but the co-leads would control that ultimate decision.

As you know from our discussions, we believe that bringing the NSR claims under the umbrella of the broader Interchange cases is in the best interests of the Class, and so we are pleased that we have been able to reach this understanding with you and your group. We look forward to working with you as we prosecute this immensely important case.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

K. Craig Wildfang

KCW/tlo
cc:    H. Laddie Montague
        Bonny Sweeney

# EXHIBIT 11

# Robbins Geller
## Rudman & Dowd LLP

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Patrick Coughlin
patc@rgrdlaw.com

March 5, 2015

Gary B. Friedman
FRIEDMAN LAW GROUP LLP
270 Lafayette Street, 14th Floor
New York, NY  10012-3327

       Re:    *MDL 1720*

Dear Gary:

In light of the recent events disclosed by Willkie Farr in MDL 1720 and the unsupported accusations already made by the objectors to the Settlement, Co-Lead Counsel in MDL 1720 instruct that neither you nor your firm, until further notice, is to participate in the representation of the Certified Settlement Class in MDL 1720. This is not a prejudgment of the issues raised by the disclosures made by Willkie Farr.

       Sincerely,

       PATRICK COUGHLIN

PJC:sgm

cc:    K.C. Wildfang
       Thomas J. Undlin
       H. Laddie Montague
       Merrill Davidoff
       Michael Kane
       Xan Bernay
       Samuel Issacharoff

# EXHIBIT 12



800 LASALLE AVENUE          612 349 8500 TEL
SUITE 2800                 612 339 4181 FAX
MINNEAPOLIS MN  55402      ROBINSKAPLAN.COM


K. CRAIG WILDFANG
612 349 8554 TEL
KCWILDFANG@ROBINSKAPLAN.COM

May 6, 2019

*<u>VIA E-MAIL AND U.S. MAIL</u>*

Gary Friedman, Esq.
154 Grand Street, 5th Fl.
New York, NY  10013

      Re:  *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 05-md-01720 (MKB) (JO)

 Dear Gary:

      To respond to your inquiry, Co-Lead Counsel for the (b)(3) Class will not include in any joint fee petition any portion of the lodestar time or expenses of the Friedman Law Group and any predecessor firms.  If you wish to apply for a fee and expense award for your firm's work in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 05-md-01720, you will need to file an independent fee petition with the Court.

      Under the circumstances, we do not believe that the 2005 letter requires us to include your firm's time and expenses in a joint fee petition.

                          Yours very truly,

| | | |
|---|---|---|
| /s/ K. Craig Wildfang | /s/ H. Laddie Montague, Jr. | /s/ Patrick J. Coughlin |
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Robins Kaplan LLP | Berger Montague PC | Robbins Geller Rudman |
| 800 LaSalle Ave. | 1818 Market St., Ste. 3600 |   & Dowd LLP |
| Suite 2800 | Philadelphia, PA  19103 | 655 West Broadway |
| Minneapolis, MN  55402 | | San Diego, CA  92101 |

cc: Class Plaintiffs Co-Lead Counsel