# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document refers to: All Actions | MDL No. 1720<br>Case No. 1:05-md-1720-JG-JO |

# DECLARATION OF H. LADDIE MONTAGUE, JR. ON BEHALF OF BERGER MONTAGUE PC

I, H. Laddie Montague, Jr., hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief:

1.  I am Chair *Emeritus* and a Managing Shareholder of Berger Montague PC[1] ("Berger Montague"), one of the three firms which were appointed interim Co-Lead Class Counsel in MDL No. 1720 (ECF Nos. 279, 6754) and as Class Counsel to represent the Rule 23(b)(3) Settlement Class (ECF No. 7363). I submit this declaration in support of Rule 23(b)(3) Class Plaintiffs' Award of Attorneys' Fees and Expenses.

2.  Merrill G. Davidoff, Chair *Emeritus* and a Managing Shareholder, and myself (the two most experienced and senior antitrust and trial attorneys in the firm), along with Michael J. Kane, a Shareholder at Berger Montague with substantial antitrust litigation experience, have led the Berger Montague team in this litigation.[2] In addition, because of the massive amount of documents produced in this case, Berger Montague utilized associates, staff and contract attorneys to review documents under the supervision of Mr. Kane, and other senior attorneys.

---

[1] Formerly Berger and Montague P.C.
[2] Before he departed Berger Montague in 2014, Bart D. Cohen (a shareholder) was also an experienced member of the Berger Montague team.

## BERGER & MONTAGUE TIME, LODESTAR AND EXPENSE

3. Berger Montague has been litigating complex class action cases for nearly 50 years and has used its experience to litigate this case efficiently and effectively. The firm helped pioneer the use of class actions in antitrust litigation and was instrumental in extending the use of the class action procedure to other litigation areas, including securities, employment discrimination, civil and human rights, and mass torts. The firm's complement of nationally recognized lawyers has represented both plaintiffs and defendants in these and other areas and has recovered billions of dollars for its clients. In complex litigation, particularly in areas of class action litigation, Berger Montague has established new law and forged the path for recovery. The firm has served as lead, co-lead or co-trial counsel on many of the most significant civil antitrust cases over the last 50 years, including, *inter alia*, *In re Corrugated Container Antitrust Litigation* (recovery in excess of $366 million), the *Infant Formula* case (recovery of $125 million), the *Brand Name Prescription Drug* price-fixing case (settlement of more than $700 million), the *State of Connecticut Tobacco Litigation* (settlement of $3.6 billion), the *Graphite Electrodes Antitrust Litigation* (settlement of more than $134 million), and the *High-Fructose Corn Syrup Litigation* ($531 million); *In re Currency Conversion Fee Antitrust Litigation* (total of $386 million in settlements); *In re Domestic Drywall Antitrust, Litig.* (settlements totaling more than $190 million).

4. From inception of the case through January 31, 2019, Berger Montague has devoted 69,119.68 hours to this case. We have employed our depth of talent and experience, having a core of three experienced attorneys who have been involved in the litigation from the

2

beginning to the end. This is exemplified by the fact that the three core attorneys (Montague, Davidoff, and Kane) account for approximately 35% of the total hours expended by Berger Montague and approximately 51% of the lodestar.[3] Over the course of the last approximately fourteen years, other Berger Montague attorneys had significant roles in this litigation, such as taking depositions, performing legal research, and drafting briefs.

5. Berger Montague requires each of its attorneys and paralegals to maintain contemporaneous time records which are entered electronically. Time expended is generally broken down into six (6) minute intervals or $1/10^{th}$ of an hour. Each month, Berger Montague submitted its time, lodestar and expenses for the previous month to Hulett Harper Stewart LLP, which tallied that information for all firms and circulated the results on a monthly basis to the Leadership Group. After Preliminary Approval of the Original Settlement was Ordered on November 9, 2012 (Docket No. 1729), the Leadership Group established guidelines (set forth in paragraphs 6, 7 and 8 of the 2013 Declaration of Thomas J. Undlin in Support of Class Plaintiffs' Joint Motion for Award of Attorneys' Fees, Expenses and Class Plaintiffs' Awards (ECF No. 2113-2 April 11, 2013) ("Undlin 2013 Decl.") and paragraphs 11-12 of the 2019 Declaration of Thomas J. Undlin in Support of Class Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Undlin 2019 Declaration")) regarding time not to be submitted in this case, including, *inter alia*:

    a.    attorneys and paralegals who expended less than ten (10) hours in the case;

