# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : | MDL No. 1720(MKB)(JO) Civil No. 05-5075(MKB)(JO) |
| This Document Relates To: ALL ACTIONS. | : : : : : : : : : : x | DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF RULE 23(b)(3) CLASS PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES |

4830-5615-9897.v1

I, ALEXANDRA S. BERNAY, hereby declare as follows:

1.      I am a member of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), one of the three law firms appointed by the Court as Rule 23(b)(3) interim Co-Lead Counsel in MDL No. 1720 (ECF Nos. 278, 6754) and as Class Counsel to represent the settlement class (ECF No. 7363 at 82-83).  I submit this declaration in support of Rule 23(b)(3) Class Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Motion").

2.      For more than 13 years, Robbins Geller's lawyers, paralegals and other professional staff have devoted more than 93,000 (post-adjustment) hours to this case.

3.      As one of the people in charge of this case on a day-to-day basis since approximately 2012 and as a senior member of the litigation team since 2007, I have the most hours billed to the case.  Other senior-level lawyers who have worked extensively on the case are as follows:  Patrick J. Coughlin, former named partner (now Of Counsel), who was the lead lawyer in *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex), which settled for approximately $7.3 billion (the then-largest-ever class action settlement); partner Carmen A. Medici, who has been on the case almost from its inception working on every aspect of the case from discovery, depositions and hearings to settlement-related matters; David W. Mitchell, who took many of the depositions and shared responsibility for experts regarding Mastercard and discovery of Mastercard; and former partners Bonny E. Sweeney and Christopher M. Burke, who both devoted significant hours to the prosecution of the case, including helping to develop the litigation from inception.

4.      From inception through January 31, 2019, the bulk of document review and Casemap work by Robbins Geller lawyers was conducted by more junior associates and by project attorneys, who bill their time at lower hourly rates.  The case was also supported by Robbins Geller's non-lawyer professionals, who are essential to a discovery and motion practice intensive

- 1 -

case like this one but who bill at lower hourly rates, including paralegals, document clerks, information technology specialists, and litigation support staff.  *See* Sweeney Decl., ECF No. 2113-4.  *See also* Exhibits A and B.

5.        As explained in the Declaration of Thomas J. Undlin in Support of Rule 23(b)(3) Class Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses, Class Counsel, together with the Co-Chairs of the executive committee, developed a set of criteria for evaluating the appropriateness of every time and expense entry before submission to the Court.  In order to ensure the accuracy of Robbins Geller's time and expense application and to ensure that it satisfied the criteria established by the leadership group, Robbins Geller conducted a detailed review of its time and expense records for this matter.  I previously reviewed every entry for time billed to the case from inception through the end of November 2012 with Ms. Sweeney.  *See* ECF No. 2113-4, ¶¶3-6.  In addition, I personally reviewed each and every time entry from December 1, 2012 through January 31, 2019 ("Phase Two").

6.        With assistance from our accounting and settlement department staff, Mr. Medici and I also reviewed all of the expenses from December 1, 2012 through January 31, 2019, including the detailed back-up, recorded to the case.  Upon completion of our review, the results (reductions to both time and expenses) were then submitted to Mr. Undlin, who included that information in his declaration and supporting exhibits.

7.        We reviewed every time entry to ensure that the amount of time spent on the work was reasonable, that the rate billed for the work was reasonable given both the nature of the work being performed and the seniority level of the attorney or other professional doing the work, that the amount of detail provided in support of the time entry was sufficient, and that the work being done was in furtherance of the Class's interests.  We eliminated or reduced time entries that did

- 2 -

4830-5615-9897.v1

not comply with these criteria.  In addition, we eliminated time entries that should have been billed to another matter, time entries related to our application for fees and expenses, and time spent reviewing time and expenses detail submitted by other firms.  We removed all entries by timekeepers with fewer than 10 hours total; eliminated all time entries for travel where there was no record of substantive work being performed during the travel, and reduced other entries that included travel as well as substantive work but where it seemed likely (from the number of hours, for example) that some time was not devoted to working on the case.  We reduced all but a handful of time entries in excess of 15 hours in a single day (for any level of timekeeper) and scrutinized closely any time entry between 9 and 15 hours for appropriateness.  For time devoted solely to document review, we reduced any entry in excess of 10 hours in a single day.

