UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

This Document Relates To:

    ALL ACTIONS.

---------------------------------------------------------- x

No. 05-md-1720 (MKB)(JO)

JOINT STATUS CONFERENCE STATEMENT

CONFERENCE DATE: JULY 9, 2019

The parties respectfully submit this Joint Case Status Report for the Case Management Conference currently scheduled for July 9, 2019.

## I. PENDING MOTION

The bank defendants' motion to dismiss all claims asserted against them in the *Barry's* Action is fully briefed (ECF Nos. 7399, 7400, 7402). In the event oral argument on the motion would assist the Court, the parties are prepared to present argument at the Court's convenience.

## II. STATUS OF DISCOVERY/EXPERT REPORTS

The parties continue to work cooperatively on discovery. Depositions of the defendants, Target Plaintiffs, The Home Depot, the Hertz Plaintiffs, the Dollar General Plaintiffs, the 7-Eleven Plaintiffs, Roundy's, and representatives for the Rule 23(b)(2) Plaintiffs are complete. The deadlines to complete discovery have been extended in certain actions.

Several parties are continuing to work with each other concerning questions and issues related to their respective document and data productions. There are no discovery disputes that are ripe for the Court to address. The parties reserve their rights to raise data issues that they are unable to resolve, including questions about data that has yet to be produced.

The exchange of expert reports is ongoing. Pursuant to the order entered April 12, 2019, defendants' rebuttal expert reports were served on June 10, 2019, plaintiffs' reply expert reports

are to be served by October 11, 2019, and depositions are to be completed by January 24, 2020. Plaintiffs anticipate starting depositions in the near future.

### A. Substitution of Plaintiffs' Expert Maria Blanco

*Plaintiffs' Position*: On May 22, 2019, the Target Plaintiffs, the 7-Eleven Plaintiffs and The Home Depot ("DAPs") notified Defendants that DAPs had just been informed that one of their experts, Maria Blanco, who had recently taken employment with a new firm (Pricewaterhouse Coopers), could no longer serve as an expert witness in this matter as a result of conflict issues PwC had determined were implicated by her engagement. DAPs informed Defendants of this development within days of learning it themselves, and requested that Defendants consent to substituting Reto Kohler for Ms. Blanco. Mr. Kohler is one of Ms. Blanco's former colleagues from her prior consulting firm, he worked closely with her on every stage of her work the litigation, and his opinions neither deviate from nor add to those set forth in Ms. Blanco's report. Defendants do not contest that DAPs can demonstrate sufficient good cause exists to substitute Mr. Kohler for Ms. Blanco at this stage under the circumstances. Rather, Defendants have sought to impose various conditions on this substitution, all of which have been resolved except their demand that Plaintiffs not oppose their efforts to take Ms. Blanco's deposition.

DAPs cannot agree to this condition. Mr. Kohler is being completely substituted for Ms. Blanco given his intimate involvement in every stage of the conceptualizing and drafting of Ms. Blanco's reports, including the corrected report. He is signing both the opening and corrected report, along with a rebuttal report, in his own name. Mr. Kohler will be the one offering the relevant opinions, and the one testifying at any trial. As such, what is relevant to this litigation is *his* understanding of the thought processes, subjective judgments and assumptions that underpin the reports. Mr. Kohler can testify to these judgments and assumptions. Ms. Blanco's thought

processes, subjective judgments, and assumptions are not relevant to this litigation. Since she will have no further role in this matter whatsoever, there is no basis to take her deposition. At a minimum, Defendants' request to depose Ms. Blanco is premature as they have not yet questioned Mr. Kohler.

*Defendants' Position*: On May 22, 2019, the Target, 7-Eleven, and The Home Depot plaintiffs asked defendants to consent to substitute their designated expert on issuing bank profitability, Maria Blanco, for a different individual, Reto Kohler. According to the plaintiffs, Ms. Blanco's current employer, PwC, will not allow Ms. Blanco to continue to work as an expert in this matter. Plaintiffs also stated that Mr. Kohler worked closely with Ms. Blanco on her initial and corrected expert report.

Defendants were surprised by the request, given the significance and history of Ms. Blanco's opinions. Plaintiffs' key liability experts rely on Ms. Blanco's analyses of average issuer profitability to support their claims of supra-competitive issuer profits and the viability of their proposed "but-for world" benchmarks. Ms. Blanco's opinions, in turn, hinge on her subjective judgments and assumptions about the data inputs into her mathematical calculations. Initially, plaintiffs did not produce the key data underlying Ms. Blanco's opinions, but they complied only after defendants moved to compel. Then, after making that belated production, Ms. Blanco changed the data and methodology she used for her profitability calculations, and served a "corrected" report on March 26, 2019. Notably, and as reflected in the March 26 report, Ms. Blanco was working at PwC at the time she issued the corrected report. Almost two months later, on May 22, 2019, plaintiffs asked for consent to substitute in Mr. Kohler and have him sign only the corrected report.

