



Received 7/16/19 JT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 16 2019 ★
BROOKLYN OFFICE

# ATLANTIS
MANAGEMENT GROUP

July 12, 2019

Clerk of Court
225 Cadman Plaza
Brooklyn, New York 11201

RE: In Repayment Card Interchange Fee and Merchant Discount Antitrust litigation.
Index No. 05-MD-01720 (MKB) (JO)

Dear Sir or Madam:

We are the members of the Rule 23 (b) (3) settlement class.

Enclosed, for filing, Please find 4 Statements of Objections of class Members Jose Montero, Tumay Basaranlar, Jimmy Kochisarli and Atlantis Management Group II LLC in connection with this matter.

Should you have any questions, please do not hesitate to contact me. Thank you.

Very Truly Yours,

Alexander M. Amanatides

AMA: CP
Enclosures

A.S Befnay, Esq (FedEx Original Mail)
M.A Eisenstein, Esq (FedEx Original Mail)

555 SOUTH COLUMBUS AVE. SUITE 201 • MT. VERNON, NY 10550 • TEL. 914.699.9500 • FAX. 914.699.94C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re PAYMENT CARD INTERCHANGE       :     No. 05-MD-01720 (MKB) (JO)
FEE AND MERCHANT DISCOUNT            :
ANTITRUST LITIGATION                 :
                                     :

**STATEMENT OF OBJECTIONS OF CLASS MEMBER JOSE MONTERO**

    Jose Montero and his affiliated companies (hereinafter "Montero") accepted Visa and MasterCard transaction cards between 2003 and the present date. Montero is a member of the Rule 23(b)(3) settlement class in this case, and he has not engaged in any other settlement of his claims against Visa and/or MasterCard. Montero hereby submits his objections to the proposed settlement preliminarily approved by the Court in January of this year.

    Montero is located at 555 South Columbus Avenue, Suite 201, Mount Vernon, NY 10550. Montero is a petroleum marketer engaged in the wholesale and retail sale of branded motor fuels. Since 2003, he has accepted Visa and MasterCard transaction cards at retail service station and convenience store locations. Motor fuels at these locations have been sold under the BP, Exxon Mobil, Shell, Gulf, and Citgo brands since 2003, and the credit card transactions at each location were processed by the applicable branded supplier.

    Montero is concerned that the Court will concur in the arguments of Defendants that certain major oil company branded suppliers are entitled to file claims against the settlement fund for transactions at retail locations where Montero accepted the applicable Visa or MasterCard transaction cards and paid the interchange fees. Montero understands that the Court has indicated that class counsel cannot represent both the branded suppliers and branded marketers, like Montero, because only one of the two groups is entitled to settlement funds attributable to Montero's retail locations. None of the class representatives were branded marketers, and branded marketer interests were not represented when the settlement was negotiated. Nor are they adequately represented now by a conflicted class counsel who are incapable of asserting branded marketer interests when they conflict with the interests of major oil companies.

    As of now, Montero is totally in the dark as to whether, having accepted the cards and paid the interchange fees, he is part of the settlement class, whether he is entitled to a full or partial recovery, or whether any mechanism is in place to sort all of this out. Nothing in the Class Notice states whether Montero or its branded supplier (whose fuel Montero sells) have a right to recover for transactions at these locations. In short, Montero is concerned that he is being deprived of his legal right to fully participate in the settlement.

In addition to not knowing what recovery Montero may be entitled to as part of the class settlement, we do not believe that proper efforts are being made to notify branded marketers, like Montero, so that they can object to the settlement. Montero is aware that a Class Notice has gone out but he was not mailed a copy by the Claims Administrator. The names and addresses of branded petroleum marketers, like Montero, can be obtained by the Claims Administrator from the branded suppliers.

Branded marketers should be informed now whether a procedural mechanism will be put in place to determine whether, and to what extent, branded marketers will participate in the settlement, what evidence they need to present, and whether there will be procedural hurdles they need to overcome to claim their rights as class members. Unless and until these issues are addressed and properly resolved by the Court, Montero respectfully objects to the class settlement.

Respectfully submitted,

By: _____
Jose Montero