FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 15 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re PAYMENT CARD INTERCHANGE : No. 05-MD-01720 (MKB) (JO)
FEE AND MERCHANT DISCOUNT :
ANTITRUST LITIGATION :
 :
 :

## STATEMENT OF OBJECTIONS OF CLASS MEMBER TUMAY BASARANLAR

Tumay Basaranlar and his affiliated companies (hereinafter "Basaranlar") accepted Visa and MasterCard transaction cards between 2003 and the present date. Basaranlar is a member of the Rule 23(b)(3) settlement class in this case, and he has not engaged in any other settlement of his claims against Visa and/or MasterCard. Basaranlar hereby submits his objections to the proposed settlement preliminarily approved by the Court in January of this year.

Basaranlar is located at 555 South Columbus Avenue, Suite 201, Mount Vernon, NY 10550. Basaranlar is a petroleum marketer engaged in the wholesale and retail sale of branded motor fuels. Since 2003, he has accepted Visa and MasterCard transaction cards at retail service station and convenience store locations. Motor fuels at these locations have been sold under the BP, Exxon Mobil, Shell, Gulf, and Citgo brands since 2003, and the credit card transactions at each location were processed by the applicable branded supplier.

Basaranlar is concerned that the Court will concur in the arguments of Defendants that certain major oil company branded suppliers are entitled to file claims against the settlement fund for transactions at retail locations where Basaranlar accepted the applicable Visa or MasterCard transaction cards and paid the interchange fees. Basaranlar understands that the Court has indicated that class counsel cannot represent both the branded suppliers and branded marketers, like Basaranlar, because only one of the two groups is entitled to settlement funds attributable to Basaranlar's retail locations. None of the class representatives were branded marketers, and branded marketer interests were not represented when the settlement was negotiated. Nor are they adequately represented now by a conflicted class counsel who are incapable of asserting branded marketer interests when they conflict with the interests of major oil companies.

As of now, Basaranlar is totally in the dark as to whether, having accepted the cards and paid the interchange fees, he is part of the settlement class, whether he is entitled to a full or partial recovery, or whether any mechanism is in place to sort all of this out. Nothing in the Class Notice states whether Basaranlar or its branded supplier (whose fuel Basaranlar sells) have a right to recover for transactions at these locations. In short, Basaranlar is concerned that he is being deprived of his legal right to fully participate in the settlement.

In addition to not knowing what recovery Basaranlar may be entitled to as part of the class settlement, we do not believe that proper efforts are being made to notify branded marketers, like Basaranlar, so that they can object to the settlement. Basaranlar is aware that a Class Notice has gone out but he was not mailed a copy by the Claims Administrator. The names and addresses of branded petroleum marketers, like Basaranlar, can be obtained by the Claims Administrator from the branded suppliers.

Branded marketers should be informed now whether a procedural mechanism will be put in place to determine whether, and to what extent, branded marketers will participate in the settlement, what evidence they need to present, and whether there will be procedural hurdles they need to overcome to claim their rights as class members. Unless and until these issues are addressed and properly resolved by the Court, Basaranlar respectfully objects to the class settlement.

Respectfully submitted,

By: _____
Tümay Basaranlar