FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 19 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS. | No. 05-MD-01720 (MKB) (JO)<br><br>**NEJAT KOHAN'S STATEMENT OF OBJECTIONS TO SETTLEMENT (Rule 23(b)(3))** |

NEJAT KOHAN, Esq. (d.b.a. Law Offices of Nejat Kohan) and The LAW OFFICES OF NEJAT KOHAN, INC (collectively hereinafter "KOHAN") are members of the **Rule 23(b)(3)** Settlement Class in the case called In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation.

NEJAT KOHAN, Esq. is a Class member because my Business Name is The LAW OFFICES OF NEJAT KOHAN, INC. and my Business Address is P. O Box 2804, Palm Springs, CA 92263 and I have accepted Visa and/or MasterCard for the last 15 years as Law Office and for first 8 years as a fictitious business name and the last 6 years as Corporate Law Firm.

KOHAN does not exclude himself from the Rule 23(b)(3) Settlement Class and Objects to followings three issues of the Class Action Settlement:

(1) **Section 17** of the Notice of Class Action Settlement - **Attorney Fees and Expenses,**

(2) **Section 22** of the Notice of Class Action Settlement - **What happens if I do nothing?** and

(3) **Section 24** of the Notice of Class Action Settlement - **The Full Text of the Release and Arbitrary or Ambiguous Clause of Billion Dollar Remaining and Unclaimed Proceeds.**

## CLASS ACTION APPROVAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 23(e), any settlement of a class action requires court approval. A court may approve such a settlement if it is "fair, adequate, and reasonable, and not a product of collusion." *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir.2000). In so doing, the court must "eschew any rubber stamp approval" yet simultaneously "stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case." *Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir.1974), abrogated on other grounds by *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir.2000). Judicial discretion is informed by the general policy favoring settlement. See *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir.1982); see also *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 328 (S.D.N.Y.2005) ("There is a strong judicial policy in favor of settlements, particularly in the class action context. The compromise of complex litigation is encouraged by the courts and favored by public policy.")

To evaluate whether a class settlement is fair, a district court examines (1) the negotiations that led up to the settlement, and (2) the substantive terms of the settlement. See *In re Holocaust Victim Assets Litigation*, 105 F.Supp.2d 139, 145 (E.D.N.Y.2000). In evaluating procedural fairness, "[t]he [negotiation] process must be examined 'in light of the experience of counsel, the vigor with which the case was prosecuted, and the coercion or collusion that may have marred the negotiations themselves.'" Id. at 145-46 (quoting *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir.1983)).

Factors relevant to the substantive fairness of a proposed settlement include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. See *Grinnell*, 495 F.2d at 463.

## KOHAN'S OBJECTIONS

Kohan arguments for the objections on each of the issues are as follows:

**I.** **Objection to Attorneys' Fees and Expenses.**

Per Item 17 of the Notice of Settlement, under the title of How much will the lawyers and Rule (b)(3) Class Plaintiff be paid, it states that:

"For work done through final approval of the settlement by the district court, Rule 23(b)(3) Class Counsel will ask the Court for an amount that is a reasonable proportion of the settlement fund, not to exceed 10% of the settlement fund to compensate all of the lawyers and their law firms that have worked on the class case. For additional work to administer the settlement, distribute the settlement fund, and through any appeals, Rule 23(b)(3) Class Counsel may seek reimbursement III.- their normal hourly rates.

"Rule 23(b)(3) Class Counsel will also request an award of their litigation expenses (not including the administrative costs of settlement or notice), not to exceed $40 million, and the reimbursement of each of the eight Rule 23(b)(3) Class Plaintiffs' out of pocket expenses and a service award for each of them up to $250,000 for their representation of merchants in MDL 1720, which culminated in the Class Settlement Agreement".

According to the Notice of Class Action Settlement, the Court has preliminary approved a proposed settlement of a maximum of approximately $6.24 Billion and a minimum of at least $5.54 Billion in this class action lawsuit.

In as much as no sufficient facts for the fees and expenses have been published, a detailed analysis of a reasonable fees can not be articulated.

