UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE PAYMENT CARD INTERCHANGE FEE    05-MD-1720 (MKB) (JO)
AND MERCHANT DISCOUNT ANTITRUST LITIG.    Civil No. 05-5075 (MKB)(JO)

-------------------------------------------------------------------X

## OBJECTION TO PROPOSED SETTLEMENT AND REQUEST FOR ATTORNEY'S FEES AND NOTICE OF INTENTION TO APPEAR

23(b)(3) Class Members Unlimited Vacations and Cruises. Inc., 714 Graham Road, Cuyahoga Falls, Ohio 44221, tel. # 330-689-4321, and USA Pets LLC, 13610 Sperry Road, Novelty, Ohio 44072-9749, tel. # 440-557-9008, hereby object to the requested service awards and attorneys' fees in this matter, and also give notice of their intention to appear at the final fairness hearing scheduled for November 7, 2019 through undersigned counsel. Unlimited Vacations and Cruises Inc. is owned by Julie Miller of 201 N. Portage Path, Unit 3, Akron, OH 44303, tel. # 330-689-4321. She has been accepting Visa and Mastercard in her business from 2000 to the present. USA Pets LLC is owned by Howard Shankar of the same address and telephone number as the business. He has accepted Visa and Mastercard in his business from 1980 to the present. Between 1980 and 2015 USA Pets LLC was located at 1800 Chester Blvd., Cleveland, OH 44144.

Unlimited Vacations and USA Pets intend to appear and argue at the fairness hearing scheduled for November 7, 2019 through undersigned counsel.

Pursuant to FRCP 23, this objection applies to the entire class, not to a subset of the class or just to the individual objectors.

## I. The Requested Service Awards Are Excessive.

In connection with the first, rejected settlement, Objector Unlimited Vacations and Cruises objected to the outrageous service awards requested in connection with that settlement, eventually taking an appeal of those awards to the Court of Appeals. In its brief, attached hereto as *Exhibit A*, Unlimited argued that the awards were entirely out of proportion to the projected claim amounts of many of the named Plaintiffs, as well as grossly excessive compensation for the number of litigation-related hours reflected in the Plaintiffs' Declarations. Objectors Unlimited Vacations and Cruises and USA Pets LLC object to the renewed request for the same outrageous service awards, as well as to the filing of the named Plaintiffs' Declarations in a redacted form. This Court ordered Class Counsel to produce the unredacted Plaintiff Declarations in 2015 at the time of the original service awards, and it should do so again now. There is no possible justification for filing this critical information under seal, thereby keeping it from the absent class members who must police the preferential payments to named Plaintiffs that undermine the fairness of the entire Class Settlement.

Payless and CHS, the largest named Plaintiffs, spent more time on this litigation than any other named Plaintiff. They were able to fulfill their litigation duties for approximately $70,000 and $39,000, respectively. These amounts, modestly increased for work incurred since November 2016, should establish a ceiling for this case. Moreover, no named Plaintiff should receive any multiplier of actual time expended or lost. And class members who present no evidence that they lost wages or income as a result of performing case-related tasks, like Michael Schumann, may not receive any service award at all. Mr. Schumann testified in his 2013 Declaration (Document 2113-

15) that he works no more than 720 hours per year for his business Traditions, or 14 hours per week, which means that the responsibilities of serving as a Plaintiff in this case did not take any time away from his business. Accordingly, Mr. Schumann should not receive any service award.

Mr. Goldstone of Photos Etc. claimed almost 5000 hours related to updating his blog, tweeting and talking to the press. Document 2113-14. Only 429 hours of that total were related to this litigation. Objectors do not object to a service award in the amount of $17,160, or 429 hours multiplied by $40, for Mr. Goldstone. To the extent that Class Counsel files unredacted versions of the named Plaintiff Declarations and those Declarations reflect valid hours spent on behalf of the Class in this litigation since November 2016, those hours may also be compensated at a reasonable hourly rate.

The service awards to the largest named Plaintiffs CHS and Payless should establish a ceiling on the service awards to any other Plaintiffs. Furthermore, the service awards must be reasonable in relation to the value of the Plaintiff's claim. No service award should exceed ten times the amount of the Plaintiff's claim.

