UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| In re Payment Card Interchange Fee and | : | No. 05-MD-01720 (MKB) (JO) |
| Merchant Discount Antitrust Litigation | : | |

_____:

## STATEMENT OF OBJECTIONS OF CLASS MEMBERS
## THE MATTRESS FIRM, INC., WATSCO, INC., AND EASY BREATHE, LLC

### INTRODUCTION

The Mattress Firm, In., Watsco, Inc and Easy Breathe, LLC (hereinafter "Objecting Class Members") hereby submit their objections to the Court in considering whether to approve the superseding settlement agreement. The Court should not issue final approval because the superseding settlement agreement is unfair, unreasonable, and inadequate for two chief reasons (in addition to other reasons raised by other objectors):

1. The release unlawfully waives future claims that challenge interchange rules.
2. The relief is unfair, inadequate, and unreasonable when compared to an appropriate benchmark—the original settlement agreement—because it significantly lowers the pro rata share of class members.

### ABOUT THE OBJECTING CLASS MEMBERS

The Mattress Firm, Inc. is a leading mattress retailer in the United States and accepted Visa and Mastercard transaction cards for the entire class period. The Mattress Firm is a member of the Rule 23(b)(3) settlement class in this case, and it has not engaged in any other settlement of its claims against Visa and/or Mastercard. The Mattress Firm is located at 10201 S. Main St., Houston, TX 77025.

Watsco, Inc. is the largest distributor of air conditioning, heating, and refrigeration equipment in the United States and accepted Visa and Mastercard transaction cards for the entire class period. Watsco is a member of the Rule 23(b)(3) settlement class in this case, and it has not engaged in any other settlement of its claims against Visa and/or Mastercard. Watsco is located at 2665 S. Bayshore Drive, Suite 901, Coconut Grove, Florida 33133.

Easy Breathe, Inc. is a leading online retailer of sleep apnea products and accepted Visa and Mastercard transactions between June 2011 and the present. Easy Breathe is a member of the Rule 23(b)(3) settlement class in this case, and it has not engaged in any other settlement of its claims against Visa and/or Mastercard. Easy Breathe is located at 11859 Wilshire Boulevard, Suite 110, Los Angeles, CA 90025.

**ARGUMENT**

**THE RELEASE IS OVERBROAD**

The superseding settlement agreement's release requires the class to release future antitrust claims relating to the challenged rules. This release is impermissible even if it was designed to meet the "identical factual predicate" standard referenced by the district court and the Second Circuit.

The superseding settlement agreement provides for the following release:

> The Rule 23(b)(3) Settlement Class Releasing Parties hereby expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Rule 23(b)(3) Settlement Class Released Parties from, any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, parens patriae, or otherwise in nature, for damages, restitution, disgorgement, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, or for injunctive, declaratory, or other equitable relief, whenever incurred, whether directly, indirectly, derivatively, or otherwise, whether known or unknown, suspected or unsuspected, in law or in equity, that any Rule 23(b)(3) Settlement Class Releasing Party ever had, now has, or hereafter can, shall, or may have and that have accrued as of the Settlement Preliminary Approval Date or accrue no later than five years after the Settlement Final Date arising out of or relating to any conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Rule 23(b)(3) Settlement Class Released Party that are or have been alleged or otherwise raised in the Action, or that could have been alleged or raised in the Action relating to the subject matter thereof, or arising out of or relating to a continuation or continuing effect of any such conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act. For avoidance of doubt, this release shall extend to, but only to, the fullest extent permitted by federal law.

Superseding Settlement Agreement, Dkt. 7257-2 at 34.

Moreover, the plain language explanation of the release in the class notice provides:

> Claims based on conduct and rules that were alleged or raised in the litigation, or that could have been alleged or raised in the litigation relating to its subject matter. This includes any claims based on interchange fees, network fees, merchant discount fees, nosurcharge rules, no-discounting rules, honor-all-cards rules, and certain other conduct and rules. These claims are released if they already have accrued or accrue in the future up to five years following the court's approval of the settlement and the resolution of all appeals. (Id. at G1-3, G1-4, G2-10.) The Release Provision further bars: Claims based on rules in the future that are substantially similar to – i.e., do not change substantively the nature of – the abovementioned rules as they existed as of preliminary approval of the settlement. These claims based on future substantially similar rules are released if they accrue

up to five years following the court's approval of the settlement and the resolution of all appeals.

Settlement Long-Form Notice at 8.

In its preliminary approval order, the court focused on the "identical factual predicate" requirement and was satisfied that a proviso of the release—that the "release shall extend to, but only to, the fullest extent permitted by federal law"—sufficiently addressed the deficiencies identified by the Second Circuit. Nevertheless, even if the identical factual predicate test and adequacy of representation were satisfied here, the release still impermissibly waives damages based on future violations of the antitrust laws. That issue was not raised to or decided by either the district court or the court of appeals.

While a release of antitrust claims is permissible on a classwide basis, such a release may "not seek to waive damages from future violations of antitrust laws." *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 896 (3d Cir. 1975); *see also Redel's Inc. v. General Electric Corp.*, 498 F.2d 95 (5th Cir. 1974); *Virginia Impression Products Co. v. SCM Corp.*, 448 F.2d 262 (4th Cir. 1971); *Gaines v. Carrollton Tobacco Bd. of Trade, Inc.*, 386 F.2d 757 (6th Cir. 1967); *Duffy Theatres, Inc. v. Griffith Consol. Theatres, Inc.*, 208 F.2d 316 (10th Cir. 1953); *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561 (E.D. Pa. 2001).

