# CONSTANTINE CANNON LLP

Jeffrey Shinder
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

July 23, 2019

**VIA ECF**

The Honorable Margo K. Brodie
The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
              05-md-1720 (MKB)(JO)

Dear Judges Brodie and Orenstein:

      We write on behalf of the 7-Eleven Plaintiffs to raise two concerns regarding the proposed class settlement. While the 7-Eleven Plaintiffs have exercised their opt-out rights, we write to protect their opt-out claims against potential unintended consequences of the Settlement Agreement's language.

      The first concern pertains to merchants that are part of multi-entity corporate organizations. Even if such firms opt out of the class, there is a risk that defendants may nonetheless invoke the broad terms of the class release against their ongoing claims. While we doubt that was intended (or would be enforceable), the "releasing parties" language sweeps in all members—past, present, and future—of an extended corporate family, *even if that member has opted out*. That captures a scenario where if a past corporate affiliate of the out-opt chooses to participate in the settlement, this may trigger an application of the release. The risk that defendants could invoke this or similar scenarios against a merchant that has opted out is objectionable; however, the problem can be eliminated by a brief addition to the current language or other clarification.

      The second concern relates to the fact that certain 7-Eleven Plaintiffs have received notices that they are (somehow) related to a "Dismissed Plaintiff" and that therefore—the implication follows—their claims may have been extinguished. These merchants object to being considered "Dismissed Plaintiffs" for any purpose, and request that the Court make clear that nothing in the approval of this settlement be construed to impair their opt-out claims.

Releasing Parties Definition

      Paragraph 29 of the Settlement covers all manner of related entities—parents and subsidiaries, heirs and executors, stockholders, trustees, employees, and so on. This over-

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

July 23, 2019
Page 2

inclusive language makes no exception for distinct entities that have separately demonstrated an intent to be excluded from the class. The provision includes separate legal entities who may only have shared (distant) membership in a corporate family at some point in the past, present, or future. It provides:

> 29. The "Rule 23(b)(3) Settlement Class Releasing Parties" are individually and collectively Rule 23(b)(3) Class Plaintiffs and each member of the Rule 23(b)(3) Settlement Class, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, estates, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Superseding and Amended Class Settlement Agreement, and whether or not they make a claim for payment from the Net Cash Settlement Fund.

To illustrate, consider two companies who share an ultimate corporate parent, but are not only distinct legal entities, they operate separately—they use different brand names and operate different chains of stores; they are led by separate management and are serviced by different legal departments. While one entity in a family may have opted out (and even brought suit six years ago), another is a stranger to the litigation and may not wish to opt out. If the latter does not opt-out—even inadvertently—defendants may someday argue that the plain language covers as a releasing party *all* related entities, including the entity that has been litigating for six years. Stranger still, because the language covers even past relationships, a former subsidiary spun off years ago who stays in the class could create a theoretical issue for its former parent because the class release binds the class member's "past . . . parent" company. The same appears to hold with future companies—according to the language of the release, a subsequent purchaser might inadvertently impair its claim by the acquisition of a class member. While we have been able to cure certain examples by submitting additional exclusion requests on behalf of known related entities, in light of the number of complex entities among the 7-Eleven Plaintiffs, we cannot be assured that there are no additional examples.

We do not believe this provision was intended to rescind the otherwise valid exercise of a merchant's ability to opt out. We propose the language be modified to include a limited carveout set forth below.

> 29. The "Rule 23(b)(3) Settlement Class Releasing Parties" are individually and collectively Rule 23(b)(3) Class Plaintiffs and each member of the Rule 23(b)(3) Settlement Class, on behalf of themselves and any of their respective past, present, or future . . . parents, subsidiaries, divisions, affiliates . . . whether or not they object to the settlement set forth in this Superseding and

435218v.1

**CONSTANTINE CANNON LLP**

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

July 23, 2019
Page 3

>  Amended Class Settlement Agreement, and whether or not they make a claim for payment from the Net Cash Settlement Fund; ***however, no Rule 23(b)(3) class member shall be deemed to have released the claims of any party listed on a timely and valid notice of exclusion from the Rule 23(b)(3) Settlement Class in accordance with the procedures approved by the Court or identified as excluded through other procedures agreed to by Class Counsel and Counsel for Defendants.***

We have sought clarification on the scope of this provision from Class Counsel, but we have not reached a resolution. If we are unable to resolve the issue, we request that the Court modify the Settlement Agreement to add the carveout language in bold or clarify in the final order approving the settlement that the clause cannot be read to encompass past, present, or future entities related to a member of the class, if those related entities have expressly opted out.

"Dismissed Plaintiff" Notices

Several 7-Eleven Plaintiffs have received notices as directed by the Court because they "were identified as a merchant related to" a "Dismissed Plaintiff as identified in Appendix B" of the Settlement, and would be "excluded from the Class . . . and will not be eligible to receive Settlement funds, unless [they] also accepted Visa and Mastercard cards in a capacity other than as a Dismissed Plaintiff." ECF No. 7354-1 at Ex. 2.[1] Paragraph 3(t) of the Settlement Agreement defines "Dismissed Plaintiffs" as follows:

> [T]he individual plaintiffs and former opt-out plaintiffs that have dismissed with prejudice an action against any Defendant and that are listed in Appendix B hereto, and any additional persons, businesses, or other entities included in an exclusion request that those plaintiffs previously submitted to the Class Administrator in connection with the Definitive Class Settlement Agreement.

None of the 7-Eleven Plaintiffs are listed in Appendix B. Nevertheless, through communications with Class Counsel, we have learned that certain specific notices were mailed based on addresses overlapping those listed on prior exclusion requests. The 7-Eleven Plaintiffs do not have access to previously submitted exclusion requests or settlement agreements. To the extent these or other "Dismissed Plaintiff" notices were intended to suggest claims have been extinguished by some prior agreement, the 7-Eleven Plaintiffs object. Respectfully, we request that the Court clarify that nothing in the final approval order prejudices the right of any opt-out plaintiff to contest such a proposition at a later date.

---

[1] 7-Eleven, Alimentation Couche-Tard (Circle K), Speedway, Marathon, P.C. Richard, and Lowe's are among the 7-Eleven Plaintiffs that received such notices.

435218v.1

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

July 23, 2019
Page 4

                          Respectfully submitted,

                              /s

                          Jeffrey I. Shinder
                          *Counsel for 7-Eleven Plaintiffs*