## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : : : | MDL No. 1720(MKB)(JO) |
| This Document Relates To:<br><br>       ALL ACTIONS. | : : : : : : | |

**THE COULSON OBJECTORS' OBJECTION TO FINAL APPROVAL OF THE SUPERSEDING & AMENDED CLASS SETTLEMENT AGREEMENT, AND JOINDER IN OBJECTION BY THE NATIONAL ASSOCIATION OF SHELL MARKETERS, INC., THE SOCIETY OF INDEPENDENT GASOLINE MARKETERS OF AMERICA, AND THE PETROLEUM MARKETERS ASSOCIATION OF AMERICA**

**I.     INTRODUCTION AND PRELIMINARY STATEMENT**

Class Members Coulson Oil Company, Inc., Diamond State Oil, LLC, and Port Cities Oil, LLC (collectively, the "Coulson Objectors"), the owners of numerous physical locations doing business as branded operators of the Valero Energy Corporation ("Valero"), object to Final Approval of the Superseding and Amended 23(b)(3) Class Settlement Agreement (the "Superseding Settlement"). The Coulson Objectors paid excessive swipe fees throughout the Class Period, and they are rightfully entitled to recoup some of their damages by participating in the Superseding Settlement. Nonetheless, by way of a confusing and ambiguous Notice, the Coulson Objectors believe they have been informed that the Settlement Administrator will reject their claims to receive proceeds from the Settlement. As best the Coulson Stores can tell, this rejection of their otherwise valid claims as Class Members will occur because Valero, through a separate and independent settlement agreement with Defendants, has purported to waive the rights of

Valero's branded operators, including the Coulson Objectors, to participate in the Superseding Settlement.

Valero had no right to take this action. Valero did not pay the swipe fees incurred and which were actually paid by the Coulson Objectors. Valero does not stand in the shoes of the Coulson Objectors for the purposes of the Superseding Settlement, and Valero has absolutely no authority – contractual, implied, or otherwise – to waive the Coulson Objectors' valid claims as Class Members. Because there can be no justification for the rejection of the Coulson Objectors' claims based on the unauthorized actions of Valero, the Coulson Objectors object to Final Approval of the Superseding Settlement.

## II.  THE OBJECTING PARTIES

The Coulson Objectors operate the following Valero branded business locations which paid excessive swipe fees during the Class Period:

**Coulson Oil Company, Inc. (TIN ▇▇▇▇▇▇▇▇)**

- 302 HWY 79N Bypass, Magnolia, Arkansas  71753
- 105 East Main, Prescott, Arkansas  71857
- 902 North Buerkle, Stuttgart, Arkansas  72160

**Diamond State Oil, LLC (TIN ▇▇▇▇▇▇▇▇)**

- 2070 Airport Road, Hot Springs, Arkansas  71913
- 605 E. Broadway, North Little Rock, Arkansas  72114
- 775 Cash Road SW, Camden, Arkansas  71701
- 375 East Oak, Conway, Arkansas  72032
- 2112 N. Hazel, Hope, Arkansas  71801
- 3228 Central Avenue, Hot Springs, Arkansas  71901
- 2215 North 1st, Jacksonville, Arkansas  72076
- 18823 MacArthur, North Little Rock, Arkansas  72118
- 3000 E. Harding, Pine Bluff, Arkansas  71601
- 101 North Blake Street, Pine Bluff, Arkansas  71601
- 1827 Hwy 9 North, Morrilton, Arkansas  72110
- 1221 S. Rogers, Clarksville, Arkansas  72830
- 775 Cash Rd. SW, Camden, Arkansas  71701

2

**Port Cities Oil, LLC (TIN ███████)**

- 11615 Cantrell Road, Little Rock, Arkansas  72212
- 1306 Albert Pike, Hot Springs, Arkansas  71913

Everette L. Martin, Esq., the Vice-President and General Counsel for each of the Coulson Objectors, has authorized the filing of this Objection.

### III.     REASONS FOR OBJECTION

The primary reason for the Coulson Objectors' objection is that without any explanation, the Coulson Objectors were told they were no longer members of the class. Apparently class counsel had already predetermined and sided with the Defendants and Valero, in their efforts to compromise the claims of the Coulson Objectors. Valero and the Defendants had positively no authority to nullify the Coulson Objectors' right to participate in the Superseding Settlement. Valero can point to no contract or other writing granting it the ability to do what it did.  In addition, as summarized below, the Notice received by Coulson Objectors is so confusing that the Coulson Objectors are unable to determine the extent to which Valero's invalid action purports to bar claims related to swipe fees incurred at business locations other than those listed above.  Furthermore, although the Coulson Objectors understand that Valero has purported to waive their claims on some theory that Valero owns the claims as the "direct purchaser" of Defendants' swipe fees, the truth is that Valero does nothing more than process the Coulson Objectors' credit transactions with Defendants. Valero is not a party to any of the purchase transactions that are paid by the credit cards resulting in the swipe fees. The Coulson Objectors paid all the swipe fees for transactions administered by Valero during the Class Period, making it apparent that Valero was the direct purchaser of *none* of them.  Valero was a mere "facilitator" for the swipe fees paid by the Coulson Objectors, which completely takes the wind out of any argument that Valero legitimately compromised the Coulson Objectors' claims as the direct purchaser of swipe fees.  Finally,

requiring the Coulson Objectors to overcome Valero's specious relinquishment of their claims improperly causes them to be treated differently from other Class Members, and Class Counsel is conflicted to the extent they seek to represent those who allege competing interests in the same claim.

