UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720 (MKB)(JO)<br>1:05-md-01720-MKB-JO<br>Civil No. 05-5075 (MKB)(JO) |

**OBJECTIONS TO BOTH THE PROPOSED SETTLEMENT AND CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES; AND NOTICE OF INTENT TO APPEAR**

Rule 23(b)(3) Class Members Jack Rabbit, LLC, 2614 18th Place South, Homewood, Alabama, (205) 936-1234, and Cahaba Heights Service Center, Inc. d/b/a Cahaba Heights Chevron, 3100 Cahaba Heights Road, Birmingham, AL 35243, (205) 967-7440, hereby object to both the proposed settlement and class counsel's request for attorney's fees; and give notice of their intent to appear at the final fairness hearing scheduled for 10:00 a.m. on November 7, 2019, before the Honorable Margo K. Brodie, United States District Judge through undersigned counsel.

Jack Rabbit, LLC is managed by Jack Whitson Kidd, business address as above, (205) 991-6961 who, has been accepting Visa-Branded Cards (Visa card) and Mastercard-Branded Cards (Mastercard) at all times from January 1, 2004 through January 24, 2019, the date this court granted the Motion for Class Settlement Preliminary Approval (Docket Entry No. 7361). Cahaba Heights Service Center, Inc. d/b/a Cahaba Heights Chevron, is principally owned by Lawrence Angelo, business address and phone as above, who, has been accepting Visa Cards and Mastercards at all times from January 1, 2004 through January 24, 2019, the date this court granted the Motion for Class Settlement Preliminary Approval (Docket Entry No. 7361).

Objectors Jack Rabbit, and Cahaba Heights Service Center, Inc. d/b/a Cahaba Heights Chevron, herinafter the "Jack Rabbit Objectors," intend to appear and argue at the fairness

hearing scheduled 10:00 a.m. on November 7, 2019, before the Honorable Margo K. Brodie, United States District Judge through undersigned counsel.

The Jack Rabbit Objectors state, pursuant to F.R.Civ.P 23(e)(2)(5)(A), that these objections apply to the entire class, i.e., these objections do not only apply to the named objectors, nor do they only apply to a specific subset of the class, as defined by the Superseding Settlement Agreement, at paragraph 4.

## I. BRANDED FUEL RETAILERS AND OTHERS SIMILARLY SITUATED ARE AN UNREPRESENTED SUBCLASS

During the class period, the Jack Rabbit Objectors were petroleum dealers engaged in the retail sale of branded motor fuels. Credit card transactions, regarding Visa Cards and Mastercards, at the objectors' locations were processed by the applicable branded fuel supplier. Thus, when customers used a Visa Card or Mastercard for payment, the payments were forwarded to the applicable branded fuel supplier, which first deducted their full share from the payment, and then deducted the interchange (base cost) fees charged by Visa or Mastercard from the Jack Rabbit Objectors' proceeds before remitting those proceeds to the objectors. Therefore, the Jack Rabbit Objectors, and not the applicable branded fuel supplier, paid the interchange fees; were thereby damaged; and, should be made whole by the proposed settlement. Clearly, the Jack Rabbit Objectors, and not the applicable branded fuel supplier, are entitled to recover from the settlement res. Yet it does not appear that the proposed settlement addresses the issue; which, to the best of the Jack Rabbit Objectors' knowledge and belief, is systemic to the settlement, with regard to all retailers of branded fuel. Furthermore, the Jack Rabbit Objectors, and all other class members similarly situated, including but not limited to, Subway franchisees as of 2013, are

members of an unrepresented subclass, whose interests have not been adequately protected by the proposed settlement.

> II. **THE REQUESTED ATTORNEYS' FEES ARE UNREASONABLE IN LIGHT OF THE SIZE OF THE $6,322,607,198.24 SUPER MEGAFUND SETTLEMENT FUND**

Under the settlement, Visa, Mastercard and the Bank Defendants agreed to provide a settlement fund of between $5.54 billion and $6.24 billion depending on the number of class members that exclude themselves from the Rule 23(b)(3) Settlement Class. The settlement fund has been held in escrow since 2012, and the fund has grown to $6,322,607,198.24 (Document 7471-1, footnote3). Class Counsel have requested (Document 7471) an Order " awarding Rule 23(b)(3) Class Counsel attorneys' fees of 9.56% of the settlement fund deposited in the Net Cash Settlement Escrow Account and Net Interchange Settlement Escrow Account. i.e. between $530,962,400.00 and $604,441,248.15.

In this Circuit, the average attorneys' fees percentage in settlements above $2.5 billion is 5.97%[1]. Applying that percentage in this matter would result in a fee of $377,459,649.73; which is $226,981,598.42 less than the requested $604,441,248.15 in attorneys' fees in this matter. Even adding in the additional class actions that settled for between $1 billion and $3 billion[2] only

---

[1] *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503 (EDNY 2003). Settlement amount $3.4 billion. Attorneys' fees percentage 6.5%. *In re WorldCom Inc. Sec. Litig.*, 388 F. Supp. 2d 319 (SDNY 2005). Settlement amount $6.1 billion. Attorneys' fees percentage 5.5%. *In re AOL Time Warner Inc. Sec.*, 2006 WL 3057232 (SDNY 2005). Settlement amount $2.65 billion. Attorneys' fees percentage 5.9%.

