Super Sales USA, Inc.
P.O. Box 493
Cedarburg, Wisconsin 53012
Tracking #12527810

July 15, 2019

United States District Court for the Eastern District of New York
Clerk of Court
225 Cadman Plaza
Brooklyn, New York 11201

Statement of objection of class member Super Sales USA, Inc.

Super Sales USA, Inc. (hereafter "Company") accepted Visa and Mastercard transaction cards between 2004 and the present date. Company is a member of the Rule 23(b)(3) settlement class in this case, and it has not engaged in any other settlement of its claims against Visa and/or Mastercard. Company hereby submits its objections to the proposed settlement preliminarily approved by the Court in January of this year.

Company has two locations, CITGO Super Sales Cedarburg W62N174 Washington Avenue Cedarburg Wisconsin 53012 and CITGO Super Sales Grafton 1185 North Port Washington Road Grafton Wisconsin 53024. Company is a petroleum marketer engaged in the retail sale of branded motor fuels. Since 1985, it has accepted Visa and Mastercard transaction cards at our retail convenience store locations. Motor fuels at these locations have been sold under the CITGO brand since 2004, and credit card transactions at each location were processed by CITGO Petroleum.

Company is concerned that the Court will concur in the arguments of Defendants that certain major oil company branded suppliers are entitled to file claims against the settlement fund for transactions at retail locations where Company accepted the applicable Visa or Mastercard transaction cards and paid the interchange fees. None of the class representatives were branded marketers, and branded marketers interests were not represented when the settlement was negotiated. Nor are they adequately represented now by a conflicted class counsel who are incapable of asserting branded marketer interests when they conflict with the interests of major oil companies.

As of now, Company is totally in the dark as to whether, having accepted the cards and paid the interchange fees, it is part of the settlement class, whether it is entitled to a full or partial recovery, or whether any mechanism is in place to sort all of this out. Nothing in the Class Notice states whether Company or its branded supplier (whose fuel Company sells) have a right to recover for transactions at our locations. In short, Company is concerned that it is being deprived of its legal right to fully participate in the settlement since we were the ones who paid the transaction fees.

In addition to not knowing what recovery Company may be entitled to as part of the class settlement, we do not believe that proper efforts have been and are being made to notify branded marketers, like Company, so that they can object to settlement.

Branded marketers should be informed now whether a procedural mechanism will be put in place to determine whether, and to what extent, branded marketers will participate in the settlement, what evidence they need to present, and whether there will be procedural hurdles they need to overcome to claim their rights as class members.  Unless and until these issues are addressed and properly resolved by the Court, Company respectfully objects to the class settlement.

Respectfully submitted,

Super Sales USA, Inc.
Tracking #12527810

By:  Douglas Gall

_____
President



P.O. Box 493
Cedarburg, WI 53012

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 22 2019 ★
BROOKLYN OFFICE

7007 0710 0005 6495 2397

CERTIFIED MAIL™

United States District Court for
the Eastern District of New York
Clerk of Court
225 Cadman Plaza
Brooklyn, New York 11201

U.S. POSTAGE PAID
FCM LETTER
GRAFTON, WI
53024
JUL 15, 19
AMOUNT
$6.85
R2304H109561-03