# CONSTANTINE CANNON LLP

**Jeffrey Shinder**
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

September 17, 2019

<u>**VIA ECF**</u>

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, 05-md-1720-MKB-JO; *7-Eleven, Inc., et al. v. Visa Inc., et al.*, 13-cv-5746-MKB-JO; and *Visa Inc., et al. v. Sears Holding Corp.*, 14-cv-6450-MKB-JO (collectively, the "Actions")

Dear Judge Orenstein:

We respectfully submit this joint letter concerning the Court's scheduling order of September 11, directing movant Constantine Cannon to specify the portions of its Motion for Leave to Withdraw as Counsel for Sears Holdings Corporation in the Actions (docket numbers 7673, 134 and 23, respectively) (the "Motion") which it contends should be redacted from the public docket.

Attached as Exhibit 1 to this letter is the Declaration in support of the Motion with exhibits filed ex parte and under seal as ECF Nos. 7679, 135, and 24 in the Actions, respectively. Exhibit 1 redacts certain information in the declaration and attached emails and letters. These redactions are either at the request of Constantine Cannon or counsel for Sears, as is noted on Exhibit 1.[1] These redacted portions are confidential, direct attorney-client (or attorney-prospective client) communications, or they contain attorney work product related to the 7-Eleven Plaintiffs protected under the common interest rule.

As noted in the Motion, "documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client

---

[1] Sears Holdings Corp.'s interest in the Actions has been transferred to successor-in-interest, Elgin Ave. Recovery, LLC (collectively, "Sears"). Transform SR Holdings LLC, an affiliate of Transform Holdco LLC, transferred its interest in the Actions to Elgin but also retains a residual interest in the Actions. Elgin Avenue Recovery LLC is an affiliate of OZ Management, which is now known as Sculptor Capital LP pursuant to a name change effective September 12, 2019.

NYDOCS 439492v.1

# CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

September 17, 2019
Page 2

relationship between a party and its counsel, and . . . this method is viewed favorably by the courts." *Team Obsolete Ltd., v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006); *see C.D.S. Inc. v. Zetler*, 2017 WL 1103004 (S.D.N.Y. March 23, 2017) at *4, n.2 ("As is typical in these circumstances, the Court directed [withdrawing counsel] to submit its memorandum and any supporting materials *ex parte* given that the attorney-client relationship is implicated in the nature of its application. The Court will file these papers under seal. It is well-settled that this is the appropriate method to proceed in these circumstances.").

Here, certain of the documents contain attorney work product and information as to the 7-Eleven Plaintiffs' group (including but not limited to Sears) that is also protected by the common interest privilege. "At its core, the common interest doctrine applies when multiple persons are represented by the same attorney. In that situation, communications made to the shared attorney to establish a defense strategy remain privileged as to the rest of the world." *United States v. Ghavami*, 882 F. Supp. 2d 532, 537-538 (S.D.N.Y. 2012) (citation omitted); *see Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015). This information is also particularly sensitive given the ongoing nature of the litigation.

We note that virtually all of the Declaration itself is without redaction, along with large portions of the exhibits, which are only partially redacted. We respectfully submit these redactions are sufficiently limited to satisfy the public interest in this matter under the circumstances, while protecting the confidentiality of attorney client communications and attorney work product.

Respectfully submitted,

/s
Jeffrey I. Shinder
*Counsel for the 7-Eleven Plaintiffs*

/s
John B. Orenstein (admitted in E.D.N.Y.)
*Counsel for Sears Holding Corp., by and through its successor-in-interest, Elgin Recovery, LLC*