# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : |
| | : 05-md-1720 (MKB)(JO) |
| This Document Relates To: | : : |
| *7-Eleven, Inc., et al. v. Visa Inc., et al.,* No. 13-cv-5746 (E.D.N.Y.) (MKB) (JO) | : : **FILED UNDER SEAL** : |
| - and - | : : |
| *Visa U.S.A. Inc. et al. v. Sears Holdings Corp.,* No. 14-cv-6450 (E.D.N.Y.) (MKB)(JO) | : : : |

-------------------------------------------------------------x

## DECLARATION OF JEFFREY I. SHINDER
## IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW
## AS COUNSEL FOR SEARS HOLDINGS CORPORATION

I, Jeffrey I. Shinder, declare as follows:

1.    I am a member of the bar of this Court and Managing Partner of the New York office of Constantine Cannon LLP ("Constantine Cannon" or the "Firm"), counsel for the 7-Eleven Plaintiffs.[1]

---

[1] The 7-Eleven Plaintiffs are 7-Eleven, Inc., Academy, Ltd. d/b/a Academy Sports + Outdoors, Alimentation Couche-Tard Inc., Amazon.com, Inc., American Multi-Cinema, Inc., Ashley Furniture Industries Inc., Barnes & Noble, Inc., Barnes & Noble College Booksellers, LLC, Beall's, Inc., Boscov's, Inc., Brookshire Grocery Company, The Buckle, Inc., The Children's Place, Inc. f/k/a The Children's Place Retail Stores, Inc., Coborn's, Incorporated, Costco Wholesale Corp., Cracker Barrel Old Country Store, Inc., Cumberland Farms, Inc., D'Agostino Supermarkets, Inc., Dick's Sporting Goods, Inc., Dillard's, Inc., Drury Hotels Company, LLC, Euromarket Designs, Inc., d/b/a Crate & Barrel and CB2, Meadowbrook, L.L.C., d/b/a The Land of Nod, Express, LLC, Family Dollar Stores, Inc., Family Express Corporation, Fleet Wholesale Supply Co., Inc., Fleet and Farm of Alexandria, Inc., Fleet Wholesale Supply of Fergus Falls, Inc., Fleet and Farm of Green Bay, Inc., Fleet and Farm of Menomonie, Inc., Mills Fleet Farm, Inc., Fleet and Farm of Manitowoc, Inc., Fleet and Farm of Plymouth, Inc., Fleet and Farm Supply Company of West Bend, Inc., Fleet and Farm of Waupaca, Inc., Mills E-Commerce Enterprises, Inc., Foot Locker, Inc., The Gap, Inc., Genesco Inc., GNC Holdings, Inc., Gulf Oil Limited Partnership, HMSHost Corporation, IKEA North America Services, LLC, Jetro Cash & Carry Enterprises, LLC, Lowe's Companies, Inc., Marathon Petroleum Company LP, Michaels Stores, Inc., National Association of Convenience Stores, National Grocers Association, National Railroad Passenger Corporation, New York & Company, Inc., NIKE, Inc., P.C. Richard & Son, Inc., Pacific Sunwear of California, Inc., Panda Restaurant Group, Inc., Panera Bread Company, Petco Animal Supplies, Inc., The Priceline Group Inc., priceline.com, LLC, Ralph Lauren Corporation, Recreational

2.      I submit this Declaration in further support of Constantine Cannon LLP's Motion for Leave to Withdraw as Counsel for Sears Holdings Corporation filed on September 4, 2019, sealed ECF. No. 7673, and as directed by the Court's order on September 5, 2019.

3.      In 2013, Sears Holdings Corporation ("Sears") retained Constantine Cannon LLP ("Constantine" or the "Firm") to represent Sears as a declaratory judgment defendant in *Visa U.S.A. Inc. et al. v. Sears Holdings Corp.*, No. 14-cv-6450 (E.D.N.Y.) (MKB)(JO) and as an opt-out plaintiff added by way of amendment to the complaint in *7-Eleven, Inc. et al. v. Visa Inc. et al.*, No. 13-cv-5746 (E.D.N.Y.) (MKB)(JO), which cases were consolidated for pre-trial purposes into 05-md-1720 (collectively, "the Interchange case").

4.      Sears filed for bankruptcy under Chapter 11 on October 15, 2018.  *See In re Sears Holdings Corp.* Case No. 18-23538 (RDD) (S.D.N.Y. Bankr.).  In the discussion that follows, no distinction is made between work performed by Constantine Cannon in the pre-bankruptcy or post-bankruptcy period.  All of it is referred to for the sake of convenience as work performed on the Sears claim.

5.      After an auction, on February 8, 2019, the bankruptcy court approved an asset purchase agreement whereby an entity called "Transform Holdco, LLC" ("Transform") purchased substantially all of Sears' assets, including parts of Sears' retail business and, as relevant here, all claims related to the Interchange case.  *See Order Approving Sale*, ECF No. 2507 at Ex. B (APA) at 10, 38 (S.D.N.Y. Bankr. Feb. 8, 2019) (defined in the asset purchase agreement as "Credit Card Claims").

---

Equipment, Inc., Republic Services, Inc., Restoration Hardware, Inc., Sears Holdings Corporation, Speedway LLC, Starbucks Corporation, Stein Mart, Inc., Swarovski U.S. Holding Limited, The Talbots, Inc., Thermo Fisher Scientific Inc., Thorntons Inc., Whole Foods Market Group, Inc., Whole Foods Market Rocky Mountain/Southwest, L.P., Whole Foods Market California, Inc., Mrs. Gooch's Natural Food Markets, Inc., Whole Food Company, Whole Foods Market Pacific Northwest, Inc., WFM-WO, Inc., WFM Northern Nevada, Inc., WFM Hawaii, Inc., WFM Southern Nevada, Inc., The William Carter Company, and Yum! Brands, Inc.

6.      On March 14, 2019, the General Counsel of Transform, Luke Valentino, contacted Constantine Cannon, stating that "Transform Holdco LLC completed the purchase of substantially all of the assets of Sears Holdings last month.  As a new and separate company, Transform appreciates your firm's partnership with Sears and would like to retain your services." Exhibit H at 3.  Mr. Valentino stated that he had joined Sears in 2017 and that, as of March 2019, was now in the role of General Counsel of Transform.

7.      On April 4, 2019, Transform entered into a retainer agreement with Constantine Cannon whereby Transform agreed to assume the obligations of Sears under the previous retainer agreements between Sears and Constantine Cannon related to the Interchange case.

8.      In April 2019, Transform conducted an auction of the Sears claim whereby, upon information and belief, Transform sold all or some portion of its beneficial interest in the Sears claim to an investment company, OZ Management ("OZ").  Our understanding of that transaction is based on information and belief because Constantine Cannon has not received a copy of that agreement despite making repeated requests to both Transform and OZ.  *See* Exhibits A, B, E, and F.

