UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>Jack Rabbit, LLC, 280 Station LLC (d/b/a/ Cowboys), individually and on behalf of all others similarly situated,<br><br>    [Proposed] Plaintiffs in Intervention. | MDL No. 1720 (MKB)(JO)<br>1:05-md-01720-MKB-JO<br>Civil No. 05-5075 (MKB)(JO) |

**[PROPOSED] PLAINTIFFS IN INTERVENTION MEMORANDUM OF LAW IN RESPONSE TO THE RULE 23(b)(3) CLASS PLAINTIFF'S MEMORANDUM**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

I. Introduction. ........ 1

II. Factual Background. ........ 3

III. This Court should grant Proposed Intervenors' motion to intervene. ........ 5

A. Intervention pursuant to Fed. R. Civ. P. 24(a). ........ 5

1. Proposed Interveners' Motion to Intervene is Timely. ........ 5

2. Proposed Interveners Have a Demonstrable Interest in this Action. ........ 6

3. Without Intervention, the Proposed Intervenors Will Experience an Impairment to Their Ability to Receive the Damages to Which They Are Entitled. ........ 7

4. The Proposed Interveners' Interests Are Not Adequately Represented by Existing Parties. ........ 7

B. Intervention pursuant to Fed. R. Civ. P. 24(b). ........ 7

CONCLUSION ........ 8

CERTIFICATE OF SERVICE ........ 10

# TABLE OF AUTHORITIES

**Cases**

*Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152 (S.D.N.Y. 2003) ........................................ 7

*Floyd v. City of New York*, 302 F.R.D. 69 (2d Cir. 2014) ............................................................. 5

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ............................ 5

*U.S. Postal Service v. Brennan 579 F.2d 188 (2d Cir. 1978)*. ........................................................ 7

*Vekic v. Popich* 236 So.3d (La.2017). ........................................................................................... 8

**Statutes**

Fed. R. Civ. P. 24(a). ....................................................................................................................... 5

Fed. R. Civ. P. 24(b) ....................................................................................................................... 7

I.      **Introduction.**

Proposed Intervenors Jack Rabbit, LLC and 280 Station LLC (collectively, Proposed Intervenors) are two merchants who sell branded gasoline (i.e., Branded Operators). According to the Federal Government, as of 2004, "[t]here are 168,000 retail locations in the U.S. that sell fuel to the public. https://www.fueleconomy.gov/feg/quizzes/answerQuiz16.shtml (last visited October 8, 2019).  However, despite the name on the sign, only about 3% of those stations are owned by major integrated oil companies like Exxon Mobil Corp. or Chevron. *https://247wallst.com/economy/2014/05/22/why-are- there-115000-or-150000-gas-stations- in-america/* (last visited October 8, 2019). Roughly, that translates into 5,000 Stations owned by major integrated oil companies, and 163,000 retail locations, mostly owned by small family businesses, such as the Proposed Intervenors. Defendants overcharged the Branded Operators, and not the integrated oil companies, with respect to the interchange (processing) fee at issue. The integrated oil companies were a pass through for the retail card purchase paid to Branded Operators as the direct seller. The retail card purchase, as a net amount, was subject to the deduction of the Visa or MasterCard network' s interchange (processing) fee.

There is a real and substantial issue underlying Proposed Intervenor's request, demonstrated by the 140 Branded Operators who objected to the settlement and approximately 163,000 more retail locations, which the settlement negatively impacts. The fact that no other Branded Operator objector has moved to intervene does not lessen the significant prejudice born by a settlement agreement that fails to take into account and protect, the legal interests of the

1

Branded Operators.

The rule 23(b)(3) Class Plaintiffs' counsel have continuously taken the position that "What the 'Branded Operators' (largely gas stations and convenience stores) and objectors mean by 'intra-class conflicts,' as objectors use that term, are potential contractual disputes between them and the oil companies whose products they sell, and relate solely to the ownership of any claims to share in the settlement fund associated with transactions at Branded Operators. Such disputes, if they arise, are fact-based, and must await final approval and the claims allocation process. At that time, we expect that we would likely recommend a process similar to that adopted by Judge Gleeson in the earlier case." ECF No. 7303; ECF No. 7469-1 at 10–11 ("This Court also correctly found that the grounds for the alleged 'conflict,' if any, stems from contractual relationships between the Branded Objectors and their oil-company suppliers/franchisors and not from any inequitable treatment within the Superseding Settlement Agreement");ECF 7767 at 19 ("To the extent that contractual relationships between a Branded Operator and its supplier influence which party properly has a claim to a given set of funds, the parties to the dispute can provide that information to the Administrator, Class Counsel, or a special master, with the Court having ultimate authority to adjudicate disputes.") This legal position, that the entitlement to damages is a contractual matter, is both incorrect and illogical. The position posits a belief that the various oil companies, entering into contracts with Branded Operators, foresaw the possibility that the defendants in this matter would someday have to pay antitrust damages. As a result, those oil companies would have drafted contract terms covering that eventuality and specifying who - as between the oil company and the branded operator - would be entitled to such damages. Class Counsel has provided no such examples to support

