UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720(MKB)(JO) |
| This Document Relates To:<br><br>ALL ACTIONS. |  |

**RULE 23(b)(3) CLASS PLAINTIFFS' SUPPLEMENTATION TO THEIR MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Rule 23(b)(3) Class Plaintiffs supplement the record in support of Rule 23(b)(3) Class Plaintiffs' Motion for Attorneys' Fee and Reimbursement of Expenses (ECF Nos. 7471 and 7664) to correctly reflect: 1) the total lodestar; 2) the value of the settlement fund after reduction for the takedown; and 3) the lodestar multipliers at historical and current rates.

First, when the motion for fees was submitted, it did not include the lodestar for the Freidman Law Group LLP ("FLG"). Subsequently, the Court ordered the Stipulation submitted by Rule 23(b)(3) Co-Lead Counsel and FLG permitting the fee motion to be supplemented with FLG's total lodestar and expenses during this litigation.  ECF 7692. FLG's total lodestar at historical rates is $11,047,661 resulting in a total lodestar through January 31, 2019, at historical rates, for all class counsel of $214,801,410.[1]

Second, the amount of the "Total Class Exclusion Takedown Payment" to Defendants under the settlement agreement was unknown at the time briefing was completed on the motion

---

[1] Co-Lead Counsel have not audited FLG's lodestar and expenses for the post November 30, 2012 period. See ECF 7692-1 at ¶7.

for fees. The settlement provides for the settlement fund to be reduced by no more than $700 million to account for transaction volume represented by those settlement class members who timely and validly opt out of the settlement. *See* Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants ("Superseding Settlement Agreement"), ¶ 22. Based on the transaction volume that opted-out of the settlement, the takedown is $700 million. As of October 25, the value of the settlement fund after reduction for the takedown is $5,620,511,120 ($6,320,511,120 minus $700 million takedown).

Third, our review has revealed a mathematical error in the calculation of the lodestar multiplier at current rates. That error slightly understated the lodestar multiplier at current rates.[2]

Attached as Exhibit A is a chart setting forth the total lodestar at historic and current rates and the resulting multipliers based on historic and current rates. The chart also sets forth requested attorneys' fees of $537,320,863 based on the requested fee of 9.56% of the $5,620,511,120 fund.

Dated: October 29, 2019              BERGER MONTAGUE PC

                                     By:    */s/ Merrill G. Davidoff*
                                            H. Laddie Montague, Jr.
                                            Merrill G. Davidoff
                                            Michael J. Kane
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19103
                                            (215) 875-3000 / (215) 875-4604 Fax

---

[2] The incorrect lodestar multiplier, at current rates, appears in ECF No. 7471 at pp. 2 (n. 5) and 36 (n. 29) and ECF No. 7664 at pp. 10 (n. 10) and 16 (n. 19). In the briefing, the lodestar multiplier at current rates was approximately 1.87. After correcting for the mathematical error, the briefs should have reflected that the lodestar multiplier, at current rates, was approximately 2.04.

K. Craig Wildfang
Thomas J. Undlin
Ryan W. Marth
ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500 / (612) 339-4181 Fax

Patrick J. Coughlin
Alexandra S. Bernay
Carmen Medici
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058 / (619) 231-7423 Fax

*Attorneys for Rule 23(b)(3) Class Plaintiffs in In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*