UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— X

In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

No. 05-md-1720 (MKB)(JO)

SCHEDULING ORDER

————————————————————————

This Document Relates To:

*Accor Management US Inc., et al., v. Visa Inc., et al.,* EDNY Case No. 1:19-cv-04616

*Metropolitan Transportation Authority, et al., v. Visa U.S.A., Inc., et al.,* EDNY Case No. 1:19-cv-04256

*Grubhub Holdings Inc., et al. v. Visa, et al.,* EDNY Case No. 1:19-cv-06555

*Century Link Communications, LLC v. Visa Inc.*, EDNY Case No. 1:19-cv-6318

———————————————————————— x

With respect to discovery in the newly-filed opt-out cases identified above, the parties have agreed to, and the Court hereby approves, the following schedule:

1. On March 19, 2020, (1) plaintiffs will serve (a) their responses to defendants' discovery requests, (b) custodian lists, and (c) their initial discovery requests; and (2) defendants will provide plaintiffs with access to their prior productions in the MDL (although defendants may identify a discrete number of documents that are still going through the third-party notice process). Plaintiffs reserve the right to seek reasonable discovery on any issue, and defendants reserve all rights to object.

2. On April 30, 2020, defendants will respond in writing to plaintiffs' initial discovery requests. Following April 30, 2020, the parties will begin to confer regarding the scope of production (custodians, search terms, and the production time period) that each will use for its/their document collection and productions, and the parties will begin to confer regarding the number and scope of depositions. Defendants reserve all rights (i) to oppose plaintiffs' discovery requests if they seek anything more than documents specific to the plaintiffs from

defendants' prior collections; and (ii) to oppose additional fact witness depositions.  Defendants further reserve all rights to oppose plaintiffs' discovery requests to the extent they seek documents outside of the relevant time period for discovery currently agreed to by the other parties in MDL 1720 and to contend that all issues of supplementation for additional time periods should be addressed separately by all parties to MDL 1720.

3. On May 31, 2020, the plaintiffs will produce documents in response to the targeted (i.e., non-custodial) requests for production (defendants having already done so on March 19), and, by May 31, 2020, the parties will either reach agreement regarding the scope of custodial document productions or submit to the Court any issues upon which there is an impasse.  Plaintiffs will thereafter make rolling productions of documents.

4. By July 30, 2020, (1) the parties will substantially complete their document productions and will either reach agreement regarding the number and scope of depositions or submit to the court any issues upon which there is an impasse, and (2) defendants will produce all prior fact deposition transcripts and exhibits.  Should the date for substantial completion be extended, defendants' obligation to produce prior deposition transcripts and exhibits shall be extended to the same date.

Date:_____ _____
 Judge
 United States District Court