```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
                                                      X
In re PAYMENT CARD INTERCHANGE       :  No. 05-md-1720 (MKB)(JO)
FEE AND MERCHANT DISCOUNT            :
ANTITRUST LITIGATION                 :  JOINT STATUS CONFERENCE STATEMENT
                                     :
                                     :  CONFERENCE DATE:  MAY 13, 2020
                                     :
This Document Relates To:            :
                                     :
     ALL ACTIONS.                    :
                                     :
                                     x
```

The parties respectfully submit this Joint Case Status Report for the Case Management Conference currently scheduled for May 13, 2020.

**I.  PENDING MOTIONS**

On November 1, 2019, the *Salveson* Plaintiffs filed a motion for relief from final judgment. (Doc. 7762.) Defendants served their opposition on December 16, 2019 and filed it with the Court on December 17, 2019 (Doc. 7825), and the *Salveson* Plaintiffs filed a reply brief in support of their motion on January 10, 2020 (Doc. 7852).

**II. STATUS OF DISCOVERY**

The parties continue to work cooperatively on discovery. There are no discovery disputes that are ripe for the Court to address. Expert depositions related to the Target, 7-Eleven, The Home Depot and Equitable Relief actions are complete.

The parties in the newly-filed opt-out actions have exchanged discovery requests and responses, and intend to meet and confer regarding the scope of discovery in accordance with the case schedule. On April 27, 2020, Defendants requested a one-week extension of time to serve Visa's and Mastercard's responses and objections to the Grubhub and CenturyLink Plaintiffs' discovery requests, so that the responses would be due on May 7, 2020 instead of April 30, 2020. The Grubhub and CenturyLink Plaintiffs agreed to the extension provided that Defendants also

agreed to a one-week extension from April 30, 3030 to May 7, 2020 of the parties' obligation to begin to confer about the scope of production and the number and scope of depositions. The parties reached agreement on these terms. All of the other dates set forth in the in the March 12, 2020 Scheduling Order remain the same.

## III.   ELGIN AVENUE RECOVERY LLC SCHEDULING

By letter dated May 5, 2020, Elgin Ave. Recovery, LLC reported to the Court regarding a potential agreement that will keep its case on the same track as the 7-Eleven Plaintiffs. Under the proposed agreement, the 7-Eleven Plaintiffs would allow Elgin to rely on all of the 7-Eleven Plaintiffs' experts, plus a new expert (Dr. Leitzinger) for damages. Subject to negotiating the details of the arrangement, Defendants would not oppose Elgin's retention of those experts in that circumstance, such that Elgin may rely on those experts' previously-disclosed opinions as well as Dr. Leitzinger's disclosed opinions for damages. Elgin and Defendants would also agree to propose extending the deadline on any *Daubert* motion as to Dr. Leitzinger until at least 30 days after Defendants have the opportunity to depose him.

The parties propose to bring any agreement or impasse regarding these issues to the Court at the May 13, 2020 status conference.

## IV.   SUMMARY JUDGMENT AND *DAUBERT* BRIEFING

In accordance with Defendants' April 7, 2020 letter (Doc. 7909), "so ordered" the same day, except in the newly filed opt-out actions and subject to the Elgin dispute above, the parties will serve opening summary judgment motion papers and *Daubert* motions on June 1, 2020.

Given the breadth of this litigation and the number of parties involved, Defendants currently anticipate filing a number of issue-specific summary judgment and *Daubert* motions and accompanying memoranda to address legal issues across the multiple cases before the Court.

Defendants continue to discuss a proposal for page limits with the various Plaintiff groups, and expect to submit a proposal to the Court in advance of the May 13, 2020 status conference. Plaintiffs will address the page limit issue raised by defendants when they receive a proposal.

    Target Plaintiffs' Position: With respect to Defendants' representation that they intend to file "a number of issue-specific summary judgment and *Daubert* motions and accompanying memoranda to address legal issues across the multiple cases before the Court," Plaintiffs are amenable to "issue-specific" (as opposed to "party-specific") motions and memoranda, with the understanding that Defendants will not conflate the claims or the evidence (including expert opinions) that each of the Plaintiffs has respectively developed in support of its claims and as long as Defendants make clear in their motions and memoranda which cases and which Plaintiffs the various arguments apply to.

## VIII. NEXT STATUS CONFERENCE

    The parties will confer about scheduling the next status conference, and expect to propose a set of mutually agreeable dates in July.

Dated: May 6, 2020.