# Arnold & Porter

**Robert J. Vizas**
+1 415.471.3311 Direct
Robert.Vizas@arnoldporter.com

May 11, 2020

**VIA ECF**

The Honorable Margo K. Brodie
The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 05-MD-1720 (MKB)(JO)

Dear Judges Brodie and Orenstein:

    We write on behalf of all defendants regarding the page limits for defendants' summary judgment briefs, which are due to be served on June 1, 2020. Given the scope of these coordinated actions, the range of claims and defenses relating to the operative complaints, and the number of parties that will join each brief, defendants respectfully request that the Court permit defendants collectively to submit memoranda supporting their summary judgment motions not to exceed 160 pages. Defendants have conferred with all plaintiff groups and they each either consent or take no position on this request.[1]

    In connection with the 2011 summary judgment briefing in MDL 1720, the Court granted the parties' request to allow each of (i) defendants, (ii) class plaintiffs, and (iii) the individual plaintiffs to submit up to 115 pages of memoranda in support of their motions for summary judgment. *See* ECF No. 1441; 02/02/11 Minute Order. Since 2011, the number of plaintiffs and the range of claims and defenses have expanded significantly.

    In 2011, defendants faced claims by two groups of plaintiffs (class plaintiffs and the individual plaintiffs). Defendants now face claims by five plaintiff groups: (i) the Rule 23(b)(2) class plaintiffs, which sued Visa, Mastercard, and six banks, (ii) the 7-Eleven plaintiffs, which sued Visa, Mastercard, and four banks, (iii) the Target plaintiffs, which sued Visa and Mastercard, (iv) The Home Depot, which sued Visa and Mastercard,

---

[1] The Target Plaintiffs take no position on defendants' request, but reiterate their view as stated in the May 6 status report.

**Arnold & Porter Kaye Scholer LLP**
Three Embarcadero Center, 10th Floor | San Francisco, CA 94111-4024 | www.arnoldporter.com

**Arnold & Porter**

May 11, 2020
Page 2

and (v) Elgin, an alleged successor-in-interest to one of the 7-Eleven plaintiffs that now seeks to litigate its claims separately from the 7-Eleven plaintiffs.  Different defendants plan to direct different summary judgment motions at different plaintiffs.

Beyond the number of plaintiff groups, the range of claims now is broader than it was in 2011.  Defendants continue to face challenges related to default interchange, network rules, and the initial public offerings of Mastercard and Visa that also were at issue in 2011.  However, the 7-Eleven and The Home Depot plaintiffs have added new Sherman Act Section 2 debit monopolization claims against Visa that were not in this case previously.  These claims -- essentially a separate case -- are in addition to the Sherman Act Section 1 claims that the prior plaintiffs asserted in the cases at issue in the last round of summary judgment briefing and that the current plaintiffs continue to assert.  Plaintiffs also have expanded their allegations to address conduct over the past nine years, including Visa's Fixed Acquirer Network Fee (FANF), tokenization, issuer agreements and routing agreements, EMV (*i.e.*, chip cards), digital wallets, and the fraud liability shift employed as part of the rollout of EMV in the United States.  None of those industry developments was at issue in 2011.

The caselaw also has developed significantly since 2011.  Notably, the U.S. Supreme Court decided *Ohio v. Am. Express Co.*, 138 S. Ct. 2274 (2018), and the Second Circuit decided *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019).  Defendants seek to address those and other new developments, in addition to the caselaw at issue in their prior motions.

Defendants may not use the full number of pages requested for opening briefs, but have not yet finalized their briefs.  In addition, one of our Daubert motions may include up to two pages seeking partial summary judgment on a discrete issue based on that Daubert motion; we plan to count those incremental two pages against the page limit requested above.

The memoranda of law accompanying defendants' Daubert motions will be 25 pages each or less.  Defendants do not expect to file more than one motion per expert except as follows.  Defendants plan to file two motions directed to the 7-Eleven Plaintiffs' expert Dr. Hausman alone, given the scope of his opinions.  In addition, two of defendants' Daubert motions will be directed to issues addressed by multiple experts.  Defendants have conferred with all plaintiff groups and they each either do not oppose or take no position on this approach regarding defendants' Daubert motions.

Defendants will endeavor to present all issues as efficiently as possible.

**Arnold & Porter**

May 11, 2020
Page 3

Respectfully submitted,

/s/ Kenneth Gallo  /s/ Robert J. Vizas

Kenneth Gallo  Robert J. Vizas
Counsel for the Mastercard Defendants  Counsel for the Visa Defendants

cc:   Counsel of Record (via ECF)