

3 Park Plaza, 20th Floor, Irvine, CA  92614-8505 ▪ p949 263-8400 ▪ f949 263-8414

**Daniel A. Sasse**
(949) 798-1347
DSasse@crowell.com

July 21, 2020

**VIA EFC**

The Honorable Margo K. Brodie
The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 05-md-1720 (MKB)(JO) and *Accor Management U.S. Inc. et al. v. Visa Inc., et al.*, No. 19-cv-04616 (E.D.N.Y.) (MKB) (JO): Motion to Modify Final Approval Order and Final Judgment and for Leave to File Amended Complaint

Dear Judges Brodie and Orenstein:

We write on behalf of the *Accor* Plaintiffs respectfully to request that the Court modify its Order for Final Approval and Final Judgment and order that Plaintiffs' amended exclusion requests be permitted and deemed to supersede their prior exclusion requests that were submitted on July 22, 2019.  The *Accor* Plaintiffs further request leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  This request is made to make certain changes to the Plaintiffs and make the complaint exhibits consistent with the amended exclusion requests.  We have conferred with Class Counsel and Defendants, and they consent to this request.

I.     **Request to Modify Order for Final Approval**

The *Accor* Plaintiffs requested exclusion from the Rule 23(b)(3) Settlement Class on July 22, 2019, and those requests were deemed timely and complete.  Since the Court's Order for Final Approval, Dkt. Nos. 7818, 7818-1 (Dec. 13, 2019) and Final Judgment, Dkt. No. 7832 (Dec. 20, 2019), the *Accor* Plaintiffs have clarified the entities, properties, and locations on whose behalf exclusion from the Rule 23(b)(3) Settlement Class was requested.  Accordingly, the *Accor* Plaintiffs request that the Court order that their amended exclusion requests attached as Exhibit A to the Declaration of Daniel A. Sasse submitted herewith (motion to seal pending) supersede their requests previously submitted on July 22, 2019.

The Honorable Margo K. Brodie
July 21, 2020
Page 2

The Court has authority to permit modification of previously submitted exclusion requests pursuant to its broad equitable powers to manage multidistrict litigation until disbursement of the settlement funds. *Zients v. Lamorte*, 459 F.2d 628, 630 (2d Cir. 1972). Other courts have exercised this authority to amend final approval of a class settlement for the purpose of clarifying the entities that were properly excluded. *See, e.g.*, *In re Linerboard Antitrust Litigation*, No. CIV.A.98-5055, 2004 WL 966236, at *1 (E.D. Pa. May 4, 2004) (amending its order granting final approval of the class settlement to remove the names of entities that were opted out inadvertently or based on mistaken knowledge). Permitting amendment of the exclusions is particularly appropriate here, where Class Counsel and Defendants consent to the modification.

The exhibits to the exclusion requests have been amended to (1) correct for clerical errors; (2) identify additional tax identification numbers, merchant identification numbers, and locations at which Mastercard or Visa were accepted as payment by the merchant; and (3) remove properties or entities that were not owned, managed, or franchised by the hotel merchants as of the date the Accor Complaint was filed on July 20, 2019. Additionally, the exclusion requests have been modified to no longer include certain entities that were inadvertently included in the exclusion requests and that wish to be reinstated into the Rule 23(b)(3) Settlement Class provided that they qualify as class members (Alleghany Capital Corporation; AT&T, Inc.; Bridgestone Corporation; HNA Technology; Hotel Acquisition Company LLC; Loews Corporation and its subsidiaries and affiliates other than Loews Hotels Holding Corporation, its subsidiaries, and its affiliates which own or manage hotels; the Graduate Hotel (formerly known as Loews Annapolis) after August 1, 2018; LVMH Moet Hennessy-Louis Vuitton SE and its subsidiaries and affiliates other than Sephora USA, Inc. and its subsidiaries and affiliates; Qurate Retail, Inc. and its subsidiaries and affiliates other than HSN, Inc. or Cornerstone Brands, Inc. and their subsidiaries and affiliates; Gordon Brothers Group, LLC and its subsidiaries and affiliates other than Old Comp Inc. and its subsidiaries and affiliates; and past purchasers or assigns of the intellectual property rights of Comp USA).

