UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>**This Document Applies to:**<br><br>*Accor Management US Inc., et al. v. Visa Inc., et al.*, No. 19-cv-04616 (E.D.N.Y.) (MKB) (JO). | No. 1:05-md-01720 (MKB) (JO) |

## PROPOSED ORDER GRANTING ACCOR PLAINTIFFS' MOTION TO MODIFY FINAL APPROVAL ORDER AND FINAL JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT

WHEREAS plaintiffs Accor Management US Inc.; Accor Hotels & Resorts (Maryland) LLC; Fairmont Hotel Management L.P.; Auro Hotels Management, LLC; AutoNation, Inc.; BJ's Restaurants, Inc.; Bridgestone Americas, Inc.; Bridgestone Americas Tire Operations, LLC; Bridgestone Retail Operations, LLC; Caleres, Inc.; CarMax, Inc.; Concord Hospitality Enterprises Company, LLC; Crestline Hotels & Resorts, LLC; DIRECTV, LLC; AT&T Services, Inc.; AT&T Corp.; AT&T Mobility LLC; AT&T Mobility II, LLC; BellSouth Telecommunications, LLC; Cricket Wireless LLC; DC Comics; E.C. Publications, Inc.; HBO Digital Services, Inc.; HBO Retail Ventures, Inc.; Telepictures Productions Inc.; Warner Brothers Advanced Media Services Inc.; Warner Bros. Consumer Products Inc.; Warner Bros. Digital Networks Labs Inc.; Warner Bros. Entertainment, Inc.; Warner Bros. Home Entertainment Inc.; WB Games Boston Inc.; WB Studio Enterprises Inc.; Enterprise Holdings, Inc.; Fitness International, LLC; Flynn Restaurant Group LP; Gordon Brothers Group, LLC (and

as successor in interest to the claims of The Bombay Company, Inc. (and its affiliates); Michigan Sporting Goods Distributors, Inc.; and NSC Wholesale Holdings LLC (and its affiliates); Heart of America Management, L.L.C.; Hilton Worldwide Holdings Inc.; Host Hotels & Resorts, L.P.; HSN, Inc.; Cornerstone Brands, Inc.; Hyatt Hotels Corporation; Ingram Micro Inc.; Interstate Hotels & Resorts, Inc.; Jack in the Box Inc.; Joshi Hotel Group, LLC; Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals; LEGO Systems, Inc.; LEGO Brand Retail Inc.; Loews Hotels Holding Corporation; Lyft, Inc.; Mananto Enterprises LLC; Marriott International, Inc.; Marriott Vacations Worldwide Corporation; Mountain Standard Group, LLC; National General Holdings Corp.; National General Management Corp.; Nespresso USA, Inc.; Nestle Waters North America Inc.; Old Comp Inc.; OnStar, LLC; Pacifica Hotel Management, LLC; Public Storage; Qdoba Restaurant Corporation; Sage Hospitality Resources LLC; Sage Investment Holdings, L.L.C.; Sephora USA, Inc.; Sunstone Hotel Investors, Inc.; The Container Store, Inc.; UnitedHealth Group Incorporated; and White Lodging Services Corporation (collectively the "Accor Plaintiffs"), requested exclusion from the Rule 23(b)(3) settlement class on July 22, 2019 and those requests were deemed timely and complete;

    WHEREAS by Letter Motion and the accompanying Declaration of Daniel Sasse, the Accor Plaintiffs have sought to amend their exclusion requests after the Court entered its Order for Final Approval of the Rule 23(b)(3) Class Settlement on December 13, 2019 and its Final Judgment on December 20, 2019, have sought to amend their complaint in certain respects and to conform the complaint and its exhibits to the amended exclusion requests, and have sought to reinstate certain entities as members of the Rule 23(b)(3) Settlement Class;

    WHEREAS Counsel for the 23(b)(3) Settlement Class and counsel for Defendants have consented to these requests of the Accor Plaintiffs;

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that

1. The *Accor* Plaintiffs' amended exclusion requests, attached as Exhibit A to the Declaration of Daniel A. Sasse, supersede the prior exclusion requests that were submitted on July 22, 2019;

2. All properties and other entities identified in the *Accor* Plaintiffs' amended exclusion requests are excluded from the Rule 23(b)(3) Settlement Class.

3. Any properties or other entities that were part of the original exclusion requests but are not identified in the *Accor* Plaintiffs' amended exclusion requests are members of the Rule 23(b)(3) Settlement Class, unless they were timely and validly excluded from the Rule 23(b)(3) Settlement Class through an exclusion request made by a person or entity other than the *Accor* Plaintiffs;

4. The following entities are no longer excluded from, but are reinstated as members of, the Rule 23(b)(3) Settlement Class provided that they qualify as class members:  Alleghany Capital Corporation; AT&T, Inc.; Bridgestone Corporation; HNA Technology; Hotel Acquisition Company LLC; Loews Corporation and its subsidiaries and affiliates other than Loews Hotels Holding Corporation, its subsidiaries, and its affiliates which own or manage hotels; the Graduate Hotel (formerly known as Loews Annapolis) after August 1, 2018; LVMH Moet Hennessy-Louis Vuitton SE and its subsidiaries and affiliates other than Sephora USA, Inc. and its subsidiaries and affiliates; Qurate Retail, Inc. and its subsidiaries and affiliates other than HSN, Inc. or Cornerstone Brands, Inc. and their subsidiaries and affiliates; Gordon Brothers Group, LLC and its subsidiaries

and affiliates other than Old Comp Inc. and its subsidiaries and affiliates; and past purchasers or assigns of the intellectual property rights of Comp USA;

5. The *Accor* Plaintiffs shall have leave to file their amended complaint with its amended exhibits, attached as Exhibit C to the Declaration of Daniel A. Sasse; and

6. Gordon Brothers Group, LLC's request for exclusion from the Rule 23(b)(3) Settlement Class (900000609) in its capacity as the successor in interest to the claims of The Bombay Company, Inc. and its affiliates; Michigan Sporting Goods Distributors, Inc.; and NSC Wholesale Holdings LLC and its affiliates, is withdrawn, and Gordon Brothers Group, LLC is reinstated as a member of the Rule 23(b)(3) Settlement Class and will participate in the settlement proceeds as though it had never requested exclusion.

SO ORDERED:
s/ MKB 7/22/2020

_____
MARGO K. BRODIE
United States District Judge