UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY'S CUT RATE STORES INC.; DDMB, INC. d/b/a EMPORIUM ARCADE BAR; DDMB 2, LLC d/b/a EMPORIUM LOGAN SQUARE; BOSS DENTAL CARE; RUNCENTRAL, LLC; CMP CONSULTING SERV., INC.; TOWN KITCHEN, LLC d/b/a TOWN KITCHEN & BAR; GENERIC DEPOT 3, INC. d/b/a PRESCRIPTION DEPOT; and PUREONE, LLC d/b/a SALON PURE,<br><br>        Plaintiffs,<br><br>    v.<br><br>VISA, INC.; MASTERCARD INCORPORATED; MASTERCARD INTERNATIONAL INCORPORATED; BANK OF AMERICA, N.A.; BA MERCHANT SERVICES LLC (f/k/a DEFENDANT NATIONAL PROCESSING, INC.); BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; BARCLAYS BANK DELAWARE; BARCLAYS FINANCIAL CORP.; CAPITAL ONE BANK, (USA), N.A.; CAPITAL ONE F.S.B.; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CHASE MANHATTAN BANK USA, N.A.; CHASE PAYMENTECH SOLUTIONS, LLC; JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK N.A.; CITIGROUP, INC.; CITICORP; and WELLS FARGO & COMPANY,<br><br>                              Defendants. | MDL No. 1720<br><br>Docket No. 05-md-01720-MKB-VMS |

**WALMART'S MEMORANDUM OF LAW IN
<u>SUPPORT OF ITS MOTION TO INTERVENE</u>**

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

I. Walmart Has Significant Interests at Stake in this Litigation. ............................................. 2

II. The ERPs Seek Relief that Will Undermine Walmart's Interests. ........................................ 4

LEGAL STANDARD....................................................................................................................... 5

ARGUMENT .................................................................................................................................... 6

I. Walmart May Intervene as a Matter of Right Because the Equitable Relief Plaintiffs Will Undermine Walmart's Interests Instead of Adequately Representing Them. ......................... 6

   A. Walmart's Motion Is Timely. ....................................................................................... 6

   B. Walmart's Substantial Interests Are Cognizable Under Rule 24(a). .................................... 7

   C. The ERPs Will Undermine Walmart's Interests Unless Walmart Intervenes. ...................... 9

   D. The ERPs Are Not Entitled to a Presumption of Adequacy Due to Their Conflicts of Interest. ............................................................................................................................. 10

II. The Court Should Permit Walmart to Intervene Because Intervention Will Not Prejudice Existing Parties.................................................................................................................. 11

CONCLUSION................................................................................................................................ 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Berroyer v. United States*,
    282 F.R.D. 299 (E.D.N.Y. 2012) ........................................................................................... 6

*Blesch v. Holder*,
    2012 WL 1965401 (E.D.N.Y. May 31, 2012) ...................................................................... 1

*Brennan v. N.Y.C. Bd. of Educ.*,
    260 F.3d 123 (2d Cir. 2001) ................................................................................................. 7

*Butler* et al *v. Sequa Corp.*,
    250 F.3d 171 (2d Cir. 2001) ............................................................................................... 10

*Connecticut Fine Wine & Spirits, LLC v. Harris*,
    2016 WL 9967919 (D. Conn. Nov. 8, 2016) ........................................................................ 1

*Eckert v. Equitable Life Assurance Soc'y of U.S.*,
    227 F.R.D. 60 (E.D.N.Y. 2005) ...................................................................................... 5, 11

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
    297 F.R.D. 90 (S.D.N.Y. 2013) ................................................................................... passim

*In re Cmty. Bank of N. Virginia*,
    418 F.3d 277 (3d Cir. 2005) ................................................................................................. 8

*In re Literary Works in Elec. Databases Copyright Litig.*,
    654 F.3d 242 (2d Cir. 2011) ............................................................................................... 11

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    827 F.3d 223 (2d Cir. 2016) ....................................................................................... 4, 9, 11

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    986 F. Supp. 2d 207 (E.D.N.Y. 2013) ............................................................................ 8, 10

*In re Visa Check/Mastermoney Antitrust Litig.*,
    192 F.R.D. 68 (E.D.N.Y. 2000) ........................................................................................... 4

*Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*,
    2017 WL 6459464 (E.D.N.Y. Dec. 15, 2017) ...................................................................... 6

*Tachiona ex rel. Tachiona v. Mugabe*,
   186 F. Supp. 2d 383 (S.D.N.Y. 2002)........................................................................................ 1

**Rules**

Fed. R. Civ. P. 23(b)(2) ............................................................................................................ 1, 2, 4
Fed. R. Civ. P. 23(b)(3) ................................................................................................................... 3
Fed. R. Civ. P. 24 .................................................................................................................... 1, 6, 7
Fed. R. Civ. P. 24(a) ............................................................................................................... passim
Fed. R. Civ. P. 24(a)(2) .......................................................................................................... passim
Fed. R. Civ. P. 24(b) ......................................................................................................... 1, 5, 6, 11
Fed. R. Civ. P. 24(b)(1)(B) ...................................................................................................... 5, 11
Fed. R. Civ. P. 24(b)(3) ................................................................................................................... 5
Fed. R. Civ. P. 24(c) ....................................................................................................................... 1

## INTRODUCTION

Walmart Inc. ("Walmart"), a major retailer and a significant participant in the U.S. credit and debit card markets, respectfully moves under Federal Rule of Civil Procedure 24 to intervene in this action for the limited purpose of challenging the Equitable Relief Plaintiffs' motion to certify a mandatory class under Fed. R. Civ. P. 23(b)(2).[1]  Walmart is entitled to intervene as a matter of right under Rule 24(a) because the Equitable Relief Plaintiffs ("ERPs") will not adequately protect Walmart's interests in this litigation.  Rather, these Plaintiffs intend to trade away the interests of Walmart and other merchants (including injunctive relief that would protect them) to secure relief that narrowly benefits the ERPs themselves, and to secure a fee for their counsel—in the process no doubt giving Defendants a sweeping, forward-looking release.  Furthermore, the Court should permit Walmart to intervene under Rule 24(b) because Walmart's intervention would not prejudice the existing parties.[2]  The ERPs do not consent to Walmart's intervention.

---

[1] Walmart is within the definition of the putative class the ERPs ask the Court to certify.  Submitted herewith is Walmart's memorandum of law in opposition to the ERPs' motion for class certification (Exhibit A to the Declaration of Paul H. Schoeman in Support of Motion to Intervene).

[2] Walmart need not file a separate pleading with this motion under Rule 24(c), given that this memorandum (and Walmart's opposition to class certification) clearly articulate Walmart's position and put the parties sufficiently on notice as to its interests in the litigation.  Especially given that no party will be prejudiced by Walmart's intervention (as explained below), the Court should liberally construe Rule 24(c) and waive its pleading requirement, as the Court has done in other cases.  *See Blesch v. Holder*, 2012 WL 1965401, at *2 (E.D.N.Y. May 31, 2012) (granting motion to intervene where movant did not file a separate pleading) ("The Court agrees that waiver of the pleading requirement is justified here because the [movant's] position on this litigation is clearly articulated in its motion papers."); *see also Connecticut Fine Wine & Spirits, LLC v. Harris*, 2016 WL 9967919, at *4 (D. Conn. Nov. 8, 2016) (granting motion to intervene where movants did not file a separate pleading) ("Other courts in this Circuit have repeatedly made clear that 'Rule 24(c) permits a degree of flexibility with technical requirements,' so long as 'the position of the movant is apparent from other filings and [ ] the opposing party will not be prejudiced.'" (quoting *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002)).  But should the Court find otherwise, Walmart requests leave to file a separate pleading at a later date.

1

When Walmart requested copies of their class certification motion papers, the ERPs only provided Walmart with public, redacted versions of their memorandum of law and of the report of one of their experts (Dr. Keith Leffler). The ERPs have not permitted Walmart to review materials in their motion papers designated "highly confidential" under the protective order, including reports from certain ERP experts that may shed the most light on the relief the ERPs seek to impose on absent class members. Nevertheless, as detailed below, the available evidence already establishes that the ERPs will undermine Walmart's interests if a mandatory class is certified, and that Walmart must intervene to protect its interests. As explained further in Walmart's opposition to class certification, it is clear that the requirements for class certification have not been met, or that at the very least that merchants like Walmart should be given an opt-out right. However, should the Court determine that questions remain on the point, it should allow Walmart to intervene and permit Walmart to review and respond to the ERPs' materials before ruling on the ERPs' motion.

