E-SERVICE
66460960
Mar 27 2021
08:47PM
File & ServeXpress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY'S CUT RATE STORES INC.; DDMB, INC. d/b/a EMPORIUM ARCADE BAR; DDMB 2, LLC d/b/a EMPORIUM LOGAN SQUARE; BOSS DENTAL CARE; RUNCENTRAL, LLC; CMP CONSULTING SERV., INC.; TOWN KITCHEN, LLC d/b/a TOWN KITCHEN & BAR; GENERIC DEPOT 3, INC. d/b/a PRESCRIPTION DEPOT; and PUREONE, LLC d/b/a SALON PURE,<br><br>Plaintiffs,<br><br>v.<br><br>VISA, INC.; MASTERCARD INCORPORATED; MASTERCARD INTERNATIONAL INCORPORATED; BANK OF AMERICA, N.A.; BA MERCHANT SERVICES LLC (f/k/a DEFENDANT NATIONAL PROCESSING, INC.); BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; BARCLAYS BANK DELAWARE; BARCLAYS FINANCIAL CORP.; CAPITAL ONE BANK, (USA), N.A.; CAPITAL ONE F.S.B.; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CHASE MANHATTAN BANK USA, N.A.; CHASE PAYMENTECH SOLUTIONS, LLC; JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK N.A.; CITIGROUP, INC.; CITICORP; and WELLS FARGO & COMPANY,<br><br>Defendants. | MDL No. 1720<br><br>Docket No. 1:05-md-01720-MKB-VMS |

**DECLARATION OF DEBRA L. GREENBERGER**
**IN SUPPORT OF MERCHANT TRADE GROUPS'**
**MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING**
**CLASS CERTIFICATION AS PROPOSED**

Debra L. Greenberger declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner at the law firm Emery Celli Brinckerhoff Abady Ward & Maazel LLP, counsel for the National Retail Federation ("NRF") and the Retail Industry Leaders Association ("RILA") (collectively, "Merchant Trade Groups") in this action. I submit this declaration in support of Merchant Trade Groups' motion to intervene pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, Fed. R. Civ. P. 24(b), for the limited purpose of opposing the class certification as proposed.

2. A true and correct copy of Merchant Trade Groups' brief in opposition to class certification as proposed is attached as **Exhibit 1**.

3. I sought consent to this intervention motion from counsel for the Equitable Relief Plaintiffs and Defendants' counsel. Counsel for Equitable Relief Plaintiffs ("Equitable Relief Counsel") do not consent, and defense counsel do not take a position on the intervention motion.

4. I also sought consent to a proposed briefing schedule on this intervention motion from Equitable Relief Plaintiffs and Defendants. Equitable Relief Plaintiffs stated that they would work out a briefing schedule after they have reviewed our papers and seen what other motions to intervene would be filed; and Defendants did not take a position as to the proposed briefing schedule. We will update the Court once the parties have conferred further.

5. The day after Equitable Relief Plaintiffs filed their notice of a motion to certify a class under Fed. R. Civ. P. 23(b)(2), I requested a copy of the motion and memorandum of law. A month later, Equitable Relief Counsel provided a redacted version of the memorandum of law and a redacted version of the Leffler expert report, but no other materials. Specifically, Equitable Relief Counsel did not provide unredacted copies of any documents and did not provide even a

redacted version of the exhibits attached to the class certification motion papers (other than the Leffler report). As I expressed to the Equitable Relief Counsel, the Merchant Trade Groups are willing to enter into the operative protective order to obtain these materials.

6. Based on the limited unredacted papers the Equitable Relief Counsel provided, we believe our motion papers establish that intervention is warranted and that the class should not be certified as proposed (as detailed in our briefing). To the extent the Court is inclined to disagree, we would ask for the opportunity to supplement our briefing after receiving a full unredacted version of the memorandum of law and accompanying exhibits in support of class certification, as well as Prof. Leffler's deposition transcript.

***Merchant Trade Groups' Role in this Longstanding Case***

7. This multidistrict litigation has been ongoing since 2005. In 2012, the parties proposed a settlement with two classes: a Rule 23(b)(2) class that received injunctive relief but no right to opt out, and a Rule 23(b)(3) class, where those who did not opt out could receive monetary relief (the "Settlement").

