UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY'S CUT RATE STORES INC.; DDMB, INC. d/b/a EMPORIUM ARCADE BAR; DDMB 2, LLC d/b/a EMPORIUM LOGAN SQUARE; BOSS DENTAL CARE; RUNCENTRAL, LLC; CMP CONSULTING SERV., INC.; TOWN KITCHEN, LLC d/b/a TOWN KITCHEN & BAR; GENERIC DEPOT 3, INC. d/b/a PRESCRIPTION DEPOT; and PUREONE, LLC d/b/a SALON PURE,<br><br>   Plaintiffs,<br><br>   v.<br><br>VISA, INC.; MASTERCARD INCORPORATED; MASTERCARD INTERNATIONAL INCORPORATED; BANK OF AMERICA, N.A.; BA MERCHANT SERVICES LLC (f/k/a DEFENDANT NATIONAL PROCESSING, INC.); BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; BARCLAYS BANK DELAWARE; BARCLAYS FINANCIAL CORP.; CAPITAL ONE BANK, (USA), N.A.; CAPITAL ONE F.S.B.; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CHASE MANHATTAN BANK USA, N.A.; CHASE PAYMENTECH SOLUTIONS, LLC; JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK N.A.; CITIGROUP, INC.; CITICORP; and WELLS FARGO & COMPANY,<br><br>   Defendants. | MDL No. 1720<br><br>Docket No. 05-md-01720-MKB-VMS |

**WALMART'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER
OPPOSITION TO EQUITABLE RELIEF PLAINTIFFS'
<u>MOTION FOR CLASS CERTIFICATION</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ................................................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.   The Submissions of the ERPs' Experts Confirm That the ERPs Will Not Meet the Adequacy of Representation Requirement of Rule 23(a)(4). ................................................... 2

II.  The Submissions of the ERPs' Experts Confirm That Cohesion Is Lacking and Rule 23(b)(2) Is Not Satisfied. ................................................................................................ 7

CONCLUSION ..................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. Dairy Farmers of Am., Inc.*,
    279 F.R.D. 257 (D. Vt. 2011) ................................................................................................. 7

*In re Literary Works in Elec. Databases Copyright Litig.*,
    654 F.3d 242 (2d Cir. 2011) .................................................................................................... 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    827 F.3d 223 (2d Cir. 2016) ................................................................................................ 3, 7

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    986 F. Supp. 2d 207 (E.D.N.Y. 2013) .................................................................................... 7

*Nat'l Collegiate Athletic Ass'n v. Alston*,
    141 S. Ct. 2141 (2021) ............................................................................................................ 5

*Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*,
    540 U.S. 398 (2004) ............................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................................... 2
Fed. R. Civ. P. 23(a)(4) .................................................................................................................. 2
Fed. R. Civ. P. 23(b)(2) ...................................................................................................... 1, 3, 7, 8
Fed. R. Civ. P. 24 ....................................................................................................................... 1, 2
Fed. R. Civ. P. 24(a)(2) .................................................................................................................. 2
Fed. R. Civ. P. 24(b) ...................................................................................................................... 1

## INTRODUCTION

Walmart Inc. ("Walmart") respectfully submits this supplemental brief in opposition to the Equitable Relief Plaintiffs' ("ERPs") motion to certify a mandatory class under Fed. R. Civ. P. 23(b)(2). Since the Court permitted Walmart to intervene in this action, it has been able to review materials designated "highly confidential" under the protective order, including statements from the ERPs' experts that shed further light on the relief the ERPs seek. These materials provide additional support for Walmart's arguments against class certification; in particular, they confirm that (a) the ERPs will not adequately protect the interests of many other merchants, including Walmart, and (b) the proposed class lacks cohesion and fails to satisfy the requirements of Rule 23(b)(2). It follows that the Court should deny the ERPs' motion for class certification; or in the alternative, either grant Walmart an opt-out right or exclude Walmart from the class.

