

O'Melveny & Myers LLP    T: +1 212 326 2000                       File Number:
Times Square Tower        F: +1 212 326 2061
7 Times Square            omm.com
New York, NY 10036-6537

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

August 9, 2021

**VIA ECF**

The Honorable Vera M. Scanlon
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

Re:      *In re Payment Card Interchange Fee and Merchant Discount Litigation*,
          **05-md-1720 (E.D.N.Y.) (MKB) (VMS) - Response to Plaintiffs' Motion to Compel**

Dear Magistrate Judge Scanlon:

When Plaintiffs served a subpoena (the "Subpoena") on non-party Klarna Inc. seeking twelve broad categories of documents—including many documents in the parties' own possession and some of Klarna's most confidential financial and strategy information—Klarna objected to the breadth of their requests (the "Requests") and asked Plaintiffs to explain exactly what documents they needed from Klarna and why.  Plaintiffs refused to do so, arguing only generally that Klarna has some relevance to the payments market and their case is also about the payments market.

Plaintiffs show the same dismissive attitude in their motion to compel.  (Dkt. 8626 ("Mot.").)  Although it is their burden to establish the relevance of each category of documents they seek, they make little attempt to do so.  They devote a total of three sentences to arguing that seven of the Requests seek relevant documents and make no argument at all as to the other five Requests—claiming they need not do so because Klarna's relevance objection was not "specific" enough.  Plaintiffs' approach is simply incompatible with Rule 45, which requires them to "take reasonable steps to avoid imposing undue burden or expense on" Klarna.  Those "reasonable steps" surely include narrowing the scope of documents requested to those for which Plaintiffs can actually articulate why the documents are necessary to prosecute their claims or to rebut Defendants' defenses.  Because Gruhbub Plaintiffs have not done so—and have not addressed Klarna's other objections—the Motion should be denied.

I.      **Klarna attempts to meet and confer in good faith.**

Plaintiffs have sued Visa and Mastercard for promulgating rules—agreed to by member credit-card issuing banks and followed by merchants—that allegedly eliminate competition between the issuers and give them and the networks "market power," causing merchants to pay excessive interchange and network fees.  (Dkt. 7906 ¶ 6.)  Klarna offers a competing service that allows consumers to defer payment for their purchases without a credit card.

The Subpoena sought broad categories of documents dating back to 2000—fifteen years before Klarna began offering services in the U.S.  The Requests range from Klarna's interactions with Plaintiffs themselves (Requests 5 and 6) to its sensitive financial information (Requests 10 and 11) and "market analyses or strategic plans" (Request 6).  To shoehorn Klarna's service into a lawsuit about credit cards, Plaintiffs included sweeping definitions, such as defining "Payment



Card" to include any "non-physical form factor" used in "payment of some . . . obligation." (Broz Decl. Ex. (hereinafter "Ex.") A at 5.) Klarna objected to the overbroad Requests and offered to meet and confer. (Ex. B.) Klarna certainly understood that it might have relevant documents, but it expected Plaintiffs to come forward with more reasonable, specific requests than their blunderbuss Subpoena and explain why they needed the documents they sought.

They did not. Although Plaintiffs made arguments about the general relevance of Klarna as an entity, they did not explain the need for any documents at all. (*See* Ex. D.) Klarna responded that while its "place in the payments market might mean that it has some relevant documents, Plaintiffs must identify such documents with much greater particularity than the twelve broad Requests in the Subpoena." (Ex. E at 2.) Plaintiffs have ever since—even in their Motion— pretended that Klarna "conceded" relevance and so have never explained the relevance of any particular documents, much less the necessity for such broad Requests. (*See* Mot. at 1.)

When Klarna offered to produce some documents, including analyses of merchant choice of payment solutions and marketing materials (Ex. G at 2), Plaintiffs responded with accusations of bad faith and insisted that Klarna produce responsive documents (Ex. H at 5). When Klarna asked again for an explanation of relevance—pointing out that Plaintiffs would need to make a relevance showing to the Court anyway (Ex. I at 1)—Plaintiffs responded by filing the Motion.

