**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MASTER FILE 05-MD-1720 |
| This Document Relates To:<br><br>*Old Jericho Enterprise, Inc. et al. v. Visa, Inc. et al.*, No. 2:20-cv-02394 (E.D.N.Y.) (MKB)(VMS) | **MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL** |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 2

III. ARGUMENT ................................................................................................................. 3

   A. LEGAL STANDARD................................................................................................ 4

   B. COHEN MILSTEIN HAS ALREADY DEVOTED SIGNIFICANT RESOURCES TO IDENTIFYING AND INVESTIGATING THE CLAIMS IN THE ACTION .......................... 5

   C. COHEN MILSTEIN'S ATTORNEYS HAVE SUBSTANTIAL KNOWLEDGE OF ANTITRUST LAW AND A TRACK RECORD OF SUCCESS IN LITIGATING COMPLEX ANTITRUST ACTIONS ................................................................................................ 5

   D. COHEN MILSTEIN POSSESSES THE RESOURCES TO PURSUE THESE CLAIMS EFFICIENTLY AND EFFECTIVELY ............................................................................. 10

   E. ALL PLAINTIFFS AND THEIR ATTORNEYS SUPPORT THE APPOINTMENT OF COHEN MILSTEIN AS INTERIM LEAD CLASS COUNSEL ........................................... 10

IV. CONCLUSION............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006)......................................................................................4

*Breakwater Trading LLC v. J.P. Morgan Chase & Co.*,
   No. 20-cv-3515 (PAE), 2020 WL 5992344 (S.D.N.Y. Oct. 9, 2020) ........................3

*Fremgen v. Amazon.Com, Inc.*,
   No. 1:21-cv-01369-GHW-DCF, 2021 WL 1977301 (S.D.N.Y. Apr. 15, 2021) ........3

*In re Parking Heaters Antitrust Litig.*,
   310 F.R.D. 54 (E.D.N.Y. 2015)......................................................................................3

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   No. 05-MD-1720 (MKB)(JO), 2016 WL 8138988 (E.D.N.Y. Nov. 30, 2016).........3

*In re Urethane Antitrust Litig.*,
   MDL No. 1616 (D. Kan. July 29, 2016), ECF No. 3273......................................6, 7

*In re: Warner Music Grp. Data Breach*,
   No. 1:20-cv-7473 (PGG), 2021 WL 725728 (S.D.N.Y. Feb. 22, 2021)....................4

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 23 ............................................................. *passim*

Manual for Complex Litigation, Fourth................................................................3, 4, 10

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs Old Jericho Enterprise, Inc., OKY LLC, W.L.F. Automotive, Inc., Buck's, Inc., Pointe Service Center LLC, Koehnen's Standard Service, Inc., Mox LLC, Wesco, Inc., Chandler Oil-1 Corporation, 32T, LLC, Red Eagle, Inc., Zarco USA, Inc., Victory Energy, LLC, H&H Enterprises Inc., Heinz Enterprises, Inc., Coffee Cup Fuel Stop, Inc., Mineral Spring Avenue Getty, Inc., Pit Row, Inc., and Village Center Auto Care, Inc. (collectively "Plaintiffs") respectfully move the Court for an order appointing Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as interim class counsel for the proposed class of indirect purchaser gasoline retailers in the above-captioned action. This motion is supported by all Plaintiffs in this action and their counsel. Defendants have authorized the undersigned to represent that they take no position on the motion.

## I.   INTRODUCTION

Plaintiffs in this action are gasoline retailers who indirectly purchased credit card acceptance services from Defendants Visa, Inc. ("Visa") and MasterCard, Inc. ("MasterCard") (collectively "Defendants"). Plaintiffs allege that Visa and MasterCard unlawfully insulated themselves from price competition by mandating that merchants comply with anticompetitive rules governing their treatment of credit card transactions. Plaintiffs assert claims on behalf of themselves and a class of similarly situated gasoline retailers from states allowing indirect purchasers to bring antitrust damages claims. Plaintiffs now request that the Court appoint Cohen Milstein as interim class counsel representing this proposed class. Granting this motion will facilitate the efficient and successful representation of the proposed class.

Consistent with Rule 23(g) and sound principles of efficient case management, the Court should appoint interim leadership for the proposed class at this stage of this action. Appointment of leadership for the proposed class will permit Plaintiffs' counsel to continue work effectively with counsel for Defendants on basic case management issues, such as the negotiation of pretrial

1

orders, and to structure and streamline communication with the Court on behalf of Plaintiffs and the class they seek to represent.

