# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Old Jericho Enterprise, Inc. et al. v. Visa, Inc. et al.*, No. 2:20-cv-02394 (E.D.N.Y.) (MKB)(VMS) | MASTER FILE 05-MD-1720<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL** |

Now before the Court is Plaintiffs' Motion for Appointment of Interim Class Counsel for Indirect Purchaser Gasoline Retailer Class.

The Court hereby ORDERS:

1. Plaintiffs' motion to appoint interim class counsel is GRANTED.

2. The Court appoints Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as interim class counsel for the proposed class.

3. In making this decision, the Court has reviewed the motion and its accompanying submissions, including the declaration and attachment submitted on behalf of Cohen Milstein, and has considered the factors outlined in Rule 23(g) of the Federal Rules of Civil Procedure. Plaintiffs' submissions demonstrate that Cohen Milstein has satisfied the requirements of Rule 23(g) for appointment as interim class counsel. This includes the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, antitrust litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel has available and will commit to representing the class.

4. Interim class counsel shall be solely responsible for coordinating and organizing the litigation on behalf of the proposed class in the conduct of this litigation and, in particular, shall have the following responsibilities:

    a) To brief and argue motions before the Court;

    b) To initiate and conduct discovery;

    c) To act as spokespersons at pretrial conferences;

    d) To negotiate with defense counsel with respect to settlement and other matters;

    e) To call meetings of Plaintiffs' counsel when appropriate;

    f) To make all work assignments to Plaintiffs' counsel to facilitate the orderly and

efficient prosecution of this litigation and to avoid duplicative or unproductive efforts;

g) To establish a time and expense reporting protocol for all Plaintiffs' counsel;

h) To conduct trial and post-trial proceedings;

i) To consult with and employ experts;

j) To allocate any Court-awarded fees and reimbursement of disbursements among Plaintiffs' counsel after settlement or judgment;

k) To perform such other duties and undertake such other responsibilities as they deem necessary or desirable for the litigation of Plaintiffs' claims; and

l) To coordinate and communicate with defense counsel and counsel for third parties with respect to matters addressed in this paragraph.

5. No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any Plaintiff except through interim class counsel. All Plaintiffs' counsel in this action, and in subsequently consolidated or coordinated cases, shall keep contemporaneous time records. In such manner as interim class counsel shall require, all Plaintiffs' counsel shall periodically submit summaries or other records of time and expenses to interim class counsel. Failure to provide such documents and data on a timely basis may result in the Court's failure to consider non-compliant counsel's application for fees and expenses should this litigation be resolved successfully for Plaintiffs.

6. The appointments made in this Order shall continue until further order of the Court.

SO ORDERED.

Dated: _____              _____
                                    HON. MARGO K. BRODIE