**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

September 16, 2021

VIA ECF

The Honorable Margo K. Brodie
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY  11201

Magistrate Judge Vera M. Scanlon
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Room 1214 South
Brooklyn, NY  11201

Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie and Magistrate Judge Scanlon:

     We write on behalf of Rule 23(b)(3) Co-Lead Class Counsel ("Class Counsel") in the above-referenced case. As the Court is aware, Class Counsel has committed to the Court that it will continue to monitor various third-party claims filing companies, and alert the Court to any solicitations made to class members it believes to be materially false or misleading. Further, Class Counsel has committed to work to settle any issues with third parties without Court intervention, where possible. The Class Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), who monitors class member communications and reports regularly to Class Counsel, alerted us to a company that appeared to be making false and/or misleading statements to class members. We worked with counsel for this company, Rebel Payments LLC ("Rebel" or the "Company"), and believed that issues related to the Company's marketing practices had been resolved. However, we were recently alerted to additional and extremely concerning statements made by Rebel's representatives to class members. We have had two additional conference calls with Rebel's counsel on Monday, September 13, 2021 and Wednesday, September 15, 2021.

     Because Rebel appears to be flouting the agreement to cease misleading class members, and it appears our efforts have not resulted in the conduct ceasing, we seek the Court's assistance by requesting an Order to Show Cause why the Company should not be barred from any settlement-related business as well as an Order requiring the Company to send and pay for a corrective notice to all class members who may have received these false and misleading solicitations, which would include notice of the ability to void any contract entered into with Rebel resulting from these statements. Previously, Class Counsel sought limited discovery and the Court held evidentiary hearings regarding certain other third-party claims filers' misleading sales campaigns. Class Counsel stands ready to issue discovery regarding the details of Rebel's conduct, should the Court require additional information prior to issuing the requested relief.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Margo K. Brodie
Magistrate Judge Vera M. Scanlon
September 16, 2021
Page 2

**Background Regarding Rebel**

We first wrote to Rebel on July 16, 2021, after receiving reports from Epiq that class members were concerned about potentially misleading communications coming from the Company. There were several reports linked to the Company including claims that class members had a deadline by which they must act to file a claim and other troubling issues including incessant calls where class members were told the agent could "see" a settlement is "sitting there" and that the representative from the Company wanted to know why the class member had not yet "claimed" the settlement funds. Epiq also alerted us to a situation where class members were told by the Company or its agents that they must fill out a form and that they would put the class member on a list as someone who wants to receive funds. We understand the class member was then told to submit a recent processing statement. We have been further told that class members were told the Company is "authorized" to get settlement checks and to do so the class member was told to send a recent processing statement.

Shortly after sending a letter to the Company, we were contacted by the Company's counsel and had several conferences with counsel for Rebel. Over the course of about a month, after many calls, Rebel agreed to make changes to its websites and agreed to send an alert to all of its agents and contractors detailing the prior improper solicitations and demanding that such conduct cease. Additionally, Rebel agreed to contact the merchants it had signed up during the period when misleading statements were being made and provide those merchants with an option to void the contract.

We reviewed the websites on a weekly basis to ensure the agreed changes were implemented. At the end of August, we believed that issues related to Rebel had been resolved without the need for the Court's intervention. This turned out not to be true.[1]

**Another Class Member Contacts Epiq**

As noted above, class members received numerous calls from Rebel's representatives regarding the settlement in this case. While we believed the misleading call program had ceased, we received another report on September 3, 2021 that leads us to believe the Company did not stop its campaign. The most recent complaint from a class member in Florida follows a similar pattern to what the Company was previously contacted about and committed to stopping. This class member

---

[1] The website previously stated that class members can "engage Rebel Payments now to ensure that a proper and timely claim is filed" and that class members should fill out a form to "pre-register your business to receive its portion of the $5.54 b Visa and Mastercard lawsuit settlement." There were additional areas of concern that were resolved during various calls in July. We understand from Rebel's counsel that the website has now been taken down completely.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Margo K. Brodie
Magistrate Judge Vera M. Scanlon
September 16, 2021
Page 3

was told that if he did not engage Rebel within a 48-72-hour window he would be "disqualified" from the settlement. He was further told that Rebel was one of three companies approved by the Court to work with class members regarding the settlement and that Rebel was a company selected by the Court to work with class members.

The class member was rightfully suspicious of these claims and found the official website and contacted Epiq who passed the information to Class Counsel. Class Counsel contacted the class member by email and phone and was able to reach the class member on September 9, 2021. During that call the class member relayed his experience with the Company and noted that it appeared Rebel's representatives (he was contacted by a "claims specialist" and a "manager") had memorized a script.

Rebel initially indicated to us that it was likely the work of one or more contractors whom Rebel gets payment processing leads from that disseminated the misleading information. However, during our call on September 15, 2021, Class Counsel learned that the most recent misleading call came directly from a Rebel employee as opposed to an outside contractor. This is especially concerning that these misleading statements were coming from Rebel as it plainly has the ability to closely monitor its own employees and based on the class member report, did not. Class Counsel is concerned that if the oversight of its own employees is this problematic, that its oversight of off-site contractors may be even less scrupulous.

**Relief Requested**

Because it appears that Rebel has flouted its agreement regarding its false and misleading sales campaign, we seek the Court's assistance and request the Court issue an Order to Show Cause why Rebel should not be barred from using the settlement in any way in its business. Such an Order is necessary because an untold number of class members have likely been misled by Rebel's actions and there is no other way to ensure that other class members are not duped by this Company. A corrective notice, sent at Rebel's expense, to all class members contacted by the Company is also requested as part of any Order. As noted above, should the Court require additional information as to the scope of Rebel's misinformation campaign, Class Counsel is ready to issue limited discovery requests to the Company.

We have shared this letter with Rebel's counsel and Class Counsel is available to discuss this matter further, should the Court require additional information.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Margo K. Brodie
Magistrate Judge Vera M. Scanlon
September 16, 2021
Page 4

                                          Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ Merrill G. Davidoff* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| **Robins Kaplan LLP** | **Berger Montague PC** | **Robbins Geller Rudman & Dowd LLP** |

cc: All Counsel via ECF