| quinn emanuel | CONSTANTINE CANNON LLP | McKool Smith |
|---|---|---|
| Steig Olson<br>212-849-7152<br>steigolson@quinnemanuel.com | Jeffrey Shinder<br>212-350-2709<br>jshinder@constantinecannon.com | John Briody<br>212-402-9438<br>jbriody@mckoolsmith.com |

April 8, 2022

**VIA ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 05-md-01720 (MKB)(VMS)

Dear Chief Judge Brodie:

The 7-Eleven Plaintiffs, The Home Depot, and Elgin Ave. Recovery, LLC ("Plaintiffs") write to bring to the Court's attention a recent decision by the Fifth Circuit Court of Appeals, *Pulse Network, L.L.C. v. Visa, Inc.*, No. 18-20669 (5th Cir. Apr. 5, 2022) ("*PULSE*"), attached as Exhibit A ("Op.").

In *PULSE*, the Fifth Circuit reversed in part the lower court's grant of summary judgment to Visa on PULSE's claims against Visa for monopolization of the debit market, remanded for further proceedings, and directed reassignment to a different district court judge. Visa and the Bank Defendants (together, the "Visa Defendants") had cited to Your Honor the lower court decision in support of their motion for summary judgment regarding Plaintiffs' claims for monopolization of the debit market in this case, ECF No. 8088 at 9; *see also* Mem. in Supp. of Mot. to Exclude the Section 2 and Debit Opinions of Prof. Jerry Hausman, ECF No. 8084 at 7 n.17. In reversing the decision upon which the Visa Defendants here relied, the Fifth Circuit rejected several arguments made by Visa in the PULSE case that are similar to those made by the Visa Defendants in this case, including with regard to the competitive impact of Visa's "Fixed Acquirer Network Fee" ("FANF"), Op. 12-16, and Visa's exclusionary volume-based routing deals, Op. 18-19.

Respectfully submitted,

/s/ Jeffrey Shinder    /s/ Steig D. Olson    /s/ John Briody