**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

September 15, 2022

VIA ECF

The Honorable Margo K. Brodie
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY  11201

Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

Rule 23(b)(3) Co-Lead Class Counsel ("Class Counsel") have received a packet of documents, dated September 8, 2022, served by "Proposed Intervenors" Jack Rabbit, LLC and 280 Station LLC (d/b/a Cowboys).  Included in the packet is: (1) a [Proposed] Complaint in Intervention ("Proposed Complaint"); and (2) a Renewed Motion for Leave to Intervene and Memorandum in Support Pursuant to Fed. R. Civ. P. 24 ("Motion").  Plainly, the Proposed Intervenors seek leave to re-litigate an issue that is pending in a live appeal in the Second Circuit: the purported dispute between branded service stations and the oil companies.  In so doing, Proposed Intervenors seek to involve this Court in a matter over which it (presently) has no jurisdiction.

First, it is black letter law that a notice of appeal (such as that filed by Jack Rabbit, LLC) ordinarily divests the district court of jurisdiction over aspects of a case currently on appeal.  *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Benzemann v. Citibank N.A.*, 622 F. App'x 16, 18 (2d Cir. 2015) ("The district court correctly concluded that, after Benzemann filed the notice of appeal, the court lacked jurisdiction to decide Benzemann's request to modify the judgment.").  Here, the same aspects of the case that Proposed Intervenors want to re-litigate in this Court via their Motion and Proposed Complaint are presently before the Second Circuit panel.  The panel's July 8, 2022 order to this Court (ECF 8702 ("Remand Order")) changes nothing related to this Court's jurisdiction as to the issues raised in the Proposed Complaint, as those issues remain before the Second Circuit following full briefing and oral argument.

Second, although ***some*** ancillary district court functions may be exceptions to the no-jurisdiction rule – for instance, settlement-related administrative-funding requests – an intervention into the district court matter is not among them.  *See, e.g.*, *Drywall Tapers & Pointers, Local Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs., Inc.*, 488 F.3d 88, 94 (2d Cir. 2007) (district court

**Robbins Geller Rudman & Dowd LLP**

The Honorable Margo K. Brodie
September 15, 2022
Page 2

"did not err in denying Local 52's intervention motion once the notice of appeal of the Court's injunction Order divested the Court of jurisdiction to affect that Order"); *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (majority of circuits hold that "an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion").

Third, the Second Circuit remanded here "pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994)." Remand Order at 1. The remand was for a limited purpose, and required a specified action to be taken by this Court – after which complete jurisdiction would be returned to the Second Circuit. *See id.* at 2 (after district court "advise[s] us of its response . . . *we will resume consideration of this appeal*") (emphasis added).

This Court fulfilled that purpose and took the requested action in its 14-page Memorandum & Order, dated July 18, 2022 (ECF 8704) – thus handing back to the Second Circuit consideration of the full appeal, and divesting this Court of any jurisdiction to consider the Proposed Intervenors' Motion that they did not bother filing until two months after the Remand Order. *Griggs*, 459 U.S. at 58. This Court has no jurisdiction to consider Proposed Intervenors' Motion and it should be denied.

Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ H. Laddie Montague, Jr.* | */s/ Patrick J. Coughlin* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| **Robins Kaplan LLP** | **Berger Montague PC** | **Robbins Geller Rudman & Dowd LLP** |

cc:   All Counsel of Record via ECF

4878-8003-4611.v1