**CARLTON FIELDS**

ATTORNEYS AT LAW

**CityPlace Tower**
525 Okeechobee Boulevard | Suite 1200
West Palm Beach, Florida 33401-6350
P.O. Box 150 | West Palm Beach, Florida 33402-0150
561.659.7070 | fax 561.659.7368
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
**West Palm Beach**

David B. Esau
Attorney At Law
561.650.8015 Direct Dial
desau@carltonfields.com

September 30, 2022

The Honorable Margo K. Brodie
The Honorable Vera M. Scanlon
United States District Court                                              **VIA CM/ECF**
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*,
      Case No. 1:05-md-1720-MKB-VMS and
      *CenturyLink Communications, LLC et al. v. Visa Inc., et al.*
      Case No. 19-cv-06318-MKB-VMS
      Motion to Modify Final Approval Order and Final Judgment and for Leave to File Amended Complaint

Dear Judges Brodie and Scanlon:

We write on behalf of the CenturyLink Plaintiffs[1] to respectfully request that the Court modify its Order for Final Approval and Final Judgment and order that Comcast's amended exclusion request be permitted and deemed to supersede its prior exclusion request that was submitted on July 18, 2019. The CenturyLink Plaintiffs further request leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). This request is made to make the complaint exhibits consistent with the amended exclusion request. We have conferred with Class Counsel and Defendants, and they consent to this request.

---

[1] The "CenturyLink Plaintiffs" consist of the following: CenturyLink Communications LLC; Level 3 Communications, LLC ("CenturyLink"); DISH Network L.L.C. ("DISH"); Casey's General Stores, Inc.; Casey's Marketing Company; Casey's Retail Company; Casey's Services Company; CGS Sales Corporation ("Casey's"); Cary Oil Co., Inc.; Breeze Thru Markets, LLC ("Cary Oil"), Clipper Petroleum, Inc. ("Clipper Petroleum"); Energy North, Inc. ("Energy North"); Gate Petroleum Company; Gate North Carolina, Inc.; Gate Fuel Service, Inc.; BFC, Inc.; Ponte Vedra Corporation; Epping Forest Yacht Club, Inc.; The River Club, Inc.; Ponte Vedra Lodge ("Gate"); Jaco Oil Company; Basic Properties LP; Jaco Hill Company; Jamieson Hill Company; Fastrip Oil Company ("Jaco Oil"); Reid Petroleum Corp.; Reid Stores, Inc. ("Reid"); Sampson-Bladen Oil Company, Inc.; United Energy, Inc. ("Sampson-Bladen"); Sodexo, Inc. ("Sodexo"); and Comcast Cable Communications, LLC ("Comcast Cable"); and NBCUniversal Media, LLC ("NBCU") (collectively "Comcast").

**Carlton Fields, P.A.**
Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

130797653.4

The Honorable Margo K. Brodie
The Honorable Vera M. Scanlon
September 30, 2022
Page 2

## I.     Request to Modify Order for Final Approval

Comcast requested exclusion from the Rule 23(b)(3) Settlement Class on July 18, 2019, and that request was deemed timely and complete. Since the Court's Order for Final Approval, Dkt. Nos. 7818, 7818-1 (Dec. 13, 2019) and Final Judgment, Dkt. No. 7832 (Dec. 20, 2019), Comcast has clarified the affiliates, subsidiaries, divisions, predecessors and locations on whose behalf exclusion from the Rule 23(b)(3) Settlement Class was requested. Accordingly, Comcast requests that the Court order that its amended exclusion request list attached as Exhibit A to the Declaration of David B. Esau submitted herewith, supersede its request previously submitted on July 18, 2019.

The Court has authority to permit modification of previously submitted exclusion requests pursuant to its broad equitable powers to manage multidistrict litigation until disbursement of the settlement funds. *Zients v. Lamorte*, 459 F.2d 628, 630 (2d Cir. 1972). Other courts have exercised this authority to amend final approval of a class settlement for the purpose of clarifying the entities that were properly excluded. *See, e.g., In re Linerboard Antitrust Litigation*, No. CIV.A.98-5055, 2004 WL 966236, at *1 (E.D. Pa. May 4, 2004) (amending its order granting final approval of the class settlement to remove the names of entities that were opted out inadvertently or based on mistaken knowledge), and this Court granted similar relief to other plaintiffs in this MDL just last year. Dkt. No. 7980. Permitting amendment of the exclusion request is particularly appropriate here, where Class Counsel and Defendants consent to the modification.

This request to amend the exhibit to Comcast's exclusion request is being made to identify additional divisions and affiliates of Comcast that are now pertinent to Comcast's business, but that were not originally identified in Comcast's exclusion request for various reasons, including new acquisitions and previous misinformation regarding corporate ownership.

The CenturyLink Plaintiffs notified Class Counsel of the changes to the exclusion requests. Class Counsel have consented to the changes, finding that the amendments are not material and will not significantly impact the distributions of the Rule 23(b)(3) Settlement Fund to members of the Rule 23(b)(3) Settlement Class. Defendants also consent to the changes to the exclusion requests.

## II.    Leave to File Third Amended Complaint

The CenturyLink Plaintiffs seek leave to file their Third Amended Complaint with amended exhibits pursuant to Federal Rule of Civil Procedure 15(a)(2).

On November 7, 2019, the CenturyLink Plaintiffs filed a Complaint in the Eastern District of New York against Defendants Visa Inc., Visa U.S.A Inc., Visa International Service Association, Mastercard International Incorporated and Mastercard Incorporated[2], which was

---

[2] The CenturyLink Plaintiffs' currently operative complaint is the Second Amended Complaint, filed on February 20, 2021.

The Honorable Margo K. Brodie
The Honorable Vera M. Scanlon
September 30, 2022
Page 3

subsequently transferred to this Court for pretrial proceedings in MDL 1720, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-md-01720 (E.D.N.Y.), and that action is now individually referenced on this Court's docket as *CenturyLink Communications, LLC et al. v. Visa Inc., et al.*, No. 19-cv-06318-MKB-VMS (the "CenturyLink Action").

Pursuant to the parties' agreement, the CenturyLink Plaintiffs seek leave to amend their operative complaint and its exhibits to clarify the NBCU-related entities that are parties to the CenturyLink Action, consistent with the changes reflected in Comcast's amended exclusion request attached as Exhibit A to the Declaration of David B. Esau, and as provided in the redline of Exhibit I-2 of the Second Amended Complaint attached as Exhibit B, and the Third Amended Complaint and its exhibits attached as Exhibit C. Defendants and Class Counsel consent to this request.

### III.   Relief Sought

For the foregoing reasons, the CenturyLink Plaintiffs respectfully request the Court to enter the attached proposed order granting that:

1. Comcast's amended exclusion request list of entities, attached as Exhibit A to the Declaration of David B. Esau, amends and supersedes its prior exclusion request list of entities that was submitted on July 18, 2019;

2. All entities identified in Comcast's amended exclusion request list of entities are excluded from the Rule 23(b)(3) Settlement Class;

3. All entities, if any, no longer on Comcast's exclusion request as amended are members of the Rule 23(b)(3) Settlement Class unless they were timely and validly excluded from the Rule 23(b)(3) Settlement Class by a member other than Comcast and provided that they qualify as class members; and

4. The CenturyLink Plaintiffs shall have leave to file their Third Amended Complaint with its amended exhibit attached as Exhibit C to the Declaration of David B. Esau.

The CenturyLink Plaintiffs and counsel are available at the Court's convenience to address any issue related to this request.

Respectfully submitted,

Carlton Fields

David B. Esau

130797653.4