IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document refers to:<br>    Rule 23(b)(3) Class Action | MDL No. 1720<br>Case No. 1:05-md-1720-MKB-VMS |

**RULE 23(b)(3) CLASS PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO JACK RABBIT, LLC AND 280 STATION LLC'S
AMENDED RENEWED MOTION TO INTERVENE**

# TABLE OF CONTENTS

Page

I. Introduction and Background ................................................................................. 1

II. This Court lacks jurisdiction over Jack Rabbit's renewed motion to intervene. ................... 2

    A. The matters raised by Jack Rabbit are presently subject to the jurisdiction of the Court of Appeals. ................................................................................................ 2

    B. The *Jacobson* remand and Rule 54(b) certification provide no basis to assert jurisdiction over Jack Rabbit's motion. ................................................................. 4

III. This Court already held that Jack Rabbit does not satisfy the standards for intervention under Rule 24. ................................................................................................... 6

    A. Intervention as of right is not warranted because Jack Rabbit has not shown that existing parties are not adequately protecting its interest. ............................................. 6

    B. This Court should once again decline to grant intervention by permission. ................... 7

IV. Conclusion ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Athale v. Sinotech Energy Ltd.*,
No. 11-CV-05831, 2013 WL 2145588 (S.D.N.Y. May 16, 2013) ............................................8

*Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex–Exploración Y Producción*,
832 F.3d 92 (2d Cir. 2016) .....................................................................................................5

*D'Amato v. Deutsche Bank*,
236 F.3d 78 (2d Cir. 2001) .....................................................................................................8

*Demarco v. Avalonbay Cmtys., Inc.*,
No. 15-CV-628, 2016 WL 5934704 (D.N.J. Oct. 12, 2016) ...................................................7

*Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*,
No. 19-4065, ECF 330 (2d Cir. May 14, 2020) ......................................................................1

*Gonzalez v. Mid-Continent Casualty Co.*,
969 F.3d 554, 562 (5th Cir. 2020). .........................................................................................5

*Griggs v. Provident Consumer Disc. Co.*,
459 U.S. 56 (1982) ..............................................................................................................2, 4

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,
797 F.2d 85 (2d Cir. 1986) .....................................................................................................8

*In re Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 20-339, ECF 331 (2d Cir. Jan. 5, 2021) ...................................................................1, 2, 5

*L&M Bus. Corp. v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*,
No. 18-CV-1902, 2018 WL 1782709 (E.D.N.Y. Apr. 12, 2018) ............................................7

*Monsanto Co. v. McFarling*,
363 F.3d 1336, 1343 n.1 (Fed. Cir. 2004) ..............................................................................6

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
187 F.R.D. 465 (S.D.N.Y. 1998) ............................................................................................7

*New York v. United States Dep't of Homeland Sec.*,
974 F.3d 210 (2d Cir. 2020) ...................................................................................................2

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05-MD-1720 (MKB), 2022 WL 2803352 (E.D.N.Y. July 18, 2022) ............................1, 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   No. 05MD1720MKBJO, 2019 WL 5653756 (E.D.N.Y. Oct. 30, 2019) ................................ 1, 6

*Transunion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) .................................................................................................... 2, 3

*United States v. Jacobson*,
   15 F.3d 19 (2d Cir. 1994) ................................................................................................ 4, 5

**Other Authorities**

Fed. R. App. P. 24 ................................................................................................................... 6

Fed. R. App. P. 24(b)(2) .......................................................................................................... 7

Fed. R. App. P. 28(j) ............................................................................................................... 2

Fed. R. App. P. 54(b) ........................................................................................................... 4, 5

US Constituition Art. III ....................................................................................................... 2, 4

I.     **Introduction and Background**

Proposed Intervenors Jack Rabbit, LLC and 280 Station LLC (together "Jack Rabbit") are two of many Branded Operators that objected to the Settlement Agreement in 2019, claiming that they might improperly be excluded from settlement funds due to franchisor/franchisee relationships with major oil suppliers and brands. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2022 WL 2803352, at *1 (E.D.N.Y. July 18, 2022). At the time of its previous objection, Jack Rabbit took the additional step of moving to intervene based on its objections. This Court considered and denied Jack Rabbit's motion to intervene in October 2019. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05MD1720MKBJO, 2019 WL 5653756, at *6 (E.D.N.Y. Oct. 30, 2019). And after carefully considering the objections of Jack Rabbit and other objectors, the Court granted final approval of the settlement in December 2019.

Jack Rabbit appealed both the denial of its objections to the Settlement Agreement and the denial of its motion to intervene. On May 5, 2020, Jack Rabbit stipulated to the dismissal with prejudice of its appeal from the denial of the motion to intervene. *See* Order, *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, No. 19-4065, ECF 330 (2d Cir. May 14, 2020).

