## Skadden, Arps, Slate, Meagher & Flom llp

One Manhattan West

New York 10001
———
Tel: (212) 735-3000
Fax: (212) 735-2000
www.skadden.com

direct dial
212-735-3834
direct fax
917-777-3834
email address
Boris.Bershteyn@skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

November 18, 2022

**VIA ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        RE:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

      We write on behalf of defendants in the Rule 23(b)(3) class action with respect to the amended, renewed motion to intervene filed on November 3, 2022, in the referenced action by proposed intervenors Jack Rabbit, LLC and 280 Station LLC (d/b/a Cowboys) (Dkt. Nos. 8734-35). In response to this motion, co-lead class counsel served a memorandum of law in opposition on November 18, 2022, which explains that (1) the matters raised by the proposed intervenors are subject to the jurisdiction of the Court of Appeals, (2) the *Jacobson* remand and Rule 54(b) certification provide no basis for the district court to assert jurisdiction with respect to the amended, renewed motion to intervene, and (3) proposed intervenors do not satisfy the Federal Rules of Civil Procedure Rule 24 standards for intervention because they fail to show that their interests are not protected by the existing parties.

      Defendants join class plaintiffs' arguments and respectfully submit that, on the basis of those arguments, proposed intervenors' amended, renewed motion to intervene should be denied.

      Should the Court nonetheless grant the renewed motion to intervene, defendants respectfully reserve their rights to challenge the complaint in intervention

on the merits. Among other issues, defendants respectfully reserve the right to brief whether proposed intervenors' alleged requirements contracts to process "all" of their Visa and Mastercard payment card transactions are contracts to purchase a "fixed quantity," as would be necessary for antitrust standing under the *Illinois Brick* "cost-plus" exception. *Compare* Proposed Complaint in Intervention ¶ 7 (alleging that "their Oil Distributors provided products and services, including the processing of **_all_** of the Visa and MasterCard [sic] Payment Card transactions at the Plaintiffs in Intervention's Retail Gas Stations") (emphasis added), *with Ill. Brick Co. v. Illinois*, 431 U.S. 720, 736 (1977) (the "cost-plus" exception can apply only where a "customer is committed to buying a **_fixed quantity_** regardless of price") (emphasis added), *and Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 218 (1990) (finding that the cost-plus exception did not apply where "utility customers made no commitment to purchase any particular quantity of gas").

Respectfully submitted,

Boris Bershteyn

## CERTIFICATE OF SERVICE

I certify that on November 18, 2022 I caused defendants' letter joining Rule 23(b)(3) class plaintiffs' memorandum of law in opposition to Jack Rabbit, LLC's and 280 Station LLC's amended, renewed motion to intervene to be served upon:

1) All Counsel of Record *via File & ServXpress*;

2) Paul S. Rothstein *via e-mail* (psr@rothsteinforjustice.com); and *via Federal Express* to: 626 N.E. 1st Street, Gainesville, FL 32601

3) N. Albert Bacharach, Jr. *via e-mail* (N.A.bacharach@att.net).; and *via Federal Express* to: 4128 NW 13th Street, Gainesville, FL 32609-1807

Dated: November 18, 2022

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM