PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(202) 223-7356

WRITER'S DIRECT FACSIMILE

(202) 204-7356

WRITER'S DIRECT E-MAIL ADDRESS

kgallo@paulweiss.com

March 17, 2023

**Via ECF**

The Honorable Margo K. Brodie, Chief Judge
United States District Court, Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 05-md-1720 (MKB) (VMS)

Dear Chief Judge Brodie:

  Defendants respectfully submit this letter in response to the 7-Eleven and Target plaintiffs' March 13, 2023 letter concerning the Second Circuit Court of Appeals' recent opinion in *Relevent Sports, LLC* v. *United States Soccer Federation, Inc.*, No. 21-2088-cv, 2023 WL 2375884 (2d Cir. Mar. 7, 2023). *See* ECF No. 8786. As explained below, the Second Circuit's consideration of a factually distinct alleged restraint under a Rule 12(b)(6) standard has no bearing on this Court's assessment of the pending summary judgment motions in these actions.

  *First*, *Relevent Sports* was limited to the question under Rule 12(b)(6) of whether plaintiffs had plausibly alleged "enough factual matter (taken as true) to suggest that an agreement was made" for purposes of Section 1 of the Sherman Act. *See* 2023 WL 2375884, at *4. Here, of course, Rule 56 obligates the Target and 7-Eleven plaintiffs (as well as moving party The Home Depot, which does not join in the letter) to demonstrate that there are no genuine issues of fact precluding their motions seeking partial summary judgment on the issue of whether the respective network rules plaintiffs challenge constitute "horizontal agreements." *See* Fed. R. Civ. P. 56; *see also* ECF Nos. 8098, 8185. In their summary judgment opposition papers, defendants rely upon

record evidence to demonstrate why plaintiffs have not met their summary judgment burden. *See* ECF No. 8216. Put differently, the fact that the allegations in *Relevent* were sufficient to survive a motion to dismiss has no bearing on whether plaintiffs here are entitled to partial summary judgment on a developed factual record.

*Second*, *Relevent* deals with a factually distinct alleged market allocation restraint, which "prohibit[ed] soccer leagues and teams from playing official season games outside of their home territory." 2023 WL 2375884, at *1. The Second Circuit determined that the plaintiffs plausibly alleged that the FIFA Council, an entity made up of national soccer associations representing their members in FIFA decision-making, *id*. at *1–2, announced the challenged territorial restriction policy that plaintiffs contended itself was anticompetitive, *id*. at *8. By contrast, here the Target and 7-Eleven plaintiffs cannot muster undisputed facts demonstrating that the current challenged network rules are the products of collective decision-making as a matter of law. As explained in their opposition, *see* ECF No. 8216, Visa and Mastercard have demonstrated with their own record evidence that each corporation implements its respective rules unilaterally through management acting in each company's business interests under the auspices of boards of directors unaffiliated with alleged member institutions. Nothing in the *Relevent* opinion addresses comparable corporate conduct.

*Finally*, in determining whether the plaintiff had a pleading obligation to "allege an antecedent agreement to agree," 2023 WL 2375884, at *6, the *Relevent* court did not evaluate what *evidence* constitutes a "horizontal" agreement as opposed to a "vertical" agreement or, most importantly, why either characterization would matter at summary judgment or trial in a rule-of-reason case. *See* ECF No. 8216, at 5–6. Moreover, *Relevent* on its face is limited to determining whether the plaintiffs alleged an "agreement" for purposes of Section 1, not that such an agreement was unlawful. The Second Circuit makes clear that the question of whether the purported concerted action was unlawful was distinct from the question before that court. 2023 WL 2375884, at *4 n.5 ("The antecedent question of whether the inference of concerted action could be drawn from the 2018 Policy itself is distinct from the subsequent question of whether any concerted action was "unlawful." . . . We express no view on the latter question.").

Defendants respectfully submit that *Relevent Sports* does not bear on the pending summary judgment motions before the Court. Thank you for your consideration.

Respectfully submitted,

*/s/ Kenneth A. Gallo*
Kenneth A. Gallo

Counsel for the Mastercard Defendants

cc: All counsel of record (via ECF)