**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

March 24, 2023

VIA ECF

The Honorable Margo K. Brodie
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

      Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

Rule 23(b)(3) Co-Lead Class Counsel have received a packet of documents, dated March 22, 2023, served by Proposed Intervenors Jack Rabbit, LLC and 280 Station LLC (d/b/a Cowboys) (collectively, the "Proposed Intervenors").[1] As they have done before, the Proposed Intervenors seek leave to re-litigate an issue that has been addressed by the Second Circuit: the purported dispute between branded service stations and the oil companies. In so doing at this time, however, the Proposed Intervenors seek to involve this Court in a matter over which it (presently) has no jurisdiction.

First, it is black letter law that a notice of appeal (such as that filed by Jack Rabbit, LLC) ordinarily divests the district court of jurisdiction over aspects of a case currently on appeal. *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Benzemann v. Citibank N.A.*, 622 F. App'x 16, 18 (2d Cir. 2015) ("The district court correctly concluded that, after Benzemann filed the notice of appeal, the court lacked jurisdiction to decide Benzemann's request to modify the judgment."). Here, while the Second Circuit has issued its Opinion (which does not support the Proposed Intervenors' arguments), the Circuit Court has not issued its mandate and thus retains jurisdiction. *See United States v. Zedner*, 555 F.3d 68, 82 (2d Cir.

---

[1] Included in the packet is: (1) Letter Re: Proposed Intervenors, Jack Rabbit, LLC, and 280 Station LLC (d/b/a/ Cowboys), Post Second Circuit Affirmation Motion for Leave to Intervene for Purposes of Becoming Subclass Counsel and Memorandum in Support; (2) Proposed Intervenors, Jack Rabbit, LLC, and 280 Station LLC (d/b/a Cowboys)'s – Post the Second Circuit's Affirmation Opinion – Motion for Leave to Intervene for Purposes of Being Appointed as Subclass Counsel or Being Otherwise Granted Intervention and Memorandum in Support; (3) [Proposed] Complaint in Intervention; (4) Notice of Motion; and (5) Amended Declaration Pursuant to 28 U.S.C. §1746 of Jack W. Kidd.

2008) (noting "our longstanding rule that a district court lacks jurisdiction prior to the issuance of the mandate").

Second, although *some* ancillary district court functions may be exceptions to the no-jurisdiction rule – for instance, settlement-related administrative-funding requests – an intervention into the district court matter is not among them. *See, e.g.*, *Drywall Tapers & Pointers of Greater New York, Local Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs., Inc.*, 488 F.3d 88, 94 (2d Cir. 2007) (district court "did not err in denying Local 52's intervention motion once the notice of appeal of the Court's injunction Order divested the Court of jurisdiction to affect that Order"); *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (majority of circuits hold that "an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion").

This Court currently has no jurisdiction to consider the Proposed Intervenors' motion and it should be denied. With the above said, the District Court has set a status conference for May 11, 2023 in this matter at which time the mandate from the Second Circuit should have issued restoring jurisdiction to the District Court. Scheduling and other matters raised by the Proposed Intervenors can be addressed at that time.

Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ H. Laddie Montague, Jr.* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Alexandra S. Bernay |
| Thomas J. Undlin | Merrill G. Davidoff | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

cc: All Counsel of Record via ECF