# COHENMILSTEIN

Christopher Bateman<br>
(212) 838-7797<br>
cbateman@cohenmilstein.com

April 5, 2023

*Via ECF*

The Honorable Margo K. Brodie
United States Courthouse
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

    Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

    We represent the putative Class Plaintiffs in *Old Jericho Enterprise, Inc. v. Visa, Inc.*, No. 2:20-cv-02394 (MKB)(VMS) ("*Old Jericho*"), which is consolidated with *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(VMS).  On March 22, 2023, Jack Rabbit, LLC and 280 Station LLC (d/b/a/ Cowboys) (the "Proposed Intervenors") served their "Post The Second Circuit's Affirmation Opinion - Motion For Leave To Intervene For Purposes Of Being Appointed As Subclass Counsel Or Being Otherwise Granted Intervention" (the "Intervention Motion") on (1) co-lead counsel for the Rule 23(b)(3) Direct Purchaser Class in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (the "Direct Purchaser Class Action") and (2) counsel for the Defendants.  We write to respond to the Intervention Motion.

    We agree with the Rule 23(b) Direct Purchaser Class Plaintiffs that this Court lacks jurisdiction currently to address the Intervention Motion.  We also respectfully request that the Court (1) set a briefing schedule for responses to the Intervention Motion at the upcoming May 11, 2023 status conference (assuming the Second Circuit has issued its mandate by then) and (2) provide the *Old Jericho* Plaintiffs with an opportunity to be heard on the motion for appointment of lead class counsel for the subclass proposed by the Proposed Intervenors to the extent it overlaps with the class proposed by the *Old Jericho* Plaintiffs.

<u>Overlapping Classes</u>

    The putative Class Plaintiffs in *Old Jericho* are "retail gasoline businesses that purchase the defendants' card acceptance services 'indirectly,' either via a franchisor (such as Shell,

COHEN MILSTEIN SELLERS & TOLL PLLC • 88 Pine Street • 14th Floor • New York, NY 10005
T 212.838.7797 • cohenmilstein.com

COHENMILSTEIN

April 5, 2023
Page 2

ExxonMobil, Chevron, BP or Sunoco), the assignee of a franchisor (such as Equilon Enterprises), or a supplier or jobber (collectively, 'Suppliers'), rather than dealing directly with a financial institution affiliated with Visa and MasterCard." (*Old Jericho* Amended Compl. ¶ 4, ECF No. 8058.) They seek to represent similarly situated business that purchased credit card acceptance services in Arizona, California, Connecticut, District of Columbia, Hawaii, Iowa, Illinois, Kansas, Maine, Michigan, Minnesota, Mississippi, North Carolina, North Dakota, Nebraska, Nevada, New Hampshire, New Mexico, New York, Rhode Island, South Dakota, Utah, Vermont, West Virginia, and Wisconsin. (*Id*. ¶¶ 89-90.) The Proposed Intervenors seek to represent a "subclass" in the Direct Purchaser Class Action that overlaps significantly with the class in *Old Jericho*. Their brief refers to a proposed subclass consisting of "Retail Gas Stations, who accepted Visa and MasterCard Payment Cards from customers for payment at the gas pumps, and in their respective convenience stores during the Class Period." (Mem. of Law at 3.)

Lack of Jurisdiction

Proposed Intervenors had filed an appeal of this Court's decision to approve the Direct Purchaser Class's settlement. Although the Second Circuit issued an opinion affirming final approval of that settlement, the Second Circuit's mandate has not issued. We agree with the letter of co-lead counsel for the Rule 23(b)(3) Direct Purchaser Class, dated March 24, 2023, to this Court that demonstrates that this Court lacks jurisdiction to consider the Intervention Motion until after the Second Circuit's mandate issues. We also agree with the suggestion of co-lead counsel for the Rule 23(b)(3) Direct Purchaser Class that the Court consider a briefing schedule for the Intervention Motion at the May 11, 2023 status conference (assuming the Second Circuit has issued its mandate by then).

Request To Be Heard on the Intervention Motion

In light of the overlap between the subclass proposed in the Intervention Motion and the class proposed by the *Old Jericho* Plaintiffs, the *Old Jericho* Plaintiffs respectfully request an opportunity to submit a written response to, and be heard on, the Intervention Motion, including on the appointment of class counsel.

Respectfully submitted,

*/s/ Christopher Bateman*

Christopher Bateman