**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

May 18, 2023

<u>VIA ECF</u>

The Honorable Margo K. Brodie
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY  11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
             No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

      In accordance with the Court's direction at the May 11, 2023 Status Conference and in the Court's May 13, 2023 minute entry (ECF 8828), we write on behalf of the Rule 23(b)(3) Class Plaintiffs to provide three potential candidates to serve as a Special Master, as well as a suggested procedure and proposed order regarding the duties and responsibilities of a Special Master in this action.[1]  Defendants in the Rule 23(b)(3) action have informed us that they consent to the suggested procedures below and the enclosed proposed order appointing a Special Master, attached as Exhibit A.

**I.     Potential Special Masters**

      The following three individuals along with their CVs (*see* Exhibit B) are submitted for the Court's consideration:

      Hon. Elizabeth D. Laporte (Ret.)

      Hon. James Orenstein (Ret.)

      Hon. James M. Rosenbaum (Ret.)

      We expect the Court may want to reach out directly to these individuals and they have been informed the Court may contact them.

---

[1]    Capitalized terms are the same as they were defined in the Superseding and Amended Definitive Class Settlement Agreement (ECF 7257) ("Settlement Agreement").

**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Margo K. Brodie
May 18, 2023
Page 2

**II.    Suggested Special Master Procedures**

The suggested procedures for the Special Master are as follows:

A Special Master shall be appointed to resolve any disputes or matters arising out of or relating to the Plan of Administration and Distribution (ECF 7257-2) ("Plan of Administration") attached as Appendix I to the Settlement Agreement, including the proper scope of a requested exclusion from the Rule 23(b)(3) Settlement Class and the resolution of claims made to the Net Cash Settlement Fund as well as any other matters the Court refers to the Special Master.  Upon such appointment, the Special Master shall have the authority specified in Rule 53 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 53(c).

The following is the proposed procedure regarding the Special Master's work and references the mandatory elements under Rule 53 to be included in any order appointing a Special Master.

1.    Matters arising out of or relating to the Settlement Agreement's Plan of Administration and its claims process shall be raised in the first instance with the Class Administrator, except for any specific matter the Court directly refers to the Special Master.  The Class Administrator may address the matter or refer it to the Special Master for resolution.  If the Class Administrator addresses the matter, any interested party may appeal the Class Administrator's resolution to the Special Master. That party shall provide the Special Master with an application describing the nature of the dispute, a suggested resolution, and basis for that resolution.  Any party that wishes to respond to the application shall have 15 business days to submit its opposition papers to the Special Master.  The party making the application shall thereafter have five business days to submit reply papers to the Special Master.  Reasonable adjustments to the briefing schedule for a dispute may be made by the Special Master.  All submissions to the Special Master shall be served on any interested party and Rule 23(b)(3) Class Counsel, who shall promptly provide such submissions to counsel for the Defendants.  The Special Master may seek assistance from the Settling Parties as he or she may consider to be helpful to the Special Master in resolving any such disputes. The Settling Parties are authorized to provide any such requested assistance

2.    Unless otherwise directed by the Court, the Special Master's report and recommendation on each matter, and all evidence considered by the Special Master in making or recommending any findings of fact, shall be filed on the *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(VMS) (E.D.N.Y.) docket and served on any affected parties no later than 30 days after the reply papers have been received by the Special Master.  Any interested party shall have 21 days, following the filing and service, to file objections to the Special Master's report and recommendation with the Court; any responses to objections may be filed within 21 business days thereafter.  No replies regarding objections shall be

**Robbins Geller Rudman & Dowd** LLP

The Honorable Margo K. Brodie
May 18, 2023
Page 3

permitted unless they are authorized by the Court. The Court shall review the Special Master's reports and recommendations *de novo*, and that review shall be on the record before the Special Master.

3.  The Special Master is permitted to have *ex parte* contact with the Court. Further, the Special Master is permitted to have *ex parte* contact with parties involved in any dispute (including Rule 23(b)(3) Class Counsel), if the parties to the dispute approve those *ex parte* contacts. Such *ex parte* communications shall not be deemed to waive any attorney-client or other privileges. The Court shall also direct the Special Master to proceed with all reasonable diligence.

4.  The Special Master must preserve all materials considered in making its determinations and upon completion of a ruling by the Special Master, the Special Master shall file the materials with the Court. These materials include: (a) formal written reports or recommendations regarding any matter; and (b) a record of the evidence considered by the Special Master in making or recommending findings of fact.

5.  The Special Master is to be paid his or her reasonable hourly rate and reimbursed for reasonable expenses. The Special Master shall periodically submit to the Court for approval normal billing records of time spent and expenses, with reasonably detailed descriptions of activities and matters worked on. The Special Master's fees and expenses in connection with resolving disputes shall be paid out of the Class Settlement Cash Escrow Account. The Special Master's appointment shall be for a period of two years, with the option of renewal.

Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ Merrill G. Davidoff* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | Merrill G. Davidoff | Alexandra S. Bernay |
| Thomas J. Undlin | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| **Robins Kaplan LLP** | **Berger Montague PC** | **Robbins Geller Rudman & Dowd LLP** |

Enclosures

cc: All Counsel of Record via ECF

4869-8379-5557.v1