# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720(MKB)(VMS) |
| | Civil No. 05-5075(MKB)(VMS) |
| This Document Relates To:<br><br>ALL ACTIONS. | [PROPOSED] ORDER APPOINTING SPECIAL MASTER |

4869-8805-8213.v1

The Court finds that appointment of a Special Master, pursuant to Rule 53 of the Federal Rules of Civil Procedure, is warranted.[1] A Special Master is hereby appointed to resolve any disputes or matters arising out of or relating to the Plan of Administration and Distribution, (ECF 7257-2) ("Plan of Administration") attached as Appendix I to the Settlement Agreement as well as any other matters the Court refers to the Special Master. Upon this appointment, the Special Master shall have the authority specified in Rule 53(c) with respect to those disputes and matters.

1. **[Name of Special Master]** of **[Address]** is appointed Special Master to resolve any disputes or matters arising out of or relating to the Plan of Administration, including the proper scope of a requested exclusion from the Rule 23(b)(3) Settlement Class and the resolution of claims made to the Net Cash Settlement Fund as well as any other matters the Court refers to the Special Master. The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this order.

2. Subject to the procedures set forth herein, the Special Master shall have discretion to determine the appropriate procedures for resolution of all matters within his or her appointment and shall have the authority to take all appropriate measures to perform the assigned duties.

3. Matters arising out of or relating to the Settlement Agreement's Plan of Administration and its claims process shall be raised in the first instance with the Class Administrator, except for any specific matter the Court directly refers to the Special Master. The Class Administrator may address the matter or refer it to the Special Master for resolution. If the Class Administrator addresses the matter, any interested party may appeal the Class Administrator's resolution to the Special Master. That party shall provide the Special Master with

---

[1] Capitalized terms are the same as they were defined in the Superseding and Amended Definitive Class Settlement Agreement (ECF 7257) ("Settlement Agreement").

4869-8805-8213.v1

an application describing the nature of the dispute, a suggested resolution, and basis for that resolution. Any party that wishes to respond to the application shall have fifteen business days to submit its opposition papers to the Special Master. The party making the application shall thereafter have five business days to submit reply papers to the Special Master. Reasonable adjustments to the briefing schedule for a dispute may be made by the Special Master. All submissions to the Special Master shall be served on any interested party and Rule 23(b)(3) Class Counsel, who shall promptly provide such submissions to counsel for the Defendants. The Special Master may seek assistance from the Settling Parties as he or she may consider to be helpful to the Special Master in resolving any such disputes. The Settling Parties are authorized to provide any such requested assistance.

4. Unless otherwise directed by the Court, the Special Master's report and recommendation on each matter, and all evidence considered by the Special Master in making or recommending any findings of fact, shall be filed on the *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(VMS) (E.D.N.Y.) docket and served on any affected parties no later than 30 days after the reply papers have been received by the Special Master. Any interested party shall have 21 days, following the filing and service, to file objections to the Special Master's report and recommendation with the Court; any responses to objections may be filed within 21 business days thereafter. No replies regarding objections shall be permitted unless they are authorized by the Court. The Court shall review the Special Master's reports and recommendations *de novo*, and that review shall be on the record before the Special Master.

5. The Special Master is permitted to have *ex parte* contact with the Court. The Special Master is permitted to have *ex parte* contact with parties involved in any dispute (including

Rule 23(b)(3) Class Counsel), if the parties to the dispute approve those *ex parte* contacts. Such *ex parte* communications shall not be deemed to waive any attorney-client or other privileges. The Special Master shall proceed with all reasonable diligence.

6. The Special Master must preserve all materials considered in making its determinations and upon completion of a ruling by the Special Master, the Special Master shall file the materials with the Court. These materials include: (a) formal written reports or recommendations regarding any matter; and (b) a record of the evidence considered by the Special Master in making or recommending findings of fact.

7. The Special Master is to be paid his or her reasonable hourly rate. The Special Master shall periodically submit to the Court for approval normal billing records of time spent and expenses, with reasonably detailed descriptions of activities and matters worked on. The Special Master's fees and expenses in connection with resolving disputes shall be paid out of the Class Settlement Cash Escrow Account.

8. The Special Master's appointment shall be for a period of two years, with the option of renewal.

IT IS SO ORDERED.

DATED: _____     _____
                                                                                   THE HONORABLE MARGO K. BRODIE
                                                                                   UNITED STATES DISTRICT JUDGE