# Law Office of
# N. Albert Bacharach, Jr., P.A.



4128 NW 13th Street
Gainesville, FL 32609-1807
Phone or Text: (352) 378-9859
Toll Free: (833) 378-9859
**Fax:** (352) 338-1858
E-Mail: N.A.Bacharach@att.net

May 26, 2023

<u>VIA ECF</u>

The Honorable Margo K. Brodie
Chief Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY  11201

    Re: In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,
       No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

### A.
### APPOINTMENT OF SUBCLASS REPRESENTATIVES AND SUBCLASS COUNSEL

    Counsel for Objectors, Proposed Intervenor's Jack Rabbit, LLC, and 280 Station LLC (D/B/A/ Cowboys) ("Jack Rabbit"), in accordance with this Court's Minute entry (ECF Document 8828) request to be appointed subclass counsel to represent a subclass of Retail Gas Stations franchisees who, we allege, as a matter of law, are direct purchasers.

    The proposed representation of the Retail Gas Stations franchisees as a subclass comports with the Second Circuits' March 15, 2023  OPINION, affirming judgment of the district court, acknowledging and specifically stating that only franchisors and franchisees of integrated oil companies are not included in this Courts partial Final Judgment.  "We agree with the district court that the arguments advanced by the franchisees present **no reason why the settlement affecting all claimants <u>other than the franchisors and franchisees of integrated oil companies</u> should not be consummated.**"

    Additionally, the Second Circuit advised:

"[u]ntil now, there has been no conflict between franchisors and franchisees. To the contrary,

they have shared an interest in maximizing the recovery for all class members, which each claims to be. **Going forward, however, franchisors and franchisees will become adverse to each other for resolution of the questions regarding which should be deemed to have accepted the cards and therefore to come within the class and receive settlement funds, and how those funds should be allocated. It appears that class counsel will be conflicted on those questions**. The district court should ensure that franchisors and franchisees will be represented by counsel, enabling each side to present arguments to the special master and the district court as to why they should be favored over the adversary, and enabling them to negotiate toward settlements of the disputes affecting each adverse pair.

Whether this will require designations of subclasses and appointment of further counsel to represent them or whether their existing privately retained counsel will adequately serve the needs, we leave to the good judgment of the district court." (Doc 503-1, page 25-26) (emphasis added)

Counsel for Jack Rabbit posit: that the superior choice, post the Second Circuits' remand, is to designate a subclass of Retail Gas Station franchisees. Judicial economy and resource allocation both mandate the creation of a subclass as opposed to the involvement of tens of thousands of Retail Gas Stations.

The Court should designate Jack Rabbit as the subclass representative, and its counsel, N. Albert Bacharach, Jr. and Paul S. Rothstein as subclass counsel for the retail gas station franchisees. The declaration previously submitted on behalf of Jack Rabbit, is resubmitted as Exhibit A. Declarations of counsel, N. Albert Bacharach, Jr. and Paul S. Rothstein in support of their appointment as subclass counsel, are attached as composite Exhibits B and C.

Creating a subclass for retail gas station franchisees makes sense under federal class action law. Certification of the above-described Classes is appropriate because, for each: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties, Jack Rabbit, LLC, and 280 Station LLC (D/B/A/ Cowboys) ("Jack Rabbit") are typical of the claims . . . of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Similarly, the provisions of Fed.R.Civ.P.23(b)(3) and (c)(5) fully support the creation of a subclass for Retail Gas Station franchisees.

Moreover, the proposed Subclass Class Counsel, who have handled all aspects of this contested issue for nearly four years, have demonstrated the background, experience, resources, and commitment to handle this matter through its conclusion. Fed. R. Civ. P. 23(g).

Proposed Subclass Counsel request permission to submit more comprehensive briefing either upon request by the Court or in response to other parties' submissions.

As the Court is well aware, counsel for Jack Rabbit, have a legal theory that the Retail Gas Station franchisees are, because of industry wide Oil Distributor contract practices, the direct purchasers (albeit, *Illinois Brick* Cost-Plus Direct Purchasers), under Supreme Court precedents. The Retail Gas Station franchisees have a common interest and common legal status. The maximum benefit for all Retail Gas Station franchisees can only be achieved by appointment of

subclass counsel.

As mentioned at the May 11, 2023 status conference, counsel for Jack Rabbit has no conflict representing the Retail Gas Station franchisee subclass.  Unlike Fikes Wholesale, we neither represent any branded or independent oil suppliers or distributors, nor are we advocating for other franchisees who are not Retail Gas Station franchisees - and are therefore not included in the Second Circuit's remand. Jack Rabbit and counsel, have exercised due diligence in the investigation of Jack Rabbit's business status - Oil Distributor versus Retail Gas Station - and the contractual basis of their antitrust claims Throughout these proceedings counsel for Jack Rabbit have advocated for all Retail Gas Station franchisees, and only Retail Gas Station franchisees. Jack Rabbit and counsel invite other counsel also requesting subclass counsel appointment to submit the same or similar representation.  An entity that fits the description for both an oil distributor and retail gas station franchisee cannot appropriately step forward to serve as the subclass representative for the retail gas station franchisees. The obvious conflict in representing separate entities claiming access to the same res for diametrically opposed theories disqualifies Fikes Wholesale ("Fikes") from the status as a subclass representative.  The same analysis applies to Fikes' counsel.

