UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | Case No. 05-MD-01720 (MKB) (JO) |

### AMENDED DECLARATION PURSUANT TO 28 U.S.C. § 1746 OF JACK W. KIDD

**I, Jack W. Kidd, hereby declare as follows:**

1. I have personal knowledge or belief of the facts set forth in this Declaration and, if called and sworn as a witness at any proceeding before this Court, I could and would competently and truthfully testify as set forth herein.

2. I am the Managing Member of Jack Rabbit LLC, located at 2614 18th Place South, Homewood, Alabama.

3. Jack Rabbit LLC is a branded petroleum products retail marketer that has been in the Retail Gas Station business for more than thirty (30) years. Currently, Jack rabbit LLC operates a BP station.



4. I am also the Managing Member of 280 Station LLC (d/b/a Cowboys) located at 5492

Highway 280 East, Birmingham, Alabama.



5. The 280 Station LLC is a petroleum products retail marketer that has been in the Retail Gas Station business for twenty-four (24) years.

6. I operate both of the Retail Gas Stations and convenience stores (the "Kidd Stations") at the locations listed above.

7. At all times during the January 1, 2004 to January 25, 2019 Class Period, ("the Class Period"), the Kidd Stations had successive, exclusive, time based, (ten (10) year) Cost-Plus contracts with their respective Oil Distributers.

8. The Oil Distributers Cost-Plus contracts required the Kidd Stations to only and exclusively purchase a minimum amount of gasoline from their respective Oil Distributers, on a regular and reoccurring basis during the contract period[1].

9. During the Class Period: the Kidd Stations accepted Visa and MasterCard Payment

---

[1] Early in the Class Period the Kidd Stations' exclusive, time based, (ten (10) year) Cost-Plus contracts included minimum monthly purchase amounts. Subsequently, as the businesses grew they were purchasing multiples of the Oil Distributers minimum amount per month.

Cards from customers for payment at the gas pumps, and in their respective convenience stores; the Kidd Stations did an estimated $36 million in Visa and MasterCard Payment Cards retail sales, and paid the entire Interchange Fee and the Merchant Discount Fee on those retail Payment Card sales - as a portion of the costs included in their Cost-Plus contracts with their respective Oil Distributors..

10. During the Class Period, pursuant to the aforesaid contracts, the Oil Distributors provided products and services, including the processing of all of the Visa and MasterCard Payment Card transactions at the Kidd Stations, at the gas pumps, and inside the convenience stores, on a Cost-Plus basis;

11. During the Class Period, irrespective of whether the Oil Distributors, or a third party Payment Card processor on the Oil Distributer's behalf, processed the Kidd Stations' Visa and MasterCard Payment Card transactions, the Kidd Stations, pursuant to the aforesaid contracts, paid the Interchange Fee and the Merchant Discount Fee - as a portion of the costs included in their Cost-Plus contracts with their Oil Distributors.

12. During the Class Period, because of the Cost-Plus contracts with their Oil Distributors, the Kidd Stations suffered injury, harm, and actual damages because, with regard to both the Interchange Fee and the Merchant Discount Fee on the Kid Stations' estimated $36 million in Visa and MasterCard Payment Cards retail sales, the Kidd stations were contractually bound to pay, and did pay, those costs to their Oil Distributors.

13. During the Class Period, because of the Cost-Plus contracts with the Kidd Stations, the Oil Distributors did not have any injury, harm, or actual damages because - both the Interchange Fee and the Merchant Discount Fee on the Kid Stations' estimated $36 million in Visa and MasterCard Payment Cards retail sales during the Class Period were one of the included

costs paid by the Kidd Stations to their Oil Distributors.

14. On information and belief, pursuant to the industry standard, the Oil Distributors entered into Cost-Plus contracts with all other Retail Gas Stations Owners in the United States who accepted any Visa-Branded Cards and/or MasterCard-Branded Cards during the Class Period. Thus, at all times during the Class Period, no Oil Distributor suffered concrete injury or harm from any Visa and MasterCard Payment Card transaction, at any Retail Gas Station.

15. It is irrelevant that, during the Class Period, the business records of the Visa and Mastercard Defendants show that the Kidd stations, and all other Retail Gas Stations, Payment Card transactions were processed by the Oil Distributors; because, at all times during the Class Period, the Visa and Mastercard Defendants were without knowledge that, pursuant to the Oil Distributors Cost-Plus contracts with the Kidd Stations, and all other Retail Gas Stations Owners in the United States, both the Interchange Fee and the Merchant Discount Fee were one of the Cost-Plus costs paid, by the Kidd Stations, and all other Retail Gas Stations Owners, to the Oil Distributors.

16. During the Class Period, the Kidd Stations, and not their Oil Distributors, suffered injury, harm, and actual damages. Thus, as between the Kidd Stations and their Oil Distributors, only the Kidd Stations have the right to recover individual damages from this class action settlement.

**I, Jack W. Kidd**, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 2nd day of December 2022.            /s/ Jack W. Kidd
                                                   Jack W. Kidd