# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document refers to:<br>    Rule 23(b)(3) Class Action | MDL No. 1720<br>Case No. 1:05-md-1720-MKB-VMS |

**RULE 23(b)(3) CLASS PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO JACK RABBIT, LLC AND 280 STATION LLC'S
SECOND RENEWED MOTION FOR LEAVE TO INTERVENE**

# TABLE OF CONTENTS

**Page**

I. Introduction ..................................................................................................... 1

II. Factual Background ............................................................................................ 1

III. As in 2019, the Proposed Intervenors do not satisfy the standards for intervention.3

    A. The Proposed Intervenors' interests are adequately protected............................4

    B. The Proposed Intervenors fail on timeliness and the other Rule 24(a) factors. .6

    C. The impending special master proceedings will rigorously and fairly resolve any disputes regarding class membership............................................................8

    D. This Court should once again decline to grant intervention by permission....10

IV. Conclusion ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Athale v. Sinotech Energy Ltd.*,
No. 11-CV-05831, 2013 WL 2145588 (S.D.N.Y. May 16, 2013) ........................................11

*D'Amato v. Deutsche Bank*,
236 F.3d 78 (2d Cir. 2001)..............................................................................................10

*Devlin v. Scardelletti*,
536 U.S. 1 (2002)...............................................................................................................4

*Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*,
62 F.4th 704 (2d Cir. 2023) ....................................................................................... *passim*

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,
797 F.2d 85 (2d Cir. 1986).............................................................................................11

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05-MD-1720 (MKB), 2023 WL 2403615 (E.D.N.Y. Mar. 6, 2023) ..................................2

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05MD1720MKBJO, 2019 WL 5653756 (E.D.N.Y. Oct. 30, 2019)..................................4

**Other Authorities**

Fed. R. App. P. 24(b)(2) ......................................................................................................10

Fed. R. Civ. P. 24(a)(2)........................................................................................................3, 7

Rule 23 .................................................................................................................................7

Rule 23(b)(3)........................................................................................................................1

Rule 24(a).............................................................................................................................6, 7

## I.    Introduction

Jack Rabbit, LLC and 280 Station LLC (the "Proposed Intervenors") again seek to intervene in this litigation, ostensibly to ensure that "Retail Gas Station franchisees are justly compensated for their damages." (Motion, ECF No. 8832 at 11.) The motion is fundamentally flawed. The issues Proposed Intervenors seek to raise in intervention are precisely the issues that this Court will appoint a special master to decide. Because the Proposed Intervenors have another avenue to protect their alleged rights, their "ability to protect [their] interests" without intervention will not be "impeded." Fed. R. Civ. P. 24(a)(2). They therefore cannot meet the threshold requirement for intervention as a right. Their motion for permissive intervention fares no better. The Proposed Intervenors' motion should therefore be denied.

## II.    Factual Background

On January 24, 2019, the Court granted preliminary approval of a Rule 23(b)(3) Plaintiff Class settlement agreement that resolved and terminated antitrust claims brought by the Rule 23(b)(3) Plaintiff Class against the Visa and Mastercard networks and various issuing and acquiring banks in this multi-district litigation. (Jan. 2019 Order, ECF No. 7361.)  On July 23, 2019, Jack Rabbit, LLC ("Jack Rabbit") and Cahaba Heights Service Center, Inc. ("Cahaba Heights") filed objections to the settlement agreement and a notice of intention to appear at

the November 7, 2019 final class settlement fairness hearing. (Obj. to Class Action Settlement and Class Counsel's Request for Attorneys' Fees and Notice of Intent to Appear ("Jack Rabbit Obj."), ECF No. 7574.) On September 1, 2019, just weeks before their objections were to be heard, Jack Rabbit and 280 Station, LLC filed a motion to intervene. (Mot. to Intervene, ECF No. 7694; Mem. of Law in Supp. of Mot. to Intervene, ECF No. 7730.) On October 30, 2019, the Court denied the motion to intervene. (Mem. & Order dated Oct. 30, 2019 ("October 2019 Decision"), ECF No. 7755.) In December of 2019, the Court approved the class settlement agreement (the "Superseding Settlement Agreement"). (Final Approval Order, ECF No. 7818; Mem. & Order dated Dec. 16, 2019 (the "December 2019 Decision"), ECF No. 7821.) In its order approving the Superseding Settlement Agreement, the Court expressed its intention to appoint a special master to resolve disputes between service stations and oil companies regarding who may claim settlement funds. (*See* December 2019 Decision 44–46.)

