**Robbins Geller**
**Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

June 1, 2023

<u>VIA ECF</u>

The Honorable Margo K. Brodie
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY 11201

      Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
           No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

      The submissions received in response to the May 18, 2023 Rule 23(b)(3) Class Counsel's ("Class Counsel") outline of procedures for a Special Master, indicate three different groups hoping or purporting to represent the same groups of potential class members, three different proposals, and varying suggestions as to the proper way forward including whether any of these groups are even in the class. Having reviewed those submission it seems most prudent to follow the procedures suggested by Class Counsel in our May 18, 2023 letter.[1]

      In its minute entry following the May 11, 2023 status conference, the Court asked Class Counsel to "explain why current counsel can fairly present the issues to the special master and why the Court should delay any appointment of counsel to represent the franchisees." ECF 8828 (docket text-only minute entry).

      The Second Circuit made it clear that it was leaving to the "good judgment" of this Court to decide whether to appoint further counsel, or whether existing privately retained counsel will adequately serve the needs of Proposed Intervenors and the other Branded Operators. *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 718 (2d Cir. 2023). Based on the responses to Class Counsel's May 18 filing it appears that the existing privately retained counsel are well able to serve the interests of those who may bring disputes to the Special Master. As this Court's previous decisions have made clear, the current dispute does not necessitate the designation of administrative subclasses or the appointment of further counsel to represent them. *Id.* The various privately retained counsel that have been advocating for those potential claimants have been before the court for years and appear adequately positioned to serve these needs. *Id.* In addition it would appear that each of these groups, Fikes, Jack Rabbit, and Old Jericho have different theories for recovery for the same

---

[1] Class Counsel has no objection to the suggestions regarding confidentiality.

4892-2563-6455.v1

655 West Broadway, Suite 1900   San Diego, CA 92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

group of potential Class members.  It would seem premature to appoint any one set of counsel until further proceedings before the Claims Administrator and the Special Master.

Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ Merrill G. Davidoff* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | Merrill G. Davidoff | Alexandra S. Bernay |
| Thomas J. Undlin | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| **Robins Kaplan LLP** | **Berger Montague PC** | **Robbins Geller Rudman & Dowd LLP** |

cc: All Counsel of Record via ECF