**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

June 16, 2023

VIA ECF

The Honorable Margo K. Brodie
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY  11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
             No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

      Rule 23(b)(3) Class Counsel ("Class Counsel") writes to express some concerns raised by the letter filed on June 14, 2023 on behalf of counsel for a purported group of franchise owners. ECF 8848. Class Counsel has also expressed some of these concerns in a letter to counsel, but believe the Court should be apprised as well.

      First, we are concerned with the delay attendant with the 30-day request to report to the Court. We understand the Court has granted this request and hope that a concrete schedule for the filing of a "joint motion for appointment as subclass counsel" (ECF 8848 at 2), be set immediately thereafter.

      Second, we are concerned that Fikes counsel has indicated that she is intent on communicating to members of the class that this Court has already certified and has appointed the undersigned to act as Class Counsel. With a certified class, it is inappropriate for other counsel to contact class members, particularly to sway them into being represented by other counsel. Counsel may not communicate with individuals or entities regarding matters in which they are represented by counsel, and certainly may not solicit business regarding those matters. ABA Model Rules of Prof. Conduct, Rule 4.2. This prohibition extends to individuals or entities that are members of certified classes. *Jackson v. Bloomberg, L.P.*, 2015 WL 1822695 (S.D.N.Y. Apr. 22, 2015).[1]

---

[1] To be clear, we are not objecting to any communication Fikes counsel may have with clients in the Fikes group. But, just as Fikes counsel would surely object to our contacting clients in the Fikes group directly, the certified settlement class has counsel and communications to class members – not already represented by separate counsel – or who seek separate representation themselves – should not be solicited independently. In Fikes counsel's letter to the Court, counsel for Fikes summarized they "have been speaking with franchise businesses and organizations with operations in areas outside of the branded gas station businesses." ECF 8848 at 1. These entities are potential Class members and, as such, are already represented by Class Counsel.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Margo K. Brodie
June 16, 2023
Page 2

We note further that this Court has the authority and obligation to protect class members in circumstances where, as here, contact is being made with class members. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2014 WL 4966072, at *1 (E.D.N.Y. Oct. 3, 2014) (Judge Gleeson noting: "The Court's authority is clear, and its obligation to protect class members is strong. The only effective way to avoid confusion and intolerable inefficiencies in the claims filing process is to be firm . . . ."). Similarly, the court, "may prohibit communications with class members entirely, compel communications correcting misleading statements, and declare contracts between third parties and class members void." *In re Visa Check/Mastermoney Antitrust Litig.*, 2006 WL 1025588, at *5 (E.D.N.Y. Mar. 31, 2006). The Court's supervision of communications with absent class members is consistent with other district courts' general treatment of such matters. *See In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d. 1239, 1242 (N.D. Cal. 2000) (In conducting an action under Rule 23(d), "the court is authorized to enter orders . . . for the protection of members of the class . . . for the fair conduct of the action, . . . [or] deal[] with similar procedural matters."); Manual for Complex Litigation (Fourth) §21 (2004) (noting a district court's "broad administrative powers" to protect the interests of absent class members).

Finally, we believe that the appointment of a subclass counsel is neither necessary nor appropriate. It may be the case that certain groups of claimants will appear before the to-be named special master collectively, with counsel of their choosing, to have issues decided in a way that promotes efficiency, but the traditional understanding of a subclass is both unworkable and unnecessary here. For example, Old Jericho, Jack Rabbit, and Fikes all claimed, at least initially and to the Second Circuit, to represent retail gas stations. However, each appears to have a different idea of exactly which merchants are in this group (Jack Rabbit argues Fikes represents suppliers and gas retailers), whether each was a direct, indirect, or cost plus purchaser and, finally, each of these three groups has a different view of the transaction at issue.

Old Jericho asserts representation of retail stations asserting such stations are indirect purchasers. Old Jericho has filed indirect actions, currently before this Court, on behalf of this purported indirect class. Jack Rabbit also asserts representation of retail gas stations arguing that although these merchants are indirect purchasers they should be in the "Class" under an *Illinois Brick* "cost plus" exception. Fikes also claims representation of retail gas stations, but points to a different transaction at issue – the "acceptance" of the card from the customer not the purchase of card processing services and acceptance of the networks' rules. *See, e.g., Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 255 (E.D.N.Y. 2016) (important to identify the proper transaction at issue to determine standing); *Salveson v. JP Morgan Chase & Co.*, 860 F. App'x 207 (2d Cir. 2021),

**Robbins Geller Rudman & Dowd LLP**

The Honorable Margo K. Brodie
June 16, 2023
Page 3

*cert. denied*, 142 S. Ct. 773 (2002).[2]  Thus, there is no uniformity in counsel's arguments even for this small group of retail gas merchants as to which entities are in the group, the transaction or theory for recovery and/or whether the gas stations are direct, indirect, or cost plus purchasers.  Certainly, on this record there is no call to appoint separate counsel for all franchisees in the country.  The claims process should move forward, a special master appointed, and these issues handled in that orderly process.

Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ Merrill G. Davidoff* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | Merrill G. Davidoff | Alexandra S. Bernay |
| Thomas J. Undlin | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| **Robins Kaplan LLP** | **Berger Montague PC** | **Robbins Geller Rudman & Dowd LLP** |

cc: All Counsel of Record via ECF

---

[2] It appears that Old Jericho and Jack Rabbit concur that the transaction at issue is the purchase of network services referred to as "Card Acceptance Services" in the Third Consolidated Amended Class Action Complaint.  ECF 7123, ¶9.v.

4892-0087-1018.v1