**COHEN MILSTEIN**

Christopher Bateman<br>
(212) 220-2926<br>
cbateman@cohenmilstein.com

June 27, 2023

*Via ECF*

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*,
                No. 1:05-md-1720-MKB-VMS

Dear Judge Brodie:

    We write on behalf of plaintiffs Old Jericho Enterprise, Inc., OKY LLC, W.L.F., Automotive, Inc., Buck's, Inc., Pointe Service Center LLC, Koehnen's Standard Service, Inc., Mox LLC, Wesco, Inc., Chandler Oil-1 Corporation, 32T, LLC, Red Eagle, Inc., Zarco USA, Inc., Victory Energy, LLC, H&H Enterprises Inc., Heinz Enterprises, Inc., Coffee Cup Fuel Stop, Inc., Mineral Spring Avenue Getty, Inc., Pit Row, Inc., and Village Center Auto Care, Inc. (the "Old Jericho plaintiffs") in response to recent submissions by various groups regarding the determination of whether particular franchisees are members of the direct purchaser Settlement Class. *See* ECF Nos. 8848-8850.

    The one matter that all counsel appear to agree on is that the determination of whether a franchisee is or is not a member of the Settlement Class requires a review of the relevant franchise agreements and the application of federal antitrust law to those agreements. The Second Circuit affirmed that this determination should be made by the Special Master, subject to review by this Court. *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 715, 718 (2d Cir. 2023). The Old Jericho plaintiffs therefore respectfully submit that the Special Master should be tasked with providing a recommendation to this Court on the threshold issue of whether certain categories of franchisees are members of the Settlement Class.

    The requests of Ms. Eisenberg and the Jack Rabbit objectors to appoint subclass counsel, however, put the cart before the horse. The Special Master should first determine whether any franchisees are members of the Settlement Class. It is only after that determination is made, and

COHEN MILSTEIN

June 27, 2023
Page 2

approved by this Court, that the question of whether subclass counsel is needed can be answered. For example, if other franchisees are governed by contractual relationships similar to the Old Jericho plaintiffs'—and, thus, are indirect purchasers and not members of the Settlement Class—there is no need to appoint subclass counsel for them, as this "subclass" of franchisees would be devoid of members (and would therefore fail Rule 23's numerosity requirement). *See* Fed. R. Civ. P. 23(a)(1); *Marisol A. v. Giuliani*, 126 F.3d 372, 379 (2d Cir. 1997) (district court "must engage in a rigorous analysis of the plaintiffs' legal claims and factual circumstances in order to ensure that appropriate subclasses are identified, that each subclass is tied to one or more suitable representatives, and that each subclass satisfies Rule 23[]," and "may allow additional discovery and hold evidentiary hearings in order to determine which [sub]classifications may be appropriate").

Consistent with these principles, the Old Jericho plaintiffs propose that, upon appointment, the Special Master be instructed to establish a schedule for interested parties to make submissions (requiring supporting evidence) regarding (i) whether the franchisees that they represent are or are not members of the Class, and (ii) whether categories of franchisees (such as for particular industries, brands, or suppliers) can be treated similarly and/or should be treated as a subclass. The Special Master would then make recommendations on issues (i) and (ii) based on these submissions. More specifically, if the Special Master found that a category of franchisees can be treated similarly, the Special Master would then make a recommendation as to whether the franchisees in that particular group are members of the Settlement Class. If the Special Master found that a category of franchisees cannot be treated similarly, the Special Master would make a recommendation as to how to determine whether those franchisees are members of the Settlement Class. If the Special Master determines that a particular group of franchisees can be treated similarly and are members of the Settlement Class, this Court can then entertain submissions regarding representation of that subclass.

The Old Jericho plaintiffs are confident that the Special Master will be able to determine that gas retailers, at least in *Illinois Brick* repealer states, can be treated similarly and are indirect purchasers, not members of the Class. The Old Jericho plaintiffs take no position on whether any other category of franchisees can be treated similarly or are members of the Class.

Respectfully submitted,

*/s/ Christopher Bateman*

Christopher Bateman