**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION** | **1:05-md-01720 (MKB) (VMS)**<br><br>**MDL No. 1720 (MKB)(VMS)** |
| **This Document Relates To:**<br><br>    **ALL ACTIONS**. | |

**JACK RABBIT'S REPLY MEMORANDUM IN OPPOSITION**
**TO OLD JERICHO'S MOTION TO INTERVENE**

# I.
# ARGUMENT

The 19 Old Jericho Retail Gas Station businesses are members of the Class, and since they persist in claiming that they are indirect purchasers, then the Court should consider reopening an opt-out window allowing them to opt-out of this approved settlement within a limited time, such as thirty(30) days.  The circumstances are such that re-opening the Opt-Out Window for the 19 Old Jericho Retail Gas Stations for a short period  may be the least disruptive solution to the indirect purchaser issue.  Class Counsel's suggestion that Old Jericho be allowed to advocate to the fact-finder that their 19 businesses, and by implication all other retail gas station owners, are indirect purchasers, on its face, amounts to the abandonment of tens of thousands of class members' claims, by Class Counsel.

The Second Circuit identified the conflict between the Oil Distributors(franchisors) and Retail Gas Stations(franchisees).  Jack Rabbit, preferably on behalf of a subclass of Retail Gas Stations (franchisees) will vigorously and zealously advocate that this subclass should receive the funds over the Oil Distributors.

Old Jericho wants to prevent thousands of retail gas station owners from participating in a concrete settlement fund and seeks to replace that with a speculative, hope and prayer[1]. Old

---

[1]  In footnote 3 on page 9 of their motion to intervene, Old Jericho lays out the "yellow brick road" on which  they seek to lead tens of thousands of retail gas stations.  " 3 For a number of reasons, the Old Jericho plaintiffs believe that their recovery as indirect purchasers may be materially greater than any recovery that they might stand to receive through the Class Settlement. First, the antitrust laws in Repealer States can be more favorable than federal antitrust law. See, e.g., *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 999-1003 (9th Cir. 2023) (affirming judgment that Apple's restrictions on steering customers to alternative payment methods violated state law despite failure of federal antitrust claims based on similar conduct); *Frame-Wilson v. Amazon.com, Inc.*, 591 F. Supp. 3d 975, 993 (W.D. Wash. 2022) (applying

Jericho's putative class action has fifty eight (58) entries not counting orders. A motion for class certification has not been filed. The horizon for extensive litigation in that case is a scenario far more probable than a current concrete award to Jack Rabbit and other retail gas station owners.

In 2019, none of the 19 Old Jericho Retail Gas Station Businesses (Old Jericho) responded to the Class Notice and objected to or opted out of the rule 23(b)(3) settlement. At all relevant times, Old Jericho has claimed incorrectly that they are indirect purchasers[2] and not members of this class. However, having not opted out, Old Jericho, like Jack Rabbit, and all other Retail Gas Station franchisees are members of the class.

This settlement was approved by both this Court and the Second Circuit. In approving the settlement, the Second Circuit noted "[t]he ascertainability challenge hinges on the interpretation of a single word: "accepted." ... But the district court properly concluded that "**the class definition is . . . objectively guided by federal antitrust standards**." Final Approval, No. 05-md-1720, 2019 WL 6875472, at *31; 9. (emphasis in the original)

In view of those standards, the district court accepted Class Counsel's claim that "they represent only . . . the direct purchaser, and not every entity in the payment chain." Final Approval, No. 05- 2 md-1720, 2019 WL 6875472, at *31 (internal quotation marks omitted). "Put differently, the district court found that federal antitrust law clarified that the only entities that could fall within

---

California rule condemning vertical price-fixing agreements as per se illegal). Second, to the extent that the Old Jericho plaintiffs are erroneously deemed joint direct purchasers with their suppliers, they will be forced to split their Settlement Fund recovery with the suppliers who remain in the Class. Third, the Old Jericho plaintiffs will have manageable, coherent damage claims that do not necessitate the same compromises that damage claims on behalf of an enormous nationwide class of diverse merchants

[2] On the face of their well pled complaint, they claim to be Indirect Purchasers. (Case 2:20- cv-02394-MKB-VMS [ECF 36])

the class definition were those deemed to be direct payors of the challenged fees."

