# Law Office of Jana Eisinger, PLLC

4610 South Ulster Street, Suite 150   Denver, CO 80237
Phone: 303.209-0266 • Fax: 303.353.0786 • E-Mail: jeisinger@eisingerlawfirm.com

July 14, 2023

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 05-md-01720 (E.D.N.Y.) (MKB) (JO)

Dear Judge Brodie:

    On June 16, 2023 you approved our request to have 30 days in which to prepare and provide the Court with a status update regarding our communications with other franchisee groups and associations outside of the oil and gas business.

    In the past 30 days we have heard from numerous associations, including the Coalition of Franchisee Associations (CFA), that represent the interests of tens of thousands of franchisees in businesses as diverse as restaurants, car repair, hair salon services and education. Neither my law firm nor any of my current or former co-counsel in this case represent these associations. They have each independently reviewed and approved the statements in this letter.

    The associations identified below are all concerned about their members' ability to recover from the settlement. Because their member franchisees pay the interchange fees at issue in this case, they believe that these franchisees should be entitled to recover from the class settlement. However, because franchisors often establish the processing relationship for their franchisees, they are concerned that the same issues that arose for branded convenience store owners may also cause roadblocks for them.

    For example, according to the North American Association of Subway Franchisees, which is considered the official voice of all Subway Franchisees in the United States and Canada, ten years ago their franchisor started processing all payment transactions centrally through Subway's independent cooperative. Once established, the system was processing millions of payments each day for its

franchisees. And more recently, Subway rolled out a multi-country payment solution for all its franchisees.

Subway franchisees operate more than 20,000 stores in the United States that brought in sales revenue in excess of $16 billion in 2022. Notably, all Subway restaurants are owned and operated by franchisees. However, payment processing is and has been managed centrally, in a manner that appears similar to the way in which major oil brands operate with respect to the convenience stores that sell their gas. As a result, Subway franchisees are concerned about their ability to prove that they are "direct payors" entitled to recover from the class settlement. They would like the Court to appoint subclass counsel to ensure that their interests are protected.

Similar concerns were expressed by the Popeyes International Franchisee Association, Inc. (PIFA), Wendy's Franchise Association (WFA), Bojangles' Franchisee Association (BFA) and Blue Roof Franchisee Association (BRFA, the association of IHOP restaurant franchisees). There are currently 248 Popeyes franchisees that own 2,871 restaurants domestically. The franchisor owns about 50 restaurants. With respect to Wendy's, there are close to 5,500 franchised restaurants in the system and more than half of the franchisee owners have fewer than ten restaurant locations. BFA represents more than 375 restaurants, all franchisee owned. The franchisor owns about 300 restaurants and the majority of franchisees own less than ten units. Regarding IHOP, 249 franchisees own 1,633 restaurants with approximately 85% of owners with fewer than ten restaurants; this system is 99% franchised. All four of these associations are concerned that their members may need representation as their franchisor also established payment processing systems for them, and they are uncertain about their ability to prove that they are "direct payors" without subclass counsel to represent them.

The Taco Bell Franchise Management Advisory Council (FRANMAC) also asked to be included in this letter to express their support for representation for all franchisees in the Interchange Settlement. Taco Bell's franchisor, Yum! Brands, has filed an opt out claim in this MDL.

In addition to the restaurant businesses identified below, we also heard from the International Midas Dealers Association (IMDA). There are more than 900 Midas auto service stations in the United States and roughly 65% of the franchisees own less than 12 locations. All franchised locations are independently owned and there are no corporate stores. Unlike many other franchise operations, Midas franchisees are able to establish their own payment processing systems. IMDA also supports appointment of counsel to represent the interest of all franchisees before the Special Master, where such representation is needed. In addition, the International Association of Kumon Franchisees (IAKF) and Supercuts Franchisee Association (SFA) wanted to lend their support to the effort of all franchisees to receive representation as needed before the Special Master. There are more than 1,500 Kumon learning centers in the United States that provide after school learning and support for more than 400,000 students.

July 14, 2023
Page 3

With respect to SFA, there are 2,200 locations in the United States and they are all owned by independent franchisees.

The franchisee owners that are members of all of these associations are primarily small business owners that cannot easily afford to pay individual counsel to represent them in this case. They are also concerned that the cost of counsel may exceed any potential recovery they may be due.

In addition to the facts set forth in this letter that support our and the franchisee associations' position that all franchisees, and not just those in the branded convenience store business, need representation before the Special Master, class counsel has previously put forth additional evidence that lends support to this position.

In a letter dated July 22, 2019, (ECF 7552), class counsel advised the Court that there were issues that had arisen between a number of hotel brands, including Marriott, Hilton, Hyatt and Accor, and their franchisees, over the franchisor's right to recover from the case for franchised locations. The franchisors were seeking to exclude franchisees from the class settlement without their consent. Class counsel points out in that letter that although the particular opt out issue was resolved, the right to recovery for any franchisee that remained within the class would likely remain an issue for the Special Master.

In addition, according to a report prepared by the claims administrator, Epiq Class Action & Claims Solutions, Inc. (Epiq) (ECF 7469-7, at 9), there are likely more than 600,000 franchisee class members whose data will not be reflected in the Epiq database. These franchisees will need representation to not only prove their entitlement to a recovery, but also to prove the amount of that recovery.

As explained in the Epiq report, in some instances a single Taxpayer Identification Number (TIN) was linked to thousands of records. "In an effort to provide franchisees who may be ... Class Members with mailed notice, a manual review was undertaken to evaluate whether the records were associated with possible franchise operations in which the TIN was for the franchisor rather than the franchisee. For TINs determined to be likely franchisees, Epiq generated mailings for each unique candidate address rather than a single mailing for the TIN. **A total of 671,161 unique mailings** resulted from this process." (emphasis added).

The associations identified in this letter request that the Court permit their members an opportunity to come forward with a proposal for representation by counsel that will protect the interests of all franchisees. They intend to put forward an attorney who will work collaboratively with us in seeking appointment to represent a subclass of all franchisees. We intend to submit a petition for such a joint appointment in no later than two weeks.

Very truly yours,

/s/ Jana Eisinger

Jana Eisinger

cc: All counsel of record via ECF