**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

July 17, 2023

<u>VIA ECF</u>

The Honorable Margo K. Brodie
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY  11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

      Rule 23(b)(3) Class Counsel ("Class Counsel") write in response to Jana Eisinger, who represents the Fikes Wholesale Inc. ("Fikes") objectors. July 14, 2023 letter to the Court, ECF 8867. Ms. Eisinger requests two weeks to submit a petition seeking appointment of counsel to represent a subclass of ***all*** franchisees within the claims administration process. *Id*. at 2-3. Ms. Eisinger argues that because it appears payment processing has been managed centrally and "similar to the way in which major oil brands operate," the identified franchisee associations in her letter are concerned about the ability of franchisees to prove they are "'direct payors'" entitled to recover settlement funds. *Id*. at 2. According to Ms. Eisinger, the associations, whom she does not appear to represent, would like the Court to appoint subclass counsel to ensure that franchisees' interests are protected. *Id*. at 2.

      First, Class Counsel has no objection to the requested two weeks to submit a petition identifying the "subclass" Ms. Eisinger requests to represent. *Id*. at 3. However, Class Counsel have serious reservations about both the necessity and the propriety of certifying a subclass for all franchisees at this stage of the proceeding.

      Class Counsel believes that the "special master" process that this Court has already indicated it will establish to address these franchisee claims issues will assure an efficient and fair determination of the underlying claims issues. The claims administrator, EPIQ, is charged with the responsibility of recommending appropriate claims determinations and has the resources and experience to do so. As to franchisee claims, the claims administrator will be guided by the determinations of the special master (and this Court, if any of those determinations are appealed) of the underlying franchisee claims issues. So, the question becomes whether the proceedings before the special master – whose rulings then will guide the claims administrator – will not have sufficient lawyer representation. The answer is clear: there is no need for further lawyer representation before the special master.

Robbins Geller
Rudman & Dowd LLP

The Honorable Margo K. Brodie
July 17, 2023
Page 2

For example, the trade associations of franchisees that Ms. Eisinger referred to in her letter have and/or are represented by counsel. Thus, there are plenty of counsel available to make sure that the interests of the franchisees are well presented to the special master. There is no need to create an inappropriate "subclass" mechanism that will add complexity and delay.

If the special master were to come to the conclusion that there is a need for additional lawyers, because there are underlying issues that are not being adequately represented, or any particular franchisee group appears to need or request additional counsel, the special master can call that to the attention of the Court and that need can then be adequately addressed.

A subclass of all franchisees within the claims administration process is not the answer for a number of reasons.

As the Second Circuit noted in affirming this settlement: "Class actions are an exception to the rule that only named parties conduct and are bound by litigation."[1] *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, No. 20-339, ECF 503-1 at 23 (2d Cir. May 15, 2023). "'In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Id*. A subclass representative must also be "'part of the Class,'" possess the "'same interest,'" and "'suffer the same injury'" as other subclass members.[2] *Id.*

The "subclass" that Ms. Eisinger proposes to represent is not such a group.

Ms. Eisinger claims the franchisees for the integrated Oil Companies raise similar issues to the entire subclass she seeks to represent. But looking at just the three sets of fuel-retailer franchisees who have had counsel appear in these consolidated actions, it is apparent that even a "subclass" consisting of just these three groups cannot satisfy the Rule 23 requirements. One subset of this group (Old Jericho) claims the integrated oil franchisees are ***not*** part of this Class but are indirect purchasers and have therefore filed a separate litigation to pursue indirect-purchaser claims. A second group of integrated oil franchisees (Jack Rabbit) also argue they are indirect purchasers but qualify for Class

---

[1] Unless otherwise noted, citation are omitted and emphasis is added.

[2] A subclass must meet the same Rule 23 requirements as any other class. *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 68 (S.D.N.Y. 2018) ("The same class certification requirements apply to the certification of subclasses: 'a court must assure itself that each subclass independently meets the requirements of Rule 23.'") (quoting *Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 362 (S.D.N.Y. 2014)); *Huang v. Shanghai City Corp.*, 2022 WL 1468450, at *7 (S.D.N.Y. May 10, 2022).

**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Margo K. Brodie
July 17, 2023
Page 3

membership because their contracts are cost plus exceptions to the "direct purchaser" limitations under federal law.  The third (Fikes, represented by Ms. Eisinger) argues that they are direct purchasers because, in their view, the transaction between the customer and the fuel retailer – as opposed to the purchase of card-processing services transaction directly from the Defendant networks – is the transaction that gives rise to the claim in this litigation.  To certify a subclass under Rule 23, the Court would have to determine: (1) there is a representative that is in the direct-purchaser class certified for settlement purposes; (2) the proposed subclass representative possesses the same interests as the subclass; and (3) the proposed subclass representative suffers the same injury as the subclass members.[3]  The integrated oil company franchisees alone demonstrate that that cannot be done for **all** franchisees.  The small groups of oil franchisees have different claims (direct and/or indirect) and point to different transactions at the heart of their claim.  What all members of the certified Settlement Class here have in common is that they are direct purchasers of card processing services.

As this class action settlement is soon to be at the claims-administration stage, the issue is whether a claimant has a valid claim, which requires the claimant to be a member of the Class.  As we have noted earlier, a decision as to the integrated-oil-company franchisees – which Ms. Eisinger argues are similar to all other franchisees – should resolve many of these issues.  We suggest that this group of franchisees that have counsel move forward with their claims.  If a franchisee is determined to be a direct purchaser, they are in the Class.  If the special master finds an exception such as a cost-plus contract – that group is in the Class.  If it is determined certain franchisees are indirect purchasers, then they are not in the certified Class.  Any other franchisee who believes it is a member of the Class based on its unique circumstances and agreements can likewise assert their claim to the claims administrator in the first instance and then to the special master and Court if necessary.

We will, as we noted at the outset, respond to any petition for the certification of a subclass.  However, we do not believe a subclass appointment is necessary, appropriate or advisable at this time.

---

[3]   Certification of the proposed subclass could require re-notification of the Class, allow for objections and opt-out rights and possible appeals.  The settlement of the certified Class here has been approved by the Second Circuit except for finality as to the incentive awards and representation before the special master as this Court determines necessary.  ECF 503-1 at 26, 35.  Certification of a subclass at this stage of the litigation would be unprecedented.

4878-8168-4080.v2

Robbins Geller
Rudman & Dowd LLP

The Honorable Margo K. Brodie
July 17, 2023
Page 4

Respectfully submitted,

| */s/ K. Craig Wildfang* | */s/ Merrill G. Davidoff* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | Merrill G. Davidoff | Alexandra S. Bernay |
| Thomas J. Undlin | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| **Robins Kaplan LLP** | **Berger Montague PC** | **Robbins Geller Rudman & Dowd LLP** |

cc: All Counsel of Record via ECF

4878-8168-4080.v2