IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document refers to:<br>     Rule 23(b)(3) Class Actions | MDL No. 1720<br>Case No. 1:05-md-1720-MKB-VMS |

**RULE 23(B)(3) CLASS PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO OLD JERICHO'S MOTION TO INTERVENE**

I.      **Introduction**

The *Old Jericho* Plaintiffs move this Court to intervene "for the limited purpose" of participating in the process before the Special Master to argue "that gas retailers in Repealer States are indirect purchasers and therefore not bound by the release in the settlement." *Old Jericho* Mem. at 1. As to the stated purpose for the *Old Jericho* Plaintiffs' motion—advocacy before the Special Master—Rule 23(b)(3) Class Plaintiffs have no objection. But because the *Old Jericho* Plaintiffs do not meet the requirements for the procedural mechanism they have chosen—Intervention—Class Plaintiffs oppose their motion.

II.     **The *Old Jericho* Plaintiffs do not meet the requirements for intervention under Rule 24.**

The *Old Jericho* Plaintiffs have not demonstrated that they meet the requirements for intervention as a right or permissive intervention.

Rule 24(a) grants parties the right to intervene in pending litigation if they (i) "claim[] an interest relating to the property or transaction that is the subject of the action," and (ii) are positioned such that "disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest." This Court has distilled the requirements of Rule 24(a) into a four-prong test under which the motion must: (1) be timely; (2) "assert[] an interest relating to the property or transaction that is the subject of the action;" (3) demonstrate that, absent intervention, the movant's "ability to protect its interest" "may, as a practical matter [be impaired];"and (4) demonstrate that the movant's "interest is not adequately represented by the other parties.'" *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, No. 05-MD-1720, 2021 WL 2646349, at *4 (E.D.N.Y. June 28, 2021) (quoting *XL Specialties Ins. Co. v. Lakian*, 632 F. App'x 667, 669 (2d Cir. 2015)) (additional citations omitted). In addition, intervenors must "take the pleadings in

a case as they find them; they may not by intervention radically alter the scope to create a much different suit, or inject collateral issues into an existing action." Order Denying Jack Rabbit Motion to Intervene, ECF No. 7755, at 8-9 (Oct. 30, 2019) (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.*, 187 F.R.D. 465, 491−92 (S.D.N.Y. 1998)) (cleaned up).

In this case, the *Old Jericho* Plaintiffs' motion makes clear that they believe they are "indirect purchasers," without standing to seek damages under federal antitrust law, *see, e.g., Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and acknowledge that the current settlement is a direct-purchaser settlement. *Old Jericho* Mem. at 1. This alone is sufficient to demonstrate that the *Old Jericho* Plaintiffs lack "an interest relating to the property or transaction," of this litigation and this settlement. Fed. R. Civ. P. 24(a). And even though the *Old Jericho* Plaintiffs seek intervention only for a limited purpose, this Court's admonition that intervention should not be permitted where it would fundamentally alter the nature of the litigation—in this case a federal direct-purchaser action—rings equally true as when this Court denied Jack Rabbit's (original) motion to intervene. ECF No. 7755, at 8-9.

The *Old Jericho* Plaintiffs also fail the second prong of the Rule 24(a) inquiry because they can protect their interests even without intervention. In fact, their conduct to this point demonstrates that they have been able to effectively pursue the interests of their proposed class as non-parties to the Rule 23(b)(3) direct-purchaser action. They filed a state-law indirect-purchaser action to recover the losses that they claim their proposed class suffered as a result of the Defendants' conduct. *See Old Jericho Enterprise, Inc., et al. v. Visa Inc., et al.*, No. 2:20-cv-02394 (E.D.N.Y.) (MKB)(VMS). Once the Second Circuit affirmed this Court's final approval of the Rule 23(b)(3) settlement, they participated in the preparation of a status report (ECF 8819 at 27-30 (Apr. 21, 2023,)) and in the subsequent status conference. Hr'g Tr. 13:25-14:20 (May 11,

2023). They filed a submission in response to Jack Rabbit's most recent motion to intervene. ECF 8811 (Apr. 5, 2023.) They filed a letter with the Court proposing a procedure for the Special Master to resolve questions of class membership, in response to competing submissions from other groups of potential class members. ECF 8859 (Jun. 27, 2023). In short, their status as non-parties to the Rule 23(b)(3) class settlement has done nothing to "impair or impede," their ability to advocate for the interests of their clients and the class they seek to represent.

Neither Rule 23(b)(3) Class Plaintiffs nor any other party have opposed the *Old Jericho* Plaintiffs' participation in these proceedings on equal footing with any other party or objector. The Court has also welcomed the input of the *Old Jericho* Plaintiffs. *See* Hr'g Tr. at 14:10-11 ("So my intent was to let you opine on anything that is proposed by the settling parties," in the context of Special Master appointment).

Nonetheless, the *Old Jericho* Plaintiffs point out that their interests are at odds with those of the *Fikes* and *Jack Rabbit* objectors. *Old Jericho* Mem. at 10-11. That much is true. But from this unassailable fact, they make the argumentative leap that their "interests are not protected by the parties" to this litigation and settlement. *Id*. at 11. But this argument ignores the fact that, to this point, neither the *Fikes* Objectors nor the *Jack Rabbit* Objectors have demonstrated that they *are* parties to this litigation and settlement. Thus, the *Jack Rabbit*, *Fikes*, and *Old Jericho* groups have the same relationship to this settlement—each are groups of merchants with views on who should be included in the class definition. Each group may or may not be class members. But regardless of which status the Special Master and ultimately this Court assign each group (or the individual members within each group), the Court has given (and indicated that it will continue to give) each group equal opportunity to advocate their positions. Accordingly, the *Old Jericho*

3

Plaintiffs cannot show that, without intervention, they are impeded in their ability to advocate their position before the Special Master. *See Barry's Cut Rate Stores*, 2021 WL 2646349, at *4.

Intervention is also inappropriate under the Rule 24(b) permissive-intervention standard, which allows the district court to grant intervention to a movant that "has a claim or defense that shares with the main action a common question of law or fact." Once again, without federal antitrust claims, the *Old Jericho* Plaintiffs lack "a claim…that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). But more fundamentally, even permissive intervention is inappropriate because, as noted above, intervention does not enable them to do anything that they are not already able to do on behalf of their proposed class.

### III.   Conclusion

While Rule 23(b)(3) Class Plaintiffs agree that the *Old Jericho* Plaintiffs should continue to participate in proceedings before the Special Master and this Court, to the extent it affects the interest of the class they seek to represent, any interest they have is separate from the subject matter of this Rule 23(b)(3) settlement, and therefore their motion to intervene should be denied.

Respectfully submitted,

**ROBINS KAPLAN LLP**

Dated:  July 7, 2023

*/s/ Ryan W. Marth*
Ryan W. Marth
K. Craig Wildfang
Thomas J. Undlin
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500

4

          **BERGER MONTAGUE PC**
          H. Laddie Montague, Jr.
          Merrill G. Davidoff
          Michael J. Kane
          1818 Market St., Ste. 3600
          Philadelphia, PA 19103
          Telephone: 215-875-3000

          **ROBBINS GELLER RUDMAN & DOWD LLP**
          Patrick J. Coughlin
          Alexandra S. Bernay
          655 West Broadway, Suite 1900
          San Diego, CA 92101
          Telephone: 619-231-1058

          **Co-Lead Counsel for Rule 23(b)(3)**
          **Class Plaintiffs**

93988039.4