August 11, 2023

**By ECF**

Chief Judge Margo K. Brodie
Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: *Palladino v. JPMorgan Chase & Co.*, 1:23-cv-01215 (MKB-VMS)

Dear Chief Judge Brodie and Judge Scanlon:

     Pursuant to the Court's text order dated July 20, 2023, the parties hereby provide a status report on Plaintiffs' provision of information sufficient to determine whether they have entered agreements to arbitrate with one or more of the Defendants.

### Defendants' Statement

     Since March 1, 2023, Defendants have been seeking personally-identifying information sufficient to confirm which Plaintiffs have arbitration agreements with one or more of the Defendants. This is a necessary gating issue and is especially relevant here because the Amended Complaint states that no Plaintiff is making any claim "against any banking institution . . . with which bank that Plaintiff has executed an arbitration agreement." Am. Compl. ¶ 16.

     On June 27, after Defendants' repeated attempts to obtain the requested information, Plaintiffs represented that they were in the process of gathering it. On June 29, Plaintiffs committed to providing the requested information the following week but failed to do so. Defendants then requested and received an extension of their deadline to respond to the Amended Complaint to allow additional time to obtain the requested information from Plaintiffs. *See* July 25, 2023 Text Order (extending deadline to August 25). Notwithstanding that extension and Defendants' persistent requests for the information at issue, Plaintiffs still have not provided it.

     On July 13, Plaintiffs filed a notice of appeal with the Second Circuit of this Court's June 15 Order denying Plaintiffs' motion to remand the case to California Superior Court. *See* Dkt. 53. Defendants moved to dismiss the appeal on July 27 for lack of appellate jurisdiction. Plaintiffs opposed Defendants' motion to dismiss on August 7. Defendants' reply is due August 14.

     Defendants believe that any further action before this Court must await the resolution of Plaintiffs' appeal. Accordingly, Defendants respectfully request that the response date for the complaint be suspended and that the parties provide a further update to the Court within five business days after the appeal is resolved.

## Plaintiffs' Statement

Plaintiffs agree with Defendants' counsel that the matter of removal is on appeal and that the time for Defendants' response due date should be extended to begin once the Plaintiffs' remand appeal is decided. As for the provision of the Plaintiffs' respective credit/debit card information, Plaintiffs' counsel earlier agreed, informally and outside the discovery process, to provide the information based upon Defendants' representation that they intend to include an arbitration demand in their response. Although Plaintiffs have not sought recovery or suit against any bank or related entity with whom Plaintiffs have an arbitration agreement, Defendants persist in their request for Plaintiffs' credit/debit card agreements. Plaintiffs agreed to provide the information but in the interim this court denied Plaintiffs' remand motion and Plaintiffs' deemed the issue so important as to file an appeal in the hope that a final resolution could be obtained as to the federal jurisdiction and venue of the case. Once the Court of Appeals renders its opinion Plaintiffs are agreeable as a matter convenience to the Defendants to provide the credit debt card data they seek.

Respectfully submitted,

On behalf of Defendants:

/s/ Benjamin R. Nagin
Benjamin R. Nagin
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
bnagin@sidley.com

On behalf of Plaintiffs:

/s/ Jeffery K. Perkins
Jeffery K. Perkins
Law Offices of Jeffery K. Perkins
1550-G Tiburon Blvd., Ste 344
Tiburon, CA 94920
jefferykperkins@aol.com

cc: Counsel of Record (by ECF)