# Arnold & Porter

Robert J. Vizas
+1 415.471.3311 Direct
Robert.Vizas@arnoldporter.com

August 24, 2023

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 05-md-01720 (MKB) (VMS)

Dear Judge Brodie:

      We write on behalf of Defendants respectfully to seek either a pre-motion conference or an order requiring the parties to submit a joint briefing schedule concerning an issue that has become ripe now that the Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants has become final.[1] The issue affects millions of small merchants that are entitled to participate in the Rule 23(b)(3) Class Settlement.

      Specifically, Defendants intend to file a motion to enforce the Class Settlement Agreement under Paragraphs 19 and 20 of the Court's Rule 23(b)(3) Class Settlement Order and Final Judgment with respect to certain claims brought by Intuit Inc. and Intuit Payment Solutions, LLC (collectively, "Intuit") and Block, Inc., f/k/a Square, Inc. ("Square"), in which Intuit and Square served as "Payment Facilitators" for merchants that are members of the Rule 23(b)(3) Settlement Class.[2] Other claims in the Intuit and Square complaints—including in Intuit's and Square's capacities as opt-out plaintiffs that accept payment cards for products that Intuit and Square sell to consumers—would not be addressed by the motion to enforce.

---

[1] The Second Circuit affirmed this Court's approval of the 23(b)(3) Class Settlement on March 15, 2023, and denied the petition for rehearing *en banc* on April 25, 2023. Parties had 90 days from the denial of the petition for rehearing to file a petition for a writ of certiorari in the U.S. Supreme Court. *See* U.S. Sup. Ct. R. 13. No party did so. Accordingly, the Class Settlement Agreement became final 11 business days later, on August 8, 2023. (*See* Dkt. 7257-2, Class Settlement Agreement ¶ 3(ss).) Defendants understand that motions to enforce the Class Settlement Agreement do not appear to fall within the pre-motion conference requirements in this Court's Individual Practices and Rules 3.A, but request such a conference to the extent the Court would find it useful.

[2] Square alone purports to serve as a Payment Facilitator for millions of merchants. (*See* Compl., Case No. 23-cv-05377 (E.D.N.Y.), Dkt. No. 1 ("Square Compl.") ¶ 1.)

**Arnold & Porter**

Hon. Margo K. Brodie
August 24, 2023
Page 2

As noted in the April 21, 2023 Joint Status Report (*see* Dkt. No. 8819, at 22), and explained further below, these Payment Facilitator claims have already been resolved in the Class Settlement Agreement. Merchants serviced by Payment Facilitators are members of the Rule 23(b)(3) Class and have released their claims and those of their Payment Facilitator agents in return for the right to file claims and participate in the Class Settlement. Defendants seek resolution on this issue now to remove any doubt that the merchants serviced by Intuit and Square—most of which are small entities—are entitled to participate in the Class Settlement.[3]

*Payment Facilitators*. A Payment Facilitator like Intuit or Square "provides merchant customers the capability to access an electronic payment system and therefore accept cards." (Compl., Case No. 1:21-cv-01175 (E.D.N.Y.), Dkt. No. 1 ("Intuit Compl.") ¶ 24(q); *see* Square Compl. ¶¶ 1, 32–33, 43 (as a Payment Facilitator, Square "enabl[es] [merchants] to accept card payments").) A Payment Facilitator is not itself a merchant, but instead acts as the <u>agent</u> of its merchant customers in the context of a Visa- or Mastercard-branded payment card transaction, as set forth in the standard form Payment Facilitator contracts that Intuit and Square have with their merchant customers.

The form Merchant Agreement available on Intuit's website provides: "In connection with enabling you [*i.e.*, the merchant] to receive payments from your customers through QuickBooks Payments, you hereby appoint Intuit as your limited payments <u>agent</u> for the purpose of receiving, holding, and settling payments to you pursuant to this Agreement." Intuit Merchant Agreement Part N (emphasis added).[4] The Merchant Agreement further explains that "a payment received by Intuit, <u>on your behalf</u>, satisfies your customer's obligation to pay you." *Id.* (emphasis added). Square's publicly available contract terms likewise state that a merchant "authorize[s] [Square] to act as [the merchant's] <u>agent</u>," and Square merely "hold[s], receiv[es], and disburs[es] funds on [the merchant's] <u>behalf</u>." Square Payment Terms § 2 (emphasis added).[5]

