September 6, 2023

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

     Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 1:05-md-1720 (MKB) (VMS), in the United States District Court for the Eastern District of New York

Dear Magistrate Judge Scanlon:

  Pursuant to Federal Rules of Civil Procedure 26(e)(1) and 37(a)(1), Local Civil Rule 37.3, and the Court's Individual Practice Rules III(b), the Equitable Relief Class Plaintiffs ("ERCPs") respectfully move the Court to compel supplemental responses to document requests directed to Defendants Capital One Bank, Capital One Bank (USA), N.A., Capital One F.S.B. and Capital One Financial Corporation ("Capital One").

## BACKGROUND

  Given the passage of time since the parties' last supplementation and the ongoing nature of the anticompetitive conduct alleged by ERCPs in this litigation, ERCPs (in coordination with other plaintiff groups) have been engaging in reciprocal discussions with respect to supplemental discovery with all defendants, including both the network defendants and the bank defendants, as this case moves forward towards trial. *See* ECF No. 8819 at 12–13. All of the other defendants in this litigation—the network defendants and all of the bank defendants except Capital One—have agreed to supplement their prior productions for the period from May 1, 2016 to March 31, 2023. *See* ECF No. 8844 at 1. So have the plaintiffs. And the Court ordered that the supplementation be completed by November 9, 2023.

  Capital One alone has refused. On December 27, 2022, ERCPs requested that Capital One, like the other bank defendants, supplement its prior production with respect to *nine* categories of documents for the period from 2016 to the present. *See* Ex. A (attaching ERCPs' Requests for Supplemental Production to Capital One).

  On January 9, 2023, Capital One responded to ERCPs' December 27 letter and objected to providing any supplementation, arguing that ERCPs' Requests for Supplemental Production are "untimely" because "[f]act discovery has been closed for years." *See* Ex. B. With Capital One refusing to cooperate, ERCPs focused on getting agreed supplementation from the other bank defendants, which agreement was reached in June.

  On August 1, 2023, counsel for ERCPs requested a meet and confer to discuss whether the parties can resolve the supplementation issue without judicial intervention. *See* Ex. C. Capital One did not respond to the August 1 email. *See* Decl. of S. Faridifar ¶ 5, Sept. 6, 2023.

1

On August 24, 2023, counsel for ERCPs followed up on the August 1 email by leaving a voicemail for counsel for Capital One. *Id.* ¶ 6. On August 25, 2023, counsel for ERCPs and counsel for Capital One met and conferred via telephone. *Id.* ¶ 6. During that conference, Capital One argued that ERCPs' Requests for Supplemental Production do not seek supplementation of Capital One's prior production and that fact discovery has closed. *Id.* ¶ 6.

On August 30, 2023, ERCPs provided Capital One with information providing the basis for ERCPs' Requests for Supplemental Production and establishing that ERCPs are seeking supplementation of Capital One's prior production. *See* Ex. D (attaching Consolidated First Set of Omnibus Discovery to Bank Defendants (the "Original Requests"), including 126 requests for production, served in May 2006).

On September 1, 2023, Capital One responded to ERCPs' August 30 letter. Ex. E. Without citing any case law or attaching any support for its factual assertions, Capital One argued that its prior production cannot be deemed incomplete as to the period from 2016 to the present—because it never agreed to produce documents for the period after 2016 in connection with the parties' prior negotiations regarding Capital One's supplemental production covering the period ending 2016. *See* Ex. E ("Capital One's failure to produce documents dated after 2016 does not make the production 'incomplete,' because Capital One never agreed to produce those documents.").

