UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>**This Document Relates to:**<br><br>*Grubhub Holdings, Inc., et al. v. Visa Inc., et al.*, No. 19-cv-06555 (E.D.N.Y.) (MKB) (VMS) | Case No. 05-md-01720 (MKB) (VMS)<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DAMAGES CLAIMS
UNDER FEDERAL ANTITRUST LAWS BASED ON *ILLINOIS BRICK CO. v. ILLINOIS***

HIGHLY CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
STATEMENT OF FACTS ........................................................................................................... 2
ARGUMENT ................................................................................................................................. 3
CONCLUSION .............................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Illinois Brick Co. v. Illinois*,
  431 U.S. 720 (1977). .................................................................................................... 1, 4

*In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig.*,
  691 F.2d 1335 (9th Cir. 1982) ........................................................................................ 4

*Paycom Billing Servs., Inc. v. Mastercard Int'l Inc.*,
  467 F.3d 283 (2d Cir. 2006)............................................................................................ 4

**Statutes**

Sherman Antitrust Act of 1890 ............................................................................................. 1

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in support of their motion for summary judgment on Grubhub Plaintiffs' damages claims under the federal antitrust laws. Grubhub Plaintiffs claim that Defendants violated the Sherman Act and thereby caused Grubhub Plaintiffs to pay allegedly supra-competitive interchange fees and network fees. But Grubhub Plaintiffs are not direct payors of the fees at issue here, and thus lack antitrust standing to recover damages under *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-48 (1977).

Grubhub Plaintiffs' claims mirror those advanced by the Target Plaintiffs and the other Direct Action Plaintiffs (collectively, "DAPs")[1] and suffer from the same incurable infirmities that Defendants identified in their summary judgment papers in the DAP cases.[2] The undisputed factual record shows that Grubhub Plaintiffs have agreements with only acquirers or payment processor intermediaries—not with issuing banks, Visa, or Mastercard—for the payment of fees associated with credit and/or debit card acceptance. In other words, Grubhub Plaintiffs pay merchant discount fees to acquiring banks or payment processor intermediaries. Acquiring banks, not merchants, directly pay interchange fees to issuing banks and network fees to Visa and Mastercard. For these and other reasons given below, Grubhub Plaintiffs' damages claims under the federal antitrust laws should be dismissed.

---

[1] The cases brought by the DAPs include *7-Eleven, Inc. et al. v. Visa Inc. et al.*, No. 13-cv-5746; *Target Corp. et al. v. Visa Inc. et al.*, No. 13-cv-5745; and *The Home Depot, Inc. et al. v. Visa Inc. et al.*, No. 16-cv-05507 (hereinafter, the "DAP Actions"). The Home Depot has settled its claims against Visa but has remaining claims against Mastercard.

[2] *See* Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment on Plaintiffs' Damages Claims Under Federal Antitrust Laws Based on *Illinois Brick Co. v. Illinois*, Dkt. 8174 (hereinafter, "DAP Actions *Illinois Brick* Motion"); Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment on Plaintiffs' Damages Claims Under Federal Antitrust Laws Based on *Illinois Brick Co. v. Illinois*, Dkt. 8175 (hereinafter, "DAP Actions *Illinois Brick* Reply"); Defendants' Statement of Material Facts as to Which There is No Genuine Issue to be Tried, Dkt. 8068; Defendants' letter of June 27, 2023 in response to the Court's June 13, 2023 Order, Dkt. 8857 (hereinafter, "June 27 Letter").

1

## STATEMENT OF FACTS

The facts material to this motion are substantively indistinguishable from the facts material to the DAP Actions *Illinois Brick* Motion.[3] All Grubhub Plaintiffs contract with acquiring banks ("Acquirers") and/or payment processors ("Processors") to process their card transactions. SMF ¶¶ 116-25. A chart reflecting the Acquirers and Processors for each Grubhub Plaintiff appears at SMF Appendix A.

As with the DAPs, Acquirers pay interchange to issuers for each Visa or Mastercard payment card transaction where the issuer's card is used as a payment device at one of the Acquirer's merchant locations. *Id.* ¶ 91. And as with the DAPs, Acquirers (and issuers) pay network fees to Visa and Mastercard in connection with transactions over each network. *Id.* ¶¶ 102-03. No merchant (including no Grubhub Plaintiff) directly pays interchange fees to any issuing bank or network fees to Visa or Mastercard. *Id.* ¶¶ 98-107; 116-17.

As with the DAPs and other merchants, the Grubhub Plaintiffs can and do switch Acquirers and/or Processors to get better economic terms. *Id.* ¶ 110. In addition, merchants, including the Grubhub Plaintiffs, can negotiate different types of pricing structures with their Acquirers or Processors—such as in the form of interchange-plus, blended/flat rate pricing,[4] or some other structures. *Id.* ¶ 114. These economic realities further demonstrate that the merchant discount fee paid by the Grubhub Plaintiffs is paid to their Acquirers or Processors and that Acquirers or Processors do not always pass interchange through to the Grubhub Plaintiffs. *Id.* ¶¶ 108-13, 117, 119.

---

[3] Accordingly, Defendants incorporate by reference the statement of facts set forth in their DAP Actions *Illinois Brick* Mot., Dkt. 8174, with additional reference to Defendants' Statement of Material Facts as to Which There is No Genuine Issue to be Tried ("SMF") submitted herewith.

