**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IN RE PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

Case No. 1:05-md-1720
(MKB) (VMS)

This Document Relates To:

*Grubhub Holdings, Inc., et al. v. Visa Inc., et al.*, No. 19-cv-
06555 (E.D.N.Y.) (MKB) (VMS)

**DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS'**
**STATEMENT OF ADDITIONAL MATERIAL FACTS**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................... 1

I.  DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO GENERAL BACKGROUND FACTS ...................................................... 4

II.  DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER *OHIO V. AMERICAN EXPRESS* ...................................................................... 26

III.  DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON POST-IPO CONSPIRACY CLAIMS ................................................ 190

IV.  DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO *ILLINOIS BRICK* .................................................................. 215

V.  MASTERCARD'S RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO MASTERCARD'S MOTION FOR SUMMARY JUDGMENT BASED ON MASTERCARD'S LACK OF MARKET POWER ................................................ 270

## PRELIMINARY STATEMENT

Defendants respectfully submit this Response to the purported "Counterstatement of Material Facts" served by Grubhub Plaintiffs[1] in connection with Defendants' motions for summary judgment in the above captioned matter.  E.D.N.Y. Local Civ. R. 56.1(b).  The Grubhub Counterstatement incorporates and repeats the same purported statements of fact and evidence previously submitted in the Direct Action Plaintiffs' Counterstatement of Material Facts[2] and purports to cite new or additional evidence only in connection with certain paragraphs of the Grubhub Counterstatement,  under the heading "Additional Grubhub Evidence in Support."[3] Defendants' Response addresses separately only this purported "Additional Grubhub Evidence in Support" in the Grubhub Counterstatement, and responds to the statements and evidence previously submitted in the DAP Counterstatement by incorporating Defendants' responses and objections to the DAP Counterstatement that are set forth in the Defendants' Consolidated Response to Plaintiffs' Statement of Additional Material Facts dated December 18, 2020 ("2020 Def. Resp.").

Nothing in Rule 56 of the Federal Rules of Civil Procedure or Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules") requires Defendants to respond to the Grubhub Counterstatement.  *Farzan v. Wells Fargo Bank, N.A.*, 2013 WL 6231615, at *1 n.3 (S.D.N.Y. Dec. 2, 2013), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015) ("Local Rule 56.1 does not specifically require responses by a

---

[1] Grubhub Plaintiffs' Counterstatement of Material Facts (August 11, 2023) (the "Grubhub Counterstatement"). Grubhub Plaintiffs' "Counterstatement" is a statement of additional material facts which purports to provide both "Counterstatements" to Defendants' 56.1 Statement and affirmative statements of fact.

[2] Direct Action Plaintiffs' Counterstatement of Material Facts (September 22, 2020) *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8329 (the "DAP Counterstatement").

[3] The Grubhub Counterstatement also omits Sections VI and VII of the DAP Counterstatement.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

moving party to additional material facts submitted by an opposing party." (citing Local Rule 56.1(c))). Rule 56.1(c) of the Local Rules states only that "paragraphs in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted" and does not expressly contemplate a response by the movant to the additional facts asserted by the non-moving party. Local Rule 56.1(c). Defendants provide this response only to show that none of Plaintiffs' additional facts is sufficient to create a triable issue and defeat summary judgment.

For the Court's convenience, Defendants' Response follows the structure of the Grubhub Counterstatement. Grubhub Plaintiffs' purported additional facts are reproduced in full in bold type and followed by Defendants' responses.

Part V of this statement relates to the motion by Mastercard for summary judgment based on lack of market power; Visa does not join that section.

Copies of the evidence on which Defendants rely have already been submitted as exhibits. Exhibits SJDX 1–1140 are attached to the Transmittal Declaration of Rosemary Szanyi in Connection with Defendants' Motions for Summary Judgment and Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried, dated June 1, 2020. Exhibits SJDX 1141–1232 are attached to the Transmittal Declaration of Gary Carney in Connection with Defendants' Oppositions to Motions for Partial Summary Judgment by Target Plaintiffs, by Rule 23(b)(2) Class Plaintiffs, and by 7-Eleven Plaintiffs and The Home Depot, dated September 22, 2020. Exhibits SJDX 1233–1292 are attached to the Second Transmittal Declaration of Rosemary Szanyi in Connection with Defendants' Motions for Summary Judgment and Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried, dated December 18, 2020. Exhibits SJDX 1293–1385 are attached to the Transmittal Declaration of Jayme Jonat, dated July 14, 2023. Exhibits

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

GPX001–223 are attached to the Declaration of James A. Wilson in Support of Grubhub Plaintiffs' Oppositions to Defendants' Motions for Summary Judgment, dated August 11, 2023.

Grubhub Plaintiffs do not materially dispute the fundamental facts on which each of Defendants' motions for summary judgment turn. First, Grubhub Plaintiffs attempt to create the appearance of genuine disputes of material facts and defeat Defendants' motions for summary judgment by the sheer volume of their assertions alone. But although Grubhub Plaintiffs have submitted a Counterstatement that spans over 700 pages, they have cited "Additional Grubhub Evidence in Support" for only 357 of the 1085 paragraphs of the purported statements of material fact that they submit. Hence, the vast majority of their assertions and evidence in support have been addressed in prior summary judgment briefing. As shown below, the remaining additional assertions do not create triable issues because they are immaterial to Defendants' motions, misconstrue the record, cite inadmissible evidence,[4] and/or rely on their experts' opinions alone. Insofar as Grubhub Plaintiffs purport to state additional facts in their headers and sub-headers, those assertions are not facts or evidence, not supported by cited evidence, and also immaterial to Defendants' motions.

Finally, Defendants object to any use of the assertions or responses herein in any context other than the limited purpose of Defendants' motions for summary judgment. Any response of "undisputed" is solely for purposes of each of Defendants' specific motions here. Defendants may dispute these facts in other contexts or for other purposes. Defendants may raise additional or different evidentiary objections at a later date as well; the absence of an evidentiary objection to

---

[4] Defendants object to the admissibility of the Expert Report of R. Craig Romaine (Sept. 30, 2022), to the extent that it is identical in substance to parts of the Expert Report of Professor Robert G. Harris (Oct. 5, 2018) that were excluded in this Court's Memorandum & Order dated October 7, 2022. Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Plaintiffs' assertions here should not be construed as a waiver of such an objection by Defendants in any other context.

I.   **DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO GENERAL BACKGROUND FACTS**

Defendants respond separately here only to the "Additional Grubhub Evidence in Support," which Grubhub Plaintiffs submitted in connection with certain paragraphs of their Counterstatement.[5]   Defendants do not repeat their responses to the statements and evidence previously submitted in paragraphs 1 to 121 of the DAP Counterstatement that Grubhub Plaintiffs have incorporated and repeated in paragraphs 1 to 121 of the Grubhub Counterstatement.  Instead, Defendants incorporate by reference their prior responses to those paragraphs of the DAP Counterstatement.  (*See* 2020 Def. Resp.  ¶¶ 1-121).

1    **The Grubhub Plaintiffs allege that the Honor All Cards ("HAC") Rules constitute a horizontal agreement by the issuing banks that owned and controlled Visa and Mastercard to restrain competition for merchant acceptance.  SJDX 1293 (Grubhub Plaintiffs' Amended Complaint), ¶¶ 69, 156, 166, 169, 171, 184, 186, 197, 199**

Defendants' Response:

Undisputed.

2    **The Grubhub Plaintiffs similarly allege that the HAC Rules impose competitive harm that includes overall transaction prices that are inflated above competitive levels.   SJDX 1293 (Grubhub Plaintiffs' Amended Complaint), ¶¶ 162-63, 175-76, 190-91, 203-04.**

Defendants' Response:

Undisputed.

3    **The Grubhub Plaintiffs similarly allege that those overall transaction prices are inflated because the HAC Rules allow Visa and Mastercard to impose "Default" Interchange Fee schedules (which are not "default" mechanisms at**

---

[5] Grubhub Plaintiffs submit no additional evidence in connection with Counterstatement paragraphs 4–14, 16, 18–19, 27, 29–38, 40–49, 53–59, 62–99, 107, 112–16, 120.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

> **all but establish price floors) at supracompetitive levels.  SJDX 1293 (Grubhub Plaintiffs' Amended Complaint), ¶¶ 117-19, 144-47**

Defendants' Response:

Undisputed.

**15      Today, nearly every significant bank in the U.S. is a member of both Visa and Mastercard. SJDX 1371 (Mastercard 2022 10-K), at 20; SJDX 1370 (Visa Inc. 2022 10-K), at 23.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 15.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is also unsupported by the cited evidence in so far as the term "significant" is vague, and the assertion is not contained in the cited evidence.  Further, the cited evidence contradicts Grubhub Plaintiffs' assertion.  For example, the Visa 10-K states that is may be difficult or costly for Visa "to acquire or conduct business with financial institutions or merchants that have longstanding exclusive, or nearly exclusive, relationships with [its] competitors." SJDX 1370 (Visa Inc. 2022 10-K), at 23.

**17      Visa and Mastercard "card issuing" members are typically banks or credit unions.  A credit card issuer extends the cardholder a revolving line of credit, collects finance charges and other fees from the cardholder, and, in some cases, provides "rewards" (such as airline miles) associated with the card. Visa Answer to Grubhub Plaintiffs' Compl., Case No. 19cv06555 (ECF No. 34), at ¶¶ 46-47.**

Defendants' Response:

Undisputed.

**20      Visa requires merchants to have acceptance agreements with an acquiring bank in order to accept Visa payment cards. SJDX 1380, Visa Core Rules and Visa Product and Service Rules, dated Apr. 15, 2023 ("Visa 2023 Rules") available     at     https://usa.visa.com/content/dam/VCOM/download/about-visa/visa-rules-public.pdf (last accessed Aug. 8, 2023) at 104 (Rule 1.5.2.1) ("An Acquirer must have a Merchant Agreement with each of its Merchants to accept Visa Cards and, if applicable, Visa Electron Cards.  A Payment**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

> **Facilitator must have a Merchant Agreement with each of its Sponsored Merchants.")**

**Defendants' Response:**

Defendants incorporate by reference 2020 Def. Resp. ¶ 20.  Undisputed.  As the cited evidence shows, Visa rules require acquirers to have acceptance agreements with each of their merchants.

> **21      Mastercard also requires merchants to have acceptance agreements with an acquiring bank in order to accept Mastercard payment cards. SJDX 1381, Mastercard Rules, dated Dec. 13, 2022 ("Mastercard 2022 Rules") available at https://www.mastercard.us/content/dam/public/mastercardcom/na/globalsit e/ documents/mastercard-rules.pdf (last accessed August 7, 2023) at 102 (Rule 5.1) ("Each Customer in its capacity as an Acquirer must directly enter into a written Merchant Agreement with each retailer or other person, firm, or corporation selling goods or services (herein, a 'seller') and must directly enter into a written ATM Owner Agreement with each ATM owner from which it acquires Transactions, whether such Transactions are submitted to the Customer directly by the seller or ATM owner or through a Service Provider acting for or on behalf of such Customer.").**

**Defendants' Response:**

Defendants incorporate by reference 2020 Def. Resp. ¶ 21.  Undisputed.  As the cited evidence shows, Mastercard rules require acquirers to have acceptance agreements with each of their merchants.

> **22      Prior to Visa's and Mastercard's initial public offerings ("IPOs"), those issuer and acquirer customers were Visa and Mastercard members. Visa's Answer to Grubhub Plaintiffs' Complaint, Case No. 19cv06555 (ECF No. 34) ¶ 34; Mastercard's Answer to Grubhub Plaintiffs' Complaint, Case No. 19cv06555 (ECF No. 35) ¶ 38.**

**Defendants' Response:**

Defendants incorporate by reference 2020 Def. Resp. ¶ 22.  Undisputed that, prior to their IPOs, Visa and Mastercard each were owned and operated as joint ventures by their member

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

financial institutions.  The remainder of Grubhub Plaintiffs' assertion is immaterial to Defendants'

summary judgment motions and also unsupported by the cited evidence insofar as the phrase

"those issuer and acquirer customers" is vague and not contained in the cited evidence.

> **23      Following the networks' IPOs, Visa and Mastercard continued to refer to those institutions as "members." *See, e.g.,* SJDX 1380 (Visa 2023 Rules) at 158 (Rule 2.1) (Membership) (outlining requirements on the condition that the "[a]ssuming organization is not a Member at the time of its assumption of Visa programs and is eligible for membership . . . .") (emphasis added); *id.* at 880 (defining "Member" as "[a] client of Visa U.S.A., Visa International, Visa Worldwide, Visa Europe Limited, or Visa International Servicios de Pago España, S.R.L.U. or a customer that has entered into a Services Agreement with Visa Canada"); SJDX 1381 (Mastercard 2022 Rules) at 422 (defining "Member" as "[a] financial institution or other entity that is approved to be a Mastercard Customer in accordance with the Standards . . . and has become a member . . . of the Corporation"); SJDX 1380 (Visa 2023 Rules) at 837 (defining "Acquirer" as "A Member that signs a Merchant or Payment Facilitator, provides a Cash Disbursement to a Cardholder, or loads funds to a Prepaid Card, and directly or indirectly enters a Transaction into Interchange").**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 23.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and also unsupported by the cited

evidence insofar as the phrase "those institutions" is vague and not contained in the cited evidence

and insofar as Grubhub Plaintiffs' assertion suggests that Visa or Mastercard refers to issuing and

acquiring banks exclusively as "members."

> **24      Visa's issuers are competitors of one another. Visa's Answer to Grubhub Plaintiffs' Complaint, Case No. 19cv06555 (ECF No. 34), at ¶¶ 2, 5, 70.**

<u>Defendants' Response</u>:

Undisputed.

> **25      Mastercard's issuers are competitors of one another.  Mastercard's Answer to Grubhub Plaintiffs' Complaint, Case No. 19cv06555 (No. 34), at ¶¶ 2, 5 70.**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Undisputed.

**28**   **This ownership structure is unique, as explained by Professor Hausman [sic]: "The historic ownership structure meant that the rules of the networks and their basic pricing structures were established jointly by, and on behalf of, virtually all the banks in the United States that issue and acquire payment card transactions.  It is rare that virtually all of an industry's competitors jointly establish the rules and pricing structure that apply to the industry in which they compete." *See also* SJDX 1320 (Romaine Report),** ███████████████████████████████████████████████████████████████████████████████████ *id*. **at ¶ 173.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 28.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also unsupported by the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018)

(expert testimony "accomplishe[d] little" on summary judgment).

> **39      As of 2023, Visa Inc.'s Core Rules continue to impose the HAC Rule directly on merchants: "Honor All Cards.  A Merchant must accept all Cards properly presented for payment." SJDX 1380, (Visa 2023 Rules) at 105 (Rule 1.5.4.2) (emphasis added); *id.* at 108 ("In the Europe Region, US Region: A Merchant that accepts Visa Cards may choose Limited Acceptance.") (emphasis added); *id.* at 828-29 (defining "Limited Acceptance" as "In the US Region: A category of Merchant that accepts either, but not both: [1] Visa Credit and Business Category Cards [2] Visa Debit Category Cards").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 39.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and also the cited evidence is incomplete.

(Fed. R. Evid. 106, 403.)  Acquirers participating in Visa's network agree to follow Visa's network

rules.  (2020 SMF[6] ¶ 32.) Merchants agree in their contracts with their acquiring banks to abide

by Visa's network rules.  (2020 SMF ¶ 66.)

> **50      The Mastercard HAC Rules were in place for the entirety of the damages period, and the HAC Rules remain in effect today.  SJDX 1381 (Mastercard 2022 Rules) at 116 (Rule 5.11.1) (Honor All Cards: "A Merchant must honor all valid Cards without discrimination when properly presented for payment. A Merchant must maintain a policy that does not discriminate among customers seeking to make purchases with a Card."); *id.* at 315 (Rule 5.11.1 (Honor All Cards: "In the U.S. Region, the Rule on this subject as it applies to Mastercard Card acceptance is replaced with the following: 1. Honor All Debit Mastercard Cards.  Merchants that choose to accept Debit Mastercard Cards must honor all valid Debit Mastercard Cards without discrimination when properly presented for payment.  The Merchant must maintain a policy that does not discriminate among customers seeking to make purchases with a Debit Mastercard Card. 2.  All Other Mastercard Cards.  Merchants that choose to accept Other Mastercard Cards must honor all Other Mastercard Cards without discrimination when properly presented for payment.  The Merchant must maintain a policy that does not discriminate among customers seeking to make purchases with another Card.").**

---

[6] Defendants' Statement of Material Facts as to Which There is No Genuine Issue of Fact to Be Tried dated June 1, 2020 ("2020 SMF").

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 50.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and the cited evidence is misleading and incomplete.  (Fed. R. Evid. 106.)  The Mastercard rules, including the Honor All Cards rule, have been regularly and unilaterally reviewed, adopted and published periodically during the damages period, including after the Mastercard IPO in 2006–07. (2020 SMF ¶ 206.)

**51    Visa publishes a default interchange schedule titled "Visa US Interchange Reimbursement Fees." GPX 209, Visa USA Interchange Reimbursement Fees: Visa Supplemental Requirements (April 23, 2023) available at https://usa.visa.com/content/dam/VCOM/download/merchants/visa-usa-interchangereimbursement- fees.pdf (last accessed Aug. 7, 2023).**

Defendants' Response:

Undisputed.

**52    Visa's default interchange schedule publishes interchange rates by merchant sector (*e.g.,* Supermarket vs Restaurant), GPX 209, Visa USA Interchange Reimbursement Fees: Visa Supplemental Requirements (April 23, 2023) at 3, regulatory status (e.g., "exempt" under Durbin or not), *id.* at 3, rewards category (e.g., "Visa Signature Preferred" vs "Traditional Rewards"), *id.* at 7, and card type (e.g., Business, Corporate and Purchasing Pre-paid), *id.* at 15.**

Defendants' Response:

Undisputed.  Undisputed that Visa's interchange rate schedule is organized by sector, regulatory status and card type.  Defendants respectfully refer the court to the rate schedule for the terms thereof.

**60    Mastercard publishes a default interchange schedule titled "Mastercard 2019-2020 U.S. Region Interchange Programs and Rates." GPX 208, Mastercard 2023-2024 U.S. Region Interchange Programs and Rates (effective April 14, 2023)                            available                            at https://www.mastercard.us/content/dam/public/mastercardcom/na/us/en/documents/merchantrates-2022-2023-apr22.pdf (last accessed Aug. 7, 2023).**

Defendants' Response:

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Undisputed.

**61    Mastercard publishes rates by merchant category (e.g., Airline vs Supermarket), PX2236, Mastercard 2019-2020 U.S. Region Interchange Programs and Rates (effective Oct. 18, 2019) at 1, rewards level (e.g., "World Elite" vs "Enhanced Value"),** *id.* **at 2, regulatory status (e.g., "Regulated" or "Unregulated" debit rates),** *id.* **at 6, and card type,** *id.* **at 7-9.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 61.  Undisputed that Mastercard's interchange rate schedule is organized by different categories.  Defendants respectfully refer the court to the rate schedule for the terms thereof.

**68    Visa's no-bypass rule has remained in effect up to the present.  SJDX 1380, (Visa2023 Rules) at 896 (defining "Private Arrangement" as "In the Canada Region, US Region: An agreement where Authorization Requests or Transactions involving 2 different Members are not processed through VisaNet.  Private Arrangements are prohibited.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 68.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  As discussed in Defendants' 2020 Statement of Material Fact, paragraphs 228 and 234–235, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has been responsible for determining Visa's network rules.  (2020 SMF ¶¶ 228, 234–235; *see* SJDX 776, VISA14MDL1-09523056; SJDX 918, VISA14MDL1-13531273, at 1274.)  Visa management has determined its network rules promulgated in a new set of operating regulations issued approximately every six months.  (2020 SMF ¶ 228.)  To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

it was in Visa's independent business interest to promulgate such rules.

> **93   The HAC Rules maintain what has been referred to as a "level playing field" across issuers at the point of sale. SJDX 1320 (Romaine Report), ¶¶ 205, n.276, 215.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 93.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  The Visa and Mastercard networks each have established acceptance rules, including Honor All Cards Rules, to promote their own network's independent business interests consistent with their need to compete for issuers, acquirers, merchants, cardholders, and transactions.  (*See* 2020 SMF ¶¶ 56–58.)  In addition, Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd,* 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

"accomplishe[d] little" on summary judgment).

> **100    Mr. Romaine agrees. SJDX 1320 (Romaine Report), ¶186 ("The Honor All Cards rules mean that a merchant must accept all Visa (or Mastercard) credit cards regardless of issuer. . . As a result, those banks do not need to compete against each other for merchant acceptance—the merchant must take all of their cards. This "Honor All Issuers" feature of the Honor All Cards rule requires an individual merchant to make an all-or-nothing decision: accept hundreds of millions of credit cards issued by thousands of card issuing banks or accept none. This artificial choice was originally and collectively created and enforced by the rival card issuing banks as a group when they owned and operated the Visa and Mastercard networks, and it continued today virtually unchanged."); *id.* at ¶ 640 ("In a competitive but-for world without the Honor All Cards rules, one would expect to see rigorous competition for merchant acceptance as issuers attempt to distinguish themselves from rivals on this important dimension of competition…").**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 100.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions to the extent it improperly draws legal conclusions, and it is also unsupported by evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

> **102**   **Merchants are presented only two choices when it comes to acceptance of Visa or Mastercard-branded credit or debit cards—all or none. SJDX 1320 (Romaine Report), ¶ 621 ("The Honor All Cards rules are artificial requirements that effectively force merchants to make all-or-nothing decisions about whether to accept Visa and Mastercard cards"); *id.* ¶ 456 ("One economic reason that merchants are unable to stop accepting Visa and Mastercard cards is that the Competitive Restraints—and, particularly, the Honor All Cards rules—force merchants into an all-or-nothing decision with respect to accepting the cards for payment.")**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 102. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also unsupported by evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd,* 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

"accomplishe[d] little" on summary judgment).

For clarity, Mastercard's rules allow merchants to choose to accept either Mastercard credit cards, Mastercard debit cards, or both.  (*See e.g.,* THD/7-11 SUFEX 43, MCI_MDL02_07292595 (Mastercard Bylaws & Rules, Apr. 2004) ("Mastercard 2004 Rules"), at '892-'893 (Rule 17.C.1).)  Visa's rules allow merchants to choose to accept either Visa credit cards, Visa debit cards, or both.  (█████████████████████████████████████████

████████████████████████████████████████████████████████

████████

103    **Given that acceptance of no Visa or Mastercard branded credit or debit cards is not feasible, merchants must accept all such cards. GPX 15, Patterson (Belk 30(b)(6)) Dep. 168:20-169:10** ███████████████████████████████



████████████████████████████; **GPX 19, Isaac (Grubhub 30(b)(6)) Dep. 145:5-19** ███████████████████████**, *id.* at 156:18-157:18** ███████████████████████████████████████████████████

████████████████████████████████████████.

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 103.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also unsupported by the cited evidence, which is incomplete and taken out of context.  (Fed. R. Evid. 106, 403.)

104    **Although merchants would prefer to negotiate with issuers over the acceptance of payment cards, they are unable to do so because of the HAC Rules. GPX 15, Patterson (Belk 30(b)(6)) Dep. 178:18-179:11 (**███████████████

███████████████████████████████████**); GPX 19, Isaac (Grubhub 30(b)(6)) Dep. 140:25-141:17 (t**██████████████████████████████████████

██████████████████████████████████████████████████**), 156:18-157:18** ██████████████████████████████████████████

████████████████████████████████████████████████████

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 104.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also the cited evidence is incomplete. (Fed. R. Evid. 106, 403.)  Testimony from a number of merchants shows that they would be unwilling or unable to negotiate with the many thousands of issuing banks over the acceptance of payment cards.  (*See, e.g.*, ███████████████████████████████████

██████████  In addition, nothing in Visa or Mastercard's rules prevents between issuers and merchants.  (SJDX 1380, Visa Rules, Apr. 2023, Rule 1.9; SJDX 1381, Mastercard Rules, Dec. 2022, § 8.3.)

> **105**   **The HAC Rules prevent merchants from using competitive forces to negotiate with issuing banks for lower acceptance fees. GPX 15, Patterson (Belk 30(b)(6)) Dep. 178:18- 179:11 (** ████████████████████████████████████████ **; GPX 19, Isaac (Grubhub 30(b)(6)) Dep. 140:25-141:17** ████████████ **, 156:18-157:18** ████████████████████████████ **.**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 105.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also the cited evidence is incomplete. (Fed. R. Evid. 106, 403.)  Testimony from a number of merchants shows that they would be unwilling or unable to negotiate with the many thousands of issuing banks over the acceptance of payment cards.  (*See, e.g.*, ███████████████████████████████████

██████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

106 

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 106. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also unsupported by the cited evidence, in particular as to Visa. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

108     **Defendants' own economic experts agree that, in the absence of HAC Rules, some merchants could "exert negotiating leverage" to secure lower interchange fees.**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**



<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 108.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions as well as inconsistent with the cited evidence.  The cited evidence is also incomplete and taken out of context.  (Fed. R. Evid. 106, 403.)  When viewed in context, it is clear that Defendants' experts do not offer the opinions that Grubhub Plaintiffs suggest.  For example,

18

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

109     **Because the HAC Rules negate any economic incentive for issuers to negotiate with merchants, the "Default" rates published by Visa and Mastercard become the actual interchange rates "for almost all Visa and Mastercard transactions." SJDX 1320 (Romaine Report), ¶ 644 ("Because the Honor All Cards rules require merchants to accept the cards of all issuing banks, regardless of interchange rate, there is no incentive for any individual bank to agree to an interchange rate lower than the default rates set by Visa and Mastercard.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 109.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also unsupported by the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

110    **Payment card fees make up one of the largest categories of costs for merchants. GPX 25, Rauschenberger (Bob Evans) Dep. 292:20-23 (Q. "Is it your testimony that payment card acceptance costs are material to Bob Evans? A. Yes, they are material, as defined by my auditors.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 110.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also unsupported by the cited evidence.  The cited evidence purports to describe the costs at only one Plaintiff merchant and says nothing about whether payment card fees are "one of the largest categories of costs" for that merchant.

111    **Even large, sophisticated merchants, who can control costs across their other business lines, have not been able to control payment card costs. GPX 22, Albright (Uline 30(b)(6)) Dep. 91:14-17 (**



**); *id.* at 92:2-6 (**

**; *id.* at 93:9-11 (**

**; GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 272:15-17 (**

**); GPX 20, Jones, R. (Leslie's 30(b)(6)) Dep. 192:22-193:15 (**

**); GPX 20, Jones, R. (Leslie's 30(b)(6)) Dep. 233:10-234:2 (**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



); GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 209:16-210:5 (

); GPX 24, Porciello (BJ's) Dep. 165:23-167:11 (

); GPX 15, Patterson (Belk 30(b)(6)) Dep. 178:18-179:11 (

); GPX 19, Isaac (Grubhub 30(b)(6)) Dep. 140:25-141:17 (

), 156:18-157:18 (

).

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 111.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also unsupported by the cited evidence.  The cited evidence, at most, purports to describe the costs at only a tiny fraction of merchants and, even as to those merchants, does not relate to "control[ing] costs across their other business lines" Instead, the cited evidence relates largely to

117

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

████████████████████████████

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 117.  Undisputed that Visa Signature was introduced in 2005, Visa Signature Preferred was introduced in 2006, Visa Traditional Rewards was introduced in 2007, or that Visa's Honor All Cards Rule provides that: (1) a merchant accepts any Visa-branded credit card must accept all Visa-branded credit cards when properly presented for payment; and (2) a merchant that accepts any Visa-branded debit card must accept all Visa-branded debit cards when properly presented for payment.  (*See* 2020 SMF ¶ 57.)  Mastercard's Honor All Cards Rule provides that: "Merchants that choose to accept Debit Mastercard Cards must honor all valid Debit Mastercard Cards without discrimination when properly presented for payment.  The Merchant must maintain a policy that does not discriminate among customers seeking to make purchases with a Debit Mastercard Card," and "Merchants that choose to accept Other Mastercard Cards must honor all Other Mastercard Cards without discrimination when properly presented for payment.  The Merchant must maintain a policy that does not discriminate among customers seeking to make purchases with another Card." (*See* 2020 SMF ¶ 58.)

The remainder of Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence insofar as the phrase "required merchants accepting any Visa or Mastercard credit cards to accept those new products under the HAC Rules" is derived from statements made by Grubhub Plaintiffs' expert Mr. Romaine that is vague, incomplete and not otherwise contained in the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl.*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

**118**



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 118. Undisputed that some rewards cards existed before 2005. The remainder of Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

**119** ███████████████████████████████████
███████████████████████

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 119. Undisputed that networks, in some circumstances, have established higher interchange fees on transactions involving premium rewards cards. The remainder of Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  See Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**121**


Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 121.  Undisputed that transaction volume on rewards cards makes up a majority of credit card purchase volume.  As set forth in Defendants' SMF Paragraph 75, in 2016, the share of Visa's consumer credit card purchase volume on rewards cards was 68%.  (2023 SMF ¶ 75.)  The remainder of Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence insofar as the phrase "high-fee cards" is vague and not contained in the cited evidence.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

## II.   DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER *OHIO V. AMERICAN EXPRESS*

Defendants respond separately here only to the "Additional Grubhub Evidence in Support," which Grubhub Plaintiffs submitted in connection with certain paragraphs of their Counterstatement.[7]  Defendants do not repeat their responses to the statements and evidence previously submitted in paragraphs 122 to 546 of the DAP Counterstatement that Grubhub Plaintiffs have incorporated and repeated in paragraphs 122 to 546 of the Grubhub Counterstatement.  Instead, Defendants incorporate by reference their prior responses to those paragraphs of the DAP Counterstatement.  (See 2020 Def. Resp. ¶¶ 122-546).

143



*See* also SJDX 1320 (Romaine Report), ¶ 30 & n.16 ) (citing The Nilson Report, Issue 1079 (Jan. 2015)); SJDX 1320 (Romaine Report), Ex. 37.

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 143.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is mischaracterized and incomplete.  The cited evidence does not describe American Express and Discover as having only "a few" third-party issuers.

---

[7] Grubhub Plaintiffs submit no additional evidence in connection with Counterstatement paragraphs 122-42, 144, 150-60, 179, 182-232, 267, 276, 280-1, 286-7, 289-90, 292-3,296-7, 301, 305-7, 310-16, 318-20, 324-6, 328-30, 334-7, 339-40, 343-4, 347-8, 352-3, 361-2, 364-7, 372, 375, 378, 381-2, 391-4, 397-408, 415, 419-21,423-4, 432, 435, 438-58, 460-78, 480-97, 499-502, 504, 511-517, 522-3, 525-6, 528, 538-9, 543-4.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

145      **"[T]he Amex system is sometimes referred to as a 'three-party' system because the network (i.e., Amex itself) serves as the only intermediary between the cardholder and merchant." SJDX 1320 (Romaine Report), ¶ 26, n.6 (citing United States v. American Express Co., 838 F.3d 179, 88-89 (2d Cir. 2016)), *id.* ¶ 89 ("American Express is a so-called 'three-party' (or closed-loop) network model. American Express sets all prices relevant to the card products that it issues. It sets the prices to cardholders: interest rates, penalties, fees, rewards, and other terms. And it sets the prices to merchants: the merchant discount rate or rates and other rules and terms. American Express is not a cartel of horizontal competitors."). SJDX 1320 (Romaine Report), ¶ 90 ("Visa and Mastercard are so-called 'four-party' network models that do not issue their own cards or set prices charged directly to cardholders."); *id.* ¶ 25 ("In the four-party network model, Visa and Mastercard do not issue cards to cardholders. Instead, Visa- and Mastercard-branded cards are issued by their issuing bank members. Visa and Mastercard, in fact, do not deal directly with cardholders."); *id.* ¶ 27 n.8 (explaining that Visa and Mastercard typically do not enter into direct agreements with merchants).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 145.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is mischaracterized and incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

Defendants do not dispute that the Visa and Mastercard networks are often considered to be "four-party networks."

**146    American Express has a spend-centric business model, whereas Visa and Mastercard have lend-centric business models. SJDX 1320 (Romaine Report), ¶ 94 ("American Express also differs from Visa and Mastercard in its business model. American Express's issuing business can be described as 'spend centric.' That is, the majority of its revenue is derived from merchant fees that are proportional to spending."); *id.* ¶ 95 ("This contrasts with Visa's and Mastercard's models, which are 'lend centric.' That is, the majority of Visa and Mastercard issuer revenue is derived from cardholder charges that are proportional to outstanding balances—interest charged to cardholders for unpaid balances on the cardholder's charges for a given billing period.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 146.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

The statement also mischaracterizes the evidence inasmuch as Visa and Mastercard do not lend money but earn revenues through fees on spending, as does American Express. Issuers on all three networks earn revenue from their lending business as well as fees on transactions.

**147     Experts and participants in the payment card industry have known "for years" that American Express has a spend-centric business model. *See* also SJDX 1320 (Romaine Report), ¶ 94 ("American Express also differs from Visa and Mastercard in its business model. American Express's issuing business can be described as 'spend centric.' That is, the majority of its revenue is derived from merchant fees that are proportional to spending.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 147. Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

The statement also mischaracterizes the evidence inasmuch as Visa and Mastercard do not lend money but earn revenues through fees on spending, as does American Express.  Issuers on all three networks earn revenue from their lending business as well as fees on transactions.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**148**     **Restrictions imposed by Visa and Mastercard are effectively horizontal restraints "adopted by 20,000 competitors." SJDX 1320 (Romaine Report), ¶¶ 88-90; *id.* ¶¶ 74, 76, 78.**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 148.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence insofar as it draws a legal conclusion.

**149**     **In contrast, restraints imposed by American Express are vertical. SJDX 1320 (Romaine Report), ¶ 93 ("The American Express non-discrimination provisions, as described in the Second Circuit and Supreme Court opinions, were vertical restraints, not horizontal. In economic terms, this means that the restraints operated between firms at different levels of the distribution chain – in this case, restraints imposed by a supplier on its customers.")**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 149.  Defendants do not dispute that the rules imposed by American Express are vertical in nature.  The remainder of Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence insofar as it draws a legal conclusion.

