**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br><br>This Document Relates To:<br><br>*Grubhub Holdings, Inc., et al. v. Visa Inc., et al.*, No. 19-cv-06555 (E.D.N.Y.) (MKB) (VMS) | Case No. 1:05-md-1720 (MKB) (VMS) |

**DEFENDANTS' REPLY IN SUPPORT OF**
**DEFENDANTS' INCORPORATION OF CERTAIN PARAGRAPHS OF DEFENDANTS'**
**2020 STATEMENT OF MATERIAL FACTS**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

## TABLE OF CONTENTS

Preliminary Statement ...................................................................................................... 1

I.   Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Defendants' Statement of General Background Facts (¶¶1, 8–66) ....................................................... 3

   A.   Early History of United States Payment Card Systems (2020 SMF ¶¶ 12–24) ....... 3

   B.   The Visa and Mastercard Payment Card Networks (2020 SMF ¶¶ 25–37) ............. 4

   C.   Fees Applicable to a Visa or Mastercard Transaction (SMF ¶¶ 38–55) ................... 5

   D.   Visa's and Mastercard's Acceptance Rules (SMF ¶¶ 56–66) ................................. 6

II.  Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Undisputed Material Facts Relating to Defendants' Motion for Summary Judgment under *Ohio v. American Express* (¶¶ 70–185) ......................................................................................... 6

   A.   Plaintiffs Concede That Visa and Mastercard Are Two-Sided Platforms Requiring a Two-Sided Market Analysis of the Challenged Rules (2020 SMF ¶¶ 70–88) ...... 7

   B.   Plaintiffs Do Not Materially Dispute that the Challenged Rules Have Not Stifled Either Network Competition or Innovation (2020 SMF ¶¶ 152–185) .................... 9

III. Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Defendants' Statement of Undisputed Material Facts Relating to Defendants' Motion for Summary Judgment on Post-IPO Conspiracy Claims .................................................................... 11

   A.   Grubhub Plaintiffs' Conspiracy Theories and Claims (SJDX 1369, 2020 SMF ¶¶ 186–200) ................................................................................................................. 12

   B.   The Visa and Mastercard IPOs Eliminated Bank Ownership and Governance (SJDX 1369, 2020 SMF ¶¶ 201–205, 218–227) ................................................... 13

   C.   Post-IPO, Visa and Mastercard Each Unilaterally Adopted Its Default Interchange Fees and Network Rules in Its Own Self-Interest (SJDX 1369, 2020 SMF ¶¶ 206–217, 228–237) ......................................................................................................... 14

   D.   Banks Independently Participated as Customers of Visa and Mastercard after the IPOs (SJDX 1369, 2020 SMF ¶¶ 238–247) .......................................................... 17

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

E.   The Independent Post-IPO Networks Have Determined Their Interchange Fees and Rules to Advance Their Own Interests, Not the Banks' (SJDX 1369, 2020 SMF ¶¶ 248–265) ............................................................................................................ 17

IV.   Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Defendants' Statement of Undisputed Material Facts Relating to Defendants' Motion for Summary Judgment Under *Illinois Brick Co. v. Illinois* ................................................................. 19

V.   Mastercard's Reply to Grubhub Plaintiffs' Responses to Defendants' Incorporation of Certain Paragraphs of Defendants' 2020 Statement of Material Facts Relating to Mastercard's Lack of Market Power ............................................................................. 19

A.   The Challenged Restraints Date Back to Mastercard's Inception (2020 SMF ¶¶ 404–424) .................................................................................................................... 20

B.   Payment Card Networks Maintain Similar Rules (2020 SMF ¶¶ 422–423) .......... 21

C.   Mastercard's Market Shares Have Been Low and Declining for Well over a Decade (2020 SMF ¶¶ 425–433, 472–480, 485–492) ........................................... 21

D.   Credit and Debit Transactions and Purchase Volume Have Grown Consistently (2020 SMF ¶¶ 434–441, 481–484) ........................................................................ 22

E.   Merchants Accept Mastercard Because It Is in Their Economic Interest (2020 SMF ¶¶ 415–418, 447–450, 502–528) ........................................................................... 23

F.   There Is No Proof That Mastercard Prices Are Supracompetitive (2020 SMF ¶¶ 442–446, 451–471, 493–501) ................................................................................ 24

G.   Merchants Negotiate for Reduced Costs of Acceptance (2020 SMF ¶¶ 505–528) 25

H.   Mastercard Innovates to Improve Quality (2020 SMF ¶¶ 529–629) ..................... 26

# **Preliminary Statement**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern District of New York, Defendants respectfully submit this reply to Grubhub Plaintiffs' Response to Defendants' Incorporation of Certain Paragraphs of Defendants' 2020 Statement of Material Fact.[1]  This reply is submitted in further support of Defendants' motions for summary judgment on all claims in the operative Complaint filed by Grubhub Plaintiffs.

Grubhub Plaintiffs filed two separate responses to Defendants' 2023 Statement of Material Facts[2]: (1) GH Pl. Resp. to 2020 SMF, which responds to paragraphs in Defendants' 2023 SMF that incorporate portions of Defendants 2020 Statement of Material Facts,[3] and (2) Grubhub Plaintiffs' Response to Defendants' Rule 56.1 Statement,[4] which responds to the remaining additional paragraphs in Defendants' 2023 SMF.  This reply addresses GH Pl. Resp. to 2020 SMF. Defendants reply separately to GH Pl. Resp. to 2023 SMF in Defendants' Reply in Support of Defendants' Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried.[5]

The GH Pl. Resp. to 2020 SMF incorporates and repeats the same purported responses and evidence previously submitted in the Direct Action Plaintiffs' ("DAP") Responses to Defendants' Rule 56.1 Statement,[6] and purports to cite new or additional evidence only in connection with

---

[1] Grubhub Plaintiffs' Responses to Defendants' Incorporation of Certain Paragraphs of Defendants' 2020 Statement of Material Fact (August 11, 2023) ("GH Pl. Resp. to 2020 SMF").

[2] Defendants' Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried (July 14, 2023) ("2023 SMF").

[3] Defendants Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried (June 1, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8068, 8262 ("2020 SMF").

[4] Grubhub Plaintiffs' Response to Defendants' Rule 56.1 Statement (August 11, 2023) ("GH Pl. Resp. to 2023 SMF").

[5] Defendants' Reply in Support of Defendants' Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried (Sept. 8, 2023) ("2023 Reply SMF").

[6] Direct Action Plaintiffs' Responses to Defendants' Rule 56.1 Statement (Sept. 22, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8195, 8327 ("DAP Resp.").

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

certain paragraphs of the GH Pl. Resp. to 2020 SMF, under the heading "Additional Response by the Grubhub Plaintiffs." Defendants reply separately here only to the purported "Additional Response[s] by the Grubhub Plaintiffs" in the GH Pl. Resp. to 2020 SMF and reply to the responses and evidence previously submitted in the DAP Resp. by incorporating by reference Defendants' prior replies to those paragraphs of DAP Resp. set forth in ECF No. 8103, Defendants' Reply in Support of Defendants' Statement of Material Facts.[7]

Part V of this statement supports the motion by Mastercard for summary judgment based on lack of market power; Visa does not join that section.

