HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | Case No. 1:05-md-1720 (MKB) (VMS) |
| This Document Applies to: | ORAL ARGUMENT REQUESTED |
| *Grubhub Holdings Inc., et al. v. Visa Inc., et al.*, No. 19-cv-06555 (E.D.N.Y.) (MKB) (VMS). | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT
<u>ON PLAINTIFFS' POST-IPO CONSPIRACY CLAIMS</u>**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ..............................................................................................1
ARGUMENT.............................................................................................................................1
CONCLUSION..........................................................................................................................5

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  986 F. Supp. 2d 207 (E.D.N.Y. Dec. 13, 2013) ................................................................. 4

*Relevent Sports, LLC v. United States Soccer Fed'n, Inc.*,
  61 F.4th 299 (2d Cir. 2023) ..................................................................................... 1, 2, 3, 4

**Statutes**

Sherman Act § 1 ............................................................................................................... 1, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 3

Fed. R. Civ. P. 56 ............................................................................................................... 3, 4

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

## PRELIMINARY STATEMENT

Visa and Mastercard submit this memorandum in further support of their motion for summary judgment on Plaintiffs' claims that Visa and Mastercard each respectively conspired with their customer banks to restrain trade after Mastercard's initial public offering ("IPO") in 2006 and Visa's IPO in 2008. Plaintiffs' opposition offers nothing to dispute the following facts that eliminate any basis for a finding of a post-IPO Section 1 conspiracy: (1) the IPOs fundamentally transformed Mastercard and Visa into publicly-owned corporations with no bank ownership or voting control over the determination of the challenged network rules, (2) Visa and Mastercard thereafter each unilaterally adopted, and revised, the challenged network rules in their own independent economic self-interest, and (3) banks thereafter unilaterally decided to participate as customers of each network, subject to rules determined by each network. Instead, Plaintiffs offer one inapposite legal precedent—a decision at the motion to dismiss stage based on allegations bearing no resemblance to the undisputed facts underlying the instant motion. The Court should grant summary judgment in favor of Defendants on Plaintiffs' post-IPO conspiracy claims.

## ARGUMENT

Plaintiffs do not present new facts or relevant legal arguments in opposition to Defendants' motion for summary judgment. Their arguments therefore should be rejected for the same reasons previously explained by Defendants,[1] as summarized below.

---

[1] As noted in Defendants' opening brief, Defendants adopt and incorporate by reference the evidentiary support and legal arguments in Defendants' 2020 briefing and 56.1 statements addressed to the DAPs' post-IPO conspiracy claims. *See* Defs.' Mem. of Law in Supp. of Their Mot. for Summ. J. on Pls.' Post-IPO Conspiracy Claims (July 14, 2023) at 1–2 n.2. Defendants further adopt and incorporate by reference the evidentiary support and legal arguments regarding the DAPs' post-IPO conspiracy claims in (1) Defs.' Consolidated Resp. to Pls.' Statements of Additional Material Facts (Dec. 18, 2020), ECF No. 8287; (2) Defendants' March 17, 2023 to the Court Responding to the DAPs' Letter Regarding *Relevent Sports, LLC v. U.S. Soccer Fed'n, Inc.*, 61 F.4th 299 (2d Cir. 2023), ECF No. 8794; and (3) Defendants' July 2, 2021 Letter to the Court Responding to the DAPs' Letter Regarding *National Collegiate Athletic Association v. Alston*, 141 S. Ct. 2141 (2021), ECF No. 8611.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

***No New Facts.***  Plaintiffs fail to present new evidence of unlawful concerted action among the networks and their respective customer banks after each IPO.  Plaintiffs' opposition rests exclusively on the "factual evidence assembled and cited by the [Direct Action Plaintiffs ("DAPs")]," and offers no new facts or evidence.  Likewise, their Counterstatement of "Additional Material Facts" and their "Responses" to Defendants' Statement of Undisputed Material Facts pertaining to Defendants' post-IPO arguments are "identical to and incorporate[]" the DAPs' previously submitted "Additional Material Facts" and "Responses,"[2] and their so-called "Additional Grubhub Evidence in Support" and "Additional Responses by the Grubhub Plaintiffs" (cited by Plaintiffs in connection with certain "Additional Material Facts" and "Responses") fail to create a material dispute for the same reason as the evidence previously submitted by the DAPs.[3]  (*See* Defs.' Response to Grubhub Pls.' Statement of Additional Material Facts § III; Defs.' Reply in Supp. of Defs.' Incorporation of Certain Paragraphs of Defs.' 2020 Statement of Material Facts § III.)  Accordingly, for the same reasons previously explained as to the DAPs, Plaintiffs have failed to dispute the material facts upon which Defendants' motion turns.

