UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

This Document Relates to:

*Grubhub Holdings, Inc., et al. v. Visa Inc., et al.*, No. 19-cv-06555 (E.D.N.Y.) (MKB) (VMS)

Case No. 05-md-01720 (MKB) (VMS)

ORAL ARGUMENT REQUESTED

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DAMAGES CLAIMS UNDER FEDERAL ANTITRUST LAWS BASED ON *ILLINOIS BRICK CO. v. ILLINOIS***

HIGHLY CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

HIGHLY CONFIDENTIAL<br>SUBJECT TO PROTECTIVE ORDER<br>TO BE FILED UNDER SEAL

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    The Record Demonstrates that Grubhub Plaintiffs Are Not Direct Payors of Interchange or Network Fees ................................................................................. 2

    II.   *Paycom* Confirms that Grubhub Plaintiffs' Damages Claims Are Barred Under *Illinois Brick* ........................................................................................................... 5

        A.    Grubhub Plaintiffs Are Subject to the Same Pass-On Payment Dynamic Addressed in *Paycom* ................................................................................. 5

        B.    *Paycom* Is Consistent with *Amex* and *Apple* ............................................... 6

CONCLUSION ............................................................................................................................... 8

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

# TABLE OF AUTHORITIES

**Cases**                          **Page(s)**

*Apple Inc. v. Pepper*,
    139 S. Ct. 1514 (2019) ................................................................................................. 2, 6, 7

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977) ........................................................................................................ 1, 5

*In re ATM Fee Antitrust Litig.*,
    686 F.3d 741 (9th Cir. 2012) ................................................................................................ 6

*Kansas v. UtiliCorp United Inc.*,
    497 U.S. 199 (1990) ........................................................................................................ 1, 2

*Ohio v. Am. Express Co.*,
    138 S. Ct. 2274 (2018) .......................................................................................................... 6

*Paycom Billing Servs., Inc. v. Mastercard Int'l Inc.*,
    467 F.3d 283 (2d Cir. 2006) ..................................................................................... *passim*

*Salveson v. JPMorgan Chase & Co.*,
    860 F. App'x 207 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 773 (2022) ..................................... 7

*Salveson v. JP Morgan Chase & Co.*,
    2020 WL 4810704 (E.D.N.Y. July 16, 2020) ........................................................................ 7

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Grubhub Plaintiffs' opposition ignores (i) the express contracts between acquiring banks and merchants addressing the interchange paid by acquirers to issuers, (ii) the absence of any contract between merchants and issuer banks, and (iii) financial records of the payment and receipt of fees applicable to Visa and Mastercard payment card transactions, all of which show that acquiring banks, not merchants, directly pay interchange and network fees. Instead, they cite to record evidence that banks deduct interchange from funds ultimately "due to the merchant," and witness testimony that merchants pay interchange. Grubhub Opp.[1] at 2. This evidence, Grubhub Plaintiffs argue, precludes summary judgment because it shows the "economic reality" that "interchange is taken from the merchant's funds." *Id*. Grubhub Plaintiffs are wrong.

Grubhub Plaintiffs confuse the entity that directly pays interchange and network fees (the acquiring bank) with the entity that may bear some of the downstream economic impact of those fees (the merchant). The evidence that Grubhub Plaintiffs cite reflects not who pays the issuer— that would be the agreements and financial records that govern the payment and receipt—but the pass-on dynamic of the fees. And whether the acquiring banks pass on to Grubhub Plaintiffs the costs of interchange and network fees is irrelevant to antitrust standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). *See Kansas v. UtiliCorp United Inc.*, 497 U.S. 199, 211-12 (1990) (*Illinois Brick* can "often deny relief to consumers who have paid inflated prices because of their status as indirect purchasers"). Indeed, in *Paycom Billing Servs., Inc. v. Mastercard Int'l, Inc.*, the Second Circuit held that *Illinois Brick* barred a merchant's federal antitrust damages claims

---

[1] The Grubhub Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment on Plaintiffs' Damages Claims Under Federal Antitrust Laws Based on *Illinois Brick Co v. Illinois* (hereinafter, "Grubhub Opp.").

1

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

against Mastercard where the charges at issue were assessed against an acquiring bank, which charges the acquiring bank then passed to the merchant. 467 F.3d 283, 291-92 (2d Cir. 2006).

