```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | **REPORT AND RECOMMENDATION** |
| | 05-MD-1720 (MKB) (JAM) |
| This document refers to: ALL ACTIONS | |

```
------------------------------------------------------------------X
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

A putative class of over twelve million nationwide merchants brought this antitrust action under the Sherman Act, 15 U.S.C. §§ 1 and 2, and state antitrust laws, against Visa U.S.A. Inc. ("Visa"), MasterCard International Inc. ("MasterCard"), and numerous banks that serve as payment-card issuers for those networks. Plaintiffs alleged that Visa and MasterCard adopted and enforced rules and practices relating to payment cards that had the combined effect of injuring merchants by allowing Visa and MasterCard to charge supercompetitive fees (known as "interchange fees") on each payment card transaction. After more than fifteen years of litigation, a settlement of $5.6 billion was approved by the United States District Court for the Eastern District of New York. *See, e.g.*, *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 712 (2d Cir. 2023).

On November 7, 2023, class counsel for the Rule 23(b)(3) Class ("Class Counsel") filed a letter-motion, with exhibits, seeking an Order to Show Cause as to why the non-party entity or entities operating the website settlement2023.org ("the Settlement2023.org Entity") should "not immediately cease and desist their conduct, cancel all contracts they have with any potential claimant, and take further steps to correct their actions." Dkt. No. 8996.[1] Class Counsel argued

---

[1] Docket entries references are to the docket *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 05-MD-1720 (MKB) (JAM) unless otherwise stated.

that the Settlement2023.org Entity has "been conducting an advertising campaign that appears to run afoul of the Court's order regarding third-party filing companies and further appears to be engaging in false and misleading sales activities." *Id.* On November 10, 2023, the undersigned issued an Order to Show Cause in response to Class Counsel's motion. *See* Dkt. No. 9000.

For the reasons set forth below, this Court respectfully recommends that, first, the District Judge order that the Settlement2023.org Entity: (a) provide a list of all class members that signed up for services using the settlement2023.org website; (b) provide written notice to all class members that signed up for services using the settlement2023.org website that any contract entered into is now void; (c) immediately take down any and all remaining webpages (should any exist) that either attempt to mirror the official Court-authorized settlement website (https://www.paymentcardsettlement.com/en) ("the Court-authorized website") or spread misleading information related to the settlement in this case; and (d) identify by name the owners or operators of the settlement2023.org website and provide contact information for the same. Should the Settlement2023.org Entity fail to adequately respond to the above four directives within thirty (30) days of the District Judge's Order, this Court respectfully recommends that the District Judge permanently enjoin the Settlement2023.org Entity from taking any further role in the settlement in this action.

Next, this Court respectfully recommends that the District Judge order Class Counsel to promptly inform the Court of any newly-detected websites, social media accounts, online marketplace accounts, or product listings that attempt to engage in false and misleading sales activities that attempt to mirror the Court-authorized website or contravene the Court's prior orders.

Finally, this Court respectfully recommends that, should the District Judge adopt this

2

Report and Recommendation, that such an Order be posted on the Court-authorized website to help alert those who may have been deceived by the settlement2023.org website and/or to protect merchants from misleading or false information in the future.

### **Relevant Factual and Procedural Background**

On September 25, 2018, Class Counsel informed the Court that it had "received a number of calls from various third-parties seeking guidance regarding the appropriate language to use in solicitations and marketing materials." Dkt. No. 7259. Class Counsel requested that the Court enter an order to help ensure that merchants receive accurate information. *See id.*

On September 26, 2018, the Court entered an order in response to Class Counsel's request. *See* Dkt. No. 7260. The Court noted that, "since 2012, the Court has determined that certain solicitations of class members regarding third-party claims filing services have been misleading," and that "the Court has expressed concern about additional instances of class member confusion." *Id.* The Court recognized that, in light of the anticipated settlement agreement, "various third-party entities [will] seek new business relationships based on the proposed settlement." *Id.* The Court thereby ordered that:

> All third-party claims filing companies wishing to represent merchants are required to include in any solicitation to prospective clients the following to ensure that any solicitation is truthful and accurate []:
>
> 1.      A statement that claim forms are not yet available.
>
> 2.      A statement making clear that class members need not sign up for a third-party service in order to participate in any monetary relief and explaining that no-cost assistance will be available from the Class Administrator and Class Counsel during the claims-filing period.
>
> 3.      [D]irecting class members to the Court-approved website for additional information.

