# COHEN MILSTEIN

Christopher Bateman
(212) 220-2926
cbateman@cohenmilstein.com

December 8, 2023

*Via ECF*

The Honorable Margo K. Brodie
Chief Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY 11201

      Re:    *Old Jericho Enterprise, Inc. et al v. Visa, Inc. et al*, No. 2:20-cv-2394-MKB-JAM

Dear Judge Brodie:

    Pursuant to the Court's Orders of November 16, 2023 and November 28, 2023, the Old Jericho Plaintiffs have met and conferred with Defendants and Fikes Wholesale, Inc. ("Fikes") and Jack Rabbit about the Old Jericho Plaintiffs' proposed partial summary judgment motion and the briefing schedule for said motion. The Old Jericho Plaintiffs, Defendants, and Fikes have agreed to the proposed schedule reflected in the attached renewed proposed scheduling order. Only Jack Rabbit disagrees with the proposal.

    As it informed the Old Jericho Plaintiffs, Jack Rabbit instead proposes to file its own motion for summary judgment in the *Old Jericho* case. Moreover, Jack Rabbit proposes a much more abbreviated schedule for its motion, with its motion being due December 22, 2023, responses due January 12, 2024, and replies due January 22, 2024.

    Jack Rabbit's request to move for summary judgment in the *Old Jericho* case is perplexing and wholly improper. Jack Rabbit is not a party to the *Old Jericho* case. Nor do the Old Jericho Plaintiffs understand the Court's recent orders and statements to have contemplated or approved such a motion by Jack Rabbit. Rather, we understand the Court's November 28, 2023 Order to have granted Jack Rabbit a limited right to submit a brief in response to the Old Jericho Plaintiffs' planned partial summary judgment motion. Finally, as the Court has made clear, the proper way

COHENMILSTEIN

December 8, 2023
Page 2

for Jack Rabbit to proceed with arguing its position[1] is to simply file a claim against the direct purchaser settlement fund that it claims entitlement to—not to file a summary judgment motion in the *Old Jericho* case (in which Jack Rabbit, which operates in a non-*Illinois Brick* repealer state, is not even a member of the proposed class). *See* Minute Entry for Sept. 7, 2023 Status Conf., Sept. 8, 2023, No. 05-md-1720 ECF 8922; Status Conf. Tr. at 17:18-25, 20:1-24, Sept. 7, 2023 ("I think the claims process needs to move forward. I said it in my opinion, the Second Circuit agreed, and that you should file your claim.").[2]

Defendants have informed Plaintiffs of their position that, to the extent Jack Rabbit is permitted to file its own summary judgment motion in *Old Jericho*, it should be on the same schedule as the proposed schedule for the Old Jericho Plaintiffs' proposed motion. Fikes has informed us they take no position with regard to Jack Rabbit's proposed motion for summary judgment.

The Old Jericho Plaintiffs respectfully request that the Court reject Jack Rabbit's request to move for summary judgment and Jack Rabbit's proposed schedule. The Old Jericho Plaintiffs further respectfully request that the Court approve the otherwise agreed-upon proposed scheduling order attached hereto.

Sincerely,

*/s/ Christopher Bateman*

Christopher Bateman

---

[1] The Old Jericho Plaintiffs have already explained why Jack Rabbit's cost-plus theory is meritless. Old Jericho Pls.' Opp'n to Jack Rabbit's May 18, 2023 Second Mot. for Intervention & Appointment as Subclass Counsel, June 1, 2023, ECF No. 8841; Status Conf. Tr. at 31:2-13, Sept. 7, 2023 (order denying Jack Rabbit's motion).

[2] Although the Old Jericho Plaintiffs oppose Jack Rabbit's request to move for summary judgment in our case, we note that, in an effort to avoid unnecessary motion practice, we have offered to cooperate with certain document discovery requests that Jack Rabbit has made of the Old Jericho Plaintiffs in connection with our proposed summary judgment motion, even though Jack Rabbit similarly lacks standing to propound such requests.