UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**ORDER**
05-MD-1720 (MKB) (JAM)

This document refers to: ALL ACTIONS

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On November 3, 2023, class counsel for the Rule 23(b)(3) Class ("Class Counsel") notified the Court that an unknown, third-party entity was operating a website, settlement2023.org (the "Settlement2023.org Entity"), that appeared to mirror the official, Court-approved settlement website "in many respects." (*See* November 2023 Class Counsel Report 1–2, Docket Entry No. 8994.) On November 7, 2023, Class Counsel filed a letter motion seeking an Order to Show Cause as to why the Settlement2023.org Entity should "not immediately cease and desist their conduct, cancel all contracts they have with any potential claimant[s], and take further steps to correct their actions." (Class Counsel's Nov. 7, 2023 Letter requesting Order to Show Cause 1, Docket Entry No. 8996.) Class Counsel argued that the Settlement2023.org Entity has "been conducting an advertising campaign that appears to run afoul of the Court's order regarding third-party filing companies and further appears to be engaging in false and misleading sales activities." (*Id.*)

On November 10, 2023, Magistrate Judge Joseph Marutollo issued an Order to Show Cause in response to Class Counsel's letter motion. (Order to Show Cause dated Nov. 10, 2023, Docket Entry No. 9000.) The Settlement2023.org Entity failed to respond to Judge Marutollo's Order to Show Cause, and Judge Marutollo issued his sua sponte report and recommendation on

November 28, 2023. (*See* Sua Sponte Report and Recommendation ("R&R"), Docket Entry No. 9009; *see also id.* at 8 ("[As of November 28, 2023], the Settlement2023.org Entity has failed to respond to this Court's November 10, 2023 order.").) No objections to the R&R have been filed and the time for doing so has passed.

## I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34,

38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

In his R&R, Judge Marutollo recommended that the Court order the Settlement2023.org Entity to: (i) provide a list of all class members that signed up for services using the settlement2023.org website; (ii) provide written notice to all class members that signed up for services using the settlement2023.org website that any contract entered into is now void; (iii) immediately take down any and all remaining webpages (should any exist) that either attempt to mirror the official, Court-authorized settlement website or that spread misleading information related to the settlement in this case; and (iv) identify by name the owners or operators of the settlement2023.org website and provide contact information for the same. (R&R 2.) Judge Marutollo recommended that the Court permanently enjoin the Settlement2023.org Entity from taking any further role in the settlement in this action if it fails to adequately comply with the above directives within thirty days of the Court's order. (*Id.*)

In addition, Judge Marutollo recommended that the Court "order Class Counsel to promptly inform the Court of any newly-detected websites, social media accounts, online marketplace accounts, or product listings that attempt to engage in false and misleading sales activities that attempt to mirror the Court-authorized website or contravene the Court's prior orders." (*Id.*) Finally, Judge Marutollo recommended that the Court order Class Counsel to post a copy of the Court's order to the Court-authorized website "to help alert those who may have been deceived by the settlement2023.org website and/or to protect merchants from misleading or

false information in the future." (*Id.* at 2–3.)

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court orders the Settlement2023.org Entity to:

(i) provide a list of all class members that signed up for services using the settlement2023.org website;

(ii) provide written notice to all class members that signed up for services using the settlement2023.org website that any contract entered into is now void;

(iii) immediately take down any and all remaining webpages that attempt to mirror the Court-authorized website or that spread misleading information related to the settlement in this case; and

(iv) identify by name the owners or operators of the settlement2023.org website and provide contact information for the same.

Should the Settlement2023.org Entity fail to adequately respond to the above four directives on or before January 15, 2024, the Court will permanently enjoin the Settlement2023.org Entity from taking any role in the settlement in this action.

The Court also orders Class Counsel to:

(i) promptly report to the Court information regarding any newly-detected websites, voicemail campaigns, social media accounts, online marketplace accounts, or product listings that attempt to engage in false and misleading sales activities that contravene the Court's orders or that attempt to mirror the Court-authorized settlement website; and

       (ii) post a PDF of, or link to, this Order on the Court-authorized settlement website.

Dated: December 14, 2023
      Brooklyn, New York

                              SO ORDERED:

                              /s MKB
                          MARGO K. BRODIE
                          United States District Judge