UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*7-Eleven, Inc., et al. v. Visa Inc., et al.,* No. 13-cv-05746 (E.D.N.Y.) (MKB) (VMS). | No. 05-md-01720 (MKB) (VMS)<br><br>PLAINTIFFS' STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS |

WHEREAS plaintiffs Express, LLC, GNC Holdings, Inc. (successor in interest, GNC Holdings, LLC), Hat World Inc., New York & Company, Inc. (now known as RTW Retailwinds, Inc.), Stein Mart, Inc., The Children's Place, Inc. and The William Carter Company (collectively the "Plaintiffs"), which are some of the remaining plaintiffs in the action *7-Eleven, Inc., et al. v. Visa Inc., et al.,* No. 13-cv-05746 (E.D.N.Y.), which action is included in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-01720 (E.D.N.Y.), having fully settled all of their respective claims against all of the defendants in the *7-Eleven* action — i.e., Visa Inc., Visa U.S.A. Inc., Visa International Service Association, Mastercard Incorporated, Mastercard International Incorporated, Bank of America Corporation, Bank of America, N.A., FIA Card Services, N.A., JPMorgan Chase & Co., Paymentech, LLC (and as successor to Chase Paymentech Solutions, LLC), JPMorgan Chase Bank, N.A. (and as successor to Chase Bank USA, N.A.), Citigroup Inc., Citibank, N.A., Citicorp Credit Services, Inc. (USA) (as successor to Citicorp Payment Services, Inc.), Wells Fargo & Company, and Wells Fargo Bank, N.A. (collectively the "Defendants") — by and through their undersigned counsel, hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 41(a), that the Plaintiffs' claims and action against the Defendants be dismissed with prejudice, and with each side to bear its own

attorneys' fees and costs, provided that the Court retains continuing and exclusive jurisdiction to resolve any matter arising out of or relating to the parties' settlement agreement or this Stipulation and Order of Dismissal, or their applicability to any suit, action, proceeding, or dispute.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that (1) the Court will retain continuing and exclusive jurisdiction to resolve any matter arising out of or relating to the parties' settlement agreement or this Stipulation and Order of Dismissal, or their applicability to any suit, action, proceeding, or dispute, and (2) the claims and action of the Plaintiffs be and hereby are dismissed with prejudice, with each side to bear its own attorneys' fees and costs.

Dated: December 21, 2023
      Brooklyn, NY

SO ORDERED:
s/ MKB 12/21/2023

_____
MARGO K. BRODIE
United States District Judge