**CONSTANTINE CANNON LLP**

**Jeffrey I. Shinder**
212-350-2709
jshinder@constantinecannon.com



Vorys, Sater, Seymour and Pease LLP
Legal Counsel

**James Wilson**
614-464-5606
jawilson@vorys.com



**Kathy D. Patrick**
713.751.5253
kpatrick@gibbsbruns.com

February 15, 2024

**VIA ECF**

The Honorable Margo K. Brodie
The Honorable Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, Nos. 05-md-1720 (MKB)(JAM), 13-cv-5745 (MKB)(JAM), 13-cv-5746 (MKB)(JAM)

Dear Chief Judge Brodie and Magistrate Judge Marutollo:

      The Direct Action Plaintiffs ("DAPs")[1] write to respectfully request a Fed. R. Civ. P. 16(a) conference to establish a final pretrial schedule for their cases. A proposed pretrial schedule is attached as Exhibit A. The purpose of the proposed conference is to set deadlines that will allow DAPs' claims to be tried promptly after resolution of the remaining summary judgment motions.

      The time is ripe for the Court to set deadlines for the pretrial exchange of witness and exhibit lists, deposition designations, evidentiary objections, jury instructions, motions *in limine*, etc., and to

---

[1] The Direct Action Plaintiffs in Case No. 13-cv-5745 (MKB)(JAM) are: Target Corporation, Macy's, Inc., The TJX Companies, Inc., Kohl's Corporation, Staples, Inc., J.C. Penney Corporation, Inc., Office Depot, Inc., L Brands, Inc., OfficeMax Incorporated, Big Lots Stores, Inc., Abercrombie & Fitch Co., Ascena Retail Group, Inc., Saks, Incorporated, Lord & Taylor LLC, Chico's FAS, Inc., Luxottica U.S. Holdings Corp., American Signature, Inc., and their respective affiliates and subsidiaries (collectively, the "Target Group"). The Direct Action Plaintiffs in Case No. 13-cv-5746 (MKB)(JAM), known as the "7-Eleven Plaintiffs" are Alimentation Couche-Tard Inc. (Circle K), Ashley Furniture Industries Inc., Barnes & Noble College Booksellers, LLC, Beall's, Inc., Boscov's, Inc., Brookshire Grocery Company, The Buckle, Inc., Coborn's, Incorporated, Cracker Barrel Old Country Store, Inc., Cumberland Farms, Inc., D'Agostino Supermarkets, Inc., Dick's Sporting Goods, Inc., Dillard's, Inc., Drury Hotels Company, LLC, Crate & Barrel, CB2 and Hudson Grace, Family Dollar Stores, Inc., Family Express Corporation, Fleet Farm and affiliates, Foot Locker, Inc., The Gap, Inc., Genesco Inc., HMSHost Corporation, IKEA North America Services, LLC, Jetro Cash & Carry Enterprises, LLC, Marathon Petroleum Company LP, Andeavor LLC, National Association of Convenience Stores, National Grocers Association, National Railroad Passenger Corporation (Amtrak), NIKE, Inc., P.C. Richard & Son, Inc., Panda Restaurant Group, Inc., Panera Bread Company, Booking Holdings Inc., priceline.com, LLC, Ralph Lauren Corporation, Recreational Equipment, Inc. (REI), Republic Services, Inc., Restoration Hardware, Inc. (RH), Starbucks Corporation, Swarovski U.S. Holding Limited, The Talbots, Inc., Thermo Fisher Scientific Inc., Thorntons LLC, and Yum! Brands, Inc.

Page 2

set a trial date. The Court's recent summary judgment rulings on Defendants' *Ohio v. American Express* motion and Mastercard's market power motion, Mem. & Order, ECF No. 9052 (E.D.N.Y. Jan. 25, 2024), demonstrate that DAPs' claims should be resolved at trial as there are issues of fact to be tried before a jury. Although two motions filed by all Defendants remain pending on DAPs' Section 1 claims against Visa's and Mastercard's Honor All Cards and default interchange rules, neither motion, if granted, would dispose of DAPs' Section 1 claims.[2]

By letters dated February 5, DAPs reached out to Defendants and Rule 23(b)(2) Class Counsel to give them an opportunity to discuss DAPs' proposed pretrial schedule. Neither Class Counsel nor Defendants responded. Given Defendants' and Class Counsel's silence, we are now approaching the Court to set a pretrial schedule and trial date for these cases.

We thank the Court for its continued attention to this matter.

Respectfully,

/s                                          /s                                          /s

Jeffrey I. Shinder            Kathy Patrick                James Wilson

---

[2] The remaining motions are effectively partial summary judgment motions, including *Illinois Brick* and the effect, if any, of Visa's and Mastercard's initial public offerings on DAPs' post-IPO conspiracy claims. *See e.g.*, ECF No. 8067 (Defendants' Notice of Motion) and ECF No. 8097 (Target Plaintiffs' Notice of Motion (Horizontal Conspiracy)), and ECF No. 8184 (7-Eleven Plaintiffs' Notice of Motion (Horizontal Conspiracy)). The IPO and Horizontal Conspiracy cross-motions, at most, may impact whether Defendants' restraints are evaluated as vertical or horizontal restraints. The *Illinois Brick* motion, if granted, only concerns DAPs' claims for damages under federal law, and would not affect claims for declaratory or injunctive relief or state law claims for damages. The Visa Defendants' motion for summary judgment as to DAPs' Section 2 claims is also pending, but this motion only concerns claims against Visa in the debit market.