UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
In re PAYMENT CARD INTERCHANGE : MDL No. 1720(MKB)(JAM)
FEE AND MERCHANGE DISCOUNT :
ANTITRUST LITIGATION : Civil No. 05-5075(MKB)(JAM)
 :
---------------------------------------------------------------- :
 :
 : RULE 23(b)(3) CLASS COUNSEL'S
This Document Relates To: : OPPOSITION TO OBJECTORS'
 : MOTION FOR AN AWARD OF
    ALL ACTIONS. : ATTORNEY'S FEES
----------------------------------------------------------------X

I.  **INTRODUCTION**

Objectors Unlimited Vacations and Cruises. Inc. ("Unlimited"), USA Pets LLC ("Pets"), Gnarlywood LLC ("Gnarlywood") and Quincy Woodwrights, LLC ("Quincy") (collectively referred to as "Objectors") Motion for Award of Attorneys' Fees and Expenses (ECF No. 9142) should be denied. Objectors had nothing to do with the Court-approved Rule 23(b)(3) Class settlement. Objectors do not claim, nor could they, that they played any role in litigating the merits of the claims in this case or that they had any role in the negotiations that ultimately led to the settlement on behalf of the Rule 23(b)(3) Class.

Objectors' lawyers are not entitled to a fee simply because they filed objections to the original 2012 settlement that was vacated by the Second Circuit and/or the 2018 settlement that has been finally approved. Objectors make no showing that they were a substantial cause of any substantial benefit to the Rule 23(b)(3) Class. Any award of attorneys' fees to Objectors' lawyers is unwarranted and would be a complete windfall, as would be reimbursement of their claimed expenses. Accordingly, Objectors' motion should be denied in its entirety.

II.  **LEGAL ARGUMENT**

Objectors have a substantial burden to demonstrate that they should be awarded attorneys' fees. As this Court has recognized: "'In the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement they are not entitled to fees.'" *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig*, 05-MD-1720, 2020 WL 29781, at *7 (E.D.N.Y. Jan. 2, 2020) (quoting *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. at 132 (alteration omitted) (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002)).

1

To be a "substantial cause," the change in the settlement benefits must be directly linked to the objector's specific objection. For example, in *In re Petrobras Securities Litig.*, the court found an objection directly benefitted the class by $46 million when the objector was the *only one* to argue and identify the case law to show that the fees class counsel paid to foreign attorneys should have been classified as an expense and not included as part of its attorneys' fees request. *In re Petrobras Securities Litig.*, 320 F. Supp. 3d 597, 600 (S.D.N.Y. 2018). The court also found, however, that the objector should not receive fees for arguments that were known to the court and thus did not directly benefit the class. *Id*. at 601. Other courts in this Circuit have reached similar conclusions when the objector did not advance the argument that prevailed. *See In re Holocaust Victim Assets Litig.,* 424 F.3d 150 (2d Cir. 2005) (denying attorneys' fees where certain changes made to the settlement were not urged by the objector and other changes resulted from objections previously made by others); *In re Nigeria Charter Flights Litig.*, No. 04-CV-304, 2011 WL 7945548, at *9-*10 (E.D.N.Y. Aug. 25, 2011), *R. & R. adopted,* No. 04-CV-304, 2012 WL 1886352 (E.D.N.Y. May 23, 2012) (denying attorneys' fees to objecting counsel because the objections "did not affect the recovery or assist the court in evaluating the fairness of the settlement," and appeared to be "a thinly veiled attempt to support his claim for attorneys' fees"); *Currency Conversion*, 263 F.R.D. 110 (denying attorneys' fees where objections were not the cause of changes to the settlement notice and raised issues known to the court). The court has discretion to determine whether a fee is appropriate and is in the best position to determine if the objector's efforts conferred meaningful benefit to the Rule 23(b)(3) class. *Payment Card*, 2020 WL 29781, at *7; *In re Petrobras Securities Litig.*, 320 F. Supp. 3d at 600.

