

800 LASALLE AVENUE　　612 349 8500 TEL
SUITE 2800　　　　　　612 339 4181 FAX
MINNEAPOLIS MN 55402　ROBINSKAPLAN.COM

March 19, 2024

The Honorable Judge Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
            Case No. 1:05-MD-1720 (MKB)(VMS)

Dear Judge Brodie:

    We write in response to the Court's order of March 13, 2024, directing Rule 23(b)(3) Class Counsel to provide "its position regarding whether Square and Intuit's merchant-customers (*e.g*, "Square Sellers") are members of the Settlement Class as defined by [7257-2] the Superseding [and Amended Definitive] Class Settlement Agreement."

    The Rule 23(b)(3) Settlement Class includes in pertinent part "All persons, businesses, and other entities that have accepted any Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time from January 1, 2004 to January 25, 2019" (the settlement preliminary approval date). (ECF 7257-2, ¶4). Whether a merchant that accepts payment cards through a "payment facilitator" (or "Payfac") such as Square or Intuit, turns upon whether that merchant or the Payfac "accepts," Visa or Mastercard cards, within the meaning of the class definition. In the Third Amended Complaint ("TAC"), "Acceptance" refers to the purchase of "card acceptance services," which in turn is defined as, "services and infrastructure that Visa and Mastercard and their members provide to merchants through which payment transactions are conducted, including authorization, clearance, and settlement of transactions." TAC ¶9(v) (cleaned up). In other words, to be a member of the Rule 23(b)(3) Settlement Class, the person or entity must be the direct purchaser of "card acceptance services."[1]

---

[1] The Court recently held that "a 'direct payor' test is not an appropriate substitute for the direct purchaser rule." ECF 9151 at 28.

94771099.1

Generally speaking, the Rule 23(b)(3) Settlement Class-member direct purchaser of card-acceptance services is a merchant. (TAC ¶4 ("Plaintiffs represent a class of millions of Merchants that have accepted and currently accept Visa and Mastercard" cards). However, as Rule 23(b)(3) Class Counsel explained at the final-approval hearing and before the Second Circuit, there may be circumstances where determining who "accepted" Visa or Mastercard turns upon the particular relationship between the merchant, (in this instance) the Payfac, the acquiring bank, and the network.

Some of the factors that may inform the decision of who "accepted" a transaction include the Payfac's contracts with the underlying merchants, the acquiring bank, and/or the networks, whether the networks set the price for card acceptance services based on the Payfacs' or the merchants' demand for those services, (ECF 9151 at 39,) whether the Payfac or the merchant are responsible for compliance with the networks' rules, and the flow of funds among the various players in a Payfac-merchant transaction. Other information to be considered is that the TAC defined a Payfac as "a party other than a network, issuer, or acquirer that allows a merchant to connect to a payment-card network." TAC ¶9(dd) (cleaned up). The TAC further notes that Mastercard's rules define a Payment Facilitator as a "service provider registered by an acquirer to facilitate the acquiring of transactions by the acquirer from submerchants, and which in doing so, performs any one or more of the services." (TAC ¶9(dd) (cleaned up); *see also* TAC ¶105 (Payfacs include Third Party Processors and Independent Sales Organizations)). Payfacs thus appear to be agents of either acquirers or merchants and that relationship and role is a factual matter that must be analyzed to determine who, between the merchant and the specific Payfac, is the direct purchaser of card-acceptance services and thus is a member of the Rule 23(b)(3) Settlement Class.

As the Court recently explained, "[t]he presence of an intermediary does not necessarily mean that the party receiving the benefit of the service is an indirect purchaser of that service. Therefore, while there may be direct and indirect *payors* of interchange and network fees, these fees are components of the price paid for the *purchase* of a service — namely, card-acceptance services." ECF 9151 at 26. Based on the facts known to Rule 23(b)(3) Class Counsel and the factors discussed above, we believe that the merchant, rather than Square or Intuit, is the Rule 23(b)(3) class member.[2] Of course, there may be additional information that we have not considered and which may be presented, for example in the motions referenced in this Court's order, that could impact this conclusion.

---

[2] The Court has noted "Issuers retain the interchange fees and deduct the fees from the amounts owed to merchants." ECF 9151 at 37.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ H. Laddie Montague, Jr.* | */s/ Alexandra S. Bernay* |
|---|---|---|
| Ryan W. Marth | H. Laddie Montague, Jr. | Alexandra S. Bernay |
| K. Craig Wildfang | Merrill G. Davidoff | Patrick J. Coughlin |
| Thomas J. Undlin | Michael J. Kane | **Robbins Gellar Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

cc: All Counsel via ECF