**APPENDIX E – Rule 23(b)(2) Class Settlement Notice and Scheduling Order**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**<br><br>**This Document Applies to:**<br><br>*Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.*, No. 05-md-01720 (E.D.N.Y.) (MKB) (JAM), also now known as *DDMB, Inc., et al. v. Visa, Inc., et al.*, No. 05-md-01720 (E.D.N.Y.) (MKB) (JAM). | No. 05-MD-1720 (MKB) (JAM) |

**CLASS SETTLEMENT NOTICE AND SCHEDULING ORDER**

WHEREAS, the Court has considered the Class Settlement Agreement of the Rule 23(b)(2) Class Plaintiffs and the Defendants, including its Appendices, dated as of _____, 2024 (the "Rule 23(b)(2) Class Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement of the action captioned *Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.*, MDL No. 1720 Docket No. 05-md-01720 (E.D.N.Y.) ("*Barry's*"), in MDL 1720, and the termination and disposition of all causes of action against the Defendants in the *Barry's* action, and certain claims for declaratory, injunctive, and equitable relief against the Defendants in the actions consolidated in MDL 1720 and listed in Appendix A to the Rule 23(b)(2) Class Settlement Agreement, with prejudice; and

WHEREAS, the Court has considered the motion of the Rule 23(b)(2) Class Plaintiffs for approval of the Rule 23(b)(2) Class Settlement Agreement, the Memorandum of Law and evidence filed in support thereof, and all other papers submitted in connection with the Rule 23(b)(2) Class Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1. The Court hereby approves the Rule 23(b)(2) Class Plaintiffs, the Visa Defendants, and Mastercard Defendants entering into the Rule 23(b)(2) Class Settlement Agreement. In addition, the Court has considered whether the Rule 23(b)(2) Class Settlement Agreement preliminarily satisfies the class action settlement requirements of Federal Rule of Civil Procedure 23. Based on its consideration, the Court hereby also preliminarily approves the Rule 23(b)(2) Class Settlement Agreement for class action settlement purposes as within the range of a fair, reasonable, and adequate settlement within the meaning of Federal Rule of Civil Procedure 23 and applicable law, and consistent with due process.

2. This Class Settlement Notice and Scheduling Order incorporates by reference the definitions in the Rule 23(b)(2) Class Settlement Agreement, and all terms herein shall have the same meanings as set forth in the Rule 23(b)(2) Class Settlement Agreement.

3. The Court has subject matter and personal jurisdiction over the Rule 23(b)(2) Class Plaintiffs, all members of the Rule 23(b)(2) Class, and the Defendants.

4. The Court orders Rule 23(b)(2) Class Counsel, the Visa Defendants, and the MasterCard Defendants to establish and maintain the Rule 23(b)(2) Class Settlement Escrow Account as provided in Paragraphs 4-7 of the Rule 23(b)(2) Class Settlement Agreement and the Rule 23(b)(2) Class Settlement Escrow Agreement in Appendix B to the Rule 23(b)(2) Class Settlement Agreement.

5. Based on and pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(2), on September 27, 2021, the Court certified a Rule 23(b)(2) class, from which exclusions shall not be permitted, consisting of all persons, businesses, and other entities that accept Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at

any time during the period between December 18, 2020 and the date of entry of the Rule 23(b)(2) Class Settlement Order and Final Judgment.

6. The definition of the proposed class in the operative class complaint is hereby amended to be the same as that certified in the Court's September 27, 2021 Order.

7. The Court orders Defendants to cause notice of the Rule 23(b)(2) Class Settlement Agreement to be served upon appropriate State and Federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715, and certify to the Court that the notice was provided.

8. The Court appoints Epiq Systems, Inc. as the Class Administrator to assist Rule 23(b)(2) Class Counsel in effectuating and administering the Notice Plan delineated in Appendix C to the Rule 23(b)(2) Class Settlement Agreement.  The Court determines that notice should be provided to members of the Rule 23(b)(2) Class, but that exclusion rights should not be afforded to members of the Rule 23(b)(2) Class.

9. The Court approves the method of notice to be provided to the Rule 23(b)(2) Class that is described in the Rule 23(b)(2) Class Settlement Agreement and in the Notice Plan and budget contained in Appendix C to the Rule 23(b)(2) Class Settlement Agreement, including use of the website notice and the publication notice contained in Appendix D to the Rule 23(b)(2) Class Settlement Agreement.  The Court finds and concludes that such notice:  (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Rule 23(b)(2) Class that would be bound by the Rule 23(b)(2) Class Settlement Agreement and to apprise them of the Action, the terms and conditions of the Rule 23(b)(2) Class Settlement Agreement, and the right to object to the Rule 23(b)(2) Class Settlement Agreement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

10. Consistent with the Notice Plan, the Court directs the Class Administrator, as soon as practicable following the Court's entry of this Order, but before commencement of the notice, to establish the dedicated Case Website, post office box, and toll-free telephone line for providing notice and information to members of the Rule 23(b)(2) Class.

