# Arnold & Porter

**Robert J. Vizas**
+1 415.471.3311 Direct
Robert.Vizas@arnoldporter.com

March 26, 2024

**VIA ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 05-md-01720 (MKB) (JAM)

Dear Chief Judge Brodie:

    Defendants respectfully request leave to submit the brief reply set forth below to correct misrepresentations of Defendants' positions contained in the letters submitted on March 22, 2024 by Plaintiffs Intuit Inc. and Intuit Payment Solutions, LLC ("Intuit") (Dkt. No. 9163) and by the *Lanning* and *Camp Grounds* Plaintiffs (Dkt. No. 9162). The disagreements with Class Counsel expressed in these letters—and in the similar letter filed by Square (Dkt. No. 9160)—are based on arguments that Defendants addressed in briefing their Motion to Enforce, *see* Dkt. Nos. 9057 & 9083, and do not require further response here. But Defendants do seek to correct the record as to positions that they have consistently maintained throughout this litigation.

***

    First, Intuit misrepresents that Defendants "concede PayFacs are 'merchants.'" Dkt. No. 9163, Intuit Ltr. at 1. Defendants' position is that "payment facilitators ***are distinct from merchants*** and are not part of the Rule 23(b)(3) class." Dkt. No. 9083, Defs.' Reply at 4 (emphasis added); *see also* Dkt. No. 9057, Defs.' Br. at 5–6. Class Counsel has shared Defendants' position, as reflected in their operative class complaint, both at the time of the Class Settlement and since. *See* Dkt. No. 9158, Class Counsel Ltr. at 1–2 (referring back to definitions in operative class complaint). Intuit cannot avoid reality with a convenient fiction.

Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Floor | San Francisco, CA 94111-4024 | www.arnoldporter.com

**Arnold & Porter**

March 26, 2024
Page 2

      Second, Intuit misrepresents that Defendants "effectively conceded that, if the Court did not conclude acquirers are the direct purchaser, then Intuit, as PayFac, is the direct purchaser." Dkt. No. 9163, Intuit Ltr. at 2. Intuit's only cited source for this supposed concession is Intuit's own reply brief, which, in turn, does not even claim such a concession exists. Nor could it, as Defendants' actual position is that identifying the direct purchaser is not necessary to resolve their Motion. *See* Dkt. No. 9057, Defs.' Br. at 17–19. Defendants also have observed that there is a conflict between the direct purchaser claims of merchants and intermediaries like Intuit—further confirming that the two groups are distinct and cannot both be members of the Rule 23(b)(3) class. *See id.* at 20–21. The Court's recent order on this topic recognizes the same tension. *See* Dkt. No. 9140, Mem. & Order at 38–39 n.25 (explaining that, while there is a suggestion that "multiple entities (**specifically, merchants**) could be joint purchasers," merchants cannot "jointly" make purchases with a different category of entities in the payment chain but rather must be the "only direct purchasers" (emphasis added)). Again, Intuit's reliance on a fictional "concession" cannot avoid this reality.

      Finally, *Lanning* and *Camp Grounds* Plaintiffs misrepresent that Defendants did not "argue[]" against, or "offer[] . . . contrary evidence" to, the claim that "millions of Square Sellers" supposedly failed to receive direct notice. Dkt. No. 9162, *Lanning*/*Camp Grounds* Ltr. at 4. Defendants have rebutted this factually unsupported claim, including by: (1) explaining that the hundreds of millions of merchant records compiled to provide direct notice "would have captured merchants that used payment facilitators" like Square, Dkt. No. 9083, Defs.' Reply at 15; and (2) providing a declaration attesting that the data the class administrator is using to provide claims forms to merchants and administer claims "include merchant customers of payment facilitators" like Square, *id.* at 16 (citing Decl. of R. Garrison Harvey (Jan. 3, 2024)). Class Counsel's confirmation that they understand merchant customers of Square to be Rule 23(b)(3) class members supports the conclusion that these merchants can submit claims and otherwise have been properly included within the settlement process.

      Sincerely,

      */s/ Robert J. Vizas*
      Robert J. Vizas

      *Counsel for Visa*

cc: All counsel of record (via ECF)