UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | Case No. 05-MD-1720 (MKB)(JAM) |

This Document Relates To:

*Grubhub Holdings, Inc. et al. v. Visa Inc., et al.,*
No. 19-cv-06555 (E.D.N.Y.) (MKB) (JAM)

### THE GRUBHUB PLAINTIFFS' STATEMENT OF OBJECTIONS TO EQUITABLE RELIEF CLASS PLAINTIFFS' <u>MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT</u>

**I.      PRELIMINARY STATEMENT**

The proposed Rule 23(b)(2) settlement and Class Settlement Notice and Scheduling Order would inflict unique, impermissible harm upon the Grubhub Plaintiffs,[1] who are differently situated from the named plaintiffs and the vast majority of Rule 23(b)(2) Class members. The Grubhub Plaintiffs opted out of the Rule 23(b)(3) class settlement to preserve their damages and injunctive relief claims and have successfully pursued those claims–including recently defeating Defendants' four summary judgment motions. In the wake of those rulings, the Grubhub Plaintiffs filed a motion for suggestion of remand so their case may be returned to the United States District Court for the Northern District of Illinois for trial.

---

[1] The Grubhub Plaintiffs include Grubhub Holdings, Inc., BJ's Wholesale Club Holdings, Inc., Leslie's Poolmart, Inc., Uline Inc., Bob Evans Restaurants, LLC, Pandora Jewelry Inc., and Belk, Inc. and their subsidiaries and affiliates.

The proposed settlement and Proposed Order specifically seek to prevent the prompt remand and trial of the Grubhub Plaintiffs' claims. That effort violates the equitable treatment and adequate representation requirements of Federal Rule of Civil Procedure 23(e). In addition, the settlement fails to provide fair, reasonable, and adequate relief that Rule 23(e) also requires. This Court should reject the settlement or, alternatively, allow the Grubhub Plaintiffs to opt out or redefine the Rule 23(b)(2) class to exclude the Grubhub Plaintiffs and other active litigants.

## II.     ARGUMENT

So as not to burden this Court with repetitive briefing, the Grubhub Plaintiffs hereby adopt the arguments made by the Target Plaintiffs and the 7-Eleven Plaintiffs in their objections to the proposed Rule 23(b)(2) settlement. For the reasons stated in those objections, this Court should not approve the settlement because it does not treat class members "equitably relative to each other," Fed. R. Civ. P. 23(e)(2)(D), is not the product of adequate representation by Class counsel, Fed. R. Civ. P. 23(e)(2)(A), and does not provide fair, reasonable, or adequate relief to the Grubhub Plaintiffs or to anyone else in the class. Fed. R. Civ. P. 23(e)(2)(C). Instead, it impairs the due process rights of the Grubhub Plaintiffs and other Direct Action Plaintiffs ("DAPs") and resurrects the conflict that led the Second Circuit to overturn the prior, combined settlement under Rules 23(b)(2) and 23(b)(3). *See In re Payment Card Interchange Fee & Merchant Disc. Antitrust Litig.*, 827 F.3d 223 (2d Cir. 2016).

### A.     The Settlement Treats the Grubhub Plaintiffs Inequitably.

As the motion for suggestion of remand demonstrates, *see* ECF No. 9183, the Grubhub Plaintiffs' case is ready to be remanded for trial. The Proposed Order proffered by the Rule 23(b)(2) Class, however, would stay the Grubhub Plaintiffs' case and enjoin the Grubhub Plaintiffs from "maintaining" their injunctive claims in that case "pending the Court's determination of whether the Rule 23(b)(2) Class Settlement Agreement should finally be

approved or the termination of the Rule 23(b)(2) Class Settlement Agreement[.]" ECF No. 9179-2, Proposed Order ¶¶ 20-21. These provisions uniquely harm the Grubhub Plaintiffs. As Defendants have noted, to date *only* the Grubhub Plaintiffs have sought remand. *See* ECF No. 9201, Defs.' Letter to the Court of Apr. 10, 2024.

