# COHENMILSTEIN

Christopher Bateman
**O:** 212.838.7797
cbateman@cohenmilstein.com

Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, NY 10005
**T:** 212.838.7797
cohenmilstein.com

April 26, 2024

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, NY 11201

> Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Brodie:

We represent the proposed class of branded gas retailers in *Old Jericho Enterprise, Inc. v. Visa, Inc.*, 2:20-cv-02394 (MKB)(JAM) ("Old Jericho Plaintiffs"). We write to submit the Old Jericho Plaintiffs' objections to the proposed settlement of the Rule 23(b)(2) Class in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (MKB)(JAM). The Old Jericho Plaintiffs object to two provisions of the proposed Settlement Agreement.

*First*, the Old Jericho Plaintiffs object to Paragraph 92(d) of the proposed Settlement Agreement, which requests that the Court enter a Class Settlement Notice and Scheduling Order staying "all further proceedings in MDL 1720, to the extent that they seek declaratory, injunctive, or equitable relief against the Defendants that is being released against the Rule 23(b)(2) Class Released Parties, except for proceedings in MDL 1720 related to effectuating and complying with this Rule 23(b)(2) Class Settlement Agreement, pending the Court's determination of whether this Rule 23(b)(2) Class Settlement Agreement should be finally approved or the termination of this Rule 23(b)(2) Class Settlement Agreement." Settlement Agreement ¶ 92(d), ECF No. 9179-2.

The Old Jericho Plaintiffs express no opinion on whether *claims* seeking "declaratory, injunctive, or equitable relief" should be stayed pending the Court's determination of whether the proposed Settlement Agreement should be finally approved. However, to the extent Paragraph 92(d) may be read to stay all *proceedings* in which a party, in part, seeks declaratory, injunctive, or equitable relief, the Old Jericho Plaintiffs object. The Old Jericho Plaintiffs' complaint seeks

COHEN MILSTEIN

April 26, 2024
Page 2

damages under the laws of numerous *Illinois Brick* repealer states, in addition to "such other and further relief as the Court deems just and proper." *See* Old Jericho Compl., ECF No. 1, 2:20-cv-02394 (MKB)(JAM). Although the Old Jericho Plaintiffs' equitable claims may be affected by the proposed Settlement Agreement, the settlement of the Rule 23(b)(2) Class has no bearing on the Old Jericho Plaintiffs' claims for damages under state law, and there is no basis to stay these claims pending the Court's determination of whether the Rule 23(b)(2) Class should be finally approved.[1] Accordingly, the Old Jericho Plaintiffs object to Paragraph 92(d) inasmuch as it may be interpreted to stay the Old Jericho Plaintiffs' ongoing, unrelated state-law damages claims.[2]

    *Second*, the Old Jericho Plaintiffs object to Paragraph 86(c) of the proposed Settlement, which states: "Upon the Settlement Approval Date each of the Rule 23(b)(2) Class Releasing Parties agrees and covenants not to . . . take any action or make any claim until five years after the commencement of the Average Effective Rate Limit that a Rule 23(b)(2) Class Released Party has continued to participate in, and failed to withdraw from, any alleged unlawful conspiracies or agreements relating to the claims released herein." Settlement Agreement ¶ 86(c), ECF No. 9179-2. Old Jericho Plaintiffs do not interpret this provision to bar Rule 23(b)(2) Class Releasing Parties from bringing claims for monetary damages, particularly given the internal inconsistency such an interpretation would create with Paragraph 85(c), which provides that "the release in Paragraphs 80-84 above shall not release . . . [a]ny claim of a Rule 23(b)(2) Class Releasing Party seeking monetary damages." *Id.* ¶ 85(c). However, as written, Paragraph 86(c)—and, in particular, its release of all claims "relating to the claims released herein"—is confusing, vague, and susceptible to multiple interpretations. Defendants may use this language to argue that claims of pure monetary damages like those brought by the Old Jericho Plaintiffs have been released, despite the Settlement Agreement's clear, overarching intent to the contrary. Accordingly, the Old Jericho Plaintiffs believe this language must be revised to clarify that no

---

[1] The Rule 23(b)(2) Class Plaintiffs' preliminary approval brief supports the Old Jericho Plaintiffs' position that the stay provision should not be interpreted to encompass damages claims, stating that "[t]he Release here is carefully limited to *claims* for injunctive or declaratory relief" and "[t]he proposed Order temporarily stays all such *claims*"—not *cases* in which such claims are asserted. Equitable Relief Class Pls.' Mem. of Law in Support of Mot. for Prelim. Approval of Settlement, at 30 (Mar. 26, 2024), ECF No. 9179-1 (emphasis added).

[2] The Old Jericho Plaintiffs note that their damages claims have been partially stayed pending resolution of their claim that, as indirect purchasers of card acceptance services, they are not parties to the Rule 23(b)(3) settlement in this action. *See* Order, *Old Jericho Enterprise, Inc. v. Visa, Inc.*, 2:20-cv-02394 (Oct. 7, 2021). On December 11, 2023, this Court permitted the Old Jericho Plaintiffs to move for partial summary judgment on that issue, and to engage in limited discovery pertaining to their partial summary judgment motion. *See* Order, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (Dec. 11, 2023). The Old Jericho Plaintiffs object to Paragraph 92(d) of the proposed Settlement Agreement only to the extent that it would impose a stay broader than or potentially longer than, or otherwise independent of, the existing partial stay.

COHENMILSTEIN

April 26, 2024
Page 3

Rule 23(b)(2) Class Releasing Party would release any claim for monetary damages, even if the party's claim arguably "relat[es] to the claims released" in the Settlement Agreement.

The Old Jericho Plaintiffs thank the Court for its consideration.

Respectfully Submitted,

/s/ Christopher Bateman

Christopher Bateman