**CONSTANTINE CANNON LLP**

Jeffrey I. Shinder
212-350-2709
jshinder@constantinecannon.com



**VORYS**
Vorys, Sater, Seymour and Pease LLP
Legal Counsel

James Wilson
614-464-5606
jawilson@vorys.com



Kathy D. Patrick
713.751.5253
kpatrick@gibbsbruns.com

June 21, 2024

**VIA ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*,
      Nos. 05-md-1720 (MKB)(JAM), 13-cv-5745 (MKB)(JAM), 13-cv-5746 (MKB)(JAM)

Dear Chief Judge Brodie:

  We write on behalf of the 7-Eleven Plaintiffs and the Target Plaintiffs[1] to provide citations to relevant authorities under 28 U.S.C. §1404 and 28 U.S.C. §292, each of which would allow the Court to preside at the trial of the *Target* and *7-Eleven* matters, if Defendants exercise their *Lexecon* rights under 28 U.S.C. §1407(a).

  As shown below, applicable law confirms that a §1404(a) transfer of venue by the Southern District after remand remains available, as does an intra-circuit assignment of this Court to the Southern District, under 28 U.S.C. §292.

---

[1] Plaintiffs in Case No. 13-cv-5745 (MKB)(JAM) are: Target Corporation, Macy's, Inc., The TJX Companies, Inc., Kohl's Corporation, Staples, Inc., J.C. Penney Corporation, Inc., Office Depot, Inc., L Brands, Inc., OfficeMax Incorporated, Big Lots Stores, Inc., Abercrombie & Fitch Co., Ascena Retail Group, Inc., Saks, Incorporated, Lord & Taylor LLC, Chico's FAS, Inc., Luxottica U.S. Holdings Corp., American Signature, Inc., and their respective affiliates and subsidiaries.  Plaintiffs in Case No. 13-cv-5746 (MKB)(JAM), known as the "7-Eleven Plaintiffs" are Alimentation Couche-Tard Inc. (Circle K), Ashley Furniture Industries Inc., Barnes & Noble College Booksellers, LLC, Beall's, Inc., Boscov's, Inc., Brookshire Grocery Company, The Buckle, Inc., Coborn's, Incorporated, Cracker Barrel Old Country Store, Inc., Cumberland Farms, Inc., D'Agostino Supermarkets, Inc., Dick's Sporting Goods, Inc., Dillard's, Inc., Drury Hotels Company, LLC, Crate & Barrel, CB2 and Hudson Grace, Family Dollar Stores, Inc., Family Express Corporation, Fleet Farm and affiliates, Foot Locker, Inc., The Gap, Inc., Genesco Inc., HMSHost Corporation, IKEA North America Services, LLC, Jetro Cash & Carry Enterprises, LLC, Marathon Petroleum Company LP, Andeavor LLC, National Association of Convenience Stores, National Grocers Association, National Railroad Passenger Corporation (Amtrak), NIKE, Inc., P.C. Richard & Son, Inc., Panda Restaurant Group, Inc., Panera Bread Company, Booking Holdings Inc., priceline.com, LLC, Ralph Lauren Corporation, Recreational Equipment, Inc. (REI), Republic Services, Inc., Restoration Hardware, Inc. (RH), Starbucks Corporation, Swarovski U.S. Holding Limited, The Talbots, Inc., Thermo Fisher Scientific Inc., Thorntons LLC, and Yum! Brands, Inc.

I.  Re-Transfer Under 28 U.S.C. § 1404[2]

First, in connection with a suggestion of remand to the Southern District, the Court has the authority to indicate in its remand order its support for re-transfer of these cases for trial to the Eastern District in the interest of justice and to serve judicial economy. While the Supreme Court barred the practice of self-transfer in *Lexecon*, the Court's opinion confirmed "the authority of a transferor court to assign a case to a § 1407(a) transferee district for trial if that would be appropriate following pretrial proceedings under § 1407(a)." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39 n.2 (1998); *see also id.* at 41 n.4 (the statutory language of §1407 only "precludes a transferee court from granting any §1404(a) motion," but imposes no bar on a similar order entered by a transferor court).

Judge McKenna discussed this procedure and granted a §1404 transfer in the interests of justice, transferring a case for trial back to the MDL transferee court. *Kenwin Shops, Inc. v. Bank of La.*, 1999 WL 294800 at *1 (S.D.N.Y. 1999) ("interest of justice" served by a §1404 transfer back to MDL forum because of its familiarity with the action and because trial could be had there more quickly than in the court of origin).  The Manual for Complex Litigation notes that "[t]he transferee court might also facilitate such a transfer by expressly recommending it either in its suggestion of remand to the Panel or in its final pretrial order." Manual for Complex Litig. (Fourth) § 20.132 & n.671 (citing *Kenwin* and *In re Air Crash at Dubrovnik, Croatia on Apr. 3, 1996*, MDL No. 1180).

