```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
---------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**MEMORANDUM & ORDER**
05-MD-1720 (MKB)
19-CV-6555 (MKB)

This document refers to:
*Grubhub Holdings Inc. v. Visa Inc.*,
No. 19-CV-6555 (E.D.N.Y.)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs in *Grubhub Holdings, Inc. v. Visa, Inc.* ("Grubhub Plaintiffs"), an action that was consolidated with *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, moved the Court to issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation (the "Panel") pursuant to 28 U.S.C. § 1407 and Rule 10.3 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.[1]  On April 10, 2024, Defendants Visa Inc., Visa USA, Inc., Visa International Service Association (collectively, "Visa"), and Mastercard Incorporated and Mastercard International Incorporated (collectively, "Mastercard") opposed Grubhub Plaintiffs' motion.  (Defs.' Resp. to Pls.' Mot. ("Defs.' Opp'n"), Docket Entry No. 9199.)  On April 22, 2024, Grubhub Plaintiffs filed a reply in support of their motion.  (Pls.' Reply in Supp. of Pls.' Mot. ("Pls.' Reply"), Docket Entry No. 9205.)

For the following reasons, the Court grants Grubhub Plaintiffs' motion and issues a suggestion of remand to the Judicial Panel on Multidistrict Litigation.

---

[1] (Grubhub Pls.' Mot. for a Suggestion of Remand ("Pls.' Mot."), Docket Entry No. 9183; Grubhub Pls.' Mem. in Supp. of Pls.' Mot. ("Pls.' Mem."), Docket Entry No. 9183-1.)

I. **Background**

The Court assumes familiarity with the facts and extensive procedural history as set forth in prior decisions. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207 (E.D.N.Y. 2013) (*Interchange Fees I*), *rev'd and vacated*, 827 F.3d 223 (2d Cir. 2016) (*Interchange Fees II*); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11 (E.D.N.Y. 2019) (*Interchange Fees III*); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, --- F. Supp. 3d ---, 2024 WL 278565 (E.D.N.Y. Jan. 8, 2024) (*Interchange Fees IV*); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2024 WL 1014159 (E.D.N.Y. Feb. 22, 2024) (*Interchange Fees V*); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, --- F. Supp. 3d. ---, 2024 WL 1556931 (E.D.N.Y. Apr. 2, 2024) (*Interchange Fees VI*). The Court therefore provides a summary of the facts and procedural history only as relevant to Grubhub Plaintiffs.

In October of 2005, several complaints asserting similar antitrust claims against Visa, Mastercard, and various issuing banks were consolidated for pretrial purposes and transferred to the Eastern District of New York, where they were joined by other similar cases. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2008 WL 115104, at *1 (E.D.N.Y. Jan. 8, 2008). The consolidated cases included both class actions and individual actions. *Id.* In April of 2006, plaintiffs in the putative class actions filed a consolidated amended class complaint that defined two classes: one seeking damages and the other seeking equitable relief. *Id.* at *1–2. In November of 2012, the Court provisionally certified a class settlement agreement between class plaintiffs and Defendants. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2012 WL 12929536, at *1–2 (E.D.N.Y. Nov. 27, 2012). Following preliminary settlement approval, numerous plaintiff groups that had not

2

previously appeared as named parties opted out of the settlement's damages class and brought actions in various district courts, "all of which were ultimately transferred to this court and consolidated in the instant multidistrict litigation." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2017 WL 4325812, at *3 (E.D.N.Y. Sept. 27, 2017), *order set aside on other grounds*, 2018 WL 4158290 (E.D.N.Y. Aug. 30, 2018). The Court approved the settlement in 2013, *Interchange Fees I*, 986 F. Supp. 2d at 241, but in 2016, the Second Circuit vacated certification of the class and reversed approval of the settlement, *Interchange Fees II*, 827 F.3d at 240.[2]

In November of 2016, the Court appointed counsel to two putative classes under Rule 23(b)(2) (the "Equitable Relief Class") and Rule 23(b)(3) (the "Damages Class") of the Federal Rules of Civil Procedure. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2016 WL 8138988, at *1 (E.D.N.Y. Nov. 30, 2016). In 2019, the Court approved a subsequent settlement between the Damages Class and the Defendants (the "2019 Settlement"), and in 2023, the Second Circuit affirmed the approval in all material respects. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2019 WL 6875472 (E.D.N.Y. Dec. 16, 2019), *aff'd sub nom. Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704 (2d Cir. 2023).

