PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

DIRECT DIAL:  (202) 223-7356
EMAIL:  KGALLO@PAULWEISS.COM

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES

SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

June 28, 2024

**Via ECF**

The Honorable Margo K. Brodie, Chief Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *In re Payment Card Interchange Fee & Merchant Discount*
> *Antitrust Litig.*, No. 05-md-1720 (MKB) (JAM)

Dear Chief Judge Brodie,

Pursuant to the Court's June 13, 2024, Minute Entry, Defendants hereby jointly notify the Court that they are not waiving their statutory *Lexecon* rights regarding the *Target* and *7-Eleven* actions.  Defendants thus respectfully submit that the Court issue a suggestion of remand for both actions back to the transferor court, the United States District Court for the Southern District of New York ("S.D.N.Y"), where the Target and 7-Eleven Direct Action Plaintiffs ("Target" and "7-Eleven") filed their actions in 2013.

In a letter dated June 21, 2024 (ECF No. 9331), Target and 7-Eleven requested that the Court "include in its suggestion of remand an invitation for a transfer of these actions to this Court for trial under § 1404 or, in the alternative, suggest that the Chief Judge of the Second Circuit order a temporary assignment of Your Honor to the Southern District of New York." (*Id.* at 2.)

Target's and 7-Eleven's application contravenes the statutory requirement of § 1407, which unambiguously requires that both actions "*shall be remanded . . .* at or before the conclusion of such pretrial proceedings to the district from which it was transferred."  28 U.S.C. § 1407 (emphasis added).  This request is also a stark reversal from Target's and 7-Eleven's initial tactical decisions to file their cases in the S.D.N.Y. in order to avoid the trial in the Eastern District of New York ("E.D.N.Y.") that they now seek.  Target and 7-Eleven filed their complaints in 2013, over eight years after the Judicial Panel on Multidistrict Litigation established MDL 1720 in this Court before Judge Gleeson.  They further fought transfer to this MDL, representing to the Panel that "*transferring this case to the Eastern District of New York will not promote the convenience* of the parties or witnesses" and that "the Southern District of New York [is] *equally convenient* to all parties and witnesses."  (MDL No. 1720, ECF No. 127-1 at 10 n. 3 (emphasis supplied).)  Now, for their own tactical reasons, Target and 7-Eleven have decided that they want to stay in this Court

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

for trial, and so for a second time attempt to choose a forum of their liking.  This effort should be rejected.

## I.    Target's and 7-Eleven's Conditional Suggestion of Remand Is Improper

Section 1407 unambiguously provides that the *Target* and *7-Eleven* actions "shall be remanded . . . at or before the conclusion of such pretrial proceedings to the district from which it was transferred."  28 U.S.C. § 1407.  It is black-letter law that § 1407 "bars recognizing any self-assignment power in a transferee court," *Lexecon Inc.* v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998), and "[a]bsent a *Lexecon* waiver by the parties, any trial of the action must occur before a judge or a jury from the transferor court." *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1381 (U.S. Jud. Pan. Mult. Lit. 2020); *see also In re Biomet M2A Magnum Hip Implant Prod. Liab. Litig.*, 357 F. Supp. 3d 1389, 1390 (U.S. Jud. Pan. Mult. Lit. 2018) (rejecting defendants' demand that the actions be remanded "to districts in which venue is purportedly proper" and noting that "the Panel is without authority to 'redirect the remand' to a different, non-originating court.")

*Lexecon* itself extinguishes the judicial efficiency/experience arguments that Target and 7-Eleven advance.  In *Lexecon*, the 9th Circuit had allowed the transferee court to "transfer a case to itself" to "promote[] efficiency," and "eliminate" "[t]he time required for a new judge to become acquainted with the litigation." *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1532 (9th Cir. 1996).  The Supreme Court reversed that decision, underscoring that the directive in § 1407 is an "unconditional command," creating "an obligation impervious to judicial discretion." *Lexecon*, 523 U.S. at 35–36.  The Supreme Court further noted that the rule mandating remand adheres even when the transferee and transferor courts both agree that the transferee court should try the case. *Id.* at 39.

