UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720(MKB)(JAM) |
| | Civil No. 05-5075(MKB)(JAM) |
| This Document Relates To: | RULE 23(b)(3) CLASS COUNSEL'S MONTHLY REPORT REGARDING THIRD-PARTY ENTITIES |
| ALL ACTIONS. | |

4895-5998-4843.v2

I.  **INTRODUCTION**

This is the ninth monthly report regarding third-party claims filers following the Court's request.

Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq continue to receive communications regarding third parties. This month, there were 57 new communications received by Epiq and multiple communications received by Class Counsel. Calls received via the toll-free number are tracked and reported to Class Counsel from Epiq. Class Counsel also directly receives calls and emails regarding third parties that are followed up on immediately. Additionally, Class Counsel regularly searches online using various keywords in an attempt to monitor what is a fluid situation.

In this report, Class Counsel describes current issues related to third parties.

II.  **NEW ISSUES**

A.  **Law Firm Providing Incorrect Information**

Class Counsel was alerted by two different parties to a communication that a law firm was sending to class members when it was notified of a conflict. The law firm, in its communication to class members, blind copied the class administrator rather than cc'ing them as required and made certain statements that appear to try to convince the class member to choose the law firm where a conflict has been flagged. The communication states: "Please note that in some cases third party filers may not be allowed to represent your organization unless they are attorneys." Class Counsel explained that while this may be true in certain circumstances related to appearing in federal court, Class Counsel was unaware of any rule or law that forbids companies from offering claims-filing services regardless of whether the entity is or is not a law firm. Class Counsel noted that statement is misleading and likely to confuse non-lawyers. Class Counsel requested that the firm: (1) cease using this language in any communications; and (2) correct the statement to those the firm has previously provided the information.

Below is the concerning paragraph:

> Please note that in some cases third party filers may not be allowed to represent your organization unless they are attorneys. The U.S. Supreme Court has

- 1 -

held that "it has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202. This notion has been uniformly applied by lower courts to all artificial entities, including corporations, partnerships, or associations. Therefore, an entity such as an LLC or a corporation cannot represent someone else in a federal court without a state law license or federal court admission.

The firm has agreed to stop using this paragraph and has agreed to send a correction, the content of which is to be worked out with Class Counsel.

      **B.**      **Apparently False Documents Filed with Epiq**

In last month's report, Class Counsel detailed issues related to Milberg Coleman Bryson Phillips Grossman, LLC. Those issues have been further addressed in subsequent filings on June 6, 2024, June 17, 2024, and June 24, 2024. ECFs 9318, 9328, 9332.

      **C.**      **Additional Matters**

In the past month, Class Counsel has been able to have corrections made to solicitations from a third party that failed to include the required disclaimer language. This company agreed to send a corrective communication within days of being alerted to a concern.

**III.**      **OUTREACH TO THIRD PARTIES BY EPIQ**

As Class Counsel previously reported, since August 18, 2023, Epiq has been performing specific outreach efforts to known third-party claims filers.

As of June 13, 2024, Epiq has been in communication with 270 third-party filers, law firms, and non-traditional bulk filers following the outreach that took place on August 18, 2023. Of those 270 third parties, Epiq has received client lists from 134 third-party claim filers claiming representation of 10 or more claimants. Those third parties claim to represent 378,094 Tax Identification Numbers ("TIN"). Please note that filers representing two (2) or more claimants have registered 378,545 TINs. These client lists also include multiple rows for a single TIN, and multiple rows that lack TINs or have invalid TINs (alphabetic characters, too few or too many digits). Several third-party claims filers have combined their documentation into a single .pdf that covers multiple clients, so the true number is likely higher than the current document count can substantiate.

- 2 -

Work continues, including the development of processes to efficiently handle the expected increase in third-party claims.

## IV. CONCLUSION

Class Counsel will continue to apprise the Court regarding issues with third-party claims filers via monthly reports and will bring urgent matters to the Court's attention via letter or other means should the Court wish a different method to be used. The next monthly report will be filed on July 26, 2024.

DATED: June 28, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY


                    s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402-2015
Telephone:  612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs