# Arnold&Porter

Robert J. Vizas
+1 415.471.3311 Direct
Robert.Vizas@arnoldporter.com

August 2, 2024

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
        05-md-01720 (MKB) (JAM)

Dear Judge Brodie:

We write on behalf of defendants, in accordance with the Court's July 31, 2024 Order, to set forth the bases for defendants' proposed Motion for Injunction Compelling Dismissal of Released Claims and for an Interim Stay ("Motion for Injunction").  *See also* ECF No. 9370-1 (Defs.' Mem. in Supp. of Mot. for Injunction).

The proposed Motion for Injunction flows from the Court's May 28, 2024 Memorandum and Order, ECF No. 9308 ("May 28 Order"), but raises issues the Court has not previously decided and seeks different and additional relief than what defendants previously requested.

In its May 28 Order, the Court held that merchants serviced by payment facilitators Square and Intuit, including the *Lanning* plaintiffs, "are members of the [Rule 23(b)(3)] Settlement Class."  May 28 Order at 26.  Defendants agree with that ruling and are not asking the Court to revisit it.  The Court's May 28 Order, however, did not decide whether Square and Intuit, as payment facilitators, acted as agents of their class-member customers, did not dismiss Square's and Intuit's payment-facilitator claims (*see* June 11, 2024 Minute Order), and did not address the impact of the *Lanning* plaintiffs' class-member status on their individual actions.[1]

The proposed Motion for Injunction would, first, ask the Court to issue an injunction compelling the *Lanning* plaintiffs, as class members, to dismiss their individual actions as barred by the class settlement release.  This form of relief is authorized by this Court's Rule 23(b)(3) Class Settlement Order and Final Judgment and is distinct from a Rule 12 or Rule 56 motion, as discussed below.  The *Lanning* plaintiffs appear to acknowledge that the May 28 Order requires dismissal of their claims, because they appealed it.  *See* ECF No. 9327.  But unless and until their claims are actually dismissed, it is far from clear that the Second Circuit has jurisdiction to review the May 28 Order.  The requested injunction thus would provide procedural clarity to both the parties and the Court of Appeals.

---

[1] The terms "Square," "Intuit," and "*Lanning* plaintiffs" are used as defined in the Court's May 28 Order.  *See* May 28 Order at 2–3.

# Arnold&Porter

Hon. Margo K. Brodie
August 2, 2024
Page 2

For Square and Intuit, the proposed Motion for Injunction would request an injunction compelling dismissal of their payment-facilitator claims, which, because Square and Intuit acted as agents of their class-member customers, are barred by the release.  The facts—and particularly Square's and Intuit's contracts with their merchant customers—establish that, as payment facilitators, Square and Intuit act as the agents of their merchant customers in connection with payment card transactions.  As the Court found, those merchant customers are class members.  And in the Class Settlement Agreement, those merchant customers released claims relating to their payment card transactions "on behalf of themselves and any of their . . .  agents."  Class Settlement Agreement ¶ 29 (emphasis added).  Accordingly, Square's and Intuit's claims as payment-facilitator agents of their class-member customers have been released.  Square and Intuit should be enjoined from pursuing those claims and required to dismiss those claims under this Court's Rule 23(b)(3) Class Settlement Order and Final Judgment.  The proposed Motion for Injunction also would request an interim stay of the payment-facilitator portion of Square and Intuit's actions pending resolution of defendants' request for class-settlement-based relief.

The plain terms of the Court's Rule 23(b)(3) Class Settlement Order and Final Judgment authorize this injunctive relief as to both the *Lanning* plaintiffs' claims and Square's and Intuit's payment-facilitator claims.  Under Paragraph 19 of that Order, any application "with respect to an[] aspect of the [Class] Settlement Agreement" must be "presented to and determined by" this Court "for resolution as a matter within the scope of MDL 1720."  Under Paragraph 20, if "the provisions of the [Class] Settlement Agreement . . . are asserted by any Defendant . . . as a ground for a defense . . . to any claim or cause of action . . . the [Defendant] shall be entitled to an immediate stay of that suit, action, or proceeding until after this Court has entered an order or judgment determining any issues relating to the defense . . . based on such provisions, and no further judicial review of such order or judgment is possible."  (Emphasis added.)  Thus, under the Court's Order and Final Judgment, defendants are entitled to resolution of their contention that the class settlement release bars the *Lanning* plaintiffs' actions and Square's and Intuit's payment-facilitator claims, as well as a stay of further proceedings pending such resolution.

Contrary to Square's and Intuit's assertion, there is nothing "unusual" about defendants' proposed Motion for Injunction.  ECF No. 9371 at 2.  Under settled law, it is proper—and ordinary—for a district court presiding over an approved class settlement to issue injunctive relief compelling class or even non-class members to dismiss released claims in other actions.[2]

---

[2] *See, e.g.*, *California v. IntelliGender, LLC*, 771 F.3d 1169, 1171–72, 1179–82 (9th Cir. 2014) (holding district court should have enjoined state plaintiff from pursuing restitution claims brought on behalf of "individuals who were bound by the CAFA class action settlement" under the All-Writs Act and the court's "continuing jurisdiction to enforce and administer" the class action settlement); *White v. Nat'l Football League*, 822 F. Supp. 1389, 1433–35 (D. Minn. 1993) (exercising court's authority under the All-Writs Act to enjoin other lawsuits asserting claims based on same practices at issue in settled class action); *Robertson v. Nat'l Basketball Ass'n*, 413 F. Supp. 88, 90–91 (S.D.N.Y. 1976) (enjoining and staying action brought by absent class

# Arnold&Porter

Hon. Margo K. Brodie
August 2, 2024
Page 3

Courts compel dismissal of claims in this context without relying on Rules 12 or 56, and defendants believe the Court should do so here.[3]

Nor are defendants "re-litigat[ing]" or seeking "reconsideration" of the May 28 Order. *Id.* at 2.  As noted, defendants agree with the Court's ruling that the *Lanning* plaintiffs are class members and will be defending that ruling in the *Lanning* plaintiffs' appeal.  As to the agency issue, the May 28 Order expressly "d[id] not address" defendants' argument that Square and Intuit acted as agents of their merchant customers.  May 28 Order at 13 n.17.  A motion for reconsideration asks a court to change a prior ruling based on "matters or controlling decisions which counsel believes the court has overlooked."  Local Civil Rule 6.3.  Defendants do not ask the Court to change a prior ruling, nor do they contend that the Court overlooked anything.

Nor is there a conflict between the proposed Motion for Injunction and the May 28 Order's denial of Intuit's cross-motion for summary judgment on its direct purchaser status, in part based on evidence that Intuit acts as an agent of its merchant customers.  *See* May 28 Order at 29.  Most obviously, in denying a motion for summary judgment, the Court need only determine the existence of disputed issues of fact against the position advanced by the movant.  By contrast, the Court is the finder of fact on a defendant's motion for injunction arising from a class settlement agreement.  *See* ECF No. 9370-1 at 10; *see also* May 28 Order at 10.  This is true regardless of whether the payment facilitator or its merchant customer (or neither) is the "direct purchaser" for purposes of *Illinois Brick*'s direct purchaser rule.  Square and Intuit acted as agents of their merchant customers in the payment-facilitator transactions at issue, and the class settlement agreement releases claims relating to those transactions on behalf of both the merchants and their agents—here, the payment-facilitator agents Square and Intuit.

For the foregoing reasons, we respectfully submit that the proposed Motion for Injunction Compelling Dismissal of Released Claims and for an Interim Stay is well-founded.  We would be happy to attend a pre-motion conference if the Court wishes to hear from the parties.

Respectfully submitted,

*/s/ Robert J. Vizas*
Robert J. Vizas
*Counsel for Visa*

cc:   All Counsel of Record by ECF

---

member pursuant to the court's "power to adjudicate the rights of class members even if they are outside the territorial jurisdiction of the court").

[3] Because, consistent with the precedents above, the Motion for Injunction would not be brought pursuant to Rule 12 or Rule 56, and it is not one of the other motions "specifically enumerated" in Rule 3.A of the Court's Individual Practices and Rules, defendants believed that a request for pre-motion conference was not required.