# CONSTANTINE CANNON LLP

**Jeffrey I. Shinder**
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO

August 2, 2024

**VIA ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*,
      No. 05-md-1720 (MKB)(JAM)

Dear Chief Judge Brodie:

We write on behalf of the 7-Eleven Plaintiffs to respond to the July 26 letter filed by the parties to the Rule 23(b)(2) class action requesting a trial date in "April-May of 2025." ECF No. 9362. Specifically, we write to request that the Rule 23(b)(2) class action trial be scheduled *after* the 7-Eleven Plaintiffs' jury trial. The timing of this jury trial will be discussed before Judge Hellerstein at a conference on August 7, 2024. *See* Order Regulating Proceedings, No. 13-cv-4442 (AKH) (S.D.N.Y.) ECF No. 16.

As this Court acknowledged, "issue preclusion may impact litigation of particular issues in [the Direct Action Plaintiffs'] individual damages claims," a concern that could allow defendants to argue effectively disposes of the 7-Eleven Plaintiffs' damages claims if certain shared core issues are resolved against the class. *DDMB, Inc. v. Visa, Inc.*, No. 05-MD-1720 (MKB), 2021 WL 6221326, at *27 (E.D.N.Y. Sept. 27, 2021). As a result, to allow a trial of the injunctive claims first would, in the event the class is unsuccessful, invite defendants to argue that the 7-Eleven Plaintiffs' damages claims are barred, in whole or in material part, by collateral estoppel. *See, e.g.*, *Adkins v. Morgan Stanley*, 307 F.R.D. 119, 141 (S.D.N.Y. 2015) (noting that "absent class members risk losing on the merits and being precluded from separately asserting" that defendants are liable for damages for the same conduct). We note that defendants have agreed *not* to assert collateral estoppel against a similarly situated group of plaintiffs, the Target Plaintiffs, in exchange for that group's agreement to go to trial in July 2025 and effectively delay the trial of the 7-Eleven Plaintiffs. In other words, defendants fully intend to assert collateral estoppel against the 7-Eleven Plaintiffs if they prevail against the Rule 23(b)(2) class.

Because of the risk of preclusion, it is well-settled that "to safeguard" the constitutional right to a jury trial, "the general rule is that" "legal claims" must be decided by a jury "prior to the court's determination of the equitable claims, in order to prevent the court's determination of a common factual issue from precluding, by collateral estoppel effect, a contrary determination by the jury." *Clark v. Hanley*, 89 F.4th 78, 100 (2d Cir. 2023) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)).

CONSTANTINE CANNON LLP

Page 2

NEW YORK | WASHINGTON | SAN FRANCISCO

"Under *Dairy Queen*, legal claims must be tried first to a jury where they share common issues with equitable claims." *TCL Commc'n Tech. Holdings Ltd. v. Telefonaktiebolaget LM Ericsson*, 943 F.3d 1360, 1366 (Fed. Cir. 2019); *Desmond v. Ng*, 552 B.R. 781, 788–89 (D. Mass. 2015) ("In such instances a court may not try the equitable claims first because to do so would subject the jury's findings to the principles of collateral estoppel.") (citation omitted).

Given these authorities, the 7-Eleven Plaintiffs respectfully request that the Court schedule the Rule 23(b)(2) case for trial after the 7-Eleven Group's damages trial, a date for which shall be addressed at the August 7 status conference before Judge Hellerstein.

Respectfully,

/s

Jeffrey I. Shinder