# EXHIBIT 1

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Applies to:  All Cases. | No. 05-MD-1720 (MKB) (JO) |

## DECLARATION OF LOREE KOVACH REGARDING CLAIM FORM MAILINGS FOR ADDITIONAL CLASS MEMBERS

I, LOREE KOVACH, declare and state as follows:

1. I am a Senior Vice President for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Class Administrator in the above-captioned case.  In this capacity, I am authorized to make the following Declaration on behalf of Epiq.  I received my Bachelor of Science degree in Finance from The Florida State University and hold a Juris Doctorate degree, also from The Florida State University.  I have over 20 years' experience in the settlement administration industry.  The following statements are based upon my personal knowledge, information provided to me by associates and staff under common supervision, and upon a review of the business records maintained by Epiq.

### INTRODUCTION

2. This declaration provides information about potential additional settlement administration activities that the Class Administrator believes are in the best interest of the Settlement Class.  Such activities include mailing additional Claim Forms to known likely Settlement Class Members, an extended deadline to submit claims in light of those anticipated

mailings, and a minimum payment alternative approach to more efficiently process low-dollar claims.

3. Since notice was provided to class members in 2019, the Class Administrator has received additional data from Visa and others. This additional data reveals a significant number of additional Class Members who did not receive claim forms sent in 2023. The Class Administrator recommends mailing Claim Forms to those Class Members after it concludes necessary analysis of the data at issue.

4. As discussed in further detail in ¶¶ 8-10, *infra*, finalizing the data for this mailing will be completed within the next two months. The Class Administrator expects to be able to finalize all data preparation work and commence mailing within approximately 50 days of entry of an Order from this Court. Accordingly, the Class Administrator recommends an extension to the Claim Filing Deadline that is equal to 180 days from the date this Court enters an order which approves this additional Claim Form mailing and the corresponding deadline extension.

5. The Settlement Agreement Plan of Administration and Distribution is based on the equitable distribution of the Cash Fund to eligible claimants in proportion to Interchange Fees Paid as located in the data provided by Defendants or via specified alternative methods of approximating such amounts when Interchange Fees Paid cannot be ascertained "with reasonable effort." Superseding and Amended Definitive Class Settlement Agreement at Appendix I, II.E, September 18, 2018, ECF No. 7257, hereinafter "Settlement Agreement." Because interchange fee data is not readily identifiable for a significant number of Class Members in the data available to the Class Administrator, and because the cost to the Class for the Class Administrator to review documentation these Class Members would need to produce to prove their Claims in the absence of locating interchange fee data in the Class Administrator's records would likely exceed the value

of many such Claims, the Class Administrator recommends implementation of a $25 minimum payment for all Class Members who submit Claims affirming they accepted payment cards and paid interchange fees during the Class Period, provided those affirmations can be validated in third party records (e.g., Visa, Mastercard or acquirer data files provided to the Class Administrator) and/or documentation provided by the claimant that the Class Member accepted Visa and/or Mastercard during the Class Period. See ¶¶ 11-15, *infra*, for further discussion.

## DATA AVAILABLE TO THE CLASS ADMINISTRATOR

6. The 2019 Declaration of Nicole Hamann on Class Administrator's Implementation of Settlement Notice Plan (Dkt. 7469) ("2019 Hamman Declaration") details the data provided to the Class Administrator for purposes of conducting the 2019 Notice Mailing, the processing of that data, and the resulting notices mailed.

7. Since notices were mailed in 2019, the Class Administrator received additional data from Visa (an updated, fifth version of Visa's Acquirer Merchant Master File [hereinafter referred to as "AMMF 5"]) and others. Some of this data included records identifying a potentially significant number of possible Class Members to whom claim forms had not been sent; but, a large number of those new records related to merchants who began accepting Visa after the end of the Class Period and hence were not in the class. Visa recently provided the Class Administrator with information that would allow it to identify and exclude the non-class member records from the set of newly identified potential Class Members who had not received a Claim Form. The Class Administrator thus recommends mailing Claim Forms to the remaining merchants who had not been sent claim forms.

## PREPARATION OF DATA FOR CLAIM FORM MAILING

8. There is work that remains to be done with respect to the data received since 2019 in order for it to be useful in sending additional Claim Forms. This includes normalizing and deduping records, processing to identify best available address when multiple addresses exist in the data for a particular merchant, other data hygiene including programmatic and manual reviews of anomalies, and comparison of the records to merchant records which already received a Claim Form or otherwise registered or filed a Claim.

9. Once a final combined data set for mailing is created, those records will be inserted into the claims database used by the Class Administrator to track all interactions with Class Members throughout the Settlement. This insertion process creates a unique Class Member record for the merchant, with a unique key, in the database and allows for efficient management of outgoing communications, undeliverable mail and any submissions related to any Claims filed. Mailing files are created from this database. This data insertion and mailing file creation process is expected to take approximately two weeks.

10. Printing will begin for each mailing file shortly after the file is created, and files will start printing on a rolling basis. As printing is completed, the Claim Forms will be dropped into the mailstream. As noted in ¶ 4, *supra*, the Class Administrator expects to begin mailing within approximately 50 days of entry of an Order approving this mailing.

## IMPLEMENTATION OF A MINIMUM PAYMENT FOR ELIGIBLE CLAIMS

11. As the Class Administrator has reviewed Claims received to date, it has become apparent that there are many otherwise eligible Class Members for whom the Class Administrator was unable to identify Interchange Fees Paid, or for whom the Class Administrator was only able to identify a subset of Interchange Fees Paid by the Class Member, and these Class Members are

unable to produce the level of documentation needed to validate the amount of Interchange Fees they actually paid. Moreover, in many cases, review of such documentation would result in the Class Administrator expending significant amounts of time for what will ultimately result in a very small award to the Class Member.[1]

12.     Claimants for whom the Class Administrator is unable to locate accurate Interchange Fees Paid information currently must engage in the challenge process described in the Plan of Distribution in order to establish the amount of interchange fees they paid. The first step in this process currently is for these merchants to submit a research request, whereby they provide additional data points, such as merchant identifiers, sample merchant statements, and other data that can be used by the Class Administrator to re-query Defendants' records in Epiq's custody and identify interchange fee data applicable to that merchant. Based on the research requests received to date, it appears that many small merchants are unable or unwilling to provide sufficient data such that a research request would be successful, or the Class Administrator is otherwise unable to find missing transactional information the merchant alleges should be present. These efforts thus consume time and expense without producing results in these instances. The next step

---

[1] For example, a large number of Class Members are merchant-customers of payment facilitators. Based upon the Class Administrator's current understanding of the data in its possession, transactions of a particular payment facilitator are often associated to aggregate merchant identifiers such that the Visa monthly roll-up reports of interchange transaction activity do not include a distinct merchant identifier for each distinct underlying payment facilitator merchant-customer. Without a distinct merchant identifier for a given merchant-customer, the Class Administrator is not aware of a method to link this interchange activity data back to a merchant-customer TIN. Consequently, the only available method to link this interchange activity data to a merchant entity name, mailing address and TIN would be to analyze the merchant "doing business as" or "DBA" name as it appears on a consumer's Visa statement along with the city, state and ZIP Code to attempt to identify interchange fees within the data for a given merchant-customer and link this back to merchant name, address and TIN lists.

available to a merchant to prove their Interchange Fees Paid would be to submit certain types of sales data for years during the Class Period for which they accepted Visa or Mastercard. However, such submissions would require documentation to validate the merchant's sales figures, and the effort for the Class Administrator to review such documentation to validate what would equate to a small settlement payment for the Class Member in many if not most cases is not worth the cost to the Class of such review, nor will many smaller merchants be likely to file a Claim if they had to compile such documentation in order to prove the value of their Claim.

13. The Class Administrator recommends offering a $25 minimum payment option for all eligible Class Members who file an otherwise valid Claim. This minimum payment would be available to all Class Members for whom the Class Administrator is unable to identify interchange fee data in its data set, regardless of whether the Class Member is a submerchant or not. Class Members for whom the Class Administrator is not able to identify interchange fee data, but who paid interchange fees in an amount that would result in a settlement payment larger than the minimum payment, would still be allowed to avail themselves of the challenge process. To the extent the data provided to the Class Administrator by Visa, Mastercard, other settling defendants and subpoenaed acquirers substantiates that a Claimant most likely accepted Visa or Mastercard during the claim period, it is expected this would be sufficient validation for a Claimant to qualify for at least the proposed minimum payment amount.

14. The impacts on the administration procedures for this settlement to incorporate a minimum payment amount are expected to be limited. A version of the Claim Form already exists for merchants for whom the Class Administrator was not able to identify any interchange fee information and was used in the 2023 Claim Form mailing, and this Claim Form, and the subsequent processing steps created by the Class Administrator, can continue to be used without

modification after implementation of a minimum payment. Currently, all Class Members who submit this Claim Form are informed of the next steps they need to take to establish the amount of Interchange Fees Paid and prove the value of their Claim. Should a minimum payment be implemented, a minor addition to the processing steps would be incorporated to inform each such Claimant that, should they take no further action and their Claim is deemed eligible, they would be awarded the minimum payment amount.

15. In addition, Class Counsel and the Class Administrator intend to conduct another reminder postcard mailing to all Class Members who have not yet filed a Claim, should the Court agree to the recommended extension of the Claim-Filing Deadline. Should the minimum payment be implemented, the Class Administrator would include reference to the minimum payment in the reminder postcard. Finally, should the minimum payment be implemented, the Class Administrator will update the Settlement Website and provide certain notice via internet banner ads to inform Class Members of this minimum payment.

## CONCLUSION

16. For the reasons stated above, the Class Administrator hereby recommends that the Court approve (1) an additional Claim Form mailing to likely Class Members who have not yet received a Claim Form based on the data sets described in ¶¶8-10, *supra,* (2) an extension of the Claim Filing Deadline equal to 180 days from the date the Court enters an Order approving the mailing and deadline extension, and (3) implementing a $25 minimum payment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on August 6, 2024 at Gdańsk, Poland.

_____
Loree Kovach