UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : : : : : : : | MDL No. 1720(MKB)(JAM) <br><br> Civil No. 05-5075(MKB)(JAM) <br><br> RULE 23(b)(3) CLASS COUNSEL'S STATUS REPORT TO THE COURT'S AUGUST 1, 2024 ORDER TO SHOW CAUSE |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

## I.  INTRODUCTION

Pursuant to the Court's August 1, 2024 Order to Show Cause (ECF 9372), Rule 23(b)(3) Class Counsel ("Class Counsel") here provides the Court a status report regarding National Processing Alliance Inc.'s ("NPA") response to the Order to Show Cause.

In its monthly report filed July 26, 2024 (ECF 9363), Class Counsel requested an order to show cause regarding NPA.  This request arose after Epiq received and then passed on a complaint from a class member regarding conduct by NPA.

As required, Class Counsel served by email and overnight mail a copy of the Court's August 1, 2024 Order (*see* ECF 9373) and explained that NPA and Class Counsel had been given direction and deadlines by the Court.  On August 6, 2024, having not heard from NPA, Class Counsel wrote an email to Thomas Fuhrman, Senior Vice President of NPA, the person with whom Class Counsel had previously interacted.  He wrote back that same evening and attached certain responses to the items detailed in the Court's Order to Show Cause.

Class Counsel wrote back the next day (August 7, 2024) and questioned several of the responses as failing to answer the questions posed. Class Counsel requested a response by Friday, August 9, 2024 because of the upcoming deadline to update the Court.  As of August 12, 2024 at 12:00 p.m. PST / 3:00 p.m. EST, NPA has not responded.

Class Counsel does not believe that NPA has properly responded to the Order to Show Cause and requests the Court order: (1) NPA to cease all claims-filing services in this action; (2) allow any merchants that have contracted with NPA to cancel their contract; and (3) bar NPA from taking any further role in the settlement.

NPA has not responded further and did not fully answer Class Counsel's questions.  Below Class Counsel lists each item in the Order to Show Cause, NPA's response as of August 6, 2024 and Class Counsel's August 7, 2024 follow up:

ITEM 1 (ECF 9372 at 1):

> NPA shall explain whether NPA includes the Court-mandated disclaimers with all of its solicitations in connection with the current litigation, including oral solicitations[] . . . .

NPA'S AUGUST 6, 2024 RESPONSE TO ITEM 1:

- In oral solicitations

A Regional Vice President will assist you with submitting the claims form on your behalf. Of course, there is no-cost to you for providing this service and Class Members need not sign up for any third-party service that charges a fee in order to participate in any monetary relief. Additional no-cost assistance will also be available from the Class Administrator and Class Counsel during the claims-filing period which ends on August 31st, 2024. The court-appointed website is Payment Card Settlement dot com.

4885-0370-8375.v2

- In person

## Authorization to File Claim

**Legal Name:** Legal Company Name          **TIN/EIN:** ____

**Mailing Address** (incl suite/unit #): ____

**City, State, Zip Code:** ____, ____

**Authorization:**

I, _____, as an authorized representative of ____Legal Company Name____, hereby authorize National Processing Alliance Inc. ("NPA") to file a claim on behalf of the company in the **Payment Card Interchange Fee and Merchant Discount Antitrust Litigation**, MDL No. 1720 (MKB) (VMS) (the "Case"). I understand that:

- NPA will file the claim at no cost to ____Legal Company Name____.
- NPA will not receive any payments on behalf of ____Legal Company Name____.
- The settlement amount will be determined by a court-appointed Class Administrator, if applicable, and sent directly to ____Legal Company Name____.
- Claim forms were mailed throughout the months of December 2023 and January 2024.
- Class members need not sign up for any third-party service to participate in any monetary relief.
- No-cost assistance will be available from the Class Administrator and Class Counsel during the claims-filing period.
- Additional information can be found at the Court-approved website https://www.paymentcardsettlement.com/en.

**Signatory Authority Statement:**

I, _____, hereby represent and warrant that I have the signatory authority to execute this Authorization on behalf of ____Legal Company Name____.

**Full Name:** _____   **Date** _____

**Title:** _____

CLASS COUNSEL'S AUGUST 7, 2024 RESPONSE TO ITEM 1:

As to Question 1: You have provided a statement regarding "in oral solicitations" and "in person" solicitations. Is it accurate that NPA does not contact class members via email or online marketing? Do you have scripts or other written materials that show the Court-mandated disclaimers?

_____

ITEM 2 (ECF 9372 at 1):

NPA shall explain whether NPA purports to be from the official settlement administrator in its contacts with class members[] . . . .

NPA'S AUGUST 6, 2024 RESPONSE TO ITEM 2:

NPA **does not** purport to be from the official settlement admin administrator in its contacts with class members.

Reference: Authorization to File Claim (above).

CLASS COUNSEL'S AUGUST 7, 2024 RESPONSE TO ITEM 2:

As to Question 2: You state that NPA "does not" purport to be from the official settlement administrator in its contacts with class members. We appreciate that your Authorization document contains the required disclaimers. However, the class member that complained specifically stated that she believed she was told that she was receiving a call from the Class Administrator. Can you provide any scripts (as requested above) that make clear that NPA is not the administrator?

_____

ITEM 3 (ECF 9372 at 1-2):

NPA shall explain why it should not(a) provide Class Counsel with a list of any and all class members who have signed up for claims-filing services with NPA or any associated entity, and (b) provide written notice to any such class members so that they may cancel any contract entered into with NPA for claims-filing or other services related to the current litigation.

NPA'S AUGUST 6, 2024 RESPONSE TO ITEM 3(a):

NPA plays by the rules. We provide full oral and written disclosures and members receive claims filing service without **cost** or **obligation**.

Our Authorization to File Claim form clearly states that class members receive claims form services at no cost. Disclosures, along with the court authorized website are present on the form.

NPA'S AUGUST 6, 2024 RESPONSE TO ITEM 3(b):

With the exception of the **Authorization to File Claim** form, NPA does not enter any other contracts related to the claims-filing or other services related to the current litigation.

To be clear, NPA does not earn money for claims-filing or other services related to the current litigation.

Class members are protected by rule of law. The claims administrator is clear on conflicts, in that the class member retains final authority as to whom the member wish to provide the claims filing service.

CLASS COUNSEL'S AUGUST 7, 2024 RESPONSE TO ITEM 3(a):

      As to Question 3(a):  You state: "NPA plays by the rules."  You also state that you do not charge for services.  Neither of these explanations explain why NPA should not provide Class Counsel with a list of any and all class members who have signed up for claims-filing services with NPA.

CLASS COUNSEL'S AUGUST 7, 2024 RESPONSE TO ITEM 3(b):

      As to Question 3(b):  You state that with the exception of the "Authorization to File Claim form," NPA does not enter into other contracts.  You also state that NPA does not earn money for claims filing.  Finally, you state class members are protected by rule of law and that the class member retains final authority as to whom the class member wish to provide claims filing services.  This does not answer why NPA should not provide written notice to any such class members who signed up with NPA so that they may cancel any contract entered into with NPA for claims-filing or other services related to the current litigation.  Your statement regarding the "rule of law" is unclear.  Further, once an authorization to file has been accepted, barring a conflict, that authorization would be operative.

_____

ITEM 4 (ECF 9372 at 2):

      NPA shall provide Class Counsel with a copy of the purported recording of the call made to the class member that led to Class Counsel's Request for an Order to Show Cause.

NPA'S AUGUST 6, 2024 RESPONSE TO ITEM 4:

      NPA does not have a recording of the call made to the class member that led to Class Counsel's Request for Show Cause.

CLASS COUNSEL'S AUGUST 7, 2024 RESPONSE TO ITEM 4:

      As to Question 4:  You state that "NPA does not have a recording of the call made to the class member that led to Class Counsel's Request to Show Cause."  Can you explain why the recording is not available?  When Class Counsel spoke with you, you indicated that all calls are recorded.  Can you explain why, if all calls are recorded, this recording is not in NPA's possession, custody or control?  What is NPA's policy or procedure regarding the recording of calls as well as the retention of such recordings?

_____

## II. CONCLUSION

Because NPA has not properly responded to the Order to Show Cause Class Counsel requests the Court order: (1) NPA to cease all claims-filing services in this action; (2) allow any merchants that have contracted with NPA to cancel their contract; and (3) bar NPA from taking any further role in the settlement.

DATED: August 12, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs