**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

August 13, 2024

VIA ECF

Magistrate Judge Joseph A. Marutollo
United States District Court
　for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY  11201

　　　　Re:　*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
　　　　　　No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

　　　　Rule 23(b)(3) Class Counsel ("Class Counsel") write with additional information regarding the Order to Show Cause (ECF 9372) as to National Processing Alliance Inc. ("NPA").  As the Status Report filed August 12, 2024 (ECF 9387) discussed, NPA responded to the Order to Show Cause on August 6, 2024.  On August 7, 2024, Class Counsel sent follow-up questions to NPA and requested that NPA respond by August 9, 2024 as the Status Report was due on August 12, 2024.  Having received no response from NPA, Class Counsel filed the Status Report at 12:00 p.m. PST / 3 p.m. EST on August 12, 2024.  Class Counsel immediately sent a copy of the report to NPA's Senior Vice President, Thomas Fuhrman.  Shortly thereafter, Mr. Fuhrman emailed Class Counsel to say that he had responded on August 7, 2024 to Class Counsel.  A search was conducted of email and no such email was found.  Class Counsel requested that Mr. Fuhrman send his response from his sent items.  He soon wrote back to say that he had inadvertently emailed his response only to himself.

　　　　So the Court may have a complete record, Class Counsel here attaches Mr. Fuhrman's response, redacting the class member name and phone number.  *See* Attachment A.  NPA's responses remain incomplete, in Class Counsel's view.  First, the script provided could be understood by a reasonable class member to be "official."  Further, the reasons given by NPA for its current refusal to provide Class Counsel with a list of any and all class members who have signed up for claims-filing services with NPA and its refusal to allow class members who signed up for claims-filing services with NPA the right to cancel are not persuasive.  While it is true that not all service providers have been required to provide a right to cancel to class members, many third parties have in fact provided such information following complaints.  Providing a list of class members who have signed up for services should not be unduly burdensome and should be provided, as requested.  It is reasonable to assume NPA has a list of these class members readily available if they are submitting claims on their behalf following the signing of authorization documents.

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
August 13, 2024
Page 2

      Finally, the statement by NPA that "all" calls are recorded is plainly untrue as Mr. Fuhrman states in his August 7 response that contractors calling class members from home do not record calls. As such, there is no way to tell what was said to the class member who complained other than the class member's statements. The class member has no reason to provide incorrect information and was consistent in multiple follow-up calls regarding her understanding of what was said by the NPA agent.

      Class Counsel will provide this filing to NPA and is available at the Court's convenience to answer any outstanding questions.

                                        Respectfully submitted,

                                        ALEXANDRA S. BERNAY

Attachment A

cc:    All Counsel via ECF

4889-5191-6504.v1