| | | | | | |
|---|---|---|---|---|---|
| **Robbins Geller Rudman & Dowd LLP** | Chicago | Melville | Nashville | San Diego | Wilmington |
| | Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

August 16, 2024

VIA ECF

Magistrate Judge Joseph A. Marutollo
United States District Court
　for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY  11201

　　　　　Re:　*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
　　　　　　　No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

　　　　On August 13, 2024, the Court held a status conference and directed Rule 23(b)(3) Class Counsel ("Class Counsel") to provide authority regarding the Court's ability to impose certain sanctions on National Processing Alliance Inc. ("NPA") related to a complaint Class Counsel received.  ECF 9389 at 11:7-12.

　　　　Since the Court's status conference, Class Counsel has been in touch with NPA and NPA now agrees to provide Class Counsel with a list of merchants that signed up for claims-filing services with them and provide those merchants notice that they may cancel their contract with NPA and file their own claims.[1]  Because this was the relief sought, Class Counsel believes the Order to Show Cause (ECF 9372) is now moot.  However, because issues related to third parties continue to occur, authority regarding the Court's power to sanction third parties is detailed below.

**I.　　The Court's Authority to Protect Class Members and Punish Those Who Mislead Class Members**

　　　　For more than 10 years, the Court has examined issues related to third-parties who have sought to mislead class members regarding the settlement in this case.  There have been numerous evidentiary hearings, including mini-trials with multiple witnesses subject to cross examination.  As part of that process, the Court has issued several rulings examining its authority to act to protect class members from overreaching third parties. The guiding principle was detailed in a lengthy Order issued in 2014.  The Court held:

---

[1]　　Class Counsel and NPA are working on acceptable language to provide to merchants that signed up for claims-filing services with NPA. Should the parties be unable to agree on suitable language, Class Counsel will alert the Court.

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
August 16, 2024
Page 2

> The Court's authority is clear, and its obligation to protect class members is strong. The only effective way to avoid confusion and intolerable inefficiencies in the claims filing process is to be firm: any third-party claims filing company that knowingly makes – directly or through an agent acting on its behalf – material false or misleading statements to merchants in an effort to solicit their business risks being permanently enjoined from filing claims in this case.

*In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 2014 WL 4966072, at *1 (E.D.N.Y. Oct. 3, 2014).

There the Court imposed a permanent injunction against a third party and provided significant legal support for its holding, including details regarding a situation that arose in the *Visa Check* action where a third-party claims filing entity was found to have misled class members. *Payment Card*, 2014 WL 4966072, at *1-*3; *see also In re Visa Check/Mastermoney Antitrust Litig.*, 2006 WL 1025588 (E.D.N.Y. Mar. 31, 2006).[2] In *Visa Check*, the Court imposed an order requiring corrective notices be sent to class members and to mail a notice allowing merchants to void contracts they had entered into. *Payment Card*, 2014 WL 4966072, at *6.

Throughout the litigation, the Court has made clear its intention to "proactively protect class members from overreaching claims filing companies by 'preventing confusion and deception before they can happen," as opposed "to taking remedial measures after they happen.'" *Id.* at 17 (quoting ECF 6147 at 1).

As the Court has noted: "common sense dictates that the onus for ensuring that solicitations to class members are truthful must necessarily fall on the third-party claims filing company seeking class members' business." *Id.*, at *30; *see also Visa Check*, 2006 WL 1025588, at *6. "The judge has ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class." Ann. Manual for Complex Litigation (Fourth) §21.33 (2023) ("Manual"). "[T]he court may take curative action – such as requiring the distribution of corrective notices or entering injunctive relief – where misleading or false statements are made to class members." *Payment Card*, 2014 WL 4966072, at *31 (citing the Manual).

---

[2]   Citations are omitted unless otherwise noted.

4854-8570-1592.v1

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
August 16, 2024
Page 3

As the Court held:

> Pursuant to Rule 23(d), courts have taken various curative actions to "prevent court-approved class notification materials from being nullified by competing and inaccurate information." 1 Litigating Tort Cases §9:16; *see e.g.*, *In re Lupron Marketing and Sales Practices Litigation*, 2004 WL 3049754, at *1-2 (D. Mass. 2004) (ordering counsel for intervenors to remove website content found to be "blatantly misleading and deliberately intended to deceive potential plaintiffs into believing that the websites are either court-sanctioned or sponsored by the MDL plaintiffs" and to provide corrective notice); *In re McKesson HBOC, Inc. Securities Litigation*, 126 F. Supp. 2d 1239, 1246-47 (N.D. Cal. 2000) (ordering that misleading statements made by outside attorney be remedied by curative notice to solicited class members, inclusion of court-mandated disclosures in attorney's future solicitations, and permitting rescission of solicited agreements); *Georgine v. Amchem Products, Inc.*, 160 F.R.D. 478, 489, 496-98 (E.D. Pa. 1995) (invalidating opt-outs and creating second opt-out period where several law firms opposed to the settlement sent misleading communications and advertisements to absent class members).

*Payment Card*, 2014 WL 4966072, at *31.

As the Court further noted, "the proper exercise of judicial authority in this context may have either a procedural basis, under Federal Rule of Civil Procedure 23(d), or an equitable basis, under the All Writs Act." *Id.*

> This Court also has the authority to enjoin a third party pursuant to the All Writs Act, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). "An injunction, where necessary to protect the court's earlier orders . . . is authorized under the All Writs Act. That power extends to non-parties." *In re Synthroid Marketing Litigation*, 197 F.R.D. 607, 610 (N.D. Ill. 2000) (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the Act extends . . . to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice."); *United States v. Silva*, 140 F.3d 1098, 1104 (7th Cir. 1998) (noting court's authority to grant injunctive relief against nonparty trade association that sent unauthorized, confusing letter to class members but instead invoking Rule 23 to order offending nonparty to send corrective notice)).

Magistrate Judge Joseph A. Marutollo
August 16, 2024
Page 4

*Id.* (alternations in original). "Because . . . contracts with class members plainly affect the administration of the settlements and the distribution of the settlement funds, the All Writs Act authorizes the relief sought by Lead Counsel." *Visa Check*, 2006 WL 1025588, at *5; *see also Makere v. Fitzpatrick*, 2023 WL 3010539, at *1 (N.D. Fla. Mar. 22, 2023), *aff'd*, 2024 WL 2152114 (11th Cir. May 14, 2024) ("[Under] the All Writs Act, and the court's inherent authority, sanctions are imposed as set out in this order.").

In sum: "Where, as here, a district court retains exclusive jurisdiction over settlement agreements and distribution of settlement funds pursuant to those agreements, it may issue orders necessary to protect the settlement from threats by both parties and non-parties." *Visa Check*, 2006 WL 1025588, at *4; *Payment Card*, 2014 WL 4966072, at *31.

## II. The Court Also Possesses Inherent Authority to Impose Sanctions Against Non-Parties

"A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Tr. v. Sabino*, 230 F.3d 1357, 2000 WL 1478372, at *1 (6th Cir. Sept. 28, 2000); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991); *see also Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1995) (as amended). The Court has the discretion to fashion appropriate sanctions for conduct which abuses the judicial process. *See Chambers*, 501 U.S. at 44-45. Indeed, there is significant, well-settled case law regarding the Court's inherent authority to sanction a non-party "'for abuse of the judicial process.'" *Arrowhead Cap. Fin., Ltd. v. PicturePro, LLC*, 2022 WL 1843136, at *1 (C.D. Cal. Apr. 11, 2022) (quoting *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (as amended)); *see also Bartos v. Pa.*, 2010 WL 1816674, at *5 (M.D. Pa. May 5, 2010) ("It is also beyond serious dispute that this power extends, not only to parties in civil litigation, but also to other persons, such as witnesses, who may be embroiled in that litigation."); *In re Rainbow Mag., Inc.*, 77 F.3d 278, 282 (9th Cir. 1996) (sanction imposed against a non-party for filing false statement). The Court has the discretion to fashion appropriate sanctions for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44-45.[3]

An entity's status as a non-party, while relevant, is not dispositive. *See, e.g.*, *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 585 (7th Cir. 2008) ("No matter who allegedly commits a fraud on the court – a party, an attorney, or a nonparty witness – the court has the inherent power to conduct proceedings to investigate that allegation and, if it is proven, to punish that

---

[3] "As long as a party receives an appropriate hearing, . . . the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." *Id.* at 57.

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
August 16, 2024
Page 5

conduct."); *see also Sundby v. Marquee Funding Grp., Inc.*, 2020 WL 5709445, at *5 (S.D. Cal. Sept. 24, 2020) ("The Court's inherent authority to sanction willful conduct also includes 'the authority to sanction the conduct of a nonparty who participates in abusive litigation practices, or whose actions or omissions cause the parties to incur additional expenses.'"). *See In re Holloway*, 884 F.2d 476, 477 & n.2 (9th Cir. 1989) (per curiam) (sanctioning a court reporter for "repeated and flagrant failures to meet court-imposed deadlines" that resulted in "severe prejudice to both the parties and the court").

While "'many courts have addressed the issue of whether the inherent authority of a court to sanction litigants extends to non-parties'" there is some debate where the non-parties are found not to have violated "'any specific court order.'" *Ganci v. U.S. Limousine Serv., Ltd.*, 2012 WL 13109965, at *4 (E.D.N.Y. Sept. 28, 2012.)

Some courts hold that a specific finding of bad faith is necessary in order to support the invocation of the court's inherent power to impose sanctions to a non-party for a violation of a court order. *See, e.g.*, *Amerisource Corp. v. Rx USA Int'l Inc.*, 2010 WL 2730748, at *5 (E.D.N.Y. July 6, 2010), *aff'd sub nom. N.Y. Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharm., Inc.*, 432 F. App'x 25 (2d Cir. 2011). Federal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is "'tantamount to bad faith.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). Bad faith, in turn, is associated with conduct that is intentional or reckless. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008); *United States v. Wheeler*, 154 F. Supp. 2d 1075, 1078-79 (E.D. Mich. 2001) (sanctions under court's inherent authority warranted for reckless or bad-faith conduct, and defining "'recklessness'" as "'highly unreasonable conduct which is an extreme departure from the standards of ordinary care,'" such that it is "'more than mere negligence but less than intent'").

### III.   Conclusion

Class Counsel will be working with NPA on the content of the outgoing message to class members and will provide additional details in the August 27, 2024 Status Report. Class Counsel is available at the Court's convenience to discuss these matters further, if necessary.

Respectfully submitted,

| /s/ Ryan W. Marth | /s/ Michael J. Kane | /s/ Alexandra S. Bernay |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

cc:   All Counsel via ECF

4854-8570-1592.v1