**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

August 19, 2024

VIA ECF

Magistrate Judge Joseph A. Marutollo
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY 11201

      Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

     Rule 23(b)(3) Class Counsel ("Class Counsel") write to provide the Court information regarding a troubling third party claims filing situation regarding Polly Bauer who purports to be working with Brownstone Recovery Group ("Brownstone") and to seek an Order to Show Cause. The investigation into this matter is ongoing and in its early stages, but consistent with the Court's request to raise these issues as early as possible and because the conduct is egregious, Class Counsel believes it cannot wait.

     Late on Thursday, August 16, 2024, Epiq alerted Class Counsel to a complaint from a class member reporting that she had received numerous messages regarding her need to file a claim using a third party. The class member provided Epiq with a series of text messages from a person named Polly Bauer (claiming to work with Brownstone), as well as other information regarding her claim. Those messages, detailed below, contain information that is false and/or misleading. In addition to the false statements, Class Counsel's investigation into this matter reveal a failure to provide the Court-ordered disclaimers as well.

     Class Counsel, upon receiving the complaint took several actions. Thursday evening, Class Counsel called and left a message for the class member and conducted some initial research. On Friday morning, Class Counsel wrote a detailed email to Brownstone. After getting assistance from an in-house investigator, Class Counsel left messages at a number associated with Ms. Bauer. Also on Friday, Class Counsel had a lengthy call with the class member who provided additional problematic emails and voicemails from the person who had sent the text messages.

**I.      The False and/or Misleading Messages**

Ms. Bauer's texts made the following false claims:

- "Brownstone is the company that is assigned to negotiate for everybody from the Visa Settlement that had to do with the courts";

- Brownstone "go through the challenges all of the problems all the transactions we don't have access to that you don't have access to";

- the class member can "see[] how much money you're gonna get" because some form was "done by hand";

- told the class member "you'll get paid in January"; and

- the "third-party service is the number one legal team that fights . . . interchange against the car[d] companies in the United States.

There are numerous other false statements in the communication with the class member. Further, links sent in email to the class member (attached as Ex. 1) fail to include the Court-mandated disclaimers. The disclaimers are also missing from the texts and the email solicitations, in contravention of the Court's Order. ECF 7260.

**II.     Brownstone's Initial Response**

On Friday August 16, 2024, Class Counsel wrote to Brownstone to alert them of the situation. Class Counsel detailed the false and misleading statements and asked several questions regarding the relationship between Ms. Bauer and Brownstone. Class Counsel also asked whether other Brownstone agents were providing similar false and misleading information to class members.

Brownstone wrote back quickly and stated it "does not tolerate our referral partners to provide any false or misleading information." It further responded that it originally had 5 contracts that appeared to come from Ms. Bauer and 7 contracts from her that had not yet been signed. It stated that it planned to cancel those contracts and contact the class members affected. They reported Ms. Bauer "seems to be a single agent operating under a larger referral partner." They further stated: "We have let the referral source know to cut them off immediately. We apologize for the egregiousness of these claims and thank you for bringing them to our attention. These claims go against everything that Brownstone Recovery markets and can be found nowhere in any of our marketing materials."

In response, Class Counsel posed a series of questions to Brownstone. Brownstone's responses are below:

1. **Can you please tell us the name of the larger referral partner?**

   - The larger referral partner is CoCard Marketing Group, LLC.

2. **Can you please tell us how many merchants were signed up through:**

   a. Ms. Bauer

   b. The larger partner

   - 9 merchants have signed contracts with Brownstone Recovery via Ms. Bauer; 5 of these have been submitted to Epiq. Additionally, 7 merchants began the process but have not finalized the agreement.

3. **We would ask that you bcc us on every communication to class members. The communication MUST give these merchants an opportunity – no questions asked – to cancel their contract. The communication MUST also explain that they may have been provided with false and/or misleading information.**

   - Of course. As discussed, Brownstone Recovery will provide an initial draft of the email communication to be reviewed and confirmed with Class Counsel prior to sending and would be happy to BCC class counsel on those communications.

4. **Do you intend to also cut off the larger referral partner?**

   - No. This issue relates to a single independent agent who has an arrangement with Card Systems, who, in turn, has a contract with CoCard, who, in turn, has an arrangement with Brownstone Recovery. Our investigation has not demonstrated to us that CoCard or Card System had any knowledge of the usage of the false claims. We had extended conversations with CoCard and Card Systems regarding the usage of mandatory disclaimers and preventing the use of false inducements. We will continue to engage with both referral sources more carefully between now and the Bar Date.

Robbins Geller
Rudman & Dowd LLP

Magistrate Judge Joseph A. Marutollo
August 19, 2024
Page 4

    **5. How can Class Counsel and the Court be assured that agents of Brownstone are following your rules and procedures?**

- Brownstone Recovery is committed to helping merchants by educating them about the settlement and their options. While it's impossible to eliminate all unethical behavior, we have implemented numerous measures to protect merchants. We prioritize a merchant-friendly approach in cases of conflict, requests to file on their own, etc.

  We provide all referral partners with Merchant Communication Guidelines that outline:
      a) Prohibited statements.
      b) Required actions.
      c) Mandatory disclosures.

  In addition to requiring the mandatory disclaimer in connection with all solicitations:

  - All emails sent to merchants to sign contracts include the mandatory disclaimer.

  - The web page displayed before digitally signing our agreement features the mandatory disclaimer.

  - Brownstone Recovery's agreement includes the mandatory disclaimer, highlighted in red for emphasis.

  - Upon signing our agreement, merchants receive a confirmation email that includes the mandatory disclaimer.

  - To date, we have released every merchant expressing a desire to use another firm

  - To date, we have released every contract where a merchant expressed a desire to withdraw and file independently.

    **6. Can you provide any scripts used by Ms. Bauer or the larger referral partner?**

- We do not have any such scripts used by Ms. Bauer. We do not have a direct relationship with her.

**7. How many referral partners does Brownstone have, and what information is provided to them by Brownstone?**

- In 2024, 47 referral partners have referred 5 or more merchants to Brownstone Recovery.

Information Provided to Every Referral Source:

- Merchant Fact Sheet (available on our website and attached hereto) [*see* Ex. 2]
- FAQs (available on our website and attached hereto) [*see* Ex. 2]
- Merchant Communication Guidelines (attached hereto) [*see* Ex. 2]

**8. How does Brownstone monitor its referral partners to ensure they are not misleading class members?**

Brownstone Recovery consistently communicates the necessity of including the mandatory disclaimer. Any merchant retaining Brownstone Recovery, even if the retention is through a third-party referral source, will receive the mandatory disclaimer a minimum of four times, In addition, Brownstone Recovery periodically reviews the websites of its referral parties.

_____

Brownstone's Official Statement:

Brownstone Recovery has always prioritized ethical practices and the protection of merchants. We understand and share the concerns raised by Class Counsel regarding the recent issues with Ms. Bauer that have come to light, and we are equally disturbed by her actions. Ultimately, this situation involves a single independent agent who failed to comply with both their own referral partner's instructions and the specific guidelines provided by Brownstone Recovery.

To provide further clarity on the steps taken and our commitment to ethical behavior:

1. **Isolated Incident by a Single Agent**: The issue in question stems from a single independent agent affiliated with one of our referral partners. This agent did not adhere to the instructions and guidelines provided by their own organization or by Brownstone Recovery. It is important to highlight that this behavior is not representative of our operations or the ethical standards we uphold.

2. **Decisive Action by the Referral Partner**: Upon discovering these violations and at our request, the referral partner swiftly shut down this agent from submitting any new claims.

3. **Strict Adherence to Court-Approved Guidelines**: All of our referral partners are provided with specific guidance on court-approved language and disclaimers. Additionally, we provide all contracted merchants with regular updates about the progress of the lawsuit and ensure that all such communications are accurate and compliant. Sending these communications directly from Brownstone Recovery minimizes the possibility of any misleading information being conveyed to merchants.

4. **Communication with Affected Merchants**: We will actively reach out to all affected merchants submitted by Ms. Bauer. They will be provided with a clear opportunity to opt out of any representation, without question. Our goal is to ensure that merchants are fully informed and able to make decisions in their best interest. We have established a mechanism to flag any future submissions referred by Ms. Bauer prior to her termination.

Brownstone Recovery remains committed to upholding the highest standards of ethical conduct and transparency. This isolated incident does not reflect our overall operations or our dedication to protecting the rights of the merchants we represent. We will continue to work closely with Class Counsel to address these issues and to take any necessary steps to prevent similar occurrences in the future.

_____

### III.   Additional Discussion

Brownstone requested until Monday to respond further and Class Counsel agreed, but stated that it must alert the Court on Monday, regardless of Brownstone's ability to provide a complete response. Brownstone has provided answers and a statement, as detailed above.

Also on Friday, August 16, 2024, Class Counsel left two messages at a number that appears to be associated with Ms. Bauer. No return call has been received.

Class Counsel also spoke at length with the class member who originally alerted Epiq to the problem. The class member has received word that her claim is no longer in conflict and she intends to file her claim on her own. She felt strongly that Ms. Bauer, and anyone who seeks to mislead class members in this action, be brought to the Court's attention. The class member stated that she is willing to assist Class Counsel in any way necessary, should the Court request further information. Without this astute class member doing her own research into the case, Class Counsel may not have learned of this serious issue.

### IV.    An Order to Show Cause as to Ms. Bauer Is Appropriate

While it appears that Brownstone has taken this issue seriously and has taken steps to limit the harm caused by Ms. Bauer's actions, Class Counsel believes that Ms. Bauer should be ordered to show cause why she should not be permanently enjoined from having any role regarding claims filing in this action. The contracts with class members that she is listed as the referral name in Brownstone's system are in the process of being cancelled at the class members' option. However, Ms. Bauer should not receive commissions or other remuneration should those class members not cancel.[1] Further, it is unknown whether Ms. Bauer has worked with any other claims-filing companies. This is why Class Counsel seeks an Order barring her from any claims-filing in this action.

> The Court's authority is clear, and its obligation to protect class members is strong. The only effective way to avoid confusion and intolerable inefficiencies in the claims filing process is to be firm: any third-party claims filing company that knowingly makes – directly or through an agent acting on its behalf – material false or misleading statements to merchants in an effort to solicit their business risks being permanently enjoined from filing claims in this case.

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2014 WL 4966072, at *1 (E.D.N.Y. Oct. 3, 2014).

---

[1]    Brownstone has confirmed Ms. Bauer will not receive any commission for contracts where she was the referral entity.

      Class Counsel has still been unable to speak to Ms. Bauer, but believes it has the correct phone number and an email address where service can be attempted.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** |   **& Dowd LLP** |

Attachments

cc:    All Counsel via ECF