UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates To:<br>Rule 23(b)(3) Class Action | Case No. 1:05-md-01720-MKB-VMS<br><br>**OPTIUM CAPITAL LLC's MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE** |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 3

    A.    Intervention Should be Granted Under Rule 24(a)(2) ....................................................... 3

        1.    The Motion Is Timely ................................................................................................ 3

        2.    The Parties Have an Interest in the Subject of the Action That Would Be Significantly Impaired Without Intervention ............................................................ 4

        3.    The Parties in the Action Do Not Adequately Represent the Parties' Interests ............ 4

    B.    In the Alternative, Permissive Intervention Under Rule 24(b) Should be Granted ............... 5

    C.    Intervention Should be Permitted Without an Intervenor Complaint ................................... 5

CONCLUSION ................................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Barry's Cut Rate Stores Inc. v. Visa, Inc.*,
   No. 05-MD-172, 2021 WL 2646349 (E.D.N.Y. 2021) .................................................................. 6

*Brooks v. Sussex Cnty. State Bank,*
   167 F.R.D. 347 (S.D.N.Y. 1996) ............................................................................................... 4

*Coleman v. Cnty. of Suffolk,*
   174 F. Supp. 3d 747 (E.D.N.Y. 2016) ....................................................................................... 3

*Sackman v. Liggett Grp.*,
   167 F.R.D. 6 (E.D.N.Y. 1996) ................................................................................................... 5

*Trbovich v. United Mine Workers*,
   404 U.S. 528 (1972) .................................................................................................................. 5

*U.S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978) ...................................................................................................... 5

## INTRODUCTION

Class member Optium Capital LLC ("Optium") respectfully requests that this Court allow it to proceed as a Plaintiff and real party in interest in the above-captioned *In Re: Payment Card Interchange Fee and Merchant Discount Antitrust Litig.* (the "*Visa Antitrust Litigation*"). Although Class Counsel has represented Optium's interest in this matter against the Defendants, this current dispute is between class member Optium and a third-party claims filer, Cascade Settlement LLC (d/b/a Spectrum). As this Court has directed, this dispute has already been raised with the Claims Administrator and Class Counsel. Order Appointing Special Master, ECF No. 8883. This Motion to Intervene and related Motion to Enjoin are necessary, because Cascade has filed a separate lawsuit in California raising issues that are already in dispute and being addressed in this case.

## BACKGROUND

In direct violation of this Court's Order, ECF No. 8883, on August 13, 2024, Cascade Settlement Services LLC ("Cascade" or the "Plaintiff") named Optium and other parties in its Complaint filed in the Superior Court of California and removed to the Northern District of California (*Cascade Settlement Services LLC v. Optium Capital LLC, et. al.*). Cascade, a third-party claims filer, is upset that five companies terminated their claims filing agreements with Cascade. Despite years of inaction and no communication with these five companies, Cascade now disputes the validity of those terminations. Notwithstanding valid contract terminations, Cascade knowingly filed or failed to withdraw false and inaccurate claims with the Interchange Fee Claims Administrator, improperly asserting claims to the settlement fund on behalf of the five companies and thereby disrupting the claims process. Faced with the inevitability of the Claims Administrator ruling against it and rather than pursuing its dispute with the Special Master as the Court has ordered, Cascade filed a lawsuit in California raising this issue as way of trying to pressure the five companies and claims-purchaser Optium into reinstating the terminated filing agreements. Accordingly, Optium seeks to intervene,

1

as a Plaintiff Class Member, for the limited purpose of preventing Cascade from pursuing this dispute outside of this forum.

Cascade alleges that its case arises out of third-party filer agreements for clients entitled to class action settlement claims, including claims in the *Visa Antitrust Litigation*. *Id.* ¶¶ 12, 14, 34. Cascade allegedly entered into third-party filer agreements with the Vail Corporation ("Vail"), Peet's Coffee and Tea, Inc. ("Peet's"), Sleepy's, LLC ("Sleepy's"), The Sleep Train, Inc. ("Sleep Train"), and Redcats USA, Inc. (now FullBeauty Brands, L.P.) ("FullBeauty Brands"), whereby these companies purportedly "appoint[ed] Cascade to act as their agent to file claims on their behalf in class action settlements, in exchange for a contingency fee upon recovery." *Id.* ¶¶ 13, 38, 48, 55, 56, 63. Cascade's Complaint alleges that the "financial compensation received by Cascade through its agency agreements depends on the value of claim recovery," which is determined by the Claims Administrator in the *Visa Antitrust Litigation*. *Id.* ¶¶ 31-32. Cascade does not dispute that Vail, Peet's, Sleepy's, Sleep Train and FullBeauty Brands each terminated their filing agreements with Cascade. Cascade had not been in contact with these companies for many years. Each of these companies also entered into contracts with Optium to sell their Interchange Fee claims. *Id.* ¶ 9. Each of these companies made a contractual representation to Optium that they had not engaged a third-party filing service for the Litigation or the Claim. Based on the allegations set forth in Cascade's Complaint, it is clear that the relief sought by Cascade involves questions of fact that are common to the issues currently in dispute and being resolved by the claims' administrator and perhaps by the Special Master that has already been appointed in the *Visa Antitrust Litigation*.

Based on the foregoing, Optium now moves the Court for permission to intervene. For the reasons discussed below, this Motion should be granted.

## **ARGUMENT**

A. **Intervention Should be Granted Under Rule 24(a)(2)**

Optium satisfies each of the requirements for intervention. Under Rule 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "To establish intervention as of right pursuant to Rule 24(a)(2), an intervenor must show that '(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.'" *Coleman v. Cnty. of Suffolk,* 174 F. Supp. 3d 747, 753 (E.D.N.Y. 2016).

This Motion is timely because the claims deadline in the *Visa Antitrust Litigation* has not passed, and the claims administrators have yet to refer all unresolved disputes to the Special Master, as ordered by the Court. ECF No. 8883. Optium is a class member and also has an articulable, already proven interest in the subject of this action. This Court has already decided that all actions levied against class members must be brought in this litigation, as to prevent inconsistency in rulings. *Id.* As such, it is not merely that Optium's interests would not be adequately represented by the other parties, but that these types of actions cannot be brought against Optium in other courts without the risk of inconsistent judgments and the risk of delaying the pro rata payout of settlement funds to all eligible class claimants.

1. **The Motion Is Timely**

This motion is also timely because all disputes have not yet been referred to the Special

3

Master, and no deadlines have passed. "In assessing whether a motion to intervene is timely, the Court considers '(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.'" *Brooks v. Sussex Cnty. State Bank,* 167 F.R.D. 347, 350 (S.D.N.Y. 1996). Optium made this motion to intervene *less than one week* after being served in Cascade's lawsuit which shares common questions of fact with the *Visa Antitrust Litigation*.

The other timeliness factors also weigh in favor of intervention. The class administrator is allocating settlement funds on a pro rata basis, and issues impacting class members must be resolved consistently and in advance of any distribution of settlement funds. By contrast, inconsistent rulings will allow for prejudice as to certain class members in attaining accurate allocations. Optium will be prejudiced if intervention is not allowed, as it will not be treated the same as other class members.

### 2. The Parties Have an Interest in the Subject of the Action That Would Be Significantly Impaired Without Intervention

The Parties satisfy the other requirements of Rule 24(a) because as class members, they are required to be treated consistently with other members of the class, and thus, "disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). This Court has admonished "improper claims," brought by third-party filers against class members. *Visa Antitrust Litigation*, May 26, 2024 Status Report Order. Optium's interest in the *Visa Antitrust Litigation* is proven by its status as a class member. Without intervention, Optium's interest in this matter will be impaired, because it will not be resolved consistently with other class members.

### 3. The Parties in the Action Do Not Adequately Represent the Parties' Interests

"In general, Rule 24(a)(2) requires a showing that the representation of [a proposed

4

intervener's] interest 'may be' inadequate, and…the burden of making that showing is 'minimal.'" *Sackman v. Liggett Grp.*, 167 F.R.D. 6, 22 (E.D.N.Y. 1996) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). It is not merely that the other class members do not adequately represent Optium's interests. As a class member, this Court has already decided that Optium's interests would be unfairly diminished if it is allowed to be sued in other courts by third-party filers. Optium's interests can only be adequately represented if it is treated consistently with other class members.

### B.    In the Alternative, Permissive Intervention Under Rule 24(b) Should be Granted

In the alternative, the Court should permit the Defendants to intervene under Rule 24(b)(1)(B), which provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Whether to permit intervention under Rule 24(b) is "wholly discretionary with the trial court" and the trial court's discretion is "very broad." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Complaint brought by third-party filer Cascade raises questions of law and fact that wholly derivative and almost entirely in common with those raised by all class members in *Visa Antitrust Litigation*. Optium will incur prejudice if it is not treated in a similar manner as to other class members.

Accordingly, the Court should permit the Defendants to intervene under Rule 24(b) if it does not grant their motion to intervene as a matter of right under Rule 24(a).

### C.    Intervention Should be Permitted Without an Intervenor Complaint

Optium is seeking intervention as a class member in the *Visa Antitrust Litigation*. This Court has already concluded that it is inconsistent with the public interest to allow claims to proceed outside

5

of this forum. Further, this Court has noted that "[c]ourts within the Second Circuit have held that Rule 24(c) permits a degree of flexibility with technical requirements and have dispensed with the pleading requirement when the proposed intervenors position is clearly articulated in its motion papers." *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, No. 05-MD-172, 2021 WL 2646349, at *13 (E.D.N.Y. 2021). Given the flexibility of the pleading requirements in intervention, and as it is clear that this Court is opposed to improper, unauthorized claims brought by third-party filers, the Defendants respectfully request permission to intervene without attaching an intervenor complaint.

## CONCLUSION

For the reasons discussed above, the Court should permit Defendants to intervene in this matter.

Dated: August 20, 2024

By: /s/ Daniel A. Sasse
Daniel Sasse
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, California 92614
DSasse@crowell.com
Tel: (949) 263-8400

*Counsel for Optium Capital, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse

7