**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | Case No. 1:05-md-01720-MKB-VMS |

**OPTIUM CAPITAL LLC'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF FACTS............................................................................................................. 1

LEGAL STANDARD.................................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

      I.      This Court Has the Authority to Enjoin Cascade from Proceeding in Another Court Under the "In aid of Jurisdiction" Exception to the Anti-Injunction Act. ................................................................................................... 4

      II.     A Preliminary Injunction Staying Cascade from Proceeding in Another Jurisdiction is Also Appropriate Under the Traditional Elements of Injunctive Relief................................................................................................... 5

CONCLUSION............................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*Diabo v. Delisle*,
 500 F. Supp. 2d 159 (N.D.N.Y. 2007) ................................................................................... 5

*Hutton Const. Co. v. Cnty. of Rockland*,
 No. 87 CIV. 4027 (LAP), 1997 WL 291954 (S.D.N.Y. June 2, 1997) ................................ 3, 4

*Hutton Const. Co. v. Int'l Fid.*,
 152 F.3d 918 (2d Cir. 1998) ................................................................................................... 3

*State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*,
 No. 21-CV-5523 (MKB), 2022 WL 1606523 ..................................................................... 5, 6

*United States v. Am. Soc'y of Composers, Authors, & Publishers*,
 442 F.2d 601 (2d Cir. 1971) ................................................................................................... 4

*Yang v. Kosinski*,
 960 F.3d 119 (2d Cir. 2020) ............................................................................................... 4, 5

**Other Authorities**

28 U.S.C. § 2283 ............................................................................................................................ 3

## INTRODUCTION

In its Order Appointing Special Master, this Court established a settlement claims resolution process in *In re: Payment Card Interchange Fee and Merchant-Discount Antitrust Litig.* (Case No. 1:05-md-01720-MKB-VMS (E.D.N.Y.)) (the "*Visa Antitrust Litigation*"), ECF No. 8883 that was designed to resolve all claim disputes on a consistent and orderly basis that avoids the risk of inconsistent rulings.  In direct violation of that Order, on August 13, 2024, Cascade Settlement Services LLC ("Cascade") improperly sued Optium Capital LLC and several of its principles ("Optium") in California state court over disputes related to who owns certain claims and who has a right to file those claims in the *Visa Antitrust Litigation*.  Cascade should not be permitted to circumvent this Court's clearly established procedures for resolving these kinds of claims disputes.  As such, this Court under either its inherent authority to aid its own jurisdiction, or under the traditional elements of injunctive relief, should enjoin Cascade from proceeding outside of this established process and bringing suit in any other jurisdiction.

## STATEMENT OF FACTS

Optium was founded in 2014 and purchases class action claims from class members. Decl. of Daniel A. Sasse, Ex. A at ¶ 18.[1]  Cascade provides financial services to members of class actions related to settlements, including filing claims.  *Id*. at ¶ 1.  Cascade has acquired interests in Claimco LLC ("Claimco") and Spectrum Settlement Recovery LLC ("Spectrum") and operates as Claimco and Spectrum.  *Id.*  Optium and Cascade have both long been involved with claims resulting from the *Visa Antitrust Litigation* settlement.  *Id.* at ¶¶ 14, 18.

---

[1] *Cascade Settlement Services LLC v. Optium Capital LLC, et al.* Compl. filed on August 13, 2024, in the Superior Court of the State of California for the City and County of Marin, No. CV003663, Decl. of Daniel A. Sasse, Ex. A; Optium has removed this action to the Northern District of California, Case No. 24-cv-05372 and filed a tag-along notice and request for transfer with the JPML, seeking transfer to this Court.  Decl. of Daniel A. Sasse, Exs. B&C.

To aid and streamline the settlement claims process, this Court appointed a Special Master to "resolve any disputes or matters arising out of or relating to" the settlement Plan of Administration, including "the resolution of claims made to the Net Cash Settlement Fund as well as any other matters the Court refers to the Special Master." Order Appointing Special Master, ECF No. 8883 ¶¶ 1-2. Claims can be in "conflict" when more than one entity has registered that claim. Decl. of Daniel A. Sasse, Ex. A at ¶ 33. The Special Master is granted "discretion to determine the appropriate procedures for resolution of all matters within his or her appointment and shall have the authority to take all appropriate measures to perform the assigned duties." Order Appointing Special Master, ECF No. 8883 at ¶ 2.

This Court also established a detailed process for resolving disputed claims. *See id.* at ¶ 3. First, matters related to the Plan of Administration and claims process must be raised with the Class Administrator, unless the Court directly refers them to the Special Master. *Id.* The Class Administrator can directly address the matter or refer it to the Special Master. *Id.* Interested parties also have the ability to appeal the Class Administrator's decision to the Special Master. *Id.* These parties must provide the Special Master with applications describing the dispute, and other parties are able to respond with opposition papers. *Id.* The Special Master must also file their report and recommendations to the *Visa Antitrust Litigation* docket and serve the decision to relevant parties. *Id.* at ¶ 4. Interested parties can file objections with the Court, and the Court can review the Special Master's report *de novo*. *Id.*

Despite this established process for resolving claims conflicts, on August 13, 2024, Cascade filed a complaint in the Superior Court of the State of California against Optium alleging claims conflicts. *See* Decl. of Daniel A. Sasse, Ex. A at ¶¶ 10, 78, 83, 92-94. Specifically, Cascade alleges that several class members "appoint[ed] Cascade to act as their

2

agent to file claims on their behalf in class action settlements, in exchange for a contingency fee upon recovery." *See id.* at ¶¶ 13, 38, 48, 55, 56, 63.  But Cascade concedes that these class members terminated their filing agreements with Cascade.  *Id.* at ¶¶ 41, 51, 60.  Cascade also concedes that it has not been in active contact with some of these companies for many years.  *See id.* at ¶¶ 39.  Nevertheless, Cascade asserts that these companies owe it money notwithstanding the fact that these companies entered into subsequent contracts with Optium to sell their *Visa Antitrust Litigation* claims to Optium.  *See id.* at ¶¶ 42, 52, 59, 66.

Although these disputes have already been raised with Class Counsel and the Claims Administrator, *See* Decl. of Daniel A. Sasse, Ex. D, Cascade has filed a separate and potentially inconsistent lawsuit in California.  *See* Decl. of Daniel A. Sasse, Ex. A at ¶¶ 36-69; Decl. of Daniel A. Sasse at ¶ 6.

## LEGAL STANDARD

Under the All Writs Act, 28 U.S.C. § 2283, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  *Hutton Const. Co. v. Cnty. of Rockland*, No. 87 CIV. 4027 (LAP), 1997 WL 291954, at *3 (S.D.N.Y. June 2, 1997)*, aff'd sub nom. Hutton Const. Co. v. Int'l Fid.*, 152 F.3d 918 (2d Cir. 1998).  Although the Anti-Injunction Act places certain limits on the ability for federal courts to enjoin state court actions, a court may grant an injunction to stay proceedings in a state court when "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgements."  28 U.S.C. § 2283.

Relatedly, a preliminary injunction enjoining a court action may be granted when the party requesting the injunction can demonstrate "(1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits . . . (3) public interest weighing in favor of granting the

3

injunction [and (4)] the balance of equities tips in his [or her] favor." *Yang v. Kosinski*, 960 F.3d 119, 127 (2d Cir. 2020).

## ARGUMENT

I. **This Court Has the Authority to Enjoin Cascade from Proceeding in Another Court Under the "In aid of Jurisdiction" Exception to the Anti-Injunction Act.**

The second exception to the Anti-Injunction Act, permitting federal courts to enjoin state court proceedings "where necessary in aid of its jurisdiction," applies here. Courts in the Second Circuit have applied this exception where, as here, "the court has been heavily involved in settlement negotiations or the formulation of a consent decree." *Hutton Const. Co.*, 1997 WL 291954, at *3-4 (enjoining a party from bringing a state court malpractice action under this exception because the court was involved in settlement negotiations, challenges to the settlement agreement, and retained jurisdiction over enforcing a relevant stipulation). These injunctions are intended to "prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *United States v. Am. Soc'y of Composers, Authors, & Publishers*, 442 F.2d 601, 603 (2d Cir. 1971) (affirming the district court's decision to enjoin a state court action under this exception because permitting various state court actions would "frustrate" the policy intended by the consent decree at issue). Here, this Court has been "heavily" involved in the *Visa Antitrust Litigation* settlement process and the complex claims administration process, which Cascade acknowledges commenced in 2012 and will likely continue until after 2025. Decl. of Daniel A. Sasse, Ex. A at ¶14. Allowing a California court—or any other court—to interfere with the settlement claims' dispute resolution process after this Court has been so heavily involved in administering the settlement would impair this Court's authority and flexibility to resolve disputes at issue in Cascade's California proceeding.

4

Similarly, courts in the Second Circuit have also applied this exception "where issues subsequently raised in state court cannot be separated from the relief previously ordered in federal court." *Diabo v. Delisle*, 500 F. Supp. 2d 159, 164, 166 (N.D.N.Y. 2007) (enjoining a state family court proceeding under this exception because the federal court relief requiring the child to reside with the mother would be "rendered ineffective" if the state court gave the father custody). Here, this Court has ordered a clear process for resolving disputes related to claims. Order Appointing Special Master, at ¶ 1-2. Cascade is attempting to circumvent this dispute process by filing an action in California state court to resolve claims' disputes without waiting for the Class Administrator or Special Master to resolve the dispute. Decl. of Daniel A. Sasse, Ex. A at ¶¶ 36-69. Permitting Cascade to proceed with its California proceeding would frustrate this Court's order and intent related to resolving disputed claims.

## II. A Preliminary Injunction Staying Cascade from Proceeding in Another Jurisdiction is Also Appropriate Under the Traditional Elements of Injunctive Relief.

This Court may also issue a preliminary injunction staying Cascade from pursuing this action in another court proceeding because Optium can demonstrate that the four factors required for preliminary injunctions are satisfied.

First, Optium will suffer "irreparable harm absent injunctive relief," which is the "most important prerequisite for the issuance of a preliminary injunction." *Yang*, 960 F.3d at 128. Irreparable harm can be established by a "risk of inconsistent judgments" or "frustration of declaratory judgement relief." *See State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*, No. 21-CV-5523 (MKB), 2022 WL 1606523, at *19 (E.D.N.Y. May 20, 2022). Allowing Cascade to proceed in California state court would cause Optium irreparable harm because this creates the risk that the California state court could resolve the disputed claims inconsistently with how this Court intended to resolve the dispute through its dispute resolution process.

5

Second, Optium can also depict a likelihood of success on the merits related to the disputed claims. The likelihood of succeeding on the merits can be established by indicating that "there are sufficiently serious questions going to the merits to make them fair grounds for litigation." *State Farm*, 2022 WL 1606523, at *14. Here, there are serious questions as to the merits of Cascade's claims. For instance, while Cascade alleges a relationship with several class members whereby these companies purportedly "appoint[ed] Cascade to act as their agent to file claims on their behalf in class action settlements, in exchange for a contingency fee upon recovery," Decl. of Daniel A. Sasse, Ex. A at ¶¶ 13, 38, 48, 55, 56, 63, Cascade does not dispute that (i) these companies terminated their filing agreements with Cascade, (ii) Cascade had not been in contact with certain companies for many years, and (iii) each of these companies entered into contracts with Optium selling their *Visa Antitrust Litigation* claims to Optium. *Id.* at ¶¶ 39, 42, 52, 59, 66. Given these facts, there are serious questions going to the merit of Cascade's California lawsuit.

Third, the public interest weighs in favor of granting the injunction. Granting the injunction would encourage relevant parties to use this Court's dispute resolution process, as opposed to filing individual state court actions. Having a single dispute resolution process for disputed claims is in the public interest because of the complexities associated with the claims' administration process and how long this process is expected to take, with class members not expected to receive payment until 2025. *Id.* at ¶ 14.

Finally, "the balance of equities" tips in Optium's favor. As discussed above, permitting Cascade's California state court action would allow Cascade to forgo using the dispute resolution process established by this Court and deprive Optium of this process and instead subject it to costly and protracted litigation in another court.

6

## **CONCLUSION**

For the foregoing reasons, the Court should grant Optium's Motion for a Preliminary Injunction and enjoin Cascade from pursuing these claims outside of this Court's jurisdiction, including in California state or federal court.

Dated: August 20, 2024                                          Respectfully submitted,


                                                          */s/ Daniel A. Sasse*
                                                        Daniel A. Sasse (*pro hac vice*)
                                                        CROWELL & MORING LLP
                                                        3 Park Plaza, 20th Floor
                                                        Irvine, California 92614
                                                        Telephone:  949.263.8400
                                                        Facsimile:  949.263.8414
                                                        DSasse@crowell.com

                                                        *Attorney for Optium Capital LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse
