**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

September 4, 2024

<u>VIA ECF</u>

Magistrate Judge Joseph A. Marutollo
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY  11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
              No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

      On July 26, 2024, Rule 23(b)(3) Class Counsel ("Class Counsel") in its monthly status report sought an Order to Show Cause regarding the conduct of a third party, National Processing Alliance Inc. ("NPA") and its principal, Thomas Fuhrman.  ECF 9363.  This request was following a class member complaint to the Class Administrator ("Epiq" or "Class Administrator") as well as follow-up by Class Counsel.  Before the Court acted on the request from Class Counsel, Class Counsel and NPA reached an agreement that appeared to moot Class Counsel's request.

      As Class Counsel reported on August 16, 2024 (ECF 9390), Class Counsel had been in touch with NPA and NPA agreed to: (1) provide Class Counsel with a list of merchants that signed up for claims-filing services with them; and (2) provide those merchants notice that they may cancel their contract with NPA and file their own claims.  ECF 9390; August 23, 2024 text-only Order.  At the time, the parties were working on acceptable language to provide merchants that signed up for claims-filing services with NPA about their right to cancel.  As detailed in the August 27, 2024 monthly status report, after language was agreed to, Class Counsel received an email stating that NPA wanted Class Counsel to get the list of class members NPA signed up from the Class Administrator, rather than from NPA.  ECF 9399.  Class Counsel wrote to NPA's counsel and stated that this was not what had been agreed to by NPA and that it would seek to reopen the prior Order to Show Cause.  *See id.* at 7-8.[1]

---

[1]    In an August 23, 2024 email, NPA also sought a "guarantee" that Class Counsel would not seek to contact any of NPA's merchants that had signed up for services unless the merchant had first contacted Epiq.  Class Counsel told NPA that it had no intention of contacting NPA's clients, but that it would not hesitate to do so if it or the administrator receives any additional inquiries from NPA clients.

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
September 4, 2024
Page 2

      Following submission of the August 27, 2024 monthly status report, Class Counsel received an email from NPA's counsel relaying a message from NPA's principal, Mr. Fuhrman, that he wished to "be heard at the next scheduled meeting of the magistrate, class council [sic] and claims administrator." Class Counsel is available to discuss issues related to NPA at the Court's convenience. However, based on NPA's conduct, it is Class Counsel's position that the [Proposed] Second Order to Show Cause attached here as Exhibit A should be entered against NPA, without any further hearing.

                                        Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

Exhibit A

cc:    All Counsel via ECF

4882-1926-7296.v1