**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION |

Case No. 1:05-md-01720-MKB-VMS

## **CASCADE SETTLEMENT SERVICES LLC'S OPPOSITION TO OPTIUM CAPITAL LLC'S MOTION TO INTERVENE**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ...............................................................................................................1

ARGUMENT ....................................................................................................................1

I.   The Court Should Deny Optium's Motion to Intervene ...........................................2

    A.   Optium Fails to Submit a Complaint With Any Claim For Which
        Intervention is Sought ...................................................................................2

    B.   Optium Also Fails to Establish its Right to Intervene. .................................3

        **1.**   No Interest Relates to the Transaction that is the Subject of the
            Action (Factors 2-4) ..........................................................................4

II.  Optium Seeks to Disenfranchise Cascade from Asserting its Breach of
    Contract Claims. .......................................................................................................7

III. Permissive Intervention Under Rule 24(b) Should Also be Denied Because it
    Lacks Merit.............................................................................................................10

IV.  Optium Has No Article III Standing to Seek Intervention, and this Court Lacks
    Jurisdiction to Resolve the State-Law Claims Between Optium and Cascade .....10

# TABLE OF AUTHORITIES

**Cases**

*1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*,
 608 F. Supp. 3d 50, 60 (S.D.N.Y. 2022) ................................................................. 11

*Buckley v. Bassett*,
 *No.* 22-CV-01436, 2024 WL 896880 (E.D.N.Y. Mar. 1, 2024) .......................... 6, 11

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
 250 F.3d 171 (2d Cir. 2001) ..................................................................................... 3

*In re Holocaust Victim Assets Litigation*,
 Nos. 14-CV-00890 (ERK)(JO), 96-CV-04849 (ERK)(JO), 2014 WL 2440612
 (E.D.N.Y. May 30, 2014), ..................................................................................2, 8

*In re Holocaust Victims Assets Litig.*,
 225 F.3d 191 (2d Cir. 2000) ..................................................................................... 3

*In re Penn Cent. Com. Paper Litig.*,
 62 F.R.D. 341 (S.D.N.Y. 1974), *aff'd sub nom. Shulman v. Goldman, Sachs,
 & Co.*, *5*15 F.2d 505 (2d Cir. 1975) ....................................................................... 6

*Peterson v. Islamic Republic of Iran*,
 690 Fed. App'x 744 (2d Cir. 2017) ......................................................................... 8

*Peterson v. Islamic Republic of Iran*,
 No. 10-CV-4518, 2017 WL 10299580 (S.D.N.Y. Dec. 6, 2017), *report and
 recommendation adopted*, No. 10-CV-4518 (KBF), 2018 WL 3019878 (S.D.N.Y.
 June 18, 2018) ...................................................................................................... 8, 9

*Sec. & Exch. Comm'n v. Xia*,
 No. 21-CV-5350, 2024 WL 964676 (E.D.N.Y. Mar. 4, 2024) ................................ 3

*Sylla v. Amazon Lab. Union*,
 No. 23-CV-05261, 2024 WL 2079601 (E.D.N.Y. May 9, 2024) ............................ 2

*Waterkeeper All., Inc. v. Salt*,
 714 Fed. App'x 77 (2d Cir. 2018) ..........................................................................10

**Rules**

Fed. R. Civ. P. 24 ................................................................................................................ 2

Fed. R. Civ. P. 24(a) ....................................................................................................... 6, 10

Fed. R. Civ. P. 24(b) ....................................................................................................... 7, 10

Fed. R. Civ. P. 24(c) ........................................................................................................ 2, 7

Fed. R. Civ. P. 53 ................................................................................................................ 5

**INTRODUCTION**

Movant and proposed Intervenor-Plaintiff Optium Capital LLC ("Optium") has now tried five procedural devices[1] intended to drag California parties in a California dispute across the country to litigate a money judgment action over the breach 2015 California settlement agreement (the "California Litigation") between Optium and Respondent, Cascade Settlement Services, LLC ("Cascade"). Optium's request to intervene as a plaintiff in this case is severely misplaced. Optium's failure to attach a proposed pleading, identify the claims or relief it seeks, establish jurisdictional grounds, or even name the parties against whom it seeks relief is fatal to its motion.

Optium seeks to mislead the Court. This is a dispute between two claims filers/purchasers, not claims filer and a class member. In 2014, Cascade's then-CEO left to start Optium, a rival business that purchases the rights to claims from members of class actions.[2] In doing so, Optium misappropriated Cascade's intellectual property and trade secrets. To resolve their dispute, Cascade and Optium entered into a settlement and release agreement ("2015 Settlement Agreement"). In the 2015 Settlement Agreement, Optium agreed that if it purchased a claim in the *Visa Antitrust Litigation* from a Cascade client (i.e., a class member who had contracted with Cascade to file its claims), Optium must pay Cascade a percentage of Optium's

---

[1] As described in Cascade's Opposition to Optium's Motion for Preliminary Injunction, filed concurrently herewith, since Cascade filed its original complaint in California state court, Optium has (1) removed the case to the Northern District of California, (2) sought "tag along" status in the *Visa Antitrust Litigation*, (3) moved the Northern District of California to transfer the case to the Eastern District of New York, (4) sought an order enjoining Cascade from litigating its claims anywhere outside of this Court, and (5) filed the present motion to intervene.
[2] *See* Optium Capital, https://www.optiumcapital.com (last visited Sept. 16, 2024) ("Optium Capital values and purchases litigation settlement assets from U.S. corporations wishing to monetize long term receivables.").

receipts. But in 2024, Optium reneged, and Cascade filed suit in California state court against Optium and Optium's management.

Thus, Optium is *not* – as it claims – a class member. At bottom, Optium is a forum shopper who would prefer this Court, and not the California court where this dispute is already pending, to host this private litigation. We respectfully urge the Court to reject Optium's efforts to add this one-of-a-kind contract dispute between non-class members to an already burdened docket. Optium's motion to intervene should be denied.

## BACKGROUND

The relevant procedural and factual background to this matter is provided for the Court in our Opposition to Optium Capital LLC's Motion for a Preliminary Junction (ECF No. 9422), filed today, and is incorporated by reference.

## ARGUMENT

### I. The Court Should Deny Optium's Motion to Intervene.

Intervention is intended to allow an outside third party in interest to enter an already-commenced litigation to preserve its rights that might be affected by the results of the subject litigation. Quite simply, none of that is present in Optium's request. This Court should deny Optium's request to intervene as of right or under the permissive intervention standard.

### A. Optium Fails to Submit a Complaint With Any Claim For Which Intervention Is Sought.

"A party seeking to intervene pursuant to Rule 24 'must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.'" *Sylla v. Amazon Lab. Union*, No. 23-CV-05261, 2024 WL 2079601, at *7 n.6 (E.D.N.Y. May 9, 2024) (quoting Fed. R. Civ. P. 24(c)). "Failure to do so provides sufficient grounds to deny a motion to intervene." *Id.*; *see also In re Holocaust Victim Assets Litig.*, Nos. 14-CV-00890

(ERK)(JO), 96-CV-04849 (ERK)(JO), 2014 WL 2440612, at *8 (E.D.N.Y. May 30, 2014) ("[T]he law is clear that the failure to file a pleading by itself may be 'fatal' to a motion to intervene.").

Optium fails to submit a complaint with any claims for which intervention is sought. Optium's failure should not be tolerated. "Courts may overlook this deficiency if the proposed intervenor's claims . . . are apparent from other filings." *Id.* (quotation marks omitted). But that is not the case here. It is not "apparent from other filings" what Optium's claims are – or even against which defendants Optium believes it has claims (Cascade is not a party to the *Visa* litigation). Thus, Optium's motion should be denied.

**B. Optium Also Fails To Establish its Right to Intervene.**

To intervene as a right, Optium must:

> (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties.

*Sec. & Exch. Comm'n v. Xia*, No. 21-CV-5350, 2024 WL 964676, at *6 (E.D.N.Y. Mar. 4, 2024) (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001)). "Failure to meet any one of these requirements suffices for a denial" of an intervention application. *Id.* (quoting *In re Holocaust Victims Assets Litig.*, 225 F.3d 191, 197-198 (2d Cir. 2000)).

Optium does not and cannot establish factor 3. The disposition of the *Visa* action cannot possibly impair any Optium interest. All that is left, from Optium's perspective, is determination and payment of the claims Optium purchased from *Visa* class members. The litigation between Optium and Cascade in California ("California Litigation"), will not affect the claims-administration process or any matter before the Claims Administrator, the Special Master, or this

Court. No matter how the California Litigation is resolved, the claims that Optium purchased from class members and that are pending with the Claims Administrator will not be affected.

As envisioned by the claims process in summary form – Optium has its claims before the Claims Administrator, free from any conflict with Cascade; the Claims Administrator will determine Optium's claims, free from any influence by Cascade; and the Claims Administrator will cause payment to be made to Optium (if found valid). And that is it. After the Visa settlement monies are distributed to Optium, the California Litigation may result in a money judgment in favor of Cascade. But the two matters would never overlap or conflict. If, however, Optium's efforts to move the California Litigation to this Court are successful, then this Court would be responsible for overseeing a unique breach of contract dispute, the outcome of which matters only to Cascade and Optium, and not to any *Visa* class member.

To be clear, Optium is a sophisticated claims purchaser whose principal officers formerly led Cascade. The nature of his departure led to a dispute that resulted in a settlement in 2015 (the "2015 Settlement") in which Optium promised that if it purchased claims of claimants who had signed up with Cascade, Optium would owe Cascade a fee on each such claim. In essence, it is a straightforward settlement agreement of a business dispute that comprises certain Optium obligations, including an obligation to make contingent payments to Cascade.

### 1. No Interest Relates to the Transaction that is the Subject of the Action (Factors 2-4).

Cascade has withdrawn its request to file claims on behalf of clients who sold their rights to Optium. On September 4, 2024, the Claims Administrator was notified of the withdrawal of claims by Cascade to which Optium had previously filed, such communication is attached as Exhibit H to our response to the motion for a preliminary injunction. (ECF No. 9422).

Therefore, the Claims Administrator will only have to determine the validity of claims by Optium or filed by Optium on behalf of claimants. No rights or obligations of Cascade will be subject to resolution by the Claims Administrator or by this Court. Furthermore, there will only be one party, Optium, to whom any payment will potentially be made from the settlement fund in the *Visa Antitrust Litigation*. With Cascade having withdrawn claims before the Claims Administrator, there is simply no risk of conflict between the California Litigation and the *Visa Antitrust Litigation*. Thus, the transaction that is the subject of the California Litigation will play no role in how the claims in *Visa Antitrust Litigation* are resolved.

Optium, without explanation, asserts that some decision or fact-finding in the California litigation could hypothetically conflict and interfere with the claims administration taking place now in this Court. For this allegation, crucial for this Court to determine whether intervention should be granted, Optium only states that "it is clear that the relief sought by Cascade involves questions of fact that are common to the issues currently in dispute and being resolved by the claims' administrator and perhaps by the Special Master." (Optium Mot., ECF No. 9393-1 at 2). This speculative, self-serving conclusion is made in the "Background" section of the motion but the conclusion is never explained or justified in the body of the motion. This Court should not countenance such an *ipse dixit*, unsupported by any evidence.

It is important to note here that Optium has asserted—falsely— (Optium Mot., ECF No. 9393-1 at 1) that the California Litigation violated this Court's August 13, 2024, Order (ECF No. 8883). As explained above, the California Litigation does not arise from any dispute or matter "relating to the Plan of Administration and Distribution" that is the subject of the Special Master's scope under Federal Rule of Civil Procedure 53.

In fact, the California Litigation could not conceivably create any conflicting rulings or findings of fact. In California, the litigation will simply determine whether Optium violated the terms of the 2015 Settlement Agreement and therefore owes damages for breach. Nothing about the claims administration process (by either the Claims Administrator, the Special Master, or the District Court) will be affected by this decision. As one Court recently found, "[m]ovant also failed to show that any interest she shared with Plaintiff would have been impaired if intervention was denied. The *stare decisis* effect of a decision against Plaintiff would have been slight at best." *Buckley v. Bassett*, 22-CV-01436, 2024 WL 896880, at *8 (E.D.N.Y. Mar. 1, 2024) (citing *In re Penn Cent. Com. Paper Litig.*, 62 F.R.D. 341, 347 (S.D.N.Y. 1974), *aff'd sub nom*. *Shulman v. Goldman, Sachs, & Co.*, 515 F.2d 505 (2d Cir. 1975) ("While it is true that a decision of one district court may be of some persuasive value in another, a holding that this constitutes an interest sufficient to justify intervention would expand the scope of Rule 24(a)(2) to such an extent that the interest requirement would essentially be read out of the rule.")).

Again, and as stated above, Optium currently has claims before this Court; they will be adjudicated and paid out to Optium, and that is it. If Cascade wins its case in California, it will simply have a money judgment it can enforce against Optium (and – importantly – not against any class member).

Finally, if intervention is granted, Optium would become a plaintiff in the case, but Cascade would remain a non-party. Intervention thus accomplishes nothing. The fact that Optium did not file a complaint with its motion is not only a breach of the rules for intervention but also suggests it knows it has no claims to assert against the defendants in the *Visa Antitrust Litigation* that would be relevant to the California Litigation.

In conclusion, without Optium having explained or justified t how the California Litigation could result in conflicting rulings with the *Visa Antitrust Litigation*, there is no basis to find any prejudice, and thus, no basis exists for intervention.

## II. Optium Seeks to Disenfranchise Cascade from Asserting its Breach of Contract Claims.

Use of the intervenor process here is really an attempt to deny Cascade's right to seek proper legal remedies under the 2015 Settlement. To ask the question is to state the answer: What remedy does Optium, who already has matters before the Claims Administrator, seek as a putative intervenor-plaintiff against which defendant? The answer is none. Cascade is not a defendant in the *Visa Antitrust Litigation* and is not seeking to intervene as a defendant. Indeed, even if Cascade were a defendant, there is no reason for this Court to exercise jurisdiction to decide whether Optium breached the 2015 Settlement and whether to award damages to Cascade.

Rule 24(c) states that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Under the given facts, failure to file a pleading here supports a decision by this Court to deny intervention.

Optium's failure to file a pleading helps conceal the fact that Optium *has* no claims to assert against the defendants in the *Visa Antitrust Litigation*. Cascade is not a defendant in the matter. What issues of fact would they be resolving, and through what litigation process if they are allowed to intervene? What interest is it purporting to assert that cannot otherwise be adjudicated. As inappropriate as it is for Optium to intervene as a plaintiff here, the result could leave no procedure under the Federal Rules of Civil Procedure for Cascade to vindicate its breach of contract claims and seek a money judgment against Optium. And so, any remedies

Optium would ask this Court to award them regarding the 2015 Settlement agreement would likely have required an amendment to the original complaint and counsel's assertions in its memorandum of law hardly qualify as sufficient. *In re Holocaust Victim Assets Litigation*, Nos. 14-CV-00890 (ERK)(JO), 96-CV-04849 (ERK)(JO), 2014 WL 2440612 (E.D.N.Y. May 30, 2014) (rejecting intervention based on attorney declarations because they do not set forth the ultimate relief the party seeks, and for other relief sought, it would have required a motion to amend the complaint).

Tellingly, in a search of the nearly 10,000 documents and entries filed in the *Visa Antitrust* Litigation not one appears to involve a motion seeking intervention of the type proposed here. And it is also notable that Optium has not cited a single case in which there is a fact pattern that remotely resembles what the Court is presented with here – where Optium is seeking to intervene as a plaintiff when it asserts no claim against any defendant. Optium's motion refers to its dispute with Cascade. But Cascade is not a party to this action.

Denying intervention here would be similar to what was affirmed by the Second Circuit in *Peterson v. Islamic Republic of Iran*, 690 Fed. App'x 744 (2d Cir. 2017), and in related litigation before the Special Master, *Peterson v. Islamic Republic of Iran*, 10-CV-4518, 2017 WL 10299580 (S.D.N.Y. Dec. 6, 2017), *report and recommendation adopted*, No. 10-CV-4518 (KBF), 2018 WL 3019878 (S.D.N.Y. June 18, 2018). In that case, a law firm (Cook) sought to intervene and later to file liens on distributions being made by a Special Master to victims of terrorism.[3] The Second Circuit affirmed the denial of intervention because the claim was untimely and no other factors supported intervention. *Id*.

---

[3] The *Peterson* case is remarkably similar, except for the fact that the party seeking intervention is reversed, which also demonstrates why intervention is inappropriate here. In *Peterson*, it was the non-party who was claiming a breach of contract by a party and who sought

8

Notably, in later follow-on litigation, the Special Master stopped Cook and other law firms from filing liens against the same claims. The Special Master reasoned that to "the extent they have viable claims for breach of contract or otherwise against any of the other attorneys for the Peterson Plaintiffs, Cook and Glenn may continue to pursue their claims *in their ongoing arbitration and litigation* proceedings, and Delaney may pursue her claims, to the extent viable, *in an appropriate forum*." *Peterson*, 2017 WL 10299580 (emphases added).

The facts in *Peterson* are congruent with those in this matter.[4] Cook and the other firms were essentially seeking breach of contract remedies as between third party filers of claims in the Iranian litigation. They were forced to pursue those legal remedies in other forums, including forum where the litigation was already in existence. Cascade is seeking the same resolution here. Cascade wants to pursue state law claims of breach of contract (and other state claims) based on the 2015 Settlement Agreement in California (and more specifically, in California state court, if its pending motion to remand to state court is granted).

Optium's failure to file a pleading with its motion is, in of itself, fatal to granting intervention and demonstrates why this Court should not allow intervention. Optium has not explained what remedies it can legitimately seek through intervention in this case. Optium only seeks to disenfranchise Cascade from its legitimate interests in pursuing its claims in the

---

intervention that was denied. In this case, the party being accused of breach of contract (Optium) is seeking intervention, which is nonsensical, as Cascade is not a party to the *Visa Antitrust Litigation*.

[4]    The only substantive difference from this case with the facts of *Peterson*, is that the position of the parties is reversed, which reveals why this motion to intervene is nonsensical. In *Peterson*, it is as if Cascade were filing to intervene, not Optium. But at least that would make some sense because Cascade would be suing a party already in the *Visa Antitrust Litigation* . But even in those circumstances, the Court told the third-party claims filer, a law firm, to file suit in another "appropriate forum" for its breach of contract claims and refused to allow intervention.

9

California Litigation. Optium's intervention will only create unnecessary and procedurally improper obstacles to accountability for its breach of a separate settlement contract.

### III. Permissive Intervention Under Rule 24(b) Should Also be Denied Because it Lacks Merit.

In a throwaway argument, Optium essentially repeats its assertion, without support, that the complaint filed by Cascade against Optium for breach of contract and other state law claims "raises questions of law and fact that [sic] wholly derivative and almost entirely in common with those raised by all class members" (Optium Motion, ECF 9393-1 at 5) in the *Visa Antitrust Litigation*. But as demonstrated above, these assertions are without basis.

Optium again provides no examples whatsoever of the questions of law and fact that are in common with "all" class members. But given that *no class members* are subject to the 2015 Settlement other than Optium, it is hard to imagine how Optium's claim can be true.

It is enough that the motion for permissive intervention can be denied when Optium fails to justify such intervention in its moving papers and any attached proposed pleading. We further incorporate by reference all the arguments against intervention as a matter of right made above, as the Court would otherwise be required to engage in the same weighing of the four-factor used to decide whether intervention as of right is warranted. *Waterkeeper All., Inc. v. Salt*, 714 Fed. App'x 77, 78 (2d Cir. 2018) (holding that the same four factor test be used to determine intervention under Rule 24(a) or (b)).

### IV. Optium Has No Article III Standing to Seek Intervention, and this Court Lacks Jurisdiction to Resolve the State-Law Claims Between Optium and Cascade.

Optium also fails to establish Article III. For Optium to intervene as a plaintiff, it must show:

> that [it] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve. The burden of establishing standing falls on the plaintiff since the plaintiff is the party invoking federal jurisdiction.

*Buckley v. Bassett*, 2024 WL 896880, at *8 (citations omitted); *see also 1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 608 F. Supp. 3d 50, 60 (S.D.N.Y. 2022) ("[I]f proposed intervenors seek different relief from that which the parties to an action are seeking, then the proposed intervenors must demonstrate that they have Article III standing to pursue that relief.").

Simply put, Optium has failed to state an alleged injury that it has suffered that would permit it to enter these proceedings. Having purchased class members' claims, it will already have those claims determined by the Claims Administrator without the California Litigation interfering in that process whatsoever. And there is no explanation how a resolution of California state law breach of contract claims in California would affect those claims or any other interests that might justify intervention.

And Optium, by failing to file a pleading or other declaration, has also failed to describe what relief it would seek from such injury even if they otherwise had a substantive basis. Once intervention is granted, Optium would be a plaintiff in the *Visa Antitrust Litigation* but Cascade would not be a defendant. As the burden of establishing standing falls on Optium, its motion can be denied simply on this basis as it has not provided this Court with any basis for finding that Optium has Article III standing.

And to be clear, for all the reasons stated in the companion opposition to Optium's motion for a preliminary injunction, the claims stated in the California Litigation, if brought

11

before this Court would suffer the same jurisdictional defects – a lack of diversity and no federal question presented.  Thus, permitting intervention (and the injunction) will only serve Optium's interest in trying to thwart Cascade's legitimate right to litigate violations of the 2015 Settlement agreement.

*     *     *     *

For all these reasons, Optium's motion seeking to intervene as a Plaintiff in the Brooklyn *Visa Antitrust Litigation* should be denied in its entirety, or in the alternative, this Court should defer its decision until after the District Court in California has rendered its decision on Cascade's motion to remand the California Litigation back to state court.

Respectfully submitted,

/s/ Anthony M. Capozzolo
Anthony M. Capozzolo
Attorney for Respondent
Lewis Baach Kaufmann Middlemiss PLLC
155 East 44th Street
25th Floor
New York, New York 10017
(212) 897-1970
anthony.capozzolo@lbkmlaw.com