# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates To:<br>Rule 23(b)(3) Class Action | Case No. 1:05-md-01720-MKB-VMS |

# OPTIUM CAPITAL LLC's REPLY IN SUPPORT OF MOTION TO INTERVENE

**INTRODUCTION**

Although Cascade once again tries to frame its case as a simple breach of contract dispute divorced from the *Interchange Fee Litigation*, this dispute is still undeniably connected to the *Interchange Fee Litigation*.[1] Whether purported filing agreements between Cascade-affiliated Spectrum Settlement Recovery, LLC ("Spectrum") and Vail, Peet's, Sleepy's, Sleep Train, and FullBeauty Brands (the "Merchants") were valid at the time Optium purchased the Merchants' claims is the fundamental threshold question to evaluating Cascade's claims.[2] And Cascade's last minute "withdrawals" of its registration for these Merchants' claims to the *Interchange Fee* settlement does not change the nature of this dispute. This Court has the authority to determine factual issues concerning the validity of Spectrum's filing agreements, and in fact has *already* weighed in on issues concerning filing agreements between class members and third-party claims filing companies, including Spectrum. Optium has an interest in ensuring that the validity of Cascade's purported agreements with these Merchants is treated consistently with this Court's previous findings and orders concerning similar third-party filing agreements. Without being permitted to intervene in the *Interchange Fee Litigation*, these issues would be decided by a separate court in California that has not had the experience addressing these same third-party filing issues that this Court has been carefully following and assessing for decades, including Spectrum's recognized history of misleading claimants to secure filing agreements. For these reasons, Optium reiterates its request to intervene in the *Interchange Fee Litigation*.

---

[1] This reply references two interrelated cases: this litigation, referred to in the opening brief as the "*Visa Antitrust Litigation*," and *In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-CV-5238 (E.D.N.Y.). To avoid confusion, this reply refers to this litigation as the "*Interchange Fee Litigation*" and *In re Visa Check/MasterMoney Antitrust Litigation* as the "*Visa Check Litigation*."

[2] Cascade Settlement Services LLC acquired Spectrum Settlement Recovery, LLC and Claimco LLC (collectively, "Spectrum"). Cascade's alleged filing agreements were entered between Spectrum and the Merchants. *See* FAC ¶¶ 1, 38, 49, 57, 58, 66.

1

## ARGUMENT

A.  **Optium Has Sufficiently Established Its Right to Intervene.**

Under Federal Rule of Civil Procedure 24(a)(2), an intervenor must establish that: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties. *Coleman v. Cnty. of Suffolk*, 174 F. Supp. 3d 747, 753-54 (E.D.N.Y. 2016). Because Optium has sufficiently established all four factors, the Court should grant Optium's request to intervene.[3]

### 1. Issues Concerning the Validity of Spectrum's Purported Filing Agreements with the Merchants Are Inseparable from This Litigation.

Cascade argues that the "disposition of the *Visa* action cannot possibly impair any Optium interest" because its claims "will not affect the claims-administration process or any matter before the Claims Administrator, the Special Master, or this Court." Opp. at 3-4. But, as described in Optium's concurrently filed reply in support of its motion to enjoin, issues concerning the validity of third-party claims filing agreements for claims arising from the *Interchange Fee Litigation* are—and have already been—properly determined by this Court. In an October 2014 Order, this Court issued an injunction ordering third-party filing companies to comply with certain requirements for all communications and contracts with merchant class members. Mem. and Order Containing Permanent Inj., Oct. 3, 2014, ECF No. 6349 ("October 2014 Order"). Spectrum—whose false and misleading conduct with merchant class members was specifically highlighted—and other third-party filing companies were ordered to send disclaimer notices with all solicitations to class members and to include these same disclaimers in "any contracts drafted by third-party claims-filing services

---

[3] Because Cascade does not challenge the timeliness of Optium's motion in its opposition, this reply will not address this factor.

to be signed by class members." *Id.* at 33-34; *see also id.* at 8-10, 22-23 (detailing Spectrum's misconduct with merchant class members in both the *Interchange Fee Litigation* and the related *Visa Check Litigation*). As a result, this Court has the ultimate authority in determining whether Spectrum's filing agreements comply with the October 2014 Order and any other applicable court order, or if these purported filing agreements are in any other way invalidated. The validity of Spectrum's alleged filing agreements with the Merchants form a critical threshold aspect of Cascade's claims against Optium in the California lawsuit. Such questions are inseparable from this litigation. *See id.* at 53 (explaining this Court has "ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class.").

Cascade once again asserts that, because it has withdrawn its requests to file claims on behalf of the Merchants, there is no longer any interest subject to the *Interchange Fee Litigation*. Opp. at 4-5. But, as explained by Optium's concurrently filed reply in support of its motion to enjoin, withdrawing registration for these claims does not change the nature of its contract claims. Cascade alleges that Optium interfered with purportedly valid filing agreements, or breached the 2015 settlement agreement by not assuming these agreements. FAC ¶ 34. Put simply: Cascade's lawsuit rests on the validity of Spectrum's purported filing agreements, not whether claims filed on behalf of these Merchants are "in conflict."

> 2. **Opium Has an Interest in Ensuring that Issues Concerning the Validity of Cascade's Purported Filing Contracts are Resolved Consistently By This Court.**

Optium has an interest in ensuring that its claims are treated consistently with other class claims, including the treatment of alleged third-party filing agreements that could potentially interfere with Optium's rights concerning these claims. This Court has spent nearly two decades grappling with the complexities of the *Interchange Fee Litigation*, including the difficulties in administering the
3

settlement and ensuring that class members are protected from misconduct by third-party filers. If Optium is not permitted to intervene, and Cascade is instead allowed to litigate these issues in California state or federal court, such court—bereft of the nuanced history behind the third-party filing agreements in this litigation, Spectrum's track record of misconduct with merchant class members, and the additional protections imposed by this Court to protect class members—could arrive at a different conclusion than the one intended by this Court. As a result, Optium's "ability to protect its interest" in the *Interchange Fee Litigation* would be unfairly "impair[ed] or impede[d]." Fed. R. Civ. P. 24(a)(2). This remains true, irrespective of whether or not Cascade has "withdrawn" registration for its claims.

B.  **Optium Has Sufficiently Established Permissive Intervention Under Rule 24(b)**

Finally, Optium has established that the issues arising from Cascade's lawsuit "shares with the [*Interchange Fee Litigation*] a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This Court has complete authority over questions concerning the validity of Spectrum's purported filing agreements, which forms the foundation of Cascade's claims. Thus, in the alternative, this Court should grant Optium's motion for permissive intervention.

## CONCLUSION

For these reasons, Optium respectfully requests the Court grant its motion to intervene.

Dated: September 23, 2024

By: */s/ Daniel A. Sasse*
Daniel A. Sasse (*pro hac vice*)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, California 92614
DSasse@crowell.com
Tel: (949) 263-8400

Kelly Currie
**CROWELL & MORING LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

4

KCurrie@crowell.com
Tel: (212) 223-4000

*Counsel for Optium Capital LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse