UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : : : : : : : : | MDL No. 1720(MKB)(JAM) <br><br> Civil No. 05-5075(MKB)(JAM) <br><br> RULE 23(b)(3) CLASS COUNSEL'S MONTHLY REPORT REGARDING THIRD-PARTY ENTITIES |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

4887-8304-6378.v1

## I. INTRODUCTION

This is the twelfth monthly report regarding third-party claims filers following the Court's request.

Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq continue to receive communications regarding third parties. This month, Epiq received more than 45 new communications and Class Counsel received multiple communications as well. Calls received via the toll-free number are tracked and reported to Class Counsel from Epiq. Class Counsel also directly receives calls and emails regarding third parties that are followed up on immediately. Additionally, Class Counsel regularly searches online using various keywords to monitor what is a fluid situation. A number of contacts this month came through the conflicts process.

Since the last report, the Court has issued several orders to show cause where certain third parties were alleged to have been spreading false and/or misleading information to class members.

## II. STATUS OF CURRENT ORDERS TO SHOW CAUSE

### A. Certificate Clearing Corporation

As detailed in ECF 9419-1, Class Counsel and Certificate Clearing Corporation ("CCC") have been in discussions regarding the appropriate resolution of the current Order to Show Cause. As previously reported, Epiq received a report from a class member that asked whether they were required to use CCC to file their claim and mentioned by name a person known to be affiliated with CCC. ECF 9399. In reviewing the information from the class member, Epiq discovered that an email the class member received included information for a website, since removed but previously available at https://swipefeesettlement.org. Class Counsel's investigation uncovered additional websites.[1] The required disclaimers were not present anywhere on the websites and did not appear until after someone clicked on "submit a claim" which then led to a contract sign up page with CCC. Moreover, the website was riddled with errors, false statements, invented merchants giving false

---

[1] Two other sites were found that were also highly problematic. One, since removed, paymentcardsettlements.org, was so close to the official Court-approved site that Class Counsel requested it be taken down.

- 1 -

4887-8304-6378.v1

testimonials, and more. The misstatements were so pervasive that it was unclear whether the website could even be corrected. It appeared in large part to be written by artificial intelligence as it referred to made-up merchants, insurance policies, and other strange content. The two other websites previously linked to this were swipefeesettlementclaims.com and paymentcardsettlements.org that also led to contract sign ups with CCC under the "submit a claim here" button and contained the same or similar false and/or misleading content.[2] All of the websites led to contracts with CCC to either file a merchants' claim or buy a merchants' claim.

Class Counsel contacted the company that was working with CCC and had several productive conversations. Importantly, Counsel for CCC has now been in communication with Class Counsel regarding the content of a notice that is to be sent to the 463 merchants that have contracted with CCC. As noted in ECF 9419-1, CCC was not able to determine the exact number of merchants that signed up through the websites, so its provided list may be over-inclusive in an effort to resolve this problem. Class Counsel will be bcc'd on the agreed communication when it is sent. At this time, Class Counsel respectfully suggests that no further action be taken as to CCC besides the letter to the 463 merchants.

**B. UPDATE REGARDING NATIONAL PROCESSING ALLIANCE INC.**

Pursuant to the Court's Order of August 23, 2024 and its direction at the August 13, 2024 status conference, Class Counsel provides an update regarding National Processing Alliance Inc. ("NPA"). On September 25, 2024, the Court *sua sponte* issued a Report and Recommendation regarding NPA. ECF 9431. This document was served on NPA and Mr. Fuhrman the same day. Below recounts some of the history with this entity since the last status report was filed.

On September 4, 2024, Class Counsel requested that the Court reopen the Order to Show Cause as to NPA. *See* ECF 9405. Subsequently, the Court ordered NPA and Mr. Fuhrman to

---

[2] Although https://swipefeesettlement.org has since been removed, Class Counsel saved a version of the website from August 21, 2024 that contained the problematic content, should the Court wish to review it. The print out spans more than 560 pages.

respond by September 16, 2024. ECF 9410. Mr. Fuhrman responded on September 16, 2024. ECF 9420-1. Class Counsel explained in its cover letter its views regarding NPA's response and argued that the Order to Show Cause should be granted. ECF 9240 at 1-2. Class Counsel explained that Mr. Fuhrman's response mischaracterized the parties interactions and sought to justify inappropriate conduct. Class Counsel detailed that NPA's proposed letter to be sent to clients differed from what had previously been agreed upon and that NPA should be required to provide the list of class members that signed up with NPA, contrary to NPA's nonsensical arguments.

No further communications between NPA and Class Counsel have occurred since Class Counsel provided a courtesy copy of the September 16, 2024 filing other than the service of the Court's September 25, 2024 Order. This report will also be served on NPA.

### C. Update regarding law Firm Betz & Baril, Certainty Management, and LenCred

As previously reported, Class Counsel has received multiple complaints regarding the law firm Betz & Baril. In late August, a class member contacted Epiq and left a message stating that they had signed up for claims filing services after being told false information. Class Counsel contacted Betz & Baril and the firm agreed to cancel that contract, but the firm was told that should additional complaints be received, Class Counsel would likely seek an order to show cause. Just days later, an additional complaint led Epiq and Class Counsel to a website that contained content and videos that contained significant false and/or misleading information. Class Counsel alerted the Court to this issue on September 5, 2024. ECF 9407. In that letter, Class Counsel provided a history of issues with Betz & Baril and named partner Jason Baril. Another letter was sent on September 12, 2024 alerting the Court to a third video. ECF 9416.

The Court previously ordered responses from Betz & Baril, LenCred and Certainty Management to be provided by September 13, 2024. Text-entry Order dated September 9, 2024. Two separate requests for extensions were received from all three entities. ECFs 9426, 9427, 9428. The Court granted those requests, but also stated that no additional extensions would be granted as to

Certainty Management and LenCred.  Text-entry Order, dated September 18, 2024; Text-entry Scheduling Order, dated September 20, 2024.

Because these responses were received the day before this report was due, Class Counsel may wish to provide an additional information to the Court in the coming days, but here provides responses as to all three entities.

1. **Betz & Baril**

Betz & Baril's response seeks to vastly downplay the multiple times this entity has come to the attention of Class Counsel.  Class Counsel respectfully suggest that the recent issue regarding multiple videos with its partners Certainty Management and LenCred requires intervention by this Court.

Unfortunately, if left unchecked, Betz & Baril may continue to engage in misleading conduct.  Class Counsel respectfully suggest that the firm should, at the least, be barred from ***any*** additional work related to the action and be required to send – at its expense – a communication agreed to by Class Counsel to all merchants that have signed up with the firm that alerts the clients to their right to cancel their contract and file a claim on their own due to the firm's misleading and false statements.  Class Counsel also respectfully requests Betz & Baril provide Class Counsel with a complete list of all its referral partners who have engaged in any solicitation regarding the Action so that those entities can also be monitored.

Class Counsel further believes that the firm should not reap the benefit of its wrongdoing (often in the amount of 40% of the clients' expected claim value[3]).  Class Counsel, however, appreciates that the cancellation of a large number of contracts could create issues for class members.  Class Counsel is considering ways to balance these competing concerns.

The response from the law firm Betz & Baril fails to address many of the most troubling aspects of its conduct.  In the response, there is no reference to or explanation regarding why lawyer

---

[3] Most contracts Class Counsel has seen from Betz & Baril seek 40%.  The example contract provided showed 33%.  ECF 9438 at 2.

Jason Baril never corrected and likely approved statements that his firm was "court-appointed" or that the firm has "been authorized to facilitate these settlements." *See* ECF 9407 at 4; *see id.*, Ex C at 1. Instead, Betz & Baril seeks to use a single email from a class member that was sent to Class Counsel that seems to praise the firm as evidence. It is unclear how Betz & Baril received this email, but its weight in this case is negligible at best.[4]

Further, while Betz & Baril's response claims that the "marketing issues" have been remedied, this is not the case. As of 3:00 p.m. Pacific Time on September 27, 2024, two videos containing extensive false and misleading statements remain available online. *See* https://www.certaintyteam.com/settlement; *see also* https://www.youtube.com/watch?v=B2ETyA4kJmQ&t=174s; *see also* https://www.youtube.com/watch?v=_nF0V9Ie8aA. Only one video appears to have been removed, despite prior requests. The problematic website is also still online. A video featuring Jason Baril, which was discovered later, was removed following the Court's order to do so.[5] *See* Judge Marutollo's Order dated September 12, 2024. Class Counsel respectfully requests the Court order the videos and website be taken down immediately.

Betz & Baril claim "there is not a single allegation that Betz & Baril acted 'knowingly,' or 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *See* ECF 9438 at 4. But this claim is belied by Mr. Baril appearing in a video where he made and allowed to be made false statements without correction including that he was "a court-appointed attorney . . . [for] these settlements." ECF 9407 at 4.

---

[4] The fact that the Court-ordered disclaimer language appears on the engagement letters and contracts, while necessary, is not sufficient. The Court's Order requires the disclaimers be "included in any solicitation, in any form including websites, mail and email solicitations, contracts, telephone and in-person solicitations." ECF 7260.

[5] During a telephone call that Class Counsel reported to the Court (*see* ECF 9407), Mr. Baril stated he was unfamiliar with Certainty Management. This appears to be at odds with his appearing on an hour-long interview video with the head of Certainty Management. Class Counsel alerted the Court to this third video on September 12, 2024 (ECF 9416) and the Court ordered it be removed on September 12, 2024. This third video does appear to have been taken down.

Further, Betz & Baril call its conduct "relatively minor" and characterize the multiple instances of false and misleading information being disseminated to class members since at least 2019 as simply "some marketing rule violations" is incriminating rather than exculpatory, revealing Betz & Baril's outlook. This characterization is false as its own response acknowledges the multiple times it has been found to have provided false and misleading information to class members and fails to address most of the recent problematic conduct Class Counsel has brought to the Court's attention via multiple letters and transcripts of videos.

Betz & Baril's response appears to also claim that the problematic websites and videos have been removed. Its response claims that it ended its marketing relationship the week of August 5, 2024 and that an "oversight" left a landing page and a video up that was later removed. *See* 9438 at 4. But as detailed above, this does not comport with the facts. The website remains available and two videos are still available online (one is available on both the website and YouTube and another is on YouTube). This further underscores why action needs to be taken to stop this misleading conduct.

### 2. Certainty Management

The response from Certainty Management fails to include responses to many of the most concerning issues that resulted in the Order to Show Cause. It never explains:

- why it repeatedly said Betz & Baril were the Court-appointed lawyers to handle the settlement;

- where it came up with its baseless numbers regarding claims made to date; and

- where it came up with its baseless expected claim values.

Certainty Management simply fails to address many of the false and/or misleading statements made on its website and in videos. *See* ECF 9407.

Further, in the Court's Order to Show Cause, Certainty Management was ordered to explain the steps it has taken to remove false and/or misleading content from "websites, YouTube and/or other social media channels, or any other marketing channels, including email marketing." ECF

9408 at 2. Not only has it not done so, but, as detailed above, the website and two videos remain available online. And Certainty Management has not explained any steps it has taken to prevent the distribution of false and/or misleading information. In disregard for the Court's Order, Certainty Management has not provided "a list of all class members that it has signed up through its marketing efforts." *Id.* For these reasons, Class Counsel respectfully request the Court permanently bar Certainty Management from any settlement-related services in this action and inform all class members who may have signed up for claims-filing services through this entity of the right to cancel their contract, without penalty. A letter, agreed to by Class Counsel, explaining that the class member can be released because they may have signed up based on false and/or misleading information should be sent at Certainty Management's expense.

Certainty Management claims that they have reached out to "all our associates" to ensure materials are compliant. ECF 9436-1 at 3. It further states that it would be ready to provide more detailed reports on compliance efforts. *Id.* More detailed reports, showing all associates who are marketing claims-filing services, would likely be helpful and Class Counsel accepts that offer. There is a reference to the implementation of a "subdomain managed by LenCred at www.settlements.lencred.com." *Id.* That website, however, does not appear accessible currently.

Certainty Management's claim that its conduct is not egregious is belied by the facts. The company repeatedly made patently false and/or misleading statements. Adding to this, despite being asked to remove the false and/or misleading website and videos, they remain available rendering their claim that they have made all necessary corrections untrue. Class Counsel respectfully requests the Court grant the Order to Show Cause as discussed herein.

### 3. LenCred

LenCred's response to the Order to Show Cause included a letter and a list of the class members that have signed up through its marketing efforts. Because it contains significant details regarding class members, Class Counsel will not post the spreadsheet on the public docket.

Class Counsel suggests that LenCred be required to send all class members who may have signed up for claims-filing services a letter allowing them to cancel their contract. This letter, agreed

to by Class Counsel, explaining that the class member can be released because they may have signed up based on false and/or misleading information, should be sent at LenCred's expense. Unlike Certainty Management and Betz & Baril, however, LenCred's response attempts to comply with the Court's Order. At this time, Class Counsel would not recommend that the entity be permanently barred from future work related to the settlement, but instead would recommend the above approach, coupled with more detailed monitoring. This would include acceptance by Class Counsel of LenCred's offer to report the results of a review of all of its partners' marketing efforts. Class Counsel would also request a complete list of LenCred's partners working on this matter.

### III.   MISLEADING WEBSITE

Epiq alerted Class Counsel to a website that had misleading information following a class member complaint. On September 17, 2024, Class Counsel wrote to the company detailing the various problematic statements. The Court-ordered disclaimers were present, but the site had several false and/or misleading statements, including claims that the company would "manage all necessary verifications with Visa, Mastercard, and Class Counsel to maximize your potential recovery." It also has a statement that: "Our attorneys have previously worked alongside the Class Counsel on similar cases and bring over 25 years of experience in class action litigation." Class Counsel noted this statement was extremely concerning as it implied some sort of special access. The site also had an expected claims payment date. Within hours of receiving Class Counsel's letter via email, the company responded and corrected all outstanding issues. As such, Class Counsel does not believe further action is required at this time.

### IV.   OUTREACH TO THIRD PARTIES BY EPIQ

As Class Counsel previously reported, since August 18, 2023, Epiq has been performing specific outreach efforts to known third-party claims filers.

As of September 12, 2024, Epiq has been in communication with 330 third-party filers, law firms, and non-traditional bulk filers following the outreach that took place on August 18, 2023, all of which represent 10 or more claimants. Those third parties claim total representation of 550,451 Tax Identification Numbers ("TINs"). These client lists also include multiple rows for a single TIN,

- 8 -

and multiple rows that lack TINs or have invalid TINs (alphabetic characters, too few or too many digits). Several third-party claims filers have combined their documentation into a single .pdf that covers multiple clients, so the true number is likely higher than the current document count can substantiate. Work continues, including the development of processes to efficiently handle the expected increase in third-party claims.

## V.   TOWN HALL FOR THIRD-PARTY FILING ENTITIES

Class Counsel has conducted another "town hall" conference for third-party filing entities. The call, held today, September 27, 2024, was attended by more than 165 participants. It provided an opportunity for Class Counsel to reiterate the necessity of including the Court-ordered disclaimers in all solicitations and contracts. Class Counsel also provided information regarding clearing conflicts and other matters relevant to the claims-filing process. The call also allowed third parties to ask questions.

## VI.   CONCLUSION

Class Counsel will continue to apprise the Court regarding issues with third-party claims filers via monthly reports and will bring urgent matters to the Court's attention via letter. The next monthly report will be filed on October 25, 2024.

DATED: September 27, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

- 9 -
4887-8304-6378.v1

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
RYAN W. MARTH
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402-2015
Telephone:  612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs