

**Daniel A. Sasse**
DSasse@crowell.com
(949) 798-1347 direct

Crowell & Moring LLP
3 Park Plaza
20th Floor
Irvine, CA 92614
+1.949.263.8400 main
+1.949.263.8414 fax

September 27, 2024

**VIA ECF**

Honorable Joseph A. Marutollo, M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

RE: Optium's Motion for Preliminary Injunction against Cascade (ECF No. 9394)
*In re Payment Card Interchange Fee & Merchant Discount Litig.*, No. 05-md-01720

Dear Magistrate Judge Marutollo:

We write to respond to Cascade Settlement Services LLC's ("Cascade") sur-reply in response to Optium Capital LLC's ("Optium") Motion for a Preliminary Injunction (the "Motion") and Claims Compensation Bureau, LLC's ("CCB") letter in response to the Motion.

Contrary to Cascade's sur-reply,[1] Optium's reply does not present new arguments. Optium's Motion requests an injunction on the basis that this Court may enjoin state court actions where necessary in aid of its jurisdiction and to effectuate its judgments.[2] Nothing has changed. The basis of Optium's motion has consistently been that this Court has the authority to resolve disputes that impact its jurisdiction and orders—including the validity of Spectrum's purported third-party filing agreements—and has *specifically* reserved this authority through previous orders.[3] Cascade instead urges this Court to disregard its *own* orders concerning its authority, simply because it prefers a different venue. To the extent Cascade's own sur-reply now seeks to establish that Spectrum's agreements are valid and in compliance with this Court's October 2014 Order, all of these questions should be resolved by this Court.[4]

[1] Counsel for Cascade claims that it "called and emailed Optium's counsel to inquire if Optium opposes Cascade's request for leave to file a sur-reply" and "Optium's counsel [did] not respond[]" at the time its letter motion was filed. ECF No. 9439. Cascade's counsel informed Optium's counsel of its intention to file a request for leave to file a sur-reply only two hours prior to filing.
[2] ECF No. 9394 at 2, 4.
[3] *See* ECF No. 9403 (Revised Order Appointing Special Master); ECF No. 6349 (Oct. 3, 2014 Mem. and Order Containing Permanent Inj.).
[4] Cascade also asserts that Class Counsel has "reaffirmed" that Spectrum has complied with the Court's October 2014 Order. ECF No. 9439-1 at 4. But Class Counsel's status reports are based on a review of publicly available information and the Claims Administrator's interactions with class member contacts. *See, e.g.*, ECF No. 6465 at 1-2. Class Counsel has not undertaken a review of whether all third-party filing agreements, including Spectrum's, have been properly amended pursuant to this Court's October 2014 Order.



Additionally, CCB's letter cites to a single Third Circuit case that is not on point here. That case stands for the unremarkable proposition that fully independent disputes about funding contracts *after* settlement awards are paid out to class members can be decided outside of the class action court. *Nat'l Football League Players' Concussion Inj. Litig.,* 923 F.3d 96, 111 (3d Cir. 2019). But cases that require the interpretation of actual claims, the validity of actual claims, are different. Courts have consistently held that a class court can retain jurisdiction to ensure the orderly and consistent resolution of claims—including when and if valid claims filing contracts existed.[5] More importantly, this Court's *own* orders concerning the contours of its authority are controlling.

Respectfully submitted,

Daniel A. Sasse

[5] Indeed, the Third Circuit recognized that the District Court properly retained jurisdiction while the settlement was being administered, and that it had the authority to void third-party agreements. *Nat'l Football League Players' Concussion Inj. Litig.*, 923 F.3d at 100, 108-09.