UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | Case No. 1:05-md-01720-MKB-VMS |

**OPTIUM CAPITAL LLC AND CASCADE SETTLEMENT SERVICES LLC'S JOINT STATUS REPORT**

Pursuant to the Court's October 2, 2024, Order re 9393 and 9394, Cascade Settlement Services LLC ("Cascade") and Optium Capital LLC (Optium") (together, the "Parties") submit this Joint Status Report regarding the hearing before Hon. Magistrate Judge Laurel Beeler in the Northern District of California on October 10, 2024, on Cascade's Motion to Remand and the Motion to Transfer or, in the Alternative, Stay Action, filed by Optium and several individual defendants associated with Optium (the "Optium Parties"). The Parties also submit the attached transcript of the hearing.

## Optium's Position

In considering the Motions before her, Magistrate Judge Beeler noted that the *Interchange Fee Litigation* was implicated by Cascade's underlying breach of contract claims. Oct. 10, 2024 Hrg. Tr. ("Tr.") 4:2-4. Although she raised questions concerning whether the Northern District of California is the appropriate forum to resolve the validity of Spectrum's purported third-party filing agreements with the Merchants, she indicated on multiple occasions in the hearing that the Eastern District of New York could find that it retained ancillary jurisdiction over questions arising from the *Interchange Fee Litigation* that affect the Parties' obligations under the 2015 settlement, including whether Spectrum's filing agreements with the Merchants remained valid and in compliance with the Court's October 2014 Order. *See, e.g.*, Tr. 15:11-15 ("the EDNY is going to

1

have issues that it will have to decide that may be relevant to the claims of breach of settlement agreement. That doesn't change, no matter what I order."). Importantly, Magistrate Judge Beeler also noted that the Eastern District of New York could make independent findings concerning its jurisdiction over these questions, irrespective of the Northern District of California's rulings on Cascade's Motion to Remand and Optium's Motion to Transfer. *See* Tr. 23:14-18 ("My conclusion . . . doesn't necessarily affect the EDNY's determination of whether it has ancillary jurisdiction over the parties' dispute. . . . so you're not denied your forum, necessarily."), 24:5-17 ("if the EDNY determines that it has ancillary jurisdiction over this case pursuant to its retention of jurisdiction, it can still decide that . . . So I still [*sic*] the EDNY can state your case for you."), 15:11-15.

At the conclusion of the hearing, Magistrate Judge Beeler took the matter under submission. The Parties will submit a subsequent Joint Status Report to update this Court when the Northern District of California has issued rulings on Cascade's Motion to Remand and Optium's Motion to Transfer.

Optium agrees with Magistrate Judge Beeler's assessment that the core issues underlying Cascade's breach of contract claims are "implicat[ed]" by the *Interchange Fee Litigation*. Tr. 4:2-4. As Optium has maintained through its papers filed in both the Northern District of California and the Eastern District of New York, the *Interchange Fee Litigation* court is the proper forum to determine whether Spectrum's purported third-party filing agreements with the Merchants remained valid. In fact, this Court has explicitly retained jurisdiction over such questions, as evidenced by the October 2014 Order. ECF No. 6349. And as several courts—including this one—have observed, federal courts have the authority to enjoin and bind non-parties "where necessary to protect the court's earlier orders[.]" *Id.* at 53-54 (quoting *In re Synthroid Marketing*

2

*Litig.*, 197 F.R.D. 607, 610 (N.D. Ill. 2000)).  Because these issues fall squarely within this Court's jurisdiction, these issues should be determined in the Eastern District of New York.

**Cascade's Position**

Judge Beeler heard Cascade's motion to remand and the Optium Parties' motion to transfer. Judge Beeler expressed a strong inclination to remand the case because there is no federal jurisdiction over Cascade's claims against the Optium Parties. Judge Beeler also expressed that even if there were federal jurisdiction, which she does not believe there is, she does not believe the Eastern District of New York has any interest in this dispute, and that that she would be strongly disinclined to transfer the case to this District. Judge Beeler also stated that she would probably write an order by the end of this weekend.

On jurisdiction, Judge Beeler had this to say: "I just don't see it. I don't think the judge in the other district [EDNY] sees it, either. So I think, largely, for the reasons you advance, the remand is appropriate here." (Tr. 4:5-7.) She repeated that "there is not" diversity jurisdiction. (Tr. 11: 14-17; 11:18-24.) As for federal question, Judge Beeler expressed, "I'm having a really hard time seeing how it creates federal question jurisdiction over it, given that the complaint is just a straight-up breach of contract in the parties' 2014 or '15, whenever it was, settlement agreement." (Tr. 13:11-14.) Judge Beeler concluded: "My inclination is I don't see the basis for federal question jurisdiction." (Tr. 16:18-19.)

Judge Beeler also shared her disinclination to transfer the case to this Court. "Let's say there was diversity jurisdiction, right? So there's not, but let's say there was. I will tell you that it would be not be my inclination to transfer it." (Tr. 11: 14-17.) As she said, "I can practically guarantee that the EDNY has no interest in assuming, you know, some kind of jurisdiction,

3

however you might -- ancillary jurisdiction." (Tr. 10:25-11:2.) Judge Beeler continued: "I highly doubt that would be anything that they [EDNY] would want to do." (Tr. at 11:7-8.)

As Judge Beeler explained, "There may be issues that turn on decisions rendered by other courts that may be relevant to what the parties can recover for damages, for example, or whatever, but what the parties contracted to would seem to me to be an issue better addressed by whatever court has jurisdiction over these few here in federal court, if there were diversity jurisdiction. There is not. Therefore, state court . . . I'm just not sure that [Optium's argument] creates a federal hook to get you there, and then I don't think it gets you to EDNY." (Tr. at 11:18-12:2.)

Dated: October 11, 2024

Respectfully submitted,

 */s/ Daniel A. Sasse*
Daniel A. Sasse (*pro hac vice*)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone: 949.263.8400
Facsimile: 949.263.8414
DSasse@crowell.com

Kelly Currie
**CROWELL & MORING LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
KCurrie@crowell.com
Tel: (212) 223-4000

*Attorneys for Optium Capital LLC*

Dated: October 11, 2024  　　　　  */s/ Kassra P. Nassiri*
Kassra P. Nassiri
Russell Taylor
**NASSIRI & JUNG LLP**
1700 Montgomery Street, Suite 207
San Francisco, California 94111
kass@njfirm.com
russ@njfirm.com
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

*Attorneys for Cascade Settlement Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse