UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**ORDER**
05-MD-1720 (MKB) (JAM)

This document refers to: ALL ACTIONS

---

MARGO K. BRODIE, United States District Judge:

Currently before the Court is a sua sponte report and recommendation issued by Magistrate Judge Joseph A. Marutollo on September 25, 2024, recommending that the Court grant the relief set forth in its September 7, 2024 Order to Show Cause and direct the National Processing Alliance and its principal, Thomas Furhman (collectively, the "NPA") to (1) provide class counsel for the Rule 23(b)(3) class ("Class Counsel") with a list of all merchants who signed up for claims-filing services with NPA; (2) provide those merchants with notice that they may cancel their contract with NPA and file their own claims, and that such notice consists solely of language approved by Class Counsel; and (3) provide Class Counsel with a copy of its call with the class member who submitted the complaint to Epiq, if it has not done so already ("R&R"). (*See* Sua Sponte Report and Recommendation, Docket Entry No. 9431.)

For the reasons discussed below, the Court adopts the R&R in its entirety.

**I. Background**

On July 26, 2024, Class Counsel notified the Court of a class member's complaint regarding an interaction that the class member had with NPA, a third-party entity and payment processor. (*See* July 2024 Class Counsel Report 3–4, Docket Entry No. 9363.) Class Counsel alleged that the class member received misleading information from NPA about the claims-filing process, including being told that class members needed to have an auditor visit their business to

collect their award. (*See id.*) On July 30, 2024, Class Counsel filed a letter motion seeking an Order to Show Cause as to NPA's conduct. (*See* Class Counsel's July 30, 2024 Letter requesting Order to Show Cause 1, Docket Entry No. 9369.) In support of its motion, Class Counsel argued that NPA offers claims-filing services "at no cost," but uses those claims "as a way to sell other processing-related services to customers." (*Id.*)

### a. First Order to Show Cause

On August 1, 2024, Judge Marutollo issued an Order to Show Cause requiring NPA to explain "whether NPA includes the Court-mandated disclaimers with all of its solicitations in connection with the current litigation," "whether NPA purports to be from the official settlement administrator in its contacts with class members," and why NPA should not provide Class Counsel with a list of members who have signed up for its claims-filing services and provide written notice to such class members that they may cancel any contract with NPA. (*See* Order to Show Cause dated Aug. 1, 2024, Docket Entry No. 9372.)

On August 23, 2024, Judge Marutollo entered an Order finding the Order to Show Cause was moot after NPA agreed to comply with the Order to Show Cause, including agreeing to provide Class Counsel with a list of merchants who have signed up for NPA's claims-filing services and to notify those merchants they may cancel their contracts with NPA.[1]

### b. Second Order to Show Cause

On August 27, 2024, Class Counsel informed the Court that NPA had not complied with the previous Order to Show Cause and asked Judge Marutollo to reopen the Order to Show Cause. (*See* August 2024 Class Counsel Report 7–8, Docket Entry No. 9399).

---

[1] (*See* Class Counsel's Aug. 16, 2024 Letter providing authority regarding the Court's power to sanction third parties, Docket Entry No. 9390; Order indicating the Aug. 1 Order to Show Cause is moot dated Aug. 23, 2024.)

On September 7, 2024, Judge Marutollo entered a second Order to Show Cause with regard to NPA's conduct. (*See* Order to Show Cause dated Sept. 1, 2024, Docket Entry No. 9410.)

In response, NPA argued that it merely gives class members "the opportunity to see how NPA's enterprise-level services can benefit their businesses" but does not "impose[] upon them" those services. (Class Counsel's Attachment 1 to Sept. 16, 2024 Letter enclosing the response from National Processing Alliance 2, Docket Entry No. 9420–1.) NPA argued it should not be required to disclose a list of merchants who have engaged their claims-filing services because disclosure "poses a serious risk of . . . negative impacts" including "potentially dissuading clients from continuing their associations with NPA and severely undermining the company's business operations and reputation." (*Id.* at 3.) NPA offered instead to send an email to the class members who have engaged NPA's claims-filing services informing them that they can cancel NPA's representation at any time. (*Id.* at 4.)

Class Counsel opposed the language suggested in NPA's proposed email. (Class Counsel's Sept. 16, 2024 Letter enclosing the response from National Processing Alliance 2, Docket Entry No. 9420.) In support of its opposition, Class Counsel notes that NPA's proposed email omits a crucial statement that NPA had previously agreed to, which would inform merchants "that some NPA clients may have been led to believe NPA to be the Court-appointed Claims Administrator, or received other incorrect details regarding the case." (*Id.*) Class Counsel argued that NPA should be required to provide a list of class members who have engaged NPA's services and that NPA's reasons for refusing to provide the list are "nonsensical." (*Id.*) Class Counsel also argued that because NPA was previously alleged to have been "providing false and/or misleading information to merchants on a website and in a

3

video," NPA is a "repeat player" and this "should weigh in favor of granting the Order to Show Cause." (*Id.* at 2.)

    c. **R&R**

On September 25, 2024, Judge Marutollo issued an R&R recommending that the Court grant the relief set forth in the September 7, 2024 Order to Show Cause and direct NPA to (1) provide Class Counsel with a list of all merchants who signed up for claims-filing services with NPA; (2) provide those merchants with notice that they may cancel their contract with NPA and file their own claims, and that such notice consists solely of language approved by Class Counsel; and (3) provide Class Counsel with a copy of its call with the class member who submitted the complaint to Epiq, if it has not done so already. (*See* R&R at 2.)

No objections to the R&R have been filed and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to

4

object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## III.  Conclusion

Accordingly, the Court orders NPA to: (1) provide Class Counsel with a list of all merchants who signed up for claims-filing services with NPA; (2) provide those merchants with notice that they may cancel their contract with NPA and file their own claims, and that such notice consists solely of language approved by Class Counsel; and (3) provide Class Counsel with a copy of its call with the class member who submitted the complaint to Epiq, if it has not done so already.

The Court orders Class Counsel to post a PDF of, or link to, this Order on the Court-authorized settlement website, https://www.paymentcardsettlement.com.

Dated: October 18, 2024
      Brooklyn, New York

                                      SO ORDERED:

                                      /sMKB
                                  MARGO K. BRODIE
                                  United States District Judge

Case 1:05-md-01720-MKB-JAM   Document 9464   Filed 10/18/24   Page 6 of 6 PageID #: 545848