UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | Case No. 1:05-md-01720-MKB-VMS |

## OPTIUM CAPITAL LLC AND CASCADE SETTLEMENT SERVICES LLC'S JOINT STATUS REPORT

Cascade Settlement Services LLC ("Cascade") and Optium Capital LLC (Optium") (together, the "Parties") submit this Joint Status Report regarding the Northern District of California's October 21, 2024, Order on Cascade's Motion to Remand and Optium's Motion to Transfer or, in the Alternative, Stay Action. *Cascade Settlement Servs. LLC v. Optium Cap. LLC*, Case No. 24-cv-05372-LB (N.D. Cal.), ECF No. 34 (hereinafter, the "Order").

On October 2, 2024, this Court "reserve[d] ruling on [Optium's] motions [ECF Nos. 9393 and 9394] until the jurisdictional issues are resolved in the case pending in the Northern District of California." The Court ordered the Parties to file a joint status report within 24 hours of a ruling on Cascade's motion to remand in the Northern District.

The Northern District granted Cascade's remand motion on October 21. It denied Optium's motion to transfer as moot. The court's Order is attached as Exhibit A.

**Optium's Position**

On October 21, 2024, the Northern District of California held that Cascade's contract claims did not turn on a substantial question of federal law and remanded Cascade's lawsuit to the Marin County Superior Court. *See* Order at 7-8. However, nothing in the Order prevents this Court from appropriately finding it has retained ancillary jurisdiction over matters and disputes concerning the validity of third-party filing contracts for claims in the *Interchange Fee*

1

*Litigation*—a fact that Magistrate Judge Beeler observed multiple times during the October 10, 2024 hearing. *See* Oct. 10, 2024 Hrg. Tr. 23:14-18 ("My conclusion . . . doesn't necessarily affect the EDNY's determination of whether it has ancillary jurisdiction over the parties' dispute . . . so you're not denied your forum, necessarily."); 24:5-17 ("if the EDNY determines that it has ancillary jurisdiction over this case pursuant to its retention of jurisdiction, it can still decide that."); 15:11-15 ("the EDNY is going to have issues that it will have to decide that may be relevant to the claims of breach of settlement agreement. That doesn't change, no matter what I order.").[1] And, as Magistrate Judge Beeler also observed during the hearing, whether the Eastern District of New York retained jurisdiction over specific questions concerning its previous orders and third-party filing contracts is a "different issue than whether the case can be removed from [*sic*] federal court." *Id.* 10:18-24.

Nothing in Magistrate Judge Beeler's remand order changes the fact that Cascade's claims are indisputably intertwined with the *Interchange Fee Litigation*, and that this Court is the proper forum to determine threshold questions that are critical to the viability of Cascade's claims. This Court explicitly retained jurisdiction over issues concerning third-party filing contracts in order to enforce its previous orders. *See* ECF No. 6349 at 54 ("This Court also has the authority to enjoin a third party pursuant to the All Writs Act . . . An injunction, where necessary to protect the court's earlier orders . . . is authorized under the All Writs Act.") (cleaned up). These issues, which are an essential threshold determination for Cascade's contract claims, should be determined by the Eastern District of New York.

---

[1] A copy of the hearing transcript was previously submitted along with the Parties' October 11, 2024, Joint Status Report. *See* ECF No. 9461-1.

**Cascade's Position**

The Northern District granted Cascade's remand motion. The court held that the dispute between Cascade and Optium "is a contract dispute governed by state law involving competing interpretations of a settlement agreement." (Ex. A at 7.) The court rejected Optium's argument that the dispute between Cascade and Optium "implicates significant federal issues such that the E.D.N.Y. necessarily must decide whether Cascade has viable claims." (*Id.* at 7–8.) As the court recognized, "[t]his is a fact-bound and situation specific private dispute." (*Id.* at 8.) The Northern District then denied Optium's motion to transfer as moot. (*Id.* at 9.)[2]

This Court should deny Optium's pending motions. Optium's motion to intervene should be denied for many reasons aside from jurisdiction. (*See generally* Cascade Settlement Services LLC's Opposition to Optium Capital LLC's Motion to Intervene, ECF No. 9423.) For instance, it is still unclear what claim(s) Optium would bring and against whom, and why Optium's claim(s) should be litigated as part of this MDL. Apart from these reasons, this Court would also not have jurisdiction over any claims between Optium and Cascade.

Optium's motion for a preliminary injunction should also be denied and also for many reasons aside from jurisdiction. (*See generally* Cascade Settlement Services LLC's Opposition to Optium Capital LLC's Motion for a Preliminary Injunction, ECF No. 9422.) On top of all the reasons that the parties briefed, the Northern District decision precludes the latest relief Optium sought: to "enjoin Cascade from pursuing [its] claims outside this Court's jurisdiction." (ECF

---

[2] At the hearing on the parties' motions, the Court had said, "Let's say there was diversity jurisdiction, right? So there's not, but let's say there was. I will tell you that it would be not be my inclination to transfer it." (ECF No. 9461 at 3.) The Court expressed, "I can practically guarantee that the EDNY has no interest in assuming, you know, some kind of jurisdiction, however you might -- ancillary jurisdiction." (*Id.* at 3–4.) The Court also said, "I highly doubt that would be anything that they [EDNY] would want to do." (*Id.* at 4.)

3

No. 9430.) This Court would not have jurisdiction over Cascade's claims for the same reason the Northern District held it does not. "This is a fact-bound and situation specific private dispute" that is "governed by state law involving competing interpretations of a settlement agreement [i.e., Cascade and Optium's 2015 Settlement Agreement]." (Ex. A at 8, 7.) Further, as the Northern District recognized, Cascade and Optium agreed in their 2015 Settlement Agreement agreed to "designate the state and federal courts of California as the courts of competent jurisdiction and venues for any actions or proceedings related to [2015 Settlement] Agreement." (Ex. A. at 3.)

Now – for the first time – Optium suggests this Court might have "ancillary jurisdiction over matters and disputes concerning the validity of third-party filing contracts." But this is not a dispute over "the validity of third-party filing contracts." As the Northern District found, "[t]his lawsuit is about whether Optium, which was founded by Cascade's former CEO, breached the parties' 2015 prelitigation settlement agreement addressing Cascade's concern that former Cascade (now Optium) employees misappropriated Cascade's confidential information." (Ex. A at 1.) Insofar as there was ever a claims dispute for the claims administrator or special master to resolve, "Cascade notified the claims administrator in the Visa Antitrust Litigation that it was withdrawing its registration of the disputed claims, thereby relinquishing those claims to Optium." (*Id.* at 5.) And "[i]n its amended complaint, [Cascade] dropped its request to enjoin Optium from asserting control over the disputed claims and seeks only damages." (*Id.*) Thus, as the Northern District expressed at the hearing on Optium's motion to transfer, "I can practically guarantee that the EDNY has no interest in assuming, you know, some kind of jurisdiction, however you might -- ancillary jurisdiction." (ECF No. 9461 at 3–4.) "I highly doubt that would be anything that they [EDNY] would want to do." (ECF No. 9461 at 4.)

Dated: October 22, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Daniel A. Sasse
　　　　　　　　　　　　　　　　　　　　Daniel A. Sasse (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　**CROWELL & MORING LLP**
　　　　　　　　　　　　　　　　　　　　3 Park Plaza, 20th Floor
　　　　　　　　　　　　　　　　　　　　Irvine, California 92614
　　　　　　　　　　　　　　　　　　　　Telephone: 949.263.8400
　　　　　　　　　　　　　　　　　　　　Facsimile: 949.263.8414
　　　　　　　　　　　　　　　　　　　　DSasse@crowell.com

　　　　　　　　　　　　　　　　　　　　Kelly Currie
　　　　　　　　　　　　　　　　　　　　**CROWELL & MORING LLP**
　　　　　　　　　　　　　　　　　　　　Two Manhattan West
　　　　　　　　　　　　　　　　　　　　375 Ninth Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　KCurrie@crowell.com
　　　　　　　　　　　　　　　　　　　　Tel: (212) 223-4000

　　　　　　　　　　　　　　　　　　　　*Attorneys for Optium Capital LLC*


Dated: October 22, 2024　　　　　　　　　/s/ Kassra P. Nassiri
　　　　　　　　　　　　　　　　　　　　Kassra P. Nassiri
　　　　　　　　　　　　　　　　　　　　Russell Taylor
　　　　　　　　　　　　　　　　　　　　**NASSIRI & JUNG LLP**
　　　　　　　　　　　　　　　　　　　　1700 Montgomery Street, Suite 207
　　　　　　　　　　　　　　　　　　　　San Francisco, California 94111
　　　　　　　　　　　　　　　　　　　　kass@njfirm.com
　　　　　　　　　　　　　　　　　　　　russ@njfirm.com
　　　　　　　　　　　　　　　　　　　　Telephone: (415) 762-3100
　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 534-3200

　　　　　　　　　　　　　　　　　　　　*Attorneys for Cascade Settlement Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse