**Robbins Geller Rudman & Dowd LLP**

Chicago    Melville    Nashville    San Diego    Wilmington
Boca Raton    Manhattan    Philadelphia    San Francisco    Washington, D.C.

December 4, 2024

<u>VIA ECF</u>

Magistrate Judge Joseph A. Marutollo
United States District Court
　for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY  11201

　　　　Re:　*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
　　　　　　No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

　　Rule 23(b)(3) Class Counsel ("Class Counsel") seek an Order to Show Cause to have cardsettlement.org (a new entrant in the claims-filing business) explain why it should not cease and desist all new sign ups of merchants and be required to pay the expenses related to disentangling fraudulent submissions made to Epiq.  Despite claiming that it wants to comply with all rules, cardsettlement.org appears unable to do so.  Further, Class Counsel suggest that the Court consider cancelling cardsettlement.org's contracts with class members if, after an opportunity to cure its issues, it fails to do so.  This harsh penalty would be suggested if cardsettlement.org is found to be again submitting false claims.

　　Cardsettlement.org has stated it believes it "is in the best interest of all parties involved to cease all marketing activities, solicitations, or related efforts conducted by referral partners in connection with CardSettlement.org." While this is helpful, Class Counsel believe that all sign ups should cease and that it should pay the expenses it has caused the Class Administrator ("Epiq") to incur.

**Background**

　　For the past month Class Counsel have sought to work cooperatively with an entity called cardsettlement.org after discovering videos on YouTube that contained numerous false and/or misleading statements about the settlement.  Class Counsel wrote a detailed letter to cardsettlement.org and engaged in multiple conversations with their counsel.  The videos were taken down quickly and emails were sent to merchants who may have signed up with the company after viewing the videos or receiving solicitations from the referral partners who published the videos.  Class Counsel also reviewed the website of cardsettlement.org and made several suggested corrections which were made.

A few days after the changes were made and the suspect YouTube videos were removed, Epiq contacted Class Counsel about several proof of authority documents that cardsettlement.org had submitted to it that appeared to be fraudulent. For example, a proof of authority for author J.K. Rowling was submitted and was signed by a character in the Harry Potter books. There were other names that used profanity. Class Counsel contacted cardsettlement.org about these plainly fake submissions. Counsel for cardsettlement.org explained that one had been a test account, but did not have an explanation for others. Counsel for cardsettlement.org committed to reviewing all prior submissions and a few days later provided a list with 96 entities that it sought to withdraw for one reason or another. Epiq spent significant time managing this issue.

It appeared that there were no further issues.

**Issues Arising in December**

On December 3, 2024, Epiq alerted Class Counsel to other issues with cardsettlement.org. A class member who was told that his claim was "in conflict" with a third party claims filing company explained that he alone had filed his claim and that he had never signed up with cardsettlement.org. According to an email sent by cardsettlement.org to this class member, a referral partner of cardsettlement.org called Merchant Stronghold "engaged in unethical and inappropriate actions that violated the trust we strive to maintain with all our clients. Specifically, we found evidence indicating that Merchant Stronghold used your business information to sign agreements with CardSettlement.org on your behalf – without your knowledge or explicit consent." Cardsettlement.org did not tell Class Counsel about this issue. It was only because a class member was purportedly "in conflict" that this was surfaced. Cardsettlement.org, when confronted with this information, claimed that it was investigating the issue and planned to raise it with Class Counsel. The reality, however, is that it did not. Class Counsel called the class member and spoke at length with him. The DocuSign showed that the "contract" was signed in Florida (where Merchant Stronghold is based) even though the class member was across the country. He explained that he had no business whatsoever with this entity and did not know how they obtained any of his information. Epiq has confirmed that the conflict has been removed.

According to the email message to the class member from cardsettlement.org, "[t]his action is a direct violation of our ethical standards and the referral partner agreement that Merchant Stronghold signed."

Cardsettlement.org also explained that the fake agreements have been voided. It also claims to have severed ties with Merchant Stronghold. During a call with cardsettlement.org counsel and

executives, they stated 47 of these fake contracts have been discovered so far. More may come to light.[1]

According to the email to the class member at issue, cardsettlement.org was "currently taking aggressive steps to hold Merchant Stronghold accountable for their actions. Furthermore, we are working to identify any individuals associated with Merchant Stronghold who were directly involved in this misconduct. Should any additional violations come to light, we are prepared to take further action against those responsible." They do not explain what those steps might be.

Even in the apology letter, cardsettlement.org tried to sell its claims-filing services, providing a link to its site.

Class Counsel has also written to the owner of Merchant Stronghold after receiving the contact information today. In that letter Class Counsel requested information regarding whether there were additional merchants signed up without consent apart from the 48 that Class Counsel is aware of. Class Counsel believes the actions of this entity are so egregious that it should be barred from having any role in the settlement.[2]

Also on December 3, 2024, Class Counsel received an email from a concerned class member that forwarded an email from a referral partner of cardsettlement.org that contained significant false and/or misleading information. For example, it makes the following statements:

- "Most businesses never learned about this because only a single postcard was ever sent out, and that's why we are contacting you. We have been contracted to provide the details to businesses in the USA."

It also falsely claims:

- "To start the process for claiming your portion of the Visa Mastercard settlement, please click the GET YOUR SETTLEMENT AMOUNT button below. It takes just 60 seconds and there are no upfront costs or risks."

---

[1] It appears the total number is 48 as of December 4, 2024.

[2] A response was received from Merchant Stronghold that questioned why the issue was being brought to the Court's attention. Class Counsel explained the seriousness of the conduct and that it is under orders to provide the Court with information regarding matters related to third parties affecting class members. Class Counsel will serve Merchant Stronghold and cardsettlement.org with this letter and any subsequent Orders from the Court.

The message also wrongly states:

- "Once you submit and allow authorization, the Claims Administrator for the Settlement will contact Visa/MC to obtain the total credit card volume you processed from 2004 – 2019. Immediately following will be the amount of your settlement. This normally takes 3-5 business days."

When a person clicks on "[g]et [y]our [s]ettlement [a]mount," they are routed to the cardsettlement.org website. Class Counsel contacted representatives from cardsettlement.org immediately. Following an email detailing the concerns, the parties held a call. During the call, cardsettlement.org's counsel stated that a cease and desist was sent to this entity and that they were trying to determine how many merchants may have received the false and/or misleading information. Cardsettlement.org indicated that it may take a day or two to determine the exact number of merchants affected.

Other issues regarding this company have also cost the class. For example, after it sought to withdraw 96 contracts, cardsettlement.org recently wrote to Epiq that it wanted to rescind its withdrawal of many of these contracts. Epiq had already removed the withdrawn contracts.

The company has filed many thousands of contracts in just the past 6 weeks. The volume of claims is far more than many other companies that have been working on this case for years raising red flags. Cardsettlement.org must better police its wide network of referral agents who appear to ignore any rules set forth by cardsettlement.org. Class Counsel are available to discuss this matter at the Court's convenience and has told counsel for cardsettlement.org that it is filing this letter and that Class Counsel expect it to be given an opportunity to respond and that Class Counsel will courtesy file any submission the Court may order cardsettlement.org to submit.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

cc: All Counsel via ECF