UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : | MDL No. 1720(MKB)(JAM) <br><br> Civil No. 05-5075(MKB)(JAM) |
| This Document Relates To: <br><br> ALL ACTIONS. | : : : : : : : | SECOND AMENDED [PROPOSED] ORDER TO SHOW CAUSE |

4903-4506-2917.v1

Rule 23(b)(3) Class Counsel ("Class Counsel") previously submitted and the Court signed an Order to Show Cause related to cardsettlement.org. *See* ECF 9493. Class Counsel submitted a Second Proposed Order to Show Cause based on additional information it learned following the initial Order to Show Cause. *See* ECF 9495. On December 11, 2024, the Court held a status conference and ordered Class Counsel to file a Second Amended Proposed Order to Show Cause.

Upon review of the materials submitted by Class Counsel, the Court hereby grants this Order to Show Cause as to cardsettlement.org and Merchant Stronghold.

By December 16, 2024, ***cardsettlement.org*** shall:

1. Provide a written response to the Court explaining why all of cardsettlement.org's claim-filing contracts should not be cancelled, at cardsettlement.org's expense;

2. Provide a written response to the Court outlining why cardsettlement.org should not be permanently barred from any settlement-related services;

3. Provide a written response explaining why, based its admission that numerous fraudulent contracts have been filed with Epiq, sanctions should not be imposed, including the payment of all administrative costs, to be estimated by Epiq, associated with the cancellation and notice provision, to all class members who signed up for claims-filing services with cardsettlement.org or its referral partners that were then submitted by it to Epiq. This shall include all administrative costs incurred by Epiq related to this matter and the notice provision is to be reviewed and approved by Class Counsel;

4. Cardsettlement.org shall provide the Court and Class Counsel with a complete list of referral partners and agents as well as all versions of written processes and procedures, including the dates that processes and procedures were implemented, that have been provided to such partners and agents to sign up merchants for third-party claim filing services and confirm that merchants had in fact consented to sign up for cardsettlement.org's claim filing services; and

- 1 -

5.	Until the Court determines whether to take action against cardsettlement.org, cardsettlement.org may not submit any new claims or contracts to Epiq.

By December 16, 2024, **Merchant Stronghold** shall:

1.	Provide a written response to the Court outlining why Merchant Stronghold should not be permanently barred from any settlement-related services following the admission that it signed up merchants for claims-filing services without their knowledge or consent;

2.	If Merchant Stronghold fails to provide a satisfactory response, Class Counsel is instructed to inform the Court by December 20, 2024 whether it will seek an order barring Merchant Stronghold from any role in the settlement; and

3.	Provide all written processes and procedures that were implemented, and the date of implementation, associated with signing up merchants for third-party claim filing services by cardsettlement.org and to confirm that that merchants had in fact consented to sign up for cardsettlement.org's claim filing services.

Class Counsel are hereby directed to send a copy of this order to cardsettlement.org and Merchant Stronghold in the manner most likely to constitute timely and effective notice.

IT IS SO ORDERED.

DATED: _____	_____
THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE