UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**ORDER**
05-MD-1720 (MKB) (JAM)

This document refers to: ALL ACTIONS

------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Currently before the Court is a report and recommendation issued by Magistrate Judge

Joseph A. Marutollo on November 5, 2024, recommending that the Court deny two motions

from non-party Optium Capital LLC ("Optium") ("R&R").  (*See* R&R, Docket Entry No. 9481.)

Judge Marutollo recommended that the Court deny Optium's motion to intervene in this antitrust

multidistrict litigation (the "MDL") and deny Optium's motion for preliminary injunction

enjoining a lawsuit non-party Cascade Settlement Services LLC ("Cascade") filed against

Optium in the Superior Court of the State of California.[1]  (R&R 1.)

For the reasons discussed below, the Court adopts the R&R in its entirety.

## I.   Background

In October of 2005, several complaints asserting similar antitrust claims against Visa,

Mastercard, and various issuing banks were consolidated for pretrial purposes and transferred to

the Eastern District of New York, where they were joined by other similar cases.  *In re Payment*

---

[1] (Optium's Mot. to Intervene, Docket Entry No. 9393; Optium's Mem. in Supp. of
Optium's Mot. to Intervene, Docket Entry No. 9393-1; Cascade's Opp'n to Optium's Mot. to
Intervene, Docket Entry No. 9423; Optium's Reply to Cascade's Opp'n to Optium's Mot. to
Intervene, Docket Entry No. 9429; Optium's Mot. for Prelim. Inj. ("Optium's Mot."), Docket
Entry No. 9394; Optium's Mem. in Supp. of Optium's Mot. for Prelim. Inj. ("Optium's Mem."),
Docket Entry No. 9394-1; Cascade's Opp'n to Optium's Mot. ("Cascade's Opp'n"), Docket
Entry No. 9422; Optium's Reply to Cascade's Opp'n ("Optium's Reply"), Docket Entry No.
9430.)

*Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2008 WL 115104, at *1 (E.D.N.Y. Jan. 8, 2008).  The consolidated cases included both class actions and individual actions.  *Id.*  In April of 2006, plaintiffs in the putative class actions ("Class Plaintiffs") filed a consolidated amended class complaint that defined two classes: one seeking damages and the other seeking equitable relief.  *Id.* at *1–2.

In March of 2023, the Second Circuit affirmed in all material respects this Court's decision certifying the Settlement Class and approving the Settlement Agreement.  *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 727 (2d Cir. 2023).  According to the Settlement Agreement, merchants who do not opt out of the Settlement Class are entitled to their pro rata share of the settlement fund "based on the Claimant's Interchange Fees Paid as compared to the total amount of Interchange Fees Paid attributable to all Claimants."  (Plan of Administration and Distribution I-1, annexed to Motion of Settlement as App'x I, Docket Entry No. 7257-2.)  The Court appointed a Special Master to "resolve any disputes or matters arising out of or relating to the Plan of Administration, including the proper scope of a requested exclusion from the Rule 23(b)(3) Settlement Class and the resolution of claims made to the Net Cash Settlement Fund as well as any other matters the Court refers to the Special Master."  (Order Revising Order Appointing Special Master ¶ 1, Docket Entry No. 9403.)

Cascade and Optium both provide financial services to members of class action settlements, including through purchasing and filing class action claims.  (*See* Compl. ¶¶ 1, 18, annexed to Optium's Mot. as Ex. A, Docket Entry No. 9394-3.)  After former employees of Cascade left the company to create Optium in 2014, representatives from both companies agreed to a settlement whereby Optium had to verify whether prospective clients had an "existing filing contract" with Cascade or one of its companies.  (*Id.* ¶¶ 18–27.)  Optium and Cascade also agreed that Optium would commit a "knowing" violation of their settlement if they "[f]ail[ed] to

2

inquire and obtain the information on any existing filing contract." (*Id.* ¶ 27.)  The parties

further agreed that if "Optium purchases a Visa claim from a [Cascade] client, Optium will

purchase the entire claim and assume the Filing Contract with [Cascade] on the existing terms"

and pay Cascade a fee for such claims.  (*Id.*)

In April of 2024, the MDL Claims Administrator informed Cascade and Optium that they

had each submitted claims for several of the same companies.  (*See id.* ¶¶ 33, 40, 50, 57–59, 65–

66, 69.)  The Claims Administrator identified five companies' claims in "conflict," and Optium

subsequently notified Cascade that they considered Cascade to have "knowingly pursued each of

these claims *without authority* after [Cascade's] agency to act on behalf of these [m]erchants had

been clearly extinguished" by the parties' earlier settlement.  (Letter from Daniel A. Sasse to

Alexandra S. Bernay 1, annexed to Optium's Mot. as Ex. D, Docket Entry No. 9394-6.)  Cascade

alleged that it had contracted with each of the companies to file their now-disputed MDL claims

prior to Optium's inception.  (Compl. ¶ 36.)  These companies later terminated their contracts

with Cascade, (*id.* ¶¶ 41, 51, 60), allegedly with Optium's encouragement.  (*Id.* ¶ 34.)  Optium

maintained that it had "the right to control, file and collect on the claims at issue."  (*Id.*)

On August 13, 2024, Cascade sued Optium in California Superior Court for breach of

contract and intentional interference with prospective economic relations.  (*See* Compl. at 1.)

Cascade claimed that Optium "has encouraged Cascade clients to cancel their agency contracts

in violation of the Non-Interference Provisions" of their settlement agreement and has also

"prevented [Cascade] from managing certain claims" as required by the agreement.  (*Id.* ¶ 73.)

Cascade sought damages and an injunction to prevent Optium from continuing to assert control

over the conflicted claims.  (*See id.* ¶¶ 97–98; *id.* at 19.)

On August 19, 2024, Optium removed the case to the United States District Court for the

Northern District of California.  (Notice of Removal, annexed to Optium's Mot. as Ex. B, Docket

Entry No. 9394-4.)  The same day, Optium filed a Notice of Potential Tag-Along Action with the

United States Judicial Panel on Multidistrict Litigation, claiming that the California litigation

"involve[d] common questions of fact" to the MDL and should be transferred to this Court.

(Notice of Potential Tag-Along Action 2, annexed to Optium's Mot. as Ex. C, Docket Entry No.

9394-5.)  On August 21, 2024, the Clerk of the Judicial Panel determined that the California

litigation was not appropriate for inclusion in the MDL.  (Notice to Counsel, annexed to

Cascade's Opp'n as Ex. E, Docket Entry No. 9422-6.)

On September 4, 2024, Cascade filed an Amended Complaint in the Northern District of

California seeking only monetary damages for Optium's alleged breach of their settlement

agreement and intentional interference with prospective economic relations.  (First Amended

Compl. ¶¶ 74–92, annexed to Cascade's Opp'n as Ex. G, Docket Entry No. 9422-8; *id.* at 18.)

The same day, Cascade notified the Claims Administrator that they had withdrawn their

representation of the disputed claims.  (*See* Email to Claims Administrator, annexed to Cascade's

Opp'n as Ex. H, Docket Entry No. 9422-9.)  On September 5, 2024, Optium filed a notice of

motion to transfer the action to this Court, or, in the alternative, to stay proceedings in the

Northern District of California while the Court decided Optium's pending Motion to Intervene.

(Notice of Motion 1, annexed to Cascade's Opp'n as Ex. I, Docket Entry No. 9422-10.)  On

October 21, 2024, the Northern District of California granted Cascade's motion to remand the

case to California state court.  (Order Remanding Case, annexed to Status Report as Ex. A,

Docket Entry No. 9469-1.)

a. **Optium's Motion to Intervene**

On August 20, 2024 Optium filed a motion to intervene and a motion for a preliminary

injunction with this Court.  (Optium's Mot. to Intervene; Optium's Mot.)  Optium argues that its

intervention in the MDL is necessary "because Cascade has filed a separate lawsuit in California

4

raising issues that are already in dispute and being addressed" by the Court. (Optium's Mem. in Supp. of Optium's Mot. to Intervene 1–2.) Optium contends that Cascade improperly asserted claims through the Claims Administrator on behalf of five companies that had terminated their contracts with Optium. (*Id.* at 1.) According to Optium, Cascade initiated the California litigation to "pressure the five companies and claims-purchaser Optium into reinstating the terminated filing agreements" instead of "fac[ing] the inevitability of the Claims Administrator ruling against [Cascade]." (*Id.*) Optium argues that it satisfies all four requirements for intervention as of right because (1) its motion is timely, (*id.* at 3–4); (2) its "interest in the [MDL] is proven by its status as a class member," (*id.* at 4); (3) its interests in the MDL will be impaired if it cannot intervene because the disputed claims "will not be resolved consistently with other class members," (*id.*); and (4) the other class members do not represent Optium's interests because, "[a]s a class member, this Court has already decided that Optium's interests would be unfairly diminished if it is allowed to be sued in other courts by third-party filers," (*id.* at 4–5). In the alternative, Optium contends that it should be permitted to intervene permissively because the California litigation "raises questions of law and fact that [are] wholly derivative and almost entirely in common with those raised by all class members" in the MDL. (*Id.* at 5.) Optium thus seeks intervention "for the limited purpose of preventing Cascade from pursuing [the California] dispute outside" of this Court. (*Id.* at 1–2.)

Cascade argues that its dispute with Optium is "between two claims filers/purchasers, not claims filer and a class member." (Cascade's Opp'n to Optium's Mot. to Intervene 1.) Cascade contends that Optium's "[u]se of the intervenor process here is really an attempt to deny Cascade's right to seek proper legal remedies" under the parties' settlement agreement. (*Id.* at 7.) Cascade argues that Optium has not satisfied the requirements for intervention as of right because the outcome of the California litigation "will not affect the claims-administration

5

process or any matter before the Claims Administrator, the Special Master, or this Court." (*Id.* at 3–4.) According to Cascade, the California litigation "will simply determine whether Optium violated the terms" of the parties' settlement agreement and "therefore owes damages for breach." (*Id.* at 6.) Cascade contends that because it has withdrawn its representation of the disputed claims, "[n]o rights or obligations of Cascade will be subject to resolution by the Claims Administrator or by this Court." (*Id.* at 5.) Cascade also argues that the Court should deny Optium from permissively intervening because Optium provided "no examples whatsoever of the questions of law and fact that are in common with 'all' class members." (*Id.* at 10.)

### b. Optium's Motion for Preliminary Injunction

On August 20, 2024, Optium filed a motion for preliminary injunction to enjoin the California litigation. (Optium's Mot.) Optium argues that Cascade violated the Court's order establishing a process for "resolv[ing] any disputes or matters arising out of or relating to the Plan of Administration," (Order Appointing Special Master 1, Docket Entry No. 8883), by bringing the California litigation "over disputes related to who owns certain claims and who has a right to file those claims" in the MDL. (Optium's Mem. 1.) Optium argues that the California litigation will "interfere with the settlement claims' dispute resolution process" and thus "would impair this Court's authority and flexibility to resolve disputes at issue in Cascade's California proceeding." (*Id.* at 4.)

Cascade argues that Optium's motion for preliminary injunction is moot due to Cascade's withdrawal from representing the companies in the disputed claims. (Cascade's Opp'n. 10–11.) In addition, Cascade argues that because the California litigation will not affect the MDL settlement or claims administration process, Optium is not entitled to an injunction under the Anti-Injunction Act or through the traditional elements for injunctive relief. (*Id.* at 12–16.)

6

### c.    R&R

The Court referred Optium's motion to intervene and motion for preliminary injunction to Judge Marutollo on August 22, 2024 for a report and recommendation.  (Orders dated August 22, 2024.)  By report and recommendation dated November 5, 2024, Judge Marutollo recommended that the Court (1) deny Optium's motion to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure; (2) deny Optium's motion for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure; and (3) deny Optium's motion for preliminary injunction.  (R&R 17, 18, 27.)

No objections to the R&R have been filed and the time for doing so has passed.

## II.    Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y.*

*State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## III.    Conclusion

Accordingly, the Court (1) denies Optium's motion to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure; (2) denies Optium's motion for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure; and (3) denies Optium's motion for preliminary injunction.

Dated:  December 28, 2024
        Brooklyn, New York

                                        SO ORDERED:


                                        _____/s MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge