# Arnold & Porter

Matthew A. Eisenstein
+1 202.942.6606 Direct
Matthew.Eisenstein@arnoldporter.com

December 31, 2024

**VIA ECF UNDER SEAL—REFLECTS HIGHLY CONFIDENTIAL INFORMATION**

The Honorable Margo K. Brodie
The Honorable Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 05-md-1720-MKB-JAM (E.D.N.Y.); *Intuit Inc. et al. v. Visa Inc. et al.*, 1:21-cv-01175-MKB-JAM (E.D.N.Y.); *Block, Inc. v. Visa Inc. et al.*, 1:23-cv-05377-MKB-JAM (E.D.N.Y.)

Dear Chief Judge Brodie and Judge Marutollo:

On December 23, 2024, Intuit and Square submitted a letter (ECF No. 9519) seeking (i) leave to file a further response to Defendants' Reply in Support of Defendants' Motion for Injunction Compelling Dismissal of Released Claims and for an Interim Stay, and (ii) permission to file the response under seal, with a publicly-available redacted version to be filed together with all other motion papers on January 6, 2025. If Intuit and Square's request is granted, Defendants respectfully request leave to briefly respond, under seal pursuant to the same conditions, as follows:

Intuit and Square claim to be correcting a "misrepresentation of the record" by presenting language from their opt-out forms. ECF No. 9519 at 1. The opt-out forms in fact confirm the accuracy of Defendants' representations. The forms purport to exclude Intuit and Square "[REDACTED]"—a class of "<u>merchants</u> that accept(ed) Visa- and Mastercard-branded cards." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 18 (E.D.N.Y. 2019) (emphasis added). Intuit and Square's position was that they were the class members for purposes of all of the transactions they facilitated. (*See* ECF No. 9061 at 2 ("Intuit was the class member for those transactions and, due to its timely opt out and subsequently filed complaint, is now

# Arnold & Porter

December 31, 2024
Page 2

the rightful party to pursue its PayFac claims."); ECF No. 9066 at 4 ("Square was the entity covered by the Settlement class definition, and its opt out preserved its damages claims.").)  Now that the Court has rejected their position and found that Intuit's and Square's merchant customers were the Rule 23(b)(3) class members for these transactions (*see* May 28 Order at 11, 15, 19–21), Intuit and Square are arguing instead that the actual class members had no claims to release on behalf of themselves and their agents.  Defendants thus accurately represented that "Intuit and Square did not say on their opt-out forms, as they say now, that they 'are the principals for purposes of federal antitrust claims arising out of direct purchases,' so their merchant customers had nothing 'to give up' in settlement."  (Reply at 13 (quoting Opp. at 21–22, 25).)

       Thank you for your consideration.

                                                  Respectfully,

                                                  */s/ Matthew A. Eisenstein*

                                                  Matthew A. Eisenstein

                                                  *Counsel for the Visa Defendants*

cc:  Sealed version to be served via email