

462 Fashion Ave Fl 6
New York, NY 10018
Phone: (212) 500-1891
Fax: (917) 591-0289
E-mail: james@thelawyerjames.com
Website: www.thelawyerjames.com

January 6, 2025

**VIA ECF**

Magistrate Judge Joseph A. Marutollo
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY 11201

RE:    **IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**
       **Case No. 05-MD-1720 (MKB) (JAM)**
       **CardSettlement.org Request to Resume Claims Activities, and, as necessary, Request to Conduct Bilateral Discovery**

Dear Judge Marutollo:

I represent CardSettlement.org, and CardSettlement.org hereby requests leave of Court to resume claims filing activities with respect to potential claimants who have signed up for third party claims filing services through CardSettlement.org, as of December 26, 2024, as more particularly described in the accompanying sworn Declaration of Greg Frierson, Managing Director of CardSettlement.org ("Frierson Decl.").

The overarching and predominant concern of the Court and Class Counsel is as follows, by the Court: "I think I remain concerned that there may be a massive fraud here particularly in light of class counsel's point that in two months there's now 13,000 proofs that have been submitted **which may be appropriate or may not be appropriate**." (December 11, 2024 Transcript, 19:7-11, submitted herewith) (emphasis added).  There are other concerns as stated in the accompanying transcript of the December 11, 2024 conference, and the Frierson Decl. was carefully drafted to address all of them, and to give the Court and Class Counsel comfort as to the legitimacy of CardSettlement.org's operations, which include acquiring claimants and working the claims of those claimants through the claims administration process with Epiq.

To give the Court and Class Counsel additional comfort, CardSettlement.org, as set forth in great detail in the Frierson Decl., offers to send an email, at CardSettlement.org's expense, to all potential claimants who have signed up for CardSettlement.org's claims filing services and giving those potential claimants the option of canceling their contracts with CardSettlement.org.  The foregoing email is being proposed in the same spirit as the email approved in the stipulation with Betz & Baril (another third party claims filer) by Class Counsel and "so ordered" by the Court [Dkt. No. 9465].  While the emails are not identical, the option to cancel spirit is maintained and eliminates any indicia of fraud on the part of CardSettlement.org.  The law of the case doctrine, while not directly on point, is instructive here in the sense that if it was sufficient

*strategic thinking ▪ practical solutions*

for Betz & Baril, it should similarly be sufficient for CardSettlement.org.

In addition to the foregoing, CardSettlement.org and the undersigned understand and appreciate that the protection of the Class is **paramount**. To that end, CardSettlement.org hereby offers to reimburse the Class for all expenses, i.e., reasonable and verified Epiq and Class Counsel fees and expenses associated first alleging, and then determining, the legitimacy of any of CardSettlement.org's withdrawn authorities to represent.

CardSettlement.org hereby respectfully requests leave of Court to resume claims activities as aforesaid and as set forth more particularly in the Frierson Decl.

If and to the extent that the foregoing does not for whatever reason quell any concerns of fraud on the part of CardSettlement.org, then CardSettlement.org would be grateful for the opportunity to discuss the following questions and the answers to the following questions with the Court and with Class Counsel:

- Do the Court, Epiq, and Class Counsel appreciate that the way these issues with the authorities to represent came to light with CardSettlement.org was through or would have been through implementing and executing CardSettlement.org's automations and standard operating procedures?

- Is Class Counsel claiming that CardSettlement.org intentionally falsified authorities to represent some potential claimants? If so, why would contacting the actual merchants themselves and giving them the option to cancel their contracts with CardSettlement.org be problematic and unacceptable? What else does CardSettlement.org need to do to give the Court and Class Counsel an acceptable level of comfort?

- If Class Counsel is accusing CardSettlement.org of fraud, how is business experience and reputation not relevant? Don't business experience and reputation speak to credibility, and isn't whether a business or a person is credible or relevant for analyzing the presence or absence of fraud?

- Why is Class Counsel seeking to punish CardSettlement.org for having the ingenuity and creativity to develop and implement a system that is able to sign up a lot of clients for claims filing services in a short amount of time, in the absence of nefarious or reckless intent? There are many companies that have leveraged technology, like CardSettlement.org, that have been able to scale — i.e., acquire clients — quickly. For example, see https://www.prnewswire.com/news-releases/mytown2go-is-joining-the-deliverycom-network-301087949.html. See also book titled *Masters of Scale*, https://www.amazon.com/Masters-Scale-Surprising-Successful-Entrepreneurs/dp/0593239083.

- If the object of the settlement is to have merchants who are entitled to participate in the settlement actually participate in the settlement — to make merchants who were wronged by visa/mastercard whole — then how is CardSettlement.org not providing a valuable service to its more than now 17,000 potential clients in connection with assisting with the claims filing and settlement processes? Is Class Counsel seeking to benefit from CardSettlement.org's claims filing services and then cast CardSettlement.org aside, in the

2

absence of being able to prove fraud?  How does that make any sense?

- Why would Class Counsel accuse CardSettlment.org of fraud, and then propose that CardSettlement.org continue to service claims without compensation, as a form of sanctions?

- How can Class Counsel be considered impartial with respect to third party claims filers like CardSettlement.org, when Class Counsel has expressed unequivocal disdain for third party claims filers like CardSettlement.org by openly dismissing the work of third party claims filers like CardSettlement.org by openly characterizing the work as merely "clicking two buttons," when the work of third party claims filers like CardSettlement.org is clearly more extensive.  There are other third parties that CardSettlement.org can subpoena in this connection to provide testimony, insight, confirmation, and substantiation of this sentiment and disdain.

- If and to the extent that Class Counsel has threatened to report or refer CardSettlement.org to the U.S. Attorney (whatever that means, as the U.S. Attorney prosecutes both criminal and civil matters), CardSettlement.org respectfully requests that the Court remind Class Counsel of this:  "A lawyer shall not . . . present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."  Rule 3.4 (*Fairness to Opposing Party and Counsel*), New York State Unified Court System, Part 1200, Rules of Professional Conduct, if and to the extent applicable here  https://www.nycourts.gov/legacypdfs/rules/jointappellate/NY-Rules-Prof-Conduct-1200.pdf

IMPORTANTLY, NOT A SINGLE CLAIM WITH AN UNAUTHORIZED (BY THE MERCHANT) OR UNCONFIRMED (BY THE MERCHANT) AUTHORITY TO REPRESENT HAS BEEN **SUBMITTED** TO EPIQ THROUGH CARDSETTLEMENT.ORG FOR PARTICIPATION IN THE CLASS SETTLEMENT.  THERE IS NO FRAUD ON THE PART OF CARDSETTLEMENT.ORG WHATSOEVER.  IF AND TO THE EXTENT THAT CLASS COUNSEL INSISTS ON PRESSING WITH A CLAIM OF FRAUD AGAINST CARDSETTLEMENT.ORG, CARDSETTLEMENT.ORG RESPECTFULLY REQUESTS THAT CLASS COUNSEL CLARIFY THE STANDARD BY WHICH CLASS COUNSEL ALLEGES FRAUD, INCLUDING WHERE THE BURDEN OF PROOF LIES, I.E., DOES CLASS COUNSEL HAVE TO SPECIFICALLY PROVE FRAUD BY INTENT OR RECKLESSNESS OR NEGLIGENCE, OR DOES CARDSETTLEMENT.ORG HAVE TO PROVE THE ABSENCE OF FRAUD, OR DOES CARDSETTLEMENT.ORG HAVE TO PROVE GOOD FAITH – AGAIN, DOES  CLASS COUNSEL HAVE TO PROVE FRAUDULENT INTENT OR RECKLESSNESS OR NEGLIGENCE ON THE PART OF CARDSETTLEMENT.ORG, OR DOES CARDSETTLEMENT.ORG HAVE THE BURDEN OF PROVING THE ABSENCE THEREOF?  THESE ARE EXTREMELY SERIOUS ALLEGATIONS AGAINST THE INTEGRITY OF CARDSETTLEMENT.ORG AND ITS FOUNDERS.  DUE PROCESS, EQUAL APPLICATION OF THE LAW, AND PROPORTIONALITY OF CONSEQUENCES, ARE ALL FUNDAMENTAL CONSTITUTIONAL CONSIDERATIONS AT ISSUE HERE.

In closing, if and to the extent that the Court and Class Counsel believe that the previously

ordered discovery remains relevant, CardSettlement.org is prepared to deliver, and will deliver, its responses and objections by the January 6, 2025 deadline. Correspondingly, CardSettlement.org hereby also requests leave of Court to permit CardSettlement.org to engage in bilateral – instead of one-way – discovery, i.e., that CardSettlement.org be permitted to propound discovery upon others, including but not limited upon the Claims Administrator, Epic. This discovery is necessary and relevant because, for instance, by way of example only and without limitation, Class Counsel claims that the following statement made by CardSettlement.org is false: "About 1/3 of the settlement claims have potential issues preventing them from receiving a settlement. We're here to help you get these problems solved. (this is definitely worth a few minutes!)" This statement is in fact true based on CardSettlement.org's internal claims data that, if and to the extent the Court does not moot discovery in the light of the foregoing proposal, CardSettlement.org will provide to Class Counsel. In addition, bilateral discovery is also necessary because Ms. Hong at Epiq, during the December 11, 2024 conference, "provided insight" into the claims process, and stated on the record, that Epic "cannot identify if they're fraudulent like the doctor who raised a concern with us. That, we would have no way because it was a legitimate class member." Again, if and to the extent CardSettlement.org's proposed solution above does not give the Court and Class Counsel adequate comfort, discovery of Epiq is necessary and appropriate in this regard to establish the contours of Epiq's fraud mitigation policies, if any, and to determine how, if at all, CardSettlement.org may or may not be expected to operate under a different standard, that Epiq itself is not expected to meet, nor held to meet.

As always, the undersigned and CardSettlement.org remain available to discuss the foregoing at the pleasure of the Court and Class Counsel.


Respectfully submitted,
/s/James J. DeCristofaro
James J. DeCristofaro

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X  Docket#
                              :  05-md-01720-MKB-JAM
                              :
IN RE PAYMENT CARD INTERCHANGE :  U.S. Courthouse
FEE AND MERCHANT DISCOUNT      :  Brooklyn, New York
ANTITRUST LITIGATION           :
                              :  December 11, 2024
                              :
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR MOTION HEARING
BEFORE THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**
**(VIA VIDEO/AUDIO)**


**For the Plaintiffs**:          **Alexandra Bernay, Esq.**
                                 Robbins Geller Rudman & Dowd
                                 655 W. Broadway, Suite 1900
                                 San Diego, CA 92101

                                 **Michael J. Kane, Esq.**
                                 Berger & Montague, PC
                                 1818 Market Street, Suite 3600
                                 Philadelphia, PA 19103



**For Cardsettlement.org**:      **James J. DeCristofaro, Esq.**
                                 902 Broadway, 6th Floor
                                 New York, NY 10010



**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, New York 11795
                                 RL.Transcriptions2@gmail.com




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  Docket number 5-mb-1720, *In re*

2  *Payment Card Interchange Fee and Merchant Discount*

3  *Antitrust Litigation.*

4          Will the parties please state their appearances

5  for the record starting with plaintiff?

6          MS. BERNAY:  Yes.  Good afternoon.  Alexandra

7  Bernay from Robbins Geller Rudman & Dowd on behalf of the

8  Rule 23(b)(3) class.

9          MR. KANE:  Michael Kane from Berger Montague

10  also on behalf of the Rule 23(b)(3) class.

11          MS. HONG:  Jennifer Hong on behalf of EPIC

12  class administrator.

13          MR. DECRISTOFARO:  This is James DeCristofaro

14  of James DeCristofaro Esq.  I represent

15  cardsettlement.org.  I believe that two business

16  representatives from cardsettlement.org are also on the

17  line; Gregory Frierson and Lawrence Rappaport.  They

18  dialed in separately so they can confirm that they are

19  here as well if they wish to so do so.  And if you don't

20  know, you might be muted and I think you need to press

21  star 6 to unmute.

22          MR. FRIERSON:  Greg Frierson with

23  cardsettlement.org is here.

24          MR. RAPPAPORT:  Lawrence Rappaport,

25  cardsettlement.org.

3

Proceedings

1        (Pause in proceedings)

2              THE COURT:  Okay.  Good afternoon, everyone.

3    This is Judge Marutollo.  Any other attorneys need to

4    identify themselves for the record?

5              Okay.  So let me hear first from class counsel

6    just to provide another overview of the issues that

7    currently exist with respect to cardsettlement.org and

8    Merchant Stronghold.

9              MS. BERNAY:  Thank you, your Honor.  Alexandra

10   Bernay.  I don't believe despite us alerting them, I

11   don't believe anybody from Merchant Stronghold is on the

12   line, or if they are, they have not yet identified

13   themselves but I wanted to just point that out.

14             THE COURT:  And let me just interrupt just for

15   a moment.  Is anyone on from Merchant Stronghold?

16             Okay.  I'm sorry, continue class counsel.

17             MS. BERNAY:  Thank you.  Your Honor, we have

18   written you two letters, one dated December 4th, one

19   dated December 9th.  Those are docket entries 9489 and

20   9495.  Both of these entries deal with two entities, one

21   of which is here and represented by counsel at

22   cardsettlement.org.  The other, which we just discovered,

23   Merchant Stronghold, is not on the line.

24             Your Honor, there's been a series of events

25   beginning in early November related to this entity.  It

4

Proceedings

1    started when we discovered two videos that directed

2    watchers to the cardsettlement.org website.  Those videos

3    contained significant false and misleading information.

4    But we were able to contact cardsettlement.org and they

5    took those down.  But those videos also let us to

6    cardsettlement.org's website that also contained

7    significant false and misleading information.

8           Based on those things, we tried to work with

9    cardsettlement.org without burdening the Court in general

10   when we find these people misleading class members.  We

11   try to first at least work it out and oftentimes people

12   immediately make corrections.

13          With this entity we then discovered, and this

14   was again in I believe in mid-November, that they had

15   submitted several proof of authority documents that

16   appeared to be fraudulent.  In total, EPIC first

17   discovered several, including one signed by JK Rowling,

18   on behalf of JK Rowling, and then signed by one of the

19   characters in the Harry Potter books.  There were also

20   ones that contained names that were basically profanity.

21   And in total, after we brought these to

22   cardsettlement.org's attention, they came back with a

23   list of 96 proofs of authority that they suggested should

24   be withdrawn.  They since, and again, this is more of the

25   problematic nature of what we're dealing with, they tried

5

Proceedings

1  to un-withdraw 33 of those.

2          Following that issue, we believed at that time

3  really that everything was dealt with.  However, on

4  December 3rd, EPIC alerted class counsel to a very

5  serious issue where a doctor who had filed a claim on his

6  own behalf received a notice of conflict and he contacted

7  them and said that he had never heard of this entity,

8  which was cardsettlement.org.  He had done no business

9  with them, et cetera.  In looking that up when we

10  confronted cardsettlement with that, we were told that a

11  referral partner of theirs known as Merchant Stronghold

12  falsely filed claims on behalf of this merchant as well

13  as 47 additional merchants that we know of right now.  So

14  that became a very serious problem.

15          Cardsettlement.org provided us some information

16  about how Merchant Stronghold had acted without knowledge

17  or consent of these class members but it had not told

18  class counsel until class counsel confronted them with

19  this.  I mean these are fake Docusign documents, as we

20  detailed in 9489.  We also received more complaints

21  regarding another referral partner of theirs making

22  significant false and misleading statements and we also

23  alerted the Court to that again in docket 9489.  Then we

24  filed, and the Court signed on December 7, a proposed

25  order to show cause.  But on Friday night, December --

6

Proceedings

1    gosh I guess it was -- I apologize, I don't remember
2    the -- oh, I'm sorry, December 6th, I received an email
3    from the original class member, the doctor, who after
4    working all day received an email from cardsettlement.org
5    saying please confirm that you wish to do business with
6    us even though this is an entity -- I mean this office
7    was already told that this was a fraudulently signed
8    contract.  Now, cardsettlement.org will say I think
9    something to the effect that they were having issues with
10   differing email addresses, but the name of the business
11   is the same.
12          And we decided at that point that things were
13   just so serious and this company was so unable to manage
14   the I guess it's now six different issues in an extremely
15   short time that have been raised.  Class counsel believed
16   that it was necessary to seek a second order to show
17   cause barring vote this company and Merchant Stronghold
18   from having anything to do with the settlement and
19   canceling the contract.
20          And your Honor, just one last thing before I
21   will cede the floor and that is that the very first time
22   that the administrator received anything, proofs of
23   authority from this entity was October 4th.  So in that
24   period of time they had submitted more than 13,000 proofs
25   of authority.  Many of them have been reviewed and are at

7

Proceedings

1   least in an approved status which only means that it

2   meets the requirement that EPIC has laid out, not that

3   they are valid in any way, shape or form.  But it's very

4   concerning that just in two months this company is really

5   in like sort of the top five of all filers and it

6   indicates to us at least that something is wrong in their

7   controls.

8           And part of the problem is is we just cannot at

9   this point tell, and I don't know that they've come up

10  with a way to tell that these are, you know, that the

11  13,000 that are sitting there are not the product of

12  fraud.  So hopefully, that's a decent overview but I'm

13  happy to answer additional questions.

14          And your Honor, I also have Ms. Hong from EPIC

15  on the line and she has been assisting me specifically

16  with this entity so she may be able to answer some

17  questions as well.

18          THE COURT:  Okay.  Thank you, counsel.  Let me

19  hear from counsel for the cardsettlement.org website.

20  And if you could just say your name before speaking and

21  you could spell it for the record as well.

22          MR. DECRISTOFARO:  Yeah, of course, your Honor.

23  James DeCristofaro for cardsettlement.org.  James,

24  J-A-M-E-S.  DeCristofaro is D-E capital C-R-I-S-T-O-F

25  like Frank, A-R-O.

Transcriptions Plus II, Inc.

8

Proceedings

1          Okay.  So a couple of things here.  First,
2    there is the history which, you know, early October
3    cardsettlement.org got involved, they were notified of
4    some issues in early November.  I believe it was November
5    4th or 5th.  Class counsel and cardsettlement.org worked
6    independently to resolve those issues.
7          And then the issues, as I understand it, that
8    are now teed up before the Court involve really two
9    things.  Number one, issues that EPIC raised with the JK
10   Rowling submission and the other submission.  And then
11   the ones that were submitted through Merchant Stronghold.
12   I'm not saying by any means that what Ms. Bernay said
13   with respect to the background is not relevant.  I'm
14   saying that it is simply background that as I understood
15   it was not the subject of the orders to show cause.
16   That's not to say that it's not and it won't be.  But the
17   order said today with regard to the status conference, it
18   said come prepared to discuss those two issues.
19          So with respect to the --
20          THE COURT:  Well, it said actually including
21   among other things.  I wanted to make sure that you were
22   aware not only of the issues raised in class counsel's
23   initial letter but also what was raised in the December
24   4th letter.  I appreciate that you're not a party to this
25   case and not on the docket, but that was more than a

Transcriptions Plus II, Inc.

9

Proceedings

1    courtesy than anything.  But really, class counsel should

2    be prepared to discuss all the -- excuse me, counsel for

3    cardsettlement.org should be prepared to discuss all the

4    points that class counsel just raised.  But go ahead, Mr.

5    DeCristofaro.

6         MR. DECRISTOFARO:  Understood.  Thank you.

7    Thank you, your Honor.

8         So with respect to the -- we'll take the second

9    one first, the JK Rowling and then the other ones.  The

10   JK Rowling was a test submission that was generated by

11   cardsettlement.org and it was submitted in error.  That

12   was a mistake on their part.  And I think it was, you

13   know, not knowing really anything from anything else,

14   without knowing anything from anything else that was

15   obviously a --

16        THE COURT:  Well, just to be clear, was it a

17   test or was it an error?  I mean it seems like those are

18   two different things.

19        MR. DECRISTOFARO:  It was a test submission

20   that shouldn't have been submitted.  I believe what

21   happened was they were doing some internal things and

22   they hit the submit button by mistake.  So that's as I

23   understand the JK Rowling.

24        The other ones with profanity were not

25   generated by them but were nevertheless submitted.

Transcriptions Plus II, Inc.

10

Proceedings

1      Now, with respect to the 48 other ones --

2           THE COURT:  Well, we're just focusing on the

3  profanity items.  Why were those -- what was the outcome

4  of those?

5           MR. DECRISTOFARO:  The outcome is that they

6  were ultimately resolved and withdrawn.  And let me see

7  if I can start out at the end.  Once all of these issues

8  were brought to cardsettlement.org's attention,

9  everything on cardsettlement.org's side has been

10  resolved.

11          THE COURT:  Just so I understand it though, to

12  take a step back, so let's just focus on those

13  submissions that used profanity.  Were those submissions,

14  were they withdrawn because of some kind of internal

15  review that cardsettlement.org conducted?  Or was that

16  only withdrawn once class counsel raised the concern?

17          MR. DECRISTOFARO:  As I understand it, the

18  latter.  Now --

19          THE COURT:  So then why wasn't something

20  particularly, you know, that was plainly fake if there

21  was profanity used, why wasn't that uncovered or

22  addressed within cardsettlement.org's own internal

23  auditing or internal review process?

24          MR. DECRISTOFARO:  Well, so for a couple of

25  reasons.  Number one, it was automated at that time and

11

Proceedings

1   now it's not.

2           And number two, they were fairly new to the

3   game.

4           So going forward and now in place, first of

5   all, each one of the now 13 plus thousand claims that

6   have been submitted have gone through an internal vetting

7   process and then viewed by a human.

8           And number two, as of I believe it's November

9   21st there's been a standard operating procedure that the

10  company has been implementing and has implemented

11  internally and there have been no authority issues raised

12  since that point.

13          THE COURT:  I remain very concerned on this

14  issue because one, it does not give the Court any piece

15  of mind to say that each of the 13,000 claims have been

16  viewed by a human particularly since, you know, maybe

17  that will weed out the Harry Potter characters and

18  clearly profane submissions.  But obviously, the fact

19  that it's reviewed by a human doesn't necessarily mean

20  that, you know, it is a --

21          MR. DECRISTOFARO:  Well, yeah, if I may --

22          THE COURT:  -- that is a valid submission.

23          MR. DECRISTOFARO:  Yeah.  So if I may, that

24  wasn't as specific as it should have been.  There is a

25  four or five page standard operating procedure now that

12

Proceedings

1   this human reviews -- the reason why I made the human

2   versus automated distinction was because, you know, the

3   human can catch it while the automation, you know,

4   wouldn't.

5          Now, in respect of the SOP, which should give

6   the Court comfort, is that there's a whole procedure

7   which we can submit, by the way, and intend to submit

8   along with our other supporting documents on December

9   16th to the extent that that's still the date that the

10  Court sets for our submission, there's an EIN

11  verification process that they go through.  They go

12  through a company name process that they verify and they

13  go through a title of the person submitting the authority

14  that they go through as well.  So it's not just being

15  looked at by a human to verify a name to see if it's

16  nonsense or profanity.  It's actually the EIN, you know,

17  the employer identification number, the merchant name,

18  and the person that's submitting it, who is submitting it

19  on behalf of the merchant and their title.  So it's must

20  more involved --

21          THE COURT:  Counsel, how many fraudulent

22  submissions were there from cardsettlement.org?  Because

23  in the class counsel letter on December 9th, you know,

24  there was a suggestion that they're committed,

25  cardsettlement.org is committed to withdrawing the fake

13

Proceedings

1  claims.  Is that 96 state claims that have already been

2  withdrawn or is that more than that number?

3          MR. DECRISTOFARO:  As far as I understand it,

4  and this is -- the number that I discussed with

5  cardsettlement.org is 48 and those have all been

6  resolved.  And with --

7          MS. BERNAY:  Your Honor --

8          THE COURT:  Well, hang on a second, class

9  counsel.  Go ahead.

10         MS. BERNAY:  Yes.

11         THE COURT:  And I'll give you a chance to --

12         MS. BERNAY:  Thank you.

13         MR. DECRISTOFARO:  And so we haven't discussed

14  the 96.  So this is again, you know, another thing, for

15  what it's worth, you know, I was engaged last night and

16  we're working through these issues now so that there

17  might be a little bit of more work to do with regard to

18  the specific numbers because this is the first I'm

19  hearing of the 96 and the 33.  What I've discussed with

20  my client is the 48.  So I will certainly welcome any

21  sort of other information or additional information that

22  class counsel has.  As I understand it, all of those --

23         THE COURT:  Let me hear from class counsel just

24  on this point, but then I want to go back to Mr.

25  DeCristofaro.

14

Proceedings

1      MS. BERNAY:  Yes.  Thank you, your Honor.

2  There's two sets of fraudulent or questionable materials

3  that cardsettlement.org has dealt with.

4          The first was when we alerted them to the

5  profanity and the JK Rowling issue, they came back and as

6  detailed on document 9489 at page 2, they did inform us

7  that the JK Rowling one was mistakenly submitted as a

8  test.  However, they then spent time reviewing what they

9  submitted and reported to class counsel that there were

10  96 that they sought to withdraw.  This was back in mid-

11  November.

12          Then they have now tried to I'm going to say

13  un-withdraw 33.  And we have 63 that were on that

14  original list.  Then we then learned about the Merchant

15  Stronghold fake submission, that are the 48 that you've

16  been hearing about.

17          So the problem, your Honor, is that even if

18  somebody reviewed the EIN, the business name, all of

19  those things, they would not know whether or not those

20  were falsely submitted because the 48 that include the

21  doctor, it has accurate information.  It just was done

22  without their knowledge or consent and they falsely

23  signed Docusigns.  So we don't have a way to determine

24  whether or not others in addition to the 96 and the 48

25  are sitting in that pile of 13,000.  So hopefully that

15

Proceedings

1    clarifies at least some of the numbers.

2            THE COURT:  I'm going to ask, and I will set a

3    deadline for cardsettlement.org to provide a fulsome

4    response, but let me just ask cardsettlement.org where do

5    things stand with Merchant Stronghold?

6            MR. DECRISTOFARO:  Two things.  Number one,

7    Merchant Stronghold -- and we have all of this

8    documentation that we can submit to the Court.  Merchant

9    Stronghold admitted that it was their mistake and sent an

10   email to the claimants.

11           And number two, cardsettlement.org has since

12   severed the relationship with Merchant Stronghold.

13           THE COURT:  And so I understand it, is

14   cardsettlement.org processing or receiving any new

15   submissions at this stage?

16           MR. DECRISTOFARO:  Independent of Merchant

17   Stronghold?

18           THE COURT:  Yes.

19           MR. DECRISTOFARO:  And just in the general

20   operation of their business?  Yes.

21           THE COURT:  All right.  Are they currently

22   submitting any claims to EPIC?

23           MR. DECRISTOFARO:  Yes, after they review them

24   and vet them.

25           THE COURT:  Okay.  And let me just hear, and

16

Proceedings

1    maybe class counsel or EPIC's counsel can respond, are

2    you taking any action with any submissions that have been

3    sent by cardsettlement.org in the last couple of days and

4    since this has come to the Court's attention?

5            MS. BERNAY:  Your Honor, I do not know the

6    internal processing that EPIC is doing with those other

7    than -- but Ms. Hong is on the line and she may be able

8    to speak to how they are treating claims or proofs of

9    authority that have come in roughly since December 4th

10   when we alerted the Court to this problem.

11           THE COURT:  Go ahead counsel for EPIC.

12           MS. HONG:  Yes, this is Jennifer.  I just want

13   to clarify I'm not counsel for EPIC.  I am a team member

14   of the project team.

15           THE COURT:  Okay.

16           MS. HONG:  But I can provide insight onto that.

17   Our team that is reviewing these is looking at them with

18   a closer eye to make sure that nothing jumps to our

19   attention in the sense of a JK Rowling or profanity or a

20   company that looks as if, you know, it's out of place.

21   An example of it would be if they submitted PayPal, that

22   may bring something to our attention.

23           But as counsel for the class had said, we

24   cannot identify if they're fraudulent like the doctor who

25   raised a concern with us.  That, we would have no way

17

Proceedings

1  because it was a legitimate class member.

2          THE COURT:  So what's cardsettlement.org's

3  response to that type of a scenario with the doctor

4  that's described in the class counsel's papers?  How does

5  cardsettlement.org address that type of issue?

6          MR. DECRISTOFARO:  Yeah, I think I need to get

7  with cardsettlement.org and resolve that and figure it

8  out and review the SOP for that issue in particular.  I

9  think that hits the nail right on the head with respect

10  to the biggest issue here.

11          THE COURT:  Okay.  So this is what I'm going to

12  do.  I'm going to ask class counsel to file later today

13  and updated proposed order to show cause.  Just to be

14  clear, I'm going to set the deadline at December 16th for

15  both Merchant Stronghold to respond as well as

16  cardsettlement.org to respond.  But I'd like you to

17  provide a, for class counsel to provide an updated

18  proposed order to show cause that goes into a little bit

19  more detail about what is being sought and precisely what

20  you would hope to get because I think the request that

21  was made in docket entry number 9495, for instance, also

22  addresses expenses related to the provision of

23  information to class members regarding the state of their

24  claim, directions to file, and any other necessary

25  information.  The class members will know that

Transcriptions Plus II, Inc.

18

Proceedings

1    cardsettlement.org will not be filing a claim on their

2    behalf.

3            I'd like some language included in the proposed

4    order to show cause on that point.  And just to be clear

5    for counsel now at cardsettlement.org, at a minimum you

6    have to provide a written response outlining why all

7    cardsettlement.org's claims filing contract should not be

8    cancelled at cardsettlement.org's expense and provide a

9    written response to the Court outlining why

10   cardsettlement.org should not be permanently barred from

11   any settlement related services, but also should be

12   responding, and this is something that I'd like class

13   counsel to propose language but I might adjust

14   accordingly, addressing whether sanctions should be

15   issued here against cardsettlement.org and against

16   Merchant Stronghold because of the significance of this

17   potential fraudulent activity.  And I'll order the same

18   for Merchant Stronghold.

19           I would ask class counsel if you could file a

20   proposed order to show cause by later today.  And if you

21   could also send a Word version of that proposed order to

22   show cause to my chambers, which I'll put my email

23   address in the docket entry after this conference just as

24   a minute entry about this conference, we'll enter an

25   order promptly.

Proceedings

19

1          But just for logistics sake, counsel on

2    cardsettlement.org, be aware that your response will be

3    due by December 16th.  In that response please be aware,

4    Mr. DeCristofaro, I am going to be looking for as much

5    information as possible about the standard operating

6    procedures as well as declarations from the entities and

7    the individuals involved.  I think I remain concerned

8    that there may be a massive fraud here particularly in

9    light of class counsel's point that in two months there's

10   now 13,000 proofs that have been submitted which may be

11   appropriate or may not be appropriate.

12          I am going to also order that at this point

13   pending further order of the Court, cardsettlement.org

14   should not be processing or retrieving any new claims or

15   new submissions or proofs and certainly should not be

16   sending anything to EPIC absent further order of the

17   Court because, you know, the Court may ultimately decide

18   here to cancel all these claim filing contracts and

19   permanently bar cardsettlement.org from any settlement

20   related services.

21          So in the interim, nothing should be taking

22   place at least absent further order of the Court, you

23   know, at least at this stage.

24          All right.  Anything further --

25          MR. DECRISTOFARO:  Yes, can I just --

20

Proceedings

1          THE COURT:  -- from plaintiff's counsel?

2          MR. DECRISTOFARO:  Your Honor -- sorry.

3          THE COURT:  Well, let me hear from class

4    counsel first.  Actually, I should add I'm going to order

5    class counsel to respond to the submission that's made on

6    December 17th by December 20th.  That could be in a

7    letter format.  I'm not going to set a page limit, but a

8    reasonable amount of pages.

9          Let me hear again from Mr. DeCristofaro.

10          MR. DECRISTOFARO:  Thank you, your Honor.  I

11   just wanted to request that the Court clarify with

12   respect to the last point about cardsettlement.org not

13   processing any claims.  I think the Court did address it

14   but I just wanted to confirm it and double clarify this.

15          So that process, the class mentioned something

16   about received.  So they have lot of referral partners

17   that send them let's say data and then what are they

18   supposed to do with that data?  Can they hold it, delete

19   it, auto respond to it?  What would the Court suggest

20   that we do?  Because the receiving thing is the thing

21   that tripped me up a little bit.  I just want to make

22   sure that we're not running afoul the Court's directive.

23          THE COURT:  Let me hear from class counsel on

24   that point at least in terms of receiving the proofs.

25          MS. BERNAY:  Your Honor, I think they should,

Transcriptions Plus II, Inc.

21

Proceedings

1    you know, hold them with -- I think they should not be

2    allowed to send anything to EPIC because that starts a

3    process.  And again, this is costing the class

4    significant time and counsel significant time, and people

5    at EPIC significant time.  And it's costing the class,

6    you know, because EPIC is having to, once they receive

7    information they have, processes that they follow

8    regarding the review of proof of authority.

9         So I think that -- and I'm happy to put this in

10   the order, I don't think class counsel has a view as to

11   what cardsettlement does internally with material that

12   they get from their referral partners.  But I think that

13   they should hold that and not send anything to EPIC until

14   the Court has a chance to review all of this information.

15        THE COURT:  Is there any objection to that

16   proposal from cardsettlement.org?

17        MR. DECRISTOFARO:  No.  That's fine.  As long

18   as they can receive and hold, that's fine.

19        THE COURT:  I will add that I think receiving

20   is one thing but soliciting may be something different.

21   I don't think the Court is prepared to rule on whether,

22   you know, on the merits of this yet about whether

23   cardsettlement.org's contract should be cancelled and

24   permanently barred from any settlement related services.

25   But I also think just as a matter of prudence given the

22

Proceedings

1   circumstances, cardsettlement.org should not be

2   soliciting, affirmatively soliciting.  I mean I realize

3   the website is up and you may be receiving an

4   application.  But I think obviously if it turns out that

5   separately there is some additional solicitation going on

6   or there's something that's being done afterwards, they

7   only seem to create more problems than there were at this

8   stage for cardsettlement.org.

9        I will say I'll ask class counsel to include

10  some language in the proposed order to show cause on this

11  point that would --

12        MS. BERNAY:  Yes, your Honor.

13        THE COURT:  That would effectively say that

14  they should not, that cardsettlement.org should not be

15  submitting anything to EPIC.  And again, if there are

16  sanctions or if there is some kind of expenses that need

17  to be covered, it would again seem to be in the best

18  interest of cardsettlement.org to abide by this order

19  because it would only seem to create more costs later if

20  there is an order about cancellation or permanently

21  barred from settlement services.

22        MR. DECRISTOFARO:  With respect to the --

23        MS. BERNAY:  Your Honor --

24        THE COURT:  Yes, go ahead.  Go ahead, Mr.

25  DeCristofaro.

23

Proceedings

1      MR. DECRISTOFARO:  I just wanted to -- once

2  again I apologize for being slow on the uptake here if I

3  am.  With respect to the solicitation part, there's

4  really two components to it.  Well, there's three, right?

5  There's sitting there and just receiving, which I think

6  the Court addressed.  That's understandable if that

7  happens.  But when you're going out, and I'm just making

8  this up, if you're sitting there with a sign walking in

9  Times Square signing up people, that's an affirmative

10  solicitation.  And has the Court ruled on that, you know,

11  that cardsettlement.org is not to actively solicit?  Is

12  that a prohibition here or has the Court not ruled on

13  that?

14      THE COURT:  I haven't ruled on that because I

15  think at this stage it may be premature to say that

16  cardsettlement.org is precluded from actively soliciting.

17  I think as a practical matter, particularly with

18  individuals from cardsettlement.org on the line, it would

19  just seem to behoove cardsettlement.org to avoid any

20  active solicitation here until the Court issues an order

21  I mean because if, for instance, you solicit and you're

22  actively trying to get individuals to come in, the costs

23  it would seem would be significant if the Court orders

24  that all such contracts need to be cancelled at

25  cardsettlement.org's expense.  So if anything, this is

24

Proceedings

1    more of a note that, you know, if you're going to

2    actively solicit, the Court isn't prohibiting it, but

3    that might actually increase the expenses and costs

4    should the Court ruled against cardsettlement.org in the

5    days to come.

6            I also add, as you're aware, the Court is

7    moving as efficiently as possible here.  So you know,

8    cardsettlement.org will have a good sense of the Court's

9    views on this in a timely manner.  So this won't be

10   something in which you won't know what to do here for

11   months.  I mean we're going to act here as efficiently as

12   possible.

13           MR. DECRISTOFARO:  And then to close the loop

14   on this and to the extent the Court wishes to deliver

15   another note which of course we are certainly grateful,

16   there are many third-party partners who are actively

17   soliciting as well that cardsettlement.org does not have

18   day-to-day control over.

19           THE COURT:  Well look, I think again I'm not

20   going to prohibit solicitation but I will say that in

21   terms of the response to the order to show cause I would

22   want to know about those third-party entities which

23   sounds like Merchant Stronghold would have fallen into

24   that category.  And you know, the Court needs to know

25   what efforts are made to make sure that those entities

25

Proceedings

1    are actually processing the submissions in the

2    appropriate fashion to avoid fraud.

3            So look, at this point I'm not prohibiting

4    solicitation but I am, because again, that's not ripe for

5    the Court at this stage, but I am ordering

6    cardsettlement.org to explain itself.  I'll put the

7    details of what exactly will be required in their

8    response once I get the updated order to show cause from

9    the class counsel and then to proceed accordingly.

10            MS. BERNAY:  Your Honor, this is Alexandra

11   Bernay.  Just one quick note.  At least two points I have

12   requested and not received the list of all of the

13   referral partners.  And I think that that is really the

14   area were a lot of these problems have come forward which

15   is that these are their agents but they are not

16   necessarily properly controlling them, managing them,

17   checking with they're submitting obviously this Merchant

18   Stronghold being at least the most egregious example that

19   we're aware of.

20            So I would suggest that in this proposed order

21   that they be required to turn over that complete list

22   because we have not received it.

23            THE COURT:  Any objection to that from counsel

24   for cardsettlement.org?

25            MR. DECRISTOFARO:  Not from counsel but I

26

Proceedings

1    haven't checked with my client yet.

2            THE COURT:  All right.  Well look, I'll ask

3    class counsel to include whatever information you think

4    appropriate in the proposed order to show cause.  I may

5    adjust it accordingly once I review.  But obviously, you

6    know, the Court would be interested to know how many of

7    the third parties are involved and the processes by which

8    they are vetting these claims.

9            So again, I'll ask class counsel to file that

10   updated order to show cause, proposed order to show

11   cause.  I will review.  The deadline won't change.  I'll

12   enter an updated order to show cause.  The

13   cardsettlement.org should respond by December 16th.  By

14   December 20th, class counsel shall effectively file a

15   reply or a response to what's been filed by

16   cardsettlement.org, and then the Court will rule

17   accordingly.  Okay?

18           Anything else at this time?

19           MS. BERNAY:  No, your Honor.

20           MR. DECRISTOFARO:  No, your Honor.  Thank you.

21           THE COURT:  Okay.  We're adjourned.

22                   (Matter concluded)

23                        -oOo-

24

25

Transcriptions Plus II, Inc.

27

## C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **12th** day of **December**, 2024.

*Mary Greco*

Transcriptions Plus II, Inc.