| | | | | | |
|---|---|---|---|---|---|
| **Robbins Geller Rudman & Dowd LLP** | Chicago | Melville | Nashville | San Diego | Wilmington |
| | Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

January 7, 2025

VIA ECF

Magistrate Judge Joseph A. Marutollo
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY  11201

      Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
            No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

      Rule 23(b)(3) Class Counsel ("Class Counsel") write to the Court regarding cardsettlement.org's failure to provide any meaningful responses to the Class Counsel's propounded discovery as well as to address certain issues raised in the company's letter to the Court that was filed last night.

**Inadequate Discovery Responses**

      On December 30, 2024, pursuant to Your Honor's December 21, 2024 Scheduling Order, Class Counsel propounded discovery on cardsettlement.org and Merchant Stronghold.  Responses were due January 6, 2025.  Merchant Stronghold did not respond to the discovery requests at all.  Late on January 6, 2025, cardsettlement.org provided its responses, which were almost wholly unresponsive,[1] attached hereto for the Court's review.  *See* Ex. 1.[2]  Cardsettlement.org's purported responses are almost exclusively improper objections, with a very few inadequate references to prototype documents or information Class Counsel already has.  Cardsettlement.org generally refuses to provide information to answer the questions that resulted in the Court ordering discovery in the first place.  There are many problems with the responses, including an apparent misunderstanding of the issues before the Court.  For example, rather than producing documents to show changes it made to its systems and processes and the dates of such changes, it points to an after-created document that

---

[1]    In addition to written discovery, Class Counsel served a single deposition subpoena, with topics.  No response was received regarding this subpoena and Class Counsel has sought to determine whether cardsettlement.org will be producing a witness, although without the expected document discovery, such a deposition may be difficult.

[2]    Class Counsel wrote to cardsettlement.org today to address the discovery failures and to alert it that Class Counsel would be filing a letter with the Court regarding those failures.

**Robbins Geller**
**Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
January 7, 2025
Page 2

simply lists dates of purported changes and has a limited "Revision History." *See* ECF 9534, Ex. B. By not producing the requested contemporaneous documents, cardsettleent.org is failing to provide information explicitly included in the Court's Order to Show Cause. ECF 9503. Rather than attempting to meaningfully assist the Court and Class Counsel in determining whether it should be sanctioned, cardsettlement.org has asserted numerous objections, such as relevance and "proprietary information," to the requested discovery.

**Letter Submitted to the Court Seeking to**
**Resume Claims Activities and Requesting Discovery**

On January 6, 2025, cardsettlement.org submitted a lengthy letter and declaration to the Court. In that letter, counsel makes a number of statements that demonstrate that far from attempting to ensure class members are protected, it seeks to restart its claims-filing, despite a clear order from the Court. ECFs 9533, 9534.

Class Counsel will not here engage with many of the incorrect and inflammatory statements made in the letter. Neither the letter nor declaration adequately address Class Counsel's concerns about cardsettlement.org's conduct. Cardsettlement.org refused to provide even the most basic information such the number of clients signed up who are clients of an unnamed accounting firm or food delivery service or through its over 2,000 referral sources. At no time does the company suggest, for example, that merchants who signed up with them affirmatively consent to such representation. Cardsettlement.org's argument that it should be trusted and statements regarding its "ingenuity and creativity" are irrelevant and fail to provide the information necessary to determine whether or not it should be subject to sanctions. ECF 9533 at 2.

Cardsettlement.org's request for discovery from Class Counsel and Epiq is inappropriate and a distraction. The only issue in front of the Court is cardsettlement.org's improper conduct and that has nothing to do with Class Counsel or Epiq.[3]

Finally, cardsettlement.org references a statement from an Epiq employee during the Court's December 11, 2024 Status Conference, and has mischaracterized what was being said. Ms. Hong explained that when a proof of authority is submitted that accurately provides the required

---

[3] Cardsettlement.org's counsel focuses on an email sent by an agent of cardsettlement.org, regarding the statement: "About 1/3 of the settlement claims have potential issues preventing them from receiving a settlement." ECF 9533 at 4. Class Counsel pointed out that this statement was baseless as cardsettlement.org does not possess information supporting such a statement. It has come back with claims that this statement is true according to its data. Considering the fact that cardsettlement.org has no knowledge or insight into the data possessed by Epiq, this statement is baseless and was clearly being used to drum up business. Discovery into the billions of rows of data possessed by Epiq is nonsense.

4919-7957-4797.v1

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
January 7, 2025
Page 3

information, Epiq cannot, from that document, determine whether it was fraudulently provided. Of course, however, the entity submitting that document can determine whether it was fraudulently provided, by reference to its own internal documents, contracts, and the like. Cardsettlement.org's statement regarding this issue is nonsensical and does not obviate the issues before the Court.

Class Counsel is preparing the memorandum of points and authorities called for in the Court's December 21, 2024 Scheduling Order, to be filed January 13, 2025. Class Counsel is available before then should the Court wish to discuss any of the pending issues.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

Exhibit A

cc:   All Counsel via ECF

4919-7957-4797.v1