

462 Fashion Ave Fl 6
New York, NY 10018
Phone: (212) 500-1891
Fax: (917) 591-0289
E-mail: james@thelawyerjames.com
Website: www.thelawyerjames.com

January 9, 2025

**VIA ECF**

Magistrate Judge Joseph A. Marutollo
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY 11201

RE:  **IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**
  Case No. 05-MD-1720 (MKB) (JAM)
  **Supplemental Response to Discovery Letter**

Dear Judge Marutollo:

I represent CardSettlement.org.  As set forth in CardSettlement.org's discovery responses, Class Counsel has requested discovery from CardSettlement.org that is largely irrelevant to the issue at hand:  the presence or absence of "massive" fraud on the part of CardSettlement.org.  Not a single fraudulent claim has been <u>submitted</u> to Epiq by CardSettlement.org or its referral partners to participate in the settlement.  While there were some problematic authorities to represent, because of one bad actor not controlled by CardSettlement.org, who, in writing, took responsibility for its malfeasance, there is no fraud on the part of CardSettlement.org whatsoever, and Class Counsel has not alleged nor proven malicious intent or gross negligence or even alleged the standard by which CardSettlement.org's conduct is being evaluated.  Notably, CardSettlement.org's policies and procedures in place, which have been provided to the Court and Class Counsel [9533 and 9534], are designed to, and do indeed reveal, fraudulent claims, because there is an affirmative step that claimants must take with CardSettlement.org to confirm their claims and the gross credit card sales volume provided by Epiq, or otherwise approve the submission of their claims, before their claims go to final submission with Epiq.  This should end the inquiry, making all other discovery requested superfluous and unnecessary, as there is no fraud and indeed, there are protections in place to prevent fraud from happening with respect to the submission of claims.  That being said, CardSettlement.org agrees produce whatever documents or other information to Class Counsel if as required by the Court.

In addition, Class Counsel's letter to the Court is premature.  The Court's rules provide as follows concerning discovery disputes:

> Parties must make a good faith effort to resolve disputes before making any discovery motion. See Fed. R. Civ. P. 37(a)(1); Local Civil Rule 37.2. In the

event that the parties are unable to resolve a discovery dispute, the parties must write to the Court and describe their dispute in a single letter, jointly composed. The joint letter shall be filed on ECF as a "Motion" (not a "Letter"). The letter shall begin with a brief statement of the claims and defenses at issue in the case. Each party's portion of the joint submission shall be limited to three (3) pages. In the event that the parties are unable to agree upon a single, joint letter, the parties may submit separate letters, but must demonstrate good cause as to why they were unable to submit a joint letter. The parties shall adhere to the meet and confer requirements set forth in Fed. R. Civ. P. 37(a)(1) and should describe those efforts in their submission. After submission of the joint letter, the Court may schedule a conference to discuss the dispute. If the dispute cannot be resolved during the conference, the Court may order the parties to brief a motion to compel or for a protective order. The parties should not file any discovery materials on ECF unless necessary for the joint letter or Court-ordered discovery motion.

Class Counsel filed its discovery letter with the Court before having participated in a meet and confer, as requested by the undersigned once the issue was brought to our attention, but for some reason, Class Counsel went directly to the Court without trying to consensually resolve its issues with CardSettlement.org's discovery responses.

As the Court and Class Counsel are aware, it is imperative that the parties to a dispute before this Court are on an even and level playing field. To that end, all applicable rules should be followed, and its CardSettlement.org's right to interpose objections to discovery requests. Then the process for resolving discovery disputes should be followed. If there are some other set of rules that apply here, kindly let us know.

In terms of the single deposition subpoena sent by Class Counsel, CardSettlement.org responded, agreed to make itself available for deposition, and designated one primary 30(b)(6) witness to testify (Lawrence Rapoport), and made two other witnesses available if and to the extent that supplemental testimony would be helpful. The deposition was held today at 11 am EST and concluded around 3 pm EST, with Class Counsel reserving its right to continue the deposition if and to the extent further discovery would warrant it. CardSettlement.org continued to make its witnesses available and does not object to keeping the deposition open.

The Court Order enjoining CardSettlement.org from continuing to provide its claims filing services to its clients has been in effect now for nearly one month, and it is causing severe harm to CardSettlement.org and the 17,826 claimants that have contracted with CardSettlement.org for claims filing services. CardSettlement.org reiterates its request from its January 6, 2025 letter submitted to the Court [9533 and 9534] to allow CardSettlement.org to resume its claim filing services and service its 17,826 clients; short of that, CardSettlement.org respectfully requests that the Court enter an order protecting the 17,826 clients given the upcoming claims February 4, 2025 deadline (<u>only 26 days from today</u>), so that they are not prejudiced by the Court Order, and as rightful potential class members, and that they be permitted to participate in the settlement.

Importantly, in connection with the current injunction, there appears to be a lack of any standard having been alleged or applied, particularly the standard for preliminary injunction in federal court, <u>i.e.</u>, a showing of likelihood of success on the merits, irreparable harm, and balancing the

equities.  There has been no allegation or showing of any of these, and indeed, in the context of irreparable harm, presumably the standard requires a showing of irreparable harm to the class, and there is no harm whatsoever to the class based on CardSettlement.org's conduct, particularly in light of CardSettlement.org's offer to reimburse the class.  Where is any harm to the class, nevermind irreparable harm?  There is none.  Without irreparable harm (and the other requirements), the injunction should be lifted and CardSettlement.org should be permitted to resume claims filing activities.

If and to the extent that Class Counsel insists on filing for some sort of relief, CardSettlement.org also respectfully request that the Court order Class Counsel to articulate the standard by which CardSettlement.org is being evaluated, if it's fraud, who bears the burden of proof, and is it intentional conduct, grossly negligent conduct, recklessness, or something else.

CardSettlement.org and its undersigned counsel are and remain willing to collaborate with the Court and Class Counsel to address and resolve any remaining issues, or other issues that may arise in the future.

Respectfully submitted,
/s/James J. DeCristofaro
James J. DeCristofaro