Robbins Geller
Rudman & Dowd LLP

Chicago    Melville    Nashville    San Diego    Wilmington
Boca Raton    Manhattan    Philadelphia    San Francisco    Washington, D.C.

January 10, 2025

VIA ECF

Magistrate Judge Joseph A. Marutollo
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
             No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

      Rule 23(b)(3) Class Counsel ("Class Counsel") here responds to the Court's text-only Order dated January 9, 2025 regarding a letter from cardsettlement.org. ECF 9541. Specifically, the Court ordered Class Counsel to respond to the assertion that the Court enter an order to "protect the 17,826 claimants that have contracted with Cardsettlement.org for claims filing services [] given the upcoming claims February 4, 2025 deadline." No order is necessary.

      There is no issue with respect to any potential claimant who may have signed-up for cardsettlement.org's services being harmed in the claims administration process. Presently, of the 17,826 claimants cardsettlement.org states it has contracts with, about 13,200 of those contracts have already been submitted to Class Administrator ("Epiq"). Of the remaining, Class Counsel has spoken with Epiq, who indicates it has mechanisms by which it can easily ensure the submission and processing of any claims by the appropriate representative of any merchant cardsettlement.org purports to represent, should the Court not resolve this issue until after the filing deadline. Epiq assures Class Counsel that it is able to segregate claims from cardsettlement.org. and that any delayed claims can and will be appropriately processed.[1]

      The issue raised by cardsettlement.org is not an actual problem, but instead is a distraction from the real issues before the Court: (i) whether cardsettlement.org is dealing with class member potential claimants appropriately; and (ii) why cardsettlement.org is stonewalling providing relevant information that it has within its possession.

---

[1]    Epiq currently has about 13,200 submissions from cardsettlement.org in various stages (approved, deficient, conflict, etc.). Cardsettlement.org would need to transfer the remaining 4,000+ submissions to Epiq to effectuate this process.

Class Counsel will be providing a declaration from Epiq along with its memorandum of law due Monday. That declaration will provide significant detail regarding the proposed administrative filing of claims and should provide comfort to the Court that despite cardsettlement.org's claims of prejudice, no such prejudice exists.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **   & Dowd LLP** |

cc:   All Counsel via ECF

4927-2523-7006.v1