**Robbins Geller Rudman & Dowd LLP**

Chicago    Melville    Nashville    San Diego    Wilmington
Boca Raton    Manhattan    Philadelphia    San Francisco    Washington, D.C.

February 4, 2025

Magistrate Judge Joseph A. Marutollo      <u>VIA ECF</u>
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY 11201

Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

Within the past few days, several third-party claims filing companies have alerted Epiq to their decision to withdraw representation of a significant number of class members. These are class members that had signed-up for claims-filing services, and who for one reason or another, were dropped by the third-party claims-filing company.

Throughout the claims process, Epiq has been alerted to such withdrawals and has requested that such withdrawals be provided to Epiq with the: (1) name; (2) contact information; and (3) TIN in a spreadsheet. Epiq also requests a copy of any communication sent to the class member regarding the withdrawal, and has required that third-party filers correct any misleading communications they may have sent. The current issue is that the withdrawals were submitted just before the claims-filing window closes. Consequently, this does not give those class members sufficient time to file their claims after being alerted that they are no longer represented.

To protect these class members and with the Court's approval, Rule 23(b)(3) Class Counsel and Epiq suggest that any third-party claims filer who has withdrawn any class member representation in the past 14 days be required to send – at their own expense – a communication to those class members that alerts them to a 30-day grace period in which to file their claims. While there is no assurance that the class members will respond, this process at least ensures that there will be time for them to file after receiving notice that, as one-third party put it: "They were fired."

Respectfully submitted,

| | | |
|---|---|---|
| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

cc: All Counsel via ECF