UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720(MKB)(JAM) <br><br> Civil No. 05-5075(MKB)(JAM) <br><br> RULE 23(b)(3) CLASS COUNSEL'S MONTHLY REPORT REGARDING THIRD-PARTY ENTITIES |
| This Document Relates To: <br><br> ALL ACTIONS. | |

## I. INTRODUCTION

This is the sixteenth monthly report regarding third-party claims filers following the Court's request.

Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq continue to receive communications regarding third parties. Calls received via the toll-free number are tracked and reported to Class Counsel from Epiq. Class Counsel also directly receives calls and emails regarding third parties that are followed up on immediately. Additionally, Class Counsel regularly searches online using various keywords to monitor new entrants. Epiq received more than 80 contacts regarding third parties since the last report. It also forwarded to Class Counsel several specific issues which are discussed below.

Now that the claims-filing deadline has passed, Class Counsel and Epiq expect that issues related to solicitation of class members for filing services to decrease, but expect issues related to third parties will continue to arise regularly. Monthly reports will continue.

## II. STATUS OF PREVIOUS ORDERS TO SHOW CAUSE

### A. Cardsettlement.org and Merchant Stronghold

Matters related to cardsettlement.org appear to be managed. On January 31, 2025, Class Counsel and cardsettlement.org filed a joint status report (ECF 9554) that detailed the status of the various agreements entered into between Class Counsel and cardsettlement.org. Below is a chart provided by cardsettlement.org updated as of January 5, 2025 regarding client contacts.

| Description | Totals | Before Register | After Register |
|---|---:|---:|---:|
| Clients Sent Emails | 16,261 | 4,462 | 11,799 |
| Engagement Confirmed | 9,933 | 3,525 | 6,408 |
| Withdrawn - Rejected | 100 | 39 | 61 |
| Withdrawn - Unresponsive (Not Rejected) | 4,922 | 898 | 4,024 |
| Not Affirmed - Not Submitted | 504 | 0 | 504 |

- 1 -

4902-3015-4006.v1

| Description | Totals | Before Register | After Register |
|---|---:|---:|---:|
| Not Affirmed - Submitted (90 Days to Affirm) | 802 | 0 | 802 |

The parties are continuing to confer regarding cardsettlement.org's agreement to pay Epiq's costs in handling issues related to cardsettlement.org from November 2024. Class Counsel has still not received any further contact from Merchant Stronghold.

### III. MISLEADING WEBSITES, SOLICITATIONS, AND OTHER MATTERS

#### A. The Court's February 4, 2025 Order Regarding Withdrawn Representation

On February 3, 2025, Class Counsel alerted the Court to an issue regarding the withdrawal of representation by a number of third-party filing companies with little time before the now-past claims deadline. ECF 9556. Class Counsel and Epiq were concerned that the notification class members were receiving had been sent with very little time for them to timely file on their own. Class Counsel and Epiq suggested a 30-day grace period be provided and that the third parties should send a notice to those withdrawn merchants regarding the grace period. The Court issued a text-entry Order on February 4, 2025 ("Grace Period Order") that required the third parties: (1) provide Epiq certain information regarding the withdrawn merchants; (2) implement a 30-day grace period ending March 6, 2025; and (3) require the third parties to – at their expense – notify the class members of this grace period.

On February 5, 2025, Class Counsel received a list from Epiq of all third parties that had withdrawn class members since January 21, 2025. That afternoon, Class Counsel sent letters to the aforementioned third parties (more than 30 letters were sent via email). The letter informed the third parties of the Grace Period Order and its requirements and requested confirmation of compliance. Class Counsel also included the Grace Period Order as an attachment. Class Counsel has already heard from a handful of third parties and will report further should issues arise regarding the Grace Period Order.

B. **LenCred**

Epiq alerted Class Counsel to an issue this week regarding LenCred, a company previously the subject of an Order to Show Cause. More than 50 proofs of authority, all apparently submitted by an unknown person through LenCred's website, appeared to be fraudulent. These submissions do not appear to have come through a referral partner. Class Counsel contacted LenCred and demanded an explanation. LenCred quickly worked with Class Counsel to provide a complete list of possibly fake submissions and stated that it had already begun the process of withdrawing those fake proofs of authority. Class Counsel explained that the concerning issue was providing Epiq with documentation that was fake, without more careful evaluation prior to submission. Class Counsel informed LenCred that it may seek costs related to Epiq's time and expenses related to this matter based on the fake submissions. All of these suspect proofs have been withdrawn. As this is a very recent development, Class Counsel suggests a further report on this matter when all details can be determined.

C. **CardNet Settlement**

As previously reported on January 7, 2025 (ECF 9537), Class Counsel received a response from CardNet Settlement's outside counsel regarding what appeared to be false submissions of proofs of authority documents. The company committed to validating all submitted claims and withdrawing any that were improperly submitted. According to Epiq, improper proofs were withdrawn. Class Counsel does not believe any additional action is needed at this time.

D. **Other Issues Related To Solicitations**

A few additional issues have arisen over the last month, but for the most part the issues have been quickly remedied. One company was reported to Class Counsel for failing to have the Court-mandated disclaimers and a few other questionable statements. A letter was sent on January 30, 2025 and Class Counsel had a call with the company the following day. The corrections were quickly made. No additional action appears necessary at this time.

Similarly, another company was found to have misleading information on a website. In several places there were buttons stating, "file now" or "file a claim now." The parties discussed the issue on a phone call and corrections to the site were made. No further action is suggested at this time.

E.   **Robert Jay Davis Update**

On February 5, 2025, a letter from Robert Davis[1] dated January 24, 2025 was filed on the docket (ECF 9558). Class Counsel responds to the Court's Order that they provide a status update on Mr. Davis's claim as follows:

Last month, Class Counsel spoke with Mr. Davis's brother and walked him through the process of requesting additional research from the administrator to find transaction volume relating to the business Mr. Davis owned. As indicated in Mr. Davis's most recent letter, he was not satisfied that the research turned up all of the transaction volume his business had during the class period (only one small-value transaction was associated with that Tax Identification Number ("TIN")).

On February 6, 2025, Class Counsel called Mr. Davis's brother with a senior representative from Epiq on the line to update him on the status of Mr. Davis's claim. Epiq explained that, in the course of its research request, it encountered evidence that a second TIN – with higher transaction volume – may have been associated with Mr. Davis's business. Mr. Davis's brother believed that this may have been the case. During the call, Class Counsel, Epiq, and Mr. Davis's brother realized that it would be productive for Class Counsel to speak with Mr. Davis personally, which was arranged for Monday.

Regarding Mr. Davis's statement that, "it's really hard to believe that 8% of $27,700.00 is $3.08," Class Counsel is unaware of where Mr. Davis got the 8% or $27,700.00 figures, as they were not provided by Class Counsel or Epiq. The $3.08 resembles the figure of $3.04 that Mr. Davis paid in interchange fees from the one TIN that he provided Epiq.

---

[1]   *See* prior correspondence at ECFs 9433, 9457, 9535.

F.  **Outreach to Third Parties by Epiq**

As Class Counsel previously reported, since August 18, 2023, Epiq has been performing specific outreach efforts to known third-party claims filers.

As of January 30, 2025, Epiq has received client lists from a total of 534 third-party claim filers claiming representation of 10 or more claimants which is an increase of 90 third parties from last month's report. The third parties claim total representation of 652,784 TINs, which is an increase of 53,507 TINs from last month's report. Work continues, including the development of processes to efficiently handle the expected increase in third-party claims.

IV.  **CONCLUSION**

Class Counsel will continue to apprise the Court regarding issues with third-party claims filers via monthly reports and will bring urgent matters to the Court's attention via letter. The next monthly report will be filed on March 7, 2025.

DATED: February 7, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
RYAN W. MARTH
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402-2015
Telephone: 612/349-8500
612/339-4181 (fax)

4902-3015-4006.v1

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs

4902-3015-4006.v1