**Robbins Geller Rudman & Dowd LLP**

Chicago   Melville   Nashville   San Diego   Wilmington
Boca Raton   Manhattan   Philadelphia   San Francisco   Washington, D.C.

February 14, 2025

<u>VIA ECF</u>

Magistrate Judge Joseph A. Marutollo
United States District Court
　for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY  11201

> Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

Rule 23(b)(3) Class Counsel ("Class Counsel") write regarding an issue that appears to be a serious attempt to file fraudulent claims in this Action.  On February 12, 2025, Class Counsel became aware of issues related to an entity named JAM3STRO, when a third-party filing company contacted Class Counsel to report that they had received a conflict notice regarding a long-time client of theirs which they knew could not be in conflict.  Class Counsel contacted Epiq the same day and was told that Epiq had also just discovered problems with the same entity.

**I.      Background**

On February 4 and 5th, this entity submitted purported proof of authority related to 2,184 accounts.  These accounts range from well-known major corporate entities to individuals.  Over the course of two days, JAM3STRO provided a letter (*see* Exhibit A, attached hereto) as well as lists of merchants for whom it claimed to be authorized to represent.

The letter provided to Epiq raises several questions.  It is titled: "MULTI-BUSINESS NOTICE TO COURT REGARDING CLAIMS ADMINISTRATION & FUND MANAGEMENT."  There is no indication, however, that this document has been submitted to the Court.  The document claims that a James Tro has been "legally authorized (2023–2025) through proper channels and authority to act on behalf of the class action."  It refers to two memos that are not attached and that neither Epiq nor Class Counsel have seen.  It then provides information regarding a 30% deduction (its fee) as well as references to the Court's orders regarding disclaimers.  Further, there is a section of the letter regarding "Duration & Revocation" that makes many confusing and strange statements, including the following:

- This authorization was already obtained and remains effective within the court order authorization covering 2023–2025 issued through proper legal channels.

- Due to the longevity of this claim, any business that changes its administrator during the claims period due to conflict will have its claim voided under my administration and will be removed from my administration.

- Any business that is exempt from this class action may be listed for informational purposes, pending further inquiry, or as a result of an administrative oversight.

- If a business loses or disputes its service contract with James Tro, a new contract will be sent via certified mail, and any funds collected under the claim will be held at an additional 10% per month until such contract is executed by an authorized officer of the business.

The document refers to "Authorized Companies" and then provides several attachments listing purported class members, including large, "household name" merchants (Ritz-Carlton and Time Warner Cable LLC) and merchants whose names resemble large merchants' names (*i.e.,* Six Flags Nursery Supply, LLC and Adobe Settlement Group LLC).

In addition to the submissions by JAM3STRO, Class Counsel reviewed some emails between conflicted parties where the person associated with JAM3STRO was one of the conflicted accounts. It appeared that when confronted with a conflict, JAM3STRO immediately withdrew. And when confronted with submissions that were excluded entities under the class definition, JAM3STRO immediately withdrew. Class Counsel and Epiq believe this immediate withdrawal is a red flag in this case.

After receiving the letter and lists of class members from Epiq on February 12, 2025, Class Counsel wrote to the person associated with the submissions, seeking to discuss the various issues the documents raised. Class Counsel received a response soon after agreeing to a conference call on February 13, 2025. The email from the JAM3STRO representative stated the following:

> To clarify, I previously sent correspondence stating that any written or verbal agreements regarding the handling of claims may have been submitted in error or are no longer in effect. At this time, no claims have been submitted, and the authorization status remains under review. Unfortunately, there is no mechanism to remove entities when agreements expire or errors occur.
>
> Furthermore, I have provided notice to clients regarding my relinquishment of claims in cases of conflict and requested the Class Administrator to remove merchants from the exclusion and conflict lists, as I lack the option to do so. My priority is to ensure compliance while facilitating a resolution that serves all parties involved. I had already notified the Class Administrator to remove conflicted clients before the

system-generated conflict letters were issued. I followed the same process for exclusions. Additionally, conflicts may arise when an assignor inadvertently assigns the same interest multiple times.

While I reserve the right to dispute any conflicted claim, my primary goal is to ensure an efficient resolution of this class action, as time and resources have already been expended.

Feb. 13, 2025 email.

Class Counsel and a representative from Epiq waited for the JAM3STRO representative for 20 minutes and sent a reminder email, but the person never signed in to the conference. Class Counsel also sent an email stating that the Court would be contacted regarding this matter.

The email from JAM3STRO raises multiple, serious concerns. The claim that "written or verbal agreements regarding the handling of claims may have been submitted or are no longer in effect" seems highly suspicious. *Id.*

Leaving aside the questionable submissions, the documentation submitted does not meet the clear requirements that Epiq has provided regarding proofs of authority. For example, no signed contracts were provided.

It appears, based on everything Class Counsel has reviewed regarding this matter, that there is a significant possibility that a fraud is being attempted. As such, Class Counsel recommends all of the purported Authorized Claimants submitted by JAM3STRO be withdrawn from Epiq's systems and that all costs associated with issues related to this entity that Epiq has incurred be charged to JAM3STRO. A proposed Order is attached.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

Attachments

cc: All Counsel via ECF

4917-3730-3834.v1