UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720(MKB)(JAM) |
| | Civil No. 05-5075(MKB)(JAM) |
| This Document Relates To:<br><br>ALL ACTIONS. | RULE 23(b)(3) CLASS COUNSEL'S STATUS REPORT REGARDING LENCRED, CARDNET SETTLEMENT AND ROBERT JAY DAVIS |

On Friday February 7, 2025, following submission of Rule 23(b)(3) Class Counsel's ("Class Counsel") monthly status report regarding third parties (ECF 9559), the Court entered a text-entry Order for Class Counsel to provide additional information regarding two entities that were discussed in the monthly report. On February 13, 2025, the Court issued a text-entry Order regarding a letter from class member Robert Jay Davis.

**I.     LenCred**

As detailed in the monthly report, Epiq discovered that several proofs of authority submitted by LenCred appeared suspect. Class Counsel spoke to LenCred and determined that proofs of authority that had been submitted directly to LenCred (as opposed to through a referral partner) appeared to be fraudulent. LenCred provided a list of the problematic submissions and all were withdrawn. LenCred has agreed to pay Epiq's estimated costs in managing this issue. Epiq found two additional problematic submissions and Class Counsel immediately reported those to LenCred. LenCred understands that the agreement regarding expenses is now in flux as it appears that it was not able to capture all possible fraudulent submissions in its review, thus causing Epiq to spend additional class resources to try to root out this problem. A re-review by LenCred of all submissions is ongoing and they have reported that they called to verify several submissions that came from a single owner and are continuing to review "multiple entity" filers as well as a re-review of all larger claims.

**II.     CardNet Settlement**

On February 10, 2025, Class Counsel held a conference call with counsel for CardNet Settlement ("CardNet") to discuss the status of any conflicts or problems regarding its submissions. Epiq has confirmed that any questionable submissions were withdrawn. CardNet's counsel stated that CardNet has withdrawn any files that appeared to be deficient and have brought in four people to manage any possible issues with agents of CardNet. Additionally, CardNet's counsel provided several spreadsheets detailing withdrawn clients and Epiq has reviewed the documents.

4925-9484-5209.v1

CardNet's counsel has provided the following information:

Since January 7th, we have implemented a rigorous three-step verification process for all new claim submissions:

1. **TIN Verification**: Each claim undergoes a Taxpayer Identification Number (TIN) verification using TIN Check by SOVOS (www.tincheck.com). This process verifies the claimant's EIN/SSN and attempts to match the name associated with the SSN or the entity name associated with the EIN.

2. **Authorization Verification**: We confirm that the submitting party has the authority to file the claim on behalf of the entity. This is done using a combination of OpenCorporates (www.opencorporates.com) and Secretary of State corporate databases to verify whether the submitting agent is listed as an authorized representative.

3. **Internal Investigation**: If an agent cannot be linked to the entity through public records, the claim is escalated to our Internal Investigation Team. This team contacts the claimant to obtain supporting documentation verifying their authorization, such as articles of organization, business licensure, or something else issued by a third party governmental or quasi-governmental entity to prove authorization. If sufficient documentation is not provided, CardNet Settlement informs the claimant that we cannot process their claim and directs them to the Payment Card Settlement website (www.paymentcardsettlement.com) for independent claim submission.

At this time, no further action appears necessary regarding CardNet, but Class Counsel will update the Court regarding CardNet in the next monthly report.

### III. Robert Jay Davis

On February 13, 2025, a letter from class member, Robert Jay Davis, postmarked January 24, was posted on the docket. ECF 9560. In that letter, Mr. Davis sets forth some of the contact he has had with Class Counsel and repeats questions that he has previously posed this Court regarding "contracts," and interest accrual on settlement funds. Since the date of Mr. Davis's most recent letter, these questions were answered by telephone and confirmed in writing by Class Counsel in two separate letters. *See* Exs. A-B (correspondence from Class Counsel to Mr. Davis, exhibits omitted).

Separately, Class Counsel confirmed in a telephone conversation with Mr. Davis on February 10, 2025 that the additional merchant record referenced in Class Counsel's previous status report (ECF 9559) did in fact belong to Mr. Davis's business. Accordingly, Class Counsel instructed the administrator to link this record to Mr. Davis's other record, such that his claim will include all of the transactions his business accepted during the class period. As such, Class Counsel does not believe that any follow-up items remain with Mr. Davis.

DATED: February 18, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY


      s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
RYAN W. MARTH
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500
612/339-4181 (fax)

4925-9484-5209.v1

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs