UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**ORDER**
05-MD-1720 (MKB) (JAM)

This document refers to: ALL ACTIONS

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Currently before the Court is a sua sponte report and recommendation issued by Magistrate Judge Joseph A. Marutollo on January 17, 2025, recommending that the Court (1) grant Class Counsel's motion to permanently enjoin Merchant Stronghold from participating in the Settlement and (2) deny Class Counsel's motion for sanctions against CardSettlement.org as moot ("R&R"). (R&R 2, Docket Entry No. 9549.)

For the reasons discussed below, the Court adopts the R&R in its entirety.

**I. Background**

On December 4, 2024, Class Counsel informed the Court that CardSettlement.org, a third-party claims filing service, had submitted fraudulent settlement claims to Claims Administrator Epiq. (*See* Class Counsel Ltr. 1 dated Dec. 4, 2024, Docket Entry No. 9489.) Class Counsel had been working with CardSettlement.org to address "false and/or misleading statements about the settlement" in YouTube videos connected to CardSettlement.org, and other issues with CardSettlement.org's website. (*Id.*) After CardSettlement.org removed the inaccurate YouTube videos and resolved the issues with its website, Class Counsel learned through Epiq that CardSettlement.org had submitted a number of false settlement claims to Epiq. (*Id.* at 2.) CardSettlement.org agreed to review all of its prior submissions and eventually identified ninety-six claims it agreed to withdraw "for one reason or another." (*Id.*) Epiq also

informed Class Counsel that a Class Member "was told that his claim was 'in conflict' with a [third-party] claims filing company," even though the Class Member had filed his claim independently and did not sign up with CardSettlement.org. (*Id.*) The Class Member received an email from CardSettlement.org notifying him that Merchant Stronghold, a referral partner of CardSettlement.org, "used [his] business information to sign agreements with CardSettlement.org on [his] behalf — without [his] knowledge or explicit consent." (*Id.*)

CardSettlement.org claimed to have dissociated itself from Merchant Stronghold and that all contracts with Merchant Stronghold were voided, but later admitted that they had discovered forty-eight fraudulent Merchant Stronghold contracts among CardSettlement.org's contracts. (*Id.* at 2–3.) Class Counsel contacted Merchant Stronghold about the Class Member's issue, and Merchant Stronghold responded "question[ing] why the issue was being brought to the Court's attention." (*Id.* at 3 n.2.)

Class Counsel explained that CardSettlement.org had "filed many thousands of contracts in just the past [six] weeks," submitting "far more [claims] than many other companies that have been working on this case for years." (*Id.* at 4.) They argued that CardSettlement.org "must better police its wide network of referral agents," (*id.*), and sought an Order to Show Cause as to why CardSettlement.org "should not cease and desist all new sign ups of merchants and be required to pay the expenses related to disentangling fraudulent submissions made to Epiq," (*id.* at 1).

    a.   **First Order to Show Cause**

On December 7, 2024, Judge Marutollo issued an Order to Show Cause requiring CardSettlement.org to "[p]rovide a written response to the Court explaining why CardSettlement.org should not cease and desist all new sign ups of merchants and be required to pay the expenses related to disentangling fraudulent submissions made to Epiq." (*See* Order to

2

Show Cause 2 dated Dec. 7, 2024, Docket Entry No. 9493.) Judge Marutollo further ordered Merchant Stronghold to "[p]rovide a written response to the Court outlining why Merchant Stronghold should not be permanently barred from any settlement-related services following the admission that it signed up merchants for claims-filing services without their knowledge or consent." (*Id.*)

   **b. Second Order to Show Cause**

On December 9, 2024, Class Counsel filed a letter updating the Court on the "conduct of CardSettlement.org" and requesting that the Court enter a Second Order to Show Cause as to why all of CardSettlement.org's contracts should not be cancelled. (*See* Class Counsel Ltr. 1 dated Dec. 9, 2024, Docket Entry No. 9495.) Class Counsel stated that on December 6, 2024, they received an email from the Class Member who had previously alerted Class Counsel to Merchant Stronghold's actions. (*Id.* at 2.) The Class Member received another email from CardSettlement.org encouraging him to inform Epiq that he wished to have CardSettlement.org represent him, even though CardSettlement.org had previously communicated to him that their "contract was fraudulently entered into and had been voided." (R&R 9.) Class Counsel and counsel for CardSettlement.org conferred via telephone, and CardSettlement.org stated they had contacted the Class Member and assured him that their email was in error. (*Id.*) At Class Counsel's prompting, on December 9, 2024, CardSettlement.org also withdrew its forty-eight fraudulent Merchant Stronghold contracts. (*Id.*)

After holding a telephonic conference on December 11, 2024, Judge Marutollo entered an Order to Show Cause directing CardSettlement.org to (1) explain to the Court why all of CardSettlement.org's claim-filing contracts should not be cancelled at CardSettlement.org's expense; (2) explain why CardSettlement.org should not be permanently barred from any settlement-related services; (3) explain why, "based on its admission that numerous fraudulent

3

contracts have been filed with Epiq, sanctions should not be imposed" on CardSettlement.org; and (4) provide the Court and Class Counsel with a list of its referral partners and agents and the processes CardSettlement.org provided to its partners and agents to sign up Class Members for third-party claim filing services. (Min. Entry dated Dec. 11, 2024; Order to Show Cause 1–2 dated Dec. 11, 2024, Docket Entry No. 9503.) The Court also ordered Merchant Stronghold to (1) inform the Court "why Merchant Stronghold should not be permanently barred from any settlement-related services following the admission that it signed up merchants for claims-filing services without their knowledge or consent," and (2) provide the Court with "all written processes and procedures that were implemented . . . associated with signing up merchants for third-party claim filing services by CardSettlement.org." (*Id.* at 2.)

On December 16, 2024, CardSettlement.org filed its response to the Order to Show Cause. (CardSettlement.org Ltr. Opp'n to Order to Show Cause dated Dec. 16, 2024, Docket Entry No. 9510.) CardSettlement.org argued that it was "well aware of the seriousness of" the claim filing issues and had "revised protections . . . to minimize or even prevent them, and in any event, to swiftly catch and remedy them on their own." (*Id.* at 1.) On December 20, 2024, Class Counsel submitted a reply arguing that CardSettlement.org's response contained only "general and unsubstantiated assertions" that did not address the issues before the Court, and failed to "show when various process changes were made or include all versions of such processes or procedures." (Class Counsel Ltr. in Response to the Court's Order to Show Cause 1–2 dated Dec. 20, 2024, Docket Entry No. 9515.)

    c. **Motion for sanctions**

On December 21, 2024, Judge Marutollo ordered expedited discovery into CardSettlement.org's practices and referral partners "to ensure that the Court has sufficient information to rule on Class Counsel's proposed sanctions motion." (Order dated Dec. 21,

4

2024.) On December 30, 2024, Class Counsel served discovery on both CardSettlement.org and Merchant Stronghold. (R&R 11.)

On January 13, 2025, Class Counsel filed a motion for sanctions against CartSettlement.org and Merchant Stronghold. (Class Counsel Motion for Sanctions ("Class Counsel's Mot."), Docket Entry No. 9544.) Class Counsel argued CardSettlement.org and Merchant Stronghold had engaged in "repeated and serious misconduct affecting the fair, effective, and efficient administration of the settlement in this action" and that an "injunction is proper." (Class Counsel's Mem. in Supp. of Class Counsel's Mot. ("Class Counsel's Mem.") 1, Docket Entry No. 9544-1.) Class Counsel asked the Court to (1) permanently enjoin CardSettlement.org and Merchant Stronghold from any role in the Settlement; (2) require that all of CardSettlement.org's claims be administratively filed by the Class Administrator; (3) bar CardSettlement.org from receiving any portion of any Class Member's settlement benefits; (4) order CardSettlement.org to pay costs associated with its "prior misleading conduct as well as the costs incurred by Epiq in administratively filing claims"; and (5) order CardSettlement.org to "pay the reasonable attorney's fees and costs of Class Counsel associated with this matter." (*Id.*) Class Counsel noted that they were working with counsel for CardSettlement.org on a possible "suggested resolution," but had not had any response from Merchant Stronghold and "believe[] a permanent injunction is proper as to that entity." (*Id.*)

On January 15, 2025, after engaging in limited discovery, Class Counsel and CardSettlement.org filed a joint status report. (Status Report, Docket Entry No. 9546.) The parties agreed that CardSettlement.org will (1) send letters to clients that require their affirmative consent for CardSettlement.org to service those clients; (2) pay Epiq's reasonable costs due to issues with CardSettlement.org; (3) add a disclaimer to its website to make clear that CardSettlement.org is not the official Court-approved website for claims-filing services; (4)

5

permit Class Counsel to review responses received to the letters CardSettlement.org sends to its clients; (5) remind its referral partners to cease marketing; (6) immediately report to Class Counsel any issues with its referral partners; and (7) agree not to submit any new claims to Epiq beyond the 17,000+ that are in process. (*Id.* at 2–3.) Class Counsel stated that they are "satisfied that the motion for sanctions as to CardSettlement.org is no longer necessary" in light of this agreement. (*Id.* at 3.) In the February 2025 Status Report, Class Counsel shared that "[m]atters related to CardSettlement.org appear to be managed" and the parties "are continuing to confer regarding CardSettlement.org's agreement to pay Epiq's costs in handling issues related to CardSettlement.org" from last year ("Feb. 2025 Status Report"). (Feb. 2025 Status Report 1–2, Docket Entry No. 9559.)

Merchant Stronghold did not respond to the Court's Order to Show Cause, Class Counsel's discovery requests, or Class Counsel's motion for sanctions. (R&R 11–12, 17.) Class Counsel reported in its February 2025 Status Report that they "ha[ve] still not received any further contact from Merchant Stronghold." (Feb. 2025 Status Report 2.)

### d. R&R

On January 15, 2025, Judge Marutollo issued an R&R recommending that the Court (1) grant Class Counsel's motion to permanently enjoin Merchant Stronghold from any role in the Settlement and (2) deny Class Counsel's motion for sanctions against CardSettlement.org as moot, subject to the condition that Class Counsel post a PDF or weblink to this Order to the Court-authorized website and CardSettlement.org. (R&R 17–18.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

6

28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

  The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

7

**III.    Conclusion**

Accordingly, the Court (1) grants Class Counsel's motion to permanently enjoin Merchant Stronghold from any role in the Settlement, and (2) denies Class Counsel's motion for sanctions against CardSettlement.org as moot. The Court orders Class Counsel to post a PDF of, or link to, this Order on the Court-authorized settlement website, https://www.paymentcardsettlement.com, as well as to CardSettlement.org.

Dated:  February 21, 2025
        Brooklyn, New York

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

8