**ROBBINS GELLER RUDMAN & DOWD LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

February 28, 2025

VIA ECF

Magistrate Judge Joseph A. Marutollo
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

      On February 25, 2025, the Court issued a text-only Order regarding Rule 23(b)(3) Class Counsel's ("Class Counsel") request for an order to show cause as to an entity called JAM3STRO. The Court required Class Counsel to "file a letter indicating whether it believes legitimate merchants or claims may have formed any part of JAM3STRO's 2,184 proofs of authority, including the bases on which Class Counsel makes these assertions." Feb. 25, 2025 text-only Order.

      Further, the Court ordered that

      [s]hould Class Counsel contend that legitimate merchants or claims may have formed any part of JAM3STRO's 2,184 proofs of authority, Class Counsel shall then propose measures the Court could take to ensure such merchants are not unfairly prejudiced by JAM3STRO's conduct or any order of the Court prohibiting further involvement of JAM3STRO in this action.

*Id.*

      Class Counsel has conferred with Epiq and has personally reviewed the entire list of the 2,184 purported proofs of authority and can report the following:

- The merchants on the list provided by JAM3STRO appear to be actual merchants. However, it does not appear that these merchants have entered into any agreements with JAM3STRO for claims-filing services.

- Epiq has taken the information provided by JAM3STRO and compared it to information in its possession. It has created a spreadsheet that includes fields detailing

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
February 28, 2025
Page 2

    the status of each of the 2,184 merchants provided by JAM3STRO. Those statuses are "Approved," "Conflict," "Excluded Party" and "Deficient."

- There are 244 merchants listed on the JAM3STRO spreadsheet that are listed as "Conflict." According to Epiq, this means that another entity (or the merchant itself) has filed information with Epiq, that matches the Tax Identification Number submitted by JAM3STRO. As to those 244 merchants, Epiq can "clear" the conflict by removing JAM3STRO's purported proof of authority[1] and those claims can be processed as normal.

- There are 43 merchants on the list that are designated as "Excluded Party." As to these merchants, no action is necessary. Epiq has a process in place that captures any TINs that are submitted that match any excluded party.[2] A form letter is drafted and sent to anyone that submits the TIN of an excluded entity with directions regarding how to respond, if desired.

- There are 1,896 merchants on the list that are marked as "Deficient."[3] This means that no signed contract or other documentation has been submitted in relation to these merchants. Following the original submission by JAM3STRO of the 2,184 merchants in a list, because of the immediate concerns regarding these submissions, Epiq placed these on hold.

---

[1] As Class Counsel previously explained in its February 14, 2025 letter, JAM3STRO did not submit standard proof of authority, but instead provided lists of merchants and TINs, which does not satisfy the rules set by Epiq regarding proper proof of authority. ECF 9561.

[2] Excluded parties include those that opted out of the litigation either to pursue their own actions, are defendants, or otherwise opted out. Epiq processed all opt outs and keeps records regarding these entities.

[3] Adding together the Deficient, Excluded Party, and Conflicted merchants results in 2,183 merchants. The additional merchant is JAM3STRO itself that submitted proof of authority documentation and submitted a research request through the merchant portal. That single submission is marked "Approved," which means that the documentation provided has been approved, not that a claim has been approved.

4934-5481-4752.v1

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
February 28, 2025
Page 3

- On February 25, 26, and 27, 2025, Class Counsel wrote again to the email address associated with JAM3STRO seeking to have a call to discuss the Court's February 25, 2025 Order and to attempt to understand whether JAM3STRO possessed any proof that any of the 2,184 merchants had contracted with JAM3STRO for claims-filing services. Class Counsel also attempted to call JAM3STRO at a number provided, but did not get an answer. As of February 28, no response has been received.

- Epiq also provided an email to Class Counsel that came from the same email address that Class Counsel had written to, but appeared to have been signed by an attorney for "James Tro."[4] Class Counsel attempted to contact this attorney, Scott Eckas. Class Counsel used an investigator at one of the co-lead firms to try to find a working phone number. After trying seven different possible numbers with no success, the investigator provided a Facebook page that appears to show that Mr. Eckas died in January of this year, a month before the date of the email that was provided. If this is correct, it may be the case that Mr. Eckas' identity was being used by JAM3STRO. Class Counsel wrote to JAM3STRO on February 27, 2025 to ask about this matter.

- All but one of the submissions by JAM3STRO were received on either February 4 or February 5, 2025 – the very end of the claims-filing period.[5] As noted above, 244 merchants had already registered their TIN or another third party had registered the TIN.

**Recommendation**

The 1,896 merchants that are in Deficient status do not appear to have previously submitted a claim either directly or through another third party. Epiq and Class Counsel believe that these merchants, for one reason or another, did not choose to file claims in this case. Epiq believes JAM3STRO likely found TINs online through any number of sources, and falsely sought to claim it had authority to file on these merchants' behalf.

Efforts to contact each of the 1,896 merchants would be costly to the class and it does not appear that any effort to have JAM3STRO pay those costs would be successful. Because these remaining merchants have not sought to file a claim prior to the deadline and there is no indication that any of these merchants signed up with JAM3STRO for claims-filing services, these merchants would not be prejudiced by actions taken by the Court to order withdrawal of all purported proof of

---

[4] It appears JAM3STRO is run by a person named Orlando J. Trotter.

[5] The submission by "James Tro" or "JAM3STRO" was linked on August 2, 2024.

Magistrate Judge Joseph A. Marutollo
February 28, 2025
Page 4

authority submitted by JAM3STRO in this case. Class Counsel and Epiq recommend the Court order withdrawal of all purported proofs of authority, including those in "Conflict," "Deficient" and "Excluded Party" status.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

cc: All Counsel via ECF

4934-5481-4752.v1