**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

April 8, 2025

<u>VIA ECF</u>

Magistrate Judge Joseph A. Marutollo
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY  11201

      Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
           No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

In accordance with the Court's April 7, 2025 Order (via text-entry), Rule 23(b)(3) Class Counsel ("Class Counsel") submits this response to submissions made by two claims-filing entities, Pacific Travel & Sales LLC and LenCred.

      **A.**     **Pacific Travel & Services LLC**

On March 27, 2025, the Claims Administrator ("Epiq") contacted Class Counsel to report on a complaint received by it related to a third party, Pacific Travel & Sales LLC ("Pacific Travel"). According to Epiq, a class member reported (and provided copies of text messages)[1] showing a solicitation regarding the settlement. This solicitation from what appears to be a referral partner of Pacific Travel lacked all Court-Ordered disclaimers and stated:

> Payment Card Fee Program: Fee is 15% of the total amount of claim with $1,500 to start work on the claim. If denied, $1,100 will be refunded. The rest of the fee balance is paid prior to claim is filed [*sic*]. If the total amount of claim is less than $1,500, full refund will be issued.

When the class member mentioned that she did not have access to the payment platform, Zelle, she was told: "The account[ant] will not work on it if he doesn't get paid first!!" The class member was later given false information regarding what her claim "payout amount" would be.

---

[1] The text message chain contains significant confidential information, including a driver's license and banking information. If necessary, Class Counsel can provide the material to the Court *in camera*.

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
April 8, 2025
Page 2

Without basis the class member was told that she would owe an additional $9,000+. After receiving that request, the class member became suspicious and subsequently contacted Epiq.

After reviewing the text message chain and consulting with Epiq, Class Counsel learned that the class member's claim had been registered by Pacific Travel, along with 79 other submissions linked to this entity. As detailed in a March 31, 2025 letter, none of the submissions by Pacific Travel were in an approved state. *See* ECF 9585 at 1 (detailing status of submissions).

Class Counsel attempted to contact Pacific Travel via phone, email and overnight mail starting on March 28, 2025. *See* Ex. 1. Class Counsel also sent ECF 9585 and the Court's March 31, 2025 text-only Order to that email address. *See* Ex. 2. Class Counsel also followed up on April 4 and April 7. *See* Exs. 3, 4. Class Counsel left at least one phone message on the number associated with Pacific Travel as well. The first (and only) communication received from Pacific Travel was received April 7, 2025, the deadline imposed by the Court. Pacific Travel claims in its response to the Court that it learned of these matters on April 5, 2025 after receiving an overnight mailing. However, Class Counsel received Pacific Travel's response to the Court's Order to Show Cause from the *same* email address that Class Counsel had used to contact it numerous times as detailed above.

Other aspects of Pacific Travel's response raise more questions than they answer.

- Pacific Travel states that the vast majority of the 80 class members were referred to Pacific Travel by marketers. It then states that: "we did not receive money directly from these referred merchants." This raises several questions. First, did it receive money indirectly? Pacific Travel does not explain whether or how it gets paid. Pacific Travel is the entity that submitted information to Epiq regarding this class member as the third-party filer and presumably seeks to be compensated for this work. Further, the text message chain notes that: "***The account[ant] will not work on it if he doesn't get paid first!!***" Does Pacific Travel offer tax and other accountancy-related work to the class member? And, if so, what type of work and how is it compensated? Ex. _ .

- Pacific Travel claims that the "marketers are NOT affiliated with Pacific Travel in any way." Based on the submissions to Epiq and the text message chain, this does not appear accurate. How did Pacific Travel come to submit anything to Epiq, if not received from a referral partner or "marketer."? Pacific Travel appears to concede that someone is paying it "if the class member agrees, the marketers would pay Pacific Travel to file." It also states: "We did work (provided services on these claims), we were paid for by the marketers." Despite its claim that it has no affiliation with the marketers, it admits that it believes it was authorized "(through the marketers) to file"

4928-9709-6499.v1

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
April 8, 2025
Page 3

- claims. If it is working through marketers and submitting materials to Epiq, it is hard to believe there is no affiliation with these marketers in "any way" as it claims.

- Pacific Travel submissions fail to meet the requirements set forth by Epiq related to third-party submissions.[2] Epiq has reached out to Pacific Travel to get the required information, but it has yet to receive it. These class members, who have paid an untold amount of money in advance, are not even receiving the services Pacific Travel is purporting to provide.

Pacific Travel's response does not provide any specifics regarding its conduct despite multiple attempts by Class Counsel to contact it to discuss matters related to its activities; has failed to explain why the conduct of its referral partners should not be charged to it and has unconvincingly explained its actions. As such, Class Counsel suggests that the Court enter the proposed attached hereto which requires the following:

1. Refunds to class members of all monies paid to it by class members.

2. By April 18, 2025, sending a letter or email in English and Vietnamese (cc'ing Class Counsel) to all 80 class members for whom it purports to act explaining that: (i) Pacific Travel failed to include Court-Ordered disclaimer language; (ii) it lacks authority to file claims, (iii) that Epiq will assist class members at no cost; and (iv) Pacific Travel will refund the money it took from class members as the amounts charged were not based on their expected recovery.

3. Epiq to administratively file these claims, with all expenses charged to Pacific Travel.

**B.    LenCred**

On March 31, 2025, Class Counsel informed the Court that as part of its periodic review of social media related to third parties, it had discovered a false and/or misleading Facebook post by a referral partner of LenCred. ECF 9587. Class Counsel, upon discovery of the post, contacted

---

[2] Epiq requires all third parties to provide a variety of "proof points" including: (1) Full Legal Name of Merchant/Client/Business Entity; (2) TIN(s) for Merchant/Client/Business Entity; (3) Signature (with date) by Authorized Client Representative of Merchant; (4) Title of your Client Contact; (5) An indication that the Authorized Client Representative had signatory authority for that Business Entity (for example, title or statement); (6) An indication that the authorization applies to the Payment Card case; (7) Language authorizing the third-party filer to file claims on behalf of the Merchant/Client/Business Entity; (8) Language authorizing the third-party filer to receive payment on behalf of the Merchant/Client/Business Entity (if receiving payment on behalf of the Merchant/Client/Business Entity); and (9) Court-ordered Disclosures.

4928-9709-6499.v1

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
April 8, 2025
Page 4

LenCred.  LenCred then contacted the referral partner and had the post taken down.  LenCred also sent an email to the partner regarding the partner's conduct and LenCred's policies.  LenCred also contacted the small number of clients that had signed up using the referral partner's link and said they would not be charged for claims filing.  Despite these steps, because it had previously been brought before the Court related to other issues, Class Counsel told LenCred that it would need to alert the Court to this latest issue.  Following Class Counsel's letter, the Court ordered LenCred to respond.  It did so on April 4, 2025.  ECF 9590.  On the same day, the Court issued a text-entry Order, requiring "more detailed explanation of any processes it utilizes to monitor its agents, including referral partners."  LenCred submitted additional information on April 7, 2025.  ECF 9592.

Class Counsel does not currently suggest that LenCred be barred from all settlement-related services.  However, Class Counsel suggests that should any further issues arise, the Court consider such a step.  While LenCred has been very responsive to Class Counsel's concerns, the sheer number of referral partners and problems stemming from such a vast network are impacting the smooth administration of the settlement and have imposed costs on the Settlement Class.  As such, Class Counsel recommends that LenCred pay any expenses related to the issues Class Counsel and Epiq have flagged and should additional issues arise, Class Counsel will immediately alert the Court.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

Exhibits

cc:   All Counsel via ECF

4928-9709-6499.v1