UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST            **ORDER**
LITIGATION                                 05-MD-1720 (MKB) (JAM)

This document refers to: ALL ACTIONS

-----------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Currently before the Court is a sua sponte report and recommendation issued by Magistrate Judge Joseph A. Marutollo on March 7, 2025, recommending that the Court (1) order Claims Administrator Epiq to withdraw (1) JAM3STRO's 2,184 fraudulent proofs of authority; and (2) assess against JAM3STRO the costs of remediating the fraudulent submissions made to Epiq (the "R&R"). (R&R 2, Docket Entry No. 9572.)

For the reasons discussed below, the Court adopts the R&R in its entirety.

**I.   Background**

On February 14, 2025, Class Counsel informed the Court that an entity named JAM3STRO had attempted to file fraudulent settlement claims with Epiq, including on behalf of parties that were already represented by other third-party claims filing companies. (*See* Class Counsel Ltr. 1 dated Feb. 14, 2025, Docket Entry No. 9561.) JAM3STRO submitted proof of authority related to 2,184 merchants, ranging from "well-known major corporate entities to individuals," and submitted additional letters to Epiq claiming that an individual named James Tro is "legally authorized (2023–2025) through proper channels and authority to act on behalf of the class action." (*Id.*) Class Counsel and Epiq attempted to meet with JAM3STRO to discuss their concerns, including that JAM3STRO's submissions did "not meet the clear requirements that Epiq has provided regarding proofs of authority," but no one from JAM3STRO joined the

scheduled conference call or responded to subsequent follow-up emails. (*Id.* at 3.) Class Counsel concluded that "there is a significant possibility that a fraud is being attempted" and recommended that "the purported Authorized Claimants submitted by JAM3STRO be withdrawn from Epiq's systems" and that JAM3STRO be required to pay all costs Epiq incurred investigating the issues with JAM3STRO. (*Id.*) Judge Marutollo granted Class Counsel's Order to Show Cause and directed JAM3STRO to "provide a written response to the Court explaining why JAM3STRO should not have all 2,184 purported proofs of authority it has submitted to Epiq withdrawn" and be required to pay Epiq's associated costs. (Order to Show Cause dated Feb. 14, 2025.)

On February 24, 2025, Class Counsel notified the Court that they had not received any responses from their attempts to contact JAM3STRO regarding the Order to Show Cause. (Class Counsel Ltr. 1 dated Feb. 24, 2025, Docket Entry No. 9566.) Class Counsel requested that the Court "order the withdrawal of all the purported Authorized Claimants submitted by JAM3STRO and order that all costs associated with issues related to this entity that Epiq has incurred be charged to JAM3STRO." (*Id.* at 1–2.) On February 25, 2025, Judge Marutollo directed Class Counsel to file a letter by February 28, 2025 "indicating whether it believes legitimate merchants or claims may have formed any part of JAM3STRO's 2,184 proofs of authority" and, if Class Counsel believes any of JAM3STRO's proofs are legitimate, to "propose measures the Court could take to ensure such merchants are not unfairly prejudiced by JAM3STRO's conduct or any order of the Court prohibiting further involvement of JAM3STRO in this action." (Order dated Feb. 25, 2025.)

On February 28, 2025, Class Counsel informed the Court that they reviewed all 2,184 proofs of authority and concluded that the merchants on the list appear to be actual merchants but

2

that it "does not appear that these merchants have entered into any agreements with JAM3STRO for claims-filing services." (Class Counsel Ltr. 1 dated Feb. 28, 2025, Docket Entry No. 9568.) Class Counsel identified three categories of merchants on whose behalf JAM3STRO submitted proofs of authority: (1) 244 merchants that had already filed a claim with Epiq; (2) 43 merchants that are excluded from the settlement because they opted out of the litigation; and (3) 1,896 merchants that had no signed contract with JAM3STRO or whose claims were deficient for other reasons.[1]  (*Id.* at 2.)  Class Counsel noted that Epiq could remove the conflict from the 244 merchants that already have claims filed and can continue processing those claims as normal, and that no action is necessary with regard to the 43 merchants excluded from the settlement. (*Id.*)  Class Counsel suggested that the Court order the remaining 1,896 claims to be withdrawn because "these merchants, for one reason or another, did not choose to file claims in this case" and JAM3STRO likely found the merchants' information "through any number of sources, and falsely sought to claim it had authority to file on these merchants' behalf." (*Id.* at 3.)  Class Counsel concluded that "these merchants would not be prejudiced" if the Court orders the withdrawal of their claims because they "have not sought to file a claim prior to the deadline and there is no indication that any of these merchants signed up with JAM3STRO for claims-filing services." (*Id.*)  Class Counsel also confirmed that JAM3STRO did not respond to their subsequent attempts at contact and that an attorney who appeared to be associated with JAM3STRO passed away a month before he supposedly emailed Class Counsel. (*Id.*)

On March 7, 2025, Judge Marutollo issued an R&R recommending that the Court order Epiq to withdraw (1) JAM3STRO's 2,184 fraudulent proofs of authority; and (2) assess against

---

[1] JAM3STRO also submitted a claim on its own behalf. (Class Counsel Ltr. 2 n.3 dated Feb. 28, 2025, Docket Entry No. 9568.)  The claim is one of the 2,184 fraudulent proofs that Judge Marutollo recommended the Court order Epiq to withdraw. (R&R 2.)

3

JAM3STRO the costs of remediating the fraudulent submissions made to Epiq. (R&R 2.) Judge Marutollo explained sanctions were appropriate because JAM3STRO "attempted to fraudulently enroll thousands of merchants for claims-filing services without their knowledge or consent" and subsequently "behaved suspiciously" by withdrawing its conflicting proofs of authority when confronted by Class Counsel. (*Id.* at 12.) In addition, Judge Marutollo stated that "Class Counsel . . . may wish to file a complaint with the Department of Justice or the relevant United State Attorney's Office" for a civil or criminal investigation. (*Id.* at 13.) The same day, Judge Marutollo directed class counsel to file a status report by March 20, 2025, including updates on "[a]ny further communications from JAM3STRO or any updates regarding JAM3STRO's fraudulently submitted proofs of authority." (Status Report Order dated Mar. 7, 2025.)

On March 11, 2025, Class Counsel informed the Court that they "sent a letter to the Fraud Section" of the Department of Justice "detailing the history of the incidents concerning JAM3STRO and suggesting . . . pursuing a review and investigation." (Class Counsel Ltr. 1 dated Mar. 11, 2025, Docket Entry No. 9575.) On March 20, 2025, Class Counsel confirmed that they had received no further "communication from the person believed to be responsible for the entity JAM3STRO." (Status Report 1 dated Mar. 20, 2025, Docket Entry No. 9578.) They directed "Epiq to officially withdraw all the purported claims JAM3STRO sought to represent" and explained that Epiq reported the "issue related to JAM3STRO was quickly handled, and as such, the associated costs" were under $2,000. (*Id.*)

No objections to the R&R have been filed and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

4

28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

5

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court orders Epiq to withdraw (1) JAM3STRO's 2,184 fraudulent proofs of authority; and (2) assess against JAM3STRO the costs of remediating the fraudulent submissions made to Epiq.

Dated: April 14, 2025
       Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

6