UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | MDL No. 1720(MKB)(JAM)<br><br>Civil No. 05-5075(MKB)(JAM)<br><br>RULE 23(b)(3) CLASS COUNSEL'S MONTHLY REPORT REGARDING THIRD-PARTY ENTITIES |

## I. INTRODUCTION

This is the nineteenth monthly report regarding third-party claims filers following the Court's request.

Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq continue to receive communications regarding third parties. Calls received via the toll-free number are tracked and reported to Class Counsel from Epiq. Class Counsel also directly receives calls and emails regarding third parties that are followed up on immediately. Additionally, Class Counsel regularly searches online using various keywords to monitor new entrants. Epiq received 14 contacts regarding third parties since the last report. It also forwarded to Class Counsel certain specific issues which are discussed below.

Now that the claims-filing deadline has passed, there have been fewer issues related to the solicitation of class members for filing. Monthly reports will continue.

## II. STATUS OF PREVIOUS ORDERS TO SHOW CAUSE

### A. Cardsettlement.org and Merchant Stronghold

Matters related to cardsettlement.org appear to be managed. Cardsettlement.org provides a report regularly to detail its efforts regarding confirmation of engagement.

Below is the most recent information provided by cardsettlement.org regarding client contacts:

| Affirmed | 310 |
|---|---|
| Pending | 499 |
| Rejected | 2 |
| Total | **811** |

The parties reached an agreement regarding cardsettlement.org's payment of Epiq's costs in handling issues related to cardsettlement.org from November 2024. Class Counsel has confirmed the third payment has been received by Epiq.

Class Counsel has still not received any further contact from Merchant Stronghold.

B.   **Pacific Travel and Services LLC**

Epiq alerted Class Counsel to a concerning issue related to Pacific Travel and Services LLC ("Pacific Travel"), a company that appeared to be signing up merchants for claims filing and demanding pre-payment for services based on purported expected settlement benefits that were not true. A telephonic status conference was held on April 24, 2025. On April 28, 2025, the Court sought additional information from Class Counsel regarding its request that Epiq's costs of administratively filing the 80 claims be assessed against Pacific Travel, including an estimate of such costs. *See* April 28, 2025 Text Order. On April 30, 2025, Class Counsel filed a letter in accordance with the Court's Order. ECF 9604. That letter detailed the expected cost to have Epiq file the 80 claims associated with Pacific Travel.

On May 8, 2025, the Court issued a *Sua Sponte* Report and Recommendation. ECF 9612. The Court recommended:

> that Chief Judge Brodie grant Class Counsel's letter-motion at Dkt. No. 9596 and order i) Pacific Travel to refund all monies paid to it by class members for claims-filing services; ii) Pacific Travel to send a letter or email in English and Vietnamese (copying Class Counsel) to all 80 class members for whom it purports to act, explaining that: (a) Pacific Travel failed to include or require to be included Court-Ordered disclaimer language; (b) it lacks authority to file claims, (c) that the Class Administrator, Epiq, will assist class members at no cost; and (d) that Pacific Travel will refund the money it took from class members, as the amounts charged were not based on their expected recovery; and iii) Epiq to attempt to administratively file these claims, with the costs of the same charged to Pacific Travel.

*Id.* at 14.

The Court also recommended that "Pacific Travel be ordered to provide to Class Counsel and Epiq all necessary information regarding its class member merchant clients and marketers, including contact information for the same." *Id.* To that end, on May 12, 2025, Class Counsel wrote to Pacific Travel and requested that it provide all necessary information by May 26, 2025. This date was chosen to give Pacific Travel enough time to appeal, should it take that step. Any response will be detailed in the next monthly report, or sooner should there be any issues.

### C. JAM3STRO

On March 7, 2025, the Court issued a *Sua Sponte* Report and Recommendation regarding the entity JAM3STRO. ECF 9572. The time to object to the Report and Recommendation has elapsed. *Id.* at 13-14. There has still been no communication from this entity, despite service of the various Court orders regarding JAM3STRO. Class Counsel provided an invoice from Epiq on April 16, 2025, and followed up via email on April 22 and May 13. No response has been received. Further, Class Counsel still has received no response to the letter sent to the U.S. Department of Justice on March 11, 2025.

## III. MISLEADING WEBSITES, SOLICITATIONS, AND OTHER MATTERS

### A. LenCred

Issues relating to LenCred were raised in the telephonic status conference held April 24, 2025. In the Court's *Sua Sponte* Report and Recommendation the Court noted that during conference on April 24, 2025, Class Counsel and LenCred stipulated that LenCred will pay the reasonable expenses incurred by Epiq regarding remediation of the false and misleading referral partner social media posts. *See* April 24, 2025 Minute Entry; *see also* ECF 9612 at 2 n.1. Epiq has not yet determined the expenses related to remediation, but is expected to do so in the coming days. The Court also noted at the conference: "LenCred is strongly cautioned that, while the Court does not recommend at this time that LenCred be barred from all settlement related services, should further issues arise, the Court may take such a step." April 24, 2025 Minute Entry.

### B. Outreach to Third Parties by Epiq

As Class Counsel previously reported, since August 18, 2023, Epiq has been performing specific outreach efforts to known third-party claims filers.

As of May 14, 2025, Epiq has received client lists from a total of 685 third-party claim filers claiming representation of 10 or more claimants which is an increase of 7 from last month's report. The third parties claim total representation of 991,665 Tax Identification Numbers ("TINs"), which is an increase of 753 TINs from last month's report.

## IV. CONCLUSION

Class Counsel will continue to apprise the Court regarding issues with third-party claims filers via monthly reports and will bring urgent matters to the Court's attention via letter. The next monthly report will be filed on June 13, 2025.

DATED: May 16, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
RYAN W. MARTH
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs