UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720(MKB)(JAM) <br><br> Civil No. 05-5075(MKB)(JAM) <br><br> RULE 23(b)(3) CLASS COUNSEL'S MONTHLY REPORT REGARDING THIRD-PARTY ENTITIES |
| This Document Relates To: <br><br> ALL ACTIONS. | |

**I.     INTRODUCTION**

This is the twentieth monthly report regarding third-party claims filers following the Court's request.

Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq continue to receive communications regarding third parties. Calls received via the toll-free number are tracked and reported to Class Counsel from Epiq. Class Counsel also directly receives calls and emails regarding third parties that are followed up on immediately. Additionally, Class Counsel regularly searches online using various keywords to monitor new entrants. Epiq received 12 new contacts regarding third parties since the last report. It also forwards to Class Counsel certain specific issues which are discussed below.

Now that the claims-filing deadline has passed, there have been fewer issues related to the solicitation of class members for filing. Monthly reports will continue.

**II.    STATUS OF PREVIOUS ORDERS TO SHOW CAUSE**

**A.     Cardsettlement.org and Merchant Stronghold**

Matters related to cardsettlement.org appear to be managed. Cardsettlement.org provides a report regularly to detail its efforts regarding confirmation of engagement.

Below is the most recent information provided by cardsettlement.org regarding client contacts:

| Affirmed | 377 |
|---|---|
| Pending | 432 |
| Rejected | 2 |
| Total | **811** |

The parties reached an agreement regarding cardsettlement.org's payment of Epiq's costs in handling issues related to cardsettlement.org from November 2024. Class Counsel has confirmed the third payment has been received by Epiq. No further payments are due.

Class Counsel has still not received any further contact from Merchant Stronghold.

4936-7524-6157.v1

B.   **Pacific Travel and Services LLC**[1]

Epiq alerted Class Counsel to a concerning issue related to Pacific Travel and Services LLC ("Pacific Travel"), a company that appeared to be signing up merchants for claims filing and demanding pre-payment for services based on purported expected settlement benefits that were not true. A telephonic status conference was held on April 24, 2025. On April 28, 2025, the Court sought additional information from Class Counsel regarding its request that Epiq's costs of administratively filing the 80 claims be assessed against Pacific Travel, including an estimate of such costs. *See* April 28, 2025 text-entry Order. On April 30, 2025, Class Counsel filed a letter in accordance with the Court's Order. ECF 9604. That letter detailed the expected cost to have Epiq file the 80 claims associated with Pacific Travel.

On May 8, 2025, the Court issued a *Sua Sponte* Report and Recommendation (ECF 9612) ("Report and Recommendation"). The Court recommended

> that Chief Judge Brodie grant Class Counsel's letter-motion at Dkt. No. 9596 and order i) Pacific Travel to refund all monies paid to it by class members for claims-filing services; ii) Pacific Travel to send a letter or email in English and Vietnamese (copying Class Counsel) to all 80 class members for whom it purports to act, explaining that: (a) Pacific Travel failed to include or require to be included Court-Ordered disclaimer language; (b) it lacks authority to file claims, (c) that the Class Administrator, Epiq, will assist class members at no cost; and (d) that Pacific Travel will refund the money it took from class members, as the amounts charged were not based on their expected recovery; and iii) Epiq to attempt to administratively file these claims, with the costs of the same charged to Pacific Travel.

*Id.* at 14.

The Court also recommended that "Pacific Travel be ordered to provide to Class Counsel and Epiq all necessary information regarding its class member merchant clients and marketers, including contact information for the same." *Id.* To that end, on May 12, 2025, Class Counsel wrote to Pacific Travel and requested that it provide all necessary information by May 26, 2025. This date was chosen to give Pacific Travel enough time to appeal, should it take that step. No

---

[1]   Unless otherwise noted, all emphasis is added and citations are omitted.

response was received and an additional letter was sent on May 27, 2025. There was no response to that letter either, despite Class Counsel's explanation that the matter was urgent. On June 2, 2025, Class Counsel wrote to the Court to alert it to Pacific Travel's failure to respond. ECF 9632. On the same day, the Court issued an Order requiring Pacific Travel to respond to Class Counsel's letter to the Court by June 6, 2025.[2] Pacific Travel failed to respond to the Court's Order and on June 9, 2025, the Court issued an Order noting Pacific Travel's failure and ordered Class Counsel to "recommend a course of action for Pacific Travel and Services LLC, including a proposed order, if necessary." June 2, 2025 text-entry Order.

The current situation is a difficult one as Pacific Travel has not responded to the Court or Class Counsel. The Court has the power to sanction Pacific Travel, but Pacific Travel may also ignore any sanction imposed by the Court. Despite this possibility, Class Counsel recommends the following possible options:

### 1. The Court May Consider Civil Contempt Under Fed. R. Civ. P. 70(e)

Although currently there is not a final order, if the District Court adopts the Report and Recommendation, Rule 70 may provide a means by which to enforce a judgment for a specific act.[3] The Rule provides: "If a judgment requires a party . . . to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done – at the disobedient party's expense – by another person appointed by the court." Fed R. Civ. P. 70(a). The Court's Report and Recommendation details specific acts Pacific Travel was required to undertake. Under Rule 70 the Court may hold a disobedient party in contempt for failing to comply with a court order to perform a certain act. Fed. R. Civ. P. 70(e). The Rules further provide:

---

[2] Additionally, on June 3, 2025, Class Counsel left a message on the voicemail box that is believed to be associated with Pacific Travel's owner explaining the seriousness of the matter and requesting a call back. No call has been received as of today.

[3] Should the Court deem it appropriate, Class Counsel could request directly that the District Court adopt the Report and Recommendation.

"[T]he procedure for enforcing the order [against a nonparty] is the same as for a party." Fed. R. Civ. P. 71; *see also Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008); *Local 807 Labor Mgmt. Pension Fund v. City Elevator Corp.*, 2021 WL 7906554, at *1-*2 (E.D.N.Y. Sept. 17, 2021).

As Magistrate Judge Pollak of this district held in *City Elevator Corp.*:

> District courts are imbued with "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 93 L. Ed. 599 (1949)), *cert. denied*, 454 U.S. 832 (1981). This inherent power may only be exercised if: "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *N.Y. State Nat'l Org. for Women v. Terry*, 888 F.2d 1339, 1351 (2d Cir. 1989) (internal citations omitted).

2021 WL 7906554, at *2.

If a district court wants to impose civil contempt sanctions, the court should examine: "(1) [T]he character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequence of that sanction upon the contemnor." *In re Grand Jury Witness*, 835 F.2d 437, 443 (2d Cir. 1987). In this case, the Court clearly has the power to exercise its authority and hold Pacific Travel in contempt. Under the Federal Magistrates Act, 28 U.S.C. §636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances. The Act sets forth a certification procedure whereby:

> The magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such

as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. §636(e)(6)(B)(iii).[4]

Should the Court determine the contempt path is appropriate, Class Counsel can, within one week of the District Court's adoption of the Report and Recommendation, provide the Court with a detailed factual summary the Court could use under the certification process.

### 2. The Court Has the Power to Impose Monetary Sanctions, Including Attorneys' Fees, on Pacific Travel

"A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Tr. v. Sabino*, 2000 WL 1478372, at *1 (6th Cir. Sept. 28, 2000); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991); *see also Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994). There is significant, well-settled case law regarding the Court's inherent authority to sanction a non-party "'for abuse of the judicial process.'" *Arrowhead Cap. Fin., Ltd. v. PicturePro, LLC*, 2022 WL 1843136, at *1 (C.D. Cal. Apr. 11, 2022) (quoting *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (as amended)); *see also Bartos v. Pa.*, 2010 WL 1816674, at *5 (M.D. Pa. May 5, 2010) ("It is also beyond serious dispute that this power extends, not only to parties in civil litigation, but also to other persons, such as witnesses, who may be embroiled in that litigation."); *In re Rainbow Mag., Inc.*, 77 F.3d 278, 282 (9th Cir. 1996) (sanction imposed against a non-party for filing false statement). The Court has the discretion to fashion appropriate sanctions for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44-45.[5]

---

[4] Under the certification process, the magistrate judge "functions only to 'certify the facts'" and not to issue an order of contempt. *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (citing *Litton Sys., Inc. v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983)).

[5] "As long as a party receives an appropriate hearing, . . . the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." *Chambers*, 501 U.S. at 57. Pacific Travel participated in the Court's April 24, 2025 telephonic status haring and has been properly served with all subsequent filings and Orders. ECFs 9586, 9594, 9597, 9613, 9633.

"The Court's inherent authority to sanction willful conduct also includes 'the authority to sanction the conduct of a **nonparty** who participates in abusive litigation practices, or whose actions or omissions cause the parties to incur additional expenses.'" *Sundby v. Marquee Funding Grp., Inc.*, 2020 WL 5709445, at *5 (S.D. Cal. Sept. 24, 2020) (emphasis in original). Pacific Travel's conduct has cost the class additional expenses. Additionally, the conduct committed by Pacific Travel had an added dimension of concern in that Pacific Travel sought pre-payment against expected class settlement amounts that were baseless.[6]

In this case, the Court can sanction Pacific Travel for its conduct related to its submissions – the settlement agreement is a specific Court order. This would protect the settlement as the costs incurred (for administrative filing of the claims submitted by Pacific Travel) would otherwise come from the settlement fund. Federal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is "'tantamount to bad faith.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). Bad faith, in turn, is associated with conduct that is intentional or reckless. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008); *United States v. Wheeler*, 154 F. Supp. 2d 1075, 1078-79 (E.D. Mich. 2001) (sanctions under court's inherent authority warranted for reckless or bad-faith conduct, and defining "'recklessness'" as "'highly unreasonable conduct which is an extreme departure from the standards of ordinary care,'" such that it is "'more than mere negligence but less than intent'").

---

[6] While "'many courts have addressed the issue of whether the inherent authority of a court to sanction litigants extends to non-parties'" there is some debate where the non-parties are found not to have violated "'any specific court order.'" *Ganci v. U.S. Limousine Serv., Ltd.*, 2012 WL 13109965, at *4 (E.D.N.Y. Sept. 28, 2012). That issue is inapplicable here where, as this Court has previously noted in relation to third-party claims filers: "[A] district court retains exclusive jurisdiction over settlement agreements and distribution of settlement funds pursuant to those agreements, it may issue orders necessary to protect the settlement from threats by both parties and non-parties." *In re Visa Check/Mastermoney Antitrust Litig.*, 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31, 2006); *see also* ECF 6349 at 55 (granting injunction as to third-party claims filers).

Even if the Court determines that its inherent authority is insufficient, the Court possesses another tool to impose sanctions. As the Court held in relation to other third-party filing companies who made various misstatements regarding the settlement:

> This Court also has the authority to enjoin a third party pursuant to the All Writs Act, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). "An injunction, where necessary to protect the court's earlier orders . . . is authorized under the All Writs Act. That power extends to non-parties." *In re Synthroid Marketing Litigation*, 197 F.R.D. 607, 610 (N.D. Ill. 2000) (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the Act extends . . . to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice."); *United States v. Silva*, 140 F.3d 1098, 1104 (7th Cir. 1998)) (noting court's authority to grant injunctive relief against nonparty trade association that sent unauthorized, confusing letter to class members but instead invoking Rule 23 to order offending nonparty to send corrective notice)).

ECF 6349 at 54-55. "Because [Pacific Travel's] contracts with class members plainly affect the administration of the settlements and the distribution of the settlement funds, the All Writs Act authorizes the relief sought by Lead Counsel." *Visa Check*, 2006 WL 1025588, at *5; *see also Makere v. Fitzpatrick*, 2023 WL 3010539, at *1 (N.D. Fla. Mar. 22, 2023) ("[Under] the All Writs Act, and the court's inherent authority, sanctions are imposed as set out in this order."), *aff'd*, 2024 WL 2152114 (11th Cir. May 14, 2024). In sum:

> Where, as here, a district court retains exclusive jurisdiction over settlement agreements and distribution of settlement funds pursuant to those agreements, it may issue orders necessary to protect the settlement from threats by both parties and non-parties.

*Visa Check*, 2006 WL 1025588, at *4; ECF 6349 at 55.

Similarly, the Court has the power to regulate conduct and communications between parties and their counsel with class members under Rule 23(d) of the Federal Rules of Civil Procedure. "As the Supreme Court has explained, '[b]ecause of the potential for abuse, a district court has

4936-7524-6157.v1

both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.'" ECF 9612 at 10-11 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980)).

Based on this authority, Class Counsel has attached a proposed order that would add the sanction of attorneys' fees to the Court's current order regarding Pacific Travel.

### C. JAM3STRO

On March 7, 2025, the Court issued a *Sua Sponte* Report and Recommendation regarding the entity JAM3STRO. ECF 9572. The time to object to the Report and Recommendation has elapsed. *Id.* at 13-14. There has still been no communication from this entity, despite service of the various Court orders regarding JAM3STRO. Class Counsel provided an invoice from Epiq on April 16, 2025, and followed up via email on April 22, May 13, and June 3. No response has been received. Further, Class Counsel still has received no response to the letter sent to the U.S. Department of Justice on March 11, 2025.

### D. Outreach to Third Parties by Epiq

As Class Counsel previously reported, since August 18, 2023, Epiq has been performing specific outreach efforts to known third-party claims filers.

As of June 9, 2025, Epiq has received client lists from a total of 682 third-party claim filers claiming representation of 10 or more claimants which is a decrease of three from last month's report. Third parties claim total representation of 991,665 Tax Identification Numbers ("TINs"), which is an increase of 753 TINs from last month's report.

4936-7524-6157.v1

### III. CONCLUSION

Class Counsel will continue to apprise the Court regarding issues with third-party claims filers via monthly reports and will bring urgent matters to the Court's attention via letter. The next monthly report will be filed on July 18, 2025.

DATED: June 13, 2025

ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
RYAN W. MARTH
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs

4936-7524-6157.v1