UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : | MDL No. 1720(MKB)(JAM) |
|  | : | Civil No. 05-5075(MKB)(JAM) |
|  | : : | [PROPOSED] ORDER |
| This Document Relates To:<br><br>    ALL ACTIONS. | : : : : : : |  |

4928-7500-5517.v1

On March 27, 2025, Rule 23(b)(3) Class Counsel ("Class Counsel") became aware of an issue related to an entity Pacific Travel & Services LLC ("Pacific Travel").  ECF 9585.  Details regarding the entity have been provided by Class Counsel in letters dated March 31, 2025 (ECF 9585) and April 8, 2025 (ECF 9596).  A telephonic status conference was held on April 24, 2025.  On April 28, 2025, the Court sought additional information from Class Counsel regarding its request that Epiq's costs of administratively filing the 80 claims be assessed against Pacific Travel, including an estimate of such costs.  *See* April 28, 2025 text-entry Order.  On April 30, 2025, Class Counsel filed a letter in accordance with the Court's Order.  ECF 9604.  That letter detailed the expected cost to have Epiq file the 80 claims associated with Pacific Travel.

On May 8, 2025, the Court issued a *Sua Sponte* Report and Recommendation (ECF 9612) ("Report and Recommendation").  The Court recommended:

> that Chief Judge Brodie grant Class Counsel's letter-motion at Dkt. No. 9596 and order i) Pacific Travel to refund all monies paid to it by class members for claims-filing services; ii) Pacific Travel to send a letter or email in English and Vietnamese (copying Class Counsel) to all 80 class members for whom it purports to act, explaining that: (a) Pacific Travel failed to include or require to be included Court-Ordered disclaimer language; (b) it lacks authority to file claims, (c) that the Class Administrator, Epiq, will assist class members at no cost; and (d) that Pacific Travel will refund the money it took from class members, as the amounts charged were not based on their expected recovery; and iii) Epiq to attempt to administratively file these claims, with the costs of the same charged to Pacific Travel.

*Id.* at 14.

The Court also recommended that "Pacific Travel be ordered to provide to Class Counsel and Epiq all necessary information regarding its class member merchant clients and marketers, including contact information for the same."  *Id.*  Pacific Travel has not complied with this Report and Recommendation, nor has it responded to Class Counsel's repeated efforts to effectuate the Court's Report and Recommendation. The Court hereby enters the following, additional Order regarding Pacific Travel:

1. Within 30 days, Pacific Travel must refund to class members all monies paid to Pacific Travel by class members.

2.  By July 14, 2025, Pacific Travel must send a letter or email in English and Vietnamese (cc'ing Class Counsel) to all 80 class members for whom it purports to act explaining that: (i) Pacific Travel failed to include the required Court-Ordered disclaimer language; (ii) it lacks authority to file claims; (iii) the Class Administrator, Epiq, will assist class members at no cost; and (iv) Pacific Travel will refund the money it took from class members as the amounts charged were not based on their expected recovery.

3.  Epiq is directed to administratively file these claims, with all expenses charged to Pacific Travel.[1]

4.  Pacific Travel is to pay the reasonable attorneys' fees incurred by Class Counsel related to this matter.

5.  Class Counsel are hereby directed to send a copy of this order to Pacific Travel in the manner most likely to constitute timely and effective notice.

IT IS SO ORDERED.

DATED: _____    _____
THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE

---

[1] Details regarding the process of administratively filing these claims is left to the discretion of Epiq, but Epiq must keep records regarding the cost of filing these claims so that such expenses can be charged to Pacific Travel.