UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST       **ORDER**
LITIGATION                            05-MD-1720 (MKB) (JAM)

This document refers to: ALL ACTIONS

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Currently before the Court is a sua sponte report and recommendation issued by Magistrate Judge Joseph A. Marutollo on May 8, 2025 recommending that the Court (1) order Pacific Travel to refund all funds paid to it by class members; (2) direct Pacific Travel to notify the eighty class members for whom it purports to act, via mail or e-mail in English and Vietnamese, that (a) Pacific Travel failed to include or require to be included Court-Ordered disclaimer language; (b) Pacific Travel lacks authority to file claims; (c) Epiq will assist class members at no cost; and (d) Pacific Travel will refund the money it took from class members as the amounts charged were not based on their expected recovery (the "R&R").  (R&R 14, Docket Entry No. 9612.)  Judge Marutollo also recommended that the Court direct (1) Epiq to attempt to administratively file the claims on behalf of the eighty class members Pacific Travel purported to represent, and submit all costs to Pacific Travel and (2) order Pacific Travel to provide to Class Counsel and Epiq all necessary information regarding its marketers and class member clients, including contact information.  (*Id.* at 14–15.)

For the reasons discussed below, the Court adopts the R&R in its entirety.

**I. Background**

On March 27, 2025, Epiq, the Class Administrator, informed Class Counsel that a third-party claims administrator, Pacific Travel and Services LLC ("Pacific Travel"), had submitted

claims on behalf of eighty merchants, and that "none of the submissions [we]re in an approved state and most fail to comply with the rules regarding proper proof of authority." (Class Counsel Ltr. 1 dated Mar. 31, 2025, Docket Entry No. 9585.) Pacific Travel did not respond to Class Counsel's inquiries regarding issues with their claims submissions. (*Id.* at 2.) On March 31, 2025, Class Counsel informed the Court that Pacific Travel had "(1) been soliciting class members for claims filing without including the Court-mandated disclaimers; (2) provided false information; and (3) sought a pre-payment for 'services' that appear calculated from a claimed refund amount with no basis." (*Id.* at 1.) The same day, Judge Marutollo granted Class Counsel's Order to Show Cause and directed Pacific Travel to: (1) "provide a written response to the Court explaining why it should not be required to refund all monies paid to it by class members"; (2) "explain why it should not be required to provide, at its expense, information to each class member for whom it purports to act explaining that: (i) Pacific Travel failed to include Court-ordered disclaimer language; (ii) it lacks authority to file these claims[;] (iii) that the Class Administrator, Epiq, can assist class member[s] at no cost; and (iv) Pacific Travel will refund the money it took from class members as the amounts charged were not based on their expected recovery"; (3) "ensure that any communication to the affected class members be made in both English and Vietnamese"; and (4) "explain why Epiq should not administratively file these claims." (Order to Show Cause dated Mar. 31, 2025.)

On April 7, 2025, Class Counsel filed a letter containing Pacific Travel's response to the March 31, 2025 Order to Show Cause. (Class Counsel Ltr. dated Apr, 7, 2025, Docket Entry No. 9594.) Pacific Travel explained that it submitted claims on behalf of eighty class members who had been "referred to Pacific Travel by marketers," and that it "provided services" to class members attempting to file their claims, and received payment from the "marketers" for their

2

services. (Ltr. of Tri Nguyen, annexed to Class Counsel Ltr. dated Apr. 7, 2025, Docket Entry No. 9594-1.) Pacific Travel stated that it thought it had "authorization to work on these claims since the clients provided us (through the marketers) with the business records (IRS EIN Letter, Certificate of Formation, etc.)[,]" and that the class members had authorized Pacific Travel to file their claims. (*Id.*) On April 8, 2025, Class Counsel submitted a response to Pacific Travel's April 7, 2025 letter, noting that "Pacific Travel's response raise[d] more questions than they answer," including "whether or how it gets paid," what type of work Pacific Travel offers and how it is compensated, and how Pacific Travel is related to the "marketers" who referred the class members. (Class Counsel Ltr. dated Apr. 8, 2025, Docket Entry No. 9596.) Class Counsel also indicated that "Pacific Travel['s] submissions fail to meet the requirements set forth by Epiq related to third-party submissions," and that Pacific Travel failed to respond to Epiq's request for additional information. (*Id.*)

On April 24, 2025, the Court held a status conference with Class Counsel, Epiq's Counsel, and Mr. Tri Nguyen, the owner of Pacific Travel, who appeared without counsel. (Minute Entry dated Apr. 24, 2025.) Class Counsel reiterated that Pacific Travel had not provided the information necessary for Epiq to file the eighty claims originally filed by Pacific Travel, and that Epiq could not approve any of the eighty claims without that information. (R&R 7.) Mr. Nguyen stated that he only filed the claims for his clients, but did not deal with any class members directly, and that the marketers who referred class members to Pacific Travel did not work for him. (*Id.* at 8.) On April 28, 2025, Judge Marutollo directed Class Counsel to file a letter "providing further support for their request for their assessment of the reasonable costs against Pacific Travel and Services LLC regarding Epiq's remediation of related issues and the administrative filing of its [eighty] claims." (Order dated Apr. 28, 2025.)

3

On April 30, 2025, Class Counsel indicated that the cost of administratively filing the eighty claims would depend "largely . . . on the quality of the [eighty class members'] data that Pacific Travel is able to produce," but that the costs could be up to $20,000. (Class Counsel Ltr. 3–4 dated Apr. 30, 2025, Docket Entry No. 9604.) Class Counsel also reiterated that Pacific Travel "did not provide any specific answers" to Judge Marutollo's questions regarding Pacific Travel's claims filing issues. (*Id.* at 2.)

No objections to the R&R have been filed and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v.*

4

*N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court orders Pacific Travel to (1) refund all funds paid to it by class members and (2) notify the eighty class members for whom it purports to act, via mail or e-mail in English and Vietnamese, that (a) Pacific Travel failed to include or require to be included Court-Ordered disclaimer language; (b) Pacific Travel lacks authority to file claims; (c) Epiq will assist class members at no cost; and (d) Pacific Travel will refund the money it took from class members as the amounts charged were not based on their expected recovery. (R&R 14.) The Court also directs (1) Epiq to attempt to administratively file the claims on behalf of the eighty class members Pacific Travel purported to represent, and submit all costs to Pacific Travel and

5

(2) orders Pacific Travel to provide to Class Counsel and Epiq all necessary information regarding its marketers and class member clients, including contact information. (*Id.* at 14–15.)

Dated:  June 27, 2025
       Brooklyn, New York

                                         SO ORDERED:

                                         _____s/ MKB_____
                                         MARGO K. BRODIE
                                         United States District Judge