UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— X
In re PAYMENT CARD INTERCHANGE : MDL No. 1720(MKB)(JAM)
FEE AND MERCHANT DISCOUNT :
ANTITRUST LITIGATION : Civil No. 05-5075(MKB)(JAM)
 :
——————————————————————— : RULE 23(b)(3) CLASS COUNSEL'S
 : MONTHLY REPORT REGARDING THIRD-
This Document Relates To: : PARTY ENTITIES
 :
    ALL ACTIONS. :
 :
 :
——————————————————————— x

4935-7010-1078.v1

## I. INTRODUCTION

This is the twenty first monthly report regarding third-party claims filers following the Court's request.

Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq continue to receive communications regarding third parties. Calls received via the toll-free number are tracked and reported to Class Counsel from Epiq. Class Counsel also directly receives calls and emails regarding third parties that are followed up on immediately. Additionally, Class Counsel regularly searches online using various keywords to monitor new entrants. Epiq received 3 new contacts regarding third parties since the last report. It also forwards to Class Counsel certain specific issues which are discussed below.

Now that the claims-filing deadline has passed, there have been fewer issues related to the solicitation of class members for filing. Monthly reports will continue.

## II. STATUS OF PREVIOUS ORDERS TO SHOW CAUSE

### A. Cardsettlement.org and Merchant Stronghold

Matters related to cardsettlement.org appear to be managed. Cardsettlement.org provides a report regularly to detail its efforts regarding confirmation of engagement.

Below is the most recent information provided by cardsettlement.org regarding client contacts:

| Affirmed | 378 |
|---|---|
| Pending | 431 |
| Rejected | 2 |
| Total | **811** |

Class Counsel has still not received any further contact from Merchant Stronghold.

- 1 -

B.      **Pacific Travel and Services LLC**[1]

Epiq alerted Class Counsel to a concerning issue related to Pacific Travel and Services LLC ("Pacific Travel"), a company that appeared to be signing up merchants for claims filing and demanding pre-payment for services based on purported expected settlement benefits that were not true. A telephonic status conference was held on April 24, 2025. On April 28, 2025, the Court sought additional information from Class Counsel regarding its request that Epiq's costs of administratively filing the 80 claims be assessed against Pacific Travel, including an estimate of such costs. *See* April 28, 2025 text-entry Order. On April 30, 2025, Class Counsel filed a letter in accordance with the Court's Order. ECF 9604. That letter detailed the expected cost to have Epiq file the 80 claims associated with Pacific Travel.

On May 8, 2025, the Court issued a *Sua Sponte* Report and Recommendation (ECF 9612) ("Report and Recommendation"). The Court recommended

> that Chief Judge Brodie grant Class Counsel's letter-motion at Dkt. No. 9596 and order i) Pacific Travel to refund all monies paid to it by class members for claims-filing services; ii) Pacific Travel to send a letter or email in English and Vietnamese (copying Class Counsel) to all 80 class members for whom it purports to act, explaining that: (a) Pacific Travel failed to include or require to be included Court-Ordered disclaimer language; (b) it lacks authority to file claims, (c) that the Class Administrator, Epiq, will assist class members at no cost; and (d) that Pacific Travel will refund the money it took from class members, as the amounts charged were not based on their expected recovery; and iii) Epiq to attempt to administratively file these claims, with the costs of the same charged to Pacific Travel.

*Id.* at 14.

The Court also recommended that "Pacific Travel be ordered to provide to Class Counsel and Epiq all necessary information regarding its class member merchant clients and marketers, including contact information for the same." *Id.* To that end, on May 12, 2025, Class Counsel wrote to Pacific Travel and requested that it provide all necessary information by May 26, 2025. This date was chosen to give Pacific Travel enough time to appeal, should it take that step. No

---

[1]   Unless otherwise noted, all emphasis is added and citations are omitted.

response was received and an additional letter was sent on May 27, 2025. There was no response to that letter either, despite Class Counsel's explanation that the matter was urgent. On June 2, 2025, Class Counsel wrote to the Court to alert it to Pacific Travel's failure to respond. ECF 9632. On the same day, the Court issued an Order requiring Pacific Travel to respond to Class Counsel's letter to the Court by June 6, 2025.[2] Pacific Travel failed to respond to the Court's Order and on June 9, 2025, the Court issued an Order noting Pacific Travel's failure and ordered Class Counsel to "recommend a course of action for Pacific Travel and Services LLC, including a proposed order, if necessary." June 2, 2025 text-entry Order. On June 27, 2025, the District Court adopted the Report and Recommendation in its entirety. ECF 9638.

The current situation is a difficult one as Pacific Travel has not responded to the Court or Class Counsel. The Court has the power to sanction Pacific Travel, but Pacific Travel may also ignore any sanction imposed by the Court. Despite this possibility, Class Counsel recommends the following possible options now that the District Court has adopted the Report and Recommendation:

    **1.    The Court May Consider Civil Contempt Under Fed. R. Civ. P. 70(e)**

Rule 70 may provide a means by which to enforce a judgment for a specific act. The Rule provides: "If a judgment requires a party . . . to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done – at the disobedient party's expense – by another person appointed by the court." Fed R. Civ. P. 70(a). The Court's Report and Recommendation details specific acts Pacific Travel was required to undertake and the District Court adopted those directives. Under Rule 70 the Court may hold a disobedient party in contempt for failing to comply with a court order to perform a certain act. Fed. R. Civ. P. 70(e). The Rules further provide: "[T]he procedure for enforcing the order [against a nonparty] is the

---

[2] Additionally, on June 3, 2025, Class Counsel left a message on the voicemail box that is believed to be associated with Pacific Travel's owner explaining the seriousness of the matter and requesting a call back. No call has been received as of today.

- 3 -

same as for a party." Fed. R. Civ. P. 71; *see also Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008); *Local 807 Labor Mgmt. Pension Fund v. City Elevator Corp.*, 2021 WL 7906554, at *1-*2 (E.D.N.Y. Sept. 17, 2021).

As Magistrate Judge Pollak of this district held in *City Elevator Corp.*:

> District courts are imbued with "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 93 L. Ed. 599 (1949)), *cert. denied*, 454 U.S. 832 (1981). This inherent power may only be exercised if: "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *N.Y. State Nat'l Org. for Women v. Terry*, 888 F.2d 1339, 1351 (2d Cir. 1989) (internal citations omitted).

2021 WL 7906554, at *2.

If a district court wants to impose civil contempt sanctions, the court should examine: "(1) [T]he character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequence of that sanction upon the contemnor." *In re Grand Jury Witness*, 835 F.2d 437, 443 (2d Cir. 1987). In this case, the Court clearly has the power to exercise its authority and hold Pacific Travel in contempt. Under the Federal Magistrates Act, 28 U.S.C. §636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances. The Act sets forth a certification procedure whereby:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such

- 4 -

as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. §636(e)(6)(B)(iii).[3]

Should the Court determine the contempt path is appropriate, Class Counsel can provide the Court with a detailed factual summary the Court could use under the certification process. Following the certification process, a writ of body attachment may be needed.[4] In *Jones v. Milana*, 2024 WL 4712798 (S.D.N.Y. Sept. 9, 2024) the court recommended: "[T]he district court issue a writ of body attachment directing the federal marshal service to take [the contemnor] into custody until such time as he can be brought before the Court." *Id*. at *7.[5] In that case, a third party failed to obey a subpoena for testimony and failed to obey an order to show cause directing the third party to appear in court. "[D]espite repeated attempts to contact him, [the witness] has been completely unresponsive, uncooperative, and has demonstrated an utter disregard for the judicial process." *Id*. As in *Jones*, Mr. Nyguen has been unresponsive (other than originally appearing before the Court) and has ignored all efforts to contact him.

---

[3] Under the certification process, the magistrate judge "functions only to 'certify the facts'" and not to issue an order of contempt. *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (quoting *Litton Sys., Inc. v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983)).

[4] Pacific Travel's physical address is in Iselin, New Jersey, and its mailing address is in Edison, New Jersey. Both addresses are within the 100-mile jurisdictional limit for the U.S. Marshal Service to effect any writ of body attachment. *See* U.S. Marshals Service, https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-body-attachment (last visited July 10, 2025); *see also* Ex. 1 (map showing distance between Eastern District of New York and Pacific Travel's physical address in Iselin, New Jersey), and Ex. 2 (map showing distance between Eastern District of New York and Pacific Travel's mailing address in Edison, New Jersey).

[5] According to the docket in *Jones*, a writ of body attachment was ordered on November 13, 2024 by the district court that directed the U.S. Marshal Service to "take into custody the person of Emerson Kinsey and hold him until such time as the Court can schedule a date for him to appear in this courthouse to address the issue of contempt and for the taking of his deposition." *See* Ex. 3 at 2. It is unclear whether the arrest took place in that case.

- 5 -

## 2. The Court Has the Power to Impose Monetary Sanctions, Including Attorneys' Fees, on Pacific Travel

"A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Tr. v. Sabino*, 2000 WL 1478372, at *1 (6th Cir. Sept. 28, 2000); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991); *see also Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994). There is significant, well-settled case law regarding the Court's inherent authority to sanction a non-party "'for abuse of the judicial process.'" *Arrowhead Cap. Fin., Ltd. v. PicturePro, LLC*, 2022 WL 1843136, at *1 (C.D. Cal. Apr. 11, 2022) (quoting *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (as amended)); *see also Bartos v. Pa.*, 2010 WL 1816674, at *5 (M.D. Pa. May 5, 2010) ("It is also beyond serious dispute that this power extends, not only to parties in civil litigation, but also to other persons, such as witnesses, who may be embroiled in that litigation."); *In re Rainbow Mag., Inc.*, 77 F.3d 278, 282 (9th Cir. 1996) (sanction imposed against a non-party for filing false statement). The Court has the discretion to fashion appropriate sanctions for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44-45.[6]

"The Court's inherent authority to sanction willful conduct also includes 'the authority to sanction the conduct of a **nonparty** who participates in abusive litigation practices, or whose actions or omissions cause the parties to incur additional expenses.'" *Sundby v. Marquee Funding Grp., Inc.*, 2020 WL 5709445, at *5 (S.D. Cal. Sept. 24, 2020) (emphasis in original). Pacific Travel's conduct has cost the class additional expenses. Additionally, the conduct committed by Pacific Travel had an added dimension of concern in that Pacific Travel sought pre-payment against expected class settlement amounts that were baseless.[7]

---

[6] "As long as a party receives an appropriate hearing, . . . the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." *Chambers*, 501 U.S. at 57. Pacific Travel participated in the Court's April 24, 2025 telephonic status haring and has been properly served with all subsequent filings and Orders. ECFs 9586, 9594, 9597, 9613, 9633.

[7] While "'many courts have addressed the issue of whether the inherent authority of a court to sanction litigants extends to non-parties'" there is some debate where the non-parties are found

- 6 -

In this case, the Court can sanction Pacific Travel for its conduct related to its submissions – the settlement agreement is a specific Court order. This would protect the settlement as the costs incurred (for administrative filing of the claims submitted by Pacific Travel) would otherwise come from the settlement fund. Federal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is "'tantamount to bad faith.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). Bad faith, in turn, is associated with conduct that is intentional or reckless. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008); *United States v. Wheeler*, 154 F. Supp. 2d 1075, 1078-79 (E.D. Mich. 2001) (sanctions under court's inherent authority warranted for reckless or bad-faith conduct, and defining "'recklessness'" as "'highly unreasonable conduct which is an extreme departure from the standards of ordinary care,'" such that it is "'more than mere negligence but less than intent'").

Even if the Court determines that its inherent authority is insufficient, the Court possesses another tool to impose sanctions. As the Court held in relation to other third-party filing companies who made various misstatements regarding the settlement:

> This Court also has the authority to enjoin a third party pursuant to the All Writs Act, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). "An injunction, where necessary to protect the court's earlier orders . . . is authorized under the All Writs Act. That power extends to non-parties." *In re Synthroid Marketing Litigation*, 197 F.R.D. 607, 610 (N.D. Ill. 2000) (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the Act extends . . . to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the

---

not to have violated "'any specific court order.'" *Ganci v. U.S. Limousine Serv., Ltd.*, 2012 WL 13109965, at *4 (E.D.N.Y. Sept. 28, 2012). That issue is inapplicable here where, as this Court has previously noted in relation to third-party claims filers: "[A] district court retains exclusive jurisdiction over settlement agreements and distribution of settlement funds pursuant to those agreements, it may issue orders necessary to protect the settlement from threats by both parties and non-parties." *In re Visa Check/Mastermoney Antitrust Litig.*, 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31, 2006); *see also* ECF 6349 at 55 (granting injunction as to third-party claims filers).

- 7 -

4935-7010-1078.v1

proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.") (citations omitted); *United States v. Silva*, 140 F.3d 1098, 1104 (7th Cir. 1998)) (noting court's authority to grant injunctive relief against nonparty trade association that sent unauthorized, confusing letter to class members but instead invoking Rule 23 to order offending nonparty to send corrective notice)).

ECF 6349 at 54-55. "Because [Pacific Travel's] contracts with class members plainly affect the administration of the settlements and the distribution of the settlement funds, the All Writs Act authorizes the relief sought by Lead Counsel." *Visa Check*, 2006 WL 1025588, at *5; *see also Makere v. Fitzpatrick*, 2023 WL 3010539, at *1 (N.D. Fla. Mar. 22, 2023) ("[Under] the All Writs Act, and the court's inherent authority, sanctions are imposed as set out in this order."), *aff'd*, 2024 WL 2152114 (11th Cir. May 14, 2024). In sum: "Where, as here, a district court retains exclusive jurisdiction over settlement agreements and distribution of settlement funds pursuant to those agreements, it may issue orders necessary to protect the settlement from threats by both parties and non-parties." *Visa Check*, 2006 WL 1025588, at *4; ECF 6349 at 55.

Similarly, the Court has the power to regulate conduct and communications between parties and their counsel with class members under Rule 23(d) of the Federal Rules of Civil Procedure. "As the Supreme Court has explained, '[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.'" ECF 9612 at 10-11 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980)).

### III. OTHER MATTERS

#### A. Third Party Filer Review

This month, Class Counsel conducted a wide ranging review of known third-party filing companies. Many websites that were previously active are now inactive or uninvolved in any advertising related to the case. Several sites mention the settlement with proper disclaimers and

links. A handful mention the settlement, however their advertising is no longer accurate. A few contain some questionable, although unlikely actionable, statements. Class Counsel plans to communicate to all know third-party filing companies the importance of only sharing accurate, up-to-date information.

### B. Outreach to Third Parties by Epiq

As Class Counsel previously reported, since August 18, 2023, Epiq has been performing specific outreach efforts to known third-party claims filers.

As of July 11, 2025, Epiq has received client lists from a total of 681 third-party claim filers claiming representation of 10 or more claimants, which is a decrease of one from last month's report. The decrease of one since last month's report occurred as Epiq identified a registration record that was self-reported as a third party but was an Owner/Employee of the merchant. Third parties claim total representation of 994,216 Tax Identification Numbers ("TINs"), which is an increase of 294 TINs from last month's report.

### IV. CONCLUSION

Class Counsel will continue to apprise the Court regarding issues with third-party claims filers via monthly reports and will bring urgent matters to the Court's attention via letter. The next monthly report will be filed on August 22, 2025.

DATED: July 18, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY


s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

- 9 -

> ROBINS KAPLAN LLP
> K. CRAIG WILDFANG
> THOMAS J. UNDLIN
> RYAN W. MARTH
> 2800 LaSalle Plaza
> 800 LaSalle Avenue South
> Minneapolis, MN  55402-2015
> Telephone:  612/349-8500
> 612/339-4181 (fax)
>
> BERGER MONTAGUE PC
> H. LADDIE MONTAGUE, JR.
> MERRILL G. DAVIDOFF
> MICHAEL J. KANE
> 1818 Market Street, Suite 3600
> Philadelphia, PA  19103
> Telephone:  215/875-3000
> 215/875-4604 (fax)
>
> Co-Lead Counsel for Plaintiffs