UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

IN RE PAYMENT CARD          .      Docket No.
INTERCHANGE FEE AND         .      1:05-md-01720-MKB-JAM
MERCHANT DISCOUNT           .
ANTITRUST LITIGATION        .

. . . . . . . . . . . . . . .

                                   Brooklyn, New York
                                   Tuesday, July 22, 2025
                                   10:37 a.m.


TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
BEFORE THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Rule 23(b)(3)       Robbins Geller Rudman & Dowd LLP
Settlement Class:           ALEXANDRA S. BERNAY, ESQ.
                            655 West Broadway
                            Suite 1900
                            San Diego, California  92101
                            619-231-1058

                            Berger & Montague, P.C.
                            MICHAEL J. KANE, ESQ.
                            1818 Market Street
                            Suite 3600
                            Philadelphia, Pennsylvania  19103
                            215-875-3000

For the Class Action:       Epiq Class Action & Claims
                            Solutions, Inc.
                            JENNIFER HONG, ESQ.
                            1125 17th Street Northwest
                            6th Floor
                            Washington, D.C.  20036
                            212-225-9200

Transcription Service:          Superior Reporting Services LLC
                                P.O. Box 5032
                                Maryville, TN 37802
                                865-344-3150


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com

P R O C E E D I N G S

THE CLERK:  Docket number 05-md-1720, In re Payment Card Interchange Fee.  Would the parties please state their appearances for the record?

MS. BERNAY:  Good morning, Your Honor.  Alexandra Bernay from Robbins Geller Rudman & Dowd on behalf of -- Co-counsel for the (b)(3) Class.

MR. KANE:  Good morning, Your Honor.  Michael Kane from Berger & Montague, also on behalf of the Rule 23(b)(3) Class, Class Counsel.

MS. HONG:  Good morning, Your Honor.  It's Jennifer Hong with Epiq as Class Administrator.

THE COURT:  Okay.  Good morning, everyone.  This is Judge Marutollo.  Ms. Bernay, I hope you're doing well.

MS. BERNAY:  Thank you.

THE COURT:  And Counsel.  I hope everyone's doing well.

Is anyone on from Pacific Travel?

So we waited a few minutes here to see if anyone would appear for Pacific Travel.  No one is on currently for Pacific Travel, including Mr. Nguyen, N-G-U-Y-E-N.

Let me hear from Class Counsel.  Just if you could go into a little more detail where things are currently in terms of your efforts to get in touch with Pacific Travel.

MS. BERNAY:  Yes, Your Honor.  Thank you.  As Your

Honor is aware, we've made multiple attempts to contact Pacific Travel.  We have not heard from them at all since Your Honor held a hearing on April 24th.  Since that time, we have left multiple messages on the phone lines that we believe, based on the letterheads sent by Pacific Travel and internet searches, belong to Pacific Travel.  We have sent numerous emails to the email account that we have previously received the correspondence that they submitted to the Court April 7th, from that email address.

We have also sent overnight mail deliveries, including notices of this hearing and all other issues relating to them.  Yesterday, just as a double check, I left voicemail messages on two different phone numbers that we thought might possibly be associated with them.  It was a computerized voice taking the voicemail, so it was not clear whether or not that line was connected.  So those are, generally speaking, the efforts that Class Counsel has taken in order to try to get the attention of Pacific Travel, and each time we have made very clear the seriousness of the matter, but to no avail.

THE COURT:  Understood.  And in terms of the fraudulent activity that was discussed in the report and recommendation, is there any indication that that's -- you know, apart from being noncompliant, apparently, with court orders, is there any new fraudulent activity going on in your

view?

MS. BERNAY:  Not that -- thank you, Your Honor. Not that we have been able to uncover.  Ms. Hong might be able to speak as to whether they have heard at all from Mr. Nguyen or any of the marketing companies associated.  My understanding is that they have not, but I would give Ms. Hong a moment to let us know whether or not they've had any contact.

THE COURT:  Sure.

MS. HONG:  Yep.  This is Jennifer Hong.  We have not had any contact from Pacific Travel, any of its representatives.  And as far as the last I checked, we have not received any further complaints from any of the represented merchants.  The last contact was around the hearing date in April.

THE COURT:  Gotcha.  Okay.  So you know, at this stage, I'm not going to enter an order just yet or even a report and recommendation, for that matter.  I appreciate that there are two options that seem to be present here.  One is civil contempt and the other is some kind of monetary sanctions or attorneys' fees on Pacific Travel.  Part of the issue, though, is that I don't want to just issue orders with no sense that this will actually be enforced or that there will be any repercussions and have just empty orders.

So what I'd like to do is, I'm going to order the

class counsel to continue to try to locate Pacific Travel and really just to give me an update on those efforts. And if we could, what I would like to do is have a status report filed. I know you have one that's due in August anyway, but a status report filed by August 15th. And let's see things where are on August 15th.

They may very well be in the same spot. You know, if you could detail the efforts made to try to get in touch with this entity or the individual, if you could detail that in the status report, but then talk through a little more detail, in my view at least, what you're expecting or hoping to achieve in terms of monetary sanctions and attorneys' fees on Pacific Travel. I think civil contempt, I'd like to address that as necessary later.

I think the first step might be some kind of sanctions before we get to civil contempt, if we get to it at all. At least at this stage, particularly since this is moving at a fairly past pace in terms of the notice and then the conference date and the entity does not have an attorney, I do want to make sure that there's the appropriate process given here before there's any sanctions or contempt or anything along those lines.

So again, I'll order the class counsel to file a status report by August 15th, detailing the efforts they've made to try to get in touch with Pacific Travel and Mr.

Nguyen, and then also if they have not gotten in touch with him through their best efforts, why the monetary sanctions or attorneys' fees would be appropriate.

Okay.  Anything further at this stage, then?

MS. HONG:  No, Your Honor.  Thank you.  We understand and we will discontinue on our efforts to try to track these guys down.

THE COURT:  Okay.  Thanks very much then.  We're adjourned.

MS. HONG:  Thank you.

MR. KANE:  Thank you, Your Honor.

(Proceedings adjourned at 10:44 a.m.)

TRANSCRIBER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*Laura Hunt*                                    July 29, 2025

_____    _____

Laura Hunt                                    DATE

Legal Transcriber

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com