Robbins Geller
Rudman & Dowd LLP

Chicago   Melville   Nashville   San Diego   Wilmington
Boca Raton   Manhattan   Philadelphia   San Francisco   Washington, D.C.

August 15, 2025

<span style="text-align:right;">VIA ECF</span>

Magistrate Judge Joseph A. Marutollo
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Courtroom N324
Brooklyn, NY 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
             No. 1:05-MD-1720 (MKB)(JAM)

Dear Judge Marutollo:

Pursuant to the Court's July 22, 2025 Minute Entry, Rule 23(b)(3) Class Counsel ("Class Counsel") write to provide the Court with additional information regarding efforts to contact third-party Pacific Travel & Sales LLC ("Pacific Travel"), as well as additional details regarding potential monetary sanctions and attorneys' fees as instructed by the Court at the July 22, 2025 telephonic hearing.

### I.    Efforts to Contact Pacific Travel

Following the hearing, Class Counsel worked with investigators at Robbins Geller Rudman & Dowd LLP to try to find other physical addresses, email addresses, and/or phone numbers associated with Pacific Travel or its proprietor, Tri Nguyen. The investigator discovered a physical address that appeared to be Mr. Nguyen's residence. Further, the investigator determined that other addresses associated with the company were a post office box and a co-working/virtual office space.

After learning this information, Class Counsel engaged a process server to provide Mr. Nguyen with hard copies of all documents that had previously been sent to Pacific Travel via email and overnight mail since their April 24, 2025 telephonic appearance.[1] Those materials were packaged and sent to the process server. Beginning on July 25, 2025, and ending on July 30, 2025, the process server attempted to serve the package of documents five times. A detailed explanation is provided in

---

[1] Class Counsel has no reason to believe that Pacific Travel has not received all documents sent to it. Pacific Travel has in the past responded via email to Class Counsel using the same email address that Class Counsel has sent documents to. Further, it appears that Mr. Nguyen has received physical mail at the address Class Counsel has used as in his response to the Court on April 7, 2025. ECF 9594-1. Mr. Nguyen refers to receiving mail at this address.

4924-8081-2635.v1

655 West Broadway, Suite 1900   San Diego, CA 92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

the Affidavit of Reasonable Diligence attached as Exhibit A. In all the attempts, the process server noted that there was no answer at the door and no activity was detected.

Class Counsel has continued to try to contact Mr. Nguyen, including sending him a copy of the transcript from the July 22, 2025 hearing and sending emails asking for a response. On August 14, 2025, Class Counsel also called and left a message at a phone number believed to be associated with Pacific Travel. At the time of this filing, no response has been received.

**II.     Possible Sanction and Attorneys' Fees**

At the hearing, the Court also ordered Class Counsel to detail what it was expecting to achieve in terms of monetary sanctions and attorneys' fees. Previously, Class Counsel has provided an estimate from Epiq regarding the potential costs of administratively filing claims for the approximately 80 class members submitted by Pacific Travel. That estimate was approximately $20,000. As to attorneys' fees, Class Counsel keeps contemporaneous time records and can provide those records to the Court under seal of the number of hours it has spent handling issues related to Pacific Travel. Class Counsel does not believe that Pacific Travel will pay any amount to either Epiq or Class Counsel and the efforts to recover any sanction or attorney fee award may result in even more fees that remain uncollectable. It does not appear that any sanction will affect Pacific Travel. Multiple efforts to contact Mr. Nguyen have all failed. Even sending the U.S. Marshal's service seems unlikely to be successful as five visits by the process server all were unsuccessful.

**III.    Class Counsel's Recommendation**

Class Counsel recommends that Epiq be directed to attempt to contact the 80 class members who signed up for claims filing services and determine whether those claims can be filed. As previously reported, none of the submissions by Pacific Travel comport with the rules regarding claim submission. If these class members can be located, Class Counsel recommends Epiq determine whether those class members still wish to file claims, and assist them, and keep track of the hours and

expenses related to this process.  Class Counsel will continue to keep contemporaneous time records and detail time related to Pacific Travel.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

Exhibit

cc:   All Counsel via ECF