# ATTACHMENT

Brothers Pride Produce, Inc.
2345 Middlefield Road
Redwood City, CA 94063

25 April 2025

The Honorable Margo K. Brodie
Chief Judge, United States District Court for the New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Chief Judge Brodie,

This letter is in regards to the case titled IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION.

I am the President and a co-owner of our family business, Brothers Pride Produce, Inc., DBA Sigona's Farmers Market and we are a claimant in the case.

It occurred to me that for a fair and equitable distribution that inflationary adjustments should be considered.

In Appendix I of the Settlement Agreement Appendices found at
https://www.paymentcardsettlement.com/Content/Documents/New%20Docs/Settlement%20Agreement%20Appendices%20A-J.pdf :

<u>In section B "Distribution of Cash Fund to Claimants", part of it says (my bold emphasis):</u>
*Rule 23(b)(3) Class Counsel propose distributing the Cash Fund to members of the Rule 23(b)(3) Settlement Class entitled to receive a payment from the Cash Fund ("Claimants") through a process that: (a) is **fair and equitable**; (b) distributes the Cash Fund in accordance with the **relative economic interests** of the Claimants as measured by the Interchange Fee amounts attributable to their Visa- and Mastercard-Branded Card transactions during the Class Period ("Interchange Fees Paid"); and (c) ensures that the administration is as simple and cost-effective and imposes as minimal a burden on Claimants as possible. The Plan will rely, to the extent possible, on data available to Rule 23(b)(3) Class Counsel and the Class Administrator to achieve these goals.*

<u>In section C "Pro Rata Distribution" part of it says:</u>
*Each Claimant will receive its pro rata share of the Cash Fund based on the Claimant's Interchange Fees Paid as compared to the total amount of Interchange Fees Paid attributable to all Claimants.*

My suggestion is to consider inflation so that the interchange fees charged are adjusted for inflation when considering pro-rata distribution.

My example just for illustration is this:
- Say a company A in 2004 incurred $100,000 of interchange fees and then closed business at the end of 2004.
- Say a company B opened business in 2018 incurred $100,000 of interchange fees and then closed at the end of 2018.
- In today's dollars, the $100,000 incurred in 2004 would be worth about $171,000.
- In today's dollars, the $100,000 incurred in 2018 would be worth about $128,000.

So company A in that case should receive slightly more than company B, although both incurred exactly $100,000 in interchange fees.

I used this website to calculate the inflationary measures (maybe there are more accurate sources to use). https://www.amortization.org/inflation/amount.php?year=2004&amount=100000&to=2025 Also, since the settlement was determined in 2019, might be more accurate to calculate inflation up until 2019 instead of 2025.

It seems that it would not be very complicated to create these values for each claimant in the database. I noticed in my portal for the settlement website (https://www.paymentcardsettlement.com/), each year of interchange fees is already separated out. It would need to be decided which measure of inflation would need to be used and then apply that to each year before totally the inflationary adjusted figures.

Also, just to note, I have no way of knowing whether this would benefit our company or not—but I thought it would be fair to consider this, since without considering inflation, it would be de-valuing those claimaints' processing fees that incurred in a larger way farther in the past as compared to other claimants.

Respectfully,

Jimmy Sigona
President, Brothers Pride Produce, Inc.; DBA Sigona's Farmers Market
█████████ cell phone
████████████