UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | No. 1:05-md-01720 (MKB) (JAM) |
| **This Document Applies to:** <br> *Intuit Inc., et al.*, <br>                            Plaintiffs, <br>     v. <br> *Visa Inc., et al.*, <br>                            Defendants. | No. 1:21-cv-01175 (MKB) (JAM) |
| *Block, Inc.*, <br>                            Plaintiff, <br>     v. <br> *Visa Inc., et al.*, <br>                            Defendants. | No. 1:23-cv-05377 (MKB) (JAM) |

## JOINT STATUS REPORT

Pursuant to the Court's August 22, 2025 Order, the parties to *Intuit Inc., et al. v. Visa Inc., et al.*, No. 21-cv-01175 (E.D.N.Y) and *Block, Inc. v. Visa Inc., et al.*, No. 23-cv-05377 (E.D.N.Y.), respectfully submit this Joint Status Report.

On May 31, 2025, the Court approved stipulated discovery plans in which the parties in each of the above-referenced cases would proceed with discovery on all aspects of Intuit and Block's respective claims, including on payment facilitator and non-payment facilitator-related

issues.  *See* Intuit Action, ECF No. 93 (Joint Stipulation and [Proposed] Order to Set Discovery Schedule, filed May 30, 2025); *id.*, May 31, 2025 Order (ECF Text-Only Order) ("The proposed discovery schedule is so ordered."); Block Action, ECF No. 50 (Joint Stipulation and Proposed Order to Set Discovery Schedule); *id.*, May 31, 2025 Order (ECF Text-Only Order) ("The proposed discovery schedule is so ordered.").  In the Joint Stipulations filed in each action, the Parties agreed that discovery on all claims should proceed, subject to Defendants' reservation of rights to seek relief from any order on their motion for injunction concerning Plaintiffs' payment facilitator claims.  *See* Intuit Action, ECF No. 93 ("combined discovery on both the payment facilitator and non-payment facilitator claims is appropriate"); Block Action, ECF No. 50 ("the Parties believe at this time that combined discovery (i.e., discovery related to both claims arising from payment facilitation and claims not arising from payment facilitation) is appropriate").

Pursuant to the stipulated and so-ordered plans, fact discovery is scheduled to close on Tuesday, December 16, 2025, with document productions ongoing.  *See* Intuit Action, ECF No. 93; Block Action, ECF No. 50.  Expert discovery will follow, with Plaintiffs' opening expert reports due Friday, January 30, 2026; Defendants' rebuttal expert reports due Friday, March 27, 2026; Plaintiffs' reply expert reports due Friday, May 1, 2026; and expert discovery closing on Friday, June 19, 2026.  *Id*.

For their part, Defendants are considering their options in light of the Court's August 22 decision.  Defendants will submit a further update as soon as possible.

As it pertains to the existing discovery schedule, Defendants are concerned about the pace of fact discovery given the current deadlines including, as of August 27, a refusal by Plaintiffs to respond to Defendants' First Amended Set of Interrogatories.  Additionally, following the entry of the parties' scheduling stipulation, the trial dates for two eight-week trials

in other opt-out actions pending in the Southern District of New York (*Target Corp., et al. v. Visa, Inc., et al.*, No. 13 Civ. 3477 (AKH); *7-Eleven, Inc., et al. v. Visa, Inc., et al.*, No. 13 Civ. 4442 (AKH)) and the Northern District of Illinois (*GrubHub Holdings Inc. et al v. Visa Inc. et al*, No. 1:19-cv-07273 (EEC)) were adjourned to April 20, 2026, and September 22, 2026, respectively. The trials thus overlap with deadlines for expert discovery and summary judgment and Daubert motions in this matter. Defendants will raise these issues with the Court if it becomes necessary.

Intuit and Block submit that Defendants' purported concerns are an extension of their continuing strategy to delay discovery and trial in these cases at all costs. Both matters are already old by normal standards – Intuit filed its complaint in 2021 and Block filed in 2023. Defendants have employed multiple strategies to avoid discovery, not the least of which was their "motion to enforce" the settlement and then subsequent "motion to enjoin" Intuit and Block from pursuing their claims. As to the purported concern about interrogatories, Defendants served a set of excessive interrogatories on February 18, 2025. Intuit and Block informed Defendants it was improper to ask more than 25 interrogatories without first seeking the Court's permission. Defendants did not respond, but instead waited until August 7 to re-serve largely the same interrogatories without fixing their violation of the Rules. Intuit and Block once again promptly informed Defendants of their violation of the Federal Rules. Therefore, any delay is a situation of Defendants' own making because both Intuit and Block remain willing and able to provide written discovery within permissible bounds. Nor should trials in the Spring and Fall of 2026, if they even proceed, cause delay as Defendants have sufficient time to plan accordingly. Both Plaintiffs believe it is time to proceed with their respective cases with no further delays.

Defendants disagree with Intuit and Block's characterizations regarding discovery efforts and the overall schedule, which Defendants have been advancing (as Intuit and Square know from numerous exchanges of correspondence and meet and confers over the last several months). First, Defendants reject the assertion that their motions were brought for any purpose other than to enforce their rights under the Rule (b)(3) Class Settlement Agreement, and to respond to Intuit and Square's attempt to circumvent those rights by pursuing the claims of their customers, which the Court has already found are settlement class members. Second, Defendants disagree with Intuit and Block's contention that Defendants have served an excessive number of interrogatories. No Court intervention is required at this time as the Defendants hope that the Parties will continue to work cooperatively toward resolution. Defendants will confer with Plaintiffs on these issues and seek the Court's intervention if needed.

Dated: August 29, 2025				Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Adam B. Wolfson*
Adam B. Wolfson
Kevin Y. Teruya
Claire D. Hausman
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
adamwolfson@quinnemanuel.com
kevinteruya@quinnemanuel.com
clairehausman@quinnemanuel.com

*Counsel for Plaintiffs Intuit Inc. and Intuit Payment Solutions, LLC*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Marc L. Greenwald*
Marc L. Greenwald
Steig D. Olson
Manisha M. Sheth
295 5th Avenue
New York, New York 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
marcgreenwald@quinnemanuel.com
steigolson@quinnemanuel.com
manishasheth@quinnemanuel.com

Justin T. Reinheimer
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
justinreinheimer@quinnemanuel.com

*Counsel for Plaintiff Block, Inc.*

**HOLWELL SHUSTER & GOLDBERG LLP**

By: */s/ Michael S. Shuster*

Michael S. Shuster
Demian A. Ordway
Jayme A. Jonat
425 Lexington Avenue
New York, NY   10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
jjonat@hsgllp.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA   94111
(415) 471-3100
robert.vizas@arnoldporter.com

Matthew A. Eisenstein
Rosemary Szanyi
Michael A. Rubin
Karen Otto
601 Massachusetts Avenue, NW
Washington, DC   20001
(202) 942-5000
matthew.eisenstein@arnoldporter.com
rosemary.szanyi@arnoldporter.com
michael.rubin@arnoldporter.com
karen.otto@arnoldporter.com

Dylan S. Young
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
dylan.young@arnoldporter.com

*Attorneys for Defendants Visa U.S.A.  Inc., Visa International Service Association, and Visa Inc.*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Kenneth A. Gallo*

Kenneth A. Gallo
Donna M. Ioffredo

2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
(202) 223-7420 (facsimile)
kgallo@paulweiss.com
dioffredo@paulweiss.com

Brette Tannenbaum
Nina Kovalenko
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
(212) 757-3990 (facsimile)
btannenbaum@paulweiss.com
nkovalenko@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*