**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | No. 1:05-md-01720 (BMC) (JAM) |
| **This Document Applies to:** **ALL ACTIONS** | |

## JOINT PROPOSED AGENDA

Pursuant to the Court's September 17, 2025 Order, the parties submit the following proposed agenda for the September 30, 2025 status conference:

**I.    Status Report on Rule 23(b)(2) Class Action**

Visa, Mastercard, and plaintiffs in the Rule 23(b)(2) action currently are engaged in a mediation. Given the confidential and sensitive nature of the ongoing settlement discussions, and that the parties in this action otherwise have no issues to raise with the Court, the parties respectfully request permission to provide the Court an update by October 31, 2025, and that the Court adjourn the status conference in this action until that time.

**II.    Status Report on Rule 23(b)(3) Class Action**

In December 2019, the District Court granted final approval of a settlement between Defendants and a Rule 23(b)(3) settlement class of persons, businesses, and other entities that accepted Visa-Branded Cards and/or Mastercard-Branded Cards in the United States during a certain time period. Order and Judgment, ECF No. 7832. The Second Circuit affirmed in March 2023. *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704 (2d Cir. 2023). Counsel for

class plaintiffs wish to raise two agenda items with the Court:  1) Rule 23(b)(3) Class Plaintiffs'
Notice of Motion and Motion for Initial, Partial Distribution of Settlement Funds, ECF No. 9652;
and 2) an update on claims administration.

III.   **Status Report on *Intuit Inc., et al. v. Visa Inc., et al.*, No. 21-cv-1175 (the "*Intuit*
       Action") and *Block, Inc. v. Visa Inc., et al.*, No. 23-cv-5377 (the "*Block* Action")**

       **<u>Plaintiffs' Statement</u>**:  Intuit first filed its claims in 2021 and Block (through its "Square"
business line) brought its case in 2023.  Both parties seek to proceed to trial without further delay.
Prior to the MDL's recent reassignment, the parties in both actions negotiated and stipulated to the
following case schedule (ECFs 9629, 9630) which was entered by the Court on May 31, 2025:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery for Non-Payment Facilitator Claims | Monday, June 23, 2025 | N/A |
| Close of Fact Discovery for All Claims | N/A | Tuesday, December 16, 2025 |
| Last Day to Serve Plaintiffs' Opening Expert Reports | N/A | Friday, January 30, 2026 |
| Last Day to Serve Defendants' Rebuttal Expert Reports | N/A | Friday, March 27, 2026 |
| Last Day to Serve Plaintiffs' Reply Expert Reports | N/A | Friday, May 1, 2026 |
| Expert Discovery Cut-Off | N/A | Friday, June 19, 2026 |
| Last Day to File Daubert and Summary Judgment Motions | N/A | Wednesday, July 29, 2026 |
| Responses to Daubert and Summary Judgment Motions | N/A | Friday, September 4, 2026 |
| Replies in Support of Daubert and Summary Judgment Motions | N/A | Friday, October 9, 2026 |
| [Proposed] Hearing on Daubert and Summary Judgment Motions | N/A | Friday, October 30, 2026 or at Court's discretion |

       The above, agreed-upon schedule already contains an extension to accommodate
Defendants' other cases in the MDL.  This schedule clearly did not contemplate Defendants' latest
gambit to make a third version of their motion to enforce at the close of fact discovery.  Intuit and
Square will oppose any request by Defendants to delay resolution of this case with additional

motion practice, especially any motion that attempts to present issues that have been conclusively decided *against* Defendants *multiple times*.

Defendants' description below of their "anticipated motion to enforce the settlement agreement and for injunctive relief" reveals that it would be a redo of the motion they just lost. Defendants fail to inform the Court that their recent "Motion for Injunction" was their second try at the same relief. In August 2023, Defendants sought dismissal of the payment facilitator portion of Intuit's and Square's claims by way of a so-called "Motion to Enforce."[1] Defendants argued that, even though Intuit and Square each timely opted out, the settlement agreement's release covered their claims because their submerchants did not opt out and the release applied to the submerchants' "agent[s]." In May 2024, the Court granted the Motion to Enforce against certain "Square Sellers" (*i.e.*, submerchants who used Square's PayFac services), but ***not*** as to Intuit or Square. ECF 9308. Undeterred, Defendants claimed the Court had actually dismissed Intuit's and Square's claims. When Intuit and Square sought clarification because Defendants were misreading the Court's order, the Court explained that its ruling "speaks for itself. The Court did not dismiss any claims or any portion of claims brought by Intuit or Block, including any claims for damages based on transactions for which Intuit or Block served as a payment facilitator." June 11, 2024 Order.

Despite this clear ruling, five months later, Defendants filed yet another motion—this time styled as a Motion for Injunction—seeking the exact same dismissal they previously sought and

---

[1] So as not to burden the Court with a lengthy status report, Intuit and Square respectfully direct the Court to the multiple orders on this issue, which discuss what a payment facilitator ("PayFac") is and how it relates to this dispute. *See* ECF 9314 at 8-9; 9659 at 5-6. In summary, a PayFac is an entity that enters into a full merchant relationship with Visa and/or Mastercard and offers services to allow submerchants' customers to use payment cards at their business without having to enter into a merchant agreement directly with an acquiring bank.

failed to obtain in their Motion to Enforce, on the same legal and factual bases. Magistrate Judge Marutollo's R&R recommending denial of Defendants' Motion for Injunction even noted how large sections of the Motion for Injunction were copied verbatim from the previously-denied Motion to Enforce. ECF 9582 at 13-14. Judge Marutollo's R&R held that Defendants' application was an untimely motion for reconsideration that failed to satisfy both the procedural and substantive standard for reconsideration. ECF 9579. The R&R also recognized that Defendants' Motion for Injunction—which proceeds almost entirely on agency-based arguments—failed on the merits in light of the factual record, the Court's prior holdings, and law holding that the scope of agency is particularly ill-suited for summary determination. *Id.* Judge Brodie overruled Defendants' objection to the R&R and reaffirmed that all discovery should proceed. ECF 9654. If Defendants proceed as planned to reassert their agency argument for dismissal of Intuit's and Square's claims, this would have no proper purpose, and would serve only to cause unnecessary delay and needlessly increase the cost of litigation. Nothing in the Rule 23(b)(3) Class Settlement Agreement, including ¶68 referenced by Defendants, authorizes serial applications seeking identical relief on the same grounds when such relief has already been denied.

Judge Marutollo has already indicated that the Court was disinclined to grant any further discovery extensions. Aug. 29, 2025 Order ("The Court is not inclined to extend discovery deadlines."). Intuit and Square support this approach, and believe Defendants should not be permitted to further delay these cases.

**Defendants' Statement**:  On November 15, 2024, Defendants filed a Motion for an Injunction to compel dismissal of Intuit and Block (formerly known as "Square") Plaintiffs' claims based on transactions in which Plaintiffs acted as payment facilitators ("PayFacs") to enable merchants ("Sellers") to accept and process payments, on the ground that such claims are barred

by the class action settlement agreement approved by Judge Brodie in December 2019. *See* 2018 Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants ("Class Settlement Agreement"), ECF No. 7257-2 at ¶ 68. The principal ground for Defendants' motion was that in their role as payment facilitators, Intuit and Square act as agents of their merchant customers and those same merchants—as settling class members—previously agreed on behalf of not only themselves but also "any of their agents" to release all damages claims against Defendants for the card transactions at issue. Accordingly, Defendants maintain that Plaintiffs have no claims they can pursue as PayFacs, since their merchant customers released those claims in exchange for their right to recover from the multi-billion-dollar settlement, and Defendants should not be forced to pay twice on released claims. Defendants asked the Court to enjoin Plaintiffs pursuing such released claims.

On August 22, 2025, Judge Brodie denied Defendants' motion. *See* Mem. and Order at 2, ECF No. 9654; *Intuit* Action, ECF No. 94; *Block* Action, ECF No. 51. Although Judge Brodie considered Defendants' motion as seeking reconsideration of a prior order, and denied such reconsideration, the Court "nevertheless consider[ed]," separately, "Defendants' arguments that the Court should grant their Motion for Injunction under the All Writs Act." *Id.* at 25. Addressing those arguments, the Court held that "based on the record currently before the Court, the Court cannot determine that Intuit and Square were Sellers' agents for purposes of the Settlement Agreement." *Id.* at 37-38. Contrary to Plaintiffs' contention, the Court did not "conclusively" decide the issue of an injunction against Defendants. Rather, the Court explicitly found that on the then-current record, there were disputed "issues of fact" that prevented the Court from granting injunctive relief. *Id.* at 34.

As discussed below, Defendants accordingly propose that such fact issues be resolved by the Court after discovery is complete—a determination they are expressly entitled to under the Rule 23(b)(3) Settlement Agreement and Final Judgment. *See* Rule 23(b)(3) Class Settlement Agreement ¶ 68; Rule 23(b)(3) Class Settlement Order and Final Judgment, ECF No. 7832 ¶ 20. There is no basis for Plaintiffs' suggestion that the disputed facts instead be ignored, or simply assumed to have been found in Plaintiffs' favor. And in any event, the Court need not decide any of these issues now: Defendants would, at the appropriate time and on the appropriate record, after discovery, file a pre-motion letter pursuant to this Court's Rules before taking any further action or seeking any relief from the Court.

The parties are currently engaged in fact discovery, which is scheduled to close on December 16, 2025. At that point, discovery concerning the agency relationship between Plaintiffs and the merchant class members will be complete and will address the issues of fact identified by Judge Brodie. Defendants thus anticipate requesting a pre-motion conference at the close of discovery to discuss a motion to enforce the (b)(3) Settlement Agreement and for injunctive relief barring Plaintiffs from further pursuing their PayFac claims, based on a complete factual record, and, if the Court deems it appropriate, an evidentiary hearing to determine any remaining factual disputes (as the Court is the fact-finder on a motion to enforce a settlement agreement). In connection with that motion, Defendants further intend to seek a stay of the *Intuit* and *Block* Actions pursuant to Paragraph 68[2] of the class settlement agreement. ECF No. 7257-2. Nothing

---

[2]    Paragraph 68 provides: "**In the event that the provisions of this Superseding and Amended Class Settlement Agreement** or the Rule 23(b)(3) Class Settlement Order and Final Judgment **are asserted by any Defendant** or other Rule 23(b)(3) Settlement Class Released Party **as a ground for a defense**, in whole or in part, **to any claim or cause of action**, or are otherwise raised as an objection in any other suit, action, or proceeding by a Rule 23(b)(3) Class Plaintiff or member of the Rule 23(b)(3) Settlement Class, it is hereby agreed that **the Rule 23(b)(3) Settlement Class Released Parties shall be entitled to an immediate stay of that suit,**

in the existing scheduling order—which was stipulated and entered months prior to Judge Brodie's August 22, 2025 order—forecloses Defendants from pursuing the relief for which they bargained under the class settlement agreement.

Defendants intend to address any discovery issues in the Joint Status Report that is due to be submitted to Magistrate Judge Marutollo on September 30, 2025.

**IV.    Status Report on *Lanning, et al. v. Visa, Inc., et al.*, No. 1:21-cv-02360 (the "Lanning Action"); *Camp Grounds Coffee, LLC, et al. v. Visa, Inc., et al.*, No. 1:21-cv-03401 (the "Camp Grounds Action"); and *Old Jericho Enterprise, Inc., et al. v. Visa, Inc., et al.*, No. 2:20-cv-02394 (the "Old Jericho Action")**

These actions are currently on appeal to the Second Circuit.  The *Lanning* and *Camp Grounds* Plaintiffs, which are customers of Block (formerly known as Square) seeking damages as indirect purchasers, have appealed the District Court's memorandum and order of May 28, 2024 (No. 1:05-md-01720, ECF No. 9308) finding they are members of the Rule 23(b)(3) class and enforcing the class settlement agreement.  *Old Jericho* Plaintiffs, gasoline station operators pursuing damages as indirect purchasers, have appealed the District Court's final judgment, filed October 3, 2024 (*Old Jericho* Action, ECF No. 73), and memorandum and order, filed September 5, 2024 (*Old Jericho* Action, ECF No. 69), finding they are members of the Rule 23(b)(3) class and dismissing their claims in their entirety.  No argument date has been set.  The parties have no issues to raise with the Court at this time.

**V.    Status Report on *Palladino, et al. v. JPMorgan Chase & Co., et al.*, No. 1:23-cv-1215 (the "Palladino Action")**

The *Palladino* Plaintiffs seek to represent a putative class of California Visa and Mastercard cardholders, alleging that the defendants Visa, Mastercard, the merchants as

---

**action, or proceeding until after the Court has entered an order or judgment determining any issues relating to the defense or objections** based on such provisions, and no further judicial review of such order or judgment is possible."  (Emphases added.)

involuntary co-conspirators and various banks combined to fix interchange fees at non-competitive levels in violations of the antitrust laws of the State of California. The case was originally filed in California state court and, after removal to the United States District Court for the Northern District of California (*Palladino* Action, ECF No. 1), was transferred to this Court for consolidation with this MDL (*Palladino* Action, ECF No. 9). On December 30, 2024, Chief Judge Brodie adopted Magistrate Judge Marutollo's Report and Recommendation and granted Defendants' motion to dismiss the complaint. *See Palladino* Action, ECF No. 97. On May 12, 2025, this Court denied Plaintiffs' first Rule 59 motion for reconsideration and denied leave to amend, holding amendment would be futile. *Palladino* Action, ECF No. 104 at 23. On June 10, 2025, Plaintiffs filed a second Rule 59 motion (ECF No. 105) that is fully briefed and remains pending. *See Palladino* Action, ECF Nos. 109 (Defendants' memorandum in opposition); 110 (Plaintiffs' reply in support).[3] Also on June 10, 2025, Plaintiffs appealed the Court's orders reflected in *Palladino* Action ECF Nos. 51, 97, and 104 to the Second Circuit (*Palladino* Action, ECF No. 106), and that appeal is currently stayed pending resolution of Plaintiffs' second Rule 59 motion (*see* ECF No. 107). The Plaintiffs seek a hearing pursuant to Rule 12(i) and the Fifth Amendment.

Dated:  September 24, 2025                    Respectfully submitted,

                                              **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

                                              By: /s/ *Kenneth A. Gallo*
                                              Kenneth A. Gallo
                                              Donna M. Ioffredo
                                              2001 K Street, NW

---

[3]  In addition to responding to Plaintiffs' second Rule 59 motion on the merits, Defendants submitted a letter on July 18, 2025, in response to Judge Brodie's request, taking the position that the Court lacks jurisdiction to resolve the motion in light of Plaintiffs' notice of appeal. *Palladino* Action, ECF No. 112.

Washington, DC 20006-1047
(202) 223-7300
(202) 223-7420 (facsimile)
kgallo@paulweiss.com
dioffredo@paulweiss.com

Brette Tannenbaum
Nina Kovalenko
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
(212) 757-3990 (facsimile)
btannenbaum@paulweiss.com
nkovalenko@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

**HOLWELL SHUSTER & GOLDBERG LLP**

By:  /s/ *Michael S. Shuster*
Michael S. Shuster
Demian A. Ordway
Jayme Jonat
425 Lexington Avenue
New York, NY   10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
jjonat@hsgllp.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA   94111
(415) 471-3100
robert.vizas@arnoldporter.com

Anne P. Davis
Matthew A. Eisenstein
Rosemary Szanyi
601 Massachusetts Avenue, NW
Washington, DC   20001
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com
rosemary.szanyi@arnoldporter.com

*Attorneys for Defendants Visa U.S.A. Inc.,*
*Visa International Service Association, and*
*Visa Inc.*

**MORRISON FOERSTER**

By:  /s/ *Michael B. Miller*
Michael B. Miller
Mika M. Fitzgerald
250 West 55th Street
New York, NY 10019
(212) 468-8000
mbmiller@mofo.com
mfitzgerald@mofo.com

Natalie Fleming Nolen
2100 L Street, NW, Suite 900
Washington, D.C. 20037
(202) 887-1500
nflemingnolen@mofo.com

*Attorneys for Defendants Bank of America*
*Corp., Bank of America, N.A., and FIA Card*
*Services, N.A.*

**SKADDEN, ARPS, SLATE, MEAGHER &**
**FLOM LLP**

By:  /s/ *Boris Bershteyn*
Boris Bershteyn
Lara Flath
Kamali P. Willett
One Manhattan West
New York, New York 10001

Tel.: (212) 735-3000
Fax: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com
kamali.willett@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co., Paymentech, LLC (and as successor to Chase Paymentech Solutions, LLC), and JPMorgan Chase Bank, N.A. (and as successor to Chase Bank USA, N.A.)*

**ALSTON & BIRD LLP**

By:  /s/ *Kara F. Kennedy*
Kara F. Kennedy
1201 W. Peachtree St.
Atlanta, GA 30309
(404) 881-7000
kara.kennedy@alston.com

*Attorney for Defendants U.S. Bancorp, U.S. Bank National Association, SunTrust Banks, Inc., and SunTrust Bank*

**PULLMAN & COMLEY, LLC**

By: /s/ *Jonathan B. Orleans*
Jonathan B. Orleans
850 Main Street
P. O. Box 7006
Bridgeport, CT 06601-7006
Telephone: 203-330-2000
Fax: 203-576-8888
jborleans@pullcom.com

*Attorneys for Defendant Texas Independent Bancshares, Inc.*

**O'MELVENY & MYERS LLP**

By:  /s/ *Abby F. Rudzin*
Abby F. Rudzin
Andrew J. Frackman
1301 6th Avenue
Suite 1700

11

New York, NY 10019
(212) 326-2033
(212) 326-2017
arudzin@omm.com
afrackman@omm.com

*Attorneys for Defendants Capital One*
*Financial Corporation, Capital One, F.S.B.,*
*Capital One Bank (USA), National Association*
*and Capital One National Association*

**SIDLEY AUSTIN LLP**

By:  /s/ *Benjamin R. Nagin*
Benjamin R. Nagin
Tom A. Paskowitz
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
bnagin@sidley.com
tpaskowitz@sidley.com

*Attorneys for Defendants Citigroup Inc.,*
*Citibank, N.A., and Citicorp Payments*
*Services, Inc. (now Citicorp Credit Services,*
*Inc. (USA))*

**PATTERSON BELKNAP WEBB &**
**TYLER LLP**

By:  /s/ *Amy N. Vegari*
Amy N. Vegari
William F. Cavanaugh
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
avegari@pbwt.com
wfcavanaugh@pbwt.com

*Attorneys for Defendants Wells Fargo &*
*Company and Wells Fargo Bank, N.A.*

**REED SMITH LLP**

By:  /s/ *Michelle Ann Mantine*
Michelle Ann Mantine
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-4268
mmantine@reedsmith.com

*Attorney for Defendants PNC Financial Services Group, Inc., PNC, and PNC Bank, National Association*

**GIBSON, DUNN & CRUTCHER LLP**

By:  /s/ *Elizabeth P. Papez*
Elizabeth P. Papez
17 x M Street, N.W.
Washington, DC 20036
(202) 955-8608
epapez@gibsondunn.com

Rachel S. Brass
Julian W. Kleinbrodt
One Embarcadero Center,
Suite 2600
San Francisco, CA 94111
(415) 393-8293
rbrass@gibsondunn.com
jkleinbrodt@gibsondunn.com

*Attorneys for Defendant BMO Harris Bank N.A., successor-in-interest to Bank of the West*

**ALLEN OVERY SHEARMAN STERLING US LLP**

By:  /s/ *Richard F. Schwed*
Richard F. Schwed
Benjamin Klebanoff
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000
rschwed@aoshearman.com

benjamin.klebanoff@aoshearman.com

Grace J. Lee
1101 New York Ave NW
Washington, DC 20005
(202) 683-3800
grace.lee@aoshearman.com

*Attorneys for Defendants Barclays Bank plc,*
*Barclays Financial Corp., and Barclays Bank*
*Delaware*

**KEATING MUETHING & KLEKAMP**
**PLL**

By:  /s/ *Richard L. Creighton*
Richard L. Creighton
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
(513) 579-6513
rcreighton@kmklaw.com

*Attorney for Defendant Fifth Third Bancorp*

**KUTAK ROCK LLP**

By:  /s/ *Jonathan Baker*
John P. Passarelli
Jonathan I. Baker
1650 Famam Street
Omaha, NE 68102
(402) 231-8741
john.passarelli@kutakrock.com
jonathan.baker@kutakrock.com

*Attorneys for Defendant First National*
*Bank of Omaha*

**KING & SPALDING LLP**

By:  /s/ *David Lesser*
David Lesser
1185 Avenue of the Americas

14

34th Floor
New York, NY 10036
(212) 556-2261
david.lesser@kslaw.com

*Attorney for Defendants HSBC Finance Corporation and HSBC North America Holdings Inc.*

**ALSTON & BIRD LLP**

By: /s/ *Kara F. Kennedy*
Kara F. Kennedy
1201 W. Peachtree St.
Atlanta, GA 30309
(404) 881-7000
kara.kennedy@alston.com

*Attorney for Defendants SunTrust Banks, Inc. and SunTrust Bank*

**NUSSBAUM LAW GROUP, P.C.**

By: /s/ *Linda P. Nussbaum*
Linda P. Nussbaum
1133 Avenue of the Americas, 31st Floor
New York, New York 10036
(917) 438-9189
lnussbaum@nussbaumpc.com

**HILLARD SHADOWEN LLP**

Steve D. Shadowen
1717 W. 6th Street, Suite 290
Austin, Texas 78703
(717) 903-1177
steve@hillardshadowenlaw.com

**FREED KANNER LONDON & MILLEN LLC**

Michael J. Freed
100 Tri-State International, Suite 128

Lincolnshire, Illinois 60069
(224) 632-4501
mfreed@fklmlaw.com

**GRANT & EISENHOFER P.A.**

Robert G. Eisler
485 Lexington Avenue, 29th Floor
New York, New York 10017
(646) 722-8500
reisler@gelaw.com

*Co-Lead Counsel for Rule 23(b)(2) Plaintiffs*

**ROBBINS GELLER RUDMAN
  & DOWD LLP**

By: */s/ Alexandra Bernay*
Patrick J. Coughlin
Alexandra S. Bernay
655 West Broadway, Suite 1900
San Diego, CA  92101
(619) 231-1058
(619) 231-7423 (fax)

**ROBINS KAPLAN LLP**

K. Craig Wildfang
Thomas J. Undlin
Ryan W. Marth
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402-2015
(612) 349-8500
(612) 339-4181 (fax)

**BERGER MONTAGUE PC**

H. Laddie Montague, Jr.
Merrill G. Davidoff
Michael J. Kane
1818 Market Street, Suite 3600
Philadelphia, PA  19103
(215) 875-3000
(215) 875-4604 (fax)

*Co-Lead Counsel for Rule 23(b)(3) Plaintiffs*

**QUINN EMANUEL URQUHART &**
 **SULLIVAN, LLP**

By: */s/ Adam B. Wolfson*
Adam B. Wolfson
Kevin Y. Teruya
Claire D. Hausman
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
adamwolfson@quinnemanuel.com
kevinteruya@quinnemanuel.com
clairehausman@quinnemanuel.com

*Counsel for Plaintiffs Intuit Inc. and Intuit
Payment Solutions, LLC*

**QUINN EMANUEL URQUHART &**
 **SULLIVAN, LLP**

By: */s/ Marc L. Greenwald*
Marc L. Greenwald
Steig D. Olson
Manisha M. Sheth
295 5th Avenue
New York, New York 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
marcgreenwald@quinnemanuel.com
steigolson@quinnemanuel.com
manishasheth@quinnemanuel.com

Justin T. Reinheimer
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
justinreinheimer@quinnemanuel.com

*Counsel for Plaintiff Block, Inc.*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Mark C. Rifkin*
Mark C. Rifkin
Thomas H. Burt
270 Madison Avenue
9th Floor
New York, NY 10016
(212) 545-4600
rifkin@whafh.com
burt@whafh.com

*Attorneys for Lanning and Camp Grounds Plaintiffs*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: */s/ Manuel J. Dominguez*
Manuel J. Dominguez
11780 U.S. Highway One, Suite 500
Palm Beach Gardens, Florida 33408
(561) 515-1400
jdominguez@cohenmilstein.com

Christopher Bateman
Daniel Gifford
188 Pine Street, 14th Floor
New York, New York 10005
(212) 838-7797
cbateman@cohenmilstein.com
dgifford@cohenmilstein.com

*Attorneys for Old Jericho Plaintiffs*

**ALITO LAW FIRM**

By: */s/ Joseph M. Alioto*
Joseph M. Alioto, Sr.
One Sansome Street, 35th Floor

San Francisco, CA 94104
(415) 434-8900
jmalioto@aliotolaw.com

**LAW OFFICES OF JEFFERY KENNETH PERKINS**

Jeffery K. Perkins
1550-G Tiburon Boulevard, #344
Tiburon, CA 94920
(415) 302-1115
jefferykperkins@aol.com

*Attorneys for Palladino Plaintiffs*