UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | No. 1:05-md-01720 (BMC) (JAM) |
| **This Document Applies to:** *Intuit Inc., et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> *Visa Inc., et al.*, <br><br> Defendants. | No. 1:21-cv-01175 (BMC) (JAM) |
| *Block, Inc.*, <br><br> Plaintiff, <br><br> v. <br><br> *Visa Inc., et al.*, <br><br> Defendants. | No. 1:23-cv-05377 (BMC) (JAM) |

**JOINT STATUS REPORT**

Pursuant to the Court's August 29, 2025 Order, the parties to *Intuit Inc., et al. v. Visa Inc., et al.*, No. 21-cv-01175 (E.D.N.Y) and *Block, Inc. v. Visa Inc., et al.*, No. 23-cv-05377 (E.D.N.Y.), respectfully submit this Joint Status Report regarding discovery. The parties continue to meet and confer and will raise any discovery disputes that reach an impasse promptly with the Court.

1

**Plaintiffs' Position**

The parties in both actions negotiated and stipulated to the following case schedule (ECFs 9629, 9630) which was entered by the Court on May 31, 2025:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery for Non-Payment Facilitator Claims | Monday, June 23, 2025 | N/A |
| Close of Fact Discovery for All Claims | N/A | Tuesday, December 16, 2025 |
| Last Day to Serve Plaintiffs' Opening Expert Reports | N/A | Friday, January 30, 2026 |
| Last Day to Serve Defendants' Rebuttal Expert Reports | N/A | Friday, March 27, 2026 |
| Last Day to Serve Plaintiffs' Reply Expert Reports | N/A | Friday, May 1, 2026 |
| Expert Discovery Cut-Off | N/A | Friday, June 19, 2026 |
| Last Day to File Daubert and Summary Judgment Motions | N/A | Wednesday, July 29, 2026 |
| Responses to Daubert and Summary Judgment Motions | N/A | Friday, September 4, 2026 |
| Replies in Support of Daubert and Summary Judgment Motions | N/A | Friday, October 9, 2026 |
| [Proposed] Hearing on Daubert and Summary Judgment Motions | N/A | Friday, October 30, 2026 or at Court's discretion |

The parties have agreed to a substantial completion of document discovery on October 31, 2025. The agreed-upon schedule contains an extension to accommodate Defendants' other cases in the MDL. This Court has indicated it is disinclined to grant any further discovery extensions. Aug. 29, 2025 Order ("The Court is not inclined to extend discovery deadlines.").

Defendants' characterization of discovery to date is unfounded and incorrect. Both Intuit and Square have been engaged, diligent and responsive to Defendants' requests. Intuit has produced over 25,320 documents totaling more than 100,370 pages, including board presentations, transactional data, and documents collected using custodians, search terms, and time periods, disclosed to Defendants nine month ago. As of early 2025, Defendants had produced only 319 documents (3,403 pages) specifically directed to Intuit's claims—despite being the parties one would expect to hold the vast majority of documents relevant to their own conduct and this case. Defendants have only recently produced additional documents in the Intuit case after repeated

2

requests and prolonged delays. Defendants have not produced any documents in the Square case. It is Defendants who consistently go silent for weeks at a time and then drag their feet in reaching agreement. In the Intuit case, after approximately four years of refusing to conduct custodial searches for the post-2016 period, Defendants only indicated a willingness to do so on August 1, 2025. Intuit promptly agreed to proceed on a reciprocal basis, proposing a mutual review limit of 25,000 documents in light of the advanced stage of the proceedings and specific custodians and searches that Intuit is prepared to proceed with to produce documents. Meanwhile, Defendants have not committed to producing documents from custodial searches based on disclosed search parameters.

Finally, Defendants stated in their submission to Judge Cogan (and make passing reference below) that they intend to seek untimely reconsideration of their Motion to Enforce (repackaged as a Motion for Injunction) for a *third time*. Such a motion would again be improper, and it certainly is not a valid basis to extend the schedule.

Intuit and Square will continue to engage with Defendants to seek discovery to which they are entitled, and will continue to negotiate with Defendants to provide discovery that Defendants reasonably seek. We will intend to bring any impasse to the Court's attention promptly and we further intend to meet the stipulated deadlines which have been ordered by this Court.

**Defendants' Position**

On September 24, 2025, the parties provided an update on the *Intuit* and *Block* actions to the MDL Court in a Joint Proposed Agenda, pursuant to Judge Cogan's September 17, 2025 Order at 2–7, MDL ECF No. 9670. Further to that update, Defendants raise the following concerns regarding the pace of discovery.

The District Court's August 22, 2025 order denying Defendants' motion for an injunction requiring dismissal of Intuit's and Square's payment facilitator claims, entered after the Court entered the stipulated case schedule on May 31, 2025, identified open issues of fact necessary to resolve whether Plaintiffs can pursue these claims consistent with the release in the Rule 23(b)(3) Class Settlement Agreement. MDL ECF No. 9654. As Defendants have long maintained, the question of whether Intuit and Block (f/k/a Square) are agents of their customers within the meaning of the Rule 23(b)(3) Class Settlement Agreement is dispositive on this question. Since the August 22, 2025 order, as Defendants noted in the August 29, 2025 Joint Status Report, MDL ECF No. 9661, Defendants have worked diligently toward developing the record to resolve the open issues of fact.[1] Defendants have produced millions of documents in this MDL, and Plaintiffs—who have largely copied their claims from the complaints of plaintiffs who filed cases much earlier—have access to the full discovery record. Further, Defendants are working diligently to supplement the record with both additional custodial and targeted document productions. To date, however, Intuit has produced fewer than 4,200 documents (excluding non-substantive mass emails) and Square has produced no documents. Additionally, the parties have not been able to

---

[1] Given that Defendants' anticipated motion would be filed on a full record per the District Court's instruction, Defendants reject Plaintiffs' assertion that the motion would seek reconsideration of any prior decision. In any event, as Defendants previously made clear, the Court need not decide any of these issues now, as Defendants intend to seek relief at the appropriate time and on the appropriate record pursuant to the Court's rules. ECF No. 9670 at 6.

4

agree on search terms for Plaintiffs' respective custodial document reviews. Defendants understand that Square is working on a response to Defendants' proposals, while Intuit has refused to run most of Defendants' proposed search terms (the same search terms run by nearly all other opt-out plaintiffs) and seeks to arbitrarily limit their review to no more than 25,000 documents—despite having access to millions of documents from Defendants and seeking still more.

Given the scope of document productions and depositions that must be completed and the lack of substantive document productions by either Plaintiff to date, Defendants remain concerned about the pace of fact discovery. Defendants have proposed that the parties target October 31, 2025 to substantially complete document productions, so that Defendants will have enough substantive material from Plaintiffs in time to complete depositions by the December 16 close of fact discovery. Plaintiffs have agreed to the October 31 substantial completion target. Defendants will continue to diligently develop the necessary factual record to resolve the issue of fact identified by the District Court.

Dated: September 30, 2025

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Nina Kovalenko*
Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
(202) 223-7420 (facsimile)
kgallo@paulweiss.com
dioffredo@paulweiss.com

5

Brette Tannenbaum
Nina Kovalenko
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
(212) 757-3990 (facsimile)
btannenbaum@paulweiss.com
nkovalenko@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

**HOLWELL SHUSTER & GOLDBERG LLP**

By: /s/ *Michael S. Shuster*
Michael S. Shuster
Demian A. Ordway
Jayme Jonat
425 Lexington Avenue
New York, NY   10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
jjonat@hsgllp.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA   94111
(415) 471-3100
robert.vizas@arnoldporter.com

Anne P. Davis
Matthew A. Eisenstein
Rosemary Szanyi
601 Massachusetts Avenue, NW
Washington, DC   20001
(202) 942-5000
anne.davis@arnoldporter.com

matthew.eisenstein@arnoldporter.com
rosemary.szanyi@arnoldporter.com

*Attorneys for Defendants Visa U.S.A. Inc., Visa International Service Association, and Visa Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Adam B. Wolfson*
Adam B. Wolfson
Kevin Y. Teruya
Claire D. Hausman
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
adamwolfson@quinnemanuel.com
kevinteruya@quinnemanuel.com
clairehausman@quinnemanuel.com

*Counsel for Plaintiffs Intuit Inc. and Intuit Payment Solutions, LLC*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Marc L. Greenwald*
Marc L. Greenwald
Steig D. Olson
Manisha M. Sheth
295 5th Avenue
New York, New York 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
marcgreenwald@quinnemanuel.com
steigolson@quinnemanuel.com
manishasheth@quinnemanuel.com

Justin T. Reinheimer
50 California Street, 22nd Floor
San Francisco, California 94111

       Telephone: (415) 875-6600
       Facsimile: (415) 875-6700
       justinreinheimer@quinnemanuel.com

*Counsel for Plaintiff Block, Inc.*