

November 12, 2025

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York[1]
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*
             Nos. 05-md-1720 (BMC)(JAM)

Dear Judge Cogan:

    We write on behalf of the 7-Eleven Plaintiffs,[1] Target Plaintiffs,[2] and Grubhub Plaintiffs[3] in response to the motion for preliminary approval filed yesterday regarding a settlement reached by Counsel for the Rule 23(b)(2) Class in this matter and the Defendants. Specifically, we request that the Court provide our clients, all of whom are Class Members, with 30 days to evaluate the proposed settlement and determine whether they will file an opposition to the preliminary approval motion and request a hearing on that motion, or otherwise reserve any objections that they may have to the settlement for the final approval hearing. As the Court is aware, Chief Judge Brodie previously denied the motion for preliminary approval of an earlier settlement proposed by Class Counsel and defendants, largely based on the opposition filed by our clients. We request this schedule in order to

---

[1] The 7-Eleven Plaintiffs are Alimentation Couche-Tard Inc. (Circle K), Ashley Furniture Industries Inc., Barnes & Noble College Booksellers, LLC, Beall's, Inc., Boscov's, Inc., Brookshire Grocery Company, The Buckle, Inc., Coborn's, Incorporated, Cracker Barrel Old Country Store, Inc., Cumberland Farms, Inc., D'Agostino Supermarkets, Inc., Dick's Sporting Goods, Inc., Dillard's, Inc., Drury Hotels Company, LLC, Crate & Barrel, CB2 and Hudson Grace, Family Dollar Stores, Inc., Family Express Corporation, Fleet Farm and affiliates, Foot Locker, Inc., The Gap, Inc., Genesco Inc., HMSHost Corporation, IKEA North America Services, LLC, Jetro Cash & Carry Enterprises, LLC, Marathon Petroleum Company LP, Andeavor LLC, National Association of Convenience Stores, National Grocers Association, National Railroad Passenger Corporation (Amtrak), NIKE, Inc., P.C. Richard & Son, Inc., Panda Restaurant Group, Inc., Panera Bread Company, Booking Holdings Inc., priceline.com, LLC, Ralph Lauren Corporation, Recreational Equipment, Inc. (REI), Republic Services, Inc., Restoration Hardware, Inc. (RH), Swarovski U.S. Holding Limited, \Thermo Fisher Scientific Inc., Thorntons LLC, and Yum! Brands, Inc. Notably, the group no longer includes 7-Eleven, as it settled its claims against all defendants in January 2024. Nonetheless, as this group is referred to as the 7-Eleven Plaintiffs in various court decisions and correspondence since 2013, we continue to use that terminology here.
[2] The Target Plaintiffs are: Macy's, Inc., The TJX Companies, Inc., Office Depot, Inc., OfficeMax Incorporated, Bath and Body Works, Victoria's Secret, Saks, Incorporated, Lord & Taylor LLC, Maurice's, and their respective affiliates and subsidiaries.
[3] The Grubhub Plaintiffs are BJs Wholesale Club, Grubhub, Belk, Leslie's Poolmart, Uline, Bob Evans Restaurants, Pandora Jewelry, and their respective affiliates and subsidiaries..

have adequate time to assess the amended settlement in view of the problems Judge Brodie found with the previous proposal at the preliminary approval stage, and the likelihood that preliminary approval will result in industry changes that may prove difficult to unwind should the settlement be rejected following a final fairness hearing.

We have communicated this request to counsel for injunctive relief class and defendants, who have asked us to share with the Court their positions. That position is set forth below. We note, however, that each of the cases cited by Rule 23(b)(2) Class Counsel involved settlement classes certified under Rule 23(b)(3) from which class members could opt out, unlike the Rule 23(b)(2) class here. *See Yim v. Carey Limousine NY, Inc.*, 2016 WL 1389598 at *5 (S.D.N.Y. Apr. 7, 2016) (noting that objecting putative class member "has the right to opt out of the settlement and pursue his claim individually after the Court grants preliminary approval"); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 606 (W.D.N.Y. 2011) (noting that "any class members who do not want to be bound by the settlement will be given an opportunity to opt out and pursue their own claims separately"); *Chi v. Univ. of S. Cal.*, 2019 WL 3064457 at *5 (C.D. Cal. Apr. 18, 2019) (noting "[c]lass members that disapprove of the settlement agreement would be allowed to opt out of the settlement if they prefer to adjudicate their claims in an individual action…"); *Alfred v. Pepperidge Farm, Inc*., 2019 WL 13240300 (C.D. Cal. Oct. 10, 2019) ("Plaintiffs rely on Rule 23(b)(3)…"). These cases therefore do not implicate the same concerns with preliminary approval of a settlement noted above. Nor did any of these case involve potentially broad-ranging changes to pricing and rules governing an entire industry. Moreover, both *Yim* and *Davis* were decided before the December 1, 2018 amendments to Rule 23 were implemented. As Judge Brodie noted in granting preliminary approval to the Rule 23(b)(3) class settlement in 2019, under the amended Rule 23(e), "[t]he judicial role in reviewing a proposed settlement is demanding." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019).:

*Injunctive Relief Class Position*: Rule 23(b)(2) Class Plaintiffs defer to the Court's discretion as to when to address objections from class members, including whether to entertain objections from a subset of class members at the preliminary approval stage, before notice has been given. Class Plaintiffs respectfully submit that it would be most efficient and appropriate for the Court to consider objections, if preliminary approval is granted, after notice has been provided to the entire class. *See, e.g., Yim v. Carey Limousine NY, Inc.*, 2016 WL 1389598, at *5 (S.D.N.Y. Apr. 7, 2016) ("[T]he proper time for the Court to consider objections to a settlement is at the final approval hearing."); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607–08 (W.D.N.Y. 2011) ("there is no reason why those concerns cannot be fully and adequately aired at the fairness hearing"); *Chi v. Univ. of S. California*, 2019 WL 3064457, at *6 (C.D. Cal. Apr. 18, 2019) ("it is premature under Rule 24 for objectors to intervene at the preliminary approval stage, as all objections to the settlement agreement are contemplated to be lodged after preliminary approval and before final approval"); *Alfred v. Pepperidge Farm, Inc*., 2019 WL 13240300, *13 n. 9 (C.D. Cal. Oct. 10, 2019) (deferring until final approval allows the Court to consider "the context of the evidence as to the reactions from other members of each Subclass").

*Visa and Mastercard Position*: Visa and Mastercard defer to the Court's preference regarding how to handle any objections to preliminary approval.

We thank the Court for its attention to this matter.

                                                    Respectfully,

| */s/Jeffrey I. Shinder* | */s/ Kathy Patrick* | */s/ James A. Wilson* |
|---|---|---|
| Jeffrey I. Shinder | Kathy Patrick | James A. Wilson |

cc: Counsel of record