

<u>Via ECF</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas
New York, New York 10036
USA
T  +1 212 715 9100
F  +1 212 715 8100
E  paul.schoeman@hsfkramer.com
www.hsfkramer.com

November 13, 2025

Re:   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*
      No. 05-md-1720 (BMC)(JAM)

Dear Judge Cogan:

We write on behalf of Walmart Inc. in response to the motion for preliminary approval filed Tuesday, November 11 regarding a settlement reached by counsel for the Rule 23(b)(2) Class in this matter ("Injunctive Relief Class Counsel") and Defendants. (*See* Docket Entry No. 9694).  We respectfully request that the Court permit Walmart until December 12, 2025 to evaluate the proposed settlement and determine whether it will file an opposition to the preliminary approval motion and request a hearing on that motion, or otherwise reserve any objections that it may have to the settlement for the final approval hearing. The Court ordered a December 12, 2025 deadline earlier today following a similar request filed yesterday by the 7-Eleven Plaintiffs, Target Plaintiffs, and Grubhub Plaintiffs ("Direct Action Plaintiffs").  (Order re Docket Entry No. 9695, dated November 13, 2025).

We make this request for all of the reasons articulated by the Direct Action Plaintiffs in their request. (Docket Entry No. 9695).  Among other things, Chief Judge Brodie previously denied preliminary approval to an earlier settlement proposed by Injunctive Relief Class Counsel and Defendants, in large part for reasons outlined in Walmart's opposition to that proposed settlement.  We therefore request this schedule in order to have adequate time to assess the amended settlement in view of the problems that Judge Brodie found with the previous proposal at the preliminary approval stage.  We also share the Direct Action Plaintiffs' concern that preliminary approval will result in industry changes that may prove difficult to reverse even if the proposed settlement is ultimately rejected following a final fairness hearing.  We likewise share the Direct Action Plaintiffs' concern that the motion for preliminary approval relies on settlement cases inapposite to this one.  (*See id.*)

The Injunctive Relief Class Plaintiffs, and the Visa and Mastercard Defendants, have informed us that they do not object to Walmart's being on the same briefing schedule as the Direct Action Plaintiffs.

We thank the Court for its attention to this matter.

Herbert Smith Freehills Kramer LLP and its affiliated and subsidiary businesses and firms, Herbert Smith Freehills Kramer (US) LLP and its affiliate, and Herbert Smith Freehills Kramer, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills Kramer.

In New York, we practice through both Herbert Smith Freehills Kramer New York LLP, a limited liability partnership registered in England and Wales with registered number OC375072 and Herbert Smith Freehills Kramer (US) LLP, a registered limited liability partnership organized under the laws of the State of New York with an office at 1177 Avenue of the Americas, New York, NY 10036. In Washington, D.C. and California, we practice through Herbert Smith Freehills Kramer (US) LLP. We use the word partner of Herbert Smith Freehills Kramer New York LLP or of Herbert Smith Freehills Kramer (US) LLP to refer to a member of those entities, or an employee or consultant with equivalent standing and qualifications.



November 13, 2025

Sincerely,

/s/ Paul H. Schoeman
Paul H. Schoeman

*Counsel for Walmart*