# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**William Michael**
**Direct Dial:** +1 212 373 3648
**Email:** wmichael@paulweiss.com

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

December 11, 2025

<u>VIA ECF</u>

The Honorable Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 1:05-md-1720 (BMC) (JAM) (E.D.N.Y.); *Intuit Inc., et al. v. Visa Inc., et al.*, No. 1:21-cv-001175 (BMC) (JAM) (E.D.N.Y.)

Dear Judge Marutollo:

Defendants and Intuit jointly submit this letter pursuant to Your Honor's Rule VI.B to seek the Court's assistance in resolving a dispute over the duration of Intuit's Rule 30(b)(6) corporate deposition, which Intuit has offered to schedule on December 19, 2025, for seven testimonial hours. Defendants request ten testimonial hours.

Defendants and Intuit have met and conferred via email but reached impasse on this issue. Below, Defendants and Intuit set forth their positions for the Court's consideration.

**<u>Defendants' Position</u>**

Defendants ask that the Court order Intuit to provide ten testimonial hours for its Rule 30(b)(6) deposition. Defendants respectfully submit that their request is reasonable and warranted given the number and complexity of the issues involved, and the fact that the parties have agreed largely to forgo individual depositions in order to complete fact discovery expeditiously. Furthermore, Visa, Mastercard, and Square each have already agreed to provide ten hours or more of Rule 30(b)(6) and Rule 30(b)(1) testimony in response to other parties' noticed topics. Only Intuit refuses, insisting that its corporate representative will sit for no more than seven hours of testimony.

On October 9, 2025, Defendants jointly served two Rule 30(b)(6) deposition notices on Intuit: one notice for Intuit's merchant claims, requesting seven testimonial hours, and one notice for Intuit's payment facilitator and independent sales organization (ISO) claims,

requesting twelve testimonial hours. Defendants believed in good faith that the requested time would be necessary to provide a full and fair opportunity to examine Intuit's witness regarding Intuit's claims, in the distinct capacities in which Intuit has chosen to pursue them. While other merchants in the MDL have been examined regarding their merchant claims for seven or more hours, Intuit is pursuing claims not only as a merchant but also—and even more significantly in terms of the scope of the transactions involved—as a payment facilitator and ISO. Those roles involve distinct contractual relationships, distinct facts giving rise to multiple defenses (including as to standing, antitrust injury, causation, damages, and others), and distinct fact issues the Court has directed the parties to resolve (*see* Dkt. 9659 at 34), including as to the relationship between Intuit and its merchant customers.

On November 11, Intuit served responses and objections to both deposition notices, refusing to provide more than seven testimonial hours for all three sets of claims combined. On November 24, the parties held a meet-and-confer concerning the duration and scope of Rule 30(b)(6) depositions, during which Defendants—contrary to Intuit's suggestion below—stated that they would agree to accept twelve hours of testimony from each of Intuit and Square. On November 26, Defendants reiterated in correspondence the need for additional time given the breadth and complexity of Intuit's claims and the substantial damages asserted, taking into account the documents produced and the issues raised therein. Defendants also made multiple requests of Intuit to identify a Rule 30(b)(6) witness or witnesses and to provide dates for the deposition, as it was the last party to do so. Intuit did not respond until December 3, when Intuit identified its Rule 30(b)(6) witness for the first time and said the witness would be available to be deposed for seven testimonial hours on December 19. On December 4, Defendants renewed their request for more than seven testimonial hours, and offered flexibility in scheduling the additional time, explaining that Square has agreed to provide ten testimonial hours for its Rule 30(b)(6) deposition to address Square's merchant and payment facilitator claims (Square does not bring any ISO claims) and that Mastercard and Visa are each providing at least twelve hours of testimony. But Intuit has refused to budge even though, unlike Square, Intuit brings additional ISO claims and seeks damages for a longer period (starting in 2004, rather than 2009 for Square).

In light of this history—and in light of the intense, expedited nature of the fact discovery period in this matter—Intuit is wrong to suggest below that Defendants' application to the Court is untimely. Defendants raise this issue now because they used their best efforts to resolve it without Court intervention, at the same time as the parties have worked out (and continue to work out) numerous document production issues and negotiated the scope of Rule 30(b)(6) depositions. In other words, Defendants have brought this issue to the Court as soon as possible after understanding that, unlike all other parties, Intuit would refuse to cooperate on this issue.

Intuit has claims seeking damages based on transactions involving billions of dollars in challenged fees over a 20-year period, based on three distinct business models and three distinct factual underpinnings—it seeks damages as a merchant, as a payment facilitator, and as an ISO. Defendants need to be able to understand and explore all aspects of Intuit's claims in order to prepare their defenses, including on questions of agency that the Court has identified, which will be dispositive to Intuit's ability to pursue claims for damages based on the transactions of its merchant customers—the same transactions involved in the Rule 23(b)(3) settlement. Again, given the amount of potential damages at stake, the time period, and the multiple business models at issue in Intuit's claim, more than seven testimonial hours are warranted—and Defendants already have compromised by offering to accept ten hours (which is the same as they agreed on with Square). Defendants themselves have already sat for multiple Rule 30(b)(6) depositions throughout the course of MDL 1720, to which Intuit and Square have access, and will have witnesses sitting for a combined total of 24 additional hours of Rule 30(b)(6) and individual testimony over the coming weeks. Allowing Intuit to cut short the time for a deposition of its Rule 30(b)(6) witness would be unfair to Defendants given this asymmetry, and would prejudice Defendants' ability to develop their defenses against Intuit specifically. That is particularly true given that, in exercising their best efforts to complete fact discovery expeditiously, the parties have largely agreed not to take Rule 30(b)(1) fact depositions (and thus to limit themselves mostly to Rule 30(b)(6) corporate testimony), with limited exceptions to be set forth in a joint letter that Defendants expect will be filed promptly.

Intuit deflects from this prejudice by suggesting that only *half* of the time that Defendants have agreed to sit for depositions is specifically devoted to Intuit. But this is an MDL, and Intuit and Square are pursuing highly similar claims. There is no reason they cannot coordinate for depositions and share deposition time as many plaintiffs in this MDL have done before them. Similarly, it is disingenuous for Intuit to suggest that it does not benefit from the extensive discovery taken from Defendants previously. Intuit's complaint parrots the same claims and theories as other plaintiffs pursued for many years before Intuit chose to bring its own case. Intuit thus obviously benefits from the dozens of depositions those plaintiffs took, and the fact that many of the depositions took place in 2017 only underscores how tardy Intuit was in filing its case. Nor is the prejudice of Intuit's position ameliorated by the fact that additional depositions may be sought before trial. As Intuit well knows, in light of Judge Brodie's August 2025 determination that additional fact discovery was needed to resolve the question of whether Intuit's merchant customers have released the duplicative claims that Intuit now seeks to pursue based on those merchants' transactions, Defendants seek to promptly bring a motion on this topic. Intuit should not be permitted to curtail the discovery that Defendants need to take to enforce their rights.

Defendants therefore respectfully submit that they have demonstrated good cause to seek ten hours of Intuit Rule 30(b)(6) testimony under the circumstances. Accordingly, Defendants request that the Court direct Intuit to provide ten testimonial hours for its Rule

30(b)(6) deposition. Defendants will work cooperatively with Intuit to schedule those ten hours on consecutive or non-consecutive days in light of existing depositions and outstanding document discovery issues.

**Intuit's Position**

Since receiving Defendants' Rule 30(b)(6) notices, Intuit has maintained that the Federal Rule's default 7-hour limit should apply for its 30(b)(6) deposition. *See* Fed. R. Fed. R. Civ. P. 30(d)(1). As Defendants' position statement acknowledges, Intuit stated it would provide no "more than seven testimonial hours" a month ago, on November 11, in its written responses and objections to the deposition notices. In a subsequent November 21 email to Defendants' counsel, Intuit again stated that it would make a witness available for "7 hours on the record." During a November 24 conferral which followed this email, counsel for Defendants did not raise the issue of the length of Intuit's 30(b)(6) deposition, instead requesting in an email later that week that Intuit "produce a 30(b)(6) witness or witnesses to testify for **12 hours** on the record." Defendants' December 4 email referenced in their position statement above was an omnibus email concerning a number of outstanding fact discovery issues, where Defendants seemed to revise their request to Intuit for **10 hours** of 30(b)(6) testimony, in the form of a proposed joint stipulation. Defendants first indicated to Intuit that it would seek relief from the Court on this issue after the close of business on December 9 and initially insisted that Intuit provide its response within less than 24 hours. With fact discovery set to close within days, Defendants' eleventh hour request for Intuit to be ordered to exceed the Federal Rule's default 7-hour deposition limit is unnecessary and untimely and should be denied.[1]

Defendants' position fails at least because they have failed to articulate any reason they need more than 7 hours of record time to "fairly examine the witness." *See* Fed. R. Fed. R. Civ. P. 30(d)(1). Intuit's 30(b)(6) single deposition designee will be prepared to provide testimony on the agreed scope of Defendants' topics: generally, the payment options Intuit offers as an ISO, PayFac, and merchant, the benefits and costs associated with those payment options, and how Intuit, as a PayFac and ISO, accepts and processes Defendants' credit and debit payment cards. Defendants should easily be able to efficiently cover these topics in 7 record hours, and have provided no reason they cannot. Defendants' stated grounds for the additional time—the "transactions involv[e] billions of dollars" and "the amount of potential damages at stake"—make no showing of a need of 3 additional record hours from Intuit. Defendants' only other asserted basis for their request—a supposed asymmetry in the

---

[1] The timing of Defendants' request alone would appear to warrant denial of their request. *See* Judge Marutollo's Individual Practices and Rules, VI.B. ("Absent extraordinary circumstances, discovery applications made later than thirty (30) days prior to the close of discovery may be denied as untimely").

deposition testimony that Defendants are providing or previously provided in MDL 1720—has nothing to do with the time needed to fairly examine Intuit.

Moreover, there is nothing asymmetrical or inherently unfair about the parties' currently scheduled depositions in this matter, as Defendants incorrectly claim. Each Defendant is providing multiple corporate designees yet is refusing to provide testimony for more than a total of seven hours to Intuit. Specifically, for Intuit's 30(b)(6) topics Mastercard has only offered to make its 30(b)(6) witnesses available to Intuit for an effective 3½ hours (7 total hours to be shared with Square across two witnesses) and Visa has only offered to make its 30(b)(6) witnesses available to Intuit for an effective 4½ hours (2 hours for one Intuit topic for one witness and 5 hours to be shared with Square for another witness for Intuit's remaining topics).[2] Defendants' demand for more time to examine Intuit than they are willing to provide is unfair and unreasonable especially given that Intuit's claims pertain to conduct by Defendants. Defendants assert but do not explain why their prior deposition testimony in MDL 1720, taken largely in 2017, 8 years ago and before Intuit filed its complaint, should somehow weigh against Intuit. Additionally, Defendants gloss over the fact that Intuit and Defendants have agreed to forgo Rule 30(b)(1) fact depositions at this stage in the case, in favor of pre-trial depositions for any trial witnesses who have not been previously deposed. This agreement provides additional protection for any of Defendants' stated concerns, as any Intuit employee witness, other than Intuit's 30(b)(6) designee, will be necessarily subject to a pre-trial deposition.

Intuit respectfully requests that the Court deny Defendants request to require Intuit to provide Rule 30(b)(6) deposition testimony in excess of the Federal Rule's default 7-hour limit.

We thank the Court for its consideration.

---

[2] Defendants claim that "Mastercard and Visa are each providing at least twelve hours of testimony" is misleading. This counts time for ***Rule 30(b)(1)*** depositions noticed by Square, regarding employees of Defendants who had relationships with ***Square***.

Respectfully,

*/s/ William Michael*

William Michael

*Counsel for the Mastercard Defendants*

cc: All Counsel of Record via ECF