

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 2 2025 ★

BROOKLYN OFFICE

**TO:** Clerk of Court
United States District Court for the Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Class Counsel: Robert G. Eisler
Grant & Eisenhofer P.A.,
485 Lexington Ave., 29th Floor,
New York, NY 10017

Designated Defendants' Counsel: Matthew A. Eisenstein
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

| | |
|---|---|
| UNITED STATES DISTRICT COURT | : |
| FOR THE EASTERN DISTRCIT OF NEW YORK | : |
| | : |
| In re Payment Card Interchange Fee and | :     No. 05-MD-1720 (BMC)(JAM) |
| Merchant Discount Antitrust Litigation | :     **Statement of Objections** |

The National Association of College Stores, Inc. ("NACS"), headquartered at 528 E. Lorain Street, Oberlin, Ohio 44074, is a member of the Rule 23(b)(2) Class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. Having accepted Visa and MasterCard credit cards between December 18, 2020, and today, NACS objects to the proposed settlement.

NACS is a not-for-profit trade association representing the campus retailing industry. More than 3,000, many of whom are nonprofit, stores serving colleges, universities, and K-12 schools in the United States, Canada, and around the world are served by NACS, along with more than 175 companies supplying goods and services to campus stores. NACS's store-members support the

528 E. Lorain St., Oberlin, OH 44074-1294
Ph: (440) 775-7777 | www.nacs.org

educational function of educational institutions and their faculty and students by listening and responding to their needs and interests while providing the highest level of service.

NACS is a member of the proposed plaintiff classes for two reasons: First, NACS has itself accepted Visa and/or MasterCard since at least 1985 and therefore has paid excessive interchange fees. Second, NACS possesses organizational standing. All of NACS's members are believed to have accepted Visa and/or Mastercard since at least 2004. NACS therefore has standing to object to the proposed classes because NACS's mission is to serve the interests of its members, NACS's college-store members each would otherwise possess standing to sue as individual merchants, and this matter does not require the individual participation of NACS's members. See N.Y. State Nat. Org. for Women v. Terry, 886 F.2d 1339, 1348 (2d Cir. 1989) (elements of organizational standing for association).

**There are several reasons for our objection to the proposed settlement.**

First, college stores across the country are being burdened by excessive swipe fees that are imposed by Visa and Mastercard and that are not subject to normal marketplace competition. Excessive swipe fees on college bookstores that would otherwise be returned to students through lower prices, grant aid, and improved student services are being misdirected toward credit card companies at a time when students are struggling to afford college.

The proposed settlement does not come close to fixing the swipe fee challenges our industry faces. The biggest problem with swipe fees is that Visa and Mastercard fix fee rates on behalf of the banks that issue credit cards and set the terms by which those cards are accepted, so banks do not have to compete with each other on fee rates and those rates stay excessively high. Nothing in the settlement fixes the fundamentally anticompetitive fee-fixing and rule-setting role that Visa and Mastercard perform on behalf of card-issuing banks. Under the settlement, we and our members would still be subject to Visa's and Mastercard's limitations on our ability to bargain

with credit card issuers. We should not have those restrictions. Colleges and universities and our member nonprofits and businesses should be able to negotiate agreements with credit card issuers in any ways that are acceptable both to them and to those credit card issuers. Visa's and Mastercard's restrictions on those negotiations cannot account for the needs and situations of individual businesses like ours and our members and are only there to constrain the market and limit competition. In fact, the settlement gives Visa, Mastercard and the banks legal immunity to continue that system.

Second, the swipe fee relief that the settlement offers is inadequate, temporary, and largely unworkable for the college store community. For example,

- The settlement proposes reducing Visa and Mastercard credit card interchange rates by 0.1 percent for five years. This is a tiny fraction of current Visa and Mastercard rates, which average at least 2.35 percent. And after the five years are up, Visa and Mastercard could raise rates again at will.
- The settlement proposes setting a temporary eight-year interchange rate cap of 1.25% for so-called "standard" consumer credit cards. But this is a small subset of credit cards and the card companies would be able to freely change which cards are subject to this category, so this rate cap will not provide merchants meaningful relief.
- The settlement proposes to allow merchants to refuse to accept rewards cards, but the vast majority of credit cards used by students, parents, and alumni are reward cards, which means that opting out of rewards cards would essentially mean opting out of accepting cards altogether in an era where most retail transactions are paid by card. That is not a workable solution for businesses like our members.
- Credit card issuing banks can further make the change to the honor all cards rule ineffectual by moving cards from one category to another. We have no insight into those

changes and the proposed settlement does not place any restrictions on those changes. This makes it impossible for college stores to plan for or use this type of relief.

- The settlement also does nothing to stop Visa and Mastercard from increasing other fees besides interchange fees, such as network fees. This means any interchange fee savings that the settlement might provide merchants can be wiped away by other fee increases.

- Just like the 2024 settlement, this agreement makes surcharging a central element of its relief. But, Judge Brodie properly rejected the 2024 settlement because surcharging does not address the combination of Visa and Mastercard setting banks' rates combined with restrictions like the honor all cards rule. For example, this relief does not allow colleges and universities and college stores to surcharge based on the individual bank that issued the card. That restriction means there is no way to use surcharging to spur price competition among credit card issuers which a foundational problem the litigation is supposed to address. Even if college stores were allowed to surcharge for credit cards, our members have consistently shown no interest in doing so.

- While the settlement appears to allow discounts based on the individual credit card issuer, the settlement empowers Visa and Mastercard to limit the utility of those discounts by preserving existing agreements with merchants under which merchants do not discount and by allowing Visa and Mastercard to simultaneously enforce rules that prohibit merchants from disparaging their brand or encouraging customers from using one issuer over another. This will likely lead to constant disputes between Visa, Mastercard and merchants over what discounts are permissible and what is considered a "discount" versus a "surcharge" (with surcharging by issuer not allowed under the settlement). The narrow straitjacket afforded by the settlement does not allow colleges and universities and their

college stores to have the negotiating tools that they have when dealing with any other supplier in normal operations.

Third, the attorneys representing a handful of merchants did not coordinate with or represent the interests of the vast majority of merchants, including our industry, yet under the proposed settlement all merchants, including ours, would be bound to its terms and would lose the ability to go to court to challenge unfair aspects of the swipe fee system. We note that the proposed settlement is opposed by all of the major trade groups representing merchants, including NFIB, FMI, National Association of Convenience Stores, National Grocers Association, National Restaurant Association, National Retail Federation, Retail Industry Leaders Association, and more. It was not fair or legitimate for the attorneys representing the class to refuse to seek input from businesses like ours and the trade groups that represent our industry.

Fourth, this settlement is substantially similar to the proposed settlement that was rejected just last year by Federal District Court Judge Margo Brodie of the Eastern District of New York. The changes that have been made to that 2024 proposed settlement do not provide meaningful or workable relief to the swipe fee problem and do not alter the fact that this proposed settlement would be a bad deal for merchants like colleges and universities and their college stores. The narrow changes from the last settlement are tightly constrained and are simply the ones that the Defendants know will be least useful to businesses and nonprofits. That is not a reasonable substitute for a free market in which differently situated businesses can employ different strategies as they choose to try to negotiate better deals that meet their own businesses' needs.

We do not want to be bound by a bad deal. This proposed settlement sacrifices the legal rights of merchants like ours and our members in exchange for inadequate, temporary and unworkable relief, and it would further entrench the current swipe fee system which has burdened our business

and the customers we serve. The attorneys who negotiated this settlement with Visa, Mastercard, and big banks did not adequately represent our interests, and we do not support the settlement. NACS therefore asks the Court to reject the settlement proposal.

Date: December 11, 2025

Respectfully Submitted,

*Richard Hershman*
_____
Richard Hershman
Vice President
National Association of College Stores, Inc.
528 E. Lorain Street
Oberlin, Ohio 44074
(202) 778-4598