FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 12 2025 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT :
FOR THE EASTERN DISTRCIT OF NEW YORK :
:
In re Payment Card Interchange Fee and : No. 05-MD-1720 (BMC)(JAM)
Merchant Discount Antitrust Litigation :

### STATEMENT OF OBJECTIONS TO PROPOSED SETTLEMENT OF THE ENERGY MARKETERS OF AMERICA ("EMA")

On behalf of the thousands of the retailer members of EMA's federated associations, EMA hereby sets forth its objections to the proposed settlement of this class action litigation. EMA is a federation of 48 State and regional trade associations representing petroleum marketers, thousands of whom sell motor fuels at retail and are members of the Rule 23(b)(2) Class in the above-captioned action. There are several reasons for our objection to the proposed settlement.

First, petroleum retailers across the country are being burdened by excessive swipe fees that are imposed by Visa and Mastercard and that are not subject to normal marketplace competition. Next to the cost of employees, the swipe fees represent the largest category of costs incurred in running their businesses. Our members urgently need relief from these excessive fees. However, the proposed settlement does not come close to fixing the swipe fee challenges they face.

EMA believes this proposal would entrench the anti-competitive swipe fee system, not reform it. The fee reduction of one-tenth of a percent is negligible, and the 1.25% cap on interchange fees is only temporary, and can easily be manipulated by the card companies' raising the network and other non-interchange fees they collect. Visa and Mastercard would also retain centralized control over interchange fees and restrictive acceptance rules. This control would allow them to attach potential rewards, however small, to all their cards, thereby rendering the right to decline rewards cards meaningless. These are but a few examples of the unworkable, illusory, and impractical changes to the settlement that make objecting to it worthwhile.

Second, the swipe fee relief that the settlement offers is inadequate, temporary, and largely unworkable. In particular:

- The settlement proposes reducing Visa and Mastercard credit card interchange rates by 0.1 percent for five years. This is a tiny fraction of current Visa and Mastercard rates, which average at least 2.35 percent. And after the five years are up, Visa and Mastercard could raise rates again at will.

- The bar against merchant legal claims would last eight years while the 0.1 percent reduction in rates will only last five years. That leaves our members' businesses open to rate increases over the last three years covered by the release in the settlement that could match or exceed any potential savings.

- The settlement proposes setting a temporary eight-year interchange rate cap of 1.25% for so-called "standard" consumer credit cards. But this is a small subset of credit cards and the card companies would be able to freely change which cards are subject to this category, so this rate cap will not provide merchants meaningful relief.

- The settlement proposes to allow merchants to refuse to accept rewards cards, but the vast majority of credit cards are rewards cards, which means that opting out of rewards cards would essentially mean opting out of accepting cards altogether in an era where most retail transactions are paid by card. That is not a workable solution for our members' businesses.

- Credit card issuing banks can further make the change to the honor all cards rule ineffectual by moving cards from one category to another. We have no insight into those changes and the proposed settlement does not place any restrictions on those changes. This makes it impossible for businesses to plan for or use this type of relief.

- The settlement also does nothing to stop Visa and Mastercard from increasing other fees besides interchange fees, such as network fees. This means any interchange fee savings that the settlement might provide merchants can be wiped away by other fee increases.

- Just like the 2024 settlement, this agreement makes surcharging a central element of its relief. But, Judge Brodie properly rejected the 2024 settlement because surcharging does not address the combination of Visa and Mastercard setting banks' rates combined with restrictions like the honor all cards rule. For example, this relief does not allow businesses to surcharge based on the individual bank that issued the card. That restriction means there is no way to use surcharging to spur price competition among credit card issuers which is a foundational problem the litigation is supposed to address.

- While the settlement appears to allow discounts based on the individual credit card issuer, the settlement empowers Visa and Mastercard to limit the utility of those discounts by preserving existing agreements with merchants under which merchants do not discount and by allowing Visa and Mastercard to simultaneously enforce rules that prohibit merchants from disparaging their brand or encouraging customers from using one issuer over another. This will likely lead to constant disputes between Visa, Mastercard and merchants over what discounts are permissible and what is considered a "discount" versus a "surcharge" (with surcharging by issuer not allowed under the settlement). The narrow straitjacket afforded by the settlement does not allow businesses to have the negotiating tools they have when dealing with any other supplier in their normal operations.

- In exchange for these inadequate relief measures, the settlement would broadly bar all merchants – whether they agree with the settlement or not – from bringing legal claims against Visa, Mastercard and the big banks regarding their credit and debit card fees and practices. That means the settlement would entrench the current unfair swipe fee system rather than meaningfully reforming it.

Third, the settlement was negotiated in secret between Visa, Mastercard, several giant banks, and attorneys representing a handful of merchants. These attorneys did not coordinate with or represent the interests of the vast majority of merchants, including our members, yet under the proposed settlement all merchants, including our members, would be bound to its terms and would lose the ability to go to court to challenge unfair aspects of the swipe fee system. We note that the proposed settlement is opposed by all of the other major trade groups representing merchants, including NFIB, FMI, National Association of Convenience Stores, National Grocers Association, National Restaurant Association, National Retail Federation, Retail Industry Leaders Association, and more. It was not fair or legitimate for the attorneys representing the class to refuse to seek input from the trade groups that represent class members.

Fourth, this settlement is substantially similar to the proposed settlement that was rejected just last year by Federal District Court Judge Margo Brodie of the Eastern District of New York. The changes that have been made to that 2024 proposed settlement do not provide meaningful or workable relief to the swipe fee problem and do not alter the fact that this proposed settlement would be a bad deal for merchants. The narrow changes from the last settlement are tightly constrained and are simply the ones that the Defendants know will be least useful to businesses like those of our members. That is not a reasonable substitute for a free market in which differently situated businesses can employ different strategies as they choose to try to negotiate better deals that meet their own businesses' needs.

EMA retailer members do not want to be bound by a bad deal. This proposed settlement sacrifices the legal rights of merchants like ours in exchange for inadequate, temporary and unworkable relief, and it would further entrench the current swipe fee system which has burdened our business and the customers we serve. The attorneys who negotiated this settlement with Visa, Mastercard, and big banks did not adequately represent our interests, and we do not support the settlement.

We urge the Court to reject the settlement proposal.

Respectfully submitted,

ENERGY MARKETERS OF AMERICA

By: _____
Name: Rob Underwood
Title: President

cc: Robert G. Eisler, Esq.
    Matthew A. Eisenstein, Esq