UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

Case No. 05-md-1720 (BMC) (JAM)

### OLD JERICHO PLAINTIFFS' STATEMENT OF OBJECTIONS

We represent the proposed class of branded gas retailers in *Old Jericho Enterprise, Inc. v. Visa, Inc.*, 2:20-cv-02394 (MKB)(JAM) (the "Old Jericho Plaintiffs"). We write to submit the Old Jericho Plaintiffs' objections to the proposed Settlement of the Rule 23(b)(2) Class in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (BMC)(JAM).

The Old Jericho Plaintiffs' complaint seeks damages under the laws of numerous *Illinois Brick* repealer states, in addition to "such other and further relief as the Court deems just and proper." *See* Old Jericho Compl., ECF No. 1, 2:20-cv-02394 (MKB)(JAM). Although the Old Jericho Plaintiffs' equitable claims may be affected by the proposed Settlement Agreement, the settlement of the Rule 23(b)(2) Class has no bearing on the Old Jericho Plaintiffs' claims for damages under state law.[1] However, several provisions in the proposed Settlement Agreement may arguably be read to release, stay, or otherwise affect pure monetary damages claims beyond

---

[1] The Old Jericho Plaintiffs argue that, as indirect purchasers of card acceptance services, they are not parties to the Rule 23(b)(3) direct-purchaser settlement previously approved in this litigation, and that they may bring a separate state-law damages action as a result. On September 5, 2024, the District Court held that the Old Jericho Plaintiffs were bound by the Rule 23(b)(3) settlement release and dismissed their state-law action. *See* Mem. Order, ECF No. 9406 (Sept. 5, 2024). The Old Jericho Plaintiffs appealed that ruling, which is presently under submission to the Second Circuit. *See Old Jericho Enter., Inc. v. Visa, Inc.*, No. 24-2678 (2d. Cir.).

1

the scope of the Settlement, and the Old Jericho Plaintiffs object to address these ambiguities. In particular, the Old Jericho Plaintiffs object to the following four provisions of the proposed Settlement Agreement:

*First*, the Old Jericho Plaintiffs object to the release in Paragraph 116(a) of the proposed Settlement Agreement. Paragraph 116(a) provides for the release of "any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, *parens patriae*, or otherwise in nature, to the extent that they seek any form of declaratory, injunctive, or equitable relief, or attorneys' fees, costs, expenses, or interest, to the extent such fees, costs, expenses, or interest are related to those claims, demands, actions, suits, and causes of action." Settlement Agreement ¶ 116(a), ECF No. 9692-2. The Old Jericho Plaintiffs express no opinion on whether "declaratory, injunctive, or equitable relief" *claims* should be released by the Settlement. However, to the extent Paragraph 116(a) may be construed to release all "actions" or "suits" in which a party seeks any declaratory, injunctive, or other equitable relief, the Old Jericho Plaintiffs object. Such a reading would imply that any action seeking damages is also released merely because it includes a request for equitable relief. The Old Jericho Plaintiffs do not agree to, and therefore object to, any such overbroad construction. The Old Jericho Plaintiffs further object to the excerpted language's proposed release of claims, demands, actions, suits, or causes of action "to the extent that they seek any . . . attorneys' fees, costs, expenses, or interest, to the extent such fees, costs, expenses, or interest are related to those claims, demands, actions, suits, and causes of action." *Id.* Claims, demands, actions, suits, or causes of action should not be released by the Settlement to the extent they seek damages, regardless of whether they seek attorneys' fees, costs, expenses, or interest.

2

*Second*, the release carve-out in Paragraph 119(c) fails to remedy these issues. Paragraph 119(c) provides that "[n]otwithstanding" the release provisions, the Settlement Agreement "shall not release" claims "seeking monetary damages but not any form of declaratory, injunctive, or equitable relief with respect to the claims released herein." *Id.* ¶ 119(c). Again, to the extent this carve-out may be read to preserve claims "seeking monetary damages" *only if* the plaintiff does not also seek "declaratory, injunctive, or equitable relief" in the same action, the Old Jericho Plaintiffs object.

*Third*, the Old Jericho Plaintiffs object to Paragraph 126(d), which requests that the Court enter a Class Settlement Notice and Scheduling Order staying "all further proceedings in actions listed in Appendix A [including the *Old Jericho* action], to the extent that they seek declaratory, injunctive, or equitable relief against the Defendants that is being released against the Rule 23(b)(2) Class Released Parties, except for proceedings in MDL 1720 related to effectuating and complying with this Rule 23(b)(2) Class Settlement Agreement, pending the Court's determination of whether this Rule 23(b)(2) Class Settlement Agreement should be finally approved or the termination of this Rule 23(b)(2) Class Settlement Agreement." *Id.* ¶ 126(d). To the extent Paragraph 126(d) purports to stay all "*actions*" in which a party seeks, in part, declaratory, injunctive, or equitable relief, the Old Jericho Plaintiffs object.

*Fourth*, the Old Jericho Plaintiffs object to Paragraphs 120(b) and (c) of the proposed Settlement, which state: "Upon the Settlement Approval Date, each of the Rule 23(b)(2) Class Releasing Parties agrees and covenants not to . . . (b) assist any third party in commencing or maintaining any private civil lawsuit against any Rule 23(b)(2) Class Released Party related in any way to any claim released herein; or (c) take any action or make any claim until the longer of five years after the Settlement Final Date or eight years after the Settlement Approval Date that a

3

Rule 23(b)(2) Class Released Party has continued to participate in, and failed to withdraw from, any alleged unlawful conspiracies or agreements relating to the claims released herein, which allegedly arise from or relate to the pre-IPO structure or governance of any of the Visa Defendants or the pre-IPO structure or governance of any of the Mastercard Defendants, or any Bank Defendant's participation therein*." Id.* ¶ 120. As written, Paragraphs 120(b) and (c) and, in particular, their release of all lawsuits "related in any way to any claim released herein" and of conspiracy- or agreement-related claims "relating to the claims released herein"—is confusing, vague, and susceptible to multiple interpretations, including that damages claims like those brought by the Old Jericho Plaintiffs have been released.

    The Old Jericho Plaintiffs do not interpret these provisions to bar Rule 23(b)(2) Class Releasing Parties from bringing claims for monetary damages; indeed, they believe that the clear, overarching intent of the proposed Settlement Agreement is to the contrary. However, if the Settlement Agreement is approved as written, Defendants may use the ambiguity described above to argue that damages claims like those brought by the Old Jericho Plaintiffs have been released. Accordingly, the Old Jericho Plaintiffs believe this language must be revised to clarify that no Rule 23(b)(2) Class Releasing Party would release any claim for monetary damages (or attorneys' fees, costs, expenses, or interest related thereto), even if a) the "action" also seeks "declaratory, injunctive, or equitable relief," or b) the claim arguably "relat[es] to the claims released."

    The Old Jericho Plaintiffs thank the Court for its consideration.

| | |
|---|---|
| Dated: December 12, 2025 | Respectfully submitted,<br><br>*/s/ Christopher J. Bateman*<br>Christopher J. Bateman<br>Daniel L. Gifford<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>cbateman@cohenmilstein.com<br>dgifford@cohenmilstein.com<br><br>Manuel J. Dominguez<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>11780 U.S. Highway One, Suite 500N<br>Palm Beach Gardens, FL 33408<br>Telephone: (561) 515-1400<br>jdominguez@cohenmilstein.com |