UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | No. 05-md-1720 (BMC)(JAM) |
| This Document Relates To: *Barry's Cut Rate Stores Inc. et al. v. Visa, Inc. et al.*, No. 05-md-1720 (BMC)(JAM), also now known as *DDMB, Inc. et al.* v. *Visa, Inc. et al.*, No. 05-md-01720 (E.D.N.Y.) (BMC)(JAM) | |

## *7-ELEVEN* PLAINTIFFS' RESPONSE TO THE PROPOSED MANDATORY SETTLEMENT

**SHINDER CANTOR LERNER LLP**
Jeffrey I. Shinder
Matthew L. Cantor
David A. Scupp
14 Penn Plaza, 19th Floor
New York, New York 10122
Telephone: (646) 960-8602
Email: jeffrey@scl-llp.com

**CONSTANTINE CANNON LLP**
Owen Glist
Taline Sahakian
Ankur Kapoor
230 Park Avenue, 17th Floor
New York, New York 10169
Telephone: (212) 350-2700
Email: oglist@constantinecannon.com

*Counsel for the 7-Eleven Plaintiffs*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

ARGUMENT .................................................................................................................................... 3

I.   The Proposed Class Settlement Notice and Scheduling Order Should Not Impact the *7-Eleven* Plaintiffs' Upcoming Trial. ............................................................................ 3

II.  The *7-Eleven* Plaintiffs Reserve All Rights Concerning Final Approval of the Proposed Settlement. ................................................................................................ 4

The *7-Eleven* Plaintiffs[1] submit the following response to the amended settlement proposed by Equitable Relief Class Counsel.[2]

## PRELIMINARY STATEMENT

The *7-Eleven* Plaintiffs comprise the largest group of merchants that have been actively litigating their claims in this court and the Southern District since 2013. The *7-Eleven* Plaintiffs are large and medium-sized merchants from virtually every sector of the U.S. economy, including grocery stores, convenience stores, big-box retail, quick-service restaurants, hotels, rail transportation, online travel, home furnishings, sports and leisure equipment, and apparel. The *7-Eleven* Plaintiffs produced millions of pages of documents, produced over 200 witnesses for deposition, and defeated over a dozen summary judgment and *Daubert* motions. Members of the group are preparing to try their damages claims in the Southern District commencing April 20, 2026.

---

[1] For purposes of this response, the "*7-Eleven* Plaintiffs" are Alimentation Couche-Tard Inc. (Circle K), Ashley Furniture Industries Inc., Barnes & Noble College Booksellers, LLC, Beall's, Inc., Boscov's, Inc., Brookshire Grocery Company, The Buckle, Inc., Coborn's, Incorporated, Cracker Barrel Old Country Store, Inc., Cumberland Farms, Inc., D'Agostino Supermarkets, Inc., Dick's Sporting Goods, Inc., Dillard's, Inc., Drury Hotels Company, LLC, Crate & Barrel, CB2 and Hudson Grace, Family Dollar Stores, Inc., Family Express Corporation, Fleet Farm and affiliates, Foot Locker, Inc., The Gap, Inc., Genesco Inc., HMSHost Corporation, IKEA North America Services, LLC, Jetro Cash & Carry Enterprises, LLC, Marathon Petroleum Company LP, Andeavor LLC, National Railroad Passenger Corporation (Amtrak), NIKE, Inc., P.C. Richard & Son, Inc., Panda Restaurant Group, Inc., Panera Bread Company, Booking Holdings Inc., priceline.com, LLC, Ralph Lauren Corporation, Recreational Equipment, Inc. (REI), Republic Services, Inc., Restoration Hardware, Inc. (RH), Swarovski U.S. Holding Limited, The Talbots, Inc., Thermo Fisher Scientific Inc., Thorntons LLC, and Yum! Brands, Inc. Although 7-Eleven, Inc. resolved its claims and is no longer part of this group, we use "*7-Eleven* Plaintiffs" for consistency with past filings and court orders that use that nomenclature.

[2] Mot. for Prelim. Approval of Amended Settlement, ECF No. 9690 (Nov. 10, 2025); Superseding and Amended Class Settlement Agreement of the Rule 23(b)(2) Class Pls. and the Defs., ECF No. 9692-2 (Nov. 10, 2025) ("Proposed Mandatory Settlement" or "Settlement").

1

The *7-Eleven* Plaintiffs maintain their position regarding their inclusion in a mandatory class in this case. Given the *7-Eleven* Plaintiffs' differential status relative to the rest of the mandatory class—as active litigants with impending trials—the *7-Eleven* Plaintiffs seek to confirm that the stay and injunction provisions of the proposed Class Settlement Notice and Scheduling Order will not affect their impending damages trials.

As for the merits of the Proposed Mandatory Settlement, the *7-Eleven* Plaintiffs respectfully reserve their rights regarding the Proposed Settlement at the final approval stage.

## BACKGROUND

The *7-Eleven* Plaintiffs opposed the first class action settlement in this case, opting out of the damages class and objecting to the mandatory class settlement.[3] The *7-Eleven* Plaintiffs thereafter filed their initial Complaint on June 26, 2013. The *7-Eleven* Plaintiffs appealed the district court's approval of the first mandatory settlement, and the Second Circuit vacated that approval. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207 (E.D.N.Y. 2013), *rev'd and vacated*, 827 F.3d 223 (2d Cir. 2016).

The *7-Eleven* Plaintiffs (and the other Direct Action Plaintiffs) have taken the lead in litigating this case for the last 12+ years, including fact and expert discovery and summary judgment. The *7-Eleven* Plaintiffs produced over 200 of their own witnesses for deposition and millions of pages of their own documents, took over 200 defendant and non-party depositions, retained their own experts, and conducted years of discovery. *See* Decl. of Jeffrey I. Shinder in Supp. of DAPs' Opp. to Equitable Relief Pls.' Mot. for Class Cert. ¶¶ 8-14, ECF No. 8451 (Mar. 26, 2021). After successfully defeating seven summary judgment motions, several *7-Eleven*

---

[3] Mot. for Class Pls.' Final Approval of Settlement, ECF No. 2111 (Apr. 11, 2013); *7-Eleven* Pls.' Mem. in Opp. to Mot. for Final Approval of Settlement, ECF No. 2670 (May 28, 2013).

2

Plaintiffs' damages claims are set for trial in April 2026, before Judge Hellerstein in the Southern District.

The *7-Eleven* Plaintiffs opposed the 2024 settlement proposed by Rule 23(b)(2) Class Counsel.[4] After Chief Judge Brodie declined to grant preliminary approval of that settlement, *see* ECF No. 9333, Mem. & Order (June 25, 2024), the *7-Eleven* Plaintiffs' and the Target Plaintiffs' individual actions were remanded for trial to the Southern District, where the parties are currently completing pretrial exchanges in advance of their April 2026 damages trial.[5]

## ARGUMENT

### I. The Proposed Class Settlement Notice and Scheduling Order Should Not Impact the *7-Eleven* Plaintiffs' Upcoming Trial.

The *7-Eleven* Plaintiffs' action is listed in Appendix A to the Proposed Mandatory Settlement, *see* Superseding and Amended Class Settlement Agreement of the Rule 23(b)(2) Class Plaintiffs and the Defendants, App. A, and thus is expressly subject to the stay provision in paragraph 21. Consistent with Chief Judge Brodie's holding that the identical stay provision in the previous mandatory class settlement would not apply to damages claims, *see* ECF No. 9342

---

[4] Mot. for Prelim. Approval of Settlement, ECF No. 9179 (Mar. 26, 2024); Class Settlement Agreement of the Rule 23(b)(2) Class Pls. and the Defs., ECF No. 9179-2 (Mar. 26, 2024); 7-Eleven Pls.' Objection to Equitable Relief Class Pls.' Mot. for Prelim. Approval of Settlement, ECF No. 9230 (May 1, 2024).

[5] *See* ECF No. 9347, Suggestion of Remand, *In re Payment Card Interchange Fee and Merchant Disc. Litig.*, Case No. 05-MD-1720 (E.D.N.Y. July 8, 2024) (suggestion of remand for *Target* and *7-Eleven* actions); ECF No. 9359, *In re Payment Card Interchange Fee and Merchant Disc. Litig.*, Case No. 05-MD-1720 (J.P.M.L. E.D.N.Y. July 9, 2024) (conditional remand order for *Target* and *7-Eleven* actions). The Grubhub Plaintiffs' individual action likewise was remanded for trial to the Northern District of Illinois, where those parties are currently completing pretrial exchanges in advance of their September 2026 damages trial. *See* ECF No. 9334, Mem. & Order, *In re Payment Card Interchange Fee and Merchant Disc. Litig.*, Case No. 05-MD-1720 (E.D.N.Y. June 25, 2024) (granting Grubhub Plaintiffs' motion for suggestion of remand); ECF No. 9351, *In re Payment Card Interchange Fee and Merchant Disc. Litig.*, Case No. 05-MD-1720 (J.P.M.L. July 8, 2024) (conditional remand order for *Grubhub* action).

at 84 n.54, the *7-Eleven* Plaintiffs respectfully request that the same clarification apply to this settlement to avoid any impact on their impending damages trial.

## II. The *7-Eleven* Plaintiffs Reserve All Rights Concerning Final Approval of the Proposed Settlement.

The *7-Eleven* Plaintiffs maintain their position regarding their inclusion in a mandatory class in this case and reserve all rights with respect to the Proposed Mandatory Settlement at the final approval stage.

Dated: December 12, 2025                    Respectfully submitted,

| | |
|---|---|
| **SHINDER CANTOR LERNER LLP** | **CONSTANTINE CANNON LLP** |
| By: */s/ Jeffrey I. Shinder* | By: */s/ Owen Glist* |
| Jeffrey I. Shinder | Owen Glist |
| Matthew L. Cantor | Taline Sahakian |
| David A. Scupp | Ankur Kapoor |
| 14 Penn Plaza, 19th Floor | 230 Park Avenue, 17th Floor |
| New York, New York 10122 | New York, New York 10169 |
| Telephone: (646) 960-8602 | Telephone: (212) 350-2700 |
| Email: jeffrey@scl-llp.com | Email: oglist@constantinecannon.com |

*Counsel for the 7-Eleven Plaintiffs*

4

## CERTIFICATE OF SERVICE

I certify that on December 12, 2025, I served a true and correct copy of the foregoing document on counsel of record via e-filing.

*/s/ Owen Glist*
Owen Glist

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word-count limitation in Local Rule 7.1(c) because it contains 1,110 words, excluding those portions of the document exempted by Local Rule 7.1(c).

*/s/ Owen Glist*
Owen Glist
