UNITED STATES DISTRICT COURT                :
FOR THE EASTERN DISTRCIT OF NEW YORK  :
                                             :
In re Payment Card Interchange Fee and       :   No. 05-MD-1720 (BMC)(JAM)
Merchant Discount Antitrust Litigation       :

**Statement of Objections**

ABC Stores is a member of the Rule 23(b)(2) Class in the case called *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. Having accepted Visa and MasterCard credit cards between December 18, 2020, and today, ABC Stores objects to the proposed settlement.

ABC Stores is a retail company serving the visitor market in Hawaii, Las Vegas, Guam, and Saipan. We operate over 70 profit centers and employ more than 2,000 residents, making us a significant contributor to the community we serve.

There are several reasons for our objection to the proposed settlement.

First, businesses across the country are being burdened by excessive swipe fees that are imposed by Visa and Mastercard and that are not subject to normal marketplace competition. What we pay in credit card fees are our second highest operating expense, only second to labor. In 2023, we saw a historic jump in these fees. Industrywide, they are up by 84% since 2020. In part, this is because these fees are a percentage of the transaction cost. Businesses like ours urgently need relief from these excessive and anticompetitive fees.

However, the proposed settlement does not come close to fixing the swipe fee challenges we face. The biggest problem with swipe fees is that Visa and Mastercard fix fee rates on behalf of the banks that issue credit cards and set the terms by which those cards are accepted, so banks do not have to compete with each other on fee rates, and those rates stay excessively high. Nothing in the settlement fixes the fundamentally anticompetitive fee-fixing and rule-setting role that Visa and Mastercard perform on behalf of card-issuing banks. Under the settlement, we would still be subject to Visa's and Mastercard's limitations on our ability to bargain with credit card issuers. We should not have those restrictions. Our business should be able to negotiate agreements with credit card issuers in any ways that are acceptable both to us and to those credit card issuers. Visa's and Mastercard's restrictions on those negotiations cannot account for the needs and situations of individual businesses like ours and are only there to constrain the market and limit competition. In fact, the settlement gives Visa, Mastercard and the banks legal immunity to continue that system.

Second, the swipe fee relief that the settlement offers is inadequate, temporary, and largely unworkable. For example:
- The settlement proposes reducing Visa and Mastercard credit card interchange rates by 0.1 percent for five years. This is a tiny fraction of current Visa and Mastercard rates, which average at least 2.35 percent. And after the five years are up, Visa and Mastercard could raise rates again at will.
- The settlement proposes setting a temporary eight-year interchange rate cap of 1.25% for so-called "standard" consumer credit cards. But this is a small subset of credit cards and the card companies would be able to freely change which cards are subject to this category, so this rate cap will not provide merchants meaningful relief.

- The settlement proposes to allow merchants to refuse to accept rewards cards, but the vast majority of credit cards are rewards cards, which means that opting out of rewards cards would essentially mean opting out of accepting cards altogether in an era where most retail transactions are paid by card. That is not a workable solution for businesses like ours.
- The settlement also does nothing to stop Visa and Mastercard from increasing other fees besides interchange fees, such as network fees. This means any interchange fee savings that the settlement might provide merchants can be wiped away by other fee increases.
- In exchange for these inadequate relief measures, the settlement would broadly bar all merchants – whether they agree with the settlement or not – from bringing legal claims against Visa, Mastercard and the big banks regarding their credit and debit card fees and practices. That means the settlement would entrench the current unfair swipe fee system rather than meaningfully reforming it.

Third, the settlement was negotiated in secret between Visa, Mastercard, several giant banks, and attorneys representing a handful of merchants. These attorneys did not coordinate with or represent the interests of the vast majority of merchants, including us, yet under the proposed settlement all merchants, including us, would be bound to its terms and would lose the ability to go to court to challenge unfair aspects of the swipe fee system. We note that the proposed settlement is opposed by all of the major trade groups representing merchants, including NFIB, FMI, National Association of Convenience Stores, National Grocers Association, National Restaurant Association, National Retail Federation, Retail Industry Leaders Association, and more. It was not fair or legitimate for the attorneys representing the class to refuse to seek input from businesses like ours and the trade groups that represent us.

Fourth, this settlement is substantially similar to the proposed settlement that was rejected just last year by Federal District Court Judge Margo Brodie of the Eastern District of New York. The changes that have been made to that 2024 proposed settlement do not provide meaningful or workable relief to the swipe fee problem and do not alter the fact that this proposed settlement would be a bad deal for merchants like us. The narrow changes from the last settlement are tightly constrained and are simply the ones that the Defendants know will be least useful to businesses like mine. That is not a reasonable substitute for a free market in which differently situated businesses can employ different strategies as they choose to try to negotiate better deals that meet their own businesses' needs.

We do not want to be bound by a bad deal. This proposed settlement sacrifices the legal rights of merchants like ours in exchange for inadequate, temporary and unworkable relief, and it would further entrench the current swipe fee system which has burdened our business and the customers we serve. The attorneys who negotiated this settlement with Visa, Mastercard, and big banks did not adequately represent our interests, and we do not support the settlement.

We urge the Court to reject the settlement proposal.

By: President & CEO
Name: Paul Kosasa
Company: ABC Stores
Phone: (808) 591-2550
Address: 766 Pohukaina St.
City/State/Zip: Honolulu, HI 96813

ABC Stores
766 Pohukaina Street
Honolulu, Hawaii 96813-5391



United States District Court for the Eastern District of New York
Clerk of Court
225 Cadman Plaza
Brooklyn, New York 11201