**Honorable Margo K. Brodie**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


**Re:** *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
MDL No. 1720; Civil No. 05-5075 (MKB) (JAM)


**Request for Transparency and Adjustment to Initial Partial Distribution Percentage for Small-Merchant Claims**
**Claimant:** Frogurt, LLC
**Claimant ID:** N723673A79
**Control No.:** 269726

**Your Honor:**

I am writing as a Rule 23(b)(3) class member and the former owner of Frogurt, LLC, a small business that participated in this settlement. Our claim was accepted without dispute. When the Claims Administrator issued the initial partial distribution, our Merchant Portal posted the following:

- **Interchange Fees:** $25,988.03
- **Payment Amount:** $306.29

This represents approximately **1.18%** of our expected recovery.

I respectfully request the Court's assistance on three issues:


### 1. Transparency Regarding the Initial Distribution Percentage

Neither the settlement website nor the portal explains the **percentage applied** to reach the initial distribution amount. For small-merchant claimants, a 1% payment after many years of delay is difficult to understand without knowing:

- The **exact percentage** applied uniformly to all clean claims,
- The **rationale** for determining such a low percentage, and
- The **holdbacks** or constraints that required it.

A clear public explanation would help ensure fairness and confidence in the process.

## 2. Consideration of Relief or Adjustment for Small-Merchant Claimants

While I understand the Court must avoid premature overpayment, a distribution that amounts to roughly 1% of the calculated claim has **no meaningful impact** on small-business owners who have waited over a decade for resolution.

If consistent with the Court's discretion and the structure of the settlement:

- A **higher initial percentage** for small merchants,
  or
- A **minimum floor payment** for first-round distributions

would go a long way toward addressing the imbalance between large corporate claimants and small businesses that operated with far narrower margins and were disproportionately harmed by interchange fees.

## 3. Request for a Tentative Timeline for Subsequent Distributions

Even a general target (e.g., quarter or half-year) for the next distribution would significantly help claimants with financial planning.

---

Your Honor, I write with respect for the Court and appreciation for the complexity of this litigation. I am simply asking for transparency and consideration to ensure that the initial distribution does not unintentionally burden the very class members—small businesses—who were least able to absorb interchange costs in the first place.

I've attached a screenshot from my Merchant Portal showing Interchange Fees of $25,988.03 and a Payment Amount of $306.29. Please treat it as support for the requests above.

Thank you for your time and attention.

Respectfully submitted,

**David Christianson** *(signature)*
Former Owner, Frogurt, LLC
2170 Chamisos Ct.
Santa Fe, NM 87505
Email: christianson.david@gmail.com
Phone: (505) 670-0777

## Attachment I

### Screenshot from our Merchant Portal showing Interchange Fees



Frogurt, LLC.
2170 Chamisoo Ct.
Santa Fe, NM 87505

U.S. POSTAGE PAID
FCM LETTER
SANTA FE, NM 87505
DEC 10, 2025

$6.08

Retail

11201

RDC 99

S2324Y500431-69

FILED
IN CLERK'S OFFICE
U.S. D...         ...D.N.Y.
★ DEC 16 2025 ★
BROOKLYN OFFICE

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: In re Payment Card Interchange and
Merchant Discount Antitrust Litigation,
MDL No. 1720, Civ. No. 05-5075 (MKB)(JAM)

CERTIFIED MAIL

9589 0710 5270 3490 6181 27