# EXHIBIT A

Case 1:05-md-01720-BMC-JAM   Document 9738-1   Filed 12/19/25   Page 1 of 3 PageID #: 553804

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

December 15, 2025

VIA EMAIL

Patrick J. Sheehan
WHATLEY KALLAS, LLP
101 Federal Street, 19th Floor
Boston, MA 02110

Tim Schmidt
MANAGED CARE ADVISORY GROUP, LLC
7150 Granite Circle
Toledo, OH 43617

Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (BMC)(JAM)

Dear Patrick and Tim:

We write as Rule 23(b)(3) Class Counsel ("Class Counsel") in the above-titled case. We recently became aware of: (1) A November 10, 2025 decision in *In re Managed Care Litig.*, No. 00-md-01334 (S.D. Fla.) (*Managed Care*, ECF 7020 (Order Granting Cigna's Renewed Motion to Enforce Settlement Agreement (the "Order"))); and (2) Managed Care Advisory Group, LLC's ("MCAG") motion for partial reconsideration, filed December 5, 2025 in the same court (*id.*, ECF 7024 (Amended Verified Motion for Partial Reconsideration of Order Granting Cigna's Renewed Motion to Enforce Settlement Agreement ("MCAG Motion"))).

The Order and MCAG's Motion raise serious concerns regarding MCAG's ability to properly serve class member clients in *In re Payment Card Merchant Fee & Antitrust Litig.*, No. 05-md-01720 (E.D.N.Y.) ("MDL 1720"). MCAG represents more than 160,000 Tax Identification Numbers ("TINs") and is the largest third party filer in MDL 1720. Class Counsel has a number of questions for MCAG. We note that MCAG does not appear to take issue with the ultimate findings of Judge Moreno in *Managed Care*. MCAG's Motion relates only to timing.

First, according to the Order, MCAG failed to provide class members with settlement funds owed to them and that after an accounting, it was determined that MCAG "failed to properly document the use of class funds and paid its own operational expenses from them." Order at 1. Following an evidentiary hearing, the Court determined: "MCAG violated its fiduciary and contractual obligations to class members." *Id.* It then granted Cigna's motion to enforce a settlement agreement and ordered MCAG to disgorge funds and interest. *Id.* at 1-2. Please: (1) explain how MCAG will ensure that class member recoveries for which MCAG is acting as a third party filer will be protected; (2) explain how MCAG plans to ensure that it not pay its own operational expenses from class member recoveries; and (3) identify the steps MCAG has taken to fulfil its fiduciary duties to the class members in MDL 1720 whose claims it has filed.

Second, according to the Special Accounting Master: "MCAG did not follow appropriate fiduciary obligations by failing to maintain adequate records and failing to properly account for the

**Robbins Geller Rudman & Dowd LLP**

Patrick J. Sheehan
Tim Schmidt
December 15, 2025
Page 2

receipt and disbursement of class funds." Order at 10. Explain MCAG's plan to properly account for the receipt and disbursement of class funds in MDL 1720. We are especially concerned that MCAG not commingle class member funds with MCAG's corporate funds.

      Third, the Motion states:

> Currently, MCAG has no employees and its business operations are limited to (i) monetizing its remaining assets, (ii) collecting on claims which were previously filed on behalf of others, (iii) making distributions to those persons and entities entitled to same, and (iv) winding up its business affairs in accordance with applicable law. Other than ~$7.4 million of deposits it holds for the benefit of "non-Cigna" claimants in several different segregated accounts, the balance in the MCAG operating account was $220,598 (as of October 31, 2025).

MCAG Motion at 3. If that is the case, how is MCAG able to ensure that the 160,000 plus TINs it represents are being properly serviced? If there are no employees, who is managing these claims? Epiq and Class Counsel have both worked with a number of MCAG employees over the years. Are these people no longer with the company? In short, is MCAG a going concern? In response to this inquiry, please identify the type of information you can provide to show that it is a going concern with resources sufficient to carry out its responsibilities to approximately 160,000 TINs.

      It is critical that you respond right away as initial, partial distributions are set to begin in the coming weeks. We request that you provide answers to the questions posed above by no later than December 23, 2025.

                                  Very truly yours,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |