FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆    DEC 22 2025    ☆

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT          :
FOR THE EASTERN DISTRICT OF NEW YORK  :
                                      :
In re Payment Card Interchange Fee and   :          No. 05-MD-1720 (BMC)(JAM)
Merchant Discount Antitrust Litigation   :

**Statement of Objections**

The National Lumber and Building Material Dealers Association ("NLBMDA"), a Washington D.C.-based trade association, whose members having accepted Visa and Mastercard credit cards between December 18, 2020, and today, respectfully rejects to the proposed settlement in the above captioned case, *In re Payment Card Interchange Fee and Marchant Discount Antitrust Litigation.*

NLBMDA serves as the federal advocacy arm of the nation's lumber and building materials (LBM) industry. The industry is composed of hundreds of small- and mid-sized dealers nationwide who play a critical role in the residential and commercial construction sectors. As suppliers to builders, contractors, and home renovators, NLBMDA members provide expert, individualized service grounded in generations of experience and long-standing ties to the communities they serve.

LBM dealers across the country are burdened by excessive swipe fees imposed by Visa and Mastercard, fees that are insulated from normal marketplace competition. To remain competitive with big-box stores and national retailers, most LBM dealers offer customers the ability to pay using Visa or Mastercard branded credit cards. Home renovators, small construction firms, and other consumers increasingly rely on credit cards for building material purchases, and rising interchange fees have made swipe fees a leading operating expense for dealers, surpassed only by labor. For LBM dealers operating multiple locations, it is common for annual swipe-fee payments to exceed seven-figure totals, diverting dollars that would otherwise remain in local communities and support reinvestment in their workforce and operations. With no external safeguards to prevent interchange fees from escalating year after year, NLBMDA dealers urgently need relief from these excessive and anticompetitive charges.

Unfortunately, the proposed settlement does not come close to fixing the swipe fee challenges LBM dealers face. The greatest structural concern with swipe fees is that Visa and Mastercard fix fee rates on behalf of the banks that issue credit cards and set the terms by which those cards are accepted, so banks do not have to compete with each other on fee rates and those rates stay excessively high. Nothing in the settlement fixes the fundamentally anticompetitive fee-fixing and rule-setting role that Visa and Mastercard perform on behalf of card-issuing banks. Under the settlement, LBM dealers would still be subject to Visa's and Mastercard's limitations on their ability to bargain with credit card issuers. NLBMDA believes retailers should not have this restriction and that LBM dealers should be able to negotiate agreements with credit card issuers in any ways that are acceptable both to them and to credit card issuers. Visa's and Mastercard's

restrictions on those negotiations cannot account for the needs and situations of individual businesses like the ones our members operate and are only there to constrain the market and limit competition. In fact, the settlement gives Visa, Mastercard and the banks legal immunity to continue that system.

NLBMDA believes the swipe-fee relief offered in the proposed settlement is inadequate, temporary, and largely unworkable. As drafted, the settlement would require Visa and Mastercard to reduce rates by 0.1 percent for five years. This reduction represents only a fraction of the cumulative swipe-fee increases imposed over the course of the litigation. Notably, the proposed decrease barely exceeds the 0.09 percent increase in Visa's and Mastercard's rates between 2023 and 2024. After two decades of litigation, reversing only a single year of rate hikes does not constitute a meaningful demonstration of accountability, reform, or relief for affected businesses.

In addition, the settlement contains no safeguards preventing Visa or Mastercard from increasing fees through other mechanisms, including higher network fees. When the five-year period concludes, both companies would retain full discretion to raise interchange fees, and no long-term structural controls would be in place to ensure lasting price relief for businesses.

Where the proposed agreement does make meaningful progress is in reducing and capping interchange fees for "standard" category credit cards at 1.25 percent. However, current market realities and long-term trends show that this segment of the credit card market is a continuously shrinking share of total cards in circulation and is not representative of the cards most commonly used by today's consumers. An increase in premium card use has been driven largely by the requirement that merchants accept every Visa and Mastercard product. This structure encourages consumers to shift toward higher-fee premium rewards cards, which enjoy the same universal acceptance as standard credit cards.

On Capitol Hill, NLBMDA has consistently informed lawmakers that the existing duopolistic structure of the credit card market effectively prevents the emergence of a third competing network that could offer lower, more competitive rates while remaining highly profitable. While NLBMDA will continue these advocacy efforts on behalf of our members, this litigation presents an important opportunity for Visa and Mastercard to adopt a settlement framework that provides meaningful and lasting relief to LBM dealers.

The proposed settlement also suffers from serious procedural deficiencies. It was negotiated behind closed doors by Visa, Mastercard, several major banks, and attorneys representing only a narrow subset of merchants. These attorneys did not consult with or represent the interests of the vast majority of affected businesses, including LBM dealers, yet the proposed settlement would bind all merchants and deprive them of the ability to challenge unfair elements of the swipe-fee system in court. The absence of meaningful consultation is particularly concerning given that every major national merchant trade association, including the National Federation of Independent Business, the Food Marketing Institute, the National Association of Convenience Stores, the National Grocers Association, the National Restaurant Association, the National

Retail Federation, and the Retail Industry Leaders Association, has publicly opposed the agreement.

Moreover, this proposal is substantively indistinguishable from the settlement rejected in 2024 by Judge Margo Brodie of the Eastern District of New York. The narrow revisions made since that rejection do not provide workable or meaningful relief for merchants and do nothing to alter the fact that the settlement is a poor deal for LBM dealers. The modifications are limited to provisions that defendants know will provide little or no actual benefit to businesses such as the ones our members operate. LBM dealers need the ability to pursue market-driven negotiations that reflect their operational realities, not a rigid framework that preserves the status quo and denies them meaningful bargaining power.

NLBMDA strongly believes the agreement would further entrench the existing swipe-fee system that has long burdened LBM dealers and the customers they serve. The attorneys who negotiated this settlement did not adequately represent the interests of our industry, and NLBMDA therefore objects to and does not support the proposed settlement.

We respectfully urge the Court to reject the settlement proposal.

By: _____

Name: Jonathan M. Paine, CAE

Company: National Lumber and Building Material Dealers Association

Address: 2001 K Street NW, 3rd Floor North

City/State/Zip: Washington, D.C., 20006

National Lumber & Building Material
Dealers Association
2001 K Street NW, 3rd Floor North
Washington, DC 20006



quadient

FIRST-CLASS MAIL
IMI
$000.74⁰
12/15/2025  ZIP 20006
043M31249787

US POSTAGE

U S M S

U.S. Court for the Eastern District of N.Y.
Clerk of the Court
225 CadMan Plaza
Brooklyn, New York 11201