**ATTACHMENT**

**Re:** *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
MDL No. 1720 (BMC) (JAM)
**Response of Click Funds, LLC to Court Orders Dated November 21, 2025 and December 2, 2025**

Dear Judge Marutollo:

Click Funds, LLC respectfully submits this response to the Court's Orders dated November 21, 2025 and December 2, 2025, which directed Click Funds to respond to allegations contained in Class Counsel's Monthly Report (ECF No. 9700). Click Funds apologizes for the delay in responding and provides the following explanation and clarification of the facts.

## I. Explanation for Delayed Response

Click Funds acknowledges that it failed to respond by the December 1, 2025 and December 8, 2025 deadlines set by this Court. Click Funds' General Manager, upon receiving the November 21 Order, mistakenly assumed that Betz & Baril, PLLC—as the law firm of record with the claims administrator—would be handling the response on behalf of all parties. When Class Counsel contacted Click Funds directly on December 9, 2025, Click Funds immediately engaged corporate counsel, Jeffrey Matura of Barrett Matura. Unfortunately, Mr. Matura was in the process of relocating overseas and was unavailable to prepare a substantive response. Click Funds then retained Florida counsel who assisted in gathering facts and locating New York counsel to file this response. Click Funds sincerely apologizes for the delay and any inconvenience to the Court.

## II. Angie Kivett Was Never Affiliated with Click Funds, LLC

The central issue in Class Counsel's report concerns an August 1, 2024 email from "Angie Kivett" to class member Mike Sharadin quoting a specific dollar amount ($9,769.00) as his expected recovery. Click Funds respectfully submits that **Angie Kivett was never an employee, contractor, or affiliate of Click Funds, LLC**. Specifically:

- Ms. Kivett had no employment agreement, independent contractor agreement, or referral arrangement with Click Funds;
- Ms. Kivett never received any payment from Click Funds;
- Ms. Kivett never had access to Click Funds' systems, including its CRM, merchant lists, or email platforms;
- Ms. Kivett was never included on any Click Funds calls, meetings, or trainings; and
- Click Funds was entirely unaware of Ms. Kivett's existence until it received notification of the complaint underlying this matter.

Ms. Kivett was a personal acquaintance of Chris Ormiston, an independent affiliate who worked with Click Funds. Mr. Ormiston has confirmed that Ms. Kivett briefly assisted him on an informal basis for approximately three weeks by contacting businesses with whom she had pre-existing personal relationships. She operated independently and without Click Funds' knowledge or authorization.

### III. The "clickfundsca.com" Domain Was Not Owned or Controlled by Click Funds, LLC

The email at issue was sent from "angie@clickfundsca.com"—not from Click Funds' official domain, which is "clickfunds.com." The "clickfundsca.com" domain was set up temporarily by affiliates when Click Funds was experiencing technical difficulties with its primary domain. Click Funds, LLC as a corporate entity did not own, register, control, or operate the "clickfundsca.com" domain. That domain has since been abandoned and is no longer active.

### IV. The Sharadin Contract Was Directly with Betz & Baril, Not Click Funds

Mr. Sharadin's claims filing contract, dated June 12, 2024, was executed directly with Betz & Baril, PLLC. Click Funds is not a party to that agreement. Mr. Sharadin came to Betz & Baril through Ms. Kivett's independent outreach—not through Click Funds' client acquisition pipeline. Click Funds had no direct communications with Mr. Sharadin regarding his claim.

### V. Mr. Sharadin Has Confirmed He Has No Grievance

On December 23, 2025, Mr. Ormiston spoke directly with Mr. Sharadin for approximately thirty minutes. Mr. Sharadin confirmed that: (a) he was unaware that any litigation or compliance proceeding was ongoing; (b) he did not feel misled or deceived by the communications he received; (c) he understood that the amount quoted was preliminary and subject to pro rata distribution and court approval; and (d) he was grateful for the assistance he received. Mr. Sharadin has been released from his contract with Betz & Baril and is now working directly with the claims administrator. He has stated that he has no current complaints and needs nothing further.

### VI. The Email Contained Disclaimers

While the August 1, 2024 email did quote a specific dollar figure, that same email also contained qualifying language stating: (1) no payments were expected until after the close of the claims period; (2) the pro rata distribution could not be determined until all claims were filed and reviewed; (3) the Court must approve the final amounts; and (4) no exact amount or payment date could be guaranteed. Although quoting a specific figure was inadvisable, the email's disclaimers mitigate the potential for actual class member harm—and indeed, Mr. Sharadin has confirmed he understood these limitations.

### VII. Correction of Betz & Baril's November 25, 2025 Response

In his November 25, 2025 letter to Class Counsel, Jason Baril of Betz & Baril stated that his firm "terminated" its relationship with Click Funds due to compliance concerns. This is inaccurate. In fact, **Click Funds terminated its relationship with Betz & Baril** after learning that Betz & Baril had undisclosed prior compliance issues with Class Counsel. Multiple affiliates in the network disengaged from Betz & Baril at the same time. Click Funds transitioned its new client referrals to other filing entities beginning in late July 2024.

Email correspondence from July 2024 confirms that Mr. Baril was actively collaborating with Click Funds on compliance responses to Class Counsel at that time—which is inconsistent with his claim that he had terminated Click Funds due to compliance concerns. Click Funds can provide this documentation to the Court or Class Counsel upon request.

**VIII. Click Funds' Prior Cooperative Compliance Record**

Click Funds has previously worked cooperatively with Class Counsel on compliance matters. In July 2024, Class Counsel raised concerns about certain advertising content used by an affiliate. Click Funds and its affiliates promptly suspended the advertising, re-edited the content, added official disclaimers, and provided revised materials to Class Counsel. That matter was resolved without further incident. Click Funds remains committed to compliance with this Court's orders and Class Counsel's guidelines.

**IX. Conclusion**

For the foregoing reasons, Click Funds respectfully submits that it should not be sanctioned or barred from providing claims administration services. The email at the center of this matter was sent by an individual who was never affiliated with Click Funds, from a domain Click Funds did not own or control, to a class member whose contract was with Betz & Baril rather than Click Funds, and who has confirmed he has no complaint. Click Funds apologizes for the delayed response and commits to continued cooperation with the Court and Class Counsel.

Click Funds respectfully requests that the Court accept this response and take no further action against it.

Respectfully submitted,

_____