**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

January 14, 2026

<u>VIA ECF</u>

Magistrate Judge Joseph A. Marutollo
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom 11A South
Brooklyn, NY  11201

> Re:   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
>         No. 1:05-MD-1720 (BMC)(JAM)

Dear Judge Marutollo:

Rule 23(b)(3) Class Counsel ("Class Counsel") here responds to the Court's December 30, 2025 docket-text Order and January 12, 2026 docket-text Order regarding third-party filer Betz & Baril, PLLC ("Betz & Baril") and its agent, ClickFunds LLC ("ClickFunds").

**I.    Introduction**

As detailed in the November and December 2025 Status Reports (ECFs 9700, 9738), on November 17, 2025, Epiq informed Class Counsel that it had received a call that day from a class member expressing concerns related to the firm Betz & Baril,[1] as well as its agent, ClickFunds. This class member had a lengthy call with an Epiq representative and forwarded numerous emails. It appears from the emails that this class member was given false information regarding when he would receive payment, whether certain transactions could be submitted, as well as a purported payment amount, a figure that at this time is not available to anyone. He also claimed that he did not receive disclaimers when he signed up for claims filing services.

The class member also provided details from a phone call with someone at Betz & Baril where he was told incorrect information regarding the timing of payments and supposed reasons regarding the timing. On November 18, 2025, Class Counsel wrote to Betz & Baril regarding these matters. On November 19, 2025, Betz & Baril's principal agreed to release the class member from

---

[1] As the Court is aware, issues related to this law firm have come up repeatedly. On October 18, 2024, the firm was warned that serious repercussions could occur if it again was found to have engaged in false and/or misleading conduct. *See* ECF 9465 ("Betz & Baril agrees that if it violates any of the foregoing, Class Counsel will seek sanctions to include the cancellation of all contracts between Betz & Baril for claims-filing services, attorneys' fees incurred related to addressing the firm's violations, and notification to the Tennessee State Bar regarding Betz & Baril's conduct.").

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
January 14, 2026
Page 2

the contracts he had entered into. Betz & Baril did not respond to the other, numerous concerns raised at that time.

## II.   Betz & Baril

On November 25, 2025, Betz & Baril provided a statement to the Court in response to the Court's November 21, 2025 text-entry Order. ECF 9705-1. The statement from Betz & Baril did not fully explain the current issue nor did it release the firm from responsibility for the acts of its agent, ClickFunds. On December 19, 2025, the Court ordered Betz & Baril to respond more fully to the issues raised by Class Counsel. Betz & Baril requested an extension of time to file its response, which the Court granted. On January 12, 2026, Betz & Baril submitted its response, which Class Counsel filed as a courtesy. ECF 9770-1.

The submission is light on details and makes only general statements concerning the firm's conduct in relation to ClickFunds, but fails to provide specifics. For example, Betz & Baril's statement claims it "went over the program with all Lead Generators and Referral Partners on how the correct information [is] to be provided to merchants including disclaimers." *See* ECF 9770-1 at 1. It provides no information regarding what materials it shared with Lead Generators and Referral Partners, it fails to explain who or what Lead Generators and Referral Partners are, and how these entities work with the law firm to find and sign up class members. *Id.*[2]

Before Class Counsel can provide a meaningful response to the Court regarding more serious possible sanctions,[3] Betz & Baril should be required to provide to Class Counsel and the Court all materials it shared with Lead Generators and Referral Partners it used to train them. It should be required to turn over all emails it sent to the Lead Generators and Referral Partners as mentioned in §I of its response. *Id.* at 1. To the extent there were training materials, those should be provided. If no such materials exist, that should be explained. It should also explain the agency relationship it has with its partners. The firm's statement also states: "[T]he contract at issue came

---

[2]   Class Counsel, in response to an emailed question from the firm's named partner regarding the expected content of the submission, was told: "[M]ore specifics are likely needed, particularly regarding the agency relationship between your firm and ClickFunds." This was not provided.

[3]   Class Counsel proposes some sanctions regarding Betz & Baril and ClickFunds in §IV, *infra*, but those are minimal compared to the potential sanctions here. Class Counsel is mindful that at this stage of the proceedings, undoing many thousands of contracts may not be in the class members' best interests, although the Class Administrator has the ability to assist these class members. Before such a finding is made, the materials noted above should be provided to Class Counsel and the Court.

4923-6370-1127.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Magistrate Judge Joseph A. Marutollo
January 14, 2026
Page 3

to Betz and Baril through the normal channel's contracts came in with Click Funds LLC." *Id.* What are those "normal channels" and what do the contracts consist of? *Id.* The firm does not say.

### III.   ClickFunds

Class Counsel originally sent multiple emails and overnight mailings to ClickFunds with no response.  Finally, on December 10, 2025, Class Counsel received an email from counsel for ClickFunds.  On December 30, 2025, Class Counsel, as a courtesy, filed ClickFunds' response. ECF 9747-1.  This response has a number of troubling statements, and information recently received from the class member whose complaint spurred Class Counsel to alert the Court, further raises significant concerns.

ClickFunds response makes several claims regarding its connection to the class member that brought his concerns to Epiq.  It first claims that an email improperly containing a purported dollar figure the class member would receive was sent by a person who was "never an employee, contractor, or affiliate of Click Funds, LLC." *Id.* at 1.  There are no supporting facts for these claims, but it seems clear that the person, regardless of their employment relationship, was working with an affiliate of ClickFunds according to ClickFunds' own response.  The class member, of course, would have no reason to know the details of Ms. Kivett's employment relationship.  The class member reasonably relied on an email related to his claim that contained false and misleading information.  The ownership of the domain name is irrelevant as well.

While ClickFunds focuses its attention on the email related to projected payments, another critical issue is that the class member was told repeatedly that he could not submit Square sales. Issues related to payment facilitators are not resolved, but class members have always been able to submit all sales data, including payment facilitator-linked transactions.  This is not addressed in ClickFunds' response at all.  Those emails are plainly from ClickFunds.  One is even signed by the company's general manager.

Most concerning is that while ClickFunds claims an affiliate spoke directly to the class member on December 23, 2025, the class members' version of events, which he relayed the same day to Epiq tell a different story.  The class member told Epiq that he thought at first he was speaking to Epiq because the caller did not identify the entity he was calling on behalf of. Since he was no longer under contract with Betz & Baril as of mid-November, he thought he was speaking with Epiq.  He also reported that he was again told by Mr. Ormiston that Square transactions were not included.  He was then told several odd things, including that the person who contacted him (Ms. Kivett) was now in the hospital and that "I hope you can do something really nice for Angie." He reported that the conversation made him concerned when the Court was mentioned several times.  He was also told: "Between B & B and Angie they are facing a loss of over $100K."

4923-6370-1127.v1

**Robbins Geller Rudman & Dowd LLP**

Magistrate Judge Joseph A. Marutollo
January 14, 2026
Page 4

### IV. Current Status and Possible Sanction

The class member had significant volume missing because of the original refusal of ClickFunds to consider his Square-related volume. This at least has now been corrected since he began working with the administrator and had research requests conducted. His account now seems to properly contain all his volume and he will no longer have to give up a large percentage of his claim to others. While this class member's claim is being handled with Epiq, it is not known whether other class members who signed up through ClickFunds with Betz & Baril serving as the third party filing company, have been given false information.

At this point it may not be possible to determine all the class members impacted, but one solution may be to require that Betz & Baril and ClickFunds send a letter at their expense to all class members who signed up with Betz & Baril as an agent (or otherwise) offering those class members the right to terminate their contract and have the claim facilitated through Epiq. Further, Class Counsel recommends that the two entities be required to cover all of Epiq's costs related to this issue. Harsher sanctions may be warranted as Class Counsel notes above, *see* n.3, but additional facts are likely needed to support the imposition of terminating sanctions.

Class Counsel is available at the Court's convenience should a hearing be requested.

Respectfully submitted,

| */s/ Ryan W. Marth* | */s/ Michael J. Kane* | */s/ Alexandra S. Bernay* |
|---|---|---|
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Alexandra S. Bernay |
| Ryan W. Marth | Michael J. Kane | **Robbins Geller Rudman** |
| **Robins Kaplan LLP** | **Berger Montague PC** | **& Dowd LLP** |

cc:     All Counsel via ECF

4923-6370-1127.v1