UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : | MDL No. 1720(BMC)(JAM) Civil No. 05-5075(BMC)(JAM) |
| This Document Relates To: ALL ACTIONS. | : : : : : : | RULE 23(b)(3) CLASS COUNSEL'S MONTHLY REPORT REGARDING THIRD-PARTY ENTITIES |

## I. INTRODUCTION

This is the twenty-seventh monthly report regarding third-party claims filers following the Court's request.

Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq continue to receive communications regarding third parties. Calls received via the toll-free number are tracked and reported to Class Counsel from Epiq. Class Counsel also directly receives calls and emails regarding third parties that are followed up on immediately. Additionally, Class Counsel regularly searches online using various keywords to monitor new entrants. Epiq received 27 new contacts regarding third parties since the last report. Epiq also forwards to Class Counsel certain specific issues which are discussed below.

Now that the claims-filing deadline has passed, there have been fewer issues related to the solicitation of class members for filing. Monthly reports will continue.

## II. STATUS OF PREVIOUS ORDERS TO SHOW CAUSE

### A. Pacific Travel & Services LLC

Epiq alerted Class Counsel to a concerning issue related to Pacific Travel & Services LLC ("Pacific Travel"), a company that appeared to be signing up merchants for claims-filing and demanding pre-payment for services based on purported expected settlement benefits that were not true. Pursuant to the Court's July 22, 2025 Minute Entry, Class Counsel filed a report on August 15, 2025 regarding continued efforts to communicate with Pacific Travel. ECF 9646. On August 18, 2025, the Court entered a text-entry Order directing Epiq to attempt to contact the approximately 80 class members who signed up for claims-filing services with Pacific Travel and determine whether such claims can be filed. On the same day, Class Counsel met with Epiq to discuss the Court's Order and Epiq began work on the project immediately.

Epiq has made progress in its efforts to contact class members who signed up for claims-filing services with Pacific Travel. The following chart details Epiq's efforts as of December 17, 2025 to contact affected merchants. Current counts:

4912-9397-4667.v1

| | |
|---|---|
| Merchants with Phone Number | 70 |
|   Unable to Reach | 43 |
|   Left Voicemail | 21 |
|   Spoke with Owner/Employee | 6 |
| Merchants with Email | 39 |
| Merchants with Mailing Address | 73 |
| Merchants without Contact Information | 3 |
| Merchants with Registrations in Process | 33 |

Class Counsel directed Epiq to provide a mailing in English and Vietnamese to all Pacific Travel merchants with mailing addresses. In response to the Court's October 10 text-entry Order, Epiq conducted additional outreach, sending the message again. That outreach was completed on October 16 (emails) and October 17 (paper).

That message is reproduced below:

ACTION REQUESTED – Payment Card Settlement: File a Claim

Dear Business Owner,

This letter relates to a claim that was recently filed for [BUSINESS NAME] by a company called Pacific Travel & Services LLC. Pacific Travel and Services is a company that contacted businesses and asked for advanced payment for its services. Following an order from the Court, the claims that were filed by Pacific Travel and Services have been withdrawn.

You do not have to pay for services to file a claim. As the Court-appointed Class Administrator, we help business owners file claims for free. If you are the owner or employee of [BUSINESS NAME] (Tax Identification Number ending in XXXXX), and you want to file a claim, please email us at info@paymentcardsettlement.com or call 1-800-625-6440.

For more information about the Settlement, visit www.PaymentCardSettlement.com or call 1-800-625-6440. The website is available in eight languages, including Vietnamese. If you need assistance in another language, our call center can help you.

If you have more questions and want to talk with a lawyer about this letter or your options, please let us know by emailing info@paymentcardsettlement.com. We will connect you with the lawyers appointed to represent you in the case.

As reported in the October 10, 2025 Status Report, Class Counsel and Epiq held a call with a person who had worked with Mr. Nguyen to sign up class members. ECF 9676. She stated that she had provided Mr. Nguyen with $19,000 that had been at least a large portion of money that was to

have been her percentage. *Id.* at 3. She claimed she had additional funds she wished to return as well. *Id.* There was a brief discussion regarding how to determine which class members were owed refunds. *Id.* The person later wrote to Epiq stating that she was under a doctor's care and also studying for a major examination, but that she would get back to Epiq. *Id.* The person reengaged with Epiq and spoke to representatives there on October 15. ECF 9679 at 3. There have been additional calls since then as reported to the Court on October 24 and November 7, 2025. *See* ECFs 9679, 9687.

During a later call, information regarding another person who worked with Pacific Travel was revealed. ECF 9687 at 2. Class Counsel has attempted to call and email this person to find out information. A translator was used to ensure the email was in English and Vietnamese. To date, despite several follow ups, this person has not responded. Attempts to reach them continue. Multiple emails have been sent, including most recently on January 22, 2026.

Class Counsel has also continued to try to reach Mr. Nguyen, again via email on most recently on January 22, 2026. He has also received courtesy copies of all filings that mention Pacific Travel.

Epiq has continued to reach out to the remaining merchants on whose behalf Pacific Travel attempted to file claims. Despite this ongoing outreach, Epiq has not received any new communication from class members wanting to file claims.

Epiq contacted two people who had previously provided merchant names and Tax Identification Numbers ("TINs"), and asked that they contact the class members who had yet to respond and encourage them to provide the needed information so that they could file. Epiq was told these class members were not interested in filing with the settlement and just want the money they paid to Mr. Nguyen back. Epiq updated them on the efforts to locate Mr. Nguyen. Epiq is continuing to urge class members to file with the administrator.

Finally, as of January 22, 2026, Class Counsel has received no response to its letters to the U.S. Attorney in New Jersey.

### B. Cardsettlement.org and Merchant Stronghold

Matters related to cardsettlement.org appear to be managed. Cardsettlement.org provides a report regularly to detail its efforts regarding confirmation of engagement.

Below is the most recent information provided by cardsettlement.org regarding client contacts:

| Affirmed | 384 |
|---|---|
| Pending | 425 |
| Rejected | 2 |
| Total | **811** |

Class Counsel has still not received any further contact from Merchant Stronghold.

## III. OTHER MATTERS

### A. Betz & Baril, PLLC

On the evening of November 17, 2025, Epiq informed Class Counsel that it had received a call that day from a class member expressing concerns related to the firm Betz & Baril, PLLC ("Betz & Baril") as well as its agent, ClickFunds, LLC ("ClickFunds"). This class member had a lengthy call with an Epiq representative and forwarded numerous emails. It appears from the emails that this class member was given false information regarding when he would receive payment and the payment amount, a figure that at this time is not available to anyone. He was also given incorrect information regarding his transactions, including about Square transactions. He also claimed that he did not receive disclaimers when he signed up for claims filing services. The class member also provided details from a phone call with someone at Betz & Baril where he was told incorrect information regarding the timing of payments and supposed reasons regarding the timing. Class Counsel wrote to Betz & Baril on November 18, 2025. As the Court is aware, issues related to this law firm have come up repeatedly. On October 18, 2024, the firm was warned that serious repercussions could occur if it again was found to have engaged in false and/or misleading conduct. *See* ECF 9465. "Betz & Baril agrees that if it violates any of the foregoing, Class Counsel will seek sanctions to include the cancellation of all contracts between Betz & Baril for claims-filing services,

attorneys' fees incurred related to addressing the firm's violations, and notification to the Tennessee State Bar regarding Betz & Baril's conduct." *Id.* at 2.

Betz & Baril provided a statement to the Court on November 25, 2025 (ECF 9705-1) in response to the Court's November 21, 2025 text-entry Order. Class Counsel does not believe the statement from Betz & Baril fully explains or releases it from responsibility for the acts of its agent, ClickFunds. Regarding ClickFunds, Class Counsel sent multiple emails and overnight mailings to the entity with no response. On December 10, 2025, Class Counsel received an email from counsel for ClickFunds. On the same day, Class Counsel wrote to the newly surfaced counsel and offered to discuss the matter. ClickFunds provided a response on December 30, 2025. ECF 9747-1. Betz & Baril provided a response on January 12, 2026 after seeking an extension. ECF 9770-1. On January 14, 2026, Class Counsel provided its response to both entities. ECF 9772.

Following that submission the Court issued a Scheduling Order permitting expedited discovery into Betz & Baril's and ClickFund's practices "to ensure that the Court has sufficient information to rule on Class Counsel's proposed sanctions motion." January 15, 2026 docket text Order ("Order"). That Order provided for Class Counsel to serve discovery by January 23, 2026, with a response date of January 30, 2026. Class Counsel served requests for production of documents and interrogatories on Betz & Baril and ClickFunds with an offer to discuss the discovery. Class Counsel conferred with Betz & Baril's and ClickFunds' counsel today and expect to receive timely responses to the propounded discovery, but as of this filing, discovery has not yet been provided. Pursuant to the Court's Order, Class Counsel's motion for sanctions will be filed February 9, 2026.

**B.    Issue Concerning Third-Party Managed Care Advisory Group, LLC**

As previously reported in last month's update, Class Counsel became aware of certain litigation involving third-party claims filing company Managed Care Advisory Group, LLC ("MCAG"). *See In re Managed Care Litig.*, No. 00-md-01334 (S.D. Fla.). In this case, MCAG has more than 160,000 TINs associated with it. This makes them the largest third-party claims filer in this action. On December 15, 2025, the same day it learned of the *Managed Care* litigation, Class

- 5 -

Counsel wrote to MCAG and its counsel requesting information. On December 18, 2025, Class Counsel had a conference call with MCAG counsel, restructuring counsel and a representative from MCAG. During this call, counsel provided some information regarding the current structure of the company, which clarified certain issues, and committed to providing written answers to Class Counsel's December 15, 2025 letter by December 23, 2025. On December 23, 2025, Class Counsel received a detailed letter from MCAG. This letter provided information concerning the structure of the entity along with information related to the management of funds. At this time, based on the representations from counsel and MCAG, Class Counsel has no current concerns regarding MCAG in this action related to the issues raised in the *Managed Care* litigation. Class Counsel will continue to monitor the situation.

### C. Letter From Class Member

On January 15, 2026, a letter from class member, Bernadette Harper, dated January 3, 2026, was posted to the public docket by the Court. ECF 9776. Class Counsel and Epiq have had extensive conversations and written communications with Ms. Harper. *See, e.g.*, ECFs 9386, 9389, 9399.

In her most recent letter, Ms. Harper claims that the Epiq Director, assigned to this settlement sent "several separate emails [that] stated that the total interchange fees for the class were $36,000,000," when they were in fact "$36,151,062,607.90." This is not true. Only one of the several correspondences sent Ms. Harper contained a typo referring to the total amount of interchange fees included in this preliminary distribution (not the entire amount of fees among valid claimants) as $36 million instead of approximately $36 billion. But on several occasions, Epiq provided the correct figure and referred Ms. Harper to the settlement website and materials provided to the court that also contained the correct figure.

Hours after Ms. Harper's letter to the Court appeared on the docket, Epiq responded directly to Ms. Harper to correct the inaccuracies above and provide copies of the relevant correspondence. A response was received from Ms. Harper on January 15, 2026 that did not appear to accept the information provided.

### D. Complaints From Class Members Regarding Third-Party Filing Companies Being Non-Responsive

Epiq has flagged an issue for Class Counsel that appears to be a growing concern. A number of class members in the past month have called the toll-free hotline or emailed the administrator to complain that they have had difficulty getting responses from third-party filing companies that the class members contracted with for claims-filing services. According to Epiq, there have been 16 complaints about a lack of responsiveness since the last report. Epiq reached out to these entities. Eleven were individual third parties who eventually connected with the class members and the issues were resolved. The remaining four complaints are related to the law firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Millberg"). On January 27, 2026, Class Counsel wrote to Milberg to inform the firm that this issue would be raised with the Court. On the same day, a Milberg representative wrote that the firm "took care of all client updates today. We also actioned all payment elections."

One issue that has arisen because of this lack of responsiveness is that class members who would have been in the initial partial distribution may now not be included because requests for payment type election were not made before the deadline.

The following details Epiq's current process when they receive a class member complaint regarding responsiveness. For the initial complaint, Epiq provides the contact information found on the record of the third-party to the class member and ask the class member to try again.

If they contact Epiq again saying that they are still unable to get a response from the third-party, Epiq sends an email and includes the class member requesting that the third-party reach out to the class member and confirm contact information in Epiq's records. The email also includes a deadline to reply, usually 48 hours. To date, Epiq has had a total of 15 complaints that reach this level in the process.

### E. Outreach to Third Parties by Epiq

As Class Counsel previously reported, since August 18, 2023, Epiq has been performing specific outreach efforts to known third-party claims filers.

As of January 26, 2026, Epiq has received client lists from a total of 698 third-party claim filers claiming representation of 10 or more claimants, which is an increase of one third-party filer from last month's report. As previously noted, registrations included a mix of third parties previously self-identified as "Other" or "Owner/Employee" on the portal when registering where Epiq has subsequently identified them as a third party filer and updated their designation in Epiq's records and third parties who have added merchants.

The third parties' total representation consists of 1,000,397 TINs, which is an increase of 754 TINs from last month's report. This increase is plausible due to ongoing review leading to recategorization/corrections of how third party filers registered along with third parties who continue to upload new TINs as a result of the Research Request process.

## IV. CONCLUSION

Class Counsel will continue to apprise the Court regarding issues with third-party claims filers via monthly reports and will bring urgent matters to the Court's attention via letter. The next monthly report will be filed on February 27, 2026.

DATED: January 30, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
RYAN W. MARTH
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs