

                                                    Jesse Panuccio
                                     Telephone: (202) 237-2727
                                 Email: jpanuccio@bsfllp.com

February 6, 2026

The Honorable Brian M. Cogan
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         **Re:**    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-01720 (E.D.N.Y.)

Dear Judge Cogan:

      I write on behalf of Walmart Inc. to request oral argument on Equitable Relief Class Plaintiffs' Motion for Preliminary Approval of Amended Settlement. *See* Doc. 9690. This Court previously denied Plaintiffs' first attempt to bargain away the antitrust claims of millions of businesses in exchange for "illusory relief" that was "useless" to much of the class. *See* Doc. 9729 at 1–2 ("Walmart Obj."); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2024 WL 3236614 (E.D.N.Y. June 28, 2024) ("Order"). In denying that bid, this Court heard oral argument and heavily relied on that hearing in its order. *See* Order at *11, *15, *22, *24, *36 n.48, *39 n.54. For several reasons, the Court should again conduct oral argument so that objectors like Walmart may fully air their objections before the Court.

      *First*, the record and filings related to this motion are voluminous, with nearly 10,000 docket entries to date. Plaintiffs and the Networks have supported their most recent settlement proposal with over 200 pages of briefing and dozens of exhibits. *See* Docs. 9692–94, 9773, 9775. Objectors have filed thirty-seven distinct objections to the settlement, raising a host of discrete arguments. *See* Docs. 9714, 9719–20, 9722, 9725–29, 9733–36, 9740–45, 9749–64, 9771, 9778. Oral argument would help the Court cut through that extensive paper record to the core of the issues presented.

      *Second*, the proposed settlement will have significant consequences for the many objectors and countless others. If granted, the settlement would "force Walmart and millions of other merchants in the mandatory class to release their antitrust claims, along with future claims … for a period of eight years." Walmart Obj. at 2. In exchange for that sprawling antitrust exemption, the settlement offers trifles. It provides "only illusory relief from Defendants' Honor All Cards rules (the single most important anticompetitive practice at issue in this litigation)." *Id.* And it affords remedies that are "useless" to large



The Honorable Brian M. Cogan<br>
February 6, 2026<br>
Page 2 of 2

retailers like Walmart, like "surcharging and discounting remedies that conflict with Walmart's business model" and business-education programs specifically designed for "[s]maller merchants." *Id.* The settlement, in short, would "gift" the Networks a free pass to engage "in anticompetitive conduct" without granting any meaningful relief to large national merchants who would otherwise be "uniquely positioned to negotiate" for better terms. *See id.* at 2, 4. That multi-billion-dollar proposed deal warrants the thorough and measured consideration that oral argument provides.

*Third*, the parties' disregard for Walmart's concerns during this round of negotiations highlights the need for Walmart to have a fair chance to present its case. Indeed, although this Court struck the parties' first settlement proposal because it offered "the least benefit to the [large national] merchants with the most valuable claims," Order at *37, Class Counsel denied Walmart any meaningful chance to participate in this round of settlement negotiations, *see* Walmart Obj. at 1–2, 4–5 (outlining Class Counsel's refusal to engage with Walmart during negotiations). That lack of process in drafting the settlement makes it critical for Walmart's concerns to be fully considered as this Court considers whether to preliminarily approve it.

*Fourth*, Walmart has requested that the Court either decertify the class, redefine the class, or recognize class members' due process and opt-out rights. *See* Walmart Obj. at 22–26. If the Court is considering granting preliminary approval, those serious certification-related questions, too, merit oral argument.

For these reasons, Walmart respectfully requests that the Court set this motion for argument and allocate time to Walmart to present its objections.

Sincerely,<br><br>
Jesse Panuccio