**LEHOTSKY KELLER COHN LLP**

629 W. Main Street
Oklahoma City, OK 73102
Mithun Mansinghani
mithun@lkcfirm.com

February 9, 2026

The Honorable Brian M. Cogan
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
           (BMC) (JAM), No. 5-md-1720.

Dear Judge Cogan:

      I write on behalf of the National Association of Convenience Stores ("NACS"), Circle K to request that the Court hold argument on class counsel's motion for preliminary approval of the settlement, ECF 9690.

      NACS and Circle K strenuously object to the proposed settlement, which leaves the core features of the anticompetitive agreement in place. *See* Objections of NACS and Circle K, ECF 9721. As class members, NACS and Circle K have consistently argued that relief from the honor-all-cards rule is necessary for meaningful reform. Just last year, they argued that the 2024 settlement proposal should be rejected because it did not adequately address the anticompetitive conditions in the card market. Objections of 7-Eleven Plaintiffs, ECF 9230. Judge Brodie agreed. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2024 WL 3236614, at *21 (E.D.N.Y. June 28, 2024).

      Oral argument is warranted for multiple reasons. *First*, Judge Brodie held a hearing on the preliminary approval motion last year. *See* Minute Entry for June 13, 2024 (reflecting argument from four lawyers representing separate objectors). That hearing was materially helpful to Judge Brodie's consideration of the motion for preliminary approval. *See* 2024 WL 3236614, at *15, *22, *24, *36 n.48, *39 n.54 (repeatedly relying on

argument from that hearing). A hearing where this Court can hear argument from objectors and ask questions is likely to be materially helpful, too.

*Second*, a hearing would provide a forum for objectors to respond to the new arguments and declarations that class counsel and the Network Defendants submitted in their reply briefs. *See* ECF 9775, 9773. The reply briefs supporting preliminary approval total 100 pages of briefing. And class counsel's reply attaches 43 exhibits, *see* ECF 9775-1, one of which is a new rebuttal declaration prepared specifically for the reply brief, ECF 9775-2. This Court will benefit from NACS' and Circle K's perspective on those new arguments and factual assertions.

This Court should therefore schedule a hearing on class counsel's motion for preliminary approval of the settlement and allocate argument time to NACS and Circle K.

Respectfully submitted,

Mithun Mansinghani
Counsel for NACS and Circle K