# ATTACHMENT

On Mar 1, 2026 9:52 AM, Jim Campbell  wrote:
EXTERNAL SENDER

Dear Xan,
Case 1:05-md-01720-BMC-JAM
Claimant ID.

ROBBINS GELLER RUDMAN & DOWD LLP PATRICK J. COUGHLIN ALEXANDRA S. BERNAY s/ Alexandra S. Bernay 655 West Broadway, Suite 1900 San Diego, CA 92101

ROBINS KAPLAN LLP K. CRAIG WILDFANG THOMAS J. UNDLIN RYAN W. MARTH 2800 LaSalle Plaza 800 LaSalle Avenue South Minneapolis, MN 55402-2015

BERGER MONTAGUE PC H. LADDIE MONTAGUE, JR. MERRILL G. DAVIDOFF MICHAEL J. KANE 1818 Market Street, Suite 3600 Philadelphia, PA 19103
Co-Lead Counsel for Plaintiffs

I am writing regarding Case 1:05-md-01720-BMC-JAM to formally address an outstanding claim for the Hacienda Inn Motel, formerly located at 1321 Paseo Del Pueblo Sur, Taos, NM 87571.

Although the Hacienda Inn Motel was closed in 2010-2011, it was an active business during the period covered by the class action lawsuit. During this time, I maintained a Visa/Mastercard account through which the credit card companies had access to my consistent contact and address information.

On February 27, 2026, I spoke with a representative from PaymentCardSettlement.com. While assisting me in reissuing a check for another closed business, Adobe Tequila Rose Inn, to my name, James Campbell, she noted that a claim letter for the Hacienda Inn Motel had been returned as undeliverable. I told her that I was in the understanding that both businesses were covered in the same lawsuit.

Given that my personal contact details, including my email, phone number, and bank account information, have remained the same and are already on file with the settlement company, I would like to understand why I was not contacted through these alternative channels.

I request that you update the records for the Hacienda Inn Motel claim to reflect my personal name, James Campbell, and provide the necessary documentation to ensure I can receive and deposit the funds owed for this claim.

Thank you for your assistance in this matter.

Best regards,
James Campbell

The below items were not included in any attempts to contact me at the correct contact information on file as they were both the same as on file as the Hacienda Inn or the Adobe Tequila Rose Inn. Also there was no notice to review and correct any errors prior to the deadline.

WHEREAS at various times since 2012, the Court has determined that certain solicitations of class members regarding third-party claims filing services have been misleading; WHEREAS the Court has expressed concern about additional instances of class member confusion.

FURTHER, the Court orders that: 1. The proposed relief outlined above must be included in any solicitation, in any form including websites, mail and email solicitations, contracts, telephone, and in-person solicitations; 2. Solicitations that do not contain the required information (as set forth above), may be deemed misleading and following notice and an opportunity to cure. 3. Class Counsel is ordered to alert all known third-party claims filing entities of the requirements within five days of entry of this Order.