## Robbins Geller Rudman & Dowd LLP

| | | | | |
|---|---|---|---|---|
| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

April 17, 2026

VIA ECF

The Honorable Judge Brian M. Cogan
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom 10A South
Brooklyn, NY 11201

Magistrate Judge Joseph A. Marutollo
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom 11A South
Brooklyn, NY  11201

Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (BMC)(JAM)

Dear Judges Cogan and Marutollo:

On behalf of Rule 23(b)(3) Co-Lead Counsel ("Class Counsel"), I write regarding two recent filings from Peter Corsa who owned several class member businesses. He makes claims of error related to his initial, partial distribution in the case. *See* ECFs 9820, 9824. Initially, Class Counsel called Mr. Corsa, but he hung up after a few minutes of discussion. Thereafter, communications have been via email. He has attached most, but not all, of the communications to his April 16, 2026 filing. ECF 9824.

Class Counsel had planned on providing the Court with a report regarding this matter in the third-party status report due to be filed April 24, 2026. However, because he has filed a second notice on the docket, we provide a brief report to hopefully negate the need for an additional report related to this class member next week.

Mr. Corsa seeks payment now for all Tax Identification Numbers ("TINs") for which he filed claims. One of his TINs was included in the initial, partial distribution population. He also appears to be contending that he did not properly receive notice regarding the case at a time when he could have objected to the settlement or opted out.

As to Mr. Corsa's notice argument, Class Counsel reports the following based on information from Epiq, which was also provided to Mr. Corsa. Epiq's records show that three of Mr. Corsa's businesses were sent notice in March of 2019, well before the July 2019 deadline to object or opt out. One notice was returned as undeliverable, was subsequently re-mailed in May 2019, and not returned to Epiq as undeliverable. Additionally, the other notices were never returned as undeliverable. Class Counsel explained to him that the legal test for notice sufficiency, which the Court has previously addressed, requires the best notice practicable. Class Counsel also explained that there had been a massive media campaign as well to provide additional indicia of notice to the class.

It is unknown whether Mr. Corsa ever filed a change of address with the U.S. Postal Service, something exclusively within his knowledge and control. In sum, Epiq sent multiple notices, in

**Robbins Geller
Rudman & Dowd** LLP

The Honorable Judge Brian M. Cogan
Magistrate Judge Joseph A. Marutollo
April 17, 2026
Page 2

March and May of 2019, including a remailing, well before the time to object had run, to addresses associated with the class member's businesses. Records also show a variety of contacts between 2023 and 2026.

Mr. Corsa also wrongly believes that his initial, partial payment was incorrect. Epiq and Class Counsel have provided him with details regarding the calculation of his initial, partial payment and explained why three other TINs were not included in the initial, partial distribution population. Unsatisfied with those explanations, he claims that the notice process somehow led to an error in the calculated amount of his initial, partial distribution. *See* ECF 9824 at 4. Mr. Corsa claims that in the absence of personal notice he did not have the opportunity to "correct the administrator's data, update addresses, resolve TIN-level discrepancies, or address the distribution error prior to the initial partial distribution." *Id.* Untrue. He not only had the opportunity to update addresses and correct the administrator's data and resolve other issues, he in fact took advantage of some of those processes. He sought a research request on one TIN (which is the reason that TIN was not included in the initial, partial distribution) and had the ability to challenge interchange fee totals and take other actions before and after the claims filing deadline.[1]

Class Counsel has suggested that Mr. Corsa utilize the Special Master process if he remains unsatisfied. To date, he has not done so.

Mr. Corsa's initial, partial distribution payment is correct and was calculated in accordance with the Court-approved distribution plan and distribution motion. Class Counsel respectfully suggests that no further action by the Court, Epiq or Class Counsel is needed at this time.

Respectfully submitted,

ALEXANDRA S. BERNAY

ASB:sll

cc:    All Counsel via ECF
       Peter Corsa via email

---

[1]    The class member submitted materials to the Court that have been filed on the public docket despite the fact that certain of the information is likely confidential (such as TINs). Class Counsel does not include any specifics in this letter regarding business names, addresses, or other potentially confidential information.

4927-5980-4322.v1