**BRESSLER LLP**

Jason Bressler
Direct + 1 212.444.2388
jason.bressler@bresslerllp.com

April 21, 2026

**VIA ECF**

Hon. Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
         05-MD-1720 (BMC) (JAM) – Letter re Motion for Partial Summary Judgment

Dear Judge Cogan:

On behalf of Plaintiffs in *Potayto-Potahto, LLC v. Visa Inc.*, 26-cv-3245 (S.D.N.Y.) (filed April 21, 2026), we write to advise the Court of the motion for partial summary judgment filed in the above-referenced matter, which seeks a declaration that Plaintiffs' claims are not barred by the Rule 23(b)(3) Class Settlement Agreement and Final Judgment in MDL 1720, Dkt. Nos. 7257-2 ("Settlement Agreement"), 7832 ("Final Judgment").

Plaintiffs respectfully submit that (i) this Court has exclusive jurisdiction to resolve this motion under paragraphs 18 and 19 of the Final Judgment,[1] and (ii) Plaintiffs' motion for partial summary judgment falls within an exception to the pre-motion conference requirement in Your Honor's Individual Rules because it is brought by non-parties to the MDL, *see* Individual Rules § III.B.2.   Accordingly, Plaintiffs seek a declaration that the Settlement Agreement's release is invalid to the extent it purports to release claims that accrued after the close of the class period on January 24, 2019, and that, as a result, Plaintiffs' post-class-period claims are not barred by the Settlement Agreement.

The enforceability of the forward-looking release presents a purely legal question requiring no factual development.  "A party may move for summary judgment 'at any time until 30 days after the close of all discovery,' including before a defendant answers the complaint." *Schanker & Hochberg, P.C. v. Berkley Assurance Co.*, 589 F. Supp. 3d 281, 289 (E.D.N.Y. 2022) (quoting Fed. R. Civ. P. 56(b)).  Indeed, Rule 56 "allows a party to move for summary judgment . . . even as early as the commencement of the action."  Fed. R. Civ. P. 56 advisory committee's note to 2009 amendment.  Early resolution of this motion would promote judicial economy, as it may prove dispositive of Plaintiffs' claims.

---

[1] The Final Judgment provides that any challenge to the release shall be resolved by Chief Judge Brodie or, "if she is not available, any other District Court Judge designated by the Court." Final Judgment ¶ 19.  On September 5, 2025, the MDL Panel reassigned the case from Chief Judge Brodie to Your Honor.  *See* Dkt. 9666.

# BRESSLER LLP

Plaintiffs are amenable to a reasonable adjustment to the default schedule under Local Rule 6.1(b) that affords Defendants a fair opportunity to respond, and are prepared to discuss scheduling with Defendants' counsel if requested.

Respectfully submitted,

*/s/ Jason Bressler*
Jason Bressler

cc: Counsel of Record in MDL 1720 (via ECF)