

Ryan Botkin
p 512.960.4730
ryan@bccaustin.com

April 28, 2026

**VIA ECF**

Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  **Re:**  Objection filed in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, **No. 05-MD-1720 (BMC)(JAM)**

Dear Judge Cogan,

  Today, Pedernales Electric Cooperative, Inc. (the "Cooperative") filed an Objection to the Proposed Settlement in the matter identified above. I write to address the timing of this filing, in light of the Court's April 20, 2026 Order re: [9826] Response to Order to Show Cause, which highlighted the Court's 12/12/2025 deadline for parties to file objections and noted that the Cooperative "did not timely file an objection and provides no explanation as to why." For the reasons explained below and in the Objection, we respectfully request that the Court accept the Cooperative's Objection as an advisory to the Court as it considers whether to grant Preliminary Approval for the Proposed Settlement.

  As stated previously, the Cooperative and I apologize for failing to timely object before the December 12, 2025 deadline. Counsel did not appreciate that the "parties" identified in the Court's order were intended to include class members who have not previously been involved in this litigation. As the Court is well aware, the Byzantine procedural history of this 20-year-old lawsuit has involved the appearance of numerous actual parties – including more than a dozen acquiring and issuing banks who are Defendants alongside Mastercard and Visa (a.k.a the "Bank Defendants"). When the Court announced its December 12, 2025 deadline for "parties" to file objections, we reviewed recent docket entries and found that Class Plaintiffs and the Network Defendants (*i.e.*, Mastercard and Visa) had filed documents in support of the Proposed Settlement – but it appeared that the Bank Defendants and other parties previously involved in this litigation had not weighed in. Furthermore, the Proposed Settlement itself lays out a specific time-frame for class members to receive notice and have the opportunity to object to the Proposed Settlement, ***after*** the granting of Preliminary Approval.

  Thus, because there were actual parties who might have objections to the Proposed Settlement but had not yet weighed in, and because the Proposed Settlement established a future time-frame for class members to file objections, we read the term "parties" in the Court's deadline

In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation
April 10, 2026
Page 2

Order literally, and understood the Court to be addressing only the Plaintiffs and Defendants actually named in this litigation.  The Cooperative understood the Court's Order to *allow* it and other class members to submit written objections for the Court to consider (at its discretion) prior to the Preliminary Approval decision, as various other class members in fact did.  But in this context, we did not realize the Court intended the December 12, 2025 deadline to apply to class members' Objections – or that that filing a written objection was a prerequisite to present objections in person at the court's Hearing on Preliminary Approval.  Indeed, based on the contents of the Court's Orders, we believed the Hearing was the proper forum at which to present the Cooperative's concerns about the Proposed Settlement.[1]  Again, the Cooperative and counsel apologize for this misunderstanding.

The Cooperative recognizes that it is filing this Objection out of time, and thus the Court is under no obligation to consider it. However, as the Objection explains, the concerns the Cooperative is raising about the Proposed Settlement affect every class member that provides electrical, natural gas, water, or sanitary utilities services – industries whose annual revenues total more than $1.3 trillion dollars.  Accordingly, the Cooperative respectfully suggests that the Court may wish to take these issues into consideration prior to making the Preliminary Approval decision.

In light of the above, the Cooperative has respectfully submitted its Objection for the Court to take under advisement (at the Court's discretion), in deciding whether to grant Preliminary Approval of the Proposed Settlement.  Thank you for your consideration.

Sincerely,

Ryan A. Botkin
Partner

---

[1] The Cooperative wishes to clarify that it is in no way seeking any "advantage over all the class members that objected on time."  The Cooperative understands that it, like all other class members, will be entitled to have its Objection considered after (and if) Preliminary Approval is granted—pursuant to the process outlined in the Proposed Settlement—before the Court decides whether to grant Final Approval.  However, because the issues the Objection raises affect such a large sector of class members, and can potentially be addressed with relatively straightforward modification(s), it would seem to promote judicial efficiency to address these issues before, rather than after, approving the Proposed Settlement in its current form.