UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : | MDL No. 1720(BMC)(JAM)<br><br>Civil No. 05-5075(BMC)(JAM) |
| | : | |
| | : | RULE 23(b)(3) CLASS PLAINTIFFS' |
| This Document Relates To: | : : | MEMORANDUM OF LAW IN RESPONSE TO OBJECTIONS TO APRIL 1, 2026 *SUA* |
| ALL ACTIONS. | : : : | *SPONTE* REPORT AND RECOMMENDATION |
| | x | |

4935-4427-0760.v1

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ....................................................................................................1

II.  FACTUAL BACKGROUND ....................................................................................1

     A.   Betz & Baril's Conduct....................................................................................1

     B.   ClickFunds' Prior Issues Before the Court .......................................................2

     C.   The Instant Matter ...........................................................................................3

III. RESPONDENTS FAIL TO ADDRESS THE PROPER STANDARD OF
     REVIEW ................................................................................................................5

IV.  UNDER ANY STANDARD, MAGISTRATE JUDGE MARUTOLLO'S R&R IS
     APPROPRIATE.....................................................................................................6

V.   RESPONDENTS' ARGUMENTS FAIL .................................................................7

VI.  CONCLUSION......................................................................................................9

4935-4427-0760.v1

## I.    INTRODUCTION

Rule 23(b)(3) Class Plaintiffs ("Class Plaintiffs") provide their responses to the objections submitted in response to the Court's April 1, 2026 *Sua Sponte* Report and Recommendation (the "R&R") regarding Betz & Baril PLLC ("Betz & Baril") and ClickFunds LLC ("ClickFunds"). ECF 9844.

As demonstrated below, the Court's recommendation that certain sanctions should issue regarding Betz & Baril and ClickFunds was a narrowly tailored, carefully considered Order. Magistrate Judge Marutollo's factual and legal determinations are well within the range of permissible decisions. No error exists where the magistrate "employed the proper standards, accurately [considered] the facts, and reasonably applied the law to those facts."[1] *Zielinski v. Annucci on behalf of NYS DOCCS*, 2021 WL 1152819, at *6 (N.D.N.Y. Mar. 26, 2021). Respondents ignore the standard of review and instead seek to relitigate the original sanctions motion.

## II.    FACTUAL BACKGROUND

### A.    Betz & Baril's Conduct

On February 9, 2026, Class Plaintiffs moved for sanctions against Betz & Baril and its referral partner ClickFunds. ECF 9793-1. Class Plaintiffs provided an extensive factual background detailing the years of issues surrounding Betz & Baril related to claims filing services in the Action. Since 2019, the firm and its principal, Jason Baril, have been brought to the Court's attention multiple times. In 2024, the Court was alerted to *five* separate incidents relating to agents or referral partners of Betz & Baril. Those incidents are detailed extensively in Class Plaintiffs' September 5, 2024 letter to the Court. ECF 9407. First, a referral partner of the firm, Private Millionaire, solicited merchants without any disclaimers and claimed knowledge of the amounts merchants were expected to receive. Second, another group that contracted with the firm also failed to include required disclaimers (LinkedIn issue). Third, ClickFunds and AddTraffic were brought to the Court's

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

4935-4427-0760.v1

attention related to a number of videos with numerous false and misleading statements regarding the settlement, including statements regarding the purported numbers of claims filed, expected payouts, and incorrect information regarding the filing process. *Id.* at 2-3. Fourth, the disclaimers were also not present on the materials; a class member complaint was received stating that the claims-filing firm (Betz & Baril) would take 40% and that this figure was "regulated by the federal court." *Id.* The class member was also told: "There is only one law firm that is allocated in that state." *Id.* at 3. Finally, in late August-early September of 2024, Class Counsel became aware of a website and associated videos that lacked disclaimers and provided multiple false and misleading statements, particularly concerning Betz & Baril's role in the settlement. *Id.* at 3-5. Judge Marutollo held a hearing on October 17, 2024 and following that hearing Betz & Baril entered into a stipulation with Class Counsel regarding its future conduct. Included in that stipulation was the following:

> Betz & Baril agrees that if it violates any of the foregoing, Class Counsel will seek sanctions to include the cancellation of all contracts between Betz & Baril for claims-filing services, attorneys' fees incurred related to addressing the firm's violations, and notification to the Tennessee State Bar regarding Betz & Baril's conduct.

ECF 9465 at 2.

The Court signed the stipulation and ordered Betz & Baril to provide a report by November 18, 2024. *See id.* & related Oct. 18, 2024 text-entry Order. That same day, the Court entered a text-entry Order requiring Class Counsel to "promptly notify the Court of any further issues pertaining to Betz & Baril." Oct. 18, 2024 text-entry Order.

**B.     ClickFunds' Prior Issues Before the Court**

Class Counsel first reported an issue related to ClickFunds in the July 26, 2024 Status Report. Class Counsel explained that it had been alerted to certain YouTube videos that were from an online web services advertising entity (AddTraffic) that had partnered with Betz & Baril and ClickFunds. ECF 9363 at 4-5. These videos contained numerous false and misleading statements regarding the settlement, including statements regarding the purported numbers of claims filed, expected payouts, and incorrect information regarding the filing process. *Id.* at 4. The disclaimers

4935-4427-0760.v1

were also not present on the materials. *Id.* The offending materials were removed and Betz & Baril sent letters to 1,700 class member clients allowing them to cancel their contracts. *Id.* at 5. It appeared at that time that matters were at an end.

### C.      The Instant Matter

Class Counsel reported another class member complaint about these entities to the Court in the November 21, 2025 Status Report. ECF 9700. Epiq informed Class Counsel that it had received a call on November 17, 2025 from a class member expressing concerns related to Betz & Baril as well as ClickFunds. *Id.* at 4. This class member had a lengthy call with an Epiq representative and forwarded numerous emails. *Id.* The emails show that this class member was given false information regarding when he would receive payment and the payment amount, a figure that at that time was not available to anyone, and was given incorrect information regarding his transactions, including about Square transactions. *Id.* He also claimed that he did not receive disclaimers when he signed up for claims filing services. *Id.* On November 18, 2025, Class Counsel wrote to Betz & Baril. The firm's principal agreed to let the merchant out of the contract, but at that time did not address the other issues raised.

On November 21, 2025, the Court issued an Order directing Betz & Baril and ClickFunds to respond to the allegations made by the class member that were detailed in the Status Report. Nov. 21, 2025 text-entry Order. On November 25, 2025, Betz & Baril responded via letter stating:

> Our office has been made aware that a former partner, ClickFunds, LLC, has provided false information to clients. We terminated our partnership with ClickFunds last year after similar concerns were brought to our attention, and we have not utilized their services since that time for Visa/Mastercard or any other services because of what was brought to our attention.

ECF 9705-1. It further claimed that the firm provided updates to the class member via voicemail and spoke to the class member as well. *Id.*

Following some missed deadlines, on December 30, 2025, ClickFunds responded to the Court's Order. ECF 9747-1. That response sought to distance itself from the person that wrote

many of the concerning emails. It also made arguments concerning its contact with the complaining class member and claimed that it had a positive prior compliance record. *Id*. at 3.

On January 14, 2026, Class Counsel submitted an update to the Court. ECF 9772. In that update, Class Counsel detailed various issues with the responses from ClickFunds and Betz & Baril and requested discovery from the entities so that Class Counsel could fully support a motion for sanctions. The Court then set forth a schedule for expedited discovery. *See* Jan. 15, 2026 text-entry Scheduling Order.

The discovery revealed significant and ongoing sanctionable conduct. That conduct included:

- Knowledge on the part of Betz & Baril that class members were receiving false and misleading information with no action taken to stop such conduct. As one example, the discovery revealed a class member was falsely told they were to receive more than $300,000. The produced email showed the operations manager at Betz & Baril, Mr. Baril, a ClickFunds associated person, and the class member were all on an email together. The ClickFunds associated person told a class member she was "with Click Funds, the marketing arm for Betz & Baril, the law firm handling your Visa/Mastercard Settlement claim." *See* ECF 9793-6, Ex. 4 (BBCF 0001029-30).

- In the original class member complaint underlying the sanctions motion, the class member had been told any transactions his company made through Square were not part of the settlement. The class member told Epiq about these concerns and it appears from the materials produced, that Betz & Baril decided not to take clients who had transactions using Square. "[W]e say no to Square clients." *See id.,* Ex. 6 (BBCF 000001). Because of a lack of proper explanation and training, it appears that because Betz & Baril decided not to take clients who used Square, that meant Square transactions were not included in the settlement. This likely cost class members significant recoveries. After working with Epiq to file his claim, the class member who was the original source of complaints had more than $2.3 million in Square sales volume.

- Betz & Baril admitted that ClickFunds provided false information to class members. "Our office has been made aware that a former partner, ClickFunds, LLC, has provided false information to clients. We terminated our partnership with ClickFunds last year after similar concerns were brought to our attention, and we have not utilized their services since that time for Visa/Mastercard or any other services because of what was brought to our attention." ECF 9705-1.

- Betz & Baril told the Court in November 2025 that it terminated a partnership with ClickFunds. ECF 9705-1. A document in the production appears to undermine that claim. An email between the operations manager at the law firm and someone at

ClickFunds is dated December 16, 2024, and shows Betz & Baril sharing information about a client. ECF 9793-9, Ex. 7 (BBCF 000360). Later efforts to describe the continued working relationship were considered and rejected by Magistrate Judge Marutollo. R&R at 30.

- Dozens of emails were produced that provided "preliminary" and vastly inflated amounts to be received that were the total interchange fees paid, and not the amount a class member was to receive. Numerous emails were sent to class members claiming "preliminary amount[s]" to be received and included only the barest explanation of the *pro rata* distribution. ECF 9793-1 at 8-9 & n.3.

Magistrate Judge Marutollo's R&R recommended that sanctions "are an appropriate exercise of the Court's authority under its inherent power, Federal Rule of Civil Procedure 23(d), and the All Writs Act." R&R at 28. Following the issuance of the R&R, Respondents sought a brief extension and filed an objection on April 23, 2026. ECF 9844.

## III. RESPONDENTS FAIL TO ADDRESS THE PROPER STANDARD OF REVIEW

Respondents ignore the standards applicable to the District Court's review of a party objecting to a magistrate's order relating to non-dispositive motions. *See Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 U.S. Dist. LEXIS 52697, at *5 (S.D.N.Y. Mar. 26, 2020). ("'The district court reviews [a magistrate judge's order relating to a nondispositive pretrial matter] under the "clearly erroneous or contrary to law" standard.'" (alterations in original)).

The District Court may find clear error only when "'upon review of the entire record, [the court is] "left with the definite and firm conviction that a mistake has been committed."'" *Id*. (alterations in original) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). "[T]he fact that 'reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision.'" *Winfield v. City of New York*, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (quoting *Edmonds v. Seavey*, 2009 WL 2150971, at * 2 (S.D.N.Y. Jul. 20, 2009)).

4935-4427-0760.v1

## IV. UNDER ANY STANDARD, MAGISTRATE JUDGE MARUTOLLO'S R&R IS APPROPRIATE

Even under *de novo* review, but certainly under the more limited appropriate review standard, Magistrate Judge Marutollo's R&R should be affirmed. The R&R discusses the misleading conduct and Respondents' troubling history before the Court, including a careful assessment of contradictory statements made to the Court regarding the relationship between Betz & Baril and ClickFunds. R&R at 30-31. The R&R finds sufficient evidence that "several class members received false or misleading information from Respondents regarding promised amounts that individual class members would receive from the settlement." *Id.* at 28. The R&R found: "Class Counsel also presents sufficient evidence that at least one class member – but, given Respondents' past practices revealed to the Court, likely many more – may have been misled into believing that the settlement did not include Square transactions." *Id.* at 29. After review of the many exhibits included in Class Plaintiffs' motion, Magistrate Judge Marutollo held: "Respondents' communications demonstrate that class members were repeatedly provided with misleading information about the settlement amounts, which are not yet available." *Id.* These knowingly misleading statements were made repeatedly and "Respondents' attempt to diminish the gravity of the false or misleading statements – rather than attempting or offering to correct their statements – supports the need for sanctions here." *Id.* at 30. These acts, plus the law firm's concession that it was "aware that ClickFunds was providing 'false information to clients' as early as 2024" supported the R&R's specific finding of bad faith. *Id*. at 30-31.[2]

Any argument that Respondents' sanctions are disproportionate, surprising, or untethered to any legitimate basis, is belied by the signed stipulation from 2024 acknowledging the specific remedies that would be sought by Class Plaintiffs should there be any repeat of the earlier

---

[2] Magistrate Judge Marutollo also noted: "In their opposition, Respondents do not address Class Counsel's allegations regarding Betz & Baril's denial of Square transactions, nor do they dispute that ClickFunds is or was Betz & Baril's agent." R&R at 25.

4935-4427-0760.v1

questionable conduct.  Respondents' failure to comply in the face of the stipulation further supports a finding of bad faith.

The issue regarding Square is particularly egregious, as an unknown number of Respondents' clients may have been improperly told they could not include Square transactions in their claim because Respondents did not wish to accept such transactions.[3]  Respondents did not attempt to properly address it by, for example, offering to contact their clients or otherwise attempting to correct this issue. Instead, they downplay the issue.

## V.       RESPONDENTS' ARGUMENTS FAIL

Apart from the failure to consider the standard of review, Respondents make no effort to show Magistrate Judge Marutollo abused his discretion.  The objection is a near verbatim rehash of the arguments made in opposition to the sanctions motion.[4]

Those previously rejected arguments continue to fail.  Respondents rely again on *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).  In that case, the lower court barred all communications with class members and did so with only the barest of explanation.  The Supreme Court held: "[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  *Gulf Oil Co.*, 452 U.S. at 101.  That is precisely what was done here.  Magistrate Judge Marutollo reviewed the factual record, which was replete with examples of misstatements, as well as Respondents' lengthy history of improper conduct.  *See* R&R

---

[3]    On May 4, 2026, the Second Circuit upheld the district court's finding that merchants, and not the payment facilitators (such as Square), are the class member here, thus making this refusal more concerning.  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2026 WL 1210154 (2d. Cir. May 4, 2026).

[4]    The Second Circuit recently clarified that "a litigant objecting to an R&R may not simply rest on the briefs considered by the magistrate judge; she must lodge a specific objection to some specific aspect of the R&R.  But the objection not only may, but often must, repeat arguments that were previously raised. When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*." *Nambiar v. The Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).  That case involved a **dispositive** decision of a magistrate, however, not the case here.

4935-4427-0760.v1

at 28-31. The Magistrate Judge also weighed the need for sanctions, noting the Court's responsibility to ensure class members are protected while balancing that against Respondents' claim that any corrective action could be viewed as meddling in its private communications with clients. R&R at 22. Respondents complain that the Court did not properly find bad faith, but Magistrate Judge Marutollo made a specific finding of bad faith and even relied upon the same authority as Respondents in making this finding. *Compare* R&R at 27, *with* ECF 9844 at 2, 4 (both citing *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 564 F.3d 110 (2d Cir. 2009)). Magistrate Judge Marutollo also noted that efforts by Respondents to diminish "the gravity of the false or misleading statements – rather than attempting or offering to correct their statements – supports the need for sanctions here." R&R at 30.

The R&R also noted: "Betz & Baril cannot escape sanctions, as it concedes that it was aware that ClickFunds was providing 'false information to clients' as early as 2024, after which Betz & Baril claims it 'terminated [its] partnership with ClickFunds.'" *Id*.

The R&R expressly considered and rejected some of the sanctions sought by Class Plaintiffs. *Id.* at 31. The calibration downward from what was requested further demonstrates that the Court's decision was based on a careful consideration of the factual record as well as specific findings aimed at protecting the class while imposing narrowly tailored relief.

Respondents also complain about the grant of attorneys' fees and administrative expenses, citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108-10 (2017). As with their other arguments, this too fails. Class Plaintiffs have demonstrated but-for causation in relation to fees and expenses. As the Court noted, the request was adjudged to be related solely to those fees and costs occasioned by the efforts to address and correct the misleading conduct of Respondents. *See* R&R at 33-34. But for the multiple misstatements and repeated sanctionable conduct, no fees would have been sought and no administrative expenses would have been incurred. The R&R also discusses the procedure that could be ordered should the R&R be adopted. The R&R suggests: "Class Counsel shall file, by a date certain set by the Court, a motion – including a memorandum of law, declarations, and an itemized statement of expenses – for Class Counsel's reasonable expenses or

- 8 -

costs in connection with its motion and associated efforts to implement the Court's order." R&R at 34. This process ensures that only those reasonable expenses or costs caused by the misconduct would be compensable. A similar process related to expenses incurred by Epiq would ensure only "but for" expenses could be assessed. *Id*. at 34-35. There will be opportunity for Respondents and the Court to review any claimed fees and expenses. This will assure no windfall.

Respondents argue that the inability to quantify the scope of the harm they have created, provides a pass. *See* ECF 9844 at 3. But Class Plaintiffs' and the Court's inability to know the precise number of class members harmed, flows directly from Respondents' own conduct and recordkeeping failures. "The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." *Bigelow v. RKO Radio Pictures, Inc*., 327 U.S. 251, 265 (1946).

## VI. CONCLUSION

Magistrate Judge Marutollo's 38-page R&R carefully considered unrefuted evidence of multiple misleading statements, including a history of improper conduct stretching over a five-year period. The R&R's conclusions were fully supported, and should be adopted by the District Court. The Court has issued numerous orders over the last decade and a half all with an aim to protect class members. As the R&R makes clear, the Court "has broad authority to regulate the conduct of third parties in their dealings with the class. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2014 WL 4966072, at *1 (E.D.N.Y. Oct. 3, 2014). This R&R falls well within the Court's purview and should be adopted in full.

DATED: May 7, 2026          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

- 9 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402-2015
Telephone:  612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs

- 10 -

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 3,263 words.

s/ Alexandra S. Bernay

ALEXANDRA S. BERNAY

4935-4427-0760.v1