UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document refers to: ALL ACTIONS | **MEMORANDUM DECISION AND ORDER**<br><br>05-md-1720 (BMC) (JAM) |

**COGAN**, District Judge.

The case is before the Court on objections to Magistrate Judge Marutollo's Report and Recommendation ("R&R") that the Court sanction respondents Betz & Baril PPLC ("Betz & Baril") and ClickFunds LLC ("ClickFunds"). For the reasons below, the Court overrules the objections and adopts the R&R in full.

## BACKGROUND

The relevant facts are well-accounted for in the R&R, and respondents do not meaningfully dispute them. In summary, Betz & Baril provides claim-filing services to about 9,000 class members in exchange for a percentage of those class members' recovery. ClickFunds is a "lead developer" that brings new clients to Betz & Baril. Class Counsel moved for sanctions after learning that respondents provided class members with misleading or false information about the settlement.

## I.     Prior Issues

This is not the first time that the Court's involvement was needed to police the conduct of an entity connected to Jason Baril, an attorney and partner/principal of Betz & Baril. In 2019, Business Refunds of America, an entity operated by Baril, was ordered to show cause why sanctions should not be imposed based on "a website and social media posts containing numerous false and misleading statements about the settlement." The matter was resolved by

stipulation, and Class Counsel reported that "there were no further issues relating to Mr. Baril or entities owned or controlled by him until 2024."

In 2024, Betz & Baril and its agent, ClickFunds, were ordered to show cause why sanctions should not be imposed based on "YouTube videos that . . . contained numerous false and misleading statements regarding the settlement, including statements regarding purported numbers of claims filed, expected payouts and incorrect information regarding the filing process[.]" Again, the matter was resolved by stipulation, and about 1,700 Betz & Baril clients were notified of the potentially misleading information and given an option of cancelling their contracts. Similar incidents occurred throughout 2024, culminating in a joint stipulation requiring Betz & Baril to send another notification – this time to about 9,000 clients – alerting them to potentially misleading information and again giving the class members an option of cancelling their contracts.

## II. **Current Issue**

About a year later, Betz & Baril was brought back before the Court for the issues giving rise to the R&R. However, the nature of the allegations was different. As discussed above, the "usual" allegations were that a Baril-connected entity provided misleading information to class members in an effort to induce class members to contract with the entity. And the "usual" resolution involved notifying the class members and offering them an option of cancelling their contracts.

This time, however, the alleged misinformation propounded by Betz & Baril was not designed to garner clients for Betz & Baril. Rather, it appeared that Betz & Baril was incorrectly telling class members that sales volume data from transactions involving Square, Inc. (now known as Block, Inc.) could not be considered as part of their claims. Respondents recognize

that, for at least one class member, this meant a difference of $2.3 million in sales volume previously omitted from its claim.

Class Counsel moved for sanctions that were essentially punitive, which would have barred respondents from receiving "any portion of any class member's settlement benefits" and forbidding any future participation in this case.[1] Judge Marutollo largely disagreed with Class Counsel's proposal, and instead recommended sanctions that were more remedial.

Per Judge Marutollo's recommendation, Betz & Baril will notify all of these clients about the misinformation regarding Square and offer those clients an option to cancel their contracts. Moreover, should any class members cancel their contracts with Betz & Baril, the claims-filing period will be reopened for those class members, and they will be allowed to re-file their claims with the court-appointed claims administrator. Lastly, the associated fees and costs will be shifted to respondents.

Respondents objected to Judge Marutollo's recommended sanctions on the same grounds as they opposed Class Counsel's motion, and now add arguments relating to the All Writs Act and Due Process Clause of the Fifth Amendment.

## DISCUSSION

"The Court does a *de novo* review of a party's objections if they are 'specific and clearly aimed at particular findings in the magistrate judge's proposal.'" Bank of Am., N.A. v. Madwell LLC, 800 F. Supp. 3d 464, 469 (E.D.N.Y. 2025) (quotations omitted). On the other hand, the "clear error standard . . . applies when a 'party makes only conclusory or general objections, or simply reiterates his original arguments.'" HVT, Inc. v. Port Auth. of N.Y. & N.J., 798 F. Supp.

---

[1] Enjoining a nonparty from any role in the settlement is a sanction previously issued in similar circumstances. See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., 768 F. Supp. 3d 418, 423 (E.D.N.Y. 2025).

3d 349, 355 (E.D.N.Y. 2025) (quoting Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir.

2022)).  After review, the Court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Here, respondents raise two groups of arguments.  The first group is a repackaging of the

arguments previously raised in opposition to Class Counsel's motion for sanctions.  The second

group consists of new arguments based on the All Writs Act and the Due Process Clause of the

Fifth Amendment, neither of which are "specifically and clearly aimed at particular findings" of

the R&R.  See Madwell, 800 F. Supp. 3d at 469.  In other words, respondents make only

"conclusory or general objections, or simply reiterate [their] original arguments."  HVT, Inc.,

798 F. Supp. 3d at 355.  Thus, the Court reviews the R&R for clear error.

The Supreme Court has emphasized that the "clearly erroneous" standard is met only if,

after reviewing the entire record, the Court "is left with the definite and firm conviction that a

mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

Sanctions determinations are largely discretionary, see ComLab Corp. v. Kal Tire, 815 F. App'x

597, 600 (2d Cir. 2020), and a "court abuses its discretion when its decision . . . cannot be

located within the range of permissible decisions," Cuomo v. N.Y. State Assembly Judiciary

Comm., 683 F. Supp. 3d 258, 268 (E.D.N.Y. 2023); see also Ellis v. YMCA Camp Mohawk,

Inc., 615 F. App'x 697, 698 (2d Cir. 2015) ("Either an error of law or a clear error of fact may

constitute an abuse of discretion.").

Respondents assert that Judge Marutollo's R&R was clearly erroneous because (1) it

violates Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981); it exceeds the bounds of the All Writs Act;

and (3) it violates the Due Process Clause of the Fifth Amendment.  The Court disagrees.

4

Respondents' argument about <u>Gulf Oil</u> is a red herring. That case concerns "order[s] limiting communications," <u>Gulf Oil</u>, 452 U.S. at 101, and Judge Marutollo rejected Class Counsel's suggestion to limit respondents from further communicating with class members.[2] Rather, Judge Marutollo recommended that respondents be compelled to notify their clients of the potential misinformation and allow for any such clients to be made whole. That kind of remedy is far from foreign in this case. <u>See, e.g.</u>, <u>In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.</u>, 754 F. Supp. 3d 319, 329 (E.D.N.Y. 2024) (recommending that National Processing Alliance be compelled to "provide [certain] merchants with notice that they may cancel their contract with NPA and file their own claims, and that such notice consist solely of language approved by Class Counsel").

Respondents' argument about the All Writs Act is equally unavailing, and likewise ignores the history of this case. "The All Writs Act . . . authorizes courts to enter curative orders in the context of class action settlement agreements as necessary . . . The curative orders may extend to anyone 'in a position to frustrate the implementation of a court order or the proper administration of justice.'" <u>In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.</u>, 778 F. Supp. 3d 539, 549 (E.D.N.Y. 2025) (quoting <u>United States v. N.Y. Tel. Co.</u>, 434 U.S. 159, 174 (1977))). Judge Marutollo's recommended sanction is a prototypical curative order necessary to protect the class members that also happen to be Betz & Baril clients.

Respondents' final argument about due process likewise falls flat. Respondents contend that "compelled communication drafted or approved by Class Counsel and forced upon every client burdens [their] speech and business relationships[.]" However, the Second Circuit has

---

[2] Respondents also complain that the heavy burden for regulating "class wide" communications has not been met. This is another red herring because Judge Marutollo's recommendation does not concern "class wide" communications. True, it concerns communications involving all of respondents' clients that are class members, but that subset of about 9,000 clients is around 0.075% of the 12-million-member class.

consistently upheld these kinds of sanctions with no constitutional concerns.  See, e.g., Enmon v.

Prospect Cap. Corp., 675 F.3d 138, 148 (2d Cir. 2012); Liebowitz v. Bandshell Artist Mgmt., 6

F.4th 267, 292 (2d Cir. 2021).

The kind of sanctions issued here have previously been issued to other nonparties under

practically identical circumstances.  It thus strains credulity for respondents to now argue that

Judge Marutollo's recommendation "cannot be located within the range of permissible

decisions."  Cuomo, 683 F. Supp. 3d at 268.  Accordingly, Judge Marutollo's R&R was not

clearly erroneous.

**CONCLUSION**

Defendants' objections are overruled, and the Court adopts Judge Marutollo's R&R in

full.

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated:  Brooklyn, New York
      May 7, 2026