UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**REVISED ORDER
APPOINTING SPECIAL
MASTER**
05-md-1720 (BMC)

This document refers to: ALL ACTIONS

-------------------------------------------------------------

**COGAN**, District Judge:

The Court finds that appointment of a Special Master, pursuant to Rule 53 of the Federal Rules of Civil Procedure, is warranted.[1] A Special Master is hereby appointed to resolve any disputes or matters arising out of or relating to the Plan of Administration and Distribution, (ECF 7257-2) ("Plan of Administration") attached as Appendix I to the Settlement Agreement as well as any other matters the Court refers to the Special Master. Upon this appointment, the Special Master shall have the authority specified in Rule 53(c) with respect to those disputes and matters.

1. The Honorable James Orenstein (Ret.) of 620 Eighth Avenue 34th Floor, New York, NY 10018, is appointed Special Master to resolve any disputes or matters arising out of or relating to the Plan of Administration, including the proper scope of a requested exclusion from the Rule 23(b)(3) Settlement Class and the resolution of claims made to the Net Cash Settlement Fund as well as any other matters the Court refers to the Special Master. The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this order.

---

[1] Capitalized terms are the same as they were defined in the Superseding and Amended Definitive Class Settlement Agreement ("Settlement Agreement"), Docket Entry No. 7257.

2.      Subject to the procedures set forth herein, the Special Master shall have discretion to determine the appropriate procedures for resolution of all matters within his appointment and shall have the authority to take all appropriate measures to perform the assigned duties.

3.      Matters arising out of or relating to the Settlement Agreement's Plan of Administration and its claims process shall be raised in the first instance with the Class Administrator, except for any specific matter the Court directly refers to the Special Master.  The Class Administrator may address the matter or refer it to the Special Master for resolution.  If the Class Administrator addresses the matter, any interested party may appeal the Class Administrator's resolution to the Special Master.  That party shall provide the Special Master with an application describing the nature of the dispute, a suggested resolution, and basis for that resolution.  Any party that wishes to respond to the application shall have fifteen business days to submit its opposition papers to the Special Master.  The party making the application shall thereafter have five business days to submit reply papers to the Special Master.  Reasonable adjustments to the briefing schedule for a dispute may be made by the Special Master.  All submissions to the Special Master shall be served on any interested party and Rule 23(b)(3) Class Counsel, who shall promptly provide such submissions to counsel for the Defendants.  The Special Master may seek assistance from the Settling Parties as he or she may consider to be helpful to the Special Master in resolving any such disputes.  The Settling Parties are authorized to provide any such requested assistance.

4.      Prior to receiving evidence on disputed matters, the Special Master will develop procedures for filing materials under seal and taking other measures to protect confidentiality and the identity of claimants as appropriate.  Unless otherwise directed by the Court, the Special Master's report and recommendation on each matter shall be filed on (1) a master miscellaneous

docket established for the Special Master to file his reports and recommendations and for the Court to file its decisions on the reports and recommendations (*In re MDL 1720 Damages Class Settlement Disputes*, No. 24-mc-3415 (E.D.N.Y.)), and (2) a dispute-specific miscellaneous docket (*e.g.*, *In re MDL 1720 Damages Class Settlement Dispute No. [X]*, No. 26-mc-XXXX (E.D.N.Y.)), established by the Clerk of Court upon the Clerk of Court's receipt of the Special Master's report and recommendation, and served on any affected parties no later than 30 days after the reply papers have been received by the Special Master. Any interested party shall have 21 days, following the filing and service, to file objections to the Special Master's report and recommendation with the Court on the dispute-specific miscellaneous docket; any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be permitted unless they are authorized by the Court. If any party objects to the report and recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*.

5. The Special Master may, at his discretion, direct that all submissions relating to appeals of the Class Administrator's resolutions described in Paragraph 3 be provided to the Class Administrator for transmission to the Special Master. In order to manage the anticipated volume of such appeals, and for administrative efficiency, the Special Master may direct the Class Administrator to assist in service of those documents on interested parties and Rule 23(b)(3) Class Counsel. Should the Special Master request this assistance from the Class Administrator, the 30-day period for service of the Special Master's report and recommendation described in Paragraph 4 will begin on the date on which the Special Master receives the

compiled appeal-related documents from the Class Administrator.

6. The Special Master is permitted to have *ex parte* contact with the Court. The Special Master is permitted to have *ex parte* contact with parties involved in any dispute (including Rule 23(b)(3) Class Counsel), if the parties to the dispute approve those *ex parte* contacts. Such *ex parte* communications shall not be deemed to waive any attorney-client or other privileges. The Special Master shall proceed with all reasonable diligence.

7. The Special Master must preserve all materials considered in making its determinations, and upon completion of a ruling by the Special Master, the Special Master shall file the report and recommendation on the master miscellaneous docket and with the Clerk of Court for creation of a dispute-specific miscellaneous docket. The record of the evidence considered by the Special Master in making or recommending findings of fact must be preserved in the event that any party objects to the report and recommendation.

8. The Special Master is to be paid his reasonable hourly rate. The Special Master shall periodically submit to the Court for approval normal billing records of time spent and expenses, with reasonably detailed descriptions of activities and matters worked on. The Special Master's fees and expenses in connection with resolving disputes shall be paid out of the Class Settlement Cash Escrow Account.

9. The Special Master's appointment shall be for a period of two years, with the option of renewal.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
~~May 29~~, 2026
June 1