

*** Filed ***
04:50 PM, 02 Jun, 2026
U.S.D.C. Eastern District of New York

**<u>UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK</u>**

**In re:**

**Payment Card Interchange Fee and Merchant Discount Antitrust Litigation**

<u>MDL No. 1720 (BMC)(JAM)</u>

<u>Civil No. 05-5075 (BMC)(JAM)</u>

## NOTICE OF PERSONAL NOTICE FAILURE AND MOTION TO COMPEL PRODUCTION OF NOTICE RECORDS

I, **Peter Corsa**, respectfully submit this combined Notice and Motion to bring to the Court's attention a **personal notice failure** and to request an order compelling Class Counsel and the Settlement Administrator (Epiq) to produce the **complete notice records** associated with my claim.

This filing follows my previously submitted **Notice of Distribution Error** and **Supplemental Clarification**, and Class Counsel's written response dated April 2026.

## I. PERSONAL NOTICE FAILURE

### 1. I never received personal notice of the settlement.

Despite being a class member throughout the relevant period, I did not receive:

- the February 2019 long-form notice,
- the short-form notice,
- any email notice,
- any postcard notice, or
- any follow-up notice.

I first learned of the settlement **years after the notice period closed**, and only through independent research.

### 2. The addresses used for me were incorrect.

Class Counsel provided a chart showing that Epiq mailed notice to **closed business locations** that were no longer associated with me.

No notice was ever sent to my **residential address**, where I have lived continuously.

### 3. Class Counsel cannot produce the required notice records.

Class Counsel stated in writing:

> "I do not believe the other items are available or ever existed."

The items referenced include:

- mailing logs
- address-source data
- delivery records
- returned-mail records
- February 2019 long-form notice logs
- any record showing I was personally notified

This raises a material question as to whether I was ever provided the notice required under Rule 23 and the Court's prior orders.

## II. DISTRIBUTION ERROR

### 1. My claim does not appear in any category reported to the Court.

In the filings currently before the Court (ECF 9869, 9870, and the Kovach Declaration), Class Counsel identifies:

- 75,000 merchants cleared through name-variance review,
- 8,400 merchants cleared through takedown review,
- PayFac and Branded Operator categories, and
- merchants ready for second distribution.

My claim appears in **none** of these categories.

### 2. Class Counsel has not explained why my claim is excluded.

Despite multiple written requests, Class Counsel has not provided:

- the basis for excluding my claim,
- the address used to determine notice,
- the date I was first sent notice,
- any record showing I was personally notified,
- any explanation for why I was not included in the first distribution, or
- any explanation for why I am not included in the second distribution.

This lack of clarity prevents me from understanding the status of my claim or verifying whether it was properly processed.

## III. REQUEST FOR COURT CLARIFICATION

I respectfully request that the Court direct Class Counsel and Epiq to answer the following:

1. When was I personally first sent notice of the settlement?
2. To what address(es) was notice sent?
3. What source was used to obtain those addresses?
4. Was any notice returned as undeliverable?
5. Why was no notice sent to my residential address?
6. Why does my claim not appear in any category reported to the Court?
7. What is the current status of my claim in the distribution process?

These are factual questions necessary to determine whether my claim was properly handled.

## IV. MOTION TO COMPEL PRODUCTION OF NOTICE RECORDS

Because Class Counsel has stated that certain notice records "do not exist," and because the records provided to date are incomplete, I respectfully move the Court to compel production of the following:

1. All mailing logs associated with my claim.
2. All address-source data used to determine where notice was sent.
3. All delivery records, including USPS confirmations.
4. All returned-mail records, if any.
5. The February 2019 long-form notice logs for my claim.
6. Any internal notes or flags associated with my claim.
7. Any records showing whether my claim was placed into a distribution category.

These records are necessary to determine whether I received the notice required under Rule 23 and whether my claim was properly processed for distribution.

## V. CLASS COUNSEL'S ADMISSIONS REGARDING NOTICE AND RECORDS

In written correspondence dated April 2026, Class Counsel (Alexandra S. Bernay) made several statements that directly bear on the issues raised in this Notice. These statements are reproduced here in relevant part, and the full email is attached as **Exhibit A**.

### 1. Admission that the calculation worksheet is not provided to class members

Class Counsel stated:

> "The administrator would not be providing [the calculation worksheet] and this is not a document that is ever provided to class members."

**2. Admission that notice was sent to outdated business addresses**

Class Counsel stated:

> "According to Epiq's records notices were sent in March 2019 to three of your merchants…"

The addresses listed correspond to **business locations I no longer owned or occupied**, and which were **closed years before 2019**.

No notice was sent to my residential address.

**3. Admission that subsequent communications were sent years after the claims deadline**

Class Counsel provided a chart showing mailings and emails sent in:

- 2023
- 2024
- 2025
- 2026

These communications occurred **well after** the claims filing deadline and therefore cannot constitute meaningful notice.

**4. Admission that Epiq does not provide reasons for TIN exclusion**

Class Counsel stated:

> "It is not Epiq's practice to provide individual class members the reason why a given TIN was not in the initial population."

**5. Admission that the administrator cannot produce certain notice records**

Class Counsel previously stated:

> "I do not believe the other items are available or ever existed."

This refers to:

- mailing logs
- address-source data
- delivery records
- returned-mail records
- February 2019 long-form notice logs

These records are necessary to determine whether I was ever personally notified.

## VI. CONCLUSION

I respectfully request that the Court:

1. Acknowledge this Notice of Personal Notice Failure;
2. Direct Class Counsel to clarify the status of my claim; and
3. Grant the Motion to Compel Production of Notice Records listed above.

I submit this filing solely to ensure the accuracy of the record and to understand the status of my claim in the distribution process.

Respectfully submitted,

_____

**Peter Corsa**
Pro Se Class Member

Osceola County, Florida

# EXHIBIT A

## Exhibit A — Email from Class Counsel (April 2026)

Xan Bernay<XanB@rgrdlaw.com>
'petercorsa@outlook.com'
'Sternberg, Amanda'

Mr. Corsa

Your below email does not comport with the conversation we had.

I am happy to speak via written communication, but I will not stand for misstatements.

I did not say you were not entitled to a calculation worksheet. I said that the administrator would not be providing that and that this is not a document that is ever provided to class members.

The merchant portal lays out which TINs were included in the distribution so it does not make sense for you to claim that you did not know other TINs were not included. It is my further understanding that Epiq representatives also told you that not all of your TINs were included in the initial, partial distribution population.

Information regarding the reasons for inclusion or non-inclusion is detailed in public filings that are all available on the settlement website (www.paymentcardsettlement.com). If you have any trouble accessing, please let me know.

As to notice, according to Epiq's records notices were sent in **March 2019** to three of your merchants (Bombay Bar & Grill, Amelia's and Alessandro of Gainsville).

You were also sent a variety of other communications, many well prior to the end of claims filing period. Please see the chart below.

| Merchants | TINs | Document | Sent Date | Address |
|---|---|---|---|---|
| BOMBAY BAR & GRILL INC | XXX9446 | Mailed - Prepopulated Claim | 12/4/2023 | 12 W University Ave, Gainesville, FL 32601-3317 |
| | | Mailed - PrePopulated Reminder Postcard | 4/30/2024 | 12 W University Ave, Gainesville, FL 32601-3317 |
| | | EMailed - Authorization Approved | 8/1/2024 | petercorsa@outlook.com |
| PIOS PASTA DOWNTOWN | XXX5396 | Mailed - Prepopulated Claim | 12/4/2023 | 4320 SW 20TH AVE, GAINESVILLE, FL 32607-4200 |
| | | Mailed - PrePopulated Reminder Postcard | 4/30/2024 | 4320 SW 20TH AVE, GAINESVILLE, FL 32607-4200 |
| | | EMailed - Authorization Approved | 7/18/2024 | petercorsa@outlook.com |
| | | Emailed - Additional Data | 1/17/2025 | petercorsa@outlook.com |
| | | Emailed - Research Results | 2/26/2025 | petercorsa@outlook.com |
| AMELIA'S | XXX1618 | Mailed - Prepopulated Claim | 12/4/2023 | 236 S MAIN ST, STE 107, GAINESVILLE, FL 32601-6585 |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Mailed - PrePopulated Reminder Postcard | 4/30/2024 | 235 S MAIN ST, STE 107, GAINESVILLE, FL 32601-6585 |
|  |  | EMailed - Authorization Approved | 7/18/2024 | petercorsa@outlook.com |
| ALESSANDRO OF GAINSVILLE | XXX1238 | Mailed - Prepopulated Claim | 1/24/2024 | 2842 S NOVA RD, DAYTONA BEACH, FL 32119 |
|  |  | Mailed - PrePopulated Reminder Postcard | 4/30/2024 | 2841 S NOVA RD, DAYTONA BEACH, FL 32119 |
|  |  | EMailed - Authorization Approved | 7/18/2024 | petercorsa@outlook.com |
|  |  | EMailed - SG Payment Election | 12/4/2025 | petercorsa@outlook.com |
|  |  | EMailed - SGPayElectReminder | 1/5/2026 | petercorsa@outlook.com |

As I explained on the call, the issue of notice was previously raised with the Court and notice was found to properly comport with Due Process. As you received individual mailed notice based on Epiq's records, as well as many other communications, your statement below (item four)  appears to be incorrect.

Further, as I explained in my earlier email, there are a variety of reasons a TIN may not have been included in the initial, partial distribution. It is not Epiq's practice to provide individual class members the reason why a given TIN was not in the initial population, but I can ask Epiq (Amanda copied here) to look into this issue.

Finally, the check details were noted in my email, below, but I replicate them here: Check No: 385743. Check Date: 2/13/2016. It was mailed to your address but has not yet been cashed. Stale date is May 14, 2026.

Regards,

Xan

**From:** PETER CORSA <PETERCORSA@outlook.com>
**Sent:** Friday, April 10, 2026 1:06 PM
**To:** Xan Bernay <XanB@rgrdlaw.com>
**Subject:** Re: In re Payment Card / Follow-Up to Today's Call / Request for Written Communications Only

EXTERNAL SENDER

Ms. Bernay,

This email is to document our call earlier today and to clarify my position going forward.

First, I prefer that all future communications be made **in writing only**. I will not be engaging in further phone calls regarding my claim. Written communication ensures accuracy, preserves the record, and avoids any misunderstandings about what was said.

Second, during our call you stated that I am "not entitled" to the calculation worksheet, the formula used, or other information I requested. I want to be clear that I am not asking for anything beyond what is necessary to understand how my distribution was determined. Your refusal to provide the calculation methodology, while simultaneously asserting that the distribution was correct, is noted.

Third, you acknowledged that **only one of my TINs** was included in the initial distribution and that the remaining TINs were excluded for reasons that were not previously disclosed to me. This is the first time I have been informed of this, and it directly contradicts the impression created by the portal's presentation of my total interchange fees. I will await the written breakdown you stated Epiq would provide.

Fourth, regarding notice: as I stated on the call, I **never received any mailed notice** or correspondence at any stage of this settlement. I only learned of the settlement after the fact and had no opportunity to review or verify any data before the deadlines passed. You offered to "research" whether any notices were ever sent to me. I request that you provide, in writing:

- The dates any notices were mailed
- The addresses used
- The type of notice sent
- Any records showing delivery or return
- Any logs or records showing attempts to contact me

This information is necessary for me to understand whether I was ever actually notified of the settlement or given a meaningful opportunity to participate.

Finally, I will await the written materials you stated Epiq will provide, including:

- Merchant-level and TIN-level totals
- The percentage applied to the TIN included in the initial distribution
- Confirmation of which TINs were excluded and why
- The check details you provided verbally

Please provide all responses in writing. I will not be discussing these matters by phone.

Regards,

**Peter Corsa**

---

**From:** Xan Bernay <XanB@rgrdlaw.com>
**Sent:** Friday, April 10, 2026 3:35 PM
**To:** 'petercorsa@outlook.com' <petercorsa@outlook.com>
**Cc:** 'Sternberg, Amanda' <Amanda.Sternberg@epiqglobal.com>
**Subject:** In re Payment Card

Mr. Corso

Despite you hanging up on me, please be assured that the administrator and counsel wish to respond to your questions.

An important issues related to your claim is that only one of your TINs was included in the partial distribution. You have demanded to receive an amount which you claim you are currently entitled to, based on a total interchange fee amount that includes TINs that are not in this distribution. I wanted to explain why it was that not all of your TINs were in the first batch, but did not get a chance before you hung up. Claims were not included for several reasons including possible use of Payment Facilitators (such as Square). Issues related to Payment Facilitators are the subject of current pending appeals. Other reasons for non-inclusion include being part of an audit population and having sought a research request. If you want, I can send you a declaration from Epiq that was previously filed that further lays our these issues.

**You made several demands in your filing with the Court. Below are your requests and a response to each**

**Order the Claims Administrator (Epiq)** to produce to me, in writing:

a. the merchant-level and TIN-level transaction totals used in calculating my distribution; This is available on the merchant portal Epiq can extract it and send it to you separately. You indicated on the call that you would want this. **I am directing Epiq to provide this to you.**

b. the allocation formula, percentage, or rate applied; Epiq can restate the fees for the TIN included in the initial, partial distribution and that it was a pro rata against all the fees included. If you divide the payment amounts against your fee amount you can get the percentage. **I am directing Epiq to provide this to you.**

c. the calculation worksheet showing how the payment amount was derived; This is not something that will be provided.

d. the check number, date of issuance, mailing address used, and status (including whether it was cashed). Check No: 385743. Check Date: 2/13/2016. It was mailed to your address but has not yet been cashed. Stale date is May 14, 2026.

1. **Direct the Administrator** to conduct a full review of my claim and confirm whether the

distribution amount was correctly calculated based on the $55,602.29 in interchange fees

reflected in the portal. <span style="color:red">Only one of your TINs was included in the initial, partial distribution and that TIN had $18,464.74 in fees. Distributions for the other TINs will be made at a later date.</span>

2. **Order recalculation and reissuance** of any payment that was miscalculated, misallocated, or improperly issued. <span style="color:red">Nothing was paid improperly but Epiq can reissue the check for $217.62 if you would like.</span>

I am happy to speak with you again, but I ask that you not hang up on me while I am speaking.

Best regards,

Xan

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**