UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

In re PAYMENT CARD INTERCHANGE
FEE AND MERCHANT DISCOUNT
ANTITRUST LITIGATION

---

This Document Relates To:

ALL ACTIONS.

---

: MDL No. 1720(BMC)(JAM)
:
: Civil No. 05-5075(BMC)(JAM)
:
: RULE 23(b)(3) CLASS PLAINTIFFS'
: RESPONSE TO MOTION FOR LIMITED
: RECONSIDERATION AND LIMITED
: CLARIFICATION OF THE MAY 7, 2026
: MEMORANDUM DECISION AND ORDER

4910-3722-2575.v1

## I. Introduction

Respondents Betz & Baril PLLC ("Betz & Baril") and ClickFunds LLC ("ClickFunds") (collectively, the "Respondents") have filed a meritless motion[1] to reconsider or clarify certain points made in the Court's Order adopting the Magistrate Judge's *Sua Sponte* Report and Recommendation (ECF 9815) ("R&R"). The Motion fails to satisfy the requirements for reconsideration and should be denied. Respondents also seek to require Rule 23(b)(3) Class Counsel ("Class Counsel") and Epiq to provide information now regarding the costs to rectify Respondents' misconduct, despite the fact that at this time it is not known what the fees associated with obtaining compliance will be and despite the fact that the request for a per-claimant estimate is not possible without incurring significant costs. Additionally, the Court has already laid out a procedure regarding submission of fees and expenses that will allow Respondents to challenge any fee and expense submission at the proper time. Respondents complain that without this information they "cannot make an informed business decision about how to proceed." Motion at 7-8. Nothing in the Court's Order merits any clarification or reconsideration. The Motion should be denied in full.

## II. Respondents Cannot Meet the Standards for Reconsideration

Local Civil Rule 6.3 is explicit: a reconsideration motion must identify "matters or controlling decisions which the moving party believes the [C]ourt has overlooked." Local Civil Rule 6.3. Courts in this district routinely deny such motions. Reconsideration is "'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011).

In the Second Circuit, the standard for granting a motion to reconsider is strict and will generally be denied unless the moving party can point to controlling decisions or data that the court

---

[1] Memorandum of Law in Support of Motion for Limited Reconsideration and Limited Clarification of the May 7, 2026 Memorandum Decision and Order (ECF 9867-1) ("Motion"). Unless otherwise noted, all emphasis is added and citations are omitted.

4910-3722-2575.v1

overlooked – "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not an opportunity for the moving party to take a "'"second bite at the apple."'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). *Nielsen Consumer LLC v. Circana, LLC*, 2026 WL 1456958, at *1 (S.D.N.Y. May 22, 2026); *see also Miranda v. S. Country Cent. Sch. Dist.*, 2020 WL 4287165, at *1 (E.D.N.Y. July 27, 2020) (Cogan, J.) (Denying motion for reconsideration and holding: "'A motion for reconsideration should be granted only when the [moving party] identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."'" (alteration in original) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013))).

Local Rule 6.3 is also narrowly construed and strictly applied to prevent repetitive motion practice and re-litigation of issues already considered by the Court. *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). Courts in the Second Circuit therefore reject attempts to re-cast reconsideration motions as requests for "clarification" where the movant seeks substantive revision of the Court's reasoning or factual findings rather than resolution of a genuine ambiguity or clerical oversight. *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 593 F. Supp. 2d 549, 569 (S.D.N.Y. 2008) ("The Rule does not allow a party to move for 'clarification.'"). Local Civil Rule 6.3 is intended to preserve the finality of decisions and prevent a losing party from "'"plugging the gaps of a lost motion with additional matters."'" *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016).

Any fair reading of Respondents' Motion demonstrates no matters or controlling decisions were overlooked by the Court. As the Court noted: "The relevant facts are well-accounted for in the R&R, and respondents do not meaningfully dispute them." Memorandum Decision and Order (ECF 9857) at 1.

**III.    Respondents' Three Claimed Issues Are No Basis for Any Action by the Court**

Respondents raise three issues they claim should be reconsidered, narrowed, or clarified. None of these claimed issues are properly raised nor should they be the grounds for Court action.

First, as to ClickFunds' role, Respondents previously raised issues regarding that entity several times in the opposition to sanctions and in their objections to the R&R. The Court considered the full procedural history and summarized it as background. A minor distinction regarding the characterization of its role in one earlier controversy is not grounds for reconsideration or clarification. Respondents point to nothing overlooked by the Court, because the Court fully reviewed the record.

Second, Betz & Baril is upset that the Court's order reflected a specific dollar amount of Square-related transactions that a complaining Class member was able to include in a claim despite Betz & Baril incorrectly telling Class members that Square-related transactions were not included in the settlement. The argument appears to be that correctly stating that there were $2.3 million in Square-related transactions requires additional explanation because otherwise it would "distort the sanctions analysis." Motion at 6. In addition to being unsupported, Respondents could have made such an argument, but never did. As the Court noted, the issue in the current sanctions request was that "Betz & Baril was incorrectly telling class members that sales volume data from transactions involving Square, Inc. (now known as Block, Inc.) could not be considered as part of their claims." ECF 9857 at 2. Moreover, even in its Motion, Respondents recognize that the failure to include Square-related sales volume would impact a Class member's recovery. *See* Motion at 5-6. Respondents propose a declaration from Mr. Baril to "further substantiate the relevant assumptions and [provide] context." *Id.* at 6. No such belated declaration is needed or helpful. Respondents repeatedly told Class members that they could not submit Square-related transaction information. The facts are undisputed on this point. Respondents have never raised the meaning and import of the example provided. Further, the Square-related misstatements were not the only misleading conduct by Respondents detailed in the R&R which was adopted in full

4910-3722-2575.v1

by the Court. "Class Counsel presents sufficient evidence that several class members received false or misleading information from Respondents regarding promised amounts that individual class members would receive from the settlement." R&R at 28.[2]

Finally, Respondents' arguments regarding fees and expenses fail. Respondents argue they need certain information now in order to "make an informed business decision about how to proceed." Motion at 7-8. "The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 265 (1946). Respondents will have a full opportunity to assess the reasonableness of fees and costs associated with bringing the sanctions motion and incurred in connection with implementing the Court's Order. At a later time, Class Counsel will file "a memorandum of law, declarations, and an itemized statement of expenses – for Class Counsel's reasonable expenses or costs in connection with its motion and associated efforts to implement the Court's order." R&R at 34. This process, which Respondents seek to upend, ensures that only those reasonable expenses or costs caused by the misconduct would be compensable. A similar process related to expenses incurred by Epiq will ensure only "but for" expenses will be assessed. *Id.* at 34-35.

Relying upon *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), Respondents argue that hours devoted to unsuccessful, distinct, relief should not be charged to the adversary and the fee awarded should be reasonable in relation to the results obtained. Three points should be made. First, the relief sought here was not segregable. All work done in relation to any of the requested sanctions was reasonable and conducted at the same time. *See, e.g.*, ECF 7822 at 25 (Overruling objections that time spent pursuing claims under Federal Rule of Civil Procedure 23(b)(2) should not be compensable and noting: "Class Counsel should not be punished for work that was

---

[2]    *See also* R&R at 29 ("Respondents' communications demonstrate that class members were repeatedly provided with misleading information about the settlement amounts, which are not yet available.").

4910-3722-2575.v1

reasonable for them to do at the time for both classes."). Second, the argument is, at best, premature. Class Counsel will seek only "reasonable expenses or costs in connection with its motion and associated efforts to implement the Court's order." R&R at 34. Third, Respondents will have an opportunity to assess and challenge those claimed fees at the proper time.

Respondents' request to have Class Counsel disclose the current amount of fees and costs incurred within seven days should be denied as a waste of resources.

Respondents also seek to require Epiq to conduct an analysis to determine the per Class member costs to process claims. Because no Class member has yet availed themselves of the ability to have claims filed administratively by Epiq, this request is premature and may result in significant costs to the Class. Respondents have been found to have engaged in sanctionable conduct and should not benefit in any way from their wrongdoing, including by making Class Counsel and Epiq expend time and effort to appease Respondents.

For all the reasons stated above, Respondents' Motion should be denied.

DATED:  June 4, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN  55402-2015
Telephone:  612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs

4910-3722-2575.v1