UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE PAYMENT CARD INTERCHANGE
FEE AND MERCHANT DISCOUNT
ANTITRUST LITIGATION

**ORDER**

This document refers to: ALL ACTIONS

05-md-1720 (BMC) (JAM)

**COGAN**, District Judge.

The Court previously adopted Magistrate Judge Marutollo's *sua sponte* Report and Recommendation ("R&R") that the Court sanction respondents Betz & Baril PLLC and ClickFunds LLC. Respondents have moved for reconsideration. For the reasons below, the motion is denied.

Respondents' motion is two-fold. First, respondents ask the Court to "revisit discrete factual premises that, as presently framed, [are] overstate[d]" because they "appear[ed] to [be] part of the background for escalating sanctions[.]" That is a red herring. The Court simply summarized the salient facts that were already "well-accounted for in the R&R, and [which] respondents [did] not meaningfully dispute[.]" But more to the point, the Court did not escalate (or even change) the sanctions recommended by Judge Marutollo. There is therefore no reason to revisit the facts underlying them.

Next, respondents seek reconsideration of the "fee-and-cost-shifting component [of the Order] in light of the Court's own recognition that [the] sanctions [sought by Class Counsel were] substantially broader than the remedial relief ultimately adopted." That is meritless. Respondents' argument is, essentially, that because "Judge Marutollo largely disagreed with Class Counsel's proposal [of sanctions]," the fees Class Counsel incurred in bringing the motion for sanctions ought not to be shifted to respondents. Describing this fee shift as "a backdoor

punishment," respondents contend they "should not be made to fund the unsuccessful punitive portions of a sanctions application that the Court itself concluded went too far." That misses the point because, at the end of the day, Class Counsel prevailed on the motion for sanctions.

In addition, respondents' objections are premature. Class Counsel seeks only "reasonable expenses or costs in connection with its motion and associated efforts to implement the Court's order." Class Counsel has not yet demanded anything from respondents and, when that time comes, respondents may lodge any nonfrivolous objections. To that end, respondents ask the Court to impose an arbitrary seven-day deadline for Class Counsel to articulate the amount of fees so far incurred, and for the claims administrator to determine the average cost-per-class-member to process claims. Doing so would serve no material purpose because respondents will also bear the costs of implementing the sanctions, and that hasn't happened yet. It would therefore be a waste of resources to tally a number that can only grow larger by the time respondents flip the bill.

Respondents were sanctioned for their conduct and seek reconsideration without any cogent or compelling reason to do so. Accordingly, respondents' motion for reconsideration is denied.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
June 9, 2026

2