UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

_____

This Document Relates To:

    ALL ACTIONS.

MDL No. 1720(BMC)(JAM)

Civil No. 05-5075(BMC)(JAM)

LIMITED REPLY
MEMORANDUM OF LAW IN
FURTHER SUPPORT OF
RESPONDENTS' MOTION FOR
LIMITED RECONSIDERATION
AND LIMITED
CLARIFICATION OF THE MAY
7, 2026 MEMORANDUM
DECISION AND ORDER

The Lawyer James J. DeCristofaro, Esq., P.C.
James J. DeCristofaro, Esq.
485 Madison Ave Fl 7
New York, New York 10022
Tel.  (212) 500-1891
E-Mail:  james@dclfirm.com

*Attorney for Respondents Betz & Baril PLLC
and ClickFunds LLC*

Dated: June 11, 2026
      New York, New York

Respondents Betz & Baril PLLC and ClickFunds LLC respectfully submit this limited reply memorandum of law in further support of their motion for limited reconsideration and limited clarification of the Court's May 7, 2026 Memorandum Decision and Order adopting the April 1, 2026 Report and Recommendation, and respectfully state as follows:

## LIMITED ARGUMENT IN REPLY

Any fee award should be strictly limited to compensatory rather than punitive sanctions under the Supreme Court's holding in Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101 (2017). Here, the Court adopted materially narrower remedial relief instead of the broader punitive sanctions Class Counsel sought, demonstrating that the sanctions regime is compensatory in nature. Under Goodyear's but-for causation standard, Class Counsel may recover only fees incurred "solely because of" the specific misconduct at issue, not fees that would have been incurred regardless of respondents' conduct. Since the Court rejected Class Counsel's broader punitive proposals in favor of limited remedial measures, any fee award should be calibrated to the damages caused by the specific sanctioned conduct and should not extend to fees associated with unsuccessful relief that crossed the boundary from compensation to punishment.

To wit: Any fee award must be proportional to the relief actually obtained, not the relief originally sought by Class Counsel. The Court explicitly adopted Judge Marutollo's recommendation for limited remedial sanctions while rejecting Class Counsel's broader punitive proposals, including extraordinary relief such as barring respondents from class recoveries and Tennessee bar reporting. Since multiple categories of requested relief were unsuccessful and the Court imposed materially narrower measures than sought, any fee award should be reduced proportionally to reflect the limited success achieved and avoid rewarding Class Counsel for unsuccessful punitive theories that the Court rejected.

In addition, Class Counsel should comply with established procedural requirements for fee shifting, including providing competent evidence of claimed fees and expenses and affording respondents opportunity to challenge the accuracy and reasonableness of such submissions. Compensatory sanctions require sworn affidavits or other competent evidence of fees incurred, and the sanctioned party must have meaningful opportunity to challenge both the accuracy of submissions and reasonableness of requested fees. Mackler Prods., Inc. v. Cohen, 225 F.3d 136, 146 (2d Cir. 2000) ("due process requires, at a minimum, that: (1) the party seeking to be compensated provide competent evidence, such as a sworn affidavit, of its claimed attorney's fees and expenses; and (2) the party facing sanctions have an opportunity to challenge the accuracy of such submissions and the reasonableness of the requested fees and expenses.") Class Counsel's refusal to disclose current fees and costs incurred prevents informed business decisions and potential narrowing of disputes through conferral, forcing parties to litigate in the dark about fee exposure. Early disclosure would serve judicial efficiency and comply with Rule 54(d)(2)(B)(iii)'s requirements for fee documentation in sanctions proceedings. To that end, respondents respectfully request that the Court set a reasonable timeline for Class Counsel to make and substantiate their request for attorney fees.

Dated: June 11, 2026  
     New York, New York

/s/ James J. DeCristofaro  
The Lawyer James J. DeCristofaro, Esq., P.C.  
James J. DeCristofaro, Esq.  
485 Madison Ave Fl 7  
New York, New York 10022  
Tel. (212) 500-1891  
E-Mail: james@dclfirm.com

*Attorney for Respondents Betz & Baril PLLC and ClickFunds LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 72.1 and Local Civil Rule 6.3, I certify that the foregoing memorandum contains approximately 492 words, excluding the caption, signature block, and this certificate, according to Microsoft Word's electronic word count function.