UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | : : : : | MDL No. 1720(BMC)(JAM)<br><br>Civil No. 05-5075(BMC)(JAM) |
| | : | |
| | : | RULE 23(b)(3) CLASS COUNSEL'S |
| This Document Relates To: | : : | RESPONSE TO THE COURT'S JUNE 22, 2026 ORDER REGARDING FILING BY |
| ALL ACTIONS. | : : | CLASS MEMBER PETER CORSA |
| | : | |
| | x | |

## I.    Introduction

Pursuant to the Court's June 22, 2026 text-entry Order, Rule 23(b)(3) Class Counsel ("Class Counsel") here responds to Class member Peter Corsa's Objection.[1]  On June 18, 2026, the Court issued an Order denying Mr. Corsa's request to compel production of certain documents.  *See* 6/18/2026 text-entry Order.  Despite styling his filing as a motion to compel,[2] Mr. Corsa now claims he actually meant the request to be one pursuant to Federal Rule of Civil Procedure 23(d), seeking judicial review of notice adequacy.  However styled, the Motion should be denied.  The Court determined that the notice process satisfied Rule 23 and due process requirements and the Second Circuit affirmed that finding.  Mr. Corsa's objection to the notice process is many years too late.  Further, Mr. Corsa filed claims in this action, demonstrating that he did receive notice.  Significantly, Mr. Corsa received a payment in the initial, partial distribution for one of his Tax Identification Numbers ("TINs") and two TINs are in the recently approved distribution population.  No further action should be taken by the Court in response to Mr. Corsa's requests.

## II.    Mr. Corsa Has Filed Claims in This Action, Showing He Received Notice

Mr. Corsa's argument that he did not receive notice is nonsensical.  He timely filed four claims in this action, one of which he received a payment for as part of in the initial, partial distribution.  *See* Rule 23(b)(3) Class Counsel's Response to Notice of Personal Notice Failure and Motion to Compel Production of Notice Records (ECF 9893) at 1.  Mr. Corsa has two additional claims that are scheduled to be paid in the coming months in the recently approved second, partial distribution.  *Id.*  One of his four claims is the subject of a research request submitted by Mr. Corsa, so it is presently not in an approved distribution population.  *Id.* Mr. Corsa therefore obviously received mail or publication notice.

---

[1]    *See* Objection of Pro Se Class Member Peter Corsa to Magistrate Judge's Order Dated June 18, 2026, and Renewed Request for Judicial Review Under Federal Rules of Civil Procedure 72(a) and 23(d) (ECF 9896) (the "Objection").

[2]    *See* Notice of Personal Notice Failure and Motion to Compel Production of Notice Records (ECF 9877) (the "Motion").

4929-1280-1463.v1

To the extent Mr. Corsa claims he did not receive notice prior to the close of the period to opt out or object, the facts demonstrate that he likely received direct mailed notice or received notice through the massive media campaign implemented in the case in the 2019 period. In all events, the notice was the best practicable and fully compliant with Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(c)(2)(B); *see also infra* §III.

Epiq's records indicate that notices were sent in March and May 2019 to addresses that were linked to Mr. Corsa's businesses that accepted Visa and/or Mastercard. ECF 9893 at 1. One mailing was returned undeliverable, the address was updated, and a notice was sent again and no return mail was received by Epiq. *Id*. at 3-4. The mailings to the other addresses were not returned.[3]

Mr. Corsa suggests that Epiq somehow should have determined his home address and sent notice there.[4] It is unknown how Epiq would be expected to determine that he was a Class member via his home address when the records used in the case are based on records of acceptors of Visa and Mastercard transactions gathered from acquirers and defendants.

The notice process here satisfied Rule 23(c)(2)(B): "[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

Millions of mailed notices were sent to likely Class members. To complement the "massive individual direct mailing effort, the combined measurable paid print and internet effort alone reached 80.4% of all U.S. Adults aged 18+ with an average frequency of 2.8 times, 84.2% of all U.S.

---

[3]   Mr. Corsa raised certain arguments in his Motion regarding a claimed "Distribution Error." Motion at 2. He has not included this incorrect argument in the Objection which is what Class Counsel's instant response addresses. Class Counsel assumes its response has satisfied Mr. Corsa. *See* ECF 9893 at 2-3.

[4]   Mr. Corsa also attaches certain state business records in an apparent effort to claim Epiq should have used these documents to: (1) somehow determine he was a Class member that accepted Visa and/or Mastercard during the relevant period; and (2) use addresses in those documents for mailed notice. Objection, Ex. D. Such an endeavor, on a class-wide basis, is simply impossible where there are millions of Class members. Moreover, the documents provide no information regarding the acceptance of credit cards. The test for notice does not require what Mr. Corsa claims is necessary. *See* Fed. R. Civ. P. 23(c)(2)(B).

4929-1280-1463.v1

Business Owners with an average frequency of 3.2 times, and 84.4% of all U.S. Adults in Business and Finance Occupations with an average frequency of 3.4 times." Declaration of Cameron R. Azari, Esq., on Implementation and Adequacy of Settlement Notices and Notice Plan (ECF 7469-6) (the "Azari Declaration"), ¶14. The Azari Declaration provides expert opinion and a factual basis for determining that notice in this action comports with due process. Moreover, as detailed below in §III, the Notice Plan was reviewed by this Court and Second Circuit and both courts found the notice provided met due process requirements.

### III. The District Court and the Second Circuit Have Already Carefully Considered the Notice Process

Critically, both this Court and the Second Circuit already specifically assessed and found the notice requirements of Rule 23 were satisfied. In its recent decision regarding Square Sellers, the Second Circuit held: "Whether class members can be identified through reasonable effort 'is a finding of fact, and must be accepted unless clearly erroneous.'"[5] *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2026 WL 1210154, at \*2 (2d Cir. May 4, 2026) ("*Payment Card II*") (quoting *In re "Agent Orange" Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 169 (2d Cir. 1987)). This Court expressly recognized its obligation to direct "'individual notice to all members who can be identified through reasonable effort'" when approving the Notice Plan. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 58 (E.D.N.Y. 2019) ("*Payment Card I*").

The Second Circuit held: "We identify no clear error in the district court's finding that the notice plan was reasonable under the circumstances." *Payment Card II*, 2026 WL 1210154, at \*2; *see also Payment Card I*, 330 F.R.D. at 59 (finding "reasonable the manner in which the notices will be provided" in the settlement); *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at \*36 (E.D.N.Y. Dec. 16, 2019) ("[T]he Court finally approved the Superseding Settlement Agreement as fair, reasonable and adequate, including the Notice Plan,

---

[5] Unless otherwise noted, all emphasis is added and citations are omitted.

Class Notices, and Plan of Administration and Distribution."), *aff'd*, *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704 (2d Cir. 2023). Mr. Corsa's request that the Court employ its supervisory duties under Rule 23(d) has already occurred and the notice process has been found sufficient.

## IV. Mr. Corsa's Due Process Arguments Fail

Nevertheless, Mr. Corsa argues he has suffered a due process violation. *See* Objection at 5-6. He is wrong and the timeline he presents is incorrect. He states the period to file claims ended in December 2023. *See id*. This is wrong. The claims-filing deadline ended in February 2025 as Mr. Corsa has been told repeatedly. Mr. Corsa filed four claims prior to the deadline, has already received a check related to one of his claims, and will receive another check related to two other claims. He is receiving the benefits of the settlement and thus his due process claim is baseless.

Even if his timeline was correct, nothing raised in Mr. Corsa's Objection comes close to suggesting a constitutional violation. The Court should deny his requests for documents and the alternative request to issue any subpoenas.

## V. Documents from Epiq and Class Counsel Should Not Be Compelled

Mr. Corsa's attempt to compel documents is unwarranted. The evidence suggests that he likely received notice (either via mail or publication) and he then used that information to timely file claims. The materials he demands will not change the facts regarding the notice process in this case, generally and specifically, as it applies to Mr. Corsa. The Court should summarily deny his requests.

Mr. Corsa's reliance on *Jones v. Flowers*, 547 U.S. 220 (2006) is baffling. That case involved action by a government, entity not a class member in a class action. The *Jones* case involved the taking of a property by the state, where the state had reason to believe that the property owner did not receive notice of a sale, the Court held that the government must attempt other means to provide notice, depending on the circumstances. In this case, when Epiq received information that a notice was returned as undeliverable, attempts were made to determine a deliverable address. ECF 9893 at 3-4. In Mr. Corsa's specific case, after making a correction, notice was sent again and not returned. *Id.* Epiq's records had an address for Alessandro of Gainesville, c/o Peter Corsa in

- 4 -

Daytona Beach, Florida.  *Id.*  That address did not contain a suite number.  *Id.*  The first notice was sent on March 25, 2019 and returned.  *Id.* at 1.  The address was updated via advanced address search to include the suite number, re-mailed on May 10, 2019 (*id.*), and was not returned as undeliverable.  Proper steps were taken to provide the "best notice practicable" to all Class members, including Mr. Corsa.  Fed. R. Civ. P. 23(c)(2)(B).

Mr. Corsa's alternative request to be allowed to issue subpoenas to Epiq under Federal Rule of Civil Procedure 45 should also be denied.

## VI.  Conclusion

Mr. Corsa's claims of due process violations and failures of the notice process are wrong and undermined by the facts.  Mr. Corsa has refused to accept facts provided by Class Counsel and Epiq regarding the relevant timelines and has misunderstood the legal requirements regarding notice.  The Court should deny his current requests for documents and decline to enter any order regarding his proposed findings of fact or his proposed conclusions of law and decline to enter any order regarding his proposed demands for sworn declarations and document production.[6]

DATED:  June 24, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ALEXANDRA S. BERNAY

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

---

[6]   Class Counsel was preparing a response to Mr. Corsa's Objection.  To the extent the Court's June 22, 2026 text-entry Order has changed the timing, or necessity of a response, Class Counsel respectfully requests clarification as it may be impacted by the July 4, 2026 holiday.

4929-1280-1463.v1

ROBINS KAPLAN LLP
K. CRAIG WILDFANG
THOMAS J. UNDLIN
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, MN 55402-2015
Telephone: 612/349-8500
612/339-4181 (fax)

BERGER MONTAGUE PC
H. LADDIE MONTAGUE, JR.
MERRILL G. DAVIDOFF
MICHAEL J. KANE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs

- 6 -