**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**<br><br>**This Document Applies to:** | **No. 05-md-01720 (BMC) (JAM)** |
| ***Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.*, No. 05-md-01720 (E.D.N.Y.) (BMC) (JAM), also now known as *DDMB, Inc., et al. v. Visa, Inc., et al.*, No. 05-md-01720 (E.D.N.Y.) (BMC) (JAM).** | |

**[PROPOSED] CLASS SETTLEMENT ORDER AND FINAL JUDGMENT**

On November 16, 2026, the Court held a final approval hearing on (1) whether the terms and conditions of the Superseding and Amended Class Settlement Agreement of the Rule 23(b)(2) Class Plaintiffs and the Defendants, including all its Appendices, dated November 10, 2025 (the "Superseding and Amended Rule 23(b)(2) Class Settlement Agreement") are fair, reasonable, and adequate for the settlement of all claims in the action captioned *Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.*, MDL No. 1720 Docket No. 05-md-01720 (E.D.N.Y.) ("*Barry's*" or the "Action"), in MDL 1720, by the Rule 23(b)(2) Class certified by the Court; and (2) whether judgment should be entered dismissing the Defendants from *Barry's*, and all claims for declaratory, injunctive, and equitable relief, with respect to any and all claims released against the Rule 23(b)(2) Class Released Parties in the actions that are now or previously were consolidated in MDL 1720 and listed in Appendix A to the Rule 23(b)(2) Class Settlement Agreement, with prejudice.

The Court having considered all papers filed concerning the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, and all matters submitted to the Court at the final approval hearing and otherwise, hereby FINDS, with all capitalized terms used herein having the

same meanings set forth and defined in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, that:

A. This Court has jurisdiction over the Rule 23(b)(2) Class Plaintiffs, all members of the Rule 23(b)(2) Class, and the Defendants, and jurisdiction to finally approve the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement.

B. The notice procedures provided to the Rule 23(b)(2) Class, including but not limited to the methods of identifying and notifying members of the Rule 23(b)(2) Class, were fair, adequate, and sufficient, constituted the best practicable notice under the circumstances, and were reasonably calculated to apprise members of the Rule 23(b)(2) Class of the Action, the terms of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, and their objection rights, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, any other applicable laws or rules of the Court, and due process.

C. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

D. The Court has held a final approval hearing to consider the fairness, reasonableness, and adequacy of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, and has been advised of all objections to the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement and has given due consideration thereto.

E. The Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, including its consideration and release provisions:

(1) was entered into in good faith, following arm's-length negotiations, and was not collusive;

(2) is fair, reasonable, and adequate, and is in the best interests of the Rule 23(b)(2) Class;

(3) is consistent with the requirements of federal law and all applicable court rules, including Federal Rule of Civil Procedure 23; and

(4) was entered into at a time when the record was sufficiently developed and complete to enable the Rule 23(b)(2) Class Plaintiffs and the Defendants to have adequately evaluated and considered all terms of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement.

ACCORDINGLY, pursuant to Federal Rule of Civil Procedure 23(e), the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, the terms and conditions of which are hereby incorporated by reference, is hereby fully and finally APPROVED by the Court.

NOW, THEREFORE, based on good cause appearing therefor, [and as set forth in the accompanying opinion,] it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Based on and pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(2), on September 27, 2021, and as modified on June 25, 2024, the Court certified a Rule 23(b)(2) class, from which exclusions shall not be permitted, consisting of all persons, businesses, and other entities that accept Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time during the period between December 18, 2020 and the date of preliminary settlement approval, which is the same as the Rule 23(b)(2) Class.

2. The Rule 23(b)(2) Class Plaintiffs shall continue to serve as representatives of the Rule 23(b)(2) Class. The law firms of Nussbaum Law Group, P.C., Hilliard & Shadowen LLP, Grant & Eisenhofer P.A., and Justice Jagher London & Millen LLC shall continue to serve as Class Counsel for the Rule 23(b)(2) Class.

3. Rule 23(b)(2) Class Counsel, the Visa Defendants, and the Mastercard Defendants shall maintain the Rule 23(b)(2) Class Settlement Escrow Account as provided in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, including the Rule

23(b)(2) Class Settlement Escrow Agreement contained in Appendix B to the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement.

4. The terms and provisions of the Fourth Amended Protective Order, filed on October 29, 2009, and approved by the Court on October 30, 2009, and the terms and provisions of the Protective Order filed on April 3, 2015 on the 14-md-1720 docket and approved by the Court on April 9, 2015, shall survive and continue in effect through and after entry of this Class Settlement Order and Final Judgment.

5. Nothing in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement or this Class Settlement Order and Final Judgment is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Defendants, or of the truth or validity or lack of truth or validity of any of the claims or allegations alleged in *Barry's* or other actions in MDL 1720.

6. Nothing in this Class Settlement Order and Final Judgment is intended to or shall modify the terms of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement.

7. Each member of the Rule 23(b)(2) Class and each Rule 23(b)(2) Class Releasing Party unconditionally, fully, and finally releases and forever discharges the Defendants and each of the other Rule 23(b)(2) Class Released Parties from all claims released in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, and waives any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws.

8. Specifically, the members of the Rule 23(b)(2) Class provide the following release and covenant not to sue:

a. The "Rule 23(b)(2) Class Releasing Parties" are individually and collectively the Rule 23(b)(2) Class Plaintiffs and each member of the Rule 23(b)(2) Class, on behalf of themselves and any of their respective past, present, or future officers,

directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, estates, purchasers, predecessors, successors, and assigns — whether or not they object to the settlement set forth in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, and whether or not they exercise any benefit provided under the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, whether directly, representatively, derivatively, or in any other capacity.

b. The "Rule 23(b)(2) Class Released Parties" are all of the following:

i. Visa U.S.A. Inc., Visa International Service Association, Visa International, Visa Inc., Visa Asia Pacific Region, Visa Canada Association, Visa Central & Eastern Europe, Middle East & Africa Region, Visa Latin America & Caribbean Region, Visa Europe, Visa Europe Limited, Visa Europe Services, Inc., and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any Visa-Branded Cards or to acquire any Visa-Branded Card transactions.

ii. Mastercard International Incorporated, Mastercard Incorporated, and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any Mastercard-Branded Cards or to acquire any Mastercard-Branded Card transactions.

iii. Bank of America, N.A.; BA Merchant Services LLC (formerly known as National Processing, Inc.); Bank of America Corporation; NB Holdings; MBNA America Bank, N.A.; and FIA Card Services, N.A.

iv. Barclays Bank plc; Barclays Delaware Holdings, LLC (formerly known as Juniper Financial Corporation); Barclays Bank Delaware (formerly known as Juniper Bank); and Barclays Financial Corp.

v. Capital One, N.A. (as successor to Capital One F.S.B. and Capital One Bank (USA), N.A.); and Capital One Financial Corporation.

vi. JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A. (and as successor in interest to Chase Bank USA, N.A. and Washington Mutual Bank); and Paymentech, LLC (and as successor to Chase Paymentech Solutions, LLC).

vii. Citibank, N.A.; Citigroup Inc.; Citicorp LLC; Citicorp Credit Services, Inc. (USA) (as successor to Citicorp Payment Services, Inc.).

viii. Fifth Third Bancorp.

ix. First National Bank of Omaha.

x. HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC North America Holdings Inc.; HSBC Holdings plc; HSBC Bank plc; and HSBC U.S.A. Inc.

xi. National City Corporation and National City Bank of Kentucky.

xii. The PNC Financial Services Group, Inc. (and as acquirer of National City Corporation) and PNC Bank, National Association.

xiii. SunTrust Banks, Inc. (now known as Truist Financial Corporation) and SunTrust Bank (now known as Truist Bank).

xiv. Texas Independent Bancshares, Inc.

xv. Wachovia Bank, N.A. and Wachovia Corporation.

xvi. Washington Mutual, Inc.; Washington Mutual Bank; Providian National Bank (also known as Washington Mutual Card Services, Inc.); and Providian Financial Corporation.

xvii. Wells Fargo & Company (and as successor to Wachovia Corporation) and Wells Fargo Bank, N.A. (and as successor to Wachovia Bank, N.A.).

xviii. Each and every entity or person alleged to be a co-conspirator of any Defendant in any of the complaints in the Action.

xix. Each of the past, present, or future member or customer financial institutions of Visa U.S.A. Inc., Visa International Service Association, Visa Inc., Visa Europe, Visa Europe Limited, Visa Europe Services, Inc., Mastercard International Incorporated, or Mastercard Incorporated.

xx. For each of the entities or persons in Paragraphs 8b(i)-(xix) above, each of their respective past, present, and future, direct and indirect, parents (including holding companies), subsidiaries, affiliates, and associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), or any other entity in which more than 50% of the equity interests are held.

xxi. For each of the entities or persons in Paragraphs 8b(i)-(xx) above, each of their respective past, present, and future predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of any of the Defendants to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(2) Class Released Parties as defined in Paragraphs 8b(i)-(xx) above).

xxii. For each of the entities or persons in Paragraphs 8b(i)-(xxi) above, each of their respective past, present, and future principals, trustees, partners, officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, estates, shareholders, advisors, predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of each of the foregoing entities to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(2) Class Released Parties as defined in Paragraphs 8b(i)-(xxi) above).

c. In addition to the effect of the Rule 23(b)(2) Class Settlement Order and Final Judgment filed in accordance with the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, including but not limited to any *res judicata* effect:

i. The Rule 23(b)(2) Class Releasing Parties hereby expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Rule 23(b)(2) Class Released Parties from any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, *parens patriae*, or otherwise in nature, to the extent that they seek any form of declaratory, injunctive, or equitable relief, or attorneys' fees, costs, expenses, or interest, to the extent such fees, costs, expenses, or interest are related to those claims, demands, actions, suits, and causes of action, whenever incurred, whether directly, indirectly, derivatively or otherwise, whether known or unknown, suspected or unsuspected, in law or in equity that any Rule 23(b)(2) Class Releasing Party ever had, now has, or hereafter can, shall, or may have and that have accrued as of the Settlement Approval Date or accrue no later than the longer of five years after the Settlement Final Date or eight years after the Settlement Approval Date, arising out of or relating to any conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Rule 23(b)(2) Class Released Party that are or have been alleged or otherwise raised in the Action, or that could have been alleged or raised in the Action relating to the subject matter thereof, or arising out of or relating to a continuation or continuing effect of any such conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act. For avoidance of doubt, this release shall extend to, but only to, the fullest extent permitted by federal law.

ii. It is expressly agreed, for purposes of clarity, that any claims that seek any form of declaratory, injunctive, or equitable relief arising out of or relating to any of the following conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act are claims that were or could have been alleged in this Action and relate to the subject matter thereof:

I. any interchange fees, interchange rates, or any Rule of any Visa Defendant or Mastercard Defendant relating to interchange fees, interchange rates, or to the setting of interchange fees or interchange rates with respect to any Visa-Branded Card transactions in the United States or any Mastercard-Branded Card transactions in the United States;

II. any Merchant Fee of any Rule 23(b)(2) Class Released Party relating to any Visa-Branded Card transactions in the United States or any Mastercard-Branded Card transactions in the United States;

III. any actual or alleged "no surcharge" rules, "honor all cards" rules, "honor all issuers" rules, "honor all devices" rules, rules requiring the honoring of all credentials or accounts, "no minimum purchase" rules, "no discounting" rules, "non-discrimination" rules, "anti-steering" rules, rules that limit merchants in favoring or steering customers to use certain payment systems, "all outlets" rules, "no bypass" rules, "no multi-issuer" rules, "no multi-bug" rules, routing rules, cross-border acquiring rules, card authentication or cardholder verification rules, "cardholder selection" rules or requirements, PAVD rules, rules or conduct relating to routing options

regarding acceptance technology for mobile, e-commerce, or online payments, or development and implementation of tokenization standards;

IV. any reorganization, restructuring, initial or other public offering, or other corporate structuring of any Visa Defendant or Mastercard Defendant;

V. any service of an employee or agent of any Rule 23(b)(2) Class Released Party on any board or committee of any Visa Defendant or Mastercard Defendant; or

VI. any actual or alleged agreement (or alleged continued participation therein) (A) between or among any Visa Defendant and any Mastercard Defendant, (B) between or among any Visa Defendant or Mastercard Defendant and any other Rule 23(b)(2) Class Released Party or Parties, or (C) between or among any Defendant or Rule 23(b)(2) Class Released Party or Parties, relating to I-V above or to any Rule 23(b)(2) Class Released Party's imposition of, compliance with, or adherence to I-V above.

iii. For purposes of clarity, references to the Rules identified in this Paragraph mean those Rules as they are or were in place on December 18, 2020 and up to the Settlement Approval Date, Rules as they may be modified in the manner provided in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, and Rules in place thereafter that are substantially similar to those Rules.

d. Each Rule 23(b)(2) Class Releasing Party further expressly and irrevocably waives, and fully, finally, and forever settles and releases, any and all defenses, rights, and benefits that the Rule 23(b)(2) Class Releasing Party may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in the preceding Paragraphs 8a-c. Without limiting the generality of the foregoing, each Rule 23(b)(2) Class Releasing Party expressly and irrevocably waives and releases any and all defenses, rights, and benefits that the Rule 23(b)(2) Class Releasing Party might otherwise have in relation to the release by virtue of the provisions of California Civil Code Section 1542 or similar laws of any other state or jurisdiction. SECTION 1542 PROVIDES: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." In addition, although each Rule 23(b)(2) Class Releasing Party may hereafter discover facts other than, different from, or in addition to those that it or he or she knows or believes to be true with respect to any claims released in the preceding Paragraphs 8a-c, each Rule 23(b)(2) Class Releasing Party hereby expressly and irrevocably waives, and fully, finally, and forever settles, discharges, and releases, any known or unknown, suspected or unsuspected, contingent or non-contingent claims within the scope of the preceding Paragraphs 8a-c, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts. Rule 23(b)(2) Class Plaintiffs acknowledge, and the members of the Rule 23(b)(2) Class shall be deemed by operation

of the Rule 23(b)(2) Class Settlement Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement.

e. The release in Paragraphs 8a-d above does not bar an investigation or action, whether denominated as *parens patriae*, law enforcement, or regulatory, by a state, quasi-state, or local governmental entity to vindicate sovereign or quasi-sovereign interests.

f. Notwithstanding anything to the contrary in Paragraphs 8a-e above, the release in Paragraphs 8a-e above shall not release:

i. Any claim of a Rule 23(b)(2) Class Releasing Party that is based on standard commercial disputes arising in the ordinary course of business under contracts or commercial relations regarding loans, lines of credit, or other related banking or credit relations, individual chargeback disputes, products liability, breach of warranty, misappropriation of cardholder data or invasion of privacy, compliance with technical specifications for a merchant's acceptance of Visa-Branded Credit Cards or Debit Cards, or Mastercard-Branded Credit Cards or Debit Cards, and any other dispute arising out of a breach of any contract between any of the Rule 23(b)(2) Class Releasing Parties and any of the Rule 23(b)(2) Class Released Parties; provided, however, that Paragraphs 8a-e above and not this Paragraph shall control in the event that any such claim challenges the legality of interchange rules, interchange rates, or interchange fees, or any other Rule, fee, charge, or other conduct covered by any of the claims released in Paragraphs 8a-e above.

ii. Claims based only on an injury suffered as (i) a payment card network competitor of the Visa Defendants or the Mastercard Defendants, or (ii) an ATM operator that is not owned by, or directly or indirectly controlled by, one or more of the Rule 23(b)(2) Class Released Parties.

iii. Any claim of a Rule 23(b)(2) Class Releasing Party seeking monetary damages but not any form of declaratory, injunctive, or equitable relief with respect to the claims released herein.

g. Upon the Settlement Approval Date, each of the Rule 23(b)(2) Class Releasing Parties agrees and covenants not to: (a) sue any of the Rule 23(b)(2) Class Released Parties on the basis of any claim released herein; (b) assist any third party in commencing or maintaining any private civil lawsuit against any Rule 23(b)(2) Class Released Party related in any way to any claim released herein; or (c) take any action or make any claim until the longer of five years after the Settlement Final Date or eight years after the Settlement Approval Date that a Rule 23(b)(2) Class Released Party has continued to participate in, and failed to withdraw from, any alleged unlawful conspiracies or agreements relating to the claims released herein, which allegedly arise from or relate to the pre-IPO structure or governance of any of the Visa Defendants or the pre-IPO structure or governance of any of the Mastercard Defendants, or any Bank Defendant's participation therein. For the avoidance of doubt, however, nothing in this

Paragraph shall preclude a Rule 23(b)(2) Class Releasing Party from taking any action compelled by law or court order.

h. Each Rule 23(b)(2) Class Releasing Party further releases each of the Visa Defendants, Mastercard Defendants, and Bank Defendants and their counsel and experts in this Action from any claims that seek any form of declaratory, injunctive, or equitable relief relating to the defense and conduct of this Action, including the negotiation and terms of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement or any other settlement agreement in this Action, except for any claims relating to enforcement of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement. Each Rule 23(b)(2) Class Releasing Party releases the Rule 23(b)(2) Class Plaintiffs, Rule 23(b)(2) Class Counsel, and their respective experts in *Barry's*, from any claims relating to their institution or prosecution of *Barry's*, including the negotiation and terms of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, except for any claims relating to enforcement of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement.

i. For purposes of clarity, it is specifically intended for the release and covenant not to sue provisions of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement to preclude all members of the Rule 23(b)(2) Class from seeking or obtaining any form of declaratory, injunctive, or equitable relief with respect to the claims released herein until the longer of five years after the Settlement Final Date or eight years after the Settlement Approval Date with respect to any Rule of any Visa Defendant or any Mastercard Defendant in effect between December 18, 2020 and the Settlement Approval Date, and the compliance by any Bank Defendant with any such Rule, as it is alleged to exist, now exists, may be modified in the manner provided in the Superseding and Amended Rule (23)(b)(2) Class Settlement Agreement, or may in the future exist in the same or substantially similar form thereto.

j. In the event that the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement is terminated pursuant to Paragraphs 136-138 of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, or any condition for the Settlement Approval Date is not satisfied, the release and covenant not to sue provisions in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement shall be null and void and unenforceable.

9. All members of the Rule 23(b)(2) Class, and those subject to their control, are hereby enjoined and forever barred from commencing, maintaining, participating in, assisting any third party in commencing or maintaining any private civil lawsuit, or permitting another to commence, maintain, or participate in on their behalf, any claims released against Rule 23(b)(2) Class Released Parties.

10. Without affecting the finality of this judgment in any way, and as further provided in Paragraphs 139-143 of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement, this Court hereby retains continuing and exclusive jurisdiction in MDL 1720 over the Rule 23(b)(2) Class Plaintiffs, the members of the Rule 23(b)(2) Class, and the Defendants to implement, administer, consummate, and enforce the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement and this Class Settlement Order and Final Judgment, including any disputes relating to, or arising out of, the release and covenant not to sue of the Rule 23(b)(2) Class or any claim concerning declaratory, injunctive, or equitable relief with respect to any by-law, rule, operating regulation, practice, policy, or procedure of any Visa Defendant or Mastercard Defendant. The Court's implementation and administration of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement shall include, without limitation, the receipt and review of information provided to the Court by the Independent Auditor, as specified in the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement.

11. The Rule 23(b)(2) Class Plaintiffs, members of the Rule 23(b)(2) Class, and the Defendants irrevocably submit to the exclusive jurisdiction of this Court for the resolution of any matter covered by this Class Settlement Order and Final Judgment, or the applicability of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement or this Class Settlement Order and Final Judgment. All applications to the Court with respect to any aspect of the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement or this Class Settlement Order and Final Judgment shall be presented to and determined by United States District Court Judge Brian M. Cogan for resolution as a matter within the scope of MDL 1720, or, if he is not available, any other District Court Judge designated by the Court.

12. In the event that the provisions of this Class Settlement Order and Final Judgment are asserted by any Defendant or Rule 23(b)(2) Class Released Party as a ground for a defense,

in whole or in part, to any claim or cause of action, or are otherwise raised as an objection in any other suit, action, or proceeding by a Rule 23(b)(2) Class Plaintiff or member of the Rule 23(b)(2) Class, the Rule 23(b)(2) Class Released Parties shall be entitled to an immediate stay of that suit, action, or proceeding until after this Court has entered an order or judgment determining any issues relating to the defense or objections based on such provisions, and no further judicial review of such order or judgment is possible.

13. This Class Settlement Order and Final Judgment terminates and dismisses with prejudice any and all claims for declaratory, injunctive, and equitable relief released herein against any of the Defendants and any of the Rule 23(b)(2) Class Released Parties in *Barry's* and in all other putative class and individual actions that are now or previously were consolidated in MDL 1720 and listed in Appendix A to the Superseding and Amended Rule 23(b)(2) Class Settlement Agreement. There is no just reason for delay in entering final judgment. The Court hereby directs the Clerk to enter judgment forthwith in accordance with the terms of this Class Settlement Order and Final Judgment, which judgment shall be final and appealable.

DATED: ______________________________ ______________________________________________

THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE