**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**<br><br>**This Document Applies to:** | **No. 05-md-01720 (BMC) (JAM)** |
| ***Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.,* No. 05-md-01720 (E.D.N.Y.) (BMC) (JAM), also now known as *DDMB, Inc., et al. v. Visa, Inc., et al.,* No. 05-md-01720 (E.D.N.Y.) (BMC) (JAM).** | |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

This Court, having considered the Equitable Relief Class Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (the "Motion"), having held a fairness hearing on November 16, 2026, and having considered all of the submissions and arguments with respect to the Motion, hereby finds as follows:

1. The Motion seeks (1) an award of attorneys' fees of $197,800,059.90, (2) reimbursement of $7,824,940.10 in expenses, along with any interest earned on both the attorneys' fees and the expenses, and (3) service awards in the amount of $75,000 for each of the five Class Representatives.

2. The negotiated attorneys' fee amount requested is fair and reasonable. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Equitable Relief Class Counsel ("ERCC") provided for the Court detailed lodestar information and a detailed description of the work they performed. ERCC made the Motion, and the supporting documents are available for review by the Class at the website www.InterchangeEquitableReliefSettlement.com. In addition, each of the Class Representatives affirmatively supports the fee and expense request.

3. The attorneys' fees requested by ERCC were entirely contingent upon a successful outcome for the Class. The risk undertaken by Class Counsel was significant. Among other things, ERCC faced risks in the motions to dismiss, class certification and oppositions thereto, summary judgment motions, and *Daubert* motions. ERCC also faced risk in litigating complex antitrust theories and in light of the Supreme Court's decision in *Ohio v. American Express Co.*, 585 U.S. 529 (2018), which was issued during the pendency of this litigation. ERCC also faced risk litigating against the vigorous efforts of experienced defense counsel.

4. An award of $197,800,059.90 is reasonable and warranted for the reasons set forth in the memorandum in support of ERCPs' Motion, including but not limited to: the significant time and labor expended by ERCC over nearly a decade of litigation; the broad

magnitude and scope of the Action—as demonstrated by the breadth of fact and expert discovery and the motion practice engaged in by the parties—and high complexity of this antitrust case; the risks faced by ERCC throughout the Action; the quality of representation, as demonstrated by the results achieved, among other things; and public policy considerations of incentivizing private antitrust enforcement actions like this one.

5. In addition to risking the substantial time and effort that ERCC invested into this case on a contingent basis, ERCC also incurred $7,824,940.10 in unreimbursed expenses. As a whole, the expenses were necessarily and reasonably incurred in service and for the benefit of the Class, with no reimbursement or promise of repayment. Accordingly, ERCC's request for reimbursement of litigation costs and expenses in the amount of $7,824,940.10 is reasonable.

6. ERCC also seek service awards of $75,000 for each of the five Class Representatives. Each of the Class Representatives has provided valuable service to the Class in maintaining this Action for nearly a decade, including by providing discovery, working with counsel throughout the litigation, and preparing and sitting for depositions. Accordingly, the requested service awards are appropriate and reasonable.

7. Therefore, upon consideration of the Motion, the accompanying memorandum, and all documents submitted in support thereof, and based upon all matters of record in this Action, the Court hereby finds that: (1) the requested attorneys' fees are warranted and just; (2) the requested expenses were necessary, reasonable, and proper; and (3) the requested service awards are appropriate and reasonable.

Having considered the Motion, the memorandum and all documents submitted in support thereof, and all matters of record in this Action,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Notice of the Motion was provided to potential Class members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements;

2. The Court awards to ERCC reasonable and appropriate attorneys' fees in the amount of $197,800,059.90, and expenses in the amount of $7,824,940.10, which were reasonably incurred in the prosecution of this litigation, together with interest on the fees and expenses until paid;

3. ERCC shall allocate the attorneys' fee award among all of ERCC based on their reasonable assessment of the relative contributions of such counsel to the prosecution of the case on behalf of the Rule 23(b)(2) Equitable Relief Class;

4. Service awards in the amount of $75,000 to each of the named Plaintiffs are approved;

5. Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order; and

6. Finding that there is no just reason for delay, this Order shall constitute a final judgment pursuant to Federal Rule of Civil Procedure 54(b). The Clerk of the Court is directed to enter this Order on the docket.

IT IS SO ORDERED.

DATED: ___________________________ ______________________________________

THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE