**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION                    MDL No. 1720

**TRANSFER ORDER**

**Before the Panel:**[*]  Plaintiffs in the action listed on Schedule A (*Potayto-Potahto*) move under Panel Rule 7.1 to vacate the order conditionally transferring the action to the Eastern District of New York for inclusion in MDL No. 1720.  Defendants Visa Inc., and Mastercard Incorporated oppose the motion and support transfer.  The actions in MDL No. 1720 involve allegations that Visa and Mastercard have engaged in anticompetitive conduct with respect to interchange fees imposed on credit and debit card transactions and rules governing merchants' acceptance of such payment cards.  The central allegation in *Potayto-Potahto* is that Visa and Mastercard have maintained "the same anti-competitive practices that existed in the earlier class action" – that is, the MDL – but they seek damages after the close of the class period in the MDL's damages class settlement ("2019 Settlement Agreement").[1]  *Potayto-Potahto* also seeks a declaratory judgment that the release of future claims ("Future Release") in the 2019 Settlement Agreement is invalid.

After considering the argument of counsel, we find that the action shares questions of fact with the actions transferred to MDL No. 1720, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set out in our order directing centralization.  In that order, we held that the Eastern District of New York was an appropriate forum for actions arising out of allegations "that the imposition of a no-surcharge rule and/or the establishment of the interchange fee causes the merchant discount fee to be set at supracompetitive levels in violation of the federal antitrust laws." *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005).  *Potayto-Potahto* involves the same alleged practices.  Plaintiffs do not dispute this common factual core.  Transfer will facilitate the efficient conduct of pretrial proceedings and avoid the risk of inconsistent rulings.

In opposition to transfer, plaintiffs principally argue that (1) transfer would be inefficient because the MDL is nearly complete; (2) the previous transferee judge issued a suggestion of remand two years ago making clear that the MDL is too advanced to include related actions; and (3) informal coordination is an adequate alternative to transfer.  These arguments are unpersuasive.

---

[*]  Judge Karen K. Caldwell and Judge David C. Norton did not participate in the decision of this matter.

[1]  *See* Compl. ¶¶ 1-5, *Potayto-Potahto, LLC v. Visa Inc.*, No. 26-03245 (S.D.N.Y. Apr. 21, 2026).

First, we are well familiar with the lengthy and complex history of this MDL. In our judgment, inclusion of *Potayto-Potahto* will promote efficiency notwithstanding the MDL's mature status because the action already is substantially intertwined with the MDL proceedings. A central issue in the action is the validity of the Future Release in the MDLs' 2019 Settlement Agreement, which bars claims arising from the conduct at issue for five years after the settlement final date, absent a determination by the transferee court that the release is invalid. All parties agree that the transferee judge has exclusive jurisdiction over this issue, and they currently are briefing the validity of the Future Release in cross-motions for summary judgment in the MDL.

Moreover, plaintiffs are undisputedly members of the equitable relief class in the MDL, as to which a proposed class settlement is pending. Approval proceedings on the equitable relief class settlement are ongoing, and one of the many issues before the transferee court is the validity of a similar future release provision. *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-md-1720, 2026 WL 1662251 (E.D.N.Y. June 9, 2026). It would be more efficient to place the entire *Potayto-Potahto* action before the transferee judge, so that he can coordinate the proceedings between the two class settlements, to the extent necessary.[2]

Second, the former transferee judge's 2024 suggestion of remand in the *Mirage* action does not foreclose the transfer of additional tag-along actions. There, the previous transferee judge suggested remand because the action was "too dissimilar from MDL 1720" to promote the purposes of Section 1407 and, therefore, it would be more efficiently prosecuted in the transferor district. *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 24-4053, 2024 WL 3249365, at *4-7 (E.D.N.Y. July 1, 2024). In reaching that conclusion, the court also observed that coordinated fact discovery in the MDL was complete, certain dispositive motions had been resolved, and the MDL was in its "final stages" – a passage that plaintiffs read in isolation to support their opposition to transfer. *Id.* at *6. But a full reading of the suggestion of remand shows that the court's determination was based primarily on the lack of common factual issues presented by *Mirage*. *See id.* at *5 ("For the following reasons, the Court finds that the facts at the core of the *Mirage* action are not similar enough to those at the heart of MDL 1720 to warrant consolidation."). It does not shed light on how actions that substantially overlap with the MDL should be treated.

Additionally, there have been significant developments in the MDL since that time. Among other things, the equitable relief class plaintiffs reached a new class settlement that is the subject of ongoing approval proceedings, and plaintiffs in *Potayto-Potahto* have moved to have the future release provision in the 2019 Damages Settlement declared invalid, as discussed above. Given these circumstances and the other active pretrial proceedings in the MDL, we decline to accept plaintiff's contention that the *Mirage* suggestion of remand should control the decision on transfer in *Potayto-Potahto*.

---

[2] We further observe that the *Potayto-Potahto* complaint reserves the right to raise equitable relief issues, though plaintiffs deny that they will seek such relief. Specifically, the complaint requests declaratory relief and "[s]uch other and further relief as the Court deems just, equitable, and proper." *Potayto-Potahto* Compl. ¶ 7 & Prayer for Relief.

Finally, informal coordination likely would be less efficient than transfer. In our view, the transferee court is in the best position to streamline pretrial proceedings in this action with the discovery and motions practice that have been completed. Discovery in this unusually complex MDL has been massive, and most of it likely will be relevant to plaintiffs' claims in *Potayto-Potahto* given the similarity of the factual allegations. The present record indicates that any potential sharing of this discovery with plaintiffs can be most efficiently handled by the transferee court.[3] Transfer also can better prevent inconsistent rulings.

We recognize that the MDL is at a very advanced stage. Whether the continued inclusion of tag-along actions is appropriate is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases. *See In re Bridgestone/ Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009). At this time, that assessment favors transfer of *Potayto-Potahto*. If the transferee judge finds at any point in the pretrial proceedings that the inclusion of this action will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Brian M. Cogan for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Matthew F. Kennelly
Acting Chair

Dale A. Kimball          Madeline Cox Arleo
M. Casey Rodgers        Richard Seeborg

---

[3] Among other things, defendants state that much of the discovery in the MDL is subject to a protective order that entitles the producing parties the right to notice and an opportunity to object to production of protected discovery to non-parties.

**IN RE: PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION**   MDL No. 1720

**SCHEDULE A**

<u>Southern District of New York</u>

POTAYTO−POTAHTO, LLC, ET AL. v. VISA, INC., ET AL., C.A. No. 1:26−03245