FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2026 ★
BROOKLYN OFFICE

ORIGINAL

September 14, 2026

RECEIVED
SEP 17 2026
PRO SE OFFICE

To: Pro Se Office
U.S. District Court
Eastern District of New York

From: Harry G. Spirides
harry.spirides@icloud.com
(912) 660-3575

Re: ***Payment Card Interchange Fee and Merchant Discount Antitrust Litigation***
**Case No. 1:05-MD-1720 (BMC)(JAM)** – Class Administrator errors pertaining to Resort Inns, Inc. DBA Ocean Plaza Beach Resort Registration and Request to submit a Late Claim.

Please place the attached letter on the official docket for Judge Brian Cogan's consideration. This letter is a follow-up letter to the two other letters that I previously sent directly to Judge Cogan's chambers and which are currently on the docket. I have been told that all future letters should now be sent to Judge Cogan through the Pro Se Office. My contact information is listed above should you have any questions or concerns. Thank you very much for your assistance.

REC'D IN PRO SE OFFICE
SEP 17 '26 PM12:57

September 14, 2026

The Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
Case No. 1:05-MD-1720 (BMC)(JAM) – Class Administrator errors pertaining to Resort Inns, Inc. DBA Ocean Plaza Beach Resort Registration and Request to submit a Late Claim.

Dear Judge Cogan,

I am following up with you today regarding my previous two letters to you dated April 28, 2026 and May 8, 2026, copies attached. I respectfully request that you issue a ruling pertaining to my request that is currently pending before the court to allow me and the two other owners of our family business to submit a late claim in this case. As I have shown in my previous letters to you, after I properly registered our claim on the website paymentcardsettlement.com on April 7, 2019 we were not properly notified to submit a claim because all the case notifications were sent by the claim administrator to a couple different incorrect addresses but never to the address that I submitted when I properly registered our claim on April 7, 2019 as per the legal notice, a copy of which I have previously provided. Contrary to the evidence, the class administrator and class counsel both deny any mistakes were made and say it is too late for us to file a claim in this case. They are unwilling to assist us in any way whatsoever. I wonder how many other business owners were not properly notified in this case. I am respectfully requesting that you now correct this miscarriage of justice that has occurred in this case by issuing a ruling that allows me and my mother Frances Spirides and sister Eugenia Spirides to submit a late claim in this case or to be compensated in some other manner that the court deems appropriate. We thank you very much for your consideration of this important matter.

Very Respectfully Submitted,

Harry G. Spirides
Resort Inns, Inc. DBA Ocean Plaza Beach Resort
harry.spirides@icloud.com
(912) 660-3575

April 28, 2026

The Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
Case No. 05-MD-1720 (MKB)(JO) – Class Administrator errors pertaining to Resort Inns, Inc. DBA Ocean Plaza Beach Resort Registration and Request to submit a Late Claim.

Dear Judge Cogan:

I first learned about the above referenced class action lawsuit while reading the Wall Street Journal's April 1, 2019, edition. A copy of the actual newspaper's Legal Notice is attached hereto as Exhibit A. This notice caught my attention because my family's business, a hotel company, paid approximately $3 million in merchant discount fees during the requisite time period. On April 7, 2019, as required at the time, I submitted on the Class Administrator's website paymentcardsettlement.com a "Registration" to file a claim for my family's business Resort Inns, Inc. DBA Ocean Plaza Beach Resort. The federal tax ID number for our company is 58-1574506. I was immediately sent an email that listed Confirmation Code PGIH0AT7. A copy of that email is attached hereto as Exhibit B.

Over the following years, I periodically called the Class Administrator's office at (800) 625-6440 inquiring about the status of the case. Each time I was told the case verdict is being appealed and that I would be notified by U.S. mail and by email when it is time to submit our claim. This never happened. The Class Administrator's office does in fact have records of my periodic phone calls. On March 30, 2026, I again called the Class Administrator's office, but this time they said that the time period to file a claim closed over a year ago, and there is nothing anybody can do about it. I asked them to look into this because I was never sent any email or claim form for us to submit our claim, contrary to the expectations set forth by the Legal Notice and the Registration process. The Class Administrator representative gave me a research reference #1289488. A few days later I spoke with Class Administrator representative Gordon at Epic. His phone number is (503) 350-5222. Gordon admitted to me that no emails were ever sent to the email address I registered in 2019 when I was issued the Registration Confirmation Code, and he also admitted that our paper claim form was sent to the wrong address. He further stated there is nothing he can do for us. I was shocked by his answer because I firmly believe the Class Administrator dropped the ball on this and did not perform their legal obligations. I then called and spoke with representatives at each of the three class counsel law firms of record—Berger Montague, Robins Kaplan, and Robbins Gellar Rudman & Dowd and received the same answer. It is obvious that none of the key players in this litigation want to be bothered with this matter, now that they have received their handsome compensation.

Due to the admitted errors of the Class Administrator not sending us any notifications whatsoever, even though we properly registered by electronically submitting our contact information in 2019 and received Confirmation Code PGIH0AT7, I am requesting that we be allowed to submit a Late Claim so my family members may have our fair share of the settlement. I would welcome a conversation with you, and I can be reached by phone at (912) 660-3575 or by email at harry.spirides@icloud.com. Thank you very much for your consideration.

Very Respectfully,

Harry G. Spirides
Resort Inns, Inc. DBA Ocean Plaza Beach Resort

EXHIBIT A



ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

CLASS ACTION

LEGAL NOTICE

## ve accepted Visa and Mastercard at any time from January 1, 2004 to
## otice of a class action settlement of approximately $5.54-6.24 Billion.

*a leer este aviso en español, llámenos o visite nuestro sitio web, www.PaymentCardSettlement.com.*

*he U.S. District*

1 you about an affect you. The ly, and together used merchants astercard credit

bout merchant

ncourage their id

ercard changed

. They say that of competition, e Court has not o a settlement. settlement.

ank defendants illion in class a deduction to emselves from event will the class settlement s that accepted time between

(3) Settlement ties that have ercard-Branded nuary 1, 2004 (3) Settlement intiffs, (b) the endants in this their families, Branded Cards Branded Card actions at any The Dismissed and dismissed ties related to er you may be -6440 or visit mation.

ET

ent Class that line described rom the class

each of the eight Rule 23(b)(3) Class Plaintiffs in service awards for their efforts on behalf of the Rule 23(b)(3) Settlement Class.

### How to Ask for Payment

To receive payment, merchants must fill out a claim form. If the Court finally approves the settlement, and you do not exclude yourself from the Rule 23(b)(3) Settlement Class, you will receive a claim form in the mail or by email. Or you may ask for one at: www.PaymentCardSettlement.com, or call: 1-800-625-6440.

This never happened.

### Legal Rights and Options

Merchants who are included in this lawsuit have the legal rights and options explained below. You may:

- **File a claim to ask for payment.** Once you receive a claim form, you can submit it via mail or email, or may file it online at www.PaymentCardSettlement.com.
- **Exclude yourself** from the Rule 23(b)(3) Settlement Class. If you exclude yourself, you can individually sue the Defendants on your own at your own expense, if you want to. If you exclude yourself, you will not get any money from this settlement. If you are a merchant and wish to exclude yourself, you must make a written request, place it in an envelope, and mail it with postage prepaid and postmarked no later than **July 23, 2019**, or send it by overnight delivery shown as sent by **July 23, 2019**, to Class Administrator, Payment Card Interchange Fee Settlement, P.O. Box 2530, Portland, OR 97208-2530. Your written request must be signed by a person authorized to do so and provide all of the following information: (1) the words "In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation," (2) your full name, address, telephone number, and taxpayer identification number, (3) the merchant that wishes to be excluded from the Rule 23(b)(3) Settlement Class, and what position or authority you have to exclude the merchant, and (4) the business names, brand names, "doing business as" names, taxpayer identification number(s), and addresses of any stores or sales locations whose sales the merchant desires to be excluded. You also are requested to provide for each such business or brand name, if reasonably available: the legal name of any parent (if applicable), dates Visa or Mastercard card acceptance began (if after January 1, 2004) and ended (if prior to January 25, 2019), names of all banks that acquired the Visa or Mastercard card transactions, and acquiring merchant ID(s).
- **Object to the settlement.** The deadline to object is **July 23, 2019.** To learn how to object, visit www.PaymentCardSettlement.com or call 1-800-625-6440. Note: If you exclude yourself from the Rule 23(b)(3) Settlement Class you cannot object to the settlement.

For more information about these rights and options, visit: www.PaymentCardSettlement.com.

### If the Court Approves the

The release does *not* extinguish the following claims:

- Claims based on conduct or rules that could not have been alleged or raised in the litigation.
- Claims based on future rules that are not substantially similar to rules that were or could have been alleged or raised in the litigation.
- Any claims that accrue more than five years after the court's approval of the settlement and the resolution of any appeals.

The release also will have the effect of extinguishing all similar or overlapping claims in any other actions, including but not limited to the claims asserted in a California state court class action brought on behalf of California citizen merchants and captioned *Nuts for Candy v. Visa, Inc., et al.*, No. 17-01482 (San Mateo County Superior Court). Pursuant to an agreement between the parties in *Nuts for Candy*, subject to and upon final approval of the settlement of the Rule 23(b)(3) Settlement Class, the plaintiff in *Nuts for Candy* will request that the California state court dismiss the *Nuts for Candy* action. Plaintiff's counsel in *Nuts for Candy* may seek an award in *Nuts for Candy* of attorneys' fees not to exceed $6,226,640.00 and expenses not to exceed $493,697.56. Any fees or expenses awarded in *Nuts for Candy* will be separately funded and will not reduce the settlement funds available to members of the Rule 23(b)(3) Settlement Class.

The release **does not** bar the injunctive relief claims or the declaratory relief claims that are a predicate for the injunctive relief claims asserted in the pending proposed Rule 23(b)(2) class action captioned *Barry's Cut Rate Stores, Inc., et. al. v. Visa, Inc., et al.*, MDL No. 1720, Docket No. 05-md-01720-MKB-JO ("*Barry's*"). Injunctive relief claims are claims to prohibit or require certain conduct. They do not include claims for payment of money, such as damages, restitution, or disgorgement. As to all such claims for declaratory or injunctive relief in *Barry's*, merchants will retain all rights pursuant to Rule 23 of the Federal Rules of Civil Procedure which they have as a named representative plaintiff or absent class member in *Barry's*, except that merchants remaining in the Rule 23(b)(3) Settlement Class **will release** their right to initiate a new and separate action for the period up to five (5) years following the court's approval of the settlement and the exhaustion of appeals.

The release also does not bar certain claims asserted in the class action captioned *B&R Supermarket, Inc., et al. v. Visa, Inc., et al.*, No. 17-CV-02738 (E.D.N.Y.), or claims based on certain standard commercial disputes arising in the ordinary course of business.

For more information on the release, see the full mailed Notice to Rule 23(b)(3) Settlement Class Members and the settlement agreement at: www.PaymentCardSettlement.com.

### The Court Hearing about this Settlement

On November 7, 2019, there will be a Court hearing to decide

EXHIBIT B



**Subject:** Payment Card Settlement – Registration Confirmation
**Date:** Sunday, April 7, 2019 at 8:33:01 PM Eastern Daylight Time
**From:** info@paymentcardsettlement.com <info@paymentcardsettlement.com>
**To:** Harry Spirides <harry@resort-retail.com>

Thank you. Your Registration has been successfully submitted. Your Confirmation Code is: PGIH0AT7. Please keep this Code for your records.

Sincerely,

Class Administrator
Questions? Contact the Class Administrator at 1-800-625-6440 or info@PaymentCardSettlement.com

*This is an auto generated email. Do not respond to this email.*

May 8, 2026

The Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*
Case No. 1:05-MD-1720 (BMC)(JAM) – Class Administrator errors pertaining to Resort Inns, Inc. DBA Ocean Plaza Beach Resort Registration and Request to submit a Late Claim.

Dear Judge Cogan:

Thank you very much for looking into my concerns pertaining to my family's business that I outlined for you in my letter dated April 28, 2026, pertaining to the above referenced case. Class counselor Alexandra Bernay emailed me a letter dated May 7, 2026 (copy enclosed) informing me that you instructed class counsel to provide the court with a status update on May 13 regarding my letter. In Ms. Bernay's letter to me she states that the Class Administrator repeatedly sent our claim forms and postcards to the wrong address because I did not notify the Administrator that we have a new address. This, surprisingly, is the farthest thing from the truth because on April 7, 2019, I did register our updated contact information on the paymentcardsettlement.com (Epiq) website, and I was emailed confirmation number PGIH0AT7. You have a copy of that registration confirmation email marked as EXHIBIT B that I provided to you in my previous letter. The claim forms and postcards that were sent by the Class Administrator to the wrong address were not returned as undeliverable because the current tenant at that address probably just tossed them into the trashcan. Our U.S. Postal Service mail forwarding for that address in Tybee Island, Georgia ended in 2015.

In a short email reply to Ms. Bernay's letter on May 7, 2026 I stated, "So then, what was the purpose of us registering our company on the website in 2019 and being issued confirmation #PGIH0AT7 if nobody intended to use our updated contact information that we provided at that time? It now seems like that was a useless and misleading step."

Based on the contents of Ms. Bernay's letter it does not appear that there is anything further for she and I to discuss, so I will not be contacting her. I will leave this matter, that my family be allowed to submit a late claim or be compensated in some other manner, to be decided by the court. Again, I wish to thank you very much for your willingness to consider this important matter.

Very Respectfully Submitted,

Harry G. Spirides

Robbins Geller Rudman & Dowd LLP

Chicago Boca Raton Melville Manhattan Nashville Philadelphia San Diego San Francisco Wilmington Washington, D.C.

Alexandra S. Bernay
xanb@rgrdlaw.com

May 7, 2026

VIA EMAIL

Harry G. Spirides
harry.spirides@icloud.com
Resort Inns, Inc. dba Ocean Plaza Beach Resort

Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-1720 (BMC)(JAM)

Dear Mr. Spirides:

I write on behalf of Rule 23(b)(3) Class Counsel ("Class Counsel") in the above-entitled case to address your April 28, 2026 letter to Judge Cogan, docketed on May 5, 2026. ECF 9853.

I write to correct certain of your statements to the Court. You noted in your letter that you learned about the action in the *Wall Street Journal* in April 2019. You state that you submitted a registration soon after. You say in your letter that this was "required at the time." This is not accurate. Registration was not required. Regardless, the records of the Class Administrator show that a claim form was sent on December 1, 2023. It was sent to the business address linked to your business based on the data the Class Administrator had. They mailed another claim form on January 12, 2024 and then reminder postcards on April 30, 2024 and November 1, 2024. None of the mailings that Epiq sent came back as undeliverable. There is also no evidence that you ever changed your address with Epiq. The website made clear that it was the class members' responsibility to keep the administrator apprised of any address changes.

You state in your letter that a representative from Epiq admitted to certain errors. This is not accurate. According to Epiq you were told that you were sent claim forms by U.S. Mail. There was no "admission" by Epiq regarding your claim form being emailed to you. It is correct that you were not emailed a claim form. At all times, information regarding deadlines to file were available on the official website.

Further, Epiq has no record of any calls or contacts from you between January 20, 2020 and April 2, 2026.

While we are sympathetic to your situation, the deadline passed more than a year ago and reopening the claims process at this time is not possible. I am happy to discuss this matter further,

at your convenience, if you wish to have a call or Zoom meeting. The Court has asked Class Counsel to respond to your letter via a status report. If you would like to discuss the matter before our May 13, 2026 filing, I would suggest speaking this week or early next week.

Very truly yours,

ALEXANDRA S. BERNAY

ASB:sll

cc: Epiq
Joe Goldberg
Thomas J. Undlin
Michael J. Kane

Insert shipping document here.

This envelope is only for FedEx Express® shipments.
You can help us get your package safely to its destination by packing your items securely. Need help? Go to fedex.com/packaging for packing tips.
Check your FedEx shipping document, the current FedEx Service Guide, ...nd limits

FedEx®

ORIGIN ID:MCFA (912) 660-3575
HARRY SPIRIDES
29852 WALSH OAK DR
WESLEY CHAPEL, FL 33545
UNITED STATES US

SHIP DATE: 14SEP26
ACTWGT: 1.00 LB
CAD: 3618414/INET4535
BILL SENDER

TO PRO SE OFFICE
U.S. DISTRICT COURT
225 CADMAN PLAZA EAST

BROOKLYN NY 11201
(718) 613-2600 REF:
INV:
PO: DEPT:

58KJ6/0166/484B

FedEx Express
E

TUE - 15 SEP 10:30A
PRIORITY OVERNIGHT
TRK# 0201 8771 3807 7700
DSR
11201
XA EGXA NY-US EWR

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2026 ★
BROOKLYN OFFICE

1112 TUE 09/15 08:00
U.S. DISTRICT COURT
225 CADMAN PLZ E
BROOKLYN NY
PRIORITY OVERNIGHT
346-2597FL
1120-1832-99
3000920 E
ETP: 6 SP:PD:100:Y
1001900042100011201008771380777700