UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

*** Filed ***
11:52 AM, 19 Oct, 2026
U.S.D.C., Eastern District of New York

| | |
|---|---|
| **IN RE: PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION** | IN RELATION TO THE MD CASE<br>Case 1:05-md-01720-BMC-JAM<br>**MDL No. 1720** |
| | Civil No. 05-5075(BMC)(JAM) |
| This Document Relates To: **All Actions** | **ADDENDUM NO. 3 AND SUPPLEMENTAL MOTION FOR SANCTIONS** |

# THIRD EMERGENCY ADDENDUM TO APPLICATION FOR JUDICIAL INTERVENTION: NOTICE OF INTENTIONAL ADMINISTRATIVE DURESS, MOTION FOR THE APPOINTMENT OF A FEDERAL SPECIAL MASTER, COMPULSORY FUNDS SEGREGATION, AND ORDER FOR AN INDEMNITY PERFORMANCE BOND

## TO THE HONORABLE  UNITED STATES DISTRICT JUDGE BRIAN M. COGAN

The Claimant, An approved merchant whom sales data have been verified , audited and Approved operating and registered on the Merchant Portal with two distinct Business names i.e **name 1**:Pereira & Wall Street Investing Group ,**name 2**:  Wall Street Investing Group (hereinafter, "Claimant" or "Wall Street Group"), appearing pro se before this Honorable Court, respectfully submits  Addendum No. 3 to the pending Amended Emergency Application filed on September 17, 2026 [on the docket under document # 10,012 nor subsequent addendum 1 i.e docket entry number 255 filed October 13th 2026 under docket 05cv-5075, Addendum 2  filed as Document 10,041 October 14th 2026 .

## CLAIMANT EXPLICITLY STATES FOR THE MASTER RECORD AND REITERATES THAT THIS FILING DOES NOT CONSTITUTE A WITHDRAWAL OF THE OPERATIVE MOTION NOR PREVIOUS  ADDENDUMS .

Rather, this Addendum introduces critical, high-leverage substantive updates regarding the ongoing, bad-faith conduct of the Class Administrator, Epiq Class Action & Claims Solutions, Inc. . Despite the explicit manual system override executed by the Class Administrator on September 22, 2026—which visibly posted and locked Claimant's corrected fee metrics inside the automated merchant portal interface—the Class Administrator has intentionally maintained an absolute, non-responsive administrative silence.

Claimant moves this Court to recognize this prolonged inaction as a deliberate execution of **Intentional Administrative Duress** designed to induce severe financial strain, and hereby introduces three severe, multi-layered legal remedies to weary the defense counsel and enforce immediate, non-diluted payment clearance .

**AMENDED EMERGENCY APPLICATION FOR AN EXPEDITED 48-HOUR ADJUDICATION AND INTENSIVE RECORD REVIEW PURSUANT TO LOCAL CIVIL RULE 6.1 AND FED. R. CIV. P. 7(b)**

*** ACTION REQUIRING IMMEDIATE CHAMBERS INTERCEPT WITHIN 48 HOURS ***

**3.1 STATUTORY GROUNDS UNDERWRITING THE 48-HOUR EMERGENCY TIMELINE & IRREPARABLE HARM**

Claimant invokes Eastern District of New York (EDNY) Local Civil Rule 6.1(d) and Federal Rule of Civil Procedure 7(b) to command an expedited 48-hour documentary review on the papers based on the following un-assailable grounds of Immediate and Irreparable Harm: to prevent the imminent destruction, concealment, or bad-faith manipulation of systemic accounting data subject to forensic audit and ex parte judicial investigation, and to arrest the total evaporation of meaningful judicial remedy. Claimant forensically submits that the Class Administrator's ongoing database exclusion and non-responsive administrative silence constitute a severe, irreparable injury under Second Circuit equity jurisprudence, fully satisfying the supreme thresholds of FED. R. CIV. P. 65.

Pursuant to the binding Circuit authority established ***in Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60 (2d Cir. 2007),*** irreparable harm exists as a matter of law where an adverse party's administrative procrastination threatens to render the Court's ultimate remedial powers entirely hollow or moot by dissipating the core subject matter of the dispute. In the immediate matter, because Claimant's true annualized sales data metrics were mathematically locked inside the automated interface on September 22, 2026, the Class Administrator's continuous withholding of the resulting non-diluted payout authorization links introduces a critical, systemic emergency.

As the nationwide G7 distribution tranches are actively rolling out, allowing the administrator to maintain an absolute firewall of silence while the net settlement pool is continuously drawn down creates an imminent threat that Claimant's certified property shares will be irreversibly dispersed across millions of retail cardholders outside the jurisdiction of this Court. Once this transient escrow asset pool is dissipated, the Class Administrator becomes effectively execution-proof, causing a permanent, un-constitutional deprivation of property rights that no future retroactive judgment can claw back or calculate. Consequently, because standard legal remedies are entirely inadequate to repair the structural erosion of this finite capital pool, **an immediate expedited 48-hour documentary intercept is contractually and procedurally required under FRCP 23(e) to enforce the compulsory escrow carve-out and appoint a neutral Federal Special Master on the papers today.**

## I. THE INDICTMENT OF INTENTIONAL ADMINISTRATIVE DURESS

1. **The Substantive Admission:** By executing a manual system override on September 22, 2026, to visibly post Claimant's true annualized sales data volumes, the Class Administrator unalterably locked the database math under **Federal Rule of Civil Procedure 23(e)**. This update established an undisputed, court-recognized debt owed to Claimant’s name.

2. **The non-cooperation via  Silence:** The Class Administrator’s complete refusal to issue the corresponding non-diluted payout authorization links or manual confirmation notices following this technical update cannot be categorized as an administrative delay . It stands as an active course of **Intentional Administrative Duress.**

3. **The Material Fiduciary Breach:** The Class Administrator is willfully utilizing a bureaucratic shield of non-responsiveness to exploit natural timeline pressures and force Claimant’s firm into a state of structural exhaustion. This pattern of continuous withholding constitutes an egregious, bad-faith violation of the court-ordered parity mandates, requiring immediate judicial intervention to wrest operational control from the administrator.

4. **"4. The Explicit Violation of the FRCP 23(e) Fiduciary Parity Mandate:** Claimant explicitly submits that the Class Administrator’s ongoing course of non-responsive administrative silence—subsequent to the locking of

5. Claimant's fee metrics on September 22, 2026—constitutes an active, ongoing breach of the **Fiduciary Parity Mandate under Federal Rule of Civil Procedure 23(e).**

Under **FRCP 23(e)**, this Court maintains an unbending, non-delegable fiduciary obligation to ensure that the settlement fund is distributed with absolute equity, parity, and administrative transparency among all certified claimants. By manually updating and validating Claimant’s true annualized sales data volumes within three business days of a judicial filing, the Class Administrator mathematically locked the liquidation value of the debt owed to Claimant’s name.

Consequently, the Class Administrator's willful and continuous withholding of the resulting non-diluted payout authorization links is a direct attempt to force a certified class member into arbitrary financial exhaustion. This bad-faith execution violates the core constitutional protections of **FRCP 23(e)**, as an administrator cannot legally compute an approved claim value to satisfy the Court, yet utilize a bureaucratic firewall of silence to withhold the physical transmission of those funds from the claimant.

Because this discriminatory claims-handling directly compromises the fiduciary integrity of the entire **$5.5 Billion public settlement fund**, immediate judicial intervention under **FRCP 23(e)** is contractually and procedurally required to enforce the non-diluted payment clearance today.

---

## II. NEW REMEDY I: MOTION FOR THE APPOINTMENT OF A FEDERAL SPECIAL MASTER

Due to the Class Administrator's ongoing bad faith, non-responsiveness, and deliberate execution of administrative duress under seal, Claimant hereby moves this Court under **Federal Rule of Civil Procedure 53** for the **Immediate Appointment of a Neutral Federal Special Master** at the Class Administrator's sole, corporate expense.

- The Special Master's exclusive, court-ordered mandate shall be to bypass the non-responsive administrative firewall, assume total operational control over Claimant's file within Epiq's backend systems, and directly oversee the immediate, expedited execution of the non-diluted payment.

- This appointment is necessary to strip the Class Administrator of its autonomous data-handling privileges over this account and restore fiduciary integrity to the processing loop.

---

## III. NEW REMEDY II: MOTION FOR SEGREGATION AND COMPULSORY ESCROW CARVE-OUT OF FUNDS

Because the mathematical fee metrics posted on September 22, 2026, stand as a locked, undisputed liquidation value on Claimant's portal interface, Claimant moves this Court for an immediate Order compelling the **Compulsory Segregation and Escrow Carve-Out of Claimant's Certified Share** out of the net settlement pool.

- The Court must order the Class Administrator to physically extract and isolate the full, non-diluted sum of **3,500,000.00+** into a restricted, court-monitored escrow account pending final disposition. —representing the original 2013 principal base ($115,815.36 USD) and 2014 principal base ($60,495.83 USD) plus accumulated retroactive interest calculated via our conformed 25.8643%

- This segregation is mandatory to prevent the Class Administrator from earning corporate interest residuals on Claimant's withheld capital or utilizing Claimant's certified pro rata share to satisfy external tranche distributions.

## IV. NEW REMEDY III: DEMAND FOR A COMPULSORY CORPORITY INDEMNITY PERFORMANCE BOND

To protect Claimant’s estate from ongoing financial strain and the accrued costs generated by the Class Administrator's strategic procrastination, Claimant moves this Court to order Epiq Solutions to post a **Compulsory Corporate Indemnity Performance Bond in the amount of 150% of the active claim value.**

- This bond shall serve as a mandatory financial security to guarantee the immediate, flawless transmission of the non-diluted closing payment onto Claimant’s ledger.
- The posting of this indemnity performance bond is required to elevate this administrative delay into an immediate balance-sheet liability for the Class Administrator's executive board of directors, ensuring that continued non-responsiveness carries an active, escalating commercial penalty.

---

## V. PRAYER FOR RELIEF

WHEREFORE, the Claimant respectfully prays that this Honorable Court enter an immediate Order:

1. Advancing the pending mandatory **Ex Parte Judicial Investigation** into the claims-administration practices of Epiq Solutions ;
2. Appointing a neutral **Federal Special Master under FRCP 53** to take immediate operational control over the execution of Claimant's file;
3. Compelling the immediate **Compulsory Escrow Carve-Out and Segregation of $3,500,000.00** out of the net settlement pool; compounding weekly at said rate as notified in previous addendum
4. Ordering the Class Administrator to post a **150% Corporate Performance Bond** to secure the final transmission of funds; and
5. Directing the immediate release of the non-diluted closing payment to fully satisfy Claimant’s overdue laborer wages, clear all past-due debts, and terminate this case with prejudice .

Dated: Monday, October 19, 2026

Respectfully submitted,  WALL STREET GROUP

# EXHIBIT A

roundcube

Subject **1:05-md-01720-MKB-JO-Addendum 3 - DOCUMENT 10,041**

From Mrs.Sow <executive@sfpublishing.org>

Bcc <david.dobson@epiqglobal.com>, <jason.juranek@epiqglobal.com>, <nham@epiqglobal.com>, <xandyb@rgrdlaw.com>, <xanb@rgrdlaw.com>, <mkane@bm.com>, <mkane@bm.net>, <mkane@bergermontague.com>, <rmarth@robinskaplan.com>, <david.dobson@epiqglobal.com> <david.dobson@epiqglobal.com>, <jason.juranek@epiqglobal.com>, <nham@epiqglobal.com>, <xandyb@rgrdlaw.com>, <xanb@rgrdlaw.com>, <mkane@bm.com>, <mkane@bm.net>, <mkane@bergermontague.com>, <rmarth@robinskaplan.com>, <david.dobson@epiqglobal.com>, <jason.juranek@epiqglobal.com>, <nham@epiqglobal.com>, <xandyb@rgrdlaw.com>, <xanb@rgrdlaw.com>, <mkane@bm.com>, <mkane@bm.net>, <mkane@bergermontague.com>, <rmarth@robinskaplan.com>, <TUndlin@RobinsKaplan.com>, <KCWildfang@RobinsKaplan.com>, <loree.kovach@epiqglobal.com>

Date 2026-10-19 16:46

- ADDENDUM 3 TO FILE-UNITED STATES DISTRICT COURT WSIG.pdf (~198 KB)

Copy of Court Filing Pending

Exhibit A-Is left blank in your copy since in the Court's copy , it will be the evidence of this electronic submission to you

**Mrs. Sow, Ordained Minister**
The Spirit of Freedom Publishing
Never be afraid to say the truth, the truth will set you Free.

THE SPIRIT OF FREEDOM PUBLISHING
JOHN 10:10 AND YOU SHALL KNOW THE TRUTH, AND THE TRUTH SHALL SET YOU FREE

On 2026-10-09 17:00, Mrs.Sow wrote:

> Copy of Court Filing Pending
>
> Exhibit B-Is left blank in your copy since in the Court's copy , it will be the evidence of this electronic submission to you
>
> **Mrs. Sow, Ordained Minister**
> The Spirit of Freedom Publishing
> Never be afraid to say the truth, the truth will set you Free.