**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION | MDL No. 1720<br><br>Docket No. 05-md-01720 (BMC-JAM) |
| This Document Relates To:<br><br>BARRY'S CUT RATE STORES INC.; DDMB, INC. d/b/a EMPORIUM ARCADE BAR; DDMB 2, LLC d/b/a EMPORIUM LOGAN SQUARE; BOSS DENTAL CARE; RUNCENTRAL, LLC; CMP CONSULTING SERV., INC.; TOWN KITCHEN, LLC d/b/a TOWN KITCHEN & BAR; GENERIC DEPOT 3, INC. d/b/a PRESCRIPTION DEPOT; and PUREONE, LLC d/b/a SALON PURE,<br><br>Plaintiffs,<br>v.<br><br>VISA, INC.; MASTERCARD INCORPORATED; MASTERCARD INTERNATIONAL INCORPORATED; BANK OF AMERICA, N.A.; BA MERCHANT SERVICES LLC (f/k/a DEFENDANT NATIONAL PROCESSING, INC.); BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; BARCLAYS BANK DELAWARE; BARCLAYS FINANCIAL CORP.; CAPITAL ONE BANK, (USA), N.A.; CAPITAL ONE F.S.B.; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CHASE MANHATTAN BANK USA, N.A.; CHASE PAYMENTECH SOLUTIONS, LLC; JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK N.A.; CITIGROUP, INC.; CITICORP; and WELLS FARGO & COMPANY,<br><br>Defendants. | **REPLY DECLARATION OF STEVE D. SHADOWEN IN SUPPORT OF EQUITABLE RELIEF CLASS PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL OF AMENDED SETTLEMENT AGREEMENT**<br><br>HIGHLY CONFIDENTIAL<br>SUBJECT TO PROTECTIVE ORDER<br>FILED UNDER SEAL |

I, Steve D. Shadowen, declare as follows:

1. I am a partner at the law firm of Hilliard & Shadowen LLP. I am a member of the bar of the Supreme Court of Pennsylvania and am admitted to appear *pro hac vice* on behalf of the Equitable Relief Class Plaintiffs in this case. I am familiar with the facts set forth in this Declaration, based on my personal knowledge, participation in the proceedings, and review of the materials referenced herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Rebuttal Declaration of Joseph E. Stiglitz, Ph.D. and Keith B. Leffler, Ph.D., dated October 14, 2026.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Expert Report of Scott R. Murray, dated October 8, 2026.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Declaration of Cameron R. Azari, Esq. Regarding Objections, dated October 12, 2026.

5. Attached hereto as **Exhibit** 4 is a true and correct copy of the transcript of the preliminary approval hearing held before this Court on April 27, 2026.

6. Attached hereto as **Exhibit** 5 is a true and correct copy of an email from E. Citron to Equitable Relief Class Counsel, dated September 9, 2026.

7. Attached hereto as **Exhibit 6** are excerpts of the Expert Report of Dennis W. Carlton (Oct. 4, 2018). Dr. Carlton is one of the expert economists for the Equitable Relief Class.

8. Attached hereto as **Exhibit 7** are excerpts of the Expert Report of Joseph E. Stiglitz (Oct. 5, 2018). Professor Stiglitz is one of the expert economists for the Equitable Relief Class.

9. Attached hereto as **Exhibit 8** are excerpts of the Expert Report of Dr. Robert G. Harris (Oct. 5, 2018). Dr. Harris was an expert economist for the Target group of opt-out damages plaintiffs.

10. Attached hereto as **Exhibit 9** are excerpts of Dr. Harris's Reply Report.

11. Attached hereto as **Exhibit 10** are excerpts of the Expert Report of Professor Jerry Hausman (Oct. 5, 2018). Professor Hausman was the expert economist for the 7-Eleven group of opt-out damages plaintiffs.

12. Attached hereto as **Exhibit 11** are excerpts of the Expert Report of Roy J. Epstein, Ph.D. (Oct. 5, 2018). Professor Epstein was the expert economist for the Dollar General group of opt-out damages plaintiffs.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the Visa Utility Interchange Reimbursement Fee Program Guide, Version 2.4 (Sept. 1, 2025).

14. Class Counsel met with representatives of several large national retailers, including Walmart and its counsel and payments executive, on March 7, 2018 and April 9, 2018 to discuss their ideas and aspirations for injunctive relief.

15. Walmart's Objection asserts that in negotiations in February 2025 over a Non-Disclosure Agreement with Walmart, as a prelude to a potential meeting, Class Counsel insisted on a clause "that would have barred Walmart from later disclosing to the Court the substance of its proposals." ECF 9991, at 3. Class Counsel never sought any such provision. Instead, the draft NDA defined the confidential information in the ordinary way—as extending to only "communications between, and information and documents exchanged by, the Parties." See **Exhibit 13** attached hereto, at p. 1. The draft provided that either party could terminate the agreement on 10 days notice. To ensure that the confidentiality obligation would extend beyond the agreement's termination, Class Counsel sought to include an express provision to that effect, as reflected in the proposed addition (in red on page 2 of Exhibit 13). Walmart outside counsel responded with an email stating that he was "unable to explain to my client the legal basis

underlying the obligation you would impose on them to keep confidential *what Class Counsel says to them*, given that you won't be disclosing information that is subject to third-party confidentiality obligations. And I certainly can't explain why they would be obliged to *keep confidential what they tell Class Counsel*." (Emphasis added). The discussions regarding a potential meeting ended, and instead Walmart's counsel sent his February 12, 2025 letter with a list of items that Walmart said it would like to see in a settlement agreement.

16. The National Association of Convenience Stores and the Merchants Payment Coalition sponsored an online effort to solicit merchants to object to the Amended Settlement. True and correct copies of documents associated with the effort are attached hereto as **Exhibits 14**, **15**, and **16**.

17. Class Counsel have tried to identify every large national merchant that pursued a private damages case in MDL 1720. The search revealed 156 such merchants. They are identified in **Exhibit 17**, attached hereto. Of those 156 merchants, 152 of them did not object to the relief in the Amended Settlement.

18. The National Retail Federation ("NRF") does not publish a list of its members. Using the merchants' size and industry sectors, supplemented with internet searches, Class Counsel estimate that more than 110 of these 152 merchants are members of NRF.

19. That estimate is confirmed by a non-random sample. Of the 152 non-objecting merchants identified above, 18 filed an objection to Class Counsel's fee request. That document speaks highly of the substance of the Amended Settlement. See ECF 9994. Of these 18 merchants, Class Counsel were able to document that 13 of them are members of NRF. The results of that search are shown in **Exhibit 18**, attached hereto.

20. Class Counsel conducted a search of the complaints filed in MDL 1720, and we identified 43 complaints. None of them asserts that third-party processors are coconspirators with the networks and issuing banks.

21. Class Counsel compared the substantive allegations in the original 7-Eleven complaint, filed in 2013, with those in the original class complaint filed in 2005, the early opt-out complaint filed by SuperValu and others, and the amended class complaint filed in 2008. The results are summarized in the chart attached hereto as **Exhibit 19**. As one would expect, the 7-Eleven complaint drew heavily from the complaints and the eight years of litigation that had gone before. This is not to deny that the 7-Eleven plaintiffs (and others) then built on that foundation, but the foundation was built by others.

22. Attached hereto as **Exhibit 20** are excerpts of the Reply Expert Report of Professor Jerry Hausman (October 11, 2019).

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 14, 2026

Steve D. Shadowen