# Exhibit 5

**Tuesday, October 13, 2026 at 10:37:07 PM Central Daylight Time**

---

**Subject:** Outreach from Potential Fee Objector Group (MDL-1720)
**Date:** Wednesday, September 9, 2026 at 9:35:24 AM Central Daylight Time
**From:** Eric Citron
**To:** Steve Shadowen

Hi Steve,

I understand this may not come as a surprise, but our firm was contacted and ultimately retained by several of the merchants who successfully objected to the original 2014 joint settlement and the 2024 (b)(2) settlement in MDL-1720. They are planning to file an objection to the fee request in the current settlement on the ground that the $36 million in increased fees that were agreed to since the 2024 settlement should be allocated to them. That request will be based on both the increased value they created through their objections and the outsized contribution they made directly to the litigation of the case—both in litigation efforts like discovery and depositions and the up-front expenses they put at risk on experts and the like. We are of course biased, but we do think that, objectively, this will be an unusually strong request.

I think there is interest among my group in seeing if we can come to a negotiated resolution that would obviate the need to file our objection, and that there may be very good reasons on both sides to prefer that result. So I'm reaching out to see if you think a negotiation this week/weekend would be worthwhile.

I genuinely apologize that the time is short here; that is our fault, but as you can imagine, it has been difficult to coordinate with a large number of corporate GCs during late August. Because that coordination remains difficult, my thought is that we might see if we can agree over the next 24 hours or so to a negotiation bracket that both sides find reasonable. If we can do that, I can socialize that in advance with my group, and then I think it would be at least worth it to try to see if there's a mutually agreeable number within that band that can be approved in time.

I'd be happy to discuss any questions or details with you today at your convenience — I'll do my best to make myself available whenever it works for you, as I recognize the timing. If we cannot make this work, we are certainly happy to file our objection, which we have already prepared. But once we file it, I think it may acquire a life of its own, so if you think we can perhaps avoid that result, I think we ought to take a run at it before Monday.

Let me know what you think, and again, I'm happy to answer any clarifying questions or discuss this at your convenience.

Best,

eric

**Eric Citron**
Zimmer, Citron & Clarke
14 Ridge Square NW
Suite 328
Washington, DC 20016
o 202-796-4540
c 617-821-6006
eric@zimmercitronclarke.com