# Exhibit 9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

MASTER FILE 05-MD-1720
HIGHLY CONFIDENTIAL

IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION

This Document Relates to:

Target Corp., et al. v. Visa Inc., et al.
No. 13-cv-05745

---------------------------------------------------------------------X

**REPLY EXPERT REPORT OF DR. ROBERT G. HARRIS**

competition for decades. Moreover, it would not eliminate the profitability of payment cards to issuing banks.[1098] "In short, the networks and card issuers have less restrictive means of achieving ubiquitous acceptance and no surcharging."[1099]

### 3. Merchant Steering Is Procompetitive and a Common Feature in Retailing

636. Merchant steering is procompetitive and a common feature in retailing and other industries.[1100] Merchants can and do routinely steer in almost all other aspects of their businesses other than credit and debit card acceptance. Merchants steer customers by attempting to channel their expenditures toward the products of suppliers that offer competitive terms. Merchants do this through advertising, discounting, end-of-aisle displays, and other promotional methods.[1101] Even in payment acceptance, merchants having co-brand cards commonly engage in a form of steering when they prompt their customers to use their co-brand card—e.g., "Would you like to put that on your Macy's card today?" It is self-evident to anyone who shops that these types of merchant steering are commonplace.[1102] And merchants channel their own expenditures toward product and service suppliers that provide the best quality-adjusted price. This is also true for their expenditures on other types of financial services.[1103] It is the essence of the competitive process that buyers freely choose among the available alternatives to pick those options having the lowest quality-adjusted price.

637. Also, not all forms of steering involve "negative steering," in the sense of, say, a surcharge on customers who wish to pay with a credit card. Steering can also be "positive steering," which could involve incentives to customers who use preferred forms of payment.[1104]

638. Despite this, Elzinga claims that merchant steering is not "an essential element of effective competition between payment systems."[1105] Elzinga's claim directly contradicts the whole premise behind the Durbin Amendment, which was to *increase competition* in the debit card market by increasing a merchant's ability to steer transactions to the most efficient

---

[1098] Harris Initial Report ¶¶ 1178, 1203.

[1099] Harris Initial Report ¶ 1008.

[1100] Harris Initial Report Section IX.B.1.b.4).

[1101] Harris Initial Report ¶¶ 751-753, 1073.

[1102] See, also, the evidence cited in Harris Initial Report ¶¶ 751-753, 1073.

[1103] Harris Initial Report ¶ 751.

[1104] Harris Initial Report ¶ 1067.

[1105] Elzinga p. 126; Elzinga 2009 Report pp. 115-116.