| Zimmer, Citron & Clarke

Eric Citron
Zimmer, Citron & Clarke LLP
14 Ridge Square NW, Suite 328
Washington, D.C. 20016

eric@zimmercitronclarke.com

November 18, 2026

**VIA ECF**

Hon. Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

Re: Sealed Letter Motion filed by Equitable Relief Class Counsel (Dkt. No. 10079)

Dear Judge Cogan,

I write on behalf of Certain 7-Eleven Plaintiffs, or "fee objectors," in reference to the sealed letter motion class counsel filed yesterday evening at Docket No. 10079. I understand that the letter concerns the confidential document class counsel raised, for the first time, at this week's fairness hearing, in connection with our fee objection.

At that hearing, the Court directed class counsel to confer with fee objectors' counsel regarding how the objectors would be permitted to respond to class counsel's untimely attempt to present the confidential document. Class counsel conceded there was "no excuse" for this untimeliness apart from having just discovered the document and committed to proceeding as the court directed. Rather than agree on that procedural matter before acting, however, class counsel submitted an *ex parte* motion after business hours last night attaching the document. The court granted that motion this morning.

To be clear, class counsel did not serve the confidential document *or the motion itself* on fee objectors' counsel, let alone agree on a process for responding to this submission (either with respect to its timeliness or substance). I asked class counsel to provide us with a copy of the motion and its attachments this morning, but they did not do so before we had an opportunity to oppose it, and they still have not done so. At an absolute minimum, we ask the court to direct class counsel to serve the motion and associated document on us, as it directly relates to our objection.

At this point, class counsel's approach to this issue has become even more procedurally irregular than it already was when they surfaced it for the first time during their oral *reply* at the fairness hearing. Once we have been served, we can prepare an appropriate written response. But because class counsel's approach and the absence of agreed procedures here has already been prejudicial to the fee objectors, the better approach is for this Court to order class counsel and the fee objectors to mediation. This could resolve not only this unnecessary procedural controversy, but potentially the entire dispute.

Sincerely,

Eric F. Citron
/s/Eric F. Citron
Counsel for Certain 7-Eleven Plaintiffs