---

[3] If Bart Cohen is included in this group along with Montague, Davidoff and Kane, the group comprises 44% of Berger Montague's total hours and 60.8 % of its lodestar.

3

  b. time expended in timekeeping, expense reporting or the joint fee and expense petition or any fee or expense submissions on behalf of Berger Montague;

  c. pure travel time has been reduced by fifty percent (50%);

  d. all time in excess of ten (10) hours in a single day for document review; and

  e. all time in excess of fifteen (15) in a day for all other work.

In addition, it was later agreed by Co-Lead Counsel that any first-tier document review would be capped at $350/hour or, in the case of contract attorneys, four times their hourly wage. (In the case of Berger Montague contract attorneys, the resulting hourly rates were all $200 or less.)

  6. Prior to submitting our time in support of the April 2013 Joint Motion for fees and expenses, to confirm that time was accurate, Berger Montague reviewed each time entry to ensure that the amount of time spent on the work was reasonable; that the rates billed for the work were reasonable given both the nature of the work being done and the seniority level of the attorney or paralegal doing the work; that the amount of detail provided in support of the time entry was sufficient; and that the work being done was in furtherance of the Class's interests. The hourly rates used are Berger Montague's normal hourly rates charged for complex antitrust litigation during the time period and have been approved in recent class fee award Orders. With the help of our internal accounting staff, adjustments were made to ensure that all of the reported time met the criteria established by Co-Lead Counsel as set forth in paragraph 5, above. The internal review of our time resulted in Berger Montague's lodestar being reduced by a total of $3,187,001 for the period from inception through November 30, 2012.

7. Exhibit "A" hereto sets forth the adjusted time and lodestar from the inception of this case through November 30, 2012 for each Berger Montague attorney and paralegal who expended ten (10) or more hours in MDL No. 1720 and is taken from Berger Montague's electronic time records after the reductions were made pursuant to the foregoing paragraph. The lodestar is calculated at the regular hourly rate applicable to each attorney and paralegal on Exhibit "A" for each relevant time period during which that attorney or paralegal performed work ("historical billing rate"). Exhibit "C" hereto sets forth a schedule of hourly rates over time for each attorney and paralegal on Exhibit "A." After the adjustments referred to in paragraph 5, supra, from inception through November 30, 2012, Berger Montague billed 55,903.78 total hours and had a total lodestar of $20,550,516 at historical billing rates. *See* Ex. A.

8. To ensure that our billing records for the period December 1, 2012 through January 31, 2019 are both accurate and comply with the Leadership's Group's billing guidelines set forth above in paragraphs 5 and 6, Berger Montague again reviewed every time entry. In addition, Rule 23(b)(3) Co-Lead Counsel have decided to exclude from the lodestar submission for the period December 1, 2012 through January 31, 2019 several categories of time, including: 1) time spent strategizing and preparing briefs, supporting papers and argument in support of the first settlement final approval from the date of preliminary approval through final approval (during the time period from December 1, 2012 to December 13, 2013); 2) time spent preparing the first and second fee petition materials, including time and expense review of secondary and lead firms, working with experts in support, drafting related briefing and declarations; 3) time spent responding to the appeal of the 2013 final approval, including research, preparation for the oral argument with Paul Clement, review and redlining of draft briefs to be submitted to the Second Circuit, review and redlining of the petition for certiorari to the Supreme Court and the

5

like; and 4) time spent investigating, meeting, reviewing records and responding to Mr. Friedman's misconduct in this litigation relating to his communications with and the disclosure of confidential and privileged information and materials to Keila Ravelo, who was representing defendant Mastercard at the time, including the time associated with the Rule 60 Motions to Vacate Judgment and opposition to them (ECF Nos. 6542-6555, 6557-6574). *See* Undlin 2019 Declaration ¶ 15. Accordingly, Berger Montague reviewed our time records and removed all time Co-Lead Counsel determined to exclude from their lodestar submission. After reviewing each time record for the period December 1, 2012 through January 31, 2019, Berger Montague's billed time was reduced by 3,974.66 hours and our lodestar was reduced by $3,242,971.85.

9. Exhibit "B" hereto sets forth time and lodestar for the period December 1, 2012 through and including January 31, 2019, and is taken from Berger Montague's electronic time records after the reductions were made pursuant to the paragraphs 5 and 8. The lodestar is calculated at the regular hourly rate applicable to each attorney and paralegal on Exhibit "B" for each relevant time period during which that attorney or paralegal performed work ("historical billing rate"). Exhibit "C" hereto sets forth a schedule of hourly rates over time for each attorney and paralegal on Exhibit "C." For the period December 1, 2012 through January 31, 2019, Berger Montague billed 13,215.90 total hours and had a total lodestar of $8,147,716 at historical billing rates. *See* Ex. B.

10. After the adjustments referred to in paragraphs 5, 6 and 8, *supra*, from inception through January 31, 2019 Berger Montague billed 69,119.68 total hours and had a total lodestar of $28,698,232.30 at historical billing rates. If current rates were applied to those 69,119.68 total hours, Berger Montague's total lodestar would be $37,561,677.50.

6

11. A full print-out of Berger Montague's time records from inception of this matter through January 31, 2019 is available.

12. Berger Montague has advanced the costs of litigation in this matter, both with respect to its own costs as well as payment of assessments to a common fund to which all Plaintiffs' counsel in the Class case were asked to contribute. Berger Montague records its expenses by case in its computer system contemporaneously as such expenses are paid or reported. In particular, to ensure that our expense submissions are accurate we reviewed all of the out-of-pocket cost entries reflected in our system to confirm that such costs were reasonable and expended in furtherance of the Class's interest. Berger Montague did a detailed review of the submitted expense to ensure that they complied with the objective criteria established by Co-Lead Counsel as set forth in paragraph 7 of the Undlin 2013 Declaration and paragraph 13 of the Undlin 2019 Declaration. This included making sure that each meal was limited to no more than $75 per person, all airline tickets are billed at coach rates (even "up-fare" tickets that were purchased as a coach class ticket and automatically upgraded to first class and appear on the itinerary as a first class ticket); that charges for the mini-bar, alcohol, fitness center charges and other personal expenses were removed.

13. Exhibit "D" hereto is a true and correct summary of those costs from inception through November 30, 2012 and Exhibit "E" hereto is a true and correct summary of those adjusted costs from December 1, 2012 through and including January 31, 2019 by subject matter (*e.g.,* travel and lodging, assessments, telephone, reproductions, etc.). A full printout of Berger Montague's costs is available. Berger Montague's total adjusted costs from inception through January 31, 2019 is $6,040,170.58.

7

14. Berger Montague has represented the Rule 23(b)(3) Class on a contingent fee basis. Berger Montague to date has not received any fees.

15. Berger Montague has performed legal services and incurred and paid expenses subsequent to January 31, 2019 and will continue to do so. Berger Montague's lodestar does not include any time spent prosecuting this case after January 31, 2019, and it does not include any estimates for future time to be incurred in seeking final approval of this Settlement, administering the Settlement or handling future appeals (if any). The total also neither includes any time spent by anyone preparing this fee and expense petition, including supporting documents nor the substantial time spent reviewing Berger Montague's detailed billing reports to make the adjustments to time and expenses described herein. Berger Montague reserves the right to submit its subsequent lodestar and expenses to the Court as a supplement to the current Petition.

## BERGER MONTAGUE PARTICIPATION

16. Berger Montague has a background in aspects of the banking industry relating to payment cards. For example, Merrill G. Davidoff and Michael J. Kane were involved in litigation involving hidden charges on credit cards involving foreign currency and litigation involving interchange fees associated with the use of ATM machines.

17. In 2005, several businesses had discussed with Berger Montague the issue of the high level of expense of acceptance of the payment cards of the major networks. Following on that, Berger Montague attorneys met with other counsel, in particular, counsel for clients which became known as the individual plaintiffs, to exchange ideas and legal theories, issues, strategy and planning. This expanded into meetings with the Robins Kaplan LLP ("Robins Kaplan") (formerly Robins Kaplan Miller & Ciresi, L.L.P.) and with Joseph Goldberg (Freedman Boyd

8

Daniels Hollander & Goldberg P.A.), Dennis Stewart (Hulett Harper Stewart LLP) and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") (formerly Lerach Coughlin Stoia Geller Rudman & Robbins). It was only after these conferences and after research that Berger Montague filed a class action complaint on behalf of Tabu Salon in the District of Connecticut. Berger Montague joined the motion before the Panel on Multidistrict Litigation to transfer all cases to the Eastern District of New York and I argued before the Panel on behalf of plaintiffs requesting transfer to that District. (Argued 9/29/2005.)

18. Once transferred, the cases had to be organized. As Robins Kaplan, Robbins Geller and Berger Montague had been working together on this litigation for several months, and based upon their backgrounds and experience, it was natural that the three firms moved to be appointed interim lead counsel (hereinafter "Class Counsel"). Once that occurred, the Leadership Group was established. Joseph Goldberg and Dennis Stewart were appointed as Co-Chairmen of the Executive Committee and became part of the main Leadership Group for the class action cases. On November 27, 2012, upon preliminary approval of the Original Settlement, the Court appointed Robins Kaplan, Berger Montague and Robbins Geller "to serve as Class Counsel." (Docket No. 1745.) On December 13, 2013, the Court granted Final Approval of the Original Settlement (Docket No. 6124). Subsequently, the Final Approval of the Original Settlement was appealed to the Second Circuit. On June 30, 2016, the Second Circuit issued a Decision vacating the Original Settlement and the Class Certification. Upon remand to the District Court, the firms of Berger Montague, Robins Kaplan and Robbins Geller were appointed interim co-lead counsel for a putative class of plaintiffs seeking class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) on November 30, 2016. (Docket No. 6754)

9

19. Since inception through the present, as Class Counsel, Berger Montague participated in both litigation phases and every aspect of this litigation, including in addressing the day-to-day issues and problems, of which there were many. The Leadership Group discussed and made all the decisions and assignments in the case, prepared almost all motions and briefs and presented all arguments to the Court. This Group developed and organized pretrial discovery and fully participated in all aspects. Likewise, Berger Montague, along with the rest of the Leadership Group, participated in every aspect of the original mediation and settlement process, and the subsequent mediation and settlement process that culminated in the superseding settlement agreement, and the associated preliminary and final approval papers.

20. The activities of Rule 23(b)(3) Co-Lead Counsel are set forth in the Declarations of K. Craig Wildfang[4] and will not be repeated here. While the Leadership Group worked together, particular aspects of the case were assigned to individual Leadership Firms. For example, Berger Montague took the lead in class certification issues, including principle responsibility for the depositions of class representatives, class action expert reports, class action expert depositions and the motion, memorandum and reply memorandum in support of class certification. Other members of the Leadership Group and other counsel contributed to the final effort. Mr. Davidoff of Berger Montague argued the class motion during a full day hearing. Following remand from the Second Circuit, Berger Montague was responsible for the depositions of Chase and Bank of America, in addition to participating in other depositions. Berger Montague also had significant responsibility for negotiating supplemental document and

---

[4] Declaration of K. Craig Wildfang in Support of Rule 23(b)(3) Class Plaintiffs' Motion for Final Approval of the Class Settlement and Class Counsel's Petition for Award of Fees and Costs, being field concurrently herewith and Declaration of K. Craig Wildfang in Support of Rule 23(b)(3) Class Plaintiffs' Motion for Preliminary Approval of Settlement (ECF No. 7257-3 Sept. 18, 2018).

10

data productions from defendants, reviewing and analyzing those productions, and working with experts, among other things.

21. As one would expect, Berger Montague was very involved in all aspects of the first and second mediation and settlement negotiations and process. Indeed, this was a collaborative effort on the part of the entire Leadership Group as well as the other class counsel who represented certain Class Representatives. Throughout the entire litigation process, it is impossible for each member of the Leadership Group to give justice to all that each contributed, for it would have been very difficult for this case to have been litigated as it was without the full cooperation and participation of the Leadership Group and other counsel when called upon and without each firm's willingness to advance its share toward the overall common expenses.

Dated this 7th day of June, 2019.

_____
H. Laddie Montague, Jr.
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
hlmontague@bm.net

# EXHIBIT "A"

(SH = Shareholder; A= Associate; PL = Paralegal;
CA = Contract Attorney; SA = Summer Associate)

For each person whose time is included, the below charts set forth the name, billing rate and period in effect, hours for each billing rate, and lodestar for each billing rate.

| BERGER MONTAGUE PC TIME Inception – November 30, 2012 | | |
|---|---|---|
| TIMEKEEPER | TOTAL HOURS | TOTAL LODESTAR |
| ANDREW C. CURLEY (A) | 31.60 | 9,480.00 |
| BETH A. BURGHAZE (PL) | 10.50 | 2,100.00 |
| BART D. COHEN (SH) | 5,775.80 | 2,669,928.00 |
| BRET P. FLAHERTY (SH) | 92.10 | 31,788.00 |
| CAITLIN G. COSLETT (SH) | 953.90 | 254,232.00 |
| CANDICE J. ENDERS (SH) | 368.06 | 124,413.50 |
| CHARLES P. GOODWIN (SH) | 1,127.00 | 508,506.00 |
| DAVID ANZISKA (A) | 500.50 | 142,038.50 |
| DAVID A. LANGER (A) | 520.90 | 177,857.00 |
| DA RITZMAN (CA) | 1,107.50 | 210,425.00 |
| EUGENE R. TOMPKINS (CA/A) | 7,668.50 | 1,725,692.50 |
| EDWARD W. MILLSTEIN (SH) | 48.80 | 17,637.00 |
| H LADDIE MONTAGUE, JR (SH) | 3,241.80 | 2,350,120.00 |
| JB BLAKE (CA) | 1,193.50 | 226,765.00 |
| JENNA E MCNAUGHTON-WONG (A) | 1,069.24 | 317,510.60 |
| JK KLEIN (CA) | 2,792.20 | 502,596.00 |
| JILL L. FREEMAN (A) | 812.80 | 295,819.50 |
| JUNE M. CUSACK (PL) | 253.30 | 52,162.50 |
| KIMBERLY A. WALKER (PL) | 24.90 | 5,407.50 |
| KEVIN C. ALDRIDGE (PL) | 219.50 | 41,534.00 |
| KAREN M. MARKERT (PL) | 2,009.75 | 468,227.50 |
| KP KEMLER (PL) | 103.20 | 24,768.00 |
| LM MUCCI (CA) | 1,238.80 | 235,372.00 |
| LAURA X. GLEASON (A) | 3,689.94 | 952,485.20 |
| MARY ANNE ROSSI (PL) | 206.30 | 49,512.00 |
| MICHAEL C. DELL'ANGELO (SH) | 123.40 | 52,661.50 |
| MERRILL G. DAVIDOFF (SH) | 3,985.20 | 2,925,379.00 |
| MARTIN I. TWERSKY (SH) | 109.50 | 63,292.00 |
| MICHAEL J. KANE (SH) | 10,834.29 | 4,559,092.00 |
| MATTHEW P. MCCAHILL (A) | 3,206.00 | 1,048,786.00 |
| NICHOLAS X. URBAN (A) | 114.90 | 29,055.00 |

| BERGER MONTAGUE PC TIME Inception – November 30, 2012 | | |
|---|---:|---:|
| **TIMEKEEPER** | **TOTAL HOURS** | **TOTAL LODESTAR** |
| P.V. TELANG (PL) | 22.50 | 5,312.50 |
| PETER B. NORDBERG (SH) | 15.50 | 6,975.00 |
| PM MANLEY (CA) | 1,300.60 | 247,114.00 |
| RG GOLDEN (CA) | 1,092.80 | 207,632.00 |
| SHAWN L. MATTEO (PL) | 16.70 | 3,340.00 |
| SARAH S. SCHALMAN-BERGEN (SH) | 22.00 | 5,500.00 |
| **TOTALS** | **55,903.78** | **$20,550,516.30** |

# EXHIBIT "B"

(SH = Shareholder; A= Associate; PL = Paralegal;
CA = Contract Attorney; SA = Summer Associate)

| BERGER MONTAGUE PC TIME December 1, 2012 - January 31, 2019 | | |
|---|---:|---:|
| TIMEKEEPER | TOTAL HOURS | TOTAL LODESTAR |
| BART D. COHEN (SH) | 215.6 | 124,565.00 |
| CAITLIN G. COSLETT (SH) | 2.20 | 935.00 |
| CHRISTINA M. BLACK (A) | 1,283.70 | 458,726.00 |
| DAVID A. LANGER (A) | 1,494.10 | 901,244.00 |
| EUGENE R. TOMPKINS (A) | 2,307.70 | 807,695.00 |
| GEORGE A. MacMILLIAN (PL) | 261.80 | 78,865.00 |
| H LADDIE MONTAGUE, JR (SH) | 1,062.10 | 999,304.50 |
| KAREN M. MARKERT (PL) | 33.90 | 11,166.00 |
| MERRILL G. DAVIDOFF (SH) | 1,056.90 | 996,584.00 |
| MARTIN I. TWERSKY (SH) | 30.50 | 23,600.00 |
| MICHAEL J. KANE (SH) | 4,239.00 | 2,825,986.00 |
| MATT P. McCAHILL (A) | 44.70 | 18,327.00 |
| MARK R. STEIN (A) | 7.00 | 1,562.50 |
| PHYLLIS M. PARKER (SH) | 12.50 | 6,582.50 |
| RUTHANNE GORDON (SH) | 1,120.50 | 882,478.00 |
| SUNSHINE RIDER-IVERS (PL) | 25.70 | 6,810.50 |
| SUSAN L. LEO (PL) | 18.00 | 3,285.00 |
| **TOTALS** | **13,215.90** | **$8,147,716.00** |

# EXHIBIT "C"
# BERGER MONTAGUE PC HOURLY BILLING RATES

| Timekeeper | Rate Effect. 2005 | Rate Effect. 1/1/06-6/30/07 | Rate Effect. 7/1/07-12/31/08 | Rate Effect. 1/1/09-2/28/10 | Rate Effect. 3/1/10-2/28/11 | Rate Effect. 3/1/11-2/28/12 | Rate Effect. 3/1/12-7/31/13 | Rate Effect. 8/1/13-12/31/13 | Rate Effect. 2014 | Rate Effect. 2015 | Rate Effect. 2016 | Rate Effect. 2017 | Rate Effect. 2018 | Rate Effect. 2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| H. Laddie Montague, Jr. | 590 | 650 | 700 | 725 | 750 | 775 | 790 | 845 | 900 | 925 | 950 | 960 | 975 | 985 |
| Merrill Davidoff | 590 | 650 | 700 | 725 | 750 | 775 | 790 | 845 | 900 | 925 | 950 | 960 | 975 | 985 |
| Michael Kane | 350 | 370 | 395 | 405 | 450 | 475 | 500 | 575 | 625 | 650 | 665 | 675 | 685 | 700 |
| Martin Twersky | 485 | 520 | 550 | 575 | 650 | 660 | 675 | 700 | 720 | 750 | 760 | 770 | 780 | 790 |
| Ruthanne Gordon | 485 | 520 | 550 | 575 | 650 | 660 | 675 | 700 | 720 | 760 | 770 | 780 | 795 | 805 |
| David Langer | | 290 | 365 | 385 | 425 | 450 | 485 | 525 | 535 | 575 | 590 | 600 | 610 | 620 |
| Eugene Tompkins | | 200 | 200 | 200 | 200 (3/1/10 - 10/31/10); 350 (11/1/10-2/28/11) | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 |
| Candice Enders | | 270 | 325 | 335 | 360 | 380 | 410 | 450 | 565 | 590 | 615 | 625 | 635 | 645 |
| Bart Cohen | 370 | 400 | 450 | 475 | 550 | 560 | 570 | 600 | 610 | | | | | |
| Peter Nordberg | | | 450 | 525 | 575 | | | | | | | | | |
| Michael Dell'Angelo | | | 425 | 460 | 525 | 535 | 560 | 600 | 660 | 685 | 700 | 715 | 750 | 800 |
| Edward Millstein | 360 | 375 | 385 | | | | | | | | | | | |
| Charles Goodwin | | 365 | 450 | 475 | 525 | 535 | 550 | 575 | 590 | | | | | |
| Jill Freeman | | 340 | 365 | | | | | | | | | | | |
| Bret Flaherty | | 340 | 400 | 410 | 440 | 450 | 475 | | | | | | | |
| Phyllis M. Parker | | | | | | | 500 | 535 | 550 | 600 | 610 | 615 | 625 | 635 |
| Jenna McNaughton-Wong | | 290 | 300 | 360 | 360 | 360 | 425 | 475 | 500 | 525 | 550 | 560 | | |
| Caitlin Coslett | | | | 250 | 275 | 290 | 350 | 425 | 450 | 475 | 490 | 515 | 570 | 590 |
| Sarah Schalman-Bergen | | | | 250 | 320 | 350 | 385 | 440 | 475 | 550 | 570 | 580 | 605 | 620 |

| Timekeeper | Rate Effect. 2005 | Rate Effect. 1/1/06-6/30/07 | Rate Effect. 7/1/07-12/31/08 | Rate Effect. 1/1/09-2/28/10 | Rate Effect. 3/1/10-2/28/11 | Rate Effect. 3/1/11-2/28/12 | Rate Effect. 3/1/12-7/31/13 | Rate Effect. 8/1/13-12/31/13 | Rate Effect. 2014 | Rate Effect. 2015 | Rate Effect. 2016 | Rate Effect. 2017 | Rate Effect. 2018 | Rate Effect. 2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Matthew McCahill | | 205 (10/2006 - 11/2006); 270 (12/2006 - 6/2007) | 325 | 335 | 360 | 380 | 410 | | | | | | | |
| David Anziska | | 265 | 285 | 295 | | | | | | | | | | |
| Andrew Curley | | | | 300 | 300 | 380 | 410 | 450 | 525 | 590 | 615 | 625 | 635 | 645 |
| Laura Gleason | | 215 | 260 | 275 | 310 | | | | | | | | | |
| Nick Urban | | | | 250 | 275 | 290 | 340 | 400 | 450 | 475 | 490 | 505 | 515 | 530 |
| Christina M. Black | | | | | | | | | | | 350 | 350 | 375 | 405 |
| Karen Markert | 195 | 210 | 225 | 240 | 240 | 240 | 250 | 250 | 300 | 310 | 320 | 330 | | |
| Susan L. Leo | | | | | | | | | 150 | 150 | 150 | 170 | 200 | 250 |
| Anne N. Ebbesen | | | | | | 250 | 250 | | | | | | | |
| PV Telang | 195 | 210 | 225 | 240 | 240 | 240 | 250 | 250 | 275 | | | | | |
| Kevin Aldridge | 180 | 195 | 200 | 215 | 215 | 215 | 215 | | | | | | | |
| Kimberly Walker | | 210 | 225 | 240 | 240 | 240 | 240 | 240 | 275 | | | | | |
| Mary Anne Rossi | | | | | 240 | | | | | | | | | |
| KP Kemler | | | | 240 | 240 | 240 | 240 | 240 | 240 | 250 | 260 | 280 | 285 | 300 |
| June Cusack | | 190 | 200 | 215 | 215 | 215 | 215 | 215 | 275 | | | | | |
| Shawn Matteo | | | 200 | 215 | 215 | 215 | 215 | 215 | 275 | 285 | 300 | 330 | | |
| Beth Burghaze | | | 200 | | | | | | | | | | | |
| Sunshine Rider-Ivers | | | | | | | | | | | | 265 | | |
| George A MacMillan | | | | | | | | | | | | 300 | 305 | 310 |
| Mark R. Stein | | | | | | | 215 | 215 | 275 | 285 | 300 | 330 | 335 | 340 |
| JK Klein | | 180 | 180 | | | | | | | | | | | |
| RG Golden | | 190 | 190 | | | | | | | | | | | |
| JB Blake | | 190 | 190 | | | | | | | | | | | |
| LM Mucci | | 190 | 190 | | | | | | | | | | | |
| DA Ritzman | | 190 | 190 | | | | | | | | | | | |
| PM Manley | | 190 | 190 | | | | | | | | | | | |

**EXHIBIT "D"**

| Description | Cumulative Total |
|---|---:|
| **BERGER MONTAGUE PC EXPENSES** Inception – November 30, 2012 | |
| Assessments | 3,390,000.00 |
| Commercial Copies | 4,632.71 |
| Internal Reproduction/Copies | 96,163.65 |
| Computer Research | 264,332.19 |
| Court Fees (filing, etc.) | 2,270.82 |
| Court Reporters/Transcripts | 284.92 |
| Telephone/Fax | 4,665.42 |
| Postage/Express Delivery/Couriers | 15,729.32 |
| Professional Fees (expert/investigator, etc.) | 13,000.00 |
| Witness/Service Fees | |
| Travel (Transportation, lodging, meals, etc.) | 431,463.27 |
| Miscellaneous (Describe): OCR; electronic file conversion; electronic endorsing; electronic hosting and misc. computer expenses; CD/DVD burns | 6,047.80 |
| Miscellaneous (Describe): overtime; misc. office expense | 153.75 |
| Miscellaneous (Describe): publications | 1,409.30 |
| Miscellaneous (Describe): advertising | 935.00 |
| **TOTAL EXPENSES** | **4,231,088.15** |

LESS FIRST CLASS AIRFARE            -11,364.18

**ADJUSTED TOTAL
(FROM DETAILS SHEET)**            **4,218,798.06**

**EXHIBIT "E"**

| BERGER MONTAGUE PC EXPENSES December 1, 2012 - January 31, 2019 ||
|---|---:|
| **Description** | **Cumulative Total** |
| Assessments | 1,639,664.44 |
| Commercial Copies | 1,187.76 |
| Internal Reproduction/Copies/Printing | 41,212.15 |
| Computer Research | 24,459.14 |
| Court Fees (filing, etc.) | 50.00 |
| Court Reporters/Transcripts | 210.00 |
| Telephone/Fax | 279.99 |
| Postage/Express Delivery/Couriers | 969.74 |
| Professional Fees (expert/investigator, etc.) | 0.00 |
| Witness/Service Fees | 0.00 |
| Travel (Transportation, lodging, meals, etc.) | 117,816.20 |
| Miscellaneous (Describe):  OCR; electronic file conversion; electronic endorsing; and misc. computer expenses; CD/DVD burns | 106.40 |
| Miscellaneous (Describe);  Kaleidoscope Database Hosting | 871.50 |
| Miscellaneous (Describe):  books, publications | 32.00 |
| **TOTAL EXPENSES** | **1,826,859.32** |

LESS FIRST CLASS AIRFARE, OTHER TRAVEL CREDITS                    -  5,486.80

**ADJUSTED TOTAL**                                                                 **1,821,372.52**