8.      From December 1, 2012 through January 31, 2019, before any adjustments based on the reviews described above, Robbins Geller's total hours are 19,153.01.  The total lodestar based on historical rates is $10,678,285.20.  After making the adjustments based on the detailed review described above as well as the imposition of additional downward adjustments regarding appellate work and other matters, the total number of hours decreased to 13,267.71.  This represents a reduction of 5,885.30 hours, or approximately 30.73% of the pre-adjusted total.  As a result, the total Robbins Geller lodestar, based on historical rates, was reduced from $10,678,285.20 to $7,788,438.70 (a 27% decrease). Ex. A.  Or, based on current rates, the lodestar was reduced from $12,839,132.50 to $9,222,737.00, for a total reduction of $3,616,395.50, or 28.17%. Ex. B.[1]

---

[1]    The Robbins Geller lodestar (after downward adjustment) does not include any time spent prosecuting this case after January 31, 2019, and it does not include any estimates for future time to be incurred in seeking final approval of this Settlement, administering the Settlement or handling future appeals (if any).  Class Counsel agreed not to include time related to the appeal in the Second

- 3 -

9.      Attached as Exhibits A and B are summaries of the total number of hours worked by each billing timekeeper during Phase Two.  These totals do not include any time that has been undertaken by me or other Robbins Geller personnel to prepare the Motion or time spent in reviewing and analyzing any of the other law firms' billing reports submitted in support of the Motion.

10.     Previously, Ms. Sweeney and I, with the assistance of our accounting and settlement department staff, conducted a detailed review of every expense item billed to the case from inception through the end of November 2012.  In accordance with the criteria established by Class Counsel, we reduced any first class travel to a coach fare equivalent, where known, and by 30% where the coach fare equivalent was not available.  We reduced any meal expense for a single person to $75.00 (our firm policy has a $75.00 per person limit for dinner with lower limits for lunch and breakfast).  After reducing any over-$75.00 meal expense to $75.00, we also removed any alcohol expense where it could readily be identified.  Where not easily identifiable but it is believed that alcohol was consumed, the meal expense was reduced by an appropriate amount.  We eliminated miscellaneous personal expenses such as mini bar, laundry service, fitness center charges and the like.  *See* ECF No. 2113-4, ¶¶7-8.

11.     Mr. Medici and I, again with the assistance of accounting and settlement department staff, conducted a detailed review of every expense item billed to the case for the period November 2012 through January 31, 2019.  We applied the same criteria as detailed above.

12.     Attached as Exhibit C is a detailed breakdown, by category, of the expenses and charges of Robbins Geller for this case from December 1, 2012 through January 31, 2019, totaling

---

Circuit as well as a number of other tasks related to the prior settlement, thus accounting for the large reduction in reported lodestar.

- 4 -

$2,028,963.55 (post-adjustment). After adjustments based on our detailed review and application of the objective criteria described above, the total amount of the reduction from December 1, 2012 through January 31, 2019 is $280,325.06. This results in a decrease of 12.14%.

13.     These expenses and charges include contributions to the common litigation fund as assessed by Class Counsel, direct payments to experts and consultants beyond the common litigation fund, and direct disbursements for travel, computer assisted research, photocopies and the like.

14.     The chart below summarizes the historical lodestar and expenses/charges for Phases One and Two for Robbins Geller

| Robbins Geller | Lodestar (Historical Rates) | Expenses/Charges |
| --- | --- | --- |
| Phase One | $31,021,205.50 | $6,053,723.47 |
| Phase Two | $7,788,438.70 | $2,028,963.55 |
| Grand Total | $38,809,644.20 | $8,081,687.02 |

15.     Robbins Geller specializes in complex class-action litigation. With more than 200 attorneys in 10 offices nationwide, Robbins Geller is probably the largest such law firm in the United States. The firm's attorneys have a long history of prosecuting large and complex class actions against some of the nation's largest and most prominent businesses. The firm has served in leadership positions in numerous significant federal antitrust and other class actions, and has achieved some of the largest recoveries on behalf of plaintiff classes. For example, together with Class Counsel Berger Montague PC (formerly Berger & Montague, P.C.) ("BM"), Robbins Geller lawyers represented a class of consumers who alleged that the collective setting of foreign currency transaction fees violated federal antitrust laws in *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (S.D.N.Y.). That case, brought against Visa, Mastercard and many of the banks that are Defendants in this action, settled for $336 million. In *Dahl v. Bain Capital Partners, LLC*,

- 5 -

4830-5615-9897.v1

No. 07-cv-12388-EFH (D. Mass.), Robbins Geller was co-lead counsel with Robins Kaplan LLP (formerly Robins, Kaplan Miller & Ciresi L.L.P.) ("RK").  Plaintiffs recovered more than $590 million in that antitrust action against the nation's largest private equity firms The firm was co-lead counsel in *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.), which settled for $1.027 billion; lead counsel in *Enron*, which settled for approximately $7.3 billion; and lead counsel for a class of investors in *Jaffe v. Household Int'l Inc.*, No. 02-C-05893 (N.D. Ill.) which was tried to a jury verdict, resulting in excess of $1 billion in claims; and more.  *See* www.rgrdlaw.com/firm-cases.html.  Robbins Geller has brought its extensive expertise litigating large class actions, together with its resources, to bear in this litigation.

16.     Robbins Geller has extensive experience litigating class actions against banks and credit card networks, including the *Enron* case and the *Currency Conversion Fee* litigation described above, in which our firm was co-lead counsel with BM.  In that case, as in this one, plaintiffs alleged that the joint-venture structure of the Visa and Mastercard networks violated §1 of the Sherman Antitrust Act, 15 U.S.C. §1.

17.     Beginning in the spring of 2005, Robbins Geller's lawyers began meeting with merchants, economists and other lawyers in an investigation of the acceptance rules imposed upon merchants that accept Visa and Mastercard payment cards.  After extensive discussions, Dennis Stewart (Hulett Harper Stewart LLP), Joseph Goldberg (Freedman Boyd Hollander Goldberg Urias & Ward P.A., formerly Freedman Boyd Daniels Hollander & Goldberg P.A.), and Robbins Geller filed a class action complaint on behalf of NuCity Publications, Inc.  *NuCity Publ'ns, Inc. v. Visa U.S.A., Inc.*, No. 05-CV-5075 (E.D.N.Y.), formerly No. 05-CV-5991 (S.D.N.Y.).  Robbins Geller subsequently filed class action complaints on behalf of two additional businesses that accepted Visa and Mastercard payment cards, Leeber Cohen, M.D. and LDC, Inc.  *Leeber Cohen*

4830-5615-9897.v1

*M.D. v. Visa U.S.A., Inc.*, No. 05-CV-05878 (E.D.N.Y.), formerly No. 05-CV-7317 (S.D.N.Y.);

*LDC, Inc. v. Visa U.S.A., Inc.*, No. 05-CV-05871 (E.D.N.Y.), formerly No. 05-CV-7316 (S.D.N.Y.).

18.     Before the cases were consolidated and transferred, Robbins Geller, Mr. Stewart and Mr. Goldberg began working together with RK and BM.  After the transfer was complete, RK, Robbins Geller and BM moved for appointment as interim Co-Lead Counsel.  After that motion was granted, Mr. Goldberg and Mr. Stewart became part of the leadership group for the class action cases. On November 27, 2012, upon preliminary approval of the settlement, the Court appointed RK, BM and Robbins Geller "to serve as Class Counsel."  ECF No. 1745, ¶9.  On January 28, 2019, the Court reappointed Class Counsel.  ECF No. 7363.

19.     As one of the three interim Co-Lead Counsel and then Class Counsel, Robbins Geller participated in every aspect of this litigation.  Robbins Geller was involved in all of the strategy decisions, decisions regarding assignments, briefing and arguing of the many motions, discovery, trial preparation, and settlement and mediation negotiations.  Class Counsel and the leadership group have been in constant communication throughout the 13 plus years of this case, and have worked as a group to endeavor to create the most complete record, make the best arguments, and advocate for Rule 23(b)(3) Class Plaintiffs in the most effective way, with an eye toward efficiency and avoiding duplication of effort.

20.     While the leadership group worked closely together, particular firms assumed primary responsibility for certain projects.  Robbins Geller, for example, was principally responsible for discovery and expert reports relating to Mastercard and Citigroup, certain topics for purposes of briefing and argument (such as *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977)), assigning, supervising and quality-checking document review and Casemap work, trial

4830-5615-9897.v1

preparation, and documentation of the first Class Settlement Agreement (Definitive Class Settlement Agreement (ECF No. 1656-1)), as well as significant work related to the current settlement.  Since the First Consolidated Amended Class Action Complaint was filed (ECF No. 317), Robbins Geller has also been the principal liaison with Rule 23(b)(3) Class Plaintiffs that are not clients of RK, and has worked closely with those Rule 23(b)(3) Class Plaintiffs on all discovery matters, has kept them apprised of the status of the litigation and settlement negotiations throughout the litigation, as well as preparing for and defending the depositions of those Rule 23(b)(3) Class Plaintiffs.  Our firm also had responsibility for depositions in the second phase of the litigation, primarily focusing on Mastercard and Citigroup, as in the first phase. Since the settlement, Robbins Geller has been the key firm handling all aspects of the notice program and has worked as the primary liaison with the Class Administrator for all purposes. Additionally, since the time of the first settlement, Mr. Medici and I have taken the lead role in handling all matters related to third-party filing companies and have taken part in numerous hearings, including a several lengthy evidentiary hearings, one of which resulted in the payment of the expenses related to gaining the entity's compliance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 7th day of June, 2019 at San Diego, California.

_____
ALEXANDRA S. BERNAY

4830-5615-9897.v1

**EXHIBIT A**

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
**Case No. 05-MD-1720(MKB) (JO)**
**Robbins Geller Rudman & Dowd LLP**
**Time Report at Historical Rates – December 1, 2012 through January 31, 2019**

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Bernay, Alexandra | (P) | 4,435.75 | 610-850 | $ 3,149,738.00 |
| Conn, Susannah R. | (P) | 14.75 | 630 | 9,292.50 |
| Daley, Joseph | (P) | 29.85 | 650-925 | 21,170.25 |
| Medici, Carmen | (P) | 2,475.25 | 415-790 | 1,600,113.25 |
| Pintar, Theodore | (P) | 130.50 | 1,050 | 127,985.00 |
| Sweeney, Bonny | (P) | 322.95 | 745-800 | 250,710.50 |
| Zohrabian, Armen | (A) | 37.25 | 560-600 | 20,920.00 |
| Coughlin, Patrick J. | (OC) | 684.56 | 855-1,250 | 677,792.95 |
| Mikolajczyk, Eugene | (OC) | 625.00 | 740-1,120 | 577,505.00 |
| Walton, David | (OC) | 10.90 | 770-1,030 | 10,335.00 |
| Cho, Grace | (SA) | 29.25 | 390-415 | 10,847.50 |
| Ledyard, Nathan | (SA) | 15.50 | 350 | 5,425.00 |
| Mehta, Dharmi | (SA) | 293.00 | 350-400 | 102,550.00 |
| Petix, Andrew | (SA) | 1,867.10 | 360-400 | 687,544.50 |
| Camozzi, Miranda | (LS) | 62.50 | 150-220 | 13,680.00 |
| Freer, Brad | (LS) | 227.00 | 280-290 | 65,830.00 |
| Keita, C. Omar | (LS) | 24.50 | 280-290 | 7,105.00 |
| Milliron, Christine | (LS) | 15.75 | 375 | 5,906.25 |
| Torres, Michael | (LS) | 18.75 | 350-375 | 6,750.00 |
| Paralegals | | 1,090.95 | 295-390 | 329,991.00 |
| Document Clerks | | 508.75 | 150 | 76,312.50 |
| Shareholder Relations | | 347.90 | 75-150 | 30,934.50 |
| *TOTAL* | | *13,267.71* | | *$ 7,788,438.70* |

(P) Partner
(A) Associate
(OC) Of Counsel
(SA) Staff Attorney
(LS) Litigation Support

4830-5615-9897.v1

**EXHIBIT B**

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
**Case No. 05-MD-1720(MKB) (JO)**
**Robbins Geller Rudman & Dowd LLP**
**Time Report at Current Rates – December 1, 2012 through January 31, 2019**

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Bernay, Alexandra | (P) | 4,435.75 | 850 | $ 3,770,387.50 |
| Conn, Susannah R. | (P) | 14.75 | 875 | 12,906.25 |
| Daley, Joseph | (P) | 29.85 | 925 | 27,611.25 |
| Medici, Carmen | (P) | 2,475.25 | 790 | 1,955,447.50 |
| Pintar, Theodore | (P) | 130.50 | 1,050 | 137,025.00 |
| Sweeney, Bonny | (P) | 322.95 | 800 | 258,360.00 |
| Zohrabian, Armen | (A) | 37.25 | 600 | 22,350.00 |
| Coughlin, Patrick J. | (OC) | 684.56 | 1,250 | 855,700.00 |
| Mikolajczyk, Eugene | (OC) | 625.00 | 1,120 | 700,000.00 |
| Walton, David | (OC) | 10.90 | 1,030 | 11,227.00 |
| Cho, Grace | (SA) | 29.25 | 415 | 12,138.75 |
| Ledyard, Nathan | (SA) | 15.50 | 350 | 5,425.00 |
| Mehta, Dharmi | (SA) | 293.00 | 400 | 117,200.00 |
| Petix, Andrew | (SA) | 1,867.10 | 400 | 746,840.00 |
| Camozzi, Miranda | (LS) | 62.50 | 220 | 13,750.00 |
| Freer, Brad | (LS) | 227.00 | 290 | 65,830.00 |
| Keita, C. Omar | (LS) | 24.50 | 290 | 7,105.00 |
| Milliron, Christine | (LS) | 15.75 | 375 | 5,906.25 |
| Torres, Michael | (LS) | 18.75 | 375 | 7,031.25 |
| Paralegals | | 1,090.95 | 295-350 | 377,786.25 |
| Document Clerks | | 508.75 | 150 | 76,312.50 |
| Shareholder Relations | | 347.90 | 100-150 | 36,397.50 |
| *TOTAL* | | *13,267.71* | | *$ 9,222,737.00* |

(P) Partner
(A) Associate
(OC) Of Counsel
(SA) Staff Attorney
(LS) Litigation Support

**EXHIBIT C**

***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation***
**Case No. 05-MD-1720(MKB) (JO)**
**Robbins Geller Rudman & Dowd LLP**
**Expenses/Charges - December 1, 2012 through January 31, 2019**

| CATEGORY | | AMOUNT |
|---|---|---|
| Filing, Witness and Other Fees | | $ 8,096.00 |
| Business Wire | | 425.00 |
| Transportation, Hotels & Meals | | 372,321.69 |
| Telephone, Facsimile | | 1,819.12 |
| Postage | | 1,920.85 |
| Messenger, Overnight Delivery | | 14,169.85 |
| Court Hearing and Deposition Reporting, and Transcripts | | 14,823.70 |
| Consultants | | 508,296.98 |
|     Compass Lexicon, LLC | $ 296,230.34 | |
|     Federal Arbitration, Inc. | 103,523.25 | |
|     Coherent Economics LLC | 98,543.39 | |
|     Charles Walker | 10,000.00 | |
| Photocopies | | 18,837.59 |
|     Outside | $ 2,094.34 | |
|     In-House B&W (109,665 copies at $0.15 per page) | 16,449.75 | |
|     In-House Color (587 copies at $0.50 per page) | 293.50 | |
| Online Legal and Financial Research | | 22,622.94 |
| In-House eDiscovery Database Hosting | | 41,512.71 |
| Outside eDiscovery Services & Database Hosting | | 258,117.12 |
| Litigation Fund Contributions | | 766,000.00 |
| *TOTAL* | | *$ 2,028,963.55* |