3

Defendants informed plaintiffs that they would consent to the substitution only if the substitution would not result in unfair prejudice to defendants. In particular, defendants asked plaintiffs (1) to produce a version of Ms. Blanco's original report (and not just her corrected report) with Mr. Kohler's signature, and (2) not to oppose a deposition of Ms. Blanco. As defendants explained to plaintiffs, defendants will be prejudiced if they are unable to depose Ms. Blanco on her internal thought processes, subjective judgments and assumptions, since Mr. Kohler will not be able to speak to those critical aspects of her opinions. As of the date of this status report, plaintiffs have agreed to defendants' first request but not the second.

Defendants intend to contact PwC to understand its position regarding a requested deposition. Assuming that defendants resolve any issues with PwC (through consent or otherwise), defendants believe that the deposition should proceed without objection from plaintiffs (subject of course to any future objections on admissibility). Defendants will be prepared to discuss this issue with the Court at the status conference.

### III.  SUMMARY JUDGMENT SCHEDULE

The parties have agreed upon a summary judgment and *Daubert* briefing schedule and notified the Court of that agreement by letter dated June 28, 2019.

### IV.  RULE 23(b)(3) DAMAGES CLASS RELATED MATTERS

**A.   Pre-Motion Conference Regarding Docket entry 7470, 7474 and 7478**.

In a scheduling order dated June 12, 2019 the Court directed the pertinent parties to confer and submit a proposed briefing schedule for the motions in advance of the conference. The Court directed that the proposals should provide for each motion to be briefed, argued, and resolved before the final approval hearing scheduled for November 7, 2019, at 10:00 a.m.

The parties have engaged in discussions and provide the following schedule for the proposed briefing:

4

      **1.**     **DE 7470 – Mr. Friedman's Motion to intervene**

> Class Counsel to respond on July 31.
> Reply, if any, on August 14.
> Propose a hearing before or after the scheduled status conference on September 5, 2019.

      **2.**     **DE 7474 – R & M objectors' motion for attorneys' fees**

> Class Counsel to respond on July 31.
> Reply, if any, on August 14.
> Propose a hearing before or after the scheduled status conference on September 5, 2019.

      **3.**     **DE 7478 – Merchant Objectors' Letter**

> The parties are in discussion regarding the proposed briefing schedule and should have a response for the Court prior to the status conference.

**B.**    **Order to Show Cause Related to Business Refunds of America**

On June 24, 2019 Class Counsel sought an Order to Show Cause regarding the conduct of a third-party claims-filing entity, Business Refunds of America ("BRA"), as well as its founder, Jason Baril (collectively with BRA, the "Respondents"). The Court directed the Respondents to show cause in writing by July 3, 2019 as why they should not provide a list of any and all class members who have signed up for claims-filing services with BRA or any associated entity, and provide written notice to any such class members so that they may cancel any contract entered into with BRA for claims-filing or other services related to these actions. The Court further directed the Respondents to include full details of efforts to remove false and misleading statements regarding these actions from their websites and social media accounts and to demonstrate that such statements are no longer available to the public. In addition, the Court directed Respondents to disclose whether and to what extent they have engaged in any telemarketing campaigns to sign up class members, using inside or outside sales agents. The

Court directed counsel for the Respondents to appear in person at the July 9, 2019 status conference.

After significant effort, Class Counsel was able to contact Mr. Baril on June 28, 2019, who told us he was previously unavailable because of personal reasons. Mr. Baril seemed to understand the issues, and wanted to work with Class Counsel to (1) ensure that any false or misleading information was taken down; (2) ensure that no more false or misleading information was disseminated; and (3) give any class member who signed up with Business Refunds of America, Mr. Baril's law firm, or any related entity an opportunity to rescind their contract. Mr. Baril has indicated that he intends to complete these efforts and further comply with the Court's order before he is due to submit his response to the Court's order on July 3, 2019.

Class Counsel will provide a further update at the conference.

Dated:  July 1, 2019                    Respectfully submitted,

**CONSTANTINE CANNON LLP**

　　　/s/ David A. Scupp
　Jeffrey I. Shinder
　A. Owen Glist
　Taline Sahakian
　David A. Scupp
335 Madison Avenue
New York, New York 10017
Tel: 212-350-2700
Fax: 212-350-2701
dscupp@constantinecannon.com

*Counsel for the 7-Eleven Plaintiffs*