Based upon Kohan's experience as a licensed attorney in California and with reference to various facts including filing over 7,500 documents on the Court docket, over 550 depositions, with 32 days of expert testimony, regardless of the numbers of attorneys have been involved in this class action, Kohan believes that a reasonable estimation for the overall class action should have so far taken 35,000 to 40,000 hours of litigation.

In the event Court is willing to approve 10% attorney fees, then with a simple calculation, any attorney may be awarded over $15,000 for each hour of their litigation on the case, this figure

also represents an awarding of $250 per minute to each counsel who litigated the case. **These fees are clearly unconscionable.**

Kohan also believes that the attorney fees should not exceed one percent (1%) of the total settlement proceeds which may still be as high as $60 million.

It is undeniable that the acts of the Defendants had a profound impact on the economy. Kohan believes that any public or private institutions who protect the public interests deserve to receive a small portion of this award to promote the nation's economy & small businesses instead of paying unconscionable fees to each counsel. If there is no such organization exists, then a small portion of this tremendous settlement fund should be allocated by the Court to create a new national institution to stop timely such unfair fee charges to the public in future.

Finally, expenses as part of attorney fees is unconvincing because there is a separate category of the Cost of Administration and Notices, and Taxes on the Settlement Fund.

Under Settlement Benefits, Item # 7. How much money will be provided for in this settlement?, there are 3 separate categories as follows:

(1). The cost of settlement administration and notice, and applicable taxes on the settlement fund and any other related tax expenses, as approved by the Court,

(2).   Money awards for Rule 23(b)(3) Class Plaintiffs for their service on behalf of the class, as approved by the Court, and

(3).   Attorneys' fees and expenses, as approved by the Court.

So, a request for an award of litigation expenses not to exceed $40 million, and the reimbursement of each of the eight Rule 23(b)(3) Class Plaintiffs' out of pocket expenses and a service award for each of them up to $250,000 for their representation of merchants in MDL 1720, should be considered as the cost of Administration, Notices and Taxes [category (1) above] to prevent double-dipping by duplicating fees in #1 and #3.

**II.**   **Objection to Non-Payment of Settlement Funds to Unclaimed Plaintiffs**

Per Page 17, Item 22 of the Notice of Settlement, under the title of, **What happens if I do nothing ?**   It states that:

"If you do not file a claim, you cannot get money from this settlement.

If you do not exclude yourself from the Rule 23(b)(3) Settlement Class, you cannot be part of any other lawsuit against Defendants and other released parties listed in the Rule 23b)(3) Class Settlement Agreement for released conduct".

In November 2016 the Washington Post reported that approximately 50% of adults can't read at an 8th grade level. That 50% isn't likely to get to page 17 of the notice. *If* they do, perhaps that 50% could understand that they won't get money if they don't file a claim, but that same 50% likely doesn't function at a high enough level to file a claim.

The bolded **"IF YOU DO NOTHING"** heading of the Notice of Class Action Settlement similarly misleads class members and thus does nothing to change the reasons the settlement was originally vacated.

### III.    Objection to The Full Text of the Release and Arbitrary or Ambiguous Clause of Billion Dollar Remaining and Unclaimed Proceeds.

On Page 18, under the Title of "The Full Text of The Release", the text of Release started from Provision 29 and there is no description why the Full Text of The Release does not include Paragraphs Numbers "1" through "28", and instead just starts from Paragraph Number 29!

The full text of the proposed settlement document should starts at Paragraph 1 and continues through Paragraph 37. The Notice of settlement that, "The Full Text of The Release" (appearing on Page 18 of the Notice of Settlement) does not contain the full text of the Release. So, Kohan suspects that why the full text of the settlement document has not set forth in the Notice of Class Action Settlement, even though the section is headed "The Full Text of the Release."

As set forth below under <u>Provision G of Appendix - I</u> and <u>Paragraph 28 of the above Full Text of the Release</u>, Kohan searched over internet and found that Paragraph 28 of the Release seems **an arbitrary and ambagious clause** regarding the remaining and unclaimed settlement proceeds which potentially may have a tremendous value of over a billion dollar.

**First, Provision G of Appendix- I from Plan of Administration and Distribution states:**

### G. Distribution of Remaining Balance of Cash Fund

If there is any balance remaining in the Cash Fund after eight months following the date of the initial distribution of the Cash Fund to Claimants (by reason of tax refunds, un-cashed checks or otherwise), then funds will be re-distributed to Claimants who have cashed their initial distributions and who would receive a payment no less than a minimum payment threshold amount from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Cash Fund for such redistribution, including any applicable taxes and any other related tax expenses. The minimum payment threshold amount shall be determined by Rule 23(b)(3) Class Counsel after consultation with the Class Administrator regarding factors bearing on the economic feasibility of re-distribution (such as the costs of mailing checks, the total amount of funds to be distributed, and the number of Claimants that cashed their initial distributions) but shall be no less than $25.00 and no more than $100.00. Six months after such redistribution any remaining balance shall be distributed as the <u>Court may direct in accordance with Paragraph 28 of the Superseding and Amended Class Settlement Agreement.</u>

**Second, Paragraph 28 of the Superseding and Amended Settlement Agreement states:**

28.     Insofar as any sums remain in the Net Cash Settlement Fund after paying the timely and proper claims of the members of the Rule 23(b)(3) Settlement Class as provided in the preceding Paragraph (whether made in one or more

distributions), any Taxes or administrative expenses incurred by the Class Settlement Cash Escrow Account, any Attorneys' Fee Awards, any Expense Awards, any Rule 23(b)(3) Class Plaintiffs' Service Awards, and any additional costs and expenses incurred by Rule 23(b)(3) Class Counsel for the benefit of the Rule 23(b)(3) Settlement Class and approved by the Court, <u>Rule 23(b)(3) Class Counsel shall make an application to the Court, with notice to Defendants, for such sums to be used as ordered by the Court. Defendants may comment upon and/or object to any such application.</u>

The sections underlined above is an arbitrary or ambagious clause of potentially value of over a billion dollar of remaining and unclaimed settlement proceeds.

When Defendants finally settled the case at agreed amounts, they generally do not comment on the remaining and unclaimed balance, they cannot request to return any unclaimed balances to the Defendants.

Per the Notice of Rule 23 (b)(3) Settlement, Plaintiffs who have not timely claimed their shares cannot get money from the settlement so they have no right to comment or object.

So, Kohan objects that who will be ultimately awarded those unclaimed settlement proceeds which potentially may have a tremendous value of over a billion dollar?

Dated: July 18, 2019

Nejat Kohan, Esq.
Law Office of Nejat Kohan, Inc.

**My Personal information is:**

Name: Nejat Kohan, Esq.
Business Name, Law Offices of Nejat Kohan, Inc.
Business Address: P. O Box 2804, Palm Springs, CA 92263.
Phone Numbers: Mobile (760)799-2964 and Office (760)325-3700.
My Email: NejatKohan@Yahoo.com and Fax Number (760)325-3702.

UNITED STATES DISTRICT COURT

FOR EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720(MKB)(JO)<br>Civil No. 05-5075(MKB)(JO)<br><br>**PROOF OF SERVICE BY MAIL** |
| This Document Relates To:<br>ALL ACTIONS. | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Riverside, State of California, and not a party to the above-entitled cause. My address is 696 Via Monte Vista, Palm Springs, CA 92262. On July 18, 2019, I served a true copy of

**NEJAT KOHAN'S STATEMENT OF OBJECTIONS TO SETTLEMENT (Rule 23(b)(3))**

by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Alexandra S. Bernay
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA. 92101

Matthew A. Eisenstein
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington DC 20001-3743

Place of Mailing: Palm Springs, California

Executed on July18, 2019 at Palm Springs, California

I hereby certify that I am employed in the office of a member of the Bar of United States District Court, Central District of California at whose direction the service was made. I hereby certify under the penalty of perjury that the foregoing is true and correct.

Lisa Luisi