At this time, for the reasons stated above and in the Brief attached hereto as *Exhibit A*, Objectors object to any service award to any named Plaintiff that exceeds the following amounts:

| | |
|---|---|
| Traditions | $0 |
| Photos Etc. | $17,160 |
| Discount Optics | $18,770 |
| Payless | $70,151 |
| CHS | $39,250 |
| Parkway | $46,682 |
| Leon's Transmission | $39,123 |
| Capital Audio | $7250 |

3

## II. Class Counsel Are Entitled to No Attorney's Fees for Pre-2017, Conflicted Representation.

Class Counsel have requested a fee of $602 million based upon a claimed lodestar of $204 million. However, as this Court noted in its Preliminary Approval Order, $160 million of this lodestar was generated prior to the 2016 decision of the Court of Appeals finding that Class Counsel had been proceeding under an irreconcilable conflict of interest. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223 (2nd Cir. 2016). Under NY Rules of Professional Conduct, this requires forfeiture of all fees generated prior to the resumption of this case in this Court after the Court of Appeals reversed the prior settlement approval.[1]

Under similar circumstances, the Ninth Circuit held that an ethics violation leads to a forfeiture of attorneys' fees under California professional conduct rules, which are similar to New York's:

> By virtue of the district court's local rules, California law controls whether an ethical violation occurred... "Simultaneous representation of clients with conflicting interests (and without written informed consent) is an automatic ethics violation in California and grounds for disqualification."... Under California law, "an attorney cannot recover fees for such conflicting representation."... "An attorney may claim fees only for services provided before the conflict arose and the ethical breach occurred."

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967-968 (9th Cir. 2009). *See also Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013) (" We hold that settling class counsel ultimately represented parties that had a conflict of interest and

---

[1] Class Counsel acknowledge that they may not include time spent pursuing and defending the original, conflicted settlement in their lodestar for purposes of the cross-check, but they fail to extend that principle to all time generated during the time of the conflict.

4

therefore class counsel could not adequately represent the class and are entitled to no fees for their legal efforts during the conflicted representation.").

This Ninth Circuit in *Rodriguez* noted that "the conflict of interest inhering in the incentive agreements did not just happen, nor was it a conflict that developed beyond the control or perception of class counsel." *Id*. at 968. The same must be said of Class Counsel's simultaneous representation of the 23(b)(2) and (b)(3) classes.

New York's Rules of Professional Conduct are substantially identical to California's. "An attorney who engages in misconduct by violating the Rules of Professional Conduct is not entitled to legal fees for any services rendered." *Shelton v. Shelton,* 151 A.D. 2d 659 (2d Dept. 1989). An attorney is entitled to no fees during the period of disloyalty. *Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 A.D. 3d 1 (1st Dept. 2008).

Given the Second Circuit's finding that Class Counsel were subject to an irreconcilable conflict of interest for the duration of this case, this Court has no choice but to deny any fees to Class Counsel for the period from 2005 through remand to this Court on November 30, 2016. All fees generated during this period were subject to the conflict of interest and thus may not be recovered by Class Counsel. *Rodriguez*, 563 F.3d at 968 ("an attorney cannot recover fees for such conflicting representation...an attorney may claim fees only for services provided before the conflict arose and the ethical breach occurred").

The only lodestar for which Class Counsel may seek compensation is the lodestar generated between their appointment as 23(b)(3) Class Counsel on November 30, 2016 and the preliminary approval of the proposed settlement on January 28, 2019. While this

5

amount may be increased by a modest multiplier to reflect the short period of time during which Class Counsel faced risk, the fee should not exceed two and a half times the reasonable compensable lodestar, or $110 million.

Class Counsel have requested 9.56% of $6.3 billion, or $602 million, which represents a 13.68 multiplier of their $44 million lodestar, and *a $558 million premium* over and above their compensable lodestar.

The Second Circuit has announced a preference for "moderation" in the awarding of common fund attorneys' fees in a class action context. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 57 (2d Cir. 2000). Windfalls to class counsel are to be avoided. *Id*. at 49. Lodestar cross-checks are "encouraged." *Id*. at 50. Class Counsel's request for $602 million in attorneys' fees, in the context of the largest megafund settlement ever reached in the Second Circuit, is excessive and unnecessary to eliminate unjust enrichment of the class.

In the only megafund settlement remotely approaching the size of this one, this Court awarded a fee of only 6.5%, and a multiplier of 3.5. *See In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503 (E.D.N.Y. 2003). In *Visa Check*, however, the premium over class counsel's lodestar awarded by this Court was just **$150 million**, in contrast to the **$558 million** sought here.

This Court also stated in *In re Twinlab Corp. Sec. Litig.*, 187 F. Supp. 2d 80 (E.D.N.Y. 2002):

> In *Goldberger*, the Second Circuit affirmed an attorney's fees award of 4% of the common fund and criticized courts who have used 25% … as a benchmark for attorney's fees, because that percentage presumes "a substantial contingency risk in every common fund case." … Post-*Golberger* courts … have generally refused multipliers as high as 2.03.

6

187 F. Supp. 2d at 85-87.

The nine class action settlements exceeding $1 billion dollars post-*Goldberger* in the Second Circuit have an average fee of 7%. Those megafund settlements exceeding $3 billion have an average fee of 6%. The 9.56% fee requested here is excessive in relation to the mean fee awarded in megafunds of this size, which is 6%, even before any consideration of the lodestar cross-check. A $110 million fee award to Class Counsel here would represent a 1.7% fee, approximately the same fee awarded in *Tremont Secs.*, which was also limited by class counsel's small lodestar relative to the size of the fund.

| Case | Settlement Amount | Fee Percentage |
|---|---|---|
| WorldCom Securities (2005)[2] | $6.1 billion | 5.5% |
| Visa Antitrust (2003)[3] | $3.4 billion | 6.5% |
| AOL Securities (2006)[4] | $2.65 billion | 5.9% |
| Credit Default Swaps (2016)[5] | $1.87 billion | 13.6% |
| Nortel Secs. I (2007)[6] | $1.1 billion | 3% |
| Nortel Secs. II (2006)[7] | $1.1 billion | 8% |
| Petrobras Secs. (2018)[8] | $3 billion | 6.2% |
| FX Benchmark Rates (2018)[9] | $2.3 billion | 13% |
| Tremont Secs. (2019)[10] | $1.4 billion | 1.8% |
| **Average** | | **7.0%** |

Class Counsel cannot show that a fee award of 1.7% of $6.3 billion, or $110 million (which still generates a cash premium over allowable lodestar of **$66 million**), is somehow unfair to them and an unjust windfall to the Class. In light of the fact that this

---

[2] In re WorldCom Inc. Sec. Litig., 388 F. Supp. 2d 319 (SDNY 2005).
[3] In re Visa Check/Mastermoney Antitrust Litig., 297 F. Supp. 2d 503 (EDNY 2003).
[4] In re AOL Time Warner Inc. Sec., 2006 WL 3057232 (SDNY 2005).
[5] In re Credit Default Swaps Antitrust Litig., 2016 SL 2731524 (SDNY 2016).
[6] In re Nortel Networks Corp. Sec. Litig., No. 01-cv-1855 (SDNY 2007).
[7] In re Nortel Networks Corp. Sec. Litig., No. 04-cv-2115 (SDNY 2006).
[8] In re Petrobras Secs. Litig., 317 F. Supp. 3d 858 (SDNY 2018).
[9] In re Foreign Exch. Benchmark Rates Antitrust Litig., 2018 US Dist LEXIS 191373 (Nov. 8, 2018).
[10] In re Tremont Sec. Law, 2019 US Dist LEXIS 21910 (Feb. 11, 2019).

settlement is twice as large as the one in *In re Visa Check/Mastermoney Antitrust Litig., supra,* one would expect the percentage fee here to be *lower* than the one awarded there, based upon the commonly accepted sliding scale approach.[11]  In addition, class counsel in *Visa Check* did not have a disabling conflict of interest that required the disallowance of the majority of their lodestar.  Given that one would expect a fee award of 3% in this case based purely upon the size of the settlement here relative to the one in *Visa Check*, the 1.7% fee award justified by the Phase Two lodestar is in the ballpark of a reasonable percentage fee.

   Class counsel's lodestar is often a decisive factor in the ultimate fee award in this Circuit, even under a percentage methodology.  *See e.g., In re Twinlab Corp. Sec. Litig.*, 187 F. Supp. 2d 80 (E.D.N.Y. 2002)(rejecting percentage fee that would result in lodestar multiplier of 3.58); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 522 (E.D.N.Y. 2003) (calling requested multiplier of 9.68 "absurd"); *In re Tremont Sec. Law*, 2019 US Dist LEXIS 21910 (Feb. 11, 2019) (awarding 1.8% fee because no multiplier was warranted).  As the Third Circuit held in *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005), "the lodestar cross-check serves the purpose of alerting the trial judge that when the multiplier is too great, the court should reconsider its calculation under the percentage-of-recovery method, with an eye toward reducing the award."

---

[11] The Second Circuit has recognized the concept of a sliding scale numerous times.  *See e.g., Wal-Mart Stores , Inc. v. Visa USA  Inc.*, 396 F.3d 96, 122 (2nd Cir. 2005)("Recognizing that economies of scale could cause windfalls in common fund cases, courts have traditionally awarded fees for common fund cases in the lower range of what is reasonable.").  The 7% average fee in cases settled for more than $1 billion is an illustration of this principle in practice.

A 1.7% fee award would represent a lodestar-multiplier of 2.5, which is more than adequate to compensate Class Counsel for risk in this megafund settlement.

## CONCLUSION

WHEREFORE, Objectors pray that this Court unseal the Class Representative declarations, limit incentive awards to the amounts specified above, disallow all lodestar incurred prior to November 30, 2016, and award Class Counsel fees of no more than $110 million.

Respectfully submitted,
Unlimited Vacations and Cruises,
And USA Pets LLC,

By their attorney,

*/s/ John J Pentz*
John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5715
jjpentz3@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system of the USDC for the EDNY on July 23, 2019, and that as a result electronic notice of the filing was served upon all attorneys of record.

*/s/ John J. Pentz*
John J. Pentz