A release of claims that has not accrued, but that will accrue between January 14, 2019 and "five years following the court's approval of the settlement and the resolution of all appeals" necessarily releases future claims for damages, which is in itself impermissible. It is also impossible to evaluate the fairness of any monetary settlement without knowing the relative value of the Objecting Class Members' future claims (an issue addressed in more detail below) without a magic crystal ball or a time machine.

**THE MONETARY RELIEF IS UNFAIR, INADEQUATE, AND UNREASONABLE**

The superseding settlement agreement effectively halves the pro rata recovery of the class from the benchmark established under the original settlement agreement and is therefore inadequate, unfair, and unreasonable.

The original settlement agreement provided that defendants would pay a cash award of $7.25 billion (before opt-outs and expenses) to a class of merchants that accepted Visa and/or Mastercard from January 1, 2004 to November 28, 2012, or $2,227,342.55 per day of the class period.

The superseding settlement agreement provides that defendants would pay a cash award of as much as $6.26 billion (before opt-outs and expenses) to a class of merchants that accepted Visa and/or Mastercard from January 1, 2004 to January 24, 2019, or $1,137,561.33 per day of the class period.

Thus, in terms of both total per diem class compensation and the pro rata share of any merchant who accepted Visa and/or Mastercard for the duration of each class period—as two of the Objecting Class Members did—the superseding settlement agreement provides only about half of the compensation provided under the original settlement agreement.

The Court's preliminary approval analysis does not address these facts and, instead, reaches a conclusion that the amount of recovery is adequate because obstacles to judgment exist. In the context of preliminary approval that is appropriate. But the Court should engage in a more searching analysis in deciding whether to finally approve the proposed settlement.

In its final approval, the Court must assess the plaintiffs' expected recovery to determine whether the settlement offer is fair, reasonable, and adequate under the factors set forth in Rule 23(e)(2). *In re Nat'l Football League Players' Concussion Injury Litig.*, 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014). Courts in other cases have used prior settlements approved in the same case as a benchmark for determining those factors. *See,* e.g., *In re High-Tech Employee Antitrust Litig.,* No. 11-cv-02509-LHK, 2014 U.S. Dist. LEXIS 110064, at *15, 2014 WL 3917126 (N.D. Cal. Aug. 8, 2014) (rejecting proposed settlement as below the range of reasonableness because class members would recover less than they recovered from a previous settlement with other defendants).

*High-Tech Employee* is instructive. In that case, the court rejected a second-round settlement because, among other reasons, the amount recovered in the first round was proportionally higher. "Using the Settled Defendants' settlements as a yardstick, the appropriate benchmark settlement for the Remaining Defendants would be at least $380 million, more than $50 million greater than what the instant settlement provides." 2014 U.S. Dist. LEXIS 110064, at **19–20.

To be sure, legal and factual developments have occurred since the original settlement agreement—e.g., the Supreme Court's *American Express* decision. But this Court's own expert identified each of those legal and factual issues in its report on the original settlement agreement. *See* Report of Alan O. Sykes (Aug. 28, 2013), Dkt. 5965. The only actual change is that the two-sided market issue identified by the expert has been cemented by a decision of the Supreme Court.

In short, the Court's analysis at the final approval stage should actually scrutinize the averments of the parties—who each have an undeniably overriding interest in finally settling this case—to determine whether the factual and legal developments that have occurred since the original settlement agreement approval warrant a new settlement that effectively halves the class members' expected recovery despite a significantly longer class period. The Objecting Class Members contend that they do not.

**CONCLUSION**

For the foregoing reasons, the Objecting Class Members request that this Court deny final approval of the proposed superseding settlement agreement.

DATED:          July 23, 2019
                    Boca Raton, Florida


                                                    CAHEN LAW, P.A.
                                                    1900 Glades Road, Suite 270
                                                    Boca Raton, Florida 33431
                                                    Telephone: (561) 922-0430

                                                    */s/ Geoffrey M. Cahen_____*
                                                    GEOFFREY M. CAHEN
                                                    Florida Bar No. 0013319
                                                    NY Bar No.:  4140489
                                                    Geoff@cahenlaw.com

                                                    *Attorney for Objecting Class Members*


                                                    BONA LAW PC
                                                    4275 Executive Square, Suite 200
                                                    La Jolla, CA 92037
                                                    Telephone: (858) 964-4589

                                                    */s/ Jarod Bona _____*
                                                    JAROD BONA
                                                    jarod.bona@bonalawpc.com

                                                    *Attorney for Objecting Class Members*

                                                    */s/ Aaron Gott_____*
                                                    AARON GOTT
                                                    aaron.gott@bonalawpc.com

                                                    *Attorney for Objecting Class Members*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **23ʳᵈ day of July, 2019** to: a true and correct copy of the

foregoing has been filed and served upon on counsel of record via cmecf and sent by Certified

Mail, RRR, and email to the following:

Designated Rule 23(b)(3) Class Counsel:
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
xanb@rgrdlaw.com

Designated Defendants' Counsel:
Matthew A. Eisenstein
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Matthew.eisenstein@arnoldporter.com

                                                    */s/ Geoffrey M. Cahen*
                                                    Geoffrey M. Cahen