For all these reasons, the Coulson Objectors object to Final Approval of the Superseding Settlement.[1]

### A. The Notice Received By The Coulson Objectors Is Confusing And Ambiguous, Requiring The Dissemination Of New Notice

The Notice received by each of the Coulson Objectors indicates that it has been "excluded from the Class" and "will not be eligible to receive Settlement funds" because of a "relat[ion]" to Valero. This threatened "exclusion" from the Settlement is addressed to each of the Coulson Objectors as an integrated business entity, even though each Objector also operates locations unrelated to Valero. So, even though the Notice states that the addressee "will not be eligible to receive Settlement funds," the Coulson Objectors are left to speculate whether the Notice intends to invalidate claims for stores operating under something other than the Valero brand. The Notice is confusing and ambiguous on this point.[2] Among other things, if it is true that the Coulson Objectors have been "excluded from the Class," which the Notice states without qualification, how can they make a claim in *any* capacity?

"Adequate notice is necessary to bind absent Class Members." *Stephenson v. Dow Chem. Co.*, 273 F.3d 249, 261 n.8 (2d Cir. 2001). The Notice received by the Coulson Objectors is

---

[1] The Coulson Objectors also join in and adopt the separate objection filed by the National Association of Shell Marketers, Inc., the Society of Independent Gasoline Marketers of America, and the Petroleum Marketers Association of America.

[2] The Notice does state that an affected Class Member may be able to "make a claim for Settlement funds" if it also "accepted Visa or Mastercard in a different capacity," but it is unclear what that even means.

4

inadequate because it does not clearly explain the reach of the purported invalidation of their claims. New Notice remedying this defect should issue.

### B. Valero Is Not The "Direct Purchaser" Of Swipe Fees Paid By The Coulson Objectors

The Coulson Objectors have been informed that Valero purported to waive their entitlement to participate in the Settlement because of Valero's position that it is the true owner of their claims as the "direct purchaser" of the swipe fee. *Cf. Ill. Brick Co. v. Illinois*, 431 U.S. 720, 97 S. Ct. 2061 (1977) (concluding that only direct purchasers have standing to sue for overcharges under federal antitrust law). Naturally, this suggests that Valero is the party who "paid illegally high prices for" swipe fees, and merely "passed the cost on to" branded operators like the Coulson Objectors. *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 488 n.6, 88 S. Ct. 2224, 2228 n.6 (1968). This is just not true. Valero processed credit card transactions between the Coulson Objectors and their customers which were initiated on site at the Coulson Objectors' facilities.[3] Valero neither became responsible for nor actually paid those swipe fees. All swipe fees are paid by the Coulson Objectors as part of the credit card transaction, making them the "direct purchasers" of fees at artificially inflated prices. Valero was, at best, a payment processor or facilitator for credit card transactions, and it is completely without merit for Valero to rely on reasoning from *Illinois Brick* in asserting that it is the actual owner of claims in this action.

### C. Allowing Legitimate Class Members Like The Coulson Objectors To Submit A Valid Claim Only After Overcoming A Meritless Legal Obstacle Results In Impermissible Discrimination Between Class Members

Permitting Valero's branded operators to submit settlement claims only after defeating an invalid attempt to extinguish those claims requires those branded operators – the true owners of

---

[3] The transaction that generates the swipe fee is a direct transaction between the Coulson Objectors and the customer. Valero is nothing more than a third party facilitator, not a direct purchaser.

5

Settlement claims – to formally object to the settlement, possibly retain counsel (as was so with the Coulson Objectors), and develop arguments supporting allowance of their claims. Other Class Members do not encounter these obstacles when submitting claims. Thus, by accepting at face value Valero's unauthorized negation of its branded operators' claims, those administering the Settlement have fallen short of Rule 23's requirement that a proposed settlement "treat[] class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). While this situation persists, final approval should not be forthcoming.

### D. The Intra-Class Conflict Between Valero And Its Branded Operators Creates A Conflict For Class Counsel

In the case of Valero and its branded operators, Class Counsel is faced with Class Members who assert competing rights to the same claims. By purporting to represent Class Members with antagonistic interests to Settlement proceeds, Class Counsel is conflicted. This "provides an independent ground for reversing the settlement." *See Radcliffe v. Experian Info. Sols.*, 715 F.3d 1157, 1167 (9th Cir. 2013).

### IV. CONCLUSION

Valero possessed no contractual, implied, or other authority to relinquish the Coulson Objectors' Settlement claims. The Notice attempting to explain the import of Valero's attempts to do so is ambiguous and confusing, and it is not accurate for Valero to contend under *Illinois Brick* that it is the direct purchaser of excessive swipe fees. It constitutes unequal treatment of Class Members to require that branded operators submit claims only after overcoming Valero's baseless push to deny those claims, and Class Counsel is conflicted in undertaking to represent Class Members with competing interests to the same claims.

For all these reasons, the Coulson Objectors object to Final Approval of the Superseding Settlement.

Dated: July 23, 2019

                                                Respectfully Submitted:

/s/ Marcus Neil Bozeman
Thomas P. Thrash
Marcus Neil Bozeman
**THRASH LAW FIRM, P.A.**
1101 Garland Street
Little Rock, Arkansas 72201
(501) 374-1058 – Telephone
(501) 374-2222 – Facsimile
tomthrash@thrashlawfirmpa.com
mbozeman@thrashlawfirmpa.com

Counsel for the Coulson Objectors