[2] *In re Nortel Networks Corp. Sec. Litig.*, No. 04-cv-2115 (SDNY 2006). *In re Nortel Networks Corp. Sec. Litig.*, No. 01-cv-1855 (SDNY 2007). *In re Credit Default Swaps Antitrust Litig.*, 2016 SL 2731524 (SDNY 2016). *In re Petrobras Secs. Litig.*, 317 F. Supp. 3d 858 (SDNY 2018). *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2018 US Dist LEXIS 191373 (Nov. 8, 2018). In re Tremont Sec. Law, 2019 US Dist LEXIS 21910 (Feb. 11, 2019).

increases the average attorneys' fees percentage from 5.97% to 7.05%; which is nowhere near class counsel's requested 9.56%.

The foregoing percentages are the result of applying a sliding scale percentage to attorneys' fees in super megafund cases based on the economies of scale that these settlement represent. Just as the settlement value of this case is an artifact of the pervasive use of Visa and Mastercard credit cards in our society; so too are all super megafunds settlements artifacts of their own economies of scale.

In *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) the court wrote "At the district court, lead counsel for the plaintiffs sought a fee of $ 609,012,000 -- approximately 18% of the present value of the Settlement's compensatory relief, 2.14% of the present value of the Settlement (inclusive of injunctive relief), and 9.68 times the lodestar figure of $62,940,045.84. *Visa Check III*, 297 F. Supp. 2d at 522. Seventeen merchants objected to counsel's fee petition. *Id*. at 509 n.6, 522 n.27. The court found the fee petition excessive despite the excellence of plaintiffs' representation, *id*. at 522, 524. Assessing the fee petition with a careful eye for the interests of all class members, the court awarded fees in the amount of $ 220,290,160.44 plus an additional $ 18,716,511.44 in costs and expenses. *Id*. at 507, 524-26. Leonardo's[3] argues that the district court's fee award was too high, while Constantine & Partners ("C&P"), plaintiffs' lead counsel, contends that the fee award was too low." After approving the percentage of the fund methodology in awarding attorney fees: "'The trend in this Circuit is toward the percentage method,' *Visa Check III*, 297 F. Supp. 2d at 520, which 'directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient

---

[3] Represented by undersigned counsel.

prosecution and early resolution of litigation,' *In re Lloyd's Am. Trust Fund Litig*., 2002 U.S. Dist. LEXIS 22663 at 74, 2002 WL 31663577, at 25." In discussing whether to apply a sliding scale to attorneys' fees in megafund case, the court wrote "We need not dispute whether the sliding scale approach is economically rational in the context of ensuring competent and committed counsel. Public policy concerns oftentimes redefine the focus of the court. In this case, the district court's decision in favor of protecting the instant class from an excessive fee award militates against awarding attorneys' fees based purely on economic incentives. Satisfied that its ruling would not deter plaintiffs' attorneys from pursuing similar claims, the district court remarked, "If [this fee award] amounts to punishment, I am confident there will be many attempts to self-inflict similar punishment in future cases." *Visa Check III*, 297 F. Supp. 2d. at 525. We agree.

While courts in megafund cases often award higher percentages of class funds as fees than the district court awarded in this instance, see *id*. at 525 n.33, **the sheer size of the instant fund makes a smaller percentage appropriate**." (emphasis added)

The Jack Rabbit Objectors hereby adopt and incorporate any and all other properly-filed objections not inconsistent with the foregoing as if set forth fully herein.

WHEREFORE, the Jack Rabbit Objectors respectfully request that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections, including but not limited to, an Order:

A. Disapproving the proposed settlement because petroleum dealers engaged in the retail sale of branded motor fuels, such as the Jack Rabbit Objectors, and not the applicable branded fuel suppliers, are entitled to recover from the settlement res;

B. Disapproving the proposed settlement because there are other class members similarly situated to petroleum dealers engaged in the retail sale of branded motor fuels, including but not limited to, Subway franchisees as of 2013, who are members of an unrepresented subclass, whose interests have not been adequately protected by the proposed settlement;

C. Requiring the appointment of one or more subclass representatives to alleviate the current problems with the proposed settlement over distribution of the settlement funds to those who were damaged;

D. Denying the 9.56% of the common fund requested by class counsel as attorneys' fees and instead awarding 5.97%, which would result in a fee of $377,459,649.73 to class counsel; and,

E. Granting such other relief that this Court deems necessary or proper to protect the interests of the un-named class members.

Respectfully submitted,

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar Number: 209783
Attorney for Class Members/Objectors
Jack Rabbit, LLC &  Cahaba Heights Service
Center, Inc. d/b/a Cahaba Heights Chevron
N. Albert Bacharach, Jr., P.A.
4128 NW 13th Street
Gainesville, FL 32609-1807
(352) 378-9859
(352) 338-1858 (Fax)
E-Mail: N.A.Bacharach@att.net

**CERTIFICATE OF SERVICE**

I HEREBY certify that on July 23, 2019 I electronically filed the foregoing using the court's CM/ECF system and that all parties of record have been noticed and served by the CM/ECF system.

/s/ N. Albert Bacharach, Jr.<br>
N. Albert Bacharach, Jr.