9.      Following the sale of all or some portion of the Sears claim to OZ in April, Constantine Cannon approached Transform to discuss outstanding payment and was directed to discuss those issues with OZ.  Specifically, Transform informed the Firm that as the result of "the sale" to OZ, "[m]ost of your questions concerning the Litigation can be addressed to OZ as the owner of the Claim."  Exhibit B.

10.     From that period forward, Transform has shown no interest in this litigation and has deferred to OZ as to all litigation decisions.  *See* Exhibits B.  Constantine Cannon has,

however, included Transform on communications with OZ given our continuing attorney-client obligations to Transform.

11.     Since that time, Constantine Cannon engaged in repeated attempts to communicate with Transform and OZ, to obtain a copy of the assignment or sale agreement, and to clarify whether Transform remains the party of interest with respect to Sears' claim, has any interest in the compensatory or injunctive claims, and/or alternatively whether OZ controls the disposition of the claim.  *See* Exhibits E and F.  We also sought to confirm the extent of any cooperation obligation Transform owes OZ under the agreement to the extent OZ controls the disposition of the claim.  We have not received answers to these questions.

12.     On May 31, Constantine Cannon met with OZ to confirm the status of, and its intentions with respect to, the Sears' claim.  *See* Exhibits D and E.  Constantine Cannon did not receive any confirmation at that meeting regarding the extent to which Transform maintained any interest in the Sears claim following the sale to OZ.  Constantine Cannon explained to OZ at that meeting that the case was in expert discovery, defendants' expert reports were due in early June and that important expert discovery deadlines were approaching.  At that meeting, OZ indicated that it wanted to evaluate what Sears would receive under the proposed Rule 23(b)(3) settlement before making any further decisions regarding the Sears' claims.  As a courtesy, Constantine Cannon offered to assist OZ in that analysis.

13.     Following that meeting, Constantine Cannon wrote OZ to clarify that, while the Firm had no attorney-client relationship with OZ, it was prepared to assist OZ with respect to its analysis of the proposed class settlement and that our communications could be treated as privileged under the assumption that OZ was contemplating retaining Constantine Cannon with

4

respect to the Sears' claims.  *See* Exhibit E.  OZ did not disagree. Constantine Cannon had some communication with OZ (copying Transform) with respect to the proposed class settlement.

14.     For several weeks, Transform and OZ (a) did not respond to communications from Constantine Cannon, (b) refused to answer multiple requests to clarify the status of the claim, including Transform's and OZ's intentions to continue to litigate the claim, and (c) have not paid past due invoices related to expenses in the ongoing litigation in the Interchange case, invoices which amount to ▮ CC Proposed ▮  These invoices—which OZ "confirm[ed] that we will pay. . . and will process," but have not paid—represent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ Redaction Proposed By Constantine Cannon ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2]  *See* Exhibit G at 1.

15.     On July 17, a week before the class settlement exclusion deadline, Constantine Cannon wrote again to OZ and Transform to offer assistance and remind them of the upcoming opt-out deadline, which could be dispositive of the Sears claim.  In that communication, the Firm reiterated that, should OZ/Transform choose to opt-out, it would have to make immediate decisions regarding the prosecution of the Sears claim given the impending expert discovery deadlines.  That communication included the specific issues that needed to be addressed by experts working on the Sears claim.  *See* Exhibit F.  OZ responded by seeking assistance on questions related to the opt-out procedures in the proposed class settlement.  The Firm provided some assistance to OZ and counsel retained by OZ who was "helping [OZ] to finalize the opt out letters on the claims [they] own."  Exhibit G at 6.

---

[2] Constantine Cannon was retained by Sears as ordinary course professionals and filed a claim in the bankruptcy action for certain of these expenses; the claim has not been paid.  *See* ECF No. 1095 (OCP Affidavit); Claim No. 14629, *In re Sears Holdings Corporation* (18-23538).

16.     After the opt-out deadline, neither Transform nor OZ communicated with Constantine Cannon to inform us of whether they elected to opt-out.  As a result, on July 29, we reached out to confirm the status of the Sears claim, and to reiterate the need for Transform/OZ to make an immediate decision.  *See* Exhibit G at 3-4.

17.     Transform did not respond to that communication.  On August 2, OZ confirmed that OZ/Transform had, in fact, opted out of the proposed class settlement.

18.     Following that communication, Constantine Cannon and OZ, without any active or direct participation of Transform (although the company was copied on communications), have had some discussion about the Sears claim, including ▌Redaction Proposed By Constantine Cannon ▌▌▌  with OZ forming an attorney-client relationship with Constantine Cannon. During those discussions, OZ has acknowledged that past due expenses would be paid, that Constantine Cannon is entitled to compensation for work performed, and that OZ has not given the matter as much attention as it should have.  *See* Exhibit G at 1-2.

19.     The Firm has on a number of occasions informed Transform and OZ of the need to obtain substitute counsel, as well as the urgency of such a substitution because of deadlines in the litigation, including the impending October 11 deadline for expert rebuttal reports. Moreover, the Firm has specifically advised Transform and OZ that there are several points that Sears must retain an expert to opine upon regarding the Sears claim in particular.  To date, we have not been advised of any substitution of counsel.  *See* Exhibits F and G.

20.     As noted, Transform and OZ have consistently refused to provide Constantine Cannon with a copy of their agreement regarding the Sears's claim.  As a result, Constantine Cannon has had no ability to confirm whether:  (i) Transform or OZ is the true party in interest at this point; (ii) Transform has retained any interest in either the compensatory or injunctive claims

at issue; (iii) Transform or OZ has decision-making authority over the disposition of the claim (although based on our course of dealing and Transform's letter of May 13, it would seem that OZ likely has that authority); and (iv) to the extent OZ controls the claim, whether and to what extent Transform is obligated to assist in prosecution through trial.  Without access to this information, we cannot continue to represent Transform or recommend ████████████

████████████████████████████ Redaction Proposed By Constantine Cannon ████████████████████

██████████████████████████

21.     Our negotiations with OZ finally came to an end when OZ stated that it would only give us a copy of its agreement with Transform **after** the Firm had entered into an engagement agreement with OZ.  For the reasons explained further below, we concluded that we could not agree to do so and that we had no choice but to file this motion.

22.     Constantine Cannon can no longer effectively represent Transform concerning the Sears claim.  Constantine Cannon cannot competently and diligently represent a client that has not, for a period of months, regularly and directly communicated or provided information and input that the Firm reasonably needed to carry out its representation and, in addition, that has not paid its past due share of costs and expenses.  In addition, as Transform understands, Constantine Cannon has obligations to the rest of the 7-Eleven Group.  Given that neither Transform nor OZ have been willing to apprise Constantine Cannon of Transform's true remaining interests, if any, in the Sears' claim, we cannot continue to prosecute Transform's and/or OZ's claim consistent with our obligations to the 7-Eleven Group.  We also are under no obligation to accept OZ as a wholly new client.

23.     Even if Transform and OZ were suddenly to announce a complete and sincere change of heart, the bond of trust that is necessary for any positive and  productive attorney-

client relationship has been so far damaged that I strongly doubt that we could recreate a suitable relationship (in the case of Transform) or create one in the first instance (in the case of OZ).

24.     As of this date, Transform has not expressly terminated Constantine Cannon, nor has OZ retained the Firm to represent OZ in the 7-Eleven Action going forward.

25.     Constantine Cannon provided notice, in advance of and after filing, of the papers submitted on September 4 (sealed ECF. No. 7673).  Constantine Cannon will promptly provide notice via email to Transform and OZ of this filing.

26.     Attached as Exhibits A-H are true and correct copies of communications made between Constantine Cannon, Transform and/or OZ regarding the issues described in this declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:     New York, New York
           September 5, 2019


                              _____/s/_____
                              Jeffrey I. Shinder

# Exhibit A

| **From:** | Glist, Owen </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E9E0D20A7EED457A88EA8757C0CAC9C7-GLIST, OWEN> |
|---|---|
| **Sent:** | Friday, May 3, 2019 9:24 PM |
| **To:** | Valentino, Luke <Luke.Valentino@searshc.com> |
| **Cc:** | Shinder, Jeffrey <JShinder@constantinecannon.com> |
| **Subject:** | RE: Update |
| **Attach:** | Letter to Transform re Interchange Claim.pdf |

---

Luke –

Please see the attached letter.

Thanks,

Owen

---

**From:** Valentino, Luke <Luke.Valentino@searshc.com>
**Sent:** Wednesday, May 1, 2019 6:29 PM
**To:** Glist, Owen <OGlist@constantinecannon.com>
**Subject:** RE: Update

Please hold off on the group notice for now.  On the other item, we're inclined to leave that in the hands of Och-Ziff since they picked up the obligation.

_____

**Luke J. Valentino**
847-286-9551
luke.valentino@searshc.com

---

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Wednesday, May 01, 2019 10:59 AM
**To:** Valentino, Luke <Luke.Valentino@searshc.com>
**Subject:** RE: Update

**Enterprise Security Team Alert:** This email originated from outside of the organization. Please use caution when opening messages from external sources.

---

Luke –

Do I have your permission to inform the group that Sears has sold its claim to a buyer that will not be seeking entry to the group at this time?  Also, let us know when you are able to respond to our conversation on Monday.

Thanks,
Owen

---

**From:** Valentino, Luke <Luke.Valentino@searshc.com>
**Sent:** Friday, April 26, 2019 2:50 PM

**To:** Glist, Owen <OGlist@constantinecannon.com>
**Subject:** RE: Update

Sure.  I could do 11, 12-2 or after 3 CT.

_____

Luke J. Valentino
847-286-9551
luke.valentino@searshc.com

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Friday, April 26, 2019 12:47 PM
**To:** Valentino, Luke <Luke.Valentino@searshc.com>
**Subject:** RE: Update

**Enterprise Security Team Alert:** This email originated from outside of the organization. Please use caution when opening messages from external sources.

_____

Luke –

Apologies, Jeff is traveling this afternoon and would like to join.  Do you have time on Monday to catch up?

**From:** Valentino, Luke <Luke.Valentino@searshc.com>
**Sent:** Friday, April 26, 2019 12:31 PM
**To:** Glist, Owen <OGlist@constantinecannon.com>
**Subject:** Re: Update

I could talk at 2:30 or 3 CT.

Luke Valentino
(847) 286-9551
luke.valentino@searshc.com

On Apr 26, 2019, at 10:39 AM, Glist, Owen <OGlist@constantinecannon.com> wrote:

> Enterprise Security Team Alert: This email originated from outside of the organization. Please use caution when opening messages from external sources.
>
> _____
>
> Luke -
>
> Jeff and I spoke with Sean as well as BH. Do you have time after 1CT today to discuss?

This message, including any attachments, is the property of Transform HoldCo LLC and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.
This message, including any attachments, is the property of Transform HoldCo LLC and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.
This message, including any attachments, is the property of Transform HoldCo LLC and/or one of its subsidiaries. It is

confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

## CONSTANTINE CANNON LLP

**Jeffrey Shinder**
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

May 3, 2019

**VIA EMAIL**

Luke J. Valentino
General Counsel
Transform Midco LLC
3333 Beverly Road - B6-210B
Hoffman Estates, IL 60179

Re:  *In re Payment Card Interchange Fee Antitrust Litigation*

Dear Luke:

This letter is to follow up on our conversations last week and on Monday.  In those conversations, you informed us that Sears/Transform ("Transform") had "sold" its claim in the Interchange case to Och-Ziff Capital Management (OZ), and that it was your understanding that that OZ did not intend for Sears to remain in the 7-Eleven Plaintiff group.

On Monday, we discussed the fact that this Firm has charging and retaining liens on Transform's claim ensuring that the Firm shall receive compensation based on its work developing the claim over the last approximately 7 years.  On Wednesday, you indicated that you were "inclined to leave [the issue of compensation] in the hands of Och-Ziff since they picked up the obligation." You also indicated that, for now, we should hold off notifying the other members of the 7-Eleven Plaintiff group that Transform had sold its claim to a buyer that did not intend to remain in the group.

While we intend to approach OZ on this issue as you suggest, this is without prejudice to our right to seek recourse from Transform for compensation for our past work, including the years of effort for which we understand Transform received tens of millions of dollars, apparently without any clear commitment to compensate this Firm or resolve past outstanding expenses owed to the 7-Eleven Plaintiff group.  Transform cannot, by assigning its rights to OZ, assign itself out of its contractual or equitable obligations to this Firm.

In addition to reiterating our right to compensation from Sears, we write to obtain clarity as to the status of this matter, and request your response to the following questions:

1.    As you know, as is relevant here, this Firm was retained by Sears Holdings Management Corporation in 2013, and by its successor, Transform Holdco LLC, in April 2019,

433454.1

# CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

May 3, 2019
Page 2

at which time Transform formally assumed all of SHC's obligations under the Retainer to this Firm. To date, we have not received any instruction from any party discharging us, and we are not clear whether Sears intends to remain as a party to the ongoing litigation. Please confirm whether Sears/Transform wishes to discharge us from this representation, and whether you have any instruction as to Sears' status in the litigation, which as you know remains quite active.

2.    You informed us that OZ purchased Sears' "claim" in a transaction that closed last week. Please provide us with a copy of that purchase agreement. If you have discharged us and/or if Sears is no longer a real party in interest in this litigation, this Firm is obligated to so inform the court. We therefore need a clear statement of position from you without delay.

3.    Please advise whether Sears has withdrawn or intends to withdraw from the common interest agreement entered into with other 7-Eleven Plaintiffs, and whether Sears intends to withdraw as a 7-Eleven Plaintiff. In addition, please advise what steps Sears has taken or plans to take in order to protect information previously received under the common interest agreement from unauthorized disclosure to others, including but not limited to OZ.

4.    Assuming that Sears does withdraw, please advise as to when payment will be arranged for Sears' outstanding invoices, including the payment of ▊Redaction Proposed By Constantine Cannon▊ As you know, as of today, Sears owes $▊CC Proposed▊ in past invoices, ▊Redaction Proposed By Constantine Cannon▊

5.    You indicated by email on Wednesday that we should look to OZ for payment of any amounts owed. As noted in part above, we do not agree that Transform can avoid its own contractual obligations by assignment. Nonetheless, we are willing to inquire of OZ without prejudice to any rights to hold Transform responsible. Please provide the requisite contact information for OZ.

Very truly yours,

*Jeff Shinder/ms*

Jeffrey I. Shinder

433454.1

# Exhibit B

**Luke J. Valentino**
**General Counsel**
**Transform Midco LLC**
3333 Beverly Road - B6-210B
Hoffman Estates, IL 60179
Phone - 847-286-9551
Luke.Valentino@searshc.com

May 13, 2019

BY E-MAIL

Jeffrey I. Shinder, Esq.
Constantine Cannon LLP
335 Madison Avenue
New York, NY 10017

Re: *In re Payment Card Interchange Fee Antitrust Litigation (the "Litigation")*

Dear Jeff:

This letter responds to your letter, dated May 3, 2019, concerning the recent purchase by an entity affiliated with Och-Ziff Capital Management ("OZ") of Transform's interests in the Litigation (the "Claim"). As we have discussed on several occasions, as a result of the sale, Transform no longer owns the Claim.

In your letter, you asked a number of questions. Most of your questions concerning the Litigation can be addressed to OZ as the owner of the Claim. Your first point of contact at OZ should be Blair Wallace (blair.wallace@ozm.com; (646) 826-5793). If helpful, I am available to join a call with you and Mr. Wallace.

In response to your letter, I can confirm the following: (1) Transform's understanding is that any obligation of Transform to pay Constantine's fees and expenses has been assumed by OZ pursuant to the purchase agreement; and (2) Transform is aware of its responsibilities under the common interest agreement and has no intention of breaching any such obligations. Lastly, if you would like a copy of the purchase agreement, you should make that request to OZ. Transform has no objection to OZ providing you with a copy of the agreement as long as the economic terms are redacted.

Very truly yours,

Luke Valentino

Luke J. Valentino

cc: Blair Wallace

# Exhibit C

# CONSTANTINE CANNON LLP

**Jeffrey Shinder**
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

May 14, 2019

**VIA EMAIL**

Blair Wallace
Managing Director and
  Head of Complex Solutions
Och-Ziff Capital Management Group
9 West 57th Street, 39th Floor
New York, NY 10019-2701

Re:    *In re Payment Card Interchange Fee Antitrust Litigation*

Dear Mr. Wallace:

I write to follow up on Luke Valentino's May 13, 2019 letter to me on which you were copied. For convenience, I am enclosing a copy of that letter and my prior May 3, 2019 letter to Mr. Valentino.

I was pleased to receive more formal confirmation from Mr. Valentino that Ochs-Ziff Capital Management ("OZ") has contractually committed to become an assignee of all obligations of Sears/Transform to this firm and to the other members of the 7-Eleven Group. At your earliest convenience, please confirm in writing that OZ, as the contractual assignee of Sears/Transform, has indeed accepted full responsibility for the obligations of Sears/Transform to this firm and to the members of the 7-Eleven Group.

There are also some related issues I would like to address with you at this time. For example, Sears/Transform presently owes $ [CC Proposed] in past invoices to the 7-Eleven Group and, [Redaction Proposed By Constantine Cannon] . In other words, Sears/Transform, and therefore OZ as contractual assignee, will owe $ [CC Proposed] If you need or would like any documentation with respect to these amounts, please let me know. If not, and given your role as assignee, please let me know when payment will be made. If you dispute a part of this amount, please pay the undisputed amount now so that we can concentrate on the disputed amount.

In addition, and as you know, Sears/Transform has participated for a number of years in a co-client and/or common interest agreement with the 7-Eleven Group. My present understanding is that OZ does not intend to seek to become a member of this group. If this is so, I need to know what steps Sears/Transform and OZ are taking to ensure that OZ does not come into possession

433770 2

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

May 14, 2019
Page 2

of materials that fall within the common interest and attorney-client privilege rights of the 7-Eleven Group.

Finally, I understand that OZ will seek to negotiate a settlement of the acquired Sears/Transform claim through its own counsel.  Please confirm that this is correct.  If we can provide information that would assist your counsel, please let us know.  I assume that your counsel will inform you that we will have to file a motion to withdraw as counsel for Sears/Transform and, pursuant to Local Rule 1.4 of the United States District Court for the Eastern District of New York, we will have to file a notice of our lien for fees with the court.  A lien filing may not be necessary, however, if we can reach an agreement in advance on how our fees and outstanding expenses will be handled.

There is one other issue I wish to mention.  As you may know, the other members of the 7-Eleven Group were made aware, with Mr. Valentino's consent, that Sears/Transform was selling its interest in the Interchange Litigation.  Up to this point, however, I have not received permission to discuss with them that the claim has been sold, the nature of the sale, or the identity of the buyer.  Nor have I discussed my recent attempts to work through issues such as payments for past costs and the protection of communications subject to co-client or common interest attorney-client privilege. I would like to see us resolve as many issues as we can before I report back.

I look forward to hearing from you in the very near future and, hopefully, to moving things forward in a constructive and mutually agreeable manner.

Very truly yours,

Jeffrey I. Shinder

cc:    Luke J. Valentino
       General Counsel
       Transform Midco LLC

433770 2

# Exhibit D

| | |
|---|---|
| **From:** | Wilson, Leanne <Leanne.Wilson@ozm.com> |
| **Sent:** | Wednesday, May 29, 2019 11:24 PM |
| **To:** | Glist, Owen <OGlist@constantinecannon.com>; Wallace, Blair <Blair.Wallace@ozm.com> |
| **Cc:** | Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com |
| **Subject:** | RE: Sears Visa/MC Documents |

Owen, is there a convenient time for you on Friday between 10:30 am and 1 pm?

We weren't able to find the expert reports at the link you sent, can you re-upload those?

Thank you,

Leanne

Leanne M. Wilson
**Oz Management**
9 W 57th Street, New York, NY 10019
T: 646.753.5344
M: 917.363.8701
leanne.wilson@ozm.com

---

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Wednesday, May 29, 2019 7:20 PM
**To:** Wilson, Leanne <Leanne.Wilson@ozm.com>; Wallace, Blair <Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears Visa/MC Documents

Blair, Leanne –

We wanted to follow up on this – let us know if you have time for a call or meeting this week.

- Owen

---

**From:** Glist, Owen
**Sent:** Monday, May 27, 2019 4:30 PM
**To:** Leanne.Wilson@ozm.com; Blair.Wallace@ozm.com
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears Visa/MC Documents

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

Leanne & Blair --



Redaction Proposed By Sears' Counsel

Redaction Proposed By Sears' Counsel

Redaction Proposed By Sears' Counsel    CC Prop    Sears  Proposed    CC Prop

Redaction Proposed By Sears' Counsel

Redaction Proposed by Constantine Cannon

Redaction Proposed By Sears' Counsel

Redaction Proposed By Sears' Counsel

>> a.   Redaction Proposed By Constantine Cannon

Redaction Proposed By Constantine Cannon

>> b.   Redaction Proposed By Constantine Cannon
>>

CC Proposed

A. Owen Glist
CONSTANTINE | CANNON LLP
335 Madison Avenue
New York, NY 10017
Telephone: (212) 350-2776
Facsimile: (212) 350-2701
oglist@constantinecannon.com
Website: www.constantinecannon.com
Blog: www.antitrusttoday.com

*This e-mail, including any attachments, is for the use of the intended recipient(s) only.  It may contain legally privileged and/or confidential information.  If you are not the intended recipient, you are notified that the further dissemination, distribution, or copying of this e-mail is strictly prohibited.  If this e-mail has been received in error, please permanently delete this message and all copies or printouts hereof, and please notify me immediately.*

>> From: Wilson, Leanne [mailto:Leanne.Wilson@ozm.com]
>> Sent: Thursday, May 23, 2019 5:20 PM
>> To: Shinder, Jeffrey
>> Cc: Wallace, Blair
>> Subject: Sears Visa/MC Documents
>>
>> Jeff,
>>

Redaction Proposed By Sears' Counsel



Redaction Proposed By Sears' Counsel

CC Prop | Redaction Proposed By Sears' Counsel | CC Prop

Redaction Proposed By Sears' Counsel

>>
>> a.    Redaction Proposed By Constantine Cannon
>>
>> b.    Redaction Proposed By Constantine Cannon
>>
>> Will you let us know when is a convenient time for a follow up discussion?
>>
>> Best,
>>
>> Leanne
>>
>> Leanne M. Wilson
>> Oz Management
>> 9 W 57th Street, New York, NY 10019
>> T: 646.753.5344
>> M: 917.363.8701
>> leanne.wilson@ozm.com<mailto:leanne.wilson@ozm.com>
>>
>>
>>
>> The information contained in this message and any attachment(s) may be privileged, confidential, proprietary or otherwise protected from disclosure and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this message and any attachment is strictly prohibited and may be unlawful. If you have received this message in error, please notify us immediately by replying to this email and permanently delete the message from your computer. Och-Ziff Capital Management Group Inc and its affiliates will use any personal information you give to us in accordance with our Privacy Policy<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.ozm.com_privacy-2Dpolicy&d=DwMF-g&c=14jPbF-1hWnYXveJ5rixtS_Fo3DRrpL7HUwJDAc4HIc&r=M_JyuGAtNoWsO7Qn79r3Ogvno49Ex1q1No4lqfsY4V8&m=iNuEVj9UAy7jKa5w61LoU3 kmKc3dAtZE&e=> and, where relevant, our GDPR and EU Cookies Policy.<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.ozm.com_privacy-2Dpolicy&d=DwMF-g&c=14jPbF-1hWnYXveJ5rixtS_Fo3DRrpL7HUwJDAc4HIc&r=M_JyuGAtNoWsO7Qn79r3Ogvno49Ex1q1No4lqfsY4V8&m=iNuEVj9UAy7jKa5w61LoU3 kmKc3dAtZE&e=>
>>
>> Nothing contained in this message and/or any attachment(s) constitutes a solicitation or an offer to buy or sell any securities.
>>

The information contained in this message and any attachment(s) may be privileged, confidential, proprietary or otherwise protected from disclosure and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this message and any attachment is strictly prohibited and may be unlawful. If you have received this message in error, please notify us immediately by replying to this email and permanently delete the message from your computer. Och-Ziff Capital Management Group Inc and its affiliates will use any personal information you give to us in accordance with our Privacy Policy and, where relevant, our GDPR and EU Cookies Policy.

Nothing contained in this message and/or any attachment(s) constitutes a solicitation or an offer to buy or sell any securities.

# Exhibit E

# CONSTANTINE CANNON LLP

**Jeffrey Shinder**
**212-350-2709**
**jshinder@constantinecannon.com**

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

June 14, 2019

**VIA EMAIL**

Blair Wallace
Leanne Wilson
Och-Ziff Capital Management Group
9 West 57th Street, 39th Floor
New York, NY 10019-2701

Re:  *In re Payment Card Interchange Fee Antitrust Litigation*

Dear Blair and Leanne:


Redaction Proposed By Sears' Counsel

434582.1

# CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

June 14, 2019
Page 2

Redaction Proposed By Sears' Counsel

Very truly yours,

Jeffrey I. Shinder

cc:    Luke J. Valentino
       General Counsel
       Transform Midco LLC

434582.1

# Exhibit F

# CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

**Jeffrey Shinder**
**212-350-2709**
**jshinder@constantinecannon.com**

July 17, 2019

**VIA EMAIL**

Blair Wallace
Leanne Wilson
Och-Ziff Capital Management Group
9 West 57th Street, 39th Floor
New York, NY 10019-2701

Re:   *In re Payment Card Interchange Fee Antitrust Litigation*

Dear Blair and Leanne:



Redaction Proposed By Sears' Counsel

435098v.1

# CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

July 17, 2019
Page 2

Redaction Proposed By Sears' Counsel

Very truly yours,

*[signature]*

Jeffrey I. Shinder

cc:    Luke J. Valentino
General Counsel
Transform Midco LLC

435098v.1

# Exhibit G

**Glist, Owen**

| | |
|---|---|
| **From:** | Wilson, Leanne <Leanne.Wilson@ozm.com> |
| **Sent:** | Tuesday, August 6, 2019 4:12 PM |
| **To:** | Glist, Owen |
| **Cc:** | Valentino, Luke; Wallace, Blair; Shinder, Jeffrey |
| **Subject:** | RE: Sears/Transform - Interchange case |

Owen,

As we discussed on Friday, we confirm that we will pay the outstanding invoices for expenses owed to the group of ▮CC Proposed▮ We have those invoices and will process them. We also acknowledge that Constantine is entitled to be paid for its work to date, and we commit to negotiating with you in good faith to get this resolved.

In order to make progress on our end, we would very much appreciate if you would send to us:

1. The two calculations you propose as a guideline for how Constantine could be compensated in the event that we conclude that withdrawal is appropriate: (i) quantum meruit and (ii) proceeds based on the Sears/Transform sale.
2. The name of the expert witnesses who are working on the reply reports on behalf of Sears.
3. An unredacted copy of the defendants' rebuttal reports to which Sears should respond.

Redaction Proposed By Sears' Counsel

Leanne

Leanne M. Wilson
**Oz Management**
9 W 57th Street, New York, NY 10019
T: 646.753.5344
M: 917.363.8701
leanne.wilson@ozm.com

---

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Friday, August 2, 2019 4:13 PM
**To:** Wilson, Leanne <Leanne.Wilson@ozm.com>
**Cc:** Valentino, Luke <Luke.Valentino@searshc.com>; Wallace, Blair <Blair.Wallace@ozm.com>; Shinder, Jeffrey <JShinder@constantinecannon.com>
**Subject:** RE: Sears/Transform - Interchange case

Leanne –

It was good to finally connect today after many weeks of effort on our part to get your attention, so that we can begin to get responses to our questions about the status of the Sears' claim.

As we discussed, we would much appreciate it if you could provide written confirmation by the end of the day on Monday that OZ/Elgin will pay Sears' outstanding expenses and provide a firm timetable for that payment. The amount currently outstanding and owed to the group is ▮CC Proposed▮ . Putting that issue behind us would be helpful and appreciated.

I also said that we would have a proposal to you for a calculation of the fee owed to Constantine (whether from Sears/Transform or OZ). Rather than make that proposal today, I realized that we need to discuss that calculation internally. I will plan to respond with a proposal after your email on Monday. In that email, as I mentioned, we request that OZ acknowledge that Constantine is owed a fee related to the Sears claim for our work to date (whether funded by OZ or Sears) and that OZ will undertake to negotiate with us as to the amount of that fee in good faith. The acknowledgment that we are owed a fee for our work to date is important to us as we work to resolve this in good faith. It is also important that that negotiation move forward quickly because, while we are willing to put off making a filing for another week, we are not prepared to let this issue linger any longer. If Sears needs to retain new counsel that should happen as soon as possible for reasons we have discussed.

In recognition of our conversation today and your assurance that OZ is now finally focusing on this, we will put off filing a motion for leave to withdraw until after next week, to give us time to come to amicable terms on a path forward. If we don't make progress, however, we must make a filing during the week following for the reasons we discussed today, including avoiding any potential prejudice to Sears' claim.

Redaction Proposed By Sears' Counsel

Redaction Proposed By Sears' Counsel

Redaction Proposed By Constantine Cannon

I look forward to hearing from you on Monday.

**From:** Wilson, Leanne <Leanne.Wilson@ozm.com>
**Sent:** Thursday, August 1, 2019 10:26 PM
**To:** Glist, Owen <OGlist@constantinecannon.com>
**Cc:** Valentino, Luke <Luke.Valentino@searshc.com>; Wallace, Blair <Blair.Wallace@ozm.com>; Moorkamp, Sam <Sam.Moorkamp@ozm.com>; Shinder, Jeffrey <JShinder@constantinecannon.com>
**Subject:** RE: Sears/Transform - Interchange case

Sam, can you send a dial-in?

Leanne M. Wilson
**Oz Management**
9 W 57th Street, New York, NY 10019
T: 646.753.5344
M: 917.363.8701
leanne.wilson@ozm.com

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Thursday, August 1, 2019 9:54 PM
**To:** Wilson, Leanne <Leanne.Wilson@ozm.com>
**Cc:** Valentino, Luke <Luke.Valentino@searshc.com>; Wallace, Blair <Blair.Wallace@ozm.com>; Shinder, Jeffrey <JShinder@constantinecannon.com>
**Subject:** Re: Sears/Transform - Interchange case

Sure - how about 2?

On Aug 1, 2019, at 9:19 PM, Wilson, Leanne <Leanne.Wilson@ozm.com> wrote:

Owen,

Can we schedule a call to discuss tomorrow? I am free all afternoon after 12 pm.

Thank you,

Leanne

Leanne M. Wilson
**Oz Management**
9 W 57th Street, New York, NY 10019
T: 646.753.5344
M: 917.363.8701
leanne.wilson@ozm.com

---

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Monday, July 29, 2019 8:34 PM
**To:** Valentino, Luke <Luke.Valentino@searshc.com>; Wilson, Leanne <Leanne.Wilson@ozm.com>; Wallace, Blair <Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>
**Subject:** RE: Sears/Transform - Interchange case

Dear Blair, Leanne, and Luke:

As a courtesy, we provided some assistance to OZ and Transform/Sears ("Sears") with respect to the opt-out paperwork due last week.  As we indicated previously, now that the opt-out process has been concluded, we need resolution on several outstanding matters quickly, particularly as there are critical upcoming litigation events that Sears will need counsel to address.  As OZ acknowledged in the email in which it requested our assistance with the opt-out paperwork, my firm needs substantial further input from both Sears and OZ.

As we have said in prior correspondence, we request your response to the following issues.  As more than two months have passed since we first raised these questions, we need a response by the end of this week, **Friday, August 2**.

1.  Clarification of status as to Sears.  We have already noted that we cannot continue to represent Sears if Sears will not pay its prior financial obligations (which were not questioned when first issued, nor since) and will not give us directions regarding what to do as its counsel.  If this clarification is not forthcoming, we will have to assume that we have been constructively terminated as counsel for Sears.

If this is not Sears' intent, please let us know immediately in writing that Sears expressly wants this Firm to continue as its counsel in this case.  We also request that in any such writing, you include an explanation for the failures to respond to reasonable questions regarding the status of the claim in addition to appropriate assurances that we will receive timely responses to similar requests for input going forward.  We also request confirmation that past due amounts will be paid within the next 30 days and that future undisputed sums will be paid when due.  We will need this information in order to consider our own next steps.

2.  Clarification of status as to OZ.  As you know, we have communicated with OZ because Sears directed that we do so, and we have continued to include both Sears and OZ as addressees, even though we do not represent OZ, and we have not seen the documentation creating any agency relationship between Sears and OZ.  We have been willing to

3

communicate with OZ on an interim basis. That said, we do not see how we could come to represent OZ without first resolving the questions left open by the lack of communications between Sears and the Firm.

3. <u>The filing of a substitution of counsel or motion to withdraw</u>. If clarification as described above is not forthcoming, such that we must conclude that we are no longer representing Sears and are not going to be representing the Sears-OZ interest, then we cannot continue as counsel of record for Sears and must withdraw as counsel for Sears. Typically, this would be accomplished by the filing of a substitution of counsel giving notice that one firm is being replaced as counsel by another firm. If you will give us the name of an attorney and a firm to take our place, we will work with them to see to it that the appropriate paperwork is filed. That paperwork will set forth that the Firm is asserting charging and retaining liens on the Sears-OZ claim, disclosure that is required by E.D.N.Y. Local Rule 1.4.

If we have not heard from you by **Friday, August 2** as to your selection of replacement counsel, we will plan to file a motion for leave of court to withdraw. This is a more complex process than a substitution of counsel, but it will be necessary because we will need court permission to withdraw without alternative counsel in place. This motion will need to set forth details concerning unpaid invoices, the failure to communicate with this Firm, and, as above, must include our assertion of charging and retaining liens. As we have noted before, we recommend that you review all of these issues with independent counsel of your choice.

4. <u>The filing of a lien request</u>. As you know, we have repeatedly requested that both Sears and OZ commit in writing to payment of this Firm's fees and the Group's expenses in accordance with the retainer agreements signed by Sears. All we have received in response, however, is a written statement by Sears that OZ has assumed this obligation. We have no written commitment directly from OZ confirming any payment obligations, no written commitment from Sears confirming any payment obligations in the event that OZ fails to pay, and no copy of the allegedly binding contract between Sears and OZ. In the meantime, neither Sears nor OZ has paid any of the more than ▉CC Proposed in past due expense amounts. And neither party has indicated whether they are prepared to compensate this Firm for the years of work it put in diligently prosecuting the Sears' claim and creating whatever value may accrue to that claim.

Under these circumstances, it should come as no surprise that as a part of any substitution of counsel or withdrawal documentation that we file with the court, we will be filing a request for a lien on any recovery with respect to Sears' claim that is achieved in this case. We would be amenable to resolving this issue through negotiations if Sears or OZ is prepared to have that discussion immediately. If we have not heard from you and resolved this issue with you before **Friday, August 2**, we will file this request with the Court the following week.



We look forward to hearing from both Sears and OZ as soon as possible.

From: Valentino, Luke <<u>Luke.Valentino@searshc.com</u>>
Sent: Tuesday, July 23, 2019 10:24 AM
To: Wilson, Leanne <<u>Leanne.Wilson@ozm.com</u>>; Glist, Owen <<u>OGlist@constantinecannon.com</u>>; Wallace, Blair

<Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; John B. Orenstein <JOrenstein@greeneespel.com>
**Subject:** RE: Sears/Transform - Interchange case

Yes.

_____

**Luke J. Valentino**
847-286-9551
luke.valentino@searshc.com

---

**From:** Wilson, Leanne [mailto:Leanne.Wilson@ozm.com]
**Sent:** Tuesday, July 23, 2019 9:22 AM
**To:** Glist, Owen <OGlist@constantinecannon.com>; Wallace, Blair <Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Valentino, Luke <Luke.Valentino@searshc.com>; John B. Orenstein <JOrenstein@greeneespel.com>
**Subject:** RE: Sears/Transform - Interchange case


**Enterprise Security Team Alert:** This email originated from outside of the organization. Please use caution when opening messages from external sources.

---

Redaction Proposed By Sears' Counsel

Redaction Proposed By Sears' Counsel

Leanne M. Wilson
**Oz Management**
9 W 57th Street, New York, NY 10019
T: 646.753.5344
M: 917.363.8701
leanne.wilson@ozm.com

---

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Monday, July 22, 2019 7:21 PM
**To:** Wilson, Leanne <Leanne.Wilson@ozm.com>; Wallace, Blair <Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com; John B. Orenstein <JOrenstein@greeneespel.com>
**Subject:** RE: Sears/Transform - Interchange case

Privileged & Confidential

Leanne –

Redaction Proposed By Sears' Counsel

████████████████████████████████████████████████████████
Redaction Proposed By Sears' Counsel

████████████████████████████████████████████████████████
Redaction Proposed By Sears' Counsel

- Owen

**From:** Wilson, Leanne <Leanne.Wilson@ozm.com>
**Sent:** Monday, July 22, 2019 3:52 PM
**To:** Glist, Owen <OGlist@constantinecannon.com>; Wallace, Blair <Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com; John B. Orenstein <JOrenstein@greeneespel.com>
**Subject:** RE: Sears/Transform - Interchange case

Thanks, Owen.

████████████████████████████████████████████████████████
Redaction Proposed By Sears' Counsel

████████████████████████████████████████████████████████
Redaction Proposed By Sears' Counsel

Leanne

Leanne M. Wilson
**Oz Management**
9 W 57th Street, New York, NY 10019
T: 646.753.5344
M: 917.363.8701
leanne.wilson@ozm.com

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Monday, July 22, 2019 12:58 PM
**To:** Wilson, Leanne <Leanne.Wilson@ozm.com>; Wallace, Blair <Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears/Transform - Interchange case

Blair, Leanne, Luke –

████████████████████████████████████████████████████████
Redaction Proposed By Sears' Counsel

- Owen

**From:** Glist, Owen
**Sent:** Wednesday, July 17, 2019 7:31 PM
**To:** Wilson, Leanne <Leanne.Wilson@ozm.com>; Wallace, Blair <Blair.Wallace@ozm.com>

**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears/Transform - Interchange case

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

Leanne –



**From:** Wilson, Leanne <Leanne.Wilson@ozm.com>
**Sent:** Wednesday, July 17, 2019 4:40 PM
**To:** Glist, Owen <OGlist@constantinecannon.com>; Wallace, Blair <Blair.Wallace@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears/Transform - Interchange case

Thanks, Owen. We are working on this and a few other matters and hope to be back to you soon. I know we owe you a response to your emails.

Redaction Proposed By Sears' Counsel

Happy to discuss further if you want to call me.

Leanne

Leanne M. Wilson
**Oz Management**
9 W 57th Street, New York, NY 10019
T: 646.753.5344
M: 917.363.8701
leanne.wilson@ozm.com

---

**From:** Glist, Owen [mailto:OGlist@constantinecannon.com]
**Sent:** Wednesday, July 17, 2019 3:28 PM
**To:** Wallace, Blair <Blair.Wallace@ozm.com>; Wilson, Leanne <Leanne.Wilson@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears/Transform - Interchange case

All –

Please see the attached letter on the Interchange case.  We'd like to discuss next steps with you as soon as possible.

- Owen

---

**From:** Glist, Owen
**Sent:** Monday, July 8, 2019 10:48 AM
**To:** Blair.Wallace@ozm.com; Wilson, Leanne <Leanne.Wilson@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears/Transform - Interchange case

Blair, Leanne –

Hope you both had a good holiday weekend.  Do you have time for a meeting this week to discuss your plans for the claim?

- Owen

---

**From:** Glist, Owen
**Sent:** Monday, June 24, 2019 2:42 PM
**To:** 'Blair.Wallace@ozm.com' <Blair.Wallace@ozm.com>; 'Wilson, Leanne' <Leanne.Wilson@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; 'Luke.Valentino@searshc.com' <Luke.Valentino@searshc.com>
**Subject:** RE: Sears/Transform - Interchange case

Blair, Leanne –

Checking in to see if a call or meeting would be helpful as you evaluate next steps on this matter.

- Owen

**From:** Glist, Owen
**Sent:** Friday, June 14, 2019 2:21 PM
**To:** Blair.Wallace@ozm.com; Wilson, Leanne <Leanne.Wilson@ozm.com>
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** RE: Sears/Transform - Interchange case

Blair, Leanne –

Attached please see additional correspondence from us.  As I mentioned to Leanne, we hope to connect next week to further our discussions.

- Owen

---

**From:** Glist, Owen
**Sent:** Tuesday, May 14, 2019 6:49 PM
**To:** Blair.Wallace@ozm.com
**Cc:** Shinder, Jeffrey <JShinder@constantinecannon.com>; Luke.Valentino@searshc.com
**Subject:** Sears/Transform - Interchange case

Blair –

Attached please find correspondence from Jeff Shinder.

Regards,

Owen

A. Owen Glist
CONSTANTINE | CANNON LLP
335 Madison Avenue
New York, NY 10017
Telephone: (212) 350-2776
Facsimile: (212) 350-2701
oglist@constantinecannon.com
Website: www.constantinecannon.com
Blog: www.antitrusttoday.com

*This e-mail, including any attachments, is for the use of the intended recipient(s) only.  It may contain legally privileged and/or confidential information.  If you are not the intended recipient, you are notified that the further dissemination, distribution, or copying of this e-mail is strictly prohibited.  If this e-mail has been received in error, please permanently delete this message and all copies or printouts hereof, and please notify me immediately.*

The information contained in this message and any attachment(s) may be privileged, confidential, proprietary or otherwise protected from disclosure and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this message and any attachment is strictly prohibited and may be unlawful. If you have received this message in error, please notify us immediately by replying to this email and permanently delete the message from your computer. Och-Ziff Capital Management Group Inc and its affiliates will use any personal information you give to us in accordance with our Privacy Policy and, where relevant, our GDPR and EU Cookies Policy.

# Exhibit H

## Glist, Owen

**From:**      Valentino, Luke <Luke.Valentino@searshc.com>
**Sent:**      Monday, March 18, 2019 6:15 PM
**To:**        Shinder, Jeffrey
**Cc:**        Glist, Owen
**Subject:**   RE: Retention Letter / Billing Requirements

Thanks, that works.  Can you send a calendar invite?

_____
**Luke J. Valentino**
847-286-9551
luke.valentino@searshc.com

---

**From:** Shinder, Jeffrey [mailto:JShinder@constantinecannon.com]
**Sent:** Monday, March 18, 2019 5:05 PM
**To:** Valentino, Luke <Luke.Valentino@searshc.com>
**Cc:** Glist, Owen <OGlist@constantinecannon.com>
**Subject:** RE: Retention Letter / Billing Requirements


**Enterprise Security Team Alert:** This email originated from outside of the organization. Please use caution when opening messages from external sources.

---

How about 530 Eastern?

---

**From:** Valentino, Luke [mailto:Luke.Valentino@searshc.com]
**Sent:** Monday, March 18, 2019 4:43 PM
**To:** Shinder, Jeffrey
**Cc:** Glist, Owen
**Subject:** RE: Retention Letter / Billing Requirements

Thanks.  After 3:30 ET would work for me.

_____
**Luke J. Valentino**
847-286-9551
luke.valentino@searshc.com

---

**From:** Shinder, Jeffrey [mailto:JShinder@constantinecannon.com]
**Sent:** Monday, March 18, 2019 3:17 PM
**To:** Valentino, Luke <Luke.Valentino@searshc.com>
**Cc:** Glist, Owen <OGlist@constantinecannon.com>
**Subject:** RE: Retention Letter / Billing Requirements

**Enterprise Security Team Alert:** This email originated from outside of the organization. Please use caution when opening messages from external sources.

We could chat tomorrow late afternoon Eastern time if that works.

**From:** Valentino, Luke [mailto:Luke.Valentino@searshc.com]
**Sent:** Monday, March 18, 2019 1:00 PM
**To:** Shinder, Jeffrey
**Subject:** FW: Retention Letter / Billing Requirements

Hi,

I wanted to follow up on my email below.

Thanks,
Luke

_____

**Luke J. Valentino**
847-286-9551
luke.valentino@searshc.com

**From:** Valentino, Luke
**Sent:** Friday, March 15, 2019 10:26 AM
**To:** 'jshinder@constantinecannon.com' <jshinder@constantinecannon.com>
**Subject:** FW: Retention Letter / Billing Requirements

Mr. Shinder,

Following up on the email below, I wanted to reach out and introduce myself.  I joined Sears in July 2017 and was most recently Deputy General Counsel & Corporate Secretary before transitioning to the General Counsel role a week ago.  If you have any questions or would like to discuss anything regarding our engagement letter, please let me know.

I would also like to schedule a call later today or on Monday (if possible) to discuss the Visa/Mastercard litigation matter that I understand your firm has been handling.  I am not sure whether you are the right person or someone else in your firm would be better.

Thanks very much,
Luke

_____

**Luke J. Valentino**
847-286-9551
luke.valentino@searshc.com

**From:** Paspirgelis, Cheryl
**Sent:** Thursday, March 14, 2019 3:31 PM
**To:** jshinder@constantinecannon.com
**Subject:** Retention Letter / Billing Requirements

Transform Holdco LLC completed the purchase of substantially all of the assets of Sears Holdings last month.  As a new and separate company, Transform appreciates your firm's partnership with Sears and would like to retain your services.

Please find attached our retention letter and billing requirements for your review, completion and signature.  I look forward to receiving your completed response and working with you and your firm again.

Thank you.


**Luke J. Valentino**
General Counsel
Transform Midco LLC
3333 Beverly Road – B6-210B
Hoffman Estates, IL  60179
847-286-9551
luke.valentino@searshc.com


This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.
This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.
This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.