their contention.

**II. Factual Background.**

As Branded Operators, Proposed Intervenors accepted customers' Visa-Branded and MasterCard-Branded payments during the class period at their service stations and convenience stores. Proposed Intervenors, like 163,000 other Branded Operators, purchase the petroleum products sold at their retail gas stations and convenience stores from either integrated oil companies or the non-retail indirect distribution chain entities.

America's 163,00 Branded Operators each serve between 900 and 1,000 customers per day. As a result of that high volume of customers the fuel industry generates over $600 billion a year in sales to gas stations and convenience stores. The vast majority of those sales are a result of credit card transactions. Thus, Proposed Intervenors represent a subclass with a real and substantial financial interest in the proposed settlement. The conflict in the Settlement is not speculative either. The integrated oil companies, non-retail indirect distribution chain entities, and the defendants have taken the position that the Branded Operators do not have the legal claim for the transactions arising out of customer gasoline purchases from the Branded Operators.

The legal ownership claim of the integrated oil companies and the non-retail indirect distribution chain entities lacks any merit. The general practice in the industry is for the Branded Operators, and not the integrated oil companies or the non-retail indirect distribution chain entities, to pay all of the Visa and MasterCard fees for processing the transaction, including the interchange fees at issue, and the Branded Operators exclusively suffered damages.

Whether intentionally or unintentionally, because of the structure of the branded fuel industry, the proposed settlement, by its definition of class membership, includes the integrated oil companies and the non-retail indirect distribution chain entities in addition to the Branded Operators. The Branded Operators are the direct payers under the antitrust laws.

The problem faced by the Branded Operators arises because of the appearance that the integrated oil companies and the non-retail indirect distribution chain entities payed the illegal interchange fees charged by the defendants. An appearance created by the industry practice of having retail transactions which took place at the Branded Operators gas stations and convenience stores be processed through the integrated oil companies or the non-retail indirect distribution chain entity supplying petroleum products to the Branded Operator.

So, on one hand it appears that the integrated oil companies or the non-retail indirect distribution chain entity are class members with a claim for damages. On the other hand, taking the structure of the industry into account, it is only the Branded Operators who are class members with a claim for damages. Thus, as things stand, 163, 000 Branded Operators will be releasing their claims for damages against the defendants with no assurance that in exchange for that release they will receive damages.

Despite the Rule 23(b)(3) Plaintiffs' counsel assuring the court to the contrary, the proposed settlement, by its definition of class membership, creates an innate conflict between the subclass of Branded Operators verses the subclass of integrated oil companies or the non-retail indirect distribution chain entities; because both subclasses will be claiming the same dollars from the settlement res.

**III. This Court should grant Proposed Intervenors' motion to intervene.**

This Court should grant Proposed Intervenors' motion to intervene because of the innate conflict regarding ownership of the damages sustained by Branded Operators. This conflict is the direct result of class counsel's failure to seek and have appointed additional counsel to represent the interests of Branded Operators. As a result the proposed settlement violates the rights of the disregarded Branded Operators subclass; and denies the Branded Operators their right to adequate representation by class counsel. Those violations require the appointment new class counsel to represent the interests of the Branded Operator subclass. Is there another way to eliminate conflicting interests of class counsel, who will insist there is neither a Branded Operator subclass, nor a conflict of interest? Proposed Intervenors emphatically say NO WAY!

**A. Intervention pursuant to Fed. R. Civ. P. 24(a).**

Proposed Intervenors reaffirm their position set forth in their Motion.

**1. Proposed Interveners' Motion to Intervene is Timely.**

Proposed Intervenors agree that the proper measure of reasonable time within which to move to intervene begins at the point in time that the Proposed Intervenors were aware that they had a legal interest in the above styled litigation that was not being protected by the existing parties to the litigation. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997) ("[U]nder Rule 24 the timeliness clock begins ticking from the time a proposed intervenor 'should have been aware [its] 'interest[s] would no longer be protected adequately by the parties[.]'") (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San*

5

*Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991)); *Floyd v. City of New York*, 302 F.R.D. 69, 84-85 (S.D.N.Y.), aff'd in part, appeal dismissed in part on other grounds, 770 F.3d 1051 (2d Cir. 2014).

In this matter the Proposed Interveners became aware that they had a legal interest that was not being protected by the existing parties to the above styled litigation in late June or early July 2019; shortly before the filed objection.

### 2. Proposed Interveners Have a Demonstrable Interest in this Action.

Proposed Intervenors have a demonstrable interest in this action. Additionally, their interests will not be adequately protected by their ability to present their objections at the fairness hearing. Class Counsel's position is antithetical to the legal interests of Branded Operators. Assuring the Court that the allocation among the Branded Operators, the integrated oil companies and the non-retail indirect distribution chain entities can be accomplished by the settlement administrator is a straw-person solution. Class Counsel's proposed solution to Proposed Intervenors' issue assumes that the integrated oil companies and the non-retail indirect distribution chain entities actually have a valid claim for the damages suffered solely by the Branded Operators. It is little solace that Proposed Intervenors (along with the Fikes Wholesale marketer group, the National Association of Shell Marketers, the Petroleum Marketers Association of America, and the Society of Independent Gasoline Marketers of America, and the hundred and forty other Branded Operators) may become appellants to the US Court of Appeals for the Second Circuit – challenging a settlement in this case for a *second* time.

### 3. Without Intervention, the Proposed Intervenors Will Experience an Impairment to Their Ability to Receive the Damages to Which They Are Entitled.

There is only a finite amount of money available for distribution by the settlement administrator to claims arising out of the purchase and sale of fuel. Currently, that finite amount is not earmarked for the Proposed Intervenors or the others similarly situated Branded Operators. Instead, the limited funds are made available to the claims of the integrated oil companies and the non-retail indirect distribution chain entities. Proposed Intervenors have a reasonable expectation that the integrated oil companies and the non-retail indirect distribution chain entities will be claiming the damages to which Proposed Intervenors and the others similarly situated Branded Operators are solely entitled.

### 4. The Proposed Interveners' Interests Are Not Adequately Represented by Existing Parties.

It is sadly apparent that the Proposed Intervenors' interests are not adequately represented by the existing parties. None of the existing parties thought it was even necessary to address this inherent conflict of distribution among the interested entities.

### B. Intervention pursuant to Fed. R. Civ. P. 24(b).

Permissive intervention is thus within the Court's broad discretion. *Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003); *U.S. Postal Service v. Brennan*, 579 F.2d 188, 192 (2d Cir. 1978).

The non-conclusionary allegations of the Proposed Intervenors, as set forth fully above justify permissive intervention in this matter. It is without argument that Class Counsel have taken a position that is antithetical to the interests of Branded Operators, who are entitled to all of

the damages that are attributable to their sale of motor fuel at the gas stations and convenience stores. Furthermore, the non-conclusionary allegations of the Proposed Intervenors show that the issue of entitlement to damages in this matter is not a contract issue between Branded Operators and the integrated oil companies and the non-retail indirect distribution chain entities. And a branded gas station is not even equally analogous to a rent-to-own oyster bed lease in Louisiana. In that case, the court ruled that the contract between the seller and rent-to-own buyer determined the distribution of proceeds from the Horizon Oil Spill. See *Vekic v. Popich* 236 So.3d 526(La.2017).

Here, there is no contract. The relief requested below requests that the Court enter an Order distributed the funds to the damaged parties, i.e. Branded Operators, unless the other interested parties present a contract stating otherwise. Furthermore, despite ample opportunity to do so, the current Rule 23(b)(3) plaintiffs have done nothing to represent the interests of the Proposed Intervenors and all the others similarly situated Branded Operators.

## CONCLUSION

**WHEREFORE**, for the above stated reasons, Proposed Intervenors Jack Rabbit, LLC and 280 Station LLC respectfully request that this Court enter an order:

    A.    Granting the proposed intervenors leave to intervene;

    B.    Establishing a subclass for Branded Operators;

    C.    Appointing Proposed Intervenors, Jack Rabbit, LLC and 280 Station LLC subclass representatives;

    D.    Appointing N. Albert Bacharach, Jr. and Paul S. Rothstein subclass counsel; and

E. Ruling that the damaged party, or the branded operator, shall receive all proceeds from the distribution of monies from the proposed settlement, unless the contractual language among the interested parties specifies the distribution of monies from an anti-trust settlement; and

F. Granting such other relief that this Court may deem just and proper.

*(remainder of page intentionally left blank)*

Dated: October 8, 2019.

Respectfully submitted,

| /s/ Paul S. Rothstein | /s/ N. Albert Bacharach, Jr |
|---|---|
| Attorney Paul S. Rothstein | N. Albert Bacharach, Jr. |
| Florida Bar Number: 310123 | Florida Bar Number: 209783 |
| Attorney for Class Members/ | Attorney for Class Members/ |
| [Proposed] Plaintiffs In Intervention | [Proposed] Plaintiffs in Intervention |
| Jack Rabbit, LLC & 280 Station LLC | Jack Rabbit, LLC & 280 Station LLC |
| (d/b/a/ Cowboys) | (d/b/a/ Cowboys) |
| Attorney Paul S. Rothstein, P.A. | N. Albert Bacharach, Jr., P.A. |
| 626 N.E. 1st Street | 4128 NW 13th Street |
| Gainesville, FL 32601 | Gainesville, FL 32609-1807 |
| (352) 376-7650 | (352) 378-9859 |
| (352) 374-7133 (Fax) | (352) 338-1858 (Fax) |
| E-Mail: psr@rothsteinforjustice.com | E-Mail: N.A.Bacharach@att.net |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2019, a true and correct copy of the foregoing [PROPOSED] PLAINTIFFS IN INTERVENTION MEMORANDUM OF LAW IN RESPONSE TO THE RULE 23(b)(3) CLASS PLAINTIFF'S MEMORANDUM has been served by ( ) United States Mail; ( ) Hand Delivery; (X) E-mail to: the attached names and email addresses referenced as "Appendix J- Counsel Names and Contact Information Case 1:05-md-01720-MKB-JO Document 7257-2 Filed 09/18/18 Page 278 of 284 PageID #:106879"

*/s/ Paul S. Rothstein*
Paul S. Rothstein

# APPENDIX J – Counsel Names and Contact Information

**Co-Lead Counsel for Class Plaintiffs**

K. Craig Wildfang
Thomas J. Undlin
Ryan W. Marth
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone:  612-349-8500
Facsimile:  612-339-4181
E-Mail:  kcwildfang@robinskaplan.com
E-Mail:  tundlin@robinskaplan.com
E-Mail:  rmarth@robinskaplan.com

H. Laddie Montague, Jr.
Merrill G. Davidoff
Michael J. Kane
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:  215-875-3000
Facsimile:  215-875-4604
E-Mail:  hlmontague@bm.net
E-Mail:  mdavidoff@bm.net
E-Mail:  mkane@bm.net

Patrick J. Coughlin
Alexandra S. Bernay
Carmen A. Medici
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619-231-1058
Facsimile:  619-231-7423
E-Mail:  patc@rgrdlaw.com
E-Mail:  xanb@rgrdlaw.com
E-Mail:  cmedici@rgrdlaw.com

**Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association**

Robert J. Vizas
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:  415-471-3100
Facsimile:  415-471-3400
E-Mail:  robert.vizas@arnoldporter.com

Mark R. Merley
Matthew A. Eisenstein
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone:  202-942-5000
Facsimile:  202-942-5999
E-Mail:  mark.merley@arnoldporter.com
E-Mail:  matthew.eisenstein@arnoldporter.com

Robert C. Mason
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
Telephone:  212-836-8000
Facsimile:  212-836-8689
E-Mail:  robert.mason@arnoldporter.com

Michael S. Shuster
Demian A. Ordway
Blair E. Kaminsky
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017
Telephone:  646-837-5151
Facsimile:  646-837-5153
E-Mail:  mshuster@hsgllp.com
E-Mail:  dordway@hsgllp.com
E-Mail:  bkaminsky@hsgllp.com

**Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated**

Kenneth A. Gallo
Zachary A. Dietert
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: 202-223-7300
Facsimile: 202-223-7420
E-Mail: kgallo@paulweiss.com
E-Mail: zdietert@paulweiss.com

Gary R. Carney
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-757-3990
E-Mail: gcarney@paulweiss.com

**Attorneys for Defendants Bank of America, N.A., BA Merchant Services LLC (f/k/a National Processing, Inc.), and Bank of America Corporation**

Mark P. Ladner
Michael B. Miller
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: 212-468-8000
Facsimile: 212-468-7900
E-Mail: mladner@mofo.com
E-Mail: mbmiller@mofo.com

**Attorneys for Defendants Barclays Bank plc, Barclays Delaware Holdings, LLC, (f/k/a Juniper Financial Corporation), Barclays Bank Delaware (f/k/a Juniper Bank), and Barclays Financial Corp.**

Wayne D. Collins
James P. Tallon
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  212-848-4000
Facsimile:   212-848-7179
E-Mail:  wcollins@shearman.com
E-Mail:  jtallon@shearman.com


**Attorneys for Defendants Capital One Bank (USA), N.A., Capital One F.S.B., and Capital One Financial Corporation**

Andrew J. Frackman
Abby F. Rudzin
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  212-326-2000
Facsimile:   212-326-2061
E-Mail:  afrackman@omm.com
E-Mail:  arudzin@omm.com


**Attorneys for Defendants JPMorgan Chase & Co. (and as successor to Bank One Corporation), JPMorgan Chase Bank, N.A., Chase Bank USA, N.A. (and as successor to Chase Manhattan Bank USA, N.A. and Bank One Delaware, N.A.), and Paymentech, LLC (and as successor to Chase Paymentech Solutions, LLC)**

Peter E. Greene
Boris Bershteyn
Kamali P. Willett
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
Telephone:  212-735-3000
Facsimile:   212-735-2000
E-Mail:  peter.greene@skadden.com
E-Mail:  boris.bershteyn@skadden.com
E-Mail:  kamali.willett@skadden.com

**Attorneys for Defendants Citibank, N.A., Citigroup Inc., and Citicorp.**

David F. Graham
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036
E-Mail: dgraham@sidley.com

Benjamin R. Nagin
Sidley Austin LLP
787 Seventh Ave
New York, NY 10019
Telephone: 212-839-5300
Facsimile: 212-839-5599
E-Mail: bnagin@sidley.com

**Attorneys for Defendant Fifth Third Bancorp**

Richard L. Creighton, Jr.
Drew M. Hicks
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513-579-6400
Facsimile: 513-579-6457
E-Mail: rcreighton@kmklaw.com
E-Mail: dhicks@kmklaw.com

**Attorneys for Defendant First National Bank of Omaha**

John P. Passarelli
James M. Sulentic
Kutak Rock LLP
1650 Farnam Street
The Omaha Building
Omaha, NE 68102
Telephone: 402-346-6000
Facsimile: 420-346-1148
E-Mail: John.Passarelli@KutakRock.com
E-Mail: James.Sulentic@KutakRock.com

**Attorneys for HSBC Finance Corporation, HSBC Bank USA, N.A., HSBC North America Holdings Inc., HSBC Holdings plc, and HSBC Bank plc**

David S. Lesser
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888
E-Mail: david.lesser@wilmerhale.com


**Attorneys for Defendants The PNC Financial Services Group, Inc. (and as acquirer of National City Corporation), National City Corporation, and National City Bank of Kentucky**

Frederick N. Egler
Reed Smith LLP
Redd Smith Center
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: 412-288-3396
Facsimile: 412-288-3063
Email: fegler@reedsmith.com


**Attorneys for Defendants SunTrust Banks, Inc. and SunTrust Bank**

Teresa T. Bonder
Valarie C. Williams
Kara F. Kennedy
Alston & Bird LLP
1201 West Peachtree Street NW
Atlanta GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
E-Mail: Teresa.Bonder@alston.com
E-Mail: Valarie.Williams@alston.com
E-Mail: Kara.Kennedy@alston.com

**Attorneys for Defendant Texas Independent Bancshares, Inc.**

Jonathan B. Orleans
Adam S. Mocciolo
Pullman & Comley, LLC
850 Main Street
PO Box 7006
Bridgeport, CT 06601-7006
Telephone:  203-330-2000
Facsimile:   203-576-8888
E-Mail:  jborleans@pullcom.com
E-Mail:  amocciolo@pullcom.com


**Attorneys for Defendants Wells Fargo &
Company (and as successor to Wachovia Corporation)**

Robert P. LoBue
William F. Cavanaugh
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:  212-336-2000
Facsimile:   212-336-2222
E-Mail:  rplobue@pbwt.com
E-Mail:  wfcavanaugh@pbwt.com