The *Accor* Plaintiffs notified Class Counsel of the changes to the exclusion requests. Class Counsel have consented to the changes, finding that the amendments are not material and will not significantly impact the distributions of the Rule 23(b)(3) Settlement Fund to members of the Rule 23(b)(3) Settlement Class. Defendants also have consented to the changes to the exclusion requests.

II.   **Leave to File Amended Complaint**

The *Accor* Plaintiffs seek leave to file their Amended Complaint with amended exhibits pursuant to Federal Rule of Civil Procedure 15(a)(2).

On July 20, 2019, the *Accor* Plaintiffs filed a Complaint in *Accor Management US, Inc., et al. v. Visa Inc., et al.*, No 5:19-cv-04188-BLF (N.D. Cal.) (the "Accor Complaint") against Defendants Visa Inc., Visa U.S.A Inc., Visa International Service Association, MasterCard

The Honorable Margo K. Brodie
July 21, 2020
Page 3

Incorporated, and MasterCard International Incorporated (the "Defendants"). The Judicial Panel on Multidistrict Litigation (the "JPML") subsequently transferred that action to this Court for pretrial proceedings in MDL 1720, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-md-01720 (E.D.N.Y.), and that action is now individually referenced on this Court's docket as *Accor Management U.S. Inc. et al. v. Visa Inc., et al.*, No. 19-cv-04616 (E.D.N.Y.) (MKB) (JO) (the "Accor Action").

Pursuant to the parties' agreement, the *Accor* Plaintiffs seek leave to amend their complaint and its exhibits to (1) clarify the entities that are parties to the *Accor* Action consistent with the changes reflected in the amended exclusion requests attached as Exhibit A to the Declaration of Daniel A. Sasse, (2) add Lyft, Inc. as a plaintiff, and (3) remove Gordon Brothers Group, LLC as a plaintiff, as provided in the redline of the Complaint attached as Exhibit B and the Amended Complaint and its exhibits attached as Exhibit C to the Declaration of Daniel A. Sasse. Defendants do not oppose this request, as long as Gordon Brothers Group, LLC is reinstated as a member of the Rule 23(b)(3) Settlement Class. Furthermore, the *Accor* Plaintiffs have conferred with Class Counsel, and Class Counsel consent to the inclusion in the Rule 23(b)(3) Settlement Class of Gordon Brothers Group, LLC, as well as the excluded entities identified above provided that they qualify as class members.

### A.     Gordon Brothers Group, LLC's Request to Withdraw its Exclusion

On July 22, 2019, Gordon Brothers Group, LLC[1] requested exclusion from the Rule 23(b)(3) settlement class and participated in opt-out litigation as part of the *Accor* Plaintiffs' group, which remain as plaintiffs. Gordon Brothers now seeks to withdraw its request for exclusion and participate in the settlement as a class member, having determined that it does not wish to further engage in separate litigation with the Defendants.

As stated above, the Court has broad equitable powers to manage multidistrict litigation, including the power to allow class members to rejoin a class. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *2 (N.D. Cal. March 25, 2013) ("In large multidistrict antitrust class actions . . . courts have repeatedly allowed putative class members to rejoin a class at the settlement stage."); *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3 (D. Kan. Dec. 12, 2008); *In re Electrical Carbon Prods. Antitrust Litig.*, 447 F. Supp. 2d 389, 397 (D.N.J. 2006); *In re Electric Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *3 (E.D. Pa. June 30, 1982).

---

[1] Gordon Brothers Group, LLC requested exclusion as successor in interest for three claimants: (1) The Bombay Company, Inc. (and several of its affiliates), whose claims Gordon Brothers acquired on November 21, 2016; (2) Michigan Sporting Goods Distributors, Inc., whose claims Gordon Brothers acquired on August 30, 2017; and NSC Wholesale Holdings LLC (and several of its affiliates), whose claims Gordon Brother acquired on June 19, 2019.

The Honorable Margo K. Brodie
July 21, 2020
Page 4

If Gordon Brothers' request is denied, it will have to continue in opt-out litigation, thereby consuming more resources from the Court and all parties. Those expenses can be avoided if the Court exercises its equitable powers to permit Gordon Brothers to withdraw its notice of exclusion in order to participate in the Rule 23(b)(3) Settlement Class and submit its claim. Permitting Gordon Brothers to rejoin the class will not prejudice the class members because there will be no delay in the claims process as the deadline for the submission of claims has not yet been set by the Court and because there will be no material impact on the distribution of settlement funds to members of the Rule 23(b)(3) Settlement Class.

Accordingly, Gordon Brothers is requesting that the Court grant this motion to withdraw its request for exclusion and permit Gordon Brothers to file its claim as a member of the Rule 23(b)(3) Settlement Class. Consistent with this request, the *Accor* Plaintiffs wish to amend the complaint to remove Gordon Brothers Group, LLC as plaintiff.

### III.   Relief Sought

For the foregoing reasons, the *Accor* Plaintiffs respectfully ask the Court to enter the attached proposed order granting that:

1. The *Accor* Plaintiffs' amended exclusion requests, attached as Exhibit A to the Declaration of Daniel A. Sasse, supersede their prior exclusion requests that were submitted on July 22, 2019;

2. All properties and other entities identified in the *Accor* Plaintiffs' amended exclusion requests are excluded from the Rule 23(b)(3) Settlement Class;

3. Any properties or other entities that were part of the original exclusion requests but are not identified in the *Accor* Plaintiffs' amended exclusion requests are members of the Rule 23(b)(3) Settlement Class, unless they were timely and validly excluded from the Rule 23(b)(3) Settlement Class through an exclusion request made by a person or entity other than the *Accor* Plaintiffs;

4. The following entities are no longer excluded from the Rule 23(b)(3) Settlement Class, but, provided that they qualify as class members, are included as members of the Rule 23(b)(3) Settlement Class:  Alleghany Capital Corporation; AT&T, Inc.; Bridgestone Corporation; HNA Technology; Hotel Acquisition Company LLC; Loews Corporation and its subsidiaries and affiliates other than Loews Hotels Holding Corporation, its subsidiaries, and its affiliates which own or manage hotels; the Graduate Hotel (formerly known as Loews Annapolis) after August 1, 2018; LVMH Moet Hennessy-Louis Vuitton SE and its subsidiaries and affiliates other than Sephora USA, Inc. and its subsidiaries and affiliates; Qurate Retail, Inc. and its subsidiaries and affiliates other than HSN, Inc. or Cornerstone Brands, Inc. and their subsidiaries and affiliates; Gordon Brothers Group, LLC

The Honorable Margo K. Brodie
July 21, 2020
Page 5

      and its subsidiaries and affiliates other than Old Comp Inc. and its subsidiaries and affiliates; and past purchasers or assigns of the intellectual property rights of Comp USA; and

5. The *Accor* Plaintiffs shall have leave to file their Amended Complaint with its amended exhibits as attached as Exhibit C to the Declaration of Daniel A. Sasse; and

6. Gordon Brothers Group, LLC's request for exclusion from the Rule 23(b)(3) Settlement Class (900000609) be withdrawn, that it is a member of the Rule 23(b)(3) Settlement Class, and that it will participate in the settlement proceeds as though it had never requested exclusion.

The *Accor* Plaintiffs and counsel are available at the Court's convenience to address any issue related to this request.

                                                  Respectfully submitted,

                                                  */s/ Daniel A. Sasse*

                                                  Daniel A. Sasse