## BACKGROUND

### I. Walmart Has Significant Interests at Stake in this Litigation.

Walmart is uniquely situated relative to other merchants in this multidistrict litigation, in which claims have been brought on behalf of millions of merchants against Defendants Visa U.S.A. Inc. ("Visa"), Mastercard International Incorporated ("Mastercard") and various banks for violating the Sherman Act. In 2013, Walmart opted-out of the first proposed Rule 23(b)(3) settlement class in this case, and also objected to the proposed mandatory Rule 23(b)(2) settlement and class. Visa then filed a declaratory judgment action against Walmart in this MDL, and Walmart brought its own antitrust action against Visa (which was transferred to this MDL). In its action against Visa, Walmart challenged anticompetitive practices that included, but were not

2

limited to, Visa's use of "Honor All Cards" ("HAC") rules[3] to acquire and maintain the market power necessary to charge Walmart supracompetitive fees.[4]  Walmart eventually dismissed its case against Visa, and Visa dismissed its declaratory judgment action against Walmart, in 2017.[5] [6]  Thus, while Walmart was previously a named plaintiff pursuing claims in this MDL, it is not one currently, while other merchants who also oppose class certification are still litigating their individual claims.

In any event, Walmart has significant interests that remain at stake in this litigation.  In particular, Walmart has an obvious interest in preventing Visa and Mastercard ("Defendants") from injuring Walmart through anticompetitive conduct (e.g., their use of HAC rules).  That interest would be undermined by certification of a mandatory class that includes Walmart and is led by the ERPs.  The ERPs and their counsel can be expected to pursue relief that is at best worthless, and more likely harmful, to Walmart, and to enter into a settlement that permits Defendants to continue their anticompetitive conduct and releases claims far into the future.  Walmart also has an interest in being free to negotiate for the best possible terms in its dealings with Defendants.  That interest would be undermined if Walmart is forced to remain in a class

---

[3] Honor All Cards rules require merchants to accept all Visa and Mastercard cards that are defined by the networks as "credit" or "debit," regardless of cost or issuing bank.  Declaration of Michael A. Cook ("Cook Decl.") [Doc. 2644] ¶ 8.

[4] Complaint ¶¶ 11(k), 44, 74, *Wal-Mart Stores, Inc., et al. v. Visa U.S.A. Inc., et al.,* No. 14-cv-02318 (E.D.N.Y.) (MKB) (JO) [Doc. 1].

[5] *See* Stipulation and Orders of Dismissal with Prejudice of All Claims [MDL Doc. 7120, 7121].  Walmart then opted-out of a subsequent proposed settlement for a Rule 23(b)(3) class.

[6] Even after dismissing its case against Visa, Walmart remained engaged with this litigation in order to protect its interests.  For example, Walmart representatives attended an April 9, 2019 meeting with other plaintiffs' counsel (including counsel for the ERPs) to discuss case strategy.  Also, Michael A. Cook, Walmart's Senior Vice President of Finance and Assistant Treasurer, was later deposed for this MDL.

3

saddled with an injunction that justifies Defendants in refusing to negotiate different arrangements, waive network rules, or agree to different interchange rates with larger and smaller merchants. This is the type of injunction the ERPs want.

The significance of Walmart's interests in this MDL is evidenced by its history of grappling with the issues at hand. Walmart has brought other litigation against Visa and Mastercard to protect its interests, and indeed has pursued claims on behalf of other merchants as a named class representative in a prior antitrust case before this Court. *See In re Visa Check/Mastermoney Antitrust Litig.*, 192 F.R.D. 68 (E.D.N.Y. 2000), *aff'd sub nom. In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124 (2d Cir. 2001). Walmart has also long been active in lobbying efforts to reform the payments industry, and in particular the anticompetitive practices of Defendants.

## II. The ERPs Seek Relief that Will Undermine Walmart's Interests.

A group of plaintiffs previously sought in this case to certify a mandatory Rule 23(b)(2) settlement class, which the Second Circuit rejected because (among other things) the proposed settlement failed to adequately protect the interests of absent class members. The court noted that the settlement offered no injunctive relief to merchants injured by Defendants' Honor All Cards and "default interchange" rules, and expressed concern that class counsel had traded away these merchants' interests for relief that did not benefit them (while offering Defendants an "exceptionally broad release" in the process). *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 238-39 (2d Cir. 2016).

The Equitable Relief Plaintiffs have now moved to certify a mandatory class under Rule 23(b)(2). The ERPs, like the settlement class plaintiffs before them, purport to seek classwide relief but actually seek a resolution that shortchanges many absent class members, including Walmart (as detailed further in Walmart's opposition to class certification). *First*, the ERPs are

4

uninterested in aggressively rolling-back Defendants' HAC rules, and thus will likely trade away Walmart's interest in such relief during settlement in exchange for relief that more narrowly benefits the ERPs. *Second*, the ERPs apparently seek relief that will restrain Walmart (and other merchants) from negotiating for the best possible terms in their dealings with Visa and Mastercard. In short, the ERPs seek to replicate the problems of the previous (rejected) settlement, leave merchants vulnerable to anticompetitive conduct by Defendants, and undermine Walmart's interests.

## LEGAL STANDARD

Under Federal Rule 24(a), the Court "must" permit anyone to intervene in an action who (1) files a timely motion, (2) claims an interest relating to the property or transaction that is the subject of the action, (3) is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest, and (4) shows that existing parties do not "adequately represent" that interest. Fed. R. Civ. P. 24(a)(2). In class actions, absent class members have the right to intervene where named plaintiffs cannot adequately represent their interests. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 297 F.R.D. 90, 96 (S.D.N.Y. 2013); *Eckert v. Equitable Life Assurance Soc'y of U.S.,* 227 F.R.D. 60, 64 (E.D.N.Y. 2005).

Under Rule 24(b), the Court also has the discretion to permit anyone to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see Eckert*, 227 F.R.D. at 64 (unnamed plaintiff's intervention was permissible where her claims were similar to those of named plaintiff and intervention would not prejudice defendant). The Court may also consider such factors as whether the intervenors'

5

interests are adequately represented by the existing parties. *See Berroyer v. United States*, 282 F.R.D. 299, 302-03 (E.D.N.Y. 2012).[7] That said, inadequate representation is not required under Rule 24(b), and courts have granted permissive intervention even when representation was adequate and movants could not intervene as of right under Rule 24(a). *E.g.*, *Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*, 2017 WL 6459464, at *13 (E.D.N.Y. Dec. 15, 2017) (citing cases).

## ARGUMENT

Walmart is entitled to intervene as a matter of right (under Rule 24(a)(2)) because the Equitable Relief Plaintiffs will not adequately represent Walmart's interests in this litigation – in fact, the ERPs will almost certainly undermine Walmart's interests in the classwide settlement they seek. Alternatively, the Court should permit Walmart to intervene (under Rule 24(b)) because its intervention will not prejudice the existing parties.

### I. Walmart May Intervene as a Matter of Right Because the Equitable Relief Plaintiffs Will Undermine Walmart's Interests Instead of Adequately Representing Them.

Walmart is entitled to intervene as a matter of right under Rule 24(a)(2) because it has interests at stake that the Equitable Relief Plaintiffs will not only inadequately represent but actively undermine.

### A. Walmart's Motion Is Timely.

Walmart's motion to intervene is timely for purposes of Rule 24. The timeliness of a motion to intervene turns on (1) how long the movant had notice of the interest before it moved to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the movant if

---

[7] *See also id.* (courts also consider "whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented" (citation and quotation marks omitted)).

6

the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. *In re Bear Stearns*, 297 F.R.D. at 96.

The current danger to Walmart's interests became apparent when the ERPs moved for class certification. Walmart has moved to intervene to challenge class certification by the deadline to oppose the ERPs' motion; and since the ERPs' motion is still pending, the parties will not be prejudiced by the Court hearing Walmart's opposition to certification. Meanwhile, as detailed below, denying Walmart's motion will prejudice Walmart by inviting a significant threat to its interests. Walmart's motion satisfies Rule 24's requirements for timeliness.

### B. Walmart's Substantial Interests Are Cognizable Under Rule 24(a).

A movant's interests must be "direct, substantial, and legally protectable" to be cognizable under Rule 24(a)(2) and warrant intervention as of right. *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (vacating denial of motion to intervene and remanding with instructions to permit intervention).[8] Walmart's interests meet these criteria.

*First*, Walmart has an interest in eliminating anticompetitive conduct that can cause it injury, and in particular it has an interest in rolling-back Defendants' HAC rules. Walmart has already testified to how Defendants use HAC rules to harm competition and explained why eliminating these rules is a priority. *See* Cook Decl. [Doc. 2644] ¶¶ 8, 48-50; *see also* Deposition of Michael Cook ("Cook Depo. Tr.") at 121:8-14. This is the same interest Walmart previously

---

[8] *See id.* ("An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." (citation and quotation marks omitted)).

7

litigated separately to protect, and the same interest that other merchants in this MDL are still litigating to protect (including, purportedly, the Equitable Relief Plaintiffs).[9]

*Second*, Walmart has an interest in negotiating with Defendants and using any influence it has as a large merchant to try to secure the terms that most benefit Walmart and its customers (e.g., low interchange rates). This interest is part and parcel with Walmart's interest in avoiding antitrust injury. As this Court has noted, large merchants have used their limited bargaining power to mitigate (to some degree) the damage caused by Defendants' anticompetitive measures (such as their imposition of default interchange fees). *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 239 (E.D.N.Y. 2013), *rev'd and vacated*, 827 F.3d 223 (2d Cir. 2016). Walmart's interests are direct, substantial and protectable for purposes of Rule 24(a).

Walmart's interests are directly threatened by the ERPs' efforts to certify a mandatory class; the threat is not remote or hypothetical.[10] As explained further in Walmart's opposition to class certification, the ERPs will almost certainly pursue a classwide settlement that undermines these interests. Thus, Walmart needs to protect these interests now by challenging class certification (rather than wait until a settlement class that also prohibits opt-outs is proposed). Furthermore, even if *no* settlement materializes, Walmart's interests will still be undermined by

---

[9] That the ERPs claim that they are certifying a class to protect this interest underscores that this interest is cognizable under Rule 24(a). *See In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) ("In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation.") (cited by *In re Bear Stearns*, 297 F.R.D. at 97).

[10] Again, Walmart should be permitted to review materials designated "highly confidential" (including certain expert reports that may clarify the relief the ERPs seek) before the Court rules on the ERPs' motion for class certification (if the Court has any doubt that the ERPs' motion should be denied). But the threat posed to Walmart's interests is already clear.

8

(a) halfhearted and ineffective litigation of the claims related to HAC rules by the ERPs, and/or (b) the ERPs' seeking and obtaining an injunction that restrains Walmart and other merchants from negotiating for the best possible terms in their dealings with Defendants.

Thus, Walmart's interests here are cognizable under Rule 24(a)(2), and it needs to intervene now to challenge class certification in order to protect these interests.

### C. The ERPs Will Undermine Walmart's Interests Unless Walmart Intervenes.

The ERPs will undermine Walmart's interests unless Walmart intervenes to challenge class certification. This is explained in greater detail in Walmart's opposition to class certification, and summarized here. *First*, the ERPs will undermine Walmart's interest in eliminating anticompetitive conduct, and in particular Defendants' HAC rules. The ERPs do not appear to have any actual interest in rolling back these rules or addressing Defendants' anticompetitive behavior, and are far more concerned with eliminating Defendants' no-surcharge rules (relief that would not, by itself, meaningfully benefit Walmart, and would not be operationally feasible by merchants as previously proposed).[11] The ERPs can be expected to trade away Walmart's interests during settlement negotiations, granting Defendants an extremely broad release of claims that lets them continue abusing HAC rules in exchange for relief that narrowly benefits the ERPs (i.e., the ability to surcharge). This will notably replicate fatal flaws that doomed the previous Rule 23(b)(2) class settlement. *See in re Payment Card*, 827 F.3d at 238. *Second*, the ERPs will undermine Walmart's interest in negotiating for the best possible terms in its dealings with Visa and Mastercard, e.g., by seeking an injunction that effectively prevents merchants from trying to

---

[11] Again, this is explained further in Walmart's opposition to class certification, submitted herewith. *See also* Response in Support of Application for Appointment as Co-Lead Counsel for Equitable-Relief Class [Doc. 6695] at 6; Cook Decl. [Doc. 2644] ¶¶ 8, 48-50; Cook Depo. Tr. at 146:12-20.

9

negotiate for lower interchange rates for themselves (and lower prices for their customers). This will disable the influence that has enabled large merchants like Walmart to mitigate (to some degree) the damage caused by Defendants' anticompetitive conduct. *See In re Payment Card*, 986 F. Supp. 2d at 239.

In short, the ERPs have conflicts of interest that guarantee they will not adequately represent Walmart's interests for purposes of Rule 24(a)(2). Thus, Walmart is entitled to intervene to protect its interests under the Rule. *In re Bear Stearns*, 297 F.R.D. at 97 (absent class member permitted to intervene in class action under Rule 24(a)(2) where it "lack[ed] adequate representation among the parties to the action") (court found that other class members "would likely prefer to exclude" movant from previously approved settlement).

**D. The ERPs Are Not Entitled to a Presumption of Adequacy Due to Their Conflicts of Interest.**

A movant can generally satisfy Rule 24(a)(2) with only a minimal showing that an existing party does not adequately represent its interests, unless the movant and existing party have the "same ultimate objective" and an "identity of interest" (in which case the existing party enjoys a rebuttable presumption of adequacy). *See Butler et al. v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001). Since the ERPs intend to undermine Walmart's interests, there is no identity of interest or shared ultimate objective. It follows that the Court cannot presume the ERPs' adequacy, and that Walmart has made the requisite showing of inadequacy to intervene as of right under Rule 24(a)(2). Furthermore, even if the ERPs could enjoy a presumption of adequacy, this presumption would be thoroughly rebutted by their conflicts of interest. *See id*. ("[E]vidence of collusion, *adversity of interest*, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." (emphasis added)). The ERPs' interest in a settlement that trades away Walmart's

10

interests shows that it cannot adequately represent Walmart. *See In re Payment Card*, 827 F.3d at 234.[12]

## II. The Court Should Permit Walmart to Intervene Because Intervention Will Not Prejudice Existing Parties.

In the alternative, the Court should permit Walmart to intervene under Rule 24(b)(1)(B) because Walmart's intervention will not introduce new claims or issues into the case or otherwise prejudice the existing parties. Walmart is intervening for the narrow purpose of challenging the ERPs' motion for class certification, and Walmart's challenge focuses on class certification requirements that the ERPs must already satisfy (e.g., adequacy and cohesion). Issues addressed in Walmart's arguments – such as Defendants' HAC rules, Defendants' no-surcharge rules, and merchants' ability to individually negotiate with Defendants – are already being litigated. Walmart is not intervening to assert new claims. Walmart's motion to intervene thus creates no risk of prejudice. *See Eckert*, 227 F.R.D. at 64 (unnamed plaintiff's intervention was permissible under Rule 24(b) where her claims were similar to those of named plaintiff and intervention would not prejudice defendant). For these reasons, the Court should permit Walmart to intervene under Rule 24(b)(1)(B).

---

[12] *See id.* ("Unitary representation of separate classes that claim distinct, competing, and conflicting relief create unacceptable incentives for counsel to trade benefits to one class for benefits to the other in order somehow to reach a settlement."); *see also In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 252 (2d Cir. 2011) (fundamental conflict among class subgroups precluded class certification where "[t]he selling out of one category of claim for another [was] not improbable"); *In re Bear Stearns*, 297 F.R.D. at 97 (absent class member permitted to intervene in class action under Rule 24(a)(2) where other class members likely preferred to exclude it from previously approved settlement, and thus it "lack[ed] adequate representation among the parties to the action").

11

## CONCLUSION

For these reasons, the Court should grant Walmart's motion to intervene in this action for purposes of challenging the pending motion for certification of a mandatory class.

Dated: March 26, 2021

Respectfully submitted,

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

/s/ Paul H. Schoeman
Paul H. Schoeman
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100 (phone)
(212) 715-8064 (facsimile)

**DOWD BENNETT LLP**

James F. Bennett
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
314-889-7300 (phone)
314-863-2111 (facsimile)

*Attorneys for Walmart Inc.*