8. Thousands of merchants objected to the mandatory (b)(2) Settlement, including Merchant Trade Groups. A true and correct copy of RILA's objection to the settlement (Dkt. No. 2469) is attached as **Exhibit 2**. A true and correct copy of NRF's objection to the settlement (Dkt. No. 2538) is attached as **Exhibit 3**.

9. Over 7,500 merchants opted out of the (b)(3) Settlement, including Merchant Trade Group, as reflected in the Report of Exclusion Requests from the Settlement (Dkt. 6154-2).

10. In 2013, the Court approved the Settlement. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.* ("*Payment Card I*"), 986 F. Supp. 2d 207, 223 (E.D.N.Y. 2013).

11. The Merchant Trade Groups, along with numerous other objectors and opt-out plaintiffs, appealed the Court's decision. NRF and RILA joined together to submit one of the two primary merchant briefs opposing the settlement before the Second Circuit. Br. For Objectors-Appellants, *In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 12-4671, at 3 (2d Cir. June 16, 2014), Dkt. 55. A true and correct copy of the brief in support of their appeal is attached as **Exhibit 4**.

12. In 2016, the Second Circuit vacated the class certification and reversed the approval of the Settlement. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.* ("*Payment Card II*"), 827 F.3d 223, 229 (2d Cir. 2016).

13. Following the Second Circuit's decision, the Merchant Trade Groups joined former class plaintiffs in requesting that the Court comprehensively reconsider class representation. A true and correct copy of the Merchant Trade Groups' memorandum of law in support of appointment of alternative counsel (Dkt. 6697) is attached as **Exhibit 5**.

14. On November 30, 2016, the Court appointed Equitable Relief Counsel for a putative class seeking certification under Rule 23(b)(2), and separate counsel for a putative class seeking certification under Rule 23(b)(3). Memorandum and Order, Dkt. 6754.

15. In 2017, Equitable Relief Plaintiffs filed a new class action complaint on behalf of a putative class under Rule 23(b)(2). In December 2019, Defendants reached a settlement *with opt-out rights* for the Rule 23(b)(3) class, represented by the Rule 23(b)(3) counsel that had been appointed on November 30, 2016. Merchant Trade Groups were among the 675 class members that opted out, as reflected in the Report of Exclusion Requests from the 2019 settlement (Dkt. 7796-2). A true and correct copy of RILA's exclusion request is attached as **Exhibit 6**. A true and correct copy of NRF's exclusion request is attached as **Exhibit 7**.

*Merchant Trade Groups' Attempts at Engaging with Equitable Relief Counsel*

16. Beginning in mid-2017, through April 2019, Merchant Trade Groups had multiple in-person meetings with the Equitable Relief Counsel. Merchant Trade Groups brought member retail representatives with deep experience with the payment industry to share their views with Equitable Relief Counsel; also participating in those meetings were staff from Merchant Trade Groups and myself. Merchant Trade Groups sought to share privileged information with their putative appointed class counsel about their views regarding the appropriate certification of any Rule 23(b)(2) class and what equitable relief would be meaningful to the broad merchant community beyond the Equitable Relief Plaintiffs.

17. The last such meeting was on April 9, 2019. It was not intended to be the final meeting, and the parties contemplated another meeting in the summer of 2019.

18. On May 15, 2019, I requested, by email, proposed dates for a follow up meeting in July 2019. When I received no response, I followed up on this request on May 23, 2019, by email; and followed up again on July 9, 2019. I did not receive a response from Equitable Relief Counsel.

19. On December 17, 2019, I again emailed Equitable Relief Counsel to follow up on a voicemail I had left the prior week. Again, I did not receive a response.

20. On February 27, 2020, I wrote a letter to Equitable Relief Counsel to again seek dates for further discussions.

21. On March 3, 2020, Equitable Relief Counsel replied after nearly a year of silence, but remained uninterested in setting a date for future discussions.

22. There have not been any further meetings or substantive discussions since April 2019, though Equitable Relief Plaintiffs have publicly stated they are having settlement discussions with Defendants. *See* Dkt. 7281, 8009.

Dated: March 26, 2021
New York, New York

*/s/Debra L. Greenberger*
DEBRA L. GREENBERGER