## BACKGROUND

When Walmart filed its previous opposition brief (which it submitted as an exhibit to its motion to intervene and has attached hereto as Ex. A to the Declaration of Paul H. Schoeman in Support of Supplemental Memorandum ("Schoeman Decl.")[1]), it had not been given access to materials designated "highly confidential" under the operative protective order, including certain reports from the ERPs' experts and those experts' deposition transcripts. In its motion to intervene, Walmart requested that it be permitted to review and respond to these materials before the Court ruled on the ERPs' pending motion for class certification. On June 28, 2021, the Court permitted Walmart to intervene for the limited purpose of opposing the ERPs' motion for class certification. [Doc. 8605] at 32. The Court also granted Walmart access to documents designated confidential and

---

[1] All exhibits cited hereto are attached to the Schoeman Decl.

highly confidential so that Walmart could supplement its opposition to the ERPs' class certification motion. *Id*. at 30 n. 11.

The Court permitted Walmart to intervene under Rule 24(b). In addressing Walmart's argument that it was also entitled to intervene pursuant to Rule 24(a), the Court found that the ERPs were entitled to a "presumption of adequate representation" under Rule 24 that Walmart had not rebutted, *id.* at 24-28; the Court also stressed, however, that it was only analyzing adequacy of representation under Rule 24(a)(2) and *not* under Rule 23(a)(4), *id*. at 23 n. 8. Rule 24's presumption-of-adequacy analysis is inapplicable under Rule 23 and thus inapplicable here, where the Court must decide whether a class may be certified. As explained in Walmart's prior opposition brief, and further established by the evidence below, class certification is inappropriate.

## ARGUMENT

The reports and testimony of the Equitable Relief Plaintiffs' own experts confirm that class certification should be denied because the ERPs seek injunctive relief and a settlement that will undermine the interests of Walmart and many other merchants. Walmart's previous opposition brief explained its arguments against class certification in detail, and Walmart incorporates those arguments by reference. The purpose of this supplemental brief is to buttress Walmart's arguments with the evidence that it has recently been able to review.

**I. The Submissions of the ERPs' Experts Confirm That the ERPs Will Not Meet the Adequacy of Representation Requirement of Rule 23(a)(4).**

As Walmart has argued, the Equitable Relief Plaintiffs are inadequate class representatives for purposes of Rule 23(a)(4) because they will undermine the interests of Walmart and other class members during litigation or settlement. Opp. at 9-14. In particular, the ERPs will undermine other merchants' interests in rolling-back "Honor All Cards" ("HAC") rules and negotiating pro-

2

competitive card acceptance agreements with Defendants. The reports and testimony of the ERPs' own experts justify Walmart's concern.

*First*, testimony from the ERPs' experts confirms that the ERPs will undermine merchants' interests in eliminating the anticompetitive conduct enabled and perpetuated by Defendants' HAC rules. During his deposition, ERP expert Prof. Dennis Carlton ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This testimony confirms that the ERPs have little interest in rolling back HAC rules. It also suggests that the ERPs will trade away other merchants' interests during settlement negotiations, granting Defendants an extremely broad release of claims that lets them keep hampering competition through their HAC rules in exchange for merchants' ability to surcharge their customers at the point of sale (which narrowly benefits the ERPs). This danger was already recognized in the previous aborted Rule 23(b)(2) class settlement, which the Second Circuit rejected because (among other reasons) it offered Defendants a broad release while failing to benefit many class members (including those affected by the HAC rules). *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 238 (2d Cir. 2016).

Consistent with Prof. Carlton's testimony, ERP expert Prof. Keith Leffler ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████[2] The testimony of Carlton and Leffler highlights the ERPs' incentives to trade away the injunctive relief many other merchants need, which in turn proves that the ERPs have a fundamental conflict of interest that defeats adequacy. *See In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 252 (2d Cir. 2011) (fundamental conflict among class subgroups precluded class certification where "[t]he selling out of one category of claim for another [was] not improbable").

*Second*, statements from the ERPs' experts confirm that the ERPs will undermine some merchants' interests in negotiating for the best possible terms in their dealings directly with Visa and Mastercard; in particular, the ERPs will seek an injunction that disables large merchants' bargaining power. In his expert report, ERP expert Prof. Joseph Stiglitz ████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████.[3] ███████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

---

[2] ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
█████████████████████████████████

[3] ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████[4]

     Prof. Leffler ██████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████[5]

---

[4] The Supreme Court has recently cautioned courts to be circumspect about granting this type of relief in antitrust cases:

> Judges must be sensitive to the possibility that the "continuing supervision of a highly detailed decree" could wind up impairing rather than enhancing competition. . . . Costs associated with ensuring compliance with judicial decrees may exceed efficiencies gained; the decrees themselves may unintentionally suppress procompetitive innovation and even facilitate collusion. . . . [C]ourts must have a healthy respect for the practical limits of judicial administration: "An antitrust court is unlikely to be an effective day-to-day enforcer" of a detailed decree, able to keep pace with changing market dynamics alongside a busy docket. . . . In short, judges make for poor "central planners" and should never aspire to the role.

*Nat'l Collegiate Athletic Ass'n v. Alston*, 141 S. Ct. 2141, 2163-64 (2021) (quoting *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 408, 415 (2004)).

[5] ███████████████████████████████████████
███████████████████████████████████████

5



[7] Thus, the ERPs' desired relief would throw the existing settlements of many merchants into doubt and undermine these merchants' interests in these settlements. *See* [Doc. 8605] (Superseding and Am. Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Pls. and the Defs.). [8]

---

[6]

[7]

[8]

In his expert report, Prof. Leffler ██████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ As this Court has noted, large merchants have used their bargaining power to mitigate in some measure the damage caused by Defendants' anticompetitive conduct. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 239 (E.D.N.Y. 2013) ("[D]efault interchange operates only in the absence of bilateral agreement, and some of the very large merchants have sufficient transaction volume that they can actually negotiate for their own, lower interchange structures."), *rev'd and vacated*, 827 F.3d 223 (2d Cir. 2016). As the above shows, the ERPs seek relief that would prevent such merchants from trying to use what bargaining power they have to secure lower interchange rates, which can lead to lower prices for their customers. Thus, as Walmart has argued, the ERPs seek to undermine the interests of at least some merchants in their proposed class.

The ERPs' plan to limit other merchants' ability to deal with Defendants shows that they will undermine other class members' interests if their proposed mandatory class is certified, which in turn highlights that they are inadequate class representatives. *See Allen v. Dairy Farmers of Am., Inc.*, 279 F.R.D. 257, 274 (D. Vt. 2011) (named plaintiffs inadequate who sought to "recover from, punish, and prohibit" the activities of other class members).

## II. The Submissions of the ERPs' Experts Confirm That Cohesion Is Lacking and Rule 23(b)(2) Is Not Satisfied.

As Walmart has argued, the proposed class is not cohesive enough to be certified, and fails the express requirements of Rule 23(b)(2), because the ERPs will not seek an injunction that benefits the entire class. Indeed, they have not shown that a single injunction *could* provide classwide relief. Ex. A, Opp. at 14-20. The reports and deposition testimony of the ERPs' experts

prove this point. As explained above, these experts confirm that the ERPs' desired injunctive "relief" would (a) not meaningfully help many merchants (as permitting merchants to surcharge their customers at the point of sale would not), (b) restrain merchants from negotiating for the best possible terms in their dealings directly with Defendants, and (c) forfeit relief that many merchants need (a thorough rollback of HAC rules).

## CONCLUSION

For all of the foregoing reasons, and other reasons provided in Walmart's previous opposition brief, the Court should deny the Equitable Relief Plaintiffs' motion for class certification under Rule 23(b)(2); or in the alternative, either grant Walmart an opt-out right or exclude Walmart from the class.

Dated: July 29, 2021

Respectfully submitted,

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

/s/ Paul H. Schoeman
Paul H. Schoeman
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100 (phone)
(212) 715-8064 (facsimile)

**DOWD BENNETT LLP**

James F. Bennett
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
314-889-7300 (phone)
314-863-2111 (facsimile)

*Attorneys for Walmart Inc.*