## II.     Plaintiffs do not address much of Klarna's objections.

The Motion does not even address much of Klarna's objections. Putting aside Klarna's vagueness objections (*see* Ex. B at 2), Plaintiffs do not address Klarna's concern that the Requests seek highly confidential information that potentially rises to the level of trade secrets. (*See* Ex. B at 3.) Under Rule 45, Plaintiffs must show a "substantial need" for Klarna's highly sensitive documents. *See Discover Fin. Servs., Inc. v. Visa U.S.A., Inc.*, 2006 WL 8460949, at *2 (S.D.N.Y. Aug. 3, 2006) (quashing subpoena for documents that "concern sensitive future business plans"); Fed. R. Civ. P. 45(d)(3)(B) (permitting court to "quash or modify" subpoena seeking "a trade secret or other confidential . . . commercial information"). The protective order in the case does not obviate Rule 45's requirements; Klarna will "not be continually present" at future proceedings to ensure that its documents remain confidential, "and its interests would undoubtedly be subordinate to those of the parties who would be present." *In re ANC Rental Corp.*, 2002 U.S. Dist. LEXIS 12260, at *4 (E.D. Pa. June 20, 2002) (quashing subpoena seeking disclosure of confidential information despite protective order); *accord Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 738–43 (Fed. Cir. 1987) (affirming denial of third-party discovery on confidentiality grounds absent sufficient showing of need despite protective order). Plaintiffs do not deign to address Klarna's concerns, much less give the Court a basis to override them.

Nor do Plaintiffs even try to meet their burden to show the relevance of the documents sought in Requests 5, 6, 8, 9, or 12. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 2014 WL 12833780, at *8 (E.D.N.Y. Apr. 11, 2014) ("The burden of demonstrating relevance is on the party seeking discovery.") (internal quotation marks omitted). Indeed, they offer no reason at all why those Requests seek relevant information. Plaintiffs also do not explain how Requests 2, 4, 10, and 11 are consistent with Rule 45's mandate that they "must take reasonable steps to avoid imposing undue burden or expense" on Klarna. Plaintiffs argue that they are relieved from this obligation because Klarna waived its right to require a showing of relevance or a justification of burden by failing to object "specifically" enough. (*See* Mot. at 2.) They are wrong.

Plaintiffs confuse the requirements of third-party discovery responses with those of party discovery responses. While Rule 34 requires that "for each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons," Rule 45 does not. It required Klarna only to serve "a written objection to inspecting . . . any or all of the



materials" requested. Fed. R. Civ. P. 45(d)(2). The propriety of more general objections for third parties makes sense given their lack of familiarity with the pleadings and arguments and the shorter time they have to respond. *Compare* Fed. R. Civ. P. 34(b)(2)(A) (30 days) *with* Fed. R. Civ. P. 45(b)(2)(A) (14 days). Klarna complied with Rule 45 in stating its objections within 14 days. There is no basis for finding it waived its right to be free from an overbroad subpoena.

Gruhbub Plaintiffs' argument that Rule 34 should somehow be applied to Klarna is based entirely on *Rinaldi v. Nice*, 2020 U.S. Dist. LEXIS 133034 (S.D.N.Y. July 27, 2020). But the court there found waiver of a general relevance objection only when the non-party "did not make a specific objection(s) to *any* particular request(s)." *Id.* at *14 (emphasis added). Klarna, by contrast, included specific relevance objections to help clarify its general one. Nor does the case acknowledge the difference between Rule 34 and Rule 45, possibly because the waiver issue was not even briefed by the parties. *See Rinaldi v. Nice*, 1:19-cv-00424, Dkts. 128, 135 (S.D.N.Y.).

## III.    Plaintiffs have not shown the relevance of any Request.

Plaintiffs have failed to meet their burden to show the relevance of the broad scope of documents sought by the Requests. Plaintiffs do not even try to justify Requests 5 and 6, which (as subsequently clarified) seek Klarna's Request-for-Proposal ("RFP") responses to Plaintiffs themselves, any resulting agreements with Plaintiffs, and all related external and internal communications, "market analyses," and "strategic plans." (Ex. H at 3.) Plaintiffs cannot explain why Klarna's communications about the RFP process or its marketing and pricing plans are relevant to Plaintiffs' claims against Visa and Mastercard complaining about the fees those networks impose when customers use credit cards rather than Klarna. Plaintiffs likewise do not attempt to justify, or even explain, Requests 8 and 9, which seek documents about how Visa and Mastercard modified or restructured their interchange or network fees for Klarna's services. Klarna is not a member of either network and does not know what Plaintiffs are talking about.

Plaintiffs argue that Requests 2 and 4, which seek Klarna's agreements and communications with any of thousands of issuing banks, are justified because the documents sought "are relevant to discovery of admissible evidence about the impact of the challenged rules." (Mot. at 3.) Plaintiffs are not entitled to explore each and every avenue for developing evidence on the "impact" of the challenged rules; Plaintiffs must connect the documents they seek from Klarna to their actual *claims* or to the networks' *defenses*. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs do not explain how interactions between third parties help with either. Klarna neither promulgates nor is governed by the "challenged rules." Plaintiffs need to explain why they need these documents; they are not entitled to a fishing expedition. *See Koch v. Greenberg*, 2009 WL 2143634, at *3 (S.D.N.Y. (July 14, 2009) (no discovery into business relationship with non-party where relevance required "significant inferential leap").

Finally, Plaintiffs argue that Requests 1, 3, 7, 10, and 11 will help them to show whether (i) the networks "have acted to avoid competition from Klarna," (ii) "whether Klarna should be included in the relevant market," and (iii) "whether Klarna has encountered barriers to entry." (Mot. at 3.) That conclusory sentence does not satisfy their burden on five broad categories of documents. How would Klarna's communications with merchants and credit-card issuing banks (Requests 1, 3, and 7) or Klarna's revenue and costs (Requests 10 and 11) show whether the *networks* acted to avoid competition? And why would Klarna be communicating with merchants and issuers—i.e., customers and competitors—about what, if any, barriers Klarna faced in entering the payment space? As for whether "Klarna should be included in the relevant market," that depends on the services Klarna offers, not on its profits or how it talks to competitors. The Court is not required to merely take Plaintiffs' word that the documents sought are relevant; Rule 45 requires Plaintiffs to establish a connection between the documents sought and their claims. *See, e.g., Chinn v. Blankenship*, 2010 WL 11591399, at *5 (W.D. Wash. Feb. 26, 2010) (denying



motion to compel third-party documents when party's relevance argument "is so broad and general in nature that the Court is left to speculate regarding the linkage between the documents and his claims").

## IV.    The Requests are overbroad and unduly burdensome.

Plaintiffs accuse Klarna of not showing why each Request is burdensome, but burden is not evaluated in a vacuum; the Court must gauge "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).  If Plaintiffs can identify some relevant subset of documents, the Requests are overbroad to the extent they seek anything more.  *See id.*  And where Plaintiffs can show only minimal relevance, that is not enough to justify imposing a significant burden on Klarna.

It is black-letter law that Plaintiffs cannot burden Klarna with a request to produce documents in their own possession or in possession of Defendants.  *See, e.g.*, *Torre v. Charter Commc'ns, Inc.*, 2020 WL 7705940, at *1 (S.D.N.Y. Dec. 28, 2020) (quashing subpoena seeking documents from third party that "could and should be obtained from . . . a party to this action").  Plaintiffs do not dispute that Requests 1, 3, 5, 6, 8, and 9, seek such materials.  (Mot. at 3.)  To try to get around this fatal flaw, Plaintiffs cite only *Palm Bay International, Inc. v. Marchesi Di Barolo S.P.A.*, 2009 U.S. Dist. LEXIS 104020 (E.D.N.Y. Nov. 9, 2009).  But there a party sought to reopen certain depositions because a *party* had failed to produce documents that had already been produced by a third party.  *See id.* at *28.  The court agreed to consider re-opening the depositions after an additional relevance showing, but did not order the party to produce the documents that had already been produced.  The case thus does not even stand for the proposition that a *party* needs to produce documents already in the opposing party's possession, much less that a *third party* like Klarna does. Plaintiffs cannot cite any authority suggesting that.

The Requests for Klarna's communications with and about Visa or Mastercard agreements, agreements with issuing banks, and agreements or RFP responses to Plaintiffs (Requests 1, 2, 5, 6, and 7) are no more appropriate.  Plaintiffs admit that some of these Requests require email searches; in fact they all would, possibly requiring Klarna to review thousands of emails from multiple custodians.  (Ex. H at 2.)  By asking for Klarna's analysis or communications with networks, issuers, and merchants, the Requests span most of the payments market and may well implicate nearly every Klarna employee.  Given the marginal relevance of those documents, such a burden is disproportionate.  *See* Fed. R. Civ. P. 26(b).

Nor does Plaintiffs' effort to narrow Request 7 save that Request.  Plaintiffs still ask Klarna to produce a "template or typical response" to a merchant's rejection and sneak in a new category of documents: "any trainings" Klarna has about selling to merchants who lack agreements with Klarna.  (Mot. at 3.)  But Plaintiffs do not meaningfully decrease the burden on Klarna.  While seeking "typical" responses to merchants might decrease the number of documents Klarna needs to *produce*, it still must collect and analyze sufficient responses to allow it to identify what Plaintiffs would consider "typical."  Given the tenuous connection to Plaintiffs' claims, the benefit to Plaintiffs does not outweigh the burden to Klarna.

\* \* \*

Plaintiffs fail to acknowledge their burden of proof on the Motion and thus make no attempt to meet it.  They are not entitled to burden Klarna with a broad subpoena simply because Klarna's business relates to the lawsuit.  Plaintiffs have to justify each of the Requests.  Because they have not done so, the Court should deny the Motion in its entirety.



Respectfully submitted,

*/s/ Abby F. Rudzin*

Abby F. Rudzin
*of* O'Melveny & Myers LLP

*Counsel for Klarna Inc.*

cc:  All Counsel of Record via ECF