Cohen Milstein possesses the requisite expertise to lead this action. Cohen Milstein's track record in other complex class action cases, particularly complex antitrust litigation, demonstrates that it can be counted on to dedicate the time, resources, and skill required of interim class counsel under Rule 23(g). The firm has spent decades prosecuting antitrust class actions involving issues just as complex as those in this action, and its attorneys have a history of winning landmark verdicts and negotiating favorable settlements for their clients. Moreover, Cohen Milstein has already devoted substantial resources to investigating the credit card industry and the Defendants' violation of the antitrust laws and has started to work with Defendants to address discovery and related case management issues and with experts to analyze the conduct at issue in this case. Accordingly, because the proposed interim class counsel satisfy the requirements of Rule 23(g) and their appointment would advance its purposes, Plaintiffs respectfully request that this Court grant the motion and enter the proposed order.

## II.     BACKGROUND

On May 29, 2020, Plaintiffs filed a complaint against Visa and MasterCard on behalf of themselves and a class of all others similarly situated. Plaintiffs allege that Visa and MasterCard conspired to unlawfully insulate themselves from price competition by mandating that merchants comply with anticompetitive rules governing their treatment of credit card transactions. Those rules include a "No-Surcharge Rule" that flatly prohibits merchants from imposing a charge for credit card transactions on the networks operated by Visa and MasterCard. The No-Surcharge Rule and other similar restraints imposed by Defendants effectively prohibit merchants from steering customers away from card products with high fees and toward lower-cost payment alternatives. As a result, Visa and Mastercard have been able to impose significant per-transaction "swipe fees"

on merchants, knowing that those merchants are unable to induce customers to shift to less expensive payment options.

Plaintiffs, who purchase Defendants' card acceptance services indirectly, contend that Defendants' imposition of these rules violates the antitrust laws of twenty-four states and the District of Columbia, each of which allows such claims to be brought by indirect purchasers of a defendant's services.

### III. ARGUMENT

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In complex cases such as this one, district courts routinely appoint interim class counsel to coordinate the prosecution of the case. *See, e.g.*, *Fremgen v. Amazon.Com, Inc.*, No. 1:21-cv-01369-GHW-DCF, 2021 WL 1977301, at *1 (S.D.N.Y. Apr. 15, 2021); *In re Parking Heaters Antitrust Litig.*, 310 F.R.D. 54, 56 (E.D.N.Y. 2015). Such appointments are commonplace because they "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Breakwater Trading LLC v. J.P. Morgan Chase & Co.*, No. 20-cv-3515 (PAE), 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting Manual for Complex Litigation, Fourth ("Manual") § 21.11, at 246 (2004)). Indeed, as this Court has previously noted in connection with the related MDL 1720 litigation, "[e]xperience in this litigation since the initial appointment of interim lead counsel over a decade ago . . . has served only to highlight the role's utility." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB)(JO), 2016 WL 8138988, at *2 (E.D.N.Y. Nov. 30, 2016).

3

If appointed as interim class counsel, Cohen Milstein will be responsible for the day-to-day conduct of the litigation and for carrying out the orders of the Court. Cohen Milstein will execute all duties and responsibilities of lead counsel to effectively resolve this litigation, including presenting written and oral arguments to the court; communicating with other parties; organizing discovery requests and responses; examining deponents; delegating specific tasks to other Plaintiffs' counsel; ensuring that schedules are met; and assuming other duties to coordinate pretrial activities or as authorized by the Court. *See* Manual § 10.221, at 25. Cohen Milstein will ensure that this matter is adjudicated in a cost-effective and efficient manner, using a time and expense reporting protocol for all counsel to ensure that work is not duplicated. Appointment of Cohen Milstein as interim class counsel will facilitate these efficiencies.

### A. LEGAL STANDARD

It is well established that "[a] court considering the appointment of interim lead class counsel should consider the same factors that a court appointing lead counsel for a certified class must consider." *Parking Heaters*, 310 F.R.D. at 57; *see also In re: Warner Music Grp. Data Breach*, No. 1:20-cv-7473 (PGG), 2021 WL 725728, at *2 (S.D.N.Y. Feb. 22, 2021); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Those criteria include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Application of these factors strongly supports appointing Cohen Milstein as interim class counsel.

4

### B. COHEN MILSTEIN HAS ALREADY DEVOTED SIGNIFICANT RESOURCES TO IDENTIFYING AND INVESTIGATING THE CLAIMS IN THE ACTION

Cohen Milstein has invested substantial time and effort into researching the claims underlying the complaint, analyzing the card services industry, and determining the scope of the claims in this action, as reflected in the initial Complaint filed in May 2020 and in the 270-paragraph Amended Complaint filed on December 11, 2020. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). Before filing the Complaint, counsel conducted a thorough, independent investigation into the matters alleged and analyzed the terms of the prior settlement in MDL 1720 to determine that Plaintiffs' claims were not encompassed therein. Cohen Milstein has also sought and obtained informal document production from Defendants in this action and has served discovery requests on a number of third parties with relevant information. Furthermore, counsel have consulted with leading economic experts to advise on the conduct at issue in this action.

### C. COHEN MILSTEIN'S ATTORNEYS HAVE SUBSTANTIAL KNOWLEDGE OF ANTITRUST LAW AND A TRACK RECORD OF SUCCESS IN LITIGATING COMPLEX ANTITRUST ACTIONS

Class members should be represented by counsel well versed in the substantive law of antitrust, *see* Fed. R. Civ. P. 23(g)(1)(A)(iii), with a history of getting class members the best results, *see* Fed. R. Civ. P. 23(g)(1)(A)(ii). Cohen Milstein is eminently qualified to serve as interim class counsel. The firm possesses the requisite experience, knowledge, and resources to skillfully and effectively prosecute this litigation on behalf of the putative class.

Cohen Milstein is one of the oldest, largest, and most successful firms in the nation dedicated primarily to the prosecution of class actions. *Forbes* has called Cohen Milstein a "class-action powerhouse," while *Inside Counsel* has dubbed Cohen Milstein "the most effective law firm in the United States for lawsuits with a strong social and political component." *Cohen Milstein Sellers & Toll PLLC > Firm Profile*, Legal 500, https://www.legal500.com/firms/52315-cohen-

milstein-sellers-toll-pllc/55612-new-york-usa/#firm_profiles (last visited Aug. 8, 2021). Cohen Milstein's background and experience are more fully detailed in the firm résumé attached as Exhibit A to the Declaration of Richard A. Koffman, filed concurrently herewith. Cohen Milstein has particular skill and expertise in enforcing federal and state antitrust laws, with thirty lawyers dedicated specifically to antitrust practice. The firm's antitrust prowess has been recognized by numerous industry associations and legal publications. For instance, Cohen Milstein is currently listed as one of only five "Tier One" antitrust class action firms in the country by Legal 500, and in 2020, American Lawyer Media and The National Trial Lawyers recognized Cohen Milstein as the "Antitrust Law Firm of the Year."

Cohen Milstein's track record speaks for itself. For instance, Cohen Milstein served as co-lead counsel *In re Urethane Antitrust Litigation* (D. Kan.), where it secured the largest ever price-fixing jury verdict in United States history and obtained a $1.06 billion judgment. Cohen Milstein then successfully defended that judgment on appeal in the United States Court of Appeals for the Tenth Circuit and recouped a total of $974 million for the class (including an $835 million settlement with The Dow Chemical Company while Dow's petition for *certiorari* was pending). In approving the firm's petition for fees, United States District Judge John W. Lungstrum noted:

> Hundreds of millions were at stake here, and counsel achieved incredible success on the merits of the claims. . . . The case was not settled pretrial for a percentage of the damages, nor was it settled on appeal for a steep discount from the judgment amount; instead counsel litigated the case to a verdict and an appellate affirmance. Counsel achieved this verdict and judgment without the benefit of a government investigation or prosecution of members of the alleged antitrust conspiracy. The subject matter was complex and not easily digestible by a lay jury, and there were no personal injuries to heighten sympathy. In almost 25 years of service on the bench, this Court has not experienced a more remarkable result.

Mem. & Order 10-11, *In re Urethane Antitrust Litig.*, MDL No. 1616 (D. Kan. July 29, 2016), ECF No. 3273. Cohen Milstein has achieved extraordinary settlements in a number of other antitrust cases. For example, Cohen Milstein secured $560 million in settlements in *In re Electronic Books Antitrust Litigation* (S.D.N.Y.), $575 million in settlements in *Sutter Health Antitrust Litigation* (Sup. Ct., San Fran. Cnty., Cal.), and $191 million in settlements in *In re Domestic Drywall Antitrust Litigation* (E.D. Pa.)..

The senior members of the Cohen Milstein litigation team in this matter will provide the putative class with the highest level of representation. They include:

**Richard A. Koffman**: Mr. Koffman graduated from Wesleyan University with Honors and received his J.D. from Yale Law School. As a Partner at Cohen Milstein and a former Co-Chair of the Antitrust Practice Group at the firm, Mr. Koffman has served as co-lead counsel in a number of landmark antitrust class actions, including *In re Urethane Antitrust Litigation*. Other victories include serving as co-lead counsel *In re Plasma-Derivative Protein Therapies Antitrust Litigation* (N.D. Ill.), where Mr. Koffman and his team secured $128 million for consumers overcharged on life-saving blood plasma therapies, and *In re Dental Supplies Antitrust Litigation* (E.D.N.Y.), which resulted in an $80 million settlement.

Mr. Koffman has been repeatedly recognized as one of the nation's top plaintiffs' antitrust lawyers. He was named Law360's Competition Law MVP in 2016, and he was inducted into the Legal 500 Hall of Fame in 2017. Mr. Koffman was also named one of the world's leading competition lawyers by Global Competition Review in 2016, 2019, 2020, and 2021 and was recognized as a Washington, D.C. Super Lawyer in 2020. Most recently, Mr. Koffman was among just thirty-four plaintiffs' lawyers in the U.S. selected for recognition in the forthcoming 2022 edition of the Global Competition Review's *Who's Who Legal: Thought Leaders – Competition*.

**Sharon K. Robertson**: Ms. Robertson is a Partner in the Antitrust Practice Group at Cohen Milstein and a member of the firm's Executive Committee. She graduated *magna cum laude* from SUNY Binghamton and received her law degree from Benjamin N. Cardozo School of Law.

Ms. Robertson has successfully litigated a number of high-profile, complex antitrust cases. In addition to *In re Urethanes Antitrust Litigation*, in which Ms. Robertson served as a key member of the trial team, Ms. Robertson served as co-lead counsel in *In re Lidoderm Antitrust Litigation* (N.D. Cal.), which resulted in a $104.75 million settlement with manufacturers of the Lidoderm patch, and *In re Blood Reagents Antitrust Litigation* (E.D. Pa.), which settled before trial – where Ms. Robertson was slated to serve as one of four lead trial counsel – for $41.5 million.

Ms. Robertson's success in cutting-edge and complex antitrust matters has led to numerous professional recognitions and awards. In both 2020 and 2021, Chambers USA ranked her as a "Top Ranked" individual attorney in the area of "Antitrust: Plaintiff—New York and USA—Nationwide." Lawdragon has included her on its list of "500 Leading Lawyers in America," and the National Law Journal has named her as one of nine "Elite Women of the Plaintiffs' Bar," based on her track record of "consistently excell[ing] in high-stakes matters on behalf of plaintiffs." *NLJ's Elite Women of the Plaintiffs' Bar 2019*, Bloomberg Law (Sept. 27, 2019), https://www.bloomberglaw.com/document/X92TRL7C000000?jcsearch=gml45hgdkf#jcite. And, in 2018, the American Antitrust Institute honored her with its prestigious "Outstanding Antitrust Litigation Achievement by a Young Lawyer" award for her role *In re Lidoderm Antitrust Litigation*.

**Manuel Juan Dominguez**: Mr. Dominguez is a Partner at Cohen Milstein and a member of the firm's Antitrust Practice Group. He earned his undergraduate degree at Florida International University and his law degree with honors from Florida State University.

8

Mr. Dominguez has been litigating complex antitrust, securities, and consumer cases for more than 20 years, and he has served as lead counsel and handled numerous high-profile, high-stakes cases during that time. His efforts have enabled aggrieved businesses and consumers to recover hundreds of millions of dollars. He currently represents plaintiffs in several complex antitrust matters, including *In re Automotive Parts Antitrust Litigation* (E.D. Mich.), which has led to more than $500 million in settlements for direct purchaser plaintiffs, and *In re Liquid Aluminum Sulfate Antitrust Litigation* (D.N.J.), in which the court appointed Mr. Dominguez to serve on the Plaintiffs' Steering Committee.

Mr. Dominguez has been honored as a "Legal Elite" by Florida Trend, named as one of Palm Beach Illustrated's "Top Lawyers," and was selected to the 2021 Florida Super Lawyers list. He has served as a Chair of the Antitrust, Franchise & Trade Regulation Committee of the Florida Bar's Business Law Section, and, before entering private practice, worked as an Assistant Attorney General in the Attorney General of the State of Florida's Department of Economic Crimes.

**Christopher J. Bateman**: Mr. Bateman graduated *cum laude* from both Harvard Law School and Dartmouth College. He has been selected as a 2021 New York Metro Rising Star by Super Lawyers. He currently works on a variety of antitrust matters, including *In re Interest Rate Swaps Antitrust Litigation* (S.D.N.Y.), *Iowa Public Employees' Retirement System v. Bank of America Corp.* (S.D.N.Y.) (concerning the stock lending market), *Albert v. Global Tel*Link Corp.* (D. Md.) (concerning collect calls involving prison inmates), and *Alternative Finance, Inc. v. Fair Isaac Corp.* (N.D. Ill.) (concerning credit scores).

Prior to joining Cohen Milstein, Mr. Bateman was a law clerk for the Honorable Naomi Reice Buchwald, U.S. District Court for the Southern District of New York.

**Louis R. Katz**: Mr. Katz graduated with high honors from Swarthmore College and received his law degree from Yale Law School. He currently works on a range of antitrust matters, including *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.), on behalf of consumers who purchased broiler chickens, and *Jien v. Perdue Farms, Inc.* (D. Md.), on behalf of workers in the poultry industry.

After law school, Mr. Katz served as a law clerk for the Honorable David J. Barron on the United States Court of Appeals for the First Circuit. Prior to becoming an attorney, Mr. Katz worked as a legislative aide in the United States Senate.

### D. COHEN MILSTEIN POSSESSES THE RESOURCES TO PURSUE THESE CLAIMS EFFICIENTLY AND EFFECTIVELY

Cohen Milstein stands ready to dedicate all the resources necessary to represent and protect the interests of the proposed class through rigorous motion practice, discovery, class certification, and trial. The firm has demonstrated its dedication and commitment in many complex cases, as noted above, and will bring the same resources and commitment to ensure the successful prosecution of this case. Moreover, Cohen Milstein will litigate this case in an efficient and economical manner, monitoring the time and expenses of all Plaintiffs' counsel to ensure there is no duplication or excess. *See* Manual § 10.22, at 24 (courts consider whether the proposed leadership will "act fairly, efficiently, and economically in the interest of all parties and parties' counsel").

### E. ALL PLAINTIFFS AND THEIR ATTORNEYS SUPPORT THE APPOINTMENT OF COHEN MILSTEIN AS INTERIM LEAD CLASS COUNSEL

The most common and desirable means of selecting class counsel is "private ordering." Manual § 21.272, at 279. That is, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to

10

represent the class interests." *Id.* Thus, a significant point in Cohen Milstein's favor is that all firms representing Plaintiffs in this action – including Law Offices of Robert W. Cohen, P.C.; Markun Zusman Freniere Compton LLP; Friedman Law Group LLP ; and Song P.C. – support Cohen Milstein's appointment as interim class counsel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order appointing Cohen Milstein as interim class counsel.

August 16, 2021

Respectfully submitted,
/s/ *Sharon K. Robertson*
Sharon K. Robertson
Christopher J. Bateman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
srobertson@cohenmilstein.com
cbateman@cohenmilstein.com

Benjamin D. Brown
Richard A. Koffman
Matthew S. Wild
Louis R. Katz
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W., Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
mwild@cohenmilstein.com

Manuel J. Dominguez
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: (561) 515-2604
Fax: (561) 515-1401
jdominguez@cohenmilstein.com

Robert W. Cohen
Mariko Taenaka
**LAW OFFICES OF ROBERT W. COHEN, P.C.**
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Tel: (310) 282-7586
Fax: (310) 282-7589
rwc@robertwcohenlaw.com

Edward S. Zusman
Kevin K. Eng
**MARKUN ZUSMAN FRENIERE COMPTON LLP**
465 California Street, Suite 500
San Francisco, CA 94104
Tel: (415) 438-4515
Fax: (415) 434-4505
ezusman@mzclaw.com

David Song
Tracey Kitzman
**SONG P.C.**
26 Broadway, Fl 8
New York, NY 10004
Tel:  212-599-0700

*Attorneys for Plaintiffs*