Now, three years removed from its original motion to intervene, while the case is before the Second Circuit, Jack Rabbit has filed a "renewed" motion to intervene at the district court level, raising the exact same issues that it is currently arguing in the Second Circuit in its appeal from the settlement. *See* Final Form Br. of Fikes Wholesale, Inc., et al. at 34-53, *In re Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 20-339, ECF 331 (2d Cir. Jan. 5, 2021) ("Jack Rabbit Merits Br."). Jack Rabbit's arguments are without merit. Its motion is also procedurally improper and must be denied for lack of jurisdiction because Jack Rabbit seeks to intervene to address the same issues currently pending in its appeal to the Second Circuit. Jack

1

Rabbit's motion also fails on the merits—for the same reasons that justified this Court's denial of Jack Rabbit's previous motion to intervene three years ago, which are all the more pressing now given the current procedural posture of this case.

## II. This Court lacks jurisdiction over Jack Rabbit's renewed motion to intervene.

### A. The matters raised by Jack Rabbit are presently subject to the jurisdiction of the Court of Appeals.

As the Supreme Court articulated the black-letter principle of law, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, the district court lacks jurisdiction to decide aspects of the case (such as the issues raised in Jack Rabbit's motion to intervene) that have been appealed. *See, e.g.*, *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214-15 (2d Cir. 2020).

Here, the same aspects of the case that Jack Rabbit wants to re-litigate in this Court via the Motion and Proposed Complaint are presently before the Second Circuit. Indeed, in its intervention motion, Jack Rabbit rehashes many of the same arguments and cites to many of the same authorities that it is simultaneously advancing in the Second Circuit, both in its appellate briefs and in its very recent Federal Rule of Appellate Procedure 28(j) supplemental authority letters. *See* Fed. R. App. P. 28(j), Ltr. of Fikes Wholesale, Inc., et al. at 34-53, *In re Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 20-339, ECF 464 (2d Cir. Mar. 15, 2022); Jack Rabbit Merits Br. at 34-53.[1]

---

[1] Tellingly, Jack Rabbit's 28(j) letter directs the Second Circuit's attention to *Transunion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), a case that it relies heavily upon in its renewed motion to intervene. Mot. to Intervene at 4, 5, 13, 17. In addition to demonstrating the procedural impropriety of Jack Rabbit's motion, *Transunion* is also inapposite on the merits. *Transunion* held that a plaintiff's statutory damages (in that case $100-$1000 to each consumer for whom a credit-reporting agency failed to "follow reasonable procedures" to ensure the accuracy of information reported about that consumer) are insufficient to confer Article III standing on a plaintiff that did not

2

In fact, as recently as August 4, 2022, Jack Rabbit sent a letter to the Second Circuit demanding the case be remanded to the district court because of a purported "constitutional deficiency" with the Settlement Class definition:

> The Payment Card Settlement defines class members to include persons who accepted payment cards - without requiring concrete injury or damage; e.g., "and were damaged thereby." . . . The Settlement class definition's intrinsic, constitutional deficiency cannot be corrected by a Special Master. . . . the Supreme Court requires class definitions to restrict class members to persons who have a concrete injury or damage. The district court's orders have failed to do so, and a remand is required.

2d Cir. No. 20-339 (lead), ECF 483 (Aug. 4, 2022).

Jack Rabbit is now simultaneously arguing in this Court that this same purported "constitutional deficiency" in the Settlement Class definition—of which it complains to the Second Circuit—gives it a basis to intervene:

> When Plaintiffs and Defendants entered into the Settlement Agreement, subsequently approved by this Court, they neglected to adequately define the class so as to ensure that every class member had Article III standing, arising from concrete injury and harm. i.e., they defined the settlement class as: "All persons, businesses, and other entities that have accepted any Visa-Branded Cards and/or MasterCard-Branded Cards in the United States at any time from January 1, 2004 to January 25, 2019." They failed to include a final clause "and were damaged thereby." On its face that is a constitutional error . . .

Mot. to Intervene at 5.

Jack Rabbit is impermissibly seeking the same relief in this Court and in the Court of Appeals. It asks this Court for an order that would allow it "to participate in this matter as Plaintiff-Intervenors to **ensure that the claims administrator and the Special Master do not resolve any class member disputes over ownership of claims, or distribute any Settlement**

---

suffer **concrete** damages. *Transunion*, 141 S. Ct. at 2200, 2209-13. It did not hold, as Jack Rabbit argues, Mot. to Intervene at 13-14, that a settlement cannot be approved if factual disputes may exist as to which of two entities is a member of the class.

3

*funds until after this Court resolves the Proposed Intervenors' Article III standing issue*."

Mot. to Intervene at 26-27 (emphasis supplied). And here is what Jack Rabbit is seeking by way of relief from the Court of Appeals:

> [T]he judgment of the district court should be reversed and this matter should be remanded with instructions to the district court to appoint counsel to represent the subclass of class members who, like Appellants Jack Rabbit and Cahaba Heights Chevron are Cost plus Direct Purchasers under *Illinois Brick*'s cost plus exceptions to the indirect purchaser rule and then ***proceed to determining, on the basis of Article III standing, who remains a member of the class***.

Jack Rabbit 2d Cir. Reply at 27. Case 20-339, Document 255 (emphasis supplied). It is as if Jack Rabbit got impatient and, rather than wait for the Second Circuit to address its request for remand, decided to petition this Court for the same relief it seeks in the Circuit. Jack Rabbit's invitation to this Court to assert simultaneous jurisdiction over matters currently subject to the jurisdiction of the Court of Appeals is plainly improper. *Griggs*, 459 U.S. at 58-61.

### B. The *Jacobson* remand and Rule 54(b) certification provide no basis to assert jurisdiction over Jack Rabbit's motion.

Jack Rabbit's attempt to sidestep the jurisdictional infirmity of its motion by invoking the Second Circuit's recent *Jacobson* remand has no merit. The Court of Appeals' limited remand of the case to this Court was for the sole purpose of determining whether, in the event its disposition of the dispute between the service stations and oil companies is deemed not to be a final judgment, there nonetheless is no just reason for delay in the appeal of all other issues. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2022 WL 2803352, at *3 (E.D.N.Y. July 18, 2022). In response, the Court determined there would be no just reason for delay and accordingly issued a Rule 54(b) certification to that effect. ECF 8704 at 14 (Jul. 18, 2022).

A *Jacobson* remand confers "partial jurisdiction to the district court to supplement the record on a discrete factual or legal issue ***while retaining jurisdiction over the original appeal***" in the court of appeals. *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex–Exploración Y Producción*, 832 F.3d 92, 115 (2d Cir. 2016) (emphasis supplied); *see also United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) (recognizing the authority of federal appellate courts to seek "supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record"). In this case, the Second Circuit asked this Court to supplement the record on one discrete issue: the propriety of Rule 54(b) certification if the Second Circuit deems the Court's disposition of franchisor/franchisee disputes not to be a final judgment. Order, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 20-339, ECF 479 (2d Cir. Jul. 8, 2022). The district court's scope of jurisdiction on partial remand was thus limited to that narrow purpose, with the Court of Appeals retaining jurisdiction over the original appeal and all of the issues it involves. This Court fulfilled that limited purpose when it filed its July 18, 2022 Memorandum & Order.

Jack Rabbit's argument that the Court's Rule 54(b) certification somehow "severed" the Second Circuit's jurisdiction over the ongoing appeal is baseless. The Second Circuit's *Jacobson* remand asked the Court to supplement the record on one discrete issue. It did not ask this Court to broadly exercise simultaneous jurisdiction over the exact same issues the Second Circuit is currently deciding on appeal, or to countenance motions to intervene and add new parties to the action when the relief sought overlaps with the issues currently on appeal.

The case law Jack Rabbit cites does not support its argument. In *Gonzalez v. Mid-Continent Casualty Co.*, a case involving multiple claims where the district court had issued a Rule 54(b) ruling on only one of the claims, the Fifth Circuit unremarkably concluded it did not

5

have jurisdiction to rule on claims that were still pending before the district court. 969 F.3d 554, 562 (5th Cir. 2020). That is not what is going on here—the Second Circuit, which is currently reviewing the Final Approval Order, simply asked the Court to consider whether all of the issues related to the settlement other than the Court's disposition of franchisor/franchisee disputes should be certified as a partial final judgment. If the Second Circuit wishes to remand to the district court to broadly address additional objections to the settlement or permit related motion practice, it can issue an order to that effect when it decides the pending appeal.

The other case Jack Rabbit cites, *Monsanto Co. v. McFarling*, merely recognized that the court of appeals could "review only the claims considered final by the district court under Federal Rule of Civil Procedure 54(b)." 363 F.3d 1336, 1343 n.1 (Fed. Cir. 2004). Neither of these cases support Jack Rabbit's proposition that the Second Circuit somehow broadly divested itself of jurisdiction in issuing its limited remand order. *See* Mot. to Intervene at 11.

### III.  This Court already held that Jack Rabbit does not satisfy the standards for intervention under Rule 24.

Even if Jack Rabbit's motion *were* procedurally proper, it should be denied for the same substantive reasons behind this Court's denial of its 2019 motion to intervene. These reasons for denial include the following:

#### A.  Intervention as of right is not warranted because Jack Rabbit has not shown that existing parties are not adequately protecting its interest.

This Court held in 2019 that Jack Rabbit was not entitled to intervention as of right because Jack Rabbit "failed to show that their interest, which they state is 'their claim to the settlement proceeds for their acceptance of Visa and MasterCard Branded Cards and payment of the related interchange charges,' is not protected by named plaintiffs, who undoubtedly possess the same interest." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05MD1720MKBJO, 2019 WL 5653756, at *3 (E.D.N.Y. Oct. 30, 2019). Jack Rabbit once again

6

articulates its interest as "*their claims to the settlement proceeds* [but this time] as Cost-Plus Direct Purchasers who actually paid the Interchange Fee and the Merchant Discount Fee on their retail VISA and MasterCard Payment Card sales and thereby sustained concrete injury or harm." Mot. to Intervene at 11. And once again, Jack Rabbit fails to show that it is not adequately represented by the named plaintiffs.

As in 2019, Jack Rabbit's concerns regarding its ultimate right to recover do not warrant intervention. Indeed, Jack Rabbit again admits that its interest is one that is common to all class members, including the named plaintiffs, *i.e.*, economic recovery for interchange fees paid. *See L&M Bus. Corp. v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, No. 18-CV-1902, 2018 WL 1782709, at *4 (E.D.N.Y. Apr. 12, 2018) (denying motion for intervention because "[w]hile [the movant] may have an interest that is not represented by any of the parties currently before the court, both [parties] desire the same outcome in this case"); *see also Demarco v. Avalonbay Cmtys., Inc.*, No. 15-CV-628, 2016 WL 5934704, at *6 (D.N.J. Oct. 12, 2016) (denying motion for intervention "because the existing [p]laintiffs are seeking to maximize their economic recovery in the same way as the potential intervenors," and therefore "there is no adversity of interest"); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 491–92 (S.D.N.Y. 1998) (stating that potential intervenors may not "inject collateral issues into an existing action," and further noting that "[i]nterjecting any new issues ... following the negotiation of settlements, would be unsettling and untimely" (quoting *Wash. Elec. Co-op. v. Massachusetts Mun. Wholesale Elec. Co*., 922 F.2d 92, 97 (2d Cir. 1990)).

B.  **This Court should once again decline to grant intervention by permission.**

As in 2019, this Court should decline to grant permissive intervention under Rule 24(b)(2) for at least four reasons: (1) for the reasons set forth above, (2) because Jack

7

Rabbit seeks to intervene after *seventeen* years of litigation, while the case is subject to a live appeal in the Second Circuit, where all briefing and oral argument have been completed, (3) because granting intervention would unduly delay the class-settlement proceedings, and (4) because Jack Rabbit will not "significantly contribute to full development of the underlying factual issues," given that Jack Rabbit is one of approximately 140 objector-appellants that have advanced nearly identical arguments before this Court and now before the Second Circuit. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) ("The determination of the timeliness of a motion to intervene is within the discretion of the district court, evaluated against the totality of the circumstances before the court." (internal quotations omitted)); *see also H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986); *Athale v. Sinotech Energy Ltd.*, No. 11-CV-05831, 2013 WL 2145588, at *3 (S.D.N.Y. May 16, 2013) (denying permissive intervention where proposed intervenor filed his motion thirteen months after lead plaintiff had been named and "two months after the parties had entered a[ ] [memorandum of understanding] with regard to settlement").

## IV. Conclusion

Jack Rabbit's motion to intervene should be denied. Again.

|                              |                                                     |
|------------------------------|-----------------------------------------------------|
|                              | Respectfully submitted,                             |
|                              | **ROBINS KAPLAN LLP**                               |
| Dated: November 18, 2022     | */s/ Ryan W. Marth*                                 |

Ryan W. Marth
K. Craig Wildfang
Thomas J. Undlin
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500

**BERGER MONTAGUE PC**

H. Laddie Montague, Jr.
Merrill G. Davidoff
Michael J. Kane
1818 Market St., Ste. 3600
Philadelphia, PA 19103
Telephone: 215-875-3000

**ROBBINS GELLER RUDMAN & DOWD LLP**

Patrick J. Coughlin
Alexandra S. Bernay
Carmen A. Medici
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058

**Co-Lead Counsel for Rule 23(b)(3) Class Plaintiffs**