The Old Jericho plaintiffs' counsel are not appropriate for appointment as subclass counsel for a number of reasons.  First, they have been absent throughout these proceedings until now.  They never filed objections, pleadings, or motions at any point in these proceedings.  They did not submit any documents or representations for consideration at the fairness hearing.  They did not submit any documents or representations for consideration by the Second Circuit.   They did not submit an amicus brief regarding their potential issues.  Second, *ipso facto*, Old Jericho plaintiffs are not members of the class.  This Court entered an Order, *inter alia*, which defined the class, and Old Jericho plaintiffs filed their own class action (Case 2:20-cv-02394), which alleges that they are indirect purchasers seeking damages under the antitrust laws of various states that give standing to indirect purchasers.[1] The class definition in Old Jericho's complaint is in contradiction to the claims of Retail Gas Station franchisees as advanced by Jack Rabbit. Under Jack Rabbit's theory of the case, all Retail Gas Station franchisees are eligible to make a claim.

The Old Jericho plaintiffs are not a part of this class of direct purchasers.  That alone, renders Old Jericho plaintiffs not qualified to be designated as subclass representatives or their

---

[1] 89. Class Definition:  Plaintiffs bring this action on behalf of themselves and a class consisting of businesses, further defined below, who have operated during the "Class Period" (defined below) in Arizona, California, Connecticut, District of Columbia, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Dakota, Utah, Vermont, West Virginia, and Wisconsin (the "Class States"). Case 2:20-cv-02394, ECF Document 22, **FIRST AMENDED CLASS ACTION COMPLAINT ON BEHALF OF *INDIRECT-PURCHASER GASOLINE RETAILERS*, ¶ 89. (emphasis added)**

counsel to be designated as subclass counsel. Moreover, under the Old Jericho analysis, the *Illinois Brick* repealer states significantly reduce the number of Retail Gas Station franchisees potentially eligible to make a claim. They are overtly conflicted. Their legal theory of the case, to wit: that Retail Gas Station franchisees are indirect purchasers, and as such, their antitrust claims are limited to *Illinois Brick* Repealer states, under individual state antitrust law, is antithetical to, and conflicts with, this class action's federal antitrust law, direct purchaser basis.

Class Counsel is conflicted simply by being agnostic, with regard to ownership of the oil industry claims.

**B.**

In accordance with your ORDER re [8831] Letter from Rule 23(b)(3) Class Counsel in response to the Court's minute entry, directing parties and objectors to submit any objection to the proposed special masters or special master procedures on or before May 26, 2023, Object as follows.

Jack Rabbit has no objection to any of the proposed special masters, all of whom appear well qualified.

With regard to Class Counsel's Suggested Special Master Procedures (ECF Document 8831, page 2) Jack Rabbit states:

No Objection to the unnumbered preliminary paragraphs.

1. Paragraph 1 is objected to. The first sentence of Paragraph 1 should state: The Court shall determine and refer specific matters directly to the Special Master. Subsequently, matters arising from contested ownership of specific claims shall be resolved by the special master. Matters arising out of or relating to the Settlement Agreement's Plan of Administration and its claims process, excepting contested ownership of specific claims matters, shall be raised in the first instance with the Class Administrator, except for any specific matter the Court directly refers to the Special Master. The remainder of Paragraph 1 is not objected to.

2. No objection to Paragraph 2.

3. Paragraph 3. is objected to, to the extent it does not require the parties approval of *ex parte* contact, be in writing.

4. Paragraph 4. is objected to, to the extent it does not require the class members financial information to be filed to be filed under seal with the Court.

5. No Objection to Paragraph 5.

## C.

      With regard to Class Counsel's [PROPOSED] ORDER APPOINTING SPECIAL MASTER, and in light of the forgoing objections Jack Rabbit has attached a redlined, Exhibit D and a clean exhibit E, [ALTERNATIVE PROPOSED] ORDER APPOINTING SPECIAL MASTER incorporating their objections and suggested corrections.

                                            Respectfully submitted,

| | |
|---|---|
| /s/ Paul S. Rothstein | /s/ N. Albert Bacharach, Jr. |
| Attorney Paul S. Rothstein | N. Albert Bacharach, Jr. |
| Attorney Paul S. Rothstein, P.A. | N.Albert Bacharach, Jr., P.A. |