On December 2, 2022, while the Court's approval orders were pending before the United States Court of Appeals for the Second Circuit, Proposed Intervenors filed a *Renewed* Motion to Intervene raising the same issues raised in the pending appeal and seeking the same relief before this Court and the Court of Appeals. On March 6, 2023, the Court denied the Renewed Motion for want of jurisdiction. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No.

05-MD-1720 (MKB), 2023 WL 2403615, at *6 (E.D.N.Y. Mar. 6, 2023) (citing *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals.")). The Second Circuit affirmed the Court's approval orders on March 15, 2023, *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704 (2d Cir. 2023) ("Second Circuit March 15, 2023 Order"), and issued its mandate on May 2, 2023. (USCA Mandate, ECF No. 8823.)

Currently before the Court is Proposed Intervenors' *Second Renewed* Motion to Intervene. (Second Renewed Mot. to Intervene, ECF No. 8832.) For the reasons set forth below, the Court should deny the Second Renewed Motion to Intervene.

### III. As in 2019, the Proposed Intervenors do not satisfy the standards for intervention.

Proposed Intervenors insist that they are "Cost-Plus Direct Purchasers," and therefore class members, which they equate with "constitutional rights," that can be protected only through intervention. (Motion, ECF No. 8832 at 12-14.) This argument, however, assumes that the Proposed Intervenors *are class members*, which will not be determined until the Special Master evaluates their claim. If they *are not* class members, they cannot intervene because they do not "claim[] an interest in relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). And if they *are in fact* class members, intervention is

3

unnecessary because they are already absent class members, represented by class counsel, and entitled to take part in the settlement. *See Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (holding that absent class members that object to a class settlement are "parties" to a litigation in the sense that they are bound by the final judgments and entitled to the benefits of the settlement).

Both this Court and the Second Circuit have already considered and rejected the arguments that the Proposed Intervenors rehash in their latest intervention motion. At this juncture, their arguments unsurprisingly still register as meritless and "confused." *Second Circuit March 15, 2023 Order* at 717.

**A.    The Proposed Intervenors' interests are adequately protected.**

In 2019, the Court held that the Proposed Intervenors were not entitled to intervention as of right because they "failed to show that their interest, which they state is 'their claim to the settlement proceeds for their acceptance of Visa and MasterCard Branded Cards and payment of the related interchange charges,' is not protected by named plaintiffs, who undoubtedly possess the same interest." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05MD1720MKBJO, 2019 WL 5653756, at *3 (E.D.N.Y. Oct. 30, 2019). The Second Circuit concurred. "[B]ecause the conflict is not between class members, but between entities disputing who has the right to claim class status, there is no intra-class conflict or inadequate representation; Class Counsel and Class

Plaintiffs are not responsible to, and do not represent, the entity that loses the dispute over the right to claim settlement funds." *Fikes Wholesale, Inc.*, 62 F.4th at 717 (2d Cir. 2023) (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 33 (E.D.N.Y. 2019)).

> The [Proposed Intervenors] argue that the franchisees have been inadequately represented because no class representative has a shared interest in the franchisees' dispute with their franchisors. Such shared interests are necessary to protect the franchisees, the [Proposed Intervenors] contend, since the loser of the intra-class conflict will be entitled to no recovery, but will still be bound by the settlement's release.

> The [Proposed Intervenors] are confused. The dispute is not over which group of class members will get the recovery; the dispute is over which claimants are within the class. Whoever "accepted" the payment cards is by definition in the class, gets compensation, and is bound by the release; an entity that did not accept the payment is by definition excluded from the class and is not bound by the settlement. *See Rothstein v. Am. Int'l Grp.*, 837 F.3d 195, 204 (2d Cir. 2016) (noting that non-class members "cannot be bound by any orders or judgments entered in respect to the settlement" (internal quotation marks omitted)). The class representatives owe nothing to the losing entities; outsiders are irrelevant.

> . . .

> As a result . . . **there "is a dispute that needs to be resolved," but it "need not be resolved through creation of subclasses or appointing new class representatives or counsel."**

*Id.* (emphasis added) (quoting *Final Approval*, No. 05-md-1720, 2019 WL 6875472, at *18).

The Proposed Intervenors are rehashing arguments that were aired before and rejected by this Court in 2019, and by the Second Circuit in March. The Proposed Intervenors are still seeking to intervene to argue that they are in the class. As the Second Circuit noted, they may or may not be correct.[1] *Fikes Wholesale, Inc.*, 62 F.4th at 718 (noting issue here is whether franchisor or franchisee "should be deemed to have accepted the cards and therefore to come within the class and receive settlement funds.") But that is beside the point. Intervention is improper because a procedure will be in place to hear the Proposed Intervenors' arguments and if they indeed are in the class, Class Counsel will represent them as they have represented every other class member. *See id.* at 717-18.

### B. The Proposed Intervenors fail on timeliness and the other Rule 24(a) factors.

The Court no doubt continues to acknowledge and understand the Proposed Intervenors' concerns regarding their ultimate right to recover as opposed to a branded fuel supplier, but those concerns remain insufficient to warrant intervention. As this Court observed in 2019, potential intervenors must

---

[1] The Proposed Intervenors have never produced the contract(s) that supposedly entitle them to membership in the class as "Cost-Plus Direct Purchasers."

"take the pleadings in a case as they find them; they may not by intervention radically alter the scope to create a much different suit, or inject collateral issues into an existing action." October 2019 Decision at 8-9 (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.*, 187 F.R.D. 465, 491−92 (S.D.N.Y. 1998) (cleaned up). The Court further noted that "interjecting any new issues following the negotiation of settlements would be unsettling and untimely." *Id*. Again, the settlement in this case has not only been negotiated, but approved and affirmed. "Unsettling and untimely" would be an understatement.

Moreover, as in 2019, the case law continues to support a finding that Proposed Intervenors' motion is untimely. "Renewing" (for the second time) a motion that was untimely four years ago can hardly render that motion timely today. *See* October 2019 Decision at 9, n3 (collecting cases).

The case law also still supports a finding that the Proposed Intervenors have failed to meet the third factor of the Rule 24(a)(2) analysis − that disposing of the action will impair or impede their ability to protect their interest. The Proposed Intervenors and the 140 other Branded Operators voicing similar concerns can and indeed have protected their interests via typical Rule 23 processes and appeals. The Court thoroughly considered the Branded Operators' objections at the final fairness hearing and decided that the Proposed

Intervenors' dispute regarding class membership can and should be resolved via special master proceedings. The Second Circuit agreed.

### C. The impending special master proceedings will rigorously and fairly resolve any disputes regarding class membership

To repeat: the dispute animating the Proposed Intervenors' motion is not a dispute between class members as to who will get the recovery. It a dispute over which entity – franchisor or franchisee – is a class member. As this Court observed more than four years ago and as the Second Circuit recently affirmed, such disputes routinely arise in the context of antitrust settlements, and they are routinely resolved with the aid of a special master during the settlement administration process. *Fikes Wholesale*, 62 F.4th at 717.

This is not to downplay the potential complexity of the impending special master proceedings, nor the importance of sound logistics and guidance, nor to prejudice the disposition of Jack Rabbit's argument that they are in fact class members. But as the Second Circuit observed, "logistics can be worked out in time. The district court provided the only marching order that matters: that the special master identify the direct payor or payors in any given transaction. That is enough for now." *Id*. at 718. Moreover, "special masters have been frequently tasked with deciding antitrust standing issues at the summary judgment stage. These are tough and hotly disputed issues. But district courts with loaded

dockets may rely on special masters to decide thorny things." *Id*. Ultimately, decisions by the special master will be reviewable *de novo* by the district court and, in turn, reviewable by the Second Circuit on appeal. *Id*.

The Court is no doubt well aware that the legal and factual complexity of the Branded Operators' standing disputes warrants fair and carefully designed special master proceedings. The forthcoming special master proceedings should and will "ensure that franchisors and franchisees will be represented by counsel, enabling each side to present arguments to the special master and the district court as to why they should be favored over the adversary, and enabling them to negotiate toward settlements of the disputes affecting each adverse pair." *Id*. But as this Court's previous decisions (and the Second Circuit's affirmance of same) have made clear, this does not necessitate the designation of subclasses or appointment of further counsel to represent them. *Id*. To the contrary, the various privately retained counsel that have been advocating for their 140 Branded Operator clients for more than four years now should continue to adequately serve those needs. *Id*.

The Second Circuit made it clear that it has been left to the "good judgment" of this Court to decide whether to designate subclasses and appoint further counsel, or whether existing privately retained counsel will adequately serve the needs of the Proposed Intervenors and the other Branded Operators. *Id*.

The existing privately retained counsel of the many gas-station owners that have appeared in this litigation appear adequate to advocate for the interests of the clients that have retained them in the forthcoming claims-administration process. At issue is not a single dispute that can be resolved for all franchisors and franchisees writ large. As the Second Circuit recognized, these are a series of distinct contractual disputes between multiple franchisors and franchisees; they must be resolved "each adverse pair" by "each adverse pair." *Id*.

### D. This Court should once again decline to grant intervention by permission.

As in 2019, this Court should decline to grant permissive intervention under Rule 24(b)(2) for at least four reasons: (1) for the reasons set forth above; (2) because the Proposed Intervenors seek to intervene *eighteen* years into this action, after the district court's orders have now been affirmed "in all respects" by the Second Circuit (with the exception of potentially modifying service awards); (3) because granting intervention would unduly delay the class-settlement proceedings; and (4) because the Proposed Intervenors will not "significantly contribute to full development of the underlying factual issues," given that they are one of approximately 140 objector-appellants who advanced nearly identical arguments before this Court and the Second Circuit, and who are obviously well positioned to advance similar arguments before the special master. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) ("The

determination of the timeliness of a motion to intervene is within the discretion of the district court, evaluated against the totality of the circumstances before the court." (internal quotations omitted)); *see also H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986); *Athale v. Sinotech Energy Ltd.*, No. 11-CV-05831, 2013 WL 2145588, at *3 (S.D.N.Y. May 16, 2013) (denying permissive intervention where proposed intervenor filed his motion thirteen months after lead plaintiff had been named and "two months after the parties had entered a[ ] [memorandum of understanding] with regard to settlement").

## IV.   Conclusion

Just like in their previous motions, the Proposed Intervenors have not articulated how they or anyone else will be prejudiced if they are not allowed to intervene. The result should therefore be the same as in those previous motions. This Court should deny the motion, allowing the Special Master to adjudicate the class-membership issues that the Proposed Intervenors attempt to raise through this motion.

Respectfully submitted,

**ROBINS KAPLAN LLP**

Dated: June 1, 2023                    */s/ Ryan W. Marth*

Ryan W. Marth
K. Craig Wildfang
Thomas J. Undlin
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500

**BERGER MONTAGUE PC**

H. Laddie Montague, Jr.
Merrill G. Davidoff
Michael J. Kane
1818 Market St., Ste. 3600
Philadelphia, PA 19103
Telephone: 215-875-3000

**ROBBINS GELLER RUDMAN & DOWD LLP**

Patrick J. Coughlin
Alexandra S. Bernay
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058

**Co-Lead Counsel for Rule 23(b)(3) Class Plaintiffs**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document refers to:<br>    All Rule 23(b)(3) Class Actions | MDL No. 1720<br>Case No. 1:05-md-1720-MKB-JO<br><br>**CERTIFICATE OF SERVICE** |

I certify that on date I caused to be served the RULE 23(b)(3) CLASS

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO JACK RABBIT,

LLC AND 280 STATION LLC'S AMENDED RENEWED MOTION TO

INTERVENE upon the following via ECF:

| | |
|---|---|
| Attorney for Class Members/Proposed Plaintiffs In Intervention Jack Rabbit, LLC & 280 Station LLC (d/b/a/ Cowboys)<br>Paul S. Rothstein, P.A.<br>626 N.E. 1st Street<br>Gainesville, FL 32601<br>(352) 376-7650<br>(352) 374-7133<br>E-Mail: psr@rothsteinforjustice.com | N. Albert Bacharach, Jr.<br>280 Station LLC (d/b/a/ Cowboys)<br>N.Albert Bacharach, Jr., P.A.<br>4128 NW 13th Street<br>Gainesville, FL 32609-1807<br>(352) 378-9859<br>(352) 338-1858 (Fax)<br>E-Mail: N.A.Bacharach@att.net |
| Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association<br>Robert J. Vizas<br>Arnold & Porter Kaye Scholer LLP<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: 415-471-3100 | Mark R. Merley<br>Matthew A. Eisenstein<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001-3743<br>Telephone: 202-942-5000<br>Facsimile: 202-942-5999 |

| | |
|---|---|
| Facsimile: 415-471-3400<br>E-Mail:<br>robert.vizas@arnoldporter.com | E-Mail:<br>mark.merley@arnoldporter.com<br>E-Mail:<br>matthew.eisenstein@arnoldporter.com |
| Robert C. Mason<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019-9710<br>Telephone: 212-836-8000<br>Facsimile: 212-836-8689<br>E-Mail:<br>robert.mason@arnoldporter.com | Michael S. Shuster<br>Demian A. Ordway<br>Blair E. Kaminsky<br>Holwell Shuster & Goldberg LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>Telephone: 646-837-5151<br>Facsimile: 646-837-5153<br>E-Mail: mshuster@hsgllp.com<br>E-Mail: dordway@hsgllp.com<br>E-Mail: bkaminsky@hsgllp.com |

| | |
|---|---|
| Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated<br>Kenneth A. Gallo<br>Zachary A. Dietert<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>Telephone: 202-223-7300<br>Facsimile: 202-223-7420<br>E-Mail: kgallo@paulweiss.com<br>E-Mail: zdietert@paulweiss.com | Gary R. Carney<br>Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: 212-373-3000<br>Facsimile: 212-757-3990<br>E-Mail: gcarney@paulweiss.com |
| Attorneys for Defendants Bank of America, N.A., BA Merchant Services LLC (f/k/a National Processing, Inc.), and Bank of America Corporation<br>Mark P. Ladner<br>Michael B. Miller<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019-9601<br>Telephone: 212-468-8000<br>Facsimile: 212-468-7900<br>E-Mail: mladner@mofo.com<br>E-Mail: mbmiller@mofo.com | Attorneys for Defendants Barclays Bank plc, Barclays Delaware Holdings, LLC, (f/k/a Juniper Financial Corporation), Barclays Bank Delaware (f/k/a Juniper Bank), and Barclays Financial Corp.<br>Wayne D. Collins<br>James P. Tallon<br>Shearman & Sterling<br>599 Lexington Avenue<br>New York, NY 10022-6069<br>Telephone: 212-848-4000<br>Facsimile: 212-848-7179<br>E-Mail: wcollins@shearman.com<br>E-Mail: jtallon@shearman.com |

| | |
|---|---|
| Attorneys for Defendants Capital One Bank (USA), N.A., Capital One F.S.B., and Capital One Financial Corporation<br>Andrew J. Frackman<br>Abby F. Rudzin<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: 212-326-2000<br>Facsimile: 212-326-2061<br>E-Mail: afrackman@omm.com<br>E-Mail: arudzin@omm.com | Attorneys for Defendants JPMorgan Chase & Co. (and as successor to Bank One Corporation), JPMorgan Chase Bank, N.A., Chase Bank USA, N.A. (and as successor to Chase Manhattan Bank USA, N.A. and Bank One Delaware, N.A.), and Paymentech, LLC (and as successor to Chase Paymentech Solutions, LLC)<br>Peter E. Greene<br>Boris Bershteyn<br>Kamali P. Willett<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>4 Times Square<br>New York, NY 10036<br>Telephone: 212-735-3000<br>Facsimile: 212-735-2000<br>E-Mail: peter.greene@skadden.com<br>E-Mail: boris.bershteyn@skadden.com<br>E-Mail: kamali.willett@skadden.com |
| Attorneys for Defendants Citibank, N.A., Citigroup Inc., and Citicorp.<br>David F. Graham<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: 312-853-7000<br>Facsimile: 312-853-7036<br>E-Mail: dgraham@sidley.com | Benjamin R. Nagin<br>Sidley Austin LLP<br>787 Seventh Ave<br>New York, NY 10019<br>Telephone: 212-839-5300<br>Facsimile: 212-839-5599<br>E-Mail: bnagin@sidley.com |

| | |
|---|---|
| Attorneys for Defendant Fifth Third Bancorp<br>Richard L. Creighton, Jr.<br>Drew M. Hicks<br>Keating Muething & Klekamp PLL<br>One East Fourth Street, Suite 1400<br>Cincinnati, OH 45202<br>Telephone: 513-579-6400<br>Facsimile: 513-579-6457<br>E-Mail: rcreighton@kmklaw.com<br>E-Mail: dhicks@kmklaw.com | Attorneys for Defendant First National Bank of Omaha<br>John P. Passarelli<br>James M. Sulentic<br>Kutak Rock LLP<br>1650 Farnam Street<br>The Omaha Building<br>Omaha, NE 68102<br>Telephone: 402-346-6000<br>Facsimile: 420-346-1148<br>E-Mail: John.Passarelli@KutakRock.com<br>E-Mail: James.Sulentic@KutakRock.com |
| Attorneys for HSBC Finance Corporation, HSBC Bank USA, N.A., HSBC North America Holdings Inc., HSBC Holdings plc, and HSBC Bank plc<br>David S. Lesser<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: 212-230-8800<br>Facsimile: 212-230-8888<br>E-Mail: david.lesser@wilmerhale.com | Attorneys for Defendants The PNC Financial Services Group, Inc. (and as acquirer of National City Corporation), National City Corporation, and National City Bank of Kentucky<br>Frederick N. Egler<br>Reed Smith LLP<br>Redd Smith Center<br>225 Fifth Avenue<br>Pittsburgh, PA 15222<br>Telephone: 412-288-3396<br>Facsimile: 412-288-3063<br>Email: fegler@reedsmith.com |
| Attorneys for Defendants SunTrust Banks, Inc. and SunTrust Bank<br>Teresa T. Bonder<br>Valarie C. Williams<br>Kara F. Kennedy<br>Alston & Bird LLP<br>1201 West Peachtree Street NW<br>Atlanta GA 30309<br>Telephone: 404-881-7000 | Attorneys for Defendant Texas Independent Bancshares, Inc.<br>Jonathan B. Orleans<br>Adam S. Mocciolo<br>Pullman & Comley, LLC<br>850 Main Street<br>PO Box 7006<br>Bridgeport, CT 06601-7006<br>Telephone: 203-330-2000 |

| | |
|---|---|
| Facsimile: 404-881-7777<br>E-Mail: Teresa.Bonder@alston.com<br>E-Mail: Valarie.Williams@alston.com<br>E-Mail: Kara.Kennedy@alston.com | Facsimile: 203-576-8888<br>E-Mail: jborleans@pullcom.com<br>E-Mail: amocciolo@pullcom.com |
| Attorneys for Defendants Wells Fargo & Company (and as successor to Wachovia Corporation)<br>Robert P. LoBue<br>William F. Cavanaugh<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212-336-2000<br>Facsimile: 212-336-2222<br>E-Mail: rplobue@pbwt.com<br>E-Mail: wfcavanaugh@pbwt.com | |

Respectfully submitted,


Dated:  June 1, 2023

*/s/ Ryan W. Marth*

ROBINS KAPLAN LLP

Ryan W. Marth
K. Craig Wildfang
Thomas J. Undlin
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500

**Co-Lead Counsel for Rule 23(b)(3) Class Plaintiffs**

93904913.4