In addressing who should be deemed to be a direct payor of the challenged fees, the Second Circuit stated "Going forward, however, franchisors and franchisees will become adverse to each other."

In his concurring opinion Judge Lavel, said that there can be two entities that share a direct purchase.

It is in the best interest of the Retail Gas Station franchisees to be represented by someone who would argue to the Special Master, and this Court, that the Retail Gas Station franchisees are direct purchasers. Conversely, Old Jericho's advocacy would prejudice the interests of the Retail Gas Station franchisees to be part of the distribution of the Settlement funds.

Counsel for Old Jericho have a vested interest in advocating that the Retail Gas Station franchisees are indirect purchasers and not members of the Class.

Old Jericho concedes they are not part of this class. They lack Article III standing to intervene and should nor be allowed to advocate to the Special Master, except as to their 19 clients. They have not suffered any concrete damage or injury, under federal law. Intervenors of right must have Article III standing to pursue any relief that may differ from the relief sought by the original party with standing. *Town of Chester v. Laroe Ests., Inc.*, U.S. , 137 S. Ct. 164. As this Court has said "An interest is cognizable under Rule 24(a)(2) if it is "direct, substantial, and legally protectable." *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, Slip Copy (2021)   2021 WL 2646349, 2021. Thus, because Old Jericho, by admission, are not direct purchasers, they lack both antitrust standing and Article III standing, and have no legally protected right, in this matter.

Additionally, neither *Benjamin ex rel. Yock v. Dep't of Pub. Welfare*, 701 F.3d 938, 957 (3d

4

Cir. 2012) or *Arnold v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir 1992) stand for the proposition that a proposed intervenor who, like Old Jericho, cannot demonstrate Article III standing, has any interest that would allow them to intervene.

There are over 150,000 retail gas stations in the United States. During the class period, at least 62.1%, i.e. 93,150 Retail Gas Stations franchisees owned a single station. The interests of all but 19 of those Retail Gas Station franchisees are best served by not allowing the Old Jericho plaintiffs to intervene or advocate to the Special Master, except as to their 19 clients.

The Old Jericho Plaintiffs would reap the benefit in the unlikely event that the Special Master rules in the proceedings between the Oil Distributor Franchisors and the Retail Gas Station franchisees that the latter are indirect purchasers. Thus, the idea of allowing a non-class members such as Old Jericho to advocate for anyone except their 19 clients, before the Special Master, to the detriment of all the other Retail Gas Stations would be ludicrous.

The release in this matter would not apply to those indirect purchaser non-class members. As the release only applies to "[w]hoever 'accepted' the payment cards . . ., gets compensation, and is bound by the release." Doc. 8839, at 5 (quoting *Fikes Wholesale, Inc. v. HSBC Bank* USA, N.A., 62 F.4th 704, 717 (2d Cir. 2023).

## IV.
## CONCLUSION

This Court should offer the 19 Old Jericho Retail Gas Station Businesses the ability to opt out of the class, so as to allow them, without question, the ability to go forward with their *Illinois Brick* repealer state class action.

This Court should deny the requested intervention, deny Old Jericho's request to advocate before the Special Master on anyone's behalf other than its own clients.

Dated this 7th day of July, 2023.

Respectfully Submitted,

| | |
|---|---|
| /s/ Paul S. Rothstein<br>Attorney Paul S. Rothstein<br>Florida Bar Number: 310123<br>Attorney for Class Members/Proposed Plaintiffs In Intervention Jack Rabbit, LLC & 280 Station LLC (d/b/a/ Cowboys)<br>Attorney Paul S. Rothstein, P.A.<br>626 N.E. 1st Street<br>Gainesville, FL 32601<br>(352) 376-7650<br>(352) 374-7133<br>E-Mail:  psr@rothsteinforjustice.com | s/ N. Albert Bacharach, Jr.<br>N. Albert Bacharach, Jr.<br>Florida Bar Number: 209783<br>Attorney for Class Members/Proposed Plaintiffs In Intervention Jack Rabbit, LLC & 280 Station LLC (d/b/a/ Cowboys)<br>N. Albert Bacharach, Jr., P.A.<br>4128 NW 13th Street<br>Gainesville, FL 32609-1807<br>(352) 378-9859<br>(352) 338-1858 (Fax)<br>E-Mail: N.A.Bacharach@att.net<br>            CourtDocuments@nabjr.com |