---

[3] The supposed "indirect purchaser" actions by putative classes of so-called "Square Sellers" that are pending in MDL 1720 underscore the need for clarity on these issues. *Lanning v. Visa Inc.*, Case No. 21-cv-02360 (E.D.N.Y.); *Camp Grounds Coffee, LLC v. Visa Inc.*, Case No. 21-cv-03401 (E.D.N.Y.).
[4] *Available at* https://glam.app.intuit.com/app/guesttos?glocale=en_US (last accessed Aug. 23, 2023). *See also* https://quickbooks.intuit.com/payments/legal/ (last accessed Aug. 23, 2023) (providing links to agreements "applicable to your use of one or more Intuit payment processing or merchant services" including the "Merchant Agreement"). Similar terms appear in the form merchant agreements that Intuit produced to defendants.
[5] *Available at* https://squareup.com/us/en/legal/general/payment (last accessed Aug. 23, 2023) (setting forth the "terms [that] apply to you if you use Square's payment processing services"). Like Intuit's and Square's contracts, Visa's operating regulations distinguish between a "Merchant" and a "Payment Facilitator," which acts as that Merchant's "third party <u>agent</u>." *See* Visa Core Rules and Visa Product and Service Rules 5.3.2.2 (separately classifying "Merchant" and "Payment Facilitator"), *available at* https://usa.visa.com/content/dam/VCOM/download/about-visa/visa-rules-public.pdf (last accessed Aug. 23, 2023); The Visa Payment Facilitator Model ("In an acquiring context, a payment facilitator is a third party <u>agent</u> . . . . A sponsored merchant is a merchant whose payment services are provided by a payment facilitator." (emphasis added)), *available at* https://usa.visa.com/content/dam/VCOM/global/support-legal/documents/visa-

# Arnold & Porter

Hon. Margo K. Brodie
August 24, 2023
Page 3

*Rule 23(b)(3) Class Settlement Agreement*.  The Class Settlement Agreement expressly contemplates, and provides for the release by merchant-class members of, the agent-based claims that Intuit and Square are seeking to pursue.  The merchant customers of Intuit and Square—unless they opted out—are parties to the Class Settlement Agreement as "entities that have accepted any Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time from January 1, 2004 to the Settlement Preliminary Approval Date." (Dkt. 7257-2, Class Settlement Agreement ¶ 4.)  The Rule 23(b)(3) Complaint itself makes clear that the named plaintiffs "represent a class of millions of Merchants that have accepted" Visa and Mastercard payment cards, and distinguishes between "Merchants" that are class members and intermediaries like "Payment Facilitators" that are not.  (Dkt. 7118, Third Consolidated Am. Class Action Compl. ¶¶ 4, 9.dd, 9.ll, 90, 99, 105, 161–163.)

In the Class Settlement Agreement, Intuit's and Square's merchant customers released—"on behalf of themselves **and any of their . . . agents**"—all claims for damages for the fees applicable to payment card transactions they have accepted, without any exclusion for transactions using Intuit or Square as their Payment Facilitator agent.  (Dkt. 7257-2, Class Settlement Agreement ¶¶ 29, 31.)  Defendants are entitled to enforce the settlement agreement against Intuit and Square for their claims based on those same transactions, which are released and barred by the Class Settlement Agreement.  (*Id.* ¶¶ 29–32.)

Intuit and Square apparently hold the view that only a Payment Facilitator as the agent, and not its merchant customers, has a right to bring—or release—these claims because a Payment Facilitator supposedly "directly paid [the] interchange fee[s]." (*See* Status Report, Dkt. No. 8819, at 24–25.)  That is wrong.  As an initial matter, as Defendants have separately explained, acquiring banks are the sole entities to directly pay interchange, chargebacks, and network fees—not merchants, much less merchants' agents. (*See* Defs.' Letter re. June 13, 2023 Order, Dkt. No. 8857, at 4.)  But the Court need not reach that issue here:  membership in the class and thus the identity of the releasor turns on the entity that "accepted" the payment card transaction under the class definition.  It is the *merchants* that Intuit and Square serviced as Payment Facilitators—and not Intuit and Square acting as agents of those merchants to facilitate payment card transactions—that are members of the Rule 23(b)(3) class that Defendants litigated against throughout the course of this matter and that entered the Settlement Agreement with Defendants.  There is no reason to deprive those millions of small merchants of participation in the Class Settlement.

---

payment-facilitator-model.pdf (last accessed Aug. 23, 2023).  Mastercard's rules are similar.  *See, e.g.*, Mastercard Rule 7.8.2.4 (providing that a payment facilitator must pay submerchants for all transactions that the payment facilitator submits to its Acquirer "on the Submerchant's behalf"), *available at* https://www.mastercard.us/content/dam/public/mastercardcom/na/global-site/documents/mastercard-rules.pdf (last accessed Aug. 23, 2023); *id.* App'x C, at 426, 431 (defining "Service Provider" as an "agent of the Customer that receives or otherwise benefits from Program Service" and defining "Payment Facilitator" as a "Service Provider registered by an Acquirer to facilitate the acquiring of Transactions by the Acquirer from Submerchants").

# Arnold & Porter

Hon. Margo K. Brodie
August 24, 2023
Page 4

    Thank you for considering this request.

                                              Respectfully submitted,

                                              */s/ Robert J. Vizas*
                                              Robert J. Vizas
                                              *Counsel for Visa*

cc:     All Counsel of Record by ECF