As noted above, ERCPs requested identical supplemental discovery from the other bank defendants, which have agreed to produce nearly all of the requested documents and information. Specifically, the other bank defendants have agreed to produce, for the period from May 1, 2016 to March 31, 2023, updated versions of financial information; bilateral agreements with merchants (actual agreements, not proposed agreements); agreements with First Data, Square/Block, Stripe, Apple, Google, Samsung, PayPal, Venmo, and Plaid (along with any subsidiaries of those entities); presentations and/or interchange impact assessments regarding the financial impact to the bank defendants of Visa's and Mastercard's decisions to modify interchange fees (announced for April, 2019); presentations, including financial forecasts, regarding the bank defendant's "pay-by-bank" initiatives that could enable merchants to receive payments directly from consumers without debit or credit cards; documents produced by the bank defendants in the Rule 23(b)(3) opt-out cases; updated versions of previously produced breakage information; and updated versions of certain documents relied on by Professor Murphy in connection with Exhibit 23 of his expert report.[1]

---

[1] The other bank defendants have agreed to produce, in lieu of documents responsive to Request for Supplementation No. 6, (1) presentations and/or interchange impact assessments regarding the financial impact to bank defendants of Visa's and Mastercard's decisions to modify interchange fees (originally announced for April, 2019), including decisions to delay the increase; and (2) presentations, including financial forecasts, regarding bank defendant's "pay-by-bank" initiatives that could enable merchants to receive payments directly from consumers without debit or credit cards (e.g., the pay-by-bank product reportedly developed by JPMorgan's Corporate and Investment Bank). The parties agreed that documents responsive to the revised request include only high-level analyses and reports and would not encompass all analyses at every level of each bank defendant's organization.

The issue of supplementation was also raised in the parties' April 21, 2023 Joint Status Report to the Court. *See* ECF No. 8819 at 12–13. The parties advised the Court that "given the passage of time, [ERCPs] and defendants have been negotiating the supplementation of their prior discovery productions in certain respects." *Id.* at 12. The Joint Status Report noted that negotiations with the network defendants were largely complete, that negotiations with the bank defendants were ongoing but nearing conclusion, and that ERCPs were hopeful that supplemental productions with the network defendants and the bank defendants could be completed on the same schedule. *See id.* 12–13. ERCPs also noted that Capital One had declined to participate in the negotiations and that ERCPs could face the possibility of having to file a motion to compel. *See id.* at 13.

## ARGUMENT

Rule 26(e)(1) of the Federal Rules of Civil Procedure provides:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the Court.

Fed. R. Civ. P. 26(e)(1);[2] *see also Gorzynski v. Jet Blue Airways Corp.*, No. 03CV774A, 2012 WL 712067, at *4–5 (W.D.N.Y. Mar. 5, 2012) (requiring supplementation under Rule 26(e)(1) where plaintiff sought updated documents and records to fill six-year gap in discovery record, because information was necessary to support plaintiff's claim).

"Rule 26(e) imposes a continuing obligation upon a responding party to supplement prior discovery responses based on later acquired information when the party learns of its existence and materiality." *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 79 (W.D.N.Y. 2011) (collecting cases within Second Circuit); *see also, e.g., Dash v. Seagate Tech. (US) Holdings, Inc.*, No. CV 13-6329 LDW AKT, 2015 WL 4257329, at *12 (E.D.N.Y. July 14, 2015) (rejecting plaintiffs' argument that he had no obligation to supplement interrogatory response to identify hard drive purchased after original response, where request sought information regarding hard drives purchased through "the present"); *Llewellyn v. N. Am. Trading*, No. 93 CIV. 8894 KMWHBP, 1997 WL 177878, at *5–6 (S.D.N.Y. Apr. 11, 1997) (ordering defendant to update document production with later created responsive documents, where defendant had no responsive documents at time of original production and request sought documents through "present"); *Arthur v. Atkinson Freight*

---

[2] Rule 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); *see also U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 140 (E.D.N.Y. 2010).

3

*Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995) ("Fed. R. Civ. P. 26(e) places an affirmative duty on an attorney to fully disclose and then supplement disclosure to his adversary. Plaintiff's attorney was certainly aware that . . . further records were being generated. A party may not free itself of the burden to fully comply with the rules of discovery by attempting to place a heretofore unrecognized duty of repeated requests for information on its adversary.").

The duty to supplement discovery under Rule 26(e) continues even after the discovery period has closed. *See, e.g.*, *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) ("The obligation to amend prior disclosures and discovery responses continues even after the conclusion of discovery."); *Star Direct Telecom, Inc. v. Glob. Crossing Bandwith, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) ("The duty to supplement continues even after the discovery period has closed"); *Gorzynski*, 2012 WL 712067, at *3–4 (requiring supplementation under Rule 26(e)(1) even though the discovery deadline had passed six years earlier and notwithstanding defendant's attempt to distinguish supplementation from reopening discovery).

Capital One admits that it has not produced documents and information for the period after 2016 and does not dispute that the requested documents and information are relevant to ERCPs' claims. *See* Ex. E. Instead, Capital One claims that its prior production is not "incomplete" under Rule 26(e)(1) because it did not previously agree to produce documents and information for the period after 2016. *See* Ex. E. But the parties' prior negotiations regarding the proper scope of Capital One's last supplementation (in 2017, for the period from 2008 to 2016) are irrelevant to Capital One's ongoing obligation, under Rule 26(e)(1), to supplement its discovery responses (in 2023, for the period after 2016).[3]

Further, ERCPs have no obligation to identify each "response to a specific request" or "document response" that is now "incomplete" or a "*specific* set of documents [ERCPs] need from Capital One." *See* Ex. E. It is sufficient that Capital One "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Here, Capital One admits that it has not produced any responsive documents or information for the period after 2016.

As for Capital One's argument that it should not be required to supplement its prior production *right now*, while its motion for summary judgment is pending, *see* Ex. E, Capital One's pending summary judgment motion has no impact on its duty to supplement under Rule 26(e)(1). All of the other parties in this litigation—the plaintiffs, the network defendants, and all of the other bank defendants—have recognized as much. Accordingly, the Court should grant ERCPs' motion and enter an order compelling Capital One to produce all responsive documents to ERCPs' Requests for Supplemental Production for the period from May 1, 2016 to March 31, 2023, as agreed between ERCPs and the other bank defendants.

ERCPs hereby certify that they have in good faith conferred or attempted to confer with Capital One in an effort to obtain supplemental discovery without court intervention. *See* Fed. R. Civ. P. 37(a)(1); *see also* L. Civ. R. 37.3(a).

---

[3] Compared to the *126* requests for production comprising the Original Requests, ERCPs' *nine* Requests for Supplemental Production are narrowly tailored to seek only the categories of documents and information that ERCPs need for the period from 2016 to the present.

4

Respectfully submitted,

Hilliard & Shadowen LLP
By: /s/ Steve D. Shadowen
Steve D. Shadowen
Richard Brunell
Sherwin Faridifar
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298
steve@hilliardshadowenlaw.com
rbrunell@hilliardshadowenlaw.com
sfaridifar@hilliardshadowenlaw.com

Grant & Eisenhofer P.A.
Robert G. Eisler
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
reisler@gelaw.com

Freed Kanner London & Millen LLC
Michael J. Freed
Robert J. Wozniak
100 Tri-State International
Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mfreed@fklmlaw.com
rwozniak@fklmlaw.com

Nussbaum Law Group, P.C.
Linda P. Nussbaum
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
Telephone: (917) 438-9102
lnussbaum@nussbaumpc.com

*Co-Lead Counsel for*
*Equitable Relief Class Plaintiffs*

# CERTIFICATE OF SERVICE

  I hereby certify that on September 6, 2023, I caused a copy of the foregoing to be filed electronically via the Court's CM/ECF system. Those attorneys who are registered CM/ECF users may access this filing and notice of this filing will be sent to those parties by operation of the CM/ECF system.

                /s/ Steve D. Shadowen
                Steve D. Shadowen