[4] For example, ███████████████████████████████████████████████████
████████████. *Id.* ¶ 115.

2

To the extent there are any factual distinctions between Grubhub Plaintiffs and the DAPs as relevant to this motion, they are not material because they do not change the critical undisputed fact that the Acquirers are the sole direct payors of interchange fees and network fees. Grubhub Plaintiffs may point to their agreements with certain additional intermediaries that handle the relationships with Acquirers and other Processors on behalf of the merchants. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has a relationship with ▮▮▮▮,[5] and ▮▮▮▮ has a relationship with ▮▮▮▮.[6] However, in these examples, the Grubhub Plaintiff pays the intermediary in lieu of payment to an Acquirer or other Processor. The Grubhub Plaintiff does not pay any fees directly to Visa, Mastercard, or the issuing banks.

## ARGUMENT

Because the facts here are materially indistinguishable from those in the DAP cases, the legal arguments in support of summary judgment set forth in the DAP Actions *Illinois Brick* Motion apply here with equal force, and Defendants incorporate those arguments by reference. *See* DAP Actions *Illinois Brick* Mot. at 7-15; DAP Actions *Illinois Brick* Reply at 3-18.[7] The undisputed facts remain that Grubhub Plaintiffs, like the DAPs, do not directly pay any fees to Visa, Mastercard, or issuing banks.

To the extent that Grubhub Plaintiffs point to the role of *additional intermediaries* in the payment transaction scheme, this does not change the critical fact that Grubhub Plaintiffs do not pay any fees or charges directly to Visa, Mastercard, or issuing banks. *See* DAP Actions *Illinois Brick* Mot. at 9-12; *Paycom Billing Servs., Inc. v. Mastercard Int'l Inc.*, 467 F.3d 283, 291-92 (2d Cir. 2006) (finding that merchant was "in a position analogous to the indirect purchasers in

---

[5] ▮▮▮▮ pays ▮▮▮▮ a transaction fee for processing its mobile app transactions. *Id.* ¶ 121.
[6] ▮▮▮▮▮▮▮▮ that handles ▮▮▮▮ relationships with Acquirers and Processors. *Id.* ¶ 122.
[7] The governing law has not changed since submission of the parties' summary judgment briefing in the DAP Actions.

3

*Illinois Brick*" and lacked antitrust standing because chargebacks and fines were not assessed directly against merchants but rather against acquiring banks).[8]

Moreover, nothing in *Illinois Brick* or any of its progeny creates an exception to permit claims by indirect payors such as Grubhub Plaintiffs. *First*, like the DAPs, Grubhub Plaintiffs may seek to argue that they have agreements with Acquirers or Processors affiliated with the issuing banks and thus are saved by a "co-conspirator" exception. But as explained in Defendants' DAP Actions *Illinois Brick* Motion, neither the Supreme Court nor the Second Circuit has adopted a co-conspirator exception. *See* DAP Actions *Illinois Brick* Mot. at 13. Even assuming that the Second Circuit might recognize such an exception, Grubhub Plaintiffs have not named any purported co-conspirator Acquirers or Processors as defendants, which is fatal to any potential co-conspirator argument. *See In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (alleged co-conspirators must be named as defendants for co-conspirator exception to *Illinois Brick* to be viable); DAP Actions *Illinois Brick* Reply at 14. This requirement makes perfect sense. Without naming the purported co-conspirators, the Defendants (let alone the Court) cannot know which intermediaries are in the supposed conspiracy. Moreover, Grubhub Plaintiffs have failed to point to any evidence that intermediaries such as ▮▮▮▮▮ are in a supposed conspiracy with Visa or Mastercard to set interchange rates or network fees.

*Second*, neither of the two potential exceptions to *Illinois Brick* that the Supreme Court has suggested applies here. The first exception applies to cases in which the direct purchaser entered into a pre-existing "cost-plus" contract to sell a specified quantity to the indirect payor, *see Illinois Brick*, 431 U.S. at 736, n.16 & 745, but no Grubhub Plaintiff has entered into such a

---

[8] Defendants incorporate by reference the arguments, including those addressing *Paycom*, set forth in their June 27 Letter.

4

contract with an Acquirer.  SMF ¶¶ 116-25.  The second exception applies to cases in which the direct purchaser (here, an Acquirer) is owned or controlled by its customer (here, a merchant).  Again, this exception is wholly inapplicable to the Grubhub Plaintiffs, none of which are alleged to own or control an Acquirer.  *Id.* ¶¶ 90; 119-25.

## CONCLUSION

For the foregoing reasons, summary judgment should be granted on all of Grubhub Plaintiffs' damages claims based on federal antitrust laws.

Dated:  July 14, 2023

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ *Gary R. Carney*
Brette Tannenbaum
Gary R. Carney
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
btannenbaum@paulweiss.com
gcarney@paulweiss.com

Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, N.W.
Washington, DC 20006-1047
(202) 223-7300
kgallo@paulweiss.com
dioffredo@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

5

**ARNOLD & PORTER KAYE SCHOLER LLP**

/s/ *Matthew A. Eisenstein*
Anne P. Davis
Matthew A. Eisenstein
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
robert.vizas@arnoldporter.com

**HOLWELL SHUSTER & GOLDBERG LLP**

Michael S. Shuster
Demian A. Ordway
Blair E. Kaminsky
Jayme Jonat
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
bkaminsky@hsgllp.com
jjonat@hsgllp.com

*Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association*