**161**     **Mr. Romaine also performs a two-sided economic analysis, identifying a debit transactions market and a credit transactions market, and assessing the nature of competition on both sides of the Visa and Mastercard platforms. SJDX 1320 (Romaine Report), ¶ 221 (identifying a credit transactions market and a debit transactions market); *id.* ¶ 366-69 (discussing how he took into account the cardholder side of the platform); *id.* ¶ 910 (the Competitive Restraints (including the HAC) lowered output as compared to the but-for world);SJDX 1321 (Romaine Rebuttal), ¶¶ 46, 114-17.**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 161.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

162     **Mr. Romaine cites two-sided market literature and grounds all of his opinions about competitive harm on an assessment of the overall harm when both sides of the platform are taken into account. SJDX 1320 (Romaine Report), ¶ 929 ("[T]he main result of this literature on the economics of interchange is that the interchange fees set by a private and independent network will not, in general, maximize social welfare. Thus, taking as given the assumptions in these models that do not correspond with reality, the results of these models are that networks like Visa and Mastercard do not necessarily set economically efficient interchange fees."); *id.* ¶ 932 ("The economic analysis of interchange fees has shown that interchange fees may be inefficiently high. One such model recognizes the distinction between the decision of a consumer to obtain a card— in effect, to become a member of the network—and the decision of the consumer to use the card. In contrast, the merchant makes**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**only one decision—whether to accept the cards. According to the authors, '[w]e show that, as a result of this asymmetry, the profit-maximizing price structure (so the interchange fee) over-subsidizes card usage at the expense of charging inefficiently high fees to merchants. Such skewed card prices result in over-usage of payment cards in the sense that an inefficiently high fraction of sales are settled by cards at affiliated merchants.'") (citing and quoting Ozlem Bedre-Defolie and Emilio Calvano, "Pricing Payment Cards," American Economic Journal-Microeconomics, Vol. 5, No. 3, p. 207 (2013)); SJDX 1320 (Romaine Report), ¶ 280 n.420 (citing Jean-Charles Rochet and Jean Tirole, "Two-sided Markets: A Progress Report," RAND Journal of Economics, Vol 37, No. 3 (Autumn 2006), p. 648); SJDX 1320 (Romaine Report), ¶ 281 n.421 (citing Joseph Farrell, "Efficiency and Competition between Payment Instruments," Review of Network Economics, Vol 5, Issue 1 (Mar. 2006)).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 162. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and

Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **163      Mr. Romaine also explains that, unlike American Express, Visa and Mastercard do not set all elements of the "net price," and in particular do not set most of the elements of the cardholder price. SJDX 1321 (Romaine Rebuttal), ¶¶ 561-64 ("As a result, Visa's and Mastercard's 'net price' includes elements that are determined by Visa and Mastercard—such as interchange fees and merchant network fees—as well as elements that are not determined or even considered by Visa and Mastercard—such as specific rewards offerings and features, interest rates on outstanding balances, and other cardholder fees that Visa and Mastercard do not set and that instead are set independently by issuers. In other words, unlike American Express the net price for Visa and Mastercard includes fees that are not determined by Visa and Mastercard."); SJDX 1321 (Romaine Rebuttal), ¶ 565 ("Because Visa and Mastercard only set prices to one side of a transaction—to merchants, but not to cardholders— Visa and Mastercard are not able to use their prices to 'balance' the two sides of the platform. As a result, a 'net price' attributable to Visa and Mastercard is more difficult to interpret, much less calculate. Nevertheless, in light of the possibility that the American Express standard will be construed to apply to Visa and Mastercard, thereby requiring the calculation of a net 'price of credit card transactions' or a net 'price of debit card transactions' that captures both sides of the two-sided platform, in my initial report I calculated a net price for credit card transactions that incorporates fees to merchants and fees to cardholders (where cardholder fees are an average across issuers); and I did the same for debit card transactions. In each case, I found that the price far exceeds my estimates of the competitive price, and that the pass-through rate (i.e., the proportion of the price paid by the merchant that is passed through to the cardholder by the issuer) is low. These results fully support the economic inference that Visa and Mastercard have used their market power as cartel managers to perpetuate prices that are well in excess of competitive prices." (citations omitted).).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 163.  Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **164** **Further, Mr. Romaine specifically considered the cardholders' role in the payment card industry. SJDX 1320 (Romaine Report), ¶¶ 37-41 (discussing consumers' role in the payment card industry).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 164. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **165      Indeed, more than ninety paragraphs of Mr. Romaine's initial report carefully analyze how the anticompetitive rules affect both sides of the platform and result in higher prices to both merchants and consumers.  SJDX 1320 (Romaine Report), ¶¶ 739-813, 878-906.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 165.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

The statement is also not supported by the cited evidence. Of the more than ninety paragraphs cited, forty-five do not discuss consumers at all. (SJDX 1320, Romaine Rep. ¶¶ 740-49, 752, 756-58, 761-62, 764-65, 772, 776, 778, 780-81, 784-85, 796-813, 892, 894, 897.)

166     **Mr. Romaine also considered indirect network effects in conducting his analysis. SJDX 1320 (Romaine Report) ¶¶ 287-90, 366-69; SJDX 1321 (Romaine Rebuttal), ¶¶ 44-59 (considering potential reactions by cardholders).**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 166.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**167   Mr. Romaine concludes that without the HAC Rules, issuers and networks would not have the market power to charge supracompetitive transaction prices. SJDX 1320 (Romaine Report), ¶ 1071 ("Once the Competitive Restraints ended, transition to a competitive equilibrium would have happened quickly."); SJDX 1321 (Romaine Rebuttal), ¶ 191 ("In a world**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**without the Competitive Restraints, merchants would have had the ability to decline or steer consumers away from a particular issuer's or network's card without losing significant sales. Given this credible threat, issuers and networks would have had to compete for acceptance with lower interchange and network fees for many more merchants. As a result, in the but-for world, competitively-determined payment acceptance fees would have been the norm, not the exception to the rule.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 167. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

168     **Plaintiffs' economists opine that, at least by the 1990s, most consumers that
wanted to hold one or more payment cards did so, and that most merchants
accepted them. Thus, the relevant markets are heavily penetrated and have
overcome any "chicken and egg" problem that they faced early on. SJDX 1320
(Romaine  Report),  ¶  395**



**SJDX  1320
(Romaine Report), ¶¶ 396-97 (discussing the chicken-and-egg problem and
how new entry is difficult because Visa and Mastercard acceptance and use is
extensive, thus making it difficult for a new entrant to simultaneously sign up
merchants and consumers);** *see also, e.g.,* **SJDX 1320 (Romaine Report), ¶
1062 ("Visa's and Mastercard's Competitive Restraints would have become
anticompetitive when Visa and Mastercard achieved market power over
merchants. By the late 1990s, Visa and Mastercard had substantial market
power . . . ."); SJDX 1320 (Romaine Report), ¶ 1061 ("I assume that the
Competitive Restraints would have ended in the but-for world at the time they
first became anticompetitive. In that case, I find that the Competitive
Restraints would have ended well before January 1, 2004, and therefore any
transition period to a competitive equilibrium would have been completed
prior to January 1, 2004."); SJDX 1320 (Romaine Report), ¶¶ 1063-64
(discussing how, "by the mid-1990s, Visa and Mastercard merchant
acceptance had become a 'must-take' proposition for a broad swath of retail
merchants . . . .").**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 168.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a

legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion

that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F.

Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's

obligation to provide evidence of facts that support the applicability of the expert's opinion to the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  For a more complete description of how payment card usage has continued to grow since the 1990's, *see* 2023 SMF, ¶¶ 31–54.

> **169**   **At the same time, however, Plaintiffs' economists opine the markets are two-sided. SJDX 1320 (Romaine Report), ¶ 27 ("Visa and Mastercard can be viewed as operating what economists call 'two-sided platforms[.]'").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 169.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **170      In addition to their analysis of the HAC Rules and Default Interchange, Plaintiffs' experts have analyzed the competitive effects of the no-bypass, no-surcharge, no-discount, and non-discrimination rules of Visa and Mastercard as well. SJDX 1320 (Romaine Report), ¶ 189-193, 402, 657-670 (analysis of "anti-steering" rules, including no-surcharging/no discounting rules); *id.* ¶¶ 196-97, 403-06, 682-89 (analysis of no-bypass rules).**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 170. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **171**  **Payment card issuers and networks make money by charging both "sides" of their platforms a price—a price to merchants and a price to cardholders. SJDX 1320 (Romaine Report), ¶ 706; SJDX 1321 (Romaine Rebuttal), ¶¶ 280-82.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 171.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is vague and incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.   In addition, one of the two sources cited by Grubhub Plaintiffs (SJDX 1321 (Romaine Rebuttal),  ¶¶ 280-82) is a discussion of Visa's and Mastercard's competition over debit card strategies, and has nothing to do with two-sided pricing.

172      **The HAC Rules prevent Plaintiffs from being able to negotiate with individual issuers for lower interchange fees. GPX 22, Albright (Uline 30(b)(6)) Dep. 109:10-16**

████████████████████████████████████████████████████

███████████████████████████████ *id.* **Dep. 111:17-19**

█████████████████ **;GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 272:15-17** █████████████

██████████████████████████ **;GPX  21,  Kay-Evans (Pandora(30(b)(6)) Dep. 260: 17-261:1 ("** ████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



**GPX 36, Werner (BJ's) Dep. 66:5-25 (** **; GPX 15, Patterson (Belk 30(b)(6)) Dep. 168:20-169:10 (** **r), 178:18-179:11** **GPX 19, Isaac (Grubhub 30(b)(6)) Dep. 156923-157-18 ("** **Visa executives recognized that Visa's high-interchange premium card strategy depended on its ability to force merchants to accept those products under the HAC Rules.** **).** *See also*

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 172.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a

legal conclusion.  Grubhub Plaintiffs also cite no evidence that either the Visa or Mastercard Honor

All Cards rule prevents issuers and merchants from negotiating over applicable interchange rates.

**173    Because merchants have no bargaining power due to the HAC Rules,
competition occurs only on the cardholder side of the platform. SJDX 1320**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**(Romaine Report), ¶¶ 11, 201 (discussing how issuing banks compete for cardholders but not merchant acceptance); SJDX 1320 (Romaine Report), ¶¶ 621, 626 ("The intent and effect of the rules is to artificially limit—and in most cases, effectively eliminate—an individual merchant's ability to negotiate lower prices or higher-quality service from card issuers. . . . In other words, since the Honor All Issuers [portion of the Honor All Cards] rules require merchants to accept the cards of all banks, there is no incentive for any individual issuing bank to agree to an interchange fee lower than the default rates set by Visa and Mastercard."). HAC rules apply to all merchants and have never been wavied [sic] for a merchant of any size.** ▮▮▮▮▮▮▮▮▮▮▮

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 173.  Grubhub Plaintiffs' assertions are immaterial to Defendants' summary judgment motions and objectionable insofar as they draw a legal conclusion.  In addition, Grubhub Plaintiffs' statement that "[b]ecause merchants have no bargaining power due to the HAC Rules, competition occurs only on the cardholder side of the platform" is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

Plaintiffs' statement that ███████████████████████████████████ ███████████████████████ mischaracterizes the cited evidence, which refers only to the U.S. market and takes an incomplete quote out of context.  (Fed. R. Evid. 106, 403.)

174     **Given that foregoing acceptance of Visa and Mastercard payment cards is not feasible for merchants, they are not able to restrain increases in interchange fees, which are caused by Visa's and Mastercard's competition for the cartel manager role. SJDX 1320 (Romaine Report), ¶ 208 ("This [competition between Visa and Mastercard for issuers] plays out in the form of ever higher prices to merchants so that each cartel can continually up the ante by increasing interchange fees in competition for the issuers."); SJDX 1320 (Romaine Report), ¶ 463 ("[B]ecause merchants are stripped of much of their bargaining leverage, while issuers are not, competition between Visa and Mastercard for issuers leads to higher interchange fees.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 174.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

175    **The HAC Rules prevent the economic response one would expect in a competitive market, which is for merchant-side competition to counteract high interchange fees. SJDX 1320 (Romaine Report), ¶ 640 ("In a competitive but-for world without the Honor All Cards rules, one would expect to see rigorous competition for merchant acceptance as card issuers attempt to distinguish themselves from rivals . . . . Instead of forcing merchant acceptance via collectively set rules, issuers would compete for it—a card that has limited acceptance by merchants has limited utility to a consumer (or an issuer) so issuers would need to compete for merchant acceptance in order to compete for consumers. . . . The end result of such competition would be lower merchant prices and true competitive balance between both sides of the two-sided platform, free of the distortive effects of the Honor All Cards rule and the other Competitive Restraints.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 175. Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

       **177**     **Interest charges and late fees are integral to the transaction prices** ██████████
████████████████████████████████████████████████████████████

Defendants' Response:

     Defendants incorporate by reference 2020 Def. Resp. ¶ 177.  Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions, objectionable insofar as it draws a legal conclusion, and mischaracterizes the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

> **178**    **Defendants' own economists admit that finance charges should be considered as part of the total transaction price, consistent with the economic literature on two-sided platforms reaching the same conclusion.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 178.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, objectionable insofar as it draws a legal conclusion, and mischaracterizes the cited evidence.  Grubhub Plaintiffs' statement is not based

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

**180      Under competition, price is equal to cost. SJDX 1320 (Romaine Report), ¶ 510 ("[F]irms in most industries have to compete with other firms, and economic theory show that prices in competitive markets respond to costs. This is one of the hallmark benefits of competition. A firm that is able to set price without regard to cost of production is said to have market power.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 180.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it is unsupported by the cited evidence and draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson

Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also

1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.

Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.  Grubhub Plaintiffs' assertion that "[u]nder competition, price is

equal to cost" is not supported by the quoted language, which states only that, in competitive

markets, prices "respond to costs."

> **181**     **This principle also applies in two-sided platform markets, where the
> competitive two-sided price equals to the two-sided cost of a transaction. GPX
> 228 (Murphy 2022 Report), Appx. C (Murphy 2019 Report), at ¶ 171
> (explaining that under competition, the sum of prices charged to both sides of
> the platform equals the sum of costs incurred on both sides of the platform);
> GPX 5 (Elzinga 2022 Report), incorporating by reference, SJDX 388 (Elzinga
> 2019 Report) 189 n.545.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 181.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

**202    Defendants' economist Professor Murphy also calculates a two-sided price index that does not separate the networks. GPX 228 (Murphy 2022 Report), App. C (Murphy 2019 Report), at Ex. 25.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 202.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.

**233    On the merchant side of the platform, merchants pay issuers the "interchange fee." SJDX 1320 (Romaine Report), ¶ 99.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 233.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence and

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  As discussed in Paragraphs 98–101 of Defendants' 2023 Statement of Material Fact and Paragraphs 275–78 of Defendants' 2020 Statement of Material Fact, acquiring banks, not merchants, pay interchange fees to a cardholder's issuing bank.  *See also* 2020 Def. Resp. ¶ 185 (same).

> **234**    **Merchants also pay network fees to the payment card networks (i.e. Visa or Mastercard). SJDX 1320 (Romaine Report), ¶ 99.**

Defendants' Response:

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants incorporate by reference 2020 Def. Resp. ¶ 234.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence and incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  As discussed in Paragraph 102 of Defendants' 2023 Statement of Materials Fact and Paragraphs 279-280 of Defendants' 2020 Statement of Material Fact, acquiring banks, not merchants, pay network fees to each network.  (*See, e.g.*, SJDX 1380, Visa Rules, Apr. 2023 at 125; SJDX 1129, Visa Rules, Oct. 2019, at 115; SJDX 1381, Mastercard Rules, Dec. 2022, at 183; SJDX 1052, Mastercard

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Rules, Dec. 2019, at 167; *see also* 2020 Def. Resp. ¶ 186).

> **235     The sum of interchange (paid to the issuing bank), network fees (paid to the network, e.g., Visa or Mastercard), and processing fees (paid to the acquirer/processor) is also known within the industry as the "merchant discount." SJDX 1320 (Romaine Report), 99.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 235.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence and incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Defendants do not dispute that the fee merchants pay to their acquiring banks is typically known as the "merchant discount," and that acquirers generally set this fee so that it covers their own costs, including the costs of interchange that acquirers pay to issuers and network fees that acquirers pay to the networks.

**236    Mr. Romaine calculated that the weighted average gross interchange rate for Visa and Mastercard credit card transactions for the years 2004-2020 was ▮▮▮ bps. SJDX 1320 (Romaine Report), ¶ 706 & Ex. 48.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 236.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

237    **This weighted average included all Visa and Mastercard credit card transactions, not only a handful of co-branded credit cards. SJDX 1320 (Romaine Report), ¶ 706 n.945 (explaining that normally cobrand transactions should be removed from the net price calculation, but that they were included in the Mastercard calculation based on the manner in which the data was provided). Including co-branded transactions would actually make the net price calculated artificially low. *Id.***

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 237.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **238     For debit, Mr. Romaine calculated that the weighted average gross**
> **interchange rate for Visa and Mastercard debit transactions for the years**
> **2004-2020 was ▮ bps. SJDX 1320 (Romaine Report), ¶ 715 & Ex. 50a.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 238.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.



239    **Between** ▓▓▓▓▓▓▓▓**, Visa increased the net network fees paid by merchants more than** ▓▓**, from** ▓▓▓▓▓▓▓▓▓▓**. SJDX 1320 (Romaine Report), ¶ 809 & Ex. 43b; SJDX 1321 (Romaine Rebuttal), ¶475.** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **SJDX 1320 (Romaine Report), ¶ 809 & Ex. 43a. U.S. merchants pay significantly higher network fees than merchants in other geographic regions. SJDX 1320 (Romaine Report), ¶¶ 847-50.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 239.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.



**240    Between 2004 and 2020, Mastercard also raised the net network fees that merchants paid from ▮▮▮▮▮▮▮▮▮▮. SJDX 1320 (Romaine Report), ¶ 810 & 44b; SJDX 1321 (Romaine Rebuttal), ¶ 475. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SJDX 1320 (Romaine Report), ¶ 810 & 44a.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 240.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **241**     **These network fee trends have occurred even though the cost of processing transactions over the Visa and Mastercard networks has decreased. SJDX 1320 (Romaine Report), ¶ 513 & Exs. 6c and 7c (concluding that** ███████████████████████████████████████████████████████████████████████████████████

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 241.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **242    In calculating the "net price" for Visa and Mastercard credit and transactions from 2004 to 2020, Mr. Romaine uses two alternative approaches that take into account costs on both sides of the platform. He calculates a "narrow" net price and a "broad" net price. Both of these net price calculations involve summing the price to the cardholder and the price to the merchant. SJDX 1320 (Romaine Report), ¶¶ 703-04.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 242. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplish[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **243**      **For credit, the "narrow" net price includes, (a) "the price to the cardholder (which may be positive or negative)," which "consists of the cost of the loan (for positive balance accounts), minus the value of free float (for zero-balance accounts), minus the rewards rate (if any)," plus (b) the merchant's cost to accept the transactions omitting the acquirer/processor fee (e.g., only including interchange and network fees). SJDX 1320 (Romaine Report), ¶¶ 703, 706-710 & Ex. 48.**

Defendants' Response:

     Defendants incorporate by reference 2020 Def. Resp. ¶ 243. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **244** **Using this narrow approach to calculating the net price for credit transactions for 2004 through 2020, Mr. Romaine finds that the average net two-sided price was ███████████ for Visa and ███████████ for Mastercard. SJDX 1320 (Romaine Report), ¶ 710 & Ex. 48.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 244. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **245**    **In aggregating across Visa and Mastercard, Mr. Romaine's narrow approach for credit finds that the average total price to merchants, for the period 2004-2020, was ▮▮▮▮▮▮▮▮ and the average total price to cardholders was ▮▮▮▮▮▮▮▮, for an average net two-sided price of ▮▮▮▮▮▮▮▮ for Visa and Mastercard combined. SJDX 1320 (Romaine Report), Ex. 48.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 245.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**246      These results indicate that only ▉% of collected merchant fees are passed through to cardholders on the other side of the platform. SJDX 1320 (Romaine Report), Ex. 48**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 246.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **247**    **Mr. Romaine's "broad" net price includes (a) all revenues issuers receive from cardholders (including gross interest charges, annual fees, late payment fees, and any other fees), less any rewards and the benefits of free float, plus (b) the cost to merchants to accept the transactions omitting the acquirer processor fee (e.g., interchange and network fees). SJDX 1320 (Romaine Report), ¶ 704.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 247.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplish[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**248      Using this broad approach to calculating the net price for credit transactions
for 2004 through 2020, Mr. Romaine finds that the average net two-sided
price was ▮▮▮▮▮▮▮▮▮▮ for Visa and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SJDX
1320 (Romaine Report), ¶ 712 & Ex. 49.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 248.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **249     In aggregating across Visa and Mastercard, Mr. Romaine computes that, for
> 2004 through 2020, the average total price to merchants was ▆▆▆▆▆▆▆
> and the average total price to cardholders was ▆▆▆▆▆▆▆, for an average
> net two-sided price of ▆▆▆▆▆▆▆ for Visa and Mastercard combined.
> SJDX 1320 (Romaine Report), Ex. 49.**

Defendants' Response:

       Defendants incorporate by reference 2020 Def. Resp. ¶ 249.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplish[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **250**     **Under his "broad" net price for 2004 through 2020, Visa and Mastercard
> (and their issuers) collect close to ▮ of net revenue from the merchant and
> the cardholder on a $100 transaction (i.e., ▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮▮▮▮
> ▮). SJDX 1320 (Romaine Report), ¶ 712.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 250.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**251    Further, under the broad net price for 2004 through 2020, none of the collected merchant fees are passed through to cardholders on the other side of the platform. That is, the cost to cardholders of interest and other fees exceeded the cardholder rewards. SJDX 1321 (Romaine Rebuttal), ¶ 575.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 251. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **252      In debit, Mr. Romaine's two approaches also show the net price was well
> above a competitive level for 2004 through 2020. In calculating the "narrow"
> net price, Mr. Romaine looks at the different debit transaction types (e.g.,
> regulated, unregulated, PIN, etc.) and calculates six different narrow prices
> depending on the type of transaction. SJDX 1320 (Romaine Report), ¶ 715 &
> Exs. 50a, 51, 52 and 53.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 252.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants further object that the debit prices discussed in the cited evidence were the product of government regulation through the Durbin Amendment rather than Defendants' unilateral actions.

**253      Mr. Romaine's narrow net price for debit for 2004 through 2020 includes the cost to merchants, which ranges from ▮▮▮▮▮ (depending on the type of debit transaction) plus the cost to cardholders, which ranges from ▮▮▮▮ ▮ (also depending on the type of debit transaction). SJDX 1320 (Romaine Report), ¶ 715 & Exs. 50a, 51, 52 and 53.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 253.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Defendants further object that the debit prices discussed in the cited evidence were the product of government regulation through the Durbin Amendment rather than Defendants' unilateral actions.

254    **Using the "narrow" approach for 2004 through 2020, Mr. Romaine's net price for Visa and Mastercard debit transactions (averaging pre- and post-Durbin transactions) is** ███████████. **SJDX 1320 (Romaine Report), ¶ 715 & Ex. 50a.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 254. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants further object that the debit prices discussed in the cited evidence were the product of government regulation through the Durbin Amendment rather than Defendants' unilateral actions.

> **255      Mr. Romaine's "broad" net price for debit transactions includes all revenues on the cardholder side that issuers receive related to the underlying demand deposit account ("DDA"), net of any benefits returned to cardholders, and includes monthly account fees, overdraft charges, and ATM fees, less any rewards; with the price to merchants being the same as in the narrow net price. SJDX 1320 (Romaine Report), at ¶¶ 716-17.**

Defendants' Response:

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Defendants incorporate by reference 2020 Def. Resp. ¶ 255. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Defendants further object that the debit prices discussed in the cited evidence were the product of government regulation through the Durbin Amendment rather than Defendants' unilateral actions.

256    **Using the "broad" approach from 2004 to 2020, Mr. Romaine calculates that the average net price of Visa and Mastercard debit transactions is ███████ for pre- Durbin and post-Durbin exempt transactions and**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

████ **for pre-Durbin and post-Durbin regulated transactions. SJDX 1320 (Romaine Report), ¶ 717 & Ex. 50b.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 256.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants further object that the debit prices discussed in the cited evidence were the product of government

78

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

regulation through the Durbin Amendment rather than Defendants' unilateral actions.

257    **For debit, Mr. Romaine concludes that the price to the merchant for debit card transactions from 2004 to 2020 is not offset by the benefit (i.e., negative price) to cardholders, and only ▮▮▮▮▮▮ of the price charged to the merchant is passed through to the cardholder. SJDX 1320 (Romaine Report), ¶ 720 and Ex. 51.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 257. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants further

object that the debit prices discussed in the cited evidence were the product of government

regulation through the Durbin Amendment rather than Defendants' unilateral actions.

> **258      The "broad" approach used by Mr. Romaine is consistent with the net price approach suggested in an academic article co-authored by two of Defendants' experts, Drs. Murphy and Lerner. *See* PX1943, Benjamin Klein, Andres V. Lerner, Kevin M. Murphy, Lacey L. Plache, Competition in Two-Sided Markets: The Antitrust Economics of Payment Card Interchange Fees, 73 Antitrust L.J. 571 (2006) at 571-72 ("The cardholder price may include annual and other fees, interest charged on extended credit, and cardholder benefits (such as rewards in kind, cash-back, and card enhancements) that reduce the net cost of using the payment card.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 258.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant

Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group

Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson

News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant

Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **259      Mr. Romaine properly takes into account the incentives and costs on both
> sides of the platforms. *See Ohio v. Am. Express Co.*, 138 S. Ct. at 2286; *US
> Airways, Inc. v. Sabre Holdings Corp.* 938 F.3d 43, 61 (2d Cir. 2019).**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 259.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a

legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion

that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F.

Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's

obligation to provide evidence of facts that support the applicability of the expert's opinion to the

case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual

evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card

Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242

(1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade

Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a

substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **260      Mr. Romaine also determines that lowering the interchange fees paid by merchants need not lead to increased prices to cardholders. Given the profitability of the card portfolios to issuing banks, Mr. Romaine concludes that "increased issuer competition in the but-for world would have tended to increase card issuer incentives to offer higher cardholder rewards and/or lower cardholder annual fees and APRs." SJDX 1320 (Romaine Report), ¶ 1198; *see also id.* at ¶ 538 (citing SJDX1324, Kohler 2023 Report, Sections IV and IX.C); ¶ 1182 (citing SJDX132, Kohler 2023 Rpt. ¶ 123 (credit)); ¶ 1231 (citing SJDX132, Kohler 2023 Rpt. ¶¶ 161-162, and Figures 36 and 37 (debit)).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 260.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. As discussed in Defendants' Statement of Material Fact, Paragraph 29, Mr. Romaine stated that "some issuers may have offered lower rewards" in the but-for world. (SJDX 1320, Romaine Rep. ¶ 1197.)

261    **Mr. Romaine determines that, in this competitive, but-for world, issuers would have an incentive to ensure that merchants accept their cards because consumers are not going to carry cards that are not accepted. SJDX 1320 (Romaine Report), ¶ 1014.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 261. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **262      Mr. Romaine further concludes that when issuers compete for both merchant acceptance *and* consumer usage, issuers would be incentivized to *both* lower prices to merchants (to incent acceptance) *and* to provide rewards and other benefits to consumers (to incent usage). SJDX 1320 (Romaine Report), ¶¶ 1014, 1040; SJDX 1321 (Romaine Rebuttal), ¶¶ 839, 864, 868.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 262.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **263     Mr. Romaine opines that the two-sided credit and debit transaction prices charged by the Visa and Mastercard payment platforms have been supracompetitive. SJDX 1320 (Romaine Report), ¶¶ 718-19 (the narrow credit price shows credit transaction prices are supracompetitive); *id*. ¶ 720 (the narrow debit price shows debit transaction prices are supracompetitive); *id.* ¶ 721 (the broad credit and debit prices show credit and debit transaction prices are supracompetitive).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 263.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and the cited evidence is incomplete and objectionable insofar as it states a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.   *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> 264    **In his report, Mr. Romaine discusses the several types of evidence that show the *net prices* for both credit and debit transactions are above the competitive level. SJDX 1321 (Romaine Rebuttal), ¶¶ 570-75 (** ████████████████████████████████████████████████████████████████████████████████████████ **that in the but-for world the "sum of the fees paid by merchants and the net fees paid by cardholders— the net price—would be lower than it was in the actual world," and that** ████████████ **SJDX 1320 (Romaine Report), ¶¶ 718-19; SJDX 1321 (Romaine Rebuttal), ¶ 573 ("Between 2009 and 2021, the EBITDA margin for Visa has ranged from 53% to 70%, and for Mastercard from 47% to 60%. Furthermore, in every year from 2009 to 2021, the weighted average EBITDA margin for Visa and Mastercard has been at least twice the weighted average EBITDA margin of their peers.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 264.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and the cited evidence is incomplete and

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

objectionable insofar as it states a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Furthermore, the cited evidence is immaterial because it does not demonstrate U.S.-specific profitability.

> 265    **Visa has enjoyed supracompetitive profits during the relevant period, with an operating margin of ▮▮▮. SJDX 1320 (Romaine Report), ¶ 83; SJDX 1321 (Romaine Rebuttal), ¶ 573 ("Between 2009 and 2021, the EBITDA margin for Visa has ranged from 53% to 70%, and for Mastercard from 47% to 60%.").**

Defendants' Response:

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants incorporate by reference 2020 Def. Resp. ¶ 265.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and the cited evidence is incomplete and objectionable insofar as it states a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Furthermore, the cited evidence is immaterial because it does not demonstrate U.S.-specific profitability.

**268    Visa's and Mastercard's own profit margins are supracompetitive—much greater, for example, than American Express's or Discover's. SJDX 1320 (Romaine Report), ¶ 537. *See also* SJDX 1370, Visa 2022 Form 10-K, at 53**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**(showing Visa's 2022 net income margin was 51.03%); SJDX 1371, Mastercard 2022 Form 10-K, at 66 (showing Visa's 2022 net income margin was 44.65%); GPX 189, American Express Company Form 10-K, Dec. 31, 2019, at 93 (showing Amex's 2022 net income margin was 14.2%).  This is consistent with Mr. Romaine's conclusions comparing Visa and Mastercard to a peer group. SJDX 1321 (Romaine Rebuttal), ¶ 537; SJDX 1320 (Romaine Report), Exs. 47a-47b.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 268.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and the cited evidence is incomplete and objectionable insofar as it states a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Furthermore, the cited evidence is immaterial because it does not demonstrate U.S.-specific profitability.

269 **Mr. Romaine constructed a plot showing the weighted average EBITDA Margin of Visa and Mastercard relative to its peers, shown below. SJDX 1320 (Romaine Report), Ex. 47a.**



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 269.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  The term "peers" is vague, and the "peers" in the chart do not include any of Visa and Mastercard's payment-card-network competitors—namely Discover, American Express, or any regional PIN networks. Furthermore, the cited evidence is immaterial because it does not demonstrate U.S.-specific profitability.

**270     These results are also summarized in a table constructed by Mr. Romaine and his team, shown below. SJDX 1320 (Romaine Report), Ex. 47b.**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Exhibit 47b: EBITDA Margin of Visa and Mastercard Relative to Peers, 2009-2021



Sources:
S&P Global Capital IQ database.

Notes:
Visa and Mastercard peers are taken from S&P Global Capital IQ's Quick Comps list of 10 companies. Visa is a peer of Mastercard, and vice versa; also, one of Mastercard's peers (Worldpay, Inc.) is private, and another, Repay Holdings Corporation, went public in 2018 and did not report full year financials during this time period. As a result, this table lists 7 peers for Mastercard and 9 peers for Visa.
[1] - [2]: From S&P Global Capital IQ Database. See 'Exhibit 47 Backup.xlsx', tab 'ROIC-WACC Values Footed'.
[3]: Average of EBITDA Margin in [1] and [2], weighted by Revenue in [1] and [2].
[4] - [16]: From S&P Global Capital IQ. See 'Exhibit 47 Backup.xlsx', tab 'ROIC-WACC Values Footed'.
[11]: Average of EBITDA Margin in [4] through [14], weighted by Revenue.
[16]: [3] / [15].

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 270.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **271**    **Visa has earned an average of $12.378 billion in net income per year during fiscal years 2020, 2021, and 2022, with net revenue increasing from $10.866 billion in 2020 to $14.957 billion in 2022. GPX 1370, Visa 2022 Form 10-K item 8, at 54-55, *available at* https://d18rn0p25nwr6d.cloudfront.net/CIK-0001403161/f4eefdcf-6779-4b32-a56f-6201f3ee3523.pdf. Visa had an EBITDA margin of 69% in 2021. SJDX 1320 (Romaine Report), Ex. 47b.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 271.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Among other things,

Grubhub Plaintiffs' assertion and cited evidence does not demonstrate Visa's U.S.-specific profits.

> **272   Mastercard's average annual net income during the fiscal years 2020, 2021,
> and 2022 was $8.343 billion, with net income increasing from $6.441 billion in
> 2020 to $9.930 billion in 2022. SJDX 1371, Mastercard 2022 Form 10-K, item
> 8, at 66, *available at* https://d18rn0p25nwr6d.cloudfront.net/CIK-
> 0001141391/3f400cd7-b9fb-4732-9e59- c669ea4fe0cc.pdf. Mastercard had an
> EBITDA margin of 58% in 2021. SJDX 1320 (Romaine Report), Ex. 47b.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 272.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. The cited evidence does not demonstrate Mastercard's U.S.-specific profits.

> **273** **Walmart's net profit margin over approximately the same time period was 2.23% and Amazon's was 4.50%. GPX 226, Walmart Inc. 2023 Form 10-K at 54,** *available at* **https://d18rn0p25nwr6d.cloudfront.net/CIK-0000104169/dfe6ee99-8fe6-4333-80ac-829d9e7595fa.pdf (FY 2023 was used because Walmart's fiscal year ends in January –"Consolidated net income" of $38.938 billion divided by "Total revenues" of $1,743.194 billion); GPX 225, Amazon.com, Inc. 2022 Form 10-K at 37 ("Net sales" of $1,153.943 billion divided by "Net Income (loss)" of $51.973 billion).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 273. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.

> **274** **American Express had a net margin of 14.25% while Discover had a net margin of 38.13%. GPX 194, American Express Company 2022 Form 10-K, at 93 ("Net income" for 2020, 2021, and 2022 divided by "Total revenues net of interest expense"),** *available at* **https://d18rn0p25nwr6d.cloudfront.net/CIK-0000004962/aed0da34-9d16-42fc-a645- 47519ce22623.pdf; GPX 195, Discover Financial Services 2023 Form 10-K, at 81 ("Net income" for 2020, 2021, and 2022 divided by the sum of "Net interest income after provision for credit losses" and "Total other income),** *available at* **https://d18rn0p25nwr6d.cloudfront.net/CIK-0001393612/9aaafe03-0512-424d-a775- 7f8c01a768e2.pdf.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 274. Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence.

**275    Economic analysis also indicates Visa and Mastercard have garnered supracompetitive profits. SJDX 1320 (Romaine Report), ¶¶ 537, 952, 968 & Exs. 5a, 5b, 6a, 7a, 47a, 47b; SJDX 1321 (Romaine Rebuttal), ¶ 573.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 275.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is objectionable insofar as it draws a legal conclusion and is unsupported by the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

VMS (E.D.N.Y.), ECF No. 8714.

277    **Visa's and Mastercard's SEC filings show that the United States continues to account for a much larger share of Visa's and Mastercard's operating revenue than any other country. SJDX 1370, Visa Form10-K, (filed Nov. 16, 2022) at 38 (reporting that Visa's operating revenue in the U.S. accounted for almost half of its worldwide operating revenues in fiscal years 2020-2022); SJDX 1371, Mastercard Form 10-K, (filed Feb. 14, 2023) at 112 ("Revenue generated in the U.S. was approximately 33% of net revenue in 2022, 32% in 2021 and 33% in 2020. No individual country, other than the U.S., generated more than 10% of the net revenue in those periods.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 277.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.

278    **For the period 2004 through 2019, Visa and Mastercard credit card issuers had a weighted average net interest margin (net interest income as a share of average balances) of ▮▮▮▮ SJDX 1324 (Kohler 2022 Report), ¶ 80; SJDX 1320 (Romaine Report), ¶ 129.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 278.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **279    This net interest margin is significantly higher than the weighted average net interest margin of ██% for U.S. banks. SJDX 1320 (Romaine Report), ¶ 129; SJDX 1324 (Kohler 2022 Report), ¶ 80.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 279.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **282     Defendants' economists do not analyze the revenues and profits issuers receive from financing. SJDX 1321 (Romaine Rebuttal), ¶ 16 ("[I]t is the Defendants' experts who are one-sided in their analysis, in the sense that they nearly completely ignore the issuing banks. These are the business that offer and provide credit and debit cards to consumers, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮); *id.* ¶ 18 ("Murphy does not mention in his report that credit card issuing banks provide loans to cardholders, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 282.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplish[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **283** **Over the period from 2004 through 2019, the weighted average effective APR for issuers was** ▮▮▮▮▮▮▮ **higher than the average private student loan interest rate of** ▮▮ **, despite student loans having a higher cost of funds. SJDX 1324 (Kohler 2022 Report), ¶ 80.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 283. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary

judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **284**  **Between 2004 and 2019, issuing banks had a weighted average economic profit of over ▉ % with a weighted average return on equity of ▉ % and a weighted average cost of equity of ▉ %. SJDX 1324 (Kohler 2022 Report), ¶¶ 28, 78.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 284.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson

News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplish[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant

Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **285    In 2019, consumers' credit card accounts were** ███████ ██
> ████████████████████████████████ **SJDX 1324 (Kohler
> 2022 Report), ¶ 79.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 285.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.

Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson

Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also

1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> 288    **Federal Reserve studies indicate credit cards are a very profitable line of business for the issuing banks. SJDX 1320 (Romaine Report), ¶ 719; SJDX 1321 (Romaine Rebuttal), ¶ 572; SJDX 1324 (Kohler 2022 Report), ¶¶ 78-79.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 288.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion.  The cited evidence does not reference Federal Reserve studies.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **291    These facts indicate Visa, Mastercard, and their issuers have earned supracompetitive profits during the relevant period. SJDX 1320 (Romaine Report), ¶¶ 537, 952, 968 & Exs. 5a, 5b, 6a, 7a; SJDX 1321 (Romaine Rebuttal), ¶ 573; SJDX 1320 (Romaine Report), ¶ 538 (discussing how issuers' supracompetitive profits is evidence of market power); SJDX 1321 (Romaine Rebuttal), ¶¶ 572-73 & Exs. 47a and 47b.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 291. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

294   **Businesses that do not have market power and face meaningful competition set their prices on the basis of cost. SJDX 1320 (Romaine Report), ¶ 940 ("Visa's and Mastercard's pricing is more accurately understood as cartel pricing among banks that otherwise would be horizontal competitors for merchants' business."); SJDX 1320 (Romaine Report), ¶ 941 ("Visa and Mastercard do little to balance or protect the interests of cardholders, with whom they do not directly deal. . . . This is further evidence that Visa's and Mastercard's rules and conduct are better understood as those of a cartel manager rather than as a benign operator of a competitive two-sided network attempting to keep both sides balanced."); SJDX 1320 (Romaine Report), ¶¶ 510-11 (discussing how Visa and Mastercard ███████████████ ████s, which is evidence of market power); SJDX 1321 (Romaine Rebuttal), ¶ 565 ("Because Visa and Mastercard only set prices to one side of a transaction—to merchants, but not to cardholders— Visa and Mastercard are not able to use their prices to 'balance' the two sides of the platform."); SJDX 1320 (Romaine Report), ¶ 494 ████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ (citation omitted); SJDX 1320 (Romaine Report), ¶ 500 ("Visa and Mastercard witnesses testified that ████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████**

**HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL**

███████████████████████

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 294.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

295 ████████████████████████████████████████████████
████████████████████████████████████████. SJDX 1320 (Romaine
Report), ¶¶ 494, 500 SJDX 1320 (Romaine Report), ¶ 369 & n.663.

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 295.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and

objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based

upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.  In addition, Visa and Mastercard each set default interchange

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and network fees to maximize total transactions, taking value, cost and other factors into account.

298 

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 298.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, incomplete, unsupported by the cited

evidence, and objectionable insofar as it draws a legal conclusion.  The quoted language does not

support Grubhub Plaintiffs' assertion that any purported increase in network fees could not be

explained or justified.   Grubhub Plaintiffs' statement is not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways

PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment

Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed.

Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.



299     **The interchange fees set by Visa and Mastercard** ███████ ███████. **SJDX 1320 (Romaine Report), ¶ 942 (discussing how Visa and Mastercard** ███████); **SJDX 1320 (Romaine Report), ¶¶ 507-09** ███████); **SJDX 1320 (Romaine Report), ¶ 511** ███████.

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 299. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion. As discussed in the Defendants' 2020 Statement of Material Fact Paragraphs 47–50, Visa and Mastercard each set prices to maximize total transactions, taking value, cost and other factors into account. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **300     As a matter of economic analysis, pricing without regard to cost is classic indicia of market power, and therefore inflated prices. SJDX 1320 (Romaine Report), ¶ 510 ("A firm that is able to set price without regard to cost of production has market power.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 300.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and the cited evidence is incomplete and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson

Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also

1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.

Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

**302**  **SJDX 1320 (Romaine Report), ¶¶ 36, 576.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 302.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary

judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Defendants do not

dispute that bank issuers have developed brand identities and look for ways to distinguish their

cards to compete for cardholders.

> **303    One way to do so was to engage in direct bilateral relationships with
> merchants. SJDX 1320 (Romaine Report), ¶ 1015 ("In the but-for world,
> there would have been no artificial restrictions on the bilateral agreements
> that banks could enter into with merchants or other intermediaries. As a
> result, merchants would have been in a substantially better position to
> bargain for lower interchange fees and other cost of acceptance . . . .").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 303. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**304**



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 304.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and mischaracterizes the cited evidence.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant

Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group

Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson

News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant

Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  The term "increasing

risk" is vague and not contained in the cited language.

**308**     **Large issuers had particularly strong individual economic incentives to
compete for merchant acceptance, including** ███████████████
███████████████ **SJDX 1320 (Romaine Report), ¶¶ 36, 951, 1030-
31; SJDX 1321 (Romaine Rebuttal), ¶¶ 574, 683, 835.**

Defendants' Response:

          Defendants incorporate by reference 2020 Def. Resp. ¶ 308.  Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete and misleading. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

309    **Merchants were enthusiastic about these deals, but those merchants who attempted to get bilateral agreements with issuers were stymied by Visa and Mastercard rules. SJDX 1320 (Romaine Report) ¶¶ 626-27, 644; GPX 22, Albright (Uline 30(b)(6)) Dep. 109:10-16 (**

**; *id.* Dep. 111:17-19 ("**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 272:15-17

GPX 15, Patterson (Belk 30(b)(6)) Dep. 178:18-179:11

; GPX 21, Kay-Evans (Pandora(30(b)(6)) Dep. 260: 17-261:1

; GPX 36, Werner (BJ's) Dep. 66:5-25

); Isaac (Grubhub 30(b)(6)) Dep. 156923-157-18

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 309.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, mischaracterizes the evidence and is objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert

"theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.   *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.   Defendants further object to the statement to the extent the cited

evidence relies on out-of-court statements for which no hearsay exception has been established.

(Fed. R. Evid. 801, 802.)

    **321**    ███████████████████████████████████████
████████████████████████████████ **SJDX 1320 (Romaine Report),**
**¶¶ 580-610.**

Defendants' Response:

    Defendants incorporate by reference 2020 Def. Resp. ¶ 321.   Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, incomplete, and it mischaracterizes the

evidence.   Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does

not itself create an issue of fact.   *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d

571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to

provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*,

257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a substitute for actual factual evidence at

summary judgment.   *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing

*Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin*

*Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th

102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for

"empirical analysis" showing "actual anticompetitive change in prices after the restraint was

implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018)

(expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion

on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is

inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum &

Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

Defendants do not dispute that █████████████████████████████████



**322      For example,** █████████████████████████████████████

**SJDX 1320 (Romaine Report), ¶ 589.**

<u>Defendants' Response</u>:

        Defendants incorporate by reference 2020 Def. Resp. ¶ 322.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Defendants do not dispute that the

quoted language is contained in a ████████ document.  However, the cited evidence is incomplete,

and, as discussed in Defendants' Statement of Material Fact Paragraphs 76–86 and Defendants'

2020 Statement of Material Fact Paragraphs 178–85, 493, and 529–629, the record contains

evidence of numerous innovations in the shopping and POS experience.  Furthermore, the cited

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

document does not state that ████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████

**327**   ██████████████████████████████████████

                                                       **SJDX  1320**
**(Romaine Report), ¶ 600.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 327.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  In addition, Grubhub Plaintiffs' assertion is unsupported by the evidence to the extent set forth in Defendants' 2020 Response. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

331   **The opportunity to have exclusive acceptance at Walmart—meaning other issuers would not be accepted—would be very valuable for an issuer.** *Cf.* **SJDX 1320 (Romaine Report), ¶ 601.**

Defendants' Response:

Undisputed.

332   ██████████████████████████████████████ **SJDX  1320**
(Romaine Report), ¶ 601.

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 332.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and it mischaracterizes the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

"empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. ████

██████████████████████████████████████████████████████████████

██████████████████████.

**333**   ████████████████████████████████████████████
                        ████████████████████ **SJDX 1320 (R** ████
**Report), ¶ 601** ████
████████████

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 333.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and it mischaracterizes the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. ██████



**SJDX 1320 (Romaine Report), ¶ 604.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 338.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and it mischaracterizes the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  The cited evidence does not describe "competitive consequences."

**342**



**PX679, Knupp (Visa) 2018 Dep. Ex. 20 (VISA14MDL1-04804216)).** *See also* **PX241, Knupp (Visa) 2018 Dep.**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 342.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, and mischaracterizes the cited evidence.  (Fed. R. Evid. 106, 403.)  The cited evidence relates to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and is therefore also irrelevant as to whether merchants

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

might negotiate with individual issuers.   (PX679.)   Moreover, ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████  *Id.*

**345**        ███████████████████████████████████

        **SJDX 1320 (Romaine Report), ¶¶ 607-10.**

Defendants' Response:

        Defendants incorporate by reference 2020 Def. Resp. ¶ 345.   Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.   Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact.   *See Virgin Atl.

Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert

opinion is not a substitute for actual factual evidence at summary judgment.   *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson

Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also

1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.

Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

**346**  *See*

**also SJDX 1320 (Romaine Report), ¶ 608.**

<u>Defendants' Response</u>:

      Defendants incorporate by reference 2020 Def. Resp. ¶ 346.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, incomplete, and it mischaracterizes the

cited evidence. Grubhub Plaintiffs' assertion regarding a "unique arrangement" between ▉▉▉

▉▉▉▉ is not supported by the evidence and Defendants respectfully refer to any agreement

between ▉▉▉▉▉ for its terms, content, and context.  Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

349



**Defendants' Response:**

Defendants incorporate by reference 2020 Def. Resp. ¶ 349.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.

(*See* Response to Paragraph 93.)  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown &*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**350**



SJDX 1320 (Romaine Report), ¶ 605 ("

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 350.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, mischaracterizes the cited evidence by taking it out of context, and is objectionable to the extent it draws a legal conclusion.

(*See* Response to Paragraph 93.)

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **351    With lower interchange, merchants could have funded rewards that generated incremental sales for the merchant and for an issuer-partner. SJDX 1320 (Romaine Report), ¶ 1198.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 351.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

354 

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, mischaracterizes the cited evidence, and objectionable insofar as it draws a legal conclusion.  The cited evidence does not contain a statement from an issuing bank, and what statements it does contain are inadmissible hearsay.  (Fed. R. Evid. 801, 802.)

355    **As a general economic principle, higher prices lead to lower demand, and therefore lower output, when demand curves slope downward. SJDX 1321 (Romaine Rebuttal), ¶ 598 ("It is axiomatic in economics that demand curves slope downward in almost all circumstances. That is, price and quantity in a market are inversely related. If the quantity supplied decreases, the price increases. Higher price and lower output are simply the mirror image of each other when viewed through the lens of the demand curve—one implies the other.") (citations omitted); SJDX 1320 (Romaine Report), ¶ 908 ("It is possible for actual output to be increasing over time and for actual output to be lower than but-for output."); *id.* ¶¶ 910-12 (discussing how output in the but-for world would have been higher than in the actual world).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 355.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **356     This principle also applies in the relevant payment card transaction markets. SJDX 1320 (Romaine Report), ¶ 912 ("[I]n the but-for world retail prices would have been lower, and as a result, retail sales higher. . . . [M]erchants pass through most or all payment acceptance costs on to their customers in the form of higher retail prices. If payment acceptance costs were lower in the but-for world, the pass-through would also have been lower. In a world with lower retail prices, and thus higher retail sales, credit and debit card transactions would have been higher as well, . . ."); SJDX 1321 (Romaine Rebuttal), ¶ 523 ("[P]ayment card output likely would have expanded in the but-for world as a result of lower interchange and network fees."); *id.* ¶ 626**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 356.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

    **357**    **This is because when merchants pay lower fees to the Defendants, merchants will lower their retail prices. SJDX 1319 (Romaine Dep.) at 206:14-19; SJDX 1320 (Romaine Report), ¶ 912 ("[I]n the but-for world retail prices would have been lower, and as a result, retail sales higher. . . . [M]erchants pass through most or all payment acceptance costs on to their customers in the form of higher retail prices. If payment acceptance costs were lower in the but- for world, the pass-through would also have been lower. In a world with lower retail prices, and thus higher retail sales, credit and debit card transactions would have been higher as well, . . .").**

Defendants' Response:

    Defendants incorporate by reference 2020 Def. Resp. ¶ 357. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **358**   **Economics predicts that merchants in a competitive market will pass a substantial portion of any fee reductions through to shoppers in the form of lower retail prices. SJDX 1320 (Romaine Report), ¶ 880 ("[I]t is a general rule that merchants typically pass through a portion of cost increases or decreases to consumers in the form of changes in price or levels of product quality or services. The competition between merchants can affect the level of pass through."); *id.* ¶ 881 ("Merchant pass-through is typically higher when the cost changes are incurred by many retailers or are non-transitory so that they last for long periods of time.").**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 358.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson

Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also

1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.

Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

**359**      **Merchants also testified that costs generally, and payment cards specifically,
        are considered when merchants set retail prices. GPX 22, Albright (Uline
        30(b)(6)) Dep. 204:22- 205:2**

GPX 29, McCarthy (Bob Evans 30(b)(6)) Dep. 160:19-161:18 ("

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 359.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, incomplete, and it mischaracterizes the

evidence.

360     **Grubhub Plaintiffs' economists explain that interchange is a variable cost for merchants, and economics predicts such costs will be passed through in substantial part in retail prices. SJDX 1320 (Romaine Report), ¶ 878 ("Interchange fees are a cost to merchants. When interchange fees increase, merchants must determine whether to pass the cost increase on to consumers in the form of increased prices, reduced services provided to consumers, and/or lowered product quality, or to absorb the cost increase in the form of reduced profit. Evidence from economic studies, legal and regulatory investigations, and merchant testimony indicate that merchants pass a substantial share of interchange fee costs on to their customers in the form of higher prices, reduced customer services, and reduced benefits offered to customers.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 360.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson

Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also

1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.

Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **363**     **Relying on another empirical study, Mr. Romaine likewise concludes that
> gasoline retailers passed through more than 100% of their costs savings from
> Durbin. SJDX 1321 (Romaine Rebuttal), ¶ 528; *see also, e.g.*, SJDX 1320
> (Romaine Report), ¶ 884 (discussing pass-through of gasoline taxes to
> consumers).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 363.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.

Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **368**     **Mr. Romaine looked at studies cited by Defendants regarding the effect of the Durbin Amendment and found that merchants pass through a significant degree of interchange to customers. SJDX 1321 (Romaine Rebuttal), ¶ 527-28.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 368.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplish[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **369    Mr. Romaine also looks at other studies showing that retail pass-through of higher costs affecting retailers is near 100%. SJDX 1320 (Romaine Report), ¶¶ 880-85.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 369. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **370**   **Generally, Mr. Romaine reviews multiple studies and legal and regulatory investigations concluding that costs are passed through by merchants to consumers. SJDX 1320 (Romaine Report), ¶¶ 884-85 (citing multiple studies regarding pass-through of taxes on cigarettes, alcohol, clothing and personal care items, and gasoline and concluding that, while the amount of pass-through depends on the product, merchants do pass through costs to consumers); SJDX 1320 (Romaine Report), ¶¶ 886-87 (citing Reserve Bank of Australia investigation that lower acceptance costs were passed on to consumers and citing the Office of Fair Trading's conclusion that merchants most likely recover increased interchange by raising retail prices); SJDX 1321 (Romaine Rebuttal), ¶¶ 527-28 (discussing study showing post-Durbin pass-through); GPX 3 (Song 2023 Report), ¶32 n.23 ("Basic economic theory predicts that an increase in the merchant's marginal cost (e.g. following an increase in the interchange fee) will be passed on to consumers through an increase in the merchant's retail price").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 370.  Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants further object that Grubhub Plaintiffs' citation to Reserve Bank of Australia findings is irrelevant to this case which concerns the U.S. market.

371      **Evidence from merchants is consistent with the notion that costs are passed through by merchants to consumers. GPX 22, Albright (Uline 30(b)(6)) Dep. 204:18-205:2** ████████████████████████████████████████

████████████████████████████████████████████████████

**GPX**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



17, McCarthy (Bob Evans 30(b)(6)) Dep. 264:10-12

); GPX 36, Werner (BJ's (30(b)(6)) Dep. 144:6-145-6

); GPX 15, Patterson (Belk 30(b)(6)) Dep. 266:121-269:11

)

GPX 20, Jones (Leslie's (30(b)(6)) Dep. 181:23-182:8

).

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 371.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, and mischaracterizes the cited evidence.

373    Cost savings may also be passed through by merchants in the form improvements in service or customer improvements. GPX 22, Albright (Uline 30(b)(6)) Dep. 208:12-14

GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 247:12-248:2

); GPX 15, Patterson (Belk 30(b)(6)) Dep. 266:121-269:11 (

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 373.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, and mischaracterizes the cited evidence.

**374    Regulators investigating the connection between payment card fees and retail prices have likewise found there is a strong link between payment card acceptance fees and retail prices. SJDX 1321 (Romaine Rebuttal), ¶ 525.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 374.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplish[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Grubhub Plaintiffs' assertion is also immaterial to Defendants' summary judgment motions to the extent the cited evidence does not pertain to the relevant geographic market.

376     **The U.K. Office of Fair Trading commissioned a further report on merchant pass through of costs, which was released in 2014. The 2014 Report gathered the results of numerous studies, which demonstrated a high level of merchant cost pass-through. Among the studies cited in the report were several that found extremely high pass-through by merchants of changes in sales and excise taxes.** *See* **SJDX 1320 (Romaine Report), ¶ 884 ("The Office of Fair Trading study cited a number of firm- or brand-specific analyses finding that merchants pass through most if not all of changes in sales and excise taxes. Harding et al. (2012) analyzed the impact of a change in the per-unit excise tax on cigarettes, and found that on average 90% of the change was passed through to retail prices. Hanson & Sullivan (2009) analyzed the impact of a $1 increase in the per-unit excise tax on cigarettes in Wisconsin, and found that 108% to 117% of the change was passed through to retail prices. Doyle and Samphantharak (2006) analyzed the impact of a change in the sales tax applied to unleaded gasoline in Illinois and Indiana. Since gasoline is typically advertised and sold to consumers based on after-tax prices, the pass though [sic] of gasoline sales taxes is relevant to the analysis of merchant pass-**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

through. The authors found a very high pass-through of gasoline taxes, where retailers would change the retail price by 0.6 to 0.8 times the change in the level of tax applied.").

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 376.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is incomplete.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants further object to the citation to the U.K. Office of Fair Trading report, which is irrelevant because it does not pertain to the relevant geographic

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

market.

377    **Mastercard admitted to a U.K. Court that merchant-side pass-through of fees is between 50 and 100 percent, arguing "Accepted economic theory indicates that there will have been pass on of between 50 and 100% in the present case. There is overwhelming factual evidence that pass on by Sainsbury's [a U.K. supermarket retailer] will have been at the high end of this scale, i.e. closer to 100% than 50%." SJDX 1321 (Romaine Rebuttal), ¶ 529.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 377.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplish[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants further object on the basis that the cited evidence does not pertain to the relevant geographic market.

379    **At least one expert study cited by Defendants' economists also shows merchant fees are passed through to cardholders. Dr. Kevin Murphy cites a paper titled "The Impact of the Durbin Amendment on Merchants: A Survey Study" for the proposition that "the impact of the Durbin Amendment on merchants was limited and unequal." GPX 228 (Murphy 2022 Report), App. C (Murphy 2019 Report), ¶ 86.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 379.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Defendants further object to the statement to the extent the cited evidence relies on an out-of-court statement for which no hearsay exception has been established.  (Fed. R. Evid. 801, 802.) Defendants do not dispute that Dr. Murphy cites this paper in his Report.

380 

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 380.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants do not dispute that Dr. Murphy cites this paper in his Report.

383    **If two-sided prices decrease to competitive levels, the number of debit and credit transactions will increase. SJDX 1319 (Romaine Dep.) at 545:21-546:3; SJDX 1320 (Romaine Report), ¶ 912 ("[I]n the but-for world retail prices would have been lower, and as a result, retail sales higher. . . . [M]erchants pass through most or all payment acceptance costs to their customers in the form of higher retail prices. If payment acceptance costs were lower in the but-for world, the pass-through would also have been lower. In a world with lower retail prices, and thus higher retail sales, credit and debit card**

transactions would have been higher as well, . . .").

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 383.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**384    Because merchants raise retail prices in response to payment card fees, all consumers, including cash consumers, pay higher prices. SJDX 1320 (Romaine Report), ¶¶ 878, 889, 905, 937; SJDX 1321 (Romaine Rebuttal), ¶**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

> 506; *see also* SJDX 1320 (Romaine Report), ¶ 1198, n.1487 ("It is important to remember that in the but-for world there would be lower merchant acceptance fees for Visa/Mastercard transactions, which would in turn lead to lower retail prices paid by all consumers.").

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 384.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is incomplete. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

385     **Mr. Romaine cites to the seminal work of Joseph Farrell regarding the fact that higher prices are paid by customers who pay with other payment forms, such as cash and checks. SJDX 1320 (Romaine Report), ¶ 937 ("If one payment instrument shifts its fee structure toward higher merchant-side fees, the merchant optimally responds by raising its nominal price, harming customers who use other payment instruments, and reducing the efficiency of their trade with the merchant. In this sense a payment instrument with high merchant fees taxes trade between customers and its rival instruments . . . . To first order, then, the consequence of a fee structure change might be described as a transfer to card customers from non-card customers (as in Borenstein 1996). This makes card participation more attractive to consumers, and hence more apt to be chosen by two-sided customers when consumers are in the driver's seat, in a way that does not consist of true value creation by the card system or its offering a better deal to its customers overall.") (quoting Joseph Farrell, "Efficiency and Competition between Payment Instruments," *Review of Network Economics*, Vol. 5, No. 1 (Mar. 2006) at 28).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 385. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **386    Cardholders, even those who receive rewards, still pay a higher net retail price because of the low rate (if any) at which interchange is passed through to cardholders as rewards. SJDX 1321 (Romaine Rebuttal), ¶ 435 (supracompetitive pricing to merchants "harms consumers who pay with cash or checks, as well as Visa and Mastercard credit cardholders that do not receive rewards sufficient to offset the increase in retail prices." ).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 386.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **387    The higher retail prices caused by the HAC Rules are particularly harmful to lower- income consumers, who "rely more heavily on cash, checks, or SNAP." SJDX 1321 (Romaine Rebuttal), ¶ 512 ("[T]o the extent that low income consumers tend to make purchases with cash and checks, the interchange/network fee "tax" is regressive – low income consumers bear the cost of interchange fees through higher merchandise prices, without enjoying any of the benefits that credit cards may provide, such as rewards or float.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 387. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**388   Credit cardholders, debit cardholders, and cash users are not mutually exclusive— these sets of consumers overlap and often switch payment methods because of, among other reasons, consumers' economic circumstances change. SJDX 1320 (Romaine Report), ¶ 313 (noting that the "functional differences between credit cards and debit cards" "cause many consumers to use them for different purposes . . . ."); *id.* ¶ 323 (citing to a study by the Federal Reserve Bank of Boston that found that "the average transaction size of a purchase can influence which payment form a consumer prefers. For example, it shows that cash is the primary payment form used for transactions under $25, a debit card is the primary payment form used for transactions between $26 and 100, and a credit card is the primary payment form used for transactions over $100.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 388. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **389    Mr. Romaine explains "any analysis of whether the alleged anticompetitive conduct has reduced output" should center on "the proper comparison," which "is between output in the actual world and output in the but-for world." SJDX 1320 (Romaine Report), ¶ 908.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 389.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**390      Such an analysis is distinct "from the question whether output has increased or decreased over time" because "[i]t is possible for actual output to be increasing over time and for actual output to be lower than but-for output." SJDX 1320 (Romaine Report), ¶ 908.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 390. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

395     **Output in the but-for world could have grown more than it actually did in the real- world. SJDX 1319 (Romaine Dep.) at 206:14-19; SJDX 1320 (Romaine Report), ¶ 908 ("For any analysis of whether the alleged anticompetitive conduct has reduced output, the proper comparison is between output in the actual world and output in the but-for world.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 395. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

      396      **Absolute expansion in the number of transactions is irrelevant as a measure of output. SJDX 1320 (Romaine Report), ¶ 908.**

Defendants' Response:

      Defendants incorporate by reference 2020 Def. Resp. ¶ 396.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**409**    **Merchants testified that the HAC Rules prevent issuing banks from competing for merchant acceptance. GPX 22, Albright (Uline 30(b)(6)) Dep. 109:12-16** ████████████████████████████████████████████████ ██████████ **; GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 272:15-17** ███████████████ **; GPX 15, Patterson (Belk 30(b)(6)) Dep. 178:18-179:11 (** █████████████████████████████████████████ **); GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 260: 17-261:1 (** ████████████████████████████████████████████████████████████████████████████████ **); GPX 16, Werner (BJ's 30(b)(6)) Dep. 66:5-25 (** █████████████████████████████████████████████████████████ **GPX 20 Jones (Leslie's (30(b)(6)) Dep. 234:19-235:13** █████████████████████ **GPX 19, Isaac (Grubhub 30(b)(6)) Dep. 156:18-157:18 (** ████ **.**

157

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 409.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence. None of the cited evidence states that the Honor All Cards rules prevent issuing banks from competing.  Defendants also object to the statement insofar as it draws a legal conclusion.

**410    Merchants have no reasonable economic choices but to accept Visa and Mastercard payment cards. SJDX 1320 (Romaine Report), ¶ 621 ("The Honor All Cards rules are artificial requirements that effectively force merchants to make all-or-nothing decisions whether to accept Visa and Mastercard cards. . . . [T]hese rules eliminate a merchant's ability to negotiate competitive prices with card issuers and networks, and thereby serve to insulate card issuers (and networks) from having to compete against each other for merchant acceptance. This lack of competition has led to higher prices and lower quality service for merchants and cardholders than would have occurred in a competitive market."); SJDX 1320 (Romaine Report), ¶ 623 ("Visa's and Mastercard's Honor All Cards rules and the other Competitive Restraints prevent merchants from responding to changes in price with anything but the crude instrument of dropping a network's credit cards entirely or a network's debit cards entirely. Thus, the volume of usage is unresponsive to price except in the extreme case of dropping a network. Unlike purchasing other products, merchants cannot choose or significantly influence how much they purchase from Visa and Mastercard.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 410.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws legal conclusions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

411    **Visa and Mastercard only compete for issuer business. SJDX 1320 (Romaine Report),¶ 817 ("In contrast, due to the Competitive Restraints, merchants have very little bargaining leverage. The Competitive Restraints extinguish any need for issuers and networks to compete for merchant acceptance."); SJDX 1320 (Romaine Report), ¶ 31 ("Issuers compete for credit card accounts, both in terms of attracting new accounts and encouraging existing customers to use their accounts more intensively. Issuers do not, however, compete for merchants"); SJDX 1320 (Romaine Report), ¶ 814 ("Visa and Mastercard, as networks, have two sets of customers: issuing banks and merchants. But issuers are treated by the networks as customers they must compete for and retain, whereas merchants are treated as captive customers who have few alternatives.) SJDX 1320 (Romaine Report), ¶ 815 ("[M]ost banks issue, or have the ability to issue, both Visa and Mastercard credit cards, which enables them to exploit the interest of each network in gaining as many issuances as possible."); SJDX 1320 (Romaine Report), ¶ 186 ("The Honor All Cards rules mean that a merchant must accept all Visa (or Mastercard) credit cards regardless of issuer. That is, the merchant must accept Chase Visa credit cards, Citibank Visa credit cards, Bank of America Visa credit cards, and so on. The merchant cannot reject a Visa Credit card on the basis of the issuer. As a result, those banks do not need to compete against each other for merchant acceptance—the merchant must take all of their cards.") SJDX 1320 (Romaine Report), ¶ 463 ("This asymmetry between merchants and issuers allows issuers to use competition between Visa and**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

> Mastercard to extract ever higher interchange fees, as well as rebates, discounts, and other benefits. That is, because merchants are stripped of much of their bargaining leverage, while issuers are not, competition between Visa and Mastercard for issuers leads to higher interchange fees. Given this asymmetry, the claimed 'balancing' of interchange fees between merchants and issuers is a means of maximizing the cartels' collective profits to Visa, Mastercard, and their issuers.").

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 411.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. As discussed in Defendants' Statement of Material Fact, Paragraphs 3–14, 55–70, 76–86, and Defendants' 2020 Statement of Material Fact Paragraphs 70–88, 152–85, and 497–565, Visa and Mastercard both compete to maximize network transactions by incentivizing participation from all parties, including issuing banks, cardholders, and merchants.

> **412    Visa and Mastercard are centrally managed cartels of issuing banks. SJDX 1320 (Romaine Report), ¶¶ 205-08; *id.* ¶ 63 ("After the IPOs, Visa and Mastercard are no longer majority-owned by the banks, but they continue to act as cartel managers, enforcing the same rules that bind the issuers into a horizontal cartel for purposes of dealing with merchants.").**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 412. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **414**     **Potential entrants would need to invest a substantial amount of time and money to build a competitive general purpose card network. SJDX 1320 (Romaine Report), ¶¶ 396-97.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 414.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants do not dispute that entrants building a general purpose card network would need to make a substantial investment of resources.

**416      No firm has successfully launched a general purpose payment card network since Discover in 1985. SJDX 1320 (Romaine Report), ¶ 399.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 416.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, and unsupported by the cited evidence.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. As discussed in Defendants' 2020 Statement of Material Fact, Paragraphs 566–629, during the relevant period there have been numerous successful entrants offering a variety of services in the payments space.

**418** ████████████████████████████████████████
████████████████████████████████ **SJDX 1320 (Romaine Report), ¶ 572.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 418. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants do not dispute that █████████████████████████████████████████████████████████

████████

> **421**     **But for Visa's and Mastercard's rules, merchants would have shifted share toward or adopted exclusive acceptance of Discover. SJDX 1320 (Romaine Report), ¶¶ 402, 573-74.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 421.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **422**    **Today, Discover has had limited success and its current market share is** ███
> ███ **SJDX 1320 (Romaine Report), Ex. 30** ██████

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 422.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence.

Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257

F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**425**     **A digital wallet**



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 425.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and vague.  Defendants do not dispute ▮▮▮▮▮▮ more precise definition of a digital wallet.

**426**     **A digital wallet is an application that stores payment credentials. SJDX 1320 (Romaine Report), ¶ 410 n.560.**

Defendants' Response:

Undisputed.

**429**     **There are two main types of digital wallets: staged wallets and pass through wallets. SJDX 1320 (Romaine Report), ¶ 410 n.560**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Undisputed.

**430**    **A "staged wallet" allows a consumer to make transactions in two distinct stages (i) fund the wallet from a variety of sources, including sources other than traditional credit and debit cards, and (ii) then later complete a transaction using those funds from the wallet. SJDX 1320 (Romaine Report), ¶ 410 n.560.**

Defendants' Response:

Undisputed.

**431**    **During the "funding" stage, the staged wallet provider acts as a merchant and pays the merchant discount rate, including interchange, if applicable, for that transaction; however, during the "transaction" stage, the staged wallet provider transfers the funds to the merchant, less the contractually-negotiated fee to which the staged wallet operator has agreed with the merchant. SJDX 1320 (Romaine Report), ¶ 410 (**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 431.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Defendants also note that the assertion is misleading; as discussed in Paragraphs 98–101 of Defendants' Statement of Material Fact and Paragraphs 275–78 of Defendants' 2020 Statement of Material Fact, acquiring banks, not merchants, pay interchange fees to issuing banks.

**433**   **"Pass-through" wallets, by contrast, use the underlying payment credentials from the funding source. SJDX 1320 (Romaine Report), ¶ 410 n.560.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 433. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **434**     **A pass-through wallet is subject to the same rules as the underlying payment source (i.e., Visa and Mastercard network rules), just like a traditional plastic credit or debit card. SJDX 1320 (Romaine Report), ¶¶ 410 n.560, 636, 875, 1160.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 434.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **436** **The Honor All Wallets rules eliminate competition for merchant acceptance by requiring merchants to accept all contactless pass-through digital wallets into which a Visa or Mastercard card has been provisioned. SJDX 1320 (Romaine Report), ¶¶ 408-09.**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 436. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert

opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson

Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also

1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.

Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **459    Visa's and Mastercard's conduct diminished PayPal's ability to compete by offering lower merchant pricing. SJDX 1231 (Romaine Report), ¶¶ 410-12, 636.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 459. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and

objectionable insofar as it draws a legal conclusion. None of the cited evidence indicates that

either Visa or Mastercard "diminished PayPal's ability to compete." As discussed in Defendants'

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

2020 Statement of Material Fact, Paragraphs 579–86, the networks made strategic deals with

PayPal that brought benefits to both parties, and rather than being foreclosed, PayPal more than

doubled its payment volume and increased its active users by over 100 million accounts between

2016 and 2019 alone. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion

that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F.

Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's

obligation to provide evidence of facts that support the applicability of the expert's opinion to the

case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual

evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card*

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242

(1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade*

*Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a

substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **479**      **Consistently, the United States experiences innovations in payment card technology after other countries. Defendants have treated innovation in the U.S. as a threat rather than as an opportunity to improve consumer experience. *See*** ████████████████████████████████████████
> ████████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

███████████████████████ **This response is consistent with the networks' inability to innovate on their own.** ***See*** ████████████████████ ███ ) ██████████████████████████████████████████████ ██████████ **Thus, as one industry participant observed:**

> **While the acquirer-facing side of the payments ecosystem has seen significant technology innovation over the last several years, the issuer-facing side has remained largely stagnant. There are approximately 300 Acquiring Banks within the United States. However, there are only approximately 200 Issuer Processors globally. Large financial institutions have historically relied on inflexible and complicated legacy issuer processor infrastructure. This in turn makes launching new card programs and supporting cutting-edge use cases difficult and time consuming — ultimately stifling innovation.**

**GPX 190, Marqeta S-1 (dated May 14, 2021) at 104.** ***See also*** ██████



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 479.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, unsupported by the cited evidence, and is objectionable insofar as it draws a legal conclusion.  The statement mischaracterizes the cited evidence, and is effectively an argument from an interested party rather than an assertion of fact. Defendants further object to the statement to the extent the cited evidence relies on an out-of-court statement for which no hearsay exception has been established.  (Fed. R. Evid. 801, 802.)  Defendants, however, do not dispute that Visa and Mastercard have engaged in innovations all over the world in jurisdictions where the challenged rules are in place, including participating in partnerships.  For example, one of the cited documents describes ████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

████████████████████████████████████████████

498     **Mastercard has used its supposed innovation in tokenization to prevent merchants from routing transactions to its competitors. This conduct led to an investigation by the Federal Trade Commission and Mastercard's recently entered into a consent order with the Federal Trade Commission based on a complaint that it used its tokenization technology to "implement[] policies that leave merchants with no choice at all: Mastercard requires merchants to route online ewallet transactions made using Mastercard-branded debit cards to Mastercard for processing—and bear the fees Mastercard charges. Merchants are thus not able to route these transactions to any other payment card network, including networks that may charge lower fees than Mastercard." GPX 206, Federal Trade Commission Complaint in *In the Matter of Mastercard Incorporated*, Docket No. C-4795 (May 30, 2023), at ¶¶ 6, 33-42; GPX 207, Federal Trade Commission Decision & Order in In the Matter of Mastercard Incorporated, Docket No. C-4795 (May 30, 2023).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 498.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, unsupported by the cited evidence, and is objectionable insofar as it draws a legal conclusion.  Defendants further object on the basis that the FTC complaint contains allegations, not evidence.  As the cited document explains, Mastercard entered into the consent order with the FTC "for settlement purposes only," and the parties agreed that Mastercard's signing of the consent order "does not constitute an admission by [Mastercard] that the law has been violated as alleged in the Draft Complaint, or that the facts as alleged in the Draft Complaint, other than jurisdictional facts, are true."  (GPX 207, Federal Trade Commission Decision & Order in *In the Matter of Mastercard Incorporated*, Docket No. C-4795 (May 30, 2023).  Defendants note that the FTC complaint related only to whether Mastercard's tokenization technology complied with the Durbin Amendment's routing requirements.  Defendants further object to the statement to the extent the cited evidence relies on an out-of-court statement for which no hearsay exception has been established.  (Fed. R. Evid.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

801, 802.)

**503**

███████████████████████████████
███████ **SJDX 1320 (Romaine Report), ¶ 411.** ██████
███████████████████████████████
███████████████████████████████
███████████████████████████████

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 503.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and

objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based

upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **530    In the but-for world, two-sided prices will decrease. SJDX 1320 (Romaine
> Report), ¶¶ 1014, 1040, 1071-74, 1151; SJDX 1321 (Romaine Rebuttal), ¶¶
> 864, 868.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 530.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and

objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based

upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **531**   **While this decrease will cause issuer and network profits to be lower, those profits are now supracompetitive, and cardholders in the but-for world are likely to receive rewards at current or increased levels (and therefore not be harmed). SJDX 1320 (Romaine Report), ¶ 1198 (concluding that "increased issuer competition in the but-for world would have tended to increase card issuer incentives to offer higher cardholder rewards and/or lower cardholder annual fees and APRs."); SJDX 1321 (Romaine Rebuttal), ¶ 574 ("[I]n a but-for world absent the Competitive Restraints, issuers and networks would have had strong financial incentives to compete for merchant acceptance, and so interchange and network fees paid by merchants would have been lower in the but-for world. With respect to rewards . . . issuers would have had an incentive to offer rewards in the but-for world, even with lower interchange fee rates. . . .**
>
> ███████████████████████████████████████
> ███████████████████████████████████████
> ███████████████████████████████████████
>
> **SJDX 1321 (Romaine Rebuttal), ¶ 831.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 531.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and

objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based

upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.  Further, as discussed in Defendants' Statement of Material Facts

¶ 29, Romaine opined that "[d]epending on the degree of the decrease in interchange fees in the

but-for world, some issuers may have offered lower rewards on certain types of cards or limited

the variety of rewards cards that they issue."



532

**Defendants' Response:**

Defendants incorporate by reference 2020 Def. Resp. ¶ 532.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert

opinion is not a substitute for actual factual evidence at summary judgment.   *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.   *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.   Defendants do not dispute that issuers in general can earn

substantial revenue from finance charges on cards they issue.

> **534      Rewards cards are considered strategically important for issuers, which
> would also be true in the but-for world). SJDX 1320 (Romaine Report), ¶ 133
> ("From an issuer's perspective, rewards generate loyalty to an issuer and act
> as a competitive marketing tool to use along with other card attributes to
> attract and keep cardholders."); *id.* ¶ 137 ("[R]ewards tend to encourage
> consumers to concentrate spending on the rewards card."); *id.* ¶ 1198 ("[T]he
> increased issuer competition in the but-for world would have tended to
> increase card issuer incentives to offer higher cardholder rewards and/or
> lower cardholder annual fees and APRs."); SJDX 1324 (Kohler 2022 Report),
> ¶¶ 111-22.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 534.   Grubhub Plaintiffs' assertion

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion regarding the but-for world.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants do not dispute that rewards cards are important to many card issuers.

**536** ████████████████████████████████████████████████ **. SJDX 1321**
██ **(Romaine Rebuttal), ¶ 1182** ██████████████████████████████████████████
████████████████████████████████████████████████████████████ .

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 536.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and is unsupported by the cited evidence. Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

537 ███████████████████████████████████████████

████████████████████████████████████ . SJDX 1324

(Kohler 2022 Report) ¶ 123 ████████████████████

██████████████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 537.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).   Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

VMS (E.D.N.Y.), ECF No. 8714.

**540** 

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 540.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and the cited evidence is mischaracterized and incomplete.  Professor Murphy's expert opinions and analysis do not support Grubhub Plaintiffs' statement, which relates to individual issuers at specific points in time.

**541     Overall, Mr. Romaine finds that issuers could continue to provide robust rewards without interchange, and that issuers would likely do so to retain their cardholder portfolios. SJDX 1321 (Romaine Rebuttal), ¶ 839 ("[B]anks would have continued to have incentives in the but-for world to offer rewards. Rewards are a way for banks to differentiate their products to compete for cardholders. Rewards help to elevate a card product to 'top-of- wallet' status, leading to additional purchasing and additional profits for the issuer.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 541.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **542** **Indeed, Mr. Romaine opines that issuer competition may lead to increased rewards in the but-for world. SJDX 1320 (Romaine Report), ¶ 1198.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 542. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions. Grubhub Plaintiffs' statement is not

based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert

opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants do not dispute that continued issuer competition for cardholders may lead to increasing rewards depending on revenue streams but note that Professor Romaine stated that rewards might be lower in his but-for world.  (*See* SMF ¶¶ 29–30 (citing SJDX 1320, Romaine Rep. ¶ 1197; SJDX 1319, Romaine Dep. at 217:21–219:11); *see also* 2020 SMF ¶¶ 110, 113.)

544     **Mr. Romaine models benchmarks for the interchange and network fee prices the Grubhub Plaintiffs would pay in the but-for world, in both credit and debit, where competition for merchant acceptance is not unlawfully restrained by the HAC Rules. SJDX 1320 (Romaine Report), ¶¶ 997-1300.**

Defendants' Response:

        Defendants incorporate by reference 2020 Def. Resp. ¶ 544.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-

01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson*

*Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also*

*1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical

and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplish[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.

> **545**     **Their but-for world analyses show that merchants would pay far less in a**
> **world where issuers had to compete for merchant acceptance, and such**
> **reductions would impact pricing throughout the industry. SJDX 1320**
> **(Romaine Report), ¶¶ 997-1300.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 545.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, unsupported by the cited evidence, and

objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based

upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

    **546**    **Mr. Romaine testified that small merchants likely would pay lower interchange in the but-for world. SJDX 1319 (Romaine Dep.) at 200:7-201:15 ("I think it's likely that small merchants might be served by their processor and processors would negotiate with issuers for lower interchange fees and those discounts would be passed on to small—the small merchant customers…").**

Defendants' Response:

    Defendants incorporate by reference 2020 Def. Resp. ¶ 546.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, incomplete, and unsupported when viewed in context.  (*Cf.* SJDX 1319, Romaine Dep. at 199:3–202:6 (Romaine testifying that he

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

cannot rule out the possibility that for "some merchants, their interchange fees in the but-for world would be higher than they are in the actual world."); *see also* SMF ¶¶ 19–22.)  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

III.  **DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON POST-IPO CONSPIRACY CLAIMS**

Defendants respond separately here only to the "Additional Grubhub Evidence in Support," which Grubhub Grubhub Plaintiffs submitted in connection with certain paragraphs of their Counterstatement.8  Defendants do not repeat their responses to the statements and evidence previously submitted in paragraphs 547–696 of the DAP Counterstatement that Grubhub Grubhub Plaintiffs have incorporated and repeated in paragraphs 547–696 of the Grubhub Counterstatement.  Instead, Defendants incorporate by reference their prior responses to those paragraphs of the DAP Counterstatement.  (See 2020 Def. Resp. ¶¶ 547–696.)

>  577  Since the date of the IPO, the Foundation has remained Mastercard's largest holder of Class A common stock.  GPX 192, Mastercard Notice of 2023 Annual Meeting of Stockholders and Proxy Statement, at 136 (Apr. 28, 2023).

Defendants' Response:

>  Undisputed.

>  582  The voting rights granted to the issuing banks also included the right to veto (based on a majority vote of M shareholders) significant corporate actions such as the sale, lease or exchange of all or substantially all the assets of Mastercard; any merger or consolidation; the issuance of capital stock other than Class A, B, and M stock; the decision to cease to engage in the business of providing core network authorization, clearing, and settlement services for branded payment card transactions; and any decision to alter or repeal the requirement that no one person own more than 15% of Mastercard's stock. GPX 4 (Stowell 2022 Report), ¶¶ 43-44 & nn. 48-49.

Defendants' Response:

>  Defendants incorporate by reference 2020 Def. Resp. ¶ 582.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and mischaracterizes the cited evidence.

---

8 Grubhub Plaintiffs submit no additional evidence in connection with Grubhub Counterstatement ¶¶ 547–576, 578–581, 584–589, 591–600, 602–606, 610, 612, 617–619, 621, 626, 628–631, 633–639, 641–644, 647–659, 661–681, 683–685, 687–691, 693–695.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(Fed. R. Evid. 106, 403.)  Defendants respectfully refer the Court to the Mastercard Prospectus (SJDX 1027) for its content regarding the voting rights of Class M shareholders.  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 9, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

> **583**    **These voting rights gave the member banks the ability to block threats to the bankcentric business model Mastercard had before the IPOs, ensuring that model continued post-IPO.  GPX 4 (Stowell 2022 Report), ¶¶ 43-44 & nn. 48-49.**

<u>Defendants' Response:</u>

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants incorporate by reference 2020 Def. Resp. ¶ 583.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, is misleading, and is incomplete.  (Fed. R. Evid. 106, 403.)  There is no evidence that the Class M rights, which were eliminated in 2010, gave banks the rights to block threats to a "bank-centric" business model or to preserve that "bank-centric" model.  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 9, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

**590      For comparison, the Grubhub Plaintiffs' expert Prof. David Stowell determined that a typical lock-up period in such an IPO would be 180 days. *See* GPX 4 (Stowell 2022 Report), ¶ 37 & n.43.**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 590.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  The cited lock-up period says nothing about whether, post-IPO, the banks have any control over interchange fees and the challenged rules (and in fact they do not).  Professor Stowell repeatedly disclaimed that he offers any opinion on whether the banks could or did exercise post-IPO control over interchange fees or the challenged rules.  (Def. Mem. in Supp. of the Mot. to Exclude the Ops. of David P. Stowell (June 1, 2020), at 8–11, ECF. Nos. 8078, 8266.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 9, 2022 Memorandum

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

& Order.  *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

      **601**    **Visa's owners** ███████████████████████████████
███████████████████████████████████ **SJDX 1320 (Romaine Report), ¶¶ 64, 74, 76-78.**

Defendants' Response:

      Defendants incorporate by reference 2020 Def. Resp. ¶ 601.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts that:  (1) Visa and Mastercard each eliminated any bank ownership and any purported bank voting control over the determination of default interchange fees and network rules; (2) Visa and Mastercard thereafter each unilaterally adopted default interchange fees and rules in their own self-interest; and (3) banks thereafter unilaterally decided to participate as customers of each network, subject to default interchange fees and rules determined by each network, in their self-interests.  (*See* SJDX 1369, 2020 SMF ¶¶ 201–247.)  The cited evidence does not refute those undisputed facts.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106.)  The cited evidence does not establish that Visa assured banks that rules or rates would remain the same or that banks retain any control over Visa after its IPO.  To the contrary, ████████████████████████████████████
████████████████████████████████████████████  ███████████
████████████████████████████  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

607     **The antitakeover provisions (ATPs) that Visa incorporated during its IPO process included: (a) issuance of Class B and C shares that allowed bank shareholders to elect bank directors and to have veto rights over any proposed consolidation, merger, or combination transaction or any decision to exit the core payments business (requiring 80% to approve such an exit); (b) a limitation on any person holding more than 15% of Visa's total outstanding shares on an as converted basis; (c) a limitation on shares held by a competitor or affiliate to not exceed 5% of any class of common stock; and (d) a lock-up of Class B shares until the later of the third anniversary of the IPO and the date on which all of the covered litigation has been finally resolved, subject to certain exceptions. *See also* GPX 4 (Stowell 2022 Report), ¶ 91 & n. 125.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 607.  The provisions of the Visa Prospectus are not disputed.  Grubhub Plaintiffs' characterization of these provisions is not evidence and is immaterial to Defendants' summary judgment motions.  (*See supra* Response to Paragraph 601.)  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 9, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

608     **Visa also included a staggered board and denial of cumulative voting in the ATPs that Visa incorporated during its IPO.  GPX 4 (Stowell 2022 Report), ¶ 91.**

Defendants' Response:

Undisputed.

609     **After the IPOs, Mastercard did not abrogate or otherwise change the Honor All Cards Rules or "default" interchange rules, and it maintained the banks' agreement to comply with those rules.  SJDX 1381, (Mastercard 2022 Rules) at 45 (Rule 1.6) (The License: "Each Customer agrees, and by use of any one or more of the Marks agrees, to comply with all provisions of the License pertaining to use of the Marks and with the Standards of this Corporation as may be in effect from time to time."); *id.* at 61-62 (Rule 2.1.2) (explaining imposition of noncompliance assessments for failure of Customer to comply**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**with any Standards); *id.* at 34 (Mastercard Standards) (Standards "include the information contained in this Mastercard Rules manual and other manuals, along with guides, bulletins and policies that may be updated from time to time."); *id.* at 39 (Rule 1.1.1) (defining "Customers" as primarily financial institutions).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 609.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence is mischaracterized and incomplete, insofar as Grubhub Plaintiffs assert that the alleged bank agreement to comply with those rules was "maintained" after the IPO.  (Fed. R. Evid. 106.)  Post-IPO, Mastercard continuously reconsidered and reissued its rules, and Mastercard adopted the challenged rules because they were in Mastercard's independent business interest.  (*See* SJDX 1369, 2020 SMF ¶¶ 206–217.)

> **611      The Mastercard HAC Rule for the U.S. Region remains in effect today, and states that "Merchants that choose to accept Debit Mastercard Cards must honor all valid Debit Mastercard Cards without discrimination when properly presented for payment," and that "Merchants that choose to accept Other Mastercard Cards must honor all Other Mastercard Cards without discrimination when properly presented for payment."     SJDX 1381, (Mastercard 2022 Rules) at 315 (Rule 5.11.1) (Honor All Cards).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 611.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  The assertion is also misleading insofar as it suggests the rules were "maintained."  In addition, Grubhub Plaintiffs' assertion is

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

unsupported by the cited evidence, which shows only that banks that issue Visa or Mastercard payment cards agree with that network to abide by the operating rules of that network. (Fed. R. Evid. 106, 403.) After the IPOs, Mastercard reviewed and adopted the challenged rules in its independent business interest. (*See* SJDX 1369, 2020 SMF ¶¶ 206–217.) And since the IPO, Mastercard management has determined Mastercard's default interchange fees and network rules; bank employees have not made those decisions. (*Id.* ¶¶ 207–208, 213–217.)

**613**   **Mastercard's December 2022 "default" interchange rule provides: "A Customer that uses the Interchange System for the authorization and clearing of Transactions is required to net settle in accordance with the Corporation's settlement Standards. However, an Acquirer and an Issuer may, with respect to a particular Transaction, agree to settle directly between themselves pursuant to a bilateral agreement." SJDX 1381 (Mastercard 2022 Rules) at 183 (Rule 8.2) (Net Settlement).**

Defendants' Response:

   Undisputed.

**614**   **Mastercard's December 2022 "default" interchange rule also provides that Mastercard "has the right to establish default interchange fees and default service fees . . . it being understood that all such fees set by the Corporation apply only if there is no applicable bilateral interchange fee or service fee agreement between two Customers in place." SJDX 1381, (Mastercard 2022 Rules) at 184 (Rule 8.3) (Interchange and Service Fees).**

Defendants' Response:

   Undisputed.

**615**   **Mastercard still requires that its issuers and acquirers agree to comply with Mastercard's rules. SJDX 1381, (Mastercard 2022 Rules) at 103 (Rule 5.1.2) ("Each Merchant Agreement must contain the substance of each of the Standards set forth in Rules 5.5 through 5.14, and any other Standards applicable to the nature and manner of the Merchant's business."); *id.* at p. 34 (Mastercard Standards) ("We have a set of standards ('the Standards') in support of this mission that provides our Customers with clear direction as to their responsibilities. The Standards include the information contained in this Mastercard Rules manual and other manuals, along with guides, bulletins and policies that may be updated from time to time.").**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 615.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and mischaracterizes the cited evidence. (Fed. R. Evid. 106, 403.)  Mastercard respectfully refers the Court to the applicable Mastercard Rules for their content and the context of Grubhub Plaintiffs' citation.  Defendants do not dispute that issuers and acquirers participating in Mastercard's network each agree to follow Mastercard's network rules.  (*See* SJDX 1369, 2020 SMF ¶ 32.)  However, after the IPO, Mastercard reviewed and adopted the challenged rules in its independent business interest.  (*See id.* ¶¶ 206–217.)  And since the IPO, Mastercard management has determined Mastercard's default interchange fees and network rules; bank employees have not made those decisions.  (*Id.* ¶¶ 207–208, 213–217.)  To the extent that Mastercard adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Mastercard's independent business interest to promulgate such rules.  (*Id.* ¶¶ 210–212, 216–217.)

**616      Mastercard still requires that its members enforce the rules against merchants. SJDX 1381, (Mastercard 2022 Rules) at 102 (Rule 5.1) (noting that "[e]ach Customer . . . must directly enter into a written Merchant Agreement with each retailer"); *id.* at 103 (Rule 5.1.2) (Merchant Agreement "must contain the substance of each of the Standards set forth in [Mastercard's Rules]"); *id.* at 105 (Rule 5.2) ("The Acquirer is responsible for ensuring that each of its Merchants and Submerchants complies with the Standards, and the Acquirer is itself responsible to the Corporation and to other Customers for any Merchant's or Submerchant's failure to do so."); *id.* at 116 (Rule 5.11) ("An Acquirer must ensure that each of its Merchants complies with the Card acceptance requirements set forth in this Rule with respect to the Acceptance Marks specified in the Merchant Agreement.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 616.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and mischaracterizes the cited evidence.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(Fed. R. Evid. 106, 403.)  Mastercard respectfully refers the Court to the applicable Mastercard Rules for their content and the context of Grubhub Plaintiffs' citation.  Defendants do not dispute that issuers and acquirers participating in Mastercard's network each agree to follow Mastercard's network rules.  (*See* SJDX 1369, 2020 SMF ¶ 32.)  However, after the IPO, Mastercard reviewed and adopted the challenged rules in its independent business interest.  (*See id.* ¶¶ 206–217.)  And since the IPO, Mastercard management has determined Mastercard's default interchange fees and network rules; bank employees have not made those decisions.  (*Id.* ¶¶ 207–208, 213–217.)  To the extent that Mastercard adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Mastercard's independent business interest to promulgate such rules.  (*Id.* ¶¶ 210–212, 216–217.)

> **620      The Visa HAC Rule remains in effect today, and still states that "A Merchant that wishes to accept Visa Cards must accept any valid Visa Card in its category of acceptance that a Cardholder properly presents for payment." SJDX 1380 (Visa 2023 Rules) at 107 (Rule 1.5.4.4.).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 620.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, Grubhub Plaintiffs' assertion is unsupported by the cited evidence, which shows only that banks that issue Visa or Mastercard payment cards agree with that network to abide by the operating rules of that network. (Fed. R. Evid. 106, 403.)  As discussed in Defendants' 2020 Statement of Material Fact Paragraphs 228–237, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined Visa's network rules

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and issued operating regulations approximately every six months.  (*See* SJDX 1369, 2020 SMF ¶¶ 228–237.)  To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.  (*Id.*)

> **622     Visa's "default" interchange rules today still provide that Visa is responsible for determining and publishing the "default" interchange fee schedule.  SJDX 1380, (Visa 2023 Rules) at 125 (Rule 1.9.1.2) (What is Interchange? "An Interchange Reimbursement Fee is a default transfer price between Acquirers and Issuers within the Visa system. . . ." and "Visa may establish different Interchange Reimbursement Fees in order to promote a variety of system objectives, . . .").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 622.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  Defendants do not dispute that Visa's rules contain a default interchange rule today.  However, as discussed in Defendants' 2020 Statement of Material Fact Paragraphs 228–237, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined Visa's network rules. and issued operating regulations approximately every six months.  (*See* SJDX 1369, 2020 SMF ¶¶ 228–235.)  To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.  (*Id.*)

> **623     Visa's no-bypass rule still prohibits direct agreements between merchants and issuing banks to process transactions.  SJDX 1380, (Visa 2023 Rules) at 896 ("Private Arrangement . . . In the Canada Region, US Region:  An agreement**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

> **where Authorization Requests or Transactions involving 2 different Members
> are not processed through VisaNet.  Private Arrangements are prohibited.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 623.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  Defendants do not dispute that Visa's no-bypass rules have restricted arrangements that bypass the Visa network for the processing of transactions using Visa-branded payment cards.  However, as discussed in the Defendants' 2020 Statement of Material Fact Paragraphs 228–237 and 234–235, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined been responsible for determining Visa's network rules and issued operating regulations approximately every six months.  (*See* SJDX 1369, 2020 SMF ¶¶ 228–237.)  Visa management has determined its network rules in a new set of operating regulations issued approximately every six months.  (2020 SMF ¶228.)  To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.  (*Id.*)

> **624    Visa still requires that its issuers and acquirers agree to comply with Visa's
> rules.  SJDX 1380, (Visa 2023 Rules) at 62 (Rule 1.1.1) ("All participants in the
> Visa system are subject to and bound by the Visa Charter Documents and the
> Visa Rules . . . .").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 624.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

summary judgment regarding the IPOs turns on the undisputed material facts as set forth in

response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the

cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  Defendants do not

dispute that issuers and acquirers participating in Visa's network each agree to follow Visa's

network rules.  (*See* SJDX 1369, 2020 SMF ¶ 32.)  However, as discussed in Defendants' 2020

Statement of Material Fact Paragraphs 228–237, since Visa's IPO, the Visa Operating

Regulations Committee, composed of Visa management alone and no bank employees, has

independently determined Visa's network rules and issued operating regulations approximately

every six months.  (*See* SJDX 1369, 2020 SMF ¶¶ 228–237.)  To the extent that Visa adopted

and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so

because it was in Visa's independent business interest to promulgate such rules.  (*Id.*)

> **625    Visa still requires that Acquirers enforce Visa's rules against merchants.
> SJDX 1380, (Visa 2023 Rules) at 104 (Rule 1.5.2.1) ("An Acquirer must have
> a Merchant Agreement . . . [that] must include language that requires the
> Merchant to . . . [c]omply with the Visa Rules regarding use of the Visa-Owned
> Marks, Visa acceptance, risk management, Transaction processing, and any
> Visa products, programs, or services in which the Merchant is required to, or
> chooses to, participate").**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 625.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary

judgment regarding the IPOs turns on the undisputed material facts as set forth in response to

Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence

is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  Visa respectfully refers the Court

to the applicable Visa Rules for their content and the context of Grubhub Plaintiffs' citation.

Defendants do not dispute that issuers and acquirers participating in Visa's network each agree to

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

follow Visa's network rules.  (*See* SJDX 1369, 2020 SMF ¶ 32.)  However, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined Visa's network rules and issued operating regulations approximately every six months.  (*See id.* ¶¶ 228–237.)  To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.  (*Id.*)

627     **The Grubhub Plaintiffs challenge the substantive effect of these rules and other competitive restraints imposed by Defendants, not the corporate form that existed when those rules were adopted.  SJDX 1293 (Grubhub Plaintiffs' First Am. Complaint), ¶¶ 62-72; 86-119.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 627.  Grubhub Plaintiffs' assertion is unsupported by the cited evidence.  In their complaint, Grubhub Plaintiffs base their pre-IPO conspiracy theories on the organizational structure and board composition of the pre-IPO Visa and Mastercard joint ventures.  (*See, e.g.*, SJDX 1293 (Grubhub Compl.) ¶ 62 ("As members of the joint ventures, the member banks agreed to a collection of restrictive rules, referred to herein as the Competitive Restraints.").)  Grubhub Plaintiffs recently confirmed that their conspiracy arguments are based on bank ownership and voting control by joining and adopting the briefs in support of Target Plaintiffs' motion for partial summary judgment.  (*See* Notice of Joinder in Target Pls.' Mot. for Partial Summ. J., Mem. of Law and Evid. in Supp. (May 15, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No 8829.)  Those briefs assert, for example, that "Challenged Rules exist only because the issuing banks—who compete with one another for cardholders—owned and controlled Visa and Mastercard and agreed to promulgate and follow the challenged rules."  (*See, e.g.*, Mem.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

of Law in Supp. of The Target Pls.' Mot. for Part. Summ. J. at 2 (June 1, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8098 & 8355; *id.* at 13 ("The banks that owned and controlled both Visa and Mastercard pursuant to the 'association model' adopted the Challenged Rules in the first place.").)

632  ***See also*** **SJDX 1320 (Romaine Report), at ¶ 64 (**

**); SJDX 1319 (Romaine Dep.), at 323:1-5.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 632. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts. Grubhub Plaintiffs' assertion also is unsupported by the cited evidence to the extent that Grubhub Plaintiffs suggest that the cited evidence is inconsistent with self-interested competition among payment networks and among issuers. (Fed. R. Evid. 106, 403.) The evidence cited reflects

(*See* 2020 Def. Resp. ¶ 632 (quoting SJDX 280 at 212:8–214:22.).) Defendants do not dispute that, like any business, . However, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined Visa's default interchange fees in Visa's own self-interest to maximize Visa transaction and sales volume. (*See* SJDX 1369, 2020 SMF ¶¶ 228–233.) Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **640**    **Since its IPO, Visa's effective interchange fees have increased several times. SJDX1320 (Romaine Report), Exs. 17, 19, 21, 65a, 65b; GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 246:17-247:3 (**



> **; GPX 16, Werner (BJ's 30(b)(6)) Dep. 248:12-249:4**
>
> **); GPX 20, Jones (Leslie's 30(b)(6)) Dep. 203:2-9**
>
> **; *id.* 203:18-24 (**
>
> **).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 640.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  Visa's interchange fees have also decreased, for example, in connection with strategies and agreements to secure acceptance at particular merchants or within particular sectors.  (*See* SJDX 1369, 2020 SMF ¶¶ 49, 251–252.) Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

**HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL**

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.

| 645 | ███████████████████████████████████████ |
|---|---|

███████████████████ *See also* **SJDX 1320 (Romaine Report), ¶64.**

<u>Defendants' Response:</u>

      Defendants incorporate by reference 2020 Def. Resp. ¶ 645.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary

judgment regarding the IPOs turns on the undisputed material facts as set forth in response to

Paragraph 601, and the cited evidence does not refute those facts.  Grubhub Plaintiffs' statement

also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact.

*See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n

expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that

support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).

Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute

Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No.

1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown &*

*Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at

264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert

"theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been

rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022),

*In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-

VMS (E.D.N.Y.), ECF No. 8714.  Defendants do not dispute that, like any business, Mastercard

regularly discusses its business conduct with its important customers.  The assertion, however, is

also unsupported by the cited evidence, misleading, incomplete and mischaracterizes the evidence,

insofar as it incorrectly implies that issuing banks play any direct role in, much less control, how

Mastercard sets interchange rates.  Since July 2004, Mastercard management—not bank

employees—have made decisions regarding the levels of Mastercard's default interchange fees.

(*See* SJDX 1369, 2020 SMF ¶¶ 207–208.)

> **646**      **Since its IPO, Mastercard's effective interchange fees have increased several times.  SJDX1320 (Romaine Report), Exs. 17, 20, 22, 68a, 68b; GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 247:4-7  (**
>
> **); GPX 20, Jones (Leslie's 30(b)(6)) Dep. 203:2-9** ▮▮▮▮▮▮ **);  *id.*  203:18-24** ▮▮▮▮

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 646.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  In addition, the cited evidence is

mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  The evidence cited above is

misleading in that it may refer to spend mix changes that have caused merchant costs of acceptance

to increase, and not to changes made by Mastercard in interchange rates.  Further, Grubhub

Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself

create an issue of fact.  *See Virgin Atl. Airways Ltd*. v. *Brit. Airways PLC*, 69 F. Supp. 2d 571, 579

(S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

evidence of facts that support the applicability of the expert's opinion to the case."), aff'd, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**660**   ███████████████████████████████████████████
████████████████████████████████████ **GPX 20, Jones**
**(Leslie's 30(b)(6) Dep. 173:5-174:16**████
████████████
██ **).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 660.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, Grubhub Plaintiffs'

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

assertions are unsupported by the cited evidence.  (Fed. R. Evid. 106, 403.)  The cited evidence

does not contain the details of ████████████████████████████████, and thus

cannot support that "████████████████████████████████████████████

██████████████████████████████  In fact, the evidence cited by

Grubhub Plaintiffs reflects that ████████████████████████████████

██████████████████████  (*See* ██████████████████████

████████████████████████████████████████████████

████████████████████████████████████   █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

682     **Visa and Mastercard monitor issuing bank compliance with the "default" interchange rules, including by examining and, if necessary, correcting the interchange fee charged for particular transactions.  SJDX 1380, (Visa 2023 Rules) at 126 (Rule 1.9.2.1) ("If Interchange Reimbursement Fees are inappropriately received or paid by an Issuer or Acquirer, Visa reserves the right to rectify the improper allocations."); SJDX 1381, (Mastercard 2022 Rules) Rule 2.5, at 71 (Mastercard "reserves the right to conduct an examination of audit of any Customer and Customer information to ensure full compliance with the Standards.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 682.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary

judgment regarding the IPOs turns on the undisputed material facts as set forth in response to

Paragraph 601, and the cited evidence does not refute those facts.  In addition, Grubhub Plaintiffs'

assertion is incomplete and mischaracterizes the cited evidence.  (Fed. R. Evid. 106, 403.)

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants respectfully refer the Court to the applicable Visa Rules and Mastercard Rules for their content and the context of Grubhub Plaintiffs' citation. (*See also* 2020 Def. Resp. ¶ 682 (discussing PX430 and PX299).)

**686    There are approximately 15,000 issuers of Visa payment cards, and as of 2017 there were ▉▉▉▉▉▉ U.S. merchants that accept Visa payment cards. SJDX 1370 (Visa Inc. 2022 10-K), at 4; SJDX 1320 (Romaine Report) at 123 n.431 (citing The Nilson Report).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 686. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts. Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**692    Because they cannot use competitive forces to lower their costs of acceptance, the Grubhub Plaintiffs have paid billions of dollars in supracompetitive "default" interchange fees. GPX 2 (Kennedy Sept. 30, 2022 Report), ¶ 173.c ("The collective Interchange Fee Damages [for the Grubhub Plaintiffs] . . . ranged from ▉▉▉▉▉▉▉▉▉▉▉▉ utilizing data provided by the Plaintiffs, and from ▉▉▉▉▉▉▉▉▉▉ utilizing data provided by the Defendants.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 692. Grubhub Plaintiffs' assertion is unsupported by evidence. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that that does not itself create an issue of fact. *See Virgin Atl.*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert

opinion is not a substitute for actual factual evidence at summary judgment.  See Minute Order

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-

md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown &*

*Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at

264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert

"theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual

anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v.*

*Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on

summary judgment).  Moreover, Grubhub Plaintiffs' assertion is immaterial to Defendants'

summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns

on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence

does not refute those facts.

696    **Visa's and Mastercard's activities have been similarly investigated by other authorities and jurisdictions and addressed through regulation and enforcement actions.  SJDX 1320 (Romaine Report), ¶¶ 954 & n.1228.  In addition to the actions identified above, the following regulatory and enforcement actions have been taken against Defendants:**

- **The Federal Trade Commission entered into a consent order with Mastercard ordering it to stop blocking the use of competing debit payment networks through its tokenization rules.  GPX 206, Federal Trade Commission Complaint in In the Matter of Mastercard Incorporated, Docket No. C-4795 (May 30, 2023); GPX 207, Federal Trade Commission Decision and Order in In the Matter of Mastercard Incorporated, Docket No. C-4795 (May 30, 2023).**
- **In addition, Visa has disclosed that on November 4, 2019, the Bureau of Competition of the United States Federal Trade Commission requested that Visa provide, on a voluntary basis, documents and**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

information relating to an investigation as to whether Visa's actions inhibited merchant choice in the selection of debit payments networks in potential violation of the Durbin Amendment to the Dodd-Frank Wall Street Reform and Consumer Protection Act.  On June 9, 2020, the Federal Trade Commission (FTC) issued a Civil Investigative Demand to Visa requesting additional documents and information. SJDX 1370 (Visa Inc. 2022 10-K), at item 8, n.20, at 103.

- The Australian Competition and Consumer Commission on May 30, 2022 filed suit against Mastercard alleging that Mastercard engaged in anti-competitive conduct in response to the Reserve Bank of Australia's least cost routing initiative with the purpose of deterring merchants from processing significant debit card volumes through the eftpos network, even though eftpos was often the lowest cost provider.  GPX 196, Concise Statement of Australian Competition and Consumer Commission in Australian Competition and Consumer Commission v. Mastercard Asia/Pacific Pte Ltd. (Federal Court of Australia) filed May 30, 2022 (available at https://www.accc.gov.au/ system/files/ACCC%20v%20Mastercard%20AsiaPacific%20Pte%20 Ltd%20and%20Mastercard%20AsiaPacific%20%28Australia%29_ Concise%20Statement.pdf).

- The Australian Competition and Consumer Commission on March 9, 2021 accepted a court enforceable undertaking (equivalent to a consent order) limiting Visa's anticompetitive use of routing agreements.  GPX 199, Undertaking to the Australian Competition and Consumer Commission dated March 9, 2021 (available at https://www.accc.gov.au/system/files/publicregisters/undertaking/Visa %20AP%20%28Australia%29%20Pty%20Limited%20%20section %2087B%20Undertaking%20-%20accepted%20by%20Chair%209 %20March%202021.pdf)

- In November 2020, the Department of Justice brought suit in the Northern District of California, challenging Visa's acquisition of Plaid as a violation of both Section 7 of the Clayton Act and Section 2 of the Sherman Act.  The complaint alleged that Visa is a monopolist in online debit, extracting billions of dollars in swipe fees from merchants and consumers each year, and that Visa sought to buy Plaid as an "insurance policy" to neutralize a "threat to our important US debit business." On January 12, 2021, Visa and Plaid announced that the companies had terminated their merger agreement.  GPX 197, "Protecting Nascent Competition: Visa and Plaid Abandon Anticompetitive Merger" (available at https://www.justice.gov/atr/division-operations/divisionupdate-spring-2021/protecting-nascent-competition-visa-and-plaid-abandonanticompetitive-merger); GPX 219, Complaint in United States v. Visa Inc. and Plaid Inc., Case No. 3:20-cv-07810 (N.D. Cal. filed Nov. 11, 2020).

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

In addition, Visa and Mastercard have disclosed that they are the subjects of ongoing antitrust investigations by the Department of Justice:

- **On March 26, 2021, the Antitrust Division of the U.S. Department of Justice (the Division) issued a Civil Investigative Demand to Visa seeking documents and information regarding a potential violation of Section 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. The CID focuses on U.S. debit and competition with other payment methods and networks. On June 11, 2021, the Division issued a further CID seeking additional documents and information on the same subjects. Visa is cooperating with the Division in connection with the investigation. SJDX 1370 (Visa 2022 10-K), at item 8, n.20, at 103. On January 4, 2023 and May 2, 2023, the Antitrust Division of the U.S. Department of Justice (Division) issued further CIDs seeking additional documents and information focusing on U.S. debit and competition with other payment methods and networks. GPX 193, (Visa June 20, 2023 Form 10-Q), n. 13, at 27.**

- **In March 2023, Mastercard received a Civil Investigative Demand from the U.S. Department of Justice Antitrust Division seeking documents and information regarding a potential violation of Sections 1 or 2 of the Sherman Act. The CID focuses on Mastercard's U.S. debit program and competition with other payment networks and technologies. Mastercard is cooperating with the DOJ in connection with the CID. GPX 191, (Mastercard 6/30/23 Form 10-Q), n. 15, at 27.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 696. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts. In addition, Grubhub Plaintiffs' assertion is based on inadmissible evidence. The referenced lawsuits, complaint allegations, consent order, court enforceable undertaking, Civil Investigative Demands, and other investigatory requests by the Federal Trade Commission, Department of Justice, and Australian Competition and Consumer Commission are hearsay for which no exception to the hearsay rule has been established, and they are otherwise inadmissible and irrelevant to this case challenging different rules and practices. (*See* Fed. R. Evid. 401, 402, 801, 802; *Petruzzi's IGA Supermarkets, Inc. v.*

213

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Darling-Delaware Co.*, 998 F.2d 1224, 1247 (3d Cir. 1993) (existence of DOJ investigations is not admissible evidence to support a conspiracy); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007) ("[a]llegations of anticompetitive wrongdoing in Europe—absent any evidence of linkage between such foreign conduct and conduct here"—cannot establish a conspiracy to restrain trade in the United States); *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 540 (N.D. Tex. 2014) (allegations of foreign anticompetitive wrongdoing did not suggest conspiracy where they "involve[d] European laws, which may prohibit conduct that is lawful under § 1" and were not linked to the conduct at issue).)  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

IV.   **DEFENDANTS' RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO *ILLINOIS BRICK***

Defendants respond separately here only to the "Additional Grubhub Evidence in Support," which Grubhub Plaintiffs submitted in connection with certain paragraphs of their Counterstatement.[9]  Defendants do not repeat their responses to the statements and evidence previously submitted in paragraphs 697–805 of the DAP Counterstatement that Grubhub Plaintiffs have incorporated and repeated in paragraphs 697–805 of the Grubhub Counterstatement.  Instead, Defendants incorporate by reference their prior responses to those paragraphs of the DAP Counterstatement.  (See 2020 Def. Resp.  ¶¶ 697–805.)

697    **Merchants must pay a number of fees each time a cardholder uses a Visa or Mastercard payment card at the merchant's store, or online. These fees include "interchange" fees paid to the cardholder's issuing bank and "network" fees paid to Visa and Mastercard, in addition to "acquiring" or "processing" fees paid to the merchant's processor/acquirer. GPX 22, Albright (Uline 30(b)(6)) Dep. 111:24-112:1 (** ▇▇▇▇▇▇▇▇ **; GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 35:17-20** ▇▇▇▇▇▇▇▇ **; GPX 29, McCarthy (Bob Evans) Dep. 117:11-13** ▇▇▇▇▇▇▇▇ **); GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 192:10-20** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **GPX 20, Jones, R. (Leslie's 30(b)(6)) Dep. 162:21-163:5 (** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **GPX 16, Werner (BJ's 30(b)(6)) Dep. 196:17-197:15 (** ▇▇▇▇▇▇▇▇

---

[9] Grubhub Plaintiffs submit no additional evidence in connection with Counterstatement ¶¶ 698–705, 708–09, 711–16, 718–19, 721–22, 724, 727, 730–32, 735–42, 744–45, 748–52, 755–60, 762–77, 779, 787, 789–93, 795, and 799–805.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



GPX 15, Patterson (Belk 30(b)(6)) Dep. 133:11-135:9, 162:1-11 & Errata sheet

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 697.  Grubhub Plaintiffs' assertion is incomplete and misleading.  (Fed. R. Evid. 106.)  In support of the statement that "Merchants must pay a number of fees each time a cardholder uses a Visa or Mastercard payment card," Grubhub Plaintiffs cite internal communications and their own witnesses' personal understanding of payment costs.  But that "evidence" is not tethered to the contractual payment mechanics reflected in Grubhub Plaintiffs' agreements with their acquirers and processors and is irrelevant and immaterial to the question of whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries.  (Fed. R. Evid. 401, 402.)  As reflected in the actual agreements between Grubhub Plaintiffs and acquirers, interchange is paid to issuers by acquirers, not by merchants.  (SMF ¶¶ 98–101, 116–25; *see, e.g.*,

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

███████████████████████████████████████████████████

███████████████████████████████████████ █ ████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

Similarly, acquirers pay network fees to Visa and Mastercard, not merchants.  (SMF ¶¶ 102–03).

Acquirers do not always pass on to merchants the full cost of interchange fees or network fees.  (SMF ¶¶ 108–15; *see*, *e.g.*, ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

706a      **The Grubhub Plaintiffs pay interchange fees to issuers. GPX 29, McCarthy (Bob Evans) Dep. 114:19-22** ███████████████████

██████████████████████████████████████**; GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 192:10-20 (**████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████**; GPX 20, Jones, R. (Leslie's 30(b)(6)) Dep. 162:21-163:5**████████████████

████████████████████████████████████████

████████████████████████████████████████

_____

█ ██████████████████████████████████████████████████

█ ██████████████████████████████████████████████████ █

██████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



**Defendants' Response**:

Defendants incorporate by reference 2020 Def. Resp. ¶ 706.  Grubhub Plaintiffs' assertion

is incomplete and misleading.  (Fed. R. Evid. 106.)  In support of the statement that "The Grubhub

Plaintiffs pay interchange fees to issuers," Grubhub Plaintiffs cite internal communications and

their own witnesses' personal understanding of payment costs.  But that "evidence" is not tethered

to the contractual payment mechanics reflected in Grubhub Plaintiffs' agreements with their

acquirers and processors and is irrelevant and immaterial to the question of whether the allegedly

supra-competitive upstream prices are charged to an intermediary and then passed in whole or in

part to the merchant, thus requiring tracing of the alleged overcharges through one or more

intermediaries.  (Fed. R. Evid. 401, 402.)  As reflected in the actual agreements between the

Grubhub Plaintiffs and their acquirers, interchange is charged to acquirers, not to merchants.  (SMF

¶¶ 98–101, 116–25; *see, e.g.*, ████████████████████████████████

████████████████████████████████████████████████████

HIGHLIGHTLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



707a    The Grubhub Plaintiffs consider payment acceptance costs, including interchange fees, to be costs or business expenses. GPX 22, Albright (Uline 30(b)(6)) Dep. 204:22-205:2 (

) GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 164:8-20 (

), 214:10-18 (" 

GPX 20, Jones, R. (Leslie's 30(b)(6)) Dep. 162:21-163:5 (

*id.* at 32:4-16 (

; GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 50:6-23

**[redacted] GPX 24, Porciello (BJ's) Dep. 114:1-118:24 [redacted]); GPX 172, ULINE00012071 ([redacted] at '285-290 ([redacted]; GPX 180, BOBEVANS00000543 ([redacted] at '565-566 [redacted]); GPX 173, LESLIES00022852 [redacted] at '863-874 ([redacted] GPX 2, (Kennedy 2022 Report), ¶ 173.a ([redacted]**

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 707. Grubhub Plaintiffs' assertion that they consider payment acceptance costs, including interchange fees, to be costs or business expenses is irrelevant to Defendants' motion for summary judgment under *Illinois Brick* and its progeny and inadmissible. (Fed. R. Evid. 401, 402.) Grubhub Plaintiffs' contractual payment arrangements reflected in the agreements with their acquirers establish that merchants do not pay interchange or network fees but rather that acquirers pay those amounts and pass through the costs in whole or in part. (SMF ¶¶ 98–125; *see supra* ¶ 706.)

**710 <u>Acquirers and processors testified in this case that</u> [redacted]**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 710.  Grubhub Plaintiffs' citations regarding acquirers' and processors' accounting views are irrelevant to Defendants' motion for summary judgment under *Illinois Brick* and its progeny and inadmissible because it does not address whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries.  (Fed. R. Evid. 401, 402.)  Defendants object to the admissibility of GPX2, which is an out of court statement for which no hearsay exception has been established.  (Fed. R. Evid. 801, 802.)

**717a   The Grubhub Plaintiffs: The Grubhub Plaintiffs have or had "interchange-plus" contract arrangements with their processors/acquirers, whereby the Grubhub Plaintiffs pay interchange fees, for example:**

- **Grubhub,**



HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



- **BJ's,**

- **Leslie's,**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**



- **Uline,**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**



- **Bob Evans,**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

- **Pandora,** 

- **Belk,**

**Defendants' Response:**

Defendants incorporate by reference 2020 Def. Resp. ¶ 717.  Grubhub Plaintiffs' assertion

is misleading and inaccurate to the extent it implies that the Grubhub Plaintiffs pay interchange

225

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

fees to issuers.  (Fed. R. Evid. 106.)  On the contrary, the agreements cited by Grubhub Plaintiffs demonstrate that interchange is paid by its acquirers and is passed through to the Grubhub Plaintiffs.  (*See, e.g.,* ████████████████████ █ ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

Moreover, paragraph 717 only refers to select "processor/acquirers" when many of the Grubhub Plaintiffs have had multiple processors and acquirers over time.  (*See generally* SMF ¶¶ 116–25.)  Agreements between the Grubhub Plaintiffs and their acquirers that are not cited above also confirm that the Grubhub Plaintiffs with "cost plus" arrangements do not pay interchange to issuers.  (*See, e.g.,* ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

───────────────────

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

720     Even on so-called "on us" transactions, where the issuing bank and the acquiring bank are the same, merchants still pay interchange fees. GPX 020, Jones, R. (Leslie's 30(b)(6)) Dep. 172:11-173:17 (



GPX 167, LESLIES00052510; GPX 231, LESLIES00023375; GPX 125, ULINE00009298; GPX 123, ULINE00009369 ( Agreement).

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 720.  Grubhub Plaintiffs' assertion is immaterial, incomplete, and misleading.  (Fed. R. Evid. 106.)  In support of the statement that "merchants still pay interchange fees," Grubhub Plaintiffs cite to deposition testimony and documents referring to "on us" transactions.  But that "evidence" is not tethered to the contractual payment mechanics reflected in Grubhub Plaintiffs' agreements with their acquirers and processors and is irrelevant and immaterial to the question of whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(Fed. R. Evid. 401, 402.)  As reflected in the actual agreements between Grubhub Plaintiffs and acquirers, interchange is paid to issuers by acquirers, not by merchants.  (SMF ¶¶ 98–101, 116–25; *see also supra* ¶ 697.)  The acquirer on any particular payment card transaction may be the same entity as the issuer, but only if the cardholder presents a payment card at the point of sale that was issued by the merchant's acquirer.  Grubhub Plaintiffs have presented no evidence regarding how many or which transactions at issue in this litigation involve an acquirer that is also the issuing bank.  Further, to the extent Grubhub Plaintiffs cite to agreements with their acquirers and processors, those agreements demonstrate that interchange is paid by their acquirers and is passed through to the Grubhub Plaintiffs.  (*See, e.g.*,



723    Merchants testified in this case that they were likewise unable to negotiate interchange fees. GPX 22, Albright (Uline 30(b)(6)) Dep. 91:14-17 (

*id.* at 92:2-6 (

*id.* at 93:9-11

); GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 272:15-17

GPX 20, Jones (Leslie's 30(b)(6)) Dep. 192:22-193:15

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 723.  Undisputed.  Defendants do not dispute that representatives of certain Grubhub Plaintiffs testified that those Plaintiffs have not negotiated interchange with Visa or Mastercard (or have not tried do so).  However, Grubhub Plaintiffs' assertion is irrelevant and immaterial to Defendants' motion for summary judgment

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

under *Illinois Brick* and its progeny because it does not address whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries. (Fed. R. Evid. 401, 402.)

Grubhub Plaintiffs' assertion that merchants are not able to negotiate interchange is not supported by the undisputed evidence, which shows that merchants are able to negotiate interchange rates. (*See* SMF ¶¶ 108–15.)  Indeed, Grubhub Plaintiffs' assertion in Paragraph 723 is directly contradicted by Grubhub Plaintiffs' own Counterstatement of Fact, in which Grubhub Plaintiffs admit that some merchants have, in fact, negotiated interchange rates with the payment networks.  (*See* GH COF ¶¶ 741–48.)  But merchants still must reach agreements with their acquirers to pass on the acquirer's cost of interchange.  (SMF ¶¶ 104-07; *see, e.g.,*

725    **Since at least 2004, Visa has had specific interchange rates for specific merchant industries, including supermarkets, hotels/car rental, restaurants, and automated fuel dispensers (gas), among others. GPX 209, Visa USA**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

> Interchange Reimbursement Fees: Visa Supplemental Requirements (April 23, 2023) available at https://usa.visa.com/content/dam/VCOM/download/merchants/visa-usa-interchangereimbursement- fees.pdf (last accessed Aug. 7, 2023).

**Defendants' Response:**

Undisputed.

**726    Visa's default interchange fees also vary depending upon the size of the transaction, the merchant's sales volume and number of transactions, how the merchant accepts the payment (*e.g.*, whether the card is present at the merchant, or the merchant is online), and the type of card used for payment. GPX 209, Visa USA Interchange Reimbursement Fees: Visa Supplemental Requirements (April 23, 2023) available at https://usa.visa.com/content/dam/VCOM/download/merchants/visa-usa-interchangereimbursement- fees.pdf (last accessed Aug. 7, 2023).**

**Defendants' Response:**

Defendants incorporate by reference 2020 Def. Resp. ¶ 726.  Grubhub Plaintiffs' assertion is incomplete.  (Fed. R. Evid. 106.)  Visa's and Mastercard's respective default interchange fees that are paid by acquirers vary based on four main factors: (1) the type of card used for payment; (2) the type of merchant taking payment; (3) the size of the merchant's transaction volume; and (4) the processing mode (e.g., card present at transaction versus card not present at transaction). (SMF ¶ 1 (incorporating by reference SJDX 1369, 2020 SMF ¶ 42).)  Visa and Mastercard consider merchant acceptance, card issuance, and cardholder participation to thereby maximize network throughput.  (SMF ¶¶ 1 (incorporating by reference SJDX 1369, 2020 SMF ¶ 47), 54; *see*, *e.g.*,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

728    Since at least 2004, Mastercard has had specific consumer credit and debit interchange rates for specific merchant industries, including supermarkets, travel and entertainment, restaurants, and utilities, among others. GPX 208, Mastercard 2023-2024 U.S. Region Interchange Programs and Rates (Apr. 14, 2023), https://www.mastercard.us/content/dam/public/mastercardcom/na/us/en/documents/merchantrates- 2023-2024.pdf (last visited Aug. 7, 2023).

Defendants' Response:

Undisputed.

729    Mastercard's default interchange fees also vary depending upon the size of the transaction, how the merchant accepts the payment (e.g., whether the card is present at the merchant, or the merchant is online), and the type of card used for payment. GPX 208, Mastercard 2023-2024 U.S. Region Interchange Programs and Rates (Apr. 14, 2023), https://www.mastercard.us/content/dam/public/mastercardcom/na/us/en/documents/merchantrates- 2023-2024.pdf (last visited Aug. 7, 2023).

Defendants' Response:

Undisputed.

732    **Mastercard documents reflect that**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 732.  Grubhub Plaintiffs' assertion is immaterial, incomplete, and misleading.  (Fed. R. Evid. 106.)  In support of the statement that

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

███████████████████████ Grubhub Plaintiffs cite certain internal Mastercard communications. But that "evidence" is not tethered to the contractual payment mechanics reflected in Grubhub Plaintiffs' agreements with their acquirers and processors and is irrelevant and immaterial to the question of whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries. (Fed. R. Evid. 401, 402.) Defendants do not dispute that acquirers almost always pass along the full cost of interchange to many large merchants. But, as reflected in the actual agreements between Grubhub Plaintiffs and acquirers, interchange is paid to issuers by acquirers, not by merchants. (See SMF ¶¶ 98–101, 116–25; *see also supra* ¶ 697.)

734 

**Further, in its appeal brief in the Pulse v. Visa case in the Fifth Circuit, for example, Visa recognized that merchants are the ones purchasing payment transactions and argued that Pulse therefore lacked standing. Visa asserted that it and Pulse "compete to have issuers enable their networks on particular debit cards**
**and to have merchants route transactions over their networks." GPX 227, Pulse Network, L.L.C. v. Visa, Inc., 30 F.4th 480, Case No. 18-20669 (5th Cir. 2022)) Redacted Brief of Visa, Inc, filed Apr. 11, 2019, at 5, ECF No. 123).**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 734.  Grubhub Plaintiffs' assertion is immaterial, incomplete, and misleading.  (Fed. R. Evid. 106.)  In support of the statement that ████████████████████████████████████████████████ Grubhub Plaintiffs cite internal Visa communications and documents.  But that "evidence" is not tethered to the contractual payment mechanics reflected in Grubhub Plaintiffs' agreements with their acquirers and processors and is irrelevant and immaterial to the question of whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries.  (Fed. R. Evid. 401, 402.)  Defendants do not dispute that a merchant's cost of acceptance is affected by interchange because acquirers or processors generally pass on all or close to all of their costs in their pricing to merchants.  But, as reflected in the actual agreements between Grubhub Plaintiffs and acquirers, interchange is paid to issuers by acquirers, not by merchants. (*See* SMF ¶¶ 98–101, 116–25; *see also supra* ¶ 697.)

**743**



**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 743.  Undisputed.  As with all Visa-branded payment card transactions, the interchange applied to transactions ███████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████ it must separately negotiate with its acquirer and/processor to pass through the negotiated rate without a mark-up.  (SMF ¶ 1 (incorporating by reference SJDX 1369, 2020 SMF ¶¶ 45–46); *see also supra* ¶ 741.)

**746**


Defendants' Response:

Grubhub Plaintiffs' assertion is immaterial to Defendants' motion for summary judgment under *Illinois Brick* and its progeny.  (Fed. R. Evid. 401, 402.)  Defendants do not dispute that

████████████████████████████████████████████████████████████████

██████████████████████████████████          ██████████████████████

████████████████████████████████████████████████████████████████

████████████████ is paid by acquirers and not merchants pursuant to the terms of each merchant's

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

agreement with its acquirer, which may then pass on the cost of interchange plus any applicable

markup. (SMF ¶¶ 1 (incorporating by reference SJDX 1369, 2020 SMF ¶¶ 39, 45–46), 91, 98-101;

*see also supra* ¶ 741.) ██████████████████████████████████████

██████████ it must separately negotiate with its acquirer and/processor to pass through the

negotiated rate without a mark-up.  (SMF ¶ 1 (incorporating by reference SJDX 1369, 2020 SMF

¶¶ 45–46); *see also supra* ¶ 741.)

**747**



Defendants' Response:

    Undisputed.

**753a**    **The Grubhub Plaintiffs pay network fees to the networks. GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 192:10-20 (**



HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



**Defendants' Response**:

Defendants incorporate by reference 2020 Def. Resp. ¶ 753.  Grubhub Plaintiffs' assertion is incomplete and misleading.  (Fed. R. Evid. 106.)  In support of the statement that "The Grubhub Plaintiffs pay network fees to networks," Grubhub Plaintiffs cite their own witnesses' personal understanding of payment costs.  But that "evidence" is not tethered to the contractual payment mechanics reflected in Grubhub Plaintiffs' agreements with their acquirers and processors and is irrelevant and immaterial to the question of whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries.  (Fed. R. Evid. 401, 402.)  As reflected in the actual agreements between the Grubhub Plaintiffs and their acquirers, network fees are charged to acquirers, not to merchants.  (SMF ¶¶ 102–03, 116–25; *see*,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████ Acquirers

determine whether and how much to pass on to merchants the networks fees charged to them by the networks. (SMF ¶¶ 108–15; *see supra* ¶ 749.)

> 754a  **The Grubhub Plaintiffs consider payment acceptance costs, including network fees, to be costs or business expenses. GPX 22, Albright (Uline 30(b)(6)) Dep. 204:17-205:2 (** ███████████████████████████████████
>
> ██████████████████████████████████████████████
>
> **GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 214:10-18 (** ████████████
>
> ██████████████████████████████████████████████
>
> ████████████████████████ **GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 50:11-23 (** ████████████████████████
>
> ████████████████████████ **GPX 180, BOBEVANS00000543 (** ████ **2016 Annual Review to Bob Evans), at '570 (** ████████████ ████████████████ **; GPX 229, BJS00004199 (email from** ████ **to BJ's, dated April 28, 2016) at '119-120 (** ██████████████████████████ **GPX 230, BELK00017190 (email from** ████ **to Belk, dated February 16, 2016)** ████████████████████████

238

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 754.  The Grubhub Plaintiffs' assertion that they consider payment acceptance costs, including network fees, to be costs or business expenses is irrelevant to Defendants' motion for summary judgment under *Illinois Brick* and its progeny and inadmissible.  (Fed. R. Evid. 401, 402.)  The Grubhub Plaintiffs' contractual payment arrangements reflected in the agreements with their acquirers establish that merchants do not pay network fees but rather that acquirers pay those amounts and pass through the costs in whole or in part.  (SMF ¶¶ 102–03, 108–09, 112–13, 116–25; *see supra* ¶ 753.)

> **761a**    ***The Grubhub Plaintiffs:*** **The Grubhub Plaintiffs have "interchange-plus" contract arrangements with their processors/acquirers, whereby the merchant pays network fees. *Supra* ¶ 717a.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 761.  Grubhub Plaintiffs' assertion that "the merchant pays network fees" is unsupported by the cited evidence.  (Fed. R. Evid. 106.) As reflected in the actual agreements between the Grubhub Plaintiffs and their acquirers, network fees are charged to acquirers, not to merchants.  (SMF ¶¶ 102–03, 116–25; *see, e.g.,* ████████)

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



**778    Mastercard's documents**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 778.  Grubhub Plaintiffs' assertion is irrelevant and immaterial to Defendants' motion for summary judgment under *Illinois Brick* and its progeny because it does not address whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries.  (Fed. R. Evid. 401, 402.) Acquiring and issuing banks, not merchants, pay network fees to each network.  (SMF ¶¶ 102–03; *see also*

**788    The amount of a chargeback is removed from the merchant's account at the acquiring bank. GPX 214, Visa, Chargeback Management Guidelines for Visa Merchants, https://usa.visa.com/dam/VCOM/global/support legal/documents/chargeback-managementguidelines-    for-visa-merchants-vbs-19-may-16-%20v2.pdf, last visited July 10, 2023, at p. 5 ("If the chargeback is valid, the acquirer deducts the amount of the chargeback from the merchant account and informs the merchant.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 788.  Grubhub Plaintiffs' assertion is irrelevant and immaterial to Defendants' motion for summary judgment under *Illinois Brick* and its progeny and the cited evidence is incomplete, because Grubhub Plaintiffs have not cited to any

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

of Plaintiffs' agreements to establish how chargebacks are handled.  (Fed. R. Evid. 106, 401, 402.)

As reflected in the actual agreements between Plaintiffs and their acquirers, chargebacks are

charged to acquirers, not to merchants.   (*See*, *e.g.*, ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████

794a      **The Grubhub Plaintiffs' documents and testimony likewise show that they
are the ones who pay chargebacks and that they record chargebacks as**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ **GPX 31, Kundu (Pandora) Dep.
44:3-8** ████

████████████████████████████████████████████████████

███████████████████████████████████ **GPX 24, Porciello (BJ's)
Dep. 116:24-117:10** █████

████████████████████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

██████████████████████████████████ **GPX 67, BJS00051307 (BJ's Bank Card Merchant Agreement** ████████ **at '307, ¶¶ 4 – 5; SJDX 1333 (BJ's Bank Card Merchant Agreement for Credit Card Transactions** ████████████████ **at '826, ¶¶ 4 – 5; SJDX 1315 (Belk Bank Card Merchant Agreement** ████████████ **) at '802, ¶¶ 4-5** █████████████████████████ **; SJDX 1346 (Bob Evans Bank Card Merchant Acceptance Agreement** █████████ **at '12, ¶ 5; GPX 130, GRUBHUB00021857 (Grubhub Holdings, Inc.** ████████████████████████████████████████████████ **at '858, ¶ 1(d); SJDX 1353 (Select Merchant Payment Card Processing Agreement between** ████████████████ **at '753, ¶¶ 4.4, 7; SJDX 1335, (Select Merchant Payment Card Processing Agreement between** ████ **at '494-495 ¶¶ 4.4, 7; SJDX 1354 (Leslie's Poolmart, Inc. Select Merchant Payment Card Processing Agreement** ████████████ **at '605, ¶¶ 4.4, 7; SJDX 1355 (Leslie's Poolmart, Inc. Select Merchant Payment Instrument Processing Agreement** ████████ **at '25-27, ¶¶ 4.4, 7, and GPX 96, LESLIES00000708 (Schedule A) at '709; SJDX 1338 (Leslie's** ████████████████████████ **to Merchant Processing Agreement) at '953; GPX 97, LESLIES00057933 (Select Merchant Payment Card Processing Agreement between** ████████████████████████ **at '934-935, ¶¶ 4.4, 7; GPX 98, LESLIES00057924 (Amendment to Select Merchant Payment Card Processing Agreement between Leslie's entities,** ████████████████████████████████ **with corresponding Schedule A (GPX 99, LESLIES00057920) at '920; SJDX 1337 (Pandora Merchant Application and Agreement** ████████████ **at '56, ¶¶ 8.2, 8.3; GPX 183, PANDORA00000047 (Pandora Merchant Agreemen** ████████████████████████████ **, at '47; SJDX 1357 (Pandora Merchant Agreement** ████████████████████████ **, at '129 and corresponding** ████████ ████████████████████████████ **" (GPX 176, PANDORA00038134) '157, ¶¶ 17.2, 17.3. GPX 124, ULINE00000316 (Uline Select Merchant Payment Instrument Processing Agreement with** ████████████ **at '318-319, ¶¶ 4.4, 7; GPX 125, ULINE00009298 (Uline U.S. Select Merchant Processing Agreement** ████████████ **at '301, ¶ 4.3 (** ████████████████ **GPX 118, ULINE00000400 (** ████████ **Select Merchant Payment Instrument Processing Agreement between Uline,** ████████████████████████████ **at '401; SJDX 1358 (Uline Credit Card Processing Services Agreement** ████████████ ████████████████████ **at '288-289, ¶ 17.**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 794.  The Grubhub Plaintiffs' assertion that they record chargebacks as expenses is irrelevant to Defendants' motion for summary judgment under *Illinois Brick* and its progeny.  Grubhub Plaintiffs' assertion does not refute the contractual payment arrangements reflected in Plaintiffs' agreements with their acquirers and does not address whether the allegedly supra-competitive upstream prices are charged to an intermediary and then passed in whole or in part to the merchant, thus requiring tracing of the alleged overcharges through one or more intermediaries.  (Fed. R. Evid. 401, 402.)  As reflected in the actual agreements between the Grubhub Plaintiffs and their acquirers, chargebacks are charged to acquirers, not merchants.  (*See, e.g.*, █████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

796e    ***The Grubhub Plaintiffs:* The Grubhub Plaintiffs' acquiring banks have included:** ███████████████████████████████
██████████████████████████████████████

243

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**



<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 796.   Undisputed; although Grubhub Plaintiffs have failed to identify all of their acquirers as Plaintiffs note the listed entities are "included" among their acquiring institutions.

**797e      The Grubhub Plaintiffs' acquiring banks were also Visa issuing banks.**



HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 797.  Grubhub Plaintiffs' assertion is immaterial, incomplete, and misleading.  (Fed. R. Evid. 106.)  It is immaterial to Defendants' motion for summary judgment under *Illinois Brick* and its progeny whether an acquirer is also an issuing bank member of Visa because the issuer and acquirer play distinct roles in the interchange process, (SMF ¶¶ 1 (incorporating by reference SJDX 1369, 2020 SMF ¶¶ 29–35), 89-91, 96, 98-103), and the acquirer is an intermediary between the merchant and the issuing bank, with the acquiring bank paying interchange and network fees.  (SMF ¶¶ 91, 96, 98-103.)

| 798e | **The Grubhub Plaintiffs' acquiring banks were also Mastercard issuing banks.** |



<u>Defendants' Response</u>:

Defendants incorporate by reference 2020 Def. Resp. ¶ 798.  Grubhub Plaintiffs' assertion is immaterial, incomplete, and misleading.  (Fed. R. Evid. 106.)  It is immaterial to Defendants' motion for summary judgment under *Illinois Brick* and its progeny whether an acquirer is also an issuing bank member of Visa because the issuer and acquirer play distinct roles in the interchange process, (SMF ¶¶ 1 (incorporating by reference SJDX 1369, 2020 SMF ¶¶ 29–35), 89-91, 96, 98-103), and the acquirer is an intermediary between the merchant and the issuing bank, with the acquiring bank paying interchange and network fees.  (SMF ¶¶ 91, 96, 98-103.)

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

577     **Since the date of the IPO, the Foundation has remained Mastercard's largest holder of Class A common stock.  GPX 192, Mastercard Notice of 2023 Annual Meeting of Stockholders and Proxy Statement, at 136 (Apr. 28, 2023).**

Defendants' Response:

    Undisputed.

582     **The voting rights granted to the issuing banks also included the right to veto (based on a majority vote of M shareholders) significant corporate actions such as the sale, lease or exchange of all or substantially all the assets of Mastercard; any merger or consolidation; the issuance of capital stock other than Class A, B, and M stock; the decision to cease to engage in the business of providing core network authorization, clearing, and settlement services for branded payment card transactions; and any decision to alter or repeal the requirement that no one person own more than 15% of Mastercard's stock.  GPX 4 (Stowell 2022 Report), ¶¶ 43-44 & nn. 48-49.**

Defendants' Response:

    Defendants incorporate by reference 2020 Def. Resp. ¶ 582.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and mischaracterizes the cited evidence. (Fed. R. Evid. 106, 403.)  Defendants respectfully refer the Court to the Mastercard Prospectus (SJDX 1027) for its content regarding the voting rights of Class M shareholders.  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 9, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

> **583** These voting rights gave the member banks the ability to block threats to the bankcentric business model Mastercard had before the IPOs, ensuring that model continued post-IPO. GPX 4 (Stowell 2022 Report), ¶¶ 43-44 & nn. 48-49.

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 583. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, is misleading, and is incomplete. (Fed. R. Evid. 106, 403.) There is no evidence that the Class M rights, which were eliminated in 2010, gave banks the rights to block threats to a "bank-centric" business model or to preserve that "bank-centric" model. Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 9, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

> **590**     **For comparison, the Grubhub Plaintiffs' expert Prof. David Stowell determined that a typical lock-up period in such an IPO would be 180 days. *See* GPX 4 (Stowell 2022 Report), ¶ 37 & n.43.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 590.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  The cited lock-up period says nothing about whether, post-IPO, the banks have any control over interchange fees and the challenged rules (and in fact they do not).  Professor Stowell repeatedly disclaimed that he offers any opinion on whether the banks could or did exercise post-IPO control over interchange fees or the challenged rules.  (Def. Mem. in Supp. of the Mot. to Exclude the Ops. of David P. Stowell (June 1, 2020), at 8–11, ECF Nos. 8078, 8266.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment

Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed.

Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 9, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and

Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

| 601 | **Visa's owners** ███████████████████████████ |
| | ██████████████████ **SJDX 1320 (Romaine Report), ¶¶ 64, 74, 76-78.** |

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 601.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary

judgment regarding the IPOs turns on the undisputed material facts that:  (1) Visa and Mastercard

each eliminated any bank ownership and any purported bank voting control over the determination

of default interchange fees and network rules; (2) Visa and Mastercard thereafter each unilaterally

adopted default interchange fees and rules in their own self-interest; and (3) banks thereafter

unilaterally decided to participate as customers of each network, subject to default interchange fees

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and rules determined by each network, in their self-interests.  (*See* SJDX 1369, 2020 SMF ¶¶ 201–247.)  The cited evidence does not refute those undisputed facts.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106.)  The cited evidence does not establish that Visa assured banks that rules or rates would remain the same or that banks retain any control over Visa after its IPO.  To the contrary, ███████████████████████████████████

█████████████████████████████████████████        ████████████

███████████████████████████████        Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

      **607**    **The antitakeover provisions (ATPs) that Visa incorporated during its IPO process included: (a) issuance of Class B and C shares that allowed bank shareholders to elect bank directors and to have veto rights over any proposed consolidation, merger, or combination transaction or any decision to exit the core payments business (requiring 80% to approve such an exit); (b) a limitation on any person holding more than 15% of Visa's total outstanding shares on an as converted basis; (c) a limitation on shares held by a competitor or affiliate to not exceed 5% of any class of common stock; and (d) a lock-up of Class B shares until the later of the third anniversary of the IPO and the date on which all of the covered litigation has been finally resolved, subject to certain exceptions.  *See also* GPX 4 (Stowell 2022 Report), ¶ 91 & n. 125.**

Defendants' Response:

     Defendants incorporate by reference 2020 Def. Resp. ¶ 607.  The provisions of the Visa Prospectus are not disputed.  Grubhub Plaintiffs' characterization of these provisions is not evidence and is immaterial to Defendants' summary judgment motions.  (*See supra* Response to Paragraph 601.)  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Court's October 9, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 9, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8718.

**608    Visa also included a staggered board and denial of cumulative voting in the ATPs that Visa incorporated during its IPO.  GPX 4 (Stowell 2022 Report), ¶ 91.**

Defendants' Response:

Undisputed.

**609    After the IPOs, Mastercard did not abrogate or otherwise change the Honor All Cards Rules or "default" interchange rules, and it maintained the banks' agreement to comply with those rules.  SJDX 1381, (Mastercard 2022 Rules) at 45 (Rule 1.6) (The License: "Each Customer agrees, and by use of any one or more of the Marks agrees, to comply with all provisions of the License pertaining to use of the Marks and with the Standards of this Corporation as may be in effect from time to time.");  *id.* at 61-62 (Rule 2.1.2) (explaining imposition of noncompliance assessments for failure of Customer to comply with any Standards);  *id.* at 34 (Mastercard Standards) (Standards "include the information contained in this Mastercard Rules manual and other manuals, along with guides, bulletins and policies that may be updated from time to time.");  *id.* at 39 (Rule 1.1.1) (defining "Customers" as primarily financial institutions).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 609.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence is mischaracterized and incomplete, insofar as Grubhub Plaintiffs assert that the alleged bank agreement to comply with those rules was "maintained" after the IPO.  (Fed. R. Evid. 106.)  Post-IPO, Mastercard continuously reconsidered and reissued its rules, and Mastercard adopted the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

challenged rules because they were in Mastercard's independent business interest.  (*See* SJDX

1369, 2020 SMF ¶¶ 206–217.)

> **611    The Mastercard HAC Rule for the U.S. Region remains in effect today, and states that "Merchants that choose to accept Debit Mastercard Cards must honor all valid Debit Mastercard Cards without discrimination when properly presented for payment," and that "Merchants that choose to accept Other Mastercard Cards must honor all Other Mastercard Cards without discrimination when properly presented for payment."   SJDX 1381, (Mastercard 2022 Rules) at 315 (Rule 5.11.1) (Honor All Cards).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 611.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions. Defendants' motion for summary

judgment regarding the IPOs turns on the undisputed material facts as set forth in response to

Paragraph 601, and the cited evidence does not refute those facts.  The assertion is also misleading

insofar as it suggests the rules were "maintained."   After the IPOs, Mastercard reviewed and

adopted the challenged rules in its independent business interest.  (*See* SJDX 1369, 2020 SMF ¶¶

206–217.)

> **613    Mastercard's December 2022 "default" interchange rule provides:   "A Customer that uses the Interchange System for the authorization and clearing of Transactions is required to net settle in accordance with the Corporation's settlement Standards.  However, an Acquirer and an Issuer may, with respect to a particular Transaction, agree to settle directly between themselves pursuant to a bilateral agreement."   SJDX 1381 (Mastercard 2022 Rules) at 183 (Rule 8.2) (Net Settlement).**

Defendants' Response:

Undisputed.

> **614    Mastercard's December 2022 "default" interchange rule also provides that Mastercard "has the right to establish default interchange fees and default service fees . . . it being understood that all such fees set by the Corporation apply only if there is no applicable bilateral interchange fee or service fee**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

agreement between two Customers in place." SJDX 1381, (Mastercard 2022 Rules) at 184 (Rule 8.3) (Interchange and Service Fees).

Defendants' Response:

Undisputed.

615    **Mastercard still requires that its issuers and acquirers agree to comply with Mastercard's rules. SJDX 1381, (Mastercard 2022 Rules) at 103 (Rule 5.1.2) ("Each Merchant Agreement must contain the substance of each of the Standards set forth in Rules 5.5 through 5.14, and any other Standards applicable to the nature and manner of the Merchant's business."); *id.* at p. 34 (Mastercard Standards) ("We have a set of standards ('the Standards') in support of this mission that provides our Customers with clear direction as to their responsibilities. The Standards include the information contained in this Mastercard Rules manual and other manuals, along with guides, bulletins and policies that may be updated from time to time.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 615. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and mischaracterizes the cited evidence. (Fed. R. Evid. 106, 403.) Mastercard respectfully refers the Court to the applicable Mastercard Rules for their content and the context of Grubhub Plaintiffs' citation.

616    **Mastercard still requires that its members enforce the rules against merchants. SJDX 1381, (Mastercard 2022 Rules) at 102 (Rule 5.1) (noting that "[e]ach Customer . . . must directly enter into a written Merchant Agreement with each retailer"); *id.* at 103 (Rule 5.1.2) (Merchant Agreement "must contain the substance of each of the Standards set forth in [Mastercard's Rules]"); *id.* at 105 (Rule 5.2) ("The Acquirer is responsible for ensuring that each of its Merchants and Submerchants complies with the Standards, and the Acquirer is itself responsible to the Corporation and to other Customers for any Merchant's or Submerchant's failure to do so."); *id.* at 116 (Rule 5.11) ("An Acquirer must ensure that each of its Merchants complies with the Card acceptance requirements set forth in this Rule with respect to the Acceptance Marks specified in the Merchant Agreement.").**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 616.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and mischaracterizes the cited evidence. (Fed. R. Evid. 106, 403.)  Mastercard respectfully refers the Court to the applicable Mastercard Rules for their content and the context of Grubhub Plaintiffs' citation.

**620    The Visa HAC Rule remains in effect today, and still states that "A Merchant that wishes to accept Visa Cards must accept any valid Visa Card in its category of acceptance that a Cardholder properly presents for payment." SJDX 1380 (Visa 2023 Rules) at 107 (Rule 1.5.4.4.).**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 620.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, Grubhub Plaintiffs' assertion is unsupported by the cited evidence, which shows only that banks that issue Visa or Mastercard payment cards agree with that network to abide by the operating rules of that network. (Fed. R. Evid. 106, 403.)  As discussed in the Defendants' 2020 Statement of Material Fact Paragraphs 228 and 234–235, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined Visa's network rules and issued operating regulations approximately every six months.  To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.

**622    Visa's "default" interchange rules today still provide that Visa is responsible for determining and publishing the "default" interchange fee schedule.  SJDX**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**1380, (Visa 2023 Rules) at 125 (Rule 1.9.1.2) (What is Interchange? "An Interchange Reimbursement Fee is a default transfer price between Acquirers and Issuers within the Visa system. . . ." and "Visa may establish different Interchange Reimbursement Fees in order to promote a variety of system objectives, . . .").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 622.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  Defendants do not dispute that Visa's rules contain a default interchange rule today.  However, as discussed in the Defendants' 2020 Statement of Material Fact Paragraphs 228 and 234–235, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has been responsible for determining Visa's network rules.  months.  (*See* SJDX 1369, 2020 SMF ¶¶ 228–235.)  Visa management has determined its network rules in a new set of operating regulations issued approximately every six months.  (2020 SMF ¶228.)  To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.

**623      Visa's no-bypass rule still prohibits direct agreements between merchants and issuing banks to process transactions.  SJDX 1380, (Visa 2023 Rules) at 896 ("Private Arrangement . . . In the Canada Region, US Region:  An agreement where Authorization Requests or Transactions involving 2 different Members are not processed through VisaNet.  Private Arrangements are prohibited.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 623.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts. In addition, the cited evidence is mischaracterized and incomplete. (Fed. R. Evid. 106, 403.) Defendants do not dispute that Visa's no-bypass rules have restricted arrangements that bypass the Visa network for the processing of transactions using Visa-branded payment cards. However, as discussed in the Defendants' 2020 Statement of Material Fact Paragraphs 228 and 234–235, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has been responsible for determining Visa's network rules. (*See* SJDX 1369, 2020 SMF ¶¶ 228–235.) Visa management has determined its network rules in a new set of operating regulations issued approximately every six months. (2020 SMF ¶228.) To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.

> **624**    **Visa still requires that its issuers and acquirers agree to comply with Visa's rules. SJDX 1380, (Visa 2023 Rules) at 62 (Rule 1.1.1) ("All participants in the Visa system are subject to and bound by the Visa Charter Documents and the Visa Rules . . . .").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 624. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts. In addition, the cited evidence is mischaracterized and incomplete. (Fed. R. Evid. 106, 403.) Defendants do not dispute that issuers and acquirers participating in Visa's network each agree to follow Visa's network rules. (*See* SJDX 1369, 2020 SMF ¶ 32.) However, as discussed in the Defendants' 2020 Statement of

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Material Fact Paragraphs 228 and 234–235, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has been responsible for determining Visa's network rules. (*See* SJDX 1369, 2020 SMF ¶¶ 228–235.) Visa management has determined its network rules in a new set of operating regulations issued approximately every six months. (2020 SMF ¶228.) To the extent that Visa adopted and subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.

> **625** **Visa still requires that Acquirers enforce Visa's rules against merchants. SJDX 1380, (Visa 2023 Rules) at 104 (Rule 1.5.2.1) ("An Acquirer must have a Merchant Agreement . . . [that] must include language that requires the Merchant to . . . [c]omply with the Visa Rules regarding use of the Visa-Owned Marks, Visa acceptance, risk management, Transaction processing, and any Visa products, programs, or services in which the Merchant is required to, or chooses to, participate").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 625. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts. In addition, the cited evidence is mischaracterized and incomplete. (Fed. R. Evid. 106, 403.) Visa respectfully refers the Court to the applicable Visa Rules for their content and the context of Grubhub Plaintiffs' citation. Defendants do not dispute that issuers and acquirers participating in Visa's network each agree to follow Visa's network rules. (*See* SJDX 1369, 2020 SMF ¶ 32.) However, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined Visa's network rules and issued operating regulations approximately every six months. (*See id.* ¶¶ 228–237.) To the extent that Visa adopted and

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

subsequently re-issued versions of the challenged rules in the period after its IPO, it did so because it was in Visa's independent business interest to promulgate such rules.  (*Id.*)

> **627     The Grubhub Plaintiffs challenge the substantive effect of these rules and other competitive restraints imposed by Defendants, not the corporate form that existed when those rules were adopted.  SJDX 1293 (Grubhub Plaintiffs' First Am. Complaint), ¶¶ 62-72; 86-119.**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 627.  Grubhub Plaintiffs' assertion is unsupported by the cited evidence.  In their complaint, Grubhub Plaintiffs base their pre-IPO conspiracy theories on the organizational structure and board composition of the pre-IPO Visa and Mastercard joint ventures.  (*See, e.g.*, SJDX 1293 (Grubhub Compl.) ¶ 62 ("As members of the joint ventures, the member banks agreed to a collection of restrictive rules, referred to herein as the Competitive Restraints.").)  Grubhub Plaintiffs recently confirmed that their conspiracy arguments are based on bank ownership and voting control by joining and adopting the briefs in support of Target Plaintiffs' motion for partial summary judgment.  (*See* Notice of Joinder in Target Pls.' Mot. for Partial Summ. J., Mem. of Law and Evid. in Supp. (May 15, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No 8829.)  Those briefs assert, for example, that "Challenged Rules exist only because the issuing banks—who compete with one another for cardholders—owned and controlled Visa and Mastercard and agreed to promulgate and follow the challenged rules."  (*See, e.g.*, Mem. of Law in Supp. of The Target Pls.' Mot. for Part. Summ. J. at 2 (June 1, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8098 & 8355; *id.* at 13 ("The banks that owned and controlled both Visa and Mastercard pursuant to the 'association model' adopted the Challenged Rules in the first place.").)

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

632 *See also* **SJDX 1320 (Romaine Report), at ¶ 64**
); SJDX 1319 (Romaine
**Dep.), at 323:1-5.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 632. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts. Grubhub Plaintiffs' assertion also is unsupported by the cited evidence to the extent that Grubhub Plaintiffs suggest that the cited evidence is inconsistent with self-interested competition among payment networks and among issuers. (Fed. R. Evid. 106, 403.) The evidence cited reflects ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ (*See*

2020 Def. Resp. ¶ 632 (quoting SJDX 280 at 212:8–214:22.).) Defendants do not dispute that, like any business, ▮▮▮▮▮▮▮▮. However, since Visa's IPO, the Visa Operating Regulations Committee, composed of Visa management alone and no bank employees, has independently determined Visa's default interchange fees in Visa's own self-interest to maximize Visa transaction and sales volume. (*See* SJDX 1369, 2020 SMF ¶¶ 228–233.) Moreover, the expert opinion on which Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

640     **Since its IPO, Visa's effective interchange fees have increased several times.**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

**SJDX1320 (Romaine Report), Exs. 17, 19, 21, 65a, 65b; GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 246:17-247:3 (**



**GPX 16, Werner (BJ's 30(b)(6)) Dep. 248:12-249:4**

**GPX 20, Jones (Leslie's 30(b)(6)) Dep. 203:2-9**

*id.* **203:18-24**

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 640.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, the cited evidence is mischaracterized and incomplete.  (Fed. R. Evid. 106, 403.)  Visa's interchange fees have also decreased, for example, in connection with strategies and agreements to secure acceptance at particular merchants or within particular sectors.  (*See* SJDX 1369, 2020 SMF ¶¶ 49, 251–252.)  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**645**    

***See also*** **SJDX 1320 (Romaine Report), ¶64.**

<u>Defendants' Response:</u>

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Defendants incorporate by reference 2020 Def. Resp. ¶ 645.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Defendants do not dispute that, like any business, Mastercard regularly discusses its business conduct with its important customers.  The assertion, however, is also unsupported by the cited evidence, misleading, incomplete and mischaracterizes the evidence,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

insofar as it incorrectly implies that issuing banks play any direct role in, much less control, how Mastercard sets interchange rates. Since July 2004, Mastercard management—not bank employees—have made decisions regarding the levels of Mastercard's default interchange fees. (*See* SJDX 1369, 2020 SMF ¶¶ 207–208.)

> **646** **Since its IPO, Mastercard's effective interchange fees have increased several times. SJDX1320 (Romaine Report), Exs. 17, 20, 22, 68a, 68b; GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 247:4-7 (** ███████████████
> ███████████████████████████████████████████████
> **; GPX 20, Jones (Leslie's 30(b)(6)) Dep. 203:2-9** ████████████████████
> █████████ **;** *id.* **203:18-24** ██████████████████
> ████████████████████████████████████████ **.**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 646. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions. In addition, the cited evidence is mischaracterized and incomplete. (Fed. R. Evid. 106, 403.) The evidence cited above is misleading in that it may refer to spend mix changes that have caused merchant costs of acceptance to increase, and not to changes made by Mastercard in interchange rates. Further, Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*,

257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir.

2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis"

showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony

"accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub

Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible,

including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See*

Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant*

*Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**660**



Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 660. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions. Defendants' motion for summary

judgment regarding the IPOs turns on the undisputed material facts as set forth in response to

Paragraph 601, and the cited evidence does not refute those facts. In addition, Grubhub Plaintiffs'

assertions are unsupported by the cited evidence. (Fed. R. Evid. 106, 403.) The cited evidence

does not contain the details of ███████████████████████ and thus

cannot support that ███████████████████████

███████████████████████ In fact, the evidence cited by

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Grubhub Plaintiffs reflects that ███████████████████████████████████

███████████████████████ (*See* ███████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

**682   Visa and Mastercard monitor issuing bank compliance with the "default" interchange rules, including by examining and, if necessary, correcting the interchange fee charged for particular transactions.  SJDX 1380, (Visa 2023 Rules) at 126 (Rule 1.9.2.1) ("If Interchange Reimbursement Fees are inappropriately received or paid by an Issuer or Acquirer, Visa reserves the right to rectify the improper allocations."); SJDX 1381, (Mastercard 2022 Rules) Rule 2.5, at 71 (Mastercard "reserves the right to conduct an examination of audit of any Customer and Customer information to ensure full compliance with the Standards.").**

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 682.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, Grubhub Plaintiffs' assertion is incomplete and mischaracterizes the cited evidence.  (Fed. R. Evid. 106, 403.) Defendants respectfully refer the Court to the applicable Visa Rules and Mastercard Rules for their content and the context of Grubhub Plaintiffs' citation.  (*See also* 2020 Def. Resp. ¶ 682 (discussing PX430 and PX299).)

**686   There are approximately 15,000 issuers of Visa payment cards, and as of 2017 there were █████████ U.S. merchants that accept Visa payment cards.  SJDX**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

1370 (Visa Inc. 2022 10-K), at 4; SJDX 1320 (Romaine Report) at 123 n.431
(citing The Nilson Report).

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 686. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions. Defendants' motion for summary

judgment regarding the IPOs turns on the undisputed material facts as set forth in response to

Paragraph 601, and the cited evidence does not refute those facts. Moreover, the expert opinion

on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is

inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum &

Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

692    Because they cannot use competitive forces to lower their costs of acceptance,
       the Grubhub Plaintiffs have paid billions of dollars in supracompetitive
       "default" interchange fees. GPX 2 (Kennedy Sept. 30, 2022 Report), ¶ 173.c
       ("The collective Interchange Fee Damages [for the Grubhub Plaintiffs] . . .
       ranged from ▇▇▇▇▇▇▇▇▇▇▇▇▇ utilizing data provided by the
       Plaintiffs, and from ▇▇▇▇▇▇▇▇▇▇▇▇▇ utilizing data provided by the
       Defendants.").

Defendants' Response:

Defendants incorporate by reference 2020 Def. Resp. ¶ 692. Grubhub Plaintiffs' assertion

is unsupported by evidence. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement is not based

upon "facts" but on expert opinion that that does not itself create an issue of fact. *See Virgin Atl.*

*Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's

opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the

applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert

opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

(May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and unsupported by the cited evidence insofar as it draws a legal conclusion..

696    **Visa's and Mastercard's activities have been similarly investigated by other authorities and jurisdictions and addressed through regulation and enforcement actions.  SJDX 1320 (Romaine Report), ¶¶ 954 & n.1228.  In addition to the actions identified above, the following regulatory and enforcement actions have been taken against Defendants:**

- **The Federal Trade Commission entered into a consent order with Mastercard ordering it to stop blocking the use of competing debit payment networks through its tokenization rules.  GPX 206, Federal Trade Commission Complaint in In the Matter of Mastercard Incorporated, Docket No. C-4795 (May 30, 2023); GPX 207, Federal Trade Commission Decision and Order in In the Matter of Mastercard Incorporated, Docket No. C-4795 (May 30, 2023).**
- **In addition, Visa has disclosed that on November 4, 2019, the Bureau of Competition of the United States Federal Trade Commission requested that Visa provide, on a voluntary basis, documents and information relating to an investigation as to whether Visa's actions inhibited merchant choice in the selection of debit payments networks in potential violation of the Durbin Amendment to the Dodd-Frank Wall Street Reform and Consumer Protection Act.  On June 9, 2020, the Federal Trade Commission (FTC) issued a Civil Investigative Demand to Visa requesting additional documents and information.  SJDX 1370 (Visa Inc. 2022 10-K), at item 8, n.20, at 103.**
- **The Australian Competition and Consumer Commission on May 30, 2022 filed suit against Mastercard alleging that Mastercard engaged in anti-competitive conduct in response to the Reserve Bank of Australia's**

266

least cost routing initiative with the purpose of deterring merchants from processing significant debit card volumes through the eftpos network, even though eftpos was often the lowest cost provider.  GPX 196, Concise Statement of Australian Competition and Consumer Commission in Australian Competition and Consumer Commission v. Mastercard Asia/Pacific Pte Ltd. (Federal Court of Australia) filed May 30, 2022 (available at https://www.accc.gov.au/ system/files/ACCC%20v%20Mastercard%20AsiaPacific%20Pte%20 Ltd%20and%20Mastercard%20AsiaPacific%20%28Australia%29_ Concise%20Statement.pdf).

- The Australian Competition and Consumer Commission on March 9, 2021 accepted a court enforceable undertaking (equivalent to a consent order) limiting Visa's anticompetitive use of routing agreements.  GPX 199, Undertaking to the Australian Competition and Consumer Commission dated March 9, 2021 (available at https://www.accc.gov.au/system/files/publicregisters/undertaking/Visa %20AP%20%28Australia%29%20Pty%20Limited%20-%20section %2087B%20Undertaking%20-%20accepted%20by%20Chair%209 %20March%202021.pdf)

- In November 2020, the Department of Justice brought suit in the Northern District of California, challenging Visa's acquisition of Plaid as a violation of both Section 7 of the Clayton Act and Section 2 of the Sherman Act.  The complaint alleged that Visa is a monopolist in online debit, extracting billions of dollars in swipe fees from merchants and consumers each year, and that Visa sought to buy Plaid as an "insurance policy" to neutralize a "threat to our important US debit business." On January 12, 2021, Visa and Plaid announced that the companies had terminated their merger agreement.  GPX 197, "Protecting Nascent Competition: Visa and Plaid Abandon Anticompetitive Merger" (available at https://www.justice.gov/atr/division-operations/divisionupdate-spring-2021/protecting-nascent-competition-visa-and-plaid-abandonanticompetitive-merger); GPX 219, Complaint in United States v. Visa Inc. and Plaid Inc., Case No. 3:20-cv-07810 (N.D. Cal. filed Nov. 11, 2020).

In addition, Visa and Mastercard have disclosed that they are the subjects of ongoing antitrust investigations by the Department of Justice:

- On March 26, 2021, the Antitrust Division of the U.S. Department of Justice (the Division) issued a Civil Investigative Demand to Visa seeking documents and information regarding a potential violation of Section 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2.  The CID focuses on U.S. debit and competition with other payment methods and networks.  On June 11, 2021, the Division issued a further CID seeking additional documents and information on the same subjects.  Visa is

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

cooperating with the Division in connection with the investigation. SJDX 1370 (Visa 2022 10-K), at item 8, n.20, at 103.  On January 4, 2023 and May 2, 2023, the Antitrust Division of the U.S. Department of Justice (Division) issued further CIDs seeking additional documents and information focusing on U.S. debit and competition with other payment methods and networks.  GPX 193, (Visa June 20, 2023 Form 10-Q), n. 13, at 27.

- In March 2023, Mastercard received a Civil Investigative Demand from the U.S. Department of Justice Antitrust Division seeking documents and information regarding a potential violation of Sections 1 or 2 of the Sherman Act.  The CID focuses on Mastercard's U.S. debit program and competition with other payment networks and technologies.  Mastercard is cooperating with the DOJ in connection with the CID.  GPX 191, (Mastercard 6/30/23 Form 10-Q), n. 15, at 27.

<u>Defendants' Response:</u>

Defendants incorporate by reference 2020 Def. Resp. ¶ 696.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions.  Defendants' motion for summary judgment regarding the IPOs turns on the undisputed material facts as set forth in response to Paragraph 601, and the cited evidence does not refute those facts.  In addition, Grubhub Plaintiffs' assertion is based on inadmissible evidence.  The referenced lawsuits, complaint allegations, consent order, court enforceable undertaking, Civil Investigative Demands, and other investigatory requests by the Federal Trade Commission, Department of Justice, and Australian Competition and Consumer Commission are hearsay for which no exception to the hearsay rule has been established, and they are otherwise inadmissible and irrelevant to this case challenging different rules and practices.  (*See* Fed. R. Evid. 401, 402, 801, 802; *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1247 (3d Cir. 1993) (existence of DOJ investigations is not admissible evidence to support a conspiracy); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007) ("[a]llegations of anticompetitive wrongdoing in Europe—absent any evidence of linkage between such foreign conduct and conduct here"—cannot establish a conspiracy to restrain

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

trade in the United States); *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F.

Supp. 2d 526, 540 (N.D. Tex. 2014) (allegations of foreign anticompetitive wrongdoing did not

suggest conspiracy where they "involve[d] European laws, which may prohibit conduct that is

lawful under § 1" and were not linked to the conduct at issue).)  Moreover, the expert opinion on

which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is

inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum &

Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

## V.   MASTERCARD'S RESPONSE TO GRUBHUB PLAINTIFFS' ADDITIONAL FACTS RELATING TO MASTERCARD'S MOTION FOR SUMMARY JUDGMENT BASED ON MASTERCARD'S LACK OF MARKET POWER

Mastercard responds separately here only to the "Additional Grubhub Evidence In Support" that Grubhub Plaintiffs submitted in connection with certain paragraphs of their Counterstatement.[18]   Mastercard does not repeat its responses to the statements and evidence previously submitted in paragraphs 806 through 1085 of the DAP Counterstatement that Grubhub Plaintiffs have incorporated and repeated in paragraphs 806 through 1085 of the Grubhub Counterstatement.   Instead, Mastercard incorporates by reference its prior responses to those paragraphs of the DAP Counterstatement.  (*See* 2020 Def. Resp. ¶¶ 806–1085.)

> **886    Virtually all card-issuing banks in the U.S. are members of Mastercard.  GPX 1371, Mastercard 2022 Form 10-K, at 20 ("Globally, financial institutions may issue both Mastercard and Visa-branded payment products").  *See also* SJDX 1320 (Romaine Report), ¶ 435; SJDX 1321 (Romaine Rebuttal) ¶ 155.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 886.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)

> **887    Mastercard's issuers are competitors of one another.  Mastercard's Answer to Grubhub Plaintiffs' Complaint, Case No. 1:19-cv-06555 (ECF No. 35), at ¶ 5 (admitting "that issuing banks that are customers of Mastercard compete with each other to issue cards to consumers . . ."); *id.* at ¶ 70 (same).**

---

[18]    Grubhub Plaintiffs submit no additional evidence in connection with Grubhub Counterstatement ¶¶ 806–885, 892, 897–898, 903, 905, 907, 910, 915, 917, 919–923, 925, 927, 929, 932–937, 948, 954–956, 965–968, 978–979, 981–982, 987–989, 991–993, 996–1004, 1006–1014, 1016–1025, 1027–1031, 1033, 1035–1037, 1040–1041, 1043, 1051–1055, 1057–1058, 1061–1070, 1072–1073, 1076, 1080–1081, 1085.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 887.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)

**888      These competing Mastercard-issuing banks promulgated, adopted, and agreed to the HAC Rule for cards issued over the Mastercard network, and thereby agreed not to compete with one another for merchant acceptance within the Mastercard network, just as they agreed not to compete with one another within the Visa network.  *See* SJDX 1320 (Romaine Report) ¶¶ 31, 177-87, 205, 211, 626, 640.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 888.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and

Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

Mastercard has promulgated its rules, including the Honor All Cards rule, in its own unilateral and

independent self-interest.

889    **Mastercard still maintains an Honor All Cards rule.  The current Honor All Cards rule provides that: "Honor All Debit Mastercard Cards: Merchants that choose to accept Debit Mastercard Cards must honor all valid Debit Mastercard Cards without discrimination when properly presented for payment.  The Merchant must maintain a policy that does not discriminate among customers seeking to make purchases with a Debit Mastercard Card." GPX 1381, Mastercard 2022 Rules, at 315 (United States Region Rule 5.11.1). With respect to credit and other Mastercard Cards, the rule provides as follows: "All Other Mastercard Cards: Merchants that choose to accept Other Mastercard Cards must honor all Other Mastercard Cards without discrimination when properly presented for payment."  *Id.***

Defendants' Response:

Undisputed.

890    **Merchants want to negotiate with issuers over the acceptance of payment cards but are unable to do so because of the HAC Rules.  GPX 22, Albright (Uline 30(b)(6)) Dep. 109:10-16**

**GPX 16, McCarthy (Bob Evans 30(b)(6)) Dep. 218:25-219:7**

**GPX 16, Werner (BJ's 30(b)(6)) Dep. 178:25-179:8**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 890.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Mastercard requires merchants to honor all cards to ensure that all Mastercard cardholders are treated equally at any given merchant.  (*See* 2020 SMF ¶¶ 216, 421–23.)  Nothing in the challenged rules prohibits merchants from negotiating with issuers over interchange fees, benefits at the point of sale, permitting discounts at the point of sale, or enhanced technology or security.  (*See* 2020 SMF ¶¶ 56–66.)

**891      In a world without the HAC Rule, merchants and issuers would be able to enter into more innovative acceptance agreements that would benefit both parties.  *See* SJDX 1320 (Romaine Report), ¶¶ 1042, 1154, 1194, 1198, 1265,**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**1280; SJDX 1321 (Romaine Rebuttal), ¶¶ 794-95.  For example, merchants and issuers could partner to develop a rewards program that would be merchant-specific and target the right customers.  SJDX 1320 (Romaine Report), ¶ 1194.  As Mr. Romaine explains, "[w]hile interchange fees would have been lower in the but-for world, merchants and issuers would have had important additional opportunities in the but-for world to find value in partnering.  Freedom from the Competitive Restraints would have meant that merchants could have done more to bring value to certain issuers' cards, and issuers could have done more to differentiate their offerings from those of other issuers."  *Id.* ¶ 1280.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 891.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Nothing

in the challenged rules prohibits merchants and issuers from developing unique acceptance or

rewards programs.  (*See* 2020 SMF ¶¶ 56–66.)  Accordingly, merchants have testified that they

could not identify any new or innovative products that they would create if the challenged rules

were eliminated.  (*See* 2020 SMF ¶ 535.)

> **893**    **Mr. Romaine explained in his report that: "In economic terms, the all-or-nothing acceptance decision enforced by the Competitive Restraints effectively removes a merchant's ability to affect the marginal customer.  The marginal customer, in this context, refers to those customers who would be the most willing to switch to another form of payment if directly charged the cost of their payment choice.  In fact, the all-or-nothing decision is the result of structural impediments to the interchangeability of credit and debit products."  SJDX 1320 (Romaine Report), ¶ 458.  According to Mr. Romaine "[a] merchant's customers have varying degrees of 'stickiness' in choosing to use a particular method of payment, meaning that some have stronger preferences than others for a particular choice of payment method.  The Competitive Restraints have greatly contributed to that 'stickiness.'"  *Id.***

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 893.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

*Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed.*

*Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

894     **Because the HAC Rule and other Competitive Restraints eliminate issuer competition for merchant acceptance, merchants are forced to pay interchange and network fees that are "significantly above the levels that would have existed in the absence of the rules . . . ." SJDX 1320 (Romaine Report), ¶ 172;** *see also id.* **¶ 817 ("[D]ue to the Competitive Restraints, merchants have very little bargaining leverage. The Competitive Restraints extinguish any need for issuers and networks to compete for merchant acceptance").  Mr. Romaine calculates both a broad and a narrow transactions price for credit and debit and determined that they were all above a competitive level.** *See* **SJDX 1320 (Romaine Report), ¶¶ 616-17, 710-21, and Ex. 48, 49, 50a, 50b, 51, 52, 53 (finding that the narrow net prices for credit and debit and the broad net prices for credit and debit are "well above the competitive level").  At the same time, Mr. Romaine opines that both Mastercard's and its issuers' costs per transaction were decreasing.  SJDX 1320 (Romaine Report), ¶ 513 ("Mastercard's costs per transaction have similarly fallen, from 21 cents to 7 cents per transaction");** *id.* **¶ 514 (issuers' costs have fallen);** *id.* **¶ 515 ("In contrast, merchants have seen no similar benefit from the declining network and issuer costs.  Rather interchange and network fees have continued to increase for merchants");** *see also id.* **¶ 512 ("A]verage transaction processing costs have been declining.").**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 894.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**895**   **The Grubhub Plaintiffs cannot stop accepting Mastercard (and Visa) cards without losing a material amount of business.  GPX 22, Albright (Uline 30(b)(6)) Dep. 127:7-9** ████████████████████████████████████████████

277

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 99:18-100:17 ("

; GPX 16, Werner (BJ's) Dep. 56:11-57:12

GPX 20, Jones, (Leslie's 30(b)(6)) Dep. 205:5-206:15

; GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 195:18-24

, 73:7-23

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



**GPX 15, Patterson (Belk 30(b)(6)) Dep. 168:20-169:10 (** **; GPX 19, Isaac (Grubhub 30(b)(6)) Dep. 145:5-19** **156:18-157:18** **).** ***See also*** **SJDX 1320 (Romaine Report) ¶¶ 455-86, 531-36 (setting forth additional evidence and economic analyses as to merchant inability to accept Mastercard payment cards, including that Mastercard's HAC Rule confronts merchants with an "all or nothing" decision and the inability to selectively accept cards based on their cost, non-substitutability of other cards because many cardholders carry only one or two payment cards, merchants' continued acceptance of both debit and credit cards after the unbundling of those two different forms of payment cards in the wake of the *Visa Check* settlement, and the fact that Mastercard rules prevent cardholders and merchants from effectively seeing, and potentially reacting to, the cost of different payment choices); SJDX 1321 (Romaine Rebuttal) ¶¶ 64-65 (same); GPX 3 (Song Report) ¶¶ 62-69 ("The HAC rule is crucial to this transfer because it prevents merchants from refusing the most expensive cards and puts them in the position where they either lose sales by not accepting cards or lose money on the most expensive cards by accepting cards.").**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 895. The Second Circuit has ruled that cardholder insistence cannot support a finding of market power. *United States* v. *American Express Co.*, 838 F.3d 179, 202–04 (2d Cir. 2016). Judge Garaufis, applying the Second Circuit's ruling, observed that the prospect of merchants losing business by dropping American Express is "cardholder insistence by another name." *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 361 F. Supp. 3d 324, 346–47 (E.D.N.Y. 2019). Undisputed that merchants overwhelmingly recognize that it is in their business interest to accept Mastercard cards in order to honor the payment preferences of their customers and avoid lost sales to competitors. Grubhub Plaintiffs and their expert have so testified. (*See* 2023 SMF ¶¶ 175–183.)

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

896     Even with the increases in interchange and network fees, Mastercard
         witnesses were able to identify only three merchants that had dropped
         acceptance. SJDX 1320 (Romaine Report), ¶ 301. ███████ *temporarily*
         dropped acceptance of signature debit after the *Visa Check* settlement. *Id.*
         Two vending machine operators dropped signature debit acceptance after
         Mastercard moved debit interchange to the Durbin regulated cap from their
         previous small ticket rate. *Id.*

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 896. Grubhub Plaintiffs'

assertion is immaterial to Defendants' summary judgment motions, and is incomplete and

misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement is also not based upon "facts"

but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v.

Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a

substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of

the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a

substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In

re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS

(E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509

U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.*

v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal"

opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in

prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d

87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants'

experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October

7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.  The Second Circuit has ruled that cardholder insistence cannot support a finding of

market power.  *United States* v. *American Express Co.*, 838 F.3d 179, 202–04 (2d Cir. 2016).  It

also ruled that evidence of "significant price increases" on the merchant side of the platform

"without any meaningful merchant attrition" does not constitute evidence of market power.  *Id.* at

201–04.  Undisputed that merchants overwhelmingly recognize that it is in their business interest

to accept Mastercard cards in order to honor the payment preferences of their customers and avoid

lost sales to competitors.  Grubhub Plaintiffs and their expert have so testified.   (*See* 2023 SMF

¶¶ 175–183.)

> **899**  **Mr. Romaine's economic analysis shows that the HAC Rule and the other Competitive Restraints have enabled Mastercard to impose supracompetitive transaction prices.  SJDX 1320 (Romaine Report), ¶ 739 (discussing that Mastercard's Competitive Restraints have allowed it to raise prices substantially, and that "[t]hese increases were driven primarily by four factors: 1) the introduction of higher interchange rewards cards and the shifting of consumers to those cards, 2) repeated interchange fee rate increases on corporate cards, 3) repeated interchange fee rate increases on . . . Maestro PIN debit transactions, and 4) repeated network fee increases."); *id.* ¶ 705 (summarizing his opinion regarding the "net price" and concluding that "the price far exceeds the competitive price.  Moreover, the issuer pass-through rate (i.e., the proportion of the price paid by the merchant that is passed through to the cardholder) is low.  These results fully support the economic inference that Visa and Mastercard have used their market power as cartel managers to perpetuate prices that have been well in excess of competitive prices.").**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 899.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**900**    **By the late 1990s, whatever benefits that the HAC Rule might have conferred when Mastercard was first building its network had evaporated and the indirect network effects had become more insignificant.  By that point, most consumers carried one or more Mastercard (or Visa) cards and were there was widespread usage by cardholders.  SJDX 1320 (Romaine Report), ¶ 1063.**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 900.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Undisputed that more than 100 million U.S. cardholders and millions of merchants used Mastercard and Visa credit cards by the late 1990s.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**901    By the 1990s, the major bank issuers had developed distinct brand identities and were** ███████████████████████ **SJDX 1320 (Romaine Report), ¶ 576.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 901.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Nothing in the challenged rules prohibits issuing banks from developing distinct brand identities or

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

differentiating their payment cards.  (*See* 2020 SMF ¶¶ 56–66.)  The record also reflects intense competition between issuers (*see* 2020 SMF ¶¶ 502–04), and shows that Mastercard is ready and willing to help issuers differentiate their brand, including through co-brand agreements.  (*See* 2023 SMF ¶¶ 148–152.)

> **902**    **One way in which the largest issuers could differentiate themselves and their cards would have been to enter bilateral relationships with large merchants. SJDX 1320 (Romaine Report), ¶ 1014 (explaining that in the but-for world, large issuers would have the incentive to enter into interchange deals with merchants); *id.* ¶ 1015 ("In the but-for world, there would have been no artificial restrictions on the bilateral agreements that banks could enter into with merchants or other intermediaries.").**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 902.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Nothing

in the challenged rules prohibits issuing banks and large merchants from entering into bilateral

agreements.  (*See* 2020 SMF ¶¶ 56–66.)  Accordingly, merchants have testified that they could not

identify any innovations that they would bring to market if the challenged rules were eliminated.

(*See* 2020 SMF ¶ 535.)  Grubhub Plaintiffs' economic expert testified that he could not rule out

the possibility that, in a world without the challenged rules, some merchants would not have the

leverage to negotiate lower interchange with large issuers.  (*See* 2023 SMF ¶ 22.)

> **904**  **The majority of American Express cards in the U.S. are proprietary cards,
> issued by American Express, however there are also some American Express-
> branded cards that are issued by third-party banks.  *United States v. Am.
> Express Co.*, 838 F.3d 179, 189 n.27 (2d Cir. 2016) ("Amex occasionally uses
> third-party banks as issuers.  At the present time, nine third-party banks issue
> Amex cards, accounting for roughly one percent of Amex's total U.S. charge
> volume per year."); *see also* SJDX 1320 (Romaine Report), ¶ 30 & n.16 (**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 904.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

906 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SJDX 1320 (Romaine Report) ¶¶ 628 n.847 & 653 n.875.  Because their issuers overlap, and under the HAC Rules, merchants must agree to take all the cards with a network's brand, the only "competition" between the networks is to induce issuers to issue the respective network's branded cards. No competition exists at all for merchant acceptance because all banks are assured that they can never be disadvantaged on merchant acceptance.  SJDX 1320 (Romaine Report), ¶ 436; SJDX1321 (Romaine Rebuttal) ¶ 156; *see also* GPX 3 (Song Report), ¶¶ 86-121 (showing the impact of HAC Rules in raising merchant prices).  Thus, as to merchants, Visa and Mastercard's market power is appropriately considered jointly.  SJDX 1320 (Romaine Report), ¶ 438; SJDX 1321 (Romaine Rebuttal) ¶ 156 ("[a]n issuer offering a lower acceptance price to a merchant, whether for Visa transactions or Mastercard transactions, does not stand to gain any more volume given the respective rules of the two networks").

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 906.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement is also not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Grubhub

Plaintiffs' assertion is also objectionable insofar as it draws a legal conclusion.  In order to establish

their claims against Mastercard, Grubhub Plaintiffs must prove that Mastercard, standing alone,

caused anticompetitive effects through an exercise of market power.  *See Dickson* v. *Microsoft*

*Corp.*, 309 F.3d 193, 207–11 (4th Cir. 2002).  Absent allegations of a horizontal conspiracy or

other concerted action with Visa, which Grubhub Plaintiffs do not make (*see* 2023 SMF ¶ 187), it

is inappropriate to treat the networks "jointly" and aggregate Mastercard's market share with

Visa's for the purpose of determining market power.  *See, e.g.*, *Bookhouse of Stuyvesant Plaza,*

*Inc.* v. *Amazon.com*, 985 F. Supp. 2d 612, 622 (S.D.N.Y. 2013).  Grubhub Plaintiffs' statement

also contradicts the record.  Networks compete vigorously for merchant acceptance.  (*See* 2023

SMF ¶¶ 58–70, 189; 2020 SMF ¶¶ 505–28.)  Merchants have ███████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████  (*See* 2020 SMF ¶¶ 292–95, 510–16, 527–

28.)  Many merchants have also negotiated co-brand deals with Mastercard.  (*See* 2023 SMF ¶¶

148–52; 2020 SMF ¶¶ 517–22.)

**908      Similarly, the Grubhub Plaintiffs have testified that they cannot negotiate**
**interchange with the network.  GPX 22, Albright (Uline 30(b)(6)) Dep. 91:18-**
**92:6**
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



**Defendants' Response:**

Mastercard incorporates by reference 2020 Def. Resp. ¶ 908. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Nothing in the challenged rules prohibits merchants from negotiating a bilateral agreement reflecting a different interchange rate with any particular issuer, including through co-brand deals. (*See* 2023 SMF ¶¶ 148–152.)

**909** **Mastercard's ability to impose the HAC Rule, the "default" interchange rule and other competitive restraints evidence its market power. SJDX 1320 (Romaine Report) ¶¶ 450-54; SJDX 1321 (Romaine Rebuttal), ¶¶ 151-206.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 909.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions and objectionable insofar as it draws a legal conclusion.  Grubhub Plaintiffs' statement is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**911    Mastercard, on the other hand, uses its HAC Rule to make merchants accept higher priced cards too.  SJDX 1320 (Romaine Report), ¶ 184 (the HAC "requires that a merchant accept all Visa (or Mastercard) credit cards regardless of the type of credit card or the interchanges fees associated with those cards.  That is, the merchant must accept consumer credit cards in**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

standard non-rewards and rewards forms (in all variants, e.g., World, World Elite, etc.), as well as small business credit cards, corporate credit cards, and so on.  The products are tied to one another notwithstanding that they are very different products with different merchant demands for acceptance.  Further, a merchant must accept any new card product that Visa and Mastercard may introduce, even if it is more expensive than existing products, provides no new merchant benefits, or is associated with no new consumers – even if the "new" product is simply a pretext to charge higher prices.  If a merchant does not want to accept a new, more expensive product, the merchant must drop acceptance of all Visa (or Mastercard) credit cards.").

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 911.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Grubhub

Plaintiffs have testified that ████████████████████████████████████████████████

████████████████████████████.  (*See* 2023 SMF ¶ 147.)

> **912    Mastercard enjoys large economies of scale that have resulted in falling network operating costs per transaction.  SJDX 1320 (Romaine Report), ¶ 512. Between  2004  and  2021,** ████████████████████████████████████████████
> ██████████████████████████████████████

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 912.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment*

*Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed.*

*Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **913    Mastercard has imposed "a dramatic increase in the total interchange fees paid by merchants" during the damages period. SDJX 1320 (Romaine Report), ¶ 742. Between 2004 and 2019, the total amount paid by merchants in interchange for Mastercard credit card transactions** ████████████
> ████████████████████████████████████████████
> ████████████████████████████████████████████
> ████████████████████████████████████████████

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 913. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed.*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  To the extent there has been an increase in the total interchange fees paid by merchants, this was driven in part by the substantial increase in Mastercard's transaction output during the relevant period (*see* 2023 SMF ¶¶ 136–140; 2020 SMF ¶¶ 128–34, 139–42), and in part because cardholders increasingly choose to pay with rewards cards.  Grubhub Plaintiffs may complain that cardholders have shifted to rewards cards throughout the relevant period, but Mastercard does not determine which cards cardholders select—those shifts are the result of cardholder demand and competition for cardholders—and the Second Circuit has held that cardholder demand is not evidence of market power.  *See United States* v. *American Express Co*., 838 F.3d 179, 202–04 (2d Cir. 2016).  In addition, the Second Circuit has held, and Grubhub Plaintiffs' economic expert admits, that evidence of price increases on only the merchant side of the platform does not constitute evidence of market power.  *See id*. at 201–02.  (*See* 2023 SMF ¶ 146 (citing SJDX 1320, Romaine Rep. ¶ 488).)

      **914    Total network fees paid by merchants saw similar dramatic increases. Between 2004 and 2020, the total network fees paid by merchants on Mastercard transactions** ████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 914.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  To the extent there has been an increase in the total fees paid by merchants, this was driven in part by the substantial increase in Mastercard's transaction output during the relevant period (*see* 2023 SMF ¶¶ 136–140; 2020 SMF ¶¶ 128–34, 139–42), and in part because cardholders increasingly choose

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

to pay with rewards cards.  Grubhub Plaintiffs may complain that cardholders have shifted to rewards cards throughout the relevant period, but Mastercard does not determine which cards cardholders select—those shifts are the result of cardholder demand and competition for cardholders—and the Second Circuit has held that cardholder demand is not evidence of market power.  *See United States* v. *American Express Co*., 838 F.3d 179, 202–04 (2d Cir. 2016).  In addition, the Second Circuit has held, and Grubhub Plaintiffs' economic expert admits, that evidence of price increases on only the merchant side of the platform does not constitute evidence of market power.  *See id*. at 201–02.  (*See* 2023 SMF ¶ 146 (citing SJDX 1320, Romaine Rep. ¶ 488).)

916      **Indeed, as Mr. Romaine explained,**



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 916.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Mastercard sets interchange fees to maximize transactions.  (*See* 2020 SMF ¶¶ 47–50, 70, 154, 210–11, 443, 446, 493–95.)

**918    Contrary to the typical model of retail pricing that Professor Murphy described, Mastercard was able to raise its prices, despite falling costs.  SJDX 1320 (Romaine Report ¶¶ 510-11.  As Mr. Romaine explained, "[t]hese [interchange and network] price increases that led to these increased merchant costs are not based on cost increases incurred by Visa or Mastercard or the card issuer members of their cartels.  Rather, these price increases were enabled by the market power Visa and Mastercard exercised and continue to exercise as cartel managers."  SJDX 1320 (Romaine Report), ¶ 813.**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 918.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Mastercard sets interchange fees to maximize transactions.  (*See* 2020 SMF ¶¶ 47–50, 70, 154, 210–11, 443, 446, 493–95.)

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

924    The incremental cost of processing one transaction on a payment network like Mastercard is very small and has dropped significantly.  SJDX 1320 (Romaine Report) ¶¶ 512-15 and Ex. 7c ("Mastercard's costs per transaction have similarly fallen, from ███████████ per transaction.").

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 924.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**926    Mastercard's interchange**



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 926.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  To the extent Mastercard has increased its interchange fees during the relevant time period, this was in large part due to Mastercard's rewards program, which the Supreme Court recognized as a competitive response to American Express's highly successful rewards cards.  *See Ohio* v. *American Express Co*., 138 S. Ct. 2274, 2289 (2018).  (*See* 2020 SMF ¶¶ 462–471.)

**928**



HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 928.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Mastercard incorporates its response to Paragraph 926 herein.

**930    By raising interchange and thus increasing the price to merchants, while not
increasing the level of rewards to cardholders, Mastercard demonstrated its
market power by raising the two-sided price when it launched the new World
rewards platform in 2005.  *See* SJDX 1320 (Romaine Report), ¶ 891 ("The
interchange revenue that rewards cards generate for issuers exceeds the cost
of the reward programs.  As a result, only a portion of the interchange fees
merchants pay for rewards cards are shared with rewards cardholders; the
remainder goes to the issuer."); *id.* ¶ 710 (describing Romaine Report Ex. 48,
which shows that "the price to the merchant is not offset by the benefit (i.e.,**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

negative price) to cardholders"); *id.* ¶ 720 ("[T]he price to the merchant for debit card transactions is not offset by the benefit (i.e., negative price) to cardholders.").

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 930. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Mastercard incorporates its response to Paragraph 926 herein.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**931**



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 931. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed.

R. Evid. 106, 403.) Mastercard incorporates its response to Paragraph 926 herein.

> **938** **"Visa's and Mastercard's practices of charging different interchange fee rates
> depending on the merchant type is a classic example of price discrimination,
> which occurs when a firm sells the same or similar products to different buyers
> at different prices relative to costs. Once necessary condition for profitable
> price discrimination is some degree of economic market power." SJDX 1320
> (Romaine Report), ¶ 540 (citing Jean Tirole, *The Theory of Industrial
> Organization*, Cambridge, Mass: MIT Press, 1988, 133-35); *see also id* at ¶¶
> 541-43 (further explaining significance of evidence of price discriminations).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 938. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed.

R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.   The Supreme Court noted that Mastercard's strategy of offering varying interchange rates for different products and groups of merchants was a competitive response to American Express's uniform high rates, and helped drive interchange fees down.  *See Ohio* v. *American Express Co*., 138 S. Ct. 2274, 2289 (2018).  Mastercard further objects to the cited evidence insofar as it contains a legal conclusion that offering lower rates in order to encourage broader acceptance with particular merchant groups is evidence of market power.

**939    Mr. Romaine has done a detailed analysis of the "net price" for Mastercard credit and debit card transactions and whether the net prices are anticompetitive.  *See* SJDX 1320 (Romaine Report), ¶¶ 701-21 and Exs. 48, 49,**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

**50a, 50b, 51, 53; SJDX 1321 (Romaine Rebuttal), ¶¶ 563-65, 591-97 and Ex. 107.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 939.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**940    Mr. Romaine calculated the net price for credit transactions and debit transactions in two ways: a "broad" approach that included the interest and**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

fees cardholders pay issuing banks and a "narrow" (more conservative) calculation that excluded such interest and fees.  SJDX 1320 (Romaine Report),  ¶¶  703-04.   For credit card transactions, under the "broad" approach, the Mastercard average net price from 2004 through 2020 was ███ ██████████  SJDX 1320 (Romaine Report), ¶ 712 and Ex. 49.

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 940.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

941    Accordingly, on a $100 credit card transaction, the card issuer and the Mastercard network collected over ▮▮▮ of net revenue from the merchant and cardholder.  SJDX 1320 (Romaine Report) ¶ 712 and Ex. 49.

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 941.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

942    Under the "narrow" approach, the average net price for a Mastercard credit card transaction from 2004 through 2020 was ▮▮▮▮▮ for Mastercard and "the net benefit to cardholders (i.e., the pass-through rate) is only ▮▮▮ ▮ of the price to the merchant."  SJDX 1320 (Romaine Report), ¶ 710 and Ex. 48.



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 942.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**943**     **For debit card transactions, the average net price was** ███████     **for exempt transactions and** ███████     **for regulated transactions using the "broad" approach.  SJDX 1320 (Romaine Report), ¶ 717 and Ex. 50b.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 943.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**944    Using the "narrow" net price calculation, the net price (averaging pre- and post-Durbin Mastercard debit card transactions) was ███████. SJDX 1320 (Romaine Report), ¶ 715 and Ex. 53.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 944. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

945    **In debit, the price to the merchant for debit card transactions is not offset by the benefit (i.e., negative price) to cardholders, and the net benefit to cardholders is only ▇ of the price to the merchant.  SJDX 1320 (Romaine Report), ¶ 720 and Ex. 53.**

<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 945.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

946 **The two-sided credit and debit prices calculated by Mr. Romaine under both the narrow and broad definitions are above competitive levels and thus demonstrate Mastercard's exercise of market power, particularly in light of Mastercard's role as a leader in raising prices.** *See* **SJDX 1320 (Romaine Report), ¶¶ 701-21 (analyzing both a "narrow" and "broad" net price for both credit and debit, and concluding that the overall two-sided transaction prices for Mastercard credit and debit, under either the narrow or broad calculation are above competitive levels).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 946.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

947     **Using data provided by Mastercard, Mr. Romaine found that between 2009 and 2016, the net network fees charged by Mastercard increased** ▮▮▮, **a real inflation-adjusted price increase of 7%.  SJDX 1320 (Romaine Report), Ex. 11a.  Measured in dollars, Mastercard's total net network fee revenue rose by** ▮▮▮ **over the same period. SJDX 1320 (Romaine Report), Ex. 11a (showing that** ▮▮▮



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 947.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**949    This price increase in signature debit net network fees occurred against the backdrop of the Durbin Amendment, which was "intended to reduce the 'worst abuses by Visa and Mastercard.'" SJDX 1320 (Romaine Report) ¶ 566 (quoting Sen. Richard Durbin, Floor Statement on Interchange Amendment, June                             10,                              2010, http://www.fmi.org/docs/interchange/Senator_Durbin_Floor_Statement_Jun e_10).  The price increase also occurred in the face of declining costs per transaction for Mastercard.  *Id.* at ¶ 513 (Mastercard's cost per transaction fell from ▮▮▮▮▮▮▮▮▮▮ between 2003 and 2021.).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 949.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs do not allege a market for signature debit transactions. (*See* SJDX1293 ¶¶ 73–81.)

**950    Mr. Romaine addressed the differences between his network fee data and that of Defendants' expert Professor McCrary in his reply report.  "The only difference between McCrary's and Romaine's analyses is that Romaine included all Mastercard transactions at U.S. merchants, while McCrary excluded cross-border transactions where a transaction is made at a U.S. merchant with a card issued by a non-U.S. bank.  My analysis, like Romaine's, includes the cross-border transactions.    While McCrary provided no justification or explanation for his decision to exclude these transactions, elsewhere in his report he claims that plaintiffs' relevant market excludes cross-border transactions, which is not correct for the relevant markets I have defined."  SJDX 1321 (Romaine Rebuttal), ¶ 166.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 950.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Cross-border transactions occur when a merchant from one country accepts a card from another country.  (SJDX 1381, Mastercard Rules, Dec. 2022, at 408.)  Networks charge fees for cross-border transactions and currency conversions.  (*Id.* at 131–32.)  Moreover, issuers may offer different cardholder rewards or charge different fees for non-U.S. products.  (*See id.*)  Accordingly, analysis of cross-border network fees strays outside the relevant geographic market.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

951     **Dr. Kohler summarizes his analysis of the profitability of Mastercard's issuing accounts, which have historically earned positive economic profits for issuing banks.  "Visa and Mastercard consumer credit card issuing has historically been very economically profitable for banks, with weighted average ROE for consumer cards from 20014 to 2019 at ▉ (*see* Figure 6), compared to a weighted average COE of ▉, resulting in an average positive economic profit return (EP spread) of ▉."  SJDX 1324 (Kohler 2022 Report), ¶ 78.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 951.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways

PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment

Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed.

Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**952     Economic profit is "a form of profit that is derived from producing goods and
services while factoring in the alternative uses of a company's resources. It
deducts explicit costs from revenue and includes the opportunity costs
incurred during that period of time." SJDX 1324 (Kohler 2022 Report), ¶ 70
n.63. *See also id.* at Glossary, ¶ 25 (Economic profit is "a dollar measure of
profits over the threshold of return investors should expect to receive on the
investment. Calculated as the net income minus the capital charge."
Throughout his report, Dr. Kohler uses economic profit as a measure of the
profitability of issuing banks. SJDX 1324 (Kohler 2022 Report), ¶ 50.**

<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 952. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed.

R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways

PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for

actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment

Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed.

Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**953**   **"Positive EP [economic profit] represents the bank's additional profit after all costs, including investor expectations.  Zero or 'breakeven' EP means the bank is earning what investors expect as a fair return on their investment."  SJDX 1324 (Kohler 2022 Report), ¶ 50.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 953.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible.

**957**   **Mr. Romaine has explained that the prices paid by merchants in the but-for world would be significantly lower.  SJDX 1320 (Romaine Report), ¶¶ 997-1052 and Exs. 74, 78-80 83, 90.**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 957.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment*

*Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed.*

*Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

*Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **958    Dr. Kohler's models demonstrate that issuers would be profitable under
> scenarios of reduced interchange.  SJDX 1324 (Kohler 2022 Report), ¶ 123
> (discussing how, under Mr. Romaine's ceiling and moderate benchmarks
> applied to all merchants, banks would have remained profitable while
> "continu[ing] to provide the same rewards under the same terms . . ." and that**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

"even at an industry wide interchange rate that is ▉▉ of the actual weighted average interchange rate (Mr. Romaine's competitive benchmark of ▉▉ v. the actual rate of ▉▉ applied throughout the industry), credit card issuing would come close to breaking even."); *id.* Figure 18; *id.* ¶ 122 ("[C]ard portfolios can remain profitable for Issuing banks even at such lower rates of interchange and current levels of reward expense."). *See also id.* ¶ 161 ("The Romaine Report's debit interchange benchmarks would have minimal impact on DDA profitability . . . ."); *id.* Figure 36.

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 958.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

959     As Mr. Romaine opined, "the increased issuer competition in the but-for world would have tended to increase card issuer incentives to offer higher cardholder rewards and\or lower cardholder annual fees and APRs."   SJDX 1320 (Romaine Report), ¶ 1198; *see also* SJDX 1321 (Romaine Rebuttal), ¶ 831 ("[I]ssuers would have had strong incentives to offer rewards in the but-for world even with lower interchange fee rates.").

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 959.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **960    Based on the above, Mr. Romaine concluded that in the but-for world "the net price for credit card transactions would have been lower than it was in the actual world, in the sense that the sum of the fees paid by merchants and the net fees paid by cardholders would be lower."  SJDX 1321 (Romaine Rebuttal), ¶ 574.**

<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 960.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**961     Mastercard's member banks enjoyed supracompetitive profits – profits above what they would earn in a but-for world without the HAC Rule and other Competitive Restraints.  SJDX 1324 (Kohler 2022 Report), ¶ 78 ("Visa and Mastercard consumer credit card issuing has historically been very economically profitable for banks, with weighted average ROE for consumer cards from 2014 to 2019 at ▇▇▇ (*see* Figure 6), compared to a weighted average COE of ▇▇▇, resulting in an average positive economic profit return (EP spread) of ▇▇▇"); *see also* SJDX 1320 (Romaine Report), ¶ 720 ("[B]anks are making profits in excess of the profits needed to earn a normal competitive rate of return on debit accounts.  This is further evidence that the net [price] exceeds the competitive price."); *id.* ¶ 719 ("[C]redit accounts are highly profitable. As explained in the Kohler Report, not only are rates of economic profit higher in that line of business than in other similar lines of banking business, but the economic profit rate is above zero.").**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 961.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Issuer profitability is irrelevant to Grubhub Plaintiffs' claims regarding supracompetitive price.  *See* Def. Mem. in Support of Mot. to Exclude in Part Opinions of Professor Robert G. Harris at 14 (June 1, 2020), ECF No. 8105; Def. Mem. in Support of Mot. to Exclude in Part Opinions of Reto Kohler at 19–23 (June 1, 2020), ECF No. 8115.

**962**  **The issuers enjoy these supracompetitive profits as a direct result of the high interchange fee rate revenues that they receive based on the rates that are set by Mastercard.  SJDX 1320 (Romaine Report), ¶ 201 ("[T]he Competitive Restraints insure that those same issuing banks do not compete for the customers on the other side of the platform—the merchants.  Instead, the Competitive Restraints turn these horizontal competitors into a cartel for purposes of dealing with merchants.") (emphasis omitted); *id.* ¶ 205 (discussing how the Honor All Cards rule requires merchants "wanting to accept their cards to accept all the cards of all of their issuers" forcing "each merchant to deal with the issuing banks as a group rather than individually"); *id.* ¶ 206 (discussing how Visa and Mastercard set the price of acceptance on behalf of its issuer members).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 962.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment

Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed.

Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and

Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Issuer

profitability is irrelevant to Grubhub Plaintiffs' claims regarding supracompetitive price.  *See* Def.

Mem. in Support of Mot. to Exclude in Part Opinions of Professor Robert G. Harris at 14 (June 1,

2020), ECF No. 8105; Def. Mem. in Support of Mot. to Exclude in Part Opinions of Reto Kohler

at 19–23 (June 1, 2020), ECF No. 8115.

> **963** **Because Mastercard is able to cartelize the issuing banks, those banks are able
> to earn profits, which are far in excess of their cost of capital and greater than
> other similar lines of business at their banks.  SJDX 1324 (Kohler 2022
> Report), ¶ 79 ("The consumer credit card account segment is more profitable
> to Visa and Mastercard Issuing banks on an ROE basis than other major
> credit products as seen in Figure 7.  For example, in 2019, consumer credit
> card accounts were ███████████████████████████████**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

██████████████████████ *id.* **Fig. 7;** *see also* **SJDX 1320 (Romaine Report), ¶ 719 ("[C]redit accounts are highly profitable . . . . Not only are rates of economic profit higher in that line of business than in other similar lines of banking business, but the economic profit rate is above zero. This implies that banks are making profits in excess of the profits needed to earn a normal competitive rate of return.").**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 963. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinions on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.   Issuer

profitability is irrelevant to Grubhub Plaintiffs' claims regarding supracompetitive price.   *See* Def.

Mem. in Support of Mot. to Exclude in Part Opinions of Professor Robert G. Harris at 14 (June 1,

2020), ECF No. 8105; Def. Mem. in Support of Mot. to Exclude in Part Opinions of Reto Kohler

at 19–23 (June 1, 2020), ECF No. 8115.   Mastercard further objects to Grubhub Plaintiffs'

statement insofar as it contains a legal conclusion that Mastercard manages a cartel of issuing

banks.

> **964**   **According to Dr. Kohler, "[t]he consumer credit card account segment is more
> profitable to Visa and Mastercard Issuing banks on an ROE basis than other
> major credit products . . . ."   SJDX 1324 (Kohler 2022 Report), ¶ 79 ("[I]n
> 2019, consumer credit card accounts were** ███████████████████████████
> ███████████████████████████████████████ .**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 964.   Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.   (Fed.

R. Evid. 106, 403.)   Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact.   *See Virgin Atl. Airways Ltd. v. Brit. Airways

PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a substitute for

actual factual evidence at summary judgment.   *See* Minute Order (May 13, 2023), *In re Payment

Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed.

Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible.  Issuer profitability is irrelevant to Grubhub Plaintiffs' claims regarding supracompetitive price.  *See* Def. Mem. in Support of Mot. to Exclude in Part Opinions of Professor Robert G. Harris at 14 (June 1, 2020), ECF No. 8105; Def. Mem. in Support of Mot. to Exclude in Part Opinions of Reto Kohler at 19–23 (June 1, 2020), ECF No. 8115.

> **969**  **Mr. Romaine concludes that the supracompetitive profits earned by Mastercard credit and debit card issuers are evidence of its exercise of market power in setting supracompetitive prices.  SJDX 1320 (Romaine Report) ¶ 538 ("The exercise of market power by a cartel manager and the cartel members generates supracompetitive prices and profits.  Direct evidence of high profit is therefore consistent with and supportive of the other indicators and evidence of market power.  Here, the supracompetitive profits realized by card issuing banks as a result of Visa's and Mastercard's setting of interchange fees are evidence of such market power.").**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 969.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment*

*Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed.*

*Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and

Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Issuer

profitability is irrelevant to Grubhub Plaintiffs' claims regarding supracompetitive price.  *See* Def.

Mem. in Support of Mot. to Exclude in Part Opinions of Professor Robert G. Harris at 14 (June 1,

2020), ECF No. 8105; Def. Mem. in Support of Mot. to Exclude in Part Opinions of Reto Kohler

at 19–23 (June 1, 2020), ECF No. 8115. Mastercard further objects to Grubhub Plaintiffs'

statement insofar as it contains a legal conclusion that issuer profitability is evidence of

Mastercard's market power.

970    **Mr. Romaine explains in this Reply Report**



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 970.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Grubhub Plaintiffs do not allege a relevant market that comprises only high-rewards credit cards.  (*See* SJDX1293 ¶¶ 73–81.)  The price of high-rewards cards is only one component of the total price.  Grubhub Plaintiffs' economic expert concedes that the two-sided price for Mastercard credit transactions has decreased during the relevant time period.  (*See* 2023 SMF ¶ 144 (citing SJDX 1320, Romaine Rep. Exhibits 55a & 55b; SJDX 1319, Romaine Dep. 159:9–12, 164:9–11).)

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

971    "[G]iven that virtually all merchants that accept American Express cards also accept Visa and Mastercard cards, there is no incentive for a merchant not to accept American Express . . . . If a merchant did not accept American Express, the great majority of customers who would have paid with American Express would instead use a Visa or Mastercard card. . . . In this way, American Express benefits from the 'umbrella' provided by Visa's and Mastercard's high merchant fees." SJDX 1321 (Romaine Rebuttal), ¶ 487.

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 971.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. The

Supreme Court has observed that Mastercard's and Visa's pricing structures have forced American

Express to lower its rates, and that American Express's high rewards cards forced Mastercard and

Visa to develop similar offerings in order to compete. *See Ohio* v. *American Express Co.*, 138 S.

Ct. 2274, 2289 (2018).



> **972** **The cost for a merchant to accept a Mastercard signature debit card historically**
>
> **SJDX 1320 (Romaine Report), Ex. 58b (showing that in 2010 the interchange alone for a Mastercard signature debit card transactions was** **);** *see also* **PX2011, Board of Governors of the Federal Reserve System, Interchange Fee Revenue, Covered Issuer Cost, and Covered Issuer and Merchant Fraud Loss Related to Debit Card Transactions: Data Tables (rev'd as of Dec. 6, 2016), Tables 4 and 8,** *available at* **https://www.federalreserve.gov/paymentsystems/files/regiireportsdata.pdf (providing data on average interchange and network fees for signature (dual message) and PIN (single message) debit transactions for the years 2009, 2011, 2012, 2013, 2014, and 2015) (last accessed Sept. 13, 2020). Mr. Romaine finds that rewards on Mastercard debit card transactions were minimal. Therefore, debit products are not ones in which a negative price to cardholders (from rewards) would materially offset the high price to the merchant in a two-sided market. SJDX 1320 (Romaine Report) Exs. 50a-53.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 972. Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed.

R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways

PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Differences in PIN and signature debit cards are reflected in different prices across debit networks. (*See* 2020 SMF ¶¶ 631–36, 659–67, 669–77.)

**973**



HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

███████████████████████████████████████████████

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 973.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Discover offered ██████████████████████████████████████████████████████

335

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**



*See Ohio* v. *American Express Co*., 138 S. Ct. 2274, 2289 (2018).

**974**

<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 974.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Undisputed that Discover competes with Mastercard and Visa.

> **975    Between 2017 and 2022, Mastercard's net income averaged $7.153 billion per year.  GPX 210, Table summarizing net incomes and average net income margins for Mastercard, American Express, and Discover (calculated from 2019 and 2022 Form 10-K submissions of each company); *see* also PX 2041, Mastercard Incorporated Form 10-K for the Fiscal Year Ending Dec. 31, 2019, at 38 (showing net incomes of $3.915 billion in 2017, $5.859 billion in 2018, and $8.118 billion in 2019); *see* also SJDX 1371, Mastercard Incorporated Form 10-K for the Fiscal Year Ending Dec. 31, 2022, at 46 (showing net incomes of $6.411 billion in 2020, $8.687 billion in 2021, and $9.930 billion in 2022).  *See also* SJDX 1320 (Romaine Report), ¶ 537 (citing similar evidence of Mastercard profit levels).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 975.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Net incomes reported in Mastercard's financial reporting are not split by region, and therefore reflect revenue and costs from outside of the relevant geographic market. *See* Defs.' Memo. of Law in Support of Their Motion for Summary Judgment Under *Ohio v.*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*American Express* (June 1, 2020), ECF No. 8071, at 26; *see als*o Defs.' Memo. of Law in Support

of Their Motion for Summary Judgment Under *Ohio v. American Express* (July 14, 2023) at 8.

> **976    During the same period, Mastercard's average net income margin was
> 42.60%.  GPX 210, Table summarizing net incomes and average net income
> margins for Mastercard, American Express, and Discover (net income margin
> is calculated as net income divided by net revenue; in this case the average net
> income for the six years is $7.153 billion and the average net revenue for the
> three years is $16.792 billion, yielding an average net income margin of
> 42.60%); *see also* PX 2041, Mastercard Incorporated Form 10-K for the Fiscal
> Year Ending Dec. 31, 2019 at 38; *see also* SJDX 1371, Mastercard
> Incorporated Form 10-K for the Fiscal Year Ending Dec. 31, 2022, at 46. *See
> also* SJDX 1320 (Romaine Report), ¶ 537 (citing similar evidence of
> Mastercard profit levels).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 976.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Mastercard incorporates its response to Paragraph 975 herein.

> **977    By contrast, over the same period American Express's average net margin was
> 13.94% and Discover's average net margin was 30.85%.  GPX 210, Table
> summarizing net incomes and average net income margins for Mastercard,
> American Express, and Discover (average net income margins in the tables are
> calculated as net income divided by revenue net of interest expense for
> American Express, the same for 2017-2019 for Discover, and for 2020-2022 for
> Discover, net income divided by the sum of net interest income after provision
> for credit losses and total other income, yielding average net income margins
> of 13.94% for American Express ($5.856/$42.017) and 30.85% for Discover
> ($3.130/$10.144)); *see* also GPX 189, American Express Company Form 10-K
> for the Fiscal Year Ending Dec. 31, 2019 at 36 and GPX 194, American Express
> Company Form 10-K for the Fiscal Year Ending Dec. 31, 2022 at 41 (net
> incomes were $2.748 billion for 2017, $6.921 billion for 2018, $6.759 billion for
> 2019, $3.135 billion for 2020, $8.060 for 2021, and $7.514 for 2022 yielding an
> average net income for the six years of $5.856 billion; revenues net of interest
> expense were $36.878 billion for 2017, $40.338 billion for 2018, $43.556 billion
> for 2019, $36.087 billion for 2020, $42.380 billion for 2021, and $52.862 billion
> for 2022, yielding an average revenue net of interest expense for the six years
> of $42.017 billion); PX 1969, Discover Financial Services Form 10-K for the
> Fiscal Year Ending Dec. 31, 2019 at 44 and GPX 195, Discover Financial
> Services Form 10-K for the Fiscal Year Ending Dec. 31, 2022 at 54 (net**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

incomes were $2.099 billion for 2017, $2.742 billion for 2018, $2.957 for 2019, $1.141 billion for 2020, $5.449 billion for 2021, and $4.392 billion for 2022 yielding an average net income for the six years of $3.130 billion; revenues net of interest expense/net interest income after provision for credit losses plus total other income[3] were $9.897 billion for 2017, $10.709 billion for 2018, $11.459 billion for 2019, $5.954 billion for 2020, $11.869 billion for 2021, and $10.978 billion for 2022 yielding an average net income for the six years of $10.144 billion).

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 977.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Mastercard incorporates its response to Paragraph 975 herein.

980    Output in the actual world must have been constrained by Mastercard's exercise of market power, because Mastercard could not have raised prices



Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 980.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**983**     **As Mr. Romaine explains in his Report in this case, as a result of the horizontal restraint imposed by the HAC Rule, the number and total dollar value of transactions in the actual world is lower than it would have been in a but-for world without the HAC Rule.** *See* **SJDX 1320 (Romaine Report), ¶¶ 910, 912 (explaining that there are two primary factors that reduced output in the actual world as compared to the but-for world: 1) "if the costs to merchants of accepting . . . Mastercard credit and debit cards were lower, more merchants would have accepted them . . . ." and 2) "in the but-for world retail prices would have been lower, and as a result, retail sales higher").**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 983. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. The Supreme Court has concluded that there is no evidence of reduced output in the market for credit transactions. *See Ohio* v. *American Express Co.*, 138 S. Ct. 2274, 2288–89 (2018).

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

984    "[M]erchants pass a substantial share of interchange fee costs on to their customers in the form of higher prices, reduced customer services, and reduced benefits offered to customers.  As a result, anticompetitive harm in the form of higher merchant acceptance costs ultimately harms the customers of merchants accepting Visa and Mastercard. . . . Moreover, because the harm comes in the form of higher merchandise prices, the harm affects all such customers, including those who pay with cash or checks."

█████████████████████████████████████████████████████████████

*id.* at ¶ 912. GPX 22, Albright (Uline 30(b)(6)) Dep. 204:17-205:2

████████████████████████████████████████

███████████████████ GPX 17, McCarthy (Bob Evans  30(b)(6))  Dep.  160:19-161:2  ("

█████████████████████████████████████████

Dep. 263:13-17 ("

███████████████████████████

; GPX 16, Werner (BJ's (30(b)(6)) Dep. 144:6-145-6 ("

████████████████████████████████

GPX 15, Patterson (Belk 30(b)(6)) Dep. 266:12-269:11 (

█████████████████████████████████████

); GPX 20 Jones (Leslie's (30(b)(6)) Dep. 181:23-182:8 ("

██████████████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 984.  Grubhub Plaintiffs' assertion

is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed.

R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways

PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a

plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for

actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment

Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.),

ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209,

242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed.

Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are

not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the

restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d

Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert

opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable,

and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum

& Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and

Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.   In

addition, the statement contradicts the record.  Grubhub Plaintiffs' witnesses ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**985**    **Consumers adjust their level of consumption based on the price of the goods that they are purchasing – if prices are higher, consumption will be lower, and vice versa.   SJDX 1320 (Romaine Report), ¶¶ 878-79 ("Pass through of merchant costs is not the same as being costless to the merchant.  Since the interchange fee "tax" on retail sales raises retail prices, demand for retail goods is reduced.  Consumers that are turned away by higher prices represent lost sales and lost margins to merchants.  These merchant costs are in addition to what has to be paid for interchange and network fees on sales to consumers that were not turned away by higher prices.");** *id.* **at ¶ 912 ("[I]n the but-for world retail prices would have been lower, and as a result, retail sales higher.");** *see also id.* **¶ 629 ("Price sensitive consumers are said to have elastic demand: an increase in price leads to a relatively large drop in consumption.").**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 985.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed.*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Mastercard incorporates its response to Paragraph 984 herein.

> **986**    **Mr. Romaine explains that "if the costs to merchants of accepting Visa and Mastercard credit and debit cards were lower, more merchants would have accepted them.  This would have led to more transactions, as cardholders would have found more places to use their cards.  SJDX 1320 (Romaine Report), ¶ 910; *see also id.* ¶ 912 ("Second, in the but-for world retail prices would have been lower, and as a result, retail sales higher.  As discussed above, merchants pass through most or all payment acceptance costs on to their customers in the form of higher retail prices.  If payment acceptance costs were lower in the but-for world, the pass-through would also have been lower.  In a world with lower retail prices, and thus higher retail sales, credit and debit transactions would be higher as well, assuming that some of the additional sales would have been paid for with credit and debit cards.").**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 986.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Grubhub Plaintiffs' economic expert testified that he did not calculate the alleged rate of pass-through of interchange fee costs from merchants to customers in a but-for world without the challenged rules. (*See* 2023 SMF ¶ 50 (citing SDJX1319, Romaine Dep. 207:16-24).)

> **990    Mastercard raised prices and engage in other practices to avoid the pricing impact of the Durbin Amendment.  SJDX 1320 (Romaine Report), ¶¶ 561-66; SJDX 1321 (Romaine Rebuttal) ¶ 148.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 990.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **994**    **"[C]o-brand agreements are not an example of issuers and networks reducing merchants' payment acceptance costs in exchange for merchant acceptance of their cards."  SJDX 1321 (Romaine Rebuttal), ¶ 193.  Instead, co-brand agreements involve competition for the right to use a merchant's branding on the issuer's and network's credit cards.  SJDX 1320 (Romaine Report), ¶ 718.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 994.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **995      Co-brand deals generally involve low to zero interchange for purchases made using the card at the co-brand partner's stores. SJDX 1320 (Romaine Report), ¶ 718; SJDX 1321 (Romaine Rebuttal), ¶ 192.  However, when the co-brand card is used at a merchant other than the co-brand partner, that merchant pays the regular interchange on the purchase, not the lower rate paid by the co-brand partner.  SJDX 1320 (Romaine Report), ¶ 1278.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 995.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

1005  **SJDX 1320 (Romaine Report), ¶¶ 576 & n.770.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1005.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts"

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Nothing in the challenged rules prohibits issuing banks from developing distinct brand identities or differentiating their payment cards. (2020 SMF ¶¶ 56–66.) The record reflects intense competition between issuers. (*See* 2020 SMF ¶¶ 502–504.)

1015 ███████████████████████████████████████████████████. SJDX 1320 (Romaine Report), ¶¶ 408-09. ██████████████████████████████████████████████████████. SJDX 1320 (Romaine Report), ¶¶ 410-11.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1015.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  PayPal continues to enjoy astronomical success.  (*See* 2020 SMF ¶ 586; SJDX 1023, 2019 PayPal Form 10-K at 39 (stating that PayPal made $2.459 billion in profit in 2019); *see also* 2023 SMF ¶ 81.)  In 2016, Mastercard entered into an agreement with PayPal that enabled PayPal

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

to use Mastercard-generated tokens for digital wallet transactions at the point-of-sale, provided PayPal financial incentives for transaction volume over the Mastercard network, and ensured that PayPal would enable consumers to select Mastercard payment cards as a default payment option. (*See* SJDX 1283, Mastercard PayPal Press Release.)  Undisputed that PayPal is a digital wallet.

**1026**

███████████████████████████████████████████████████████████

**SJDX 1320 (Romaine Report), ¶ 410.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1026.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants'

experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October

7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.  Mastercard incorporates its response to Paragraph 1015 herein.



**Defendants' Response**:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1032.   Grubhub Plaintiffs'

assertion is immaterial to Defendants' summary judgment motions, and is incomplete and

misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts"

but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v.*

*Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a

substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of

the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a

substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In*

*re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS

(E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509

U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.*

v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Grubhub Plaintiffs' use of the word ████ is vague, ambiguous, and misleading. Mastercard incorporates its response to Paragraph 1015 herein.  Mastercard further objects to the statement insofar as it contains a legal conclusion that Mastercard exercised market power.

1034    The U.S. lags behind China in the use of mobile technologies to pay for goods and services.  According to a Javelin study, fewer "than 32 percent of consumers used a mobile device to pay in store between 2015 and 2017.  Mobile wallet usage was below 20 percent . . . . [T]hirty-nine percent of consumers still do not see the value of using a mobile wallet in lieu of traditional payment methods, . . ." PX2103, Susan Pandy *et al.*, "Innovation across Mobile Payments: Alternative Checkout models, Chinese Wallets, Fintechs, and Mobile Network Operators," Federal Reserve Bank of Boston, (Apr. 18, 2019) at 2, *available at* https://www.bostonfed.org/publications/mobile-payments-industry-workgroup/innovation-across -mobile-payments.aspx.  By contrast, by the end of the third quarter of 2018, the Alipay mobile wallet (Alipay is a product of Ant Financial, the financial arm of Alibaba) "had 700 million active users in China and 1 billion users globally together with its joint venture partners." *Id.* at 8.  Alipay and WeChat Pay (another Chinese wallet) are QR code based wallets.  The codes change every minute, providing greater security. *Id.*  "Newer versions of Alipay leverage facial recognition to compare a user's facial features to their national ID." *Id.*  GPX 8 (Kahn 3/28/2023) Dep. 44:17-46:13 & Dep. Ex. 7 ("Q. How does -- would you agree that Chinese retailing can serve as a blueprint for possible future retailing scenarios here in the United States?  MS. JONAT: Objection to form.  A. Are you quoting something you think I said or are you making that statement?  Q. Let's go ahead and turn your attention to Romanette xviii I think it is.  A. Yes, so it was my words.  Chinese retailing can serve as a blueprint for possible future

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

retailing scenarios here in the United States. So I wrote this in -- this book was published in 2021, right? 2021? I guess I wrote it in 20 – I'm trying to remember exactly when I wrote this, but I think it was 2020 and I published it in 2021. And the reason I am asking you that is because we have seen a rapid acceleration of technology in the United States and so even this book -- things are happening so very quickly. Q. Is it still true today that Chinese retailing can serve as a blueprint for possible future retailing scenarios in the United States? A. Yes, I mean that's why I am making this distinction here because *I actually went to China in November 2019 and during that time I saw the contactless payment, something akin to what we call Apple Pay here, was very prevalent in China and at the time it was not the case that it was prevalent in the United States*. So I think just that as an example, what I meant by saying China could be a blueprint because they were much further ahead pre-pandemic on this technology of payment than what was true in the United States. It was my impression at the time when I was writing this book also that that would be a blueprint for what would happen in the United States and I believe I am right because post pandemic or during the pandemic or however we are talking about the pandemic, but we started to see a rapid change in payment process here in the United States which did mirror what I had seen in 2019 in China.") (emphasis added).

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1034. Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) The article that Grubhub Plaintiffs cite notes that U.S. consumer preferences impede the proliferation of mobile technologies, partially due to relative financial illiteracy among young people in the U.S. (*See* PX2103, Innovation Across Mobile Payments at 2 ("[T]hirty-nine percent of consumers still do not see the value of using a mobile wallet in lieu of traditional payment methods . . . .").)

**1038** **In his deposition, Mr. Romaine testified that he would not assess market power by looking at a single factor, such as market share. SJDX 1319 (Romaine Dep.) 226:13-227:13. Mr. Romaine further testified that the other factors that he would need analyze to determine if Mastercard has market power are set forth in his Report. *Id.* SJDX 1319 (Romaine Dep.) 226:13-23.**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1038. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**1039**    **As Mr. Romaine explained at his deposition, market power cannot be assessed by looking at only one data point, such as market share. SJDX 1319 (Romaine Dep.) 226:13-227:13. Mr. Romaine further testified that the other factors that**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**he would need analyze to determine if Mastercard has market power are set forth in his Report.** *Id.* **SJDX 1319 (Romaine Dep.) 226:13-23.** *See* **SJDX 1320 (Romaine Report), ¶¶ 219-996. In the context of this case, "[b]ecause of the manner in which Visa and Mastercard are organized, their market power is substantially understated by the foregoing review of high market shares, high industry concentration, and barriers to entry/expansion. The overlapping bank membership in the two cartels means that Visa and Mastercard do not constrain each other with respect to competing for merchant acceptance. The Competitive Restraints magnify their market power by creating structural barriers to the reasonable interchangeability of the various cards issued on each of the networks. This leads to merchant acceptance decisions in which merchants are "locked in" to their demand for each network, card, and issuer." SJDX 1320 (Romaine Report), ¶ 428;** *see also id.* **¶¶ 429-30, 434-43 (further explaining Visa's lack of constraint on Mastercard pricing and conduct).** *See also* █████████████████████████████████████

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1039. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **1042    After the entries of American Express in 1958, BankAmericard (which was the predecessor of Visa) in 1958, and Interbank Card Association (which was the predecessor of Mastercard) in 1966, there was no new entry of a general purpose credit card network until Discover's entry in 1985.  SJDX 1320 (Romaine Report), ¶ 399 & n.546.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1042.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal"

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Many firms have launched products and services that facilitate payment transactions or consumer rewards, even though they are not general purpose payment card networks.  (*See* 2020 SMF ¶¶ 566–629; 2023 SMF ¶¶ 80–86, 153–168.)  Some of those firms are or were potential competitors in that they could leverage or could have leveraged their technologies to become payment networks.  (*See id.*)

> **1044    Mastercard's share of credit card transactions from 2004-2020 has not been below ███ SJDX 1320 (Romaine Report), ¶ 421 and Ex. 31.  Its share of credit card purchase dollar volume has not dipped below ███% during the same time period.  SJDX 1320 (Romaine Report), ¶ 421 and Ex. 30.  *See also generally id.* ¶¶ 419-20 (explaining measures of concentration); SJDX 1321 (Romaine Rebuttal) ¶¶ 151-54 (responding to Defendants' critiques of analysis).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1044.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Grubhub Plaintiffs' economic expert agrees that Mastercard's share of credit card purchase dollar volume has not risen above ███ from 2004 through 2020.  (SJDX 1320, Romaine Rep. Exhibit 30.)

> **1045**  **When the two bank cartels (Visa and Mastercard), which have substantially the same members, are combined, they have accounted for no less than ███ of all credit card transactions between 2004 and 2020.  SJDX 1320 (Romaine Report), ¶ 421 and Ex. 31.  Similarly, the two cartels have accounted for no less than ███ of credit card purchase dollar volume during the same period. SJDX 1320 (Romaine Report), ¶ 421 and Ex. 30.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1045.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Mastercard further objects to the statement insofar as it contains a legal conclusion that Mastercard participates in a bank cartel. Moreover, absent allegations of a horizontal conspiracy or other concerted action with Visa, which Grubhub Plaintiffs do not make (*see* 2023 SMF ¶ 187), it is inappropriate to treat the networks "jointly" and aggregate Mastercard's market share with Visa's for the purpose of determining market power. *See, e.g.*, *Bookhouse of Stuyvesant Plaza, Inc.* v. *Amazon.com*, 985 F. Supp. 2d 612, 622 (S.D.N.Y. 2013).

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

1046   **The markets for credit and debit transactions are both highly concentrated.** *See* **SJDX 1320 (Romaine Report), ¶¶ 422-24, 426 (discussing market concentration as measured by the Herfindahl-Hirschman Index ("HHI") and finding that the markets are highly concentrated). Mastercard's market shares have remained remarkably stable.** *See id.* **¶¶ 421, 425 and Exs. 30, 31.**

<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1046. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

No. 8714.  Plaintiffs do not allege that every firm that competes in a concentrated market—*e.g.*, Discover, STAR—has market power.  Grubhub Plaintiffs do not dispute that Mastercard's credit market share has been below ███ and steadily declining since 2005.  (*See* 2023 SMF ¶ 128; SJDX 1320, Romaine Rep. Exhibit 30.)  Grubhub Plaintiffs also do not dispute that, following the implementation of the Durbin Amendment, Mastercard's debit market share remained between ████████  (*See* 2023 SMF ¶ 131.)

> **1047**    **The credit card networks market has also been highly concentrated over the period between 2004 and 2016, with a Herfindahl-Hirschman Index (HHI) based on credit card transactions of ███ in 2004, which increased to ███ in 2016. SJDX 1320 (Romaine Report), ¶ 422 and Ex. 36.  If one looks at the HHI based on purchase dollar volume, the HHI was ███ in 2004 and ███ in 2020. *Id.*

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1047.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal"

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Mastercard incorporates its response to Paragraph 1046 herein.

> **1048**  **If each individual issuing bank were considered a market participant in the market for the provision of card acceptance services, the HHI would plummet to ▉▉▉▉▉▉, which would not be considered to be a concentrated market. SJDX 1320 (Romaine Report), ¶ 424 ("A reason for attributing to each of Visa and Mastercard a market share consisting of the collective credit card volume of all of their respective issuers is that the Competitive Restraints . . . have the effect of combining those issuers into horizontal cartels for purposes of dealing with merchants.  If, instead, issuers competed with one another for merchant acceptance, each individual issuer would be an independent provider of card acceptance services to merchants.  If that were the case, the HHI measure would fall from something ▉▉▉▉▉▉▉▉▉▉▉▉. . . . This difference in the HHI under these two circumstances further illustrates the effect of the Competitive Restraints on competition."); *id.* at Exs. 37a and 37b.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1048.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  The relevant markets are the markets for credit and debit transactions, *see Ohio* v. *American Express Co*., 138 S. Ct. 2274, 2285–86 (2018), not "for the provision of card acceptance services."  Furthermore, Grubhub Plaintiffs do not allege that, in a but-for world, every issuing bank would offer credit and debit network services.  Grubhub Plaintiffs also do not allege that each issuing bank would retain the exact same share of transaction volume in the but-for world.

**1049**  **The market for debit card transactions is also highly concentrated.  In 2009, the HHI based on debit card transactions was ▮▮▮ and the HHI based on debit card dollar volume was ▮▮▮.  SJDX 1320 (Romaine Report), ¶ 426 and Ex. 40.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1049.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and

misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Mastercard incorporates its response to Paragraph 1046 herein.

> **1050**   **"Visa and Mastercard together have accounted for at least ▇▇ of debit card transactions and ▇▇ of debit card purchase dollar volume" for every year between 2004 and 2020.  *See* SJDX 1320 (Romaine Report), ¶ 425 and Exs. 38, 39.  In 2004, Visa and Mastercard together accounted for ▇▇ of both purchase dollar volume and transactions.  *Id.*  By 2016, those shares had grown to ▇▇ of purchase dollar volume and ▇▇ of transactions.  *Id.* at Exs. 38, 39.**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1050. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001). Expert opinion is not a substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Mastercard incorporates its response to Paragraphs 1045 herein.

**1056   While there has been entry of new payment forms such as digital wallets (Apple Pay or Google Pay) and PayPal, they are not competitors to Mastercard but instead provide ways in which cardholders can pay with their Mastercard**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

cards.   **SJDX 1320 (Romaine Report), ¶¶ 408-11.   *See also id*. ¶¶ 396-407 (explaining additions barriers to entry).**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1056.   Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.   *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a substitute for actual factual evidence at summary judgment.   *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.   *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.  Digital wallets facilitate consumer-to-business payment transactions.  (*See* 2020 SMF

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

¶¶ 570–578.)  Competing digital wallets could therefore leverage their technologies to become competitors in the relevant market.  (*See id*.)

**1059** ████████████████████████████████ **SJDX 1320**
**(Romaine Report), ¶¶ 213, 409.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1059.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. ██████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ Apple and Apple Pay continue to enjoy astronomical success and consistently bring innovations to the relevant markets.  (*See* 2020 SMF ¶¶ 184–185.)  Grubhub Plaintiffs' economic expert recognized ApplePay as an example of innovation in the payments industry.  (*See* 2023 SMF ¶ 80 (citing SJDX 1319, Romaine Dep. at 285:8–289:23).)



1060

**JDX 1320 (Romaine Report), ¶¶ 408-18 SJDX 1321 (Romaine Rebuttal), ¶¶ 417-19, 428-36.**

<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1060.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. Mastercard incorporates its response to Paragraphs 1015 and 1059 herein.

> **1071   AfterPay and Affirm allow installment payments for consumers who want to avoid taking on credit card debt. SJDX 1092 (Afterpay Touch Group 2019 Annual Results); SJDX 1091 (Affirm Announces New App Enabling Consumers to Shop Anywhere and Split Payments); *id.* (Affirm app was launched in 2019); PX 1925, ("Annual Report for the Year Ended 30 June 2018," Afterpay Touch Group Limited) at 5 (noting that Afterpay was launched in the U.S. earlier that year). AfterPay and Affirm are not a substitutes for merchant acceptance of Visa and Masterard credit and debit cards. SJDX 1320 (Romaine Report) ¶¶ 346-54; SJDX 1321 (Romaine Rebuttal) ¶¶ 81-103.**

<u>Defendants' Response:</u>

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1071. Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Afterpay permits customers to make online purchases and pay later without undertaking a traditional loan, paying any upfront fees, or paying any interest. (*See* 2020 SMF ¶ 599.) Similarly, Affirm "provides shoppers an alternative to traditional credit cards at the point of sale" by permitting them to make online purchases and make simple monthly

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

payments without interest.  (*See* 2020 SMF ¶ 601.)  These two firms offer alternative forms of credit that compete directly with Mastercard at the point of sale.

> **1074   Mastercard's anti-steering rules hinder the ability of other competitors to successfully enter the market.  SJDX 1320 (Romaine Report), ¶ 402.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1074.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

*Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.

**1075**

███████████████████████████████████████

███████ **SJDX 1320 (Romaine Report), ¶ 405.**

<u>Defendants' Response</u>:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1075.   Grubhub Plaintiffs'

assertion is immaterial to Defendants' summary judgment motions, and is incomplete and

misleading.  (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts"

but on expert opinion that does not itself create an issue of fact.   *See Virgin Atl. Airways Ltd. v.*

*Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a

substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of

the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).   Expert opinion is not a

substitute for actual factual evidence at summary judgment.   *See* Minute Order (May 13, 2023), *In*

*re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS

(E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509

U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*.

v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal"

opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in

prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d

87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants'

experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

> **1077    Mastercard also prohibits dual-branded credit cards, which are cards that have more than one card network enabled on them.  SJDX 1320 (Romaine Report), ¶¶ 407, 674-76.  In the absence of this rule, dual-branded cards could "facilitate entry into credit network services, because a dual-branded card would allow a cardholder to use the entrant's network where its cards are accepted, and another network like Visa or Mastercard where the entrant's cards are not accepted," which would alleviate some of the chicken-and-egg problem.  *Id.* ¶ 407.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1077.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d

374

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants'

experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October

7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.

> **1078    Mastercard's HAC Rule creates a market failure that separates consumer decisions on card usage from the cost of that card usage. SJDX 1320 (Romaine Report), ¶ 480 ("So when, for example, Visa and Mastercard raise the price of credit and debit card transactions, the consumer is wholly unaware.  The consumer therefore does not modify their behavior by substituting to a lower cost payment form.  In economics, this is considered a 'market failure' problem, and is an example of the so-called 'principal-agent problem.'  In aggregate, it leads to the use of artificially expensive forms of payment that increase U.S. merchant costs by billions of dollars per year, resulting in higher retail prices paid by all U.S. consumers, including cash and check consumers.");** *see also* **SJDX 1320 (Romaine Report), ¶¶ 476, 485-86; SJDX 1321 (Romaine Rebuttal), ¶ 56.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1078.  Grubhub Plaintiffs'

assertion is immaterial to Defendants' summary judgment motions, and is incomplete and

misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts"

but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v.*

*Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a

substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of

the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a

substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In*

*re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS

(E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509

U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*.

v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal"

opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in

prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d

87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants'

experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October

7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card

Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.

**1079**

**SJDX 1320 (Romaine Report),** ¶¶ 631-34.

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1079.  Grubhub Plaintiffs'

assertion is immaterial to Defendants' summary judgment motions, and is incomplete and

misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts"

but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v.

Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a

substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of

the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a

substitute for actual factual evidence at summary judgment. *See* Minute Order (May 13, 2023), *In

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714. The Second Circuit ruled that cardholder insistence cannot support a finding of market power. *See United States* v. *American Express Co.*, 838 F.3d 179, 202–04 (2d Cir. 2016). Judge Garaufis, applying the Second Circuit's ruling, observed that the prospect of merchants losing business by dropping American Express is "cardholder insistence by another name." *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 361 F. Supp. 3d 324, 346–47 (E.D.N.Y. Jan. 14, 2019). Undisputed that merchants overwhelmingly recognize that it is in their business interest to accept Mastercard cards in order to honor the payment preferences of their customers and avoid lost sales to competitors. Grubhub Plaintiffs and their expert have so testified. (*See* 2023 SMF ¶¶ 175–183.)

> **1082**   **Mastercard's conduct causes incomplete and inefficient price signals, leading to a market failure and enhancing Mastercard's market power. SJDX 1320 (Romaine Report), ¶¶ 475-76, 480. Because cardholders do not pay for the costs of the cards that they are using – particularly high cost rewards cards – they do not take those costs into account when choosing their methods of**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

payment.   *See, e.g.*, GPX 22, Albright (Uline 30(b)(6)) Dep. 52:18-53:1 GPX 17, McCarthy (Bob Evans 30(b)(6)) Dep. 106:20-107:5 GPX 21, Kay-Evans (Pandora 30(b)(6)) Dep. 116:21-117:3 *Id*. at 267:8 GPX 31, Kundu (Pandora) Dep. 144:9-12

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1082.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.)  Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig*., No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd*. v. *Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc*. v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C*. v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants'

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

**1083** ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████ **SJDX 1320 (Romaine Report), ¶¶ 485-86.**

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1083.  Grubhub Plaintiffs' assertion is immaterial to Defendants' summary judgment motions, and is incomplete and misleading. (Fed. R. Evid. 106, 403.) Grubhub Plaintiffs' statement also is not based upon "facts" but on expert opinion that does not itself create an issue of fact.  *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Expert opinion is not a substitute for actual factual evidence at summary judgment.  *See* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C.* v. *Am. Media, Inc*., 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment). Moreover, the expert opinion on which Grubhub Plaintiffs rely has been rebutted by Defendants'

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October

7, 2022 Memorandum & Order.  *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.

**1084** 

Defendants' Response:

Mastercard incorporates by reference 2020 Def. Resp. ¶ 1084.   Grubhub Plaintiffs'

assertion is immaterial to Defendants' summary judgment motions and is incomplete and

misleading.  (Fed. R. Evid. 106, 403.)

Dated:  September 8, 2023
        New York, New York

Respectfully submitted,

**HOLWELL SHUSTER & GOLDBERG LLP**

/s/ *Michael S. Shuster*
Michael S. Shuster
Demian A. Ordway
Blair E. Kaminsky
Jayme Jonat
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
bkaminsky@hsgllp.com
jjonat@hsgllp.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Anne P. Davis
Matthew A. Eisenstein
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
robert.vizas@arnoldporter.com

*Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ *Gary R. Carney*
Brette Tannenbaum
Gary R. Carney
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
btannenbaum@paulweiss.com
gcarney@paulweiss.com

Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, N.W.
Washington, DC 20006-1047
(202) 223-7300
kgallo@paulweiss.com
dioffredo@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2023, I caused a true and correct copy of the foregoing to be served on all counsel in the above-referenced action via FTP, in accordance with the parties' prior agreement.

Dated: September 8, 2023

/s/ *Gary R. Carney*
Gary R. Carney