Copies of the evidence on which Defendants rely have already been, or will be, submitted as exhibits. Exhibits SJDX 1–1140 are attached to the Transmittal Declaration of Rosemary Szanyi in Connection with Defendants' Motions for Summary Judgment and Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried, dated June 1, 2020. Exhibits SJDX 1141–1232 are attached to the Transmittal Declaration of Gary Carney in Connection with Defendants' Oppositions to Motions for Partial Summary Judgment by Target Plaintiffs, by Rule 23(b)(2) Class Plaintiffs, and by 7-Eleven Plaintiffs and The Home Depot, dated September 22, 2020. Exhibits SJDX 1233–1292 are attached to the Second Transmittal Declaration of Rosemary Szanyi in Connection with Defendants' Motions for Summary Judgment and Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried, dated December 18, 2020. Exhibits SJDX 1293–1385 are attached to the Transmittal Declaration of Jayme Jonat, dated July 14, 2023. Exhibits GPX001–223 are attached to the Declaration of James A. Wilson in Support of Grubhub Plaintiffs' Oppositions to Defendants' Motions for Summary Judgment, dated August 11, 2023.

---

[7] Defendants' Reply in Support of Defendants' Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried (Dec. 18, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8103, 8281 ("2020 Reply SMF").

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

I.    **Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Defendants' Statement of General Background Facts (¶¶1, 8–66)**

Defendants incorporate by reference ECF No. 8103, Defendants' 2020 Reply SMF, Part I (replying to DAP Resp. ¶¶ 1, 8–66).  Defendants reply separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 19, 26–27, 38, 42, 44, 46–51, 54, 56–57 of GH Pl. Resp. to 2020 SMF.[8]  Because Grubhub Plaintiffs' "Additional Response[s]" to those paragraphs include cross-references to their responses to Defendants' 2023 SMF, Defendants incorporate by reference their reply to those responses as if set forth fully herein. (*See* 2023 Reply SMF.)

A.    **Early History of United States Payment Card Systems (2020 SMF ¶¶ 12–24)**

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part I.B. (replying to DAP Resp. ¶¶ 12–24).  Defendants reply separately here only to the "Additional Response[s] by Grubhub Plaintiffs" submitted in connection with the GH Pl. Resp. to 2020 SMF ¶ 19.

As explained in Part I.B. of Defendants' 2020 Reply SMF, Grubhub Plaintiffs do not meaningfully dispute Defendants' recitation of the early history of payment card systems in the United States.

To the extent that Grubhub Plaintiffs argue that "Grubhub Plaintiffs' documents and deposition testimony reflect that they, and not their acquirers, pay interchange fees to issuers," (GH Pl. Resp. to 2020 SMF ¶ 19), their arguments are identical in substance to those made in Grubhub Plaintiffs' Response to Defendants' 2023 Statement of Material Fact.  (*See* GH Pl. Resp. to 2023 SMF ¶¶ 89–125.)  Defendants therefore reiterate and incorporate the principal points raised

---

[8] Grubhub Plaintiffs submit no additional response in connection with GH Pl. Resp. to 2020 SMF ¶¶ 1, 8–18, 20–25, 28–41, 43, 45, 52, 55, 58–66.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

in Part IV.A of Defendants' Reply in Support of Defendants' 2023 SMF: Grubhub Plaintiffs cite

to agreements and testimony that reflects that interchange, network fees and chargebacks are paid

directly by the acquirers and then, "passed on" in whole or in part to merchants based upon the

negotiated terms of merchant agreements with their acquirers and processors.

## B.      The Visa and Mastercard Payment Card Networks (2020 SMF ¶¶ 25–37)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part I.C. (replying

to DAP Resp. ¶¶ 25–37).  Defendants reply separately here only to the "Additional Response[s]

by Grubhub Plaintiffs" submitted in connection with paragraphs 26–27 of the GH Pl. Resp. to

2020 SMF.

As explained in Part I.C. of ECF No. 8103, Defendants' 2020 Reply SMF, Grubhub

Plaintiffs do not dispute Defendants' recitation of the steps Visa and Mastercard take to facilitate

and process credit and debit transactions initiated by cardholders to purchase goods and services

from Visa- or Mastercard-accepting merchants except that in their "additional responses,"

Grubhub Plaintiffs argue that Defendants' "rules are not necessary for the networks to function or

create any efficiency," (GH Pl. Resp. to 2020 SMF ¶ 26), and that "the introduction of rewards-

based interchange fee tiers by Visa . . . and Mastercard . . . were part of the anticompetitive harm"

(GH Pl. Resp. to 2020 SMF ¶ 27.).  As discussed in Defendants' Response to Grubhub Plaintiffs'

'Counterstatement'[9] ¶ 93, Plaintiffs' assertions are immaterial to Defendants' summary judgment

motions.  And as with the DAPs' responses, Grubhub Plaintiffs' "additional responses" are not

based upon "facts" but on expert opinion that does not itself create an issue of fact.[10]  The Visa

---

[9] Defendants' Response to Grubhub Plaintiffs' Statement of Additional Material Facts (Sept. 8. 2023)("Defendants' Response to Grubhub Plaintiffs' 'Counterstatement'").

[10] *See Virgin Atlantic Airways Ltd. v. British Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001); *see also* Minute Order (May 13, 2023), *In re*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

and Mastercard networks each have established acceptance rules, including Honor All Cards Rules, to promote their own network's independent business interests consistent with their need to compete for issuers, acquirers, merchants, cardholders, and transactions.  *See* 2020 SMF ¶¶ 56–58.

### C.      Fees Applicable to a Visa or Mastercard Transaction (SMF ¶¶ 38–55)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part I.D. (replying to DAP Resp. ¶¶ 38–55).  Defendants reply separately here only to the "Additional Response[s] by Grubhub Plaintiffs" submitted in connection with paragraphs 38, 42, 44, 46–51 and 54 of GH Pl. Resp. to 2020 SMF.

As explained in Part I.D. of Defendants' 2020 Reply SMF, Grubhub Plaintiffs fail to create a triable issue of fact regarding the considerations and objectives driving Visa's and Mastercard's determinations of their respective default interchange rates and network fees.  To the extent that Grubhub Plaintiffs dispute the fact that fees are paid by acquiring banks, their additional responses are identical in substance to those made in response to Defendants' 2023 SMF.  (*See* GH Pl. Resp. to 2023 SMF ¶¶ 89–125.)  Defendants therefore reiterate and incorporate the principal points raised in Part IV.A of their 2023 Reply SMF: Grubhub Plaintiffs cite to agreements and testimony that reflects that interchange, network fees and chargebacks are paid directly by the acquirers and then, "passed on" in whole or in part to merchants based upon the negotiated terms of merchant agreements with their acquirers and processors.

---

*Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

In addition, Grubhub Plaintiffs do not in fact offer "additional responses" to the incorporated paragraphs of Defendants' 2020 SMF; they simply recapitulate the DAPs' responses—often word for word—but change the citations to the reports of their expert, Mr. Craig Romaine. However, expert opinion does not, of itself, create an issue of fact.[11]

### D. Visa's and Mastercard's Acceptance Rules (SMF ¶¶ 56–66)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part I.E. (replying to DAP Resp. ¶¶ 55–66). Defendants reply separately here only to the "Additional Response[s] by Grubhub Plaintiffs" submitted in connection with paragraphs 56–57 of GH Pl. Resp. to 2020 SMF.

As explained in Part I.E. of Defendants' 2020 Reply SMF, Grubhub Plaintiffs fail to create a triable issue of fact regarding the purpose of Visa's and Mastercard's network rules governing acceptance of their cards and how those rules operate. Moreover, Grubhub Plaintiffs' additional response regarding paragraph 56 is not based upon "facts" but on expert opinion that does not itself create an issue of fact.[12]

### II. Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Undisputed Material Facts Relating to Defendants' Motion for Summary Judgment under *Ohio v. American Express* (¶¶ 70–185)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part II (replying to DAP Resp. ¶¶ 70–185). Defendants reply separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 70, 72–73, 153–60, 170–78, 181 of GH Pl. Resp. to 2020 SMF. Because Grubhub Plaintiffs' "Additional Response[s]" to those

---

[11] *Id.*
[12] *Id.*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

paragraphs include cross-references to their responses to Defendants' 2023 SMF,[13] Defendants incorporate by reference their reply to those responses as if set forth fully herein. *See* 2023 Reply SMF. For the reasons explained below, and those previously explained in ECF No. 8103, 2020 Reply SMF, Part II, Grubhub Plaintiffs' responses to the incorporated paragraphs of Defendants' 2020 SMF relating to Defendants' motion for summary judgment based on *Ohio v. American Express Co.*, 138 S. Ct. 2274 (2017), are insufficient to create a triable issue.

Indeed, as catalogued below, Grubhub Plaintiffs do not in fact offer "additional responses" to the incorporated paragraphs of Part II of Defendants' 2020 SMF; they simply repeat the DAPs' responses—often word for word—but change the citations to the reports of their expert, Mr. Craig Romaine. These responses should be afforded no more consideration than the responses provided by the DAPs (which Defendants previously addressed in Part II of their 2020 Reply SMF). And as with the DAPs' responses, Grubhub Plaintiffs' "additional responses" are not based upon "facts" but on expert opinion that does not itself create an issue of fact.[14]

### A. Plaintiffs Concede That Visa and Mastercard Are Two-Sided Platforms Requiring a Two-Sided Market Analysis of the Challenged Rules (2020 SMF ¶¶ 70–88)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part II.A (replying to DAP Resp. ¶¶ 70–88). Defendants reply separately here only to the "Additional Response[s]

---

[13] *See* GH Pl. Resp. to 2020 SMF ¶¶ 70, 155–60, 171, 172, 175–77 (citing Grubhub Plaintiffs' Response to Defendants' 2023 SMF ¶¶ 4, 68, 72).

[14] *See Virgin Atlantic Airways Ltd. v. British Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001); *see also* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

7

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

by Grubhub Plaintiffs" submitted in connection with paragraphs 70 and 72–73 of GH Pl. Resp. to 2020 SMF.

Grubhub Plaintiffs' additional responses to these paragraphs in Defendants' 2020 SMF reproduce verbatim certain sentences from the responses in the DAPs' Response to those paragraphs, with the only difference being that they replace citations to the report of the DAPs' expert, Dr. Harris, with citations to the report of their expert, Mr. Romaine.  Those citations, in turn, reference sections of Mr. Romaine's report that are substantially similar, if not outright identical, to paragraphs in Dr. Harris's report.  As explained in Defendants' Response to Grubhub Plaintiffs' 'Counterstatement,' Mr. Romaine's opinion has been rebutted by Defendants' experts, is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum & Order.  (*See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.)  And as with the DAPs' responses, Grubhub Plaintiffs' "additional responses" are not based upon "facts" but on expert opinion that does not itself create an issue of fact.[15]

Defendants therefore reiterate and incorporate the principal points raised in Part II.A of their 2020 Reply SMF:  Grubhub Plaintiffs concede that they and their experts have concluded that any competitive assessment of the challenged rules must be made within the alleged two-sided relevant markets for credit transactions (and where pleaded) for debit transactions.  Nothing in the Visa or Mastercard rules prevents entities such as ███████ or an issuing bank from forming a new payment network to compete with Visa or Mastercard.  And Grubhub Plaintiffs' unsubstantiated contention that each network does not compete for card transactions but rather

---

[15] *Id.*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

competes only to be the issuer "cartel manager" or for ways to raise fees to merchants that can be passed to "issuer" cartel members, Grubhub Resp. to 2020 SMF ¶ 70, is immaterial to Defendants' motions and unsupported by the record.  (*See also* Defendants' post-IPO motion papers and *infra* Part III.)

## B.    Plaintiffs Do Not Materially Dispute that the Challenged Rules Have Not Stifled Either Network Competition or Innovation (2020 SMF ¶¶ 152—185)[16]

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part II.D (replying to DAP Resp. ¶¶ 152–185).  Defendants reply separately here only to the "Additional Response[s] by Grubhub Plaintiffs" submitted in connection with paragraphs 153–55, 160, 172, 173, and 175 of GH Pl. Resp. to 2020 SMF  Because Grubhub Plaintiffs' "Additional Response[s]" to many of those paragraphs consist of cross-references to their responses to Defendants' 2023 SMF,[17] Defendants incorporate by reference their reply to those responses as if set forth fully herein.  *See* 2023 Reply SMF.

As in the prior section, Grubhub Plaintiffs' additional responses principally reproduce sentences from the DAPs' Response to the same paragraphs and replace the DAPs' citations to the expert report of Dr. Harris with citations to the report of Mr. Romaine.  Grubhub Plaintiffs' response to ¶ 153 restates Dr. Harris's contention about Visa and Mastercard's market power in the words of Mr. Romaine.  Their response to ¶ 154 restates the DAPs' prior conclusory contentions that Visa and Mastercard only compete as "cartel managers of issuing banks" with a

---

[16] Defendants did not incorporate by reference any paragraphs of their 2020 SMF with respect to Evidence of Transaction Price, *see* 2023 SMF Part II.B, so Grubhub Plaintiffs do not respond to them.  Grubhub Plaintiffs did not provide "additional responses" to the paragraphs Defendants incorporated by reference from their 2020 SMF with respect to Evidence of Transaction Output in the United States, *see* 2023 SMF Part II.C, so there is no response to reply to.  As a result, Defendants' Reply continues here with the topic of Evidence of Network Competition and Innovation.  *See* 2023 SMF Part II.D.

[17] *See* Grubhub Plaintiffs' "Additional Response[s]" to 2020 SMF ¶¶ 156–59, 170–72, and 177 which incorporate by reference ¶¶ 68 and 72 of their Response to Defendants 2023 SMF.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

corresponding cite to Mr. Romaine's report.  Their response to ¶ 155 restates the DAPs' prior

contentions about whether the Visa and Mastercard HAC Rules have suppressed issuer

competition for merchant acceptance and whether American Express or Discover have a

meaningful third-party credit card issuing business, with corresponding cites to Mr. Romaine's

report.  Their response to ¶ 160 reproduces nearly verbatim the DAPs' prior contentions about

post-Durbin Amendment debit incentive deals, new category deals, and co-brand deals, with the

DAPs' original citations replaced by citations to Mr. Romaine's initial and rebuttal reports.  Their

response to ¶ 172 reproduces nearly verbatim a paragraph from the DAPs' response regarding the

development of rewards card programs, but with a citation to Mr. Romaine's report and to Grubhub

Plaintiffs' 2023 SMF Response ¶ 72.  Their response to ¶ 173 reproduces nearly verbatim the

DAPs' response regarding the procompetitive benefits offered to cardholders that were stymied by

the Durbin Amendment but with citations to Mr. Romaine's reports.  Their response to ¶ 175

reproduces a sentence from the DAPs' response regarding higher interchange levels on rewards

cards intended to fund the cost of rewards with a citation to Mr. Romaine's report and to Grubhub

Plaintiffs' 2023 SMF Response ¶ 72.  Finally, Grubhub Plaintiffs' response to ¶ 176 reproduces

verbatim a paragraph from the DAPs' response regarding Defendants' rewards programs and

premium card offerings and adds a citation to Grubhub Plaintiffs' 2023 SMF Response ¶ 72.

With respect to all of the foregoing, as explained in the Defendants' Response to Grubhub

Plaintiffs' 'Counterstatement,' Mr. Romaine's opinion has been rebutted by Defendants' experts,

is unreliable, and is inadmissible, including to the extent set forth in the Court's October 7, 2022

Memorandum & Order.  (*See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card*

*Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF

No. 8714.)  And as with the DAPs' responses, Grubhub Plaintiffs' "additional responses" are not

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

based upon "facts" but on expert opinion that does not itself create an issue of fact.[18]

### III.  Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Defendants' Statement of Undisputed Material Facts Relating to Defendants' Motion for Summary Judgment on Post-IPO Conspiracy Claims

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part III (replying to DAP Resp. ¶¶ 186–265).  Defendants reply separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 186–188, 190, 192, 196, 199, 207–208, 210–212, 216–217, 230–233, 236, 239, 251–252, 254–255, and 263–265 GH Pl. Resp. to 2020 SMF.[19]  Because Grubhub Plaintiffs' "Additional Response[s]" to those paragraphs include cross-references to their responses to Defendants' 2023 SMF, Defendants incorporate by reference their reply to those responses as if set forth fully herein.  *See* 2023 Reply SMF.

For the reasons explained below, and those previously explained in ECF No. 8103, 2020 Reply SMF, Part III, Grubhub Plaintiffs' "Additional Response[s]" to Defendants' 2020 Statement of Undisputed Material Facts relating to Defendants' motion for summary judgment on Grubhub Plaintiffs' post-IPO conspiracy claims are insufficient to create a triable issue.  Nothing in Grubhub Plaintiffs' "Additional Response[s]" substantively disputes Defendants' evidence showing that: (1) the Visa and Mastercard IPOs each eliminated any bank ownership and any purported bank voting control over the determination of default interchange fees and network rules; (2) Visa and

---

[18] *See Virgin Atlantic Airways Ltd. v. British Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999) ("[A]n expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case."), *aff'd*, 257 F.3d 256 (2d Cir. 2001); *see also* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828 (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) and *Virgin Atlantic Airways*, 257 F.3d at 264); *see also 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).

[19] Grubhub Plaintiffs submit no additional response in connection with GH Pl. Resp. to 2020 SMF ¶¶ 189, 191, 193–195, 197–198, 200–206, 209, 213–215, 218–229, 234–235, 237–238, 240–250, 253, 256–262.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Mastercard thereafter each unilaterally adopted default interchange fees and the challenged network rules; and (3) banks thereafter unilaterally decided to participate as customers of each network, subject to the default interchange fees and rules determined by each network. Defendants' motion turns on those facts and no others.

### A.  Grubhub Plaintiffs' Conspiracy Theories and Claims (SJDX 1369, 2020 SMF ¶¶ 186–200)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part III.A (replying to DAP Resp. ¶¶ 186–200).[20]  Defendants reply separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection paragraphs 186–188, 190, 192, 196 and 199 of GH Pl. Resp. to 2020 SMF.

For the reasons explained below, and those previously explained in Part III.A of Defendants' 2020 Reply SMF, Grubhub Plaintiffs do not and cannot dispute that their complaint asserts a pre-IPO structural conspiracy based on the banks' (i) former ownership of Visa and Mastercard and (ii) participation on the Visa and Mastercard boards that determined each network's rules.

Grubhub Plaintiffs' complaint alleges a pre-IPO conspiracy based on the organizational structure and board composition of the pre-IPO Visa and Mastercard joint ventures.  (*See, e.g.*, SJDX 1293 (Grubhub Compl.) ¶ 62 ("As members of the joint ventures, the member banks agreed to a collection of restrictive rules, referred to herein as the Competitive Restraints.").)

Grubhub Plaintiffs recently confirmed that their conspiracy arguments are based on bank

---

[20] The paragraphs of the Target Plaintiffs' Second Amended Complaint cited and discussed in Paragraphs 186–200 of Defendants' 2020 Statement of Undisputed Material Facts are virtually identical to the corresponding paragraphs in Grubhub Plaintiffs' Complaint.  *Compare* SJDX 3 (Target Compl.) ¶¶ 6, 75, 79, 81–82, 84, 158, 160, 180–234, pp. 78–80 (Prayer for Relief), *with* SJDX 1293 (Grubhub Compl.) ¶¶ 7, 62, 66, 68–69, 71, 145, 147, 154–208, pp. 66–68 (Prayer for Relief).

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

ownership and voting control, by joining and adopting the briefs in support of Target Plaintiffs' motion for partial summary judgment. (*See* Notice of Joinder in Target Pls.' Mot. for Partial Summ. J., Mem. of Law and Evid. in Supp. (May 15, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No 8829.) Those briefs assert, for example, that "the Challenged Rules exist only because the issuing banks— who compete with one another for cardholders—owned and controlled Visa and Mastercard and agreed to promulgate and follow the Challenged Rules." (*See, e.g.*, Mem. of Law in Supp. of The Target Pls.' Mot. for Part. Summ. J. at 2 (June 1, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8098 & 8355; *id.* at 13 ("The banks that owned and controlled both Visa and Mastercard pursuant to the 'association model' adopted the Challenged Rules in the first place.").) Grubhub Plaintiffs also confirm this in their response to Defendants' 2020 Statement of Undisputed Material Facts. (*See* GH Pl. Resp. to 2020 SMF ¶ 186 ("The Grubhub Plaintiffs specifically allege that before Mastercard's and Visa's respective IPOs, the member banks '[a]s members of the joint ventures' promulgated and agreed to abide by horizontal agreements not to compete and to fix prices.").)

### B. The Visa and Mastercard IPOs Eliminated Bank Ownership and Governance (SJDX 1369, 2020 SMF ¶¶ 201–205, 218–227)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part III.B (replying to DAP Resp. ¶¶ 201–205, 218–227). Grubhub Plaintiffs submit no additional response in connection with GH Pl. Resp. to 2020 SMF ¶¶ 201–205, 218–227, and accordingly Defendants do not provide any additional reply here to those paragraphs.

Most importantly for purposes of Defendants' summary judgment motion, Plaintiffs (including Grubhub Plaintiffs) have cited no evidence to create a genuine dispute regarding the

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Visa and Mastercard IPOs' elimination of the banks' purported control over the boards of directors that determine the networks' default interchange fees and network rules.

### C. Post-IPO, Visa and Mastercard Each Unilaterally Adopted Its Default Interchange Fees and Network Rules in Its Own Self-Interest (SJDX 1369, 2020 SMF ¶¶ 206–217, 228–237)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part III.C (replying to DAP Resp. ¶¶ 206–217, 228–237). Defendants reply separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 207–208, 210–212, 216–217, 230–233, and 236 of GH Pl. Resp. to 2020 SMF.

For the reasons explained below, and those previously explained in Part III.C of Defendants' 2020 Reply SMF, Grubhub Plainitffs do not substantively dispute that since the IPOs, Mastercard's and Visa's management—working under independent boards of directors and answerable to each network's public shareholders—unilaterally assessed and adopted default interchange schedules and the challenged rules in line with each network's independent self-interest. SJDX 1369, 2020 SMF ¶¶ 206–217, 228–237.

*Network Independence.* Grubhub Plaintiffs do not contest the fundamental fact that the IPO eliminated banks' control to determine interchange rates and network rules. Grubhub Plaintiffs nevertheless question whether "banks had *no* involvement" in those decisions post-IPO by pointing to circumstances where each network "solicit[ed] the opinions" of specific individual banks. (GH Pl. Resp. to 2020 SMF ¶ 207.) However, Grubhub Plaintiffs fail to show that banks had any power to cause interchange or network rules to be modified or rescinded, or that banks communicated with each other regarding those issues. The post-IPO communications between each network and each bank to which Plaintiffs cite are equally consistent with an independent

14

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

network responding to customers' concerns in a competitive market.[21]   Nor do Grubhub Plaintiffs dispute that before the IPOs, each network informed its members—via the securities filings accompanying each network's sale of its stock to the public—that after the IPO, independent of any bank vote, the network could decide to undertake significant rule changes if it were deemed to be in the best interests of the network.  (*See id.* ¶¶ 201–203, 209, 221–226, 235.)  Grubhub Plaintiffs also cite no evidence to contradict Visa's or Mastercard's ability, post-IPO, to eliminate the interchange model or undertake significant rule changes if in its self-interest.  (*Id.* ¶¶ 209, 235.)

*Network Self-Interest.*  Grubhub Plaintiffs also do not dispute that it was in Visa's and Mastercard's independent self-interest after the IPOs to adopt default interchange schedules and the challenged rules and to require banks that wanted to issue their cards or acquire their transactions to abide by the fees and rules that the networks determined.  Indeed, Grubhub Plaintiffs concede that Visa and Mastercard compete for issuers, and assert that they set interchange fees to maximize network fees, which are driven by volume over their own networks.  (*Id*. ¶¶ 212, 233 ("To the extent that Visa competes with Mastercard for issuers . . . they are incentivized to increase interchange (which goes to issuers) so that they can earn more network fees—if an issuer's card portfolio goes from Mastercard to Visa, given the honor-all-cards rule, Visa will earn more network fee revenue.").)  Grubhub Plaintiffs' citation to testimony that Visa and Mastercard have not collected issuer cost information (*id.* ¶ 212) does not contradict that the networks set default interchange fees in their own interests by incenting card issuance and acceptance, maximizing transaction and sales volume over the networks, and balancing demand

---

[21] *See* Defs.' Mem. of Law in Supp. of Their Mot. for Summ. J. on Pls.' Post-IPO Conspiracy Claims at 14–16 (June 1, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8089 & 8273; Defs.' Reply Mem. of Law in Supp. of Their Mot. for Summ. J. on Pls.' Post-IPO Conspiracy Claims at 8–9, 14–15 (Dec. 18, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8094 & 8276.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

on the issuer/cardholder and acquirer/merchant sides of the network platform.  (*See* ECF No. 8103, 2020 Reply SMF, Part I.D (replying to DAP Resp. ¶ 47); *id.* Part II.B (replying to DAP Resp. ¶ 89).)

Grubhub Plaintiffs characterize Visa's and Mastercard's post-IPO management of interchange as Visa and Mastercard each "maximiz[ing] participation in the cartel it manages." GH Pl. Resp. to 2020 SMF ¶¶ 210–212, 231–233.  But Grubhub Plaintiffs' characterization is not evidence and cannot create a triable issue.  (*See also* ECF No. 8103, 2020 Reply SMF, Part I.D (replying to DAP Resp. ¶¶ 47–51); *id.* Part II.A (replying to DAP Resp. ¶¶ 70, 74); *id.* Part II.C (replying to DAP Resp. ¶¶ 128, 148).)

Grubhub Plaintiffs attempt to dispute Visa's and Mastercard's motivations for the HAC and "no surcharge" rules.  (GH Pl. Resp. to 2020 SMF ¶¶ 216–217, 236–237.)  However, Grubhub Plaintiffs do not actually show that these rules and all exceptions thereto are inconsistent with Visa's or Mastercard's independent best interest.

Finally, in light of the substantial record evidence cited by Defendants, the opinions of Grubhub Plaintiffs' expert regarding the networks' motives for setting interchange and readopting the challenged network rules (*id.* ¶¶ 210–212, 216–217, 230–233, 236) are not based upon "facts" but on expert opinion that does not itself create an issue of fact on summary judgment.[22]

---

[22] *See* Defs.' Reply Mem. of Law in Supp. of Their Mot. for Summ. J. on Pls.' Post-IPO Conspiracy Claims at 22–23 (Dec. 18, 2020), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF Nos. 8094 & 8276 (citing *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993); *Virgin Atl. Airways Ltd. v. British Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999), *aff'd*, 257 F.3d 256 (2d Cir. 2001)); *see also* Minute Order (May 13, 2023), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8828; *1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021) (expert "theoretical and anecdotal" opinions are not a substitute for "empirical analysis" showing "actual anticompetitive change in prices after the restraint was implemented"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 113–14 (2d Cir. 2018) (expert testimony "accomplishe[d] little" on summary judgment).  In addition, the opinions of Grubhub Plaintiffs' expert, Mr. Craig R. Romaine, have been rebutted by Defendants' experts, are unreliable, and are inadmissible, including to the extent set forth in the Court's October 7, 2022 Memorandum &

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

### D. Banks Independently Participated as Customers of Visa and Mastercard after the IPOs (SJDX 1369, 2020 SMF ¶¶ 238–247)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part III.D (replying to DAP Resp. ¶¶ 238–247). Defendants reply separately here only to the "Additional Response by the Grubhub Plaintiffs" submitted in connection with paragraph 239 of GH Pl. Resp. to 2020 SMF.

For the reasons explained below, and those previously explained in Part III.D. of Defendants' 2020 Reply SMF, Grubhub Plaintiffs' do not substantively dispute that post-IPO banks unilaterally decided to participate as customers of each network, subject to each network's default interchange fees and network rules, given each bank's independent economic self-interest in doing so.

Grubhub Plaintiffs cite their expert's discussion of banks' efforts to differentiate themselves within the parameters of the networks' rules. (GH Pl. Resp. to 2020 SMF ¶ 239.) This in no way shows that it is against banks' self-interest to participate in the networks subject to their rules, especially in light of the benefits of participation cited in Defendants' 2020 Statement of Undisputed Material Facts, which Grubhub Plaintiffs do not substantively dispute. (*See id.* ¶¶ 239–247.) Nor does it tend to show that it would be against the self-interest of any bank to participate in the Visa and Mastercard networks if other banks did not also participate.

### E. The Independent Post-IPO Networks Have Determined Their Interchange Fees and Rules to Advance Their Own Interests, Not the Banks' (SJDX 1369, 2020 SMF ¶¶ 248–265)

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part III.E (replying to DAP Resp. ¶¶ 248–265). Defendants reply separately here only to the "Additional Response[s]

---

Order. *See* Memorandum & Order (Oct. 7, 2022), *In re Payment Card Interchange Fee and Merchant Discount Litig.*, No. 1:05-md-01720-MKB-VMS (E.D.N.Y.), ECF No. 8714.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

by the Grubhub Plaintiffs" submitted in connection with paragraphs 251–252, 254–255, and 263–265 of GH Pl. Resp. to 2020 SMF.

For the reasons explained below, and those previously explained in Part III.E. of Defendants' 2020 Reply SMF, Grubhub Plaintiffs do not substantively dispute that since the IPOs, Visa and Mastercard have each determined their interchange rates and network rules in ways that advanced their own interests, often at the expense of the interests of issuing banks. Nor do they dispute that the volume of transactions over each network—as well as industry-wide—has expanded steadily since each network's IPO.

Grubhub Plaintiffs' additional responses cite nothing to create a genuine dispute with paragraphs 248–265 of Defendants' 2020 Statement of Undisputed Material Facts. Indeed, Grubhub Plaintiffs cite further examples of the post-IPO networks taking actions regarding their interchange fees and rules that were "against [the banks'] independent self-interest." (GH Pl. Resp. to 2020 SMF ¶¶ 250, 252; *see also id.* ¶¶ 263 (█████████████████████████████ █████████████████████████████); 253–257 (failing to dispute banks' opposition to Visa's exclusive acceptance agreement with ███████).)

Grubhub Plaintiffs mention issuing banks' various revenue sources but do not dispute the plain meaning of bank testimony that transactions at ████████ and other merchants with reduced interchange rates were unprofitable for some issuers. (*Id.* ¶¶ 254–255.)

Importantly, Grubhub Plaintiffs do not dispute that the post-IPO networks' decisions regarding their interchange rates and network rules were often contrary to the interests of some banks, sparking frequent concern and frustration by the banks. (*Id.* ¶¶ 250, 253–254, 258–262.) Nor do Grubhub Plaintiffs dispute that post-IPO there has been an increase in output of transactions over the Visa and Mastercard networks, generating greater network fee revenues for Visa and

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Mastercard.  (*Id.* ¶¶ 264–265.)

## IV.   Defendants' Reply to Grubhub Plaintiffs' Responses and Objections to Defendants' Statement of Undisputed Material Facts Relating to Defendants' Motion for Summary Judgment Under *Illinois Brick Co. v. Illinois*

Defendants incorporate by reference ECF No. 8103, 2020 Reply SMF, Part IV (replying to DAP Resp. ¶¶ 266–403).  Defendants reply separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 275–78, 283–85, 287, 288–94 of GH Pl. Resp. to 2020 SMF.[23]  Because Grubhub Plaintiffs' "Additional Response[s]" to those paragraphs almost entirely consist of cross-references to their responses to Defendants' 2023 SMF, Defendants incorporate by reference their reply to those responses as if set forth fully herein.  (*See* 2023 Reply SMF.)

For the reasons explained in Defendants' 2020 Reply SMF and 2023 Reply SMF, nothing in Grubhub Plaintiffs' "Additional Response[s]" to the 2020 SMF substantively disputes Defendants' evidence that: (1) acquirers directly pay interchange to issuing banks and network fees to Visa and Mastercard; (2) acquirers charge merchants a merchant discount fee, which does not always pass on to merchants the full cost of the interchange paid by the acquirer; and (3) none of the purported exceptions to the *Illinois Brick* indirect purchaser rule applies here.  Accordingly, Defendants are entitled to summary judgment under *Illinois Brick*.

## V.   Mastercard's Reply to Grubhub Plaintiffs' Responses to Defendants' Incorporation of Certain Paragraphs of Defendants' 2020 Statement of Material Facts Relating to Mastercard's Lack of Market Power

Mastercard incorporates by reference ECF No. 8103, 2020 Reply SMF, Part V (replying to DAP. Resp. ¶¶ 404–629).  Mastercard replies separately here only to address the "Additional

---

[23] Grubhub Plaintiffs submit no additional response in connection with GH Pl. Resp. to 2020 SMF ¶¶ 279–82, 286, 295–403.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Response[s] by the Grubhub Plaintiffs" submitted in connection with certain paragraphs in GH Pl. Resp. to 2020 SMF.[24]   Mastercard does not repeat its replies to the statements and evidence previously submitted in paragraphs 404 through 629 of the DAP Resp., which Grubhub Plaintiffs have incorporated and repeated in paragraphs 404 through 629 of their GH Pl. Resp. to 2020 SMF.

For the reasons explained below, and set forth in Defendants' 2020 Reply SMF, Grubhub Plaintiffs fail to identify admissible evidence that creates a material disputed issue of fact sufficient to defeat Mastercard's Motion for Summary Judgment Based on Mastercard's Lack of Market Power.

## A.   The Challenged Restraints Date Back to Mastercard's Inception (2020 SMF ¶¶ 404–424)

Mastercard incorporates by reference ECF No. 8103, Defendants' 2020 Reply SMF, Part V.A (replying to DAP Resp. ¶¶ 404–424).   Mastercard replies separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 405, 414, and 419 of GH Pl. Resp. to 2020 SMF.

As explained in Part V.A of Defendants' 2020 Reply SMF, it is undisputed that Mastercard established its Honor All Cards rule and other point-of-sale rules at or near its inception.   (*See* 2020 SMF ¶¶ 417–418.)

Grubhub Plaintiffs do not dispute this fact.   (*See* Grubhub Resp. ¶ 417.)   In their "Additional Response[s]," Grubhub Plaintiffs merely restate their conclusory assertion, supported only by expert testimony, that Mastercard "derives" its purported market power from the challenged network rules.   (Grubhub Resp. ¶¶ 414, 419; *see* Grubhub Resp. ¶ 405.)   Grubhub

---

[24]   Grubhub Plaintiffs submit no additional evidence in connection with ¶¶ 404, 406–413, 415–418, 420–432, 434–435, 437, 439–441, 444, 446–448, 450, 453–454, 457–475, 478–483, 485–492, 494–496, 500–501, 504, 506–516, 518, 520, 522–527, 529–534, 536–557, 559–565, 572–573, 575–579, and 583–629 of their Responses to Defendants' 2020 Statement.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Plaintiffs cannot rely on expert testimony alone to create a material disputed issue of fact.  *See Virgin Atlantic Airways Ltd*. v. *British Airways PLC*, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999), *aff'd*, 257 F.3d 256 (2d Cir. 2001).  Moreover, Grubhub Plaintiffs' chief economic expert agrees that at the time of Mastercard's inception, when the challenged network rules were first implemented, Mastercard did not have market power.  (*See* 2023 SMF ¶ 184.)

## B.    Payment Card Networks Maintain Similar Rules (2020 SMF ¶¶ 422–423)

Mastercard incorporates by reference ECF No. 8103, Defendants' 2020 Reply Part V.B (replying to DAP Resp. ¶¶ 422–423).  Grubhub Plaintiffs have submitted no "Additional Response[s]" in connection with the paragraphs referenced therein.

As explained in Part V.B of Defendants' 2020 Reply SMF, the DAPs are unable to dispute that Mastercard's competitors all maintain rules, including rules similar to Mastercard's Honor All Cards rule, governing the acceptance of their cards at the point of sale.  (*See* 2020 SMF ¶¶ 422–423.)

Grubhub Plaintiffs do not identify any additional evidence refuting this fact.  (*See* Grubhub Resp. ¶¶ 422–423.)  Their expert admits that he is unaware of any network that has not implemented and maintained an Honor All Cards rule.  (*See* 2023 SMF ¶ 185.)

## C.    Mastercard's Market Shares Have Been Low and Declining for Well over a Decade (2020 SMF ¶¶ 425–433, 472–480, 485–492)

Mastercard incorporates by reference ECF No. 8103,  Defendants' 2020 Reply SMF, Part V.C (replying to DAP Resp. ¶¶ 425–433, 472–480, 485–492).  Mastercard replies separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 433 and 476–477 of GH Pl. Resp. to 2020 SMF.

As explained in Part V.C of Defendants' 2020 Reply SMF, it is undisputed that

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**
**TO BE FILED UNDER SEAL**

Mastercard's market share in credit has remained below ▮ since 2005, and has steadily declined during the relevant time period.  (*See* 2020 SMF ¶¶ 425, 432.)  It is likewise undisputed that Mastercard's market share in debit has remained below ▮ since 2006.  (*See* 2020 SMF ¶¶ 472, 478.)  Visa has had substantially higher shares in both credit and debit throughout the relevant time period.  (*See* 2020 SMF ¶¶ 425–427, 473.)

Grubhub Plaintiffs do not materially dispute that Mastercard has low and declining shares in the relevant credit and debit markets.  (*See* Grubhub Resp. ¶¶ 425–426, 473, 478.)  In fact, evidence from the updated record in this action confirms that these trends have only continued in recent years.  (*See* 2023 SMF ¶¶ 128–132.)  In their "Additional Response[s]," Grubhub Plaintiffs merely restate their expert's unsupported opinion that "Mastercard has market power" (Grubhub Resp. ¶ 433), which does not itself create a material disputed issue of fact, *see Virgin Atlantic Airways Ltd.*, 69 F. Supp. 2d at 579, and otherwise raise only minor objections as to how Mastercard's debit share is calculated in specific years.  (*See* Grubhub Resp. ¶¶ 476–477.)  Grubhub Plaintiffs' economic expert admits that Mastercard's market shares in credit and debit are insufficient on their own to support an inference of market power.  (*See* 2023 SMF ¶ 133.)

### D. Credit and Debit Transactions and Purchase Volume Have Grown Consistently (2020 SMF ¶¶ 434–441, 481–484)

Mastercard incorporates by reference ECF No. 8103, Defendants' 2020 Reply SMF, Part V.D (replying to DAP Resp. ¶¶ 434–441, 481–484).  Mastercard replies separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 436, 438, and 484 of GH Pl. Resp. to 2020 SMF.

As explained in Part V.D of Defendants' 2020 Reply SMF, there is no dispute that the number and volume of Mastercard transactions have increased over the relevant time period.  (*See*

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

2020 SMF ¶¶ 434–435.)

Grubhub Plaintiffs do not materially dispute this fact.  (*See* Grubhub Resp. ¶¶ 434–435.)

Again, evidence from the updated record in this action confirms that output continues to grow.

(*See* 2023 SMF ¶¶ 136–140.)  Grubhub Plaintiffs' economic expert admits that Mastercard is

incentivized to maximize the transaction volume on its network, because it generates revenue

based on transaction volume.  (*See* 2023 SMF ¶ 141.)

In their "Additional Response[s]," Grubhub Plaintiffs, like the DAPs, speculate that growth

in overall retail transactions would have been higher in a but-for world without the challenged

rules.  (*See* Grubhub Resp. ¶¶ 436, 438, 484.)  Such speculation cannot substitute for empirical

evidence.  *See 1-800 Contacts, Inc.* v. *Fed. Trade Comm'n*, 1 F.4th 102, 118 (2d Cir. 2021).

Grubhub Plaintiffs' economic expert admits that he has not attempted to calculate what output

would be in that but-for world.  (*See* 2023 SMF ¶ 142.)

### E.     Merchants Accept Mastercard Because It Is in Their Economic Interest (2020 SMF ¶¶ 415–418, 447–450, 502–528)

Mastercard incorporates by reference ECF No. 8103,  Defendants' 2020 Reply SMF, Part

V.E (replying to DAP Resp. ¶¶ 415–418, 447–450, 502–528).  Mastercard replies separately here

only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with

paragraphs 449, 502–503, 505, 517, 519, 521, and 528 of GH Pl. Resp. to 2020 SMF.

As explained in Part V.E of Defendants' 2020 Reply SMF, there is no genuine dispute that

merchants are free to decide whether or not to accept Mastercard credit and debit cards.  There is

likewise no genuine dispute that merchants choose to accept Mastercard because it is in their

economic interest to do so.  (*See* 2020 SMF ¶¶ 415–416, 447–450.)

In their "Additional Response[s]," Grubhub Plaintiffs fail to identify any evidence refuting

these facts.  In response to the abundant merchant testimony recognizing the benefits of accepting payment cards (*see* 2020 SMF ¶ 449), Grubhub Plaintiffs cite to testimony from their own witnesses regarding the benefits of accepting cash.  (*See* Grubhub Resp. ¶ 449.)  That testimony is in no way inconsistent:  merchants choose to accept payment cards, in the same way they choose to accept cash, because it makes business sense to do so.  And in response to evidence of robust competition between the networks for merchant acceptance, including through co-brand deals (*see* 2020 SMF ¶¶ 505–528), Grubhub Plaintiffs claim that the loyalty programs established in connection with those co-brand deals are "developed by the merchant itself" or with the issuing bank.  (Grubhub Resp. ¶ 521.)  This does not alter the fact that Mastercard often advises merchants on how to develop the loyalty component of their co-brand programs (*see* 2020 SMF ¶ 521), or refute that the networks compete for merchants' co-brand business.  Grubhub Plaintiffs otherwise restate their expert's conclusory opinions (*see* Grubhub Resp. ¶¶ 502–503, 505, 517, 519, 528), which does not create a material disputed issue of fact.  *See Virgin Atlantic Airways Ltd*., 69 F. Supp. 2d at 579.  In fact, Grubhub Plaintiffs have themselves testified that they choose to accept Mastercard because it is profitable for them to do so.  (*See* 2023 SMF ¶¶ 175–182.)  Grubhub Plaintiffs' economic expert also admits that merchants accept payment cards because they believe it is profitable for them to do so.  (*See* 2023 SMF ¶ 183.)

F.  **There Is No Proof That Mastercard Prices Are Supracompetitive (2020 SMF ¶¶ 442–446, 451–471, 493–501)**

Mastercard incorporates by reference ECF No. 8103, Defendants' 2020 Reply SMF, Part V.F (replying to DAP Resp. ¶¶ 442–446, 451–471, 493–501).  Mastercard replies separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 442–443, 445, 451–452, 455–456, 493, and 497–499 of GH Pl. Resp. to 2020 SMF.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

As explained in Part V.F of Defendants' 2020 Reply SMF, it is undisputed that Mastercard's two-sided credit prices have declined overall during the relevant time period. (*See* SMF ¶¶ 94, 116.) And there is no evidence that Mastercard's two-sided prices for credit or debit transactions are higher than its competitors' prices.

In their "Additional Response[s]," Grubhub Plaintiffs' are unable to identify any evidence that would create a genuine dispute as to these issues, relying instead on speculative expert testimony. (*See* Grubhub Resp. ¶¶ 442–443, 445, 451–452, 455–456, 493, 497–499.) Grubhub Plaintiffs' economic expert concedes, however, that the two-sided price for Mastercard and Visa credit transactions decreased between 2004 and 2020. (*See* 2023 SMF ¶ 144.) Further, Grubhub Plaintiffs have testified that ███████████████████████████████████████████████ ███████████████████████████ (*See* 2023 SMF ¶ 147.)

### G.     Merchants Negotiate for Reduced Costs of Acceptance (2020 SMF ¶¶ 505–528)

Mastercard incorporates by reference ECF No. 8103, Defendants' 2020 Reply SMF, Part V.G (replying to DAP Resp. ¶¶ 505–528). Mastercard replies separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 505, 517, 519, 521, and 528 of GH Pl. Resp. to 2020 SMF.

As explained in Part V.G of Defendants' 2020 Reply SMF, there is no dispute that merchants are free to negotiate reduced fees for Mastercard transactions, and have in fact done so, including through co-brand deals with Mastercard. (*See* 2020 SMF ¶¶ 510–516, 527–528.)

In their "Additional Response[s]," Grubhub Plaintiffs are unable to refute this fact. Instead, Grubhub Plaintiffs repeat their experts' unsupported assertion that Mastercard "does not compete for merchant acceptance" (Grubhub Resp. ¶¶ 505, 517, 519), and state that merchants develop the loyalty programs associated with their co-brand programs themselves or in collaboration with

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

issuing banks.  (*See* Grubhub Resp. ¶ 521.)  Grubhub Plaintiffs do not dispute, however, that merchants, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, have negotiated for reduced costs of acceptance in connection with their co-brand deals with Mastercard.  (*See* 2023 SMF ¶¶ 148–152.) Meanwhile, in response to evidence that Mastercard has competed for merchant acceptance by establishing lower default interchange rates for certain sectors with low acceptance, Grubhub Plaintiffs merely restate their experts' opinion that this is a form of "price discrimination that constitutes evidence of Mastercard's market power."  (Grubhub Resp. ¶ 528.)  But the Supreme Court has recognized that Mastercard's strategy of offering varying interchange rates for different products and groups of merchants was a competitive response to American Express's uniform high rates, and helped drive interchange fees down.  *See Ohio* v. *American Express Co.*, 138 S. Ct. 2274, 2289 (2018).

### H.  Mastercard Innovates to Improve Quality (2020 SMF ¶¶ 529–629)

Mastercard incorporates by reference Part V.G, Defendants' 2020 Reply SMF, Part V.E (replying to DAP Resp. ¶¶ 529–629).  Mastercard replies separately here only to the "Additional Response[s] by the Grubhub Plaintiffs" submitted in connection with paragraphs 535, 558, 566–571, 574, and 580–582 of GH Pl. Resp. to 2020 SMF.

As explained in Part V.E of Defendants' 2020 Reply SMF, there is no genuine dispute that Mastercard has consistently invested in improvements to the quality, safety, efficiency, and security of its network.  (*See* 2020 SMF ¶¶ 529–565.)

In their "Additional Response[s]," Grubhub Plaintiffs fail to identify any facts to the contrary.  Rather than cite to new evidence, Grubhub Plaintiffs merely restate their expert's opinions interpreting immaterial evidence that the DAPs have already relied upon, which does not create a genuine factual dispute.  *See Virgin Atlantic Airways Ltd.*, 69 F. Supp. 2d at 579.  (*See*

**HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL**

Grubhub Resp. ¶¶ 558, 566–571, 574, 580–582.)  While Grubhub Plaintiffs rehash the DAPs' assertion that Mastercard suppressed competition from ███████████, the record shows that both of those firms have been highly successful and consistently bring innovations to the payments space.  (*See* 2020 SMF ¶ 184, 586; 2023 SMF ¶ 81.)  Further, Grubhub Plaintiffs' expert acknowledges the significant competition and innovation that has characterized the payments space for many years.  (*See* 2023 SMF ¶ 153.)

Grubhub Plaintiffs also cite merchant testimony speculating as to "new products" that they might create "if the challenged rules were eliminated."  (Grubhub Resp. ¶ 535.)  That does not change the fact that the payments space has benefited from competition and innovation.  Grubhub Plaintiffs' own expert has conceded that innovations in areas such as digital wallets and contactless payments have all occurred while the challenged rules have been in place. (*See* 2023 SMF ¶ 153.) He also testified that he could not be "certain" that these innovations would have been developed in a but-for world without the challenged rules.  (2023 SMF ¶ 82.)

Further evidencing competition and innovation, Grubhub Plaintiffs are among the many merchants who choose to accept, and have benefited from, innovative new payment methods, including BNPL options such as Klarna, Affirm, and Afterpay, and digital payment methods such as PayPal and Venmo.  (*See* 2023 SMF ¶¶ 154–168.)

Dated:  September 8, 2023
       New York, New York

Respectfully submitted,

**HOLWELL SHUSTER & GOLDBERG LLP**

/s/ *Michael S. Shuster*
Michael S. Shuster
Demian A. Ordway
Blair E. Kaminsky
Jayme Jonat
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
bkaminsky@hsgllp.com
jjonat@hsgllp.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Anne P. Davis
Matthew A. Eisenstein
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
robert.vizas@arnoldporter.com

*Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ *Gary R. Carney*
Brette Tannenbaum
Gary R. Carney
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
btannenbaum@paulweiss.com
gcarney@paulweiss.com

Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, N.W.
Washington, DC 20006-1047
(202) 223-7300
kgallo@paulweiss.com
dioffredo@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 8, 2023, I caused a true and correct copy of the

foregoing to be served on all counsel in the above-referenced action via FTP, in accordance with

the parties' prior agreement.

Dated: September 8, 2023

/s/ *Gary R. Carney*
Gary R. Carney