***No New Law.***  Plaintiffs' opposition also relies on the same legal arguments previously submitted by the DAPs, and draws the Court's attention to a single case, *Relevent Sports, LLC v. United States Soccer Federation, Inc.*, 61 F.4th 299 (2d Cir. 2023).  Opp. at 3–6.  Plaintiffs incorrectly assert that Defendants "ignore" *Relevent Sports*.  To the contrary, Defendants' March 17, 2023 letter to the Court responding to the DAPs' notice of supplemental authority fully

---

[2] *See* Grubhub Pls.' Counterstatement of Material Facts at 1 (Aug. 11, 2023); Grubhub Pls.' Resps. to Defs.' Incorporation of Certain Paragraphs of Defs.' 2020 Statement of Material Facts at 1 (Aug. 11, 2023).
[3] Specifically, Plaintiffs rely on the same evidence as the DAPs except include cites to their own expert reports and depositions, more recent public filings and network rules, and court filings that all convey the same substantive information as materials cited by the DAPs.

2

addressed *Relevent Sports* and explained why the decision "does not bear on the pending summary judgment motions before the Court." (*See* ECF. No. 8794.) There was no reason for Defendants to address the case again here.

As Defendants previously stated, *Relevent Sports* analyzed the limited question under Rule 12(b)(6) of whether the plaintiff had plausibly *alleged* concerted action when they alleged that the members of an association voted to adopt a rule that expressly divided geographic markets. *See* 61 F.4th 299 at 303–04, 306. In contrast to a motion to dismiss, here, Rule 56 requires Plaintiffs to present ***evidence*** to contest the undisputed facts that after Visa's and Mastercard's respective IPOs, each network (through management working under independent boards of directors elected by public shareholders) unilaterally enforced and adopted the challenged rules in their own independent self-interest. As demonstrated in Defendants' prior briefing, Plaintiffs have failed to raise ***any*** material dispute of fact because they cannot muster ***any*** evidence of an anticompetitive agreement among each network and their respective customer banks to establish the challenged network rules following those IPOs. The holding in *Relevent Sports* at the motion to dismiss stage does not bear on Plaintiffs' failure to satisfy their burden under Rule 56.

Moreover, the allegations at issue in *Relevent Sports* are factually distinct from the undisputed facts here concerning Visa's and Mastercard's unilateral adoption of the challenged network rules after their respective IPOs. In *Relevent Sports*, the plaintiff alleged that members participated in an association, that members of that association "surrendered" to the association's decisions, and that the members voted for the association to promulgate a facially anticompetitive rule. *Id*. at 303–04, 309. Based on those allegations, the Second Circuit held that a member-controlled association's "***adoption*** of a binding association rule ***designed to***

3

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

*prevent competition* is direct evidence of concerted action." *Id.* at 307 (emphasis added). Here, by contrast, the undisputed facts demonstrate that the IPOs terminated bank ownership and governance and any purported bank voting control over the determination of default interchange fees and network rules and transformed Visa and Mastercard from associations into public corporations directed by independent boards elected by shareholders. Simply put, post-IPO Visa and Mastercard each adopted the challenged rules through their independent management and boards answerable to public shareholders. Customer banks have not voted to adopt the rules or otherwise imposed control over the networks' determination of their rules. Moreover, unlike the rule in *Relevent Sports*, where defendants were alleged to have expressly allocated markets, the challenged rules in this case are not facially anticompetitive but "undeniably have significant procompetitive effects." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 219 (E.D.N.Y. Dec. 13, 2013), *rev'd on other grounds by* 827 F.3d 223 (2d Cir. 2016). Therefore, the analysis in *Relevent Sports* does not shed light on whether Plaintiffs can prove concerted action ***in this case***.

At bottom, *Relevent Sports* does not address the issue central to Defendants' motion, namely the undisputed fact that any alleged pre-IPO collective decision-making by the networks' then-owner banks regarding Mastercard's or Visa's interchange fees and rules did not (and could not) continue after the IPOs. Plaintiffs present no evidence to dispute that the IPOs eliminated any control by member banks over Visa's and Mastercard's rules, and they offer no other evidence to show the banks communicated with each other or otherwise conspired to determine either network's interchange fees or the challenged network rules after the IPOs. The holding of an inapposite decision on a motion to dismiss has no bearing on Plaintiffs' failure to meet their burden under Rule 56.

4

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' opening brief, summary judgment should be granted on Plaintiffs' post-IPO claims predicated on a conspiracy to restrain trade in violation of Sherman Act § 1.

Dated: September 8, 2023

Respectfully submitted,

**ARNOLD & PORTER**
**KAYE SCHOLER LLP**

/s/ *Matthew A. Eisenstein*
Anne P. Davis
Matthew A. Eisenstein
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
robert.vizas@arnoldporter.com

**HOLWELL SHUSTER &**
**GOLDBERG LLP**

Michael S. Shuster
Demian A. Ordway
Blair E. Kaminsky
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
bkaminsky@hsgllp.com

*Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**

Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, N.W.
Washington, DC 20006-1047
(202) 223-7300
kgallo@paulweiss.com
dioffredo@paulweiss.com

Brette Tannenbaum
Gary R. Carney
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
btannenbaum@paulweiss.com
gcarney@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I caused a true and correct copy of the foregoing to be served on all counsel in the above-referenced action via FTP, in accordance with the parties' prior agreement.

Dated: September 8, 2023

/s/ Gary R. Carney
Gary R. Carney