Grubhub Plaintiffs have no answer for *Paycom*. Instead, they urge the Court to base antitrust standing on "who is likely to be a more effective enforcer of antitrust laws" (Grubhub Opp. at 7), which runs contrary to the Supreme Court's admonition that *Illinois Brick* is a "bright-line rule" and that it is "unwarranted and counterproductive" to "litigate a series of exceptions." *Apple Inc. v. Pepper*, 139 S. Ct. 1514, 1524 (2019) (quoting *UtiliCorp*, 497 U.S. at 217). None of Grubhub Plaintiffs' arguments alters the *Illinois Brick* analysis, or the conclusion that Grubhub Plaintiffs' damages claims must be dismissed.

## ARGUMENT

Grubhub Plaintiffs rehash the same arguments made by the Direct Action Plaintiffs ("DAPs") in opposition to the Defendants' *Illinois Brick* Motion in the DAP Actions,[2] and those arguments fail for the same reasons set forth in Defendants' DAP Actions *Illinois Brick* Reply,[3] which Defendants incorporate here by reference, and for the additional reasons set forth below.

### I. THE RECORD DEMONSTRATES THAT GRUBHUB PLAINTIFFS ARE NOT DIRECT PAYORS OF INTERCHANGE OR NETWORK FEES

The agreements between Grubhub Plaintiffs and their acquiring banks ("Acquirers") and/or payment processors ("Processors"), and the financial records of Visa and Mastercard payment card transactions, confirm that interchange and network fees are directly paid by Acquirers, not Grubhub Plaintiffs. SMF ¶¶ 91, 98-107, 116-25. Grubhub Plaintiffs attempt to

---

[2] Direct Action Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment on Plaintiffs' Damages Claims Under Federal Antitrust Laws Based on *Illinois Brick Co. v. Illinois*, Dkt. 8192.
[3] Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment on Plaintiffs' Damages Claims Under Federal Antitrust Laws Based on *Illinois Brick Co. v. Illinois*, Dkt. 8175 (hereinafter, "DAP Actions *Illinois Brick* Reply"). Defendants also incorporate by reference Defendants' Consolidated Response to Plaintiffs' Statements of Additional Material Facts, Dkt. 8287; and Defendants' Reply in Support of Defendants' Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried, Dkt. 8281.

2

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

obscure this fact by citing testimony and documents that colloquially refer to merchants paying interchange. *See* Grubhub Opp. at 2-3. But these references reflect that Acquirers may pass on some or all of the costs of interchange and network fees to merchants in connection with the fees Acquirers charge to merchants (i.e., merchant discount fees). SMF ¶¶ 105-15; *see also* DAP Actions *Illinois Brick* Reply at 7. Short-hand descriptions of this pass-on dynamic between merchants and Acquirers that are untethered to, and contradicted by, the agreements and financial records that actually govern the payment of these fees do not create a genuine dispute regarding who ***directly*** pays interchange to the issuing banks ("Issuers") or network fees to the networks. *See* DAP Actions *Illinois Brick* Reply at 6-7. Rather, that evidence shows only whether merchants, including Grubhub Plaintiffs, might indirectly bear the costs of interchange and network fees.[4]

Having failed to marshal evidence of who directly pays interchange and network fees, Grubhub Plaintiffs argue instead that it is implausible or unbelievable that Acquirers make these payments.

*Grubhub Argument: Do Not Believe the Contractual Language.* Grubhub Plaintiffs dismiss the language in their contracts with Acquirers as "rote" and "self-serving." Grubhub Opp. at 4. But it is not plausible that sophisticated merchants such as Grubhub and BJ's would agree to contracts containing so-called "self-serving" terms that did not accurately reflect how the Acquirer's costs from interchange and network fees would be passed on to the merchant under the contracts. Indeed, Grubhub Plaintiffs have acknowledged that they enter into and renew contracts with Acquirers and/or Processors because the terms are financially favorable to

---

[4] Grubhub Plaintiffs also assert that Defendants' Honor All Cards and default interchange rules are imposed directly on merchants. As Defendants previously explained, this argument is irrelevant to the *Illinois Brick* inquiry, which looks to whether the alleged *overcharges* must be traced through one or more intermediaries. DAP Actions Illinois Brick Reply at 13.

3

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

the company. *See* SMF ¶ 110; *see also* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover, this characterization ignores the fact that merchants, including Grubhub Plaintiffs, can and do negotiate different terms with Acquirers or Processors. SMF ¶¶ 110, 114. Regardless, whether the language is "self-serving" is irrelevant, as Grubhub Plaintiffs do not dispute that this language governs the relationship between merchants and their Acquirers.

*Grubhub Argument: Do Not Believe That Acquirers Pay Anything.* Grubhub Plaintiffs argue that Acquirers and Processors treat interchange as contra-revenue rather than an expense. *See* Grubhub Opp. at 2, 4, 6. But accounting treatment is irrelevant to the issue of antitrust standing, and Grubhub Plaintiffs do not offer any authority to the contrary. *See* DAP Actions *Illinois Brick* Reply at 8. Similarly, Grubhub Plaintiffs' argument that the Issuer deducts interchange from the amounts sent to the Acquirer rather than separately deducting interchange from the Acquirer's account (Grubhub Opp. at 2-3) does not contradict that Acquirers pay interchange. *See* DAP Actions *Illinois Brick* Reply at 7-8.

*Grubhub Argument: Do Not Believe Defendants.* Grubhub Plaintiffs claim that Defendants' *Illinois Brick* argument is inconsistent with Defendants' position that Issuers and networks compete vigorously for merchant acceptance by negotiating co-brand deals with merchants that contain terms regarding the interchange and network fees applicable to those merchants' transactions. Grubhub Opp. at 4-5. According to Grubhub Plaintiffs, the absence of Acquirers from the negotiation of these deals suggests that Acquirers do not pay interchange. *Id.*

---

[5] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

But once again, Grubhub Plaintiffs confuse indirect economic impacts with the direct payment of interchange and network fees. It is undisputed that Acquirers *do* negotiate the terms in their agreements with merchants, which govern the degree to which Acquirers pass on the cost of interchange and network fees to merchants. SMF ¶¶ 110, 114. That certain merchants—who may ultimately bear the cost of the interchange and network fees paid by Acquirers—separately negotiate with Issuers and networks the interchange and network fees applicable to their transactions reflects the pass-on dynamic of the fees paid by Acquirers to Issuers and networks. There is no inconsistency in Defendants' arguments.

## II. *PAYCOM* CONFIRMS THAT GRUBHUB PLAINTIFFS' DAMAGES CLAIMS ARE BARRED UNDER *ILLINOIS BRICK*

### A. Grubhub Plaintiffs Are Subject to the Same Pass-On Payment Dynamic Addressed in *Paycom*

Grubhub Plaintiffs' damages claims are barred under *Paycom*, the binding Second Circuit decision holding that a merchant lacked antitrust standing under *Illinois Brick* to pursue damages claims against Mastercard. *See* DAP Actions *Illinois Brick* Reply at 3-6.[6] Grubhub Plaintiffs' insistence that *Paycom* "has little to do with this case" (Grubhub Opp. at 8) rings hollow, as it addressed the situation present here—a merchant's inability under *Illinois Brick* to seek damages against a payment card network based on fees that were assessed against an acquiring bank, which charges the acquirer then passed on to the merchant. 467 F.3d at 291-92.

Grubhub Plaintiffs claim that *Paycom* is inapposite because the *Paycom* complaint alleged that the fines and charges were imposed on acquiring banks, whereas Grubhub Plaintiffs allege that merchants pay interchange and network fees. Grubhub Opp. at 8. But such distinctions are meaningless at summary judgment. Because the undisputed facts in this case

---

[6] Defendants also incorporate by reference the arguments, including those addressing *Paycom*, set forth in their letter of June 27, 2023 in response to the Court's June 13, 2023 Order, Dkt. 8857.

5

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

match the alleged facts in *Paycom* regarding the structure of the Visa and Mastercard payment systems, the result is the same. The record evidence of payment and receipt confirming that Acquirers pay interchange to Issuers is all that matters for this motion. SMF ¶¶ 91, 98-107, 116-17.

Importantly, *Paycom* instructs that "even if one hundred percent of the chargebacks, fines, and penalties were passed on, Paycom, as an indirect payor of the chargebacks and chargeback fines and penalties, would still lack antitrust standing." 467 F.3d at 291-92; *see also In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 748 (9th Cir. 2012) ("[I]ndirect purchasers may not use a pass-on theory to recover damages and thus have no standing to sue."). Thus, even if acquirers passed along all of the costs of interchange and other amounts that they are assessed to Grubhub Plaintiffs,[7] Grubhub Plaintiffs' damages claims would still be barred under *Illinois Brick*.

### B. *Paycom* Is Consistent with *Amex* and *Apple*

Grubhub Plaintiffs' suggestion that *Paycom* is no longer dispositive in light of *Ohio v. American Express Co.*, 138 S. Ct. 2274 (2018) ("*Amex*") and *Apple, Inc. v. Pepper*, 139 S. Ct. 1514 (2019) is unpersuasive. *See* Grubhub Opp. at 8. First, Grubhub Plaintiffs assert that the *Amex* court's observation that "the network can sell its services only if a merchant and cardholder both simultaneously choose to use the network" demonstrates that the merchant, and not the Acquirer, pays interchange and network fees. Grubhub Opp. at 6 (citing *Amex*, 138 S. Ct. at 2286). But as Defendants previously explained, *Amex* addressed the issue of anticompetitive effects in the context of a two-sided market and did not draw any conclusions as to who pays

---

[7] Some Acquirers or Processors do not pass on one hundred percent of interchange to merchants, as illustrated by Grubhub Plaintiffs that pay interchange-plus or blended rate prices to their Acquirers or Processors. *See, e.g.*, SMF ¶¶ 108-15, 117, 119.

6

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

what fees to whom in connection with payment card transactions. DAP Actions *Illinois Brick* Reply at 2, 9-10. The Second Circuit recently confirmed this interpretation of *Amex* and rejected the argument that *Amex* altered the operation of the *Illinois Brick* direct purchaser rule in the context of a two-sided market. *Salveson v. JPMorgan Chase & Co.*, 860 F. App'x 207, 209 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 773 (2022) ("After *American Express*, courts must use a two-sided market definition when analyzing market power in the credit card market, but we do not understand the decision to bar courts from treating participants in these markets as purchasers of distinct goods for purpose of the *Illinois Brick* doctrine.").[8] As the Second Circuit explained, the plaintiffs' argument that "they pay the interchange fee when they 'purchase transactions' from the defendant banks . . . confuses the issue of market definition . . . with the issue of who may be a proper plaintiff under *Illinois Brick*." *Id.* This Court has likewise observed that "nothing about the structure of the transaction has changed" as a result of *Amex*. *Salveson v. JP Morgan Chase & Co.*, 2020 WL 4810704, at *11 (E.D.N.Y. July 16, 2020) (Brodie, J.); *see also* DAP Actions *Illinois Brick* Reply at 10-12. In short, *Amex* does not alter the *Illinois Brick* analysis or the conclusion that Acquirers pay interchange and network fees, not merchants.

Likewise, as Defendants previously explained, *Apple* confirms that Grubhub Plaintiffs lack antitrust standing. *See* DAP Actions *Illinois Brick* Reply at 12-13. There, the Supreme Court found that "[u]nlike in *Illinois Brick*, there will be no need to trace the effect of the overcharge through each step in the distribution chain" because the plaintiffs paid directly to Apple and the "overcharge has not been passed on by anyone to anyone." *Apple*, 139 S. Ct. at 1525 (internal quotation marks and citation omitted). By contrast, here (as in *Paycom*),

---

[8] Defendants incorporate by reference their letter of July 1, 2021 regarding *Salveson v. JPMorgan Chase & Co.*, 860 F. App'x 207 (2d Cir. 2021), Dkt. 8609.

7

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

Acquirers pay the fees at issue and pass on those costs, in part or in whole, to merchants. SMF ¶¶ 91, 102-15.

## CONCLUSION

For the foregoing reasons, summary judgment should be granted in Defendants' favor on all of Grubhub Plaintiffs' damages claims based on federal antitrust laws.

Dated: September 8, 2023

Respectfully submitted,

**HOLWELL SHUSTER & GOLDBERG LLP**

/s/ *Michael S. Shuster*
Michael S. Shuster
Demian A. Ordway
Blair E. Kaminsky
Jayme Jonat
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
bkaminsky@hsgllp.com
jjonat@hsgllp.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Anne P. Davis
Matthew A. Eisenstein
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
robert.vizas@arnoldporter.com

8

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
TO BE FILED UNDER SEAL

*Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association*


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ *Gary R. Carney*
Brette Tannenbaum
Gary R. Carney
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
btannenbaum@paulweiss.com
gcarney@paulweiss.com

Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, N.W.
Washington, DC 20006-1047
(202) 223-7300
kgallo@paulweiss.com
dioffredo@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I caused a true and correct copy of the foregoing to be served on all counsel in the above-referenced action via FTP, in accordance with the parties' prior agreement.

Dated: September 8, 2023

/s/ *Gary R. Carney*
Gary R. Carney