*Id.* Further, the Court ordered that:

3

      1.      The proposed relief outlined above must be included in any solicitation, in any form including websites, mail and email solicitations, contracts, telephone and in-person solicitations;

      2.      Solicitations that do not contain the required information (as set forth above), may be deemed misleading and following notice and an opportunity to cure, those entities may be enjoined permanently from taking any role in the settlement; and

      3.      Class Counsel is ordered to alert all known third-party claims filing entities of the requirements within five days of entry of this Order.

*Id.*

The litigation continued over the next several years. At the September 7, 2023 Status Conference, the Court requested that Class Counsel provide monthly reports to the Court regarding issues relating to third-party claim filers. These reports are to provide general information regarding third-party issues and, to the extent relevant, information regarding any entity-specific matters.

On October 5, 2023, Class Counsel filed a status report in which it stated, *inter alia*, that "[f]or the past several years, formally since November 2019, Class Counsel has tasked Epiq Systems, Inc. ["Epiq"] with providing monthly reporting regarding class member concerns or complaints regarding third-party claims-filing entities as well as claim-buying entities." *See* Dkt. No. 8982. Class Counsel noted that it addresses these concerns or complaints informally and without court intervention wherever possible. *See id.* Class Counsel noted that "Epiq continues to alert Class Counsel to new issues as they arise in addition to the monthly reporting process already in place." *Id.*

On November 3, 2023, Class Counsel filed a second status report (Dkt. No. 8994), with exhibits, in which it stated, *inter alia*, that on October 30, 2023, Class Counsel was alerted to a website, settlement2023.org, that allegedly attempted to mirror the Court-authorized website. Class Counsel provided images of the website settlement2023.org in its submission. *See* Dkt. No.

4

8994. The website settlement2023.org copied the home page of the Court-authorized website in many respects. The website settlement2023.org website displayed Epiq's P.O. Box. *See id.* The website settlement2023.org displayed, *inter alia*, a statement that "[a]ll businesses processing Visa/Mastercard transactions from January 1, 2004 to January 25, 2019 must participate in the settlement case." *See id*. The website settlement2023.org also presented a calculator page purporting to a show a settlement amount estimator, a button that says "[p]rocess [s]ettlement"; a page that leads to another page that states: "[g]et [s]ettlement in 2 [s]imple [s]teps"; and an option to make an appointment with a settlement specialist. *See id.* The website settlement 2023.org was brought to Class Counsel's attention "because another company received a voicemail purportedly from rap legend Snoop Dogg that promotes the settlement and leads to the settlement2023.org website." *Id.*[2]

Class Counsel explained that Epiq filed a report of abuse with the purported host of the settlement2023.org website (GoDaddy.com), and it was expected that the website settlement2023.org would soon be taken down. *See id.* Class Counsel also "set-up an 'appointment' with the company to hopefully get in touch with the business operators and have them cease their misleading conduct." *Id.* After setting up the appointment, Class Counsel received an email purportedly from the website settlement2023.org that included an email contact address (info@mail.settlement2023.org) as well as directions to upload merchant processing statements. *See id.* Class Counsel wrote a letter to the provided email address in which it explained the false and misleading statements and requested that the Settlement2023.org Entity cease and

---

[2] *See also* Dkt. No. 8994-5 (transcript of alleged Snoop Dogg voicemail, in which Snoop Dogg purportedly states, ". . . So if you wanna know how much you might be looking at for a potential refund, all you gotta do is visit settlement2023.org. Yea that's right, settlement2023.org is where you wanna be to get the low down on those potential refund amounts. It's all about keeping it fair, and you know your main man, Snoop's always got your back! So hit up that website and see what's up, settlement2023.org . . .").

5

desist. *See id.* Class Counsel uploaded the text of the letter following the directions regarding uploading merchant processing statements. *See id.* Class Counsel sent emails to the email address on October 31, 2023; November 1, 2023; November 2, 2023; and November 3, 2023, but reports not receiving any response. *See id.*

On November 7, 2023, Class Counsel filed a letter-motion, with exhibits, seeking an Order to Show Cause as to why the Settlement2023.org Entity should "not immediately cease and desist their conduct, cancel all contracts they have with any potential claimant, and take further steps to correct their actions as detailed in the attached proposed order." Dkt. No. 8996. Class Counsel was still not able to identify the Settlement2023.org Entity. *See id.* Class Counsel learned, via Epiq, that GoDaddy.com was the registrar and not the host of the settlement2023.org website. *See id.* Per Epiq, another web entity, Hostinger.com, served as the website settlement2023.org's host. *See id.* Per Class Counsel, Epiq sent Hostinger.com a "take down" letter. *See id.*

On November 10, 2023, after having reviewed Class Counsel's submissions and exhibits, this Court ordered that: (1) the Settlement2023.org Entity shall show cause on or before November 27, 2023 as to why this Court should not issue a Report and Recommendation to the District Judge ordering the Settlement2023.org Entity to: (a) provide a list of all class members that signed up for services with settlement2023.org; (b) provide written notice to all class members that signed up for services with settlement2023.org that any contract entered into is now void; (c) immediately take down the website settlement2023.org and all associated pages that mirror the Court-authorized website; and (d) identify by name the owners or operators of the settlement2023.org website and provide contact information for the same; and (2) on or before November 14, 2023, Class Counsel shall serve a copy of this order on the Settlement2023.org Entity. *See* Dkt. No. 9000. Class Counsel was also directed to file proof of service on the docket on or before November

14, 2023 in which Class Counsel was to describe the steps taken to inform the Settlement2023.org Entity of this Order. *See id.*

On November 13, 2023, Class Counsel filed proof of service outlining its efforts to serve the Settlement2023.org Entity. *See* Dkt. No. 9001. Class Counsel described uploading the November 10, 2023 Order and a cover letter to the "Upload Statement" page that appears as a link after booking an appointment online with the settlement2023.org website. Class Counsel also sent the November 10, 2023 Order and cover letter to the email address info@mail.settlement2023.org. *See id.* Class Counsel received an "appointment confirmation" email from the settlement2023.org website in which a name ("Jeff Russell") was also listed. *See id.* Using the naming convention of the "info" email address, Class Counsel emailed the Order and cover letter to jrussell@mail.settlement2023.org. *See id.* Class Counsel added that the Order and a cover letter were also emailed to "Hostinger.com," the host of the settlement2023.org website. *See id.* The email address that Epiq has used to communicate its request to have the site taken down is abuse-tracker@hostinger.com. *See id.* Class Counsel also instructed in-house investigators at Robbins Geller Rudman & Dowd LLP to search for any contact information, but no additional contact information has been found. *See id.*

On November 21, 2023, Class Counsel informed the Court that, following Epiq's takedown request to the site's host, Hostinger.com, the website settlement2023.org is no longer in operation. *See* Dkt. No. 9007. Class Counsel noted that visitors to the site are now directed to a "blank page stating the site can't provide a secure connection." *Id.* Class Counsel also sent additional emails to the only-known contact addresses to alert the Settlement2023.org Entity to the Court's November 27, 2023 deadline and to provide information regarding the takedown of the settlement2023.org website. *See id.* Class Counsel did not receive any response from the

7

Settlement2023.org Entity.  *See id.*  Class Counsel notes that there "is no way to know how many, if any, class members have contracted with settlement2023.org for claims filing or other services while the site was active and we do not know if the people behind the website have other, undiscovered, websites."  *Id.*  Class Counsel has instructed Epiq "to be on the lookout for claims submitted by that entity when the claims process opens."  *Id.*

To date, the Settlement2023.org Entity has failed to respond to this Court's November 10, 2023 order.

## Discussion

Throughout this litigation, efforts have been made to proactively protect class members from deception.  *See, e.g.,* December 13, 2013 Order regarding third-party claims filing services' communications with members of the merchant class, Dkt. No. 6147 ("It is clear to the Court that the overwhelming majority of the members of the merchant class need protection from overreaching claims filing services, and [the Court] intend[s] to provide that protection proactively.  Preventing confusion and deception before they can happen is far preferable to taking remedial measures after they happen.").

The Settlement2023.org Entity behind the settlement2023.org website is in direct contravention of the Court's September 26, 2018 order.  *See* Dkt. No. 7260.  As an initial matter, the settlement2023.org website did not make clear to users that "class members need not sign up for a third-party service in order to participate in any monetary relief and explaining that no-cost assistance will be available from the Class Administrator and Class Counsel during the claims-filing period," nor did the settlement2023.org website direct class members to the Court-approved website for additional information.  *Id.*

Rather, the settlement2023.org website was intentionally misleading as it attempted to

8

deceptively mirror the Court-authorized website. Like the Court-authorized website, the settlement2023.org website listed Epiq's P.O. Box—even though Epiq had no role in the settlement2023.org website. Like the Court-authorized website, the website settlement2023.org showed that "[a]ll businesses processing Visa/Mastercard transactions from January 1, 2004 to January 25, 2019 must participate in the settlement case." The website settlement2023.org also displayed tools to suggest that it could legitimately provide settlement information, including the display of a calculator page purporting to a show a settlement amount estimator, a button that says "[p]rocess [s]ettlement"; and a page that leads to another page that states: "[g]et [s]ettlement in 2 [s]imple [s]teps." The Settlement2023.org Entity even used fake voicemails from rap artist Snoop Dogg to attempt to convince users of its validity.

And, lamentably, the Settlement2023.org Entity and its website allowed for users to set up an "appointment" with the company, whereby users were directed to upload merchant processing statements under the veneer of a purported customer-service representative. It does not appear there was any valid reason for the Settlement2023.org Entity to receive this information, nor is it clear as to what the Settlement2023.org Entity is now doing with any information already submitted by merchants.

In light of the above, this Court first respectfully recommends that the District Judge order the Settlement2023.org Entity to provide a list of all class members that signed up for services with settlement2023.org. Second, this Court respectfully recommends that the District Judge order the Settlement2023.org Entity to provide written notice to all class members that signed up for services with settlement2023.org that any contract entered into is now void. Third, while the settlement2023.org website has been taken down, it is not clear if any other webpages remain open under different domain names that are operated by the same Settlement2023.org Entity. Thus, this

9

Court respectfully recommends that the District Judge order the takedown of any and all remaining webpages (should any exist) that attempt to mirror the Court-authorized website or spread misleading information related to the settlement in this case. And fourth, this Court respectfully recommends that the District Judge order the Settlement2023.org Entity to identify by name the owners or operators of the settlement2023.org website and provide contact information for the same.

Should the Settlement2023.org Entity fail to adequately respond to the above four directives within thirty days of the date of the District Judge's order, this Court respectfully recommends that the District Judge permanently enjoin the Settlement2023.org Entity from taking any role in the settlement in this action.

This Court also respectfully recommends, in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, that the District Judge order Class Counsel to identify any newly-detected websites, voicemail campaigns, social media accounts, online marketplace accounts, or product listings that attempt to engage in false and misleading sales activities that contravene the Court's orders or attempt to mirror the Court-authorized settlement. Class Counsel shall promptly report such information to the Court.

Finally, should the District Judge adopt this Report and Recommendation, this Court respectfully recommends that the District Judge order Class Counsel to post a PDF or a weblink to the order on the Court-authorized website. Posting such an order will help reduce the effects of the deception stemming from the Settlement2023.org Entity and its affiliated webpage(s). *See In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2023 WL 7001851, at *1 (N.D. Fla. Oct. 14, 2023) (positing an order related to a "scam" on the Court's website).

This Court notes that Class Counsel has not requested a referral to the United States

Attorney's Office for the Eastern District of New York for a civil or criminal investigation regarding the underlying alleged deceptive practices of the Settlement2023.org Entity on the Hostinger.com platform. *See Benthos Master Fund, Ltd. v. Etra*, No. 20-CV-3384 (VEC), 2022 WL 1555543, at *3 (S.D.N.Y. May 16, 2022) ("Because [Petitioner] did not request a referral to the United States Attorney's [] for investigation of the alleged underlying fraud, [] the Court does not consider [the magistrate judge's] suggestion that this matter be referred to the U.S. Attorney's Office."). Class Counsel, however, may wish to file a complaint with the Department of Justice or the United States Attorney's Office for the Eastern District of New York regarding the settlement2023.org website. *See Amaker v. Kelley*, 2009 WL 385413, at *11 n.15 (N.D.N.Y. Feb. 9, 2009) (decision not to refer matter "does not preclude the plaintiff from filing a complaint" with the appropriate authority). The Court reserves its right to do the same.

## Conclusion

This Court respectfully recommends that the District Judge adopt the proposed orders set forth herein. Any objections to this Report and Recommendation must be filed within 14 days of the date of this Order. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023).

This Court recognizes that, at this stage, the identity of the Settlement2023.org Entity remains, effectively, unknown, particularly as the Settlement2023.org Entity failed to respond to the Court's November 10, 2023 Order to Show Cause. Indeed, it is not clear as to whether the decision to take down the settlement2023.org website was made by the Settlement2023.org Entity

11

or by Hostinger.com. Accordingly, by November 30, 2023, Class Counsel shall file proof of service regarding all efforts made to serve this Report and Recommendation on the Settlement2023 Entity. Class Counsel shall also serve this Report and Recommendation on Hostinger.com, including via electronic mail to support@hostinger.com and abuse-tracker@hostinger.com, and file proof of service of same, by November 30, 2023. *See King Spider LLC v. Putian Chengxiang Cejinsheng Dep't Store*, No. 23-CV-8782, 2023 WL 7039548, at *5 (S.D.N.Y. Oct. 25, 2023) (Clarke, J.) (describing service on Hostinger.com).

SO ORDERED.

Dated: Brooklyn, New York
November 28, 2023

      /s/ Joseph A. Marutollo
JOSEPH A. MARUTOLLO
United States Magistrate Judge