### A.     Unlimited Cannot Receive Attorneys' Fees For its Pre-2018 Time

Unlimited's request for attorneys' fees for its pre-2018 times is baseless. Unlimited vaguely claims that it "appealed the Court's 2014 approval of the first settlement, leading to the Court of Appeals' 2016 reversal and remand and the 2019 amended settlement that this Court held was an improvement over the 2013 settlement." ECF 9142 at 3. But Unlimited fails to identify any argument it made that led the Second Circuit to vacate the original settlement. Unlimited cannot be a substantial cause of the Second Circuit's 2016 decision where, as here, it was "not the first to make this argument." *Payment Card*, 2020 WL 29781, at *8. This Court previously rejected the R&M Objectors' request for attorneys' fees, in part, because objectors other than the R&M Objectors were the first to make the arguments that substantially caused the Second Circuit to vacate the original settlement.[1] *Id*.

Unlimited also makes no attempt to show that its objections to the original settlement led to the improved new settlement or that its efforts somehow otherwise caused the improved settlement here. It is undisputed that Unlimited did not participate in the litigation of this case post remand. In short, because Unlimited was not a cause, much less a substantial cause, of the approved Rule 23(b)(3) settlement, it is not entitled to attorneys' fees. *See Payment Card*, 2020 WL 29781, at *9-10 (rejecting R&M Objectors' request for attorneys' fees because it had no role in the new improved settlement).

Having made no showing that any argument it made substantially caused the Second Circuit to vacate the original settlement or substantially caused improvement to the settlement ultimately approved, Unlimited cannot receive attorneys' fees for time submitted predating 2018.

---

[1] Objectors claim that its fee request is modest because "[a]nother group of objectors has already been paid $7 million for the successful 2015 Appeal." ECF 9142 at 2. However, the group of objectors who received the $7 million fee were the first ones to make arguments that substantially caused the Second Circuit to vacate the original settlement.

3

That eliminates 377 hours of its submitted time equating to a lodestar of $263,900 at a rate of $700 per hour.

> **B.** **Objectors Are Not Entitled to Attorneys' Fees for Objecting to the Settlement Because They Have Not Substantially Caused Any Substantial Benefit to the Rule 23(b)(3) Class**

Objectors are not the substantial cause of any substantial benefit to the Rule 23(b)(3) Class, and, thus, their request for attorneys' fees should be denied. They claim "[a]s a result, in part, of Objectors' fee objections, this Court awarded Class Counsel fees of $523.2 million, a $14 million reduction from the requested $537.3 million." Untrue. This Court rejected each of Objectors' arguments in granting Rule 23(b)(3) Class Counsel's attorneys' fees. *See In re Payment Card Interchange Fee and Merchant Fee Antitrust Litig.*, 05-MD-1720, 2019 WL 6888488 (E.D.N.Y. Dec. 16, 2019). As set forth below, the Court considered and rejected each of Objectors' arguments for reducing attorneys' fees:

● "As to the objections raised by Gnarlywood and Quincy Woodrights and several other objectors, that the lodestar calculation should not include the hours that Class Counsel spent working on matters for the Rule 23(b)(2) injunctive relief class because the Superseding Settlement Agreement no longer includes injunctive relief, the Court finds that under the circumstances of this case, reducing Class Counsel's lodestar calculation in such a manner is not warranted." *Payment Card*, 2019 WL 6888488 at *11 (also citing to Unlimited's arguments).

● "The Court is not persuaded by Objectors Unlimited Vacations and USA Pets' argument that Class Counsel should not be entitled to compensation for their work done in connection with the 2013 Settlement Agreement because the Second Circuit found that Class Counsel was 'proceeding under an irreconcilable conflict of interest.'" *Payment Card*, 2019 WL 6888488 at *17; *see also id*. at 15 (similar argument made by Gnarlywood).

● "Unlimited Vacations and USA Pets have failed to establish that Class Counsel has committed any ethical violation of the New York Rules of Professional Conduct based on the Second Circuit's ruling that a conflict of interest existed in the unitary representation of the Rule 23(b)(3) and Rule 23(b)(2) classes." *Payment Card*, 2019 WL 6888488 at *18.

● "Objectors cite to the average percentages awarded for all settlement funds over $1 billion in the Second Circuit as being lower than the fee sought in this case, but the Court finds that this approach tends to be overinclusive. For example, Objectors Unlimited Vacations and USA Pets encourage the court to consider a 1.7% fee award, similar to that awarded in *In re*

4

*Tremont Sec. Law, State Law & Insurance Litigation*, No. 08-CV-11117, 2019 WL 516148 (S.D.N.Y. Feb. 11, 2019), where the court determined that no lodestar multiplier was warranted. (Unlimited Vacations and USA Pets Obj. 7.) But *Tremont* is not a good comparator." *Payment Card*, 2019 WL 6888488 at *20.

- "Some of the objectors argue that the lodestar amount itself is presumptively sufficient, but, as recently resolved by the Second Circuit, in common fund cases as opposed to where fees are awarded pursuant to a fee-shifting provision, courts retain greater discretion to award multipliers of the lodestar." *Payment Card*, 2019 WL 6888488 at *24.

None of Objectors' arguments caused the Court to reduce the attorneys' fee awards by .25% from the requested 9.56% to 9.31%. *Payment Card*, 2019 WL 6888488 at *24. The Court did so based on its own rationale that "a slight reduction is warranted due largely to the fact that the settlement value, despite being impressive given the significant litigation risks Class Counsel faced, is nevertheless a small recovery when viewed in light of the size of the class, especially given that merchants are no longer guaranteed injunctive relief as they were in the 2013 Settlement Agreement." *Id*. at *24. Objectors' arguments were not a reason, much less the required substantial cause, for the slight reduction in requested attorneys' fees. Moreover, Objectors' arguments to reduce attorneys' fees were rejected by the Second Circuit. *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 723-27 (2d Cir. 2023). Consequently, Objectors are not entitled to attorneys' fees.

Objectors also are not entitled to attorneys' fees because the Court reduced the original total service awards of $900,000 by a total of $6,879. ECF 9138 at 9. This amounts to a reduction of less than 1%. There is no reason to award any attorneys' fees for returning $6,879 to a settlement fund of over $5 billion. Nor should Objectors be awarded attorneys' fees on the basis that its objections led to "the refinement of class action jurisprudence in the Second Circuit." ECF 9142 at 3. This claim is, at best, a gross exaggeration. The Second Circuit rejected

5

all but one of Objectors' arguments and, contrary to Objectors' arguments, affirmed that under binding Second Circuit precedent service awards are permitted. *Fikes*, 64 F.4th at 721-23.

Objectors submitted time for their objections to the current request for service awards that were recently approved by this Court. ECF 9142-1, ¶ 6; ECF 9142-2, ¶ 5. The Court rejected all of Objectors' arguments stating:

> the Court disagrees with Objectors' contention that "the Court of Appeals intended [the Court] to focus on activity that meaningfully contributed to the pursuit of (b)(3) damages, only." (Objectors Opp'n 1.) Objectors' position is not supported by *Fikes*. Rather, the Second Circuit was clear that "[t]he class should not pay for time spent lobbying for changes in law that do not benefit the class." *Fikes*, 62 F.4th at 723; *id.* ("We direct the district court to reduce the award to the extent its size was increased because of time spent lobbying.") A mandate to exclude time spent on lobbying activities is not tantamount to a directive for the Court to engage in a wholesale reevaluation of what activities "meaningfully contributed to the pursuit of (b)(3) damages, only." Objectors' other arguments are also without merit and the Court declines to *sua sponte* reconsider its prior decision without a compelling reason to do so."

ECF 9138 at 6 and n. 4 (rejecting each of Objectors' arguments in detail). Attorneys' fees for this work is therefore improper.

Objectors' request for attorneys' fees should also be rejected because they seek $983,605 in total fees (and $719,797 if limited solely to lodestar since 2018) for, at most, conferring a $6,879 benefit the Rule 23(b)(3) Class. Objectors submitted only time spent by year and did not provide detailed records explaining the exact work performed by objection raised. Attorneys' fees cannot be granted for all their work that was unrelated to the lobbying objection and that were rejected by this Court and the Second Circuit. Objectors' requested attorneys' fees are unsupported, beyond a windfall, and should be denied.

### C. Objectors' Requests to Recover Expenses Should be Denied

For the same reasons Objectors are not entitled to attorneys' fees, their request for reimbursement of expenses should also be denied.

6

## III. CONCLUSION

For the reasons stated above, the Court should deny Objectors' Motion for Attorneys' Fees and Expenses.

Dated: March 13, 2024

BERGER MONTAGUE PC

 /s/ Michael J. Kane
H. Laddie Montague, Jr.
Merrill G. Davidoff
Michael J. Kane
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215-875-3000

Patrick J. Coughlin
Alexandra S. Bernay
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058

K. Craig Wildfang
Thomas J. Undlin
ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612-349-8500