11. Within ten business days after the Court's entry of this Rule 23(b)(2) Class Settlement Notice and Scheduling Order, the Class Administrator's expenses for the foregoing notice activities, including those of any third-party vendors it uses to perform tasks necessary for the implementation or effectuation of its duties, shall be paid from the Rule 23(b)(2) Class Settlement Escrow Account. In no event shall any Rule 23(b)(2) Class Released Party have any obligation, responsibility, or liability with respect to the Class Administrator or the Notice Plan.

12. Within 30 days after the Court's entry of this Rule 23(b)(2) Class Settlement Notice and Scheduling Order, the Class Administrator shall substantially complete the notice to members of the Rule 23(b)(2) Class that is described in the Notice Plan, using the website notice and the publication notice contained in Appendix D to the Class Settlement Agreement.

13. Within 30 days after the Court's entry of this Rule 23(b)(2) Class Settlement Notice and Scheduling Order, any motions seeking approval of Attorneys' Fees and Expenses shall be filed with the Court.

14. Within 90 days after the Court's entry of this Rule 23(b)(2) Class Settlement Notice and Scheduling Order — i.e., 60 days after the last date for completion of notice under the Notice Plan (the "Class Objection Period") — any objections to the Rule 23(b)(2) Class Settlement Agreement or motions seeking approval of Attorneys' Fees and Expenses shall be filed with the Court by any Objector.

15. Such an Objector must file a written statement of objections with the Court within the Class Objection Period, and send it to the following designees of Rule 23(b)(2) Class

Counsel and counsel for the Defendants, by first-class mail and postmarked within the Class Objection Period:

> Designee of Rule 23(b)(2) Class Counsel:  Robert G. Eisler, Grant & Eisenhofer P.A., 485 Lexington Ave., 29th Floor, New York, NY 10017
>
> Designee of Defendants:  Matthew A. Eisenstein, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Ave., NW, Washington, DC 20001-3743

16.     The Objector's statement must:  (i) contain the words "In re Interchange Fee and Merchant Discount Antitrust Litigation"; (ii) state each and every objection of the Objector and the specific reasons therefor; (iii) provide all legal support and all evidence that the Objector wishes to bring to the Court's attention in support of any objection; (iv) state the full name, address, and telephone number of the Objector; (v) provide information sufficient to establish that the Objector is a member of the Rule 23(b)(2) Class; and (f) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objections.

17.     In addition, any Objector or counsel for an Objector that desires to appear at the final approval hearing must file with the Court within the Class Objection Period, and send to a designee of Rule 23(b)(2) Class Counsel and a designee of counsel for the Defendants by first-class mail and postmarked within the Class Objection Period, a separate notice of intention to appear that identifies by name, position, address, and telephone number each person who intends to appear at the approval hearing on behalf of the Objector.

18.     Within 120 days after the Court's entry of this Rule 23(b)(2) Class Settlement Notice and Scheduling Order, any replies and supporting papers that respond to any objections to the Rule 23(b)(2) Class Settlement Agreement or motions seeking approval of Attorneys' Fees and Expenses shall be filed with the Court.  Rule 23(b)(2) Class Counsel will provide notice of such motions and any additional details to members of the Rule 23(b)(2) Class by causing all

such motions and supporting papers to be posted prominently on the Case Website prior to, or simultaneously with, their filing with the Court.

19. The Court will hold a final approval hearing at least 150 days after the Court's entry of this Rule 23(b)(2) Class Settlement Notice and Scheduling Order, at __ o'clock on _____ __, 2024, at the Courthouse for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At that final approval hearing, the Court will conduct an inquiry as it deems appropriate into the fairness, reasonableness, and adequacy of the Rule 23(b)(2) Class Settlement Agreement, address any objections to it, and determine whether the Rule 23(b)(2) Class Settlement Agreement should be finally approved, whether final judgment should be entered thereon, and whether to approve any motions for Attorneys' Fee and Expenses.

20. The Court stays *Barry's* and all further proceedings in MDL 1720 to the extent they seek declaratory, injunctive, or equitable relief against the Defendants that is being released against the Rule 23(b)(2) Class Released Parties, except for proceedings in MDL 1720 related to effectuating and complying with the Rule 23(b)(2) Class Settlement Agreement, pending the Court's determination of whether the Rule 23(b)(2) Class Settlement Agreement should be finally approved or the termination of the Rule 23(b)(2) Class Settlement Agreement.

21. The Court enjoins all members of the Rule 23(b)(2) Class, pending the Court's determination of whether the Rule 23(b)(2) Class Settlement Agreement should finally be approved or the termination of the Rule 23(b)(2) Class Settlement Agreement, from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on their behalf, any claims being released against the Rule 23(b)(2) Class Released Parties, except for proceedings in MDL 1720 related to effectuating and complying with the Rule 23(b)(2) Class Settlement Agreement.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE MARGO K. BRODIE
UNITED STATES DISTRICT JUDGE

E-7