There is no reason why consideration of the motion for final approval should delay remand of the Grubhub Plaintiffs' case or the trial of their claims. Rather, the fact that Rule 23(b)(2) Class counsel included the above-quoted provisions in the Proposed Order reflects that counsel is not adequately representing the Grubhub Plaintiffs' interests. There is no risk that remand will undercut this Court's supervision of actions related to the Rule 23(b)(2) class. The Grubhub Plaintiffs' case can proceed to trial on damages claims and the parties can reserve litigation of injunctive relief until after a jury renders a verdict on liability. Indeed, Defendants, the Rule 23(b)(2) Class, and the DAPs contemplated this precise procedure in their stipulation concerning disclosure of expert reports, *see* ECF No. 7397, Stip. & Proposed Order, and this Court "so ordered" that stipulation on April 18, 2019.

Because of this Court's class certification order, *see* ECF No. 8647, Mem. & Order of Sept. 27, 2021, the Grubhub Plaintiffs are currently members of the Rule 23(b)(2) Class. They oppose being included in that Class against their wishes. They are advocating in this Court (and will advocate on appeal if necessary) for rejection of the settlement and an order either allowing the Grubhub Plaintiffs to opt out or redefining the Class to exclude the Grubhub Plaintiffs. But none of these activities require delay of the Grubhub Plaintiffs' trial-ready damages claims.

As the stipulation among Defendants, the Rule 23(b)(2) Class, and the DAPs reflects, the Grubhub Plaintiffs' request for injunctive relief would only be ripe if the Grubhub Plaintiffs prevail at trial on their money damages claims. Any concern regarding injunctive relief is

3

premature until a jury reaches a verdict and this Court clarifies what restrictions, if any, exist as to the Grubhub Plaintiffs' right to obtain such relief. And if this Court grants the pending motion to remand, the proceedings on consideration of the proposed settlement and the preparation of the Grubhub Plaintiffs' case for trial can both move forward at the same time. If this Court concludes that it should not approve the settlement or should not bind the Grubhub Plaintiffs, the Grubhub case can promptly proceed to trial. If those issues are not finally resolved by the time of trial, trial can proceed on damages issues, and discovery on injunctive issues, as envisioned by the 2019 Stipulation and Order, can be reserved until the class issues are decided.

In either of these scenarios, trial of the Grubhub Plaintiffs' damages claims would not be unnecessarily delayed. The fact that the Proposed Order includes provisions staying and enjoining the Grubhub Plaintiffs from proceeding—contrary to the stipulation and to the Grubhub Plaintiffs' interest in a prompt trial of their damages claims—indicates that the true purpose of those provisions is to punish the Grubhub Plaintiffs for exercising their rights to opt out of the Rule 23(b)(3) class and preserving, and pursuing, their claims. That result obviously reflects inequitable treatment and inadequate representation.

**B.     Remand Will Avoid Obvious Conflict and Class-Related Problems.**

The Second Circuit reversed the prior combined settlement under Rules 23(b)(2) and 23(b)(3) because the class counsel had a clear conflict of interest in bargaining away the rights of Rule 23(b)(2) class members who wanted to pursue their individual damages claims. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d at 233-34. In this case, the Proposed Order's stay and injunction provisions, which would preclude prompt remand of the Grubhub Plaintiffs' damages claims, raise the same kinds of problems.

4

The Grubhub Plaintiffs' damages claims are protected by due process rights. *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 362-63 (2011). If their claims are delayed indefinitely because of the Rule 23(b)(2) settlement, this Court will, once again, be confronted with conflict issues. This is so because Rule 23(b)(2) Class counsel has acted adversely to a subset of the class—in this instance, by preventing prompt trial of substantial damages claims by the Grubhub Plaintiffs (and other DAPs) because they have been involuntarily made part of a mandatory class action that did not afford them opt-out rights. Due process mandates that damages claims cannot be precluded by a litigant's inclusion in a non-opt-out class, and a litigant should not be forced to endure indefinite delay of their right to trial of their damages claims for the same reason.

### C. Paragraphs 20 and 21 of the Proposed Order Must Be Revised Even if this Court Finds the Prerequisites to Preliminary Approval Have Been Met.

If this Court, over the objections of the Grubhub Plaintiffs and others, decides to grant preliminary approval of the proposed settlement, it nevertheless should avoid exacerbating the conflict between the Rule 23(b)(2) Class counsel and the Grubhub Plaintiffs (and other DAPs) by modifying the Proposed Order. *See* ECF No. 9179-2. This Court should delete paragraph 20 of the Proposed Order and redraft paragraph 21 as set forth below. Those paragraphs, as written, are not needed to protect the Class or the settlement approval process. Instead, they smack of a concession by Rule 23(b)(2) Class Counsel to protect Defendants from having to face a jury on the Grubhub Plaintiffs' damages claims—for years—unless the Grubhub Plaintiffs and the other DAPs waive their individual claims for injunctive relief that they preserved when they opted out of the Rule 23(b)(3) settlement.

Paragraph 20 of the Proposed Order would completely stay the Grubhub Plaintiffs' claims while the proposed settlement is adjudicated. This Court's consideration of the proposed settlement does not require such a stay. The Grubhub Plaintiffs, and all other DAPs, whether

trying their claims before this Court or elsewhere, remain members of the mandatory class this Court has certified, and thereby remain subject to any orders the Court finds necessary to enter to protect adjudication of the class settlement. Paragraph 20 should be deleted to avoid the same kind of conflict issue that resulted in the Second Circuit's rejection of the previous settlement.

In addition, a narrower version of paragraph 21 of the Proposed Order can give the Class and Defendants all the protection that is necessary to assure this Court's adjudication of the proposed class settlement is not interfered with by the trial of money damages claims. Specifically, modifying this paragraph as follows meets those goals:

> ~~21~~20. The Court enjoins all members of the Rule 23(b)(2) Class, pending the Court's determination of whether the Rule 23(b)(2) Class Settlement Agreement should finally be approved ~~or the termination of the Rule 23(b)(2) Class Settlement Agreement from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on their behalf, any claims being released~~ from seeking the entry of an injunction against the Rule 23(b)(2) Class Released Parties prior to a trial on liability against the Rule 23(b)(2) Class Released Parties, or from seeking a post-verdict injunction against the Rule 23(b)(2) Class Released Parties except for proceedings in MDL 1720 related to effectuating and complying with the Rule 23(b)(2) Class Settlement Agreement. Nothing in this order shall be construed to delay or limit trial by any class member of money damage claims against the Rule 23(b)(2) Class Released Parties.

As shown in the Grubhub Plaintiff's Reply Memorandum in Support of Motion for Suggestion of Remand ECF No. 9205, at 5-6, remand and trial of the money damages portions of the DAPs' claims is entirely consistent the Court's previous scheduling order deferring expert disclosures on injunctive relief until after liability is found at trial. Such trials cannot conceivably occur until after this Court has had ample time to determine whether to give preliminary or final approval to the class settlement. Thus, the significant harm that paragraphs 20 and 21 of the Proposed Order would inflict on the Grubhub Plaintiffs and other DAPs, who have preserved their money damages claims and survived summary judgment, is not justified, even if this Court grants preliminary approval to the proposed settlement.

### III. CONCLUSION

This Court should reject the motion for preliminary approval of the proposed Rule 23(b)(2) settlement or, alternatively, either allow the Grubhub Plaintiffs to exercise their right to opt out of that action or revise the Class definition to exclude the Grubhub Plaintiffs, who are differently situated active litigants and are ready to proceed to trial on damages claims that due process protects.

If the Court nevertheless decides to grant preliminary approval and keep the Grubhub Plaintiffs in the Class pending a final approval hearing, it should modify the Proposed Order by deleting paragraph 20 and modifying paragraph 21 as set forth above.

                Respectfully submitted,

                VORYS, SATER, SEYMOUR AND PEASE LLP

                By: _/s/ James A. Wilson_____
                James A. Wilson
                Robert N. Webner
                Douglas R. Matthews
                Kimberly Weber Herlihy
                Alycia N. Broz
                Kenneth J. Rubin
                52 East Gay Street
                Columbus, Ohio 43215
                Telephone: (614) 464-6400
                Email: jawilson@vorys.com

                *Attorneys for Grubhub Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, I caused a true and correct copy of the foregoing document, and the exhibits thereto, to be served electronically on all counsel of record in the above-referenced actions via the Court's CM/ECF system.

*/s/     James A. Wilson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, I caused a true and correct copy of the foregoing document, and the exhibits thereto, to be served electronically on all counsel of record in the above-referenced actions via the Court's CM/ECF system.

*/s/     James A. Wilson*