This District is an appropriate recipient of a transfer from the Southern District because each of the Direct Actions could have been filed, originally, in this district. *See e.g., Foster-Milburn Co. v. Knight*, 181 F.2d 949, 951-52 (2d Cir.1950). Several actions in this MDL were initially filed in this District without any venue objection, including the Equitable Relief Class Action and a declaratory judgment action filed by defendants against certain of the 7-Eleven Plaintiffs. *See Visa v. NACS*, Compl. for Declaratory Judgment, ECF No. 1, Case No. 13-cv-3074 (MKB)(JAM).  Accordingly, if this Court wishes to invite a return transfer of these cases for trial from the Southern District, it may include such an invitation in its suggestion of remand under 28 U.S.C. §1404 and §1407.

II.  Intra-Circuit Assignment under 28 U.S.C. § 292(d)

The second avenue available to the Court is to request intra-circuit assignment to the Southern District under 28 U.S.C. §292(b).

There is precedent for MDL judges following a remanded action to preside over trials of remanded MDL cases via *inter*-circuit assignment under 28 U.S.C. § 292(d), a procedure more stringent than intra-circuit assignment.[3]  For example, in *Jowers v. BOC Group., Inc.*, the MDL court

---

[2] 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[3] Because the Southern and Eastern Districts of New York both sit in the same circuit, the appropriate mechanism would be intra-circuit assignment under 28 U.S.C. § 292(b).  The statute provides that "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292(b). A special assignment here requires no certificate of necessity; instead, it requires only the approval of the Chief Judge of the Second Circuit.

sitting in the Northern District of Ohio obtained the necessary approvals for inter-circuit assignment and presided over a trial in the Southern District of Mississippi. 608 F. Supp. 2d 724, 729 n.2 (S.D. Miss. 2009). The procedure for seeking this assignment was discussed in the court's Suggestion of Remand to the J.P.M.L. *Jowers v. Airgas-Gulf States, Inc.*, No. 08-cv-0036, ECF No. 136 at 3-4 (N.D. Ohio Nov. 8, 2007); *see also* Manual for Complex Litig. (Fourth) § 20.132 (noting assignment as an alternative to permit transferee courts to resolve MDL litigation through trial).

In another instance, acting pursuant to 28 U.S.C. §292, the Southern District of Ohio Judge presiding over MDL 1565, *In re National Century Financial Enterprises, Inc., Investment Litigation*, sought and obtained an order authorizing him initially to sit by designation in the District of Arizona, the transferor court, where he then ordered a §1404 transfer to the Southern District of New York. Once the case arrived there, he was then assigned by the Southern District to conduct a consolidated trial of all pending cases arising from the MDL. *See Crown Cork & Seal Co. v. Credit Suisse First Boston Corp.*, No. 03-cv-2084, ECF No. 52 at 3-4, 11 (D. Ariz. July 27, 2012) (describing transfer from Southern District of Ohio to District of Arizona and inter-circuit assignment of court, and granting subsequent transfer of venue to Southern District of New York); *Crown Cork & Seal Co. v. Credit Suisse First Boston Corp.*, 2013 WL 490717 at *1 (S.D.N.Y. Feb. 6, 2013) (referring to subsequent transfer of cases to Southern District of New York and inter-circuit assignment of court). Inter-circuit assignment was also discussed in *In re Mentor Corp. Obtape Transobturator Sling Prod. Liability Litigation*, where the MDL judge sitting in the Middle District of Georgia noted in his suggestion of remand that he would seek inter-circuit assignment to the transferor District of Minnesota to "allow the parties to benefit from the Court's knowledge of" the litigation and to "minimize delay and expense." 2014 WL 715579, at *2 (M.D. Ga. Feb. 24, 2014).

\* \* \* \*

For all these reasons, we request that the Court include in its suggestion of remand an invitation for a transfer of these actions to this Court for trial under §1404 or, in the alternative, suggest that the Chief Judge of the Second Circuit order a temporary assignment of Your Honor to the Southern District of New York, pursuant to 28 U.S.C. §292(b), to allow this highly experienced Court to preside over the trial of these actions. Either approach would allow the Court to preside at the trial of these actions whether in the Eastern District, following a §1404 transfer from the Southern District, or pursuant to §292(b) in the Southern District.

Respectfully,

| /s | /s | /s |
|---|---|---|
| Jeffrey I. Shinder | Kathy Patrick | James Wilson |

3