After timely opting out of the 2019 Settlement class, Grubhub Plaintiffs brought this action on November 4, 2019, in the United States District Court for the Northern District of Illinois, alleging violations of federal antitrust laws by Defendants Visa and Mastercard.

---

[2] The case was reassigned from Judge John Gleeson to the undersigned on December 17, 2014. (Order Reassigning Case dated Dec. 17, 2014, Docket Entry No. 6359.)

3

(Compl. ¶¶ 33, 154–208, *Grubhub* Docket Entry No. 1.)³  On November 20, 2019, pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Panel issued a Conditional Transfer Order transferring the action to this Court for coordination with other individual and class actions against Visa, Mastercard, and other defendants not named in the *Grubhub* action.  (Conditional Transfer Order, Docket Entry No. 7788.)

In September of 2021, the Court certified the Equitable Relief Class as a mandatory, non-opt-out class pursuant to Rule 23(b)(2) over the objections of Grubhub Plaintiffs, other opt-out plaintiffs, and other objectors.  *DDMB, Inc. v. Visa, Inc.*, No. 05-MD-1720, 2021 WL 6221326, at *46–49 (E.D.N.Y. Sept. 27, 2021).

Fact discovery as to the Grubhub Plaintiffs' claims concluded on August 31, 2022, and expert discovery concluded on March 31, 2023.  (*See* Order dated June 2, 2022, *Grubhub* Docket.)  In September of 2023, Defendants moved for summary judgment on all of Grubhub Plaintiffs' claims, asserting numerous legal theories for dismissal.  (Defs.' Mot. for Summ. J., Docket Entry No. 8925.)  In two separate decisions, the Court denied Defendants' motion.  *See Interchange Fees IV*, 2024 WL 278565 (denying Defendants' motion based on arguments that Grubhub Plaintiffs had presented insufficient evidence of (1) anticompetitive harm in a two-sided market and (2) Mastercard's market power); *Interchange Fees V*, 2024 WL 1014159 (denying Defendants' motion based on the arguments that Grubhub Plaintiffs (1) lacked standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) and (2) had presented insufficient evidence of a post-IPO conspiracy).

---

³ Where filings in this case do not appear on the docket for *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-1720 (E.D.N.Y.), but appear only on the docket for *Grubhub Holdings Inc. v. Visa Inc.*, No. 19-CV-6555 (E.D.N.Y.), the Court specifies that the document is on the *Grubhub* Docket.

4

After extensive motion practice and mediation, the Equitable Relief Class reached an agreement in principle with Defendants on January 17, 2024, and reached a final agreement on March 25, 2024. (*See* Decl. of Class Counsel ¶ 109, annexed to Equitable Relief Class Pls.' Mot. for Prelim. Approval of Settlement ("Equitable Relief Class Pls.' Mot."), Docket Entry No. 9179-3.) On March 26, 2024, the Equitable Relief Class moved for preliminary approval of a proposed settlement as between all Defendants and the Equitable Relief Class (the "Proposed Settlement"). (Equitable Relief Class Pls.' Mot., Docket Entry No. 9179; Class Settlement Agreement of the Rule 23(b)(2) Class Pls. and Defs. ("Proposed Settlement"), annexed to Equitable Relief Class Pls.' Mot., Docket Entry No. 9179-2.) Grubhub Plaintiffs and numerous other merchants filed objections with the Court. (Grubhub Pls.' Stmt. of Objs. to Equitable Relief Class Pls.' Mot., Docket Entry No. 9221.) On June 13, 2024, at a hearing on Grubhub Plaintiffs' motion for a suggestion of remand, the Court indicated that it would issue a suggestion of remand for the Grubhub Plaintiffs' action.[4] (Min. Entry dated June 13, 2024; Tr. of Settlement Approval Hr'g ("Hr'g Tr.") 63:14–63:21, Docket Entry No. 9330.) On June 25, 2024, the Court denied preliminary approval of the settlement as to the Equitable Relief Class. (Mem. & Order re: Equitable Relief Class Pls.' Mot. ("Preliminary Approval Decision") 3, Docket Entry No. 9333.)

## II. Discussion

### a. Legal Standard

"Title 28 U.S.C. § 1407(a) authorizes the Judicial Panel on Multidistrict Litigation to transfer civil actions with common issues of fact 'to any district for coordinated or consolidated

---

[4] At the same hearing, the Court considered preliminary approval of the Proposed Settlement and held a status conference on Direct Action Plaintiffs' opt-out actions. (Min. Entry dated June 13, 2024.)

5

pretrial proceedings,' but imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'" *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (quoting 28 U.S.C. § 1407(a)); *see also id.* at 34 ("[Section 1407] obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course."); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2021 WL 2983141, at *1 (S.D.N.Y. July 15, 2021) ("If 'pretrial proceedings have run their course,' the Panel is obligated to remand any pending cases to their originating courts, an obligation that is 'impervious to judicial discretion.'" (quoting *Lexecon*, 523 U.S. at 34–35)). "This mandatory language creates a powerful presumption in favor of remand, one that cannot easily be overcome. The result is a statutory right to remand following an MDL proceeding, analogous to the statutory right to removal under 28 U.S.C. § 1441." *In re Generic Pharms. Pricing Antitrust Litig.*, --- F. Supp. 3d. ---, ---, 2024 WL 560576, at *2 (J.P.M.L. Jan. 31, 2024) (quoting *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 351 (5th Cir. 2017)).

Although the ultimate authority for remanding lies with the Panel, *see* 28 U.S.C. § 1407(a), the remand process is typically initiated when a transferee court recommends remand of an action to the transferor court by filing a suggestion of remand with the Panel. *In re Keurig*, 2021 WL 2983141, at *1 (citing R.P.J.P.M.L. 10.1(b)). "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 560 F. Supp. 2d 1351, 1352–53 (J.P.M.L. 2008) (quoting *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)); *see also In re Brand-Name Prescription Drugs*

6

*Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[T]he transferee judge . . . has special insight into the question of whether further coordinated or consolidated proceedings are likely to be useful.").

"In determining whether to issue a suggestion of remand to the Panel, the [c]ourt is guided by the standards for remand employed by the Panel." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-5440, 2011 WL 1046162, at *3 (S.D.N.Y. Mar. 22, 2011) (internal quotation marks omitted).  The Court's "discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Keurig*, 2021 WL 2983141, *2 (quoting *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09-MD-2030, 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010)).  "When 'everything that remains to be done is case-specific,' it does not necessarily mean that 'consolidated proceedings have concluded'; nevertheless, 'the Panel has the discretion to remand a case' at that point." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 08-CV-312, 2019 WL 4744250, at *2 (S.D.N.Y. Sept. 30, 2019) (*In re MTBE*) (quoting *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)).  As the leading guide on multidistrict litigation has stated: "The transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation (Fourth) § 20.133.  "Because the purpose of multidistrict litigation is for the convenience of the parties and witnesses and to promote the just and efficient conduct of the cases, the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (alterations and internal quotation marks omitted).

b.  **The Court issues a suggestion of remand**

Grubhub Plaintiffs argue that remand of their action to the Northern District of Illinois is "appropriate," because "[r]emand is warranted where overlapping issues of law and fact have been resolved, and 'everything that remains to be done is case specific.'" (Pls.' Mem. 4 (quoting *In re MTBE*, 2019 WL 4744250, at *2).) Grubhub Plaintiffs first contend that "[a]ll significant pretrial procedures — expert disclosure, principal discovery, and dispositive motion[] practice — are complete," and that "[c]ommon fact and expert discovery has concluded after years of massive coordination between all parties to avoid duplication and overlap." (*Id.* at 5.) Consequently, they argue that "the principal benefit of coordination, avoiding duplicative discovery, has been achieved." (*Id.* (citing *In re Bard IVC Filters Prods. Liab. Litig.*, No. 15-MD-2641, 2021 WL 1566047, *2 (D. Ariz. Apr. 21, 2021), *amended and superseded by* 2021 WL 1616101 (D. Ariz. Apr. 26, 2021)).) Second, Grubhub Plaintiffs argue that courts "routinely recommend remand" following decisions on motions for summary judgment, (*id.* at 5–6 (collecting cases)), and note that "[t]he Seventh Circuit has confirmed that remand following summary judgment is appropriate," (*id.* at 6 (citing *FedEx Ground Package Sys., Inc. v. U.S. Judicial Panel on Multidistrict Litig.*, 662 F.3d 887 (7th Cir. 2011))). In support, Grubhub Plaintiffs contend that "there are no remaining pretrial proceedings subject to coordination by the . . . Court," and that "[t]here are no pending dispositive motions directed to or by the Grubhub Plaintiffs." (*Id.*) Third, Grubhub Plaintiffs argue that they "would be prejudiced by continued participation in MDL 1720," because they face "potentially . . . significant delay while they wait on the sidelines as class action issues and other unrelated claims are litigated." (*Id.* at 7.) Fourth, Grubhub Plaintiffs argue that Defendants' arguments regarding the risk of inconsistent judgments is baseless, because they "reaffirm" that "they will comply with any orders [of] this

8

Court" regarding the release of their equitable claims. (Pls.' Reply 1.) In support, Grubhub Plaintiffs note that, "[i]rrespective of the status of the [Proposed Settlement] or other class issues, this case can proceed to trial on damages claims and reserve discovery and litigation of injunctive relief until after a jury renders a verdict on liability," because "a request for injunctive relief would only be ripe if the Grubhub Plaintiffs go to trial and prevail on their . . . damages claims." (*Id.* at 4–6.) Finally, Grubhub Plaintiffs observe that "Defendants do not dispute that coordinated discovery has ended, *Daubert* motions have been decided, and summary judgment motions have all been decided — which is the logical and traditional end point for coordination of pretrial activities in an MDL proceeding." (*Id.* at 8; *see also id.* ("Defendants' citation of limited expert supplementation as the basis for additional delay is the definition of the tail wagging the dog. There is no reason that Defendants' supplemental expert reports . . . should delay remand.").)

      Defendants first argue that until the state of the Proposed Settlement has been determined, and until the Court has ruled on the accompanying request for "an express injunction prohibiting collateral attacks on the settlement in parallel actions," granting Grubhub Plaintiffs' motion for a suggestion of remand would be "inefficient for all parties in the MDL and the judiciary, and would risk needless and inconsistent rulings from multiple courts." (Defs.' Opp'n 5.) Defendants contend that the Court must rule on whether the Proposed Settlement releases any individual claims for equitable relief before Grubhub Plaintiffs' case can be remanded. (*Id.*) Defendants argue that to do otherwise "would effectively bless Grubhub Plaintiffs' apparent intent to solicit from a different federal district court a ruling inconsistent with this Court's prior decisions." (*Id.*) Second, Defendants argue that the question of whether opt-out plaintiffs can continue seeking injunctive relief separate from the mandatory Equitable Relief Class is one

9

"common to the remaining opt-out actions" and should therefore "be resolved by this Court in the context of this MDL . . . prior to the remand of any cases." (*Id.* at 6.) Defendants argue that resolving this question is the only way to prevent inconsistent rulings, which would "undermin[e] the very purpose of certifying a mandatory Rule 23(b)(2) class in the first place" and ignore "one of the recognized benefits of MDL proceedings in general." (*Id.* (first citing *DDMB*, 2021 WL 6221326, at \*49; and then citing *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005)).) Third, Defendants argue that remand "would be unfair to Defendants." (*Id.* at 7.) In support, Defendants contend that until the Court decides what claims and forms of relief remain available to Grubhub Plaintiffs following the Proposed Settlement, "Defendants would face an indeterminate set of potential consequences" if forced to go to trial. (*Id.*) They argue that this lack of "pre-trial clarity" would be unfair because their "presentation and advocacy would differ if they *also* need to significantly focus on possible future remedies given the potential for injunctive relief." (*Id.* at 7–8.) Finally, Defendants argue that keeping the MDL actions together while the Proposed Settlement is under review would "assist the parties in fulfilling remaining pretrial tasks that would benefit from coordination across actions." (*Id.* at 8.) Defendants point to ongoing negotiations with certain other opt-out plaintiffs over supplemental expert discovery that Defendants argue "will implicate the *Grubhub* action." (*Id.*) Defendants contend that although Grubhub Plaintiffs attempt to minimize the possibility of supplemental discovery, any such discovery would "set forth updates regarding the entire industry . . . that are applicable to all plaintiff groups." (*Id.*) In particular, Defendants note that Grubhub Plaintiffs' economic expert, Dr. R. Craig Romaine, is in the process of providing a supplemental report for Target Plaintiffs, and that Defendants may wish to cross-examine Dr. Romaine on this supplemental report in a

10

trial in the *Grubhub* action. (*Id.* at 8–9.)

As an initial matter, the Court notes that Defendants do not dispute Grubhub Plaintiffs' position that all material pretrial proceedings have ended, and that no pending motions remain by or against Grubhub Plaintiffs. To the extent that Defendants rely on pending matters common to all actions in the MDL, they point only to potential "supplemental expert reports" that the parties may submit regarding "updates" to the industry. (*Id.* At 8.) Defendants claim that they "may well seek to cross-examine Mr. Romaine at trial in the *Grubhub* action on the updates he provides regarding the industry," but they do not explain why this possibility weighs against suggesting remand. (*See id.* at 8–9.) As Grubhub Plaintiffs note, the Stipulation and Order signed by the parties, and approved by the Court, expressly provided that if plaintiffs successfully obtain a verdict on liability, only then would the parties engage in additional discovery concerning "the scope and form of any appropriate injunctive relief." (*See* Stipulation & Proposed Order 1, Docket Entry No. 7397; Order re: Stipulation, dated April 18, 2019.) Defendants therefore cannot rely on the possibility of additional discovery to argue against remand for trial because such discovery would not happen until *after* trial. To accept Defendants' argument would mean that none of the MDL actions could be remanded until (1) all damages claims have been adjudicated, and (2) all parties complete additional expert discovery regarding the scope of appropriate injunctive relief. The Court sees no basis for such a requirement prior to remand, and Defendants offer none. Moreover, the Court lacks the authority to "assign" Grubhub Plaintiffs' case to itself for adjudication of these damages claims. *See Lexecon*, 523 U.S. at 35–37. Because discovery relevant to Grubhub Plaintiffs' damages

11

claims has been completed,[5] and the Court has ruled on all pending summary judgment motions, Grubhub Plaintiffs are entitled to remand so that their damages claims can proceed.

The Court also finds that the possibility of inconsistent judgments does not warrant denying Grubhub Plaintiffs' request for a suggestion of remand.  First, Defendants' arguments appear predicated on the Court's approval of the Proposed Settlement, which would have released Grubhub Plaintiffs' equitable claims.  (Preliminary Approval Decision 19–20; Proposed Settlement ¶ 82(a).)  However, the Court has denied Equitable Relief Class Plaintiffs' motion for preliminary approval of the Proposed Settlement, (*see* Preliminary Approval Decision), which likely renders many of Defendants' concerns moot.[6]  Regardless, whether the *Grubhub* action proceeds in this Court as part of the MDL or in the United States District Court for the Northern District of Illinois on remand, Grubhub Plaintiffs will remain members of the certified Rule 23(b)(2) Class and will be bound by this Court's judgments and orders with respect to the Class.[7] *See DDMB*, 2021 WL 6221326, at *46–49 (certifying a class of *all* merchants that accepted Visa- and/or Mastercard-branded cards between specified dates).  Counsel for Grubhub Plaintiffs

---

[5] The parties appear to acknowledge that the only relevant discovery remaining before the damages claims can go to trial concerns updated damages calculations.  (Pls.' Mem. 3 n.1; Pls.' Reply 8; *see also* Defs.' Opp'n 8 (noting that "Grubhub Plaintiffs' primary economic expert . . . is in the process of . . . providing a supplemental expert report" with "updates . . . regarding the industry").)

[6] For example, contrary to Defendants' concerns, there is currently no risk of Grubhub Plaintiffs engaging in "collateral attacks on the settlement in parallel actions," because there is currently no settlement before the Court.  (*See* Defs.' Opp'n 5.)

[7] Contrary to Defendants' arguments, the Court does not need to decide prior to remand whether Grubhub Plaintiffs are entitled to seek injunctive relief separate from the certified Rule 23(b)(2) Class because, as discussed above, Grubhub Plaintiffs will remain members of the class even after remand and, thus, will be bound by the Court's orders and judgments with respect to the class.  (*See also* Hr'g Tr. 66:24–67:3 (where the Court confirmed its understanding that Grubhub Plaintiffs have made clear in their submission that "they appreciate that they are bound by the (b)(2) class certification as to their injunctive claims").)

has indicated that he recognizes that Grubhub Plaintiffs will be bound as such, and suggests that the Court therefore has no cause for concern that Grubhub Plaintiffs would seek an inconsistent judgment in another jurisdiction. (*See* Decl. of James A. Wilson ¶ 8, annexed to Pls.' Reply, Docket Entry No. 9205-1 ("Grubhub Plaintiffs remain members of a mandatory class, and are . . . bound by what the Court decides, subject to their right of appeal to the Second Circuit."); *id.* ("Contrary to Defendants' representation to the Court that the Grubhub Plaintiffs intend to 'potentially defy this Court's order certifying a mandatory, non-opt-out Rule 23(b)(2) class by seeking inconsistent orders imposing equitable relief from potential remand district courts,' . . . Grubhub Plaintiffs understand that they are members of the class the Court certified and are bound by, and of course will follow, the Court's orders." (citation omitted)).)

In the alternative, Defendants' concerns about inconsistent judgments appear to rely on the assumptions that (1) Grubhub Plaintiffs will commit contempt of court and defy this Court's orders, and (2) the transferor court will permit them to do so. (*See, e.g.*, Defs.' Letter dated Apr. 10, 2024, at 1, Docket Entry No. 9201 ("Plaintiffs[] . . . intend to continue to pursue equitable relief in their own actions, and potentially defy this Court's order certifying a mandatory, non-opt-out Rule 23(b)(2) class by seeking inconsistent orders imposing equitable relief from potential remand district courts.").) These assumptions are far too tenuous for the Court to deny Grubhub Plaintiffs' motion for a suggestion of remand, and Defendants fail to offer any evidence that their concerns will be borne out. Accordingly, the Court will not deny Grubhub Plaintiffs' motion on this basis.

### III. Conclusion

For the foregoing reasons, the Court grants Grubhub Plaintiffs' motion and suggests that the Judicial Panel on Multidistrict Litigation remand this action to the United States District Court for the Northern District of Illinois. A suggestion of remand accompanies this Memorandum and Order.

Dated: June 25, 2024
       Brooklyn, New York

                                  SO ORDERED:

                                  _____s/ MKB_____
                                  MARGO K. BRODIE
                                  United States District Judge