Respectfully, this Court should not pre-judge an application for transfer that Target and 7-Eleven have not and cannot brief before this Court. *See, e.g.*, *In re Biomet M2A Magnum Hip Implant Prod. Liab. Litig.*, 357 F. Supp. 3d at 1390 ("any motion for change of venue must be made to the original transferor court following Section 1407 remand.")  Target and 7-Eleven have not even attempted to address the required "clear and convincing showing" of why a transfer under § 1404(a) is warranted. *Atl. Recording Corp.* v. *Project Playlist, Inc.*, 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009) (quotations omitted).[1]  Target and 7-Eleven have already acknowledged that "transferring this case to the Eastern District of New York will not promote the convenience of the parties or witnesses" and that "the Southern District of New York [is] equally convenient to all parties and witnesses." (ECF No. 127-1 at 10 n. 3.)  Unlike the S.D.N.Y, Target's and 7-Eleven's chosen forum where Defendants Mastercard, Chase, and Citibank have their principal places of business at which the locus of operative facts occurred, the E.D.N.Y is home to only a handful of

---

[1] Such a showing requires evidence that "the following factors clearly favor transfer: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial efficiency and the interests of justice generally." *Atl. Recording Corp.*, 603 F. Supp. 2d at 695.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

the 60 merchant plaintiffs in the Target or 7-Eleven or groups, and has little or no connection to the facts, witnesses or documents necessary for any trial of these cases.

To support their strained application, Target and 7-Eleven cite to two decades-old precedents that are inapposite. In both *Kenwin Shops* v. *Bank of Louisiana* and *In re Air Crash at Dubrovnik, Croatia on Apr. 3, 1996*, the transferor courts transferred the actions back to the MDL court because it could conduct a consolidated trial of <u>all</u> pending actions.[2] Here, in contrast, this Court has already remanded the *Grubhub* action to the Northern District of Illinois at Grubhub's request, and thus could not conduct one consolidated direct action plaintiff trial even if it wished to do so over Defendants' invocation of their *Lexecon* rights. Accordingly, Defendants respectfully request that the Court issue a suggestion of remand of the *Target* and *7-Eleven* actions without any invitation for an inappropriate transfer back under § 1404.

## II.    An Intra-Circuit Assignment Would Not Be in the Public Interest

Target's and 7-Eleven's request for an intra-circuit assignment is equally unsupported. Such an assignment is a rare occurrence that requires a determination by the Chief Judge of the Second Circuit that such an assignment is required by "the public interest." 28 U.S.C. § 292(b).

According to Target and 7-Eleven, an intra-circuit assignment would allow the parties to benefit from the Court's knowledge of the case. Under this logic, any judge gaining case knowledge by presiding over pretrial activities in an MDL litigation should be assigned to the transferor court to oversee the trial of the individual actions after remand. Such a result would not only defeat the express terms of § 1407, which mandates remand and makes no mention of intra-circuit assignments, but would also add an enormous administrative burden on the judicial system, with MDL judges having to dedicate a substantial part of their time to the resolution of remanded actions in other districts.

Target and 7-Eleven again fail to identify any comparable precedent in the vast body of MDL decisions issued under § 1407. In both *In re Mentor Corp. Obtape Transobturator Sling Prod. Liability Litigation* and *Jowers v. Airgas-Gulf States, Inc.*, the intra-circuit assignment concerned MDL judges who had already presided over actual bellwether trials in those actions.[3] Such is not the case here, and Target and 7-Eleven have firmly advocated against any bellwether trials. Finally, unlike *In re National Century Financial Enterprises, Inc., Investment Litigation*, where, as Target and 7-Eleven acknowledge, the MDL judge was "assigned by the [S.D.N.Y.] to conduct a consolidated trial of all pending cases arising from the MDL" (ECF No. 9331 at 3), the remanded actions will not all be tried in the S.D.N.Y., vitiating any argument of efficiency that could come about from your Honor's assignment to the S.D.N.Y. to oversee the *Target* and *7-Eleven* actions.

For all those reasons, there is no particular public interest to be served in this action through the extraordinary measure of an intra-circuit assignment, and Defendants request that the suggestion of remand not include any reference to that extraordinary measure.

---

[2] 1999 WL 294800, at *4 (S.D.N.Y. 1999); MDL No. 1180, ECF No. 52 (D. Conn. 2002).
[3] No. 08-cv-0036, ECF No. 136 at 2 (N.D. Ohio Nov. 8, 2007); 2014 WL 715579, at *1 (M.D. Ga. Feb. 24, 2014).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

Respectfully submitted,

*/s/ Kenneth A. Gallo*
Kenneth A. Gallo
*Counsel for the Mastercard Defendants*

cc: All counsel of record (via ECF)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP